## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THEGLOBE.COM, INC., ) | Case No. 05-2433-JWL |
| VOICEGLO HOLDINGS, INC., ) | |
| VONAGE HOLDINGS CORP., ) | JURY TRIAL DEMANDED |
| VONAGE AMERICA, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

### FIRST AMENDED COMPLAINT

Plaintiff Sprint Communications Company L.P. complains as follows against Defendants theglobe.com, Inc., Voiceglo Holdings, Inc., Vonage Holdings Corp. and Vonage America, Inc.

### PARTIES

1.    Plaintiff Sprint Communications Company L.P. ("Sprint") is a Limited Partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 6500 Sprint Parkway, Overland Park, Kansas 66251.

2.    On information and belief, defendant theglobe.com, Inc. ("theglobe.com") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 110 E. Broward Blvd., Fort Lauderdale, Florida 33301.

3.    On information and belief, defendant Voiceglo Holdings, Inc. ("Voiceglo") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 110 E. Broward Blvd., Fort Lauderdale, Florida 33301.

Dockets.Justia.com

4.      On information and belief, defendant Vonage Holdings Corp. ("Vonage") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2147 Route 27, Edison, New Jersey 08817.

5.      On information and belief, defendant Vonage America, Inc. ("Vonage America") is a wholly owned subsidiary of Vonage Holdings Corp. and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2147 Route 27, Edison, New Jersey 08817.

### JURISDICTION

6.      This is an action for patent infringement under the United States Patent Laws, 35 U.S.C. § 271, *et. seq.*  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

7.      Defendants theglobe.com, Voiceglo, Vonage and Vonage America conduct business in this Judicial District and have committed acts of patent infringement in this Judicial District including, *inter alia*, importing, making, using, offering for sale, and/or selling infringing products and/or services in this Judicial District.

8.      On information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America have knowingly and actively contributed to infringement and/or have induced others to commit such acts of infringement in this Judicial District.

### VENUE

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### FACTUAL BACKGROUND

10.     Plaintiff Sprint is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,304,572 ("the '572 patent") entitled "Method, System and Apparatus for Telecommunications Control," which duly and legally issued in the name of Joseph Michael

Christie on October 16, 2001.  A copy of the '572 patent is attached to the Complaint as Exhibit A.

11.     Plaintiff Sprint is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,633,561 ("the '561 patent") entitled "Method, System and Apparatus for Telecommunications Control," which duly and legally issued in the name of Joseph Michael Christie on October 14, 2003.  A copy of the '561 patent is attached to the Complaint as Exhibit B.

12.     Plaintiff Sprint is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,463,052 ("the '052 patent") entitled "Method, System and Apparatus for Telecommunications Control," which duly and legally issued in the name of Joseph Michael Christie on October 8, 2002.  A copy of the '052 patent is attached to the Complaint as Exhibit C.

13.     Plaintiff Sprint is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,452,932 ("the '932 patent") entitled "Method, System and Apparatus for Telecommunications Control," which duly and legally issued in the name of Joseph Michael Christie on September 17, 2002.  A copy of the '932 patent is attached to the Complaint as Exhibit D.

14.     Plaintiff Sprint is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,473,429 ("the '429 patent") entitled "Broadband Telecommunications System," which duly and legally issued in the name of Joseph Michael Christie on October 29, 2002. A copy of the '429 patent is attached to the Complaint as Exhibit E.

15.     Plaintiff Sprint is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,298,064 ("the '064 patent") entitled "Broadband Telecommunications

System," which duly and legally issued in the name of Joseph Michael Christie on October 2, 2001. A copy of the '064 patent is attached to the Complaint as Exhibit F.

16.    Plaintiff Sprint is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,665,294 ("the '294 patent") entitled "Broadband Telecommunications System," which duly and legally issued in the name of Joseph Michael Christie on December 16, 2003. A copy of the '294 patent is attached to the Complaint as Exhibit G. The patents identified in paragraphs 9-15 and attached at Exhibits A-G are herein collectively referred to as "Sprint's Patents."

17.    Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America manufacture, use, offer for sale, and/or sell broadband, Internet and/or packet-based telephony products and services, as well as other products and/or services.

18.    Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America have made, used, offered to sell, and/or sold, and continue to make, use, offer to sell, and/or sell products and/or services within this Judicial District, including, without limitation, broadband, Internet and/or packet-based telephony products and services, that infringe Sprint's Patents.

## COUNT 1: PATENT INFRINGEMENT

### Infringement of the '572 Patent

19.    Sprint realleges and incorporates by reference the allegations set forth in paragraphs 1-18 above.

20.    Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America have been, and currently are, directly and indirectly infringing the '572 patent by making, using, selling, offering for sale, contributing to the use of by others, and/or inducing others to use products and services that infringe Sprint's Patents.

21.    Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '572 patent has been and continues to be willful and deliberate.

22.    Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '572 patent will continue unless enjoined by this Court.

23.    As a direct and proximate consequence of defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '572 patent, Sprint has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint is entitled to relief.

## COUNT 2: PATENT INFRINGEMENT

### Infringement of the '561 Patent

24.     Sprint realleges and incorporates by reference the allegations set forth in paragraphs 1-23 above.

25.     Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America have been, and currently are, directly and indirectly infringing the '561 patent by making, using, selling, offering for sale, contributing to the use of by others, and/or inducing others to use products and services that infringe Sprint's Patents.

