## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff, <br><br> v. <br><br> THEGLOBE.COM, INC. <br> VOICEGLO HOLDINGS, INC., and <br> VONAGE HOLDINGS CORP. <br><br> Defendants. | Case No. 05-2433 JWL |

## ANSWER AND COUNTERCLAIMS

Defendant, Vonage America, Inc. ("Vonage America"), for both its Answer to the First Amended Complaint of plaintiff, Sprint Communications Company L.P. ("Sprint"), and its Counterclaims, avers as follows:

## THE PARTIES

1.      Vonage America lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 1 and therefore denies the same, leaving Plaintiff to its proof.

2.      The allegations of Paragraph 2 are directed to defendants other than Vonage America and therefore denies the same, leaving Plaintiff to its proof.

3.      The allegations of Paragraph 3 are directed to defendants other than Vonage America and therefore denies the same, leaving Plaintiff to its proof.

4.      The allegations of Paragraph 4 are directed to defendants other than Vonage America and therefore denies the same, leaving Plaintiff to its proof.

5.      Admitted.

## JURISDICTION

6. Vonage America admits that Plaintiff has asserted this action based on Title 35 of the United States Code 271 *et. seq*. and that this Court has subject matter jurisdiction for this subject matter.

7. Vonage America denies the allegations relating to Vonage America.

8. Vonage America denies the allegations relating to Vonage America.

## VENUE

9. Admitted.

## FACTUAL BACKGROUND

10. Vonage America admits that a copy of the '572 Patent is attached as Exhibit A to the First Amended Complaint, which is the best evidence of its contents. Vonage America denies the remaining allegations of Paragraph 10.

11. Vonage America admits that a copy of the '561 Patent is attached as Exhibit B to the First Amended Complaint, which is the best evidence of its contents. Vonage America denies the remaining allegations of Paragraph 11.

12. Vonage America admits that a copy of the '052 Patent is attached as Exhibit C to the First Amended Complaint, which is the best evidence of its contents. Vonage America denies the remaining allegations of Paragraph 12.

13. Vonage America admits that a copy of the '932 Patent is attached as Exhibit D to the First Amended Complaint, which is the best evidence of its contents. Vonage America denies the remaining allegations of Paragraph 13.

14. Vonage America admits that a copy of the '429 Patent is attached as Exhibit E to the First Amended Complaint, which is the best evidence of its contents. Vonage America denies the remaining allegations of Paragraph 14.

15. Vonage America admits that a copy of the '064 Patent is attached as Exhibit F to the First Amended Complaint, which is the best evidence of its contents. Vonage America denies the remaining allegations of Paragraph 15.

16. Vonage America admits that a copy of the '294 Patent is attached as Exhibit G to the First Amended Complaint, which is the best evidence of its contents. Vonage America denies the remaining allegations of Paragraph 16.

17. Vonage America admits that it sells products and services related to communications over the internet. Vonage America lacks sufficient knowledge and information regarding Plaintiffs' definition of the products and services identified and therefore denies the same, leaving Plaintiff to its proof.

18. Vonage America denies the allegations relating to Vonage America.

### COUNT I: INFRINGEMENT OF '572 PATENT

19. Vonage America asserts and incorporates by reference its response to the allegations as stated in paragraphs 1-18 above.

20. Vonage America denies the allegations relating to Vonage America.

21. Vonage America denies the allegations relating to Vonage America.

22. Vonage America denies the allegations relating to Vonage America.

23. Vonage America denies the allegations relating to Vonage America.

## COUNT II: INFRINGEMENT OF '561 PATENT

24. Vonage America asserts and incorporates by reference its response to the allegations as stated in paragraphs 1-23 above.

25. Vonage America denies the allegations relating to Vonage America.

26. Vonage America denies the allegations relating to Vonage America.

27. Vonage America denies the allegations relating to Vonage America.

28. Vonage America denies the allegations relating to Vonage America.

## COUNT III: INFRINGEMENT OF '052 PATENT

29. Vonage America asserts and incorporates by reference its response to the allegations as stated in paragraphs 1-28 above.

30. Vonage America denies the allegations relating to Vonage America.

31. Vonage America denies the allegations relating to Vonage America.

32. Vonage America denies the allegations relating to Vonage America.

33. Vonage America denies the allegations relating to Vonage America.

## COUNT IV: INFRINGEMENT OF '932 PATENT

34. Vonage America asserts and incorporates by reference its response to the allegations as stated in paragraphs 1-33 above.

35. Vonage America denies the allegations relating to Vonage America.

36. Vonage America denies the allegations relating to Vonage America.

37. Vonage America denies the allegations relating to Vonage America.

38. Vonage America denies the allegations relating to Vonage America.

## COUNT V: INFRINGEMENT OF '429 PATENT

39. Vonage America asserts and incorporates by reference its response to the allegations as stated in paragraphs 1-38 above.

40. Vonage America denies the allegations relating to Vonage America.

41. Vonage America denies the allegations relating to Vonage America.

42. Vonage America denies the allegations relating to Vonage America.

43. Vonage America denies the allegations relating to Vonage America.

## COUNT VI: INFRINGEMENT OF '064 PATENT

44. Vonage America asserts and incorporates by reference its response to the allegations as stated in paragraphs 1-43 above.

