## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) | |
| ) | |
| Plaintiff, ) | Case No. 05-2433-JWL |
| ) | |
| - against - ) | JURY TRIAL DEMANDED |
| ) | |
| THEGLOBE.COM, INC., ) | |
| VOICEGLO HOLDINGS, INC., ) | |
| VONAGE HOLDINGS CORP., and ) | |
| VONAGE AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

### ANSWER TO FIRST AMENDED COMPLAINT

Defendants Theglobe.com, Inc. and Voiceglo Holdings, Inc., by their attorneys, for their answer to the first amended complaint:

1.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2.  Admit the allegations of paragraphs 2-3.

3.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 4-5.

### JURISDICTION

4.  Admit that the Court has subject matter jurisdiction to hear this action under 28 U.S.C. §§ 1331 and 1338; admit that the plaintiff alleges infringement of United States Patents, and except as so admitted deny the allegations of paragraph 6.

5.  Deny the allegations of paragraphs 7-9.

**FACTUAL BACKGROUND**

6. Admit that a copy of U.S. Patent No. 6,304,572 was attached to the Complaint as Exhibit A, and except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

7. Admit that a copy of U.S. Patent No. 6,633,561 was attached to the Complaint as Exhibit B, and except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

8. Admit that a copy of U.S. Patent No. 6,463,052 was attached to the Complaint as Exhibit C, and except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

9. Admit that a copy U.S. Patent No. 6,452,932 was attached to the Complaint as Exhibit D, and except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

10. Admit that an incomplete and erroneous copy of U.S. Patent No. 6,473,429 was attached to the Complaint as Exhibit E, and except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

11. Admit that an incomplete and erroneous copy U.S. Patent No. 6,298,064 was attached to the Complaint as Exhibit F, and except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

12. Admit that an incomplete and erroneous copy of U.S. Patent No. 6,665,294 was attached to the Complaint as Exhibit G, and except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

13. Admit that Voiceglo Holdings, Inc. offers the products and services described at the Internet "web sites" associated with the domain names www.voiceglo.com and www.glophone.com.; deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 as to defendants Vonage Holdings Corp. and Vonage America, Inc.; and otherwise deny the allegations of paragraph 17.

14. Deny the allegations of paragraph 18.

## COUNT 1

15. Paragraphs 1-14, above are realleged and incorporated by reference as if set forth in full.

16. Deny the allegations of paragraphs 20-23.

## COUNT 2

17. Paragraphs 1-16, above, are realleged and incorporated by reference as if set forth in full.

18. Deny the allegations of paragraphs 25-28.

## COUNT 3

19. Paragraphs 1-18, above, are realleged and incorporated by reference as if set forth in full.

20. Denies the allegations of paragraphs 30-33.

## COUNT 4

21. Paragraphs 1-20, above, are realleged and incorporated by reference as if set forth in full.

22. Deny the allegations of paragraphs 35-38.

**COUNT 5**

23. Paragraphs 1-22, above, are realleged and incorporated by reference as if set forth in full.

24. Deny the allegations of paragraphs 40-43.

**COUNT 6**

25. Paragraphs 1-24, above, are incorporated by reference as if set forth in full.

26. Deny the allegations of paragraphs 45-48.

**COUNT 7**

27. Paragraphs 1-26, above, are incorporated by reference as if set forth in full.

28. Deny the allegations of paragraphs 50-53.

**FIRST AFFIRMATIVE DEFENSE**

29. Plaintiff's claim is barred by the standard of infringement laid down in Westinghouse v. Boyden Power Brake Co., 170 U.S. 537, 569 (1898) (quoting Burr v. Duryee, 68 U.S. (1 Wall.) 531, 573 (1864)), and followed and applied in such cases as Autogiro Co. of Am. v. United States, 384 F.2d 391, 399-401 (Ct. Cl. 1967) and Merrill v. Builders Ornamental Iron Co., 197 F.2d 16, 20 (10th Cir. 1952).

**SECOND AFFIRMATIVE DEFENSE**

30. Plaintiff's claim is barred by the doctrine of equivalents. Voiceglo Holdings, Inc. does not use any apparatus or process that does the same work in substantially the same way, and accomplishes substantially the same result, as any "invention" described and claimed in any one or more of the patents identified in the First Amended Complaint (collectively, the "Asserted Patents"). The doctrine of equivalents is properly considered an integral part of the standard of infringement pleaded in the complaint on which plaintiff bears the burden of proof; however, to

the extent that controlling Supreme Court precedent is not followed and the doctrine of equivalents is characterized as a "defense" to so-called "literal" infringement, that "defense" is so pleaded here in the alternative.

### THIRD AFFIRMATIVE DEFENSE

31. Plaintiff's claim is barred by "the doctrine that a patentee may not broaden his claims by describing the product in terms of function." General Elec. Co. v. Wabash Co., 304 U.S. 364, 371 (1938). Accord Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 336 U.S. 271, 277 (1949); United Carbon Co. v. Binney & Smith Co., 317 U.S. 228, 234 (1942); Holland Furniture Co. v. Perkins Glue Co., 277 U.S. 245, 256-258 (1928).

