## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.,          )
                                             )
                              Plaintiff,     )          Case No. 05-2433-JWL
                                             )
               - against -                   )          JURY TRIAL DEMANDED
                                             )
THEGLOBE.COM, INC.,                          )
VOICEGLO HOLDINGS, INC.,                     )
VONAGE HOLDINGS CORP., and                   )
VONAGE AMERICA, INC.,                        )
                                             )
                              Defendants.    )

## ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendants Theglobe.com, Inc. and Voiceglo Holdings, Inc., by their attorneys, for their

answer to the first amended complaint:

1.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 1.

2.     Admit the allegations of paragraphs 2-3.

3.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraphs 4-5.

## JURISDICTION

4.     Admit that the Court has subject matter jurisdiction to hear this action under 28

U.S.C. §§ 1331 and 1338; admit that the plaintiff alleges infringement of United States Patents,

and except as so admitted deny the allegations of paragraph 6.

5.     Deny the allegations of paragraphs 7-9.

Dockets.Justia.com

**FACTUAL BACKGROUND**

6.      Admit that a copy of U.S. Patent No. 6,304,572 was attached to the Complaint as Exhibit A, and except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

7.      Admit that a copy of U.S. Patent No. 6,633,561 was attached to the Complaint as Exhibit B, and except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

8.      Admit that a copy of U.S. Patent No. 6,463,052 was attached to the Complaint as Exhibit C, and except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

9.      Admit that a copy U.S. Patent No. 6,452,932 was attached to the Complaint as Exhibit D, and except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

10.      Admit that an incomplete and erroneous copy of U.S. Patent No. 6,473,429 was attached to the Complaint as Exhibit E, and except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

11.      Admit that an incomplete and erroneous copy U.S. Patent No. 6,298,064 was attached to the Complaint as Exhibit F, and except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

12.      Admit that an incomplete and erroneous copy of U.S. Patent No. 6,665,294 was attached to the Complaint as Exhibit G, and except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

13.    Admit that Voiceglo Holdings, Inc. offers the products and services described at the Internet "web sites" associated with the domain names www.voiceglo.com and www.glophone.com.; deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 as to defendants Vonage Holdings Corp. and Vonage America, Inc.; and otherwise deny the allegations of paragraph 17.

14.    Deny the allegations of paragraph 18.

## COUNT 1

15.    Paragraphs 1-14, above are realleged and incorporated by reference as if set forth in full.

16.    Deny the allegations of paragraphs 20-23.

## COUNT 2

17.    Paragraphs 1-16, above, are realleged and incorporated by reference as if set forth in full.

18.    Deny the allegations of paragraphs 25-28.

## COUNT 3

19.    Paragraphs 1-18, above, are realleged and incorporated by reference as if set forth in full.

20.    Denies the allegations of paragraphs 30-33.

## COUNT 4

21.    Paragraphs 1-20, above, are realleged and incorporated by reference as if set forth in full.

22.    Deny the allegations of paragraphs 35-38.

**COUNT 5**

23.    Paragraphs 1-22, above, are realleged and incorporated by reference as if set forth in full.

24.    Deny the allegations of paragraphs 40-43.

**COUNT 6**

25.    Paragraphs 1-24, above, are incorporated by reference as if set forth in full.

26.    Deny the allegations of paragraphs 45-48.

**COUNT 7**

27.    Paragraphs 1-26, above, are incorporated by reference as if set forth in full.

28.    Deny the allegations of paragraphs 50-53.

**FIRST AFFIRMATIVE DEFENSE**

29.    Plaintiff's claim is barred by the standard of infringement laid down in Westinghouse v. Boyden Power Brake Co., 170 U.S. 537, 569 (1898) (quoting Burr v. Duryee, 68 U.S. (1 Wall.) 531, 573 (1864)), and followed and applied in such cases as Autogiro Co. of Am. v. United States, 384 F.2d 391, 399-401 (Ct. Cl. 1967) and Merrill v. Builders Ornamental Iron Co., 197 F.2d 16, 20 (10th Cir. 1952).

