IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
                                    )
            Plaintiff,              )
                                    )
      v.                            )
                                    )
THEGLOBE.COM, INC.,                 )   Case No. 05-2433-JWL
VOICEGLO HOLDINGS, INC.,            )
VONAGE HOLDINGS CORP.,              )   JURY TRIAL DEMANDED
VONAGE AMERICA, INC.,               )
                                    )
            Defendants.             )
                                    )
                                    )

## ANSWER TO VONAGE AMERICA, INC.'S COUNTERCLAIM

Plaintiff Sprint Communications Company L.P. ("Sprint") hereby files this Answer to Vonage America, Inc.'s ("Vonage America") Counterclaim. Concurrently with this Answer, Sprint has filed a Motion for Dismissal, pursuant to Rule (12)(f), of Vonage America's counterclaim of unenforceability from this lawsuit. Therefore, Sprint's Answer is limited to Vonage America's Counterclaim for invalidity and noninfringement. Sprint reserves the right to specifically address the Counterclaim of unenforceability should Sprint's Motion for Dismissal be denied.

1. Sprint admits that the counterclaim purports to be a declaratory judgment action of patent invalidity and noninfringement. Sprint denies Vonage America has successfully pled a cause of action under these theories. Sprint admits this Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1338 and 2201. Sprint admits there is a controversy between the parties as to the validity and infringement of Sprint's Asserted Patents. Sprint denies the remaining allegations in paragraph 1 of Vonage America's Counterclaims. With respect to Vonage

America's claim of enforceability in paragraph 1 of its Counterclaims, Sprint makes no response at this time, without prejudice, in view of Sprint's corresponding Motion for Dismissal.

2. Sprint admits the allegations in paragraph 2 of Vonage America's Counterclaims.

3. Sprint is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 3 of Vonage America's Counterclaims and, therefore, denies the same.

4. Sprint admits the allegations in paragraph 4 of Vonage America's Counterclaims.

5. Sprint denies the allegations in paragraph 5 of Vonage America's Counterclaims.

6. Sprint admits it has asserted patents against Vonage America. Sprint denies the remaining allegations in paragraph 6 of Vonage America's Counterclaims.

7. Sprint denies the allegations in paragraph 7 of Vonage America's Counterclaims.

8. Sprint admits it has asserted patents against Vonage America. Sprint denies the remaining allegations in paragraph 8 of Vonage America's Counterclaims.

9. With respect to Vonage America's claim of unenforceability in paragraph 9 of its Counterclaims, Sprint makes no response at this time, without prejudice, in view of Sprint's corresponding Motion for Dismissal.

10. With respect to Vonage America's claim of unenforceability in paragraph 10 of its Counterclaims, Sprint makes no response at this time, without prejudice, in view of Sprint's corresponding Motion for Dismissal.

1819231v1

Sprint denies that Vonage America is entitled to any relief in connection with the allegations contained in Vonage America's Counterclaims, including, without limitation, the relief specified in Vonage America's prayer for relief.

A. Sprint denies Vonage America is entitled to the relief requested in paragraph A of Vonage America's prayer for relief.

B. Sprint denies Vonage America is entitled to the relief requested in paragraph B.i., B.ii., and B.iv. of Vonage America's prayer for relief. With respect to Vonage America's prayer for a declaration of unenforceability in paragraph B.iii. of its prayer for relief, Sprint makes no response at this time, without prejudice, in view of Sprint's corresponding Motion for Dismissal.

C. Sprint denies Vonage America is entitled to the relief requested in paragraph C of Vonage America's prayer for relief.

D. Sprint denies Vonage America is entitled to the relief requested in paragraph D of Vonage America's prayer for relief.

To the extent any allegation contained in Vonage America's Counterclaims has not been specifically admitted herein, it is hereby denied. Sprint denies any allegation that may be implied by or inferred from the headings of Vonage America's Counterclaims.

<u>Affirmative Defenses</u>

1. Vonage America's Counterclaim fails to state a claim upon which relief can be granted.

2. Sprint reserves the right to raise additional affirmative defenses as they become known through further investigations and discovery.

1819231v1

WHEREFORE, Sprint respectfully requests that judgment be entered against Vonage America in connection with its Counterclaims, and that judgment be entered in favor of Sprint in accord with Sprint's First Amended Complaint in this matter as follows:

1. For entry of a judgment declaring that Vonage America has directly and/or indirectly infringed one or more claims of Sprint's Patents.

2. For preliminary and permanent injunction restraining and enjoining Vonage America and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further sales of products that infringe Sprint's Patents.

3. For damages to compensate Sprint for Vonage America's infringement, pursuant to 35 U.S.C. § 284.

4. For enhanced damages, pursuant to 35 U.S.C. § 284.

5. For an award of pre-judgment and post-judgment interest and costs to Sprint in accordance with 35 U.S.C. § 284.

6. For an award of Sprint's reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

7. For such other and further relief as the Court may deem just and proper.

Dated: November 23, 2005                    SHOOK, HARDY & BACON L.L.P.


                                            By  /s/ B. Trent Webb
                                              B. Trent Webb, KS Bar No. 15965
                                              Adam P. Seitz, KS Bar No. 21059
                                              Eric A. Buresh, KS Bar No. 19895
                                              2555 Grand Boulevard
                                              Kansas City, Missouri 64108-2613
                                              816-474-6550 Telephone
                                              816-421-5547 Facsimile

                                              ATTORNEYS FOR PLAINTIFF

1819231v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of November, 2005 a copy of the above and foregoing was e-filed with the Court using the CM/ECF system which sent notification to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, MO 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608


/s/ B. Trent Webb_____
Attorney for Sprint Communications Company LP

1819231v1