IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THEGLOBE.COM, INC., ) | Case No. 05-2433-JWL |
| VOICEGLO HOLDINGS, INC., ) | |
| VONAGE HOLDINGS CORP., ) | JURY TRIAL DEMANDED |
| VONAGE AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S MOTION TO STRIKE AND/OR DISMISS CERTAIN AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF VONAGE AMERICA, INC., AND MEMORANDUM IN SUPPORT**

Sprint Communications Company L.P. ("Sprint") respectfully moves the Court for an order striking certain affirmative defenses of Vonage America, Inc. ("Vonage America") and dismissing its counterclaim of patent unenforceability. In support of this motion, Sprint states as follows:

**I.   INTRODUCTION**

Sprint filed this patent infringement suit asserting that Vonage America has willfully infringed, and continues to willfully infringe, one or more claims of U.S. Patent Nos. 6,304,572; 6,633,561; 6,463,052; 6,452,932; 6,473,429; 6,298,064; and 6,665,294 (hereinafter collectively referred to "Sprint's Patents"). In its Answer and Counterclaims, Vonage America denied infringement of Sprint's Patents and asserted numerous affirmative defenses, including:

- First Affirmative Defense: "Vonage is informed and believes that [Sprint's Patents], and each of the claims thereof, are invalid, void and/or unenforceable under one or more of the sections of Title 35

1819165v1

of the United States Code." *See* Doc. No. 13, Vonage America's Answer and Counterclaims at p. 5.

This affirmative defense is terminally vague and should be stricken for failure to comply with the fair notice requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Finally, Vonage America requests, pursuant to a declaratory counterclaim, that the Court find Sprints Patents unenforceable. *See id.*, at Counterclaims ¶¶ 9-10. Vonage America's counterclaim is not pled with the requisite particularity and should be dismissed.

## II. VONAGE AMERICA'S COUNTERCLAIM AND AFFIRMATIVE DEFENSE OF UNENFORCEABILITY ARE NOT PLED WITH THE REQUISITE PARTICULARITY AND SHOULD BE DISMISSED

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). This rule "enables a defending party to prepare an effective response to charges of fraud, and to protect itself from unfounded charges of wrongdoing which might injure its reputation and good will." *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, 277 F.Supp.2d 1120, 1130 (D. Kan. 2003); *see also Koch v. Koch Industries, Inc*., 203 F.3d 1202, 1236-37 (10th Cir. 2000). This court readily dismisses counterclaims based on fraud that fail to comply with Rule 9(b) requirements. *Ramada Franchise Systems, Inc. v. Tresprop, Ltd.*, 188 F.R.D. 610 (D. Kan. 1999); *Moore v. Pyrotech Corp*., 1991 WL 49825 (D. Kan. 1991). *See also Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc*., 1996 WL 467293, at *13 (N.D. Cal. 1996); *Catalina Marketing Int'l, Inc. v. Coolsavings.com, Inc*., 2003 WL 21542487, at *1 (N.D. Ill. 2003) (dismissing counterclaim of patent unenforceability).

Vonage America, without any further detail, asserts in its Counterclaims that the Sprint Patents are "unenforceable." *See* Doc. No. 13, Counterclaims at ¶¶ 9, 10. Vonage America's First Affirmative Defense also asserts, without any further detail, that the Sprint

Patents are "unenforceable." *See* Doc. No. 13, at p. 5. A claim for patent unenforceability can derive from either inequitable conduct or patent misuse. *See e.g.*, *Arlington Industries, Inc. v. Bridgeport Fittings, Inc.*, 45 F.3d 1318 (Fed. Cir. 2003) (involving claim of unenforceability based on alleged inequitable conduct before the United States Patent and Trademark Office); *Aptix Corp. v. Quickturn Design Systems, Inc.*, 269 F.3d 1369 (Fed. Cir 2001); *Allied Colloids Inc. v. American Cyanamid Co.*, 64 F.3d 1570 (Fed. Cir. 1995) (same); *Competitive Technologies, Inc. v. Fujitsu Ltd.,* 374 F.3d 1098 (Fed. Cir. 2004) (involving claim of unenforceability based on patent misuse); *In re Recombinant DNA Technology Patent and Contract Litigation*, 850 F.Supp. 769 (S.D. Ind. 1994) (same). Vonage America has pled neither variety with anything even approaching the requisite particularity.

