## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-2433 JWL |
| | ) | |
| - against - | ) | |
| | ) | |
| THEGLOBE.COM, INC., | ) | |
| VOICEGLO HOLDINGS, INC., | ) | |
| VONAGE HOLDINGS CORP., and | ) | |
| VONAGE AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS THEGLOBE.COM, INC. AND VOICEGLO HOLDING, INC.'S
### MEMORANDUM IN SUPPORT OF MOTION TO DROP
### MISJOINED PARTIES AND SEVER CLAIMS FOR SEPARATE PROCEEDINGS

Defendants Theglobe.com, Inc. ("TGCI") and Voiceglo Holdings, Inc. ("Voiceglo") respectfully submit this memorandum in support of their motion to drop misjoined parties and sever claims for separate proceedings.

### NATURE OF THE MATTER BEFORE THE COURT

This is an action for alleged patent infringement.  In a First Amended Complaint filed October 12, 2005 (the "FAC"), the plaintiff, Sprint Communications Company L.P. ("SCC"), has accused four named defendants of infringing seven United States Patents assigned to SCC for claimed inventions titled "Method, System and Apparatus for Telecommunications Control" and "Broadband Telecommunications System."

Pursuant to Federal Rules of Civil Procedure 20 and 21, Defendants TGCI and Voiceglo respectfully move the Court for an Order (a) dropping TGCI and Voiceglo from this action on grounds of misjoinder, and (b) severing plaintiff's claims against TGCI and Voiceglo from those

Dockets.Justia.com

asserted against Vonage Holdings Corp. and Vonage America, Inc. (collectively, the "Vonage Defendants") for separate proceedings.

As set forth below, TGCI and Voiceglo have no connection whatsoever to the Vonage Defendants; plaintiff's infringement allegations against TGCI and Voiceglo do not arise from any transactions or occurrences involving the Vonage Defendants; plaintiff's joinder of TGCI and Voiceglo in this action was clearly improper under Fed. R. Civ. P. 20(a); and TGCI and Voiceglo will be exposed to significant and unwarranted prejudice in the absence of severance and separate trial and pretrial proceedings as authorized by Fed. R. Civ. P. 20(b) and 21.

### STATEMENT OF FACTS

SCC commenced this action for alleged patent infringement on October 4, 2005, and filed a First Amended Complaint on October 12, 2005. SCC alleges that TGCI, Voiceglo, and two other entities, the Vonage Defendants, have each committed "willful and deliberate" infringement of seven (7) patents assigned to SCC (FAC ¶¶ 21, 26, 31, 36, 41, 46, 51).

The FAC does not allege that TGCI or Voiceglo are affiliated, connected, or related to the Vonage Defendants in any way.  The FAC does not allege that TGCI or Voiceglo have any commercial business dealings with the Vonage Defendants.  The FAC does not allege that TGCI or Voiceglo use, sell, or distribute any products or services of the Vonage Defendants.  The FAC does not allege that TGCI or Voiceglo have induced or contributed to any activity of the Vonage Defendants.

The sole infringement allegations with respect to TGCI and Voiceglo are found in paragraphs 17 and 18 of the FAC which state:

> 17.   Upon information and belief, defendants theglobe.com, Voiceglo, Vonage and Vonage America manufacture, use, offer for sale, and/or sell broadband, Internet and/or packet-based telephony products and services, as well as other products and/or services.

>       18.    Upon information and belief, defendants theglobe.com,
>       Voiceglo, Vonage and Vonage America have made, used, offered
>       to sell, and/or sold, and continue to make, use, offer to sell, and/or
>       sell products and/or services within this Judicial District, including,
>       without limitation, broadband, Internet and/or packet-based
>       telephony products and services, that infringe Sprint's Patents.

On November 21, 2005, TGCI and Voiceglo filed their Answer to First Amended Complaint and Counterclaim.   For their Eleventh Affirmative Defense, TGCI and Voiceglo alleged:

>       39.    The first amended complaint improperly misjoins
>       Theglobe.com, Inc. and Voiceglo Holdings, Inc. with unrelated co-
>       parties defendant whose alleged activities have nothing to do with
>       Theglobe.com, Inc. or Voiceglo Holdings, Inc.  The Court should
>       issue an order severing Theglobe.com, Inc. and Voiceglo Holdings,
>       Inc. from this action in accordance with Fed. R. Civ. P. 21.

