IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
)
Plaintiff, )
)
- against - )   Case No. 05-2433-JWL-DJW
)
THEGLOBE.COM, INC., VOICEGLO HOLDINGS, )
INC., VONAGE HOLDINGS CORP., and VONAGE )
AMERICA, INC., )
)
Defendants. )
)

## DECLARATION OF JAMES W. DABNEY

1. My name is James W. Dabney. I am a member of the Bar of the States of New York and New Jersey and of the firm Fried, Frank, Harris, Shriver & Jacobson LLP, lead trial counsel for defendants Theglobe.com, Inc. ("TGCI") and Voiceglo Holdings, Inc. ("Voiceglo"). I have personal knowledge of the matters stated in this declaration.

2. Annexed hereto as Exhibit 1 is a true copy of <u>Electronic Trading Sys. Corp.</u> v. <u>Board of Trade</u>, No. 3:99-CV-1016-M (N.D. Tex. Sept. 18, 2000).

I, JAMES W. DABNEY, declare under penalty of perjury that the foregoing is true and correct.

Date: December 16, 2005

_____
James W. Dabney

# EXHIBIT 1

Case 2:05-cv-02433-JWL   Document 33-3   Filed 12/16/2005   Page 2 of 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| ELECTRONIC TRADING SYSTEMS CORPORATION,<br><br>　　　　Plaintiff,<br>V.<br><br>THE BOARD OF TRADE OF THE CITY OF CHICAGO, THE NEW YORK MERCANTILE EXCHANGE, THE CHICAGO MERCANTILE EXCHANGE and CANTOR FITZGERALD, L.P.,<br><br>　　　　Defendants. | Civil No. 3:99-CV-1016-M |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Order Referring Motion, filed May 16, 2000, **Defendant The New York Mercantile Exchange's Motion for Severance and to Transfer Venue**, filed December 27, 1999, has been referred to the undersigned for hearing, if necessary, and recommendation. A hearing was held on the motion on July 20, 2000.[1] Having considered the pertinent pleadings and the arguments of counsel presented at a hearing on July 20, 2000, the undersigned **recommends** that the motion be **GRANTED** in its entirety for the reasons that follow.

I. Background

This is a patent infringement case. The defendants, The Board of Trade of the City of Chicago, The New York Mercantile Exchange ("NYMEX"), and The Chicago Mercantile Exchange, are futures exchanges which offer investors the opportunity to trade futures contracts in various

---

[1] The transcript of the hearing on the instant motion will be designated as "Hrg. Tr." in these findings.

markets such as energy, commodities, and agricultural products.[2] **Def.'s Mot. at 1-2.** Plaintiff Electronic Trading Systems Corporation ("ETS"), the purported owner of U.S. Patent No. 4,903,201 ("the '201 patent"), entitled "Automated Futures Trade Exchange," brings this action, alleging that each of the defendants have infringed the '201 patent by having and using an electronic trading system that incorporates the patented device in violation of 35 U.S.C. § 271, *et seq*. **Pl.'s Compl. at ¶ 1, 8 and Jt. Status Report, filed September 13, 1999 at 1.** Although the extent of the similarities between each of the defendants' electronic trading systems is unclear, in general, they allow investors to engage in futures trading from remote locations. The defendant companies themselves are unrelated. **Hrg. Tr. at 72.**

On December 27, 1999, NYMEX filed the instant motion requesting the Court to sever ETS' claim against NYMEX pursuant to Fed. R. Civ. P. 21, and to transfer venue of that claim to the Southern District of New York based on the convenience of the parties and witnesses and in the interests of justice pursuant to 28 U.S.C. § 1404(a). **Def.'s Mot. at 3.** ETS filed its opposition on February 2, 2000, and on July 20, 2000, this Court heard oral arguments on the motion.

## II. Analysis

ETS' initially complains that the instant motion is untimely. **Pl.'s Opposition at 3-4.** The Court disagrees. NYMEX filed this motion on December 27, 1999, slightly less than eight months after this case was filed. "Parties seeking a change of venue [pursuant to 28 U.S.C. § 1404(a)] should act with 'reasonable promptness.'" *Peteet v. Dow Chem. Co.*, **868 F.2d 1428, 1436 (5th Cir.),** *cert. denied*, **493 U.S. 935, 110 S.Ct. 328, 107 L.Ed.2d 318 (1989).** While the delay in filing the

---

[2] Defendant Cantor Fitzgerald, L.P., was dismissed from this case by the District Court pursuant to an Agreed Order of Dismissal filed March 23, 2000.

