IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff, <br><br> v. <br><br> THEGLOBE.COM, INC., VOICEGLO HOLDINGS, INC., VONAGE HOLDINGS CORP., and VONAGE AMERICA, INC. <br><br> Defendants. | Case No. 05-2433 JWL |

**DEFENDANTS VONAGE HOLDINGS CORP. AND VONAGE AMERICA, INC.'S COMBINED OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND/OR DISMISS CERTAIN AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants Vonage Holdings Corp. and Vonage America, Inc. (hereafter collectively "Vonage") oppose Plaintiff Sprint Communications Company L.P.'s Motion to Strike and/or Dismiss Certain Affirmative Defenses and Counterclaims ("Sprint"), and in support thereof state as follows:

I. **INTRODUCTION**

Sprint mistakenly asserts that Fed. R. Civ. P. 9 governs the scope of the pleading requirements for Vonage's counterclaim and affirmative defenses of unenforceability. To the contrary, the liberal pleading standards of Fed. R. Civ. P. 8 are applicable here. Once properly considered under these more liberal standards, Vonage's unenforceability pleadings have been properly plead, and thus Sprint's motion should be denied. Indeed, Sprint's use of motion practice to obtain information which it may obtain through proper discovery procedures is inappropriate and a waste of the Court's resources.

1

Alternatively, if the Court determines that Vonage should supplement its pleadings, a motion to strike or dismiss is inappropriate here, as it is well-established that leave to amend under Fed. R. Civ. P. 15 is freely given when the case is at its nascent stage.

## II.   ARGUMENT

### A.   FED. R. CIV. P. 9 IS NOT APPLICABLE TO VONAGE'S COUNTERCLAIM AND AFFIRMATIVE DEFENSES

Vonage agrees that Fed. R. Civ. P. 9 requires that fraud claims must be pled with particularity. However, Vonage's counterclaim and affirmative defenses of unenforceability do not trigger a Rule 9 analysis because Vonage is not pleading inequitable conduct at this stage. It is well-settled that a patent can be held unenforceable for a myriad of reasons, including patent misuse, laches and estoppel. *See, e.g., Mylan Pharms., Inc. v. Thompson*, 268 F.3d 1323, 1331 (Fed. Cir. 2001). None of these causes of action has fraud as an element of proof. *See generally, A.C. Auckerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992)(laches and estoppel discussion); *U.S. Philips Corp. v. ITC*, 424 F.3d 1179 (Fed. Cir. 2005)(patent misuse discussion).[1]

Indeed, this Court has recognized that Fed. R. Civ. P. 8 (and not Rule 9) governs the pleading requirements for a counterclaim of unenforceability of a patent based on patent misuse. *See Great Plains Lab., Inc. v. Metametrix Clinical Lab.*, 2004 U.S. Dist. LEXIS 22372, *3 (D. Kan. 2004) ("misuse need only be pleaded pursuant to Fed. R. Civ. P. 8.")(Attached at **Exh. 1**).

---

1  All of the patent infringement cases cited by Sprint deal with pleading inequitable conduct as an affirmative defense or counterclaim, and are therefore irrelevant. *See* Sprint's Motion at Part II. The other cases cited by Sprint to support its Fed. R. Civ. P. 9 arguments do not involve a counterclaim or affirmative defense of unenforceability where fraud is not an element of the claim, and are likewise irrelevant.

2

Thus, Fed. R. Civ. P. 9's more stringent particularity requirements are not applicable to Vonage's counterclaim and affirmative defenses of unenforceability.

### B. VONAGE'S COUNTERCLAIM AND AFFIRMATIVE DEFENSES OF UNENFORCEABILITY SATISFY THE LIBERAL PLEADING REQUIREMENTS OF FED. R. CIV. P. 8

Fed. R. Civ. P. 8(a)(2) provides that a counterclaim shall provide "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Conley v. Gibson*, 355 U.S. 41, 48 (1957), a case cited by Sprint, the U.S. Supreme Court held:

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. . . . *Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.* (emphasis supplied)

#### 1. Vonage's Counterclaim of Unenforceability Has Been Properly Pled

Vonage's third counterclaim asserts that the Sprint patents are unenforceable for one or more of the reasons contained in Vonage's affirmative defenses. Despite Sprint's arguments to the contrary, this counterclaim more than meets the liberal "notice" pleading requirements of Fed. R. Civ. P. 8 and permits Sprint to undertake "discovery and other pretrial procedures ... to define more narrowly the disputed facts and issues." *Id.* Indeed, in a case where the language of the party's counterclaim is strikingly similar to that of Vonage's, the Court found that the pleading was adequate to give notice and denied the requested relief. *See Pittway Corp. v. Fyrnetics, Inc.*, 1992 U.S. Dist. LEXIS 12172, *15-18 (N.D. Ill. 1992)(Attached at **Exh. 2**). Further, this Court has recognized that Sprint may engage in discovery to ascertain the details of Vonage's averments. *See Siuda v.*

*Robertson Transformer Co.*, 1992 U.S. Dist. LEXIS 6027, *9-10 (D. Kan. 1992) (under the liberal pleading standards, the Court refused to strike the defendant's affirmative defenses and held that "[i]f the plaintiff was uncertain about the substance of the[] defenses, he could have filed interrogatories to ascertain the legal bases of the defendant's arguments.")(Attached at **Exh. 3**).[2]

