# EXHIBIT 1

Dockets.Justia.com

LEXSEE 2004 U.S. DIST LEXIS 22372

GREAT PLAINS LABORATORY, INC., Plaintiff, vs. METAMETRIX CLINICAL LABORATORY and GREAT SMOKIES DIAGNOSTIC LABORATORY, Defendants, vs. WILLIAM SHAW and MICHAEL BROWN, Counterclaim-Defendants.

Case No. 04-2125-GTV

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

2004 U.S. Dist. LEXIS 22372

November 3, 2004, Decided

**DISPOSITION:** Counterclaim-Defendant William Shaw's motion to strike three affirmative defenses and one counterclaim of Defendant Metametrix granted in part and denied in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff patent holder brought an action against defendants, a laboratory and another entity, alleging that they engaged in patent infringement and induced others to infringe the patent. The laboratory asserted several affirmative defenses and requested as one of its counterclaims that the court find the patent unenforceable. The holder and counterclaim-defendant, the holder's president, moved to dismiss the counterclaim and strike the defenses.

**OVERVIEW:** The holder and the president argued that the affirmative defenses and the counterclaim were not pled with particularity. The laboratory agreed that the affirmative defense of inequitable conduct must have been pled with particularity, and withdrew that affirmative defense. The defenses of unclean hands and misuse need have only been pled pursuant to *Fed. R. Civ. P. 8*. The laboratory alleged, inter alia, that the holder and the president's claim that they had the exclusive legal use of the microbial metabolites for autism was well beyond the scope of the patent, and the holder and the president fraudulently conveyed to the public that the laboratory's testing was unreliable. The court found that the factual allegations provided support for both a misuse and an unclean hands defense. When the laboratory's answer and counterclaims were read as a complete document, the allegations satisfied Rule 8's requirement of a short and plain statement. The reason for dismissing the counterclaim was based on the argument that the affirmative defenses should be struck. Because the court denied the motion to strike the defenses other than inequitable conduct, it also denied the motion to dismiss.

**OUTCOME:** The motion was granted in part and denied in part. The motion was granted with respect to the affirmative defense of inequitable conduct, but the other defenses and the counterclaim remained in the case.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Affirmative Defenses*
*Patent Law > Infringement Actions > Defenses > Misuse*
*Patent Law > Remedies > Bad Faith Enforcement*
[HN1] In a patent infringement action, both defenses of unclean hands and misuse need only be pleaded pursuant to *Fed. R. Civ. P. 8*.

*Patent Law > Inequitable Conduct > General Overview*
*Patent Law > Infringement Actions > Defenses > Misuse*
*Patent Law > Remedies > Bad Faith Enforcement*
[HN2] Misuse occurs when a patentee tries to broaden the physical or temporal scope of the patent grant with anticompetitive effect. The defense of misuse is an outgrowth of the equitable principle of unclean hands. The unclean hands defense is based on the maxim that he who comes into equity must come with clean hands.

**COUNSEL:** [*1] For Great Plains Laboratory, Inc., Plaintiff: Bart Alan Starr, Shook, Hardy & Bacon L.L.P. -- Grand, Kansas City, MO; Michael B. Hurd, Hovey Williams LLP, Kansas City, MO.

Case 2:05-cv-02433-JWL   Document 39-2   Filed 12/22/2005   Page 3 of 4

Page 2
2004 U.S. Dist. LEXIS 22372, *

For Metametrix Clinical Laboratory, Defendant: Ryan Tyler Pumpian, Powell, Goldstein, Frazier & Murphy, LLP, Atlanta, GA; Todd E. Jones, Powell, Goldstein, Frazier & Murphy, LLP, Atlanta, GA; Laurence R. Tucker, Armstrong Teasdale LLP -- Kansas City, Kansas City, MO.

For Great Smokies Diagnostic Laboratory, Defendant: Anthony J. Fitzpatrick, Duane Morris LLP -- Boston, Boston, MA; Matthew A. Taylor, Duane Morris LLP -- Philadelphia, Philadelphia, PA; James R. Jarrow, Baker, Sterchi, Cowden & Rice, L.L.C. -- Overland Park, Overland Park, KS.

For William Shaw, Counter Defendant: Bart Alan Starr, Shook, Hardy & Bacon L.L.P. -- Grand, Kansas City, MO.

For Michael Brown, Counter Defendant: Melissa Ann Hoag-Sherman, Lathrop & Gage, LC -- Overland Park, Overland Park, KS.

For Great Smokies Diagnostic Laboratory, Counter Claimant: Anthony J. Fitzpatrick, Duane Morris LLP -- Boston, Boston, MA; Matthew A. Taylor, Duane Morris LLP -- Philadelphia, Philadelphia, PA.

For Great Plains Laboratory, [*2] Inc., Counter Defendant: Bart Alan Starr, Shook, Hardy & Bacon L.L.P. -- Grand, Kansas City, MO.

For Great Plains Laboratory, Inc., Counter Defendant: Bart Alan Starr, Shook, Hardy & Bacon L.L.P. -- Grand, Kansas City, MO.

