# EXHIBIT 2-A

Dockets.Justia.com

LEXSEE 1992 US DIST LEXIS 12172

PITTWAY CORPORATION, Plaintiffs, v. FYRNETICS, INC., Defendants.

No. 91 C 2978

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*1992 U.S. Dist. LEXIS 12172*

June 4, 1992, Decided
June 5, 1992, Docketed

## CASE SUMMARY:

**PROCEDURAL POSTURE:** Plaintiff patent holder filed motions to strike, for a more definite statement, and to dismiss in its patent infringement action against defendant manufacturer. The manufacturer counterclaimed to declare the patent invalid and also alleged that the holder infringed one of its patents. The manufacturer filed a motion to compel proper responses.

**OVERVIEW:** The patent holder claimed that the manufacturer's infringement was willful and with full knowledge of the patent's validity. The manufacturer contended that the patent was void under Title 35 and that it had not infringed on any valid claim. The court denied the motion to strike the affirmative defense of inequitable conduct because it was alleged with sufficient particularity. The affirmative defense of lack of utility was allowed because the argument that the device was incapable of being used to effect its proposed use was legally sufficient under *35 U.S.C.S. § 101*. The motion for a more definite statement was denied because the pleading named statutory sections, which was adequate notice as to how the patent's validity was being challenged. The motion to dismiss the counterclaim for non-joinder of an indispensable party was denied because that party had provided an affidavit in which it agreed to be bound by the results of the litigation, and resolution of the issues in one lawsuit was of paramount importance. The motion to compel was denied with respect to admissions of prior art and of legal conclusions as well as requests that used conclusory or ambiguous terms.

**OUTCOME:** The motions to strike, for a more definite statement, and to dismiss were denied. The motion to compel was granted as to certain documents and was denied as to all other requests.

## LexisNexis(R) Headnotes

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike*
[HN1] *Fed. R. Civ. P. 12(f)* provides in part that upon motion by a party the court may order stricken from the pleading any insufficient defense. On a motion to strike, all well-pleaded facts are taken as admitted, but conclusions of law or of fact do not have to be treated in that fashion.

*Civil Procedure > Pleading & Practice > Motion Practice Generally > Content & Format of Motions*
*Patent Law > Inequitable Conduct > General Overview*
*Patent Law > Jurisdiction & Review > Subject Matter Jurisdiction > Appeals*
[HN2] *Fed. R. Civ. P. 9(b)* provides that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

*Civil Procedure > Pleading & Practice > Motion Practice Generally > Content & Format of Motions*
[HN3] In order to comply with the pleading requirement of *Fed. R. Civ. P. 9(b)* in patent cases, defendants must specify the time, place, and content of any alleged misrepresentations that plaintiffs made to the Patent and Trademark Office.

*Patent Law > Subject Matter > General Overview*
[HN4] Safety is not a criterion for patentability.

*Patent Law > Utility Requirement > Proof of Utility*

[HN5] It is inappropriate to impose a standard of commercial marketability in analyzing the usefulness of a patented process or device.

*Patent Law > Utility Requirement > Harmful & Illegal Inventions*
*Patent Law > Utility Requirement > Proof of Utility*
[HN6] To be "useful" under *35 U.S.C.S. § 101*, the invention must: (1) be operable and capable of use, i.e., it must perform a designated function; (2) achieve some minimum human purpose; and (3) that purpose must not be illegal, immoral, or contrary to public policy.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Defects of Form*
[HN7] *Fed. R. Civ. P. 12(e)* specifies the conditions under which a party may petition for a more definite statement, as follows: if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

*Civil Procedure > Pleading & Practice > Pleadings > Interpretation*
[HN8] *Fed. R. Civ. P. 8(a)(2)* states that a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. And although factual circumstances must be pleaded, undoubtedly great generality in the statement of these circumstances can be permitted so long as defendant is given fair notice of what is claimed.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Defects of Form*
[HN9] Where the information sought by the moving party is available or is more properly sought through the discovery process, a *Fed. R. Civ. P. 12(e)* motion should be denied.

