# EXHIBIT 3

LEXSEE 1992 U.S. DIST. LEXIS 6027

ROGER SIUDA, individually and d/b/a FUEL ECONOMY LABORATORIES, INC., Plaintiff, v. ROBERTSON TRANSFORMER CO., and RTC MARKETING CO., Defendants.

CIVIL ACTION No. 90-2245-L

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

1992 U.S. Dist. LEXIS 6027

March 13, 1992, Decided
March 16, 1992, Filed

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendants, manufacturer and seller, filed a motion to transfer and a motion to dismiss certain counts of plaintiff purchaser's suit for breach of contract, fraud, fraud by silence, and tortious interference with a prospective business advantage. The manufacturer and seller also brought a motion to dismiss the purchaser's complaint and the purchaser's motion to strike or to dismiss certain affirmative defenses.

**OVERVIEW:** The purchaser bought ballasts, devices that started and operated floor lamps, made by the manufacturer. The purchaser brought suit claiming that the manufacturer and seller falsely represented that the ballasts were of a quality sufficient to meet or surpass certain regulatory requirements but that the ballasts did not meet such requirements and the purchaser suffered economic damage as a result. The court denied the motion of the manufacturer and seller to transfer to another district. Where transfer would have effectively caused the purchaser to shut down his business, such transfer would have only shifted the inconvenience of trial from one party to another. The court denied the purchaser's motion to strike eight affirmative defenses raised in the manufacturer's answer because the defenses were sufficiently definite to give the purchaser fair notice about their substance. The court denied the motion to dismiss the fraud, fraud by silence, and tortious interference with a prospective business advantage claims because each of those torts' requisite elements was alleged, even though they all stemmed from the same set of facts that formed the basis of the breach of contract claim.

**OUTCOME:** The court denied the motion of the manufacturer and seller to transfer the case to another district. The court denied the purchaser's motion to strike af-firmative defenses. The court denied the motion of the manufacturer and seller to dismiss certain claims stemming from the alleged false representations concerning the quality of the ballasts.

**LexisNexis(R) Headnotes**

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN1] For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C.S. § 1404(a). Section 1404(a) affords the district court broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness. moving defendant bears the burden of proving that the facts weigh heavily in favor of transfer because the plaintiff's choice of forum is given great weight.

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN2] A court must consider the following factors in determining whether to transfer a case: the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a

Case 2:05-cv-02433-JWL  Document 39-5  Filed 12/22/2005  Page 3 of 7

Page 2
1992 U.S. Dist. LEXIS 6027, *

practical nature that make a trial easy, expeditious and economical.

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN3] A court's discretion to transfer a case is tempered by the strong preference given to the plaintiff's choice of forum.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers*
[HN4] The key to pleading an affirmative defense is to give the plaintiff fair notice of the defense. Motions to strike are generally disfavored, however, and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
[HN5] A court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief. The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. *Fed. R. Civ. P. 8(a)*. All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims.

*Torts > Business & Employment Torts > Deceit & Fraud*
[HN6] Kansas courts recognize a cause of action for fraud by silence. Where one party to a contract or transaction has superior knowledge, or knowledge which is not within the fair and reasonable reach of the other party and which he could not discover by the exercise of reasonable diligence, or means of knowledge which are not open to both parties alike, he is under a legal obligation to speak, and his silence constitutes fraud.

*Contracts Law > Remedies > Punitive Damages*
[HN7] Kansas law only permits punitive damages in a contract action when there is both an independent tort amounting to fraud or wanton conduct and an independent injury resulting from that tort. A separate injury is not necessary if there is an independent tort.

**COUNSEL:** [*1] For the Plaintiff:

Clifford A. Cohen, Kevin D. Case, Buck, Bohm & Stein, P.C., 200 Leawood Executive Centre, 4601 College Boulevard, Leawood, KS 66211, 913-491-4050.

