# EXHIBIT 4

Dockets.Justia.com

LEXSEE 1993 U.S. DIST. LEXIS 17258

RESOLUTION TRUST CORPORATION, Plaintiff, v. LEONARD A. THOMAS, ROBERT J. BERANEK, GREGORY J. BIRD, OLIVER S. BROWN, STEVE T. CAUBLE, L.J. HEINENMANN, MICHAEL D. RINEY, FRANK J. SCHWARTZ, ROBERT WELLS, PHYLISS L. WINDLE, RIDGELY W. POTTER, and NEUBAUER, SHARP, McQUEEN, DREILING AND MORAIN, P.A., Defendants.

CIVIL ACTION No. 92-2084-GTV

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

*1993 U.S. Dist. LEXIS 17258*

November 18, 1993, Decided
November 18, 1993, Filed

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff Resolution Trust Corporation (RTC) brought an action for damages against defendants, the officers and directors of a failed savings and loan for which the RTC had been appointed receiver, in which the RTC asserted breach of fiduciary duty, negligence, and federal statutory claims against the officers and directors. The RTC filed a motion to strike certain affirmative defenses asserted by the officers and directors.

**OVERVIEW:** The RTC filed a motion to strike the following affirmative defenses asserted by the directors and officers: federal preemption, mitigation of damages, reasonable reliance on management, and comparative fault. The court granted the RTC's motion. The court held that *12 U.S.C.S. § 1821*(k) did not create a nationwide standard of gross negligence in actions by the RTC, and that the state law negligence claims asserted by the RTC were not preempted. Thus, the court held that the affirmative defense of preemption was insufficient as a matter of law. The court held that the mitigation of damages defense was insufficient because a federal receiver such as the RTC owed no duty to the officers and directors. The court held that the reliance defense established by Kan. Stat. Ann. § 17-6301(e) did not apply to the directors of a savings and loan. The court held that the comparative fault defense was insufficient as a matter of law as to the RTC as receiver, and as to any other entity, because the officer and directors failed to identify such entities.

**OUTCOME:** The court granted the RTC's motion to strike the affirmative defenses of federal preemption, mitigation of damages, reasonable reliance on management, and comparative fault asserted by the directors and officers in the RTC's action in which the RTC asserted breach of fiduciary duty, negligence, and federal statutory claims against the directors and officers. The court granted leave for an amended complaint to be filed within 20 days.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike*
[HN1] Under Fed. R. Civ. P. 12(f) the court may order stricken from pleading any insufficient defense. However, motions to strike under Rule 12(f) are generally disfavored and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Motions to strike will not be granted unless the insufficiency of the defense is clearly apparent and no factual issues exist that should be determined in a hearing on the merits. The decision to strike an affirmative defense rests within the sound discretion of the district court.

*Banking Law > Regulatory Agencies > Resolution Trust & Resolution Funding Corporations*
*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Affirmative Defenses*
[HN2] *12 U.S.C.S. § 1821*(k) does not create an exclusive federal liability standard that preempts state law claims based upon simple negligence.

*Business & Corporate Entities > Corporations > Directors & Officers > Management Duties & Liabilities*
[HN3] Kan. Stat. Ann. § 17-6301(e) provides: A member of the board of directors or governing body of any corporation, shall be fully protected in the performance of such member's duties in relying in good faith upon the records of the corporation and upon such information, opinions, reports or statements presented to the corporation by any of the corporation's officers or employees, or committees of the board of directors, or by any other person as to matters the member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the corporation.

*Banking Law > Directors & Officers > Misfeasance & Nonfeasance*
*Business & Corporate Entities > Corporations > Directors & Officers > Management Duties & Liabilities*
[HN4] Directors of a savings and loan association are not entitled to the statutory defense of reasonable reliance as set forth in Kan. Stat. Ann. § 17-6301(e).

*Civil Procedure > Pleading & Practice > Pleadings > Interpretation*
*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Affirmative Defenses*
[HN5] Affirmative defenses are pleadings, and as such are subject to all pleading requirements of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 8(a), an affirmative defense must set forth a short and plain statement of the nature of the defense. This includes a short and plain statement of facts.

*Civil Procedure > Pleading & Practice > Pleadings > Interpretation*
*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Affirmative Defenses*
[HN6] Fed. R. Civ. P. 8(c) requires a defendant to affirmatively plead a defense that a phantom party contributed to plaintiff's injuries.

