IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.,  )
                                     )
           Plaintiff,                )
                                     )
     v.                              )   Case No. 05-2433-JWL-DJW
                                     )
THEGLOBE.COM, INC.,                  )
VOICEGLO HOLDINGS, INC.,             )
VONAGE HOLDINGS CORP.,               )
VONAGE AMERICA, INC.,                )
                                     )
           Defendants.               )
_____)

**PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S RESPONSE TO
DEFENDANTS THEGLOBE.COM, INC. AND VOICEGLO HOLDING, INC.'S
MOTION TO SEVER**

Plaintiff Sprint Communications Company, L.P. ("Sprint") hereby files its Response to Defendants Theglobe.com, Inc.'s ("TGCI") and Voiceglo Holdings, Inc.'s ("Voiceglo") (collectively, "the Voiceglo Defendants") Motion to Drop Misjoined Parties and Sever Claims for Separate Proceedings.

**I.     INTRODUCTION**

Sprint alleges in its First Amended Complaint that each of the defendants has infringed and are infringing seven patents (the "patents-in-suit"). Sprint has asserted the same patents against all defendants. All of the defendants are in the business of distributing, selling, using, marketing or offering for sale Internet-based telephony services that Sprint alleges infringe the patents-in-suit. Moreover, the Voiceglo Defendants admit their allegedly infringing products and/or services are in direct competition with the allegedly infringing products of Vonage Holdings Corp. and Vonage America, Inc. (collectively, "the Vonage defendants").

- 1 -

1849269v2

Dockets.Justia.com

Memorandum in Support, at 4. Ignoring the undeniable fact that the Voiceglo and Vonage defendants provide highly similar and competing products/services accused of infringing the same seven patents, the Voiceglo Defendants argue that Sprint has misjoined them with the Vonage defendants.

As discussed more fully below, a determination on severance at this stage of the proceedings is premature. Even if it were not premature, the present parties are properly joined under Fed. R. Civ. P. 20(a) for purposes of pretrial proceedings and the Voiceglo Defendants offer no other cognizable justification for severance under Rule 21. The Voiceglo Defendants' motion should be denied.

## II. JOINDER IS PROPER AND SPRINT'S CLAIMS SHOULD NOT BE SEVERED

### A. A Determination on Severance is Premature

As a preliminary matter, any determination of joinder or severance is premature at this stage of the proceedings. Indeed, while misjoinder or severance may be addressed "at any stage of the action" (Fed. R. Civ. P. 21), courts have recognized that consideration of such issues may be more effective after the court and the parties have had a chance to explore, through discovery, any potential differences in the accused products/services of the various defendants. *See Lott v. Eastman Kodak Co.*, 1999 WL 242688 at *4 (N.D. Tex. 1999) (refusing to sever claims at "early stage in the proceedings" because "it is not apparent to the Court . . . that the claims alleged by Plaintiff's do not relate to or arise out of the same series of transactions or occurrences"); *Magnavox Co. v. APF Electronics, Inc.,* 496 F .Supp. 29, 32 (N.D.Ill. 1980) ("any prejudice that could result from improper joinder can be prevented since improperly joined parties can be dropped or added **at a later stage of the litigation**, Fed. R. Civ. P. 21, and since separate trials on certain claims or issues can be ordered.") (emphasis added). *See also MyMail Ltd. v. AmericaOnline, Inc*., 223 F.R.D. 455, 457 (E.D. Tex. 2004). ("When discovery is

complete, the Court, upon motion of a party, will determine whether the state of the evidence compels severance of some type under Rule 21.").

This is especially true here. The parties have not had an opportunity to conduct discovery on the full extent of the commonality of the Defendants' products/services. Once the parties have had such an opportunity, this Court, upon the motion of any party or *sua sponte*, may reevaluate the appropriateness of severance under Rule 21. The Voiceglo Defendants do not, and cannot, offer any justification for severance of the case at this early stage in the proceedings. For all of these reasons, the questions of joinder and severance are best left until a later time.

B.   **Even if Not Premature, Joinder is Proper in This Case**

Even if the Voiceglo Defendants' request was not premature—which it is—joinder is proper in this case. The Federal Rules direct "the broadest possible scope of action consistent with fairness to the parties [because] joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966). The purpose of Rule 20(a) is to "expedite the final determination of disputes, thereby preventing multiple lawsuits." *DIRECTV, Inc. v. Barrett,* 220 F.R.D. 630, 631 (D.Kan. 2004).[1]  "Joinder of appropriate parties is encouraged so that common issues may be addressed in a single action." *Roe v. City of New York,* 151 F. Supp. 2d 495, 509 (S.D.N.Y. 2001); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* 3d § 1653, at 410 (2003) (Rule 20 ensures that "all reasonably related claims for relief by or against different parties" may be joined).

