**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THEGLOBE.COM, INC., ) | Case No. 05-2433-JWL |
| VOICEGLO HOLDINGS, INC., ) | |
| VONAGE HOLDINGS CORP., ) | JURY TRIAL DEMANDED |
| VONAGE AMERICA, INC.,, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S REPLY TO DEFENDANTS' COMBINED OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND/OR DISMISS CERTAIN AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Sprint Communications Company L.P. ("Sprint") hereby files its reply to Defendants Vonage Holdings Corp. and Vonage America, Inc.'s (collectively, "Vonage") Combined Opposition to Plaintiff's Motion to Strike and/or Dismiss Certain Affirmative Defenses and Counterclaims.

**I.    INTRODUCTION**

Despite its generalized allegation of "unenforceability," Vonage admits in its Response that it has no basis on which to plead inequitable conduct. *See* Response, at 2 ("Vonage is not pleading inequitable conduct at this stage."). Having admitted it has not pled inequitable conduct, Vonage suggests that the notice pleading standard of Rule 8(a) applies to its affirmative defense and counterclaim of unenforceability, and that Sprint should be forced to determine the nature of Vonage's unenforceability allegations through discovery. However, Vonage's affirmative defense and counterclaim of unenforceability are prejudicially vague and

1

fail to meet even the most liberal requirements of Rule 8(a). As such the unenforceability allegations should be stricken. Similarly, Vonage's affirmative defense of patent invalidity also is extremely vague and fails to provide fair notice as to the grounds upon which that defense rests.

## II. VONAGE'S AFFIRMATIVE DEFENSE AND COUNTERCLAIM OF UNENFORCEABILITY FAILS TO GIVE FAIR NOTICE UNDER RULE 8

Vonage asserts that its counterclaim and affirmative defense alleging unenforceability are not based in fraud and, therefore, should not be analyzed under the strict pleading standards of Rule 9. Based on Vonage's disavowal of inequitable conduct allegations, Rule 8 is the governing standard. Vonage's unenforceability allegations, however, fail to meet even the "fair notice" standard of Rule 8.

Under Fed. R. Civ. P. 8(a), a counterclaim and an affirmative defense must set forth a "short and plain statement" of the nature of the claim or defense. *Resolution Trust Corp. v. Thomas*, 1993 WL 501116 (D. Kan. November 18, 1993) (citations omitted). A "short and plain statement" is required so that the opposing party is afforded **fair notice** of what the asserted defense or claim is and **the grounds upon which it rests**. *Conley v. Gibson,* 355 U.S. 41, 47 (1957). Vonage has utterly failed to provide fair notice of its unenforceability allegations or the "grounds upon which [the allegations] rest." On the most basic level, Vonage's allegations are fatally insufficient and do not provide sufficient detail for Sprint even to formulate efficient discovery or otherwise prepare to rebut those allegations:

> In its First Affirmative Defense, Vonage pleads:
>
> Vonage is informed and believes that [Sprint's Patents], and each of the claims thereof, are invalid, void and/or unenforceable under **one or more of the sections of Title 35 of the United States Code**. *See* Doc. No. 13, Vonage Holdings' Answer and Counterclaims at p. 5. (emphasis added).

2

>In its Third Counterclaim, Vonage pleads:
>
>[Sprint's patents] are unenforceable **for one or more reasons in the above Affirmative Defenses**, which are incorporated herein by reference. *See* Doc. No. 13, at p. 8. (emphasis added).

Vonage's allegations of unenforceability do not provide Sprint with even a vague notion as to the nature or grounds supporting those allegations. Indeed, Vonage's first affirmative defense and third counterclaim are completely devoid of *any* supporting "grounds."

It is well-settled that "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." *Bryan v. Stillwater Board of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977); *see Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). This Court has held that "[Rule 8(a)] [] requires minimal factual allegations on those material elements that must be proved to recover." *Henderson v. Ojile*, 1997 WL 723432 (D.Kan. 1997) (internal citations omitted). Even the cases relied upon by Vonage are congruous with this holding and mandate significantly more disclosure than that provided in Vonage's allegations.

For example, in *Great Plains v. Metametrix*, 2004 WL 2491653 (D. Kan. 2004), this Court noted that the defendant's pleading outlined at least six "factual allegations [that] provide support for both a misuse defense and an unclean hands defense." 2004 WL 2491653, *2 (D. Kan. 2004). This Court found that the defendant's affirmative defense and counterclaim of unenforceability were proper because "[w]hen read as a complete document, the allegations satisfy [Rule 8]." *Id.* Indeed, the defendant in *Great Plains* alleged, through six separate paragraphs, specific grounds that supported its affirmative defenses. *See id.*, at *1. Based on these supporting allegations, the Court concluded that the defendant did more than "merely state [the legal theories of its allegations]." *Id.* Unlike the defendant in *Great Plains*, Vonage merely

3

states a legal theory.[1]  Moreover, unlike the defendant in *Metametrix*, Vonage's allegations of unenforceability do not contain one single supporting allegation *anywhere in the pleading*. "When read as a complete document," Vonage's allegation of unenforceability fails to provide even the most basic level of "fair notice" required by Rule 8.  Accordingly, Vonage's First Affirmative Defense and Counterclaim III, as they relate to unenforceability, do not meet the standards of Rule 8 and must be stricken.

