IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.,   )
                                      )
                    Plaintiff,        )   Case No. 05-2433 JWL
                                      )
        - against -                   )
                                      )
THEGLOBE.COM, INC.,                   )
VOICEGLO HOLDINGS, INC.,              )
VONAGE HOLDINGS CORP., and            )
VONAGE AMERICA, INC.,                 )
                                      )
                    Defendants.       )

**REPLY MEMORANDUM OF DEFENDANTS THE GLOBE.COM, INC.
AND VOICEGLO HOLDINGS, INC. IN SUPPORT OF MOTION TO DROP
<u>MISJOINED PARTIES AND SEVER CLAIMS FOR SEPARATE PROCEEDINGS</u>**

Defendants Theglobe.com, Inc. ("TGCI") and Voiceglo Holdings, Inc. ("Voiceglo") respectfully submit this reply memorandum in support of their pending motion for an Order (a) dropping TGCI and Voiceglo from this action and (b) severing plaintiff's claims against TGCI and Voiceglo for separate proceedings pursuant to Fed. R. Civ. P. 20(a), 20(b), 21.

In its opposition filed January 13, 2006 ("Pltf. Mem."), the plaintiff does not even argue that there is any connection or affiliation between TGCI and Voiceglo and the other two named defendants (the "Vonage Defendants") or that there is any concerted, joint, or even coordinated action by or among the four (4) defendants that could reasonably be characterized as "the same transaction, occurrence, or series of transactions or occurrences" for purposes of Rule 20(a).

Plaintiff emphasizes that it is asserting "the same patents against all defendants" (Pltf. Mem. at 1) with the result that at some level of abstraction, a "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). But <u>in</u> <u>addition</u> <u>to</u> requiring a

question of fact or law common to all defendants, Rule 20(a) permits joinder of claims against multiple defendants only where a plaintiff asserts against <u>all</u> defendants "jointly, severally, or in the alternative, [a] right to relief in respect of or arising out of <u>the same</u> transaction, occurrence, or series of transaction or occurrences." Fed. R. Civ. P. 20(a) (emphasis added). The First Amended Complaint in this case plainly violates TGCI's and Voiceglo's rights as litigants under this second, "sameness" condition for joinder of multiple defendants.

Plaintiff's unsupported assertion that telecommunications services offered by Voiceglo and, allegedly, TGCI,[1] are "similar" to services offered by the Vonage Defendants (Pltf. Mem. at 1-2), is simply extraneous to the "same transaction" requirement of Rule 20(a). The overwhelming weight of authority holds that:

> [T]he fact that two parties may manufacture or sell similar products, and that their sale or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).

*Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) (granting motion to sever).[2]

---

[1]   TGCI is the corporate parent of Voiceglo and does not itself trade with the public.

[2]   *See, e.g.,. Multi Tech Sys., Inc. v. Net2Phone, Inc.*, 2000 U.S. Dist. LEXIS 22683, at *21-25 (D. Minn. 2000) (granting motion to sever; "[i]n the patent infringement context, courts sever defendants that are separate companies that independently design, manufacture and sell products in competition with each other") (quoting *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998)); *Electronic Trading Sys., Corp. v. Board of Trade*, No. 3:99-CV-1016-M (N.D. Tex. Sept. 18, 2000) (granting motion to sever in patent case; "[e]ach defendant is a separate entity utilizing separate and distinct electronic trading systems at different locations"); *Androphy*, 31 F. Supp. 2d at 623 (granting motion to sever; "claims of infringement against unrelated defendants, involving different machines, should be tried separately against each defendant") (quoting *New Jersey Mach. Inc. v. Alford Indus. Inc.*, 21 U.S.P.Q.2d 2033, 2034-35 (D.N.J. 1991), *aff'd mem.*, 983 F.2d 1087 (Fed. Cir. 1993)); *Paine Webber, Jackson & Curtis, Inc. v. Merrill, Lynch, Pierce Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1371 (D. Del. 1983) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction"; granting motion to dismiss "third party

