### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) | |
| ) | |
| Plaintiff, ) | Case No. 05-2433 JWL |
| ) | |
| - against - ) | |
| ) | |
| THEGLOBE.COM, INC., ) | |
| VOICEGLO HOLDINGS, INC., ) | |
| VONAGE HOLDINGS CORP., and ) | |
| VONAGE AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendant Voiceglo Holdings, Inc. ("Voiceglo") respectfully submits this memorandum in opposition to plaintiff's motion filed January 17, 2006 ("Pltf. Mot.") for a Protective Order against the taking of plaintiff's own deposition pursuant to Fed. R. Civ. P. 30(b)(6) with respect to transactions and events lying at the core of the plaintiff's claims in this lawsuit.

Specifically, the plaintiff seeks to avoid having to make a designation under Rule 30(b)(6) or to answer any deposition questions with respect to (a) the preparation and filing of the seven (7) patent applications that matured into the patents that plaintiff is asserting in this lawsuit, or (b) the preparation and filing of amendments to claims made in those patent applications (Pltf. Mot. at 1-2). Plaintiff puts forward two arguments in support of its extraordinary request, neither of which has any merit.

First, plaintiff asserts that "the only potential designees are former and/or present in-house Sprint attorneys who have extensive involvement in the present litigation" (Pltf. Mot. at 2). That is to say, plaintiff seeks to block deposition discovery of individuals who personally

participated in transactions and events giving rise to this action, because at plaintiff's behest, those same unnamed present or former employees are now "actively advising Sprint in the current litigation" (Declaration of Harley Ball, sworn to January 17, 2006 [hereinafter "Ball Decl."] ¶ 3). On authority, deposition discovery of a corporate party cannot be so easily evaded (Part I, infra).

Alternatively, plaintiff asserts a blanket claim of attorney-client and work product privileges with respect to any and every question that might be asked of its Rule 30(b)(6) designees (Pltf. Mot. at 4-9). Contrary to plaintiff's unsupported assertion, persons who prepare and prosecute patent applications frequently have personal knowledge of discoverable information, including their own self-directed conduct. The Court should overrule plaintiff's wholly unsupported, blanket claims of privilege with respect to as yet unasked deposition questions, without prejudice to plaintiff's right to object to particular questions (Part II, infra).

**ARGUMENT**

**I.     PLAINTIFF CANNOT EVADE DEPOSITION DISCOVERY BY HAVING POTENTIAL DEPONENTS ASSIST OUTSIDE TRIAL COUNSEL.**

Plaintiff first asserts (Pltf. Mot. at 2-3) that the within motion is purportedly governed by case law dealing with depositions of "opposing counsel." *Mike Dymon, Inc.*, 169 F.R.D. 376, 379 (D. Kan. 1996). The contention is erroneous at several levels.

In the first place, Voiceglo seeks to depose the plaintiff, not "opposing counsel." At issue here is a Notice of Deposition issued to a party pursuant to Rule 30(b)(6), not a subpoena issued to "opposing counsel."

Second, the matters identified in the Notice of Deposition are transactions and events that occurred long prior to the commencement of this action and were participated in and witnessed by employees of this plaintiff. None of those employees has made an appearance in this action

as counsel for the plaintiff; plaintiff asserts only that present and former in-house patent attorneys are "actively advising" the plaintiff (Ball Decl. ¶ 3).

Further, even if the plaintiff did elect to have present or former in-house patent prosecution counsel make an appearance in this action, such self-serving conduct would not permit plaintiff to shield those individuals from otherwise permissible deposition discovery:

> When a party employs counsel to represent it in a case where an attorney has played a role in the underlying facts, both the attorney and the party have every reason to expect that the attorney's deposition may be requested. . . . The court is unwilling to preclude plaintiff from discovery of facts which may be relevant in this case simply because defendant has chosen [the attorney] to represent it as counsel in this matter notwithstanding his personal knowledge of the underlying facts which are related to the action.

*United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 249-50 (D. Kan. 1995).

The rule is the same in patent litigation. In *Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687 (D. Kan. 1990), the court rejected a motion to prohibit the deposition of an attorney who prosecuted the patent-in-suit, notwithstanding the attorney's status as plaintiff's litigation counsel. 132 F.R.D. at 689-90. Similarly, in *Alcon Labs, Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340 (S.D.N.Y 2002), the court ordered a lawyer who had prosecuted a patent to submit to deposition notwithstanding that (unlike the present case) the proposed deponent actually was a litigant's lead trial counsel, saying:

> [A] patent attorney cannot avoid being deposed simply because he is later selected to act as trial counsel in an infringement action concerning the very patent he helped to prosecute.

*Id*. at 344-45. *See also aaiPharma, Inc. v. Kremers Urban Development Co.*, 361 F. Supp. 2d 770, 775 (N.D. Ill 2005) ("it would be unfair to accused patent infringers if patentees could

shield potentially harmful discovery related to their knowledge of prior art merely by using their prosecution counsel, or patentability opinion counsel, as trial counsel").

