IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THEGLOBE.COM, INC., ) | Case No. 05-2433-JWL |
| VOICEGLO HOLDINGS, INC., ) | |
| VONAGE HOLDINGS CORP., ) | JURY TRIAL DEMANDED |
| VONAGE AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**<u>SPRINT COMMUNICATIONS COMPANY L.P.'S MOTION FOR ENTRY OF A PROTECTIVE ORDER GOVERNING DISCOVERY THAT INCLUDES AN IN-HOUSE COUNSEL PROVISION AND BRIEF IN SUPPORT</u>**

Sprint Communications Company L.P. ("Sprint") respectfully submits this motion for entry of a Protective Order governing discovery that includes a provision to allow disclosure of items designated under the Protective Order to be disclosed to in-house counsel. For the reasons described below, such a provision will facilitate a speedy and just resolution of this case.

**I.      INTRODUCTION AND FACTUAL BACKGROUND**

As an initial matter, the parties have agreed on the necessity of a protective order to govern discovery in this case. In fact, with the exception of the in-house counsel provision of paragraph 7.3(b), the parties have agreed to every paragraph of the Stipulated Proposed Order.[1]

---

[1] The parties have discussed this motion and the Defendants will respond as to the inclusion of paragraph 7.3(b) in the time and manner provided by Local Rule 6.1(d) unless the Court instructs otherwise.

1

1882896v3

The Stipulated Proposed Order is attached hereto as Exhibit A with the specific provision in dispute, paragraph 7.3(b), indicated in bold type.[2]

The parties propose a blanket protective order providing two levels of protection: "Confidential" and "Highly Confidential—Attorneys' Eyes Only." See Ex. A ¶ 5. Paragraph 7.3 of the Stipulated Proposed Order lists the classes of people to whom "Highly Confidential—Attorneys' Eyes Only" information may be disclosed. Sprint seeks the inclusion of paragraph 7.3(b), which allows properly identified in-house counsel to view "Highly Confidential—Attorneys' Eyes Only" information. Defendants, however, seek a more restrictive protective order that would prevent <u>any</u> in-house counsel from viewing "Highly Confidential" information under <u>any</u> circumstance. As demonstrated below, Defendants' position is unreasonable and contrary to well-established law.

## II.    STATEMENT OF QUESTION PRESENTED

Whether, in order to facilitate settlement discussions and a just and speedy resolution of this case, the protective order governing discovery in this lawsuit should include a provision allowing a party to disclose "Highly Confidential—Attorney's Eyes Only" documents to the party's in-house counsel,[3] provided the party first notifies the designating party of its intent to disclose such documents to specifically identified in-house counsel, thereby giving the designating party an opportunity to object.

## III.    ARGUMENT

Defendants bear the burden to show good cause for restricting all documents designated "Highly Confidential—Attorney's Eyes Only" from review by in-house counsel.

---

[2] Sprint has also submitted a copy of Exhibit A in Microsoft Word format to chambers as required by the Court's Guidelines for Protective Orders.
[3] Referred to as "House Counsel" in the Protective Order.

*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).  "To establish good cause, [the] party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"  *Day v. Sebelius*, 227 F.R.D. 668, 677 (D. Kan. 2005) (quoting *Bryan v. Eichenwald*, 191 F.R.D. 650, 651 (D. Kan. 2000) and *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)) (alteration in original).  Moreover, Defendants must show a "probability of serious risk to confidentiality" to justify denying access to in-house counsel.  *In re Indep. Serv. Org. Antitrust Litigation*, No. MDL-1021, 1995 WL 151739 (D. Kan. March 9, 1995).

Defendants cannot possibly demonstrate good cause for denying *all* corporate in-house counsel access to "Highly Confidential—Attorney's Eyes Only" information.  Defendants' refusal to voluntarily permit the inclusion of an in-house counsel provision is directly contrary to controlling law.  Both this Court and the Court of Appeals for the Federal Circuit have squarely addressed the very question now before the Court and rejected Defendants' overly restrictive approach.

In *U.S. Steel Corp. v. United States*, the Federal Circuit granted an interlocutory appeal and vacated an order that restricted access to confidential information solely because of counsel's in-house status.  730 F.2d 1465, 1466 (Fed. Cir. 1984).  The defendant in *U.S. Steel* argued that in-house counsel posed a greater risk for inadvertent disclosure of confidential information and that in-house counsel were likely to move into other positions within the company.  The Federal Circuit found these arguments unpersuasive.  Moreover, the Federal Circuit made clear that inclusion of an in-house counsel provision is the preferred approach:

> Whether an unacceptable opportunity for inadvertent disclosure exists, however, must be determined, as above indicated, by the facts ***on a counsel-by-counsel basis***, and ***cannot be determined***

3

> ***solely by giving controlling weight to the classification of counsel as in-house rather than retained***.

*Id*. at 1468 (emphasis added). The court further held that, when an individual is properly identified, the determination of whether disclosure is appropriate "would be developed in light of the particular counsel's relationship and activities, ***not solely on a counsel's status as in-house or retained***." *Id.* The Federal Circuit has since reaffirmed its holding in *U.S. Steel Corp.*, stating that "a denial of access sought by in-house counsel on the sole ground of status as a corporate officer is error." *Matsushita Elec. Indus. Co.*, 929 F.2d 1577, 1579, 1580 (Fed. Cir. 1991).

