IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SPRINT COMMUNICATIONS**
**COMPANY, L.P.**

      Plaintiff,

v.

                                                 Case No. 05-2433-JWL

**THEGLOBE.COM, INC., VOICEGLO**
**HOLDINGS, INC., VONAGE HOLDINGS**
**CORP., AND VONAGE AMERICA, INC.,**

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff Sprint has filed suit against defendants Theglobe.com, Inc. and Voiceglo Holdings, Inc. (collectively, "TGCI"), as well as Vonage Holdings, Corp. and Vonage America, Inc. (collectively, "Vonage"). Sprint alleges that each of the defendants has infringed seven of its telecommunications patents. This matter comes before the court on three pretrial motions (documents 24, 26, and 32). TGCI requests that the court sever the case into separate proceedings because TGCI has been improperly joined with Vonage. Aldditionally, Sprint contends that the court should strike Vonage's first affirmative defense and third declaratory counterclaim for failure to provide sufficient detail.[1] For the reasons explained below, the

---

[1] Sprint actually filed separate motions to strike against Vonage America and Vonage Holdings. Because the arguments advanced by the parties are identical in each motion, however, the court will address them collectively and refer to both Vonage defendant entities as "Vonage."

1

court will deny TGCI's motion to sever for improper joinder but grant Sprint's motion to strike, with ten days leave to amend for Vonage.

## ANALYSIS

**1.   Motion to Sever the Parties Based on Improper Joinder**

TGCI argues that its joinder in Sprint's suit against the two Vonage defendants violates the permissive joinder requirements of Fed. R. Civ. P. 20. Rule 20 provides in part:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

The drafters devised Rule 20(a) "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1652 (3d ed. 2001). The court construes Rule 20(a) broadly because "joinder of claims, parties, and remedies is strongly encouraged." *Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

In scrutinizing the text of Rule 20, permissive joinder is proper when two requirements are met. First, as the text states, the claims must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed.R.Civ.P. 20(a). Contrary to TGCI's strict interpretation, courts have consistently held that "'[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *DIRECTV, Inc. v.*

2

*Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). That interpretation is bolstered by the observation that "language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1653. The second requirement of Rule 20 is a common question of law or fact. Fed. R. Civ. P. 20(a). Some, not all, questions of law or fact must be common. *Mosley*, 497 F.2d at 1334.

Applying the facts of this case to Rule 20's two-part standard, at least at this pretrial juncture, the court finds that it is proper to join Sprint's claims against the Vonage defendants with its claims against TGCI. The first requirement is met because Sprint's claims against all the defendants arise out of the same transaction or occurrence. Most notably, Sprint alleges that each of the defendants has infringed the same seven patents. Further, the defendants have raised several identical affirmative defenses. As a result, it is undeniable that the court will inevitably be faced with duplicative arguments and overlapping evidence. As to the second requirement, there are numerous common issues of law and fact, both in addressing Sprint's proof of infringement as well as the defendants' affirmative defenses. Many of the issues in dispute are purely issues of law, and obviously the court will apply the same ruling to each defendant.

TGCI argues that it is inherently unfair to join separate defendants in the same

3

proceeding when they are competitors. If the court were to accept this unsupported assertion, however, the court would nullify the primary purpose behind Rule 20, which is to join separate defendants if the joined suits have overlapping issues. That Vonage and TGCI are competitors who allegedly have infringed the same patents enhances, rather than undermines, the rationale for permissive joinder in this matter.

In a recent patent case, the court in *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455, 457 (E. D. Tex. 2004), rejected the same argument that TGCI alleges here. In refuting the defendants' allegation of improper joinder, that court opined that such a restricted "interpretation of Rule 20 is a hypertechnical one that perhaps fails to recognize the realities of complex, and particularly patent, litigation. In essence, the [defendants] advocate a rule that requires separate proceedings simply because unrelated defendants are alleged to have infringed the same patent." *Id.* at 457. Focusing on the importance of reducing pretrial inefficiency, that court further advised that "such a per se rule . . . elevates form over substance. Such an interpretation does not further the goals of Rule 20, especially for discovery and motion purposes." *Id.* at 457.

This court finds the above analysis particularly persuasive to the undeveloped record in this matter. As Sprint contends, TGCI cannot support any of its assertions why pretrial proceedings should not be joined. TGCI alleges that it will improperly burdened by having to attend depositions relating to Vonage, but its attendance is not mandatory. Joinder permits but

4

does not require participation.[2]  In addition, witnesses should not be deposed more than once on identical issues.  Thus, to the extent that there are common issues here, there are clear economies to be achieved on behalf of all parties.  In addition, at least as it presents them, none of the cases it cites advocates that the court should sever the proceedings at the *pretrial* stage. TGCI also fails to explain why the court cannot prevent any possible pretrial disclosure of trade secrets or confidential material by a protective order.  TGCI's alleged prejudice is unsupported either by argument or precedent.  *See DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 632 (D. Kan. 2004) (rejecting the defendant's similar allegations of improper joinder based on burden and prejudice).

Beyond judicial economy, TGCI also ignores the likelihood that severing the claims before trial would produce inconsistent pretrial rulings, particularly in construing the patents pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390-91 (1996).  Faced with interpreting the same seven patents, "[t]he prospect of inconsistent claim construction favors resolving patent cases in the same forum when possible.  Besides being a duplicative use of scarce judicial resources, two claim constructions risk inconsistency, create greater uncertainty regarding the patent's scope, and impede the administration of justice."  *MyMail*, 223 F.R.D. at 458.  TGCI offers no feasible solution to this additional harm, which creates another reason to deny the motion to sever.

