IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-2433-JWL |
| ) | |
| THEGLOBE.COM, INC., ) | |
| VOICEGLO HOLDINGS, INC., ) | |
| VONAGE HOLDINGS CORP., ) | |
| VONAGE AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**OPPOSITION TO DEFENDANT VOICEGLO HOLDINGS, INC.'S
MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiff Sprint Communications Company L.P. ("Sprint") hereby files this Opposition to Defendant Voiceglo Holdings, Inc.'s ("Voiceglo") Motion for Leave to File Surreply to Plaintiff's Reply in Support of Plaintiff's Motion for Protective Order.

Voiceglo's request for leave to file a surreply merely attempts to rehash and rephrase prior arguments while gaining an unfair and unwarranted advantage. It is beyond dispute that the rules in this district do not provide for the filing of surreplies. *See* D. Kan. Rule 7.1; *Pehr v. Rubbermaid, Inc.*, 87 F.Supp.2d 1222, 1236 (D.Kan.2000); *Cooper v. Weltner*, No. 97-CV-3105-JTM, 1999 WL 1000503, at *1 (Oct. 27, 1999 D.Kan.). In fact, "[l]eave to file a surreply is generally only granted in '**rare circumstances**.'" *Id.* (emphasis added). *See also Taylor v. Sebelius*, 350 F.Supp.2d 888 (D. Kan. 2004); *Metzger v. City of Leawood*, 144 F.Supp.2d 1225, 1266 (D. Kan.2001); *E.E.O.C. v. International Paper Co.*, No. 91-cv-2017, 1992 WL 370850 (D. Kan. Oct. 28, 1992). Having relied upon inapposite and bad law in its Opposition, Voiceglo now attempts to salvage its failed arguments by ignoring controlling procedural precedent and by inappropriately utilizing a disfavored procedural mechanism to have

1

1897593v2

the last word. *See, e.g., McShares, Inc. v. Barry*, 997 F.Supp. 1338, 1341 (D.Kan.1997) ("Such rules . . . minimize[e] the battles over which side should have the last word.").

Voiceglo had its fair opportunity to fully and carefully brief its position and Voiceglo is not now entitled to take another bite at the apple through a surreply. In attempting to establish a "rare circumstance" permitting a surreply, Voiceglo propounds the incredulous position that Sprint's analysis of cases **relied upon by Voiceglo** constitutes a "new argument." Sprint's Reply brief, by distinguishing and critiquing the "conduit theory" cases cited by Voiceglo, performed the most ordinary and typical purposes of a reply. Sprint certainly did not present new facts or new arguments by responding to Voiceglo's case citations. Furthermore, the most alarming and glaring deficiency in Voiceglo's assertion of a "new argument" is that Voiceglo's asserted "new argument" is mentioned only in passing in Voiceglo's proposed surreply. More specifically, in its Motion for Leave to File Surreply, Voiceglo contends that Sprint's "new argument" was that "Voiceglo seeks discovery on the basis of a 'now-rejected conduit theory.'" Motion for Leave, at 1. However, in its proposed surreply, Voiceglo spends only one paragraph (and the fifth out of seven points) discussing the purportedly new "conduit theory" argument.[1] *See* Proposed Surreply, at 3-4. In fact, the remaining six points of the proposed surreply have no nexus at all with Voiceglo's asserted "new argument." Voiceglo's own proposed surreply highlights and establishes the improper nature of Voiceglo's asserted basis for filing a surreply. Voiceglo seeks leave to re-argue, rephrase, and rehash prior arguments. The Court should deny the requested leave.

Voiceglo's proposed surreply does not even attempt to maintain the guise of addressing "new arguments"—it is simply a second response labeled as a surreply. The Court

---

[1] The remaining six points address issues that Voiceglo should have properly raised in its Response or, as required by Local Rule 37.2, during the parties good faith efforts to meet and confer regarding the dispute.

should not countenance such tactics and should not reward Voiceglo for its failure to adequately explain its position in its original and sanctioned response. Voiceglo has compromised the "fair and reasonable" approach provided for in the Court's local rules without excuse and to Sprint's prejudice. The Court should deny Voiceglo's motion for leave to file surreply. However, should the Court grant Voiceglo leave to file a surreply, Sprint respectfully requests the right to file a response to Voiceglo's surreply to address the factual and legal inaccuracies contained therein.

        Respectfully Submitted,

Dated: February 21, 2006

/s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS FOR PLAINTIFF SPRINT
COMMUNICATIONS COMPANY L.P.

1897593v2

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2006, a copy of the above and foregoing OPPOSITION TO DEFENDANT VOICEGLO HOLDINGS, INC.'S MOTION FOR LEAVE TO FILE SURREPLY was e-filed with the Court using the CM/ECF system which sent notification to the following:

James D. Oliver
Scott C. Nehrbass
Foulston Siefkin LLP
40 Corporate Woods Suite 1050
9401 Indian Creek Parkway
Overland Park, Kansas 66210

James W. Dabney
Henry C. Lebowitz
Malcolm J. Duncan
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attorneys for Defendants
theglobe.com, Inc. and Voiceglo Holdings, Inc.

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


/s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.

1897593v2