**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SPRINT COMMUNICATIONS COMPANY L.P., )
                                    )
            Plaintiff,              )
                                    )
    v.                              )
                                    )
THEGLOBE.COM, INC.,                 )   Case No. 05-2433-JWL
VOICEGLO HOLDINGS, INC.,            )
VONAGE HOLDINGS CORP.,              )   JURY TRIAL DEMANDED
VONAGE AMERICA, INC.,               )
                                    )
            Defendants.             )
                                    )
                                    )

**ANSWER TO VONAGE AMERICA, INC.'S COUNTERCLAIMS**

Plaintiff Sprint Communications Company L.P. ("Sprint") hereby files this Answer to Vonage America Inc.'s ("Vonage") Counterclaims.

1. Sprint admits that the counterclaim purports to be a declaratory judgment action of patent invalidity and noninfringement. Sprint denies Vonage has successfully pled a cause of action under these theories. Sprint admits this Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1338 and 2201. Sprint further admits there is a controversy between the parties as to the validity, enforceability and infringement of Sprint's Asserted Patents ("Sprint's Patents"). Sprint denies the remaining allegations in paragraph 1 of Vonage's Counterclaims.

2. Sprint admits the allegations in paragraph 2 of Vonage's Counterclaims.

3. Sprint admits the allegations in paragraph 3 of Vonage's Counterclaims.

4. Sprint admits the allegations in paragraph 4 of Vonage's Counterclaims.

5. Sprint denies the allegations in paragraph 5 of Vonage's Counterclaims.

1914676v1

6.      Sprint admits it has asserted patents against Vonage.  Sprint denies the remaining allegations in paragraph 6 of Vonage's Counterclaims.

7.      Sprint denies the allegations in paragraph 7 of Vonage's Counterclaims.

8.      Sprint admits it has asserted patents against Vonage.  Sprint denies the remaining allegations in paragraph 8 of Vonage's Counterclaims.

9.      Sprint denies the allegations in paragraph 9 of Vonage's Counterclaims.

10.     Sprint admits it has asserted patents against Vonage.  Sprint denies the remaining allegations in paragraph 10 of Vonage's Counterclaims.

Sprint denies that Vonage is entitled to any relief in connection with the allegations contained in its Counterclaim, including, without limitation, the relief specified in Vonage's prayer for relief.

A.      Sprint denies Vonage is entitled to the relief requested in paragraph A of Vonage's prayer for relief.

B.      Sprint denies Vonage is entitled to the relief requested in paragraph B, including subparagraphs (i) – (iv), of Vonage's prayer for relief.

C.      Sprint denies Vonage is entitled to the relief requested in paragraph C of Vonage's prayer for relief.

D.      Sprint denies Vonage is entitled to the relief requested in paragraph D of Vonage's prayer for relief.

To the extent any allegation contained in Vonage's Counterclaim has not been specifically admitted herein, it is hereby denied.  Sprint denies any allegation that may be implied by or inferred from the headings of Vonage's Counterclaim.

1914676v1

Affirmative Defenses

1. Vonage's Counterclaim fails to state a claim upon which relief can be granted.

2. Sprint reserves the right to raise additional affirmative defenses as they become known through further investigation and discovery.

WHEREFORE, Sprint respectfully requests that judgment be entered against Vonage in connection with its Counterclaim, and that judgment be entered in favor of Sprint in accord with Sprint's First Amended Complaint in this matter as follows:

1. For entry of a judgment declaring that Vonage has directly and/or indirectly infringed one or more claims of Sprint's Patents.

2. For preliminary and permanent injunction restraining and enjoining Vonage and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further sales of products that infringe Sprint's Patents.

3. For damages to compensate Sprint for Vonage's infringement, pursuant to 35 U.S.C. § 284.

4. For enhanced damages, pursuant to 35 U.S.C. § 284.

5. For an award of pre-judgment and post-judgment interest and costs to Sprint in accordance with 35 U.S.C. § 284.

6. For an award of Sprint's reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

7. For such other and further relief as the Court may deem just and proper.

1914676v1

Dated: March 13, 2006                               SHOOK, HARDY & BACON L.L.P.


By  /s/ Adam P. Seitz
   B. Trent Webb, KS Bar No. 15965
   Adam P. Seitz, KS Bar No. 21059
   Eric A. Buresh, KS Bar No. 19895
   2555 Grand Boulevard
   Kansas City, Missouri 64108-2613
   816-474-6550 Telephone
   816-421-5547 Facsimile

   ATTORNEYS FOR PLAINTIFF

1914676v1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2006 a copy of the above and foregoing was e-filed with the Court using the CM/ECF system which sent notification to the following:

James D. Oliver
Scott C. Nehrbass
Foulston Siefkin LLP
40 Corporate Woods Suite 1050
9401 Indian Creek Parkway
Overland Park, Kansas 66210

James W. Dabney
Henry C. Lebowitz
Malcolm J. Duncan
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004


/s/ Adam P. Seitz_____
Attorney for Sprint Communications Company L.P.

1914676v1