IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS CO., L.P.,

            Plaintiff,

v.                            Case No:  05-2433-JWL-DJW

THEGLOBE.COM, INC., et al.,

            Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is a Motion for Protective Order (doc. 46) filed by Plaintiff Sprint Communications Company, L.P. ("Sprint").  For the reasons set forth below, Sprint's Motion for Protective Order will be denied.

## Background

Sprint filed this patent infringement suit asserting that Defendants wilfully infringed, and continue to wilfully infringe, one or more claims of United States Patent Nos. 6,304,572; 6,633,561; 6,463,052; 6,452,932; 6,473,429; 6,298,064; and 6,665,294 (collectively "Sprint's Patents").

On January 6, 2006, Defendant Voiceglo filed and served upon Sprint a Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("the Notice").  The Notice lists eight deposition topics, the first seven of which seek testimony on "[t]he preparation and filing" of each of Sprint's Patents referenced above. The final deposition topic seeks testimony regarding the preparation and filing of amendments to claims made in the applications of Sprint's Patents.

After receiving this Notice, Sprint filed a motion for protective order seeking to prohibit the deposition on grounds that the employee inventor died; thus, the only potential corporate designees with knowledge of the subjects listed are former and/or present in-house Sprint attorneys, each of

which have extensive involvement in the present litigation. In support of its request for protection, Sprint argues the deposition of these attorneys is inappropriate because

(1) there is a general prohibition against depositions of opposing counsel; and

(2) even if such a deposition was justified under the circumstances presented, all information pertaining to the subjects listed in the Notice are protected from disclosure by attorney-client privilege pursuant to the prevailing rule that information gained by an attorney in prosecuting a patent is privileged when such information is not explicitly disclosed in the publicly-available patent file history.

**Analysis**

The Court is not persuaded by Sprint's arguments and, in fact, finds the issue framed by Sprint includes a faulty premise. Sprint frames the *Question Presented* here as follows: "Whether a deposition of Sprint, pursuant to Rule 30(b)(6), should go forward when the only possible designees are former and/or present in-house Sprint attorneys who participated in prosecuting Sprint's patents and who also are extensively involved in this lawsuit."[1] The issue as presented by Sprint presupposes that Sprint attorneys are the only possible designees for the Rule 30(b)(6) deposition. Before addressing the ultimate question presented by Sprint, the Court finds it necessary to address this underlying issue: whether Sprint attorneys are the only possible designees for the Fed. R. Civ. P. 30(b)(6) deposition.

---

[1] Sprint's Motion for Protective Order at p.2 (doc. 46).

As a preliminary matter, the Notice of Deposition at issue here clearly was designated as being issued pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Although counsel likely is familiar with the purpose of a Rule 30(b)(6) deposition, the Court commences its analysis with a brief overview of the unique function served by such a specialized form of deposition. The appropriate starting place is the rule itself:

> A party may in [its deposition] notice . . . name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. * * * The persons so designated shall testify as to matters known or reasonably available to the organization.

In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation.[2] "The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's 'position' on the topic."[3] The designee testifies on behalf of the corporation and thus holds it accountable.[4]

With regard to choosing a deponent to speak on behalf of the corporation, companies "have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the

---

[2] *Hyde v. Stanley Tools*, 107 F. Supp.2d 992, 992 (E.D. La. 2000) (citing *United States v. Taylor*, 166 F.R.D. 356, 361, *aff'd*, 166 F.R.D. 367 (M.D. N.C. 1996)).

[3] *Id.* at 993.

[4] *Starlight Int'l, Inc., v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999) (holding a corporation has a duty under Rule 30(b)(6) to provide someone who is knowledgeable in order to provide "binding answers on behalf of the corporation") (quoting *Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.*, 94-2395-GTV, 1995 WL 625962, at *13 (D. Kan. Oct. 5, 1995)); *see also Media Services Group, Inc. v. Lesso*, Inc., 45 F. Supp.2d 1237, 1253 (D. Kan. 1999).

designated subject matter."[5] Notably, and because Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to *all matters reasonably available to it*,[6] this Court has held that the Rule "implicitly requires persons to review all matters known or reasonably available to [the corporation] in preparation for the 30(b)(6) deposition."[7] In other words, personal knowledge of the designated subject matter by the selected deponent is of no consequence.[8]

Thus, the Rule makes clear that a party is not permitted to undermine the beneficial purposes of the Rule by responding that no witness is available who personally has direct knowledge concerning the areas of inquiry.[9] If need be, the responding party "must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits."[10] Any other interpretation of the Rule would allow the responding corporation to "sandbag" the deposition process.[11]

Although the Court readily acknowledges that the requirements listed above may be onerous, the burden upon such a responding entity is justified since a corporation can only act through its employees. These requirements negate any possibility that an inquiring party will be directed back

---

[5] *Id.* at 639 (citing *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D. Neb. 1995)).

[6] Rule 30(b)(6) (emphasis added).

[7] *T & W Funding Co. XII, L.L.C. v. Pennant Rent-A-Car*, 210 F.R.D. 730, 735 (D. Kan. 2002) (citing *Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Co. Inc.*, 201 F.R.D. 33, 36 (D. Mass. 2001)).

[8] *Id.* (citing *Dravo*, 164 F.R.D. at 75; *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D. N.C. 1989); *Buycks-Roberson v. Citibank*, 162 F.R.D. 338, 343 (N.D. Ill. 1995)).

[9] *Dravo*, 164 F.R.D. at 75-76; *U.S. v. Taylor*, 166 F.R.D. at 361.

[10] *U.S. v. Taylor*, 166 F.R.D. at 362.

[11] *Id.*

and forth from one corporate representative to another, vainly searching for a deponent who is able to provide a response which would be binding upon that corporation.

Thus, to allow the Rule to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Then, and as noted above, the responding party "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the interrogator] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the interrogator] as to the relevant subject matters."[12] Once notified as to the reasonably particularized areas of inquiry, the corporation then "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation."[13]

The Court now turns to the Rule 30(b)(6) Notice of Deposition at issue here. Upon review of the Notice, the Court finds Defendant Voiceglo sufficiently states with reasonably particularity the subjects about which it wishes to inquire: "[t]he preparation and filing" of each of Sprint's Patents and amendments made to claims in the applications. As a result, and based on the applicable law, Sprint is obligated to produce, in good faith, a knowledgeable deponent who is competently prepared to fully and responsibly address the questions posed by Voiceglo.

In response to this obligation, Sprint argues that, because they are the only corporate employees with knowledge regarding the subjects listed in the Notice, Sprint attorneys are the only

---

[12] *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000) (quotations omitted).

[13] *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D. N.C. 1989).

possible designees for the deposition. Based on the facts presented and the applicable law, the Court simply is not persuaded by this argument. As discussed, *supra*, personal knowledge of the designated subject matter by the selected deponent is of no consequence.[14] Sprint is obligated to produce a deponent who has been competently prepared by the company to give complete, knowledgeable and binding answers on behalf of the corporation."[15] It is Sprint's decision who to designate as its representative in the deposition. Sprint is under no obligation to choose an attorney as its 30(b)(6) designee.

To that end, Sprint may adequately comply with the Rule 30(b)(6) deposition notice by choosing one or more non-attorney deponents – regardless of prior and/or personal knowledge regarding the subject matter – and having them review memoranda, notes, applications, documents and all other matters "reasonably available" to the corporation that are related to preparing, filing and revising each Patent.[16] Considering Sprint's desire to protect disclosure of privileged information and materials, counsel may wish to exercise caution in preparing the witness or witnesses with privileged information or documents, otherwise the privilege may be waived.

---

[14]*Id.* (citing *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D. Neb.1995) (citing *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)) (noting that if the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation); *Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 338, 343 (N.D. Ill. 1995) (stating that the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved)).

[15]*Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. at 126.

[16]*See* Fed. R. Civ. P. 30(b)(6) (requiring designees to review "all matters known or reasonably available to it") *see also U.S. v. Taylor*, 166 F.R.D. at 362 (holding that, if need be, the responding party "must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits.").

Based on this discussion, the Court finds the underlying premise upon which Sprint predicates its Motion – that the only possible designees for the Rule 30(b)(6) deposition are Sprint attorneys – is without merit.  Because the Court finds Sprint's primary argument is based on the faulty premise that the only possible designees for the deposition are Sprint attorneys, it is not necessary for the Court to address arguments presented by Sprint pertaining to (1) a general prohibition against depositions of opposing counsel; or (2) a prevailing rule that unpublished information gained by an attorney in prosecuting a patent is privileged.

With that said, the Court finds it necessary to address one rather ancillary argument presented by Sprint:  that all information pertaining to the subjects listed in the Notice are protected from disclosure by attorney-client privilege as a result of the fact that Sprint attorneys were involved in prosecuting the patents at issue. Again, the Court is not persuaded by Sprint's argument.  As a preliminary matter, the attorney-client privilege does not protect facts communicated to an attorney.[17] Moreover, clients cannot refuse to disclose facts which their attorneys conveyed to them and which the attorneys obtained from independent sources.[18] When a corporation produces an employee under Fed. R. Civ. P. 30(b)(6) to testify to corporate knowledge, the employee must provide responsive underlying factual information even though such information was transmitted through or from corporate lawyers.[19]

---

[17] *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981).

[18] *Hickman v. Taylor*, 329 U.S. 495, 508 (1947).

[19] *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003); *cf New York v. Solvent Chemical Co.*, 214 F.R.D. 106, 111 (D.C. N.Y. 2003) (corporation could refuse to name 30(b)(6) representative for deposition; court found subjects listed in deposition notice did not seek to obtain underlying factual information but instead sought only to obtain confidential communications and mental impressions of plaintiff's corporate and litigation counsel).

While it is conceivable that every relevant piece of information regarding "preparing, filing and revising" Sprint's Patents could be found as privileged and protected communications, Sprint has not established this proposition in its briefing and frankly, such a proposal likely is premature since the deposition has not yet occurred.

For these reasons, Sprint's Motion for Protective Order (doc. 46) is denied and, given this ruling, the Court finds Defendant's Motion to File Surreply (doc. 69) moot.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 10th day of April, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:    All counsel and *pro se* parties