IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

---

SPRINT COMMUNICATIONS COMPANY L.P., )
)
    Plaintiff, )
) Case No.  05-2433-JWL
v. )
THE GLOBE.COM, INC., ET AL )
    Defendants. )
)

---

## VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S MOTION TO EXTEND CERTAIN DISCOVERY DEADLINES

Pursuant to Local Rule 6.1 of the District of Kansas, Vonage America, Inc. and Vonage Holdings Corp. (collectively "Vonage") respectfully move this Court to amend the Scheduling Order of January 18, 2006 to allow the parties sufficient time to complete the on-going discovery without moving the scheduled trial date, as shown in the table below:

| Event | Current Deadline | Extended Deadline |
|---|---|---|
| All discovery completed | 12/29/2006 | 03/30/2007 |
| Experts disclosed by plaintiff | 10/02/2006 | 01/12/2007 |
| Experts disclosed by defendant | 10/30/2006 | 02/12/2007 |
| Rebuttal experts disclosed | 11/13/2006 | 02/26/2007 |
| Supplementation of disclosures | 11/18/2006 | 02/20/2007 |
| Preliminary witness and exhibit disclosures | 10/20/2006 | 02/28/2007 |
| Potentially dispositive motions | 02/28/2007 | 04/30/2007 |
| Challenges to admissibility of expert testimony | 02/28/2007 | 04/30/2007 |
| Final pretrial conference | 01/24/2007 | 04/27/2007 |
| Proposed pretrial order due | 01/14/2007 | 04/20/2007 |

Pursuant to District of Kansas Rule 6.1(a)(1), the undersigned states that the parties have conferred by counsel and that the parties agreed that an extension of time is required. The parties did not agree, however, as to the particular length of such an extenstion and it is believed that Plaintiff Sprint will submit an alterative proposal to that shown above.

Pursuant to Rule 6.1(a)(2), the undersigned states that the relevant date that each discovery act is or was due is shown in the column "Current Deadline" in the table above.

Pursuant to Rule 6.1(a)(3), the undersigned states that no extensions have been granted by this Court for any of these dates. With respect to the dates that have now past, the parties have agreed by stipulation to hold these in abeyance pending this Court's ruling on Vonage's motion for extension of time.

Pursant to Rule 6.1(a)(4), the undersigned states that the reasons for this requested extension are as follows:

The Federal Rules of Civil Procedure provide that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Fed. R. Civ. P. 16(b). "Nevertheless, while the pretrial order defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

The focus of the inquiry of whether the moving party has shown good cause to amend a scheduling order is the diligence of that party. *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993) (explaining that focus of good cause standard is whether moving party could not have met deadline despite diligence). In other words, the moving party generally must show some good faith on its part and some reasonable basis for not meeting the deadlines previously set by the

order. Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987); Deghand v. Wal-Mart Stores, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

In the instant matter, there are a number of reasons that establish good cause for amending the Scheduling Order in the way Vonage proposes. First, as will be described in more detail below, Vonage has been diligently pursuing discovery since the entry of the Scheduling Order.

On September 13, a teleconference was conducted between counsel for Vonage and counsel for Sprint at which certain deficiencies in Sprint's document production were noted. *See* Ex. A (Letter from Golob to Seitz dated September 20, 2006). Sprint committed to conducting a further search for responsive documents. In addition, Sprint commited to providing updated infringement contentions, a commitment which had been outstanding since June, 2006. *See id.* No additional documents were produced and Sprint did not provide updated infringement contentions until October 5, 2006.

In a letter from Sprint's counsel to Vonage's counsel some two weeks later, Sprint's counsel did not address Sprint's production deficiencies, but instead merely alleged that there were certain deficiencies in Vonage's document production. *See* Ex. B (Letter from Strand to Golob dated October 2, 2006). In response, Vonage's counsel specifically addressed each of these alleged deficiencies, explaining why Vonage believed each alleged deficiency was baseless in view of specifically cited documents already produced. *See* Ex. C (Letter from McPhail to Strand dated October 12, 2006). Vonage also produced additional responsive documents at that time. *See id.* Moreover, between October 2 and October 12, Vonage conducted an additional search for potentially responsive documents and subsequently acknowledged to Sprint's counsel

that documents had been found and would be processed and forwarded to Sprint shortly. *See id.* To date, however, due to errors and issues relating to processing by outside vendors, these documents have unfortunately not yet been produced to Sprint.

Additionally, Vonage's counsel reminded Sprint's counsel that Sprint had remained delinquent in addressing the deficiencies raised by Vonage in the telephone conference of September 13, and in the correspondence dated September 20, 2006 (indeed, despite Sprint's commitments to the contrary, no additional documents have been produced by Sprint to date). *See id.* Vonage's counsel specifically pointed out that, per the Court's original Scheduling Order, discovery was set to conclude in less than three (3) months, and Sprint's on-going delay in producing responsive documents was highly prejudicial to Vonage. *See id.*

Having received no reply to this letter, Vonage's counsel sent another letter to Sprint's counsel, again emphasizing Sprint's failure to remedy the noted deficiencies in its document production and repeating that this delay was highly prejudicial to Vonage. *See* Ex. D (Letter from McPhail to Seitz dated October 20, 2006).

A full week later, Sprint's counsel finally responded to Vonage's counsel regarding Sprint's production deficiencies and stated that certain additional documents had been located and would be produced. *See* Ex. E (Letter from Seitz to McPhail dated October 27, 2006) Sprint's counsel further stated that Sprint was determining whether additional responsive existed and was conducting a further search for such documents. *See id.* Sprint's counsel further indicated that it was expected that all further searching and document production would be concluded by November 3, 2006. *See id.* To date, no additional document production has been received from Sprint.

So, as of the filing of this motion, both parties are still in the process of locating, processing and producing additional documents. Consequently, those discovery events contingent upon the parties' document productions will necessarily have to be delayed. Such events include the production of witnesses for deposition, the preparation of many of which will depend upon documents produced by one or both parties (no depositions have taken place in this case thus far). Similarly, the preparation of expert reports is directly dependent upon the documents produced by the parties, and the timeliness of that production.

The extensions proposed above are Vonage's realistic assessment of the additional time needed to complete discovery in a thoughtful, deliberate way that honors the parties', as well as this Court's, prior investment of time and resources to this litigation. Vonage fully anticipates that these proposed deadlines will enable the parties to timely complete the production of documents and to coordinate schedules of all concerned so that depositions can be completed and the entire discovery process be quickly and efficiently concluded, without a need to rerturn to this Court for additional modifications to the Scheduling Order or for any change to the scheduled trial date. Furthermore, these proposed deadlines will not prejudice any of the parties. Vonage's proposal merely seeks to restructure the schedule of pretrial events without affecting the trial date. Clearly, these extensions are not being sought for any purpose contrary to the Federal Rules of Civil Procedure or the Local Rules of this Court.

For at least the foregoing reasons, Vonage has demonstrated good cause to amend the Scheduling Order as it proposes. Vonage respectfully requests that the Court grant Vonage's motion to extend certain discovery deadlines as proposed above and amend the Scheduling Order of January 18, 2006 accordingly.

Respectfully submitted this 3rd day of November, 2006.

/s/ Patrick J. Kaine

Don R. Lolli    KS Dist. #70236
Patrick J. Kaine  KS #15594
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111
816-931-2700
pkaine@DysartTaylor.com
dlolli@DysartTaylor.com


Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com

*Attorneys for Defendants/Counterclaim Plaintiffs Vonage America, Inc. and Vonage Holdings Corp.*

# CERTIFICATE OF SERVICE

I hereby certify on this **3rd day of November, 2006** that a true copy of the VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S

MOTION TO EXTEND CERTAIN DISCOVERY DEADLINES was sent by electronic mail to:

B. Trent Webb
Adam P. Seitz
Erick A. Buresh
SHOOK, HARDY & ;BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
Fax: (816) 421-5547

**ATTORNEYS FOR PLAINTIFF**


/s/ Donald R. McPhail
Donald R. McPhail

DM2\867134.1