# EXHIBIT E

**Shook,
Hardy&
Bacon** L.L.P.®
www.shb.com

October 27, 2006

Adam P. Seitz

Mr. Barry Golob
Mr. Donald McPhail
Duane Morris LLP
1667 K Street, NW, Suite 700
Washington, DC 20006-1608

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2256 DD
816.421.5547 Fax
aseitz@shb.com

Re:  *Sprint Communications Company L.P. v. Vonage Holdings Corp. and Vonage America, Inc.*
     Case No: 05-2433-JWL
     SHB File No: SPRI.116441

Dear Barry and Donald:

This letter responds to Donald's October 20, 2006 letter regarding the perceived deficiencies in Sprint's document production. As you know, Sprint has produced over 700,000 pages of documents based on a good faith interpretation of your discovery requests. As I have informed you on a number of occasions, additional responsive documents likely do not exist. Nonetheless, as we have discussed during our phone calls over the last week, Sprint has agreed to conduct additional searches of its files. While many of the issues addressed in your letter have already been discussed and resolved, I provide this letter to confirm the substance of our conversations.

With regard to item (i), such documents do not exist. With regard to item (ii) Sprint will produce such documents. With regard to item (iii), to the extent the documents were not privileged, Sprint has already produced responsive documents. With regard to item (iv), Sprint will produce additional responsive documents to the extent that they exist. As to item (v), Sprint will produce documents responsive to this request to the extent they have not already been produced and/or do not exist. As to item (vi), Sprint is still determining whether the documents referenced in your request exist and, if so, Sprint will produce such documents. As to item (vii), it is my understanding that no further responsive documents exist. However, we will continue to search for such documents and, if they exist, we will produce them. As to item (viii), we are in the process of determining whether additional responsive documents exist and, if so, we will produce them. As to item (ix) it is my understanding that no responsive documents exist. However, we are continuing our search and if additional documents are located we will, of course, produce them. As to item (x), while Sprint has already produced the vast majority of these documents, we have identified a limited number of additional documents that we will produce. As to item (xi), Sprint is in the process of determining whether such documents still exists and, if so, will produce such documents to you. As to item (xii), if such documents exist and are not privileged, Sprint will produce these documents.

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

2151048v1

**Shook, Hardy & Bacon** L.L.P.
www.shb.com

Mr. Barry Golob
October 27, 2006
Page 2

I expect to have this search completed and additional documents produced to you no later than November 3, 2006. As to your request that we supplement Sprint's response regarding its basis for alleging willful infringement, I have reviewed that response and do not find a need to supplement. Sprint has identified both the documents and witness upon which it will rely in establishing its allegation of willful infringement. If, however, my understanding of the scope of your request is incorrect, please let me know so that I may reevaluate our response. Additionally, while Sprint remains willing to provide a list of the terms in the asserted patents that Sprint contends may need to be construed by the Court, I would note that we have served an identical interrogatory on Vonage (see Interrogatory No. 9), which you have refused to answer. To this end, I would propose that we determine a date by which we will exchange a list of the terms that we respectively contend need to be construed by the Court. Please let me know if such an agreement is acceptable to you.

Finally, Sprint confirms that the only claims of the patents-in-suit which Sprint asserts are infringed by Vonage are those specifically identified in Sprint's infringement contentions.

If you have any additional questions or wish to discuss these issues, please do not hesitate to contact me.

Sincerely,

Adam P. Seitz

APS/td

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

2151048v1