# EXHIBIT

# D

Dockets.Justia.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P.,   ) | |
|     ) | |
| Plaintiff,     ) | |
|     ) | |
| v.     ) | Case No. 05-2433-JWL |
|     ) | |
| THEGLOBE.COM, INC.,     ) | |
| VOICEGLO HOLDINGS, INC.,     ) | |
| VONAGE HOLDINGS CORP.,     ) | |
| VONAGE AMERICA, INC.,     ) | |
|     ) | |
| Defendants.     ) | |

## SPRINT COMMUNICATIONS COMPANY L.P.'S FIRST NOTICE OF DEPOSITION OF VONAGE HOLDINGS CORP. AND VONAGE AMERICA, INC. PURSUANT TO RULE 30(b)(6)

To each party and attorney of record in this action:

You are hereby notified that, commencing at 9:00 a.m. CST on September 22, 2006, and continuing from day to day until completed, at the offices of Shook, Hardy & Bacon L.L.P. 2555 Grand Blvd., Kansas City, MO 64108, or at such other time and/or place by mutual agreement of the parties, Sprint Communications Company L.P. ("Sprint") will take the deposition by oral examination of Vonage Holdings Corp. ("Vonage Holdings") and Vonage America, Inc. ("Vonage America") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The deposition will be taken before a notary public or other officer authorized by law to administer oaths and will be recorded by stenographic means and by videotape.

Vonage Holdings and Vonage America will be deposed with regard to the topics identified in the attached Exhibit A. Sprint hereby requests that Vonage Holdings and Vonage America each identify in writing, prior to the deposition, the name(s) of the person(s) who will testify on its behalf concerning the areas of testimony specified in Exhibit A, and for each

written designation, Vonage Holdings and Vonage America each are requested to specify in

writing the matter(s) to which that person will testify.  Additionally, Sprint hereby requests that

Vonage produce prior to the deposition all documents relating to, referring to, or evidencing any

of the topics identified in the attached Exhibit A.

The deposition is for any purpose permitted under the Federal Rules of Civil

Procedure, and you are invited to attend and exercise your rights under the Rules.


Dated: September 8, 2006          /s/ Adam P. Seitz
                                  B. Trent Webb, KS Bar No. 15965
                                  Eric A. Buresh, KS Bar No. 19895
                                  Adam P. Seitz, KS Bar No. 21059
                                  SHOOK, HARDY & BACON LLP
                                  2555 Grand Blvd.
                                  Kansas City, Missouri 64108-2613
                                  816-474-6550 Telephone
                                  816-421-5547 Facsimile

                                  ATTORNEYS FOR PLAINTIFF SPRINT
                                  COMMUNICATIONS COMPANY L.P.


2095668v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing SPRINT COMMUNICATIONS

COMPANY L.P.'S NOTICE OF DEPOSITION OF VONAGE HOLDINGS CORP. AND

VONAGE AMERICA, INC. PURSUANT TO RULE 30(b)(6) was sent via e-mail and First

Class mail, postage prepaid, this 8th day of September, 2006, to:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

  /s/ Adam P. Seitz
Attorneys for Sprint Communications Company L.P.

2095668v1

## EXHIBIT A

## DEFINITIONS

Sprint hereby incorporates the Definitions and Instructions set forth in its First Set of Interrogatories to Defendants Vonage Holdings Corp. and Vonage America, Inc. as if fully set forth herein. In addition, Sprint provides the following definitions for further clarification:

1.    **"The Asserted Patents"** refers to United States Patent Nos. 6,304,572, 6,633,561, 6,463,052, 6,452,932, 6,473,429, 6,298,064 and 6,665,294.

2.    **"You,"** **"your,"** or **"Vonage"** shall mean, separately and collectively, Defendant Vonage Holdings Corp., Defendant Vonage America, Inc., and any subsidiaries, affiliates, predecessors, successors, parents, divisions, licensees, persons or entities acting for or on its behalf, whether in existence now or at any time.

3.    **"Plaintiff"** or **"Sprint"** refers to Plaintiff Sprint Communications Company L.P.

4.    **"Regarding,"** **"relate(s) to,"** or **"relating to"** shall mean to contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matters set forth.

5.    **"Document"** is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes computer records in any format. By way of further explanation, "Document(s)" shall mean all non-identical copies of material of every kind and description which are recorded by hand-writing, printing, typing, photographing, photostatting, graphic representation, mechanical, electronic, magnetic, or any other means of recording, any form of communication, information

2095668v1

or representation, including letters, words or numbers or their equivalent, or data compilations of any sort whatsoever. The term "document(s)" is therefore defined to include, among other things, information stored on electronic media, videotapes, motion pictures, computer data, and any other electronic, mechanical or magnetic records or representations of any kind including without limitation all tapes, cassettes, magnetic, optical or other discs, magnetic cards, e-mail, and recordings. A draft or nonidentical copy is a separate document within the meaning of this term.

      6.    **"Communication"** means any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, questions, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meeting and also including, but not limited to, correspondence, financial records, corporate records, reports and documents as defined immediately above.

2095668v1

## TOPICS FOR EXAMINATION

1.  Each product and/or service that is utilized for providing any telephony services that Vonage distributes, sells, uses, markets or offers for sale, wherein any portion of a telephone call is transmitted over (a) a packet-based network, (b) a circuit-switched network or device (such as the Public Switched Telephone Network or a standard POTS telephone), or (c) any combination of a packet-based network and a circuit-switched network or device.

2.  The operation of each product and/or service identified in response to Topic No. 1.

3.  The identity of the individual most knowledgeable regarding the operation of each product and/or service identified in response to Topic No. 1.

4.  The conception, design, and development of each product and/or service identified in response to Topic No. 1.

5.  The identity of the individual most knowledgeable regarding the conception, design and development of each product and/or service identified in response to Topic No. 1.

6.  For each product and/or service identified in response to Topic No. 1, the components, whether hardware or software, that Vonage utilizes in the provision of such product and/or service and the manufacturer, owner, model, and location of all such components.

7.  The mechanism(s) and/or process(es) by which Vonage interconnects calls to or from Vonage customers between a packet-based network, such as the Internet, and a circuit-switched network, such as the PSTN, including the identification of all components, devices, and apparatuses that enable the interconnection of such calls.

8.  The identity of the individual most knowledgeable regarding the mechanism(s) and/or process(es) by which Vonage interconnects calls to or from Vonage customers between a packet-based network, such as the Internet, and a circuit-switched network, such as the PSTN, including the identification of all components, devices, and apparatuses that enable the interconnection of such calls

9.  The routing of calls, including signal transmission and processing, utilized to enable a Vonage customer to place a call to an individual using the PSTN and/or from an individual using the PSTN to a Vonage customer, including, without limitation, all components, devices, and apparatuses used to generate, receive and/or process routing and signaling information.

10.  The identity of the individual most knowledgeable regarding the routing of calls, including signal transmission and processing, utilized to enable a Vonage customer to the PSTN and from the PSTN to a Vonage customer, including, without limitation, all components, devices, and apparatuses used to generate, receive and/or process routing and signaling information.

2095668v1

11.   An identification and explanation of all components, devices and other apparatuses that are used to allow a Vonage customer to complete or receive a telephone call, including how all such components, devices and apparatuses operate with one another.

12.   The identity of the individual most knowledgeable regarding the identification and explanation of all components, devices and other apparatuses that are used to allow a Vonage customer to complete or receive a telephone call, including how all such components, devices and apparatuses operate with one another.

13.   Identification and description of all documents describing or relating to the development, operation and design of each product and/or service identified in response to Topic No. 1.

14.   Each and every marketing name, internal name, part number and all other unique designations for each product and/or service identified in response to Topic No. 1.

15.   Any modification, alteration or revision to the design, construction, performance or architecture of each product and/or service identified in response to Topic No. 1.

16.   Any reverse engineering and/or tear-down of any product by Vonage.

17.   The timing and circumstances of when Vonage first learned of the Asserted Patents and all actions taken by Vonage upon such knowledge to avoid infringement of the Asserted Patents.

18.   Marketing, promotion and advertising of each product and/or service identified in response to Topic No. 1.

19.   The identity of the individual(s) most knowledgeable regarding Vonage's marketing and/or advertising of each product and/or service identified in response to Topic No. 1.

20.   All communications and meetings regarding the Asserted Patents.

21.   All searches, investigations, analyses, reviews, opinions or studies relating to the scope, novelty, non-obviousness, patentability, validity, enforceability or infringement of any claim of the Asserted Patents, and all documents that refer or relate thereto.

22.   Vonage's organizational structure.

23.   Vonage's document retention policy.

24.   Vonage's efforts to identify, collect and produce relevant documents for this litigation.

25.   Vonage's annual expenditures, whether actual or budgeted, for research and development.

2095668v1

26.    Vonage's United States patent portfolio, including the means by which Vonage obtained its portfolio.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-2433-JWL |
| | ) | |
| THEGLOBE.COM, INC., | ) | |
| VOICEGLO HOLDINGS, INC., | ) | |
| VONAGE HOLDINGS CORP., | ) | |
| VONAGE AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SPRINT COMMUNICATIONS COMPANY L.P.'S SECOND
NOTICE OF DEPOSITION OF VONAGE HOLDINGS CORP.
AND VONAGE AMERICA, INC. PURSUANT TO RULE 30(b)(6)**

To each party and attorney of record in this action:

You are hereby notified that, commencing at 9:00 a.m. CST on November 8, 2006, and continuing from day to day until completed, at the offices of Shook, Hardy & Bacon L.L.P. 600 14th Street, N.W., Suite 800, Washington, D.C. 20005-2004, or at such other time and/or place by mutual agreement of the parties, Sprint Communications Company L.P. ("Sprint") will take the deposition by oral examination of Vonage Holdings Corp. ("Vonage Holdings") and Vonage America, Inc. ("Vonage America") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The deposition will be taken before a notary public or other officer authorized by law to administer oaths and will be recorded by stenographic means and by videotape.

Vonage Holdings and Vonage America will be deposed with regard to the topics identified in the attached Exhibit A. Sprint hereby requests that Vonage Holdings and Vonage America each identify in writing, prior to the deposition, the name(s) of the person(s) who will

2151753v1

testify on its behalf concerning the areas of testimony specified in Exhibit A, and for each

written designation, Vonage Holdings and Vonage America each are requested to specify in

writing the matter(s) to which that person will testify. Additionally, Sprint hereby requests that

Vonage produce prior to the deposition all documents relating to, referring to, or evidencing any

of the topics identified in the attached Exhibit A.

The deposition is for any purpose permitted under the Federal Rules of Civil

Procedure, and you are invited to attend and exercise your rights under the Rules.


Dated:  October 30, 2006

B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS FOR PLAINTIFF SPRINT
COMMUNICATIONS COMPANY L.P.

2151753v1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing SPRINT COMMUNICATIONS

COMPANY L.P.'S SECOND NOTICE OF DEPOSITION OF VONAGE HOLDINGS CORP.

AND VONAGE AMERICA, INC. PURSUANT TO RULE 30(b)(6) was sent via e-mail and

First Class mail, postage prepaid, this 30th day of October, 2006 to:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

Attorneys for Sprint Communications Company L.P.

2151753v1

# EXHIBIT A

## EXHIBIT A

## DEFINITIONS

Sprint hereby incorporates the Definitions and Instructions set forth in its First Set of Interrogatories to Defendants Vonage Holdings Corp. and Vonage America, Inc. as if fully set forth herein. In addition, Sprint provides the following definitions for further clarification:

1.     "**The Asserted Patents**" refers to United States Patent Nos. 6,304,572, 6,633,561, 6,463,052, 6,452,932, 6,473,429, 6,298,064 and 6,665,294.

2.     "**You**," "**your**," or "**Vonage**" shall mean, separately and collectively, Defendant Vonage Holdings Corp., Defendant Vonage America, Inc., and any subsidiaries, affiliates, predecessors, successors, parents, divisions, licensees, persons or entities acting for or on its behalf, whether in existence now or at any time.

3.     "**Plaintiff**" or "**Sprint**" refers to Plaintiff Sprint Communications Company L.P.

4.     "**Regarding**," "**relate(s) to**," or "**relating to**" shall mean to contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matters set forth.

5.     "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes computer records in any format. By way of further explanation, "Document(s)" shall mean all non-identical copies of material of every kind and description which are recorded by hand-writing, printing, typing, photographing, photostatting, graphic representation, mechanical, electronic, magnetic, or any other means of recording, any form of communication, information

2151753v1

or representation, including letters, words or numbers or their equivalent, or data compilations of any sort whatsoever. The term "document(s)" is therefore defined to include, among other things, information stored on electronic media, videotapes, motion pictures, computer data, and any other electronic, mechanical or magnetic records or representations of any kind including without limitation all tapes, cassettes, magnetic, optical or other discs, magnetic cards, e-mail, and recordings. A draft or nonidentical copy is a separate document within the meaning of this term.

6.    **"Communication"** means any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, questions, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meeting and also including, but not limited to, correspondence, financial records, corporate records, reports and documents as defined immediately above.

2151753v1

## TOPICS FOR EXAMINATION

1.    Each product and/or service that is utilized for providing any telephony services that Vonage distributes, sells, uses, markets or offers for sale, wherein any portion of a telephone call is transmitted over (a) a packet-based network, (b) a circuit-switched network or device (such as the Public Switched Telephone Network or a standard POTS telephone), or (c) any combination of a packet-based network and a circuit-switched network or device.

2.    The operation of each product and/or service identified in response to Topic No. 1.

3.    The identity of the individual most knowledgeable regarding the operation of each product and/or service identified in response to Topic No. 1.

4.    The conception, design, and development of each product and/or service identified in response to Topic No. 1.

5.    The identity of the individual most knowledgeable regarding the conception, design and development of each product and/or service identified in response to Topic No. 1.

6.    For each product and/or service identified in response to Topic No. 1, the components, whether hardware or software, that Vonage utilizes in the provision of such product and/or service and the manufacturer, owner, model, and location of all such components.

7.    The mechanism(s) and/or process(es) by which Vonage interconnects calls to or from Vonage customers between a packet-based network, such as the Internet, and a circuit-switched network, such as the PSTN, including the identification of all components, devices, and apparatuses that enable the interconnection of such calls.

8.    The identity of the individual most knowledgeable regarding the mechanism(s) and/or process(es) by which Vonage interconnects calls to or from Vonage customers between a packet-based network, such as the Internet, and a circuit-switched network, such as the PSTN, including the identification of all components, devices, and apparatuses that enable the interconnection of such calls

9.    The routing of calls, including signal transmission and processing, utilized to enable a Vonage customer to place a call to an individual using the PSTN and/or from an individual using the PSTN to a Vonage customer, including, without limitation, all components, devices, and apparatuses used to generate, receive and/or process routing and signaling information.

10.    The identity of the individual most knowledgeable regarding the routing of calls, including signal transmission and processing, utilized to enable a Vonage customer to the PSTN and from the PSTN to a Vonage customer, including, without limitation, all components, devices, and apparatuses used to generate, receive and/or process routing and signaling information.

2151753v1

11.    An identification and explanation of all components, devices and other apparatuses that are used to allow a Vonage customer to complete or receive a telephone call, including how all such components, devices and apparatuses operate with one another.

12.    The identity of the individual most knowledgeable regarding the identification and explanation of all components, devices and other apparatuses that are used to allow a Vonage customer to complete or receive a telephone call, including how all such components, devices and apparatuses operate with one another.

13.    Identification and description of all documents describing or relating to the development, operation and design of each product and/or service identified in response to Topic No. 1.

14.    Each and every marketing name, internal name, part number and all other unique designations for each product and/or service identified in response to Topic No. 1.

15.    Any modification, alteration or revision to the design, construction, performance or architecture of each product and/or service identified in response to Topic No. 1.

16.    Any reverse engineering and/or tear-down of any product by Vonage.

17.    The timing and circumstances of when Vonage first learned of the Asserted Patents and all actions taken by Vonage upon such knowledge to avoid infringement of the Asserted Patents.

18.    Marketing, promotion and advertising of each product and/or service identified in response to Topic No. 1.

19.    The identity of the individual(s) most knowledgeable regarding Vonage's marketing and/or advertising of each product and/or service identified in response to Topic No. 1.

20.    All communications and meetings regarding the Asserted Patents.

21.    All searches, investigations, analyses, reviews, opinions or studies relating to the scope, novelty, non-obviousness, patentability, validity, enforceability or infringement of any claim of the Asserted Patents, and all documents that refer or relate thereto.

22.    Vonage's organizational structure.

23.    Vonage's document retention policy.

24.    Vonage's efforts to identify, collect and produce relevant documents for this litigation.

25.    Vonage's annual expenditures, whether actual or budgeted, for research and development.

2151753v1

26.     Vonage's United States patent portfolio, including the means by which Vonage obtained its portfolio.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.,  )
                                          )
             Plaintiff,                )
                                          )
             v.                      )     Case No. 05-2433-JWL
                                          )
THEGLOBE.COM, INC.,                )
VOICEGLO HOLDINGS, INC.,           )
VONAGE HOLDINGS CORP.,            )
VONAGE AMERICA, INC.,             )
                                          )
            Defendants.          )
_____)

## SPRINT COMMUNICATIONS COMPANY L.P.'S THIRD
## NOTICE OF DEPOSITION OF VONAGE HOLDINGS CORP.
## AND VONAGE AMERICA, INC. PURSUANT TO RULE 30(b)(6)

To each party and attorney of record in this action:

You are hereby notified that, commencing at 9:00 a.m. EST on November 16, 2006, and continuing from day to day until completed, at the offices of Shook, Hardy & Bacon L.L.P., 600 14TH Street, N.W., Suite 800, Washington, DC 20005-2004, or at such other time and/or place by mutual agreement of the parties, Sprint Communications Company L.P. ("Sprint") will take the deposition by oral examination of Vonage Holdings Corp. ("Vonage Holdings") and Vonage America, Inc. ("Vonage America") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The deposition will be taken before a notary public or other officer authorized by law to administer oaths and will be recorded by stenographic means and by videotape.

Vonage Holdings and Vonage America will be deposed with regard to the topics identified in the attached Exhibit A. Sprint hereby requests that Vonage Holdings and Vonage America each identify in writing, prior to the deposition, the name(s) of the person(s) who will

testify on its behalf concerning the areas of testimony specified in Exhibit A, and for each written designation, Vonage Holdings and Vonage America each are requested to specify in writing the matter(s) to which that person will testify. Additionally, Sprint hereby requests that Vonage produce prior to the deposition all documents relating to, referring to, or evidencing any of the topics identified in the attached Exhibit A.

The deposition is for any purpose permitted under the Federal Rules of Civil Procedure, and you are invited to attend and exercise your rights under the Rules.

Dated: October 30, 2006

B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS FOR PLAINTIFF SPRINT
COMMUNICATIONS COMPANY L.P.

2151741v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing SPRINT COMMUNICATIONS

COMPANY L.P.'S THIRD NOTICE OF DEPOSITION OF VONAGE HOLDINGS CORP.

AND VONAGE AMERICA, INC. PURSUANT TO RULE 30(b)(6) was sent via e-mail and

First Class mail, postage prepaid, this 30th day of October, 2006 to:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

Attorneys for Sprint Communications Company L.P.

2151741v1

# EXHIBIT A

# EXHIBIT A

# DEFINITIONS

Sprint hereby incorporates the Definitions and Instructions set forth in its First Set of Interrogatories to Defendants Vonage Holdings Corp. and Vonage America, Inc. as if fully set forth herein. In addition, Sprint provides the following definitions for further clarification:

1.  **"The Asserted Patents"** refers to United States Patent Nos. 6,304,572, 6,633,561, 6,463,052, 6,452,932, 6,473,429, 6,298,064 and 6,665,294.

2.  **"You," "your,"** or **"Vonage"** shall mean, separately and collectively, Defendant Vonage Holdings Corp., Defendant Vonage America, Inc., and any subsidiaries, affiliates, predecessors, successors, parents, divisions, licensees, persons or entities acting for or on its behalf, whether in existence now or at any time.

3.  **"Plaintiff"** or **"Sprint"** refers to Plaintiff Sprint Communications Company L.P.

4.  **"Regarding," "relate(s) to,"** or **"relating to"** shall mean to contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matters set forth.

5.  **"Document"** is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes computer records in any format. By way of further explanation, "Document(s)" shall mean all non-identical copies of material of every kind and description which are recorded by hand-writing, printing, typing, photographing, photostatting, graphic representation, mechanical, electronic, magnetic, or any other means of recording, any form of communication, information

or representation, including letters, words or numbers or their equivalent, or data compilations of any sort whatsoever. The term "document(s)" is therefore defined to include, among other things, information stored on electronic media, videotapes, motion pictures, computer data, and any other electronic, mechanical or magnetic records or representations of any kind including without limitation all tapes, cassettes, magnetic, optical or other discs, magnetic cards, e-mail, and recordings. A draft or nonidentical copy is a separate document within the meaning of this term.

6.    "**Communication**" means any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, questions, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meeting and also including, but not limited to, correspondence, financial records, corporate records, reports and documents as defined immediately above.

## TOPICS FOR EXAMINATION

1.    The marketing, promotion, and advertising of each Vonage service or product.

2.    All marketing, promotion and/or advertising plans developed or implemented by Vonage or on its behalf for each Vonage service or product.

3.    All attempts to measure the success of any marketing, promotion and/or advertising plans developed or implemented by Vonage or on its behalf for each Vonage service or product, including the bases for any such success.

4.    Any analysis of the competition in the United States market for each Vonage service or product, whether completed by Vonage, on behalf of Vonage or by some third party, including an identification of documents comprising or relating to such market analysis.

5.    The identity of the persons at Vonage who are most knowledgeable about the marketing, promotion, and advertising of each Vonage service or product.

6.     The market and characteristics of customers for each Vonage service or product.

7.     The identity of each product that competes in the marketplace with each Vonage service or product.

8.     The identity of the persons at Vonage who are most knowledgeable about the identity of each product that competes in the marketplace ("competing product") with each Vonage service or product.

9.     The identity of each entity ("business competitor") that competes in the marketplace, by offering for sale and/or selling, products that compete with each Vonage service or product.

10.     The identity of the persons at Vonage who are most knowledgeable about the identity of each entity ("business competitor") that competes in the marketplace, by offering for sale and/or selling, products that compete with each Vonage service or product.

11.     The date each Vonage service or product was first offered for sale or sold in the Untied States.

12.     Sales results for each Vonage service or product from the date such service or product was first sold up to the date of the deposition.

13.     The gross sales volume (in dollars and units), gross profits and net profits for each Vonage service or product from the date such service or product was first sold up to the date of the deposition.

14.     The identity of the persons at Vonage who are most knowledgeable about Vonage's financial condition and profitability.

15.     Vonage's accounting practices, accounting and financial records.

16.     Vonage's financial statements, annual reports and regulatory reporting, including filings with the SEC and FCC.

17.     All costs and expenses of any type incurred by Vonage in connection with providing each Vonage service or product to its customers.

18.     All projections, forecasts, business models and/or estimates of anticipated sales (in both units and dollar revenues) of each Vonage service or product prepared by or for Vonage or by a third party.

19.     The identity of the persons at Vonage who are most knowledgeable about all projections, forecasts, and/or estimates of anticipated sales of each Vonage service or product prepared by or for Vonage or by a third party, including any documents comprising or relating to any such projections, forecasts, and/or estimates.

2151741v1

20.    The identity of the persons at Vonage who are most knowledgeable about the date each Vonage service or product was first offered for sale or sold in the Untied States and the sales results for each Vonage service or product since that date.

21.    The demand in the marketplace for products that embody the Asserted Patents.

22.    The identity of any services or products that infringe the Asserted Patents, that are available in the marketplace, and are alternatives to products that embody the Asserted Patents as well as the demand for such products.

23.    The identity of any services or products that do not infringe the Asserted Patents, that are available in the marketplace, and are alternatives to products that embody the Asserted Patents as well as the demand for such products.

24.    The identity of the persons at Vonage who are most knowledgeable about the demand in the marketplace for products that embody the Asserted Patents.

25.    The effect of the Asserted Patents on sales of each  Vonage service or product.

26.    The effect of the Asserted Patents on sales of any Vonage service or product which do not infringe.

27.    The utility and advantages of products embodying the Asserted Patents as compared with older modes, alternative modes or devices used for similar purposes.

28.    The portion of the realizable profit from each Vonage service or product that should be credited to the claimed inventions of the Asserted Patents as distinguished from non-patented features, improvements, or other value added by Vonage to such products.

29.    The identity of each entity ("business competitor") that competes in the marketplace, by offering for sale and/or selling, products that compete with products that embody the Asserted Patents.

30.    Vonage's efforts to identify, collect, and produce documents relevant to claims and defenses in this litigation.

31.    Vonage's document retention policies regarding documents relating to marketing, advertising, sales, or expenses, involving each Vonage service or product.

32.    Vonage's document retention policies regarding documents relating to projections, forecasts, business models, financial statements and accounting records.

33.    Negotiations, communications or discussions with any or all of the following entities regarding any debt or equity financing of Vonage, or any private offering or initial public offering of Vonage stock:  New Enterprise Associates; UBS Investment Bank; Citigroup Global

2151741v1

Markets, Inc.; Deutsche Bank Securities, Inc.; Bain Capital LLC; 3i Corporation; and Meritech Capital Partners.

34.     The identity of the persons at Vonage who are most knowledgeable about negotiations, communications or discussions with any or all of the following entities regarding any debt or equity financing of Vonage, or any private offering or initial public offering of Vonage stock: New Enterprise Associates; UBS Investment Bank; Citigroup Global Markets, Inc.; Deutsche Bank Securities, Inc.; Bain Capital LLC; 3i Corporation; and Meritech Capital Partners.

35.     Any proposals, valuations, research or analysis of the value of Vonage done by or on behalf of Vonage, or by any third party, including any or all of the following:  New Enterprise Associates; UBS Investment Bank; Citigroup Global Markets, Inc.; Deutsche Bank Securities, Inc.; Bain Capital LLC; 3i Corporation; and Meritech Capital Partners.

2151741v1