IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
)
                Sprint, )
)
v. )
) Case No. 05-2433-JWL
VONAGE HOLDINGS CORP., )
VONAGE AMERICA, INC., )
)
                Defendants. )
)
)
)
)

## SPRINT'S CORRECTED RESPONSE TO VONAGE'S MOTION TO EXTEND CERTAIN DISCOVERY DEADLINES

Sprint Communications Company L.P. ("Sprint") hereby submits its Corrected[1] Response to Vonage America, Inc. and Vonage Holdings Corp.'s Motion to Extend Certain Discovery Deadlines. In its Motion, Vonage America, Inc. and Vonage Holdings Corp. (collectively "Vonage") request that the Court amend its January 18, 2006 Scheduling Order with a general three month extension of all deadlines. Because Vonage has failed to establish "good cause" for modifying the Scheduling Order, Vonage's Motion should be DENIED.

### I.    Vonage Can Not Demonstrate "Good Cause" For Modifying The Scheduling Order

The Federal Rules of Civil Procedure dictate that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16. The good cause standard precludes modification of a scheduling order unless the schedule

---

[1] Sprint files this corrected Response to address a scrivener's error in its original Response. Sprint has produced approximately 390,000 pages of documents, which is reflected in Exh. G.

1

2171370v3

cannot "be met **despite the diligence of the party seeking the extension**." Fed. R. Civ. P. 16, Advisory Committee's Note (emphasis added). *See also Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987); *Demmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

Throughout this action, Vonage has demonstrated no urgency in its pursuit of discovery. Indeed, Vonage did not request its first deposition until October 30, 2006—a mere two months before discovery closed. *See* Ex. A (Vonage's First Notice of Deposition of Sprint Pursuant to Rule 30(b)(6)). The one deposition noticed by Vonage to date is directed to Sprint's document collection and retention policies and is not related to any substantive claim or defense in this matter. In addition, in response to Vonage's single set of written discovery, Sprint produced nearly 390,000 pages of documents between June 21 and June 26. *See* Ex. G, Cover Letters for Production of Sprint's Documents. Vonage did not raise any issue with Sprint's production until three months later on September 13, 2006. *See* Vonage's Mtn. at 3.

Similarly, Vonage has shown no urgency in its own document gathering and production efforts. Sprint served Vonage with its first set of discovery requests on January 5, 2006. *See* Doc. No. 43, Certificate of Service. As early as April 3, 2006, Vonage was aware of significant deficiencies in its meager document production. *See* Ex. B, E-mail from Seitz to Golob, dated April 3, 2006. Now, over seven and one-half months later, Vonage purportedly is preparing to produce 500,000 pages of documents admittedly responsive to Sprint's January 5 document requests. *See* Ex. C, E-mail from Golob to Seitz. Vonage's continuing delay is inexplicable. Even now, Sprint only has received a representation of future document production

2

from Vonage. As of the filing of this pleading, Sprint still has not received the documents referenced by Vonage in its motion.

Vonage subtly attempts to hide its own lack of diligence by suggesting that the requested extension will "allow <u>the parties</u> sufficient time to complete the ongoing discovery." Mtn., at 1 (emphasis added). Sprint, however, has diligently pursued both written and deposition discovery. Sprint served Vonage with its first set of discovery requests on January 5, 2006. *See* Doc. No. 43, Certificate of Service. Sprint served a Second Set of Interrogatories on February 7, 2006. *See* Doc. No. 58, Certificate of Service. Sprint also served Vonage with its Third Set of Interrogatories and Second Set of Document Requests on August 7, 2006 and has served numerous notices of deposition under Rule 30(b)(6) on a wide range of topics. *See, e.g.,* Ex. D, Notices of Deposition. Additionally, Sprint served eight third party subpoenas on May 10, 2006. *See* Ex. F, Certificate of Service. Sprint has and will continue to diligently pursue discovery in this case. Despite Vonage's delayed production of documents, Sprint believes it can complete its necessary fact discovery within the schedule proposed below. However, as the extent and content of Vonage's withheld documents becomes clear, the eleventh-hour production may, in fact, prejudice Sprint's ability to complete all necessary discovery within the proffered timeline. Accordingly, Sprint reserves the right to seek appropriate relief from the Court if necessary. Regardless, Vonage's own production delays should not establish "good cause" for an extension inuring to the benefit of Vonage.

Indeed, Vonage tacitly recognizes that it cannot establish "good cause" on the basis of its own inactivity and lack of diligence in the discovery process. Knowing this to be true, Vonage advances two unavailing excuses:

3

2171370v3

First, Vonage suggests its own lack of diligence is attributable to Sprint's conduct. Specifically, Vonage cites purported deficiencies in Sprint's document production. *See* Mtn., at 4-5. This allegation is surprising given that Sprint produced <u>nearly 390,000 pages</u> of documents between June 21 and June 26. *See* Ex. G, Cover Letters for Production of Sprint's Documents. Vonage did not raise its first issue with this production until September 13, 2006, nearly 3 months later. *See* Vonage's Mtn. at 3. At that time, Sprint conducted a thorough review of its files. *See* Declaration of Adam Seitz, at 3. This search yielded fewer than thirty (30) additional potentially-responsive documents, all of which have now been produced to Vonage. *See* Ex. D, Letter from Seitz to Golob. With over a month of discovery remaining, the production of 30 additional documents in no way justifies the three additional months of discovery now requested by Vonage, especially since Vonage has yet to take a single deposition covering any of the nearly 390,000 documents produced in June.

Second, Vonage suggests that its own failure to produce documents responsive to Sprint's discovery requests justifies its requested three-month extension. *See* Mtn., at 3-4. As detailed above, Vonage was aware, by at least April 3, 2006, of significant deficiencies in its document production and promised to correct those deficiencies. *See* Ex. B, E-mail from Seitz to Golob, dated April 3, 2006. Yet, Vonage delayed **over seven and one-half months** to gather some 500,000 pages of documents admittedly responsive to Sprint's document requests. To date, Vonage has not produced these responsive documents.

Vonage's eleventh-hour production of documents—all of which Sprint requested in January—cannot constitute "good cause" for Vonage's requested extension of the schedule. To find otherwise would allow a party to automatically extend a discovery deadline by unilaterally withholding documents until such time when the opposing party cannot adequately

4

2171370v3

review the documents and undertake the necessary discovery before the expiration of the discovery deadline. Such a finding would reward the very type of misconduct that the Rules of Civil Procedure and this Court's Scheduling Order were designed to prevent.

As set forth above, Vonage has failed to demonstrate diligence in attempting to meet the existing deadlines. Accordingly, Vonage cannot establish "good cause" for amending the Scheduling Order. *See Demmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993). Vonage's Motion should be denied.

**II.     Sprint's Proposal**

While Vonage cannot justify any extension, Sprint does not seek to place Vonage in an untenable position. Indeed, Sprint already has voluntarily acceded to a *de facto* one month extension of passed deadlines caused by Vonage's Motion to extend time.[2] Furthermore, Sprint previously has offered a two-week extension of all deadlines, and stands by that offer. Accordingly, Sprint does not object to the following modified schedule:[3]

| | |
|---|---|
| Experts disclosed by Plaintiff[*] | 5 days after the Court's ruling |
| Experts disclosed by Defendant[*] | 28 days after disclosure of Plaintiff's experts |
| Rebuttal experts disclosed[*] | 14 days after disclosure of Defendant's experts |
| All discovery completed[4] | January 15, 2007 |
| Supplementation of disclosures[*] | 5 days after the Court's ruling |

---

[2] Sprint agreed to hold all deadlines coming due during the pendency of this motion in abeyance until five days after the Court's ruling on Vonage's motion. *See* Ex. E, E-mail from Seitz to Golob. The parties previously agreed in writing to extend the expert disclosure deadlines. The expert deadlines are now covered by the parties' 5-day abeyance agreement.

[3] "*" depicts deadlines that have already passed and, therefore, are subject to the parties 5-day abeyance agreement between the parties.

[4] To the extent expert disclosures are not complete before the close of discovery, Sprint does not object to completing expert depositions beyond the close of discovery and would cooperate with Vonage to complete such expert depositions.

5

2171370v3

| Preliminary witness and exhibit disclosures[*] | 5 days after the Court's ruling |
|---|---|
| Proposed pretrial order due | January 31, 2007 |
| Final pretrial conference | March 1, 2007 |
| Potentially dispositive motions | March 14, 2007 |
| Challenges to admissibility of expert testimony | March 14, 2007 |
| Trial | August 7, 2007 |

Sprint's proposed modified schedule is fair and reasonable. Any further extension would unjustly reward Vonage for its failure to diligently conduct discovery.

**III. Conclusion**

Because Vonage can not demonstrate "good cause" due to its own lack of diligence, Vonage's Motion should be denied. Nonetheless, Sprint does not object to a two-week extension as detailed above as a reasonable resolution of Vonage's Motion.

Respectfully submitted,

Dated: December 1, 2006

\_/s/ Adam P. Seitz_____
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT COMMUNICATIONS COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2006, a true and accurate copy of the above and foregoing **SPRINT'S CORRECTED RESPONSE TO VONAGE'S MOTION TO EXTEND CERTAIN DISCOVERY DEADLINES** were e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

 /s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.