# EXHIBIT

# A

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.  05-2433-JWL |
| v. | ) |
| THE GLOBE.COM, INC., ET AL | ) |
| Defendants. | ) |
| | ) |

**VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S
FIRST NOTICE OF DEPOSITION OF SPRINT COMMUNICATIONS
COMPANY L.P. PURSUANT TO RULE 30(B)(6)**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure
30(b)(6), Defendants Vonage America, Inc. and Vonage Holdings Corp. (collectively
"Vonage") will take the deposition of Sprint Communications Company L.P. ("Sprint")
by and through its representative(s), on November 6, 2006, beginning at 9:30 am and
continuing day-to-day thereafter until completed.  The deposition will be conducted at the
offices of Duane Morris, 1667 K Street, NW, Suite 700, Washington, DC 20006, or at
another date and/or location mutually agreed upon by the parties.

The deposition will be taken by oral examination, with written and/or sound and
visual record made thereof (e.g. videotape, LiveNote, etc), before a Notary Public or
officer authorized by law to administer such oaths.

Vonage will examine Sprint on the matters set forth below.  Sprint is directed to
and reminded of its obligation under Rule 30(b)(6) to designate one or more officers,

directors, managing agents, or other persons who consent to testify on its behalf, to testify concerning these matters.

## DEFINITIONS AND INSTRUCTIONS

1.      The terms "you", "your" and "Sprint" are defined as Plaintiff/Counterclaim Defendant Sprint Communications Company L.P. and any and all agents, officers, employees, representatives, affiliates, parent companies and subsidiaries thereof, and any and all other persons or entities acting on its behalf, whether former or current.

2.      The term "Vonage" is defined as Defendants/Counterclaim Plaintiffs Vonage Holdings Corp. an/or Vonage America, Inc., and any and all agents, officers, employees, representatives, affiliates, parent companies and subsidiaries thereof, and any and all other persons or entities acting on its behalf, whether former or current.

3.      The term "the '294 patent" is defined as U.S. Patent No. 6,665,294, and any and all related patents or patent applications, whether foreign or domestic, including without limitation, all patents and patent applications which claim priority benefit of the filing date of the '294 patent, and all patents and patent applications from which the '294 patent claims priority benefit.

4.      The term "the '561 patent" is defined as U.S. Patent No. 6,663,561, and any and all related patents or patent applications, whether foreign or domestic, including without limitation, all patents and patent applications which claim priority benefit of the

- 2 -

filing date of the '561 patent, and all patents and patent applications from which the '561 patent claims priority benefit.

     5.     The term "the '429 patent" is defined as U.S. Patent No. 6,473,429, and any and all related patents or patent applications, whether foreign or domestic, including without limitation, all patents and patent applications which claim priority benefit of the filing date of the '429 patent, and all patents and patent applications from which the '429 patent claims priority benefit.

     6.     The term "the '052 patent" is defined as U.S. Patent No. 6,463,052, and any and all related patents or patent applications, whether foreign or domestic, including without limitation, all patents and patent applications which claim priority benefit of the filing date of the '052 patent, and all patents and patent applications from which the '052 patent claims priority benefit.

     7.     The term "the '064 patent" is defined as U.S. Patent No. 6,298,064, and any and all related patents or patent applications, whether foreign or domestic, including without limitation, all patents and patent applications which claim priority benefit of the filing date of the '064 patent, and all patents and patent applications from which the '064 patent claims priority benefit.

     8.     The term "the '932 patent" is defined as U.S. Patent No. 6,452,932, and any and all related patents or patent applications, whether foreign or domestic, including without limitation, all patents and patent applications which claim priority benefit of the filing date of the '932 patent, and all patents and patent applications from which the '932 patent claims priority benefit.

- 3 -

9.      The term "the '572 patent" is defined as U.S. Patent No. 6,304,572, and any and all related patents or patent applications, whether foreign or domestic, including without limitation, all patents and patent applications which claim priority benefit of the filing date of the '572 patent, and all patents and patent applications from which the '572 patent claims priority benefit.

10.     The term "Asserted Patents" is defined as one or more of the '294 patent, 'the '561 patent, the '429 patent, the '052 patent, the '064 patent, the '932 patent and/or the '572 patent.

11.     The term "correspondence" is defined as including, but not limited to, any letter, telegram, telex, TWX, facsimile, e-mail, notice, message, memorandum, oral or written communication, and/or a transcript of notes or an oral communication, whether embodied in a tangible medium or not.

12.     The term "communication" is defined as every manner of disclosure, transfer or exchange, and every disclosure, transfer or exchange, of information, whether orally or by written documents or otherwise, and whether face-to-face, by telephone, mail, e-mail, personal delivery, electronic transmission, person-to-person, in a group, or otherwise, and shall include any utterance heard by any other person whether in person, by telephone or otherwise.

13.     The terms "regarding", "regard(s)", "relating", "relate(s) to", referring to" and/or "refer(s)" are defined to include containing, contain(s), recording, record(s), discussing, discuss(es), mentioning, mention(s), noting, note(s), evidencing, evidence(s), memorializing, memorialize(s), analyzing, analysis(es), describing, describe(s),

- 4 -

commenting upon, comment(s) upon, have any connection with and/or have any tendency to prove or disprove any issue or matter set forth.

14.    The term "document" is used in its broadest possible sense and includes, without limitation, any information recorded in any manner or medium.  It includes, but is not limited to, written, printed, typed, recorded and/or electronic or graphic material however produced, such as all correspondence, letters, memoranda, notes, summaries of personal conversations, interviews or meetings, communications, transcripts, electronically transmitted messages (e-mail), voice mail, minutes, telephone logs or message slips, facsimiles, telegrams, telexes, notepads, postcards, "Post-it" notes, records, press releases, promotional materials, brochures, advertisements, circulars, newspaper and/or periodical articles and/or clippings, articles, books, pamphlets, manuals, outlines, summaries, reports, studies, analyses, opinions or reports of consultants and/or advisers, files, data sheets, contracts, agreements, charts, graphs, plans, drawings, sketches, calendars, appointment books, diaries, daily calendars, date books, checks, wire transfers, records of payment, bank records, accounting statements, bills, billing memoranda, invoices, ledgers, vouchers, books of account, microfilm, microfiche, pictures, photographs, sound and/or video recordings, computer files, computer printouts, computer tapes, disks, diskettes, websites, CD-ROMs, data tapes, electronic or magnetic media, and other data compilations from which information can be obtained, translated, if necessary, by Plaintiffs through detection devices into reasonably usable form, including but not limited to electronic or computerized data compilations (including any information contained in any desktop, laptop, server or mainframe) and all other writings.

- 5 -

15.    The terms "and", "or" and "and/or" shall be construed disjunctively or conjunctively, as necessary, in order to bring within the scope of any question any response which may otherwise be construed to be outside the scope thereof.

16.    Any term used in the singular shall be construed as plural, or *vice versa*, as necessary, in order to bring within the scope of any question any response which may otherwise be construed to be outside the scope thereof.

17.    Any term used in the past tense shall be construed as the use of that verb in all other tenses in order to bring within the scope of any question any response which may otherwise be construed to be outside the scope thereof.

18.    The terms "any" and "all" shall be considered to include "each and every".


## TOPICS FOR DEPOSITION

1.    Sprint's document retention policies and the person(s) responsible for the development, maintenance and/or dissemination thereof.

2.    Sprint's document destruction policies and the person(s) responsible for the development, maintenance and/or dissemination thereof.

3.    Sprint's efforts to identify, collect and produce documents relevant to the claims and/or defenses in this litigation and the person(s) responsible therefor.

4.    Sprint's document retention policies regarding documents relating to marketing, advertising, sales, and/or expenses of Sprint products and/or services and the person(s) responsible therefor.

- 6 -

5.      Sprint's document retention policies regarding documents relating to the conception, development and/or reduction to practice of Sprint products and/or service and the person(s) responsible therefor.

6.      Sprint's document retention policies regarding documents relating to the preparation and/or prosecution of any patent application from which one or more of the Asserted Patents issued and/or claims priority benefit thereto.

7.      Sprint's document retention policies regarding personnel, including organizational charts, employment contracts, job descriptions and the like, and the person(s) responsible therefor.

8.      Identification of types of Sprint documents, including technical documents, marketing documents, business organization documents and sales documents.

9.      Identification of types of Sprint documents that are retained by Sprint in the ordinary course of business.

10.     Identification of types of Sprint documents that are destroyed by Sprint in the ordinary course of business.

11.     Sprint's policies on destroying documents relating to the conception design, development and/or reduction to practice of any product or service, such as a prototype or model or simulation thereof, covered by the Asserted Patents.

12.     Sprint's policies on destroying documents regarding personnel, including organizational charts, employment contracts, job descriptions and the like, and the person(s) responsible therefor.

- 7 -

13.    Sprint's policies on destroying documents relating to marketing, advertising, sales, and/or expenses of Sprint products and/or services and the person(s) responsible therefor.

14.    Identification of documents retained by Sprint in the ordinary course of business that refer or relate to the conception, design, development, marketing and/or sales of any product and/or service covered by the Asserted Patents.

15.    Identification of documents retained by Sprint in the ordinary course of business that refer or relate to any of the Topics in Vonage's First Set of Interrogatories.

16.    Identification of documents retained by Sprint in the ordinary course of business that refer or relate to the Asserted Patents.

17.    Identification of documents retained by Sprint in the ordinary course of business that refer or relate to any analysis or valuation of Vonage or Vonage's products and/or services.

18.    Sprint's document retention policies regarding documents relating to outside contractors and/or vendors and/or services provided thereby.

19.    Sprint's document retention policies regarding contracts, agreements, assignments and licenses.

20.    Sprint's policies on destroying documents regarding documents relating to outside contractors and/or vendors and/or services provided thereby.

21.    Sprint's policies on destroying documents regarding contracts, agreements, assignments and licenses.

22.    Sprint's patent portfolio, both foreign and domestic.

- 8 -

23.     The type(s) of computer system(s) used by Sprint in the course of business, including the type(s) of operating systems and applications software used.

24.     The person(s) responsible for maintenance, expansion, back-up and/or upkeep of Sprint's computer system(s) and/or file(s).

25.     All Sprint computer systems and sub-systems that are backed-up, including the frequency thereof and the back-up program utilized, and the person(s) responsible therefor.

26.     Sprint's policies on deleting files from Sprint computer systems and computer systems owned and/or operated by one or more Sprint employees.

27.     Sprint's policies on archiving files on Sprint computer systems and computer systems owned and/or operated by one or more Sprint employees.

28.    Sprint's policies on e-mail, including e-mail retention schedules and any guidelines or policies provided to personnel concerning email.

Respectfully submitted,

Don R. Lolli    KS Dist. #70236
Patrick J. Kaine  KS #15594
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111
816-931-2700
pkaine@DysartTaylor.com
dlolli@DysartTaylor.com

Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com
*Attorneys     for     Defendants/Counterclaim
Plaintiff Vonage America, Inc. and Vonage
Holdings Corp.*

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify on this **30th day of October, 2006** that a true copy of the VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S FIRST NOTICE OF DEPOSITION OF SPRINT COMMUNICATION PURSUANT TO RULE 30(B)(6) was sent by electronic mail to:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> SHOOK, HARDY & ;BACON LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> Fax: (816) 421-5547
> **ATTORNEYS FOR PLAINTIFF**

Respectfully submitted,

Donald R. McPhail