## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P.,   ) | |
|                 ) | |
|           Plaintiff,     ) | |
|                 ) | |
|          v.         ) | Case No.  05-2433-JWL |
|                 ) | |
| THE GLOBE.COM, INC., ET AL     ) | |
|                 ) | |
|           Defendants.   ) | |
|                 ) | |

## MEMORANDUM IN SUPPORT OF VONAGE AMERICA, INC. AND
## VONAGE HOLDINGS CORP.'S MOTION TO COMPEL

Vonage America, Inc. and Vonage Holdings Corp. (collectively "Vonage"). respectfully submit this memorandum in support of their Motion to Compel Sprint Communications Co., L.P. ("Sprint") to Identify Search Terms Used to Search for Relevant Documents Responsive to Vonage's Document Requests.

## I.    INTRODUCTION/STATEMENT OF THE NATURE OF THE MATTER

Discovery is on-going in this patent infringement action brought by Sprint. Pursuant to Fed. R. Civ. Proc. 37(a)(2)(B), Vonage moves for an order compelling Sprint to disclose the terms that it used to search for electronically-stored documents responsive to Vonage's requests for production.

Sprint has refused to disclose the search terms that it used to search for documents claiming that the identification of the search terms is protected as attorney work product.

Contrary to Sprint's position, the search terms are not privileged. Indeed, Sprint's position is contrary to existing case law, which permits discovery of search terms as a regular course of electronic discovery.

Moreover, the search terms used by Sprint become even more important because Sprint is unable to locate previously existing responsive documents regarding several critical topics relating to the development and ownership of the technology that led to the patents-in-suit. Sprint further refuses to inform Vonage of the status of these documents, *e.g.*, the disposition of the documents that Sprint acknowledges previously existed. Either way, Vonage is entitled to know the identity of the terms that Sprint used to search for unquestionably responsive documents that Sprint has stated it is unable to locate, but that Sprint should have in its possession according to its document retention policy and the testimony of its Rule 30(b)(6) witness on this topic.

Pursuant to Local Rule 37.2, counsel for the parties have had extensive discussions and correspondence about these matters and have not been able to resolve them, thus necessitating this motion.

## II.    CONCISE STATEMENT OF RELEVANT FACTS

During the course of discovery in this litigation, Vonage has repeatedly requested that Sprint produce documents from, *inter alia*, the following categories: (i) correspondence between Sprint and the inventor named on the patents-in-suit or his estate; (ii) documents bearing a date earlier than 1997 relating to the subject matter of the patents-in-suit; and (iii) contracts with third-parties, including licensing agreements for

- 2 -

the technology described in the patents-in-suit. *See, e.g.* Ex. 1 (9/20/06 letter from Golob to Seitz).

In response to Vonage's initial requests and follow-up correspondence, Sprint has repeatedly asserted that it is unable to locate little, if any, non-privileged documents from these categories. *See, e.g.,* Exs. 2-3 (11/30/06 letter from Seitz to McPhail; 12/12 letter from McPhail to Seitz). There is ample evidence, however, that responsive, non-privileged documents in each of these categories existed at some point in time.

More specifically, with respect to category (i), Vonage has obtained documents demonstrating that Sprint corresponded with the estate of Joseph Christie regarding, *inter alia,* the execution of papers relating to pending patent applications, now issued patents, filed in Christie's name, and that the estate refused to execute some of those papers. *See, e.g.,* Ex. 4 (papers from the file history of U.S. Patent No. 6,115,380). While such documents are clearly responsive to Vonage's requests and not privileged, none of these documents has been produced by Sprint. Pursuant to Sprint's document retention policy, however, documents associated with patents are to be retained for six (6) years after expiration of the patent. *See, e.g.,* Ex. 5 (SPRp-010-0502).

With respect to category (ii), Sprint has produced a document that states that "[d]uring 1995 an[d] early 1996, a prototype of the JCS2000[a] was developed in Sprint Advanced Technologies Labs (ATL)." *See* Ex. 6 (SPRe-002-01-04691). Sprint, however, has produced no research and development documents from the 1995-96

---

[a] "JCS2000" is the name Sprint gave to the project that led to the development of the patents-in-suit. *See* Ex. 8 (p. 115, lines 19-21 of McGrory deposition).

- 3 -

timeframe, or any "prototype." Indeed, with the exception of the file histories of the patents-in-suit, Sprint has produced no document whatsoever bearing a date prior to the death of inventor Joseph Christie in February, 1996. According to Sprint's document retention policy, however, "Research and Development" documents are to be retained for twenty-five (25) years. *See*, *e.g.*, Ex. 7 (SPRp-010-0530).

With respect to category (iii), counsel for Vonage has obtained from a third-party copies of contracts between Sprint and outside contractors relating to development of the subject matter of the patents-in-suit. When these contracts were shown to Mr. McGrory, Sprint's representative pursuant to Fed. R. Civ. Proc. 30(b)(6) regarding Sprint's document retention policies, he admitted that "Sprint would ordinarily retain contracts . . . ." *See* Ex. 9 (p. 117, lines 14-17 of McGrory deposition). Additional relevant contracts that existed at some point in time are listed on a document produced by Sprint, but have not bee produced, despite repeated requests. *See* Ex. 10 (spreadsheet bearing Bates nos. SPRe-002-01-00188 and SPRe-002-01-00189). Pursuant to Sprint's document retention policy, all contracts and agreements, and associated correspondence, are to be retained "while active + 10 years after expiration of contract or agreement." *See* Ex. 11 (SPRp-010-0386).

In an effort to resolve why such documents were not produced by Sprint, Vonage agreed at the McGrory deposition that discovery relating to Sprint's efforts to identify, collect and produce documents would not be construed as a waiver of any valid privilege or immunity. *See* Ex. 12 (pp. 7-9 of McGrory deposition). Vonage re-iterated this

assurance in subsequent correspondence to Sprint's counsel. *See* Exs. 13 and 14 (12/13/06 letter from McPhail to Seitz; 12/15/06 letter from McPhail to Seitz).

Despite these assurances, Sprint has refused (and continues to refuse) to provide information regarding its efforts to identify, collect and produce documents responsive to Vonage's requests. *See*, *e.g.*, Ex. 15 (12/22/06 letter from Buresh to McPhail). Rather, Sprint has acknowledged only that a database is maintained of documents that it retains and that an electronic search was conducted of this database to locate responsive documents. *See* Ex. 16 (p. 68-71 of McGrory deposition).

In view of the existence of responsive documents at some point in time, Vonage concluded that Sprint did not produce these documents – even though they are clearly discoverable, non-privileged, and responsive to Vonage's requests – either because the documents no longer exist or because Sprint could not locate them. Sprint, however, has refused to state that these documents no longer exist. *See*, *e.g.*, Ex. 17 (12/29/06 letter from Seitz to McPhail). Thus, Vonage is left in the position of assuming that these (and other) responsive documents were not produced by Sprint because they could not be located due to the particular search terms employed by Sprint to electronically search its database.

Vonage has attempted to resolve this issue with Sprint by requesting that Sprint identify the search terms used to search for relevant documents so that Vonage may verify that the search terms were not overly restrictive or otherwise defective. *See*, *e.g.*, Ex. 3 (12/12/06 letter from McPhail to Seitz). Sprint, however, has refused to do so,

- 5 -

claiming that the information is privileged. *See, e.g.*, Ex. 15 (12/22/06 letter from Buresh to McPhail).

As the parties have conferred regarding this issue several times now and have failed to come to a mutually satisfactory resolution, Vonage has no choice but to file the instant Motion to compel Sprint to identify the search terms used to search for documents responsive to Vonage's document requests.

## III.    QUESTIONS PRESENTED

(1)    Are the terms used by Sprint to electronically search for responsive documents protected as attorney work product?

(2)    If Sprint's search terms are protected as attorney work product, is Vonage entitled to discovery thereof?

## IV.    ARGUMENT

### A.    Vonage needs the search terms used by Sprint because Sprint has failed to adequately explain why it has not produced certain responsive documents that were in its possession

Consistent with Fed. R. Civ. Proc. 26(b)(1), Vonage has validly and properly sought discovery of documents relevant to this case.  Sprint cannot dispute that Vonage's document requests pursuant to Fed. R. Civ. Proc. 34 reach data stored electronically. *See, e.g.*, *Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 648-49 (D. Kan. 2005) (acknowledging that Rule 34 encompasses electronic data compilations); *Zhou v. Pittsburg State Univ.*, No. 01-2493-KHV, 2003 U.S. Dist. LEXIS 6398, at *4-*7 (D. Kan. Feb. 5, 2003) (same).

Sprint has not denied, and indeed cannot deny, that it should have in its possession responsive documents to Vonage's discovery requests that thus far have not been produced, despite repeated requests. Sprint's only response to date has been that it has been unable to locate such documents through an electronic search of its database. Despite Sprint's assertions, there is ample evidence that certain documents existed that are non-privileged and responsive to Vonage's requests. Moreover, according to Sprint's document retention policies, these documents should have been retained by Sprint.

Vonage is entitled to know why responsive documents have not been produced by Sprint. Because Sprint will not provide a reason, Vonage is entitled to review Sprint's search terms to determine why these documents were not located by Sprint in its search for responsive documents. As aptly stated by the District of Columbia district court,

> Defendant, however, provides no description of how the electronic index is organized or how the search was conducted. The Putsay declaration fails to explain whether key words were used and if so which key words were used to search for responsive documents. Without knowing these details regarding defendant's search, the Court cannot determine whether defendant's efforts were 'reasonably calculated' to recover the responsive records. The description of the search of the files of the Office of Legal Counsel is similarly deficient. While defendant at least explains that the Office of Legal Counsel maintains a database with the complete text of documents and that the database is searchable by key words, it fails to explain what key word searches were conducted. Based on the declarations submitted by defendant, the Court is unable to conclude that these searches were adequate and therefore denies defendant's motion for partial summary judgment on this issue.

*Judicial Watch, Inc. v. United States Dept. of Justice*, 185 F. Supp. 2d 54, 64-65 (D.D.C. 2002) (citations omitted). In view of these deficiencies, the court in *Judicial Watch*

- 7 -

required the Defendant to supplement its declarations to provide the detail necessary to determine exactly how it had searched for responsive documents. *See id.* at 65.

### B.    Sprint's search terms are not attorney work product

The terms used to electronically search for responsive documents are not, in and of themselves, attorney work product, and Sprint can cite to no authority to the contrary. Rather, it was common practice even before the December 2006 amendments to the Federal Rules regarding electronic discovery that parties revealed and discussed search terms used to search for relevant documents. *See generally*, *e.g.*, *Quinby v. WestLB AG*, No. 04 Civ. 7406, 2006 U.S. Dist. LEXIS 64531 (S.D.N.Y. Sept. 5, 2006) (discussing parties' use of certain search terms in discovery); *Boeser v. Sharp*, No. 03-cv-00031, 2006 U.S. Dist. LEXIS 21883 (D. Colo. Apr. 20, 2006) (discussing search terms negotiated by the parties and submitted to third party vendor for searching defendant's documents); *Tessera, Inc. v. Micron Tech., Inc.*, No. C-06-80024, 2006 U.S. Dist. LEXIS 25114 (N.D. Cal. Mar. 22, 2006) (noting parties' discussion of search terms to be used in discovery); *Proctor & Gamble v. Haugen*, 179 F.R.D. 622 (D. Utah 1998) (ordering party seeking discovery to submit new search terms to opposing party to search for responsive documents where original search terms were overbroad).

Indeed, the U.S. District Court for the District of Delaware had propounded a standard for discovery of electronic documents which specifically provides that

> If the parties intend to employ an electronic search to locate relevant electronic documents, the parties shall disclose any restrictions as to scope and method which might affect their ability to conduct a complete electronic search of the electronic documents. The parties shall reach agreement as to the method of searching, and the words, terms and phrases

- 8 -

> to be searched with the assistance the respective e-discovery liaisons, who
> are charged with familiarity with the parties' respective systems.

*See Default Standard for Discovery of Electronic Documents*, Ad Hoc Committee for

Electronic Discovery of the U.S. District Court for the District of Delaware (Ex. 18;

available at http://www.ded.uscourts.gov/Announce/Policies/Policy01.htm) (emphasis

added).

Accordingly, Sprint has no basis to support its contention that the search terms

constitute protected attorney work product. To the contrary, the vast weight of authority

cited above shows that disclosure of search terms to an opposing party is an ordinary and

regular aspect of discovery relating to electronic documents.


**C.     Even if protected, Vonage is entitled to discovery of Sprint's search
         terms**

Even if this Court decides that the terms used by Sprint somehow qualify as

attorney work product, Vonage is entitled to discovery of those terms in view of Sprint's

failure to produce responsive documents. That is, because Sprint has not provided any

reason for its failure to produce responsive documents or informed Vonage of the

disposition of the documents that previously existed, Vonage has a need to discover the

terms used by Sprint to locate such documents to determine whether Sprint's failure is

justified, and Vonage cannot obtain such discovery from any other source. Moreover,

Vonage has assured Sprint that it will not regard disclosure of search terms to constitute a

waiver of any applicable privilege.

As the responding party, Sprint, not Vonage, has the obligation to "conduct a diligent search, which involves developing a reasonably comprehensive search strategy." *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006) ("Defined search strategies are even more appropriate in cases involving electronic data, where the number of documents may be exponentially greater [than cases involving exclusively hard copy documents]."). Having failed in its obligation to adequately and sufficiently respond to Vonage's requests, there is simply no legal basis for Sprint to avoid accountability for this failure under the guise of privilege.

In cases involving a dispute such as this, *i.e.* whether a party has produced all non-privileged, responsive documents, a California court granted plaintiffs' motion to compel identification of the search terms used by defendants, subject to a written confidentiality agreement providing that: (1) defendants' production of the search terms would not constitute a waiver of the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or doctrine; (2) the search terms would be treated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the protective order in place in the case; and (3) if plaintiffs wished to file the search terms with any court, plaintiffs would request that the court file the search terms under seal. *See In re CV Therapeutics, Inc., Securities Litigation*, No. C 03-03709, 2006 U.S. Dist. LEXIS 38909, at *31 (N.D. Cal. Apr. 4, 2006). The Court expressly noted that such an arrangement was reasonable and the Court had been provided with no explanation as to why such an arrangement would be unacceptable. *Id.* at *32.

Here, Vonage has already proposed that Sprint's identification of the search terms used to electronically search for responsive documents would be subject to the same conditions that were agreed upon in *In re CV Therapeutics*. Indeed, Vonage expressly assured Sprint at Mr. McGrory's deposition that discovery relating to Sprint's efforts to identify collect and produce documents would not be construed as a waiver of any valid privilege or immunity, and Vonage has re-iterated this assurance in correspondence to Sprint's counsel. Sprint has simply provided no reason for refusing the conditions under which Vonage proposes that Sprint disclose the search terms, just as Sprint has provided no reason for refusing to disclose the terms themselves.

Alternatively, Sprint should allow Vonage to conduct its own search of the Sprint document database. *See Tilberg v Next Mgmt. Co.*, 2005 WL 2759860 (S.D.N.Y. Oct. 24, 2005)("Based on the uncontroverted statements by Tilberg, it appears that relevant documents exist on Next's email servers, central server, and individual work stations. Having failed to produce these documents, Next will be required to allow Tilberg to perform a complete search of the Next computer system.").

Accordingly, this Court should enter an appropriate Order directing Sprint to fulfill its discovery obligations and promptly comply with Vonage's request to identify the search terms used to search for relevant documents responsive to Vonage's document requests or allow Vonage access to Sprint's database to perform its own search.

- 11 -

## V.    CONCLUSION

For at least the foregoing reasons, Vonage respectfully requests that the Court enter an Order granting its Motion to compel discovery and ordering Sprint to identify, within five (5) days of such Order, the search terms used to search for documents responsive to Vonage's requests for documents and things in this litigation.

Date:   January 10, 2007                        Respectfully submitted

                                                 /s/ Patrick J. Kaine

                                                Don R. Lolli    KS #22538
                                                Patrick J. Kaine  KS #15594
                                                Dysart Taylor Lay Cotter & McMonigle P.C.
                                                4420 Madison Avenue
                                                Kansas City, Missouri 64111
                                                816-931-2700
                                                pkaine@DysartTaylor.com
                                                dlolli@DysartTaylor.com

                                                Patrick D. McPherson
                                                Barry Golob
                                                Donald R. McPhail
                                                Duane Morris LLP
                                                1667 K Street N.W.
                                                Washington, DC 20006-1608
                                                202-776-7800
                                                pdmcpherson@duanemorris.com
                                                bgolob@duanemorris.com
                                                drmcphail@duanemorris.com

                                                *Attorneys for Defendants/Counterclaim
                                                Plaintiffs Vonage America, Inc. and Vonage
                                                Holdings Corp.*

## CERTIFICATE OF SERVICE

I hereby certify on this 10th day of January 2007 that a copy of the foregoing was filed electronically, with notice of case activity to be generated and sent electronically by the Clerk of the Court, to:

B. Trent Webb
Adam P. Seitz
Erick A. Buresh
SHOOK, HARDY & ;BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
Fax:  (816) 421-5547
**ATTORNEYS FOR PLAINTIFF**

                      /s/ Patrick J. Kaine