IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
)
                Plaintiff,     )
)
v.     )
)
VONAGE HOLDINGS CORP.,     )   Case No. 05-2433-JWL
VONAGE AMERICA, INC.,     )
)
                Defendants.  )
)
)
)
)

## MEMORANDUM IN SUPPORT OF SPRINT'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES NOS. 4, 5 AND 7

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Sprint Communications Company L.P. ("Sprint"), respectfully moves the Court to compel Defendants Vonage America, Inc. and Vonage Holdings Corp. (collectively "Vonage") to provide substantive responses to Sprint's Interrogatory Nos. 4, 5 and 7.

### I.    INTRODUCTION/STATEMENT OF THE NATURE OF THE MATTER

Throughout this litigation, Sprint has engaged in numerous attempts to obtain Vonage's non-infringement, invalidity and willfulness contentions without the intervention of the Court. Sprint's efforts have been met with nothing more than illegitimate excuses and delay. Indeed, Vonage has yet to provide a substantive response to Interrogatory No. 5, while its supplemental responses to Interrogatory Nos. 4 and 7 are non-responsive, evasive, and altogether fail to convey any meaningful information to Sprint.

- 1 -

232325v2

Dockets.Justia.com

Despite Vonage's obstruction, Sprint provided detailed infringement contentions to Vonage on March 20, 2006, and provided detailed and updated infringement contentions to Vonage on October 5, 2006. During this time, Vonage has been actively developing its case theories without disclosing them to Sprint. Vonage's hide-the-ball approach to the discovery process is substantially prejudicing Sprint's ability to develop its case and to conduct discovery. It is imperative that the Court compel Vonage to respond to Sprint's Interrogatories Nos. 4, 5 and 7 immediately. In the absence of such relief, Sprint's ability to develop its case and conduct discovery will be severely and negatively impacted.

Pursuant to Local Rule 37.2, counsel for the parities have had extensive discussions and correspondence about these matter and have not been able to resolve them, thus necessitating this motion.

## II.     CONCISE STATEMENT OF RELEVANT FACTS

In its Answer and Counterclaims, Vonage denied that its alleged infringement was willful and counterclaimed against Sprint on the basis of noninfringement and invalidity. *See* Doc. No. 73, Answer and Counterclaim ¶¶ 5-8. On January 6, 2006, Sprint served its First Set of Interrogatories on Vonage, including Interrogatory Nos. 4, 5 and 7, which seek the factual basis for Vonage's noninfringement, invalidity and willfulness contentions. *See* Ex. A, Relevant Excerpts of Sprint's First Set of Interrogatories.

On February 7, Vonage answered Sprint's First Set of Interrogatories without providing any substantive response to Interrogatory Nos. 4, 5 and 7. Indeed, Vonage contends that it "is not obligated to respond to such questions at this stage of the litigation, **if at all**." Ex. B, Relevant Excerpts of Vonage's Responses, at 4, 5 and 6 (emphasis added). Today, over a year since Sprint's Interrogatories were first served, Vonage continues to delay and obfuscate

even the most basic non-infringement, invalidity or willfulness contentions that form the basis of its affirmative defenses and counterclaims.

In an attempt to avoid burdening the Court with this issue, Sprint endeavored to obtain and patiently awaited the promised substantive responses from Vonage, but to no avail. On November 21, 2006, Sprint again requested that Vonage supplement its response to Interrogatory No. 6, which seeks the factual basis for its contention that any alleged infringement was not willful. *See* Ex. L, Letter from Adam Seitz to Donald McPhail, dated Nov. 21, 2006. Specifically, Sprint requested that Vonage identify and describe the "necessary actions" to which Vonage's previous response had referred by December 1, 2006. Vonage ignored this letter. On December 5, 2006, Sprint again requested that Vonage provide the requested information. *See* Ex. C, Letter from Adam P. Seitz to Vonage's Counsel, dated Dec. 5, 2006. In response, Vonage stated that it would produce potentially responsive documents "in the near future." *See* Ex. D, Letter from Donald McPhail to Adam Seitz, dated Dec. 5, 2006. Vonage has yet to produce any such documents. *See* Ex. E, E-mail from Adam Seitz to Vonage's Counsel, dated Jan. 10, 2007. Moreover, it continues to evade a full and substantive response to this interrogatory. *See* Ex. F, Letter from McPhail to Seitz, dated Jan. 17, 2007.

On December 1, 2006, Sprint requested Vonage supplement its response to Interrogatory nos. 5 and 7, which seek the basis for Vonage's noninfringement and invalidity contentions. *See* Ex. G, letter from Adam P. Seitz to Vonage's Counsel. Though Sprint requested this supplementation by December 8, 2006, Vonage ignored this request and did not provide its first supplemental noninfringement contentions until December 29, 2006. *See* Ex. H, Relevant Excerpts of Vonage's First Supplemental Responses. These contentions, however, fail to convey even the slightest indication of the basis for Vonage's contentions. *See id.* Indeed,

Vonage's response is nothing more than a recitation of the claim language and provides absolutely no information as to Vonage's affirmative contentions. In an attempt to avoid Court involvement, Sprint again requested substantive responses from Vonage by January 15, 2007. *See* Ex. I, letter from Robert H. Reckers to Donald R. McPhail, dated Jan. 8, 2007. Yet again, Vonage ignored this letter and refused to respond until after a phone call from counsel for Sprint on January 17. Vonage's most recent response, however, simply is more of Vonage's hide-the-ball litigation tactics. *See* Ex. F, Letter from McPhail to Seitz, dated Jan. 17, 2007.

As for the invalidity contentions, Vonage promised to provide those by January 15, 2007. *See* Ex. J, letter from Adam P. Seitz to Donald R. McPhail, dated Jan. 5, 2007. Not surprisingly, Vonage again ignored its obligations and promises and refused to provide a response. In fact, Vonage did not even respond to Sprint's letter until after a phone call from counsel for Sprint on January 17 reminding Vonage of its obligations. Vonage's most recent response, however, is nothing more than another delay tactic on contentions that are now over 11 months late. *See* Ex. F, Letter from McPhail to Seitz, dated Jan. 17, 2007.

### III.   QUESTIONS PRESENTED

(1)   Is Sprint entitled to a complete and substantive response to its Interrogatory No. 7, which requests the full factual basis and explanation for Vonage's contention that it does not infringe any of Sprint's asserted patents?

(2)   Is Sprint entitled to a complete and substantive response to its Interrogatory No. 4, which requests the full factual basis and explanation for Vonage's contention that any alleged acts of infringement have not been willful or intentional?

(3)   Is Sprint entitled to a complete and substantive response to its Interrogatory No. 5, which requests the full factual basis and explanation for Vonage's contention that Sprint's asserted patents are invalid, void and unenforceable?

- 4 -

232325v2

## IV.   ARGUMENT

Vonage's delay in providing its non-infringement, invalidity and willfulness contentions is inexcusable.  Sprint served its First Set of Interrogatories over a year ago, and Sprint provided its own detailed infringement contentions and supplemental contentions to Vonage last October.  Vonage's hide-the-ball tactics have allowed it to actively to develop its case theories based on Sprint's contentions without disclosing its own contentions to Sprint.  It is beyond dispute that Sprint is entitled to this information, especially when those contentions form the basis for Vonage's affirmative defenses and counterclaims.  Accordingly, Vonage must be compelled to provide full and substantive responses to Interrogatory Nos. 4, 5 and 7.

**A.   Sprint is Entitled to Substantive and Responsive Answers to its Interrogatory No. 7.**

Sprint's Interrogatory No. 7 seeks the factual basis and explanation for Vonage's non-infringement contention.  Vonage's contention forms the basis of Vonage's Fourth Affirmative Defense and First Counterclaim.  *See* Doc. No. 73.  While Vonage eventually provided a response to this interrogatory, a cursory review of Vonage's submission reveals that it is woefully inadequate and wholly lacking in substance.  Interrogatory No. 7 states:

> Describe, in detail, the full factual basis and explanation for Vonage Holding Corp.'s contention that Vonage Holding Corp. has not infringed any of the Asserted Patents.

Instead of providing Vonage's affirmative contentions, Vonage merely recites the language of the asserted claims and states that each and every element is not present in Vonage's network. *See* Ex. H.  Vonage, however, fails to explain the "full factual basis and explanation for Vonage Holding Corp. contention that Vonage Holding Corp. has not infringed."  Interrogatory No. 7. For instance, Vonage does not provide any factual information about Vonage's network, the operation thereof, or any information regarding the alleged distinguishable elements of the

232325v2

network.  Vonage's response also fails to cite a single document demonstrating the operation of Vonage's system but instead suggests that the relevant documents in its 500,000 page production should be "self-explanatory."  *See* Ex. K, Letter from McPhail to Seitz, dated Dec. 7, 2006. Moreover, Vonage has no basis for suggesting that it "is not obligated to respond to such questions at this stage of the litigation, **if at all**."  Ex. B, at 6.  Vonage cannot be allowed to use information to form the basis for its affirmative defenses and its counterclaims and then hide that information from Sprint.  Vonage clearly is in control of all technical information regarding the operation of its system and why this operation is allegedly noninfringing, and Sprint is entitled to this information.  Indeed, "[t]his Court has noted that such interrogatories are helpful in that they may narrow and define the issues for trial and enable the propounding party to determine the proof required to rebut the responding party's claim or defense."  *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006).  Accordingly, Vonage should be compelled to provide a full and substantive response to Interrogatory No. 7.

> **B.  Sprint is Entitled to Substantive and Responsive Answers to its Interrogatory No. 4.**

Sprint's Interrogatory No. 4 seeks the full factual basis and an explanation for Vonage's contention that any acts of infringement have not been willful.  Here again, Vonage's response to this interrogatory is wholly inadequate.  Interrogatory No. 4 states:

> Describe, in detail, the full factual basis and explanation for Vonage Holding Corp.'s contention that any alleged acts of infringement have not been willful or intentional.

In its initial response to this interrogatory, Vonage asserted that it "has taken the necessary actions to investigate Sprint's allegations once the patents were asserted."  Ex. B, at 4.  Vonage, however, refuses to disclose the nature of these "necessary actions."  In supplementing its initial response, Vonage did not identify any actions and merely reiterated its non-infringement

allegations. *See* Ex. H, at 4. Vonage's responses utterly fail to provide any factual basis or explanation for its willfulness contention, including a description of the "necessary actions" and whether it sought and/or received an opinion of counsel. Sprint clearly is entitled to this information and cannot be expected to guess as to the nature of these actions or whether Vonage undertook any action at all. *Moses v. Halstead*, 236 F.R.D. at 674. As such, Vonage's response to Interrogatory No. 4 remains inadequate.

   **C. Sprint is Entitled to Substantive and Responsive Answers to its Interrogatory No. 5.**

   Sprint's Interrogatory No. 5 seeks the full factual basis and explanation for Vonage's contention that the asserted Sprint patents are invalid and unenforceable. This contention forms the basis for a number of Vonage's Affirmative Defenses and Counterclaims. Interrogatory No. 5 states:

> Describe, in detail, the full factual basis and explanation for Vonage Holding Corp.'s contention that Sprint's Asserted Patents are invalid, void and/or unenforceable under one or more sections of Title 35 of the U.S. Code.

   Despite having affirmatively pleading in its Answer and Counterclaims that Sprint's asserted patents are invalid and unenforceable, Vonage has yet to provide any response to this interrogatory. Instead, Vonage has produced over 500,000 pages of documents suggesting that the documents relevant to its invalidity contentions should be "self-explanatory." *See* Ex. K, Letter from McPhail to Seitz, dated Dec. 7, 2006. Such a response is plainly inadequate and improper. Vonage had a basis for pleading invalidity in its Affirmative Defenses and Counterclaims and Sprint is unquestionably entitled to this information. Vonage's inexcusable delays in providing its contentions are prejudicing Sprint by preventing it from adequately preparing its case on this issue. Vonage's delay tactics should not be countenanced and it should be ordered to provide Sprint with a full and complete response to this interrogatory, including a

232325v2

description of where Vonage contends each claim element of the Asserted Patents is allegedly found in the prior art. *Moses v. Halstead*, 236 F.R.D. at 674.

## V.   CONCLUSION

For the reasons stated above, Sprint respectfully requests that the Court compel Vonage to respond to contention Interrogatories Nos. 4, 5 and 7, and that the Court provide Sprint such other relief as may be appropriate and necessary under the circumstances.

Respectfully submitted,

Dated: January 18, 2007

/s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT COMMUNICATIONS COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2007, a true and accurate copy of the above and foregoing **MOTION TO COMPEL RESPONSES TO INTERROGATORIES NOS. 4, 5 AND 7** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

  /s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.