# EXHIBIT B

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff, <br><br> v. <br><br> THEGLOBE.COM, INC., VOICEGLO HOLDINGS, INC., VONAGE HOLDINGS CORP., and VONAGE AMERICA, INC. <br><br> Defendants. | Case No. 05-2433 JWL |

## DEFENDANT VONAGE HOLDINGS CORP.'S RESPONSES AND OBJECTIONS TO PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S FIRST SET OF INTERROGATORIES

Defendant Vonage Holdings Corp. ("Vonage Holdings"), pursuant to Fed. R. Civ. P. 33, hereby responds to Plaintiff Sprint Communication Company L.P.'s ("Sprint") First Set of Interrogatories.

### GENERAL OBJECTIONS

Vonage Holdings objects to the following definition and generally:

1. Definition "5": Vonage Holdings objects to the extent that the proffered definition of "document" exceeds the parameters of the Federal Rules of Civil Procedure and Local Rules of Practice for the District of Kansas.

2. Vonage Holdings objects to the extent the Interrogatories seek information protected from discovery by the attorney-client privilege or work product immunity or any confidential obligation owed to a third party.

3. Vonage Holdings incorporates by reference its general objections set forth in its response to Sprint's first request for documents and things.

OUTSIDE ATTORNEYS EYES ONLY

Subject to and without waiving these objections, Vonage Holdings will produce responsive non-privileged documents located after a reasonable search pursuant to Fed. R. Civ. P. 33(d), and once a suitable Protective Order has been entered by the Court in this case.

**INTERROGATORY NO. 3**

Describe, in detail, the date and circumstances under which Vonage Holdings Corp. first learned of the Asserted Patents, including when and how Vonage Holdings Corp. first acquired or requested a copy of the Asserted Patents.

**RESPONSE:**

Vonage Holdings objects to this Interrogatory as argumentative and overly broad. It further objects on grounds that this Interrogatory calls for a legal conclusion, and seeks information that is protected by the attorney-client and attorney work product privileges. Vonage Holdings also objects to the word "learned" as used herein as vague and ambiguous.

Subject to and without waiving these objections, Vonage Holdings states that it first became aware of the Asserted Patents upon receipt of service of the Complaint in this case. Previous to its receipt of the Complaint, Vonage Holdings received from Sprint a CD containing more than 40 patents that Sprint alleged were relevant to the VoIP industry.

**INTERROGATORY NO. 4**

Describe, in detail, the full factual basis and explanation for Vonage Holdings Corp.'s contention that any alleged acts of infringement have not been willful or intentional.

**RESPONSE:**

Vonage Holdings objects to this Interrogatory because it contains pure questions of law and mixed questions of law and fact which are principally legal questions for the Court to decide. It further objects on grounds that this Interrogatory seeks mental impressions, analysis and work product of counsel relating to Sprint's claims and to defenses asserted to those claims, and seeks information protected by the attorney-client privilege. Vonage Holdings also objects to the extent that this Interrogatory is premature as it seeks information which is or may be the subject of expert

3

OUTSIDE ATTORNEYS EYES ONLY

testimony. Vonage Holdings is not obligated to respond to such questions at this stage of the litigation, if at all.

Subject to and without waiving these objections, Vonage Holdings states that none of its activities infringe any asserted patent of Sprint. Therefore, because there is no infringement, there cannot be any willful infringement. In addition, Vonage Holdings has taken the necessary actions to investigate Sprint's allegations once the patents were asserted.

## INTERROGATORY NO. 5

Describe, in detail, the full factual basis and explanation for Vonage Holdings Corp.'s contention that Sprint's Asserted Patents are invalid, void and/or unenforceable under one or more sections of Title 35 of the U.S. Code.

## RESPONSE:

Vonage Holdings objects to this Interrogatory because it contains pure questions of law and mixed questions of law and fact which are principally legal questions for the Court to decide. It further objects on grounds that this Interrogatory seeks mental impressions, analysis and work product of counsel relating to Sprint's claims and to defenses asserted to those claims, and seeks information protected by the attorney-client privilege. Vonage Holdings also objects to the extent that this Interrogatory is premature as it seeks information which is or may be the subject of expert testimony. It further objects because this Interrogatory is premature. Vonage Holdings is not obligated to respond to such questions at this stage of the litigation, if at all.

Subject to and without waiving these objections, Vonage Holdings states that it cannot fully respond to this Interrogatory until such time as Vonage Holdings receives Sprint's infringement contentions. To the extent Vonage Holdings understands the scope of Sprint's Asserted Patents, Vonage Holdings asserts that Sprint's Asserted Patents do not cover VoIP technology. Thus, Sprint's overbroad reading of its Asserted Patents to cover VoIP technology constitutes patent misuse, and further invalidates the Asserted Patents in view of the prior art.

## INTERROGATORY NO. 6

4

OUTSIDE ATTORNEYS EYES ONLY

Describe, in detail, the full factual basis and explanation for Vonage Holdings Corp.'s contention that Plaintiff's claim is barred, in whole or in part, by the doctrines of laches, estoppel and unclean hands.

### RESPONSE:

Vonage Holdings objects to this Interrogatory because it contains pure questions of law and mixed questions of law and fact which are principally legal questions for the Court to decide. It further objects on grounds that this Interrogatory seeks mental impressions, analysis and work product of counsel relating to Sprint's claims and to defenses asserted to those claims, and seeks information protected by the attorney-client privilege. Vonage Holdings also objects to the extent that this Interrogatory is premature as it seeks information which is or may be the subject of expert testimony. It further objects because this Interrogatory is premature. Vonage Holdings is not obligated to respond to such questions at this stage of the litigation, if at all.

Subject to and without waiving these objections, Vonage Holdings states that Sprint's Asserted Patents issued as early as 2001, and because Sprint was aware of Vonage Holdings and its VoIP activities since that time, its decision to wait until 2005 to initiate the present law suit amounts to inexcusable delay and prejudice to Vonage Holdings.

### INTERROGATORY NO. 7

Describe, in detail, the full factual basis and explanation for Vonage Holdings Corp.'s contention that Vonage Holdings Corp. has not infringed any of the Asserted Patents.

### RESPONSE:

Vonage Holdings objects to this Interrogatory because it contains pure questions of law and mixed questions of law and fact which are principally legal questions for the Court to decide. It further objects on grounds that this Interrogatory seeks mental impressions, analysis and work product of counsel relating to Sprint's claims and to defenses asserted to those claims, and seeks

5

OUTSIDE ATTORNEYS EYES ONLY

information protected by the attorney-client privilege. Vonage Holdings also objects to the extent that this Interrogatory is premature as it seeks information which is or may be the subject of expert testimony. It further objects because this Interrogatory is premature. Vonage Holdings is not obligated to respond to such questions at this stage of the litigation, if at all.

Subject to and without waiving these objections, Vonage Holdings states that it cannot fully respond to this Interrogatory until such time as Vonage Holdings receives Sprint's infringement contentions. To the extent Vonage Holdings understands the scope of Sprint's Asserted Patents, Vonage Holdings asserts that Sprint's Asserted Patents do not cover VoIP technology, and thus Vonage Holdings cannot infringe the Asserted Patents.

### INTERROGATORY NO. 8

For each of the products and/or services identified in response to Interrogatory No. 1, identify the number of units sold, the number of subscribers or customers, dollar revenues from sales, gross profits, net profits, actual profits, and projected profits from the sale or distribution of the accused products.

### RESPONSE:

Vonage Holdings adopts by reference its Response to Interrogatory No. 1. Furthermore, Vonage Holdings objects to this Interrogatory as overly broad in scope and time, and therefore unreasonably burdensome. Moreover, the Interrogatory is compound, confusing, and argumentative, and therefore objectionable.

Subject to and without waiving these objections, Vonage Holdings will produce responsive non-privileged documents located after a reasonable search pursuant to Fed. R. Civ. P. 33(d), and once a suitable Protective Order has been entered by the Court in this case.

OUTSIDE ATTORNEYS EYES ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P.,<br><br>Plaintiff,<br><br>v.<br><br>THEGLOBE.COM, INC., VOICEGLO HOLDINGS, INC., VONAGE HOLDINGS CORP., and VONAGE AMERICA, INC.<br><br>Defendants. | Case No. 05-2433 JWL |

## DEFENDANT VONAGE HOLDING CORP.'S
## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this 8th day of February 2006 that:

- Defendant Vonage Holding Corp.'s Responses and Objections to Plaintiff Sprint Communications Company L.P.'s First Request for Production of Documents and Things; and

- Defendant Vonage Holding Corp.'s Responses and Objections to Plaintiff Sprint Communications Company L.P.'s First Set of Interrogatories

were sent by e-mail on February 7, 2006 to:

| **Attorneys for Plaintiff** | B. Trent Webb<br>Adam P. Seitz<br>Eric A. Buresh<br>SHOOK, HARDY & BACON LLP<br>2555 Grand Boulevard<br>Kansas City, MO 64108-2613<br>Fax: (816) 421-5547<br>Email: bwebb@shb.com<br>Email: aseitz@shb.com<br>Email: eburesh@shb.com |
|---|---|

1