IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-2433-JWL |
| ) | |
| THE GLOBE.COM, INC., ET AL ) | |
| ) | |
| Defendants. ) | |

**VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S OPPOSITION
TO SPRINT COMMUNICATIONS CO. LLP'S MOTION TO COMPEL**

Vonage America, Inc. and Vonage Holdings Corp. (collectively "Vonage") respectfully submit this opposition to the Motion to Compel Responses to Interrogatories Nos. 4, 5 and 7 filed by Sprint Communications Company, L.P. ("Sprint").

Simply put, Sprint is seeking information that is either privileged or the subject of expert testimony. Vonage's expert reports are due February 23, 2007, and at that time, Vonage will submit its noninfringement and invalidity contentions in greater detail. In any event, Vonage did provide Sprint with noninfringement contentions in the same level of detail as was provided to Vonage by Sprint until such time as Sprint provided its detailed contentions in its expert report.

Thus, Sprint's motion to compel is without merit as Vonage has properly objected to portions of Sprint's interrogatories that request privileged information and answered the remaining portions, including supplementing its answers. Sprint simply has failed to inform the Court that the information it seeks is either protected as attorney-client privileged information

(Interrogatory 4) or the subject of expert testimony which Vonage will submit on February 23, 2007 pursuant to the Court's revised scheduling order (Interrogatories 5 and 7).

I.  **ARGUMENT**

A.  **Interrogatory No. 4 Seeks Information Subject to the Attorney-Client Privilege**

Interrogatory No. 4 seeks the factual basis for Vonage's denial that the alleged acts of infringement are willful. In its response dated February 7, 2006 Vonage objected to Interrogatory 4 on the basis, *et seq.*, that it sought information protected by the attorney-client privilege, and further responded that Vonage has not infringed Sprint's patents, literally or under the doctrine of equivalents, and thus there can be no willful infringement. (See Ex. B to Sprint's motion). Vonage supplemented its response to Interrogatory 4 after receipt of Sprint's Amended Infringement Contentions by providing a claim chart and explaining that because Vonage did not infringe as set forth in the claim chart, there could be no willful infringement. (See Exhibit H to Sprint's motion.)

Further, Vonage has subsequently supplemented its response by describing the actions undertaken by Vonage upon learning of this suit, even though such a response was not required by Sprint's interrogatory. In particular, on January 17, 2007, Vonage stated that when Vonage received a copy of Sprint's complaint in this action, Vonage referred the matter to litigation counsel who investigated the allegations in the complaint and represents Vonage in this action. (See Exhibit A, January 17, 2007 McPhail letter to Seitz, attached ).

All other information regarding Vonage's bases for non-willfulness are based on discussions with Vonage's counsel, which are privileged and which Vonage properly refuses to

disclose. Thus, there is no additional information for Vonage to provide to its response to Interrogatory 4.

B. **Interrogatories 5 and 7 Are Contention Interrogatories Which Will Be The Subject Matter of Vonage's Expert Reports to be Served on February 23, 2007.**

Interrogatory No. 7 requests that Vonage provide the basis for its contention that it does not infringe the asserted patents. Interrogatory 5 requests that Vonage provide the basis for its contention that the asserted patents are invalid. Both of these interrogatories are directed to subject matter that Vonage's experts will be testifying about, and Vonage's expert reports are not due until February 23, 2007 pursuant to the scheduling order. Thus, Sprint's motion to compel responses to Interrogatories 5 and 7 is improper as premature and should be denied.

In its responses filed February 7, 2006, Vonage objected to both interrogatories as requesting information that is the subject matter of expert opinion. (See Ex. B to Sprint's motion.) Without waiver of the objections, Vonage supplemented its response to Interrogatory 7 after receipt of Sprint's Amended Infringement Contentions and included a claim chart explaining that basis for Vonage's contention of non-infringement in the same level of detail that Sprint provided in its claim charts. (See Exh. H to Sprint's Motion.) Sprint's only more detailed assertions of infringement were provided to Vonage for the first time as part of Sprint's expert report on January 12, 2007, only 6 days before it filed this motion to compel.

In accordance with the scheduling order, Vonage is having its expert submit a report providing the detailed basis for Vonage's assertion of non-infringement (on the same level of detail provided by Sprint's expert). Thus, Sprint's motion to compel a more detailed response to

Interrogatory 7 is premature in that Vonage's expert report with respect to non-infringement is not due until February 23, 2007.

Likewise, with respect to Interrogatory 5, Sprint's complaint that Vonage has not provided the factual basis for its contentions that the asserted patents are invalid is premature in that this factual basis is the subject of Vonage's expert report as well (due on February 23, 2007). Notwithstanding the pre-maturity of Sprint's motion to compel, Vonage has, concurrently with the filing of this opposition, supplemented its response to Interrogatory 5 to provide copies of the prior art which demonstrates that the asserted patents are invalid. Vonage's expert will identify the detailed application of this prior art to the claims in his expert report. Thus, because Sprint's motion to compel a response to Interrogatory 5 is premature, it should be denied.

### C. Federal courts routinely require responses to contention interrogatories only after the end of fact discovery, if at all

Federal courts overwhelmingly favor delaying responses to contention interrogatories until the end of fact discovery. *See McCarthy v. Paine Webber Group*, 168 F.R.D. 448, 450 (D. Conn. 1996)(the nature of contention interrogatories is such that responses are more appropriate after substantial amount of discovery has been conducted); *Everett v. US Air Group*, 165 F.R.D. 1, 3 (D. Col. 1995)(although contention interrogatories are permitted, the "obligation to respond to them is often postponed until near end of discovery period"); *B. Braun Medical Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994)(order denying motion to compel responses to contention interrogatories, "[t]here is considerable support for deferring contention interrogatories until the end of the discovery period."), *aff'd in part, vacated in part, and remanded on other grounds*, 124 F.3d 1419 (Fed. Cir. 1997); *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 96 (E.D. Pa. 1992)(order denying motion to compel responses to contention

interrogatories as premature); *Nestle Foods Corp. v. Aetna Casualty and Sur. Co.*, 135 F.R.D. 101 (D.N.J. 1990)(the goals of the Federal Rules of Civil Procedure are best served by use of contention interrogatories at the end of the discovery period); *In re Convergent Technologies Secs. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985)(order refusing to require a response to contention interrogatories prior to substantial completion of discovery).

Similarly, in the Advisory Committee Notes accompanying the 1970 amendments to the Federal Rules of Civil Procedure that sanctioned the use of contention interrogatories, the Committee stated that "[s]ince interrogatories involving mixed questions of law and fact may create disputes between parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer." (emphasis added)(Rule 33(b) (now (c)) advisory committee note to 1970 amendments).

Sprint has cited no authority to the contrary in its motion to compel. Indeed, Sprint has cited no authority whatsoever to support its argument that Sprint is somehow "entitled to a complete and substantive response" to its contention interrogatories at this time. Rather, the clear weight of authority shows that Sprint is not "entitled" to any response to its contention interrogatories prior to the end of discovery, if at all.

### D. Sprint has not shown a need for early answers to Interrogatory Nos. 5 and 7

The party seeking a response to contention interrogatories before discovery has been completed bears the burden of showing why early answers are required. *See Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 96 (E.D. Pa. 1992). To meet this burden, Sprint must show "specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." *In re Convergent*

*Technologies Secs. Litig.*, 108 F.R.D. 328, 339 (N.D. Cal. 1985). *See also Conopco, Inc. v. Warner-Lambert Co.*, 2000 U.S. Dist. LEXIS 1601, *12 (D.N.J. 2001); *Fischer*, 143 F.R.D. at 96; *Everett*, 165 F.R.D. at 5; *B. Braun Medical*, 155 F.R.D. at 527.

In its motion, however, Sprint has provided no justification for demanding early answers to its contention interrogatories, much less any "specific, plausible grounds" for asserting that early answers will somehow advance this case. Indeed, only with respect to Interrogatory No. 5 did Sprint even allege that there was a possibility of prejudice arising from Vonage's refusal to answer at this time. Sprint did not, however, provide any grounds at all to support its claim of alleged "prejudice" to Sprint.

Moreover, although not mentioned by Sprint in its statement of relevant facts, discovery in this matter is still on-going and is not scheduled to be completed until March 30, 2007. *See* D.I. 113. Significantly, not until January 12, 2007 did Sprint provide Vonage with any indication of the claim terms that Sprint contends need to be construed in this case or any meaningful infringement contentions.[a]

Further, despite having been noticed in November, 2006, Sprint has still failed to provide Vonage with a confirmed date for the deposition of Sprint's witness under Rule 30(b)(6) on issues such as the scope of the claims of the asserted patents and Sprint's construction and application thereof to Vonage's system and its operation. Sprint has also consistently failed to

---

[a] Sprint's claim that it "provided detailed infringement contentions to Vonage on March 20, 2006" is quite misleading. The contentions provided in March, 2006, were, at best, conclusory and merely repeated the claim language in describing the allegedly infringing components of Vonage's system and its operation. Similarly, the purported "detailed and updated infringement contentions" provided in October, 2006, showed a fundamental misunderstanding of the structure and operation of Vonage's system, as evidenced by the subsequent deposition of Vonage's witness under Rule 30(b)(6).

produce documents that are responsive to Vonage's requests for production, even though such documents are within Sprint's possession, custody or control, as described in Vonage's pending Motion to Compel. *See* D.I. 107. Indeed, despite repeated requests, Sprint only produced yesterday some 45,000 pages of documents that Sprint's counsel previously represented to this Court had already been produced.

It is quite clear, therefore, that Vonage is continuing to prepare its case against Sprint at this time, but that this preparation is nowhere near complete through no fault of Vonage. Vonage simply should not be required to provide Sprint with a detailed outline of its case until it has an opportunity to conduct a substantial amount of discovery, an objective Sprint continues to thwart. *See Roberts v. Heim*, 130 F.R.D. 424, 427 (N.D. Calif. 1989)("[T]he Courts are loathe to require a party to 'write basically a portrait of their trial' for the other parties" in response to contention interrogatories.); *Hickman v. Taylor*, 329 U.S. 495, 508 (1947)(holding that an attorney can prepare a litigation strategy without intrusion from adversaries). Moreover, Sprint has not and cannot show any justifiable reason to require Vonage to provide more detailed responses now, rather than at the end of discovery.

Indeed, Sprint's interrogatories at issue here are exactly the type of broad, over-reaching contention interrogatories frowned upon by the federal courts. *See Roberts v. Heim*, 130 F.R.D. 424, 427 (N.D. Calif. 1989)(contrasting proper and improper contention interrogatories). That is, although the Federal Rules contemplate the use of interrogatories to seek the facts supporting a specific contention, an interrogatory asking for all facts that support Vonage's entire defense is impermissible. *See id.*; *see also Mort v. A/S D/S Svendborg*, 41 F.R.D. 225, 226 (E.D. Pa.

1966)(sustaining an objection to an interrogatory that called for all "information the defendant possessed relating to the accident.").

E.  **Interrogatories 5 and 7 Do Not require that Vonage Provide a Detailed Description of the Operation of its System**

Sprint's demand now that Vonage describe the operation of the various components of its system and how they interact is beyond the scope of Interrogatories 5 and 7. This topic is more suitable to a deposition category. In fact, Vonage has already provided documents and deposition testimony which provide a detailed description of the operation of Vonage's system, and Sprint has requested additional depositions directed to this subject matter. Thus, it is premature for Sprint to seek a motion to compel prior to the completion of its discovery on this topic.

II. **CONCLUSION**

For at least the foregoing reasons, Vonage respectfully requests that the Court enter an Order denying Sprint's Motion to Compel.

Dated: February 1, 2007

                                      Respectfully submitted,

                                      /s/ Patrick J. Kaine

                                      Don R. Lolli   KS Dist. #70236
                                      Patrick J. Kaine  KS #15594
                                      Dysart Taylor Lay Cotter & McMonigle P.C.
                                      4420 Madison Avenue
                                      Kansas City, Missouri 64111
                                      816-931-2700
                                      pkaine@DysartTaylor.com
                                      dlolli@DysartTaylor.com

Patrick D. McPherson
Barry Golob
Donald R. McPhail
Patrick C. Muldoon
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com
pcmuldoon@duanemorris.com
*Attorneys for Defendants/Counterclaim Plaintiff Vonage America, Inc. and Vonage Holdings Corp.*

## CERTIFICATE OF SERVICE

I hereby certify on this **1st** day of **February, 2007** that a copy of the foregoing was filed electronically, with notice of case activity to be generated and sent electronically by the Clerk of the Court to:

B. Trent Webb
Adam P. Seitz
Erick A. Buresh
SHOOK, HARDY & ;BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
Fax: (816) 421-5547
**ATTORNEYS FOR PLAINTIFF**

/s/ Patrick J. Kaine