# EXHIBIT A

H:\exhibit.doc

Dockets.Justia.com

DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

DONALD R. MCPHAIL
DIRECT DIAL: 202.776.7894
E-MAIL: drmcphail@duanemorris.com

www.duanemorris.com

October 12, 2006

**VIA EMAIL AND FEDERAL EXPRESS**

Peter E. Strand
Shook, Hardy & Bacon LLP
Hamilton Square
600 14 Street, N.W.
Suite 800
Washington, DC 20005-2004

> **Re:** *Sprint Communications Company L.P. v. Vonage Holdings Corp.*
> *and Vonage America, Inc.*, Case No. 05-2433-JWL
> Our Reference: Y2108-00079
> Your Reference: SPRI.116441

Dear Peter,

This letter is in response to your correspondence to Barry Golob dated October 2, 2006 regarding certain alleged deficiencies in Vonage Holdings Corp.'s and Vonage America, Inc.'s (collectively "Vonage") responses to Sprint Communications Company L.P.'s ("Sprint") First Request for Production of Documents and Things.

First, we disagree with your remarks that "Vonage has failed to produce sufficient financial documents in response to Sprint's First Requests for Production of Documents and Things" and "[a]fter a review of the documents produced to date, it is clear that only a minimal amount of documents were produced in response to these requests." This sort of generalization and hyperbole is unhelpful and counterproductive.

We note that Vonage expressly objected to each Request enumerated in your letter on the grounds that "the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence." It should have been quite clear to you from this objection that Vonage did not intend to produce every document that Sprint might regard as potentially responsive to these requests. Vonage maintains its position, and reiterates, that Vonage objects to the production of documents which are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence and will not produce such documents.

DuaneMorris

Peter E. Strand
October 12, 2006
Page 2

Turning to the specifics, with respect to Request No. 17, we disagree with your assertion that "[a] review of the materials produced by Vonage only discloses a few documents were produced" and suggest that you review Vonage's documents again. Among the documents produced by Vonage, at least VON_019608 to VON_020353 are responsive to Request No. 17 in that they refer or relate to financial and sales projections, budgets, marketing plans, investment plans, financial statements, forecasts, business plans and/or strategic plans that relate or refer to telephony products and/or services.

Additional documents which may be responsive to Sprint's Request No. 17 appear to include the Forms S-1 and 10-Q filed by Vonage with the U.S. Securities and Exchange Commission. Such documents are publicly available on the Commission's website at www.sec.gov. Vonage objected to the production of such documents, and re-iterates that it will not produce documents which Sprint can readily obtain from public sources. Nevertheless, in the spirit of cooperation, enclosed with the confirmation copy of this letter are copies of the Form S-1 and 10-Q Report that Vonage filed with the SEC (Bates Nos. VON_021755 to VON_022045).

With respect to Request No. 24, we disagree with your assertion regarding the volume of documents produced by Vonage and again direct your attention to at least VON_019608 to VON_020353, which refer or relate to the amount of profit (actual and/or anticipated, gross and/or net) earned by Vonage. We also direct your attention to at least VON_021755 to VON_022045, which also refer or relate to the amount of profit (actual and/or anticipated, gross and/or net) earned by Vonage.

With respect to Requests Nos. 46 and 47, we disagree with your assertion that no responsive documents have been produced by Vonage. At least VON_019608 to VON_020353 and VON_021755 to VON_022045 relate to Vonage's decision to make, use, sell, offer to sell, license or offer to license telephony products and/or services, or components thereof. Similarly, at least VON_020482 to VON_021156 also relate to Vonage's decision to make, use, sell, offer to sell, license or offer to license telephony products and/or services, or components thereof.

With respect to Request No. 53, we disagree with your assertion that "Vonage did not disclose documents that identify the number of units sold, the number of subscribers or customers, dollar revenues from sales, gross profits, net profits, actual profits . . . and anticipated profits from the sale or distribution of its products and/or services." At least VON_019608 to VON_020353 and VON_021755 to VON_022045 all include information regarding the number of subscribers, dollar revenue from sales, gross profits, net profits, actual profits and anticipated profits arising from the sale or distribution of telephony products and/or services.

With respect to Request No. 54, we reject your attempt to burden Vonage with the responsibility of identifying and obtaining potentially responsive documents and information from third parties. Note that Vonage expressly objected to Sprint's Requests on the grounds that

DuaneMorris

Peter E. Strand
October 12, 2006
Page 3

"the information sought is not within the possession, custody or control of Vonage Holdings [or Vonage America]".  Insofar as Sprint is seeking a document solely within the possession, custody or control of a third party, then Sprint should request that document from that particular third party.

As to the substance of your remarks, we disagree with your assertion that "[a] review of the materials produced by VONAGE did not disclose such financial projections, projected revenue and/or projected market share from the sale and/or distribution of" telephony products and/or services.  We suggest that you review again the language of Sprint's request and the documents produced by Vonage.

In particular, you should note that Sprint's request only asked for "[d]ocuments <u>sufficient to identify</u> any financial projections, projected revenue and/or projected market share from the sale and/or distribution of" telephony products and/or services, <u>not for projections themselves</u>.  If Sprint wants a specific document *per se*, then it needs to request that document *per se*, and not just "documents sufficient to identify" that specific document.

Moreover, we utterly reject your assertion that Vonage has not produced documents containing financial projections, projected revenue and/or projected market share from the sale and/or distribution" of telephony products and/or services.  We again direct your attention to at least VON_019608 to VON_020353, VON_021755 to VON_022045 and VON_020482 to VON_021156, all of which include financial projections, projected revenue and/or projected market share from the sale and/or distribution of telephony products and/or services.

Nevertheless, we remain mindful of our obligations under the Federal Rules of Civil Procedure and have conducted an additional search for potentially responsive documents.  These documents are presently being processed and will be forwarded to you shortly.

Finally, further to our letter of September 20, 2006, we again remind you about Sprint's ongoing obligations under the Federal Rules, as well as your express commitments to remedy deficiencies in Sprint's production to date.  Vonage's requests for these documents have been outstanding for over six (6) months, and during our telephone conferences of June 13 and September 13, Sprint committed to conducting a further search for responsive documents, and producing whatever responsive documents may be found.  To date, Sprint has failed to produce even a single additional document.

We remind you that Sprint's production has been particularly deficient with respect to the following categories of documents:

(i)    Organizational charts, including at least those showing positions held by alleged inventor Joseph Christie, as well as those Sprint entities and employees involved

DuaneMorris

Peter E. Strand
October 12, 2006
Page 4

in or associated with the discovery and/or development of Christie's purported
inventions, or the sale or marketing of products derived from inventions;

(ii)    Documents relating to ownership of the patents-in-suit, including any
assignment documents executed by Joseph Christie (either personally or on his behalf)
for one or more of the patents-in-suit;

(iii)    Documents that support Sprint's allegations of willful infringement;

(iv)    Correspondence between Sprint (or its attorneys) and Joseph Christie or
the estate of Joseph Christie, including any correspondence relating or referring to one or
more of the patents-in-suit or the preparation or prosecution of any patent application
from which such a patent issued or claims priority;

(v)    Documents relating to the preparation or prosecution of any patent
application from which a patent-in-suit issued or claims priority, including documents
that relate to the conception or reduction to practice of any of the alleged inventions
claimed in the patents-in-suit, such as invention disclosures, laboratory notebooks,
memoranda and the like, and drawings, particularly drawings created by or under the
supervision of Joseph Christie or Michael Setter;

(vi)    Documents organizing or cataloging Sprint's patents and other intellectual
property related to the subject matter of the patents-in-suit (see Bates no. SPRe-002-01-
00193, which references a "catalog of the JCS intellectual property and patents");

(vii)    Documents bearing a date earlier than 1997 relating to JCS2000 or similar
projects, particularly development of prototype(s) (see Bates no. SPRe-002-01-04691,
which states that "[d]uring 1995 an[d] early 1996 a prototype of the JCS2000 was
developed in Sprint Advanced Technologies Labs (ATL).");

(viii)    Contracts with and licenses to or from third-parties (see Bates nos. SPRe-
002-01-00188 and SPRe-002-01-00189, which list a number of agreements related to
JCS2000);

(ix)    Documents relating to sales of products and/or services covered by or
relating to any of the inventions disclosed or claimed in the patents-in-suit (see Bates no.
SPRe-002-01-00774, which includes a suggestion to sell software developed under the
JCS2000 project);

(x)    Cease and desist letters to third parties regarding one or more of the
patents-in-suit;

DuaneMorris

Peter E. Strand
October 12, 2006
Page 5

     (xi)     Correspondence to or from any third-party contractor, vendor or consultant relating to rights under one or more of the patents-in-suit (see Bates no. SPRe-002-01-00193 that states that Tellabs is "in violation of Sprint's IP with their next generation switch"); and

     (xii)     Documents relating to the prior art search referenced by Michael Setter at his deposition.

We expect these documents to be produced to us without any further delay or we shall have to seek intervention of the Court. Discovery concludes in less than three (3) months, and Sprint's on-going delay in producing these documents is highly prejudicial to Vonage.

     If it is your contention that any of these documents have been destroyed, please produce a copy of Sprint's document retention policy and identify the date on which the documents were destroyed and the person(s) responsible therefor. If it is your contention that all responsive documents have been produced already, please identify the documents in each category by Bates number.

     We also await your confirmation, in writing, that the only claims which Sprint alleges may be infringed by Vonage are those specifically enumerated in Sprint's First Amended Infringement Contentions.

     We look forward to receiving your reply.

Very truly yours,

Donald R. McPhail

DRM/ego
Enclosure: VON_021755 to VON_022045