# EXHIBIT C

H:\exhibit.doc

# Duane Morris

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

DONALD R. MCPHAIL
DIRECT DIAL: 202.776.7894
E-MAIL: drmcphail@duanemorris.com

www.duanemorris.com

December 27, 2006

**VIA EMAIL**

Eric A. Buresh
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108

Re:  *Sprint Communications Company L.P. v. Vonage Holdings Corp. and Vonage America, Inc.*, Case No. 05-2433-JWL
     Our Reference: Y2108-00079
     Your Reference: SPRI.116441

Dear Eric,

This letter is in response to your letter dated December 22, which we received December 26, regarding Vonage's request that Sprint identify the terms it used to locate documents responsive to Vonage's requests for production. While we appreciate the spirit of your offer, we must decline for the following reasons.

As evidenced by the documents shown to Mr. McGrory at his deposition, documents responsive to Vonage's requests clearly existed at one point in time. Based on Mr. McGrory's testimony and Sprint's document retention policy, those documents should have been and should continue to be retained by Sprint. Nevertheless, these documents have not been produced by Sprint. The issue to be addressed now is <u>why</u> Sprint has not produced these documents to Vonage.

We have asked you repeatedly to provide Sprint's search terms to us so that we may determine whether Sprint cannot locate these documents because of the particular search terms employed. You, however, have repeatedly refused these requests and, at least at present, have provided no reason or justification for your refusal to do so. We specifically note that your earlier assertion of privilege does <u>not</u> provide such reason or justification in view of Vonage's offer to treat Sprint' search terms as "Outside Attorneys Eyes Only" and not to regard the disclosure thereof as a waiver of any applicable privilege. We again direct your attention to *In re CV Therapeutics, Inc., Securities Litigation*, 2006 U.S. Dist. LEXIS 38909 (N.D. Calif., April 4, 2006) at *31-*32.

# DuaneMorris

Eric A. Buresh
December 27, 2006
Page 2

      Your offer to review search terms submitted by Vonage and then use those terms to search for documents will, unfortunately, not remedy the current problem. It is not incumbent upon Vonage to figure out why Sprint has failed to meet its discovery obligations. Quite to the contrary, Sprint must justify why it has failed to produce responsive documents which clearly existed and should have been retained by Sprint.

      We therefore must insist that Sprint provide some explanation as to why it has consistently failed to produce responsive documents which clearly existed in the past and should have been retained by Sprint. If you contend that these documents have not been produced because they no longer exist, then we re-iterate our request that you provide us with information regarding the destruction of these documents, including the individual(s) responsible therefor and the timing thereof, as well as the circumstances surrounding and the reasons for such destruction.

      If we do not hear from you by close of business on December 29, we will presume we have reached an impasse and will have no alternative but to seek the intervention of the court.

Very truly yours,

Donald R. McPhail

DRM/ego