IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
)
        Plaintiff, )
)
v. )
)
VONAGE HOLDINGS CORP., )  Case No. 05-2433-JWL
VONAGE AMERICA, INC., )
)
        Defendants. )
)
)
)
)

### SPRINT'S SUR-REPLY TO VONAGE'S REPLY
### IN SUPPORT OF VONAGE'S MOTION TO COMPEL

    Plaintiff Sprint Communications Company L.P. ("Sprint") respectfully submits this sur-reply in opposition to Defendants Vonage America, Inc. and Vonage Holdings Corp.'s Motion to Compel, to respond to numerous erroneous assertions that were made for the first time in Vonage's Reply memorandum filed February 7, 2007.

    Vonage's Reply does not reach the fundamental question raised by its Motion— whether search terms are discoverable—until page 13 of its Reply. Vonage's discussion of the law surrounding this issue does not merit further comment. However, in the first 13 pages of its Reply, Vonage launches an inaccurate, misleading, and generalized attack on Sprint's discovery efforts. To the extent Vonage even attempts to offer specificity, it relies upon factual inaccuracies and/or unsupported inferences. The present Sur-reply is limited to correcting the record with respect to the inaccuracies and unsupported inferences advanced by Vonage for the first time in its Reply.

- 1 -

2327737v1
2328923v1

**I.     Vonage's Contention that Sprint Has Not Produced the Promised 45,000 Additional Pages Is Wrong.**

Vonage alleges Sprint promised 45,000 pages of additional production but still has not produced such documents. *See* Vonage's Reply at 9, 12 (note a) and 15. This allegation is false. Sprint completed the production of these documents well before Vonage filed its Reply. *See* Ex. A, Declaration of Adam P. Seitz, ¶ 3. Sprint previously explained to Vonage the circumstances surrounding the production of these documents and certain issues Sprint had experienced with its outside vendor. Sprint exerted significant resources to address these issues to produce the 45,000 pages in a prompt manner. *See* Ex. B, E-mails between Donald R. McPhail, counsel for Vonage, and Adam P. Seitz, counsel for Sprint (explaining that Sprint was conducting an expedited privilege review of the documents and would be producing non-privileged documents on a rolling basis). Consistent with Sprint's representations to Vonage, all of the non-privileged 45,000 pages were produced by January 31, 2007. *See* Ex. A, Declaration of Adam P. Seitz, ¶¶ 3 and 4; *see also* Ex. C, Production Letters from Sprint to Vonage dated January 9, 10, 25 and 30, 2007.

Given the extensive correspondence between the parties on this issue, and the fact that these documents are in Vonage's possession, it is puzzling how Vonage can continue to allege that the promised 45,000 pages of additional documents have not been produced. The production of the 45,000 pages brought Sprint's production to 399,780 pages, which confirms the accuracy of Sprint's representation in its Corrected Response to Vonage's Motion to Extend Certain Discovery Deadlines. *See* Vonage Reply at 12. Sprint has produced all the documents of which Vonage complains, and Vonage's allegations to the contrary are false.

**II.     Vonage's Contention that Sprint Produced Documents In Response to Vonage's Motion to Compel Is Wrong.**

Throughout its Reply, Vonage alleges Sprint offered to produce documents only in response to Vonage's Motion. *See* Vonage Reply at 4 (heading A, *et seq*.), 10 (heading C, *et seq*.). This allegation also is false. Before filing its Motion, Vonage was well aware that Sprint had undertaken additional searching to address all perceived deficiencies that Vonage had raised. Vonage's own exhibits confirm Vonage's knowledge of ongoing efforts by Sprint to locate and produce additional responsive documents. *See* Doc. No. 108, Vonage's Brief, Ex. 17 (12/29/06 letter from Seitz to McPhail) (indicating that Sprint was continuing an ongoing search for documents responsive to perceived deficiencies). Furthermore, on January 2, 2007, Sprint informed Vonage that Sprint was preparing the production of documents that would address the perceived deficiencies raised by Vonage. *See* Doc. No. 111, Sprint's Opposition, Exs. A & B. Notwithstanding that Vonage's complaints may have been resolved by Sprint's production, Vonage filed its Motion eight (8) days later.

Vonage knew before it filed its Motion that Sprint was preparing to produce additional documents. Contrary to Vonage's assertions, Sprint's production of the additional documents demonstrates Sprint's cooperation in response to Vonage's inquiries, as well as Sprint's diligence in its efforts to promptly produce responsive documents discovered through continued search efforts.

**III.    Vonage's Contention that Sprint Misrepresented its Production to the Court Without Correction Is Wrong.**

Vonage also alleges that Sprint has demonstrated a "disrespect for this Court and its officers" and never corrected a misstatement regarding the production of the aforementioned 45,000 pages of production. *See* Vonage's Reply at 9 and 12. Once again, Vonage's allegation is false.

- 3 -

2327737v1
2328923v1

When Sprint confirmed a production issue with 45,000 pages of its production, it contacted Vonage and, on December 14, 2006, Sprint offered to withdraw its Corrected Response to Vonage's Motion to Extend Certain Discovery Deadlines (Doc. No. 104). *See* Ex. A, Declaration of Adam P. Seitz, ¶ 5; Ex. D, Email from Seitz to Golob, dated Dec. 14, 2006 (confirming that Sprint would withdraw its opposition to Vonage's Motion to Extend Certain Discovery Deadlines). Before Sprint could effect the withdrawal, the Court ruled on Vonage's pending motion. *See* Doc. No. 105, Order dated December 15, 2006. However, in keeping with its desire to withdraw its Opposition to Vonage's Motion and to acknowledge certain production delays, Sprint joined Vonage in a joint request to extend the discovery deadlines in the manner proposed by Vonage. *See* Doc. No. 106, Joint Motion to Extend Certain Discovery Deadlines (requesting to extend certain deadlines as agreed by the parties). In the Joint Motion, Sprint candidly acknowledged document production delays:

> Since the filing of Vonage's Motion on November 3, 2006, both parties have continued to locate, process and produce additional documents. This document production, while nearing its completion, remains on-going and has necessarily delayed discovery events contingent upon the document production. For example, the production of witnesses for depositions and the preparation of expert reports have been hampered by the current production delays.

*Id.* at 2. Sprint's conduct was and continues to be forthright. Sprint withdrew opposition to an extension it otherwise opposed, candidly admitted that production delays resulted in the need to invoke such an extension, and alerted the Court and Vonage to both of these facts.

It bears mention that Vonage does not come to the Court with clean hands when it comes to production delays. Vonage produced over 500,000 pages of documents in November of 2006—nearly 10 months after Sprint served written discovery that necessitated production of such documents. Moreover, Vonage currently is engaged in continuing production of additional

- 4 -

responsive documents. Vonage recently stated that it has over 100,000 additional responsive documents that it intends to produce. *See* Ex. E, Letter from Seitz to McPhail, dated Jan. 24, 2007. On February 5, 2007, Sprint received approximately 50,000 pages of the promised 100,000 page production. The remaining 50,000 documents have not yet been produced. Unlike Vonage, Sprint does not immediately assume that all of Vonage's initial searches were flawed or that the scope of the searches were inappropriate. Instead, Sprint recognizes that as further areas of inquiry are identified, additional searches are necessitated and additional documents are produced. This is part and parcel to the discovery process. Vonage, on the other hand, advances the unsupported and unreasonable assumption that because Sprint continues to gather and produce documents in response to Vonage's more focused inquiries, some underlying flaw in Sprint's search methodology is necessarily present. Vonage's own conduct in continuing to gather and produce responsive documents undercuts the very assumption on which Vonage so blithely relies.

### IV. Vonage's Discussion of Specific Categories of Documents Misleads By Omission of Relevant Facts.

Vonage's Reply also discusses patent ownership documents and correspondence between Sprint and Joseph Christie's estate in an attempt to show that Sprint's search for responsive documents was inadequate. *See* Vonage's Reply at 4- 7. This discussion is misleading and omits key facts demonstrating Sprint's continuing efforts to swiftly address any identified problems.

First, with respect to correspondence between Sprint and Joseph Christie's estate, Vonage concludes that "there is simply no justifiable reason why Sprint should not have found and produced these non-privileged, responsive documents . . . ." Vonage Reply at 3-6. Vonage fails to mention that Sprint found and produced such documents on January 25, 2007, well

- 5 -

before Vonage filed its Reply.  *See* Ex. A, Declaration of Adam P. Seitz, ¶ 6; *see also* Ex. C, Production Letters.  Vonage's Reply, which seeks Sprint's search terms purportedly so that Vonage may discern why the Christie correspondence has not been found, is unfounded as the documents have already been located and produced to Vonage.  If additional responsive documents are located, they will similarly be produced to Vonage.

Next, Vonage complains of an alleged delay in Sprint's production of patent ownership documents.  *See* Vonage's Reply at 6.  Again, Vonage omits highly relevant facts.  First, Vonage's Motion and prior discussions between counsel did not address this new category of concern.  Second, once Vonage raised this issue, Sprint promptly located the requested patent ownership documents and produced them to Vonage in a timely fashion.

Specifically, Sprint produced a responsive patent assignment document on November 29, 2006.  *See* Ex. A, Declaration of Adam P. Seitz, ¶ 7; *see also* Ex. C, Production Letters.  Sprint did not note that the produced assignment covered only three (3) of the seven (7) asserted patents until Vonage highlighted the issue in a Request for Admission, which was served on January 16, 2007.  *See* Ex. F, Vonage's First Set of Requests for Admission.  Sprint located and produced the assignment document relating to the remaining four patents on January 24, 2007.  *See* Ex. A, Declaration of Adam P. Seitz, ¶ 8; *see also* Ex. C, Production Letters.  Again, Vonage's complaint is in the past-tense and is, in fact, only indicative of Sprint's efforts to promptly correct any identified problems.

### V.   Conclusion

Notwithstanding the tenor of the first 13 pages of Vonage's Reply, Vonage's Motion is not one to compel the production of documents.  Because Sprint has produced all the documents about which Vonage complains, a motion to compel production of documents would

be futile. As demonstrated above, Sprint has produced the documents in question, which demonstrates the adequacy of its search procedures.

Vonage is left to complain only about timing of production. However, Vonage's own continuing efforts to locate and produce documents is inconsistent with its complaints. Both parties are actively locating and producing documents. Vonage is culpable of the very conduct of which it complains. The Court should not condone Vonage's attempt to sully Sprint with unfounded accusations and to cloud the Court's assessment of Vonage's underlying motion to compel search terms.

                    Respectfully submitted,

Dated: February 12, 2007

      /s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT COMMUNICATIONS COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2007, a true and accurate copy of the above and foregoing **SPRINT'S SUR-REPLY TO VONAGE'S REPLY IN SUPPORT OF VONAGE'S MOTION TO COMPEL** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

 /s/ Adam P. Seitz
Attorneys for Sprint Communications Company L.P.

- 8 -

2327737v1
2328923v1