# EXHIBIT B

Dockets.Justia.com

## Seitz, Adam P. (SHB)

| | |
|---|---|
| **From:** | Seitz, Adam P. (SHB) |
| **Sent:** | Monday, January 29, 2007 12:13 PM |
| **To:** | 'McPhail, Donald R.' |
| **Cc:** | 'McPherson, Patrick D.'; 'Baird, John M.'; 'Muldoon, Patrick C.'; Webb, B. Trent (SHB); Buresh, Eric A. (SHB); Reckers, Robert H. (SHB); 'Golob, Barry' |
| **Subject:** | RE: Outstanding Issues -- |

Don,

Your questions continue to suggest that you have either ignored or failed to read my January 26 e-mail as to the status of the 45,000 pages. As previously stated, your question was explicitly addressed in my e-mail. Nonetheless, and in order to avoid further issues in this regard, I will reproduce the relevant portion for your convenience: "As to the remaining documents, I have spoken with our vendor and it appears that the remaining documents have all been marked as privileged. In order to address this issue, we have a team of attorneys conducting an expedited review of these documents and they will be working over the weekend to complete this review as quickly as possible. In order to further expedite the process, we will be making a production each day until the review is complete, with our first production starting today. I expect the entire review will be complete by the middle of next week."

To further clarify, of the 45,000 pages, all documents that were not marked as privileged were produced in multiple productions in December and January, each of which were sent, as always, via FedEx. As for the remaining documents from the 45,000 page production, which were marked as privileged, my e-mail made it abundantly clear that these documents are being reviewed and produced as quickly as possible. As you must surely be aware, a significant number of documents were produced, via FedEx, on January 26. The overwhelming majority of these documents fall within the range identified in your December 1 letter. As I previously noted, we have an entire team devoted to this review so you will have the remainder as soon as possible. Based upon our substantial progress over the weekend, I believe all documents that are, in fact, not privileged, should be on their way to you by Wednesday.

Sincerely,

Adam

---

**From:** McPhail, Donald R. [mailto:DRMcPhail@duanemorris.com]
**Sent:** Monday, January 29, 2007 10:24 AM
**To:** Seitz, Adam P. (SHB)
**Cc:** McPherson, Patrick D.; Baird, John M.; Muldoon, Patrick C.; Webb, B. Trent (SHB); Buresh, Eric A. (SHB); Reckers, Robert H. (SHB); Golob, Barry
**Subject:** RE: Outstanding Issues --
**Importance:** High

Adam -

My email was BECAUSE of your email below. Despite your representation that the missing 45,000 pages were produced by January 9, I can assure you that NO such documents have been received by us. We have received only about 4,000 pages, all of which bear different Bates numbers from the missing pages. We have NOT received 45,000 pages of anything, much less 45,000 pages bearing the Bates numbers I identified in my letter of December 1.

Please have your vendor produce these missing 45,000 pages immediately and send to us by Federal Express so that it may be tracked from your vendor to us. This has been going on for some two months

now and is getting more than a little ridiculous.  There is no reason for any further delay given your repeated statements that these documents have already been produced.  If we do not receive these documents by close-of-business tomorrow, we will have no choice to file another motion to compel as there appears to be no jusitification for this continued game of claiming that something has been produced when, in fact, it has not.

Don



**Donald R. McPhail**
Partner

Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
**P:** 202.776.7894
**F:** 202.776.7801
**C:** 571.228.7936

- BIO
- E-MAIL
- WEB SITE
- VCARD

---

**From:** Seitz, Adam P. (SHB) [mailto:ASEITZ@shb.com]
**Sent:** Monday, January 29, 2007 11:19 AM
**To:** McPhail, Donald R.
**Cc:** McPherson, Patrick D.; Baird, John M.; Muldoon, Patrick C.; Webb, B. Trent (SHB); Buresh, Eric A. (SHB); Reckers, Robert H. (SHB); Golob, Barry
**Subject:** RE: Outstanding Issues --

Don,

In light of my e-mail below, your questions already have been addressed.  I would ask that you please re-read my January 26 e-mail and let me know if you have any further questions.

Thanks,

Adam

---

**From:** McPhail, Donald R. [mailto:DRMcPhail@duanemorris.com]
**Sent:** Friday, January 26, 2007 3:19 PM
**To:** Seitz, Adam P. (SHB)
**Cc:** McPherson, Patrick D.; Baird, John M.; Muldoon, Patrick C.; Webb, B. Trent (SHB); Buresh, Eric A. (SHB); Reckers, Robert H. (SHB); Golob, Barry
**Subject:** RE: Outstanding Issues --

Adam -

With respect to the 45,000 pages, we have received only around 4,000 pages of production from Sprint since December and none of these documents bear the same Bates numbers as the missing 45,000 pages that we specifically identified in our letter of December 1.  Please let me know when, specifically, these 45,000 pages were sent to us and by whom.  Please also confirm that the

missing documents still bear the same Bates numbers as they originally bore, or whether Sprint has provided new Bates numbers (if so, please identify the Bates range that corresponds to the missing 45,000 pages).

Don



**Donald R. McPhail**
Partner

Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
**P:** 202.776.7894
**F:** 202.776.7801
**C:** 571.228.7936

- BIO
- E-MAIL
- WEB SITE
- VCARD

**From:** Seitz, Adam P. (SHB) [mailto:ASEITZ@shb.com]
**Sent:** Friday, January 26, 2007 4:01 PM
**To:** Golob, Barry
**Cc:** McPherson, Patrick D.; McPhail, Donald R.; Baird, John M.; Muldoon, Patrick C.; Webb, B. Trent (SHB); Buresh, Eric A. (SHB); Reckers, Robert H. (SHB)
**Subject:** RE: Outstanding Issues --

Barry,

Based on our e-mail exchanges the past few days, I understand that Mr. Citron is not available until March. As we have been asking for his deposition since late November, I would appreciate if you would check and see if he has any cancellations on his schedule for early February. I will wait to hear from you. If Mr. Citron is unavailable until March, will you be producing another witness in early February on topic nos. 17, 20, 21 and 23 of Sprint's First Notice?

With regard to Sprint's document production, we have produced all but 616 remaining documents contained within the 45,000 page production. Our records indicate that production was completed on January 9, 2007. As to the remaining documents, I have spoken with our vendor and it appears that the remaining documents have all been marked as privileged. In order to address this issue, we have a team of attorneys conducting an expedited review of these documents and they will be working over the weekend to complete this review as quickly as possible. In order to further expedite the process, we will be making a production each day until the review is complete, with our first production starting today. I expect the entire review will be complete by the middle of next week. We also are in the process of preparing a privilege log to reflect any privileged information contained within these documents and we will produce our privilege log in the near future.

As to the Christie correspondence and the Cisco contracts, those documents already have been produced. If, for some reason, you do not have them, please let me know. We are still negotiating the production of the remaining Bellcore and Tellabs contracts and will produce those as soon as our contractual requirements have been met. Contrary to your assertion, I did not reference other "highly relevant materials" that have been located from "additional searches" in our January 2 conversation. Instead, I informed you that, based on Sprint's continuing efforts to locate and produce documents, we would be producing both the Christie correspondence and the contracts referenced above.

As for the depositions you requested, I previously informed you that witnesses would be available for a deposition on Vonage's 2nd Notice on February 6 and 7, your acknowledgment of which is reflected in your January 18 e-mail. In addition to being Sprint's corporate designees for particular topics in Vonage's 2nd Notice, Messrs. Mike Setter and Harley Ball will also be produced in their individual capacity at that time. While we continue to hold these dates open, we need to know whether you plan to proceed on these dates as conflicts with the witnesses' availability are rapidly developing. As for the damages topics, I assume you are referring to the topics referenced in your 3rd Notice. If so, you previously indicated that you wanted to proceed with respect to the 2nd Notice only. As such, the discussions to date have centered on the 2nd Notice, for which we have provided witnesses and dates. If you are now interested in proceeding on the 3rd Notice as well, we will identify witnesses as quickly as possible.

Adam

---

**From:** Golob, Barry [mailto:BGolob@duanemorris.com]
**Sent:** Tuesday, January 23, 2007 4:26 PM
**To:** Seitz, Adam P. (SHB)
**Cc:** McPherson, Patrick D.; McPhail, Donald R.; Golob, Barry; Baird, John M.; Muldoon, Patrick C.
**Subject:** RE: Outstanding Issues --

*Adam:*

*With regard to Mr. Citron's deposition, we will make him available in New Jersey on January 31, 2007. Please let me know as soon as possible if this date works for you. I will let you know by Thursday if he will also be the witness for any of the categories you requested in Sprint's first notice, i.e., nos. 17, 20, 21, or 23.*

*Regarding Sprint's production of documents, we are baffled that the 45,000 "missing" pages have still not been produced. You first told us over one month ago that it was a vendor error and that we would have them by December 15, yet we still do not have these documents.*

*You also recently informed me that you found correspondence with Mr. Christie's estate, which is directly contrary to assertions you made on December 7, 2006 in a letter to Don McPhail ("Sprint has not located documents relating to correspondence between it and Mr. Christie's estate."). Moreover, it has been several weeks that you have needed to obtain "written approval" to produce certain documents, i.e., the Cisco contracts (and others). And you informed me on January 2 that you would be producing documents located from additional searches (based on our letters pointing you to specific documents that reference other highly relevant materials that we have continuously claimed should have been found as a result of your initial searches but for your search terms) by the end of that week. To date, we have received less than 4,000 pages since the letter exchanges beginning December 1 (and none until January 9), and only approximately 1,000 pages appear to result from your additional searches. Is there more?*

*Further, we have repeatedly asked for deposition dates since before Thanksgiving, both for liability and damages issues. Even after you requested that we specifically identify categories based on priority, which we did, we still do not have any deposition dates from you.*

*If we do not receive the 45,000 pages and the remainder of the documents promised in your January 2 email by close of business Friday, January 26, as well as dates for the requested Rule 30(b)(6) depositions (both liability and damages issues), we will be forced to move to compel. Obviously, we will be unable to take any of the requested depositions the week of January 29, because we will not have had ample time to review the documents you will hopefully be producing this week. Also, as to the damages categories, I am unavailable Feb. 8 and 9.*

*With regard to Sprint's topic 23, I provided you with pages from the draft of Mr. Rego's deposition. Please look at the pages beginning at page 291, line 10.*

*Barry*



**From:** Seitz, Adam P. (SHB) [mailto:ASEITZ@shb.com]
**Sent:** Friday, January 19, 2007 6:15 PM
**To:** Golob, Barry
**Cc:** McPherson, Patrick D.; McPhail, Donald R.; Baird, John M.; Webb, B. Trent (SHB); Buresh, Eric A. (SHB); Reckers, Robert H. (SHB)
**Subject:** RE: Outstanding Issues --

Barry,

Unfortunately, the issues with Dr. Wicker's deposition were not addressed by Mr. McPhail's letter, which was less than clear. Before we go forward with scheduling Dr. Wicker's deposition, I want to clarify our position. To this end, Sprint only will produce Dr. Wicker for a single deposition. At this point, Dr. Wicker will be submitting a rebuttal report on your expert's noninfringement position. Dr. Wicker will also be providing a report on your expert's invalidity position. If you choose to proceed with Dr. Wicker's deposition before he provides those reports, we will not produce him for a second deposition based on the opinions contained in his two rebuttal reports. I would ask that you give this position further consideration and let me know how you would like to proceed.

With regard to the documents requested in Request Nos. 33-36 and 39-40, we are in the process of collecting and producing the Cisco, Tellabs and Bellcore contracts. I would note we already have produced the contracts that do not require written notice/approval from those entities. The other documents you request, however, were not clearly included in your

first set of document requests, which were extremely overbroad and ambiguous. We are in the process of reviewing your current requests and will respond to them in the timeframe set forth in the Federal Rules. That being said, I am in the process of collecting the documents relating to the cable companies that are referenced in our expert report and will endeavor to produce them as quickly as possible. As for the document production issue referenced below, I am checking with our vendor and will let you know.

Based on our conversation and your e-mail below, we are currently holding February 15 for Mr. Citron's deposition. Please let me know as soon as possible when this date has been confirmed so that we may make the proper arrangements.

Finally, based on your e-mail, you appear to be refusing to produce a witness on topics 17, 20, 21 and 23 of Sprint's First 30(b)(6) notice. I will respond to each of your comments for the specific topics in turn:

- Topic 17 - Sprint is entitled to a deposition on this topic regardless of the contents of Mr. McPhail's letter and/or Vonage's response to Interrogatory No. 3.
- Topic 20 - I find it hard to believe that every possible question associated with this topic is privileged. Are you suggesting that Vonage's employees, including Mr. Citron, never had any conversations outside the presence of Vonage's attorney(s) regarding the letters received from Sprint? Moreover, even if all of these communications and meetings did involve an attorney, the privilege does not extend to facts surrounding those communications and meetings. In any event, such a determination that the entire topic is privileged is premature as noted by the Court in its April 10, 2006 Order.
- Topic 21 - Again, Sprint is entitled to a witness on this topic to determine, at a minimum, whether Vonage undertook any searches, investigation, analyses, reviews, opinions or studies concerning the Asserted Patents, including whether Vonage obtained an opinion of counsel letter. The fact that such an analysis and/or opinion exists certainly is not privileged and, to the extent you are relying on such an opinion in defense of the claim of willful infringement, the opinion itself is not privileged. Moreover, your determination that the entire topic is privileged is again premature based on the Court's April 10 Order.
- Topic 23 - I have reviewed pages 266-70 of the Rego deposition transcript and they do not support your contention that this topic previously was addressed in Mr. Rego's deposition. In fact, the discussion on the cited pages is so far removed from the scope of topic 23 that it is does not bear further discussion. As such, Sprint is entitled to proceed on this topic.

Please confirm whether you will produce a witness on the above listed topic. If not, we will need to address this issue with the Court.

Additionally, Mr. McPhail's letter makes clear that Vonage is relying on advice of counsel with regard to the allegations of willful infringement. Please advise as to whether you have waived your privilege in association with the assertion of that defense. If so, those communications would obviously be covered under topic nos. 17, 20 and 21, and we request that you identify and produce an appropriate witness.

I look forward to hearing from you.

Thanks,

Adam

---

**From:** Golob, Barry [mailto:BGolob@duanemorris.com]
**Sent:** Thursday, January 18, 2007 4:44 PM

**To:** Seitz, Adam P. (SHB)
**Cc:** McPherson, Patrick D.; McPhail, Donald R.; Baird, John M.; Golob, Barry
**Subject:** Outstanding Issues --

Adam:

We need to know if Mr. Wicker is available the first part of the week of Feb. 5, to be followed by a Sprint witness(es) on topics contained in Vonage's first Rule 30(b)(6) notice. I believe your issue regarding Vonage's noninfringement contentions was addressed in Don McPhail's letter to you yesterday.

As we discussed today, your offer to provide only the search terms you used that resulted in the identification of responsive documents, but not provide search terms that did not locate responsive documents, is unacceptable. Based on our conversations, you have been able to locate responsive documents that we have requested once we point out to you that they should exist, i.e., communications with Mr. Christie's estate, the Cisco, Tellabs and other agreements, third-party agreements (Kamali), etc. As to any search terms that you do not want to produce, we will need an explanation of why before we can agree to such a request. Absent such an agreement, we will not withdraw our motion to compel.

As to Sprint's document production, we still do not have the bulk of the 45,000 "missing" pages. Can you check with your vendor on the progress, as we have only received a small portion of these documents.

As we also discussed, we need the documents that are responsive to Request Nos. 33-36 and 39-40. I understand that some of the agreements require you to first provide notice and/or obtain permission before production, i.e., Cisco. But as I explained, we need these documents before we can take the deposition of Sprint witness(es) on topics contained in Vonage's second Rule 30(b)(6) notice. As to the documents relating to MSO/Cable/VoIP telephony providers, we are limiting the request to the contracts, business and strategic plans, actual and expected financial information (annual data dating back to 2001), including revenues, costs (e.g., cost of goods sold, operating expenses, capital expenditures), profits (e.g., gross profit, operating profit and net profit) and number of customers. We also discussed dates for this deposition, and you believe that Feb. 6 and 7 will work. I will get back to you shortly on these dates. I will also let you know, hopefully by tomorrow, what categories of the 2nd notice we want to proceed with first.

We are working on a date for Mr. Citron's deposition, and you agreed to hold Feb. 15 for this deposition.

As to your request for a witness for categories 17, 20, 21 and 23 of Sprint's first Rule 30(b)(6) notice (served 9/8/06):
    category 17: see Don McPhail's letter yesterday, see Vonage's response to Interrogatory 3
        category 20: privileged
        category 21: privileged

2/12/2007

*category 23: asked by Mr. Strand of Mr. Rego, see pp. 266-70.*

*Barry*



Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

Mail Gate made the following annotations on Fri Jan 19 2007 17:14:51

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

Mail Gate made the following annotations on Fri Jan 26 2007 15:01:25

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

Mail Gate made the following annotations on Mon Jan 29 2007 10:19:36

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.