IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
)
                Plaintiff,  )
)
v.  )
)
VONAGE HOLDINGS CORP.,  )  Case No. 05-2433-JWL
VONAGE AMERICA, INC.,  )
)
                Defendants.  )
)
)
)
)

### SPRINT'S REPLY TO VONAGE'S OPPOSITION TO SPRINT'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES NOS. 4, 5 AND 7

Plaintiff Sprint Communications Company L.P. ("Sprint") respectfully submits this reply to Vonage America, Inc. and Vonage Holdings Corp.'s Opposition to Sprint's Motion to Compel.

Vonage's Opposition frames each of the issues as "premature," which ignores the fact that responses to Sprint's Interrogatories were due **over 12 months ago**. Despite the fact that Vonage's Answer and Counterclaims affirmatively brought an action for noninfringement and invalidity of Sprint's patents, Vonage now refuses to disclose the factual basis supporting its pleadings. Vonage's Opposition rests on the flawed premise that a party may refuse to provide the factual basis upon which its claims and defenses rely until after fact discovery. In fact, Vonage apparently contends it may not be required to provide the factual basis for its pleadings at all. Federal courts have uniformly rejected Vonage's hide-the-ball approach to discovery. Moreover, Vonage's tactics have severely prejudice Sprint's ability to defend against Vonage's

- 1 -

2334225v1

counterclaims. Instead of having over 12 months in which to conduct discovery into Vonage's counterclaims and develop its theories, Sprint will now have a little over one month. Vonage's delay tactics and hide-the-ball approach should not be countenanced and Vonage should be required to provide substantive responses to Sprint's Interrogatory Nos. 4, 5 and 7.

## I.   ARGUMENT

### A.   Vonage's Conduct Is Contrary To The Liberal Discovery Rules.

Sprint's motion to compel seeks substantive responses to three issues central to Vonage's case: (1) Vonage's noninfringement contentions; (2) Vonage's invalidity contentions; and (3) Vonage's non-willfulness contentions. Each of these issues were raised as defenses and/or declaratory judgment counterclaims to Sprint's Complaint. *See* Doc. No. 73, at 1st, 2d, 3d and 4th Affirmative Defenses, and Counterclaim ¶¶ 5-10. Yet, Vonage states that "the clear weight of authority shows that Sprint is not 'entitled' to any response to its contention interrogatories prior to the end of discovery, *if at all*." Opp., at 5 (emphasis added). Relying on this proposition, Vonage flatly refuses to disclose the facts underlying its counterclaims and defenses. However, if, as required by Fed. R. Civ. P. 11(b)(2) and (3), Vonage had a good faith belief that its claims and defenses were viable when it filed its Answer and Counterclaims, the facts upon which these claims and defenses were grounded must have been known to Vonage at the time of filing. If not, then Vonage has significant issues beyond its refusal to respond to Sprint's interrogatories. In any event, the Federal Rules and courts clearly require disclosure of facts underlying such contentions. *Calobrace v. American Nat'l Can Co.*, No. 93 C 999, 1995 U.S. Dist. LEXIS 1371, at *3 (N.D. Ill. Feb. 3, 1995) (citing *Rusty Jones, Inc. v. Beatrice Co.*, No. 89 C 7381, 1990 WL 139145, at *2 (N.D. Ill. Sept. 14, 1990)) ("When one party poses contention interrogatories after considerable discovery, and the opposing party refuses to answer the interrogatories, courts routinely compel the resisting party to answer the interrogatories.").

Of course, contention responses are necessary to allow "the defendant to pin down the plaintiff's theories of liability and to allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case." *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). As discovery has now been on-going for over a year, Vonage simply has no legal justification for its continued refusal to provide full and substantive responses to Sprint's interrogatories. Vonage's hide-the-ball approach to discovery is an affront to the most basis principles of discovery. Indeed, Vonage's suggestion that it should not be required to provide <u>any</u> information on its counterclaims and defenses turns the discovery rules on their head and leaves Sprint guessing as to what theories, facts and witnesses may be used at trial. Such an approach is the antithesis of that envisioned by the Federal Rules and must be rejected.

**B.    Courts Routinely Require Disclosure Of Contentions.**

In an attempt to salvage its untenable position, Vonage contends its hide-the-ball approach has support in case law. Contrary to Vonage's assessment, courts do not recognize a general rule under which parties may refrain from answering any contention interrogatories until the close of discovery. Rather, courts have observed that "contention interrogatories served early in the litigation serve very legitimate and useful purposes, such as ferreting out frivolous or unsupportable claims." *Cleveland Construction, Inc., v. Gilbane Building Co.*, No. CIV A. 05-471-KSF, 2006 WL 2167238, at *7 (E.D. Ky. July 31, 2006); *see also Cornell Research Found., Inc. v. Hewlett. Packard Co.*, 223 F.R.D. 55, 67 (N.D. N.Y. 2003) ("[F]undamental fairness dictates, at a minimum, that [Defendant] be required to flesh out the contentions associated with this affirmative defense in sufficient detail to allow [Plaintiff] to conduct meaningful discovery concerning it."); *Mead Corp. v. Riverwood Natural Res. Corp.*, 145 F.R.D. 512, 518 (D. Minn. 1992) (ordering responses to patentee's interrogatories requiring accused infringer to state all

2334225v1

facts it intended to rely on to prove its defenses, including noninfringement); *see In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) (listing the benefits of compelling parties to answer contention interrogatories early in the discovery process); *Cleo Wrap Corp. v. Elsner Eng'g Works, Inc.*, 59 F.R.D. 386, 391 (M.D. Pa. 1972) (ordering a party to respond to contention interrogatories seeking patent infringement contentions).

Early disclosure of the factual basis for counterclaims and defenses is particularly important in patent cases. Indeed, courts in patent cases routinely require early responses to contention interrogatories. As explained by one court, contention interrogatories "seeking the bases for Defendants' prior art and obviousness defenses are enforced, **even at an early stage in such cases**." *Dot Com Entertainment Group, Inc. v. The Cyberbingo Corporation*, 237 F.R.D 43, 45 (W.D. N.Y. 2006) (emphasis added) (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966)); *see also Braun Medical, Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (finding that because plaintiff's interrogatories concerning prior art were designed to clarify issues and narrow scope of dispute in a patent infringement action, defendant's responses to contention interrogatories were not deferred); *Scovill Mfg. Co. v. Sunbeam Corp.,* 61 F.R.D. 598, 601 (D. Del. 1973) (granting motion to compel accused infringer to respond to interrogatory requesting it to state the factual bases for its declaratory judgment action as to why it did not infringe the patent, list relevant documents, including identifying prior art, and specific documents in the file history that support its allegations of noninfringement and invalidity).

In order to preclude the gamesmanship in which Vonage has engaged, many courts, such as the Northern District of California, have imposed local patent rules requiring "both the plaintiff and the defendant in patent cases to **provide early notice of their**

**infringement and invalidity contentions**, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *O2 Micro Int'l Ltd.*, 467 F.3d at 1365 – 66. The purpose of such rules is to "seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories*." Id*. at 1366. This balance and certainty is exactly what Sprint is seeking so that it may conduct meaningful discovery on Vonage's counterclaims and affirmative defenses.

      **C.    Sprint's Need for the Factual Basis Underlying Vonage's Claims and Defenses is Obvious.**

In refusing to disclose the factual basis upon which its claims and defenses rely, Vonage suggests that the burden is on Sprint to show why such facts should be disclosed during the discovery time period. *See* Opp., at 5 – 6. This argument, however, is a red herring as Sprint's need for this information is obvious. Were Vonage allowed to withhold the facts underlying its counterclaims and defenses until the close of discovery, Sprint would be precluded from conducting discovery and testing theories relating to these facts. The prejudice to Sprint from such an approach is substantial.

      **D.    Expert Testimony Does not Relieve Vonage of its Discovery Obligations.**

Vonage also asserts that Sprint's Motion to Compel is premature as the information sought is the subject matter of expert opinion. *See* Opp., at 3. Evidently, Vonage takes the position that its forthcoming expert report relieves Vonage of its obligation to fully respond to Sprint's interrogatories. *Id*. Vonage's Opposition, however, does not cite any legal support for Vonage's flawed position.

Contrary to Vonage's position, expert testimony does not somehow diminish a party's obligation to responsd to discovery requests. As one court observed:

> **Plaintiff is obligated to make a good faith effort to *fully* answer Defendant's interrogatories.** Several of Plaintiff's responses, e.g.,

- 5 -

> "Travelers cannot respond to this interrogatory until its retained expert on accounting principles and auditing standards provides Travelers with its report," are without merit and do not excuse non-responses. **Plaintiff cannot expect persons, e.g., experts, who are not parties to this lawsuit to answer interrogatories for it.** Plaintiff carries the burden of proof in this matter and must set forth its theory of the case and the testimony it expects to elicit from its witnesses.

*Travelers Casualty and Surety Co. of Am. v. Gelbrich*, No. A04-0165, 2005 WL 1958418, at *2 (D. Alaska Aug. 12, 2005) (emphasis added); *see also* Ex. A, *Garmin Ltd. v. TomTom, Inc.*, Order No. 06-C-062-C (W.D. Wisc. July 14, 2006)( "But if [Defendant] doesn't have anything else to offer in support of its counterclaim and is simply keeping its fingers crossed while its experts draft their opinions, then [Defendant] has potential Rule 11 problems. . . . [I]f the alleged infringer doesn't have any evidence to support a pro-active request for declaratory relief, then it had better . . . leave the burden of persuasion on the patent holder."). As the *Gelbrich* and *Garmin* Courts correctly recognized, a party may not merely rely on its expert to discern a factual basis to support its pleading or to answer interrogatories for it. As such, Vonage remains obligated to fully respond to Sprint's interrogatories, despite any potential overlap with the subject matter contained in a forthcoming expert report.

### E. Vonage's Letters And Supplementations Are Insufficient To Meet Its Discovery Obligations

Vonage's final argument is that it has subsequently supplemented both its response to interrogatory nos. 4 and 5, which seek the basis for Vongae's non-willful and invalidity contentions, respectively.[1] Vonage's "supplementations," however, are wholly inadequate and raise more questions than they answer.

---

[1] Vonage has not even attempted to supplement its response to Interrogatory no. 7, which seeks the basis for Vonage's noninfringement contention.

With regard to interrogatory no. 4, Vonage relies on a January 17 letter as proof that it has provided a substantive response. *See* Opp., at 2; Vonage's Exh. A. While this letter identifies actions taken upon notice of the suit, it fails to address whether Vonage is relying on advice of litigation counsel or good faith litigation defenses as part of its contention that its infringement is not willful. This is exactly the type of information sought by Sprint's interrogatory. While Sprint attempted to further clarify Vonage's position on this issue, it's defense to willful infringement remains unclear. Vonage's most recent response on this issue indicates it is still hiding its true defense to willful infringement. *See* Ex. B, February 13 Letter from McPhail to Seitz. Indeed, it remains unclear whether or not Vonage is relying on good faith litigation defenses or advice of litigation counsel. *See id.* It is equally unclear whether Vonage actually is relying on those defenses and refusing to waive the privilege associated with the assertion of these defenses. Given that discovery closes in approximately 45 days, Sprint must be given substantive responses to these issues so it can determine how to proceed in rebutting these defenses.

Despite the fact that a response to interrogatory no. 5 was due **over one year ago**, Vonage did not provide Sprint with its first identification of how it contends the Sprint patents are invalid until the filing of its opposition brief. *See* Opp., at 4. This "supplementation," however, remains grossly inadequate. Interrogatory no. 5 seeks the basis of Vonage's contention that the Sprint patents are invalid. This would include, at a minimum, an identification of the prior art, the specific Sprint patent(s) Vonage contends is invalidated by each piece of prior art, the statutory basis upon which Vonage contends the art is invalidating, and an application of the prior art to each of the Sprint patents. Vonage's supplementation, however, consisted of nothing more than an generic identification of 22 references consisting of 561 pages. *See* Ex. B,

Vonage's First Supplemental Response to Interrogatory No. 5. Vonage's "supplementation" does not describe even the most basic information as to how this art allegedly invalidates the Sprint patents.

Vonage also cites four additional bases upon which it contends the Sprint patents are invalidated. *See id.* at 3. This identification, however, is nothing more than a generic recitation of statutory language. It does not, for example, describe where Vonage contends the asserted patents "fail to particularly point out and distinctly claim the subject which the applicant regards as the invention." *Id.* Nor does it describe Vonage's contention as to how the Sprint patents "fail to claim statutory subject matter" or how it contends the claims are "not enabled." *Id.* Such a response is, of course, no response at all. As such, Vonage's response to interrogatory no. 5 remains woefully deficient.

## II.  CONCLUSION

For at least the reasons stated above and in Sprint's Motion to Compel, Sprint respectfully requests that the Court compel Vonage to respond to contention Interrogatories Nos. 4, 5 and 7, and that the Court provide Sprint such other relief as may be appropriate and necessary under the circumstances.

Respectfully submitted,

Dated: February 15, 2007

　/s/　Adam P. Seitz　
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT COMMUNICATIONS COMPANY L.P.

2334225v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2007, a true and accurate copy of the above and foregoing **SPRINT'S REPLY TO VONAGE'S OPPOSITION TO SPRINT'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES NOS. 4, 5 AND 7** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

  /s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.

2334225v1