# EXHIBIT A

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARMIN LTD.,

                Plaintiff,                ORDER

v.

                                                06-C-062-C

TOMTOM, INC.,

                Defendant.

---

     Before the court is Garmin's motion to compel defendant TomTom, Inc. to provide a substantive response to Interrogatory No. 7 of Garmin's First Set of Interrogatories, which asks TomTom to:

> Describe, in detail, the full factual basis and explanation for TomTom's contention that TomTom has not infringed, and is not infringing, any of the Asserted Patents, including, but not limited to, a detailed element-by-element comparison of the accused TomTom products and services identified in Interrogatory No. 1 to the Asserted Patents.

     TomTom has responded to that interrogatory by asserting that as plaintiff, Garmin bears the burden of proving infringement. With respect to each of the claims in each of the patents at issue, TomTom has asserted that "Garmin has not shown that the TomTom Accused Products include . . ." that particular element, and goes on to critique Garmin's purported proof of infringement. This response, argues Garmin, is no response at all.

     TomTom responds by portraying itself as the victim of Garmin's impatient harassment and asserting that it has provided Garmin with its "current" noninfringement

Copy of this document has been provided to: All Counsel
BBC
this 1st day of Feb, 2006
by CAKorth
C.A. Korth, Secretary to Magistrate Judge Crocker

contentions. TomTom asserts that it will be relying on its experts' opinions to establish additional evidence of noninfringement.

The first half of TomTom's argument is specious, given that the first counterclaim in TomTom's amended answer (dkt. 16/17 at 16, ¶¶ 81-82) asks the court to declare that TomTom has not infringed any valid or enforceable claims of Garmin's five patents. *See, e.g., Thompson v. Haynes*, 305 F.3d 1369, 1376 (Fed. Cir. 2002)(party retains burden of persuasion on its counterclaims throughout the case); *cf. Rosemount, Inc. v. Beckman Instruments, Inc.*, 727 F.2d 1540, 1543 n. 2 (Fed. Cir. 1984) (party doesn't have to prove its patent valid; it is sufficient for court to hold that challenger has failed to meet burden of persuasion on its counterclaim of invalidity). If TomTom is contending that its proof of non-infringement is Garmin's failure to prove infringement, then it should voluntarily dismiss its first counterclaim and save the court the trouble.

TomTom has no obligation to prove noninfringement in response to Garmin's claims of infringment, and TomTom cannot be compelled to disclose to Garmin evidence of noninfringement that does not yet exist. Parties may, and often do supplement their answers to contention interrogatories as discovery progresses, and TomTom intends to supplement it response to No. 7 once its experts have prepared their reports. Ordinarily, this would be acceptable. But if TomTom doesn't have anything else to offer in support of its counterclaim and is simply keeping its fingers crossed while its experts draft their opinions, then TomTom has potential Rule 11 problems. Sure, patent lawsuits often present mirrored claims, with

the patent-holder seeking damages and the alleged infringer seeking declaratory relief, but if the alleged infringer doesn't have any evidence to support a pro-active request for declaratory relief, then it had better keep its figurative mouth shut and leave the burden of persuasion on the patent holder.

I will grant in part Garmin's motion to compel by giving TomTom until July 24, 2006 to supplement its response to Interrogatory No. 7 by providing Garmin with any and all additional responsive information in its possession or at its disposal. If TomTom has nothing else to offer at this time, then it must say so. Of course, if TomTom has any additional undisclosed evidence in its possession on this point that surfaces for the first time in conjunction with next week's claims construction hearing, then the court likely will strike this evidence and otherwise sanction TomTom for sandbagging Garmin, but I trust that this is not going to occur.

Further court action on the instant dispute, including a decision on cost-shifting, depends on what, if anything, TomTom discloses in response to this order.

Entered this 14th day of July, 2006.

BY THE COURT:

*[signature]*

STEPHEN L. CROCKER
Magistrate Judge