# EXHIBIT C

Dockets.Justia.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE GLOBE.COM, INC., )<br>VOICEGLO HOLDINGS, INC. )<br>VONAGE HOLDINGS CORP., and )<br>VONAGE AMERICA, INC. )<br>)<br>Defendants. )<br>_____ ) | Case No. 05-2433-JWL |

## DEFENDANTS' FIRST SUPPLEMENTAL
## RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 5

Defendants Vonage Holdings Corp. and Vonage America, Inc.("Vonage") submit the following First Supplemental Response to Interrogatory No. 5 of Plaintiff Sprint Communications Company LP's ("Sprint") First Set of Interrogatories.

## OBJECTIONS

Vonage hereby incorporates each of its general and specific objections to Interrogatory 5 set forth in Vonage's Responses and Objections to Plaintiff Sprint Communications Company LP's First Set of Interrogatories and Vonage's First Supplemental Responses to Plaintiff's First Set of Interrogatories.

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 5:**

Describe, in detail, the full factual basis and explanation for Vonage's contention that Sprint's Asserted Patents are invalid, void and/or unenforceable under one or more sections of Title 35 of the U.S. Code.

**VONAGE'S FIRST SUPPLEMENTAL RESPONSE:**

Vonage hereby incorporates its previous response to Interrogatory No. 5. Subject to and without waiving any of Vonage's general and specific objections, Vonage asserts the following:

Vonage asserts that the apparent scope of the asserted claims as set forth in Mr. Wicker's January 12, 2007 expert report of infringement is sufficiently broad such that each of the asserted claims are anticipated and/or obvious over the following prior art.

**U.S. Pat. No. 5,544,163 to Madonna (Madonna I)**

**U.S. Pat. No.  5,349,579 to Madonna. (Madonna II)**

**U.S. Pat. No. 5,339,318 to Tanaka et al.**

**U.S. Pat. No. 5,115,426 to Spanke.**

**Manu Bahl, Jack Daane, and Robert O'Grady**, *The Evolving Intelligent Interexchange Network—An SS7 Perspective,* 80 Proceedings of the IEEE 637 (1992).

**Daniel Briere,** *Sprint plans 'sweeping' network revisions*, 10 Network World 1 (1993).

**U.S. Pat. No. 5,483,527 to Doshi et al.**

**U.S. Pat. No. 4,592,048 to Beckner et al.**

**U.S. Pat. No. 4,491,945 to Turner**

**U.S. Pat. No. 4,903,261 to Baran et al.**

**U.S. Pat. No. 5,051,983 to Kammerl**

2

**U.S. Pat. No. 5,485,455 to Dobbins et al.**

**U.S. Pat. No. 5,617,539 to Ludwig**

**U.S. Pat. No. 5,345,445 to Hiller et al.**

**U.S. Pat. No. 5,440,563 to Isidoro et al.**

**US. Pat. No. 5,594,732 to Bell**

**US. Pat. No. 5,659,542 to Bell**

**U.S. Pat. No. 5,838,683 to Corley**

**U.S. Pat. No. 5,953,350 to Higgins**

*Evolution of Alcatel Exchanges*, 65 Electrical Communication 19, 20(Alcatel 1991)

*Broadband Technology*, 65 Broadband Technology12, 12 (Alcatel 1991).

Vonage will provide a detailed application of the prior art to the asserted claims in its expert report due on February 23, 2007.

Further, Vonage asserts that the apparent scope of the asserted claims as set forth in Mr. Wicker's January 12, 2007 expert report of infringement is sufficiently broad such that the specifications of the asserted patents do not satisfy the written description requirement of 35 U.S.C. § 112, one or more claims of the asserted patents fail to claim statutory subject matter pursuant to 35 U.S.C. § 101, one or more claims of the asserted patents are not enabled pursuant to 35 U.S.C. § 112, and one or more claims of the asserted patents fail to particularly point out and distinctly claim the subject matter which the applicant regards as the invention pursuant to 35 U.S.C. § 112.  Vonage will provide further details of the invalidity of the asserted claims under §§ 101 and 112 in its expert report due on February 23, 2007.

As discovery is ongoing, and Vonage has not completed its analysis, Vonage reserves the right to supplement its response to this interrogatory. Accordingly, Vonage reserves the right to

DM2\954299.1

add to, delete from, or otherwise modify these contentions pursuant to Fed. R. Civ. P. 26, for any of the foregoing reasons, or for any good cause shown.

Vonage reserves the right to contest Sprint's apparent claim constructions, and nothing in these contentions should be taken as a waiver or acquiescence in Sprint's apparent claim constructions. As Vonage has relied upon Sprint's apparent claim construction, Vonage reserves the right to submit an amended response upon receipt of Sprint's claim construction and/or upon the Court's construction of the claims.

Vonage expects to conduct further investigation of the facts as this case proceeds and may uncover additional prior art. Moreover, the relevance of certain prior art, whether identified below or not may change as a result of claim constructions that Sprint asserts, the claim construction that the Court adopts, or both. References to patents and publications should be understood to identify both the document itself and the products, prototypes, public uses and other actual embodiments of the devices and methods described therein. References to products, prototypes, public uses, and other actual embodiments should be understood to identify both the actual embodiment and the documents and publications corresponding thereto.

Respectfully submitted,

___s/ Patrick D. McPherson___
Donald R. McPhail
Patrick D. McPherson
Barry Golob
Patrick C. Muldoon
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006- 1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com
pcmuldoon@duanemorris.com

DM2\954299.1

Don R. Lolli KS Dist. #70236
Patrick J. Kaine KS #15594
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

816-931-2700
pkaine@DysartTaylor.com
dlolli@DysartTaylor.com

*Attorneys for Defendants/Counterclaim
Plaintiff Vonage America, Inc. and Vonage
Holdings Corp.*
Dated: February 1, 2007

5