IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
)
                      Plaintiff,      )
)
     v.                             )
)
VONAGE HOLDINGS CORP.,     )   Case No. 05-2433-JWL
VONAGE AMERICA, INC.,       )
)
                    Defendants.    )
)
)
)
)

**MEMORANDUM IN SUPPORT OF SPRINT'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM VONAGE RELATING TO MASSOUD
KAMALI AND/OR MICHAEL HUGHESR**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Sprint Communications Company L.P. ("Sprint"), respectfully moves the Court to compel Defendants Vonage America, Inc. and Vonage Holdings Corp. (collectively "Vonage") to produce the documents sought by Requests Nos. 32 and 48 of Sprint's First Set of Request for Production of Document and Things, and which relate to Massoud Kamali and/or Michael Hughes.

**I.     INTRODUCTION/STATEMENT OF THE NATURE OF THE MATTER**

Over one year ago, Sprint served Vonage with a number of discovery requests seeking documents that relate or refer to Sprint and/or the Sprint Patents. On February 26, it came to Sprint's attention that Vonage and its attorneys may be cooperating with Massoud Kamali, and Michael Hughes, both of whom have indicated an interest in helping Vonage "punish Sprint." These potential witnesses have offered to assist Vonage in "rebuffing the Sprint suit" and, should Vonage be successful in this regard, these individuals may receive

- 1 -

2354660v1

Dockets.Justia.com

compensation from Vonage in the form of cash and or stock. To date, Vonage has not produced documents relating to Messrs. Kamali's and Hughes' offer to "punish Sprint," though it has identified Mr. Kamali as a potential trial witness. It is beyond dispute that this information is responsive to numerous discovery requests served by Sprint and should have been produced by Vonage over 6 months ago. The close of discovery is now less than one month away and substantial information relating to the offer to "punish Sprint" remains unproduced. Given the significant questions raised by the cooperation between Vonage and Messrs. Kamali and Hughes, Vonage's refusal to produce this information is significantly prejudicing Sprint's ability to conduct discovery into this issue. Accordingly, it is imperative that Vonage immediately produce all documents, including correspondence, sent to and received from Messrs. Kamali and/or Hughes.

Pursuant to Local Rule 37.2, counsel for the parities have had extensive discussions and correspondence about these matter and have not been able to resolve them, thus necessitating this motion.

## II.     CONCISE STATEMENT OF RELEVANT FACTS

On January 5, 2006, Sprint served its First Set of Requests for Production. *See* Exh. A, Certificate of Service. In the First Set of Requests, Sprint sought all documents and communication in Vonage's possession, custody or control that relate or refer to Sprint and/or the Sprint Patents. *See* Exh. B, Request Nos. 32 and 48. On November 28, 2006, it came to Sprint's attention that Vonage had been receiving documents from Massoud Kamali that directly related to Sprint and the Asserted Patents. *See* Exh. C, Letter from Mr. Seitz to Mr. McPhail, dated November 29, 2006. Sprint requested that Vonage immediately produce these documents and, on December 15, Vonage promised to produce all correspondence and documents sent to, and received from, Mr. Kamali. *See* Exh. D, Letter from Mr. McPhail to Mr. Seitz, dated

- 2 -

2354660v1

December 15, 2006.  While Vonage eventually did produce some limited set of documents it received from Mr. Kamali, it did not produce any correspondence between Vonage and/or its attorneys and Mr. Kamali.  Additionally, based on documents received from Mr. Kamali, it is highly likely that a significant number of documents remain unproduced by Vonage.

On February 23, 2007, Mr. Kamali produced a number of documents in response to a subpoena issued by Sprint.  *See* Exh. E, E-mail from Mr. Pettinari (counsel for Mr. Kamali).  A review of these documents revealed a significant level of cooperation between Vonage, its attorneys and Mr. Kamali.  *See* Exh. F, E-mail from Mr. Kamali (referencing **three** previous e-mail exchanges with Mr. Barry Golob, counsel for Vonage).  This cooperation apparently had been ongoing since at least August 2006.  *Id.*  The level of cooperation between Mr. Kamali and Vonage continued to develop and, on November 8, Mr. Kamali and his associate, Mike Hughes, offered to help Vonage "punish Sprint" in return for some type of compensation, which, "dependent on Vonage's success in rebuffing the Sprint suit," could "involve cash, but could also take the form of Vonage stock or implementation of complementary product concepts."  *See* Exh. G, E-mail from Mr. Hughes to Mr. Golob, dated November 8, 2006.

Upon learning of the level of cooperation between Vonage and Messrs. Kamali and Hughes, and because Mr. Kamali's production was incomplete, Sprint immediately contacted Mr. Golob and requested all documents and correspondence sent to and/or received from those individuals.  *See* Exh. H, Feb. 27, 2007 letter from Mr. Seitz to Mr. Golob.  Vonage ignored Sprint's letter.  On March 2, 2007, Sprint again contacted Mr. Golob and requested this information.  *See* Exh. I, Declaration of Adam Seitz, at ¶ 3.  Vonage ignored this request and to date, Vonage has not produced any correspondence relating to Messrs. Kamali or Hughes.  With discovery set to close on April 30, Vonage's refusal to produce this information is significantly

2354660v1

prejudicing Sprint's ability to conduct necessary discovery into these issues. Indeed, the correspondence between Mr. Kamali, Mr. Hughes and Vonage raise significant issues beyond the failure to produce documents that Sprint must address. It is imperative that Vonage immediately produce this information to Sprint.

### III.    QUESTION PRESENTED

Is Sprint entitled to the immediate production of all documents and things relating to Messrs. Kamali and Hughes and that reference Sprint and/or the Sprint Patents?

### IV.    ARGUMENT

Vonage's continued failure to provide the documents that relate to communications regarding Sprint and the Sprint Patents is inexcusable. It is beyond dispute that Sprint is entitled to the documents sought by its Requests Nos. 32 and 48 and Vonage's continued refusal to produce these documents, now over a year since Sprint's Requests were first served, is patently unreasonable.

As the attached correspondence makes clear, Vonage has been cooperating with Messrs. Kamali and Hughes since at least August 2006. *See* Exh. J. This correspondence directly relates to Sprint, the Sprint Patents, and the current lawsuit. Despite the fact that such correspondence is plainly responsive to Sprint's Requests, Vonage has yet to produce this correspondence. Indeed, Sprint only obtained this information through a subpoena issued to Mr. Kamali. Moreover, Mr. Kamali's production indicates that significant correspondence relating to Sprint, the Sprint Patents, and the current lawsuit has taken place with Vonage and/or its attorneys, which has not been produced by Vonage and Sprint has yet to be able to obtain from Mr. Kamali. Because Vonage has failed to produce any of this correspondence, the extent of responsive documents remains unknown. Vonage's failure to produce this correspondence is

inexcusable, especially when Vonage has identified Mr. Kamali as a potential trial witness. *See* Exh. K, Vonage's Supplemental Disclosures, at p. 5.

Because Vonage has failed to produce this correspondence and any related documents, Sprint is left without the ability to fully conduct discovery into Messrs. Kamali's and Hughes' offers to "punish Sprint," whether Vonage has compensated Mr. Hughes and/or Mr. Kamali, and/or why Mr. Kamali has been identified as a witness for Vonage. Vonage is in control of the documents that led to its decision to identify Mr. Kamali. It is also in control of all documents, including correspondence, sent to and received from Mr. Kamali and Mr. Hughes. Vonage cannot be allowed to use these documents as part of its defense of this case and then hide such documents from Sprint throughout the discovery process.

As discovery is now drawing to a close, Sprint no longer has the luxury of continuing to wait for Vonage to produce the relevant documents. Indeed, but for the service of a third-party subpoena, it is unlikely these documents ever would have been produced by Vonage. The inexcusable delays in providing documents are prejudicing Sprint by preventing it from adequately preparing its case on these issues. Without the immediate production of Vonage's documents, Sprint will not be able to thoroughly review the documents and appropriately respond. Allowing continued delays in Vonage's document production will serve only to reward Vonage's dilatory actions by visiting further prejudice upon Sprint.

## V.   CONCLUSION

For the reasons stated above, Sprint respectfully requests that the Court compel Vonage to produce all documents, including correspondence, sent to and/or received from Massoud Kamali and Michael Hughes, and that the Court provide Sprint such other relief as may be appropriate and necessary under the circumstances.

Respectfully submitted,

2354660v1

| | |
|---|---|
| Dated: March 2, 2007 | /s/ Adam P. Seitz |
| | B. Trent Webb, KS Bar No. 15965 |
| | Eric A. Buresh, KS Bar No. 19895 |
| | Adam P. Seitz, KS Bar No. 21059 |
| | SHOOK, HARDY & BACON L.L.P. |
| | 2555 Grand Boulevard |
| | Kansas City, Missouri 64108-2613 |
| | (816) 474-6550 Telephone |
| | (816) 421-5547 Facsimile |
| | |
| | Attorneys for Plaintiff |
| | SPRINT COMMUNICATIONS COMPANY L.P. |

2354660v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March, 2007, a true and accurate copy of the above and foregoing **MEMORANDUM IN SUPPORT OF SPRINT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELEVANT TO VONAGE'S NONINFRINGEMENT AND INVALIDITY CONTENTIONS** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

 /s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.