IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
                                    )
            Plaintiff,               )
                                    )
    v.                              )
                                    )
VONAGE HOLDINGS CORP.,              )   Case No. 05-2433-JWL
VONAGE AMERICA, INC.,               )
                                    )
            Defendants.              )
                                    )
                                    )
                                    )
                                    )

### MEMORANDUM IN SUPPORT OF SPRINT'S MOTION TO COMPEL VONAGE TO PRODUCE A PRIVILEGE LOG

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Sprint Communications Company L.P., respectfully moves the Court to compel Defendants Vonage America, Inc. and Vonage Holdings Corp. (collectively "Vonage") to produce a privilege log outlining documents withheld from production that would be responsive the Sprint's Requests for Production of Documents and Things. In addition, because discovery likely will be closed by the time Vonage produces its privilege log, Sprint respectfully requests an Order allowing it to conduct necessary follow-up discovery relating to information revealed in Vonage's privilege log.

### I.  BACKGROUND

On January 5, 2006, Sprint served its First Set of Interrogatories to Vonage along with its First Set of Requests for Production of Documents and Things. *See* Doc No. 43 (certificate of service). Since then, Sprint has served a number of additional Interrogatories and Requests for Production. *See* Doc. Nos. 58 and 90 (certificates of service). In response to this

- 1 -

2368057v3

discovery, Vonage produced nearly 700,000 pages of documents and, in its written responses to this discovery, Vonage objected to numerous topics on the basis that the information sought was privileged and/or constituted work product.  *See* Exh. C (excerpts of Vonage's discovery responses wherein it objected to production based on privilege and/or work product).  Moreover, Vonage recently confirmed that it is withholding documents based on a blanket assertion of privilege and/or work product.  *See* Exh. A, Letter from McPhail to Mudd, dated March 5, 2007. Despite the fact that it affirmatively withholding responsive documents, Vonage refuses to produce a complete privilege log outlining the documents it has withheld until its production is "substantially complete."  *See* Exh. A.  When Vonage's production will be "substantially complete" solely is within Vonage's discretion and, with nearly 700,000 pages already produced and the close of discovery a mere 8 days away, this subjective determination is severely prejudicing Sprint.  Indeed, Vonage flatly refuses to state whether it will produce additional documents in the future while, at the same time, refuses to state that its production is "substantially complete" for purposes of producing a privilege log.  *See* Exh. B, Letter from McPhail to Mudd, dated March 7, 2007.  Without a privilege log from Vonage, Sprint cannot evaluate whether the documents withheld by Vonage actually are privileged.  Moreover, with only 8 days left in the discovery period Sprint is unable to challenged privilege designations and conduct follow-up discovery as necessary.  Vonage's hide-the-ball tactics must not be countenanced.

       Pursuant to Local Rule 37.2, counsel for the parities have had extensive discussions and correspondence about this issue and have not been able to resolve it, thus necessitating this motion.

2368057v3

## II.     QUESTION PRESENTED

Is Sprint entitled to an immediate privilege log outlining withheld responses to Interrogatories and withheld documents responsive to Requests for Production of Documents and Things?

## III.    ARGUMENT

In its responses to Sprint's interrogatories and document requests, Vonage objected to providing documents and responses based on a blanket assertion of privilege and/or work product.[1]  Vonage recently has confirmed it is withholding documents based on privilege. *See* Exh. A.  Federal Rule of Civil Procedure 26(b)(5) states:

> When a party withholds information . . . by claiming that it is privileged . . . , the party shall make the claim expressly and shall describe the nature of the documents, communications, or things . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5).  In this Court "it is well settled that when a party withholds documents or other information based upon a privilege or work product immunity, the party 'shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.'" *G.D. v. Monarch Plastic Surgery, P.A.*, No. 06-2184-CM, 2007 WL 201150, at *11 (D. Kan. Jan. 22, 2007).  *See also Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) (stating that "[a] party seeking to assert privilege must make a clear showing that it applies . . . [and] applicability of the privilege turns on the adequacy and timeliness of the showing . . . .");

---

[1] Copies of the disputed interrogatories and requests for production are attached to this Motion as Exh. C pursuant to D.Kan. Rule 37.1.  Given the large number of interrogatories and document requests at issue, Sprint only has attached a limited number of responses.  If the Court would like to see all responses to which Vonage has objected based on privilege and/or work product, Sprint is prepared to provide those responses in their entirety.

*Rural Water Sys. Ins. Benefit Trust v. Group Ins. Adm'rs, Inc.*, 160 F.R.D. 605, 608 (D. Kan. 1995) (noting that a privilege log presented after the court's order compelling production was "too late."). Moreover, Vonage's blanket allegations of privilege have been rejected as improper by this Court. *See Monarch Plastic Surgery,* 2007 WL 201150, at *11 ("A blanket claim as to the applicability of the privilege/work product doctrine does not satisfy the burden of proof.").

In many instances, blanket assertions of privilege and the failure to timely produce a privilege log may result in a waiver of the privilege. *See id.* (overruling conclusory objections as to privilege and ordering). *See also Haid v. Wal-Mart Stores, Inc.*, No. 99-4186, 2001 WL 964102, at *1-*2 (D. Kan. June 25, 2001) (affirming the decision of a magistrate judge holding the defendant had waived its privilege claims by failing to timely produce an adequate privilege log); *Starlight Int'l, Inc. v. Herlihy*, No. 97-2329, 1998 WL 329268, at *3 (D. Kan. June 16, 1998) (requiring defendants to produce all responsive documents withheld on the basis of attorney-client privilege where no timely privilege log was provided).

It simply is beyond dispute that Sprint is entitled to a privilege log detailing the documents and responses Vonage is withholding based on its assertion of privilege and/or work product. It is also beyond dispute that Vonage's refusal to produce a privilege log until the close of discovery or at such time that its production is "substantially complete" is neither timely or proper. Vonage cannot have it both ways. It clearly is interested in asserting privilege but is unwilling to devote the effort necessary to uphold its portion of the bargain embodied in Rule 26(b)(5). Vonage should either produce a privilege log immediately or its blanket claims of privilege should be waived.

## IV.    CONCLUSION

Because Vonage has failed to produce a privilege log, failed to produce relevant, responsive documents, and failed to supply full, complete, and specific interrogatory answers,

- 4 -

2368057v3

Sprint respectfully moves the Court for an Order compelling Vonage to provide a complete privilege log detailing the documents and responses it has withheld as privileged. In addition, because discovery likely will be closed by the time Vonage produces its privilege log, Sprint respectfully requests an Order allowing it to conduct necessary follow-up discovery relating to information revealed in Vonage's privilege log. Furthermore, Sprint respectfully requests that the Court provide Sprint such other relief as may be appropriate and necessary under the circumstances.

                Respectfully submitted,

Dated: March 22, 2007

    /s/   Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT COMMUNICATIONS COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2007, a true and accurate copy of the above and foregoing **MEMORANDUM IN SUPPORT OF SPRINT'S MOTION TO COMPEL VONAGE TO PRODUCE A PRIVILEGE LOG OUTLINING RESPONSIVE DOCUMENTS WITHHELD** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

  /s/ Adam P. Seitz
Attorneys for Sprint Communications Company L.P.

2368057v3