# EXHIBIT C

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff, <br><br> v. <br><br> THEGLOBE.COM, INC., <br> VOICEGLO HOLDINGS, INC., <br> VONAGE HOLDINGS CORP., and <br> VONAGE AMERICA, INC. <br><br> Defendants. | Case No.  05-2433 JWL |

## DEFENDANT VONAGE HOLDING CORP.'S RESPONSES AND OBJECTIONS TO PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Defendant Vonage Holdings Corp. ("Vonage Holdings"), pursuant to Fed. R. Civ. P. 33, hereby responds to Plaintiff Sprint Communication Company L.P.'s ("Sprint") First Set of Interrogatories.

## GENERAL OBJECTIONS

1.    Vonage Holdings objects to the extent that these Request for Production request information protected from discovery by the attorney-client privilege or work product doctrine, or any other statutory or common law privilege or doctrine of confidentiality that would make the information immune or exempt from discovery. The responses to the requests contained herein shall not be construed to include any waiver by Vonage Holdings of the attorney-client privilege, the work product doctrine, or exemption, all responses being expressly subject to such objection.

2.    Vonage Holdings objects to these Requests for Production to the extent that: (a) they are unreasonably cumulative or duplicative; (b) the information is not within the possession, custody, or control of Vonage Holdings, (c) the information sought is otherwise readily available to Sprint from their own personnel, documents, or records, or may be obtained from another source that is more convenient, less burdensome, or less costly.

3.    Vonage Holdings objects to Sprint's "Instructions" and "Definitions" contained in

OUTSIDE ATTORNEYS EYES ONLY

documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 2**

All documents and things upon which Vonage Holdings Corp. relies in support of its contentions that Vonage Holdings Corp. has not infringed, is not infringing, has not contributorily infringed, is not contributorily infringing, has not induced the infringement of, and is not inducing the infringement of the Asserted Patents or claim(s) thereof.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague, compound, and argumentative. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 3**

All documents and things upon which Vonage Holdings Corp. relies in support of its contention that the Asserted Patents were not legally issued.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and burdensome, and argumentative. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

3

OUTSIDE ATTORNEYS EYES ONLY

**REQUEST NO. 4**

All documents and things upon which Vonage Holdings Corp. relies in support of its contention that any alleged acts of infringement have not been willful or intentional.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and burdensome, and argumentative. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 5**

All documents and things upon which Vonage Holdings Corp. relies in support of its contention that Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and burdensome, and argumentative. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 6**

All documents and things upon which Vonage Holdings Corp. relies in support of its contention that the Asserted Patents or claim(s) thereof are invalid, void and/or unenforceable for failing to comply with one or more provisions of Title II of 35 U.S.C.

4

OUTSIDE ATTORNEYS EYES ONLY

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated, and argumentative. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 7**

All documents and things upon which Vonage Holdings Corp. relies in support of its claim that the Asserted Patents are unenforceable.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated, and argumentative. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 8**

All documents and things in the possession, custody, or control of Vonage Holdings Corp. which record, refer to, or relate to the patentability, validity or invalidity, scope, enforceability or unenforceability, inventorship, priority, and/or infringement or non-infringement of the Asserted Patents or any claim(s) thereof.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated, and argumentative. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

OUTSIDE ATTORNEYS EYES ONLY

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 9**

All documents and things in the possession, custody, or control of Vonage Holdings Corp. which record, refer to, or relate to any prior art relative to the subject matter of the Asserted Patents, including, but not limited to, all documents relating in any way to any search ever conducted by, for, or on behalf of Vonage Holdings Corp. for such prior art, and copies of any reports, summaries, or results of any such search.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated in scope and time and therefore unduly burdensome, compound and confusing, and vague and ambiguous and not relevant to any claim or defense of any party. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 10**

All documents in the possession, custody or control of Vonage Holdings Corp. which record, refer to, or relate to any opinions, analyses, and/or investigations with respect to the validity or invalidity, novelty, patentability, enforceability or unenforceability, inventorship, priority, state of the art, and/or infringement or non-infringement of the Asserted Patents, any claim of the Asserted Patents, or the subject matter disclosed in the Asserted Patents.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated in scope and time and therefore unduly burdensome, compound and confusing, and vague and ambiguous and not relevant

6

OUTSIDE ATTORNEYS EYES ONLY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P..    )
                                        )
                         Plaintiff,     )
                                        )
                                        ) Case No.  05-2433-JWL
                         v.             )
THE GLOBE.COM, INC.,                    )
VOICEGLO HOLDINGS, INC.                 )
VONAGE HOLDINGS CORPORATION, and        )
VONAGE AMERICA, INCORPORATED            )
                                        )
                         Defendants.    )

### VONAGE'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 56-65)

Pursuant to the Federal Rules of Civil Procedure and the local rules of the District of Kansas. Defendants Vonage Holdings Corp. and Vonage America, Inc. (collectively "Vonage") objects and responds to Plaintiff's Second Set of Requests for Production of Documents and Things (Nos. 56-65) as follows:

### GENERAL OBJECTIONS

1.    Vonage objects to the definitions of the terms "Vonage", "you" and "your" in Plaintiff's Requests to the extent that those definitions encompass entities that are not within the control of Vonage and/or encompass documents and information that are not within Vonage's possession, custody or control.

2.    Vonage objects to any directions, definitions and/or instructions contained in Plaintiff's Requests that seek to impose upon Vonage any obligations or

Privilege, Attorney Work Product Doctrine or any other recognized privilege, immunity or doctrine.

**REQUEST NO. 57:**

All documents and things in your possession, custody or control, relating or referring to the acquisition of ownership or rights thereto of the Digital Packet Patents by Vonage from Digital Packet Licensing, including, but not limited to, any assignments or agreements transferring or purporting to transfer any rights in the Digital Packet Patents from Digital Packet Licensing to Vonage.

**VONAGE'S RESPONSE:**

Vonage objects to this Request as not relevant to the claim or defense of any party. Vonage further objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and further objects to the extent that it seeks documents and/or things protected by the Attorney-Client Privilege, Attorney Work Product Doctrine or any other recognized privilege, immunity or doctrine.

**REQUEST NO. 58:**

All documents and things in your possession, custody or control, relating or referring to any consideration offered or paid to Digital Packet Licensing or any person for any or all of the Digital Packet Patents.

- 6 -

**VONAGE'S RESPONSE:**

Vonage objects to this Request as not relevant to the claim or defense of any party. Vonage further objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and further objects to the extent that it seeks documents and/or things protected by the Attorney-Client Privilege, Attorney Work Product Doctrine or any other recognized privilege, immunity or doctrine.

**REQUEST NO. 59:**

Documents in your possession, custody or control sufficient to show any licenses, offers to license, sales, offers to sell, transfers, offers to transfer, assignments, or offers to assign rights in the Digital Packet Patents.

**VONAGE'S RESPONSE:**

Vonage objects to this Request as not relevant to the claim or defense of any party. Vonage further objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and further objects to the extent that it seeks documents and/or things protected by the Attorney-Client Privilege, Attorney Work Product Doctrine or any other recognized privilege, immunity or doctrine.

- 7 -

**REQUEST NO. 65:**

All documents in your possession, custody or control that refer to, relate to, evidence, or comprise any opinion, analysis, comparison, study, review, determination, assertion, notification, or conclusion (whether initial, final, preliminary, or qualified) of whether any Sprint product and/or service infringes any claim of any patent owned by or assigned to Vonage or Digital Packet Licensing.

**VONAGE'S RESPONSE:**

Vonage objects to this Request as not relevant to the claim or defense of any party. Vonage further objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and further objects to the extent that it seeks documents and/or things protected by the Attorney-Client Privilege, Attorney Work Product Doctrine or any other recognized privilege, immunity or doctrine.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 05-2433-JWL |
| v. ) | |
| ) | |
| THE GLOBE.COM, INC., ET AL. ) | |
| ) | |
| Defendants. ) | |

## VONAGE'S RESPONSES TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 66-72)

Pursuant to the Federal Rules of Civil Procedure and the local rules of the District of Kansas, Defendants Vonage Holdings Corp. and Vonage America, Inc. (collectively "Vonage") object and respond to Plaintiff's Third Set of Requests for Production of Documents and Things (Nos. 66-72) as follows:

## GENERAL OBJECTIONS

Vonage repeats and incorporates by reference the General Objections, including reservations, set forth in Vonage's Responses to Plaintiff's Second Set of Requests for Production of Documents and Things as though fully set forth herein.

## GENERAL STATEMENTS

Vonage repeats and incorporates by reference the General Statements set forth in Vonage's Responses to Plaintiff's Second Set of Requests for Production of Documents and Things as though fully set forth herein.

## RESPONSES AND SPECIFIC OBJECTIONS

**REQUEST NO. 66:**

All documents and things identified, relied upon, examined, or otherwise used by the Defendant in answering Sprint's Fourth Set of Interrogatories.

**VONAGE'S RESPONSE:**

Vonage specifically objects to this Request as not relevant to the claim or defense of any party.

Vonage further specifically objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Vonage further specifically objects to this Request to the extent that it seeks documents and/or things protected by the Attorney-Client Privilege, Attorney Work Product Doctrine or any other recognized privilege, immunity or doctrine.

Subject to the foregoing general and specific objections, Vonage will make a good faith attempt to locate and produce responsive, non-privileged documents, to the extent such documents exist and can be located after a reasonable search of documents in

Vonage's possession, custody or control and to the extent such documents have not already been produced to Sprint in this litigation.

**REQUEST NO. 67:**

All documents and things in your possession, custody or control, relating or referring to your document retention practices and policy(ies) and your document destruction practices and policy(ies).

**VONAGE'S RESPONSE:**

Vonage specifically objects to this Request as not relevant to the claim or defense of any party.

Vonage further specifically objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Vonage further specifically objects to this Request to the extent that it seeks documents and/or things protected by the Attorney-Client Privilege, Attorney Work Product Doctrine or any other recognized privilege, immunity or doctrine.

Subject to the foregoing general and specific objections, Vonage will make a good faith attempt to locate and produce responsive, non-privileged documents, to the extent such documents exist and can be located after a reasonable search of documents in Vonage's possession, custody or control and to the extent such documents have not already been produced to Sprint in this litigation.

- 3 -

**REQUEST NO. 68:**

All documents and things in your possession, custody or control, relating or referring to any noninfringing alternatives identified by Defendant in answering Sprint's Interrogatory No. 16.

**VONAGE'S RESPONSE:**

Vonage specifically objects to this Request as not relevant to the claim or defense of any party.

Vonage further specifically objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Vonage specifically objects to this Request as premature to the extent it seeks documents and information which are properly the subject of expert opinion and testimony, which will be provided to Sprint pursuant to Fed. R. Civ. Proc. 26(a)(2) in the manner and time set forth in the Court's Scheduling Order.

Vonage further specifically objects to this Request to the extent that it seeks information protected by the Attorney-Client Privilege, Attorney Work Product Doctrine or any other recognized privilege, immunity or doctrine.

Subject to the foregoing general and specific objections, Vonage states that it will produce responsive, non-privileged documents and information in connection with service of Vonage's expert reports, which will be served on Sprint on or before February 23, 2007.

- 4 -

**REQUEST NO. 69:**

All documents and things in your possession, custody or control relating or referring to Vonage's search for, and collection of, documents for use in this litigation, whether produced to Sprint or not.

**VONAGE'S RESPONSE:**

Vonage specifically objects to this Request as not relevant to the claim or defense of any party.

Vonage further specifically objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Vonage further specifically objects to this Request to the extent that it seeks documents and/or things protected by the Attorney-Client Privilege, Attorney Work Product Doctrine or any other recognized privilege, immunity or doctrine.

Subject to the foregoing general and specific objections, Vonage will make a good faith attempt to locate and produce responsive, non-privileged documents, to the extent such documents exist and can be located after a reasonable search of documents in Vonage's possession, custody or control and to the extent such documents have not already been produced to Sprint in this litigation.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P.,<br><br>     Plaintiff,<br><br>     v.<br><br>THEGLOBE.COM, INC.,<br>VOICEGLO HOLDINGS, INC.,<br>VONAGE HOLDINGS CORP., and<br>VONAGE AMERICA, INC.<br><br>     Defendants. | Case No.  05-2433 JWL |

## DEFENDANT VONAGE HOLDINGS CORP.'S RESPONSES AND OBJECTIONS TO PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S FIRST SET OF INTERROGATORIES

Defendant Vonage Holdings Corp. ("Vonage Holdings"), pursuant to Fed. R. Civ. P. 33, hereby responds to Plaintiff Sprint Communication Company L.P.'s ("Sprint") First Set of Interrogatories.

### GENERAL OBJECTIONS

Vonage Holdings objects to the following definition and generally:

1.    Definition "5": Vonage Holdings objects to the extent that the proffered definition of "document" exceeds the parameters of the Federal Rules of Civil Procedure and Local Rules of Practice for the District of Kansas.

2.    Vonage Holdings objects to the extent the Interrogatories seek information protected from discovery by the attorney-client privilege or work product immunity or any confidential obligation owed to a third party.

3.    Vonage Holdings incorporates by reference its general objections set forth in its response to Sprint's first request for documents and things.

OUTSIDE ATTORNEYS EYES ONLY

Subject to and without waiving these objections, Vonage Holdings will produce responsive non-privileged documents located after a reasonable search pursuant to Fed. R. Civ. P. 33(d), and once a suitable Protective Order has been entered by the Court in this case.

## INTERROGATORY NO. 3

Describe, in detail, the date and circumstances under which Vonage Holdings Corp. first learned of the Asserted Patents, including when and how Vonage Holdings Corp. first acquired or requested a copy of the Asserted Patents.

## RESPONSE:

Vonage Holdings objects to this Interrogatory as argumentative and overly broad. It further objects on grounds that this Interrogatory calls for a legal conclusion, and seeks information that is protected by the attorney-client and attorney work product privileges. Vonage Holdings also objects to the word "learned" as used herein as vague and ambiguous.

Subject to and without waiving these objections, Vonage Holdings states that it first became aware of the Asserted Patents upon receipt of service of the Complaint in this case. Previous to its receipt of the Complaint, Vonage Holdings received from Sprint a CD containing more than 40 patents that Sprint alleged were relevant to the VoIP industry.

## INTERROGATORY NO. 4

Describe, in detail, the full factual basis and explanation for Vonage Holdings Corp.'s contention that any alleged acts of infringement have not been willful or intentional.

## RESPONSE:

Vonage Holdings objects to this Interrogatory because it contains pure questions of law and mixed questions of law and fact which are principally legal questions for the Court to decide. It further objects on grounds that this Interrogatory seeks mental impressions, analysis and work product of counsel relating to Sprint's claims and to defenses asserted to those claims, and seeks information protected by the attorney-client privilege. Vonage Holdings also objects to the extent that this Interrogatory is premature as it seeks information which is or may be the subject of expert

3

OUTSIDE ATTORNEYS EYES ONLY

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff, <br><br> v. <br><br> THEGLOBE.COM, INC., VOICEGLO HOLDINGS, INC., VONAGE HOLDINGS CORP., and VONAGE AMERICA, INC. <br><br> Defendants. | Case No.  05-2433 JWL |

### DEFENDANT VONAGE AMERICA, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S SECOND SET OF INTERROGATORIES

Defendant Vonage America, Inc. ("Vonage America"), pursuant to Fed. R. Civ. P. 33, hereby responds to Plaintiff Sprint Communication Company L.P.'s ("Sprint") Second Set of Interrogatories.

### GENERAL OBJECTIONS

Vonage America incorporates by reference its general objections set forth in its response to Sprint's first set of Interrogatories.

CONFIDENTIAL

DM2\664867.1

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 9:**     State, on an element-by-element basis, Vonage America's contention as to the proper meaning of each term and/or phrase of each asserted claim including, without limitation, identifying by column and line number any parts of the specification that support Vonage America's contention, identifying any material in the prosecution history that supports Vonage America's contention, identifying any dictionaries, treatises, or extrinsic that supports Vonage America's contention.

**RESPONSE:**

    Vonage America objects to this Interrogatory as premature to the extent it seeks contentions and information properly the subject of expert opinion and testimony, which will be provided to Sprint pursuant to FED R. CIV. P. 26(a)(2) in the manner and time set forth in the Court's Scheduling Order. Vonage America objects to this Interrogatory to the extent it seeks information which is protected by the attorney-client privilege, as attorney work product, or under any other privilege. Vonage America further objects to the Interrogatory in that it calls for a legal conclusion because only the Court may determine the "proper meaning" of a claim term.

2

CONFIDENTIAL

DM2\664867.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.,    )
                                        )
                        Plaintiff,      )
                                        ) Case No. 05-2433-JWL
            v.                          )
THE GLOBE.COM, INC.,                    )
VOICEGLO HOLDINGS, INC.                 )
VONAGE HOLDINGS CORPORATION, and        )
VONAGE AMERICA, INCORPORATED            )
                                        )
                        Defendants.     )

## VONAGE'S RESPONSE TO PLAINTIFF'S THIRD SET OF INTERROGATORIES (NOS. 10-13)

Pursuant to the Federal Rules of Civil Procedure and the local rules of the District of Kansas, Defendants Vonage Holdings Corp. and Vonage America, Inc. (collectively "Vonage") objects and responds to Plaintiff's Third Set of Interrogatories (Nos. 10-13) as follows:

## GENERAL OBJECTIONS

1.    Vonage objects to the definitions of the terms "Vonage", "you" and "your" in Plaintiff's Interrogatories to the extent that those definitions encompass entities that are not within the control of Vonage and/or encompass documents and information that are not within Vonage's possession, custody or control.

2.    Vonage objects to any directions, definitions and/or instructions contained in Plaintiff's Interrogatories that seek to impose upon Vonage any obligations or

(b)      the right to object to the use of any response herein, or the subject matter thereof, in any further proceeding in this litigation, including trial, or in any other litigation or proceeding;

(c)      the right to object on any ground at any time to a demand or Interrogatory for a further response to this or any other discovery involving or relating to the subject matter of the responses provided herein; and

(d)      the right at any time to revise, correct, add to, supplement and/or clarify any of the responses provided herein.

4.      A response that responsive information will be produced is not meant, and shall not be interpreted, as an admission or representation that responsive information even exists.   It is solely a representation that after a reasonable search, any non-objectionable, non-privileged information that is located will be produced.

## RESPONSES AND SPECIFIC OBJECTIONS

INTERROGATORY NO. 10:

Described, in detail, Vonage's acquisition of ownership or rights thereto of the Digital Packet Patents: identify the exact date you first considered purchasing or acquiring rights to the Digital Packet Patents; identify the exact date you first became aware of, or received notice of, the Digital Packet Patents; identify all persons involved; identify all documents related in any way to the acquisition of ownership or rights thereto; describe in detail the terms of the acquisition, including, but not limited to, any

consideration offered or paid for the Digital Packet Patents as well as any additional
offers, requests, considerations, and/or counter-offers.

**VONAGE'S RESPONSE:**

Vonage objects to this Interrogatory as not relevant to the claim or defense of any
party. Vonage further objects to this Interrogatory as overly broad, unduly burdensome
and not reasonably calculated to lead to the discovery of admissible evidence and further
objects to the extent that it seeks information protected by the Attorney-Client Privilege,
Attorney Work Product Doctrine or any other recognized privilege, immunity or doctrine.

**INTERROGATORY NO. 11:**

Describe, in detail, facts surrounding Vonage's decision to purchase or acquire
rights to the Digital Packet Patents including, but not limited to, any analysis of the
Digital Packet Patents, any negotiations and/or discussions between Vonage and Digital
Packet Licensing; identify the dates on which such a decision was made; identify the
dates on which any such negotiations and/or discussions took place; identify all persons
involved in the decision, discussions, and/or negotiations; identify all documents related
in an way [sic] to the decision, discussions, and/or negotiations.

**VONAGE'S RESPONSE:**

Vonage objects to this Interrogatory as not relevant to the claim or defense of any
party. Vonage further objects to this Interrogatory as overly broad, unduly burdensome
and not reasonably calculated to lead to the discovery of admissible evidence and further

objects to the extent that it seeks information protected by the Attorney-Client Privilege, Attorney Work Product Doctrine or any other recognized privilege, immunity or doctrine.

**INTERROGATORY NO. 12:**

Describe, in detail, the facts surrounding Vonage's acquisition of rights in any licenses or agreements relating to the Digital Packet Patents entered into by Digital Packet Licensing and Time Warner, Motorola, Qwest Communications, and/or any third party; identify all documents related in any way [sic] to any such licenses or agreements.

**VONAGE'S RESPONSE:**

Vonage objects to this Interrogatory as not relevant to the claim or defense of any party. Vonage further objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and further objects to the extent that it seeks information protected by the Attorney-Client Privilege, Attorney Work Product Doctrine or any other recognized privilege, immunity or doctrine.

**INTERROGATORY NO. 13:**

Describe, in detail, all communications or correspondence between Vonage and Digital Packet Licensing referring or relating to the Digital Packet Patents, Sprint, the present litigation, and/or the Digital Packet lawsuit; identify all documents relating to, referring to, or comprising such communications or correspondence.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | )     Case No. 05-2433-JWL |
| v. | ) |
| | ) |
| THE GLOBE.COM, INC., ET AL. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## VONAGE'S RESPONSES TO PLAINTIFF'S FOURTH SET OF INTERROGATORIES (NOS. 14-20)

Pursuant to the Federal Rules of Civil Procedure and the local rules of the District of Kansas, Defendants Vonage Holdings Corp. and Vonage America, Inc. (collectively "Vonage") object and respond to Plaintiff's Fourth Set of Interrogatories (Nos. 14-20) as follows:

## GENERAL OBJECTIONS

Vonage repeats and incorporates by reference the General Objections, including reservations, set forth in Vonage's Responses to Plaintiff's Third Set of Interrogatories as though fully set forth herein.

## GENERAL STATEMENTS

Vonage repeats and incorporates by reference the General Statements set forth in Vonage's Responses to Plaintiff's Third Set of Interrogatories as though fully set forth herein.

## RESPONSES AND SPECIFIC OBJECTIONS

**INTERROGATORY NO. 14:**

For each of the Asserted Patents, specifically describe the level of ordinary skill in the art which you contend is applicable under 35 U.S.C. §§ 102, 103, and 112, including the date against which you contend the level of ordinary skill is measured.

**VONAGE'S RESPONSE:**

Vonage specifically objects to this Interrogatory as premature to the extent it seeks information which is properly the subject of expert opinion and testimony, which will be provided to Sprint pursuant to Fed. R. Civ. Proc. 26(a)(2) in the manner and time set forth in the Court's Scheduling Order.

Vonage further specifically objects to this Interrogatory to the extent that it seeks information protected by the Attorney-Client Privilege, Attorney Work Product Doctrine or any other recognized privilege, immunity or doctrine.

Vonage further specifically objects to this Interrogatory to the extent it calls for a legal conclusion.

Subject to the foregoing general and specific objections, Vonage states that it will provide the requested information as a part of Vonage's expert reports, which will be served on Sprint on or before February 23, 2007.


**INTERROGATORY NO. 15:**

Describe, in detail, your document retention practices and policy(ies), your document destruction practices and policy(ies), and the procedure or procedures you

implemented for locating and collecting documents, whether produced to Sprint or not, for this litigation, including without limitation, a detailed description of how you searched any electronic databases. If your response refers to a commercial computing platform and computer software, please identify the name and provider of the platform.

**VONAGE'S RESPONSE:**

Vonage specifically objects to this Interrogatory as not relevant to the claim or defense of any party.

Vonage further specifically objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Vonage further specifically objects to this Interrogatory to the extent that it seeks information protected by the Attorney-Client Privilege, Attorney Work Product Doctrine or any other recognized privilege, immunity or doctrine.

Subject to the foregoing general and specific objections, Vonage states that the information sought by this Interrogatory was provided by Mr. John Rego at his deposition on November 16, 2006 and the relevant answers from pages 291-292 of the transcript of that deposition are repeated and incorporated by reference as though fully set forth herein.

**INTERROGATORY NO. 16:**

If you contend that any acceptable noninfringing alternatives to the claimed inventions of the Asserted Patents exist, so state, and identify and describe in detail each

- 3 -

such alternative (including when it first became available) and state the basis for your contention that it is noninfringing.

**VONAGE'S RESPONSE:**

Vonage specifically objects to this Interrogatory as premature to the extent it seeks information which is properly the subject of expert opinion and testimony, which will be provided to Sprint pursuant to Fed. R. Civ. Proc. 26(a)(2) in the manner and time set forth in the Court's Scheduling Order, and which is dependent upon the Court's construction of the Asserted Claims.

Vonage further specifically objects to this Interrogatory as premature to the extent it seeks information which is properly the subject of expert opinion and testimony, which will be provided to Sprint pursuant to Fed. R. Civ. Proc. 26(a)(2) in the manner and time set forth in the Court's Scheduling Order.

Vonage further specifically objects to this Interrogatory to the extent that it seeks information protected by the Attorney-Client Privilege, Attorney Work Product Doctrine or any other recognized privilege, immunity or doctrine.

Vonage further specifically objects to this Interrogatory to the extent it calls for a legal conclusion.

Subject to the foregoing general and specific objections, Vonage states that it will provide the requested information as a part of Vonage's expert reports, which will be served on Sprint on or before February 23, 2007.

- 4 -