# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-2433-JWL |
| ) | |
| VONAGE HOLDINGS CORP., ) | |
| VONAGE AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF SPRINT'S
## MOTION TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS

Plaintiff Sprint Communications Company L.P. ("Sprint") hereby files this memorandum of points and authorities in support of its motion to compel Defendants Vonage Holdings Corp. and Vonage America, Inc. (collectively "Vonage") to produce certain financial documents responsive to Sprint's First Set of Requests For The Production of Documents and Things and identified by John Rego, the Chief Financial Officer of Vonage, at his deposition on damage issues as the designee of Vonage pursuant to Federal Rule of Civil Procedure 30(b)(6).

## I.   INTRODUCTION/STATEMENT OF THE NATURE OF THE MATTER

Sprint seeks immediate production of five categories of financial documents identified at the deposition of Vonage's Chief Financial Officer on November 16, 2006. These documents are responsive to requests for production served over fourteen months ago. On December 11, 2006, during a "meet and confer" telephone conversation, counsel for Vonage agreed to search for and produce responsive documents. To date, Vonage's production has been inadequate. Under the circumstances, the continued assertion by Vonage's counsel that they are

searching for these documents is no longer credible.  Some of the requested documents were literally sitting on Vonage's Chief Financial Officer's desk at the time of his deposition over four months ago.  Vonage's inexplicable delay in producing these documents becomes increasingly prejudicial as the deadline to complete fact discovery approaches. Therefore, Sprint now seeks an Order compelling the immediate production of the following categories of documents:

> A. Bound Volumes of Reports Provided to Auditors;
>
> B. Semi-Annual Budgets/Models for 2002 through 2006 (10 Excel files);
>
> C. Deal Books for Each Round of Financing;
>
> D. Offering Memorandum for Series B Financing (approx. 80 pages); and
>
> E. Materials Provided to "Prominent Angel" Investors.

## II. CONCISE STATEMENT OF RELEVANT FACTS

On January 5, 2006, Sprint served identical requests for production on Defendants Vonage Holdings Corp. and Vonage America, Inc.  *See* Exhibits A & B.  Requests 17, 24, 46, 47, 53, and 54 sought financial documents including documents which record, refer, or relate to financial statements, budgets, financial and sales projections, forecasts, and business plans. Request 54 specifically asked for "financial projections . . . which were provided to investors." On February 7, 2006, Vonage Holdings Corp. and Vonage America, Inc. responded to these requests with objections, but also indicated that they would search for and produce responsive documents.  *See* Exhibits C & D.  Some documents were ultimately produced.

After reviewing Vonage's production, Sprint's counsel sent a letter to counsel for Vonage seeking additional financial documents responsive to these requests.  Letter from Strand to Golob (Oct. 2, 2006), Exhibit E.  Counsel for Sprint opined that the documents produced up to that date "cannot reasonably represent the totality of responsive documents." *Id.* at 1.  Further,

counsel for Sprint elaborated on each of the requests and provided specific examples of the types of documents sought, including "negotiations" with investors, "closing books," and "transaction books." *Id.* at 3. Hearing no response, on October 11, Sprint's counsel wrote again and reiterated the need for these documents. Letter from Strand to McPherson and Golob (Oct. 11, 2006), Exhibit F.

Counsel for Vonage responded on October 12, 2006 and noted their asserted objections to these requests. Letter from McPhail to Strand (Oct. 12, 2006), Exhibit G. Still, counsel for Vonage promised that additional documents would be provided "shortly." *Id.* at 3. The next day, counsel for Sprint inquired when they could expect to receive the additional responsive documents and stressed the need for these documents to prepare for "the corporate deposition of Vonage." Letter from Strand to McPhail (Oct. 13, 2006), Exhibit H. On October 16, 2006, counsel for Vonage responded that additional documents responsive to each request would be produced "not later than the week of October 23." Letter from McPhail to Strand (Oct. 16, 2006), Exhibit I. In fact, no additional documents were received until 10 DVDs of documents arrived late in the afternoon of November 22, 2006, the day before Thanksgiving. *See* Letter from Strand to McPherson (Nov. 27, 2006), Exhibit M.

In the meantime, Sprint's counsel decided they could no longer postpone taking Vonage's cooperate deposition related to financial issues. Therefore, a Rule 30(b)(6) deposition of Vonage on damage issues took place on November 16, 2006. Rego Dep., Exhibit J. Vonage Holding Corp. designated its Chief Financial Officer, John Rego to testify on behalf of Vonage. Rego Dep. 21:7-13, 31:1-33:8. At this deposition, Mr. Rego identified no less than twelve[1]

---

[1] Although twelve missing categories of documents were identified during the deposition of John Rego, *see* Exhibit K, initially Mr. Strand described only eleven categories of documents in his letters to Vonage's counsel. *See, e.g.,* Letter from Strand to McPherson (Nov. 21, 2006),

3

89483v4

specific categories of documents responsive to Sprint's earlier requests for production that had not yet been produced:

1. 2002 Audited Financial Statements;

2. Bound Volumes of Reports Provided to Auditors;

3. Financial Files from Boxes in Storage;

4. Semi-Annual Budgets/Models for 2002 through 2006 (10 Excel files);

5. Scripts for First Two Conference Calls with Analysts;

6. PowerPoint Slides for Series B Financing Roadshow;

7. Deal Books for Each Round of Financing;

8. Due Diligence Request Lists Provided to Vonage by Investors;

9. Due Diligence Documents Provided by Vonage to Investors;

10. Documents Relating to Negotiation of Each Round of Financing;

11. Offering Memorandum for Series B Financing (approx. 80 pages); and

12. Materials Provided to "Prominent Angel" Investors.

*See* Rego Dep., Exhibit J; *see also* Exhibit K (listing the deposition testimony where each category of documents was identified and the discovery requests to which it is responsive). Some of these documents were literally sitting on Mr. Rego's desk. *E.g.,* Rego Dep. 270:1-2 ("[Deal books for every deal] are still on my desk.").

Surprised by the large number of relevant and previously undisclosed and unproduced documents, counsel for Sprint promptly requested that the newly disclosed documents be produced immediately. *See, e.g.,* Rego Dep. 226:16-19 ("Would you have any objection to providing me with past versions of that model up to today's version of the model, of

---

Exhibit L.  Mr. Strand pointed out the twelfth category in his letter of February 9, 2007.  Letter from Strand to Golob (Feb. 9, 2007), Exhibit P.

4

course subject to our protective order?"); *see also* Letter from Strand to McPherson (Nov. 21, 2006), Exhibit L.  Counsel for Vonage did not give a definitive answer.  *See, e.g.,* Rego Dep. 226:20-21 ("We will need to discuss that with management of Vonage.").

On returning from the Thanksgiving Holiday, counsel for Sprint found the 10 DVDs that had arrived on November 22, 2006, and immediately contacted counsel for Vonage to inquire (1) whether the documents identified by Mr. Rego at the deposition were included, and if not, (2) whether Vonage would voluntarily produce the documents, and when.  *See* Letter from Strand to McPherson (Nov. 27, 2006), Exhibit M.  Hearing no response, Sprint's counsel wrote again on November 30, 2006, indicated that an initial review of the November 22nd production had not revealed any of the documents identified at the deposition, and again asked if Vonage would agree to voluntarily produce these documents.  *See* Letter from Strand to McPherson (Nov. 30, 2006), Exhibit N.

Following a further exchange of letters, the parties held a "meet and confer" telephone conference on December 11, 2006, in the hopes of resolving all outstanding discovery issues, including Sprint's demands for the documents identified during Mr. Rego's deposition and Vonage's asserted objections.  During this teleconference, Vonage agreed to search for and produce any additional documents described in Mr. Strand's letter[2] of November 21, 2006.  *See* Letter from McPhail to Seitz (Dec. 12, 2006), Exhibit O (confirming Vonage's agreement "to continue to look for documents in the remaining categories listed in Mr. Strand's letter and, to the extent they exist and can be located and have not previously been produced, we will produce such documents to Sprint").  Unfortunately, Vonage has failed to fulfill its promise.

After the December 12 conference, Counsel for Sprint heard nothing about the requested documents for nearly 60 days.  On February 9, 2007, counsel for Sprint again

---

[2]  This letter discussed the first eleven categories of documents listed on Exhibit K.

89483v4

addressed a letter to Vonage's counsel pointing out the continued inadequacy of their response. *See* Letter from Strand to Golob (Feb. 9, 2007), Exhibit P. Ten of the eleven categories of documents identified in the November 21, 2006 letter remain either partially or completely unproduced. *See id.* In addition, counsel for Sprint described an additional category of documents, identified during the deposition of John Rego and responsive to Sprint's original requests: materials provided to "Prominent Angel" investors who acquired stock in a May 2001 offering.[3] *Id.* at 5. Counsel for Sprint requested that these materials be produced as well. *Id.* After two weeks, and having heard no response, on February 26, 2007, Sprint's counsel wrote again and noted Vonage's prior promise to produce any responsive documents. Letter from Strand to Golob (Fed. 26, 2007), Exhibit Q.

On March 2, 2007, Vonage's counsel responded by email: "we are still in the process of looking for and collecting documents responsive to the issues raised in your letters to Mr. Golob." Email from McPhail to Strand (March 2, 2007), Exhibit R. Under the circumstances, this response was not credible. The next business day, counsel for Sprint responded with specific citations to Mr. Rego's deposition which pinpoint the location of a number of responsive documents:

- **Bound volumes of reports provided to auditors . . .**

    "are kept in the accounting and finance department." (Rego Depo., 59:5-8).

- **Semi-annual budget/models for Vonage for the years 2002 through 2006 . . .**

    are on Mr. Rego's computer in Excel format. (Rego Depo., page 68).

- **Deal books . . . for each round of financing . . .**

    are on Mr. Rego's desk. (Rego Depo., 269:20-270:2).

Letter from Strand to McPhail (March 5, 2007), Exhibit S.

---

[3] Category twelve on Exhibit K.

89483v4

On March 7, 2007, counsel for Vonage responded by letter, specifically addressing only two of the missing categories. *See* Letter from McPhail to Strand (March 7, 2007), Exhibit T. Counsel for Vonage concluded: "While we continue to search . . . we have never stated that any such documents actually exist." Letter from McPhail to Strand (March 7, 2007), Exhibit T. But it is clear from Mr. Rego's sworn deposition testimony taken over four months ago that these documents do exist and should be easy to locate with minimal effort. Is counsel for Vonage suggesting that Mr. Rego failed to be less than candid while under oath? Or, is counsel merely demurring yet again, hoping that Sprint's request will "just go away?" Against this backdrop, Sprint seeks the Court's assistance in compelling these documents.

### III.   QUESTIONS PRESENTED

1.   Whether Sprint is entitled to production of the following documents identified at the deposition of Vonage's 30(b)(6) deposition on November 16, 2006 (*See* Exhibit K):

   A.   Bound Volumes of Reports Provided to Auditors;

   B.   Semi-Annual Budgets/Models for 2002 through 2006 (10 Excel files);

   C.   Deal Books for Each Round of Financing;

   D.   Offering Memorandum for Series B Financing (approx. 80 pages); and

   E.   Materials Provided to "Prominent Angel" Investors.

2.   Whether Vonage should produce Semi-Annual Budgets/Models as they are regularly kept and distributed by Vonage, i.e. in Excel format.

### IV.   ARGUMENT

   1.   **Sprint is entitled to production of documents identified during the Rule 30(b)(6) deposition of Vonage.**

   Rule 37 of the Federal Rules of Civil Procedure allows a discovering party to move for an order compelling discovery "if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to

permit inspection as requested." Fed. R. Civ. P. 37(a)(2)(B). Further, an incomplete or evasive response to discovery is treated as a failure to respond under this rule. Fed. R. Civ. P. 37(a)(3). Pursuant to D. Kan. Rule 37.1, copies of the disputed requests and responses are attached to this Motion. *See* Exhibits A, B, C, & D. As further discussed below, Sprint has delayed the filing of this motion in the hope that Vonage would fulfill its repeated promises to produce the requested documents. Sprint asserts that its failure to file this motion in the time proscribed by D. Kan. Rule 37.1(b) is excusable based on Sprint's repeated good faith attempts to obtain and review the discovery produced by Vonage. *See B & K Mech., Inc. v. Wiese*, No. 03-4149-RDR, 2005 U.S. Dist. LEXIS 21005, at *10-12 (D. Kan. Sept. 21, 2005).

Sprint now seeks the immediate production of five categories of documents identified by Vonage's cooperate representative, Mr. Rego, during his deposition on November 16, 2006. Exhibit K is a chart setting out (1) each of the twelve categories of documents identified during the deposition, (2) the citation to Mr. Rego's deposition where each type of document is identified,[4] and (3) the specific requests for production related to each of the twelve categories of documents.[5] Vonage agreed to produce most of these documents over three months ago. *See* Letter from McPhail to Seitz (Dec. 12, 2006), Exhibit O (confirming Vonage's agreement to produce categories 1-11 on Exhibit L). To date, Vonage has fully produced documents responsive only to the first category. Now, given the short time left to complete discovery, Sprint has focused its attention on the most critical documents still outstanding[6] and therefore seeks an Order compelling the immediate production of the following categories of documents:

---

[4] A copy of Mr. Rego's deposition is included at Exhibit J.
[5] The relevant requests covering each category of documents are set forth in Exhibits A and B.
[6] Sprint believes it is entitled to complete production of all twelve categories of documents. But given the time remaining for discovery, Sprint has voluntarily narrowed its request to those documents that clearly exist, are most critical to its case, and most accessible to Vonage.

8

89483v4

      **A.**    Bound Volumes of Reports Provided to Auditors;

      **B.**    Semi-Annual Budgets/Models for 2002 through 2006 (10 Excel files);

      **C.**    Deal Books for Each Round of Financing;

      **D.**    Offering Memorandum for Series B Financing (approx. 80 pages); and

      **E.**    Materials Provided to "Prominent Angel" Investors.

Vonage's assertion that these documents do not exist or are not in Vonage's possession, custody, or control belies it's own sworn deposition testimony. *E.g,,* Rego Dep. 68:2-3 ("Well, for all the budgets that were published, they are sitting on my computer."); *see also* Letter from Strand to McPhail (March 5, 2007), Exhibit S. And Sprint can no longer tolerate Vonage's continued excuses. At some point, "dilatory and partial compliance" becomes unacceptable. *Charter House Ins. Brokers, Ltd. v. N.H. Ins. Co.*, 667 F.2d 600, 604 (7th Cir. 1981). Vonage has repeatedly delayed the filing of this motion by producing additional documents a trickle at a time. Counsel for Sprint has just today finished reviewing the latest documents produced by Vonage and has not found the requested documents among them. Therefore, Sprint now seeks the assistance of the Court in compelling these documents.

    **2.**    **Vonage should produce Semi-Annual Budgets/Models as they are regularly kept and distributed by Vonage, i.e. in Excel format.**

Finally, Sprint asks that Vonage's semi-annual budgets (category 4 or B) be produced in the form in which they are utilized by Vonage and its investors, Microsoft Excel Spreadsheets. Federal Rule of Civil Procedure 34 requires that "electronically stored information" be produced "in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable." Fed. R. Civ. P. 34(b)(ii). Vonage's Chief Financial Officer testified that the budgets are kept and used in this format, rarely –if ever– printed, and regularly

distributed in this format. Rego Dep. 67:16-68:9, 80:4-13. Copying these documents to CD-ROM is a regular practice for Vonage, Rego Dep. 80:4-13, which would take little effort.

In contrast, the nonnative, imaged copies of these documents produced thus far are not reasonably usable by Sprint. *See* Letter from Strand to Golob (Feb. 9, 2007), Exhibit P. First, these documents were printed from their native spreadsheet program and then scanned into PDF files approximately 600 pages long. *Id.* at 2. Therefore, the spreadsheets must be painstakingly reassembled. *Id.* This process is made more difficult, because some of the documents have pages that are scanned in both "portrait" and "landscape" format. *Id.* at 3. In addition, these imaged copies are riddled with "#REF!" (which indicates an invalid cell reference) where values should appear. *Id.* at 2. These broken references suggest interrelationships between or among the spreadsheets which cannot be discerned from the imaged copies. Therefore, the Court should order Vonage to produce these budgets in the form of digital files which can be opened and viewed as spreadsheets in Microsoft Excel. *See Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 643-47 (D. Kan. 2005) (Waxse, M.J.) (discussing the inadequacy of nonnative, imaged copies of Excel spreadsheets).

## V.     CONCLUSION

Vonage has delayed Sprint's discovery efforts by unjustifiably withholding clearly identified, promised documents in their possession, custody, or control. To avoid further prejudicial delay, Sprint, now, seeks the Court's assistance in obtaining the critical documents in an accessible format. A proposed form of order is attached for the Court's convenience.

## CERTIFICATION OF CONFERENCE

Pursuant to Federal Rule of Civil Procedure 37(a)(2)(B) and D. Kan. Rule 37.2, counsel for Sprint has conferred with opposing counsel to obtain these documents. *See, e.g.,* Letter from Strand to McPhail (March 5, 2007), Exhibit S. Vonage promised to produce the first

eleven categories of documents on Exhibit K.  *See* Letter from McPhail to Seitz (Dec. 12, 2006), Exhibit O.  But to date, Vonage has only satisfactorily produced the first category of documents.  Vonage asserts: "To date, we have produced, and continue to produce, all non-privileged, responsive documents in Vonage's possession, custody or control that could be located after a reasonable search."  *See* Letter from McPhail to Strand (March 7, 2007), Exhibit T.  Sprint disputes this assertion and points to the deposition of John Rego as evidence that additional responsive documents are in Vonage's possession, custody, or control.

## INDEX OF EXHIBITS

**A.**     Plaintiff Sprint Communications Company L.P.'s First Set of Requests for The Production of Documents and Things to Vonage Holdings Corp.

**B.**     Plaintiff Sprint Communications Company L.P.'s First Set of Requests for The Production of Documents and Things to Vonage America, Inc.

**C.**     Defendant Vonage Holding Corp.'s Responses and Objections to Plaintiff Sprint Communications Company L.P.'s First Request for Production of Documents and Things

**D.**     Defendant Vonage America, Inc.'s Responses and Objections to Plaintiff Sprint Communications Company L.P.'s First Request for Production of Documents and Things

**E.**     Letter from Strand to Golob (Oct. 2, 2006)

**F.**     Letter from Strand to McPherson and Golob (Oct. 11, 2006)

**G.**     Letter from McPhail to Strand (Oct. 12, 2006)

**H.**     Letter from Strand to McPhail (Oct. 13, 2006)

**I.**     Letter from McPhail to Strand (Oct. 16, 2006)

**J.**     Deposition of John Rego

**K.**     Chart of Documents Sought, Related Testimony, and Requests

**L.**     Letter from Strand to McPherson (Nov. 21, 2006)

**M.**     Letter from Strand to McPherson (Nov. 27, 2006)

**N.**     Letter from Strand to McPherson (Nov. 30, 2006)

89483v4

| | | |
|---|---|---|
| **O.** | Letter from McPhail to Seitz (December 12, 2006) | |
| **P.** | Letter from Strand to Golob (February 9, 2007) | |
| **Q.** | Letter from Strand to Golob (February 26, 2007) | |
| **R.** | Email from McPhail to Strand (March 2, 2007) | |
| **S.** | Letter from Strand to McPhail (March 5, 2007) | |
| **T.** | Letter from McPhail to Strand (March 7, 2007) | |

                                          Respectfully submitted,

Dated:  March 23, 2007                              /s/ Adam P. Seitz___

                                                    B. Trent Webb, KS Bar No. 15965
                                                    Eric A. Buresh, KS Bar No. 19895
                                                    Adam P. Seitz, KS Bar No. 21059
                                                    SHOOK, HARDY & BACON L.L.P.
                                                    2555 Grand Boulevard
                                                    Kansas City, Missouri 64108-2613
                                                    Telephone (816) 474-6550
                                                    Facsimile (816) 421-5547
                                                    Email aseitz@shb.com

                                                    and

                                                    Peter E. Strand, MO Bar No. 29958
                                                    *Admitted Pro Hac Vice*
                                                    SHOOK, HARDY & BACON L.L.P.
                                                    600 14th Street, N.W., Suite 800
                                                    Washington, D.C. 20005-2004
                                                    Telephone (202) 783-8400
                                                    Facsimile (202) 783-4211
                                                    Email pstrand@shb.com

                                                    Attorneys for Plaintiff
                                                    SPRINT COMMUNICATIONS COMPANY L.P.

89483v4

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2007, a true and accurate copy of the above and foregoing **Memorandum in Support of Sprint's Motion to Compel Production of Financial Documents** were e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

 /s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.