# EXHIBIT A

Dockets.Justia.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.,  )
                                  )
          Plaintiff,          )
                                  )
          v.                  )      Case No. 05-2433-JWL
                                  )
THEGLOBE.COM, INC.             )
VOICEGLO HOLDINGS, INC.,      )
VONAGE HOLDINGS CORP.,        )
VONAGE AMERICA, INC.,          )
                                  )
          Defendants.     )
                                  )

## PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO VONAGE HOLDINGS CORP.

Plaintiff Sprint Communications Company L.P. ("Sprint") hereby propounds its First Set of Requests for the Production of Documents and Things to Defendant Vonage Holdings Corp. pursuant to Rule 34 of the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1.     The following shall apply to all requests:

     a.     The singular of each word shall be construed to include its plural, and vice versa;

     b.     "And" as well as "or" shall be construed both conjunctively as well as disjunctively;

     c.     "Each" shall be construed to include "every," and vice versa;

     d.     "Any" shall be construed to include "all," and vice versa; and

     e.     The present tense shall be construed to include the past tense, and vice versa.

2.    If you believe that any of the following requests calls for an assertion of a claim of privilege, answer so much of the request as is not objected to, state that part of each request to which you raise objection and set forth the basis for your claim of privilege with respect to such information you refuse to give.

3.    If, for reasons other than a claim of privilege, you refuse to answer any request, please state the grounds upon which the refusal is based with sufficient specificity to permit determination of the propriety of such refusal.

4.    If you believe that any of the following requests calls for an assertion of the work-product or attorney-client privilege, Defendant is requested to prepare a "privilege log" listing the following information for each such document:

> a.    the paragraph or subparagraph to which the document is responsive;
>
> b.    the title or general subject matter of the document;
>
> c.    the type of document (e.g., letter, memorandum, note, report, etc.);
>
> d.    the date of the document;
>
> e.    the name of the author of the document;
>
> f.    the person(s) for whom the document was prepared, to whom it was sent, or who received copies; and
>
> g.    the nature of and the basis for the claim of the privilege.

5.    Each request shall be deemed continuing, so as to require supplemental or mandatory responses should you obtain additional responsive information subsequent to your initial responses.

6.    If you do not agree with any definition of the terms provided herein you are instructed to provide a reasonable, alternative definition for that term, consistent with industry custom and usage.

2

7.     Each of the definitions and instructions contained herein shall be fully applicable to each request notwithstanding that a definition or instruction above may, in whole or in part, be reiterated in a particular request and notwithstanding that a particular request may incorporate supplemental instructions or definitions.  If, however, you provided any alternate definitions in accordance with Instruction No. 6, indicate whether, and how, any answer to any request would differ if you relied on your alternate definition in responding to that request instead of the definitions provided.

## DEFINITIONS

1.     **"The Asserted Patents"** refers to United States Patent Nos. 6,304,572, 6,633,561, 6,463,052, 6,452,932, 6,473,429, 6,298,064 and 6,665,294.

2.     **"You," "your,"** or **"Defendant"** shall mean, separately and collectively, Defendant Vonage Holdings Corp., its licensees, and any subsidiaries, affiliates, predecessors, successors, parents, divisions, persons or entities acting for or on its behalf, whether in existence now or at any time.

3.     **"Plaintiff"** or **"Sprint"** refers to Plaintiff Sprint Communications Company L.P.

4.     **"Regarding," "relate(s) to,"** or **"relating to"** mean to contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matters set forth.

5.     **"Document"** is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes computer records in any format.  By way of further explanation, "Document(s)" shall mean all non-identical copies of material of every kind and description which are recorded by hand-

3

writing, printing, typing, photographing, photostatting, graphic representation, mechanical, electronic, magnetic, or any other means of recording, any form of communication, information or representation, including letters, words or numbers or their equivalent, or data compilations of any sort whatsoever. The term "document(s)" is therefore defined to include, among other things, information stored on electronic media, videotapes, motion pictures, computer data, and any other electronic, mechanical or magnetic records or representations of any kind including without limitation all tapes, cassettes, magnetic, optical or other discs, magnetic cards, e-mail, and recordings. A draft or nonidentical copy is a separate document within the meaning of this term.

      6.    **"Person"** or **"persons"** mean any natural person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form of organization or legal entity, and all its officials, directors, officers, employees, representatives and agents.

      7.    **"Correspondence"** means, but shall not be limited to, any letter, telegram, telex, TWX, facsimile, e-mail, notice, message, memorandum or other written communication or transcription of notes of a communication.

      8.    **"Report"** means, but shall not be limited to, any study, analysis, appraisal, inspection, survey, test, poll, memorandum, or statistical or financial compilation of information, including without limitation periodic reports of financial condition and reports of examination.

      9.    **"Communication"** means any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, questions, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meeting and also

including, but not limited to, correspondence, financial records, corporate records, reports and documents as defined immediately above.

# REQUESTS FOR PRODUCTION

REQUEST NO. 1:    All documents identified, relied upon, examined, or otherwise used by Vonage Holdings Corp. in answering Sprint's First Set of Interrogatories.

RESPONSE:


REQUEST NO. 2:    All documents and things upon which Vonage Holdings Corp. relies in support of its contentions that Vonage Holdings Corp. has not infringed, is not infringing, has not contributorily infringed, is not contributorily infringing, has not induced the infringement of, and is not inducing the infringement of the Asserted Patents or claim(s) thereof.

RESPONSE:


REQUEST NO. 3:    All documents and things upon which Vonage Holdings Corp. relies in support of its contention that the Asserted Patents were not legally issued.

RESPONSE:


REQUEST NO. 4:    All documents and things upon which Vonage Holdings Corp. relies in support of its contention that any alleged acts of infringement have not been willful or intentional.

RESPONSE:

REQUEST NO. 5:    All documents and things upon which Vonage Holdings Corp. relies in support of its contention that Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

RESPONSE:


REQUEST NO. 6:    All documents and things upon which Vonage Holdings Corp. relies in support of its contention that the Asserted Patents or claim(s) thereof are invalid, void and/or unenforceable for failing to comply with one or more provisions of Title II of 35 U.S.C.

RESPONSE:


REQUEST NO. 7:    All documents and things upon which Vonage Holdings Corp. relies in support of its claim that the Asserted Patents are unenforceable.

RESPONSE:


REQUEST NO. 8:    All documents and things in the possession, custody, or control of Vonage Holdings Corp. which record, refer to, or relate to the patentability, validity or invalidity, scope, enforceability or unenforceability, inventorship, priority, and/or infringement or non-infringement of the Asserted Patents or any claim(s) thereof.

RESPONSE:

REQUEST NO. 9:    All documents and things in the possession, custody, or control of Vonage Holdings Corp. which record, refer to, or relate to any prior art relative to the subject matter of the Asserted Patents, including, but not limited to, all documents relating in any way to any search ever conducted by, for, or on behalf of Vonage Holdings Corp. for such prior art, and copies of any reports, summaries, or results of any such search.

RESPONSE:


REQUEST NO. 10:    All documents in the possession, custody or control of Vonage Holdings Corp. which record, refer to, or relate to any opinions, analyses, and/or investigations with respect to the validity or invalidity, novelty, patentability, enforceability or unenforceability, inventorship, priority, state of the art, and/or infringement or non-infringement of the Asserted Patents, any claim of the Asserted Patents, or the subject matter disclosed in the Asserted Patents.

RESPONSE:


REQUEST NO. 11:    If Vonage Holdings Corp. will invoke the advice of counsel defense to avoid a finding of willful infringement, produce all documents which record, refer to, or relate to such advice of counsel.

RESPONSE:


REQUEST NO. 12:    Documents sufficient to identify the function, operation, design and/or programming of all components, whether hardware or software, identified in response to Interrogatory No. 2.

8

RESPONSE:


REQUEST NO. 13:   Documents sufficient to identify the function, operation, design and/or programming of all products and/or services identified in response to Interrogatory No. 1.

RESPONSE:


REQUEST NO. 14:   All documents which record, refer to, or relate to the conception, design, reduction to practice, invention, development, testing, manufacture, production, use and/or operation of any of the products or services identified in response to Interrogatory No. 1 including, without limitation, drawings, specifications, parts lists, test reports, engineering change orders, trip reports, meeting notes, purchase orders, work orders, logs of engineering work, logs of hours expended, costs of prototypes and development, engineering reports, and engineering studies.

RESPONSE:


REQUEST NO. 15:   All documents which record, refer to, or relate to the conception, design, reduction to practice, invention, development, testing, manufacture, production, use and/or operation of any of the components, whether hardware or software, identified in response to Interrogatory No. 2 including, without limitation, drawings, specifications, parts lists, test reports, engineering change orders, trip reports, meeting notes, purchase orders, work orders, logs of engineering work, logs of hours expended, costs of prototypes and development, engineering reports, and engineering studies.

9

RESPONSE:

REQUEST NO. 16:   Produce a copy of each piece of advertising, informational or promotional material relating to or referring to any of the products or services identified in response to Interrogatory No. 1 including, without limitation, press releases, brochures, correspondence with actual or potential customers, correspondence with actual or potential suppliers, catalogs, catalog sheets, price lists, descriptive literature, articles in trade journals, technical journals or other publications, materials prepared for trade meetings or conventions, and any other material disseminated or otherwise made available to the public or by an entity that sells any of the products or services identified in response to Interrogatory No. 1.

RESPONSE:

REQUEST NO. 17:   Documents which record, refer to, or relate to all financial and sales projections, budgets, marketing plans, investment plans, financial statements, forecasts, business plans and/or strategic plans that relate or refer, in whole or in part, to any of the products or services identified in response to Interrogatory No. 1.

RESPONSE:

REQUEST NO. 18:   All documents in the possession, custody or control of Vonage Holdings Corp. relating to any and all patents issued by any country's patent office, including the United States Patent and Trademark Office, that refer to, disclose or claim, in whole or in part, any of the products or services identified in response to Interrogatory No. 1.

RESPONSE:

10

REQUEST NO. 19: All documents in the possession, custody or control of Vonage Holdings Corp. relating to any and all patents issued by any country's patent office, including the United States Patent and Trademark Office, that refer to, disclose or claim, in whole or in part, any of the components, whether hardware or software, identified in response to Interrogatory No. 2.

RESPONSE:

REQUEST NO. 20: All documents in the possession, custody or control of Vonage Holdings Corp. relating to any and all patent applications filed with any country's patent office, including the United States Patent and Trademark Office, that refer to, disclose, or claim, in whole or in part any of the products or services identified in response to Interrogatory No. 1.

RESPONSE:

REQUEST NO. 21: All documents in the possession, custody or control of Vonage Holdings Corp. relating to any and all patent applications filed with any country's patent office, including the United States Patent and Trademark Office, that refer to, disclose, or claim, in whole or in part any of the components, whether hardware or software, identified in response to Interrogatory No. 2.

RESPONSE:

REQUEST NO. 22: All documents in the possession, custody or control of Vonage Holdings Corp. given to patent counsel for preparing or prosecuting any and all patent applications filed with any country's patent office, including the United States Patent and

Trademark Office, that refer to, disclose, or claim, in whole or in part, any of the products or services identified in response to Interrogatory No. 1 including, but not limited to, all drawings, statements, written descriptions, blueprints, and/or printed publications.

RESPONSE:


REQUEST NO. 23:   All documents in the possession, custody or control of Vonage Holdings Corp. given to patent counsel for preparing or prosecuting any and all patent applications filed with any country's patent office, including the United States Patent and Trademark Office, that refer to, disclose, or claim, in whole or in part, any of the components, whether hardware or software, identified in response to Interrogatory No. 2 including, but not limited to, all drawings, statements, written descriptions, blueprints, and/or printed publications.

RESPONSE:


REQUEST NO. 24:   All documents which record, refer to, or relate to the amount of profit (actual and/or anticipated, gross and/or net) earned by or on behalf of Vonage Holdings Corp. in connection with any of the products or services identified in response to Interrogatory No. 1.

RESPONSE:

REQUEST NO. 25:   Documents which record, refer to, or relate to all licenses, assignments, agreements, and/or contracts in the possession, custody, or control of Vonage Holdings Corp. which refer to or relate to the any of the products or services identified in response to Interrogatory No. 1.

RESPONSE:


REQUEST NO. 26:   Documents which record, refer to, or relate to all licenses, assignments, agreements, and/or contracts in the possession, custody, or control of Vonage Holdings Corp. which refer to or relate to the any of the components, whether hardware or software, identified in response to Interrogatory No. 2.

RESPONSE:


REQUEST NO. 27:   All documents relating to any agreement or understanding to indemnify, hold harmless, discharge, satisfy, release, or otherwise shift any cost associated with any potential or actual liability to or from any person or entity relating to the making, using, importing, offering for sale, and/or sale of any of the products or services identified in response to Interrogatory No. 1.

RESPONSE:


REQUEST NO. 28:   All documents relating to any agreement or understanding to indemnify, hold harmless, discharge, satisfy, release, or otherwise shift any cost associated with any potential or actual liability to or from any person or entity relating to the making, using,

13

importing, offering for sale, and/or sale of any of the components, whether hardware or software, identified in response to Interrogatory No. 2.

RESPONSE:

REQUEST NO. 29:   Produce all corporate minutes of Vonage Holdings Corp. for all meetings of shareholders, directors, or officers which refer to or relate to any of the following:

  a.     The Asserted Patents; and/or

  b.     The present lawsuit.

RESPONSE:

REQUEST NO. 30:   All documents that constitute or relate in any way to tests, studies, investigations, inspections, or analyses performed by or on behalf of Vonage Holdings Corp. relating to the Asserted Patents to determine whether any of the products or services identified in response to Interrogatory No. 1 infringe or infringed any claim of the Asserted Patents.

RESPONSE:

REQUEST NO. 31:   All documents that constitute or relate in any way to tests, studies, investigations, inspections, or analyses performed by or on behalf of Vonage Holdings Corp. relating to the Asserted Patents to determine whether any of the components, whether hardware or software, identified in response to Interrogatory No. 2 infringe or infringed any claim of the Asserted Patents.

14

RESPONSE:


REQUEST NO. 32:    All documents in the possession, custody or control of Vonage Holdings Corp. that refer or relate to Sprint and/or the Asserted Patents.

RESPONSE:


REQUEST NO. 33:    All documents that relate to or constitute notice to Vonage Holdings Corp. of the Asserted Patents, including, but not limited to, documents sufficient to show when Vonage Holdings Corp. first became aware of the Asserted Patents.

RESPONSE:


REQUEST NO. 34:    All documents in the possession, custody, or control of Vonage Holdings Corp. which record, relate to, or refer to any communication with any supplier of any of the products or services identified in response to Interrogatory No. 1 which record, relate to, or refer to the Asserted Patents.

RESPONSE:


REQUEST NO. 35:    All documents in the possession, custody or control of Vonage Holdings Corp. which record, relate to, or refer to any communication with any supplier of any of the components, whether hardware or software, identified in response to Interrogatory No. 2 which record, relate to or refer to the Asserted Patents.

RESPONSE:

REQUEST NO. 36:    All documents and things upon which Vonage Holdings Corp. relies in support of its denial of paragraph 7-8 of the First Amended Complaint.

RESPONSE:


REQUEST NO. 37:    All documents that relate to any contention made in your affirmative defenses or on which you base any contention made in your affirmative defenses.

RESPONSE:


REQUEST NO. 38:    All documents in your possession, custody or control that support your contention that "[t]he Complaint is barred by the doctrines of laches, estoppel and acquiescence."

RESPONSE:


REQUEST NO. 39:    All documents in your possession, custody or control that support your contention that "[t]he Complaint is barred by the doctrine of unclean hands."

RESPONSE:


REQUEST NO. 40:    Documents sufficient to identify the structure, construction, function, operation, programming or architecture of any of the products and/or services identified in response to Interrogatory No. 1.

RESPONSE:

REQUEST NO. 41:   Documents sufficient to identify the structure, construction, function, operation, programming or architecture of any of the components, whether hardware of software, identified in response to Interrogatory No. 2.

RESPONSE:


REQUEST NO. 42:   Documents sufficient to identify the design and/or programming specifications for any of the products and/or services identified in response to Interrogatory No. 1.

RESPONSE:


REQUEST NO. 43:   Documents sufficient to identify the design and/or programming specifications for any of the components, whether hardware or software, identified in response to Interrogatory No. 2.

RESPONSE:


REQUEST NO. 44:   Documents sufficient to identify any modification, alteration, or revision of the design, construction, performance or architecture of any of the products and/or services identified in response to Interrogatory No. 1.

RESPONSE:

REQUEST NO. 45: Documents sufficient to identify any modification, alteration, or revision of the design, construction, performance or architecture of any of the components, whether hardware of software, identified in response to Interrogatory No. 2.

RESPONSE:

REQUEST NO. 46: All documents relating to Vonage Holdings Corp.'s decision to make, use, sell, offer to sell, license, or offer to license any of the products or services identified in response to Interrogatory No. 1.

RESPONSE:

REQUEST NO. 47: All documents relating to Vonage Holdings Corp.'s decision to make, use, sell, offer to sell, license, or offer to license any of the components, whether hardware of software, identified in response to Interrogatory No. 2.

RESPONSE:

REQUEST NO. 48: All documents relating to any correspondence by Vonage Holdings Corp. with anyone regarding the Asserted Patents.

RESPONSE:

REQUEST NO. 49: All documents relating to any communication between Vonage Holdings Corp., or anyone acting on its behalf, and any customer, field representative,

supplier, manufacturer, or any other third party about the patentability, validity, enforceability, scope and/or infringement of any claim of the Asserted Patents.

RESPONSE:


REQUEST NO. 50:   All invention disclosures submitted to Vonage Holdings Corp. by its employees, or any other person, which relates in any way to the subject matter of the Asserted Patents.

RESPONSE:


REQUEST NO. 51:   All documents relating to Vonage Holdings Corp.'s Answer, Affirmative Defenses and Counterclaim, including any documents that Vonage Holdings Corp. relied upon therein.

RESPONSE:


REQUEST NO. 52:   All documents relating to what Vonage Holdings Corp. contends was the level of skill of one of ordinary skill in the art at the time of filing for the Asserted Patents.

RESPONSE:


REQUEST NO. 53:   Documents sufficient to identify the number of units sold, the number of subscribers or customers, dollar revenues from sales, gross profits, net profits, actual profits, including all costs relied upon in determining actual profits, and anticipated profits

from the sale or distribution of the products and/or services identified in response to Interrogatory No. 1.

RESPONSE:

REQUEST NO. 54:    Documents sufficient to identify any financial projections, projected revenue and/or projected market share from the sale and/or distribution of the products and/or services identified in response to Interrogatory No. 1 including, but not limited to, such projections which were provided to investors, potential investors or potential purchasers of Vonage Holdings Corp. and/or that were prepared in anticipation of an Initial Public Offering or sale of Vonage Holdings Corp.

RESPONSE:

REQUEST NO. 55:    Documents sufficient to identify the recipients of any documents produced in response to Request No. 53

RESPONSE:

Dated:  January 5, 2006

/s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT COMMUNICATIONS COMPANY
L.P.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of January, 2006, a true and accurate copy of the above and foregoing PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO VONAGE HOLDINGS CORP. were sent via e-mail and First Class mail, postage prepaid, to:

James D. Oliver
Scott C. Nehrbass
Foulston Siefkin LLP
40 Corporate Woods Suite 1050
9401 Indian Creek Parkway
Overland Park, Kansas 66210

James W. Dabney
Henry C. Lebowitz
Malcolm J. Duncan
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attorneys for Defendants
Theglobe.com, Inc. and Voiceglo Holdings, Inc.

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

  /s/ Adam P. Seitz
Adam P. Seitz
Attorneys for Sprint Communications Company L.P.

22

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SPRINT COMMUNICATIONS COMPANY L.P.,  )
                                            )
              Plaintiff,            )
                                            )
              v.                  )     Case No. 05-2433-JWL
                                            )
THEGLOBE.COM, INC.,                )
VOICEGLO HOLDINGS, INC.,        )
VONAGE HOLDINGS CORP.,         )
VONAGE AMERICA, INC.,           )
                                            )
             Defendants.      )
_____)

## <u>NOTICE OF SERVICE</u>

       I hereby certify that on the 5th day of January, 2006, counsel for Plaintiff Sprint Communications Company L.P. served true and accurate copies of the following on Defendants as listed below.

       Plaintiff served on Defendant theglobe.com, Inc.:

       1.    Plaintiff Sprint Communications Company L.P.'s First Set of Interrogatories to Defendant theglobe.com, Inc. **43A**

       2.    Plaintiff Sprint Communications Company L.P.'s First Set of Requests for the Production of Documents and Things to theglobe.com, Inc. **43B**

       Plaintiff served on Defendant Voiceglo Holdings, Inc.:

       1.    Plaintiff Sprint Communications Company L.P.'s First Set of Interrogatories to Defendant Voiceglo Holdings, Inc. **43C**

       2.    Plaintiff Sprint Communications Company L.P.'s First Set of Requests for the Production of Documents and Things to Voiceglo Holdings, Inc. **43D**

       Plaintiff served on Defendant Vonage Holdings Corp.:

       1.    Plaintiff Sprint Communications Company L.P.'s First Set of Interrogatories to Defendant Vonage Holdings Corp. **43E**

     2.     Plaintiff Sprint Communications Company L.P.'s First Set of Requests for the Production of Documents and Things to Vonage Holdings Corp. *43F*

     Plaintiff served on Defendant Vonage America, Inc.:

     1.     Plaintiff Sprint Communications Company L.P.'s First Set of Interrogatories to Defendant Vonage America, Inc. *43G*

     2.     Plaintiff Sprint Communications Company L.P.'s First Set of Requests for the Production of Documents and Things to Vonage America, Inc. *43H*

     Plaintiffs certify that the above were served via e-mail and First Class Mail to the following:

James D. Oliver
Scott C. Nehrbass
Foulston Siefkin LLP
40 Corporate Woods Suite 1050
9401 Indian Creek Parkway
Overland Park, Kansas 66210

James W. Dabney
Henry C. Lebowitz
Malcolm J. Duncan
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004

Attorneys for Defendants
theglobe.com, Inc. and Voiceglo Holdings, Inc.

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and

2

Vonage America, Inc.

Respectfully Submitted,

Dated: January 6, 2006

/s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS FOR PLAINTIFF SPRINT
COMMUNICATIONS COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th Day of January, 2006, a copy of the above and foregoing was e-filed with the Court using the CM/ECF system which sent notification to the following:

James D. Oliver
Scott C. Nehrbass
Foulston Siefkin LLP
40 Corporate Woods Suite 1050
9401 Indian Creek Parkway
Overland Park, Kansas 66210

James W. Dabney
Henry C. Lebowitz
Malcolm J. Duncan
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attorneys for Defendants
theglobe.com, Inc. and Voiceglo Holdings, Inc.

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


  /s/ Adam P. Seitz
Attorneys for Sprint Communications Company L.P.

4

1848646v1

## Glidewell, Jeff O. (SHB)

| | |
|---|---|
| **From:** | KSD_CMECF@ksd.uscourts.gov |
| **Sent:** | Friday, January 06, 2006 10:51 AM |
| **To:** | KSD_CMECF_Security@ksd.uscourts.gov |
| **Subject:** | SPRINT-43 |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Kansas

Notice of Electronic Filing

The following transaction was received from Seitz, Adam entered on 1/6/2006 at 10:50 AM CST and filed on 1/6/2006

**Case Name:**          Sprint Communications Company LP v. theglobe.com, Inc et al
**Case Number:**      2:05-cv-2433
**Filer:**                    Sprint Communications Company LP
**Document Number:** 43

**Docket Text:**
NOTICE OF SERVICE by Sprint Communications Company LP of Interrogatories and Document Requests on All Defendants (Seitz, Adam)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1028492125 [Date=1/6/2006] [FileNumber=821121-0]
[03d694f492a45354fca1c45f4dde674024be88c8aebd4d1afa36657d15a70d630fcd3
53550ebd5dc86849d2ad56dfcd2bb0023b638d352fca7f77b5f3dd9245d]]

**2:05-cv-2433 Notice will be electronically mailed to:**

Eric A. Buresh    eburesh@shb.com,

James W. Dabney    dabnejam@ffhsj.com, nydocketclrk@ffhsj.com; bednaje@ffhsj.com

Malcolm J. Duncan    duncama@ffhsj.com

Barry Golob    bgolob@duanemorris.com

Patrick J. Kaine    pkaine@dysarttaylor.com, jdobson@dysarttaylor.com

Henry C. Lebowitz    lebowhe@ffhsj.com, nydocketclrk@ffhsj.com; bednaje@ffhsj.com

Don R. Lolli    dlolli@dysarttaylor.com

Patrick D. McPherson    pdmcpherson@duanemorris.com

Patrick C. Muldoon !    pcmuldoon@duanemorris.com

Scott C. Nehrbass    snehrbass@foulston.com,

James D. Oliver    joliver@foulston.com,

Adam P. Seitz    aseitz@shb.com, tdennis@shb.com; jglidewell@shb.com

Basil Trent Webb    bwebb@shb.com,

**2:05-cv-2433 Notice will be delivered by other means to:**