# EXHIBIT C

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COMMUNICATIONS COMPANY L.P.,<br><br>Plaintiff,<br><br>v.<br><br>THEGLOBE.COM, INC.,<br>VOICEGLO HOLDINGS, INC.,<br>VONAGE HOLDINGS CORP., and<br>VONAGE AMERICA, INC.<br><br>Defendants. | Case No. 05-2433 JWL |

## DEFENDANT VONAGE HOLDING CORP.'S RESPONSES AND OBJECTIONS TO PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Defendant Vonage Holdings Corp. ("Vonage Holdings"), pursuant to Fed. R. Civ. P. 33, hereby responds to Plaintiff Sprint Communication Company L.P.'s ("Sprint") First Set of Interrogatories.

### GENERAL OBJECTIONS

1.    Vonage Holdings objects to the extent that these Request for Production request information protected from discovery by the attorney-client privilege or work product doctrine, or any other statutory or common law privilege or doctrine of confidentiality that would make the information immune or exempt from discovery. The responses to the requests contained herein shall not be construed to include any waiver by Vonage Holdings of the attorney-client privilege, the work product doctrine, or exemption, all responses being expressly subject to such objection.

2.    Vonage Holdings objects to these Requests for Production to the extent that: (a) they are unreasonably cumulative or duplicative; (b) the information is not within the possession, custody, or control of Vonage Holdings, (c) the information sought is otherwise readily available to Sprint from their own personnel, documents, or records, or may be obtained from another source that is more convenient, less burdensome, or less costly.

3.    Vonage Holdings objects to Sprint's "Instructions" and "Definitions" contained in

OUTSIDE ATTORNEYS EYES ONLY

these Requests for Production to the extent that they request information that is beyond the scope, requirements and definitions set forth in the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the District of Kansas, or at common law. In particular, Vonage Holdings objects to the following definition:

      a.     Definition "5": Vonage Holdings objects to the extent that the proffered definition of "document" exceeds the parameters of the Federal Rules of Civil Procedure and Local Rules of Practice for the District of Kansas.

    4.    In responding to these Requests for Production, Vonage Holdings does not in any manner or intend to waive, but rather intends to preserve:

      a.     all objections as to competency and admissibility;

      b.     all rights to object on any ground to the use of any information produced in response to these requests in any subsequent proceedings, including the trial of this matter; and

      c.     all objections as to privilege, work product, and confidentiality.

    5.    Vonage Holdings hereby incorporates each of the objections contained in its Response and Objections to Sprint's First Set of Interrogatories.

## SPECIFIC OBJECTIONS AND RESPONSES

Vonage Holdings hereby incorporates each of the foregoing General Objections into each of its Specific Objections and Responses, as if set forth fully herein.

## REQUEST NO. 1

All documents identified, relied upon, examined, or otherwise used by Vonage Holdings Corp. in answering Sprint's First Set of Interrogatories.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, and as vague and ambiguous. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such

2

OUTSIDE ATTORNEYS EYES ONLY

documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 2**

All documents and things upon which Vonage Holdings Corp. relies in support of its contentions that Vonage Holdings Corp. has not infringed, is not infringing, has not contributorily infringed, is not contributorily infringing, has not induced the infringement of, and is not inducing the infringement of the Asserted Patents or claim(s) thereof.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague, compound, and argumentative.  It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 3**

All documents and things upon which Vonage Holdings Corp. relies in support of its contention that the Asserted Patents were not legally issued.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and burdensome, and argumentative. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

3

OUTSIDE ATTORNEYS EYES ONLY

**REQUEST NO. 4**

All documents and things upon which Vonage Holdings Corp. relies in support of its contention that any alleged acts of infringement have not been willful or intentional.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and burdensome, and argumentative. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 5**

All documents and things upon which Vonage Holdings Corp. relies in support of its contention that Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and burdensome, and argumentative. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 6**

All documents and things upon which Vonage Holdings Corp. relies in support of its contention that the Asserted Patents or claim(s) thereof are invalid, void and/or unenforceable for failing to comply with one or more provisions of Title II of 35 U.S.C.

4

OUTSIDE ATTORNEYS EYES ONLY

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated, and argumentative. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 7**

All documents and things upon which Vonage Holdings Corp. relies in support of its claim that the Asserted Patents are unenforceable.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated, and argumentative. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 8**

All documents and things in the possession, custody, or control of Vonage Holdings Corp. which record, refer to, or relate to the patentability, validity or invalidity, scope, enforceability or unenforceability, inventorship, priority, and/or infringement or non-infringement of the Asserted Patents or any claim(s) thereof.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated, and argumentative. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

5

OUTSIDE ATTORNEYS EYES ONLY

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 9

All documents and things in the possession, custody, or control of Vonage Holdings Corp. which record, refer to, or relate to any prior art relative to the subject matter of the Asserted Patents, including, but not limited to, all documents relating in any way to any search ever conducted by, for, or on behalf of Vonage Holdings Corp. for such prior art, and copies of any reports, summaries, or results of any such search.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated in scope and time and therefore unduly burdensome, compound and confusing, and vague and ambiguous and not relevant to any claim or defense of any party. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 10

All documents in the possession, custody or control of Vonage Holdings Corp. which record, refer to, or relate to any opinions, analyses, and/or investigations with respect to the validity or invalidity, novelty, patentability, enforceability or unenforceability, inventorship, priority, state of the art, and/or infringement or non-infringement of the Asserted Patents, any claim of the Asserted Patents, or the subject matter disclosed in the Asserted Patents.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated in scope and time and therefore unduly burdensome, compound and confusing, and vague and ambiguous and not relevant

6

OUTSIDE ATTORNEYS EYES ONLY

to any claim or defense of any party. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 11

If Vonage Holdings Corp. will invoke the advice of counsel defense to avoid a finding of willful infringement, produce all documents which record, refer to, or relate to such advice of counsel.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and burdensome, and argumentative. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 12

Documents sufficient to identify the function, operation, design and/or programming of all components, whether hardware or software, identified in response to Interrogatory No. 2.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, and as vague and ambiguous and not relevant to any claim or defense of any party. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

7

OUTSIDE ATTORNEYS EYES ONLY

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 13**

Documents sufficient to identify the function, operation, design and/or programming of all products and/or services identified in response to Interrogatory No. 1.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, and as vague and ambiguous and not relevant to any claim or defense of any party. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 14**

All documents which record, refer to, or relate to the conception, design, reduction to practice, invention, development, testing, manufacture, production, use and/or operation of any of the products or services identified in response to Interrogatory No. 1 including, without limitation, drawings, specifications, parts lists, test reports, engineering change orders, trip reports, meeting notes, purchase orders, work orders, logs of engineering work, logs of hours expended, costs of prototypes and development, engineering reports, and engineering studies.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds

8

OUTSIDE ATTORNEYS EYES ONLY

that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 15

All documents which record, refer to, or relate to the conception, design, reduction to practice, invention, development, testing, manufacture, production, use and/or operation of any of the components, whether hardware or software, identified in response to Interrogatory No. 2 including, without limitation, drawings, specifications, parts lists, test reports, engineering change orders, trip reports, meeting notes, purchase orders, work orders, logs of engineering work, logs of hours expended, costs of prototypes and development, engineering reports, and engineering studies.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 16

Produce a copy of each piece of advertising, informational or promotional material relating to or referring to any of the products or services identified in response to Interrogatory No. 1 including, without limitation, press releases, brochures, correspondence with actual or potential customers, correspondence with actual or potential suppliers, catalogs, catalog sheets, price lists, descriptive

9

OUTSIDE ATTORNEYS EYES ONLY

literature, articles in trade journals, technical journals or other publications, materials prepared for trade meetings or conventions, and any other material disseminated or otherwise made available to the public or by an entity that sells any of the products or services identified in response to Interrogatory No. 1.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 17**

Documents which record, refer to, or relate to all financial and sales projections, budgets, marketing plans, investment plans, financial statements, forecasts, business plans and/or strategic plans that relate or refer, in whole or in part, to any of the products or services identified in response to Interrogatory No. 1.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such

10

OUTSIDE ATTORNEYS EYES ONLY

documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 18

All documents in the possession, custody or control of Vonage Holdings Corp. relating to any and all patents issued by any country's patent office, including the United States Patent and Trademark Office, that refer to, disclose or claim, in whole or in part, any of the products or services identified in response to Interrogatory No. 1.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Vonnage also objects to the extent that the documents are readily available to Sprint from publicly available sources.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 19

All documents in the possession, custody or control of Vonage Holdings Corp. relating to any and all patents issued by any country's patent office, including the United States Patent and Trademark Office, that refer to, disclose or claim, in whole or in part, any of the components, whether hardware or software, identified in response to Interrogatory No. 2.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds

11

OUTSIDE ATTORNEYS EYES ONLY

that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Vonnage also objects to the extent that the documents are readily available to Sprint from publicly available sources.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 20

All documents in the possession, custody or control of Vonage Holdings Corp. relating to any and all patent applications filed with any country's patent office, including the United States Patent and Trademark Office, that refer to, disclose, or claim, in whole or in part any of the products or services identified in response to Interrogatory No. 1.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 21

All documents in the possession, custody or control of Vonage Holdings Corp. relating to any and all patent applications filed with any country's patent office, including the United States Patent and Trademark Office, that refer to, disclose, or claim, in whole or in part any of the components, whether hardware or software, identified in response to Interrogatory No. 2.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds

12

OUTSIDE ATTORNEYS EYES ONLY

that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 22

All documents in the possession, custody or control of Vonage Holdings Corp. given to patent counsel for preparing or prosecuting any and all patent applications filed with any country's patent office, including the United States Patent and Trademark Office, that refer to, disclose, or claim, in whole or in part, any of the products or services identified in response to Interrogatory No. 1 including, but not limited to, all drawings, statements, written descriptions, blueprints, and/or printed publications.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 23

All documents in the possession, custody or control of Vonage Holdings Corp. given to patent counsel for preparing or prosecuting any and all patent applications filed with any country's patent office, including the United States Patent and Trademark Office, that refer to, disclose, or claim, in whole or in part, any of the components, whether hardware or software, identified in response to Interrogatory No. 2 including, but not limited to, all drawings, statements, written descriptions, blueprints, and/or printed publications.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds

13

OUTSIDE ATTORNEYS EYES ONLY

that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 24

All documents which record, refer to, or relate to the amount of profit (actual and/or anticipated, gross and/or net) earned by or on behalf of Vonage Holdings Corp. in connection with any of the products or services identified in response to Interrogatory No. 1.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection all responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 25

Documents which record, refer to, or relate to all licenses, assignments, agreements, and/or contracts in the possession, custody, or control of Vonage Holdings Corp. which refer to or relate to the any of the products or services identified in response to Interrogatory No. 1.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

14

OUTSIDE ATTORNEYS EYES ONLY

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 26

Documents which record, refer to, or relate to all licenses, assignments, agreements, and/or contracts in the possession, custody, or control of Vonage Holdings Corp. which refer to or relate to the any of the components, whether hardware or software, identified in response to Interrogatory No. 2.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 27

All documents relating to any agreement or understanding to indemnify, hold harmless, discharge, satisfy, release, or otherwise shift any cost associated with any potential or actual liability to or from any person or entity relating to the making, using, importing, offering for sale, and/or sale of any of the products or services identified in response to Interrogatory No. 1.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product

15

OUTSIDE ATTORNEYS EYES ONLY

immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 28

All documents relating to any agreement or understanding to indemnify, hold harmless, discharge, satisfy, release, or otherwise shift any cost associated with any potential or actual liability to or from any person or entity relating to the making, using, importing, offering for sale, and/or sale of any of the components, whether hardware or software, identified in response to Interrogatory No. 2.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 29

Produce all corporate minutes of Vonage Holdings Corp. for all meetings of shareholders, directors, or officers which refer to or relate to any of the following:

a. The Asserted Patents; and/or

b. The present lawsuit.

16

OUTSIDE ATTORNEYS EYES ONLY

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated, in both time and scope, and therefore unduly burdensome. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings

**REQUEST NO. 30**

All documents that constitute or relate in any way to tests, studies, investigations, inspections, or analyses performed by or on behalf of Vonage Holdings Corp. relating to the Asserted Patents to determine whether any of the products or services identified in response to Interrogatory No. 1 infringe or infringed any claim of the Asserted Patents.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

17

OUTSIDE ATTORNEYS EYES ONLY

**REQUEST NO. 31**

All documents that constitute or relate in any way to tests, studies, investigations, inspections, or analyses performed by or on behalf of Vonage Holdings Corp. relating to the Asserted Patents to determine whether any of the components, whether hardware or software, identified in response to Interrogatory No. 2 infringe or infringed any claim of the Asserted Patents.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 32**

All documents in the possession, custody or control of Vonage Holdings Corp. that refer or relate to Sprint and/or the Asserted Patents.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such

18

OUTSIDE ATTORNEYS EYES ONLY

documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings

**REQUEST NO. 33**

All documents that relate to or constitute notice to Vonage Holdings Corp. of the Asserted Patents, including, but not limited to, documents sufficient to show when Vonage Holdings Corp. first became aware of the Asserted Patents.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. Vonage Holdings also objects as the Request is argumentative. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings

**REQUEST NO. 34**

All documents in the possession, custody, or control of Vonage Holdings Corp. which record, relate to, or refer to any communication with any supplier of any of the products or services identified in response to Interrogatory No. 1 which record, relate to, or refer to the Asserted Patents.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

19

OUTSIDE ATTORNEYS EYES ONLY

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 35

All documents in the possession, custody or control of Vonage Holdings Corp. which record, relate to, or refer to any communication with any supplier of any of the components, whether hardware or software, identified in response to Interrogatory No. 2 which record, relate to or refer to the Asserted Patents.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 36

All documents and things upon which Vonage Holdings Corp. relies in support of its denial of paragraph 7-8 of the First Amended Complaint.

## RESPONSE:

Vonage Holdings objects as the Request is overbroad and unduly burdensome. Vonage Holdings also objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

20

OUTSIDE ATTORNEYS EYES ONLY

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection all responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 37

All documents that relate to any contention made in your affirmative defenses or on which you base any contention made in your affirmative defenses.

## RESPONSE:

Vonage Holdings objects as the Request is overbroad and unduly burdensome. Vonage Holdings also objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 38

All documents in your possession, custody or control that support your contention that "[t]he Complaint is barred by the doctrines of laches, estoppel and acquiescence."

## RESPONSE:

Vonage Holdings objects as the Request is overbroad and unduly burdensome. Vonage Holdings also objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such

21

OUTSIDE ATTORNEYS EYES ONLY

documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 39

All documents in your possession, custody or control that support your contention that "[t]he Complaint is barred by the doctrine of unclean hands."

## RESPONSE:

Vonage Holdings objects as the Request is overbroad and unduly burdensome. Vonage Holdings also objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 40

Documents sufficient to identify the structure, construction, function, operation, programming or architecture of any of the products and/or services identified in response to Interrogatory No. 1.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such

22

OUTSIDE ATTORNEYS EYES ONLY

documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 41

Documents sufficient to identify the structure, construction, function, operation, programming or architecture of any of the components, whether hardware of software, identified in response to Interrogatory No. 2.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 42

Documents sufficient to identify the design and/or programming specifications for any of the products and/or services identified in response to Interrogatory No. 1.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, duplicative and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such

23

OUTSIDE ATTORNEYS EYES ONLY

documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 43

Documents sufficient to identify the design and/or programming specifications for any of the components, whether hardware or software, identified in response to Interrogatory No. 2.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, duplicative and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 44

Documents sufficient to identify any modification, alteration, or revision of the design, construction, performance or architecture of any of the products and/or services identified in response to Interrogatory No. 1.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such

24

OUTSIDE ATTORNEYS EYES ONLY

documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 45**

Documents sufficient to identify any modification, alteration, or revision of the design, construction, performance or architecture of any of the components, whether hardware of software, identified in response to Interrogatory No. 2.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

**REQUEST NO. 46**

All documents relating to Vonage Holdings Corp.'s decision to make, use, sell, offer to sell, license, or offer to license any of the products or services identified in response to Interrogatory No. 1.

**RESPONSE:**

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

25

OUTSIDE ATTORNEYS EYES ONLY

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 47

All documents relating to Vonage Holdings Corp.'s decision to make, use, sell, offer to sell, license, or offer to license any of the components, whether hardware of software, identified in response to Interrogatory No. 2.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 48

All documents relating to any correspondence by Vonage Holdings Corp. with anyone regarding the Asserted Patents.

## RESPONSE:

Vonage Holdings objects to the request as overly broad in time and scope as stated, and unduly burdensome. The Request is also vague and ambiguous. Vonage Holdings further objects to the extent that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

26

OUTSIDE ATTORNEYS EYES ONLY

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 49

All documents relating to any communication between Vonage Holdings Corp., or anyone acting on its behalf, and any customer, field representative, supplier, manufacturer, or any other third party about the patentability, validity, enforceability, scope and/or infringement of any claim of the Asserted Patents.

## RESPONSE:

Vonage Holdings objects to the request as overly broad in time and scope as stated, and unduly burdensome. The Request is also vague and ambiguous and duplicative. Vonage Holdings further objects to the extent that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 50

All invention disclosures submitted to Vonage Holdings Corp. by its employees, or any other person, which relates in any way to the subject matter of the Asserted Patents.

## RESPONSE:

Vonage Holdings objects to the request as overly broad in time and scope as stated, and unduly burdensome. The Request is also vague and ambiguous. Vonage Holdings further objects to the extent that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. It further objects to the extent that the

27

OUTSIDE ATTORNEYS EYES ONLY

Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

## REQUEST NO. 51

All documents relating to Vonage Holdings Corp.'s Answer, Affirmative Defenses and Counterclaim, including any documents that Vonage Holdings Corp. relied upon therein.

## RESPONSE:

Vonage Holdings objects to the request as overly broad in time and scope as stated, and unduly burdensome. The Request is also vague and ambiguous. Vonage Holdings further objects to the extent that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 52

All documents relating to what Vonage Holdings Corp. contends was the level of skill of one of ordinary skill in the art at the time of filing for the Asserted Patents.

## RESPONSE:

Vonage Holdings objects to the request as overly broad in time and scope as stated, and unduly burdensome. The Request is also vague and ambiguous. Vonage Holdings further objects to the extent that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such

28

OUTSIDE ATTORNEYS EYES ONLY

documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 53

Documents sufficient to identify the number of units sold, the number of subscribers or customers, dollar revenues from sales, gross profits, net profits, actual profits, including all costs relied upon in determining actual profits, and anticipated profits from the sale or distribution of the products and/or services identified in response to Interrogatory No. 1.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 54

Documents sufficient to identify any financial projections, projected revenue and/or projected market share from the sale and/or distribution of the products and/or services identified in response to Interrogatory No. 1 including, but not limited to, such projections which were provided to investors, potential investors or potential purchasers of Vonage Holdings Corp. and/or that were prepared in anticipation of an Initial Public Offering or sale of Vonage Holdings Corp.

## RESPONSE:

Vonage Holdings objects to the request as overly broad as stated and unduly burdensome, vague and ambiguous, and compound and confusing. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds

29

OUTSIDE ATTORNEYS EYES ONLY

that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of all applicable objections, Vonage Holdings will produce or make available for inspection responsive, non-privileged documents, to the extent that such documents exist which can be located after a reasonable search and inspection of same in the custody and control of Vonage Holdings.

## REQUEST NO. 55

Documents sufficient to identify the recipients of any documents produced in response to Request No. 53.

## RESPONSE:

Vonage Holdings reiterates its response and objections to Request No. 53, and objects to the request as overly broad as stated and unduly burdensome, and vague and ambiguous. It further objects to the extent that the Request seeks documents that come within the scope of the attorney-client privilege or work-product immunity, or that are otherwise exempt from discovery. Vonage Holdings also objects on grounds that the Request seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

DATED:    February 7, 2006                     Respectfully submitted,

Patrick D. McPherson
Barry Golob
Patrick C. Muldoon
**DUANE MORRIS LLP**
1667 K Street, NW, Suite 700
Washington, DC 20006-1608
Phone: (202) 776-5124
Fax: (202) 776-7801

30

OUTSIDE ATTORNEYS EYES ONLY

Don R. Lolli          KS Dist. #70236
Patrick J. Kaine      KS #15594
**DYSART TAYLOR LAY**
**COTTER & McMONIGLE, P.C.**
4420 Madison Avenue
Kansas City, Missouri 64111
Phone: (816) 931-2700
Fax:  (816) 931-7377

**ATTORNEYS    FOR    DEFENDANT**
**VONAGE HOLDING CORP.**

31

OUTSIDE ATTORNEYS EYES ONLY

## CERTIFICATE OF SERVICE

I hereby certify on this _____ of February, 2006 that a copy of the foregoing was filed electronically, with notice of case activity to be generated and sent electronically by the Clerk of the Court, to:

B. Trent Webb
Adam P. Seitz
Eric A. Buresh
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
Fax: (816) 421-5547


James W. Dabney
FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN, LLP
One New York Plaza
New York, NY 10004
Fax: 212.859.4000


                  _____

DM2\6421184 1

OUTSIDE ATTORNEYS EYES ONLY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff, <br><br> v. <br><br> THEGLOBE.COM, INC., VOICEGLO HOLDINGS, INC., VONAGE HOLDINGS CORP., and VONAGE AMERICA, INC. <br><br> Defendants. | Case No. 05-2433 JWL |

### DEFENDANT VONAGE HOLDING CORP.'S
### CERTIFICATE OF SERVICE

The undersigned hereby certifies on this 8th day of February 2006 that:

- Defendant Vonage Holding Corp.'s Responses and Objections to Plaintiff Sprint Communications Company L.P.'s First Request for Production of Documents and Things; and

- Defendant Vonage Holding Corp.'s Responses and Objections to Plaintiff Sprint Communications Company L.P.'s First Set of Interrogatories

were sent by e-mail on February 7, 2006 to:

| Attorneys for Plaintiff | B. Trent Webb <br> Adam P. Seitz <br> Eric A. Buresh <br> SHOOK, HARDY & BACON LLP <br> 2555 Grand Boulevard <br> Kansas City, MO 64108-2613 <br> Fax: (816) 421-5547 <br> Email: bwebb@shb.com <br> Email: aseitz@shb.com <br> Email: eburesh@shb.com |
|---|---|

1

| | |
|---|---|
| **Attorneys for Defendants theglobe.com and Voiceglo Holdings, Inc.** | James W. Dabney<br>FRIED, FRANK, HARRIS, SHRIVER<br> & JACOBSON LLP<br>One New York Plaza<br>New York, NY 10004-1980<br>Fax: (212) 859-4000<br>Email: dabnejam@ffhsj.com |

Respectfully submitted,

 /s/ Patrick J. Kaine
Don R. Lolli                    KS Dist. #70236
Patrick J. Kaine                KS #15594
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111
816-931-2700
pkaine@DysartTaylor.com
dlolli@DysartTaylor.com

Patrick D. McPherson
Barry Golob
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com

*Attorneys for Defendant/ Counterclaim Plaintiff*
Vonage America, Inc..

## Glidewell, Jeff O. (SHB)

| | |
|---|---|
| **From:** | KSD_CMECF@ksd.uscourts.gov |
| **Sent:** | Wednesday, February 08, 2006 8:51 AM |
| **To:** | KSD_CMECF_Security@ksd.uscourts.gov |
| **Subject:** | SPRINT-56 |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Kansas

Notice of Electronic Filing

The following transaction was received from Kaine, Patrick entered on 2/8/2006 at 8:50 AM CST and filed on 2/8/2006

| | |
|---|---|
| **Case Name:** | Sprint Communications Company LP v. theglobe.com, Inc et al |
| **Case Number:** | 2:05-cv-2433 |
| **Filer:** | Vonage Holdings Corp. |
| **Document Number:** | 56 |

**Docket Text:**
CERTIFICATE OF SERVICE of Responses and Objections to Plaintiff Sprint Communications Company L.P.'s First Request for Production of Documents and Things and Responses and Objections to Plaintiff Sprint Communications Company L.P.'s First Set of Interrogatories by Vonage Holdings Corp., Vonage Holdings Corp.. (Kaine, Patrick)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1028492125 [Date=2/8/2006] [FileNumber=846063-0]
[6f9d1a764fe905370bb1f91c5f27589828bda9f7d15f3ba6a04c588e8507ed8a98a51
f99f60474ab92cae192a18e795b8739fbd66c203df750c52aa712d8f767]]

**2:05-cv-2433 Notice will be electronically mailed to:**

Eric A. Buresh    eburesh@shb.com,

James W. Dabney    dabnejam@ffhsj.com, nydocketclrk@ffhsj.com; bednaje@ffhsj.com

Malcolm J. Duncan    duncama@ffhsj.com

Barry Golob    bgolob@duanemorris.com

Patrick J. Kaine    pkaine@dysarttaylor.com, jdobson@dysarttaylor.com

Henry C. Lebowitz    lebowhe@ffhsj.com, nydocketclrk@ffhsj.com; bednaje@ffhsj.com

2/14/2006

Don R. Lolli    dlolli@dysarttaylor.com, jdobson@dysarttaylor.com

Patrick D. McPherson    pdmcpherson@duanemorris.com

Patrick C. Muldoon !    pcmuldoon@duanemorris.com

Scott C. Nehrbass    snehrbass@foulston.com,

James D. Oliver    joliver@foulston.com,

Adam P. Seitz    aseitz@shb.com, tdennis@shb.com; jglidewell@shb.com; jzerger@shb.com

Basil Trent Webb    bwebb@shb.com,

**2:05-cv-2433 Notice will be delivered by other means to:**

2/14/2006