# EXHIBIT F

**Shook, Hardy & Bacon** L.L.P.
www.shb.com

October 11, 2006

**SENT VIA E-MAIL AND OVERNIGHT MAIL**

Patrick D. McPherson
Duane Morris LLP
1667 K Street, NW, Suite 700
Washington, DC 20006-1608

Mr. Barry Golob
Duane Morris LLP
1667 K Street, NW, Suite 700
Washington, DC 20006-1608

Peter E. Strand

Hamilton Square
600 14th Street, N.W., Suite 800
Washington
D.C. 20005-2004
202.783.8400
202.783.4211 Fax

Re:  *Sprint Communications Company L.P. v. Vonage Holdings Corp. and Vonage America, Inc.*
Case No: 05-2433-JWL
SHB File No: SPRI.116441

Dear Patrick and Barry:

On October 2, 2006, we sent you a letter describing the deficiencies in your production and requested a response by October 10, 2006. A copy of that letter is enclosed for your reference. To date, you have not given us the courtesy of a response. Although we would like to resolve this dispute without court intervention, given your silence, we see no alternative but to turn to the Court. If we do not receive a response from you by noon on Thursday, October 12, 2006, we will assume you refuse to produce the requested documents, and will file a Motion to Compel.

Given your delay in producing these documents and upcoming expert deadlines, we must request that you produce them immediately. If you do not intend to produce responsive documents, please advise us of that intent so that we may seek relief from the court.

I trust the foregoing is clear. Should you have any questions, please do not hesitate to give me a call.

Sincerely,

Peter Strand

Enclosure
cc:   Adam Seitz

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

134567v1

**Shook,
Hardy&
Bacon** L.L.P.
www.shb.com

October 2, 2006

**SENT VIA E-MAIL AND OVERNIGHT MAIL**

Peter Strand

Mr. Barry Golob
Duane Morris LLP
1667 K Street, NW, Suite 700
Washington, DC 20006-1608

Hamilton Square
600 14th Street, N.W., Suite 800
Washington
D.C. 20005-2004
202.783.8400
202.783.4211 Fax

Re:  *Sprint Communications Company L.P. v. Vonage Holdings Corp. and Vonage America, Inc.*
     Case No: 05-2433-JWL
     SHB File No: SPRI.116441

Dear Barry:

We are writing to address significant deficiencies in Vonage Holdings, Inc.'s and Vonage America Inc.'s (collectively "Vonage") responses to Sprint's discovery requests.

Vonage has failed to produce sufficient financial documents in response to Sprint's First Requests for Production of Documents and Things. Specifically, Sprint's Requests for Production No.s 17, 24, 46, 47, 53, and 54 request documents related to financial, sales and investment information. After review of the documents produced to date, it is clear that only a minimal amount of documents were produced in response to these requests. Each request is addressed separately below.

**Request No. 17**: Documents which record, refer to, or relate to all financial and sales projections, budgets, marketing plans, investment plans, financial statements, forecasts, business plans and/or strategic plans that relate or refer, in whole or in part to any of the products or services identified in response to Interrogatory No. 1.

A review of the materials produced by Vonage only discloses a few documents were produced. This meager production cannot reasonably represent the totality of responsive documents. The following types of documents would be responsive to this request:

- financial and sales projections;
- budgets;
- marketing plans;
- investment plans;
- financial statements; and
- forecast business plans and/or strategic plans for its products and/or services.

Sprint requests that Vonage immediately supplement its production to this Request, including, but not limited to, the types of documents listed above.

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

134218v1



October 2, 2006
Page 2

**Request No. 24**: All documents which record, refer to, or relate to the amount of profit (actual and/or anticipated, gross and/or net) earned by or on its behalf of Vonage Holdings Corp. in connection with any of the products or services identified in response to Interrogatory No. 1.

A review of the materials produced by Vonage only discloses a few documents were produced. This meager production cannot reasonably represent the totality of responsive documents prepared and maintained by Vonage since its inception. Sprint requests that Vonage immediately produce any and all such documents which record, refer to, or relate to the amount of profit (actual and/or anticipated, gross and/or net) earned by or on its behalf of Vonage Holdings from the inception of Vonage through the current date.

**Request No. 46**: All documents relating to Vonage Holdings Corp.'s decision to make, use, sell, offer to sell, license, or offer to license any of the products or services identified in response to Interrogatory No. 1.

A review of the materials produced by Vonage did not reveal any documents relating to Vonage Holdings Corp.'s decision to make, use, sell, offer to sell, license, or offer to license any of its products or services. Sprint requests that Vonage immediately produce documents responsive to this Request.

**Request No. 47**: All documents relating to Vonage Holdings Corp.'s decision to make, use, sell, offer to sell, license or offer to license any of the components, whether hardware or software, identified in Response to Interrogatory No. 2.

A review of the materials produced by Vonage did not identify any documents relating to Vonage Holdings Corp.'s decision to make, use, sell, offer to sell, license or offer to license any of its products and components, including hardware and software. Sprint requests that Vonage immediately produce documents responsive to this Request.

**Request No. 53**: Documents sufficient to identify the number of units sold, the number of subscribers or customers, dollar revenues from sales, gross profits, net profits, actual profits, including all costs relied upon in determining actual profits, and anticipated profits from the sale or distribution of the products and/or services identified in response to Interrogatory No. 1.

A review of the materials produced by Vonage did not disclose documents that identify or document the number of units sold, the number of subscribers or customers, dollar revenues from sales, gross profits, net profits, actual profits, including all costs relied upon in determining actual profits, and anticipated profits from the sale or distribution of its products and/or services. Sprint requests that Vonage immediately produce documents responsive to this Request.

**Request No. 54**: Documents sufficient to identify any financial projections, projected revenue and/or projected market share from the sale and/or distribution of the products or services identified in response to interrogatory No 1. including, but not limited to, such projections which were provided to investors, potential investors or potential purchasers

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

134218v1

Shook,
Hardy &
Bacon L.L.P.
www.shb.com

of Vonage Holdings Corp. and/or that were prepared in anticipation of an Initial Public Offering or sale of Vonage Holdings Corp.

October 2, 2006
Page 3

A review of the materials produced by VONAGE did not disclose such financial projections, projected revenue and/or projected market share from the sale and/or distribution of the products or services identified in response to interrogatory No 1. For example, such documents would include projections which were provided to investors, potential investors or potential purchasers of Vonage Holdings Corp. and/or that were prepared in anticipation of an Initial Public Offering ("IPO") or sale of Vonage Holdings Corp. As multiple third parties were involved in the IPO and/or the sale of Vonage Holdings Corp., this request would include negotiations, communications, discussions or contracts entered into with any of the following entities:

- Meritech Capital Partners;
- New Enterprise Associates;
- Deutsche Bank Securities, Inc.;
- Citigroup Global Markets Inc.;
- UBS Investment Bank;
- Bain Capital LLC; and
- 3i Corporation.

Such documents would include closing books, transaction books, agreements, contracts, valuations, research, and analyses of the value of Vonage performed by or on behalf of Vonage or by any third party, including any of the above

Each of the deficiencies addressed above are clearly responsive to Sprint's requests. Vonage has no basis for withholding these documents and Sprint is entitled to them. Due to the rapidly approaching expert deadlines and because the above referenced financial documents are necessary for a thorough and complete damages analysis, we request that you provide these documents no later than October 10th, 2006.

If it is your contention that you have produced all responsive documents to these requests, please identify the documents produced in response to each interrogatory set forth above.

Please feel free to contact me if you have any questions or wish to discuss these issues further.

Sincerely,

Peter Strand

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

134218v1