# EXHIBIT O

Dockets.Justia.com

# DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

DONALD R. MCPHAIL
DIRECT DIAL: 202.776.7894
E-MAIL: drmcphail@duanemorris.com

www.duanemorris.com

December 12, 2006

**VIA EMAIL**

Adam P. Seitz
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108

Re:    *Sprint Communications Company L.P. v. Vonage Holdings Corp. and Vonage America, Inc.*, Case No. 05-2433-JWL
       Our Reference: Y2108-00079
       Your Reference: SPRI.116441

Dear Adam,

Further to our teleconference of yesterday, December 11, 2006, this letter summarizes the substance of our agreement regarding various discovery issues.

With respect to the eleven (11) categories of documents in Mr. Strand's letter of November 21 to Mr. McPherson, we have already produced at least four (4) categories of the requested documents and provided you with specific Bates ranges for each of those categories. We agreed to continue to look for documents in the remaining categories listed in Mr. Strand's letter and, to the extent they exist and can be located and have not previously been produced, we will produce such documents to Sprint.

With respect to Vonage's supplementation of non-infringement and invalidity contentions, we indicated that we expected updated infringement contentions from Sprint following the Rule 30(b)(6) deposition of Peter Miron. You indicated that you did not know whether any updated infringement contentions were being prepared, but would look into the matter and let us know by close of business on Thursday, December 14, 2006. We agreed that we would update our non-infringement and invalidity contentions, to the extent necessary, shortly after either: (i) receipt and review of any updated infringement contentions from Sprint; or (ii) your statement that Sprint does not intend to update its infringement contentions.

With respect to Vonage's supplementation of its Interrogatory responses regarding willfulness, we agreed that we would do so, to the extent necessary, by the middle of next week.

DUANE MORRIS LLP

1667 K STREET, N.W., SUITE 700    WASHINGTON, D.C. 20006-1608                    PHONE: 202.776.7800   FAX: 202.776.7801

DuaneMorris

Adam P. Seitz
December 12, 2006
Page 2

With respect to your request that we identify the source of the documents that were shown to Mr. McGrory at his deposition (but not produced by Sprint), we will advise you by close of business on Thursday, December 14, whether we will provide you with the requested information. We also agreed to provide you with a substantive response by December 14 if we elect to provide you with this information.

With respect to dates for both parties' requested depositions, we all agreed to continue to seek potential dates from witnesses, both individual and 30(b)(6), and to provide each other with this information by close of business on Thursday, December 14. Of course, both parties realize that we may not have available dates for all requested depositions, but both parties are representing that they are making a good faith effort to obtain dates when witnesses will be available.

With respect to documents which we have repeatedly requested from Sprint, but which have not been produced, you stated that you have completed your search of documents within Sprint's possession, custody or control and have been unable to locate any of the following documents: (i) correspondence with the estate of Joseph Michael Christie; (ii) any Research and Development documents authored or created by or under the supervision of Joseph Michael Christie and/or relating to his work at Sprint, including laboratory notebooks, monthly reports, invention disclosures, research protocols, meeting minutes, correspondence, memoranda or the like; (iii) the results of the prior art search referenced by Michael J. Setter at his deposition; and (iv) any contracts, agreements, assignments or licenses relating to the patents-in-suit, including those listed on SPRe-002-01-00188 and SPRe-002-01-00189, with the exception of documents bearing Bates numbers SPRp-002-01-00330 to SPRp-002-01-00331, the assignment produced to us with your letter of November 29, 2006 and bearing Bates numbers SPRp-010-0569 to SPRp-010-0571, and certain CISCO and TELLABS agreements which you will produce to us by Friday, December 15.

With respect to documents refering or relating to the preparation and prosecution of any foreign counterpart of any patent-in-suit, or any related patent or patent application, you stated that you would look into what documents could be located. Please confirm that you will produce all non-privileged documents that can be located.

With respect to the missing 44,836 pages of responsive documents that Sprint contented were produced but which Vonage never received, you stated that this omission was due to an issue with an outside vendor and that these missing pages would be produced to us by Friday, December 15.

Finally, please confirm that you consider both the identity of the search terms used by Sprint to electronically search for potentially responsive documents and the identity of individuals who were asked by Sprint to search for potentially responsive documents to be privileged information and that Sprint refuses to provide such information to Vonage.

DuaneMorris

Adam P. Seitz
December 12, 2006
Page 3

      Please let me know if you disagree with any of the above, or if you believe something has been omitted. We look forward to your reply.

Very truly yours,

Donald R. McPhail

DRM/ego
cc: Barry Golob, Esq.
    Patrick D. McPherson, Esq.
    Peter E. Strand, Esq.