# EXHIBIT P


www.shb.com

February 9, 2007

Barry Golob, Esquire
Duane Morris LLP
1667 K Street, N.W.
Suite 700
Washington, D.C. 20006

Re: Sprint Communications Co. L.P. v. Vonage Holdings Corp. and Vonage America, Inc.

**Peter E. Strand**

Hamilton Square
600 14th Street, N.W., Suite 800
Washington
D.C. 20005-2004
202.783.8400
202.783.4211 Fax
pstrand@shb.com

Dear Barry:

    This letter is a follow-up to the second paragraph of your December 12, 2006 letter to Adam Seitz. That letter confirmed agreements reached during a December 11, 2006 telephone conference regarding outstanding discovery issues. The focus of the first portion of our discussion on December 11 was my letter to Mr. McPherson of November 21, 2006. In my letter, I asked that Vonage immediately produce 11 categories of documents identified during Mr. Rego's deposition the prior week. You confirmed our discussion in the second paragraph of your December 12 letter, stating:

> With respect to the eleven (11) categories of documents in Mr. Strand's letter of November 21 to Mr. McPherson, we have already produced at least four (4) categories of the requested documents and provided you with specific Bates ranges for each of those categories. We agreed to continue to look for documents in the remaining categories listed in Mr. Strand's letter and, to the extent they exist and can be located and have not previously been produced, we will produce such documents to Sprint.

    It has now been more than 60 days since you agreed to continue to look for and produce 7 categories of documents not previously produced. To date, those documents have not been produced.[1]

    In addition, we have now completed our review of documents produced by Vonage through January 2007. We disagree with your prior assertion that Vonage produced 3 of the 4 categories of documents that we previously requested. In the

---

[1] If you contend that documents falling within any of the 11 categories were produced in your most recent production on Monday, February 5, please advise immediately of the bates number ranges for documents falling in each category. If you claim the documents were produced just this past week, please note that we vigorously object to your production of these documents many months after we requested them and in combination with thousands of other pages.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

137581v2

Shook,
Hardy &
Bacon L.L.P.
www.shb.com

remainder of this letter I will set forth our position with regard to each of the 11 categories of documents.

February 9, 2007
Page 2

1. **2002 Vonage audited financial statements** – This is one of the four categories of documents you claimed Vonage had previously produced. (*See*, McPhail e-mail of December 8, 2006) After our review, we find that the documents we require have been produced. Thank you.

2. **Bound volumes of reports provided to auditors** (Rego Depo., page 59) – These documents have not been produced. Please produce them within 10 days.

3. **Vonage financial files from boxes in storage** (Rego Depo., pages 61 - 62) -- These documents have not been produced. Please produce them within 10 days.

4. **Semi-annual budget/models for Vonage for the years 2002 through 2006** (Rego Depo., page 68) (in digital form) -- This is one of the four categories of documents you claimed Vonage had previously produced. Our review indicates that either: (1) these documents have been produced in an unusable format, or (2) they have not been produced at all.

Most of the documents identified by Mr. McPhail in his December 8, 2006 e-mail to me as "semi-annual budget/models" are unusable. First, they are Excel spreadsheets scanned into PDF files. While technically PDF files are "digital", they are not in their native application (Excel) digital form, so are extremely difficult or impossible to reassemble and interpret. Second without the original Excel file (i.e. with the ".xls" extension) we cannot assess the interrelationships between and among the data values in the spreadsheets. Third, many of the pages in these documents contain numerous cell values of "#REF!", indicating an "invalid cell reference". This suggests broken cross-reference between spreadsheets. Without these cross-references, we cannot asses the interrelationships between and amoung the data values in the spreadsheets.

Six of the documents identified by Mr. McPhail in his December 8, 2006 e-mail as "semi-annual budget/models for 2002 through 2006" (documents beginning with: VON_189604, VON_198586, VON_200141, VON_258937, VON_274740, and VON_293196) are each approximately 600 pages long. The columns start with 2003, although the 2003 data columns are blank, and are all labeled "Financial Model Summary June 2004". These six documents all have the same deficiencies noted above. They contain data values (presumably projections) for 2004 through 2008, but with different column and row headers suggesting they interrelate in some fashion, perhaps being interlinked and building on one another. If true, none of those relationships can be discerned from the PDF versions of these documents.

Another document in the semi-annual budget/models group in Mr. McPhail's e-mail, VONS_196828-VONS_197010, suffers from the same deficiencies associated with PDF files noted above and also contains many cell values of "#REF!". This document is labeled "Vonage Consolidated GAAP Income Statement Comparison Reflects SAB 101

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

137581v2

Shook,
Hardy&
Bacon L.L.P.
www.shb.com

February 9, 2007
Page 3

Adjustment," suggesting it is not a budget/model at all, but rather a comparison of actual performance to a budget. In any event, it is not the type of budget that Mr. Rego described at his deposition.

There are two additional documents identified by Mr. McPhail as semi-annual budget/models (beginning with VONS_ 279563 and VONS_290339) that are more complete and may be budget projections for 2004, 2005, 2006, 2007 and 2008. They appear to be identical but with slightly different values in many of the cells. Since they are not labeled or dated, it is impossible to know when they were prepared and which version or iteration they represent. They also have the same deficiencies associated with PDF files previously noted.

Another document that was represented to be a semi-annual budget-model is VON_290544-VON_290715. At first glance, it appears similar to the two documents noted above, but is different. It appears to be driven by the number of "lines" rather than the subscribers as used in the previous two documents. Again it has the same PDF deficiencies and is not labeled, titled or dated. As a result, it is impossible to know or understand what this documents represents.

The last two documents purporting to be semi-annual budget/models begin with Bates numbers: VON_280340 and VON_210204. They both have the same problems as all Excel spreadsheets scanned into a PDF file but in this case, some pages were scanned "portrait" and others within the same documents were scanned "landscape", making reviewing and reassembling them even more difficult. These two documents appear to be more complete and do not have any invalid cell references but do have some blank cell values. They are not labeled or dated but do look to be some representation of two budget iterations from 2002 through 2007. In a December 19, 2006 e-mail, Mr. McPhail confirmed that doc. no. VONS 210204 – 210298 was created on July 9, 2002. He went on to say, " I am endeavoring to confirm whether this is one of the semi-annual budgets/models to which Mr. Rego referred at pages 67 *et seq* of his deposition." We have yet to receive the promised confirmation. Please advise immediately.

Based on Mr. Rego's deposition testimony in the Verizon case, it appears that you may have produced some forecasts and not budgets. (See, Rego. Verizon Depo., Vol. I, p. 168:4 et. seq.) He described the forecast as a very simple, "modest" two page document that "encapsulates" a "20 megabyte budget spreadsheet." (*Id.* at 170:10 -- 171:10) We requested both the forecast and the budget. Please produce both in ".xls" format.

Further, Mr. Rego's deposition testimony makes clear that these documents were not produced in a form "in which [they] [are] ordinarily maintained or in a form or forms that are reasonably usable." Federal Rule of Civil Procedure 34(b)(ii). Mr. Rego testified that the budgets are kept and used in Excel format, rarely –if ever– printed, and regularly distributed in Excel format. Rego Dep. 67:16-68:9, 80:4-13. Vonage regularly distributes these documents on CD-ROM in Excel format. Rego Dep. 80:4-13.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

Shook,
Hardy &
Bacon L.L.P.
www.shb.com

February 9, 2007
Page 4

Even if the foregoing documents were examples of the semi-annual budget described by Mr. Rego, which they are not, it is apparent, that not all budgets have been produced for 2002 and 2003. In light of the foregoing, we request that Vonage immediately produce the semi-annual budgets for 2002 though 2006 in their native application (ending with an ".xls" extension).

5. **Scripts for the first two Vonage conference calls with analysts** (Rego Depo., page 156) -- These documents have not been produced. Please produce them within 10 days.

6. **Powerpoint slides relating to the Series B financing** (Rego Depo., page 186) -- This is one of the four categories of documents you claimed Vonage had previously produced.

In his December 8 e-mail, Mr. McPhail referenced two documents as the Series B financing PowerPoint slides -- VON_280652-VON_280688 and VON_308704-308731. Both of these documents are no different than the myriad of other presentation DECs produced by Vonage. We see nothing to distinguish them as being associated with the Series B financing, other than internally implied inferences they were prepared in 2003. Mr. Rego testified (Ex. 7) that the Series B financing was by NEA. (Rego Depo., p. 168, lines 12-21, Ex. 7) Yet one of the two DECs Mr. McPHail referenced has the name Citigroup on the first page and the cover page of the second DEC says: "Materials prepared by: Principia Capital Group LLC, Placement Agent: Nanes Delorme Capital Management, L.L.C." Moreover, the DECs are not dated and make no reference to the $35 Million Series B financing sources which included New Enterprise Associates (NEA). Given this, we do not believe that these two DECs relate to the Series B financing.

7. **Deal books or closing documents, for each round of financing** (Rego Depo., pages 269 - 270) These documents have not been produced. Please produce them within 10 days.

8. **Due diligence request lists provided to Vonage by investors** (Rego Depo., page 262) -- This is one of the four categories of documents you claimed Vonage had previously produced.

The documents identified are not comprehensive or adequate and it appears only one of the two was actually such a list. Document No. VON_203564 is a one page e-mail that has an attachment titled "Vonage accounting DD questions". While not identified by Mr. McPhail, it appears the subsequently numbered document, VON_203565-VON_203567, is that attachment. However, it is not really a list of due diligence documents requested, but rather questions to the accountant/auditor about the nature, scope and level of the audit and their opinions about the documentation, not an original document and materials request.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

- 4 -

137581v2

Shook, Hardy & Bacon L.L.P.
www.shb.com

February 9, 2007
Page 5

The second document identified (VON_217061-VON217062) is a December 3, 2003 e-mail and thread from John Rego to Jeffery Citron listing six items of information (apparently only partly related to due diligence) allegedly requested by 3i. Mr. Citron approves sending items 2-6 on the list but not item 1, a: "summary of terms from last round"

In the e-mail, Mr. Rego notes that they had sent information to Rene Benedetto and "spent several hours on the model". It also notes sending the model and diligence list to 3i and Meritech and that there is a due diligence session with GE Capital on December 4, 2003.

At his deposition, Mr. Rego testified that his administrative assistant, Raquel Sud, would be the person most likely to have a copy of the due diligence request lists. Rego Dep. 264:15-21. We have yet to find any correspondence to or from Ms Sud relating to due diligence requests. There is clearly much more that Vonage has not produced.

9. **Lists of documents provided to investors by Vonage in response to requests for due diligence** (Rego Depo. page 262 -- These documents have not been produced. Please produce them within 10 days.

10. **Documents relating to negotiations regarding each round of financing** (Rego Depo., page 267, 273) -- These documents have not been produced. Please produce them within 10 days.

11. **The offering memorandum from the Series B financing dated sometime prior to November 2003** (Rego Depo., page 294) (approximately 80 pages) -- This document has not been produced. Please produce it within 10 days.

In addition to the foregoing categories of documents, there is an additional document which has not been produced, even though it fell within one or more of the requests set forth in Sprint's requests for documents. Specifically, Mr. Rego described materials provided to the "Prominent Angel" investors who acquired commone stok during the May 2001 offering. (Rego Depo. pages 173 – 174). We would like copies of these materials as well.

In December, you agreed to search for and produce the 11 categories of documents set out above. In so doing, you effectively conceded that the documents were relevant, requested by Sprint, and were not otherwise shielded from production. For the reasons set forth, they have not been produced at all or have been produced in an unusable format. Please produce all documents in a usable format within 10 days or we will file a motion seeking to compel Vonage to produce the requested documents.

Sincerely,

Peter E. Strand

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

137581v2