EXHIBIT "B"

# DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

BARRY GOLOB
DIRECT DIAL: 202.776.5236
E-MAIL: bgolob@duanemorris.com

www.duanemorris.com

September 20, 2006

**VIA EMAIL**

Adam P. Seitz
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108

Re: *Sprint Communications Company, L.P. v. theglobe.com, et al.*
Case No. 05-2433-JWL

Dear Adam:

This letter is further to our teleconference last Wednesday regarding deficiencies in Sprint's production of documents responsive to Vonage's discovery requests. In an effort to streamline the process and avoid a lengthy communication about these deficiencies, we agreed that I would provide you with a list of categories of documents that are responsive to one or more of Vonage's requests for production, but for which little or no documents have been produced to date. Please see the list below.

(i) Organizational charts, or documents identifying person involved in or associated with the discovery and/or development of Joseph Christie's purported inventions, or the sale or marketing of products derived from such inventions;

(ii) Documents relating to ownership of the patents-in-suit, including any assignment documents executed by Joseph Christie (either personally or on his behalf) for one or more of the patents-in-suit;

(iii) Documents serving as the basis of Sprint's infringement allegations, including all documents and things reviewed as part of Sprint's pre-filing investigation of Vonage's alleged infringement, also including documents and things that support Sprint's allegations of willful infringement;

DUANE MORRIS LLP

1667 K STREET, N.W., SUITE 700   WASHINGTON, D.C. 20006-1608         PHONE: 202.776.7800   FAX: 202.776.7801
DM2\831424.1

DuaneMorris

Adam P. Seitz
September 20, 2006
Page 2

     (iv) Correspondence between Sprint (or its attorneys) and Joseph Christie or the estate of Joseph Christie, including any correspondence relating or referring to one or more of the patents-in-suit or the preparation or prosecution of any patent application from which such a patent issued or claims priority;

     (v) Documents relating to the preparation or prosecution of any patent application from which a patent-in-suit issued or claims priority, including documents that relate to the conception or reduction to practice of any of the alleged inventions claimed in the patents-in-suit, such as invention disclosures, laboratory notebooks, memoranda and the like, and drawings, particularly drawings created by or under the supervision of Joseph Christie or Michael Setter;

     (vi) Documents organizing or cataloging Sprint's patents and other intellectual property related to the subject matter of the patents-in-suit (see Bates no. SPRe-002-01-00193, which references a "catalog of the JCS intellectual property and patents");

     (vii) Documents bearing a date earlier than 1997 relating to JCS2000 or similar projects, particularly development of prototype(s) (see Bates no. SPRe-002-01-04691, which states that "[d]uring 1995 an[d] early 1996 a prototype of the JCS2000 was developed in Sprint Advanced Technologies Labs (ATL).");

     (viii) Contracts with and licenses to or from third parties (see Bates nos. SPRe-002-01-00188 and SPRe-002-01-00189, which list a number of agreements related to JCS2000);

     (ix) Documents relating to sales of products and/or services covered by or relating to any of the inventions disclosed or claimed in the patents-in-suit (see Bates no. SPRe-002-01-00774, which includes a suggestion to sell software developed under the JCS2000 project);

     (x) Cease and desist letters to third parties regarding one or more of the patents-in-suit;

     (xi) Correspondence to or from any third-party contractor, vendor or consultant relating to rights under one or more of the patents-in-suit (see Bates no. SPRe-002-01-00193 that states that Tellabs is "in violation of Sprint's IP with their next generation switch"); and

DuaneMorris

Adam P. Seitz
September 20, 2006
Page 3

   (xii) Documents relating to the prior art search referenced by Michael Setter at his deposition.

  You agreed to conduct a further search for documents that would fall within the categories listed above. This, of course, is not an exhaustive list of responsive documents that should exist, and Vonage reserves the right to supplement its requests. Please provide us with a date by which time such a search will have been completed and all responsive documents, to the extent they exist and can be located, will be produced to Vonage.

  In addition, we discussed Sprint's commitment to provide updated infringement contentions within two (2) weeks (you recall that Sprint agreed to provide this information back in June). We also agreed that Vonage cannot provide any witnesses for deposition responsive to Sprint's two Rule 30(b)(6) Notices until these contentions have been updated by Sprint and studied by us.

  We also note your commitment: (1) to supplement Sprint's response regarding the basis for alleging willful infringement; and (2) to provide, at a minimum, a list of terms in the asserted claims of the patents-in-suit that Sprint contends may need to be construed by the court.

  Finally, please confirm in writing that the only claims of the patents-in-suit which Sprint asserts are infringed by Vonage are those specifically enumerated in Sprint's infringement contentions.

  We look forward to receiving your reply.

            Very truly yours,

            Barry Golob

BPG/DRM/sbb

DM2\831424.1