EXHIBIT "F-1"

Dockets.Justia.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SPRINT COMMUNICATIONS COMPANY L.P., )
                                        )
          Plaintiff,                )
                                          )
          v.                       )
                                          )
VONAGE HOLDINGS CORP.,          )
VONAGE AMERICA, INC.,           )   Case No. 05-2433-JWL
                                          )
          Defendants.           )
                                          )
                                          )
                                          )

**SPRINT COMMUNICATIONS COMPANY L.P.'S RESPONSES TO DEFENDANT
VONAGE HOLDINGS CORP'S THIRD SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS**

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Sprint Communications Company L.P. ("Sprint"), by and through its undersigned counsel, hereby responds and objects to Defendant Vonage Holdings Corp.'s ("Vonage") Third Set of Requests for Production of Documents and Things ("the Requests").

2295552v1

## GENERAL OBJECTIONS

Sprint hereby incorporates by reference each General Objection set forth in Sprint's Responses to Vonage Holdings Corp.'s First Set of Requests For Production of Documents and Things as if those general objections were set forth fully herein.

Sprint also makes the following additional general objections:

1.     Sprint objects to Vonage's Interrogatories to the extent they request information relating to "Nortel SUCCESSION" or "SPRINT SUCCESSION" as being overly broad, unduly burdensome, not relevant to the Asserted Patents, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence.

2.     Sprint objects to Vonage's Interrogatories to the extent they request information relating to "SPRINT ION" as being overly broad, unduly burdensome, not relevant to the Asserted Patents, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence.

3.     Sprint objects to Vonage's Interrogatories to the extent they request information relating to "IP-FONCARD ESD" as being overly broad, unduly burdensome, not relevant to the Asserted Patents, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence.

4. Sprint objects to the definition of "Sprint product and/or service" as overly broad, unduly burdensome, and not relevant to the Asserted Patents, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence to the extent this definition includes "Nortel SUCCESSION," "SPRINT SUCCESSION," "SPRINT ION," and/or "IP-FONCARD ESD."

2

2295552v1

## REQUESTS FOR PRODUCTION

**REQUEST NO. 40 (sic):**     Any document or thing that relates or refers to the design, development, conception and/or reduction to practice (actual or constructive) of any invention disclosed and/or claimed in the Asserted Patents.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "design," "development," "conception," and "reduction to practice." Sprint further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 41 (sic):**     Any document or thing that relates or refers to any reverse engineering and/or tear-down and/or analysis of any Vonage product and/or service by Sprint.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "reverse engineering," "tear down," and "analysis." Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit.

3

2295552v1

Subject to and without waiver of the foregoing general and specific objections, Sprint states that, after a reasonable search, it has not been able to locate any non-privileged documents responsive to this Request.

**REQUEST NO. 42 (sic):**    Any document or thing that relates or refers to the structure and/or operation of any invention disclosed and/or claimed in the Asserted Patents.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "structure" and "operation." Sprint further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 43 (sic):**    Any document or thing that relates or refers to the basis for Sprint's assertion that any Vonage product and/or service infringes any of the Asserted Patents.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the phrase "relates or refers to the basis for Sprint's assertion." Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this

4

Request to the extent that it seeks documents that are already in Vonage's possession. Sprint further objects to this Request as duplicative and cumulative with respect to numerous other Requests propounded by Vonage. Sprint also objects to the Request as premature to the extent it seeks contentions and information properly the subject of expert opinion and testimony, which will be provided to Defendant pursuant to FED. R. CIV. P. 26(a)(2) in the manner and time set forth in the Court's Scheduling Order.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 44 (sic):**    Any document or thing that tends to prove or disprove Sprint's assertion that any Vonage product and/or service infringes any of the Asserted Patents.

**RESPONSE:** Sprint objects to this Request as duplicative of Request No. 43 (sic). Sprint further objects to this Request as vague and ambiguous with respect to the phrase "tends to prove or disprove." Sprint incorporates by reference its objections and responses to Request No. 43 (sic).

**REQUEST NO. 45 (sic):**    Any document or thing that relates or refers to the basis for Sprint's assertion that the Asserted Patents are valid.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the phrase "relates or refers to the basis for Sprint's assertion." Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this

5

Request to the extent that it seeks documents that are already in Vonage's possession. Sprint further objects to this Request as premature in that Vonage has yet to produce any detailed invalidity contentions nor has Vonage served it expert report under Fed. R. Civ. P. 26(a)(2) on the issue of invalidity. Sprint also objects to the Request as premature to the extent it seeks contentions and information properly the subject of expert opinion and testimony, which will be provided to Defendant pursuant to FED. R. CIV. P. 26(a)(2) in the manner and time set forth in the Court's Scheduling Order. Sprint further objects to this Request to the extent it seeks to transfer the burden of proof regarding validity to Sprint. The Asserted Patents are entitled to a presumption of validity and Vonage bears the burden of proof in overcoming this presumption.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 46 (sic):**    Any document or thing that tends to prove or disprove Sprint's assertion that the Asserted Patents are valid.

**RESPONSE:** Sprint objects to this Request as duplicative of Request No. 45 (sic). Sprint further objects to this Request as vague and ambiguous with respect to the phrase "tends to prove or disprove." Sprint incorporates by reference its objections and responses to Request No. 45 (sic).

**REQUEST NO. 47 (sic):**    Any document or thing cited during the prosecution of any application from which an Asserted Patent issued and/or claims priority, or any foreign counterpart of any such application.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks documents that are publicly available

6

and equally accessible to Vonage. Sprint further objects to this Request as irrelevant to the extent that this Request seeks documents not related to any claim or defense in this matter. Sprint further objects to this Request to the extent that it seeks documents that are already in Vonage's possession.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that such documents are publicly available and that the cost of compiling and producing such documents is equal between the parties.

**REQUEST NO. 48 (sic):** Any document or thing that relates or refers to documents cited during the prosecution of any application from which an Asserted Patent issued and/or claims priority, or any foreign counterpart of any such application.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this request as vague and, as currently drafted, its scope is unascertainable. Sprint further objects to this Request to the extent that it seeks documents that are publicly available and equally accessible to Vonage. Sprint further objects to this request as irrelevant the extent that this Request seeks documents not related to any claim or defense in this matter. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this Request to the extent that it seeks documents that are already in Vonage's possession. Sprint further objects to this Request as duplicative of Request No. 47 (sic) and incorporates its response thereto as if fully set forth herein.

**REQUEST NO. 49 (sic):** Any document or thing written or authored by (alone or with others, in part or in whole), copied or addressed to, or received by or from Joseph Michael Christie that relates or refers to any Sprint product and/or service.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome and not limited in time or scope. Sprint further objects to this Request as seeking information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Request as vague and ambiguous with respect to the phrase "any Sprint product and/or service." Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint or that cannot be located following a reasonable search.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 50:** Any document authored by, copied or addressed to, or received by or from Joseph Michael Christie that relates or refers to any Asserted Patent, any application from which an Asserted Patent issued and/or claims priority, or any foreign counterpart of any application from which an Asserted Patent issued and/or claims priority.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint or that cannot be located following a reasonable search. Sprint further objects to this Request as duplicative of Request No. 49 (sic). Sprint also objects to this Request as irrelevant to the extent it seeks information not related to any claim or defense in this matter.

8

2295552v1

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 51:** Any document or thing written or authored by (alone or with others, in part or in whole), copied or addressed to, or received by or from Joseph Michael Christie that relates or refers to any product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint or that cannot be located following a reasonable search. Sprint further objects to this Request as duplicative of Request Nos. 49 (sic) and 50.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that, after a reasonable search, it has not located any non-privileged responsive documents.

**REQUEST NO. 52:** Any document or thing written or authored by (alone or with others, in part or in whole), copied or addressed to, or received by or from Joseph Michael Christie that relates or refers to any Sprint product and/or service.

**RESPONSE:** Sprint objects to this Request as being identical to Request No. 49 (sic). Sprint further objects to this Request as overly broad, unduly burdensome and irrelevant as it is not limited in time or scope. Sprint incorporates its objections and responses to Request No. 49 (sic) as if fully set forth herein.

**REQUEST NO. 53:** Any document or thing that relates or refers to the circumstances surrounding the design, development, conception and/or reduction to practice (actual or constructive) of any invention by Joseph Michael Christie.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as seeking information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Request as vague and ambiguous with respect to the terms "circumstances surrounding," and "any invention." Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint or that cannot be located following a reasonable search. Sprint further objects to this Request as duplicative of numerous other requests, including at least Request No. 40 (sic).   Sprint incorporates by reference its response to Request No. 40 (sic) as if fully set forth herein.

**REQUEST NO. 54:** Any document or thing that relates or refers to the structure and/or operation of any invention designed, developed, conceived and/or reduced to practice (actual or constructive) by Joseph Michael Chistie and one or more of Manu Chand Bhal (a/k/a Bobby Chand Bahl), Albert Daniel Duree, Michael Joseph Gardner, Daniel Charles Sbisa, William Lyle Wiley, Tracy Lee Nelson, James David Setter, Pamela Lynne Satterfield and/or Mark Sucharczuk.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope. Sprint further objects to this Request as irrelevant in that it seeks information that is not related to the Asserted Patents, not relevant to any claim or defense in this

10

matter, and not reasonably calculated to lead to the discovery of admissible evidence. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint or that cannot be located following a reasonable search.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents relating to the Asserted Patents and the inventor thereto in its possession, custody or control.

**REQUEST NO. 55:** Any document or thing that relates or refers to the circumstances surrounding the design and/or development of any prototype of any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents, including, but not limited to, the prototype of JCS2000 described in the document bearing Bates number SPRe-002-01-04691 and/or the prototype referenced by Michael Setter at his deposition on April 28, 2006.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the term "prototype" and the phrase "circumstances surrounding the design and/or development." Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

11

**REQUEST NO. 56:** Any document or thing that relates or refers to the design, development, conception and/or reduction to practice (actual or constructive) of any Sprint product and/or service.

**RESPONSE:** Sprint objects to this Request as extremely overbroad and unduly burdensome as it is not limited to any particular time or scope. Sprint further objects to this Request as wholly irrelevant to the Asserted Patents or any claim or defense in this matter. Sprint further objects to this Request as being outside the scope of permissible discovery provided for under the Federal Rules of Civil Procedure as this Request is not reasonably calculated to lead to the discovery of permissible evidence. Sprint further objects to this Request to the extent it seeks information protected by the attorney-client privilege, as attorney work product and/or any other applicable privilege. Sprint also objects to this Request as duplicative and cumulative of numerous other requests. Sprint objects to the phrase "any Sprint product and/or service" as vague and ambiguous. Given the unreasonable and burdensome scope of this Request, Sprint is unable to further respond.

**REQUEST NO. 57:** Any document or thing that Sprint has obtained in litigation that relates or refers to the Asserted Patents and/or to Vonage and/or to any Vonage product or service and/or to Sprint and/or to any Sprint product or service, including, but not limited to, documents and things obtained as a result of Sprint's subpoenas to theglobe.com, Voiceglo Holdings, Verizon, Masoud Kemali and Kemm Consulting.

**RESPONSE:** Sprint objects to this Request as overbroad and unduly burdensome. Sprint also objects to this Request as duplicative of numerous other Requests. Sprint further objects to this Request as seeking information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of

2295552v1

admissible evidence. Sprint further objects to this Request to the extent that it seeks documents already in Vonage's possession, such as the documents produced by Verizon. Sprint further objects to this Request to the extent it seeks information protected by the attorney-client privilege, as attorney work product and/or any other applicable privilege. Sprint objects to this Request to the extent it seeks information from Voiceglo and/or theglobe.com, which is subject to a protective order.

Subject to and without waiver of the foregoing general and specific objections, Sprint responds that it has produced documents relating to theglobe.com and Voiceglo Holdings. Sprint further responds that it has and/or will produce documents responsive to this Request with respect to Masoud Kemali and Kemm Consulting. As to the Verizon subpoena, Sprint further responds that it has received the following documents: 1/5/07 Transcript of Deposition of Steven M. Bellovin and corresponding deposition exhibits, 1/13/07 Transcript of Deposition of Scott Bradner, 12/22/06 and 1/19/07 Transcripts of Depositions of Jeffrey Citron and corresponding deposition exhibits, 10/19/06 Transcript of Deposition of Rohan Dwarkha, 10/27/06 Transcript of Deposition of Glenn Eisen and corresponding deposition exhibits, 1/6/07 Transcript of Deposition of Joel Halpern and corresponding deposition exhibits, 1/5/07 Transcript of Deposition of John C. Jarosz and corresponding deposition exhibits, 1/8/07 Transcript of Deposition of Frank Koperda and corresponding deposition exhibits, 12/13/06 Transcript of Deposition of Louis A. Mamakos and corresponding deposition exhibits, 11/6/06 Transcript of Deposition of Jose Martinez and corresponding deposition exhibits, 10/20/06 Transcript of Deposition of Peter Miron, 11/7/06 Transcript of Deposition of Edward Mulligan and corresponding deposition exhibits, 1/17/07 and 1/18/07 Transcripts of Deposition of Benedict Occhiogrosso, 10/20/06 Transcript of Deposition of Freddy Ortiz, 11/2/06 and 12/13/06

13

Transcripts of Depositions of John Rego and corresponding deposition exhibits, 12/14/06 Transcript of Deposition of David Wu and corresponding deposition exhibits, 12/8/06 Expert Rebuttal Report of John C. Jarosz and accompanying tabs 1-36, 12/14/06 Expert Report of Frank R. Koperda Rebutting the Answering Invalidity Reports for the 6,137,869 and 6,430,275 Patents and accompanying appendices, 11/15/06 Expert Report of 6,137,869 by Frank R. Koperda, 12/4/06 Expert Report of 6,359,880 by Frank R. Koperda, 11/15/06 Expert Report of 6,430,275 by Frank R. Koperda, 11/15/06 Expert Report of Benedict J. Occhiogrosso, 12/4/06 Expert Report of Benedict J. Occhiogrosso Concerning Noninfringement of U.S. Patent No. 6,128,304 and accompanying appendices, 12/4/06 Expert Report of Benedict J. Occhiogrosso Concerning Noninfringement of U.S. Patent No. 6,298,062 and accompanying appendices, 11/15/06 Expert Report of Martin J. Adelman, 11/15/06 Expert Report of Scott Bradner Re Validity of Claims 12, 13, 14, and 27 of U.S. Patent No. 6,298,062, 11/15/06 Expert Report of Scott Bradner Re Validity of Claims 16, 17, 18, 19, 20, and 21 of U.S. Patent No. 6,128,304, 11/15/06 Invalidity Expert Report For U.S. Patent Nos. 6,104,711 & 6,282,574 By Joel M. Halpern, 12/4/06 Opposition Expert Report For U.S. Patent Nos. 6,104,711 & 6,282,574 By Joel Halpern and accompanying appendices, 12/4/06 Opposition Expert Report For U.S. Patent Nos. 6,137,869 & 6,430,275 By Steven M. Bellovin, Ph.D. and accompanying appendices, 12/14/06 Rebuttal Expert Report For U.S. Patent Nos. 6,104,711 & 6,282,574 By Joel Halpern and accompanying appendices, 12/14/06 Rebuttal Expert Report of Scott Bradner Concerning Invalidity of U.S. Patent Nos. 6,298,062 and 6,128,304 and accompanying exhibits, 12/14/06 Rebuttal Expert Report Of Benedict J. Occhiogrosso and accompanying exhibits. As Vonage is a party to the Verizon litigation, Vonage presumably has all of these documents in its possession, custody or control. As such, it would be unduly burdensome and subject Sprint to undue costs to copy and

reproduce Vonage's own documents. To the extent that Vonage continues to seek copies of these documents from Sprint, Sprint requests that Vonage reimburse Sprint for the copying costs associated with these documents.

**REQUEST NO. 58:** Any document or thing that relates or refers to any contractor, consultant or other non-Sprint employee who was involved in the design, development, conception and/or reduction to practice (actual or constructive) of any Sprint product and/or service.

**RESPONSE:** Sprint objects to this Request as extremely overbroad and unduly burdensome as it is not limited in time or scope. Sprint further objects to this Request as seeking information that is wholly irrelevant to the Asserted Patents or any claim or defense in this matter. Sprint further objects to this Request as being outside the scope of permissible discovery provided for under the Federal Rules of Civil Procedure as this Request is not reasonably calculated to lead to the discovery of permissible evidence. Sprint further objects to this Request as vague and ambiguous with respect to the terms "contractor," "consultant," and "other non-Sprint employee." Sprint further objects to this Request as duplicative and cumulative of numerous other requests. Sprint also objects to this Request to the extent it seeks information protected by the attorney-client privilege, as attorney work product and/or any other applicable privilege. Given the unreasonable and burdensome scope of this Request, Sprint is unable to further respond.

**REQUEST NO. 59:** Any document or thing that relates or refers to any investigation or analysis of any Vonage product and/or service prior to Sprint's filing of suit against Vonage for the alleged infringement of the Asserted Patents.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client

15

privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent that it seeks documents that are already in Vonage's possession. Sprint further objects to this Request to the extent that it seeks information that is publicly accessibly and equally available to Vonage. Sprint further objects to this Request as duplicative and cumulative with respect to documents already produced and referenced in Sprint's expert reports. Sprint further objects to this Request as duplicative and cumulative of numerous other requests.

Subject to and without waiver of the foregoing general and specific objections, Sprint responds that it has produced all non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 60:** Any document or thing that relates or refers to the preparation and prosecution of the Asserted Patents, including any related patents or patent applications, whether foreign or domestic, any patents or patent applications from which an Asserted Patent claims priority benefit, and/or any patents or patent applications which claim priority benefit of the filing date of an application from which an Asserted Patent issued or claims priority benefit from, including any post-grant proceedings such as opposition, re-examination, reissue or revocation.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent that it seeks information that is publicly accessibly and equally available to Vonage. Sprint further objects to this Request to the extent that it seeks documents that are already in Vonage's possession. Sprint further objects to this Request as duplicative and

16

cumulative of numerous other requests, including at least Request Nos. 47, 48, and 50. Sprint objects to the phrases "related patents or patent applications" and "claims priority benefit from, including any post-grant proceedings such as opposition, re-examination, reissue or revocation" as vague and ambiguous. Sprint also objects to this Request as irrelevant in that it seeks information that is not related to any claim or defense in this matter.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 61:** Any document or thing that relates or refers to the preparation and prosecution, including any post-grant proceedings such as opposition, re-examination, reissue or revocation, of any patent or patent application, whether foreign or domestic, which discloses and/or claims any invention that relates to, utilizes and/or involves telephony services in which any portion of a telephone call is transmitted over: (a) a packet-based network, such as the Internet; (b) a circuit-switched network or device, such as the Public Switched Telephone Network (PSTN) or a standard POTS telephone; or (c) any combination of a packet-based network and a circuit-switched network or device.

**RESPONSE:** Sprint objects to this Request as extremely overbroad and unduly burdensome. Sprint further objects to this Request as seeking information that is not remotely relevant to the Asserted Patents or any claim or defense in this matter. Sprint further objects to this Request as being outside the scope of permissible discovery provided for under the Federal Rules of Civil Procedure as this Request is not reasonably calculated to lead to the discovery of permissible evidence. Sprint further objects to this Request as vague and ambiguous with respect to the phrases "any invention that relates to . . . telephony services . . .," "any portion of a telephone

17

call," and "any combination of a packet-based network and a circuit-switched network or device." Sprint further objects to this Request as extremely overbroad, unduly burdensome, and irrelevant in that it Requests documents relating to any patent or patent application (whether foreign or domestic) relating to inventions in which "any portion" of a call is transmitted over the PSTN. Sprint further objects to this Request to the extent that it seeks documents that are not in Sprint's possession, custody control, are publicly available and/or are equally accessible to Vonage. Given the unreasonable and burdensome scope of this Request, Sprint is unable to further respond.

**REQUEST NO. 62:** Any document or thing that relates or refers to any investigation or analysis of prior art by Sprint, including, but not limited to, the prior art search referenced by Michael Setter at his deposition on April 28, 2006.

**RESPONSE:** Sprint objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request as overly broad and unduly burdensome in that it seeks documents relating to "any investigation or analysis of prior art by Sprint" without limitation as to time or scope. Sprint further objects to this Request to the extent that it seeks documents not relevant to the Asserted Patents or any claim or defense in this matter. Sprint also objects to this Request as vague and ambiguous with respect to the phrase "any investigation or analysis of prior art." Sprint further objects to this Request to the extent that it seeks documents that are in the public record and are equally accessibly to Vonage.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that, after a diligent search, no non-privileged, responsive documents exist other

18

than those that were disclosed to the United States Patent and Trademark Office and cited in the
file histories of the Asserted Patents.

**REQUEST NO. 63:** Any document or thing that relates to, refers to and/or describes the
structure and/or operation of any Sprint product and/or service that relates to, utilizes and/or
involves any invention disclosed and/or claimed in the Asserted Patents.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint
further objects to this Request as vague and ambiguous with respect to the terms "structure" and
"operation." Sprint further objects to this Request to the extent that it seeks information that is
not relevant to any claim or defense in this lawsuit. Sprint also objects to this Request to the
extent it calls for information protected by the attorney-client privilege, as attorney work
product, or by another privilege or protection. Sprint further objects to this Request to the extent
it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to
this Request as being cumulative and duplicative of Request Nos. 40 (sic) and 42 (sic).

Subject to and without waiver of the foregoing general and specific objections,
Sprint is not aware that any product or service sold or offered for sale by Sprint is within the
scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this
Request.

**REQUEST NO. 64:** Any document or thing that relates to, refers to and/or describes the
structure and/or operation of any Sprint product and/or service that relates to, utilizes and/or
involves any invention by Joseph Michael Christie.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint
further objects to this Request as vague and ambiguous with respect to the terms "structure" and
"operation." Sprint further objects to this Request as irrelevant in that it seeks information that is

19

not related to the Asserted Patents and not relevant to any claim or defense in this lawsuit. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request as being cumulative and duplicative of Request Nos. 40 (sic), 42 (sic), and 63.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent.

**REQUEST NO. 65:** Any document or thing that relates to, refers to and/or describes the structure and/or operation of any JCS2000 prototype.

**RESPONSE:** Sprint objects to this Request as cumulative and duplicative of Request No. 55. Sprint incorporates by reference its objections and responses to Request No. 55 as if fully set forth herein.

**REQUEST NO. 66:** Any document or thing that relates or refers to any claim by any third party to any right in any of the Asserted Patents and/or in any Sprint product and/or service.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope. Sprint further objects to this Request as vague and ambiguous with respect to the phrase "any claim . . . to any right . . . in any Sprint product and/or service." Sprint further objects to this Request as irrelevant in that it seeks information that is not relevant to the Asserted Patents and not relevant to any claim or defense in this lawsuit. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Given the unreasonable and burdensome scope associated with the Request for documents relating to "any Sprint product and/or service," Sprint is unable to further respond in that regard.

20

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control relating to "any claim by any third party to any right in any of the Asserted Patents."

**REQUEST NO. 67:**  Any document or thing that tends to prove or disprove that Joseph Michael Christie was the inventor of any of the Asserted Patents.

**RESPONSE:** Sprint objects to this Request as vague and ambiguous. Sprint also objects to this Request as overly broad and unduly burdensome. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this Request to the extent it seeks documents that are of public record and are equally accessible to Vonage. Sprint objects to this Request to the extent it seeks to improperly reassign the burden of proof from Vonage to Sprint.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce documents responsive to this Request.

**REQUEST NO. 68:**  Any document or thing that was provided to, sent to, shown to and/or discussed with any expert or consultant retained or engaged by Sprint or its attorneys in connection with the above-captioned litigation and/or the litigation involving Sprint and Verizon now pending in the U.S. District Court for the Eastern District of Virginia.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks documents not relevant to any claim or defense in this matter. Sprint further objects to this Request to the extent that it seeks documents

21

protected by the attorney-client privilege, as attorney work product, and/or protected by any other applicable privilege or protection. Sprint also objects to this Request as improper in that it seeks documents and things, which the parties have expressly agreed are not discoverable. Sprint objects to this Request to the extent that it seeks documents already in Vonage's possession. Sprint further objects to this Request to the extent that it was already disclosed to Vonage in Sprint's expert reports. Sprint also objects to this Request as vague and ambiguous in that Sprint is currently not involved in any litigation with Verizon in the Eastern District of Virginia.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that documents relied upon by its experts were disclosed in their respective reports and have already been produced to Vonage.

**REQUEST NO. 69:** Any document or thing addressed to, sent to, copied to or received from the estate of Joseph Michael Christie and/or its attorney(s).

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks information that is not relevant to the Asserted Patents and not relevant to any claim or defense in this lawsuit. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 70:** Any document or thing that refers or relates to, or tends to show, the level of skill in the art of an ordinary worker in the field of telephony services in which any portion of

22

a telephone call is transmitted over: (a) a packet-based network, such as the Internet; (b) a circuit-switched network or device, such as the Public Switched Telephone Network (pest) or a standard POTS telephone; or (c) any combination of a packet-based network and a circuit-switched network or device.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "ordinary worker," "any portion of a telephone call," and "any combination of a packet-based network and a circuit-switched network or device." Sprint further objects to this Request to the extent that it seeks information that is not relevant to the Asserted Patents and not relevant to any claim or defense in this lawsuit.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents that are relevant to the Asserted Patents and in its possession, custody or control.

**REQUEST NO. 71:** Any document or thing that refers or relates to the marketing, advertisement and/or promotion of any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit. Sprint further objects to this Request as duplicative and cumulative of Request Nos. 79 and 83.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the

23