EXHIBIT "F-2"

Dockets.Justia.com

scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this Request.

**REQUEST NO. 72:** Any document or thing that refers or relates to Sprint's policies and procedures for recognizing revenue, determining and allocating costs, and determining and allocating profits.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit, as Sprint is not seeking lost profits damages in this matter. Given the unreasonable and irrelevant nature of this Request, Sprint is unable to further respond.

**REQUEST NO. 73:** Any document or thing that refers or relates to Sprint's expected sales, rates of return and/or profits (gross or net, actual or projected) for any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this Request.

**REQUEST NO. 74:** Any document or thing that refers or relates to, or forms the basis of (in whole or in part), Sprint's expected sales, rates of return and/or profits (gross or net, actual or projected) for any Sprint product and/or service that relates to, utilizes and/or involves any

24

invention disclosed and/or claimed in any Asserted Patent, including but not limited to projections, market research, competitive analysis reports and consumer surveys.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this Request.

**REQUEST NO. 75:** Any document or thing that refers or relates to any analysis of companies and/or products and/or services that compete with Sprint and/or any Sprint product and/or service that that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the term "compete." Sprint further objects to this Request as irrelevant in that it seeks information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this Request as duplicative of Request Nos. 38, 44, and 45.

2295552v1

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this Request.

**REQUEST NO. 76:** Any document or thing that refers or relates to Sprint's share of the market for telephony products and/or services, and the market share of each company and/or product and/or service that competes with Sprint and/or any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the term "competes with." Sprint further objects to this Request as irrelevant in that it seeks information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this Request as duplicative of Request No. 45.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this Request.

**REQUEST NO. 77:** Any document or thing that refers or relates to market requirements, consumer requirements and/or feature requirements relating to any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent.

26

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit. Sprint further objects to this Request to the extent that it is duplicative of Request No. 82.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this Request.

**REQUEST NO. 78:** Any document or thing that refers or relates to any Forecasts, business and strategic plans relating to any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit. Sprint further objects to this Request to the extent that it is duplicative of numerous other requests, including at least Request Nos. 73 and 74.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this Request.

**REQUEST NO. 79:** Any document or thing that refers or relates to sales, marketing and promotion of any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent.

27

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint _____ further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit. Sprint further objects to this Request to the extent that it is duplicative of numerous other requests, including at least Request Nos. 71, 73, 74, and 83.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this Request.

**REQUEST NO. 80:** Any document or thing that refers or relates to the pricing of any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this Request.

**REQUEST NO. 81:** Any document or thing that refers or relates to costs associated with any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent, including but not limited to research and development costs, costs for contractors, costs of manufacturing, advertising costs, marketing costs and costs of selling such product(s) and/or service(s).

28

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this Request.

**REQUEST NO. 82:** Any document or thing that refers or relates to the importance to customers of the features of any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit. Sprint further objects to this Request to the extent that it seeks documents already in Vonage's possession. Sprint further objects to this Request as vague and ambiguous with respect to the terms "importance," "customers," and "features." Sprint further objects to this Request to the extent that it seeks documents not in the possession, custody, or control of Sprint. Sprint further objects to this Request to the extent that it is duplicative of Request No. 77.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that documents responsive to this Request are in the possession, custody or control of Vonage. Sprint further states that it has produced and/or will produce non-privilege, responsive documents in its possession, custody or control.

**REQUEST NO. 83:** Any document or thing that refers or relates to any sales, marketing, advertising and/or promotional plans designed, developed, proposed and/or implemented by

29

Sprint or on its behalf for any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as duplicative, cumulative, and nearly identical to Request Nos. 71 and 79. Sprint further objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this Request.

**REQUEST NO. 84:** Any document or thing that refers or relates to the market and/or customers for any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as duplicative and cumulative of multiple other Requests, including at least Request Nos. 71, 79 and 83. Sprint further objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this Request.

**REQUEST NO. 85:** Any document or thing that refers or relates to licenses and/or contracts and/or agreements that relate to any Asserted Patent and/or any invention disclosed and/or

30

claimed in any Asserted Patent and/or any product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent and, therefore, has no documents responsive to that aspect of this Request. As to the remaining requested documents, Sprint has produced and/or will produce non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 86:** Any document or thing that refers or relates to negotiations concerning any license and/or contract and/or agreement that relates to any Asserted Patent and/or any invention disclosed and/or claimed in any Asserted Patent and/or any product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent, including any document prepared by or for Sprint during and/or for the purpose of such negotiation(s).

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects

31

to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent and, therefore, has no documents responsive to that aspect of this Request. As to the remaining requested documents, Sprint has produced and/or will produce non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 87:** Any document or thing that refers or relates to competition between Vonage and/or any Vonage product and/or service and Sprint and/or any Sprint product and/or service.

**RESPONSE:** Sprint objects to this Request as duplicative and cumulative of multiple other Requests, including at least Request Nos. 38, 44, 45, and 75. Sprint further objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the term "competition." Sprint further objects to this Request to the extent it seeks documents not in the possession, custody, or control of Sprint. Sprint further objects to this Request as irrelevant to the extent it seeks documents not relevant to the Asserted Patents or any claim or defense in this matter. Sprint further objects to this Request to the extent that it seeks documents not in the possession, custody, or control of Sprint. Sprint objects to this Request to the extent it seeks information protected by the attorney-client privilege, as attorney work product and/or any other applicable privilege.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 88:** Any document or thing that refers or relates to the financial impact of Vonage and/or any Vonage product and/or service on Sprint and/or any Sprint product and/or service.

**RESPONSE:** Sprint objects to this Request as being duplicative and cumulative of multiple other requests, including at least Request Nos. 44, 87, and 89. Sprint further objects to this Request as vague and ambiguous with respect to the term "financial impact." Sprint further objects to this Request as irrelevant to the extent it seeks documents not relevant to the Asserted Patents or any claim or defense in this matter. Sprint further objects to this Request to the extent that it seeks documents not in the possession, custody, or control of Sprint. Sprint objects to this Request to the extent it seeks information protected by the attorney-client privilege, as attorney work product and/or any other applicable privilege.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 89:** Any document or thing that refers or relates to any lost product or service sales by Sprint because of Vonage.

**RESPONSE:** Sprint objects to this Request as being duplicative and cumulative of multiple other requests, including at least Request Nos. 44, 87, and 88. Sprint further objects to this Request as irrelevant to the extent it seeks documents not relevant to any claim or defense in this matter. Sprint further objects to this Request to the extent that it seeks documents not in the

33

possession, custody, or control of Sprint. Sprint objects to this Request to the extent it seeks information protected by the attorney-client privilege, as attorney work product and/or any other applicable privilege.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control. Sprint further states that Vonage is in the possession, custody or control of numerous documents responsive to this Request.

**REQUEST NO. 90:** Any document or thing that refers or relates to any Sprint presentations and/or proposals to any financial analyst, industry conference or third party that refer or relate to any product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as being duplicative and cumulative of Request No. 46. Sprint further objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks documents not relevant to any claim or defense in this matter. Sprint further objects to this Request as vague and ambiguous with respect to the terms "presentations and/or proposals," "financial analyst," "industry conference," and "third party." Sprint further objects to this Request to the extent that it calls for documents protected by the attorney-client privilege, as attorney work product, or protected by any other privilege or protection. Sprint further objects to this Request to the extent that it seeks documents not within the possession, custody, or control of Sprint or that cannot be located after a reasonable search.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the

34

scope of any claim of any Asserted Patent and, therefore, has no documents responsive to that aspect of this Request.

**REQUEST NO. 91:** Any document or thing that refers or relates to the commercial success of any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as being identical to and, thus, entirely duplicative and cumulative of Request No. 48. Sprint incorporates herein by reference its objections and response to Request No. 48 as if fully set forth herein.

**REQUEST NO. 92:** Sprint's financial statements, annual reports and/or regulatory reports submitted to any government agency, including but not limited to the SEC and the FCC, and all documents and/or information on which Sprint relied on and/or used in the preparation of any such financial statement, annual report and/or regulatory report.

**RESPONSE:** Sprint objects to this Request as extremely overbroad and unduly burdensome. Sprint further objects to this Request as seeking information that is not remotely relevant to the Asserted Patents or any claim or defense in this matter. Sprint further objects to this Request as being outside the scope of permissible discovery provided for under the Federal Rules of Civil Procedure as this Request is not reasonably calculated to lead to the discovery of permissible evidence. Sprint further objects to this Request as vague and ambiguous with respect to the phrase "used in the preparation of." Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request as seeking documents that are in the public record and equally accessible to Vonage.

35

Subject to and without waiver of the foregoing general and specific objections, Sprint has produced and/or will produce non-privilege, responsive documents in its possession, custody or control.

**REQUEST NO. 93:** Any document or thing that refers or relates to Sprint's policies and procedures for licensing intellectual property, including how Sprint determines what it will pay or what it will charge for intellectual property and whether it will license intellectual property (in or out).

**RESPONSE:** Sprint objects to this Request as being duplicative and cumulative of multiple other requests, including at least Request Nos. 40 and 41. Sprint further objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that, after a reasonable search, it has been unable to locate any documents responsive to this Request.

**REQUEST NO. 94:** Any document or thing that refers or relates to any License, contract and/or agreement that Sprint has entered into that refers or relates to the design, development, conception and/or reduction to practice (actual or constructive) of any product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent.

36

2295552v1

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense in this matter. Sprint further objects to this Request to the extent that it seeks documents not in the possession, custody, or control of Sprint. Sprint further objects to this Request to the extent that it is duplicative of numerous other requests. Sprint objects to the phrase "any product and/or service" as vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this Request.

**REQUEST NO. 95:** Any document or thing that refers or relates to sales results, gross sales volume, gross profit and/or net profit for each Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent, from the date such product and/or service was first sold until the date of this Request.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks documents not relevant to any claim or defense in this matter. Sprint further objects to this Request to the extent that it seeks documents not in the possession, custody, or control of Sprint.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the

37

2295552v1

scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this Request.

**REQUEST NO. 96:** Any document or thing that refers or relates to costs and/or expenses incurred by Sprint in connection with the design, development, use, sale, offer for sale, advertising and/or marketing any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as being duplicative and cumulative of Request No. 81. Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks documents not relevant to any claim or defense in this matter. Sprint further objects to this Request to the extent that it seeks documents not in the possession, custody, or control of Sprint.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this Request.

**REQUEST NO. 97:** Any document or thing that refers or relates to the demand in the marketplace for any product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as being duplicative and cumulative of Request Nos. 77 and 84. Sprint further objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks documents not relevant to any claim or defense in this matter. Sprint further objects to this Request as vague and ambiguous with respect to the terms "marketplace" and "demand." Sprint further objects to this Request to

38

the extent that it requests a legal conclusion. Sprint further objects to this Request to the extent that it seeks documents not in the possession, custody, or control of Sprint and that must be produced by Vonage.    Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint also objects to this Request in that it seeks documents that will be disclosed and/or discussed by Sprint's experts.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody, or control.

**REQUEST NO. 98:**  Any document or thing that refers or relates to any product and/or service that does not infringe any Asserted Patent, is available in the marketplace and is an alternative to any product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent, and the demand for such product and/or service.

**RESPONSE:** Sprint objects to this Request as being duplicative and cumulative of Request Nos. 47. Sprint further objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks documents not relevant to any claim or defense in this matter. Sprint further objects to this Request as vague and ambiguous with respect to the terms "alternative," "marketplace," and "demand." Sprint further objects to this Request to the extent that it seeks documents in Vonage's possession. Sprint further objects to this Request to the extent that it requests a legal conclusion. Sprint further objects to this Request to the extent that it seeks documents not in the possession, custody, or control of Sprint. Sprint also objects to this Request to the extent it calls for information protected by the attorney-

39

client privilege, as attorney work product, or by another privilege or protection. Sprint objects to this Request as premature as it is properly the subject of expert testimony.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it will produce documents responsive to this Request, if any, with its expert reports, which are due on March 17, 2007.

**REQUEST NO. 99:** Any document or thing that refers or relates to any product and/or service that infringes any Asserted Patent and is available in the marketplace, and the demand for such product and/or service.

**RESPONSE:** Sprint objects to this Request as being duplicative and cumulative of Request No. 97. Sprint further objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks documents not relevant to any claim or defense in this matter. Sprint also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent that it seeks documents not in the possession, custody, or control of Sprint. Sprint further objects to this Request as vague and ambiguous with respect to the terms "marketplace" and "demand." Sprint further objects to this Request to the extent that it seeks documents in Vonage's possession. Sprint further objects to this Request to the extent that it requests a legal conclusion.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that, after a reasonable search, it has been unable to locate any non-privileged, responsive documents in its possession, custody, or control.

**REQUEST NO. 100:** Any document or thing that refers or relates to the portion of profit from the sale of any Sprint product and/or service that should be credited to any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks documents not relevant to any claim or defense in this matter. Sprint further objects to this Request to the extent that it seeks documents not in the possession, custody, or control of Sprint. Sprint further objects to this Request as vague and ambiguous with respect to the phrase "should be credited to." Sprint objects to this Request as premature and more properly the subject of exert testimony.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any Asserted Patent and, therefore, has no documents responsive to this Request.

**REQUEST NO. 101:** Any document or thing that refers or relates to the advantage( s) of any product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in any Asserted Patent, as compared to any product and/or service that does not relate to, utilize and/or involve any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks documents not relevant to any claim or defense in this matter. Sprint further objects to this Request to the extent that it seeks documents not in the possession, custody, or control of Sprint. Sprint further objects to this Request as vague and ambiguous with respect to the terms "advantage(s)," and "any product and/or service that does not relate to, utilize, and/or involve any invention disclosed and/or claimed in any

41

Asserted Patent." Sprint objects to this Request as premature as it is properly the subject of expert testimony.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and will produce documents responsive to this Request with its expert reports.

**REQUEST NO. 102:** Any document or thing that refers or relates to the portion of profit from the sale of any Vonage product and/or service that should be credited to any invention disclosed and/or claimed in any Asserted Patent.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks documents not relevant to any claim or defense in this matter. Sprint further objects to this Request to the extent that it seeks documents not in the possession, custody, or control of Sprint. Sprint further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, as attorney work product, or protected by any other privilege or protection. Sprint further objects to this Request as vague and ambiguous with respect to the phrase "should be credited to." Sprint objects to this Request as premature as it is properly the subject of expert testimony.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it will produce documents responsive to this Request, if any, with its expert reports.

**REQUEST NO. 103:** Any document or thing that refers or relates to costs and/or expenses incurred by Sprint in connection with the design, development, use, sale, offer for sale, advertising and/or marketing of any Sprint product and/or service that relates to, utilizes and/or involves telephony services wherein any portion of a telephone call is transmitted over: (a) a

42

packet-based network, such as the Internet; (b) a circuit-switched network or device, such as the Public Switched Telephone Network (pest) or a standard POTS telephone; or (c) any combination of a packet-based network and a circuit-switched network or device.

**RESPONSE:** Sprint objects to this Request as extremely overbroad and unduly burdensome in that it is not limited in time or scope. Sprint further objects to this Request as seeking information that is wholly irrelevant to the Asserted Patents or any claim or defense in this matter. Sprint further objects to this Request as being outside the scope of permissible discovery provided for under the Federal Rules of Civil Procedure as this Request is not reasonably calculated to lead to the discovery of permissible evidence. Sprint further objects to this Request as vague and ambiguous with respect to the phrases "any portion of a telephone call," and "any combination of a packet-based network and a circuit-switched network or device." Sprint further objects to this Request as extremely overbroad, unduly burdensome, and irrelevant in that it Requests documents relating to virtually any and all Sprint products and services involving telephony. Given the unreasonably broad and burdensome scope of this Request, Sprint is unable to further respond.

**REQUEST NO. 104:** Any document or thing that refers or relates to the portion of profit from the sale of any Vonage product and/or service that should be credited to telephony services wherein any portion of a telephone call is transmitted over: (a) a packet-based network, such as the Internet; (b) a circuit-switched network or device, such as the Public Switched Telephone Network (pest) or a standard POTS telephone; or (c) any combination of a packet-based network and a circuit-switched network or device.

**RESPONSE:** Sprint objects to this Request as vague and ambiguous and without any discernable meaning. Sprint objects to this Request as vague and ambiguous with respect to the

43

phrase "portion of profit from the sale of any Vonage product and/or service that should be credited to telephony services wherein . . . ." and the terms "any portion of a telephone call," and "any combination of a packet-based network and a circuit-switched network or device." Sprint further objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request to the extent that it seeks document note relevant to any claim or defense in this matter. Sprint further objects to this Request as being outside the scope of permissible discovery provided for under the Federal Rules of Civil Procedure as this Request is not reasonably calculated to lead to the discovery of permissible evidence. Sprint further objects to this Request to the extent that it seeks documents not in the possession, custody, or control of Sprint. Sprint objects to this Request as premature and more properly the subject of expert testimony. Given the vague and ambiguous nature of the Request, Sprint is unable to determine the scope of documents Vonage is attempting to request. Until such time as Vonage clarifies this Request, Sprint is unable to further respond.

**REQUEST NO. 105:** Any document or thing that refers or relates to the decision by Sprint to offer and/or not to offer for sale any Sprint product and/or service, including, but not limited to, those products and/or services known as JCS2000 (a/k/a Joseph Christie System 2000 and Joe Christie System 2000), BONANZA, CCM (a/k/a Call Control Manager), BB/IN (a/k/a BBIN or Broadband Intelligent Network)), BBOSD, SPRINT ION, SPRINT SUCCESSION, Intelligent Peripherals (a/k/a IPs), Enhanced Service Domain (a/k/a ESD) or IP-FONCARD ESD (a/k/a IP-ESD or IP FONCARD - Enhanced Domain).

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome as it seeks information on "any Sprint product and/or service" without limitation as to time or scope. Sprint objects to this Request as vague and ambiguous and reiterates General Objections Nos. 1-4.

2295552v1

Sprint further objects to this Request as irrelevant in that it seeks documents not related to the Asserted Patents, not relevant to any claim or defense in this matter, and/or not reasonably calculated to lead to the discovery of admissible evidence. Sprint also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it is duplicative of numerous other requests, including at least Request Nos. 33, 34, 55, and 65. Given the wholly unreasonable and burdensome scope of this request, as well as the fact that it seeks irrelevant information, Sprint is unable to further respond.

Dated: February 14, 2007                      Respectfully submitted,


                                              /s/ Adam P. Seitz
                                              B. Trent Webb, KS Bar No. 15965
                                              Eric A. Buresh, KS Bar No. 19895
                                              Adam P. Seitz, KS Bar No. 21059
                                              SHOOK, HARDY & BACON L.L.P.
                                              2555 Grand Blvd.
                                              Kansas City, MO 64108-2613
                                              816-474-6550 Telephone
                                              816-474-6550 Facsimile

                                              ATTORNEYS FOR PLAINTIFF SPRINT
                                              COMMUNICATIONS COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of February, 2007, a copy of SPRINT

COMMUNICATIONS COMPANY L.P.'S RESPONSES TO DEFENDANT VONAGE

HOLDINGS, CORP.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

AND THINGS was sent via e-mail and U.S. Mail to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

/s/ Adam P. Seitz
Attorneys for Sprint Communications Company L.P.

46