EXHIBIT "C"

Dockets.Justia.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SPRINT COMMUNICATIONS COMPANY L.P., )
                                              )
                       Plaintiff,       )
                                                )
               v.                  )
                                                )
THEGLOBE.COM, INC.,                     )
VOICEGLO HOLDINGS, INC.,          )    Case No. 05-2433-JWL
VONAGE HOLDINGS CORP.,            )
VONAGE AMERICA, INC.,              )
                                              )
                     Defendants.      )
                                              )

<u>**SPRINT COMMUNICATIONS COMPANY L.P.'S RESPONSES TO DEFENDANT
VONAGE HOLDINGS CORP'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS**</u>

         Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff

Sprint Communications Company L.P. ("Sprint"), by and through its undersigned counsel,

hereby responds and objects to Defendant Vonage Holdings Corp.'s ("Vonage") First Set of

Requests for Production of Documents and Things ("the Requests").

## GENERAL OBJECTIONS

The following General Objections shall be deemed incorporated into the objections and Responses to each and every specific Request:

1.      Sprint objects to Vonage's Requests to the extent that:  (a) Vonage seeks to require Sprint to provide any information beyond what is available to Sprint at present from a reasonable search of its own files and reasonable inquiry of its present employees;  (b) Vonage calls for information that is within the attorney-client privilege or work-product immunity; and/or  (c) Vonage seeks to impose on Sprint any other obligation not imposed by the Federal Rules of Civil Procedure or the Local Rules for the District of Kansas.

2.      Sprint objects to the terms "Plaintiff" and "Sprint" and "you" and "your" as used in Vonage's Requests to the extent that the terms purport to extend to any corporate entity other than Plaintiff Sprint Communications Company L.P. and to any person other than Plaintiff Sprint Communications Company L.P.'s present employees and agents.

3.      Sprint objects to the terms "document" and "documents" as used in Vonage's Requests to the extent that the terms seek to embrace information or documents that are not within the possession, custody, or control of Sprint.

4.      Sprint objects to the production of information that is: (a) protected by the attorney-client privilege or prepared in anticipation of litigation or for trial, or that is otherwise subject to the attorney work product doctrine; and/or  (b) protected by the joint-defense privilege, the common-interest privilege, or similar privileges; and/or (c) protected by any other applicable privileges, doctrines or immunities. To the extent that privileged or work-product information is sought by Vonage's Requests and is embodied in documents, the documents will be identified in a "privilege log" to be produced at a date to be agreed upon between counsel.

1898446v2

5.     Sprint objects to Vonage's Requests to the extent that they call upon Sprint to investigate, collect, and disclose information and/or documents and things which are not relevant to the subject matter of this action in that they are neither admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence related to a claim or defense in this action.

6.     These General Objections apply to all of Sprint's responses.  To the extent that specific General Objections are cited in a specific response, those specific citations are provided because they are believed to be particularly applicable to the specific Requests and are not to be construed as a waiver of any other General Objection applicable to information falling within the scope of the Requests.

7.     The following responses reflect Sprint's present knowledge, information, and belief, and may be subject to change or modification based on Sprint's further discovery, or on facts or circumstances that may come to Sprint's knowledge.  Sprint will supplement its responses as required under the Federal Rules of Civil Procedure.

8.     Sprint objects to the Requests to the extent they seek trade secrets or other confidential or proprietary research, development, commercial, or business information.  Sprint will produce such information, if requested and not otherwise objectionable, only pursuant to a Protective Order entered in this action and any Court-ordered modifications thereof.

9.     In responding to the Requests, Sprint does not concede that any Request to which it responds is relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.  Sprint expressly reserves both the right to object to further discovery into the subject matter of these Requests and the right to object to introduction into evidence of responses to these Requests.  Sprint also reserves the right to question the

3

authenticity, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the information provided in the documents identified and/or produced in response to these Requests, which may arise in any subsequent proceeding in, or the trial of, this or any other action. Sprint reserves the right to amend, supplement, or revise its responses as necessary up to and including the time of trial. Because all of the documents that are possibly within the scope of the Requests have not yet been fully located and identified, Sprint reserves the right to assert additional objections to the Requests as appropriate, to supplement its objections and responses, and to produce additional documents.

10.    In responding to the Requests, Sprint states that it has conducted a diligent search, reasonable in scope, of those files and records in Sprint's possession or control believed to be the most likely to contain documents responsive to the Requests and has solicited relevant documents from those individuals employed or otherwise affiliated with Sprint believed to be most likely to have documents responsive to the Requests. Sprint has not, however, undertaken to search or review all of the files and records in Sprint's possession, custody, or control, nor has Sprint solicited documents from every individual employed by or otherwise affiliated with Sprint, because to do so would be unduly burdensome and expensive. In the event, therefore, that additional documents, records, or files responsive to any of the Requests are identified or brought to Sprint's attention, Sprint reserves the right to amend or supplement these responses.

11.    Sprint objects to the Requests to the extent they call for production of information that is publicly available or already within Vonage's possession.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    All documents related to or referencing the "Asserted Patents", including but not limited to notes, memoranda and letters.

**RESPONSE:** Sprint objects to this Request as overly broad, unduly burdensome and irrelevant in that it seeks information that is neither relevant to any defense or claim in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  Sprint further objects on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions. Sprint objects to the terms "notes," "memoranda" and "letters" as vague and ambiguous.  Sprint also objects to this request as overly broad and unduly burdensome in that it seeks "all documents" without limitation as to time or scope.

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce non-privileged responsive documents in its possession, custody or control.

**REQUEST NO. 2:**    All documents related to the development of the inventions disclosed in the "Asserted Patents", including but not limited to models, prototypes, production records, notes and designs.

**RESPONSE:** Sprint objects to this Request on the grounds that "all documents," and "development of the inventions" are overly broad and unduly burdensome, not limited in scope, and seek documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Sprint also objects to this Request as the phrases "models," "prototypes," "production records," and "notes and designs" are vague and ambiguous.

Subject to and without waiving its general and specific objections, Sprint will produce non-privileged responsive documents in its possession, custody or control.

**REQUEST NO. 3:**    All documents related to the development of any products and/or services covered by inventions disclosed in the "Asserted Patents", including, but not limited to, models, prototypes, production records, notes, and designs.

**RESPONSE:** Sprint objects to this Request on the grounds that "all documents," and "development of any products and/or services covered by the inventions" are overly broad and unduly burdensome and not limited in time or scope.  Sprint objects to this Request, as the phrases "covered by inventions," "models," "prototypes," "production records," "notes," and "designs" are vague and ambiguous.  Furthermore, information pertaining to the development of products and/or services covered by inventions disclosed in the "Asserted Patents" is irrelevant and not likely to lead to the discovery of admissible evidence.


**REQUEST NO. 4:**    All sales, advertising and marketing documents, including, but not limited to, communications with potential clients and printed advertising materials related to the "Asserted Patents" and/or any products and/or services utilizing inventions disclosed in the "Asserted Patents" or derived therefrom.

**RESPONSE:** Sprint objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection.  Sprint objects to this Request to the extent it seeks information not reasonably available to Sprint or not in Sprint's possession, custody, and control.  Sprint objects to this Request on grounds that the phrases "[a]ll sales, advertising and marketing documents," "products and/or services utilizing inventions" and "communications with potential clients" are vague, ambiguous, overly broad,

6

and unduly burdensome.  Sprint objects to this Request as overly broad, unduly burdensome and irrelevant in that it seeks information that is outside the scope of discovery and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 5:**    All prior art documents that relate to the validity of the "Asserted Patents", including those cited to the patent examiner and those omitted from patent prosecution.

**RESPONSE:**  Sprint objects to this Request to the extent the documents sought are publicly available including, without limitation, the file histories of the Asserted Patents.  Sprint further objects to this Request to the extent it seeks discovery protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

Subject to and without waiving its general and specific objections, Sprint states that it already has produced the prosecution file histories for each of the Asserted Patents that identify all cited prior art, which are the only documents responsive to this Request in Sprint's possession, custody or control.

**REQUEST NO. 6:**    All prior opinions of counsel or technical experts received by Sprint relating or referring to the "Asserted Patents".

**RESPONSE:**  Sprint objects to this Request on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions.

Subject to and without waiving its general and specific objections, Sprint states that there are no non-privileged documents responsive to this Request.

**REQUEST NO. 7:**    All documents relating or referring to any opinions of counsel received by Sprint relating or referring to the "Asserted Patents", including, without limitation, any

documents provided to or from counsel who rendered any such opinion and any document relied upon by any such counsel in forming any such opinion.

**RESPONSE:** Sprint objects to this Request on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions, including, without limitation, information gained by the attorneys prosecuting the Asserted Patents during or in preparation for prosecution. Sprint also objects to this request as duplicative of Request No. 6.

Subject to and without waiving its general and specific objections, Sprint incorporates its Response to Request No. 6.

**REQUEST NO. 8:** All correspondence to Vonage or referencing Vonage sent by and/or received by Sprint including but not limited to, any correspondence referencing or relating to the "Asserted Patents".

**RESPONSE:** Sprint objects to this Request as overly broad, unduly burdensome and irrelevant in that it seeks information that is neither relevant to any defense or claim in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Sprint also objects to this Request as the information requested is already within the possession of, and/or must be produced by, Defendants. Sprint further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

Subject to and without waiving its general and specific objections, Sprint states it already has produced all non-privileged documents referencing Vonage and the Asserted Patents with its Initial Disclosures.

**REQUEST NO. 9:**    All documents provided to or received from proposed expert witnesses in this case.

**RESPONSE:** Sprint objects to this Request on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions. Sprint objects to this Request as premature to the extent it seeks documents properly the subject of expert opinion and testimony, which will be provided to Defendants pursuant to FED. R. CIV. P. 26(a)(2) in the manner and time set forth in the Court's Scheduling Order.

**REQUEST NO. 10:**    All documents tending to show the relationship between Sprint and any related subsidiaries and/or third-parties, including but not limited to, financial statements, marketing statements, flow sheets, organizational charts, and lists of executives.

**RESPONSE:** Sprint objects to this Request on the grounds that it is overly broad, unduly burdensome and irrelevant in that it is not limited in scope and seeks documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.   Sprint further objects to the phrase "relationship" and "related subsidiaries" as vague and ambiguous.  Sprint also objects to this Request to the extent is seeks to require Sprint to search for and disclose information regarding any subsidiaries or third-parties who are not a party to this action.

**REQUEST NO. 11:**    All documents showing any products and/or services marketed by Sprint which utilize and/or are disclosed in the "Asserted Patents", including, but not limited to, those manufactured or otherwise offered for sale by or for Sprint or any related company.

**RESPONSE:** Sprint objects to this Request to the extent it seeks information not reasonably available to Sprint or not in Sprint's possession, custody, and control.  Sprint further objects to

9

the phrases "documents showing," "utilize and/or are disclosed" and "related company" as vague and ambiguous.  Sprint also objects to this request as duplicative of Request Nos. 3 and 4.  Sprint objects to this Request on the grounds that it is overly broad, unduly burdensome and irrelevant in that it is not limited in scope and seeks documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 12:**  All documents showing records of sales of any products and/or services utilizing and/or disclosed in the '294 Patent, marketed for sale by Sprint from December 16, 2003 to the present.

**RESPONSE:**  Sprint objects to the phrase "utilizing and/or disclosed" as vague and ambiguous.  Sprint also objects to this request as duplicative of Request Nos. 3, 4 and 11.  Sprint objects to this Request on the grounds that it is overly broad, unduly burdensome and irrelevant in that it seeks documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 13:**  All documents showing records of sales of any products and/or services utilizing and/or disclosed in the '561 Patent, marketed for sale by Sprint from October 14, 2003 to the present.

**RESPONSE:**  Sprint objects to the phrase "utilizing and/or disclosed" as vague and ambiguous.  Sprint also objects to this request as duplicative of Request Nos. 3, 4 and 11.  Sprint objects to this Request on the grounds that it is overly broad, unduly burdensome and irrelevant in that it seeks documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.

1898446v2

**REQUEST NO. 14:** All documents showing records of sales of any products and/or services utilizing and/or disclosed in the '429 Patent, marketed for sale by Sprint from October 29, 2002 to the present.

**RESPONSE:** Sprint objects to the phrase "utilizing and/or disclosed" as vague and ambiguous. Sprint also objects to this request as duplicative of Request Nos. 3, 4 and 11. Sprint objects to this Request on the grounds that it is overly broad, unduly burdensome and irrelevant in that it seeks documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 15:** All documents showing records of sales of any products and/or services utilizing and/or disclosed in the '052 Patent, marketed for sale by Sprint from October 8, 2002 to the present.

**RESPONSE:** Sprint objects to the phrase "utilizing and/or disclosed" as vague and ambiguous. Sprint also objects to this request as duplicative of Request Nos. 3, 4 and 11. Sprint objects to this Request on the grounds that it is overly broad, unduly burdensome and irrelevant in that it seeks documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 16:** All documents showing records of sales of any products and/or services utilizing and/or disclosed in the '064 Patent, marketed for sale by Sprint from October 2, 2001 to the present.

**RESPONSE:** Sprint objects to the phrase "utilizing and/or disclosed" as vague and ambiguous. Sprint also objects to this request as duplicative of Request Nos. 3, 4 and 11. Sprint objects to this Request on the grounds that it is overly broad, unduly burdensome and irrelevant in that it

1898446v2

seeks documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 17:** All documents showing records of sales of any products and/or services utilizing and/or disclosed in the '932 Patent, marketed for sale by Sprint from September 17, 2002 to the present.

**RESPONSE:** Sprint objects to the phrase "utilizing and/or disclosed" as vague and ambiguous. Sprint also objects to this request as duplicative of Request Nos. 3, 4 and 11.  Sprint objects to this Request on the grounds that it is overly broad, unduly burdensome and irrelevant in that it seeks documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 18:**  All documents showing records of sales of any products and/or services utilizing and/or disclosed in the '572 Patent, marketed for sale by Sprint from October 16, 2001 to the present.

**RESPONSE:** Sprint objects to the phrase "utilizing and/or disclosed" as vague and ambiguous. Sprint also objects to this request as duplicative of Request Nos. 3, 4 and 11.  Sprint objects to this Request on the grounds that it is overly broad, unduly burdensome and irrelevant in that it seeks documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 19:**  All documents showing the specifications of any products utilizing and/or derived from the inventions disclosed in the "Asserted Patents" sold and/or offered for sale by Sprint.

**RESPONSE:** Sprint objects to the phrase "utilizing and/or disclosed" as vague and ambiguous. Sprint also objects to this request as duplicative of Request Nos. 3, 4 and 11.  Sprint objects to

12

this Request on the grounds that it is overly broad, unduly burdensome and irrelevant in that it seeks documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 20:**  All design drawings, including, but not limited to, any flow sheets, instrumentation drawings, pilot data, design and revision drawings, notes, log sheets and detailed drawings, of or relating to the "Asserted Patents".

**RESPONSE:**  Sprint objects to the phrases "design drawings," "flow sheets," "instrumentation drawings," "pilot data," "design and revision drawings," "notes," "log sheets" and "detailed drawings" as vague and ambiguous.  Sprint also objects to this request to the extent it seeks information protected by the attorney-client privilege, work product immunity or other applicable privilege.  Sprint further objects to this request to the extent it seeks information not in Sprint's possession, custody or control.

Subject to and without waiving the foregoing general and specific objections, Sprint will produce responsive, non-privileged documents in its possession, custody or control.

**REQUEST NO. 21:**  All correspondence to or from third parties related to any potential agreement relating to the "Asserted Patents", including but not limited to licenses, sale, purchase or assignments.

**RESPONSE:**  Sprint objects to this Request to the extent it seeks information not reasonably available to Sprint or not in Sprint's possession, custody, and control.  Sprint further objects on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions. Sprint also objects to this Request on the grounds that the phrase "potential agreement relating to the 'Asserted Patents'" is vague, ambiguous, overly broad and unduly burdensome, not limited in

scope, and seek documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence. Sprint further states that documents responsive to this request likely are in the possession of, and must be produced by, Defendants.

Subject to and without waiving its general and specific objections, Sprint states that it produced all documents responsive to this Request with its Initial Disclosures.

**REQUEST NO. 22:** All correspondence to or from third parties related to any potential agreement relating to any products and/or services marketed by Sprint, which utilize and/or [sic] the inventions disclosed in the "Asserted Patents", including but not limited to licenses, sale, purchase or assignments.

**RESPONSE:** Sprint objects to this Request to the extent it seeks information not reasonably available to Sprint or not in Sprint's possession, custody, and control. Sprint further objects on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions. Sprint also objects to the phrase "utilized and/or [sic] the inventions" as vague and ambiguous. Sprint also objects to this Request on the grounds that it is overly broad, unduly burdensome and irrelevant in that it seeks documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 23:** All documents related to the development of sales and/or licenses of the "Asserted Patents" and/or any products and/or services marketed by Sprint which utilize and/or derived therefrom, including, but not limited to, business plans, identification of prospective clients, and proposals to prospective customers.

14

**RESPONSE:** Sprint objects to this Request to the extent it seeks information not reasonably available to Sprint or not in Sprint's possession, custody, and control.  Sprint further objects on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions. Sprint further objects to the request itself as vague an ambiguous as well as the phrases "development of sales and/or licenses" and "utilized and/or derived therefrom" as vague and ambiguous.  Sprint also objects to this Request on the grounds that it is overly broad, unduly burdensome and irrelevant in that it seeks documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Sprint states that it produced all non-privileged documents relating to sales and/or licenses of the Asserted Patents with its Initial Disclosures.

**REQUEST NO. 24:**  All publications and documents for presentations, including but not limited to notes taken during presentations related to any products and/or services marketed by Sprint, which utilize and/or are disclosed in the "Asserted Patents".

**RESPONSE:** Sprint objects to this Request to the extent it seeks information not reasonably available to Sprint or not in Sprint's possession, custody, and control.  Sprint further objects on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions. Sprint objects to the phrase "products and/or services . . . which utilize and/or are disclosed" as vague and ambiguous.  Sprint also objects to this Request on the grounds that it is overly broad, unduly burdensome and irrelevant in that it seeks documents that are neither relevant to any

defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:** All documents tending to show or related to government financial assistance for development, research, equipment, leasehold or any other asset or activity related to the development of the "Asserted Patents".

**RESPONSE:** Sprint also objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, not limited in scope, and seek documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Sprint states that it is not aware of any such documents.

**REQUEST NO. 26:** All communications relating to patent rights by parties other than the Plaintiff and the Defendants, including, but not limited to, cease and desist letters or any assertions of infringement by Sprint to parties other than in this case relating to inventions disclosed in the "Asserted Patents."

**RESPONSE:** Sprint objects to this Request as overly broad, unduly burdensome and irrelevant in that it seeks information that is neither relevant to any defense or claim in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  Sprint further objects to this request to the extent it seeks information that is not in Sprint's possession, custody or control.  Sprint also objects to the phrase "patent rights" as vague and ambiguous and further objects to this Request as the Request in its entirety is vague and ambiguous.  Until Vonage provides such a definition and clarifies the scope of this Request, Sprint is unable to determine whether it has documents responsive to this Request.

16

**REQUEST NO. 27:** All documents related to patent applications related to the "Asserted Patents".

**RESPONSE:** Sprint objects to this Request to the extent the documents sought are publicly available including, without limitation, the file histories of the Asserted Patents. Sprint further objects to this Request to the extent it seeks discovery protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Sprint objects to this Request as vague and ambiguous. Sprint also objects to this Request on the basis that it is unreasonably cumulative or duplicative of numerous other Requests. Sprint further objects to this Request to the extent it seeks documents not in Sprint's possession, custody or control.

Subject to and without waiving its general and specific objections, Sprint states that it has already produced the prosecution file histories for each of the Asserted Patents, which is the only non-privileged information in its possession, custody or control that is responsive to this Request.

**REQUEST NO. 28:** All documents concerning any searches of prior art (including the results of those searches) relating to the Asserted Patents.

**RESPONSE:** Sprint objects to this Request to the extent the documents sought are publicly available including, without limitation, the file histories of the Asserted Patents. Sprint further objects to this Request to the extent it seeks discovery protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Sprint also objects to this Request on the basis that it is unreasonably cumulative or duplicative of numerous other requests. Sprint further objects to this Request as overly broad and unduly burdensome in that it seeks documents that are not in the possession, custody or control of Sprint.

Subject to and without waiving its general and specific objections, Sprint states that it has produced the prosecution file histories for each of the Asserted Patents identifying all cited prior art, which is the only non-privileged responsive information in Sprint's possession, custody or control that is responsive to this Request.

**REQUEST NO. 29:**  All documents showing attorneys' fees incurred in connection with the prosecution of this action.

**RESPONSE:** Sprint objects to this Request in that it seeks information protected by the attorney-client privilege, work-product doctrine or any other applicable privilege.  Sprint further objects to the phrase "prosecution of this action" as vague and ambiguous.  Sprint also objects to this request as overly broad, unduly burdensome and irrelevant in that it seeks information that is neither relevant to any defense or claim in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 30:**  All documents relating to the marking of any products utilizing and/or derived from the inventions disclosed in the "asserted patents" sold and/or offered for sale, licensed or offered for license by Sprint.

**RESPONSE:** Sprint objects to this Request to the extent it seeks information not reasonably available to Sprint or not in Sprint's possession, custody, and control.  Sprint further objects on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions. Sprint also objects to the phrase "products utilizing and/or derived from the inventions" as vague and ambiguous.  Sprint objects to this Request on the grounds that it is overly broad, unduly burdensome and irrelevant in that it seeks documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.

18

**REQUEST NO. 31:**  All documents in the possession, custody or control of Sprint relating to any and all patent applications filed with any country's patent office, including the United States Patent and Trademark Office, that refer to, disclose, or claim, in whole or in part any VoIP technology products or services sold or licensed by Sprint.

**RESPONSE:** Sprint objects to this Request on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions.  Sprint also objects to the phrase "VoIP technology products or services" is vague and ambiguous.  Sprint further objects to this Request as overly broad, unduly burdensome and irrelevant in that it seeks documents that are neither relevant to any defense or claim in this action nor reasonably calculated to lead to the discovery of admissible evidence.


Dated: March 20, 2006.                    Respectfully submitted,


                                           _/s/ Adam P. Seitz_____
                                           B. Trent Webb, KS Bar No. 15965
                                           Eric A. Buresh, KS Bar No. 19895
                                           Adam P. Seitz, KS Bar No. 21059
                                           SHOOK, HARDY & BACON L.L.P.
                                           2555 Grand Blvd.
                                           Kansas City, MO 64108-2613
                                           816-474-6550 Telephone
                                           816-474-6550 Facsimile

                                           ATTORNEYS FOR PLAINTIFF SPRINT
                                           COMMUNICATIONS COMPANY L.P.

1898446v2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of March 2006, a copy of SPRINT

COMMUNICATIONS COMPANY L.P.'S RESPONSES TO DEFENDANT VONAGE

HOLDINGS, CORP.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

AND THINGS was sent via e-mail and U.S. Mail to the following:

James D. Oliver
Scott C. Nehrbass
Foulston Siefkin LLP
40 Corporate Woods Suite 1050
9401 Indian Creek Parkway
Overland Park, Kansas 66210

James W. Dabney
Henry C. Lebowitz
Malcolm J. Duncan
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004

Attorneys for Defendants
theglobe.com, Inc. and Voiceglo Holdings, Inc.

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

 /s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.

20

1898446v2