EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VONAGE HOLDINGS CORP., ) <br> VONAGE AMERICA, INC., ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) | Case No. 05-2433-JWL |

## SPRINT COMMUNICATIONS COMPANY L.P.'S RESPONSES TO DEFENDANT VONAGE HOLDINGS CORP'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Sprint Communications Company L.P. ("Sprint"), by and through its undersigned counsel, hereby responds and objects to Defendant Vonage Holdings Corp.'s ("Vonage") Second Set of Requests for Production of Documents and Things ("the Requests").

2295467v1

## **GENERAL OBJECTIONS**

Sprint hereby incorporates by reference each General Objection set forth in Sprint's Responses to Vonage Holdings Corp.'s First Set of Requests for Production of Documents and Things as if those general objections were set forth fully herein.

Sprint also makes the following additional general objections:

1.  Sprint objects to Vonage's Interrogatories to the extent they request information relating to "Nortel SUCCESSION" or "SPRINT SUCCESSION" as being overly broad, unduly burdensome, not relevant to the Asserted Patents, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence.

2.  Sprint objects to Vonage's Interrogatories to the extent they request information relating to "SPRINT ION" as being overly broad, unduly burdensome, not relevant to the Asserted Patents, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence.

3.  Sprint objects to Vonage's Interrogatories to the extent they request information relating to "IP-FONCARD ESD" as being overly broad, unduly burdensome, not relevant to the Asserted Patents, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence.

4. Sprint objects to the definition of "Sprint product and/or service" as overly broad, unduly burdensome, and not relevant to the Asserted Patents, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence to the extent this definition includes "Nortel SUCCESSION," "SPRINT SUCCESSION," "SPRINT ION," and/or "IP-FONCARD ESD."

## REQUESTS FOR PRODUCTION

**REQUEST NO. 32:** All documents identified in response to Vonage Holdings Corp.'s First Set of Requests for Production of Documents and Things, served February 16, 2006. This renewed request includes (but is not limited to) all documents dated after the year 2000 that have not yet been produced.

Sprint objects to this Request as duplicative of each Request set forth in Vonage Holdings Corp.'s First Set of Requests for Production of Documents and Things. Sprint hereby reiterates and incorporates by reference each of its Specific Objections and Responses to Vonage Holdings Corp.'s First Set of Requests for Production of Documents and Things.

**REQUEST NO. 33:** All documents related to financial plans, capital expenditure authorization, justification plans, business plans, sales, marketing plans, and strategic plans for the "Nortel Succession" network system and any other successor or replacement for the JCS2000 network system (or the ION system) considered or implemented by Sprint. This request includes, without limitation, any documents discussing the system or situations giving rise to use for the network system, justifications for the system, or the nature of changes related to the system. This request also includes, without limitation, documents that relate to networks, platforms, products or services from any of Sprint's Broadband related business units, including its Broadband Operating Systems Development, between 1999 and 2003.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "any other successor or replacement for the JCS2000 network system (or the ION system) considered or implemented by Sprint" and "any of Sprint's Broadband related business units." Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or

control of Sprint. Sprint further objects to this Request to the extent it seeks documents irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it is unaware of any "successor or replacement for the JCS2000 network system."

**REQUEST NO. 34:** All documents relating to the "Nortel Succession" and/or its successors and/or other replacements for the JCS2000 network system (or the ION system) considered or implemented by Sprint, that relate to types of Sprint documents such as "Detailed Requirements Statement Overview" (SPRe-008-01-02707 -54) and "Operational Concept Description" (e.g., "Operational Concept Description for JCS2000" (SPRe-008-01-07682). This request includes all versions; revisions; updates; supporting, underlying or accompanying documents; and documents addressing related subject matter.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "its successors and/or other replacements for the JCS2000 network system (or the ION system) considered or implemented by Sprint," "relates to types of Sprint documents such as . . . ," "supporting, underlying, or accompanying documents," and "documents addressing relating subject matter." Sprint further objects to this Request as irrelevant in that it seeks information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 35:** All documents related the financial, strategic, sales, marketing, or business planning aspects of Sprint's VoIP and/or telephony product or service offerings to cable

operators (or multiple system operators) in the U.S. This request includes all documents regarding the joint venture Sprint announced with TCI, Comcast and Cox cable operators in 1994 and its recent joint venture with several cable operators in 2005. This request includes, without limitation, financial information about Sprint's sales to cable operators or multiple system operators, including dollar and unit (customer/subscriber) sales, and analyses or documents discussing or referring to the profitability and/or costs of providing those VoIP or telephony products or services. This request includes, without limitation, projections, forecasts, financial performance reviews, or justifications for engaging in such business, or other discussion or analysis prepared by or for Sprint.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "cable operators," "multiple system operators," "analyses," "telephony products or services," "projections," "forecasts," and "justifications." Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request as irrelevant in that it seeks information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint specifically objects to the request for financial documents relating to its contracts with the cable companies as irrelevant in that Sprint is not seeking damages based on lost profits.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents relating to its contracts with the cable operators.

**REQUEST NO. 36:** All documents that relate to any plans Sprint has had to develop bundled telephony products or services that include VoIP telephony or cable telephony or any alternative technology to the same. This request includes without limitation, documents related to triple and/or quadruple play service offerings, *i.e.*, bundled services that include combinations of local telephone and long distance telephone, high speed data, cable television, and wireless services.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "bundled telephony products," "services that include VoIP telephony," "cable telephony", and "any alternative technology to the same." Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this Request as irrelevant in that it seeks information that is not relevant to, or related to, the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it is unaware of any Sprint bundled telephony products or services that include VoIP telephony or cable telephony or any alternative technology to the same that utilize the inventions of the Asserted Patents and, therefore, has not been able to locate any documents relating to the same.

6

2295467v1

**REQUEST NO. 37:** All documents related to financial, business, sales, marketing, or strategic plans or discussion for Sprint's "Global Markets Division" and "Local Division" business units, as well as any precursor or predecessor business units for these divisions. This request includes, without limitation, documents prepared or presented on a regular basis, i.e., annually, quarterly, monthly, or weekly.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome as this Request is not limited in time or scope. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this Request as irrelevant in that it seeks information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 38:** All documents related to discussion or analysis of Vonage or other competitors to Sprint in VoIP telephony systems, cable telephony systems, or alternative systems or platforms to the same, whether conducted internally by Sprint or by others on behalf of Sprint.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "competitors," and "alternative systems." Sprint further objects to this Request as irrelevant in that it seeks information that is not relevant or related to the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection.

Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 39:** All Sprint license agreements covering the "Asserted Patents" or other patents related to or regarding VoIP technology, and any materials reviewed or prepared by or for Sprint during negotiation(s) of such license agreements. This request includes, without limitation, any license agreements where Sprint is the licensor or licensee.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome as it seeks all Sprint license agreements covering "other patents." Sprint further objects to this Request as vague and ambiguous with respect to the phrases "related to or regarding VoIP technology," "other patents" and "during negotiation." Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this Request as irrelevant in that it seeks information that is not relevant or related to the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 40:** All documents discussing any Sprint offers, or requests, to license patents covering or related to VoIP technology.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the phrase "covering or related to VoIP technology." Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Request to the extent that it is duplicative of numerous other requests. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 41:** All documents discussing Sprint's licensing policies for licensing its patents and for patents Sprint licenses from others.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the term "licensing policies." Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that after a reasonable search it has not been able to locate any non-privileged documents responsive to this Request.

**REQUEST NO. 42:** All documents discussing industry guidelines and practices in the telecommunication industry in general and VoIP technology in particular.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "industry guidelines and practices" and "the telecommunication industry in general." Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this Request to the extent it seeks publicly available information for which the cost of obtaining such documents would be equal for both parties.

**REQUEST NO. 43:** All documents mentioning or discussing Vonage, including, without limitation, Vonage's: (1) products and/or services; (2) business or strategic plans, outlook or forecasts; (3) competition; (4) financial impact on Sprint; and (5) actual or forecasted financial, sales or subscriber performance.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this Request to the

extent that it is duplicative of numerous other requests. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 44:** All documents discussing the competitive effect on Sprint's business (e.g., local services, long distance and wireless) by VoIP products and services offered in the U.S., including, without limitation, those of Vonage.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the term "competitive effect." Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this Request to the extent that it is duplicative of numerous other requests, including at least Request Nos. 38, 45, 75, and 87. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 45:** All documents discussing or identifying known providers of VoIP products and/or services in the U.S., including, without limitation, any analysis or discussion of those products and/or services or the companies providing them.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope. Sprint further objects to this Request as vague and ambiguous with respect to the phrase "known providers of VoIP products and/or services." Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this Request to the extent that it is duplicative of numerous other requests, including at least Request Nos. 38, 44, 75, and 87. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection.

**REQUEST NO. 46:** All documents included in Sprint's presentations to financial analysts, industry conferences (e.g., Supercomm 2002), and other third party organizations that reference or discuss VoIP technology or products and services.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope. Sprint further objects to this Request as vague and ambiguous with respect to the terms "financial analysts," and "other third party organizations." Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint also objects to this Request to the

extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection.

**REQUEST NO. 47:** All documents discussing or referring to alternatives to the "Asserted Patents", including other VoIP products and services that are not claimed to infringe the "Asserted Patents". This request includes, without limitation, documents discussing the sales, marketing, and profitability of such products or services. This request also includes, without limitation, documents discussing any advantages of the technology covered by the "Asserted Patents" compared to other technologies (e.g., old mode).

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as compound. Sprint objects to this Request as vague and ambiguous with respect to the terms and phrases "alternatives," "other VoIP products and services that are not claimed to infringe the 'Asserted Patents,'" and "other technologies (e.g., old mode)." Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint responds to this compound Request as follows: With regard to "documents discussing any advantages of the technology covered by the "Asserted Patents" compared to other technologies (e.g., old mode)," Sprint has produced and/or will produce documents responsive to this Request. With regard to "alternatives to the "Asserted Patents", including other VoIP products and

13

2295467v1

services that are not claimed to infringe the "Asserted Patents"," Sprint, after a diligent search, has not located any non-privileged, responsive documents.

**REQUEST NO. 48:** All documents discussing the commercial demand, commercial success, or commercial failure of the invention(s) covered by the "Asserted Patents".

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "commercial demand," "commercial success," and "commercial failure." Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent that it seeks documents that are publicly available and equally accessible to Vonage. Sprint further objects to this Request to the extent that it seeks documents already in Vonage's possession.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that documents relating to the commercial demand, commercial success, or commercial failure of the invention(s) covered by the "Asserted Patents" have been produced by, and are in the possession of, Vonage.

**REQUEST NO. 49:** All documents referencing or discussing Sprint's involvement in any standards-setting efforts or activities that reference or relate to VoIP products and services and specifications for public network gateway interfaces and distributed call signaling.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "standards-setting efforts or activities," "reference or relate to VoIP," and "public network gateway

14

2295467v1

interfaces and distributed call signaling." Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

Dated: February 12, 2007               Respectfully submitted,

                                              /s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108-2613
816-474-6550 Telephone
816-474-6550 Facsimile

ATTORNEYS FOR PLAINTIFF SPRINT
COMMUNICATIONS COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2007, a copy of SPRINT COMMUNICATIONS COMPANY L.P.'S RESPONSES TO DEFENDANT VONAGE HOLDINGS, CORP.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS was sent via e-mail and U.S. Mail to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

/s/ Adam P. Seitz
Attorneys for Sprint Communications Company L.P.