# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

_____ )
                                         )
SPRINT COMMUNICATIONS COMPANY L.P.,      )
                                         )
                            Plaintiff,   )
                                         )
            v.                           ) Case No.  05-2433-JWL
                                         )
VONAGE HOLDINGS CORP. and                )
VONAGE AMERICA, INC.,                    )
                                         )
                            Defendants.  )
_____ )

### MEMORANDUM IN SUPPORT OF VONAGE HOLDINGS CORP. AND VONAGE AMERICA, INC.'S MOTION TO COMPEL TESTIMONY IN RESPONSE TO THEIR SECOND NOTICE OF DEPOSITION PURSUANT TO FED.R. CIV. P. 30(b)(6)

Despite being admonished by this Court on more than one occasion for improperly prepared Federal Rule of Civil Procedure ("Rule") 30(b)(6) witnesses and baseless and unsupported objections to such deposition notices, Sprint Communications Company, L.P. ("Sprint") has produced a witness in response to Defendants Vonage Holdings Corp. and Vonage America, Inc.'s (collectively "Vonage's") Second Rule 30(b)(6) Notice who was completely unprepared, and admitted as much.  Likewise, Sprint's improper objections do not cure the deficiencies of its witness, who was unable to answer the most basic questions concerning the topics on which he was designated to testify.  Moreover, Sprint's assertion that the topics at issue are irrelevant is untenable in view of the plain meaning of the requests: the structure and operation of inventions by Joseph Michael Christie, the sole named inventor on each of the patents-in-suit.

DM1\1083665.1

For these reasons, Vonage respectfully requests the Court to issue an Order compelling Sprint to provide a witness who either has knowledge of the topics being addressed or has been prepared by Sprint to provide such knowledge. Neither happened here, and thus Vonage also seeks sanctions for the cost of this motion and its costs to re-depose a Sprint witness on these topics.

## I.    BACKGROUND

On November 22, 2006, Vonage served Vonage America Inc. and Vonage Holdings Corp.'s Second Notice of Deposition of Sprint Communication Company L.P. Pursuant to Rule 30(b)(6) on Sprint. ("Vonage's Second Rule 30(b)(6) Notice"; Ex. A). On March 20, 2007, Sprint served Sprint's Objections to Vonage America Inc. and Vonage Holdings Corp's Second Notice of Deposition of Sprint Communication Company L.P. Pursuant to Rule 30(b)(6). ("Sprint's Objections"; Ex. B).

Topic 18 in Vonage's Second Rule 30(b)(6) Notice relates to the structure and operation of inventions by Joseph Michael Christie, the named sole inventor on each of the patents-in-suit. See Ex. A., Vonage's Second Rule 30(b)(6) Notice, at p. 9. Although Sprint objected to certain aspects of this topic, Sprint nonetheless agreed to "produce a witness to testify on this topic only as it relates to the structure and/or operation of any invention . . . by Joseph Michael Christie that is embodied in the patents-in-suit." See Ex. B, Sprint's Objections, at pp. 9-10.

Topic 19 relates to the development and design of prototypes, such as "JCS2000", that use the inventions disclosed and claimed in the patents Sprint now accuses Vonage of infringing. See Ex. A., Vonage's Second Rule 30(b)(6) Notice, at p. 9. Although objecting to this topic as seeking privileged information and being vague with respect to the terms "prototype" and "circumstances surrounding" used, Sprint agreed to "produce a witness to testify on this Topic". See Ex. B, Sprint's Objections, at p. 10.

- 2 -

DM1\1083665.1

Sprint designated Mr. Albert DuRee to testify as to Topics 18 and 19 in Vonage's Second Notice.  See Ex. C, Email correspondence from A. Seitz to B. Golob dated March 13, 2007.

On March 21 and 22, 2007, Vonage deposed Sprint through Mr. DuRee on Topics 18 and 19 from Vonage's Second 30(b)(6) Notice.   Despite Sprint's plain obligations under Rule 30(b)(6) to provide a person to testify as to matters known or reasonably available to the organization, and Sprint's express statements that it would provide a witness to testify on these Topics, Sprint failed to meet its obligations or provide the witness it had promised.

Indeed, Mr. DuRee plainly stated under oath that he had not prepared for the deposition in any way at all, and that Sprint made no effort to determine whether he was even capable of answering any questions on its behalf:

> Q.   You do know that you've been put here as a witness to testify on behalf of Sprint regarding certain subjects; is that correct?
>
> A.   Yeah.
>
> Q.   Did you think you should review documents regarding those subjects?
>
> A.   No.
>
> Q.   Why not?
>
> A.   You were going to ask me the questions, is my understanding.
>
> Q.   You've just testified --
>
> A.   I don't know what documents you're talking about.
>
> Q.   But you didn't think you needed to review anything in preparation for this deposition, even on behalf of Sprint?
>
> A.   No.
>
> Q.   And that's true even though you retired from Sprint in 1999?
>
> A.   Yeah, that's correct.

See Ex. D, Albert DuRee Dep. Tr. (rough) 03/21/07, at p. 19, line 24 to p.20, line 18.

Consistent with his lack of both knowledge and preparation, Mr. DuRee testified under oath that: (i) he had not reviewed any of the patents involved in this lawsuit (<u>see</u>, <u>e.g.</u>, Ex. D at p. 42, lines 13-15, and Ex. E, Albert DuRee Dep. Tr. (rough) 03/22/07, at p. 14, lines 19-21) ; (ii) he had no idea what the Asserted Patents cover (<u>see</u>, <u>e.g.</u>, Ex. D, at p. 44, lines 5-7); (iii) he did not know whether the Asserted Patents cover the "JCS2000" prototype or "Darwin" prototype (<u>see</u> Ex. E, at p. 13, lines 10-15 and p. 31, lines 16-18);  and (iv) he could not describe the operation of any invention disclosed and/or claimed in the Asserted Patents (<u>see</u> Ex. E at p. 38, line 17 to p. 39, line 3).[1]

## II.    QUESTIONS PRESENTED

(1)    Whether Sprint must designate and make available for deposition a person or persons knowledgeable of the subject matter of Topics 18 and 19 in Vonage's Second Rule 30(b)(6) Notice to testify on Sprint's behalf?

(2)    Whether Sprint's failure to comply with Rule 30(b)(6) warrants sanctions under Rule 37?

## III.    ARGUMENT

As this Court has already admonished Sprint, "companies 'have a *duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter.'"*  <u>Sprint Communs. Co., L.P. v. TheGlobe.Com, Inc.,</u> 236 F.R.D. 524, 527 (D. Kan. 2006) (Waxse, J.) (D.I. 86) (quoting <u>Starlight Int'l, Inc. v. Herlihy</u>, 186 F.R.D. 626, 639 (D. Kan. 1999) ("<u>Starlight I</u>") (emphasis added).  Notwithstanding this Court's express mandate,

---

[1]      Because Sprint has designated this deposition testimony as confidential, Vonage is filing Exhibits D and E with the Court under seal.

Sprint has failed to produce an adequately prepared Rule 30(b)(6) representative to testify on behalf of Sprint concerning Topics Nos. 18 and 19 of Vonage's Second Rule 30(b)(6) Notice – including the structure, operation, design and development of the inventions Sprint now accuses Vonage of copying.  Accordingly, Vonage respectfully requests that the Court enter an Order (a) compelling Sprint to substitute its Rule 30(b)(6) representative or otherwise adequately prepare its previously identified representative, Albert DuRee, for a new deposition; and (b) imposing sanctions on Sprint for its unjustified litigation conduct.

> **A.    Sprint Must Provide a Substitute Rule 30(b)(6) Representative or Adequately Prepare and Produce Its Previously Identified, but Unprepared, Rule 30(b)(6) Representative.**

When a party has failed to produce an adequately prepared Rule 30(b)(6) representative to testify on a properly noticed area of inquiry, that party must either produce a substitute representative or sufficiently prepare the previously identified representative for deposition. Sprint, however, has refused to take either action.

In <u>Audiotext Communications Network, Inc. v. US Telecom, Inc.</u>, No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 15416 at *39 (D. Kan. Oct. 5, 1995), the plaintiff failed to produce a sufficiently knowledgeable corporate representative for deposition.  As the Court explained, "[o]nce it became aware that the chosen representative lacked sufficient knowledge about certain matters, [the designating party] had the *duty to substitute another person for deposition or adequately prepare the then present deponent so that he could fully answer the questions*."  <u>Id.</u> (emphasis added).  <u>See</u> <u>also</u> <u>Starlight I</u>, 186 F.R.D. at 639 (noting that a party who produces a deficient 30(b)(6) witness "is obligated to provide a substitute.") (citations omitted). Accordingly, the <u>Audiotext</u> Court ordered the plaintiff to re-designate its witnesses and mandated the witnesses' preparation for re-deposition at the plaintiff's expense.  <u>See</u> at *40, 41.

Like the plaintiff in <u>Audiotext</u>, Sprint should be required to produce an adequately prepared representative for re-deposition.[2]  Although Vonage's counsel requested that Sprint do so, Sprint's counsel refused.  <u>See</u>, <u>e.g.</u>, Ex. E, at p. 39, line 22 to p. 40, line 4.  Accordingly, Vonage respectfully requests that the Court enter an Order compelling Sprint to produce a properly prepared Rule 30(b)(6) witness for deposition.

**B.    Sprint's "Objections" to the Deposition Notice Do Not Excuse its Failure to Produce or Prepare a Knowledgeable Witness.**

When confronted with the issue of Mr. DuRee's obvious lack of preparation, much less substantive knowledge Counsel for Sprint contended that, because Sprint had asserted "objections" to Vonage's Second Rule 30(b)(6) Notice on the grounds of overbreadth and relevancy, its Rule 30(b)(6) designee need not be prepared to testify as to these matters.[3]  <u>See</u> Ex. E at p 39, line 19 to p. 42, line 24; <u>see also</u> Ex. B at pp. 9-10.

Sprint's counsel's suggestion that Mr. DuRee was prepared to testify as to the portion of Topics 18 and 19 to which Sprint does not object (<u>see</u>, <u>e.g.</u>, Ex. E at p. 42, lines 19-20 ("He's here to talk about these topics subject to our objections")) – to the extent that portion can even be deciphered – is belied by the record.  Mr. DuRee could not answer even the most basic questions that Sprint said he would testify about – the structure and operation of the inventions "embodied in the patents in suit."

---

[2]    Ironically, the defendant who sought to compel the re-deposition of a previously ill-prepared 30(b)(6) representative in the <u>Audiotext</u> case was U.S. Telecom, Inc. *d/b/a Sprint Telemedia, who was represented by attorneys from the Law Department of the plaintiff within*, Sprint.

[3]    Vonage submits that this colloquy, much of which is reflected in the transcript itself, satisfies the parties' obligations to meet and confer on these issues pursuant to Local Civil Rule 37.2.  <u>See</u>, <u>e.g.</u>, <u>Pucket v. Hot Springs Sch. Dist. No. 23-2</u>, 239 F.R.D. 572 (D.S.D. 2006) (finding discussion between counsel during deposition regarding application of the attorney-client privilege to communications satisfies the meet-and-confer requirements local rule).

Thus, when shown U.S. Patent No. 6,298,064 (Exhibit "F" to Sprint's Complaint), and asked if he could describe the operation of any invention in the patent, Mr. DuRee testified: "No, I couldn't describe anything in that. That's Joe's original stuff. I didn't have anything to do with it." (See Ex. E at p. 38, line 17 to p. 39, line 3.) Indeed, Mr. DuRee further testified he had not even reviewed the Asserted Patents – the heart of the case and the topics noticed for deposition – and so had no information related to them. See, e.g., Ex. E at p. 35, line 22 to p. 36, line 6.

Even had Sprint prepared Mr. DuRee to testify as to portion of topics 18 and 19 to which Sprint did not object, which Mr. DuRee testified Sprint plainly did not do, Sprint's objections are not substantially justified. For this reason alone, Sprint must be compelled to produce a witness to testify as to these remaining subjects. See, e.g., Cromwell v. Sprint Comms. Co. L.P., No. 99-2125, 2000 U.S. Dist. LEXIS 7879 (D. Kan, May 26, 2000) (overruling Sprint's objections to Rule 30(b)(6) deposition notice based on relevance of topics noticed; awarding sanctions pursuant to Rule 37).

### 1.    Sprint's Objections were Insufficiently Made.

Sprint's bald and unsupported objections of overbreadth, irrelevance, ambiguity and privilege are insufficient bases to restrict deposition testimony. "[W]hen a deposition notice is served on a party to the lawsuit -- as is the case here -- the proper method for seeking relief is through a motion for protective order." Carolina Indus. Prods. v. Learjet Inc., No: 00-2366, 2001 U.S. Dist. LEXIS 16089 (D. Kan. Aug. 10, 2001) (denying in part motion for protective order from 30(b)(6) deposition over objections on grounds of relevance, overbreadth, burden and privilege). Sprint has offered nothing but boilerplate language, which is insufficient to support its objections or the restrictions it unilaterally sought to place on Mr. DuRee's already unsatisfactory testimony.

### 2.    Sprint's "General Objections" are Ineffective.

Sprint's boilerplate objections to Vonage's Second Rule 30(b)(6) Notice are inappropriate and ineffective. The Court has consistently disapproved of the practice of asserting a general objection "to the extent" it may apply to particular requests for discovery:

> The Court has characterized these types of objections as "worthless for anything beyond delay of the discovery." Such objections are considered mere "hypothetical or contingent possibilities," where the objecting party makes "'no meaningful effort to show the application of any such theoretical objection' to any request for discovery." Thus, this Court has deemed such "ostensible" objections waived or declined to consider them as objections at all.

Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 538 (D. Kan. 2006) (citations omitted). Sprint's general objections are therefore ineffective to excuse Sprint from its obligations to fully respond to Vonage's requests and to produce a witness to testify as to Topics 18 and 19 forthwith.

### 3.    Sprint's Objections Based on Privilege are Insufficient.

Sprint objects to Topics 18 and 19 "to the extent [they] seek[] information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection." (See Ex. B, at pp. 9-10). As this Court has repeatedly held, "a general objection which objects to a discovery request 'to the extent' that it asks the responding party to provide documents or information protected by the attorney-client privilege or work product immunity is tantamount to asserting no objection at all. In other words, such a general objection does not preserve the attorney-client privilege or work product immunity." Sonnino v. Univ. of Kan. Hosp. Auth., 221 F.R.D. 661, 667 (D. Kan. 2004).

As the Court has further held,

> Sprint, as the party asserting the attorney-client privilege and work product immunity, has the burden of establishing that the privilege/immunity applies. Boyer v. Board of County Comm'rs, 162 F.R.D. 687, 688 (D. Kan 1995). To carry that burden, Sprint must make a "clear showing" that the asserted objection

applies. *Ali v. Douglas Cable Communications, Ltd. Partnership*, 890 F. Supp. 993, 994 (D. Kan. 1995). Sprint must also "describe in detail" the documents or information sought to be protected and provide "precise reasons" for the objection to discovery. *National Union Fire Ins. Co. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D. Kan. 1994). . . . As the party asserting the privilege/work product objection, Sprint must also provide sufficient information to enable the court to determine whether *each element* of the asserted objection is satisfied. *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D. Kan. 1995). A "blanket claim" as to the applicability of the privilege/work product doctrine does not satisfy the burden of proof. *Marten v. Yellow Freight Sys., Inc.*, 1998 U.S. Dist. LEXIS 268, No. 96-2013- GTV, 1998 WL 13244, at *4 (D. Kan. Jan. 6, 1998); *Kelling v Bridgestone/Firestone, Inc.*, 157 F.R.D. 496, 497 (D. Kan. 1994). A party's failure to meet this burden when the trial court is asked to rule upon the existence of the privilege/immunity is not excused because the document is later shown to be one that would have been privileged if a timely showing had been made. *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984).

Cromwell v. Sprint, 2000 U.S. Dist. LEXIS 7879 at *11-13 (emphasis in original). Here, as in

Cromwell, Sprint has made no attempt whatsoever to identify any documents or areas of

testimony that it claims are privileged or protected by work product immunity. Nor has Sprint

provided any information that would allow Vonage or the Court to determine whether each

element of the claimed privilege or immunity has been satisfied. Because Sprint fails to meet its

burden to show that Topics 18 or 19 request privileged attorney-client communications or

protected work product, the Court should overrule these objections.

### 4. Sprint Cannot Establish Irrelevancy.

Sprint objects to Topic 18 on the grounds of relevance. It is axiomatic that relevancy is

"broadly construed" and a discovery request "should be considered relevant if there is 'any

possibility' that the information sought may be relevant to the claim or defense of any party."

Bailey v. SBC Disability Income Plan, No. 05-4093, 2006 U.S. Dist. LEXIS 92439 (D. Kan.

Dec. 19, 2006). Sprint has provided no basis upon which to contend Vonage's deposition topics

do not meet these ample standards. Vonage's request for deposition testimony regarding the

inventions in the Asserted Patents and others by persons with direct involvement in the

development of the technology strike at the heart of Sprint's claims for infringement, and Sprint neither has nor can substantiate the basis for an objection to these requests on the grounds of relevancy, much less clear the extraordinary threshold set by the Rules to sustain such an objection.

### 5.    Sprint Cannot Establish Burdensomeness and Overbreadth.

As to its objection to Topic 18 on the basis of overbreadth and burdensomeness, Sprint has "the burden of showing facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."  Id.

"Sprint has the burden to show not only 'undue burden or expense,' but also to show that the burden or expense is unreasonable in light of the benefits to be secured from the discovery."  Cromwell, 2000 U.S. Dist. LEXIS 7879 at *14.  Thus, even when the discovery "would cause great labor and expense or even considerable hardship and the possibility of injury to its business, Sprint must still establish that the hardship would be undue and disproportionate to the benefits [the propounding party] would gain" from the discovery.  Id.  Sprint has not done so.

Further, even requests that are overbroad on their face must still be answered as to the material facts at issue.  Unless Sprint promptly provides "sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce the requested documents," Bailey, 2006 U.S. Dist. LEXIS 92439, its objections provide no relief from its duty to respond to Vonage's request for testimony in full.

### 6.    Sprint's Asserted "Ambiguity" Does Not Excuse it from its Obligations under Rule 30(b)(6).

Sprint objects to Topic 19 "as vague and ambiguous with respect to the phrase 'circumstances surrounding' and the term 'prototype'."  Ex. B, at p. 10.

"The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." Pulsecard, Inc. v. Discover Card Servs., 168 F.R.D. 295, 310 (D. Kan. 1996). "A party responding to [a discovery request] should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in [such requests]. Where necessary to clarify their answers, the responding party may include any reasonable definition of the term or phrase at issue." Cromwell, 2000 U.S. Dist. LEXIS 7879 at *18-19. This Court has previously sanctioned Sprint for claiming that ordinary terms are vague and ambiguous. See id. ("[Sprint] has also failed to carry its burden with respect to its specific objections to the phrase 'describe, depict or discuss,' and the terms 'complaints' and 'criteria and/or *circumstances*.' The ordinary meaning of those words should be clear to Sprint. These objections are therefore overruled.") Even if Sprint genuinely finds the terms "circumstances surrounding" and "prototype" to be "vague and ambiguous," such ambiguity does not relieve Sprint of its duty to respond to the request in full. Sprint may exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in the requests it finds ambiguous, and include in its answers and testimony any necessary, reasonable definition of such terms or phrases, but it must respond nonetheless – fully and completely.

### C.  Sprint's Failure to Produce an Adequately Prepared Rule 30(b)(6) Representative Warrants the Imposition of Monetary Sanctions.

As this Court recognized in imposing monetary sanctions against parties who failed to adequately prepare their Rule 30(b)(6) representative for deposition, "[t]he mere fact that a party later has opportunity to again depose the representative does not cure the initial inadequacy of the witness." Starlight I, 186 F.R.D. at 640. Accordingly, in addition to an Order compelling Sprint to produce an adequately prepared Rule 30(b)(6) witness regarding Topics Nos. 18 and 19 on Vonage's Second Rule 30(b)(6) Notice, Vonage is also entitled to an award of monetary

- 11 -

sanctions against Sprint for Sprint's failure to properly prepare its corporate representative and the resulting prejudice and increased expenses to Vonage and disruption to the proceedings.

In <u>Starlight I</u>, the corporate representative defendants designated pursuant the Rule 30(b)(6) notice testified that he made no effort to contact the individuals having relevant information, did not review his own files, and reviewed only documents previously produced in the litigation  (which were provided by defense counsel only four or five days before the deposition); that his entire preparation consisted of speaking with defense counsel and reviewing previously produced documents; and that defense counsel provided no information on numerous topics identified in the Rule 30(b)(6) notices of deposition.  See <u>Starlight I</u>, 186 F.R.D. at 636. Moreover, throughout the Rule 30(b)(6) deposition, the defendants' designated representative repeatedly claimed ignorance regarding areas of inquiry identified in the Rule 30(b)(6) notices. See <u>id.</u> at 636-37.

In imposing monetary sanctions against the defendants, the Court reasoned that, as a result the defendants' failure to adequately prepare the Rule 30(b)(6) witness to testify, the plaintiff "incurred prejudice in the form of expense and wasted time" and disruption of the proceedings.  <u>Id.</u> at 639.  Moreover, the Court explained, "Fed. R. Civ. P. 37(d) permits the imposition of sanctions when a party or person designated under Rule 30(b)(6) fails 'to appear before the officer who is to take the deposition, after being served with proper notice.' '*Producing an unprepared witness is tantamount to a failure to appear at a deposition.*'" <u>Starlight I</u>, 186 F.R.D. at 639 (emphasis added) (citations omitted).

Here, as in <u>Starlight I</u>, Mr. DuRee, the corporate representative Sprint produced to provide testimony regarding the areas of testimony identified in Topics 18 and 19 on the deposition notice was wholly unprepared to perform the role mandated by Rule 30(b)(6) and

repeatedly testified that he had no knowledge regarding the identified areas of testimony. Even more egregiously than in Starlight I, however, Mr. DuRee testified that he reviewed no documents in preparation for the deposition and that his only preparation had been two (2) meeting with counsel for Sprint for a total of less than five (5) hours overall. See Ex. E, at p. 35, line 22 to p. 36, line 11.

While, in most cases, the insufficiency of a Rule 30(b)(6) witness is typically reflected in a general lack of knowledge and failure to provide substantive answers to questions (see Starlight I), Mr. DuRee clearly and explicitly testified as to Sprint's failure to prepare him:

> Q.  Were you given a copy of your notice of deposition before this deposition?
>
> A.  No.
>
> Q.  Were you given a copy of the notice of 30(b)(6) deposition that was served on Sprint by Vonage in this matter?
>
> A.  No.
>
> Q.  You were never shown the topics that were attached to that notice of deposition?
>
> A.  No.
>
> Q.  Are you aware that you were designated by Sprint as the witness who was supposed to testify on those topics?
>
> A.  I only know that I was told to come here and answer your questions.

See Ex. E, at p. 39, lines 4-18.

Accordingly, Vonage respectfully requests an Order imposing monetary sanctions upon Sprint, including, but not limited to, Vonage's costs and attorneys' fees associated with reconvening Sprint's Rule 30(b)(6) deposition regarding Topic Nos. 18 and 19, and the costs and

attorneys' fees associated with this Motion, for Sprint's failure to provide an adequately prepared Rule 30(b)(6) representative.[4]

## IV.    CONCLUSION

For the foregoing reasons, Vonage respectfully requests that the Court grant its motion and compel Sprint to produce a knowledgeable witness to testify on its behalf pursuant to Rule 30(b)(6), award Vonage its fees and expenses associated with this motion and any reconvened deposition, and such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

March 30, 2007                       /s/ Patrick J. Kaine

Don R. Lolli    KS Dist. #70236
Patrick J. Kaine  KS #15594
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111
816-931-2700
pkaine@DysartTaylor.com
dlolli@DysartTaylor.com


Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com

---

[4]    The United States Court of Appeals for the Tenth Circuit requires district courts to consider three factors in setting the amount of a monetary sanction:  "(1) the reasonable expenses incurred as a result of the sanctionable misconduct, including reasonable attorneys' fees; (2) the minimum amount necessary to deter future misconduct; and (3) the ability of the sanctioned part or attorney to pay the sanction."  Starlight Int'l, Inc. v. Herlihy, 190 F.R.D. 587 (D. Kan. 1999) ("Starlight II") (citing White v. GMC, 908 F.2d 675, 684-85 (10th Cir. 1990).  Upon an Order by the Court granting this Motion to Compel and for Sanctions, Vonage will submit affidavits assist the Court in assessing the appropriate monetary sanction.

bgolob@duanemorris.com
drmcphail@duanemorris.com

*Attorneys for Defendants/Counterclaim
Plaintiffs Vonage America, Inc. and Vonage
Holdings Corp.*

## CERTIFICATE OF SERVICE

I hereby certify on March 30, 2007, that a copy of Vonage Holdings Corp. and Vonage America, Inc.'s Motion to Compel Testimony in Response to Their Second Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6), and supporting papers, was filed electronically, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> Shook, Hardy & Bacon LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> bwebb@shb.com
> aseitz@shb.com
> eburesh@shb.com
>
> *Attorneys for Plaintiff*
> *Sprint Communications Company L.P.*

\_/s/ Donald R. McPhail\_\_

- 1 -