EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) <br> ) <br> Plaintiff, ) <br> ) Case No. 05-2433-JWL <br> v. ) <br> THE GLOBE.COM, INC., ET AL ) <br> Defendants. ) <br> ) | |

### VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S SECOND NOTICE OF DEPOSITION OF SPRINT COMMUNICATIONS COMPANY L.P. PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants Vonage America, Inc. and Vonage Holdings Corp. (collectively "Vonage") will take the deposition of Sprint Communications Company L.P. ("Sprint") by and through its representative(s), on December 1, 2006, beginning at 9:30 am and continuing day-to-day thereafter until completed. The deposition will be conducted at the offices of Duane Morris, 1667 K Street, NW, Suite 700, Washington, DC 20006, or at another date and/or location mutually agreed upon by the parties.

The deposition will be taken by oral examination, with written and/or sound and visual record made thereof (e.g. videotape, LiveNote, etc), before a Notary Public or officer authorized by law to administer such oaths.

Vonage will examine Sprint on the matters set forth below. Sprint is directed to and reminded of its obligation under Rule 30(b)(6) to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, to testify concerning these matters.

## DEFINITIONS AND INSTRUCTIONS

1.      The terms "you", "your" and "Sprint" are defined as Plaintiff/Counterclaim Defendant Sprint Communications Company L.P. and any and all agents, officers, employees, representatives, consultants, contractors, affiliates, parent companies and subsidiaries thereof, and any and all other persons or entities acting on its behalf, whether former or current.

2.      The term "Vonage" is defined as Defendants/Counterclaim Plaintiffs Vonage Holdings Corp. an/or Vonage America, Inc., and any and all agents, officers, employees, representatives, affiliates, parent companies and subsidiaries thereof, and any and all other persons or entities acting on its behalf, whether former or current.

3.      The term "the '294 patent" is defined as U.S. Patent No. 6,665,294, and any and all related patents or patent applications, whether foreign or domestic, including without limitation, all patents and patent applications which claim priority benefit of the filing date of the '294 patent, and all patents and patent applications from which the '294 patent claims priority benefit.

4.      The term "the '561 patent" is defined as U.S. Patent No. 6,663,561, and any and all related patents or patent applications, whether foreign or domestic, including without limitation, all patents and patent applications which claim priority benefit of the filing date of the '561 patent, and all patents and patent applications from which the '561 patent claims priority benefit.

5.      The term "the '429 patent" is defined as U.S. Patent No. 6,473,429, and any and all related patents or patent applications, whether foreign or domestic, including

without limitation, all patents and patent applications which claim priority benefit of the filing date of the '429 patent, and all patents and patent applications from which the '429 patent claims priority benefit.

6. The term "the '052 patent" is defined as U.S. Patent No. 6,463,052, and any and all related patents or patent applications, whether foreign or domestic, including without limitation, all patents and patent applications which claim priority benefit of the filing date of the '052 patent, and all patents and patent applications from which the '052 patent claims priority benefit.

7. The term "the '064 patent" is defined as U.S. Patent No. 6,298,064, and any and all related patents or patent applications, whether foreign or domestic, including without limitation, all patents and patent applications which claim priority benefit of the filing date of the '064 patent, and all patents and patent applications from which the '064 patent claims priority benefit.

8. The term "the '932 patent" is defined as U.S. Patent No. 6,452,932, and any and all related patents or patent applications, whether foreign or domestic, including without limitation, all patents and patent applications which claim priority benefit of the filing date of the '932 patent, and all patents and patent applications from which the '932 patent claims priority benefit.

9. The term "the '572 patent" is defined as U.S. Patent No. 6,304,572, and any and all related patents or patent applications, whether foreign or domestic, including without limitation, all patents and patent applications which claim priority benefit of the

filing date of the '572 patent, and all patents and patent applications from which the '572 patent claims priority benefit.

10. The term "Asserted Patents" is defined as one or more of the '294 patent, 'the '561 patent, the '429 patent, the '052 patent, the '064 patent, the '932 patent and/or the '572 patent.

11. The term "correspondence" is defined as including, but not limited to, any letter, telegram, telex, TWX, facsimile, e-mail, notice, message, memorandum, oral or written communication, and/or a transcript of notes or an oral communication, whether embodied in a tangible medium or not.

12. The term "communication" is defined as every manner of disclosure, transfer or exchange, and every disclosure, transfer or exchange, of information, whether orally or by written documents or otherwise, and whether face-to-face, by telephone, mail, e-mail, personal delivery, electronic transmission, person-to-person, in a group, or otherwise, and shall include any utterance heard by any other person whether in person, by telephone or otherwise.

13. The terms "regarding", "regard(s)", "relating", "relate(s) to", referring to" and/or "refer(s)" are defined to include containing, contain(s), recording, record(s), discussing, discuss(es), mentioning, mention(s), noting, note(s), evidencing, evidence(s), memorializing, memorialize(s), analyzing, analysis(es), describing, describe(s), commenting upon, comment(s) upon, have any connection with and/or have any tendency to prove or disprove any issue or matter set forth.

14. The term "document" is used in its broadest possible sense and includes, without limitation, any information recorded in any manner or medium. It includes, but is not limited to, written, printed, typed, recorded and/or electronic or graphic material however produced, such as all correspondence, letters, memoranda, notes, summaries of personal conversations, interviews or meetings, communications, transcripts, electronically transmitted messages (e-mail), voice mail, minutes, telephone logs or message slips, facsimiles, telegrams, telexes, notepads, postcards, "Post-it" notes, records, press releases, promotional materials, brochures, advertisements, circulars, newspaper and/or periodical articles and/or clippings, articles, books, pamphlets, manuals, outlines, summaries, reports, studies, analyses, opinions or reports of consultants and/or advisers, files, data sheets, contracts, agreements, charts, graphs, plans, drawings, sketches, calendars, appointment books, diaries, daily calendars, date books, checks, wire transfers, records of payment, bank records, accounting statements, bills, billing memoranda, invoices, ledgers, vouchers, books of account, microfilm, microfiche, pictures, photographs, sound and/or video recordings, computer files, computer printouts, computer tapes, disks, diskettes, websites, CD-ROMs, data tapes, electronic or magnetic media, and other data compilations from which information can be obtained, translated, if necessary, by Plaintiffs through detection devices into reasonably usable form, including but not limited to electronic or computerized data compilations (including any information contained in any desktop, laptop, server or mainframe) and all other writings.

Case 2:05-cv-02433-JWL   Document 151-2   Filed 03/30/2007   Page 7 of 15

15. The terms "and", "or" and "and/or" shall be construed disjunctively or conjunctively, as necessary, in order to bring within the scope of any question any response which may otherwise be construed to be outside the scope thereof.

16. Any term used in the singular shall be construed as plural, or *vice versa*, as necessary, in order to bring within the scope of any question any response which may otherwise be construed to be outside the scope thereof.

17. Any term used in the past tense shall be construed as the use of that verb in all other tenses in order to bring within the scope of any question any response which may otherwise be construed to be outside the scope thereof.

18. The terms "any" and "all" shall be considered to include "each and every".

19. The term "Vonage product and/or service" is defined as any product and/or service utilized for providing any telephony services that Vonage distributes, provides, uses, sells, offers for sale, markets and/or manufactures, wherein any portion of a telephone call is transmitted over: (a) a packet-based network, such as the Internet; (b) a circuit-switched network or device, such as the Public Switched Telephone Network (PSTN) or a standard POTS telephone; or (c) any combination of a packet-based network and a circuit-switched network or device.

20. The term "Sprint product and/or service" is defined as any product and/or service utilized for providing any telephony services that Sprint conceived, designed, developed, distributes, provides, uses, sells, offers for sale, markets and/or manufactures, wherein any portion of a telephone call is transmitted over: (a) a packet-based network, such as the Internet; (b) a circuit-switched network or device, such as the Public Switched

Telephone Network (PSTN) or a standard POTS telephone; or (c) any combination of a packet-based network and a circuit-switched network or device. The term "Sprint product and/or service" shall include, but not be limited to, those products and/or services known as JCS2000, BONANZA, CCM (a/k/a Call Control Manager), BB/IN (a/k/a BBIN or Broadband Intelligent Network)), BBOSD, SPRINT ION and/ SPRINT SUCCESSION.

### TOPICS FOR DEPOSITION

1. The design, development, conception and/or reduction to practice (actual or constructive) of any invention disclosed and/or claimed in the Asserted Patents.

2. The identity of the individual(s) most knowledgeable regarding the design, development, conception and/or reduction to practice (actual or constructive) of any invention disclosed and/or claimed in the Asserted Patents.

3. Any reverse engineering and/or tear-down and/or analysis of any Vonage product and/or service by Sprint.

4. The identity of the individual(s) most knowledgeable regarding any reverse engineering and/or tear-down and/or analysis of any Vonage product and/or service by Sprint.

5. Identification and description of all documents describing, relating or referring to the design, development, conception and/or reduction to practice (actual or constructive) of any invention disclosed and/or claimed in the Asserted Patents.

6. The structure and/or operation of any invention disclosed and/or claimed in the Asserted Patents.

7. The identity of the individual(s) most knowledgeable regarding the structure and/or operation of any invention disclosed and/or claimed in the Asserted Patents.

8. The identity of the individual(s) involved the design, development, conception and/or reduction to practice (actual or constructive) of any invention disclosed and/or claimed in the Asserted Patents.

9. Documents kept by Sprint in the ordinary course of business that relate or refer to the design, development, conception and/or reduction to practice (actual or constructive) of any invention disclosed and/or claimed in the Asserted Patents.

10. Documents kept by Sprint in the ordinary course of business that relate or refer to the structure and/or operation of any invention disclosed and/or claimed in the Asserted Patents including, but not limited to, documents bearing Bates numbers SPRe-002-01-03798 to SPRe-002-01-003896 and SPRp-007-01-01020 to SPRp-007-01-01133.

11. The basis for Sprint's assertion that any Vonage product and/or service infringes any of the Asserted Patents.

12. Documents cited during the prosecution of any application from which an Asserted Patent issued and/or claims priortity.

13. The structure and/or operation of any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents.

14. The identity of the individual(s) most knowledgeable about the structure and/or operation of any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents.

15. The structure and/or operation of any invention designed, developed, conceived and/or reduced to practice (actual or constructive) by Joseph Michael Christie.

16. The identity of the individual(s) most knowledgeable about the structure and/or operation of any invention designed, developed, conceived and/or reduced to practice (actual or constructive) by Joseph Michael Christie.

17. The circumstances surrounding the design, development, conception and/or reduction to practice (actual or constructive) of any invention by Joseph Michael Christie.

18. The structure and/or operation of any invention designed, developed, conceived and/or reduced to practice (actual or constructive) by Joseph Michael Chistie and one or more of Manu Chand Bhal (a/k/a Bobby Chand Bahl), Albert Daniel Duree, Michael Joseph Gardner, Daniel Charles Sbisa, William Lyle Wiley, Tracy Lee Nelson, James David Setter, Pamela Lynne Satterfield and/or Mark Sucharczuk.

19. The circumstances surrounding the design and/or development of any prototype of any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents, including, but not limited to, the prototype of JCS2000 described in the document bearing Bates number SPRe-002-01-04691 and the prototype referenced by Michael Setter at his deposition on April 28, 2006.

20. The design, development, conception and/or reduction to practice (actual or constructive) of any Sprint product and/or service.

21. The identity of the individual(s) most knowledgeable regarding the design, development, conception and/or reduction to practice (actual or constructive) of any Sprint product and/or service.

22. Any investigation or analysis of any Vonage product and/or service prior to Sprint's filing of suit against Vonage for the alleged infringement of the Asserted Patents.

23. The identity of the individual(s) most knowledgeable regarding any investigation or analysis of any Vonage product and/or service prior to Sprint's filing of suit against Vonage for the alleged infringement of the Asserted Patents.

24. The preparation and prosecution of the Asserted Patents, including any related patents or patent applications, whether foreign or domestic, any patents or patent applications from which an Asserted Patent claims priority benefit, and/or any patents or patent applications which claim priority benefit of the filing date of an application from which an Asserted Patent issued or claims priority benefit from, including any post-grant proceedings such as opposition, re-examination, reissue or revocation.

25. The preparation and prosecution, including any post-grant proceedings such as opposition, re-examination, reissue or revocation, of any patent or patent application, whether foreign or domestic, which discloses and/or claims any invention that relates to, utilizes and/or involves VoIP technology.

26. Any investigation or analysis of prior art by Sprint, including, but not limited to, the prior art search referenced by Michael Setter at his deposition on April 28, 2006.

27. Documents that relate to, refer to and/or describe the structure and/or operation of any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents, including, but not limited to, the following: documents bearing Bates numbers SPRe-002-01-03798 to SPRe-002-01-003896; documents bearing Bates numbers SPRp-007-01-01020 to SPRp-007-01-01133; technical documents and papers prepared and/or authored by Kemm Consulting Inc. and/or Massoud Kamali and/or Mahsen Emami, including "A High End Multiprocessor/Multiboard System for CCM" dated April 17, 1995 (Ex. A), "Network Architecture Alternatives for CCM" dated April 20, 1995 (Ex. B) and "BBIN-KEMM-IPDN-10D" dated September 19, 1995 (Ex. C); the document entitlted "CCM Detailed Design Revision 0.1" dated April 27, 1995 (Ex. D); and the document entitled "JCS2000 Design Document for the 0.2 Development Phase" dated March 31, 1997 (Ex. E).

28. Documents that relate to, refer to and/or describe the structure and/or operation of any Sprint product and/or service that that relates to, utilizes and/or involves VoIP technology, including, but not limited to, the following: documents bearing Bates numbers SPRe-002-01-03798 to SPRe-002-01-003896; documents bearing Bates numbers SPRp-007-01-01020 to SPRp-007-01-01133; technical documents and papers prepared and/or authored by Kemm Consulting Inc. and/or Massoud Kamali and/or Mahsen Emami, including "A High End Multiprocessor/Multiboard System for CCM"

dated April 17, 1995, "Network Architecture Alternatives for CCM" dated April 20, 1995 and "BBIN-KEMM-IPDN-10D" dated September 19, 1995; the document entitlted "CCM Detailed Design Revision 0.1" dated April 27, 1995; and the document entitled "JCS2000 Design Document for the 0.2 Development Phase" dated March 31, 1997.

29.  Documents that relate to, refer to and/or describe the structure and/or operation of any Sprint product and/or service that that relates to, utilizes and/or involves any invention by Joseph Michael Christie, including, but not limited to, the following: documents bearing Bates numbers SPRe-002-01-03798 to SPRe-002-01-003896; documents bearing Bates numbers SPRp-007-01-01020 to SPRp-007-01-01133; technical documents and papers prepared and/or authored by Kemm Consulting Inc. and/or Massoud Kamali and/or Mahsen Emami, including "A High End Multiprocessor/Multiboard System for CCM" dated April 17, 1995, "Network Architecture Alternatives for CCM" dated April 20, 1995 and "BBIN-KEMM-IPDN-10D" dated September 19, 1995; the document entitlted  "CCM Detailed Design

Revision 0.1" dated April 27, 1995; and the document entitled "JCS2000 Design Document for the 0.2 Development Phase" dated March 31, 1997.

                              Respectfully submitted,

                              /s/ Donald R. McPhail

                              Patrick D. McPherson
                              Barry Golob
                              Donald R. McPhail
                              Patrick C. Muldoon
                              Duane Morris LLP
                              1667 K Street N.W.
                              Washington, DC 20006-1608
                              202-776-7800
                              pdmcpherson@duanemorris.com
                              bgolob@duanemorris.com
                              drmcphail@duanemorris.com
                              pcmuldoon@duanemorris.com

                              Don R. Lolli    KS Dist. #70236
                              Patrick J. Kaine  KS #15594
                              Dysart Taylor Lay Cotter & McMonigle P.C.
                              4420 Madison Avenue
                              Kansas City, Missour 64111
                              816-931-2700
                              pkaine@DysartTaylor.com
                              dlolli@DysartTaylor.com

                              *Attorneys for Defendants/Counterclaim*
                              *Plaintiff Vonage America, Inc. and Vonage*
                              *Holdings Corp.*

Dated: November 22, 2006

## CERTIFICATE OF SERVICE

I hereby certify on this **22**[nd] day of **November, 2006** that a copy of VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S SECOND NOTICE OF DEPOSITION OF SPRINT COMMUNICATIONS COMPANY LP was served by email and First Class Mail on:

B. Trent Webb
Adam P. Seitz
Erick A. Buresh
SHOOK, HARDY & ;BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
Fax: (816) 421-5547
**ATTORNEYS FOR PLAINTIFF**

            Respectfully submitted,

            /s/ Donald R. McPhail