IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 05-2433-JWL |
| v. | ) |
| THE GLOBE.COM, INC., ET AL | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S MOTION TO AMEND SCHEDULING ORDER**

Vonage America, Inc. and Vonage Holdings Corp. (collectively, "Defendants" or "Vonage") respectfully submit this memorandum in support of their Motion to Amend the Court's Scheduling Order to extend discovery deadlines and related dates. Given the immediacy of the issues addressed herein, for the reasons set forth below, Defendants respectfully request oral argument on, and the Court's expedited consideration of, this motion.

**I.   BACKGROUND**

On January 18, 2006, pursuant to Fed. R. Civ. P. 16(b), this Court conducted a scheduling conference in this case with all parties to this litigation at that time, including Defendants and Plaintiff Sprint Communications Co., L.P. ("Plaintiff" or "Sprint"). Following that conference, the Court entered a Scheduling Order, also dated January 18, 2006, providing deadlines and settings for certain events in the pretrial phase of this litigation:

| Event | Original Deadline |
|---|---|
| All discovery completed | 12/29/2006 |
| Experts disclosed by plaintiff | 10/2/2006 |
| Experts disclosed by defendant | 10/30/2006 |
| Rebuttal experts disclosed | 11/13/2006 |
| Supplementation of disclosures | 40 days before discovery deadline |
| Preliminary witness and exhibit disclosures | 10/20/2006 |
| All other potentially dispositive motions (e.g., summary judgment) | 2/28/2007 |
| Motions challenging admissibility of expert testimony | 2/28/2007 |
| Final pretrial conference | 1/24/2007 |
| Proposed pretrial order due | 1/14/2007 |

Since the entry of the Scheduling Order, the parties have pursued discovery diligently, and the Court, at the parties' joint request, has extended discovery and related filing deadlines in order to accommodate the significant amount of documents, witnesses and other material in this case. See, e.g., January 26, 2007 Order granting Parties' Joint Motion to Extend Discovery Deadlines (D.I. No. 106), extending discovery until March 30, 2007;[1] see also April 3, 2007 Order granting Joint Motion for Extension of Time to File Proposed Pretrial Order (D.I. No. 154), resetting pretrial conference for May 9, 2007, and extending dates for pretrial order and dispositive motions to May 7 and 15, 2007, respectively. For the most part, the parties have been successful in negotiating various discovery issues and arriving at a mutually agreeable solution without the Court's assistance, and complete discovery in a timely manner.

---

[1] This extension was granted in response to Vonage's November 2006 motion to extend discovery (D.I. No. 100), which Sprint joined. See D.I. No. 106.

This trend has, however, to say the least, staved off in recent weeks. Despite the previous extension requested of and granted by the Court, which Vonage reasonably considered, and which Sprint agreed, would allow sufficient time in which to complete discovery and allow Sprint to meet its outstanding discovery obligations, this has, Vonage's best efforts notwithstanding, not been the case.

Indeed, the only thing that has changed since the parties' first joint motion to extend discovery in late 2006 is that Sprint has delayed the responses it promised to such a degree that Vonage is still without the discovery the Court granted Sprint time to produce. The Court ruled this week that Vonage is entitled to this information. Vonage therefore seeks an amendment to the Scheduling Order to allow for this necessary discovery to be fully and fairly, and finally, completed, and for this information to be fairly included at trial.

**A.     By its Order of April 3, 2007, the Court Has Recognized the Need for Additional Discovery, and Compelled Sprint to Provide It.**

Based on Sprint's demonstrated and consistent inability to locate and produce the most basic documents in its possession, Vonage moved in January 2007 for an order compelling Sprint to disclose the search terms it used to locate and recover documents responsive to Vonage's discovery requests. See Vonage's Motion to Compel Sprint Communications Co., L.P. to Identify Search Terms used to Search for Relevant Documents Responsive to Vonage's Document Requests (D.I. No. 107). By Order dated April 3, 2007, the Court, by the Hon. David J. Waxse, granted Vonage's motion in part, and ordered that the parties "meet and confer within the next seven (7) days to develop a

mutually agreed-upon search protocol with regard to information and documents Vonage allege [sic] exists but cannot be found by Sprint." Id.[2]

As Sprint has demonstrated, even after Sprint has searched for, identified and located documents, it takes Sprint literally *months* to produce these materials to Vonage. For example, after months of Vonage's asking for documents relating to agreements between Sprint and Cisco Systems, Inc. ("Cisco"), a supplier of components for the Vonage phone system, Sprint finally indicated it had located these documents in mid-January, 2007. See, e.g., Jan. 19, 2007 email from Mr. Seitz to Mr. Golob, indicating Cisco documents had been located, attached as Exhibit "A." It took Sprint until mid-March 2007 to finally produce these materials to Vonage, including, purportedly, as discussed *infra*, complete versions of the agreements identified *by Vonage* months before. It is therefore entirely possible, and in all accounts likely, that under the current Scheduling Order the parties will be required to file a proposed pretrial order (presently due May 7, 2007) before Sprint even runs the ordered searches, and begin trial (presently scheduled to begin September 7, 2007) before Vonage sees the results.

In order for the parties to have the benefit of the Court's April 3, 2007 Order, which Vonage expects will compel the production of long-sought documents that will be vital to the merits of Sprint's claims and Vonage's defenses to them, Vonage respectfully submits that an extension of the dates in the Scheduling Order is appropriate and necessary. Without an amendment to the Scheduling Order, including relief from the current discovery deadline (which has passed) and the trial date, Sprint can simply take

---

[2] The Court denied Vonage's motion only to the extent that Vonage sought the disclosure of search terms Sprint had already used in responding to Vonage's discovery

4

its time in running any agreed searches (which will surely take days if not weeks to agree upon), and producing any responsive information, and hope to run out the clock on discovery Vonage has diligently sought.

> **B.     Upon the Scheduled Close of Discovery on March 30, 2007, Sprint has Numerous Outstanding Discovery Obligations.**

The issues detailed in Vonage's November 2006 Motion to Extend Discovery Deadlines (D.I. No. 100) regarding Sprint's responses to discovery, which were the basis of its request to extend discovery to its current date, have not been resolved. As described at length in Vonage's Motion to Compel Sprint Communications Co., L.P. to Identify Search Terms used to Search for Relevant Documents Responsive to Vonage's Document Requests (D.I. No. 107), which the Court has granted this week, and Vonage's Motions to Compel the Production of Documents of Joseph Michael Christie (D.I. No. 146) and Testimony in Response to Their Second Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) (D.I. No. 150), and Vonage's Motion for Leave to Amend its Answer, Affirmative Defenses and Counterclaims (D.I. No. 148) to add defenses raised in Sprint's latent responses to Vonage's timely requests, which are now pending, Sprint's responses to Vonage's discovery requests remain incomplete, inadequate, and excruciatingly slow in coming. Based on Vonage's diligence in pursuing this information, and Sprint's active resistance to these efforts, an extension of discovery is appropriate.

> **1.     Sprint's Document Production Has Been Inadequate and Deliberately Slow.**

Throughout the course of discovery, Sprint has represented that it has produced all responsive information to Vonage's specific requests for production. On multiple

---

requests.  Id.

occasions, based on a review of Sprint's production, Vonage has learned this was not the case. When pressed on these issues, Sprint concedes.

For example, since the inception of discovery, Vonage has sought documents from Sprint referring or relating to any licenses that may be applicable to the asserted patents or accused technology. See, e.g., Vonage's First Set of requests for Production of Documents and Things, and Sprint's responses thereto, attached as Exhibit "B," at Request Nos. 21-23, 26. Sprint contended it had no such documents, other than what limited information it provided with its initial disclosures. Id.

In reviewing Sprint's initial production of documents, it became apparent that Sprint was not fully forthcoming regarding its agreements and licenses with third parties relating to the technology at issue. Specifically, Sprint's representations notwithstanding, Vonage discovered references to an extensive set of agreements between Sprint and Cisco, from which Vonage purchases some of the components in its accused phone system. These agreements including an apparently fully executed license expressly covering Sprint's JCS2000 system and the work of the purported sole inventor of the Asserted Patents. Vonage thus specifically requested Sprint supplement its document production with this information. See, e.g., September 20, 2006 Ltr. from Golob to Seitz, attached as Exhibit "C," at ¶viii (requesting Sprint produce "contracts with and licenses from third parties," citing list of agreements identified in documents Bates numbered SPRe-002-01-00188 and -00189).

Despite these references to such documents on the face of its own production, and Sprint's promise, at the time of the parties' application to the Court for an extension of the discovery deadline, to fill in the gaps in its production, Sprint was slow to respond.

To ensure a full response by Sprint, Vonage issued additional discovery requests in January 2007 seeking, among other things,

> 39. All Sprint license agreements covering the "Asserted Patents" or other patents related to or regarding VoIP technology, and any materials reviewed or prepared by or for Sprint during negotiation(s) of such license agreements.
>
> 40. All documents discussing any Sprint offers, or requests, to license patents covering or relating to VoIP technology.

<u>See, e.g.</u>, Vonage's Second Set of Requests for Production of Documents and Things, and Sprint's responses thereto, attached as Exhibit "D."

In January 2007, Sprint produced a handful of facially incomplete agreements between Sprint and Cisco, including a License Agreement by which Sprint licensed to Cisco numerous patents relating to the JCS2000 system, an Alliance Agreement delineating an extensive relationship for the joint development and ownership of products and intellectual property relating to the Asserted Patents, a Statement of Work detailing extensive obligations between Sprint and Cisco regarding this joint effort, and a Master Purchase Agreement providing the terms of any sales of products between Cisco and Sprint.

These documents constitute and reflect an extensive relationship between Sprint and Cisco regarding the technology in suit, as Vonage had requested. Still, on the face of the Cisco materials, it was similarly plain that Sprint's latent production of these documents was substantially incomplete. Sprint produced some of these agreements without exhibits, and the agreements themselves referenced other related documents which Sprint has not produced. By letter dated February 15, Vonage again requested that Sprint supplement its responses, and detailed the extent of the information that it was

apparent from the face of these documents that Sprint had but had still failed to produce. See Feb. 15, 2007 Ltr. from Golob to Seitz, attached as Exhibit "E." To ensure that Sprint finally produced each of these documents, including those particular Cisco materials mentioned in Sprint's production, Vonage issued a fourth set of document requests detailing this information by name. See, e.g., Vonage's Fourth Set of Requests for Production of Documents and Things, and Sprint's responses thereto, attached as Exhibit "F."

As late as March 28, 2007, Sprint continues to indicate that documents responsive to Vonage's requests have yet to be produced. See, e.g., Ex. F, at response to Request No. 1 ("Sprint further states that it has produced and/or will produce relevant, nonprivileged, responsive documents in its possession, custody or control that can be located following a diligent and reasonable search.").

Sprint's recalcitrance in producing documents initially, which prompted the initial request for an extension of time for discovery, and repeatedly in subsequent correspondence and formal discovery measures since that extension, has forced Vonage to subpoena these missing materials from Cisco directly. Vonage issued this subpoena on or around March 30, 2007, and is working with Cisco to ensure a full and prompt production by Cisco to make up for Sprint's shortcomings.

### 2. Sprint Has Failed to Provide Facts Supporting its Claims of Infringement.

Since the inception of discovery, Vonage has sought the factual basis for Sprint's contentions that Vonage's phone system infringes Sprint's patents. Despite Vonage's

diligence, Sprint has still failed to provide this information, and even upon the close of discovery continues to hedge its bets.

In Interrogatories issued to Sprint, Vonage sought, among other things, facts as to the manner in which Sprint contended Vonage infringed the asserted claims of the patents-in-suit.  See, e.g., Vonage Holdings' Interrogatories No. 6 and Sprint's Supplemental responses thereto, attached as Exhibit "G."  Setting aside the merits of Sprint's objections to this interrogatory, which Vonage disputes, Sprint's responses to this interrogatory, at the close of discovery, remain insufficient.  Even in its supplemental response to this Interrogatory, made in February 2007 – after a year of discovery, and just weeks before discovery closed – Sprint's only factual response to the basis of its allegations of infringement is to refer Vonage to the January 12, 2007 report of Sprint's expert, Dr. Wicker.  See Ex. G at Response No. 6.  Sprint couched its response, and Dr. Wicker's report, as being "not exhaustive, but exemplary."  Id.  Legally inappropriate for multiple reasons,[3] Sprint's responses indicate an attempt by Sprint to hold its cards as to the basis of its own claims until after the close of discovery, to Vonage's ultimate prejudice.  The rules of discovery do not countenance such a result.  Further, Vonage's

---

[3]     While Rule 26 allows (and indeed requires) Sprint to supplement its responses as additional information which was previously unknown and unknowable becomes available, Sprint may not limit or qualify its responses to interrogatories by providing a "sampling" of its contentions rather than exhaustive list.  See, e.g., Williams v. Sprint/United Mgmt. Co., 235 F.R.D. 494, 500 (D. Kan. 2006); Pulsecard, Inc. v. Discover Card Servs., No: 94-2304, 1996 U.S. Dist. LEXIS 10014 (D. Kan. July 11, 1996).

Furthermore, Rule 26(a)(2)(B) requires that an expert's report contain "a complete statement of all opinions to be expressed and the basis and reason therefor."  Fed. R. Civ. P. 26(a)(2)(B).  Sprint's contention that the bases identified in Dr. Wicker's report as "not exhaustive, but exemplary" is thus disconcerting on an entirely separate level.

interrogatory responses indicate that, despite Sprint's refusal to join in this request, Sprint intends for expert discovery to extend indefinitely while Sprint revises and revises the bases of its contentions ad nauseum. It is Sprint's burden to prove its case of infringement. Important and substantial discovery cannot be completed until Sprint stakes its claim.

### 3. Sprint Has Refused to Produce Prepared Deposition Witnesses.

As detailed in their joint motion to extend discovery, in the interest of efficiency, the parties mutually agreed to begin the lion's share of their respective depositions after further document productions had been made and reviewed. In March 2007, Vonage deposed Sprint pursuant to Rule 30(b)(6) on multiple topics at the heart of Sprint's allegations, including those of patent infringement, and the development of the inventions Sprint accuses Vonage of copying. Sprint designated for Mr. Albert DuRee to testify on Sprint's behalf on certain of these topics.

At his deposition on March 21 and 22, Mr. DuRee shockingly testified that: (1) despite his designation by Sprint to testify on its behalf, Mr. DuRee had not been informed that he had been designated by Sprint to testify on its behalf, shown the Notice of Deposition, or notified as to the topics he was expected to testify; (2) he had done no preparation for the deposition; (3) he had no knowledge of – and had not been asked, by Sprint or its counsel, to review – any documents, including the Asserted Patents. See Vonage's Motion to Compel Deposition Testimony In Response to Their Second Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) (D.I. No. 150) and exhibits thereto.

By way of further example, Sprint has objected and refused to produce witnesses to testify to topics noticed by Vonage in its deposition notices issued pursuant to Rule

30(b)(6) on the basis of "relevance." Id. Sprint has neither sought a protective order, or substantiated the basis for its objections.

These examples of Sprint's failure to produce a knowledgeable witness to testify on its behalf was a shirking of its discovery obligations. Done as it was here, on the eve of the close of discovery and after months to prepare, Sprint's failure necessitates the allowance of additional time for discovery, both to complete Sprint's Rule 30(b)(6) deposition, and to see what other information Sprint has not disclosed.

As demonstrated by these examples, some discovery, Vonage's best efforts notwithstanding, remains as much in its nascency as it was at the time the Court first extended the discovery deadline. All this notwithstanding, discovery, under the Court's Scheduling Order, closed March 30.

    **C.**    **Perhaps Not Surprisingly, But Unreasonably, Sprint Has Indicated It Will Oppose this Motion.**

Based in large part on the many depositions yet to be conducted by each of them, on March 28, 2007, the parties submitted a joint motion to extend the time for filing their Joint Pretrial Order, see D.I. No. 143, which the Court has granted. See Order of April 3, 2007, D.I. No. 154. Still, Sprint indicated in a call with Magistrate Judge Waxse that it opposes a motion to extend discovery to accommodate this joint need.[4] Combined with the numerous outstanding discovery obligations it has unreasonably failed to meet, Sprint's insistence that discovery be closed suggests an untoward purpose to leave Vonage without information is has requested repeatedly and, by dragging its feet, to allow discovery to close without having met its obligations or keeping its promises.

11

The extension previously granted by the Court should have been sufficient for the parties to complete their discovery obligations, and, based on Sprint's assurances that sufficient documents and testimony would be forthcoming, Vonage reasonably believed it was. In its joinder of Vonage's previous request for the extension of the Court's discovery deadline, Sprint expressly acknowledged that certain discovery events, such as "the production of witnesses for deposition and the preparation of expert reports" are "contingent upon the document production," and "hampered by" the production in its then current state, and the delays thereof. See D.I. No. 106 at p. 2. As Sprint has since failed to remedy, and only amplified, the inadequacies of its responses to discovery, its refusal to join this request is particularly suspect.

Rather than being forthcoming with documents and testimony, as it promised and as the Court this week ordered, Sprint has apparently adopted a pattern of producing documents only when Vonage requests them by name, withholding the basis of its infringement allegations until after the close of discovery, and effectively refusing to provide testimony.

For the reasons stated in Vonage's pending Motion to Compel production of the search terms Sprint has used in its search for documents responsive to Vonage's reasonable discovery requests (D.I. 107), the efficacy of Sprint's measures to locate and produce information required by the rules of discovery are, and, until remedied per the Court's April 3, 2007 Order, subject to serious question. Vonage respectfully requests

---

[4] Vonage respectfully submits that this real-time dialogue between the parties and before the Court satisfies their obligations pursuant to Local Civil Rule 6.1.

the Court amend the Scheduling Order, and extend all deadlines therein by 180 days, to allow for a fair completion of the discovery Sprint continues to resist.

## II. ARGUMENT

Federal Rule of Civil Procedure ("Rule") 16(b) provides that a scheduling order may be modified "upon a showing of good cause and by leave of the district judge . . . ." Fed. R. Civ. P. 16(b); see also L. Civ. R. 26.1 (noting the Court, "for good cause shown, may establish longer or shorter periods for the completion of discovery."). "[W]hile the pretrial order defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" Summers v. Missouri Pac. R.R. Sys., 132 F.3d 599, 604 (10th Cir. 1997), *overruled in part on other grounds,* 127 S. Ct. 799 (1977) (reversing order denying motion to amend scheduling order). The Advisory Committee Notes to Rule 16 explain that, in view of the circumstance that scheduling orders are entered early on in the case, the "good cause" standard for amending orders is not to be construed as particularly onerous. Advisory Comm. Notes for 1983 Amend. ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test."). Furthermore, "[z]eal to dispose of pending litigation, commendable in itself, should not result in deprivation of reasonable opportunity to make adequate preparation for trial." Summers, 132 F.3d at 605-06 (citation, punctuation omitted).

To establish good cause, a moving party must show that the Scheduling Order's deadline "could not have been met with diligence." Sithon Maritime Co. v. Holiday

13

Mansion, 177 F.R.D. 504, 508 (D. Kan. 1998) (granting motion to amend scheduling order to file amended pleading).  Compare Pfeiffer v. Eagle Mfg. Co., 137 F.R.D. 352, 355 (D. Kan. 1991) (finding that even where defense counsel could have been more diligent in meeting original deadlines, granting motion to amend scheduling order).

Here, the status of discovery, on its face, shows that Vonage has pursued Sprint's responses to discovery diligently and in good faith and a reasonable basis for not meeting the deadlines previously set by the order.  Deghand v. Wal-Mart Stores, 904 F. Supp. 1218, 1221 (D. Kan. 1995).  It is Sprint's continued resistance to its most basic discovery obligations that necessitates this motion.

As explained above, Vonage has been diligently pursuing discovery since the entry of the Scheduling Order, and, given Sprint's delinquency and delay, Vonage could not reasonably have met the discovery deadline.  A current snapshot of the state of discovery makes this plain, and evidences that Vonage's request is a reasonable and necessary one.

- **Sprint Intends to Take Dozens of depositions Beyond the Discovery Deadline.**  The parties have taken depositions early in the discovery period and throughout the month of March.  In the last two weeks alone, the parties have, collectively, deposed eight (8) witnesses.

    As of the scheduled close of discovery on March 30, an additional 10 depositions had been scheduled for the first two (2) weeks of April, but not yet taken, and the parties have noticed an additional 36 witnesses they intend to depose but between them have yet been unable to schedule, including fact, expert and third-party witnesses.  The parties have each issued subpoenas to third parties, six (6) of which remain outstanding.  Sprint and Vonage are working to schedule, and reduce the number of, the depositions of these remaining witnesses.  Still, even if they reduce the number by half, these depositions will take weeks, and likely months.  Further, these witnesses cannot satisfactorily or efficiently be deposed until Sprint (1) meets with Vonage, (2) agrees to search for documents using agreed upon search terms, (3) completes these searches, (4) gathers

and produces to Vonage the documents identified in these searches, and (5) Vonage has had a chance to review not only the documents produced but the sufficiency of Sprint's search efforts.

- **Motions to Compel are Outstanding; More Are Anticipated.**  Three motions to compel are outstanding, and, based on Sprint's responses to Vonage's Interrogatories and Rule 30(b)(6) Deposition Notices, more will be filed in the coming days.  Each of these motions will reasonably require further briefing, argument, resolution, and additional discovery as a result.

- **Sprint's Infringement Contentions Are Lacking and Apparently Still Evolving.**  With Sprint's ever-shifting and incomplete infringement contentions, expert depositions cannot even begin.  As a practical matter, there is serious doubt as to whether Sprint's infringement contentions will be in place, and expert depositions will even be underway, in the less than five (5) weeks that remain before the pretrial order is now due (May 7, 2007).

For these and other reasons, Vonage seeks an extension of the discovery deadline, and subsequent filing and trial dates, by 180 days, to allow for the efficient completion of this mutually necessary discovery.  Otherwise, Sprint, by its delay and obfuscation, will have successfully avoided the discovery it promised in December 2006, and the Court has ordered just this week.

Moreover, while the parties have jointly requested an extension of discovery and other concomitant deadlines, they have never before requested an extension of the trial date.  That this is the first such request shows that Vonage has taken great pains to adhere to the Scheduling Order and keep the discovery process on track.  It is only due to delays and impediments such as those described above that Vonage makes this request.

Vonage makes this request with the sole purpose of ensuring adequate time to complete the relevant tasks it promptly began and has been diligently pursuing ever since, and to ensure these previous investments of time and efforts are not squandered.  Vonage respectfully submits that an amendment to the scheduling order is necessary to avoid a

result the rules of procedure did not intend – the close of discovery, with the plaintiff seeking additional discovery following the expiration of the Court's deadline, while refusing to abide by its own long-outstanding previous obligations.

Vonage's proposes an amendment to the Scheduling Order in the form as follows:

| Event | Current Deadline | Proposed Extended Deadline |
|---|---|---|
| All discovery completed | 3/30/2007 | 10/01/07 |
| Supplementation of expert disclosures | 40 days before discovery deadline | |
| All dispositive motions (e.g., summary judgment) | 5/15/2007 | 11/15/2007 |
| Final pretrial conference | 5/9/2007 | 11/9/2007 |
| Proposed pretrial order due | 5/7/2007 | 11/7/2007 |
| Jury trial date | 9/7/2007 | 3/7/2008 |

Vonage does not propose to alter any dates in the Scheduling Order not listed above.

These extensions are proposed as Vonage's realistic assessment of the additional time needed to complete discovery in a thoughtful, deliberate way that honors the parties', as well as this Court's, prior investment of time and resources to this litigation. It is also based on the time Sprint has demonstrated is required to produce documents even once it has identified and located them.

Furthermore, these proposed deadlines will not prejudice any of the parties. Because the pretrial order has yet to be filed, and the date for such filing has recently been extended upon the parties' joint motion, Sprint can hardly claim it would be prejudiced by the requested amendment. See, e.g., Pfeiffer, 137 F.R.D. at 355 (finding case was not on "the 'eve of trial,'" and that plaintiff suffered no prejudice by request to extend deadlines, where "the pretrial order has not even been entered by the court.")

16

Vonage's proposal seeks to amend the schedule of pretrial events not to conduct new discovery, but to complete that which has been outstanding for months and, in the case of the sufficiency of Sprint's search for its own potentially responsive documents, to which the Court has, this week, ruled Vonage is entitled. Clearly, these extensions are not being sought for any purpose contrary to the Federal Rules of Civil Procedure or the Local Rules of this Court.

Given the immediacy of the issues addressed herein, Defendants respectfully request oral argument on, and the Court's expedited consideration of, this motion. Otherwise, the parties will be faced with filing their pretrial order, and possibly going to trial, without the discovery the Court has ordered, meaningful expert discovery, and substantial other matters vital to the claims and defenses at issue. Such is not the intent of Rule 16, and such a predicament would surely lead to a subsequent series of motions, the seeking by all parties of amendments to the pretrial order, and make for wasted efforts on the parties' and the Court's behalf.

### III.    CONCLUSION

For the reasons stated above, and as Vonage has demonstrated its own diligence and good cause to amend the Scheduling Order, Vonage respectfully requests that the Court grant Vonage's motion to amend the Scheduling Order by extending the deadline for completing discovery, and all remaining dates, by 180 days.

Vonage is prepared to submit a proposed form of order upon the Court's request.

Respectfully submitted,

Dated:  April 4, 2007                             /s/ Patrick J. Kaine

Don R. Lolli   KS Dist. #70236
Patrick J. Kaine  KS #15594
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111
816-931-2700
pkaine@DysartTaylor.com
dlolli@DysartTaylor.com

Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com

*Attorneys for Defendants/Counterclaim Plaintiffs Vonage America, Inc. and Vonage Holdings Corp.*

**CERTIFICATE OF SERVICE**

      I hereby certify on this 4th day of April, 2007, that a true copy of Vonage America, Inc. and Vonage Holdings Corp.'s Motion to Amend the Scheduling Order and supporting papers was filed electronically, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> SHOOK, HARDY & BACON LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> Fax:  (816) 421-5547
>
> **ATTORNEYS FOR PLAINTIFF**

/s/ Donald R. McPhail
Donald R. McPhail

DM1\1086352.1