# REDACTED

**From:** Seitz, Adam P. (SHB) [mailto:ASEITZ@shb.com]
**Sent:** Friday, January 19, 2007 6:15 PM
**To:** Golob, Barry
**Cc:** McPherson, Patrick D.; McPhail, Donald R.; Baird, John M.; Webb, B. Trent (SHB); Buresh, Eric A. (SHB); Reckers, Robert H. (SHB)
**Subject:** RE: Outstanding Issues --

Barry,

Unfortunately, the issues with Dr. Wicker's deposition were not addressed by Mr. McPhail's letter, which was less than clear. Before we go forward with scheduling Dr. Wicker's deposition, I want to clarify our position. To this end, Sprint only will produce Dr. Wicker for a single deposition. At this point, Dr. Wicker will be submitting a rebuttal report on your expert's noninfringement position. Dr. Wicker will also be providing a report on your expert's invalidity position. If you choose to proceed with Dr. Wicker's deposition before he provides those reports, we will not produce him for a second deposition based on the opinions contained in his two rebuttal reports. I would ask that you give this position further consideration and let me know how you would like to proceed.

With regard to the documents requested in Request Nos. 33-36 and 39-40, we are in the process of collecting and producing the Cisco, Tellabs and Bellcore contracts. I would note we already have produced the contracts that do not require written notice/approval from those entities. The other documents you request, however, were not clearly included in your first set of document requests, which were extremely overbroad and ambiguous. We are in the process of reviewing your current requests and will respond to them in the timeframe set forth in the Federal Rules. That being said, I am in the process of collecting the documents relating to the cable companies that are referenced in our expert report and will endeavor to produce them as quickly as possible. As for the document production issue referenced below, I am checking with our vendor and will let you know.

Based on our conversation and your e-mail below, we are currently holding February 15 for Mr. Citron's

deposition. Please let me know as soon as possible when this date has been confirmed so that we may make the proper arrangements.

Finally, based on your e-mail, you appear to be refusing to produce a witness on topics 17, 20, 21 and 23 of Sprint's First 30(b)(6) notice. I will respond to each of your comments for the specific topics in turn:

- Topic 17 - Sprint is entitled to a deposition on this topic regardless of the contents of Mr. McPhail's letter and/or Vonage's response to Interrogatory No. 3.
- Topic 20 - I find it hard to believe that every possible question associated with this topic is privileged. Are you suggesting that Vonage's employees, including Mr. Citron, never had any conversations outside the presence of Vonage's attorney(s) regarding the letters received from Sprint? Moreover, even if all of these communications and meetings did involve an attorney, the privilege does not extend to facts surrounding those communications and meetings. In any event, such a determination that the entire topic is privileged is premature as noted by the Court in its April 10, 2006 Order.
- Topic 21 - Again, Sprint is entitled to a witness on this topic to determine, at a minimum, whether Vonage undertook any searches, investigation, analyses, reviews, opinions or studies concerning the Asserted Patents, including whether Vonage obtained an opinion of counsel letter. The fact that such an analysis and/or opinion exists certainly is not privileged and, to the extent you are relying on such an opinion in defense of the claim of willful infringement, the opinion itself is not privileged. Moreover, your determination that the entire topic is privileged is again premature based on the Court's April 10 Order.
- Topic 23 - I have reviewed pages 266-70 of the Rego deposition transcript and they do not support your contention that this topic previously was addressed in Mr. Rego's deposition. In fact, the discussion on the cited pages is so far removed from the scope of topic 23 that it is does not bear further discussion. As such, Sprint is entitled to proceed on this topic.

Please confirm whether you will produce a witness on the above listed topic. If not, we will need to address this issue with the Court.

Additionally, Mr. McPhail's letter makes clear that Vonage is relying on advice of counsel with regard to the allegations of willful infringement. Please advise as to whether you have waived your privilege in association with the assertion of that defense. If so, those communications would obviously be covered under topic nos. 17, 20 and 21, and we request that you identify and produce an appropriate witness.

I look forward to hearing from you.

Thanks,

Adam

---

**From:** Golob, Barry [mailto:BGolob@duanemorris.com]
**Sent:** Thursday, January 18, 2007 4:44 PM
**To:** Seitz, Adam P. (SHB)
**Cc:** McPherson, Patrick D.; McPhail, Donald R.; Baird, John M.; Golob, Barry
**Subject:** Outstanding Issues --

Adam:

We need to know if Mr. Wicker is available the first part of the week of Feb. 5, to be followed by a Sprint witness(es) on topics contained in Vonage's first Rule 30(b)(6) notice. I believe your issue regarding Vonage's noninfringement contentions was addressed in Don McPhail's letter to you yesterday.

As we discussed today, your offer to provide only the search terms you used that resulted

4/3/2007

in the identification of responsive documents, but not provide search terms that did not locate responsive documents, is unacceptable. Based on our conversations, you have been able to locate responsive documents that we have requested once we point out to you that they should exist, i.e., communications with Mr. Christie's estate, the Cisco, Tellabs and other agreements, third-party agreements (Kamali), etc. As to any search terms that you do not want to produce, we will need an explanation of why before we can agree to such a request. Absent such an agreement, we will not withdraw our motion to compel.

As to Sprint's document production, we still do not have the bulk of the 45,000 "missing" pages. Can you check with your vendor on the progress, as we have only received a small portion of these documents.

As we also discussed, we need the documents that are responsive to Request Nos. 33-36 and 39-40. I understand that some of the agreements require you to first provide notice and/or obtain permission before production, i.e., Cisco. But as I explained, we need these documents before we can take the deposition of Sprint witness(es) on topics contained in Vonage's second Rule 30(b)(6) notice. As to the documents relating to MSO/Cable/VoIP telephony providers, we are limiting the request to the contracts, business and strategic plans, actual and expected financial information (annual data dating back to 2001), including revenues, costs (e.g., cost of goods sold, operating expenses, capital expenditures), profits (e.g., gross profit, operating profit and net profit) and number of customers. We also discussed dates for this deposition, and you believe that Feb. 6 and 7 will work. I will get back to you shortly on these dates. I will also let you know, hopefully by tomorrow, what categories of the 2nd notice we want to proceed with first.

We are working on a date for Mr. Citron's deposition, and you agreed to hold Feb. 15 for this deposition.

As to your request for a witness for categories 17, 20, 21 and 23 of Sprint's first Rule 30(b)(6) notice (served 9/8/06):
    category 17: see Don McPhail's letter yesterday, see Vonage's response to Interrogatory 3
    category 20: privileged
    category 21: privileged
    category 23: asked by Mr. Strand of Mr. Rego, see pp. 266-70.

Barry



**Barry Golob**
Partner
Duane Morris LLP

4/3/2007

1667 K Street, N.W.
Washington, DC 20006-1608
P: 202.776.5236
F: 202.776.7801

- BIO
- E-MAIL
- WEB SITE
- VCARD

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

Mail Gate made the following annotations on Fri Jan 19 2007 17:14:51

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.