EXHIBIT "G"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>VONAGE HOLDINGS CORP.,<br>VONAGE AMERICA, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 05-2433-JWL<br>)<br>)<br>)<br>)<br>) |

### SPRINT COMMUNICATIONS COMPANY L.P.'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT VONAGE HOLDINGS CORP'S INTERROGATORY NOS. 4, 6, 8, 9 AND 10

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Sprint Communications Company L.P. ("Sprint"), by and through its undersigned counsel, supplements its response to Defendant Vonage Holdings Corp.'s ("Vonage") Interrogatory Nos. 4, 6, 8, 9 and 10.

### GENERAL OBJECTIONS

Sprint hereby incorporates by reference each General Objection set forth in Sprint's original answers to Vonage Holdings Corp.'s First Set of Interrogatories as if those general objections were set forth fully herein.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 4:** Identify each study, evaluation or opinion obtained by Sprint relating to the validity, enforceability, or infringement of the Asserted Patents.

**FIRST SUPPLEMENTAL RESPONSE:** Sprint objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions.

Subject to and without waiver of the foregoing general and specific objections, Sprint incorporates herein by reference the January 12, 2007 Expert Report of Dr. Stephen B. Wicker Regarding Infringement Of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932 and its accompanying exhibits, which *inter alia* set forth opinions that each asserted claim of the Asserted Patents is infringed by Vonage. Sprint further states that there is no other non-privileged information responsive to this Interrogatory.

**INTERROGATORY NO. 6:** For each and any claim of the Asserted Patents that Plaintiff contends is infringed by Vonage, please provide an element by element analysis that describes in detail the manner in which Plaintiff contends each claim element of the claim infringed by Vonage and specify for each of the claims that Plaintiff contends is infringed by Vonage that is a method claim, the Vonage component(s) that practice each claim element of the method claim and indicate whether such infringement is believed to be literal infringement or infringement under the doctrine of equivalents, and include a detailed description of how plaintiff contends any accused activity meets each and every claim limitation, or otherwise contributes to or induces infringement of each such claim.

2

**FIRST SUPPLEMENTAL RESPONSE:** Sprint objects to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without waiver of the foregoing general and specific objections, Sprint responds, to the extent possible, as follows: Sprint contends that each of the asserted claims is infringed literally and, if not, under the doctrine of equivalents. Sprint further contends that Defendant directly infringes each asserted claim and induces and/or contributes to the infringement by others of each asserted claim. Sprint incorporates herein by reference the January 12, 2007 Expert Report of Dr. Stephen B. Wicker Regarding Infringement Of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932 and its accompanying exhibits, which *inter alia* set forth bases by which Sprint contends that each asserted claim of the Asserted Patents is infringed by Vonage. The bases identified in the report are not exhaustive, but exemplary. Sprint reserves the right to supplement and/or amend this response as discovery proceeds.

**INTERROGATORY NO. 8:** Identify the amount of damages allegedly sustained by plaintiff due to Vonage's alleged infringement of the Asserted Patents, the theory of damages, and the method used to calculate the amount of damages including, with limitation, whether the calculation is based on lost profits, reasonably royalty, or some other measure of patent damages; and identify each fact that supports that allegation, including but limited to each fact that supports or relates to the "Panduit" factors for a lost profits calculation and each fact that supports or relates to the "Georgia-Pacific" factors for a reasonable royalty calculation, each document that refers to or relates to that fact, and each person which knowledge of that fact (listed in order from most knowledgeable to lease knowledgeable).

**FIRST SUPPLEMENTAL RESPONSE:** Sprint objects to this Interrogatory to the extent it seeks detailed information in advance of any meaningful discovery into Defendants' sales of its infringing products and/or services

Subject to and without waiving the foregoing general and specific objections, Sprint incorporates herein by reference the January 12, 2007 Expert Report of Raymond S. Sims and its accompanying exhibits, which *inter alia* set forth a preliminary computation of the amount of damages sustained by Sprint due to Vonage's infringement of the Asserted Patents, the theory of damages, and the method used to calculate the amount of damages, as well as factual support for these damages computations. The bases identified in the report are not exhaustive, but exemplary; and, the damages computations are preliminary in nature as Vonage's infringement is continuing. Sprint reserves the right to supplement and/or amend this response as discovery proceeds.

**INTERROGATORY NO. 9:** State the meaning of each word, term and phrase of each claim of the Asserted Patents that plaintiff contends has a special or uncommon meaning and state each fact which supports or relates to such construction, including without limitation to identify each reference or portion of the claims, specification, or prosecution history that supports, describes or explains such construction, identify each item of other evidence that supports or relates to such construction, and identify each person with knowledge of such facts.

**FIRST SUPPLEMENTAL RESPONSE:** Sprint objects to this Interrogatory as overly broad and unduly burdensome in that it seeks information on claim terms that will not require construction. Sprint objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions. Sprint further objects to the Interrogatory

4

in that it calls for a legal conclusion because only the Court may determine the "meaning" of a claim term.

Subject to and without waiving the foregoing general and specific objections, Sprint incorporates herein by reference the January 12, 2007 Expert Report of Dr. Stephen B. Wicker Regarding Infringement Of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932 and its accompanying exhibits, which *inter alia* set forth constructions of various words, terms, and phrases from various claims of the Asserted Patents, as well as support for those constructions. The bases identified in the report are not exhaustive, but exemplary. Sprint reserves the right to supplement and/or amend this response as discovery proceeds.

**INTERROGATORY NO. 10:** Identify each person you expect to call as an expert or fact witness in this litigation and for each witness identified, state the subject matter on which the witness is expected to testify (either by oral testimony or written declaration), state the substance of the facts and/or opinions to which the witness is expected to testify, identify all documents referring or relating to the substance of the witness' testimony, and summarize the grounds for such testimony.

**FIRST SUPPLEMENTAL RESPONSE:** Sprint objects to this Interrogatory as premature to the extent it seeks information subject to pending discovery.

Subject to the foregoing general and specific objections and in addition to those individuals identified in Sprint's Initial Disclosures, Sprint identifies Dr. Stephen B. Wicker, Mr. Raymond S. Sims, and the Honorable Gerald J. Mossinghoff as expert witnesses it may call in this litigation. The opinions to which Dr. Stephen B. Wicker is expected to testify are contained in the January 12, 2007 Expert Report of Dr. Stephen B. Wicker Regarding Infringement Of U.S.

5

Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932 and its accompanying exhibits. The opinions to which Mr. Raymond S. Sims is expected to testify are contained in the January 12, 2007 Expert Report of Raymond S. Sims and its accompanying exhibits. The opinions to which the Honorable Gerald J. Mossinghoff is expected to testify are contained in the January 12, 2007 Expert Report the Honorable Gerald J. Mossinghoff. The bases identified for the opinions expressed in these reports are not exhaustive, but exemplary. Sprint reserves the right to supplement and/or amend this response as discovery proceeds.

Dated: February 5, 2007

Respectfully Submitted,

 /s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar. No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS FOR PLAINTIFF SPRINT
COMMUNICATIONS COMPANY L.P.

2295083v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February 2007, a copy of SPRINT COMMUNICATIONS COMPANY L.P.'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT VONAGE HOLDINGS CORP.'S FIRST SET OF INTERROGATORIES was sent via e-mail and U.S. Mail to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


 /s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.