26.     Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '561 patent has been and continues to be willful and deliberate.

27.     Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '561 patent will continue unless enjoined by this Court.

28.     As a direct and proximate consequence of defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '561 patent, Sprint has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint is entitled to relief.

## COUNT 3: PATENT INFRINGEMENT

### Infringement of the '052 Patent

29.    Sprint realleges and incorporates by reference the allegations set forth in paragraphs 1-28 above.

30.    Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America have been, and currently are, directly and indirectly infringing the '052 patent by making, using, selling, offering for sale, contributing to the use of by others, and/or inducing others to use products and services that infringe Sprint's Patents.

31.    Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '052 patent has been and continues to be willful and deliberate.

32.    Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '052 patent will continue unless enjoined by this Court.

33.    As a direct and proximate consequence of defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '052 patent, Sprint has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint is entitled to relief.

## COUNT 4: PATENT INFRINGEMENT

### Infringement of the '932 Patent

34.     Sprint realleges and incorporates by reference the allegations set forth in paragraphs 1-33 above.

35.     Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America have been, and currently are, directly and indirectly infringing the '932 patent by making, using, selling, offering for sale, contributing to the use of by others, and/or inducing others to use products and services that infringe Sprint's Patents.

36.     Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '932 patent has been and continues to be willful and deliberate.

37.     Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '932 patent will continue unless enjoined by this Court.

38.     As a direct and proximate consequence of defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '932 patent, Sprint has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint is entitled to relief.

## COUNT 5: PATENT INFRINGEMENT

### Infringement of the '429 Patent

39.    Sprint realleges and incorporates by reference the allegations set forth in paragraphs 1-38 above.

40.    Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America have been, and currently are, directly and indirectly infringing the '429 patent by making, using, selling, offering for sale, contributing to the use of by others, and/or inducing others to use products and services that infringe Sprint's Patents.

41.    Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '429 patent has been and continues to be willful and deliberate.

42.    Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '429 patent will continue unless enjoined by this Court.

43.    As a direct and proximate consequence of defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '429 patent, Sprint has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint is entitled to relief.

## COUNT 6: PATENT INFRINGEMENT

### Infringement of the '064 Patent

44.    Sprint realleges and incorporates by reference the allegations set forth in paragraphs 1-43 above.

45.    Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America have been, and currently are, directly and indirectly infringing the '064 patent by making, using, selling, offering for sale, contributing to the use of by others, and/or inducing others to use products and services that infringe Sprint's Patents.

46.    Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '064 patent has been and continues to be willful and deliberate.

47.    Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '064 patent will continue unless enjoined by this Court.

48.    As a direct and proximate consequence of defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '064 patent, Sprint has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint is entitled to relief.

1783741v1

## COUNT 7: PATENT INFRINGEMENT

### Infringement of the '294 Patent

49.     Sprint realleges and incorporates by reference the allegations set forth in paragraphs 1-48 above.

50.     Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America have been, and currently are, directly and indirectly infringing the '294 patent by making, using,  selling, offering for sale, contributing to the use of by others, and/or inducing others to use products and services that infringe Sprint's Patents.

51.     Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '294 patent has been and continues to be willful and deliberate.

52.     Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '294 patent will continue unless enjoined by this Court.

53.     As a direct and proximate consequence of defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of the '294 patent, Sprint has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint is entitled to relief.

## PRAYER FOR RELIEF

Wherefore, Sprint requests entry of judgment in its favor and against defendants theglobe.com, Voiceglo, Vonage and Vonage America as follows:

A.      Enter judgment that defendants theglobe.com, Voiceglo, Vonage and Vonage America have infringed Sprint's Patents;

B.      Enter judgment that defendants theglobe.com, Voiceglo, Vonage and Vonage America have induced infringement of Sprint's Patents;

C.      Enter judgment that defendants theglobe.com, Voiceglo, Vonage and Vonage America have contributed to infringement of Sprint's Patents;

D.      Enter a preliminary and permanent injunction restraining and enjoining defendants theglobe.com, Voiceglo, Vonage and Vonage America and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further sales or use of their infringing products and/or services and any other infringement of Sprint's Patents, whether direct or indirect;

E.      For damages to compensate Sprint for defendants theglobe.com, Voiceglo, Vonage and Vonage America's infringement of Sprint's Patents pursuant to 35 U.S.C. § 284;

F.      For enhanced damages, pursuant to 35 U.S.C. § 284;

G.      For an award of pre-judgment and post-judgment interest and costs to Sprint in accordance with 35 U.S.C. § 284;

H.      For an award of Sprint's reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

I.      Grant to Sprint such other and further relief as the Court may deem just, proper,

and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Sprint respectfully demands a trial by jury on all claims and issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Sprint hereby designates Kansas City, Kansas as place of trial pursuant to Local

Rule 40.2.


                                                Respectfully Submitted,

Dated:  October 12, 2005                        SHOOK, HARDY & BACON L.L.P.


                                                /s/ B. Trent Webb
                                                B. Trent Webb, KS Bar No. 15965
                                                Adam P. Seitz, KS Bar No. 21059
                                                Eric A. Buresh, KS Bar No. 19895
                                                2555 Grand Boulevard
                                                Kansas City, Missouri 64108-2613
                                                816-474-6550 Telephone
                                                816-421-5547 Facsimile

                                                ATTORNEYS FOR PLAINTIFF