45. Vonage America denies the allegations relating to Vonage America.

46. Vonage America denies the allegations relating to Vonage America.

47. Vonage America denies the allegations relating to Vonage America.

48. Vonage America denies the allegations relating to Vonage America.

## COUNT VII: INFRINGEMENT OF '294 PATENT

49. Vonage America asserts and incorporates by reference its response to the allegations as stated in paragraphs 1-48 above.

50. Vonage America denies the allegations relating to Vonage America.

51. Vonage America denies the allegations relating to Vonage America.

52. Vonage America denies the allegations relating to Vonage America.

53. Vonage America denies the allegations relating to Vonage America.

**FIRST AFFIRMATIVE DEFENSE**

Vonage America is informed and believes that the '572, '561, '052, '932, '429, '064 and '294 patents (collectively, the "Patents"), and each of the claims thereof, are invalid, void and/or unenforceable under one or more of the sections of Title 35 of the United States Code.

**SECOND AFFIRMATIVE DEFENSE**

Vonage America has not infringed any valid claims of the Patents.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint is barred by the doctrines of laches, estoppel and acquiescence.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint is barred by the doctrine of unclean hands.

**ADDITIONAL DEFENSES**

As Vonage America's investigation is ongoing and discovery has not yet been taken, Vonage America is without sufficient information regarding the existence or non-existence of other facts or acts that would constitute a defense to Plaintiff's claims of patent infringement or that would establish the invalidity or unenforceability of the claims of the Patents, including additional prior art or related patents.  Vonage America accordingly gives notice that it may assert facts or acts which tend to establish non-infringement, invalidity, unenforceability, or which otherwise constitute a defense under Title 35 of the United States Code.

**COUNTERCLAIMS**

Defendant/Counterclaim Plaintiff, Vonage America, brings the following Counterclaims against Plaintiff/Counterclaim Defendant, Sprint:

## JURISDICTION AND VENUE

1. These Counterclaims arise under the Declaratory Judgments Acts, Title 28 of the United States Code §§ 2201 and 2202, and the Patent Laws of the United States based upon an actual justiciable controversy as to the infringement, validity, and enforceability of the Patents. These are compulsory Counterclaims under Rule 13(a) of the Federal Rules of Civil Procedure and the Court has jurisdiction over the subject matter of these Counterclaims pursuant to Title 28 of the United States Code §§ 1331, 1338 and 2201.

2. Venue in this judicial district is proper under Title 28 of the United States Code §§ 1391 and 1400.

## THE PARTIES

3. Vonage America is a Delaware Corporation with its principal place of business located at 2147 Route 27, Edison, New Jersey 08817.

4. Upon information and belief, Sprint is a Limited Partnership organized and existing under the laws of the state of Delaware with a place of business at 6500 Sprint Parkway, Overland Park, Kansas 66251.

## COUNTERCLAIM I
## DECLARATION OF NON-INFRINGEMENT OF THE PATENTS

5. The Patents are not infringed for one or more reasons in the above Affirmative Defenses, which are incorporated herein by reference.

6. Sprint has asserted the Patents against Vonage America, and thus declaratory relief is both appropriate and necessary to establish that the Patents are not infringed by, and thus cannot be asserted against, Vonage America.

## COUNTERCLAIM II
## DECLARATION OF INVALIDITY OF THE PATENTS

7.      The Patents are invalid for one or more reasons in the above Affirmative Defenses, which are incorporated herein by reference.

8.      Sprint has asserted the Patents against Vonage America, and thus declaratory relief is both appropriate and necessary to establish that the Patents are invalid and thus cannot be asserted against Vonage America.

## COUNTERCLAIM III
## DECLARATION OF UNENFORCEABILITY OF THE PATENTS

9.      The Patents are unenforceable for one or more reasons in the above Affirmative Defenses, which are incorporated herein by reference.

10.      Sprint has asserted the Patents against Vonage America, and thus declaratory relief is both appropriate and necessary to establish that the Patents are unenforceable and thus cannot be asserted against Vonage America.

## PRAYER FOR RELIEF

**WHEREFORE**, Vonage America respectfully requests and prays that this Honorable Court grant the following relief:

    A.    Dismissal of the Complaint with prejudice;

    B.    Entry of a judgment declaring that:

        i.    the Patents are not infringed;

        ii.    the Patents, and all of the claims therein, are invalid;

        iii.    the Patents are unenforceable; and

        iv.    Sprint has no right to relief under the Patents against Vonage America;

C. An award of Vonage America's attorneys' fees and the costs of this proceeding; and

D. Such other relief as the Court deems necessary, just and proper.

Respectfully submitted,

PATRICK D. MCPHERSON
PATRICK C. MULDOON
**DUANE MORRIS, LLP**
1667 K Street, N.W.
Washington, DC 20006-1608
Phone: (202) 776-5124
Fax: (202) 776-7801


 /s/ Don R. Lolli
DON R. LOLLI           KS Dist. #70236
PATRICK J. KAINE       KS #15594
**DYSART TAYLOR LAY**
**COTTER & McMONIGLE, P.C.**
4420 Madison Avenue
Kansas City, Missouri 64111
Phone: (816) 931-2700
Fax: (816) 931-7377

**ATTORNEYS FOR DEFENDANT**
**VONAGE AMERICA, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify on this 3rd of November 2005 that a copy of the foregoing was filed electronically, with notice of case activity to be generated and sent electronically by the Clerk of the Court, to:

B. Trent Webb
Adam P. Seitz
Eric A. Buresh
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
Fax: (816) 421-5547
**ATTORNEYS FOR PLAINTIFF**


    /s/ Don R. Lolli