### FOURTH AFFIRMATIVE DEFENSE

32. The Asserted Patents are invalid under 35 U.S.C. § 112 for lack of adequate written description, and for purporting to claim subject matter that is neither described in nor equivalent to any "invention" that is described in the specifications of the Asserted Patents.

### FIFTH AFFIRMATIVE DEFENSE

33. The Asserted Patents are invalid under 35 U.S.C. § 112 for failing to point out and distinctly claim that part or portion of the subject matter disclosed in the patents' specifications that the named inventor regarded as his "invention" or improvement upon the prior art.

### SIXTH AFFIRMATIVE DEFENSE

34. The Asserted Patents are invalid under 35 U.S.C. §§ 102 and 103 for claiming subject matter that, at relevant times, would have been obvious to a person having ordinary skill in the art of the Asserted Patents.

...

**SEVENTH AFFIRMATIVE DEFENSE**

35. Plaintiff's claim is barred by estoppel, including one or more "file wrapper" estoppels arising from admissions or representations made to the United States Patent and Trademark Office ("USPTO") in order to induce the issuance of a patent on subject matter described and claimed in the Asserted Patents.

**EIGHTH AFFIRMATIVE DEFENSE**

36. Plaintiff's claim is barred, in whole or in part, by laches.

**NINTH AFFIRMATIVE DEFENSE**

37. The Court lacks jurisdiction over the person of defendant Theglobe.com, Inc.

**TENTH AFFIRMATIVE DEFENSIVE**

38. Venue in this district is improper as to defendant Theglobe.com, Inc.

**ELEVENTH AFFIRMATIVE DEFENSE**

39. The first amended complaint improperly misjoins Theglobe.com, Inc. and Voiceglo Holdings, Inc. with unrelated co-parties defendant whose alleged activities have nothing to do with Theglobe.com, Inc. or Voiceglo Holdings, Inc.  The Court should issue an order severing Theglobe.com, Inc. and Voiceglo Holdings, Inc. from this action in accordance with Fed. R. Civ. P. 21.

WHEREFORE, Theglobe.com, Inc. and Voiceglo Holdings, Inc., pray that the Court:

(i) dismiss plaintiff's complaint with prejudice;

(ii) declare, adjudge, and decree that the Asserted Patents are invalid under 35 U.S.C.§§ 102, 103, and 112;

(iii) declare, adjudge, and decree that Theglobe.com, Inc. and Voiceglo Holdings, Inc. have not infringed the Asserted Patents;

(iv) declare, adjudge, and decree that this case is "exceptional" and award Theglobe.com, Inc. and Voiceglo Holdings, Inc. their costs and reasonable attorneys' fees incurred in defending this action pursuant to 35 U.S.C. § 285;

(v)     award Theglobe.com, Inc. and Voiceglo Holdings, Inc. such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

These defendants respectfully demand a trial by jury on all claims and issues so triable.

Dated:     November 7, 2005

        FOULSTON SIEFKIN LLP

        By /s/Scott C. Nehrbass
            James D. Oliver #8604
            Scott C. Nehrbass #16285
        40 Corporate Woods  Suite 1050
        9401 Indian Creek Parkway
        Overland Park, Kansas 66210
        Telephone: 913.498.2100
        Fax: 913.498-2101
        Email:  joliver@foulston.com
        Email: snehrbass@foulston.com

        James W. Dabney (admitted pro hac vice)
        Henry C. Lebowitz (admitted pro hac vice)
        Malcolm J. Duncan (admitted pro hac vice)
        FRIED, FRANK, HARRIS, SHRIVER &
        JACOBSON LLP
        One New York Plaza
        New York, New York 10004
        Telephone: 212.859.8000
        Fax: 212.859.4000
        Email: dabnejam@ffhsj.com
        Email: lebowhe@ffhsj.com
        Email: duncama@ffhsj.com

        ATTORNEYS FOR DEFENDANTS
        THEGLOBE.COM and VOICEGLO
        HOLIDINGS, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of November, 2005, I electronically filed the above and foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

B. Trent Webb
bwebb@shb.com
Adam P. Seitz
aseitz@shb.com
Eric A. Buresh
eburesh@shb.com
Shook Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108-2613
Telephone: 816.474.6550
Fax: 816.421.5547
ATTORNEYS FOR PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.

Don R. Lolli
dlolli@dysarttaylor.com
Patrick J. Kaine
pkaine@dysarttaylor.com
Dysart Taylor Lay Cotter & McMonigle, P.C.
4420 Madison Avenue
Kansas City, MO  64111
Telephone: 816.931.2700
Fax: 816.931.7377

Patrick D. McPherson
pdmcpherson@duanemorris.com
Patrick C. Muldoon
pcmuldoon@duanemorris.com
Duane Morris, LLP
1667 K Street, N.W.
Washington, DC 20006-1608
Telephone: 202.776.5124
Fax: 202.776.7801
ATTORNEYS FOR DEFENDANT VONAGE HOLDINGS CORPORATION AND VONAGE AMERICA, INC.

                                                     /s/ Scott C. Nehrbass