**SECOND AFFIRMATIVE DEFENSE**

30.    Plaintiff's claim is barred by the doctrine of equivalents.  Voiceglo Holdings, Inc. does not use any apparatus or process that does the same work in substantially the same way, and accomplishes substantially the same result, as any "invention" described and claimed in any one or more of the patents identified in the First Amended Complaint (collectively, the "Asserted Patents").  The doctrine of equivalents is properly considered an integral part of the standard of infringement pleaded in the complaint on which plaintiff bears the burden of proof; however, to

the extent that controlling Supreme Court precedent is not followed and the doctrine of equivalents is characterized as a "defense" to so-called "literal" infringement, that "defense" is so pleaded here in the alternative.

### THIRD AFFIRMATIVE DEFENSE

31.    Plaintiff's claim is barred by "the doctrine that a patentee may not broaden his claims by describing the product in terms of function." General Elec. Co. v. Wabash Co., 304 U.S. 364, 371 (1938).  Accord Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 336 U.S. 271, 277 (1949); United Carbon Co. v. Binney & Smith Co., 317 U.S. 228, 234 (1942); Holland Furniture Co. v. Perkins Glue Co., 277 U.S. 245, 256-258 (1928).

### FOURTH AFFIRMATIVE DEFENSE

32.    The Asserted Patents are invalid under 35 U.S.C. § 112 for lack of adequate written description, and for purporting to claim subject matter that is neither described in nor equivalent to any "invention" that is described in the specifications of the Asserted Patents.

### FIFTH AFFIRMATIVE DEFENSE

33.    The Asserted Patents are invalid under 35 U.S.C. § 112 for failing to point out and distinctly claim that part or portion of the subject matter disclosed in the patents' specifications that the named inventor regarded as his "invention" or improvement upon the prior art.

### SIXTH AFFIRMATIVE DEFENSE

34.    The Asserted Patents are invalid under 35 U.S.C. §§ 102 and 103 for claiming subject matter that, at relevant times, would have been obvious to a person having ordinary skill in the art of the Asserted Patents.

## SEVENTH AFFIRMATIVE DEFENSE

35.     Plaintiff's claim is barred by estoppel, including one or more "file wrapper" estoppels arising from admissions or representations made to the United States Patent and Trademark Office ("USPTO") in order to induce the issuance of a patent on subject matter described and claimed in the Asserted Patents.

## EIGHTH AFFIRMATIVE DEFENSE

36.     Plaintiff's claim is barred, in whole or in part, by laches.

## NINTH AFFIRMATIVE DEFENSE

37.     The Court lacks jurisdiction over the person of defendant Theglobe.com, Inc.

## TENTH AFFIRMATIVE DEFENSIVE

38.     Venue in this district is improper as to defendant Theglobe.com, Inc.

## ELEVENTH AFFIRMATIVE DEFENSE

39.     The first amended complaint improperly misjoins Theglobe.com, Inc. and Voiceglo Holdings, Inc. with unrelated co-parties defendant whose alleged activities have nothing to do with Theglobe.com, Inc. or Voiceglo Holdings, Inc.  The Court should issue an order severing Theglobe.com, Inc. and Voiceglo Holdings, Inc. from this action in accordance with Fed. R. Civ. P. 21.

## COUNTERCLAIM

Voiceglo Holdings, Inc. ("Voiceglo"), by its attorneys, as and for its counterclaim in this action alleges:

40.     Voiceglo is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Ft. Lauderdale, Florida.

41.     Upon information and belief, Sprint Communications Company L.P. ("SCC") is a

limited partnership organized and existing under the laws of the State of Delaware, having its

principal place of business at Overland Park, Kansas.

42.     The Court has subject matter jurisdiction to hear this counterclaim under 28

U.S.C. §§ 1331, 1338(a), and 1367.

43.     On or about October 12, 2005, counterclaim defendant SCC filed a First

Amended Complaint in this Court (the "FAC") accusing Voiceglo of infringing no fewer than

seven (7) patents identified in paragraphs 10-16 of the FAC (collectively, the "Asserted

Patents").

44.     Voiceglo has denied, and continues to deny, that it has infringed any of the

Asserted Patents.

45.     The Asserted Patents are invalid for non-compliance with the requirements of

patentability under the Patent Act of 1952, as amended, including on the grounds set forth in

paragraphs 31-34, above.

46.     An actual controversy exists between SCC and Voiceglo with regard to whether

Voiceglo has infringed the Asserted Patents or any of them.

47.     Voiceglo is entitled to judgment declaring that it has not infringed any of the

Asserted Patents.

48.     Voiceglo is entitled to judgment declaring that the Asserted Patents are invalid.

49.     Voiceglo is entitled to judgment declaring that it is not liable to SCC for

infringement of the Asserted Patents, or any of them, on any theory.

WHEREFORE, Theglobe.com, Inc. and Voiceglo Holdings, Inc., pray that the Court:

(i)     dismiss plaintiff's complaint with prejudice;

(ii)    declare, adjudge, and decree that the Asserted Patents are invalid under 35 U.S.C.§§ 102, 103, and 112;

(iii)   declare, adjudge, and decree that Theglobe.com, Inc. and Voiceglo Holdings, Inc. have not infringed the Asserted Patents;

(iv)    declare, adjudge, and decree that this case is "exceptional" and award Theglobe.com, Inc. and Voiceglo Holdings, Inc. their costs and reasonable attorneys' fees incurred in defending this action pursuant to 35 U.S.C. § 285;

(v)     award Theglobe.com, Inc. and Voiceglo Holdings, Inc. such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

These defendants respectfully demand a trial by jury on all claims and issues so triable.

Dated:      November 21, 2005

FOULSTON SIEFKIN LLP


By  */s/Scott C. Nehrbass*

James D. Oliver #8604

Scott C. Nehrbass #16285

40 Corporate Woods  Suite 1050
9401 Indian Creek Parkway
Overland Park, Kansas 66210
Telephone: 913.498.2100
Fax: 913.498-2101
Email:  joliver@foulston.com
Email: snehrbass@foulston.com

9

James W. Dabney (admitted pro hac vice)

Henry C. Lebowitz (admitted pro hac vice)

Malcolm J. Duncan (admitted pro hac vice)

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

One New York Plaza

New York, New York 10004

Telephone: 212.859.8000

Fax: 212.859.4000

Email: dabnejam@ffhsj.com

Email: lebowhe@ffhsj.com

Email: duncama@ffhsj.com


ATTORNEYS FOR DEFENDANTS

THEGLOBE.COM, INC. and VOICEGLO HOLDINGS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2005, I electronically filed the above and foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:


B. Trent Webb

bwebb@shb.com

Adam P. Seitz

aseitz@shb.com

Eric A. Buresh

eburesh@shb.com

Shook Hardy & Bacon L.L.P.

2555 Grand Blvd.

Kansas City, MO  64108-2613

Telephone: 816.474.6550

Fax: 816.421.5547

ATTORNEYS FOR PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.


Don R. Lolli

dlolli@dysarttaylor.com

Patrick J. Kaine

pkaine@dysarttaylor.com

Dysart Taylor Lay Cotter & McMonigle, P.C.

4420 Madison Avenue

Kansas City, MO  64111

Telephone: 816.931.2700

Fax: 816.931.7377


Patrick D. McPherson

pdmcpherson@duanemorris.com

Patrick C. Muldoon

pcmuldoon@duanemorris.com

Duane Morris, LLP

1667 K Street, N.W.

Washington, DC 20006-1608

Telephone: 202.776.5124

Fax: 202.776.7801

ATTORNEYS FOR DEFENDANT VONAGE HOLDINGS CORPORATION AND VONAGE AMERICA, INC.

*/s/ Scott C. Nehrbass*

ffny02\dabnejam\520875.1