In fact, Vonage America fails to provide even the most basic details about the grounds for its unenforceability counterclaim or affirmative defense. Regardless of the basis for its allegation, however, Vonage America is required to plead this defense with the particularity required under Rule 9(b). Rule 9(b) has been held to apply in circumstances where the unenforceability of a patent rests on a ground of inequitable conduct. *See IPPV Enters. v. Cable/Home Communications,* 25 U.S.P.Q.2d 1894, 1896 (S.D.Cal.1992); *Sun-Flex Co. v. Softview Computer Products Corp.,* 750 F.Supp. 962, 963-64 (N.D.Ill.1990); *Northern Eng'g & Plastics Corp. v. Blackhawk Molding Co.,* 27 Fed.R.Serv.2d 1155, 1156 (N.D.Ill.1979). Similarly, a claim of unenforceability based on patent misuse is grounded in fraud, and thus the requirements of 9(b) are mandated. "The defense of patent misuse arises from the equitable doctrine of unclean hands, and relates generally to the use of patent rights to obtain or to coerce an unfair commercial advantage. Patent misuse relates primarily to a patentee's actions that affect competition in unpatented goods or that otherwise extend the economic effect beyond the

scope of the patent grant." *C.R. Bard, Inc. v. M3 Systems, Inc.*, 157 F.3d 1340 (Fed. Cir. 1998) (citing *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 703-04 (Fed. Cir. 1992)).

Vonage America's ambiguous counterclaim and affirmative defense of patent unenforceability clearly fail to comply with Rule 9(b).  Vonage America fails to identify the basis for its claim of unenforceability.  And to the extent it relies on either inequitable conduct or patent misuse, Vonage America has failed to meet the requirements of Rule 9(b).  Accordingly, Vonage America's unenforceability counterclaim must be dismissed.  In addition, the allegations of unenforceability in Vonage America's First Affirmative Defense must be stricken.

### III. VONAGE AMERICA'S FIRST AFFIRMATIVE DEFENSE FAILS TO PROVIDE FAIR NOTICE AND SHOULD BE STRICKEN

This court recognizes that "affirmative defenses are pleadings, and as such are subject to all pleading requirements of the Federal Rules of Civil Procedure.  Under Fed. R. Civ. P. 8(a), an affirmative defense must set forth a short and plain statement of the nature of the defense." *Resolution Trust Corp. v. Thomas*, 1993 WL 501116 (D. Kan. November 18, 1993) (citations omitted).  Vonage America's assertion that the Sprint Patents are "invalid, void and/or unenforceable under one or more of the sections of Title 35 of the United States Code" is radically insufficient under these standards.

The purpose of the "short and plain statement" requirement is to provide the opposing party **fair notice** of what the asserted defense is and the grounds upon which it rests. *Conley v. Gibson,* 355 U.S. 41, 47 (1957).  *See also Zapata v. IBP, Inc.*, 1998 WL 717621 (D. Kan. September 29, 1998) ("The purposes of the notice pleading requirements of rule 8(a) are 'to give the defendant **fair notice** of the claims against him' to enable him to adequately respond to the allegations.") (emphasis added).

In the specific context of an assertion of patent invalidity, courts have found "radically insufficient" an allegation that a "patent is invalid and void under the provisions of Title 35, United States Code §§ 100 et seq., and specifically, §§ 101, 102, 103, and/or 112 . . . ." *Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1050 (N.D.Cal. 2004).  Vonage America's allegations are even more vague and undefined than the allegations in *Qarbon.com*.

The vague and undefined nature of Vonage America's affirmative defense becomes clear when one recognizes Part II of Title 35 includes 112 sections.[1]  Vonage America does not identify any specific section or sections of these 112 sections on which it bases its claims of invalidity.  Vonage America's allegations fail to even reach the "radically insufficient" level of ambiguity in *Qarbon.com Inc.*  Vonage America has chosen to rely on extremely vague and conclusory allegations, which lack even the most fundamental elements of fair notice.  Vonage America's first affirmative defense leaves Sprint with little choice but to hypothesize as to which of the 112 different statutory sections may be asserted by Vonage America.  Such vague allegations fly in the face of the fair notice requirement of Rule 8(a).  For this reason, Sprint requests that Vonage America's First Affirmative Defense be stricken.[2]

## IV.    CONCLUSION

For the foregoing reasons, Vonage America's First affirmative defenses should be stricken, and Vonage America's counterclaim that the Sprint Patents are unenforceable should be dismissed.

Respectfully Submitted,

---

[1] *See, e.g.*, 35 U.S.C. §§ 100-212.
[2] In addition to the fair notice requirements of Rule 8(a), Sprint further requests the allegation of unenforceability be stricken from Vonage America's first affirmative defense for the reasons set forth above in Section II.

1819165v1

Dated: November 23, 2005                    SHOOK, HARDY & BACON L.L.P.


/s/ B. Trent Webb
B. Trent Webb, KS Bar No. 15965
Adam P. Seitz, KS Bar No. 21059
Eric A. Buresh, KS Bar No. 19895
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS FOR PLAINTIFF

1819165v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2005 a copy of the above and foregoing was e-filed with the Court using the CM/ECF system which sent notification to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, MO 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608


/s/ B. Trent Webb_____
Attorney for Sprint Communications Company LP