As is set forth in the accompanying Declaration of Edward A. Cespedes, sworn to December 16, 2005 (the "Cespedes Decl."), TGCI and Voiceglo are Delaware corporations whose principal places of business are located in Ft. Lauderdale, Florida (Cespedes Decl. ¶ 2). Voiceglo is a wholly-owned subsidiary of TGCI (id).  TGCI and Voiceglo have no connection or affiliation whatsoever with the Vonage Defendants (id. ¶ 3).

Voiceglo offers the products and services described in the Internet "web sites" associated with the domain names www.voiceglo.com and www.glophone.com (Cespedes Decl. ¶ 5).  The instrumentalities through which Voiceglo provides these products and services were developed by Voiceglo personnel and contractors over a period of years, and without any involvement of the Vonage Defendants (id).  Voiceglo has made significant investments in hardware, software, and facilities permitting Voiceglo subscribers to send and receive voice data in "Internet Protocol" format and using the capabilities of pre-existing Internet "web browser" technology, all without any involvement or participation of the Vonage Defendants (id).

The FAC alleges that the Vonage Defendants maintain their principal place of business in Edison, New Jersey (FAC ¶¶ 4-5).  TGCI and Voiceglo have no knowledge of the origin, development, location, or structure of whatever technology or technologies the Vonage Defendants own or utilize to carry on the activity complained of by SCC in this action (Cespedes Decl. ¶ 3).  TGCI and Voiceglo are informed and believe that one or both of the Vonage Defendants provide the products and services described at the Internet "web site" associated with the domain name www.vonage.com (id).  TGCI and Voiceglo view the Vonage Defendants as business competitors (id).  TGCI and Voiceglo have no knowledge of the Vonage Defendants' business, legal, or marketing activities aside from what is publicly available in the marketplace (id.).

## QUESTIONS PRESENTED

The questions presented by the within motion are:  (1) whether TGCI and Voiceglo are improperly joined as defendants in this action under Fed. R. Civ. P. 20(a); and (2) whether SCC's claims against TGCI and Voiceglo should be severed and proceeded with separately under Fed. R. Civ. P. 20(b) and 21.   As set forth below, the answer to both questions is clearly "Yes."

## ARGUMENT

## I.    TGCI AND VOICEGLO ARE MISJOINED AS DEFENDANTS

Fed. R. Civ. P. 20(a) provides in pertinent part:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . .

"[M]isjoinder of parties arises when the claims and parties fail to satisfy any of the conditions of permissive joinder under Rule 20(a)."  Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach,

LLP, 2003 U.S. Dist. LEXIS 9642, at *17 (D. Kan. May 7, 2003) (Murgia, J.) (granting motion to sever claims against misjoined defendant).

In numerous cases, courts have held that where, as here, defendant parties are unrelated to one another and offer independently developed products and services, Rule 20(a) precludes the type of multi-defendant patent infringement complaint that SCC has improperly filed here:

> [T]he fact that two parties may manufacture or sell similar products, and that their sale or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).

Pergo, Inc. v. Alloc, Inc., 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) (granting motion to sever).

See, e.g., Multi Tech Sys., Inc. v. Net2Phone, Inc., 2000 U.S. Dist. LEXIS 22683, at *21-25 (D. Minn. 2000) (granting motion to sever; "[i]n the patent infringement context, courts sever defendants that are separate companies that independently design, manufacture and sell products in competition with each other") (quoting Androphy v. Smith & Nephew, Inc., 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998)); Electronic Trading Sys. Corp. v. Board of Trade, No. 3:99-CV-1016-M (N.D. Tex. Sept. 18, 2000) (granting motion to sever in patent case; "[e]ach defendant is a separate entity utilizing separate and distinct electronic trading systems at different locations");[1] Androphy, 31 F. Supp. 2d at 623 (granting motion to sever; "claims of infringement against unrelated defendants, involving different machines, should be tried separately against each defendant") (quoting New Jersey Mach. Inc. v. Alford Indus. Inc., 21 U.S.P.Q.2d 2033, 2034-35 (D.N.J. 1991), aff'd mem., 983 F.2d 1087 (Fed. Cir. 1993)); Paine Webber, Jackson & Curtis, Inc. v. Merrill, Lynch, Pierce Fenner & Smith, Inc., 564 F. Supp. 1358, 1371 (D. Del. 1983) ("Allegations of infringement against two unrelated parties based on different acts do not arise

---

[1] Pursuant to Local Rule 7.6(b), a copy of the unreported decision in Electronic Trading is being submitted as Exhibit 1 to the accompanying Declaration of James W. Dabney.

from the same transaction"; granting motion to dismiss "third party complaint" filed by declaratory judgment defendant that attempted to sue unrelated parties for alleged infringement of a single patent).

The above-cited authorities are fully applicable here.  By its FAC the plaintiff seeks to litigate in one action two wholly separate and distinct patent infringement disputes, arising from wholly unrelated transactions and occurrences, involving wholly unrelated and, indeed, competing defendants headquartered in Florida and New Jersey, respectively, whose products and services were developed entirely independently of one another, and whose non-infringement and willfulness defenses may be equally unrelated to one another.

The limits on joinder of parties imposed by Fed. R. Civ. P. 20(a) reflect the inherent, inevitable, and fundamental unfairness that would attend forcing unrelated defendants to compete with one another for the attentions of a jury in a complex patent infringement case involving unrelated transactions by unrelated persons purportedly giving rise to separate liabilities for patent infringement and alleged damages.  Patent litigation is complicated enough without the added complexity of misjoining multiple unrelated parties engaging in distinct and unrelated acts of alleged infringement causing separate alleged damages, and whose defenses to the plaintiff's infringement and "willfulness" allegations will necessarily involve wholly distinct proofs, witnesses, documents, and physical evidence.

## II.    THE COURT SHOULD SEVER PLAINTIFF'S CLAIMS AGAINST TGCI AND VOICEGLO FOR SEPARATE PROCEEDINGS

The Court has broad discretion to order that SCC's claims against TGCI and Voiceglo "be severed and proceeded with separately."  Fed. R. Civ. P. 21.  Rule 20(b) provides:

> The Court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom the party asserts no claim and who asserts no

claim against the party, and may order separate trials and make
such other orders to prevent delay or prejudice.

The above-quoted rule is fully applicable here: TGCI and Voiceglo assert no claims against the Vonage Defendants; the Vonage Defendants have asserted no claims against TGCI or Voiceglo. The absence of such cross-claims is hardly surprising in view of the total lack of connection between the two groups of defendants.

As the short history of this case already demonstrates, TGCI and Voiceglo will be put to significant and unwarranted expense if they are forced to participate in pretrial proceedings with the Vonage Defendants. SCC moved to strike portions of the answer pleading filed by the Vonage Defendants; it filed no similar motion as to TGCI's and Voiceglo's answer pleading. The affirmative defenses pleaded in TGCI's and Voiceglo's Answer in this case are also significantly different from those of the Vonage Defendants.

But for this action, TGCI and Voiceglo would have no occasion to participate in deposition or documentary discovery of facts pertinent to the business activities of the Vonage Defendants headquartered in New Jersey. TGCI and Voiceglo are, additionally, extremely reluctant to disclose highly confidential business planning and technical information to business competitors such as the Vonage Defendants, even if a Protective Order were entered. Absent the requested severance, TGCI and Voiceglo will be put to the Hobson's choice of participating in deposition, documentary, and third-party discovery involving the Vonage Defendants or risking being bound by them.

Looking forward to a potential trial, it would be manifestly unfair to force TGCI, Voiceglo, and Vonage Defendants to present their defenses to the fact finder in a single trial. As stated in Ropfogel v. Wise, 112 F.R.D. 414, 416 (S.D.N.Y. 1986):

> When, as here, the claims against, and defenses of, some parties
> are substantially different from those of others, a consolidated trial
> of the "mixed bag" works prejudice.

See also Morris v. Northrop Grumman Corp., 37 F. Supp. 2d 556, 581 (E.D.N.Y. 1999) ("The potential inferences or conclusions that the jury may draw from the different claims and the strength of the respective cases could unfairly prejudice the defendants"); CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc., 896 F. Supp. 505, 506-507 (D. Md. 1995) (risk of jury confusion warranted severance where jury would have to consider different accused products and affirmative defenses).

This clearly is a case where, absent the requested severance, TGCI and Voiceglo will be truly "embarrassed" and "put to expense" by SCC's improper joinder.    Defendants cannot receive a fair trial in this action if, at the same time that TGCI and Voiceglo are attempting to focus jurors' attention on the events and facts pertinent to them, the Vonage Defendants are simultaneously attempting to focus jurors' attention on their own particular history and reasons for designing their telecommunications systems as they did.  It would be like asking moviegoers to watch two films concurrently in spurts, with numerous interruptions and switches back and forth, and then asking the audience to recall or evaluate the details of each film separately – all in the context of telecommunications technology (e.g., "providing virtual connections through an ATM [Asynchronous Transfer Mode] interworking multiplexer"; Complaint Ex. E Abstract) that will likely be difficult for jurors to follow in the best of circumstances.

A grant of the within motion would cause no prejudice to SCC.  To the extent that SCC has any legitimate claims to assert against TGCI and Voiceglo, a grant of the within motion would leave all such claims intact and would merely require SCC to assert them in a manner that is compliant with Fed. R. Civ. P. 20(a) and affords TGCI and Voiceglo the procedural and

substantive protections that they are entitled to as litigants under the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the reasons set forth above, the Court should enter an Order (a) dropping TGCI and Voiceglo from this action on grounds of misjoinder, and (b) severing plaintiff's claims against TGCI and Voiceglo from those asserted against the Vonage Defendants for separate trial and pretrial proceedings.

Dated: December 16, 2005

FOULSTON SIEFKIN LLP

By /s/Scott C. Nehrbass
     James D. Oliver (#8604)
     Scott C. Nehrbass ( #16285)
40 Corporate Woods, Suite 1050
9401 Indian Creek Parkway
Overland Park, Kansas 66210
Telephone: 913-498-2100
Fax: 913.498.2101
Email: joliver@foulston.com
Email: snehrbass@foulston.com

James W. Dabney (admitted pro hac vice)
Henry C. Lebowitz (admitted pro hac vice)
Malcolm J. Duncan (admitted pro hac vice)
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: 212.859.8000
Fax: 212.859.4000
Email: dabnejam@ffhsj.com
Email: lebowhe@ffhsj.com
Email: duncama@ffhsj.com

ATTORNEYS FOR DEFENDANTS
THEGLOBE.COM, INC. and VOICEGLO
HOLDINGS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December, 2005, I electronically filed the above and foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

B. Trent Webb
bwebb@shb.com
Adam P. Seitz
aseitz@shb.com
Eric A. Buresh
eburesh@shb.com
Shook Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108-2613
Telephone: 816.474.6550
Fax: 816.421.5547
ATTORNEYS FOR PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.

Don R. Lolli
dlolli@dysarttaylor.com
Patrick J. Kaine
pkaine@dysarttaylor.com
Dysart Taylor Lay Cotter & McMonigle, P.C.
4420 Madison Avenue
Kansas City, MO  64111
Telephone: 816.931.2700
Fax: 816.931.7377

Patrick D. McPherson
pdmcpherson@duanemorris.com
Patrick C. Muldoon
pcmuldoon@duanemorris.com
Duane Morris, LLP
1667 K Street, N.W.
Washington, DC 20006-1608
Telephone: 202.776.5124
Fax: 202.776.7801
ATTORNEYS FOR DEFENDANT VONAGE HOLDINGS CORPORATION AND VONAGE AMERICA, INC.

/s/ Scott C. Nehrbass