2

motion may be considered in determining whether it should be granted, absent a showing that NYMEX's motion is a dilatory tactic, or that ETS would be prejudiced solely because of the delay in bringing the motion, the "reasonable promptness" requirement is satisfied. *Mohamed v. Mazda Motor Corp*, 90 F. Supp.2d 757, 759-60 (E.D. Tex. 2000)(citing *American Standard v. Bendix Corp.*, 487 F. Supp. 254, 261 (D.C. Mo. 1980) and *Peteet*, 868 F.2d at 1436). Because no such showing has been made here, the Court finds that NYMEX's motion is not untimely. Accordingly, the Court will turn to consider the merits of the motion.

**A. Motion to Sever**

NYMEX moves the Court to sever ETS' claim against NYMEX based on, among other things, misjoinder in that ETS' claims against each of the defendants do not arise from the same transaction or occurrence. **Def.'s Mot. at 4-5.**

Fed. R. Civ. P. 20(a) permits the joinder of defendants in an action if the claims asserted against them arise out of the same transaction, occurrence, or series of transactions or occurrences and involve common questions of law or fact. **Fed. R. Civ. P. 20(a).** If multiple defendants have been sued and either one of these requirements is lacking, then misjoinder has occurred. *Glendora v. Malone*, **917 F. Supp. 224, 227 (S.D.N.Y. 1996); 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1683 at 443 (2d ed. 1986)("Wright, Miller & Kane").** In other words, parties are properly joined under Rule 20(a) only when the claims asserted against them arise out of the same transaction or occurrence and involve common questions of law or fact. **7 Wright, Miller & Kane, §§ 1653 at 377-81, 1683 at 443.** The remedy for misjoinder is severance under Rule 21, which provides, in relevant part, that "[a]ny claim against a party may be severed and proceeded with separately." **Fed. R. Civ. P. 21; 7 Wright, Miller &**

3

**Kane, § 1683 at 442.** Whether to grant a Rule 21 severance is within the trial court's broad discretion. *United States v. O'Neil,* 709 F.2d 361, 367 (5th Cir. 1983).

In this case, the only connection between ETS' patent claims and the defendants is that they allegedly infringed the same patent. Each defendant is a separate entity utilizing separate and distinct electronic trading systems at different locations. **Hrg. Tr. at 72.** There is nothing to indicate that ETS' claim against NYMEX arose out of the same transaction or occurrence, or series of transactions or occurrences, as its claims against the other defendants. ETS essentially conceded as much at the hearing held before this Court on the instant motion but suggested that severance would be more appropriate at a later stage of the proceedings. **Id. at 84, 88.** Under similar circumstances, where a plaintiff sued separate companies for infringing his patent through the sale of different products, a district court in Illinois held that the plaintiff failed to satisfy the common transaction or occurrence requirement of Rule 20(a) and severed the claims. *See Androphy v. Smith & Nephew,* **31 F. Supp 2d 621, 623 (N.D. Ill. 1998)**(citing *New Jersey Mach. Inc. v. Alford Indus. Inc.,* **21 U.S.P.Q.2d 2033, 2034-35 (D.N.J.1991),** *aff'd,* **983 F. 2d 1087(Fed. Cir. 1992)**("**Infringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder of the new defendants.**")); *See also Paine, Webber v. Merrill Lynch, Pierce,* **564 F. Supp. 1358, 1371(D. Del. 1983)**("**Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction.**").

For the foregoing reasons, this Court finds that NYMEX has been misjoined in this action under Rule 20(a). The Court, therefore, finds that severance pursuant to Rule 21 is proper and **recommends** that NYMEX's motion to sever be **GRANTED.**

4

**B. Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)**

NYMEX also requests the Court to transfer venue of ETS' claim against NYMEX to the Southern District of New York based on the convenience of the parties and witnesses and in the interests of justice pursuant to 28 U.S.C. § 1404(a). **Def.'s Mot. at 7-13.**

28 USC § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." **28 U.S.C. § 1404(a) (1993).** In determining whether to transfer venue, the Court must consider several factors: (1) the plaintiff's choice of forum; (2) the place of the alleged wrong; (3) the availability of witnesses and convenience of parties; (4) the cost of obtaining the attendance of witnesses and other trial expenses; (5) the location of books and records; (6) the location of counsel; and (7) the possibility of delay and prejudice if transfer is granted. *American Airlines, Inc. v. Rogerson ATS*, **952 F. Supp. 377, 383 (N.D. Tex. 1996)(citations omitted).** The party requesting a change of venue has the burden of demonstrating why the forum should be changed, however, the decision to transfer venue is within the sound discretion of the district court. *Continental Airlines, Inc. v. American Airlines, Inc.*, **805 F. Supp. 1392, 1395 (S.D. Tex. 1992)(citing** *Time v. Manning*, **366 F.2d 690, 698 (5th Cir. 1966);** *American Airlines*, **952 F. Supp. at 383.** The district court must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet*, **868 F.2d at 1436 (internal quotations omitted).**

The first issue in determining the venue question is whether this case "might have been brought" in the Southern District of New York. See **28 U.S.C. § 1404(a) (1993).** Because ETS'

5

cause of action arises under federal patent laws, the District Court in New York may exercise subject matter jurisdiction over this dispute. **See 28 U.S.C. § 1338 (Supp. 2000).** Furthermore, since NYMEX resides in the Southern District of New York, it is subject to personal jurisdiction there, and venue is also proper there.[3] The Court, therefore, finds that ETS' claim against NYMEX might have been brought in the Southern District of New York. The Court now turns to address each of the factors outlined above in determining whether this case should be transferred.

### A. Plaintiff's Choice of Forum/Place of the Alleged Wrong

Ordinarily, the plaintiff's choice of forum is entitled to deference and should be given substantial weight. *Ensearch Int'l Exploration, Inc. v. Attock Oil Co., Ltd.*, **656 F. Supp. 1162, 1167 n.15 (N.D. Tex. 1987);** *Dupre v. Spanier Marine Corp.*, **810 F. Supp 823, 828 (S.D. Tex. 1993);** *Continental Airlines*, **805 F. Supp. at 1395 (citations omitted).** The plaintiff's choice of forum, however, may be given less consideration where none or few of the operative events underlying the cause of action occur within the chosen forum. *TV-3, Inc., v. Royal Ins.*, **28 F. Supp. 2d 407, 411-12 (E.D. Tex. 1998)**(citing *Fletcher v. Exxon Shipping*, **727 F. Supp. 1086, 1087 (E.D. Tex. 1989));** *See also Kachal v. Menzie*, **738 F. Supp. 371, 373 (D. Nev. 1990).**

NYMEX contends that the "center of gravity" of this claim is in New York because its trading system, the allegedly infringing device, and all persons responsible for it are located there. **Def.'s Mot. at 8; Ex. 1** *(Purta Aff.)*; **Hrg. Tr. at 71, 78.** The Court agrees. Although

---

[3] The venue provision at 28 U.S.C. § 1400 provides in pertinent part:
(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. **28 U.S.C. § 1400(b) (1993).**

6

NYMEX's trading system can be accessed from remote locations, the system is located and operates in NYMEX's main offices in New York. **Def.'s Mot., Ex. 1** (*Purta* **Aff. at ¶¶ 3-5); Hrg. Tr. at 71.** Therefore, the alleged infringing activity occurs there. Additionally, NYMEX has identified sixteen party and non-party witnesses who are located in and around New York and who have relevant knowledge concerning the operation and development of the trading system and of prior art that purportedly existed before the issuance of the '201 patent. **Def.'s Mot. at 9-10.** This Court's only connection with the cause of action is that the '201 patent was developed here, and ETS, the alleged owner of the patent, is located here.[4]

As a general rule in patent cases, "the preferred forum is that which is the center of the accused activity." *S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F. Supp. 1185, 1187 (N.D. Ill. 1983)(**"The trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production."**)(quoting *AMP Inc. v. Burndy of Midwest, Inc.*, 340 F. Supp. 21, 24-25 (N.D. Ill. 1971); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp.2d 517, 519 (E.D. Va. 1999); *Osteotech, Inc. v. Gensci Regeneration Sciences, Inc.*, 6 F. Supp.2d 349, 357 (D.N.J. 1998); *See Hubbell, Inc. v. Pass & Seymour, Inc.*, 883 F. Supp. 955, 962 (S.D.N.Y. 1995); *See also Proshot Golf, Inc. v. Leading Edge Tech., Inc.*, Civ. A. No. 3:96-CV-1906-D, 1996 WL 673265 at *2(N.D. Tex. Oct. 31, 1996)(Fitzwater, J.)(**"In a patent action, the preferred forum is the place where the infringing activity was centered."**) Thus, although ETS' choice of forum is entitled to substantial deference, the Court finds that the weight to be accorded that choice is diminished by the fact that the "center of gravity" of this

---

[4] ETS indicated at the July 20 hearing that the inventor of the patented device now resides in Florida. **Hrg. Tr. at 85.**

7

case is in New York. *See S.C. Johnson*, 571 F. Supp. at 1188 ("While plaintiff's choice of forum is important, it is of reduced value where, as here, the chosen forum lacks significant contact with the underlying cause of action.").

### B. Convenience and Availability/Costs of the Witnesses and Parties

The availability and convenience of the witnesses and parties is a very important, if not the most important, factor in the venue analysis. *See Gundle Lining Constr. Corp v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994); *See also Dupre*, 810 F. Supp. at 825; *TV-3, Inc.*, 28 F. Supp.2d at 412. In evaluating this factor, the Court should concentrate primarily on the availability and convenience of key witnesses and/or non-party witnesses. *See Continental Airlines*, 805 F. Supp. at 1396-97; *Gundle Lining*, 844 F. Supp. at 1166; *Apache Prod. Co. v. Employers Ins. Of Wausau*, 154 F.R.D. 650, 655 (S.D. Miss. 1994). Generally, the availability of non-party witnesses is accorded greater weight because the employee witnesses of a party may be compelled to testify regardless of where the trial is held. *See id.*

As just noted, NYMEX identifies by name sixteen witnesses in and around the New York area, nine of whom are non-party witnesses who have relevant knowledge concerning the prior art. **Def.'s Mot. at 9-10; Hrg. Tr. at 72-73.** On the other hand, while ETS counters that many of its witnesses as well as the attorneys who prosecuted the '201 patent are located in Dallas, the company has been vague at best in identifying its witnesses and the proposed nature of their testimony. *See* **Pl.'s Opposition at 3; Hrg. Tr. at 86.** At the hearing, ETS identified only two of its prospective witnesses who resided in the Dallas area, including, "Mr. Sibley" an individual who ETS claims is "behind the development of this project" and an expert witness involved in the prosecution of the patent. **Hrg. Tr. at 86.** Other than those two proposed witnesses, there is

8

no indication of how many witnesses ETS intends to utilize, what relevant knowledge they have, or how many, if any, are non-party witnesses. While courts generally do not determine the appropriateness of a transfer based on the number of prospective witnesses for each party, the significance and materiality of their testimony is a relevant factor. *Dwyer v. General Motors Corp.*, 853 F. Supp. 690, 693 (S.D.N.Y. 1994)(citing *Catalano v. BRI, Inc.*, 724 F. Supp. 1580, 1584 (E.D. Mich. 1989)). Because NYMEX has identified several non-party witnesses with relevant knowledge concerning ETS' patent claims, and who are located in the New York area and ETS has countered by identifying only two potential witnesses, the Court finds that the availability and convenience of the witnesses weighs in favor of transferring this claim.

### C. Location of Books and Records

Both sides contend that relevant evidence and documentation are located in their respective forums. **Def.'s Mot. at 10; Pl.'s Opposition at 2-3; Hrg. Tr. at 70, 79.** In light of the Court's earlier finding, however, that the "center of gravity" for this case is in New York, the Court finds that this factor weighs in favor of transferring this claim.

### D. Other Factors

The other remaining factors, the location of counsel and the possibility of delay and prejudice if transfer is granted, do not affect the Court's decision. The location and convenience of counsel is entitled to little weight, if any. *See Continental Airlines*, 805 F. Supp. at 1399. Further, there is no indication that transferring this claim will unduly delay these proceedings or unnecessarily prejudice the parties. ETS alleges that its only asset is the patent and that it will be financially prejudiced by having to litigate its claim in New York. **Pl.'s Opposition at 3; Hrg Tr. at 85-86.** The financial strength of the parties may be considered by the court in deciding a

9

transfer motion. **8 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3849 at 259-60 (1976).** Nonetheless, ETS has not submitted or referred to any evidence to support this argument other than the general statements of its counsel at the hearing and in the briefing. **Pl.'s Opposition at 3; Hrg Tr. at 85-86, 90.** Accordingly, the Court finds that these remaining factors do not weigh in favor of maintaining venue in this Court.

In summary, a comprehensive review of the factors for determining whether venue should be transferred pursuant to 28 U.S.C. § 1404(a) suggests that NYMEX's motion should be granted. The allegedly infringing product is in New York, the complained of activity occurs in New York, the balance of relevant witnesses favors New York, and the relative access to sources of proof favors New York. *See Detex Corp. v. Detex Security Sys.*, No. 3:96-CV-2801-D, 1997 WL 209298 at *4 (N.D. Tex. April 17, 1997)(Fitzwater, J.)("[t]he relative superiority of **access to sources of proof in the [district requested by movants] tips the balance in favor of litigation in that forum.**") The Court, therefore, finds that on balance the litigation would more conveniently proceed and the interests of justice be better served by transferring this claim to New York. *See Peteet*, 868 F.2d at 1436. Accordingly, the undersigned **recommends** that NYMEX's motion to transfer venue be **GRANTED**.

### III. Conclusion

For the foregoing reasons, the undersigned **recommends** that NYMEX's Motion for Severance and to Transfer Venue be **GRANTED** in its entirety.

SO RECOMMENDED,

August 1st, 2000.

_____
JANE J. BOYLE
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

    The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*).

_____
JANE J. BOYLE
UNITED STATES MAGISTRATE JUDGE

11