> 2. **Vonage's Affirmative Defenses of Unenforceability Have Been Properly Pled**

Sprint's assertion that Vonage's allegations are "vague and undefined" is without merit. Vonage's first and third affirmative defenses state that the patents are unenforceable and specifically aver that the doctrines of laches, estoppel and acquiescence bar recovery in this case. These statements more than satisfy the liberal pleading requirements of Fed. R. Civ. P. 8. *See Pittway Corp.* 1992 U.S. Dist. LEXIS at 12172, *15-18. Moreover, as in *Siuda*, Vonage's first and third affirmative defenses adequately place Sprint on notice that it will be seeking to prove that Sprint's patents are invalid, void and/or unenforceable under Title 35 of the U.S. Code. Sprint is entitled to engage in discovery to ascertain the detail of Vonage's averments, which detail does not have to be pled at this time. *See Siuda*, 1992 U.S. Dist. LEXIS 6027, *9-10.

> C. **SHOULD THE COURT FIND VONAGE'S COUNTERCLAIM AND AFFIRMATIVE DEFENSES LACK SPECIFICITY, THE COURT SHOULD GRANT LEAVE TO AMEND RATHER THAN STRIKE OR DISMISS THESE CLAIMS**

At this early stage of the case, striking or dismissing a counterclaim or an affirmative defense under Fed. R. Civ. P. 12(f) is disfavored, even by the cases Sprint cites. In *Resolution Trust Corp. v.*

---

[2] Sprint's citation to *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004) is unavailing. A departure from Rule 8's liberal pleading standard and a general policy against granting motions to strike does not justify such drastic measures here. However, even the *Qarbon.com* Court recognized that "[i]f the Court chooses to strike a defense, leave to amend should be freely given." *See Qarbon.com*, 315 F. Supp. 2d at 1049.

*Thomas*, 1993 U.S. Dist. LEXIS 17258, *3-4 (D. Kan. 1993)(Attached at **Exh. 4**), a case cited by Sprint, the Court held:

> [M]otions to strike under Rule 12(f) are generally disfavored and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Motions to strike will not be granted unless the insufficiency of the defense is clearly apparent and no factual issues exist that should be determined in a hearing on the merits.

(Citations omitted).

Should the Court require more particularity with respect to Vonage's counterclaim and affirmative defenses, Vonage requests leave to amend. *See* Fed. R. Civ. P. 15(a); *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) ("Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."). Indeed, Sprint has not asserted undue delay, bad faith, or any other undue prejudice that it would suffer if leave to amend is granted. Thus, if the Court so orders, Vonage will amend its Answers within 10 days of the Court's order.

## III. CONCLUSION

For the foregoing reasons, Sprint's Motion to Strike and/or Dismiss Certain Affirmative Defenses and Counterclaims of Vonage should be denied.

DATED:    December 22, 2005                    Respectfully submitted,

      /s/ Patrick J. Kaine
Don R. Lolli  KS Dist. #70236
Patrick J. Kaine  KS #15594
**DYSART TAYLOR LAY COTTER & McMONIGLE, P.C.**
4420 Madison Avenue
Kansas City, Missouri 64111
Phone: (816) 931-2700
Fax:    (816) 931-7377

Patrick D. McPherson
Barry P. Golob
Patrick C. Muldoon
**DUANE MORRIS LLP**
1667 K Street, NW, Suite 700
Washington, DC 20006-1608
Phone: (202) 776-7800
Fax:    (202) 776-7801

**ATTORNEYS FOR DEFENDANT VONAGE AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify on this 22nd of December, 2005 that a copy of DEFENDANTS VONAGE HOLDINGS CORP. AND VONAGE AMERICA, INC.'S COMBINED OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND/OR DISMISS CERTAIN AFFIRMATIVE DEFENSES AND COUNTERCLAIMS was filed electronically, with notice of case activity to be generated and sent electronically by the Clerk of the Court, to:

| | |
|---|---|
| **Attorneys for Plaintiff** | B. Trent Webb<br>Adam P. Seitz<br>Eric A. Buresh<br>SHOOK, HARDY & BACON LLP<br>2555 Grand Boulevard<br>Kansas City, MO 64108-2613<br>Fax: (816) 421-5547<br>Email: bwebb@shb.com<br>Email: aseitz@shb.com<br>Email: eburesh@shb.com |
| **Attorneys for Defendants theglobe.com and Voiceglo Holdings, Inc.** | Henry C. Lebowitz<br>James W. Dabney<br>Malcolm J. Duncan<br>FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP<br>One New York Plaza<br>New York, NY 10004-1980<br>Fax: (212) 859-4000<br>Email: lebowhe@ffhsj.com<br>Email: dabnejam@ffhsj.com<br>Email: duncama@ffhsj.com<br><br>James D. Oliver<br>Scott C. Nehrbass<br>FOULSTON SIEFKIN LLP<br>40 Corporate Woods - Ste. 1050<br>9401 Indian Creek Parkway<br>Overland Park, KS 66210<br>Fax: (913) 498-2101<br>Email: joliver@foulston.com<br>Email: snehrbass@foulston.com |

/s/ Patrick J. Kaine
**ATTORNEYS FOR DEFENDANTS VONAGE HOLDINGS CORP. and VONAGE AMERICA, INC.**