**JUDGES:** G. Thomas VanBebber, United States Senior District Judge.

**OPINIONBY:** G. Thomas Van Bebber

**OPINION:**

### MEMORANDUM AND ORDER

This patent infringement action is before the court on Plaintiff Great Plains Laboratory, Inc. and Counterclaim-Defendant William Shaw's motion to dismiss one counterclaim and strike three affirmative defenses asserted by Defendant Metametrix Clinical Laboratory ("Metametrix") (Doc. 24). Plaintiff provides analytical products and services related to nutritional and metabolic testing of medical patients, including autistic patients. William Shaw is Plaintiff's president. In furtherance of its business, Plaintiff obtained *U.S. Patent No. 5,686,311*, ("the 311 patent") entitled "Diagnosis of Autism and Treatment Therefor." Plaintiff brought this action against Defendants Metametrix and Great Smokies Diagnostic Laboratory, alleging that they have engaged in patent infringement and have induced others to infringe the 311 patent. Defendant Metametrix [*3] asserted several affirmative defenses, including unclean hands, inequitable conduct before the U.S. Patent and Trademark Office, and misuse. Defendant Metametrix also requested as one of its counterclaims that the court find the 311 patent unenforceable. Plaintiff and William Shaw argue that Defendant Metametrix's affirmative defenses must be struck and the counterclaim must be dismissed because they are not pleaded with particularity. For the following reasons, the court grants Plaintiff and William Shaw's motion in part and denies it in part (Doc. 24).

First, Defendant Metametrix agrees that the affirmative defense of inequitable conduct before the Patent and Trademark Office must be pleaded with the particularity required under *Fed. R. Civ. P. 9(b)*, see *Ferguson Beauregard/Logic Controls v. Mega Sys., LLC, 350 F.3d 1327, 1344 (Fed. Cir. 2003)*, and withdraws that affirmative defense. Accordingly, the motion is granted with respect to the affirmative defense of inequitable conduct.

Second, Defendant Metametrix contends that [HN1] both defenses of unclean hands and misuse need only be pleaded pursuant to *Fed. R. Civ. P. 8*. The court agrees. See *ResQNet.com, Inc. v. Lansa, Inc., 2004 U.S. Dist. LEXIS 13579, No. 01 Civ. 3578 (RWS), 2004 WL 1627170*, [*4] *at *4 (S.D.N.Y. July 21, 2004)* (holding that misuse and inequitable conduct are different defenses and have different pleading standards); *Raines v. Switch Mfg., 1997 U.S. Dist. LEXIS 13621, No. C-96-2648 DLJ, 1997 WL 578547, at *7 (N.D. Cal. July 28, 1997)* (granting the defendant leave to amend to plead unclean hands defense in conformance with *Rule 8*); see also *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc., 1996 U.S. Dist. LEXIS 11696, No. C-95-3577 DLJ, 1996 WL 467293, at *13 (N.D. Cal. July 24, 1996)* (holding that unclean hands and misuse only must be pleaded with particularity where the defenses rest on allegations of inequitable conduct before the Patent and Trademark Office).

Finally, Defendant Metametrix argues that it has met the relaxed pleading standards of *Fed. R. Civ. P. 8*. In its Answer and Counterclaims, Defendant Metametrix alleges, *inter alia*, that: (1) Plaintiff and Shaw's claim that they have the exclusive "legal use of the microbial metabolites for autism" is well beyond the scope of the 311 patent, and is made in an attempt to discredit Metametrix; (2) Plaintiff and Shaw have contacted customers and potential customers of Metametrix, claiming that these customers and potential customers and Metametrix [*5] are infringing the 311 patent, when that claim is false -- all in an attempt to intimidate such cus-

tomers and discourage their creating or maintaining a relationship with Metametrix; (3) Plaintiff and Shaw conducted a purported "blind" evaluation of Metametrix's testing procedures, which was a sham perpetrated in an attempt to wrongfully discredit Metametrix; (4) Plaintiff and Shaw "fraudulently conveyed to the public that Metametrix's testing was and is unreliable"; (5) Plaintiff and Shaw falsely conveyed to the public that Metametrix did not engage in industry standard proficiency testing; and (6) Plaintiff and Shaw may be engaging in Medicare fraud and/or abuse if Medicare approves and pays for their organic testing, as they imply in a further attempt to discredit Metametrix.

These factual allegations provide support for both a misuse defense and an unclean hands defense. [HN2] Misuse occurs when a patentee tries to "broaden[] the physical or temporal scope' of the patent grant with anti-competitive effect." *Va. Panel Corp. v. MAC Panel Co., 133 F.3d 860, 868 (Fed. Cir. 1997)* (citations omitted). "The defense of misuse is . . . an outgrowth of the equitable principle [*6] of unclean hands." *McCullough Tool Co. v. Well Surveys, Inc., 395 F.2d 230, 238 (10th Cir. 1968)* (citation omitted). The unclean hands defense is based on the maxim that "he who comes into equity must come with clean hands." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814, 89 L. Ed. 1381, 65 S. Ct. 993, 1945 Dec. Comm'r Pat. 582 (1945)*.

Plaintiff and Shaw do not acknowledge these allegations. They appear to rest their argument on the fact that Defendant Metametrix merely states, "Plaintiff's claims are barred by the doctrine of unclean hands," and "Plaintiff has engaged in misuse of the 311 Patent" in the "Affirmative Defenses" portion of its Answer. The court concludes that Defendant Metametrix's Answer and Counterclaims should be read as a whole. When read as a complete document, the allegations satisfy *Rule 8*'s requirement of a "short and plain" statement.

Plaintiff and William Shaw offer only one reason for dismissing Defendant Metametrix's counterclaim seeking a ruling that the 311 patent is unenforceable: it is based on affirmative defenses that should be struck. Because the court has denied Plaintiff and Shaw's motion to strike the defenses other than inequitable conduct, [*7] it also denies the motion to dismiss.

IT IS, THEREFORE, BY THE COURT ORDERED that Plaintiff and Counterclaim-Defendant William Shaw's motion to strike three affirmative defenses and one counterclaim of Defendant Metametrix (Doc. 24) is granted in part and denied in part. The court strikes the affirmative defense of inequitable conduct before the Patent and Trademark Office, but the other defenses and the counterclaim remain in the case.

Copies or notice of this order shall be transmitted to counsel of record.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 3rd day of November 2004.

G. Thomas VanBebber

United States Senior District Judge