*Civil Procedure > Joinder of Claims & Parties > Joinder of Necessary Parties*
[HN10] Under *Fed. R. Civ. P. 19(a)*, the threshold question is whether the person in question is "necessary," or whether: (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest.

*Civil Procedure > Joinder of Claims & Parties > Joinder of Necessary Parties*
[HN11] Upon determining that a presently unjoined person is necessary, the court must either order that the person be made a party or, if such a person is not subject to the court's jurisdiction, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or the action should be dismissed. *Fed. R. Civ. P. 19(b)*.

*Civil Procedure > Joinder of Claims & Parties > Joinder of Necessary Parties*
[HN12] The factors to be considered in a *Fed. R. Civ. P. 19(b)* analysis are: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; and fourth, whether the plaintiff will have an adequate remedy, if the action is dismissed for nonjoinder. Thus, only after the court has considered both steps of the analysis, and it has determined that the case must be dismissed, may a party properly be deemed indispensable.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss*
[HN13] The moving party, under *Fed. R. Civ. P. 12(b)(7)*, has the burden of proving that dismissal for failure to join is proper.

*Civil Procedure > Discovery Methods > Motions to Compel*
[HN14] *Fed. R. Civ. P. 37* states that if a party fails to answer a question in a deposition or interrogatory, the discovering party may move to compel an answer.

*Patent Law > Nonobviousness > Elements & Tests > Prior Art*
*Patent Law > Anticipation & Novelty > Elements*

[HN15] In order to invalidate any patent based on another patent, a defendant must prove first that this other patent is "prior art," i.e. that it predates the patent-in-suit by a specific time, and second that the prior art anticipates or makes obvious the invention in the patent-in-suit.

Civil Procedure > Discovery Methods > Requests for Admission
[HN16] The standard under Fed. R. Civ. P. 36 is that requests for admissions are required to be simple and direct, and should be limited to singular relevant facts.

Patent Law > Infringement Actions > Claim Interpretation > General Overview
[HN17] A patent speaks for itself.

Civil Procedure > Discovery Methods > Requests for Admission
[HN18] Fed. R. Civ. P. 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation.

Civil Procedure > Sanctions > Discovery Misconduct
[HN19] Fed. R. Civ. P. 37(a)(4) provides that the court shall award the moving party its reasonable expenses, including attorneys' fees, incurred in obtaining the order compelling discovery, unless the opposition to the motion to compel was substantially justified or other circumstances make an award of expenses unjust.

JUDGES: [*1] GUZMAN

OPINIONBY: RONALD A. GUZMAN

OPINION: TO: HONORABLE GEORGE M. MAROVICH, JUDGE
UNITED STATES DISTRICT COURT

HONORABLE SIR:

REPORT AND RECOMMENDATION AND ORDER

of Magistrate Judge Ronald A. Guzman

Pending are the motions of Pittway Corporation ("Pittway") (1) to strike, (2) for a more definite statement, (3) to dismiss, and the motion of Fyrnetics, Inc. ("Fyrnetics") to compel. n1

n1 The case comes to me initially on a referral to rule on discovery motions. A second referral was subsequently received to hear and enter a report and recommendation on the various pretrial motions. I have combined the report and recommendation on the various non discovery pretrial motions and rulings on the various outstanding discovery matters for the convenience of the court and the parties.

BACKGROUND FACTS

Plaintiff Pittway is a Delaware corporation with its principal place of business at 333 Skokie Blvd. Northbrook, Illinois. n2 Pittway designs, manufactures and distributes consumer and industrial products including fire [*2] and smoke detectors. n3 Defendant Fyrnetics is an Illinois corporation with its principal place of business at 1021 Davis Road, Elgin Illinois. n4

n2 Complaint P 3.

n3 Complaint P 3.

n4 Complaint P 4.

On February 6, 1979, United States Patent No. 4,138,670 (" '670 patent"), entitled "A.C. Powered Detecting Device with Battery Backup" was issued to Pittway. n5 Since that date, Pittway has been the owner of the '670 patent. n6 Pittway filed a request for reexamination of the '670 patent on February 2, 1990. n7 On January 15, 1991 the Patent and Trademark Office issued a reexamination certificate for the '670 patent, confirming the patentability of all the claims. n8

n5 Complaint P 6.

n6 Complaint P 6.

n7 Complaint P 7.

n8 Complaint P 7.

Pittway alleges that Fyrnetics has infringed and continues to infringe the '670 [*3] patent by manufacturing and selling infringing detectors. n9 Pittway alleges that such alleged infringement is willful and with full knowledge of the validity of the '670 patent. n10 Fyrnetics

counters that the '670 patent is invalid and void under the provisions of Title 35, U.S.C. § 101, 102, 103, 112, 115 and/or 116 and is unenforceable. n11 Fyrnetics further counters the it has not infringed and is not infringing any valid claim of the '670 patent. n12

n9 Complaint P 8.

n10 Complaint P 8.

n11 Counterclaim Count I, P 6.

n12 Counterclaim Count I, P 7.

Pittway alleges that it has been damaged by Fyrnetics' infringement of the '670 patent and it will suffer further irreparable injury unless Fyrnetics is enjoined by the court from continuing such infringement. n13 Pittway prays for injunctive relief, damages, and Fyrnetics' profits for such alleged infringement. n14 Fyrnetics counterclaims to declare the '670 patent invalid and not infringed. n15 Fyrnetics also alleges Pittway has infringed another [*4] U.S. Patent No. 4,972,181 (which is exclusively licensed to Fyrnetics by Management Investment and Technology Company Limited.) n16

n13 Complaint P 10.

n14 Complaint, Prayer for Relief.

n15 Counterclaim Count I, P 6.

n16 Counterclaim Count II, P 11.

DISCUSSION

MOTION TO STRIKE

Pittway moves this court to strike Fyrnetics' affirmative defenses of Inequitable Conduct, and Lack of Utility pursuant to *Rule 12(f) of the Federal Rules of Civil Procedure*. [HN1] Rule 12(f) provides in pertinent part that: "Upon motion by a party . . . the court may order stricken from the pleading any insufficient defense." *United States v. Kramer*, 757 F.Supp. 397, 409 (D.N.J. 1991) (quoting Fed.R.Civ.P. 12(D). Similar to a motion to dismiss for failure to state a claim, on a motion to strike: "All well-pleaded facts are taken as admitted . . . but conclusions of law or of fact do not have to be treated in that fashion." *Kramer, supra*, (quoting 5A Wright & Miller, [*5] Federal Practice and Procedure: Civil 2d (Federal Practice) at 1380, pp. 655-656 (1990)). Motions to strike are a proper method to get rid of insufficient defenses and also save time and expenses "which would otherwise be spent in litigating issues which would not affect the outcome of the case." *Kramer, supra*, at 410 (quoting *United States v. Marisol, Inc.*, 725 F.Supp. 833, 836 (M.D. Pa. 1989)).

Pittway has moved to strike the ninth affirmative defense asserted by Fyrnetics. In the Amended Ninth Affirmative Defense, Fyrnetics attacked the enforceability of the '670 patent on the ground that plaintiff engaged in "inequitable conduct" before the Patent and Trademark Office ("PTO").

Fyrnetics' amended ninth affirmative defense alleges that the '670 patent is unenforceable and invalid due to the inequitable conduct before the PTO because:

1. . . . named inventors, their attorneys, and executives of Pittway who were substantially involved in the preparation, filing and prosecution of the application for the '670 patent and its subsequent reexamination. Pittway and these individuals failed to disclose information, either knowingly or recklessly, [*6] that was both material to the examination of that application and to the reexamination in violation of *37 C.F.R. 1.56*. This information is also an invalidating statutory bar under *35 U.S.C. § 102* and 103.

2. Examples of the material information and invalidating prior art referred to in the Amended Ninth Affirmative Defense include the following:

   a. A 1965 publication by the Gamewell Co. entitled "The Gamewell Engineering Data Sheet" and an electrical circuit diagram bearing number 8-A227 dated January 4, 1954;

   b. Pyrotronics' Model EPS-3 Emergency Power Supply introduced into the market in May, 1973;

   c. In April, 1973, Pyrotronics publicized its Emergency Power Supply Model 458;

   d. Upon information and belief, Pittway, through its Ademco and BRK divisions, developed, tested publicly and sold fire alarm control panels bearing model numbers believed to be Ademco 626 and BRK 741 before the invention date of the "670 Patent; and

   e. Upon information and belief, Pittway, through its BRK division, developed, tested publicly and sold the Model SPS-24V, Battery Stand-by Unit prior to the invention date of the '670 Patent.

3. During the reexamination of the '670 Patent, Pittway's attorney [*7] conducted an interview on August 30, 1990 with the Examiner in charge of reexamina-

tion. In an effort to obtain a favorable reexamination of that patent and at a time when the issued patent claims were rejected by the Examiner, Pittway's attorney demonstrated a Pittway AC smoke detector. Upon information and belief, Pittway's attorney, as authorized by Pittway, all of whom were substantively involved in the filing and prosecution of the '670 Patent, either knowingly or recklessly, concealed from the Examiner facts material to the reexamination. In particular, the smoke detector that was demonstrated did not use the principles of the back-up battery supervision circuitry of the '670 Patent because that circuitry was unreliable, not commercial and was abandoned by Pittway for smoke detectors.

Pittway argues that Fyrnetics' Amended ninth affirmative defense does not satisfy the requirements of Rule 9(b). It argues that Fyrnetics' failure to connect the "examples" of material information and invalidating prior art to its allegations of inequitable conduct by Pittway causes the defense to fail. Pittway argues that "Fyrnetics' amended pleading does not specify the content of any alleged [*8] misrepresentations or who made them, and accordingly should be stricken." Fyrnetics contends that it has pled the necessary elements of the inequitable conduct required under 9(b), namely time, place, persons involved, and content of misrepresentations.

Although *Federal Rules of Civil Procedure 8(a)* merely requires notice pleading, [HN2] *Fed.R.Civ.P. 9(b)* provides "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Fed.R.Civ.P. 9(b)*. The Court of Appeals for the Seventh Circuit has not ruled on the issue of whether the Rule 9(b) requirements apply to inequitable conduct claims in patent cases. Nevertheless, this court has used the particularity standard set out in Rule 9(b) for allegations of inequitable conduct in patent cases. See, *Sun-Flex Company Incorporated v. Softview Computer Products Corp., 750 F.Supp. 962 (N.D. Ill. 1990); Northern Engineering & Plastics Corp. v. Blackhawk Molding, Co., 205 U.S.P.Q 609, 610 (N.D. Ill. 1979)*. [HN3] In order to comply with this pleading requirement, "defendants must specify the time, place and content of any alleged misrepresentations that [*9] plaintiffs made to the PTO." *Sun-Flex Co. v. Softview Computer Products, Corp., 750 F.Supp. 962, 963 (N.D. Ill. 1990)*, citing *Northern Eng'g & Plastics Corp. v. Blackhawk Molding Co., 189 U.S.P.Q. 734, 734 (N.D. Ill. 1975)*.

*Northern Eng'g* was an action for patent infringement in which the defendant counterclaimed that plaintiffs' suit should be dismissed because plaintiff was guilty of "unclean hands" in the original procurement of the underlying patent. Specifically, defendant alleged that plaintiff knowingly concealed from the PTO material facts, which, if revealed, would have constituted a statutory bar to the validity of the patent. *Northern Eng'g, 205 U.S.P.Q. at 609*. The court applied the standard of Rule 9(b), requiring that such an allegation must be pled with specificity as to time, place, and content of misrepresentations or else be stricken. The defendant merely alleged that there existed "'a statutory bar that was known or should have been known by plaintiffs.'" The nature of the statutory bar was nowhere specified. The court held that the pleading was insufficient and granted the motion to strike. *205 U.S.P.Q. at 610*. [*10]

*Sun-Flex* was a patent infringement action in which the defendants raised the affirmative defense of inequitable conduct. The defendants alleged that the plaintiffs "'willfully or with gross negligence'" committed inequitable acts. *750 F.Supp. at 963*. Furthermore, the defendants alleged that plaintiffs failed to disclose "'material facts including prior art, prior inventions and patent applications.'" Defendants also alleged that plaintiffs "'falsified inventorship,' 'mischaracterized . . . prior public usages,' and 'misrepresented material facts' relevant to the PTO's decision to issue the patent." *750 F.Supp. at 963*. The court held that while the allegations as to intent were sufficient, the allegations of fraudulent activity did not rise to the standard contemplated by Rule 9(b). *750 F.Supp. 963*. Plaintiffs' motion to strike was granted. *750 F.Supp. 964*.

In the present case, the ninth affirmative defense consists of three paragraphs (as set out above), and P 1 and P 2 are meant by Fyrnetics to be read together, with P 3 being autonomous. In P 1 Fyrnetics adequately pleads intent and who did the misrepresentation, [*11] ("named inventors, their attorneys and executives of Pittway who were . . . involved in the preparation, filing and prosecution of the application . . . and its subsequent reexamination," and "knowingly or recklessly"). Although it does not specifically plead when the misrepresentations occurred or the dates that such occurred, inferred in the language is the time at which the initial application was pending and upon reexamination. Further, this defense pleads that material facts were not disclosed to the PTO, and in P 2 it adequately sets out the material facts which were not disclosed to the PTO. In P 3, time, place and content of the misrepresentation is adequately set forth to satisfy the standard contemplated by Rule 9(b). In light of the fact that PP 1-3 together allege inequitable conduct with sufficient particularity, it is hereby recommended that Pittway's motion to strike the amended ninth affirmative defense be denied.

Pittway has also moved to strike Fyrnetics Eleventh Affirmative Defense. In the eleventh affirmative defense, Fyrnetics asserts that the '670 patent lacks utility: "A device constructed according to the disclosure of the

U.S. Patent No. *4,138,670* is incapable [*12] of being used to effect its proposed use, and its purpose is contrary to public policy because it is unsafe and not commercially marketable." Pittway argues that assertions that a device is "unsafe" and "not marketable" are not sufficient to state a defense. Pittway relies on *Ex parte Drulard*, 223 U.S.P.Q. 364 (Bd. App. 1982) and *Studiegesellschaft Kohle v. Eastman Kodak, Co.*, 616 F.2d 1315 (5th Cir. 1980) to support its assertions.

In general, as Pittway has argued, safety is not a criterion for patentability. *Drulard*, 223 U.S.P.Q. at 366. In that case, a patent applicant disclosed a lightning rod in its patent. The device disclosed was one which would be subject to a violent explosion when a large amount of current flowed through the contact resistance points. Such a mode of operation would not be functional or safe, argued the patent examiner. The court held that [HN4] safety is not a criterion for patentability. *Drulard*, 223 U.S.P.Q at 366. The court found that the PTO does not have the authority to refuse a patent because it deems the risk to the user to be too great. *Drulard*, 223 U.S.P.Q. at 366. [*13] Thus, Fyrnetics' argument that the device disclosed by the '670 patent is not useful because it is "unsafe" is not legally sufficient to constitute an affirmative defense.

Furthermore, the patent statute does not impose the standard of commercial marketability to find utility. In *Eastman Kodak*, the defendant Eastman argued that plaintiffs patent was invalid because it was not useful since the separation process for polypropylene was not one that would produce a hydrocarbon polymer that Eastman could market. *Eastman Kodak*, 616 F.2d at 1339. The court disagreed. It found that [HN5] it is inappropriate to impose a standard of commercial marketability in analyzing the usefulness of a patented process or device. *Eastman Kodak*, 616 F.2d at 1339. Thus, Fyrnetics' argument that the device disclosed by the 670 patent is not useful because it is "not marketable" is not legally sufficient to constitute an affirmative defense.

On the other hand, Fyrnetics' argument that the device is "incapable of being used to effect its proposed use" is legally sufficient. As cited by Pittway, the requirements of the patent statute with respect to usefulness were put [*14] forth in *Phillips Petroleum Co. v. U.S. Steel Corp.*, 673 F.Supp. 1278 (D. Del. 1987). [HN6] To be "useful" under *35 U.S.C. § 101*, the invention must "(1) be operable and capable of use, i.e., it must perform a designated function; (2) achieve some minimum human purpose; and (3) that purpose must not be illegal, immoral or contrary to public policy." *Phillips* 673 F.Supp. at 1325. In other words, the court goes on, "it must be capable of being used to effect the object proposed." *Phillips* 673 F.Supp. at 1325. Here, Fyrnetics' argument that it is incapable of being used to effect its proposed use is legally adequate. Because of such it is recommended that Pittway's motion to strike Fyrnetics eleventh affirmative defense be denied. As to Fyrnetic's withdrawn misuse defense, it is hereby recommended that Fyrnetics be required to seek leave with this court prior to amending. The issues in this litigation are already numerous. Discovery will be time consuming and cumbersome. Because of such, Fyrnetics should be required to seek leave prior to adding back this affirmative defense.

MOTION FOR A MORE DEFINITE STATEMENT

Pittway [*15] argues that Fyrnetics should be ordered to provide a more definite statement of its allegations of invalidity and unenforceability in its counterclaim. This argument takes us within the purview of *Rule 12(e) the Federal Rules of Civil Procedure.* [HN7] Rule 12(e) specifies the conditions under which a party may petition for a more definite statement, as follows:

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shale point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

*Fed.R.Civ.P. 12(e)*.

The degree of particularity required in the allegations of a complaint is generally measured by *Fed.R.Civ.P. 8(a)(2)*. [HN8] Rule 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is [*16] entitled to relief." The essential purpose of this requirement is to give notice to the defendant concerning the nature of the claim. See *Sundstrand Corp. v. Standard Kolsmen Indus., Inc.*, 488 F.2d 807, 811 (7th Cir. 1973). And although factual circumstances must be pleaded, "undoubtedly great generality in the statement of these circumstances can be permitted so long as defendant is given fair notice of what is claimed." Wright & Miller, Federal Practice and Procedure: Civil at 1202 n. 15.

In the present case, Count I of Fyrnetics' Counterclaim states:

The '670 Patent (Pittway's patent-in-suit) is invalid and void under the provisions of Title 35 United States Code Sec. 101, 102, 103, 112, 115 and/or 116 and is unen-

forceable, as set forth specifically in the Affirmative Defenses of the Answer to which this Counterclaim is appended, all of which are incorporated herein by reference.

Pittway argues that the allegations are so vague and ambiguous that Pittway is unable reasonably to respond, since the counterclaim raises virtually every possible legal reason generally available to attack a patent. Furthermore, Pittway argues that paragraph (a) of Fyrnetics [*17] Third Affirmative Defense repeats, in a circular fashion, the allegations of Paragraph 6 of Count I of the Counterclaim.

On the other hand, Fyrnetics argues that a Motion for a More Definite Statement "shall point out the defects complained of and the details desired" and that Pittway's motion and supporting memorandum do neither of these. Furthermore, Fyrnetics argues that the Counterclaim satisfies the liberal pleading and notice requirement of *Rule 8(e) Fed.R.Civ.P.* Moreover, Fyrnetics argues that it is recognized that Rule 12(e) Motions are disfavored. *Moore's* P 12.18; *Frederick v. Koziol, 727 F.Supp. 1019, 1020 (E.D. Va. 1990)*. Fyrnetics contends that the standard for granting a Motion for a More Definite Statement is the unintelligibility of the pleading, and not the lack of detail therein. *Wood & Locker, Inc. v. Doran and Associates, 708 F.Supp. 684, 691 (W.D. Pa. 1989)*.

[HN9] Where the information sought by the moving party is available or is more properly sought through the discovery process, a 12(e) motion should be denied. *Famolare, Inc. v. Edison Brothers Stores, Inc., 525 F.Supp. 940, 949 (E. D. Cal. 1981)*. See [*18] also, *Fischer & Porter Company v. Sheffield Corporation, 31 F.R.D. 534 (Del. 1962)*. *Famolare* was a patent infringement action in which plaintiff moved for a more definite statement of defendant's counterclaim. Defendant alleged in its answer and counterclaim that the plaintiffs patent was invalid and that the plaintiff had engaged in unfair competition. In its 12(e) motion, the plaintiff sought the exact dates of the alleged misconduct. The court denied the motion on the basis that the plaintiff could obtain the information it sought through discovery. *525 F.Supp. 949*.

In the present case, Pittway seeks more specific information as to why its '670 patent is allegedly invalid from Fyrnetics. In light of the notice pleading standard of federal court, the fact that Fyrnetics has named the statutory sections in Title 35 U.S.C. is adequate to give notice to Pittway as to how the validity of the patent is being challenged by Fyrnetics. Furthermore, Pittway may address this very issue in its discovery. In consideration of these facts, this Magistrate Judge recommends that Pittway's motion pursuant to *Fed.R.Civ.P. Rule 12(e)* be denied.

MOTION [*19] TO DISMISS

Pittway moves to dismiss Counts II and III of Fyrnetics' Permissive Counterclaim for patent infringement under *Rule 12(b)(7) Fed.R.Civ.P.* based on failure to join the owner of the patent as an indispensable party. *Fed.R.Civ.P. 12(b)(7)* refers to Rule 19 in stating that failure to join a party may be grounds to dismiss a complaint. [HN10] Under Rule 19, the threshold question is whether the person in question is "necessary", or whether:

(1) in his absence complete relief cannot be accorded among those already parties, or

(2) he claims an, interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest.

*Fed.R.Civ.P. 19(a)*. Only if a person is deemed "necessary" under Rule 19(a), must the court undertake the second step of the analysis. [HN11] Upon determining that a presently unjoined person is necessary, the court must either "order that [the person] be made a [*20] party, *Id.*, or, if such a person is not subject to the court's jurisdiction, the "Court shall determine whether in equity and good conscience the action should proceed among the parties before it, or [the action] should be dismissed . . ." *Fed.R.Civ.P. 19(b)*. [HN12] The factors to be considered in the Rule 19(b) analysis are:

First, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which . . . the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; and fourth, whether the plaintiff will have an adequate remedy, if the action is dismissed for nonjoinder.

*Fed.R.Civ.P. 19(b)*. Thus, only after the court has considered both steps of the analysis, and it has determined that the case must be dismissed, may a party properly be deemed indispensable. *Field v. Volkswagnewerk AG, 626 F.2d 293, 300 (3d Cir. 1980)*. [HN13] The moving party, under 12(b)(7), has the burden of proving that dismissal for failure to join is proper. *Han-Gat Engineers Ltd. v. Antigua International Bank, 659 F.2d 234, 242 (2d Cir. 1981)*. [*21]

Fyrnetics asserts in Counts II and III of its counterclaim that Pittway has infringed or induced infringement of U.S. Patent No. *4,972,181* ("the '181 Patent"). Fyrnet-