For the Defendant:

Robert W Schuller, Morrison & Hecker, 2600 Grand Avenue, Kansas City, MO 64108-4606, 816-691-2600, Marc E. Elkins, Morrison & Hecker, 14 Corporate Woods - Ste. 520, 8717 West 110th St., Overland Park, KS 66210-2192, 816-691-2600, Richard S. Rhodes, Daniel R Gregus, Holleb & Coff, 55 East Monroe - Ste. 4100, Chicago, IL 60603-5896, 312-807-4600.

Joel K. Goldman, Husch, Eppenberger, Donohue, Cornfeld & Jenkins, 140 Windmill Square Office Park, 7111 West 98th Terrace - Bldg., 2, Overland Park, KS 66212, 913-648-0500.

**JUDGES:** Lungstrum

**OPINIONBY:** JOHN W. LUNGSTRUM

**OPINION:**

### MEMORANDUM AND ORDER

The court has before it the motions of defendants Robertson Transformer Co. ("Robertson") and RTC Marketing Co. ("RTC") to transfer (Doc. #122) and to dismiss counts II, III, and IV of plaintiff's corrected third amended complaint (Doc. #120), and plaintiff's motion to strike or dismiss certain of defendants' affirmative defenses (Doc. #134). For the reasons set forth below, defendants' motion to transfer and [*2] to dismiss counts II, III, and IV will be denied, and plaintiff's motion to strike or dismiss affirmative defenses is also denied. n1

---

n1 Because the court determines that oral argument would not materially affect its consideration of these motions, they will be resolved based upon the pleadings submitted by the parties. See D. Kan. Rule 206(d).

---

In this diversity of citizenship action, plaintiff has sued the manufacturer (Robertson) and seller (RTC) of fluorescent ballasts that plaintiff purchased pursuant to an alleged agreement with Robertson. These ballasts are devices that start and operate fluorescent lamps. According to plaintiff, Robertson falsely represented to him that

Case 2:05-cv-02433-JWL   Document 39-5   Filed 12/22/2005   Page 4 of 7

Page 3
1992 U.S. Dist. LEXIS 6027, *

the ballasts were of a quality sufficient to meet or surpass certain regulatory requirements. Plaintiff claims that, in fact, these ballasts did not meet the regulatory requirements, and that, as a result of this alleged inferiority, plaintiff suffered severe economic damage. Plaintiff's complaint sets forth claims for breach of contract, [*3] fraud, fraud by silence, and tortious interference with a prospective business advantage.

*Defendants' Motion to Transfer*

Defendants request a transfer of this case to the Federal District Court for the Northern District of Illinois. Motions to transfer are governed by *28 U.S.C. § 1404(a)*, which provides that: [HN1] "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) affords the district court broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991)*. A moving defendant bears the burden of proving that the facts weigh heavily in favor of transfer because the plaintiff's choice of forum is given "great weight." See *Allstate Ins. Co. v. Employers Reinsurance Corp., 715 F. Supp. 1502, 1503 (D. Kan. 1989)*; see also *Dow Chemical Corp. v. Weevil-Cide Co., 630 F. Supp. 125, 130 (D. Kan. 1986)* ("Unless the balance of the consideration [*4] is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed.") [HN2] The court must consider the following factors in determining whether to transfer a case:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp., 928 F.2d at 1516.*

The defendants argue that this case should be transferred to Illinois because that forum is more convenient to a majority of the witnesses. According to defendants, many of the witnesses named in plaintiff's witness list reside in Illinois, where they are subject to compulsory process. [*5] In contrast, only two witnesses, the plaintiff and his wife, live in Kansas and are subject to compulsory process there. In addition, defendants contend that an Illinois court would better be able to apply Illinois law, should it be determined that Illinois law controls. The court rejects these arguments.

[HN3] This court's discretion to transfer a case is tempered by the strong preference given to the plaintiff's choice of forum. n2 After reviewing the plaintiff's witness list, the court has determined that only 13 of the 46 witnesses listed reside in Illinois. Most of the remaining witnesses live in states other than Illinois and Kansas. Moreover, defendant RTC has its principal place of business in a state other than Illinois, according to the plaintiff.

> n2 Defendants contend that the trend among federal district courts is to give more weight to the convenience of the witnesses when deciding motions to transfer. The cases cited by the defendants for this proposition, however, are factually distinguishable from the case at bar. For instance, in *National Union Fire Ins. Co. v. Contech Constr. Prods., Inc., No. 90-2290 (D. Kan. June 4, 1991) (1991 WL 127076)*, Judge Van Bebber granted a motion to transfer based partially on the convenience of the witnesses. In that case, however, the matter in dispute had very few connections to the State of Kansas. In contrast, the plaintiff in the instant action contends that the contract in dispute was negotiated and formed in Kansas, that delivery of the allegedly defective goods occurred in Kansas, and that alleged misrepresentations forming the basis of the plaintiff's fraud claims took place in Kansas.

[*6]

The plaintiff has submitted an affidavit in which he claims that transferring this case to Illinois would effectively force him to close down his business during the entire course of the trial. The defendants also contend that a trial in Kansas would cause them to lose productivity because a number of witnesses plaintiff expects to call are employees at Robertson's Illinois office. This argument is not persuasive, however, because not all of these witnesses will be required to be present in Kansas at the same time. Robertson's office is larger than the plaintiff's, and the absence of a few employees for a short

period of time during the trial will not cause Robertson to shut down its operations. In contrast, however, plaintiff's business is a sole proprietorship run by the plaintiff, and his presence in court is essential throughout the entire case. The court concludes that it would be much more prejudicial to require the plaintiff to litigate his claims in Illinois than to require the defendants to litigate in Kansas. A transfer will not be granted when it will only shift the inconvenience of trial from one party to the other. *National Union Fire Ins. Co. v. Contech Constr.* [*7] *Prods., Inc.*, No. 90-2290 (D. Kan. June 4, 1991) *(1991 WL 127076)*; *Leopoldstadt, Inc. v. Fitzgerald*, No. 91-2419, slip op. at 11 (D. Kan. Jan. 31, 1992).

Finally, the court rejects the defendants' argument that an Illinois court will better be able to apply Illinois law. It is not clear at this stage of the case that Illinois law governs this dispute. Neither party has sufficiently briefed this issue, and the facts that will determine whether Kansas or Illinois law applies appear to be in dispute. Even if Illinois law controls, however, the court believes that it would be able to apply that state's law to this controversy. The defendants' motion to transfer is therefore denied.

*Plaintiff's Motion to Strike Affirmative Defenses*

Plaintiff requests that the court strike the first eight affirmative defenses raised in defendant Robertson's answer. He claims that the first and third defenses are technically not affirmative defenses because they do not admit as true the allegations of plaintiff's complaint. The remaining defenses should be dismissed, he claims, because they are merely conclusory statements with no supporting allegations and are, thus, insufficiently pled. [*8]

*Rule 12(f) of the Federal Rules of Civil Procedure* allows the court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." [HN4] The key to pleading an affirmative defense is to give the plaintiff fair notice of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Motions to strike are generally disfavored, however, and are usually denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *FDIC v. Oakes*, No. 89-2261, slip op. at 1 (D. Kan. Nov. 3, 1989) *(1989 WL 151954)*. Motions to strike will not be granted unless the insufficiency of the defense is clearly apparent and no factual issues exist that should be determined in a hearing on the merits. 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1381, at 802 (1969). The decision to strike an affirmative defense rests within the sound discretion of the district court. *Oakes*, No. 89-2261, slip op. at 2; *FDIC v. Butcher*, 660 F. Supp. 1274, 1277 (D. Tenn. 1987).

The court finds plaintiff's arguments to be wholly without merit. Federal Rule of [*9] Civil Procedure 8(c) requires defendants to set forth affirmatively certain enumerated defenses, as well as "any other matter constituting an avoidance or affirmative defense." Although Rule 8(c) makes no attempt to define the concept of affirmative defenses, the defendants' first and third affirmative defenses qualify as "avoidances" within the meaning of the catchall clause of this rule, and may properly be pled as such. *See* 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1270, at 413 (1990). The early common-law requirement of the plea in confession and avoidance that defendants admit the allegations in the complaint in order to plead an affirmative defense has been eliminated by Rule 8. Wright & Miller, *supra*, § 1270, at 412-13.

The court also finds that the defenses enumerated by Robertson in this case are sufficiently definite to give the plaintiff fair notice of its claims. If the plaintiff was uncertain about the substance of these defenses, he could have filed interrogatories to ascertain the legal bases of the defendant's arguments. At this stage of the litigation, after volumes of motions, responses, and replies have been filed by the parties, [*10] it should be relatively clear what legal authority Robertson relied upon to form these affirmative defenses. Moreover, Robertson's response to the instant motion listed Uniform Commercial Code and common-law authority for each of the defenses it pled. Under these circumstances the plaintiff's motion to strike these affirmative defenses is meritless. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (affirmative defense adequately pled when other pleadings made substance of the defense clear).

*Defendants' Motion to Dismiss Counts II, III, and IV*

Defendants ask the court to dismiss the plaintiff's fraud, fraud by silence, and tortious interference with a prospective business advantage claims pursuant to *Fed. R. Civ. P. 12(b)(6)* because they are allegedly merely restatements of the plaintiff's breach of contract claim. In these counts the plaintiff seeks punitive damages, which are unavailable under his breach of contract claim. Defendants contend that these counts do not support a claim for punitive damages for three reasons. First, defendants argue that the allegations in counts two through four do not amount to independent torts, separate [*11] from the breach of contract claim in count one. Second, defendants claim that courts in Kansas and Illinois do not recognize the tort of fraud by silence, so plaintiff's claim in count III should be dismissed. Finally, defendants assert that plaintiff has not alleged any independent injuries stemming from counts two through four that would justify an award of punitive damages.

[HN5] A court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed. R. Civ. P. 8(a); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson*, 750 F.2d at 813. The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. [*12] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Initially, it appears from the face of the complaint that plaintiff has pleaded separate torts in counts two through four. Count II states a claim for fraud, count III states a claim for fraud by silence, and count IV states a claim for tortious interference with a prospective business advantage. Each count alleges the requisite elements to survive a motion to dismiss, even though they all stem from the same set of facts that form the basis of plaintiff's breach of contract claim. Therefore, defendants' first argument is rejected.

Contrary to the defendants' second contention, [HN6] Kansas courts do recognize a cause of action for fraud by silence. n3 The Kansas Supreme Court proclaimed in *Wolf v. Brungardt*, 215 Kan. 272, 524 P.2d 726 (1974), that:

> where one party to a contract or transaction has superior knowledge, or knowledge which is not within the fair and reasonable reach of the other party and which he could not discover by the exercise of reasonable diligence, or means of knowledge which are not open to both parties alike, he is under a legal obligation to speak, and his silence [*13] constitutes fraud....

*Id.* at 282, 524 P.2d 726. This is exactly the claim that plaintiff asserts in count III of his corrected third amended complaint. Thus, Kansas does recognize the tort of fraud by silence, sometimes referred to as fraudulent concealment. *Id.*; *see also DuShane v. Union Nat'l Bank*, 223 Kan. 755, 759, 576 P.2d 674 (1978).

n3 Although it is not clear whether Kansas or Illinois law applies to this dispute, in a motion to dismiss the court is required to accept as true the allegations in the plaintiff's complaint unless they are controverted by affidavits of the defendants. *See Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985). Determination of the choice of law question for the purposes of this motion will therefore be based upon the plaintiff's allegations regarding where the alleged contract was formed. Under Kansas choice of law provisions, the law of the state in which the contract was formed governs the dispute. *Simms v. Metropolitan Life Ins. Co.*, 9 Kan. App. 2d 640, 642, 685 P.2d 321 (1984). Because the plaintiff alleges that the contract was formed in this state, Kansas law will be applied for the purposes of this motion to dismiss.

[*14]

Finally, the court rejects defendants' contention that a separate and independent injury must also be proved to justify an award of punitive damages. The court recognizes that the Tenth Circuit has held that [HN7] Kansas law only permits punitive damages in a contract action when there is both an independent tort amounting to fraud or wanton conduct and an independent injury resulting from that tort. *Osgood v. State Farm Mutual Auto. Ins. Co.*, 848 F.2d 141, 144 (10th Cir. 1988). The most recent pronouncement on this issue by the Kansas Supreme Court, however, indicates that a separate injury is not necessary if there is an independent tort. *Equitable Life Leasing Corp. v. Abbick*, 243 Kan. 513, 516, 757 P.2d 304 (1988) ("Breach of contract, standing alone, does not call for punitive damages, but such damages are allowed *if an independent tort of fraud is proven*.") (emphasis added). n4

n4 The *Osgood* court, which rendered its decision in May of 1988, did not have the benefit of considering the *Equitable Life Leasing* decision, which was rendered two months later, in July of 1988.

[*15]

In *Equitable Life Leasing*, the court upheld an award of punitive damages even though the jury awarded compensatory damages on the breach of contract count but not on the fraud count. The court noted that the plaintiff's breach of contract claim was grounded upon fraudulent inducement, and that an award of actual damages on the fraud claim would have been duplicative of the damages awarded on the contract claim. *Id.* Independent

injury from the fraud claim was not required in order to support the award of punitive damages. This court chooses to follow this most recent pronouncement on the issue by the Kansas Supreme Court. The defendants' third argument is therefore rejected as, at least in fraudulent inducement cases such as the one at bar, the plaintiff need not establish a separate and independent injury stemming from the fraud to support a claim for punitive damages. n5 *See id.*

> n5 The court finds that the logic behind the *Equitable Life Leasing* decision applies with equal force to the plaintiff's claim for tortious interference with a prospective business advantage as to his fraud claim. Plaintiff need not prove an injury on the tortious interference claim separate from his alleged injuries from the breach of contract. Any inference to the contrary that might be drawn from the court's decision in *Davidson & Schaaf, Inc. v. J. Gordon Gaines, Inc.*, No. 91-2044 (D. Kan. Dec. 30, 1991), should be disregarded.
>
> Although the defendants argue that *Pizza Management, Inc. v. Pizza Hut, Inc.*, 737 F. Supp. 1154, 1162 (D. Kan. 1990), which was the basis of this court's dictum in *Davidson & Schaaf*, dictates a different conclusion, the *Pizza Management* case relied upon *Osgood* to support its holding that a separate injury must be proved. As this court has noted above, the *Osgood* decision, and consequently the *Pizza Management* decision, do not reflect the Kansas Supreme Court's most recent ruling on this issue in *Equitable Life Leasing*.

[*16]

Because the plaintiff's second, third, and fourth counts adequately set forth claims for independent torts that are recognized by Kansas law, and upon which claims for punitive damages are properly made, the defendants' motion to dismiss will be denied. Defendants will be given up to and including March 23, 1992, to answer the plaintiff's allegations in counts II, III, and IV. Defendants may comply with this order by filing any amendments to the pretrial order that are necessary to fully and adequately answer these counts. The allegations in these counts will be deemed admitted by the defendants if they are not answered by March 23.

**It is therefore ordered by the court** that the defendants' motion to transfer (Doc. #122) is denied; that the defendants' motion to dismiss (Doc. #120) is denied; and that the plaintiff's motion to strike (Doc. #134) is denied. Defendants are given up to and including March 23, 1992, to answer the plaintiff's allegations in counts II, III, and IV of plaintiff's corrected third amended complaint.

**IT IS SO ORDERED.**

Dated this 13th day of March, 1992, at Kansas City, Kansas.

John W. Lungstrum

United States District Judge.