**COUNSEL:** [*1] For RESOLUTION TRUST CORPORATION, plaintiff: Terri L. Bezek, Lawrence D. Greenbaum, Charles A. Getto, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS. David A Vorbeck, Carolyn A Arthur, Resolution Trust Corporation, Overland Park, KS.

For LEONARD A THOMAS, defendant: PRO SE, Dallas, TX. For ROBERT J BERANEK, defendant: Stephen M. Joseph, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS. For GREGORY J BIRD, STEVE T CAUBLE, defendants: Tim E Dollar, Kuraner & Schwegler, Kansas City, MO. Stanley E. Antrim, Yoxall, Antrim & Yoxall, Liberal, KS. Steve A. Leben, Judge, Courthouse, Division 8, Overland Park, KS. Don A. Peterson, Brenner, Lockwood & Peterson, Kansas City, MO. For OLIVER S BROWN, defendant: N. Jack Brown, Boddington & Brown, Chtd., Kansas City, KS. J. Douglas Miller, Law Offices of J. Douglas Miller, Liberal, KS. For L J HEINEMANN, ROBERT WELLS, defendants: Heather Suzanne Woodson, Stinson, Mag & Fizzell, Overland Park, KS. John C Aisenbrey, William D Beil, Stinson, Mag & Fizzell, Kansas City, MO. Charles W. German, Rouse, Hendricks, German, May & Shank, Kansas City, MO. For FRANK J SCHWARTZ, defendant: N. Larry Bork, Gerald L. Goodell, Goodell, Stratton, Edmonds [*2] & Palmer, Topeka, KS. For PHYLISS L WINDLE, defendant: Stephen L. Thompson, Smith, Greenleaf & Brooks, Liberal, KS. James E. Kelley, Jr, Lewis, Rice & Fingersh, Overland Park, KS. For NEUBAUER, SHARP, MCQUEEN, DREILING AND MORAIN, P.A., defendant: Kenneth J. Reilly, McDowell, Rice & Smith, P.C., Overland Park, KS. N. Larry Bork, Gerald L. Goodell, Goodell, Stratton, Edmonds & Palmer, Topeka, KS. For MICHAEL D RINEY, defendant: PRO SE, Liberal, KS. Heather Suzanne Woodson, Stinson, Mag & Fizzell, Overland Park, KS. John C Aisenbrey, William D Beil, Stinson, Mag & Fizzell, Kansas City, MO. Charles W. German, Rouse, Hendricks, German, May & Shank, Kansas City, MO. For RIDGELY W POTTER, defendant: PRO SE, Arlington, VA.

**JUDGES:** VAN BEBBER

**OPINIONBY:** G. T. VAN BEBBER

**OPINION:**

### MEMORANDUM AND ORDER

This case comes before the court on the following motions:

> Plaintiff's Motion to Strike Affirmative Defenses of Defendants Windle, Brown, Cauble, and Bird (Doc. 67); and
>
> Plaintiff's Motion to Strike Affirmative Defenses of Defendants Schwartz and Neubauer, Sharp (Doc. 148).

Defendants have responded and oppose the motions to strike. For the reasons set forth in this memorandum and order, the motions are granted. [*3]

This case concerns claims asserted by the Resolution Trust Corporation (RTC), as receiver of Colonial Savings and Loan Association of America, against former officers, directors, and attorneys of Colonial. The complaint seeks monetary damages against all defendants for breach of fiduciary duty, negligence, and violations of federal statutes, rules and regulations.

I. Motion to Strike Affirmative Defendants of Windle, Brown, Cauble, and Bird (Doc. 67)

In this motion to strike, plaintiff asserts that the affirmative defenses of federal preemption, mitigation of damages, reasonable reliance on management, and comparative fault should be stricken because they are insufficient as a matter of law. [HN1] Under *Rule 12(f) of the Federal Rules of Civil Procedure* "the court may order stricken from pleading any insufficient defense . . . ." However, motions to strike under Rule 12(f) are generally disfavored and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Federal Deposit Ins. Co. v. Niver, 685 F. Supp. 766, 768 (D. Kan. 1987)*. Motions to strike will not be granted unless [*4] the insufficiency of the defense is clearly apparent and no factual issues exist that should be determined in a hearing on the merits. 5 C. Wright & A. Miller, Federal Practice & Procedure § 1381, at 802 (1969). The decision to strike an affirmative defense rests within the sound discretion of the district court. *FDIC v. Oakes, 1989 U.S. Dist. LEXIS 14978*, slip op. No. 89-2261, *1989 Wl 151954*, at *1 (D. Kan. Nov. 3, 1989).

A. Federal Preemption

In their answer, defendants assert that Counts II and III of the Complaint, which allege negligence and negligence per se, have been preempted by federal law. Specifically, defendants contend that *12 U.S.C. § 1821(k)* has mandated a national standard of gross negligence, thereby preempting claims for simple negligence brought under state law. The court concludes that based on current Tenth Circuit law, the federal preemption defense is insufficient as a matter of law.

In *FDIC v. Canfield, 967 F.2d 443, 449 (10th Cir.)* (en banc), cert. denied, *121 L. Ed. 2d 527, 113 S. Ct. 516 (1992)*, the Court of Appeals for the Tenth Circuit, held that [HN2] section 1821(k) does not create an exclusive [*5] federal liability standard and that state law claims based upon simple negligence are not preempted. The court is bound by the decision of the Tenth Circuit and defendants' federal preemption defense is stricken.

B. Mitigation of Damages

As an additional affirmative defense, defendants have asserted that the RTC failed to mitigate its damages after Columbia was placed in receivership. Plaintiff contends this defense should also be stricken as a matter of law. Defendants argue that the defense is not insufficient, and rely primarily on this court's opinion in *FDIC v. Ashley, 749 F. Supp. 1065 (D. Kan. 1990)*, as support for their argument that the defense is viable.

In Ashley, the court held that a defendant could assert the defense of mitigation of damages against a receiver for a financial institution, as the mitigation defense was available under Kansas law. Plaintiff now contends that the decision goes against the weight of authority on the issue of mitigation of damages, that Ashley should not be followed, and that this court should strike defendants's mitigation defense in the present case.

The court's opinion in Ashley was written [*6] on October 1, 1990. Since that memorandum and order was issued, it has been criticized by several courts and characterized as being inconsistent with the weight of authority. See e.g., *RTC v. Scaletty, 810 F. Supp. 1505 (D. Kan. 1992); FDIC v. Crosby, 774 F. Supp. 584 (D. Colo. 1991)*. The court now concludes that its Ashley decision is contrary to the better reasoned weight of authority and should not be followed. The court is persuaded that reliance on post-bank closing activities of the FDIC is not an appropriate defense, and that the failure to mitigate defense should be stricken. n1

n1 The court notes that disallowance of the mitigation of damages defense is consistent with the disallowance of any affirmative defense predicated on a comparison of any negligence of the receiver. See Subsection I.D., supra.

Additionally, the court recognizes that striking defendants' failure to mitigate defense is consistent with the holdings of the other [*7] judges in this district who have addressed this issue. See *RTC v. Fleischer, No. 93-2062, 1993 U.S. Dist. LEXIS 15790, (D. Kan. Oct. 21, 1993); RTC v. Gibson, 829 F. Supp. 1103 (W.D. Mo. 1993)* (Saffels, J.); *FDIC v. Benjes, 815 F. Supp. 1415, 1417 (D. Kan. 1993); Scaletty, 1992 WL 276628*, at *14-15. Three rationales have generally been advanced for the legal insufficiency of a failure to mitigate defense. These include: (1) public policy that the public should not bear any losses due to errors in judgment by federal receivers or conservators, (2) conduct of the FDIC, FSLIC, or RTC should not be subjected to judicial second-guessing, and (3) the absence of any duty owed by

Case 2:05-cv-02433-JWL   Document 39-6   Filed 12/22/2005   Page 5 of 7

Page 4
1993 U.S. Dist. LEXIS 17258, *

the federal receiver or conservator to the former officers and directors of a failed institution. See *Benjes, 815 F. Supp. at 1417* (citations omitted). The court finds these rationales persuasive.

Like Judge Lungstrum in Fleischer, this court has serious concerns about the lack of reviewability for RTC's post-closing activities in light of a holding that defendants' failure to mitigate defense must be stricken. *Fleischer,* [*8] slip op. at 15. In the end, however, the court concludes that public policy concerns favor not forcing the public to bear losses for any errors in judgment by the RTC. As Judge Lungstrum wrote, "another forum must be sought" in which to scrutinize the RTC's actions. Id. Defendants' failure to mitigate defense is stricken.

C. Reasonable Reliance on Bank Management

In their answer, defendants have attempted to assert the statutory affirmative defense of reasonable reliance on bank management as set forth in *K.S.A. 17-6301(e).* Plaintiff contends that the statutory defense is not available to directors of banking institutions under Kansas law, and that the defense should be stricken.

At issue is whether the statutory defense of reasonable reliance is available to directors of any Kansas corporation, or whether directors of financial institutions may not avail themselves of the defense. [HN3] *K.S.A. 17-6301(e)* provides:

> A member of the board of directors or governing body of any corporation, . . . shall be fully protected in the performance of such member's duties in relying in good faith upon the records of the corporation and upon such information, opinions, reports or statements [*9] presented to the corporation by any of the corporation's officers or employees, or committees of the board of directors, or by any other person as to matters the member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the corporation.

This statutory defense is provided as part of the Kansas Corporation Code. No comparable provision is set out in the Savings and Loan Code, *K.S.A. § 17-5101* et seq.

Plaintiff's argument that the defense is not available to the defendants in the present case is based upon language in *FSLIC v. Huff, 237 Kan. 873, 704 P.2d 372 (1985).* In that case, the Kansas Supreme Court wrote:

> As noted in . . . Sampson v. Hunt, the standard of duty in judging the conduct of a corporate officer is directly related to the kind of corporation he or she serves. Even a cursory review of the Kansas statutes relative to corporations establishes the legislative intent is to place higher standards of duty on savings and loan institution officers than on officers of ordinary for profit corporations. The following examples [*10] illustrate this point:
>
> First, although *K.S.A. 17-6301(a)* imposes the duty on the board of directors to manage a for profit corporation, K.S.A. 16-6301(e) allows a director to rely "in good faith upon the books of account or reports made to the corporation by any of its officers . . . or by an appraiser selected with reasonable care . . . or in relying in good faith upon other records of the corporation." See also *K.S.A. 17-6422.* The Savings and Loan Code *(K.S.A. 17-5101* et seq.), however, while providing in *K.S.A. 17-5311* for a duty comparable to *K.S.A. 17-6301(a),* does not have any exception comparable to *K.S.A. 17-6301(e)* or any provision comparable to *K.S.A. 17-6422.* Therefore, directors of a Kansas savings and loan association do not have the statutory defense available to them that is available to their counterparts in domestic for profit corporations.

*237 Kan. at 879-80* (emphasis added).

Plaintiff contends that the language in Huff establishes that a bank or thrift director's duty to exercise due care, skill and diligence in overseeing the affairs of the institution cannot be met solely by relying on other persons. [*11] See also *FDIC v. Stanley, 770 F. Supp. 1281, 1310 (N.D. Ind. 1991).,* aff'd sub nom *FDIC v. Bierman, 2 F.3d 1424 (7th Cir. 1993).*

Based upon the unambiguous language in Huff, the court concludes that [HN4] directors of a savings and loan association are not entitled to the statutory defense of reasonable reliance as set forth in *K.S.A. 17-6301(e).* Despite defendants' contentions that the plain language of *K.S.A. 17-6301(e)* makes it applicable to any corporation, this court is bound by the interpretation given by the Kansas Supreme Court. Further, contrary to defendant

Case 2:05-cv-02433-JWL    Document 39-6    Filed 12/22/2005    Page 6 of 7

Page 5
1993 U.S. Dist. LEXIS 17258, *

Brown's assertion, denying defendants the protection of K.S.A. 17-6301(e) does not mean that a director could never, even after reasonable inquiry, rely upon an appraisal or financial reports. Even in the absence of the statutory defense, plaintiff will still have the burden to prove that the defendant directors acted negligently and in breach of their duties as directors of the financial institution.

D. Comparative Fault

In the present case, defendants Windle, Brown, Cauble and Bird have very generally asserted the affirmative defense of comparative [*12] fault, without designating the other persons or entities defendants claim may be at fault. Plaintiff argues that to the extent that defendants are seeking to compare the fault of the RTC (or its predecessor, the Federal Savings and Loan Insurance Corporation), the law is clear that there can be no claim of contributory or comparative negligence based upon the pre-closing or post-closing activities of plaintiff. Plaintiff further argues that to the extent defendants are seeking to compare the fault of others in addition to the RTC, the defense should be stricken based upon defendants' failure to identify such persons, or in the alternative, defendants should be ordered to identify such persons in an amended answer.

The court agrees with plaintiff's argument concerning any comparison of the RTC's fault. In *FDIC v. Gantenbein*, No. 90-2303, *1992 WL 279772* (D. Kan. Sept. 30, 1992), this court wrote:

> It is well-recognized . . . that there can be no comparison of any negligence of the FDIC itself because the FDIC has no duty to act, nor can any negligence of the FDIC act as a bar to recovery. Federal Deposit Ins. Corp. v. Oakes, Civ. A. No. 89-2261-S, *1989 WL 151954* (D. Kan. [*13] Nov. 3, 1989). To the extent defendants allege that negligence on the part of the FDIC or another governmental agency acts as a bar to recovery in this action, the defense is insufficient as a matter of law.

Id. at *5.

This court is confident that other courts addressing the issues of the comparative or contributory negligence of the FDIC or the RTC since Gantenbein was written continue to uniformly hold that such defenses must be stricken. See e.g., *RTC v. Fleischer*, 1993 U.S. Dist. LEXIS 15790, No. 93-2062, (D. Kan. Oct. 21, 1993) (citing a multitude of decisions disallowing affirmative defenses by defendant directors and officers seeking to examine the subsequent actions of officials of governmental banking agencies that may have contributed to losses). Therefore, to the extent defendant seek to compare the fault of the RTC itself, the defense is legally insufficient.

Further, as to plaintiff's argument that the court should strike the defense of comparative fault to the extent it is asserted against any unidentified persons, the court agrees that the defense must be stricken in its entirety. n2 The court is well aware that [HN5] affirmative defenses are pleadings, and as such [*14] are subject to all pleading requirements of the Federal Rules of Civil Procedure. N.S.D., Inc. v. United Parcel Serv., Inc., No. 91 C 20228, *1992 WL 75002*, slip op. at *2 (N.D. Ill. 1992). Under *Fed. R. Civ. P. 8(a)*, an affirmative defense must set forth a short and plain statement of the nature of the defense. This includes a short and plain statement of facts. Heller Financial, Inc. v. Peavy, No. 8 C 7802, *1987 WL 12943*, slip op. at *1 (N.D. Ill. 1987). Here, the affirmative defenses set out by these defendants are of the most conclusory and vague nature.

n2 The court notes that the language of the affirmative defense as set out in Defendants Brown, Windle, Schwartz, and Neubauer, Sharp's Answers appears to be some combination of a comparative fault defense and a defense based on lack of causation. The court does not intend to preclude defendants from arguing lack of causation, which is actually a challenge to plaintiff's prima facie case.

Moreover, the court concludes that requiring defendants to identify [*15] the persons whom defendants claim also contributed to plaintiff's injuries is consistent with the Tenth Circuit's decision in *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449 (10th Cir. 1982). In that case, the court held that [HN6] *Fed. R. Civ. P. 8(c)* requires a defendant to affirmatively plead a defense that a phantom party contributed to plaintiff's injuries. *Id. at 458*. Such "notice" is required by the rule, wrote the court. Id. Because in the present case defendants have not included any factual basis upon which their affirmative defense of comparative negligence rests, and have failed to identify in any way the persons whom they claim are comparatively at fault, the court has no choice but to strike the defense. However, the court will grant defendants leave to amend their answer to identify the persons or entities alleged to be comparatively negligent.

Case 2:05-cv-02433-JWL   Document 39-6   Filed 12/22/2005   Page 7 of 7

Page 6
1993 U.S. Dist. LEXIS 17258, *

II. Motion to Strike Affirmative Defenses of Defendants Schwartz and Neubauer, Sharp (Doc. 148)

In this motion, plaintiff RTC contends that the affirmative defenses of comparative fault or causation, mitigation of damages, and reasonable reliance on institution [*16] management must be stricken as insufficient as a matter of law. The court concludes that the defenses of mitigation of damages and reasonable reliance on institution management should be stricken for the reasons set forth in Part I of this memorandum. Similarly, the court concludes that because the affirmative defense of comparative fault or causation has not been plead with sufficient particularity, it too will be stricken. Defendants are granted leave to file an amended answer indicating with particularity those individuals with whom defendants contend their fault should be compared.

IT IS, THEREFORE, BY THE COURT ORDERED that Plaintiff's Motion to Strike Affirmative Defenses of Defendants Windle, Brown, Cauble, and Bird (Doc. 67) is granted.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Affirmative Defendants of Defendants Schwartz and Neubauer, Sharp (Doc. 148) is granted.

Defendants are granted twenty days in which to file their amended answers.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 18 day of November, 1993.

G. T. VAN BEBBER

United States District Judge