---

[1] This liberal application of permissive joinder is not surprising given that Fed. R. Civ. P. 1 state the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

The joinder requirements do not approach the level of strictness suggested by the Voiceglo Defendants: "Rule 20(a) does not require precise congruence of all factual and legal issues; indeed, joinder may be permissible if there is but <u>one</u> question of law or fact common to the parties." *Morris v. Paul Revere Ins. Group*, 986 F. Supp. 872, 885 (D.N.J. 1997) (internal citations omitted) (emphasis added). The Voiceglo Defendants do not, and cannot, assert an absence of common issues of law and fact surrounding the patents and the alleged infringing products/services. In fact, the case is replete with common issues of law and fact—Sprint is asserting the same patents against competitors in the same industry providing the same type of services to consumers. Accordingly, the mandates of Rule 20(a) are satisfied and judicial economy is served by maintaining a single consolidated action.

Furthermore, the same transaction or occurrence requirement of Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974). Additionally, "language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when [there is a] likelihood of overlapping proof and duplication in testimony . . . ." *DIRECTV*, 220 F.R.D. at 632 (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1653).

In the instant case, there is significant overlap in proof with regard to the technology disclosed in the patents-in-suit, the construction and meaning of the claims of the patents-in-suit, the validity of the patents-in-suit, the technology underlying the allegedly infringing products/services of all defendants, and with regard to the common affirmative defenses asserted by all defendants such as estoppel and laches. Such significant overlap satisfies the requirements of Rule 20(a). Nonetheless, the Voiceglo Defendants seemingly

advocate a bright-line rule that requires entirely separate pre-trial and trial proceedings simply because two or more defendants are alleged to have infringed the same patents. The Voiceglo Defendants' inaccurate application of the Rule 20(a) standards ignores both specific precedent and practicality. For example, when faced with an identical situation—one plaintiff alleging infringement against unrelated competitors utilizing similar products—one court held:

> [We] disagree[] with such a per se rule that elevates form over substance. Such an interpretation does not further the goals of Rule 20, especially for discovery and motion purposes. It is possible that severance could be appropriate if the defendants' methods or products were dramatically different. Here, the record before the Court does not show that the products or methods at issue are so different that determining infringement in one case is less proper or efficient than determining infringement in multiple cases.

*MyMail*, 223 F.R.D. at 457.

This line of reasoning also was adopted by the court in *SRI Intern., Inc. v. Internet Security Systems, Inc.*, 2005 WL 851126, *3 (D.Del. April 13, 2005). In that case, the plaintiff asserted four patents against two separate defendants. Both defendants brought motions to sever arguing that joinder was inappropriate under Rule 20. Despite the fact that only two patents were in common between the defendants, the court found that joinder was proper. *Id.* The court based its ruling on the fact that "there are common transactions or occurrences, and questions of fact or law that warrant joinder of the defendants," and that plaintiff's claims "will require this court to hold *Markman* hearings and construe the asserted claims." *Id.* The court further noted the commonality between the technology and the defendants' defenses:

> Plaintiff has asserted four patents against Symantec and only two of those patents against ISS-DE. Nonetheless, all of the patents asserted arise out of computer network protection systems. It is the experience of this court that patents over the same technology often give rise to the same questions of law and fact (e.g., same prior art references, same level of ordinary skill in the art).

> Both ISS-DE and Symantec have asserted invalidity defenses that will require this court to consider the validity of the asserted patents. These defenses will require the court to determine the date of conception and reduction to practice, the relevance of prior art and the level of ordinary skill in the art. It would be an inefficient use of judicial resources for this court to perform all of these tasks twice, once for ISS-DE and once for Symantec.

*Id.*

The rationale in both *MyMail* and *SRI* apply with full force here. The Voiceglo Defendants do not, and cannot, contend that their products/services are "dramatically different" from the products/services of the Vonage defendants or even that they involve different technology. In addition, the Voiceglo Defendants do not, and cannot, assert that their invalidity defenses will involve questions of fact and law different than those involved with the invalidity defenses asserted by the Vonage Defendants. The Voiceglo Defendants do not offer any cognizable justification for forcing the Court and parties to engage in separate discovery and pre-trial practice regarding the invalidity of the exact same patents; nor have they provided any justification for the inefficiencies and risks introduced by separate *Markman* proceedings to address the exact same patents. Instead, the Voiceglo Defendants ask the Court to ignore the plethora of factual and legal similarities present in this case. Given the similarities between the Defendants' invalidity defenses and their products/services, joinder is proper under Rule 20(a).

The only other argument the Voiceglo Defendants proffer in support of severance is their claim that they "will be truly 'embarrassed' and 'put to expense'" by joint pretrial proceedings and a joint trial. Memorandum in Support at 8. The only support the Voiceglo Defendants offer for this claim is that they are competitors with the Vonage Defendants and will be prejudiced by the disclosure of confidential information. The Voiceglo Defendants offer no explanation as to why this case differs from the vast majority of other intellectual property cases in which a Protective Order is routinely considered sufficient to protect the exchange of

confidential information between competitors. Furthermore, the Voiceglo Defendants contend that prejudice will result from consolidated trials in that the jury may be confused. Indeed, many of the cases relied upon by the Voiceglo Defendants relate to severance of trial proceedings and do not relate to severance for purposes of pretrial activity. *See, e.g., Ropfogel v. Wise*, 112 F.R.D. 414, 416 (S.D.N.Y. 1986); *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 581 (E.D.N.Y. 1999); and *CVI/Beta Ventures,Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 506-507 (D. Md. 1995).

However, as noted above, the issue of severance for trial can be addressed, and should be addressed, when the factual and legal issues are clarified through discovery. The Voiceglo defendants' premonitions of jury confusion are entirely too hypothetical to justify severance. Furthermore, those purported fears have absolutely no bearing on the question of whether this action should remain a combined action for pre-trial purposes.

It is beyond question that the analysis of whether each Defendant infringes the patents-in-suit will involve common questions of fact and law. It is also beyond question that this action will involve common questions with respect to invalidity and claim construction. These facts alone justify joinder of the Defendants. Accordingly, Sprint respectfully requests the Court deny the Voiceglo Defendants' motion.

### III. EVEN IF DEFENDANTS ARE IMPROPERLY JOINED, CONSOLIDATION OF ALL DEFENDANTS FOR PRETRIAL PURPOSES IS PROPER

The Voiceglo Defendants are properly joined under Rule 20(a). If, however, the Court find that Defendants are improperly joined, the Court should still deny the instant motion because consolidation of the Voiceglo and Vonage Defendants for all pretrial proceedings is otherwise proper. *See Magnavox,* 496 F .Supp. at 32 ("Here, however, consolidation for pretrial proceedings already has been found to be the proper course and severing [Defendants] would

deter the efficient and orderly pursuit of this litigation.") (internal citations omitted).  As noted in *Magnavox*, because consolidation is otherwise proper, severance is unnecessary notwithstanding the alleged misjoinder.

Consolidation of the claims is proper in order to reduce the burden on the Court and to ensure quick and efficient pretrial proceedings.  *See* Fed. R. Civ. P. 42(a).  A court has broad discretion to consolidate actions involving common questions of law or fact for trial or pretrial purposes if it will facilitate the administration of justice.  *Id.*; *Katz v. Realty Equities Corp. of New York,* 521 F.2d 1354, 1358 (2d Cir. 1975); *Mylan Pharmaceuticals Inc. v. Henney,* 94 F.Supp.2d 36, 43 (D.D.C. 2000) (consolidating patent actions for pretrial purposes); *Magnavox,* 496 F .Supp. at 32 ("Rule 42(a), however, also contemplates consolidation for purposes of particular segments of the litigation, such as pretrial proceedings.").  Consolidation may be ordered on the motion of a party or *sua sponte*, even over the objection of a party.  *See Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.,* 339 F.2d 673, 675 (3d Cir. 1964) (court may consolidate cases on its own initiative); *Mylan,* 94 F.Supp.2d at 44-45 (court may consolidation *sua sponte* over parties' objection); *Sage Products, Inc. v. Devon Industries, Inc.,* 148 F.R.D. 213, 215 (N.D.Ill. 1993) (parties do not have to consent to consolidation) (*citing* 9 C. Wright, A. Miller & E. Cooper, *Federal Practice* § 2383 (1986)).

Claims often are consolidated for the purpose of resolving pretrial matters to prevent duplication of effort and the delay and expense of proceeding with separate depositions and separate motion schedules.  *Sage Products,* 148 F.R.D. at 215 ("The enhanced efficiency of jointly handling the numerous, complex issues involved in these cases outweighs any possible inconvenience . . . that may result."); Fed. R. Civ. P. 42(a) ("Consolidation is proper to "avoid

1849269v2

unnecessary costs or delay."). Under Rule 42(a), consolidation of two actions is proper when "a common question of law or fact" exists.

### A. Common Issues Relating to Defendants' Defenses

The Voiceglo Defendants assert several affirmative defenses and counterclaims, including patent invalidity, estoppel and laches. The Vonage defendants also have plead these exact same affirmative defenses and counterclaims. As such, common factual issues as to the prior art, prosecution history, and enforcement of the patents-in-suit will exist for all defendants. *See Magnavox*, 496 F. Supp. at 32 ("[E]ach defendant is charged with infringing a valid patent. Thus, the validity of the patent is an issue relevant to each defendant."); *see also SRI Intern., Inc.*, 2005 WL 851126, at *3 ("Both [defendants] have asserted invalidity defenses that will require this court to consider the validity of the asserted patents. These defenses will require the court to determine the date of conception and reduction to practice, the relevance of prior art and the level of ordinary skill in the art. It would be an inefficient use of judicial resources for this court to perform all of these tasks twice . . . ."). Similarly, common legal issues will be raised concerning each of these defenses and counterclaims.

### B. Common Issues Relating to Claim Construction

"[I]n a case tried to a jury, the court has the power and obligation to construe as a matter of law the meaning of language used in the patent claim." *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 978-79 (Fed.Cir.1995) (*en banc*). If the cases were severed for pretrial purposes, judicial resources would be wasted on duplicative briefing, hearings and the construction of identical patent claims. Furthermore, "[b]esides being a duplicative use of scarce judicial resources, two claim constructions risk inconsistency, create greater uncertainty regarding the patent's scope, and impede the administration of justice." *MyMail*, 223 F.R.D. at

1849269v2

457 (internal citations omitted). Thus, a common question of law exists between all defendants as to the construction of the patents-in-suit.

### C. Common Efficiencies in Consolidated Pretrial Practice

Numerous courts have lauded the efficiency of consolidating the pretrial proceedings of claims relating to the same patents:

> On the other hand, pretrial consolidation will prevent duplicative efforts by the Court and counsel. Since the same patent is at issue in each of the actions, it is probable that the same documents and technical drawings will be solicited from plaintiffs. It is also likely that defendants will want to depose the same persons. Thus, efficiency will be promoted by co-ordinating discovery. Common briefing and hearing schedules can be set which will facilitate the supervision of discovery, and eliminate the need to consider like arguments more than once.

*Magnavox*, 496 F.Supp. at 33. *See also SRI Intern., Inc.,* 2005 WL 851126 at *3 ("It would be an inefficient use of judicial resources for this court to perform all of these tasks twice . . . ."). Similarly,

> [T]he questions to be decided in both suits are highly technical and closely intertwined. There is little logic in forcing the Court to educate itself on the intricate factual details and complex legal issues common to both suits on two occasions . . . both cases will undoubtedly involve a large number of the same witnesses, and the same documentary evidence and exhibits, thus raising the specter of inefficient and wasteful duplication.

*Rohm and Haas Company v. Mobil Oil Corporation*, 545 F.Supp. 1298, 1310 (D. Del. 1981). Consolidated pretrial treatment of the present case is absolutely essential to efficient management of the matter—both for the Court and the parties. To sever the pretrial proceedings, as requested by the Voiceglo Defendants, will result in duplication of depositions, claim construction consideration, validity determinations, etc. The Voiceglo Defendants cannot justify such an illogical approach.

- 10 -

Thus, the Court should deny the motion to sever, retain consolidated pretrial proceedings, and should address the issue of trial consolidation once that issue is ripe for adjudication on a fully developed factual record.

## IV.   CONCLUSION

For the reasons stated above, a determination on joinder is best left until discovery regarding the Defendants' infringing products/services has been completed.  Even if a determination on joinder is not premature, Defendants are properly joined under Rule 20(a).  Accordingly, the Voiceglo Defendants' motion should be denied.

In the event the Court determines the Defendants are improperly joined, Sprint respectfully requests that the Court maintain the consolidated pretrial proceedings pursuant to Rule 42(a) and withhold consideration of trial consolidation until the factual record is complete.

Dated:  January 13, 2006                           Respectfully submitted,

/s/  Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Adam P. Seitz, KS Bar No. 21059
Eric A. Buresh, KS Bar No. 19895
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS FOR PLAINTIFF
SPRINT COMMUNICATIONS COMPANY L.P.

1849269v2

- 12 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January, 2006 a copy of the above and foregoing was e-filed with the Court using the CM/ECF system which sent notification to the following:

James D. Oliver
Scott C. Nehrbass
Foulston Siefkin LLP
40 Corporate Woods Suite 1050
9401 Indian Creek Parkway
Overland Park, Kansas 66210

James W. Dabney
Henry C. Lebowitz
Malcolm J. Duncan
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attorneys for Defendants
theglobe.com and Voiceglo Holdings, Inc.

/s/ Adam P. Seitz _____
Attorney for Sprint Communications Company LP