### III. VONAGE'S VAGUE AND AMBIGUOUS RELIANCE ON PART II OF TITLE 35 IS LEGALLY INADEQUATE AND DOES NOT CONSTITUTE FAIR NOTICE

Vonage contends that the fair notice requirement of Rule 8 is satisfied by its overbroad allegation that the Sprint Patents are "invalid . . . under one or more of the sections of Title 35 of the United States Code."  Contrary to Vonage's assertion, courts have found this type of vague invalidity allegation to be "radically insufficient."  *See Qarbon.com, Inc. v. eHelp Corp*, 315 F.Supp.2d 1046, 1050 (N.D.Cal. 2004).  Vonage, however, fails to address *Qarbon* and, instead, erroneously suggests the *Qarbon* holding failed to contemplate Rule 8's liberal pleading standards.  To the contrary, the *Qarbon* court reached its decision only after carefully and expressly evaluating the "fair notice" standard of Rule 8.  *Id.*  As such, the rationale in *Qarbon* is fully applicable, particularly in light of the fact that Vonage's allegations are substantially less detailed than those in *Qarbon*.

Ignoring *Qarbon*, Vonage instead argues that the language of its invalidity allegations is "strikingly similar" to the language in *Pittway Corp. v. Fyrnetics, Inc*, 1992 U.S. Dist. LEXIS 12172 (N.D. Ill. 1992).  Vonage glosses over two glaring differences.  First, the defendant, in *Fyrnetics*, specifically alleged the patent-in-suit was invalid or void under Sec. 101,

---

[1] Sprint also contends that even the legal bases Vonage relies upon, namely <u>all 112 sections</u> of U.S.C. 35, are inadequate to provide requisite notice under Rule 8(a).  *See* Section III *supra*.

4

102, 103, 112, 115 and/or 116 of Title 35 of the U.S.C.[2]  Vonage, by comparison, alleges the patents-in-suit are invalid or void under all 112 sections of Title 35.  Second, and similar to Vonage's counterclaim, the *Fyrnetics* defendant outlined eight paragraphs of specific facts that supported its allegations of invalidity and unenforceability.  These specific facts included an identification, by name, of prior art as well as detailed facts regarding the times, dates, and names of people that supported its contentions.  *Id.* at \*5-7.  Other than vaguely referring to every section of 35 U.S.C., Vonage fails to provide even the most fundamental detail about its invalidity affirmative defense and counterclaim.  *Fyrnetics* does not support Vonage's hide-the-ball pleading tactics.

Vonage also relies on *Siuda v. Robertson Transformer Co.*, 1992 WL 79311 (D. Kan. 1992), for the proposition that its unusually vague pleadings are otherwise justified because discovery is available to Sprint.  However, the motion to strike the affirmative defenses in *Siuda* was rendered moot because subsequent pleadings made the substance of the defense clear.  *Id.* at \*9-10.  Here, even though the deficiencies in its pleadings have been identified and voluntary redress was possible, Vonage has refused to cure the identified deficiencies.  Vonage's preferred approach of shrouding its defenses in ambiguity cannot be supported by a reasonable application of the Rule 8 standards.

Furthermore, it is prejudicial and unfair to force Sprint to undertake significant discovery to rule out numerous defenses that Vonage already is fully aware are inapplicable.  *See National Union Fire Ins. Co. of Pittsburgh, Pa. v. Continental Illinois*, 658 F.Supp. 775, 778 (N.D. Ill. 1987) ("Just how discovery responses can cure threshold pleading defects is another unexplained mystery . . . .").  Discovery is, of course, available to obtain details about *sufficiently*

---

[2] Even this generalized pleading is radically insufficient under *Qarbon*, though it is significantly more detailed then Vonage's allegation of invalidity.

*pled* allegations. *See e.g. Kindergartners Count, Inc. v. Demoulin*, 171 F.Supp.2d 1183 (D.Kan.2001) ("It states sufficient facts as to provide defendants with fair notice of the [] claim and as to enable them to draft a responsive pleading. Other details of plaintiff's [] claim may be obtained by discovery.") (internal citations omitted). But in the absence of fair notice, the availability of discovery is irrelevant. Vonage's apparent desire to leave all options open by pleading as broadly as possible is incongruous with even the most liberal interpretation of Rule 8.

Vonage has not and cannot justify its skeletal pleadings. Sprint should not be prejudiced by Vonage's attempts to avoid the provision of any specific allegations in support of its defenses. Such attempts are simply unsupportable by reference to the "fair notice" standards of Rule 8. As such, Vonage's affirmative defense and counterclaim of invalidity should be stricken.

## IV.  CONCLUSION

For the foregoing reasons, Vonage's First Affirmative Defense alleging the patents are invalid, void and/or unenforceable should be stricken, and Vonage's Counterclaim III that the Sprint Patents are unenforceable should be dismissed.

Respectfully Submitted,

Dated:  January 17, 2006                SHOOK, HARDY & BACON L.L.P.

/s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Adam P. Seitz, KS Bar No. 21059
Eric A. Buresh, KS Bar No. 19895
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS FOR PLAINTIFF

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of January, 2006 a copy of the above and foregoing was e-filed with the Court using the CM/ECF system which sent notification to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, MO 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608


/s/ Adam P. Seitz_____
Attorney for Sprint Communications Company LP