In the face of overwhelming authority and the plain language of Rule 20(a) supporting a grant of the within motion, plaintiff makes three basic arguments: First, plaintiff asserts that the Court should simply not decide the merits of TGCI's and Voiceglo's motion, on the basis that the motion purportedly is "premature" (Pltf. Mem. at 2-3). Second, plaintiff urges the Court to reject the *Pergo* line of authority in favor of a pair of district court cases[3] whose interpretation of Rule 20(a) is directly contrary to the majority view and erroneously conflates the two distinct requirements for joining unrelated defendants under Rule 20(a) (Pltf. Mem. at 5-6).[4] Finally, plaintiff asserts that "even if defendants are improperly joined" (Pltf. Mem. at 7), the Court should *sua sponte* take up the merits of a hypothetical, as yet unfiled motion for consolidation of the within action with an as yet unfiled independent action[5] that plaintiff might elect to file in the future (Pltf. Mem. at 7-11).

Plaintiff's arguments are treated in turn.

I. **TGCI AND VOICEGLO ARE MISJOINED AS DEFENDANTS**

　　A. **TGCI's and Voiceglo's Motion Is Not "Premature"**

Plaintiff argues that the Court should delay ruling on the merits of TGI's and Voiceglo's motion for an indefinite period, so that plaintiff can "explore, through discovery, any potential

---

　　　　complaint" filed by declaratory judgment defendant that attempted to sue unrelated parties for alleged infringement of a single patent).

[3]　*SRI Int'l Inc. v. Internet Security Sys., Inc.,* 2005 WL 851126 (D. Del. Apr. 13, 2005); *MyMail Ltd. v. AmericaOnline, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004).

[4]　Plaintiff also relies on non-patent cases whose facts are in no way analogous to those presented here (Pltf. Mem. at 4).

[5]　*See Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496-97 (1933) (consolidation "does not merge the suits into a single case, or change the rights of the parties, or make those who are parties in one suit parties in another").

3

differences in the accused product/services of the various defendants" (Pltf. Mem. at 2). Plaintiff's argument is groundless for several reasons.

TGCI's and Voiceglo's motion is addressed to a facial defect in the First Amended Complaint. This plaintiff clearly does not require discovery in order to demonstrate to this Court some factual basis for its having filed a pleading that purports to make TGCI and Voiceglo parties to purported claims for patent infringement that plaintiff has asserted against the Vonage Defendants. Plaintiff's opposition is unsupported by any affidavit or other basis on which the Court could conclude that the "sameness" requirement of Rule 20(a) is met in this case.

This is not a case in which a plaintiff theorizes that defendants have jointly participated in a "transaction, occurrence, or series of transactions or occurrences" and seeks discovery to support an allegation made in the Complaint. Rather, plaintiff seeks delay for the sake of discovery into the details of telecommunications apparatus utilized by wholly independent and unrelated competitors so that plaintiff can then later, potentially, point to some "commonality" that plaintiff cannot now identify (Pltf. Mem. at 3).

The issue before the Court now, however, is not how many questions of fact or law this plaintiff might be able, at some point, to characterize as "common" to its claims against the defendants, but whether plaintiff's First Amended Complaint asserts against all defendants "jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). Plaintiff makes no suggestion that it seeks discovery with respect to the "sameness" issue that controls determination of the within motion.

TGCI and Voiceglo have moved promptly for relief under Rules 20(b) and 21 so as to minimize any burden or delay that might otherwise flow from the plaintiff's plain violation of

4

defendants' rights under Fed. R. Civ. P. 20(a). The delay requested by plaintiff would subject TGCI and Voiceglo to the very prejudice and loss of right that Rule 20(a) exists to protect. TGCI's and Voiceglo's motion is in no way "premature." The merits of that motion can and should be decided now.

### B. The First Amended Complaint Does Not Meet the "Sameness" Requirement of Rule 20(b)

The issue raised by TGCI's and Voiceglo's motion is whether, on the face of the First Amended Complaint, "there is asserted against [defendants] jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a).

On its face, the First Amended Complaint does not identify by date, time, or in any other respect, any particular "transaction," "occurrence," or "series of transactions or occurrences" that is alleged to give rise to any "right to relief" against all four named defendants "jointly, severally, or in the alternative." To the contrary, the First Amended Complaint seeks damages arising from completely unrelated transactions and occurrences participated in by completely unrelated defendants. Whatever may be the basis of plaintiff's pleaded "right to relief" against TGCI and Voiceglo, that right to relief has nothing whatsoever to do with the Vonage Defendants and exists completely independently of, and is not affected in any way by, any activity of the Vonage Defendants or any right to relief that this plaintiff may have against the Vonage Defendants.

In arguing that its First Amended Complaint is compliant with Rule 20(a), plaintiff urges this Court to reject not just the holdings and reasoning of all of the numerous authorities cited and relied on by TGCI and Voiceglo (*see* note 2 and accompanying text *supra*), but even the reasoning of authority cited by plaintiff itself. In *Magnavox Co. v. APF Elecs., Inc.*, 496

5

F. Supp. 29 (N.D. Ill. 1980), a case cited by plaintiff (Pltf. Mem. at 2), the court <u>rejected</u> the very argument for joinder of unrelated patent co-defendants that plaintiff makes here:

> Plaintiffs argue that the similarity of products sold by Sears and Wards is sufficient to satisfy the same transaction or occurrence test of Rule 20(a).
>
> The complaint, however, is devoid of allegations concerning any connection between the television games Fairchild sold to Wards and Sears sold, except that they are all alleged to infringe plaintiffs' patent . . . . Similarly, there is no indication on this record that the development, marketing or sales efforts involving the different products are related in any way. Therefore, plaintiffs are not asserting "any right to relief . . . arising out of the same transaction, occurrence, or series of transactions or occurrences" against all defendants. Fed. R. Civ. P. 20(a).
>
> Normally, where joinder is improper, separate actions can be initiated and later consideration will be given to the possibility of consolidation under Fed. R. Civ. P. 42(a).

496 F. Supp. at 34.

*Magnavox* is thus authority that supports TGCI's and Voiceglo's position, not the plaintiff's. The proper remedy for plaintiff's misjoinder is an order dropping TGCI and Voiceglo from this action and permitting the plaintiff to file an amended complaint to comply with Rule 20(a). As described in Part II, *infra*, it is premature and inappropriate to consider a hypothetical motion to consolidate aspects of the within action with an as yet unfiled separate action against TGCI and Voiceglo that plaintiff may never file.[6]

Plaintiff relies heavily on *MyMail Ltd. v. AmericaOnline, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004). The district court in *MyMail* expressly declined to follow the numerous decisions cited and relied on by TGCI and Voiceglo here. 223 F.R.D. at 456-57. *MyMail* also rejects the

---

[6] In *Magnavox,* the plaintiff had filed three separate actions and by the time the misjoinder issue was raised, the court already ruled on motions to consolidate under Rule 42(a). No such situation is presented here.

reasoning of the *Magnovox* case quoted above. Both in reasoning and result, the *MyMail* decision is aberrant and should not be followed.[7]

Plaintiff also relies on *SRI Int'l, Inc. v. Internet Security Sys., Inc.*, 2005 WL 851126 (D. Del. Apr. 13, 2005). Without citing any authority, the court in *SRI* held that the existence of common questions of law or fact in patent infringement claims asserted against unrelated defendants justify joinder under Rule 20(a). 2005 WL 851126 at *4. TGCI and Voiceglo respectfully submit that this conclusion is contrary to the text of Rule 20(a) and the better reasoned authority cited in note 2 and accompanying text *supra*.

Aside from the *MyMail* and *SRI* cases, plaintiff relies on authorities applying Rule 20(a)'s requirements to fact situations that are not at all analogous to the claims that plaintiff seeks to litigate in a single action here. For example, plaintiff cites and relies on civil rights and employment discrimination cases in which multiple individuals were permitted to join as

---

[7]   The court in *MyMail* appeared to conflate the separate "same transaction" and "common question" conditions for proper joinder under Rule 20(a). In ruling that wholly unrelated rights to relief could be asserted in one action against wholly unrelated defendants, the *MyMail* court stated: "There is a nucleus of operative facts or law in the claims against all the defendants and, <u>therefore</u>, the claims against the UOL Defendants do arise out of the same series of transactions or occurrences as the claims against the other defendants." 223 F.R.D. at 457 (emphasis added). Contrary to this decision, the existence of a "nucleus of operative facts" says nothing about whether a pleading asserts a right to relief against multiple defendants "in respect of or arising out of <u>the</u> <u>same</u> transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a) (emphasis added). Claims for patent infringement arise from acts of making, using, offering for sale, or selling a patented invention. 35 U.S.C. § 271(a). Where defendants are competitors and independently market and sell independently developed products, it simply cannot be said, in any coherent sense, that a plaintiff's right to relief as to a defendant A arises out of "the same transaction, occurrence, or series of transactions or occurrences" as does its right to relief against an unrelated defendant B.

*MyMail* relied heavily on *Hanley v. First Investors Corp.,* 151 F.R.D. 76 (E.D. Tex. 1993), in which multiple fraud victims of a single securities broker were permitted to join as plaintiffs in a single action. Such a case -- where one actor inflicts injury on multiple victims -- is simply not analogous to an action for patent infringement against unrelated defendants engaged in independent business activities under circumstances unique to each of them.

7

plaintiffs claiming to be the victims of a single pattern of racial discrimination or other wrongful conduct perpetrated by agents of a single defendant.[8]  These cases not only provide no support for plaintiff's position, but underscore just how different the present case is from those cited and relied on by the plaintiff.

*DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630 (D. Kan. 2004), is also factually very distinguishable from the present case.  In *DIRECTV,* the plaintiff alleged that various defendants used "identical or nearly identical" devices to intercept particular satellite signals originated by the plaintiff.  220 F.R.D. at 632.  In sharp contrast, there is no claim here of defendants physically intercepting a particular known signal originated by the plaintiff.  A case involving simple theft of satellite services is far afield from the present litigation or patent litigation in general.

Given that plaintiff's alleged rights to relief against TGCI and Voiceglo are entirely independent of any rights to relief that plaintiff may have against the Vonage Defendants and would be the same if the Vonage Defendants had never existed, the plaintiffs effectively ask the Court to read the "sameness" requirement out of Rule 20(a) completely as follows (strikeouts added):

> All persons . . . may be joined in one action as defendants ~~if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and~~ if any question of law or fact common to all defendants will arise in the action.

Plaintiff asserts that this case purportedly "is replete with common issues of law and fact" (Pltf. Mem. at 4) and from this premise plaintiff asserts that its claims against the defendants

---

8    *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974); *Lott v. Eastman Kodak Co.*, 1999 WL 242688 (N.D. Tex. Apr. 16, 1999); *Roe v. City of New York*, 151 F. Supp. 2d 495 (S.D.N.Y. 2001).

purportedly arise out of the "same transaction, occurrence, or series of transactions or occurrences." On plaintiff's reasoning, any set of claims involving a common issue of law or fact would, *ipso facto*, be a "series of transactions." The overwhelming weight of authority, and by far the better reasoned authority, rejects the plaintiff's proposed interpretation of Rule 20(a).

Contrary to plaintiff's apparent contention (Pltf. Mem. at 6-7), TGCI's and Voiceglo's rights as litigants under Fed. R. Civ. P. 20(a) are defined in the rule itself. If the First Amended Complaint in this case violates the limits on joinder prescribed by Rule 20(a), that violation is rendered no less by plaintiff's suggestion that TGCI and Voiceglo have purportedly failed to offer "cognizable justification" (Pltf. Mem. at 6) for insisting that their rights under Rule 20(a) be respected.

The terms of Rule 20(a) are quite clear: Where a plaintiff has claims arising from unrelated transactions involving unrelated defendants, they cannot be joined in one action but must be placed in separate actions. Persons accused of patent infringement cannot reasonably be required to participate in unrelated patent disputes involving unrelated parties, or to have their defenses confused and commingled with unrelated claims against persons over whom they have no control, and whose equities may be entirely different.

TGCI and Voiceglo have brought this motion because, in the judgment of their counsel, they will be exposed to significant and unwarranted expense and prejudice if TGCI and Voiceglo must participate as parties to the plaintiff's dispute with the Vonage Defendants which has nothing to do with TGCI and Voiceglo. This prejudice will include deposition discovery of Vonage and third-party personnel involving transactions and events having nothing to do with TGCI and Voiceglo but which, in the absence of the requested relief, would potentially yield evidence that could impact any trial of this action.

9

It is not open to this plaintiff to question the purpose or policy behind the joinder limits of Rule 20(a). The terms of Rule 20(a) plainly limit the extent to which defendants in federal court may be lumped in with other parties with whom they have no connection whatsoever. This large corporate plaintiff can well afford what minor inconvenience or incremental expense may attend compliance with Rule 20(a) and a separate action whose subject matter is confined to whatever transactions, occurrences, or series of transactions or occurrences are alleged to give rise to plaintiff's claims against TGCI and Voiceglo. Purported efficiencies and economies, standing alone, are simply not a basis for joining unrelated defendants on unrelated claims under Rule 20(a).

## II.  THE COURT SHOULD SEVER PLAINTIFF'S CLAIMS AGAINST TGCI AND VOICEGLO FOR SEPARATE PROCEEDINGS

The proper remedy for the plaintiff's misjoinder is an order dropping TGCI and Voiceglo from this action and permitting the plaintiff to file an amended complaint naming them alone, if it so elects. Plaintiff has filed no motion under Fed. R. Civ. P. 42(a) and it is, thus, inappropriate and premature to address the merits of such a hypothetical motion at this time.

The Court should thus give no consideration to plaintiff's alternative argument (Pltf. Mem. at 7-11) that if the First Amended Complaint wrongly joins TGCI and Voiceglo as defendants, the Court should *sua sponte* proceed to determine whether, in the particular circumstances, certain matters in plaintiff's as yet unfiled separate action against TGCI and Voiceglo should be "consolidated" with corresponding matters in the present action under Fed. R. Civ. P. 42(a).

Plaintiff has yet to identify the factual basis of its claims of infringement against TGCI or Voiceglo. There is no basis, at this time, for believing that common questions of fact or law will predominate over party-specific facts relating to infringement, willfulness, damages, or other

10

issues pleaded in this case. It is wholly speculative whether consolidation would save or, as TGCI and Voiceglo believe, needlessly burden them and the Court with an unwieldy multi-party action in which parties are forced to participate in proceedings and litigate issues that may or may not be relevant to their particular situations.

## CONCLUSION

For the reasons set forth above, and in TGCI's and Voiceglo's opening papers, the Court should issue an order dropping TGCI and Voiceglo from this action and severing the plaintiff's claims against them for separate proceedings.

Dated: January 27, 2006

                FOULSTON SIEFKIN LLP

                By: /s/ James D. Oliver
                    James D. Oliver (#8604)
                    Scott C. Nehrbass ( #16285)
                40 Corporate Woods, Suite 1050
                9401 Indian Creek Parkway
                Overland Park, Kansas 66210
                Telephone: 913-498-2100
                Fax: 913.498.2101
                Email: joliver@foulston.com
                Email: snehrbass@foulston.com

James W. Dabney (admitted pro hac vice)
Henry C. Lebowitz (admitted pro hac vice)
Malcolm J. Duncan (admitted pro hac vice)
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: 212.859.8000
Fax: 212.859.4000
Email: dabnejam@ffhsj.com
Email: lebowhe@ffhsj.com
Email: duncama@ffhsj.com

ATTORNEYS FOR DEFENDANTS
THEGLOBE.COM, INC. and VOICEGLO
HOLDINGS, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this **27th** day of **January, 2006**, I electronically filed the above and foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

B. Trent Webb
bwebb@shb.com
Adam P. Seitz
aseitz@shb.com
Eric A. Buresh
eburesh@shb.com
Shook Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108-2613

ATTORNEYS FOR PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.

Don R. Lolli
dlolli@dysarttaylor.com
Patrick J. Kaine
pkaine@dysarttaylor.com
Dysart Taylor Lay Cotter & McMonigle, P.C.
4420 Madison Avenue
Kansas City, MO  64111

Patrick D. McPherson
pdmcpherson@duanemorris.com
Patrick C. Muldoon
pcmuldoon@duanemorris.com
Barry Golob
bgolob@duanemorris.com
Duane Morris, LLP
1667 K Street, N.W.
Washington, DC 20006-1608

ATTORNEYS FOR DEFENDANT VONAGE HOLDINGS CORPORATION AND VONAGE AMERICA, INC.

                                            /s/ James D. Oliver

524575.1