In the present case, the individuals who prepared, filed, and amended the patent applications in question are <u>not</u> trial counsel for the plaintiff and have not even been identified by the plaintiff in its motion.  Plaintiff asserts only that "each of these individuals is actively advising Sprint in the current litigation" (Ball Decl. ¶ 3).  Whatever special limitations may apply to depositions of a patent litigant's trial counsel, this plaintiff cannot evade deposition discovery of knowledgeable current or former employees who participated in and witnessed events that form the basis of plaintiff's purported claims in this case, merely because those witnesses assertedly are "advising" the plaintiff "in" this case.

## II.   PLAINTIFF'S BLANKET ASSERTIONS OF PRIVILEGE ARE UNSUPPORTED AND BASELESS.

Plaintiff alternatively argues (Pltf. Mot. at 4-10) that the Court should prohibit Voiceglo from deposing the plaintiff with regard to any of the matters identified in the Rule 30(b)(6) Notice of Deposition, on the purported basis that any and all questions in those matters would supposedly be objectionable on grounds of privilege.  The contention is insupportable.

As plaintiff notes (Pltf. Mot. at 4), the individual named as "inventor" in the subject applications died long before any of the subject applications was filed.  It is, thus, wholly irrelevant that communications between inventors and patent counsel may be privileged as plaintiff contends (Pltf. Mot. at 4-8).  The discovery here concerns the apparently self-directed conduct of the plaintiff itself and its employees in preparing, filing, and amending certain patent applications that were publicly filed.  Voiceglo has no need to delve into non-existent communications with a long-deceased inventor in order to obtain discovery of the circumstances giving rise to the subject applications, their altered contents, and their timing.

Plaintiff's assertion that its patent prosecution counsel's activities are immune from discovery as "work-product" (Pltf. Mot. at 8-9) is groundless. "The work product immunity has been held not to apply to the preparation of a patent application for the reason that it is too distant in time to be considered as having been made 'in anticipation' of litigation." *McNeil-PPC, Inc. v. Procter & Gamble Co.*, 136 F.R.D. 666, 671 (D. Colo. 1991) (quoting *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co.*, 132 F.R.D. 204, 212 (N.D. Ind. 1990)). *Accord TeKnowledge Corp. v. Akamai Techs., Inc.*, No. C 02-5741, 2004 WL 2480705 at *2 (N.D. Cal. 2004) ("work product doctrine does not apply to an attorney's activities in preparing and prosecuting a patent application, but only to activities performed in anticipation of litigation"); *In re Gabapentin Patent Litigation*, 214 F.R.D. 178, 184 (D.N.J. 2003) ("[g]enerally, work performed by an attorney to prepare and prosecute a patent does not fall within the parameters of the work product protection . . . since the prosecution of [a] patent is a non-adversarial, *ex-parte* proceeding.") (quoting *In re Minebea Corp.*, 143 F.R.D. 494, 499 (S.D.N.Y. 1992)); *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer Inc.*, 45 U.S.P.Q.2d 1775, 1779 (S.D.N.Y. 1998) ("generally work performed by an attorney to prepare and prosecute a patent application does not fall within the parameters of the work-product protection") (quoting *Minebea*, 143 F.R.D. at 499).

Here, the subject patent applications were filed at various times between May 20, 1998 and August 5, 2002. Plaintiff has made no showing that these various applications were prepared "in anticipation of litigation." Further, plaintiff's speculation concerning unasked deposition questions is not a proper basis for refusing to attend a deposition at all:

> The court will ordinarily decline a motion for protective order or to quash a subpoena, based on the contention that the information sought is protected by the attorney-client privilege or work product doctrine. Instead the court

-5-

>requires the deponent to appear for the deposition and there raise any objections. Counsel then has an opportunity to explore background facts concerning the privilege, and the deponent can substantiate any objections.

*Hay & Forage*, 132 F.R.D. at 689.

Hence even assuming, for purposes of argument, plaintiff had some basis for objecting to deposition discovery of individuals who participated in the preparation, filing, and amendment of the patent applications at issue in this case, it would be inappropriate to bar the proposed deposition altogether. Plaintiff is fully capable of instructing its designees to decline to answer questions if plaintiff considers that a particular question invades an applicable privilege.

## **CONCLUSION**

Plaintiff's motion for a Protective Order should be denied in all respects.

Dated:   January 31, 2006

>FOULSTON SIEFKIN LLP
>
>By:   */s Scott C. Nehrbass*
>      James D. Oliver (#8604)
>      Scott C. Nehrbass ( #16285)
>40 Corporate Woods, Suite 1050
>9401 Indian Creek Parkway
>Overland Park, Kansas 66210
>Telephone: 913-498-2100
>Fax:        913.498.2101
>Email:  joliver@foulston.com
>Email:  snehrbass@foulston.com

-7-

        James W. Dabney (admitted pro hac vice)
        Henry C. Lebowitz (admitted pro hac vice)
        Malcolm J. Duncan (admitted pro hac vice)
        FRIED, FRANK, HARRIS, SHRIVER
         & JACOBSON LLP
        One New York Plaza
        New York, New York 10004
        Telephone:  212.859.8000
        Fax:            212.859.4000
        Email:  dabnejam@ffhsj.com
        Email:  lebowhe@ffhsj.com
        Email:  duncama@ffhsj.com

        ATTORNEYS FOR DEFENDANTS
        THEGLOBE.COM, INC.
        and VOICEGLO HOLDINGS, INC.

524642.2