Here, Defendants seek to deny <u>all</u> in-house Sprint counsel access to "Highly Confidential—Attorney's Eyes Only" information on the sole basis of their status as corporate counsel. Defendants ignore the Federal Circuit's express holding that "status as in-house counsel cannot alone create [a] probability of serious risk to confidentiality and cannot therefore serve as the sole basis for denial of access." *U.S. Steel Corp.*, 730 F.2d. at 1469. Furthermore, Sprint's proposed in-house counsel provision (*see* Exh. A., ¶ 7.3(b)) provides for the determination of access to be made on counsel-by-counsel basis as the Federal Circuit has expressly approved.

Likewise, this Court has addressed and rejected Defendants' proposed restriction. *See In re Indep. Serv. Org. Antitrust Litigation*, 1995 WL 151739, at *1–2 (citing *U.S. Steel Corp.* with approval and later noting that "[n]umerous courts have held that providing legal advice is not a basis for barring in-house counsel from confidential material"). In denying a provision that would have excluded "highly confidential" information from in-house counsel, this Court noted that "in-house counsel would have been prevented from effectively supervising the trial of this action." *Id.* at *1. Furthermore, such an exclusion would have "handicapped" in-house counsel in evaluating the defenses and counterclaims and in advising the party-corporation. *Id.* The reasoning here is no different.

4

1882896v3

Sprint merely seeks the opportunity to identify particular in-house counsel who may be given access to "Highly Confidential" information. The inclusion of this provision will allow properly identified in-house attorneys to advise Sprint in an informed manner. The blanket exclusion of in-house counsel, as Defendants propose, would severely handicap Sprint's in-house attorneys' ability to evaluate this case.

## IV. CONCLUSION

As demonstrated above, status as in-house counsel is not an appropriate basis upon which to deny access to confidential information. Defendants' suggestion that this Court should enter a protective order that would deny disclosure of all information designated "Highly Confidential—Attorneys' Eyes Only" to individuals merely because of their status as in-house counsel is erroneous and contrary to law. Instead, the determination of appropriate in-house counsel should be made on a counsel-by-counsel basis in the manner set forth in paragraph 7.3(b), as proposed by Sprint.

For the foregoing reasons, Sprint requests that the Court enter the entire Stipulated Protective Order attached hereto as Exhibit A, including the provision at issue.

Respectfully Submitted,

Dated: February 6, 2006

SHOOK, HARDY & BACON L.L.P.

/s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Adam P. Seitz, KS Bar No. 21059
Eric A. Buresh, KS Bar No. 19895
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS FOR PLAINTIFF

1882896v3

## CERTIFICATION OF EFFORTS TO RESOLVE THE PRESENT DISPUTE WITHOUT COURT INTERVENTION

Pursuant to D. Kan. Rule 37.2, counsel for Sprint hereby certifies that counsel has made reasonable, good faith efforts to resolve the present dispute prior to the filing of this motion. In support, counsel states it has taken the following particular steps to resolve the issues in dispute:

1. On February 6, 2006, counsel for Sprint spoke with counsel for Vonage Holdings Corp. and Vonage America, Inc. regarding the protective order and the inclusion of the in-house counsel provision, but were unable to reach an agreement.

2. On February 6, 2006, counsel for Sprint spoke with counsel for Theglobe.com, Inc. and Voiceglo Holdings, Inc. regarding the protective order and the inclusion of the in-house counsel provision, but were unable to reach an agreement.

3. From January 30, 2006 to February 3, 2006, counsel for Sprint had a number of telephone conversations and exchanged numerous e-mails with counsel for Defendants regarding the proposed protective order and the in-house counsel provision, but were unable to reach an agreement.

4. On January 18, 2006, counsel for Sprint had a telephone conference with counsel for Theglobe.com, Inc. and Voiceglo Holdings, Inc regarding whether in-house counsel should be provided access to Highly Confidential—Attorneys' Eyes Only information under the terms of a protective order.

/s/ Adam P. Seitz _____
Attorney for Sprint Communications Company L.P.

Case 2:05-cv-02433-JWL   Document 55   Filed 02/06/2006   Page 7 of 7

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February 2006, a copy of the foregoing SPRINT COMMUNICATIONS COMPANY L.P.'S MOTION FOR ENTRY OF AN IN-HOUSE COUNSEL PROVISION IN THE PROTECTIVE ORDER GOVERNING DISCOVERY AND BRIEF IN SUPPORT was e-filed with the Court using the CM/ECF system which sent notification to the following:

James D. Oliver
Scott C. Nehrbass
Foulston Siefkin LLP
40 Corporate Woods Suite 1050
9401 Indian Creek Parkway
Overland Park, Kansas 66210

James W. Dabney
Henry C. Lebowitz
Malcolm J. Duncan
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attorneys for Defendants
theglobe.com, Inc. and Voiceglo Holdings, Inc.

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


/s/ Adam P. Seitz _____
Attorney for Sprint Communications Company L.P.

1

1882896v3