---

[2] TGCI's general allusion to pretrial proceedings, which could include motion practice or court appearances, as a potential burden virtually does not merit discussion.  Plaintiff's motions directed at Vonage here impose a *de minimis* expense on TGCI and court proceedings short of trial would not be lengthened significantly.

The court will revisit the choice of severing the proceedings in connection with the final pretrial conference if requested, but denying the motion to sever until the parties have completed discovery is appropriate. At this point, TGCI's motion is premature.

**2.      Motion to Strike**

In addition to defending the motion to sever, Sprint also has moved to strike Vonage's first affirmative defense and third declaratory counterclaim. Vonage's first affirmative defense states: "Vonage is informed and believes that [Sprint's seven patents], and each of the seven claims thereof, are invalid, void and/or unenforceable under one or more of the sections of Title 35 of the United States Code." Its third declaratory counterclaim alleges that the patents are unenforceable and incorporates, by reference, its affirmative defenses.

In analyzing Sprint's motion to strike, Fed. R. Civ. Pro. 8 governs the court's analysis. *See Mayle v. Felix*, 125 S.Ct. 2562, 2570 (2005). The modern pleading rules are intended "to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to appraise the court of sufficient allegations to allow it to conclude, if the allegations, are proved, that the claimant has a legal right to relief." *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). Although the modern rules have reduced the minimum detail required in pleadings, a party must nevertheless "provide the opposing party with a fair notice of the claim and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation omitted). "Even under the relaxed standard of notice pleading, a party is required to 'do more than simply make allegations, rather, the pleading must state the facts

6

upon which the plaintiff's claim rests.'" *Sims v. Unified Gov't of Wyandotte County*, 120 F. Supp. 2d 938, 950 (D. Kan. 2000). Moreover, the pleading requirement is the same if a counterclaim or affirmative defense, rather than the plaintiff's complaint, is challenged. Indeed, "affirmative defenses are pleadings, and as such are subject to all pleading requirements of the Federal Rules of Civil Procedure. Under Fed.R.Civ.P. 8(a), an affirmative defense must set forth a short and plain statement of the nature of the defense. This includes a short and plain statement of the facts." *Resolution Trust Corp. v. Thomas*, 1993 WL 501116, * 5 (D. Kan. 1993) (citations omitted).

Simply examining the first affirmative defense on its face, it is immediately apparent that Vonage has not met the minimal pleading requirements of Rule 8. As Sprint explains, Title 35 of the United States code includes 112 discrete sections. It is unreasonable to make Sprint guess which of these sections Vonage is relying upon to contend that Sprint's patent claims are unenforceable.

The court's immediate reaction is supported by a line of federal district court opinions that have addressed the exact language of the challenged affirmative defense in this case. The most recent decision was issued last month by the court in *PB Farradyne, Inc. v. Peterson*, 2006 WL 132182 (N.D. Cal. 2006). There the court held that simply citing Title 35 of the United States Code is not a valid affirmative defense:

> [T]he court agrees that such general, conclusory allegations are insufficient because they do not provide fair notice of plaintiff's claims. In *Qarbon.com Incorporated. v. eHelp Corporation,* 315 F. Supp. 2d 1046 (N. D. Cal. 2004), a defendant filed a counterclaim alleging that "the '441 patent is invalid and void under the provisions of Title 35, United States Code §§ 100 et seq., and

7

>specifically §§ 101, 102, 103 and/or 111 . . . ." The court held that simply pleading the statute to allege patent invalidity was "radically insufficient" because it did not provide the other party with a basis for assessing the claim. "Effective notice pleading should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related counter-or cross-claims, and for preparing an appropriate answer." Similarly, in *Advanced Cardiovascular Systems, Inc. v. Medtronic Inc.*, 41 U. S. P. Q. 2d 1770 (N. D. Cal. 1996), the court struck an affirmative defense alleging patent invalidity "for failure to satisfy the requirements of patentability contained in Title 35, United States Code, including but not limited to, section 101, 102, 103 and/or 112," because these sections provide numerous grounds for invalidating a patent, and thus the plaintiff was not provided fair notice of the basis for this defense.

*Id*. at *3.

Because the challenge is exactly the same in this case, the court is persuaded to follow the cogent analysis of the above line of cases. Moreover, Sprint correctly distinguished the cases cited by Vongage and demonstrated as a matter of law that the first affirmative defense and third declaratory counterclaim are fatally vague. *Cf. Resolution Trust Corp. v. Thomas*, 1993 WL 501116, *5 (D. Kan. 1993) (granting a motion to strike an affirmative defense on similar grounds).

The court also readily concludes that Vonage should be granted leave to amend. The Tenth Circuit has advised that leave to amend should be denied "only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993)). Accordingly, the court will grant Vonage leave to amend.

8

**Conclusion**

For the reasons set forth above, the court denies the motion to sever based on improper joinder of parties because TGCI's motion is premature at this pretrial stage of the proceedings. Further, the court grants Sprint's motion to strike both Vonage defendants' first affirmative defense and third declaratory counterclaim because they fail to afford Sprint enough detail to draft an answer, but with leave to amend as set forth below.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to sever based on improper joinder (doc. 32) is denied, and the motions to strike the first affirmative defense and third declaratory counterclaim (doc. 24 and doc. 26) are granted, with leave to file an amended answer and counterclaims no later than February 26, 2006.

**IT IS SO ORDERED** this 10th day of February, 2006.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge