IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 05-2433-JWL |
| THE GLOBE.COM, INC., ET AL | )<br>)<br>) |
| Defendants. | )<br>) |

**VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S
RESPONSE TO SPRINT COMMUNICATIONS CO. LLP'S
MOTION TO COMPEL PRODUCTION OF A PRIVILEGE LOG**

Defendants Vonage America, Inc. and Vonage Holdings Corp. (collectively "Vonage") respectfully submit this response in opposition to the Motion to Compel Vonage to Produce a Privilege Log (D.I. 135) filed by Sprint Communications Co., L.P. ("Sprint").

I.  **ARGUMENT**

Sprint's motion to compel Vonage to produce a privilege is shocking in its misrepresentation of facts. Contrary to Sprint's allegation of a purported failure by Vonage to comply with the Rules, to date, Vonage has actually produced to Sprint not only a privilege log, but also three (3) separate supplements to that privilege log. In particular, Vonage produced a privilege log to Sprint on August 6, 2006, a first supplement to that log on February 5, 2007, a second supplement to that log on February 20, 2007 and a third supplement to that log on April 5, 2007. By this third supplement, Vonage has now disclosed to Sprint all of the documents

-2-

which have been withheld from production on the basis of privilege. At the very least, Sprint's motion is therefore moot and should have been withdrawn.

Sprint's arguments surrounding the timing of Vonage's production of its privilege logs are simply a red herring and have no bearing on resolution of Sprint's motion. The scheduling orders issued by this Court set no firm date before the end of discovery for the production of a privilege log. Sprint's allegations that it was somehow entitled to all of Vonage's privilege logs as of some arbitrary date before the end of discovery are simply not supported by the scheduling orders issued in this matter.

Moreover, contrary to Sprint's allegations, Vonage had already produced a privilege log and two supplements to that log before Sprint ever filed its motion to compel. Consequently, Sprint's allegations that it could not evaluate Vonage's claims of privilege are also not supported by the record in this case. Sprint, however, conveniently chose to omit these facts from its motion to compel.

Finally, Vonage's desire to conclude its document production before producing the <u>third supplement</u> to its privilege log represented nothing more than an effort to avoid the necessity of producing still a fourth (or even fifth) supplement. As of March 7, 2007, the date of the letter attached to Sprint's motion as Exhibit B, Sprint had sent Vonage at least ten (10) separate letters demanding additional documents from Vonage. Because Vonage anticipated producing additional documents in response to this plethora of letters, Vonage stated that it would wait until that production was completed before providing Sprint with the <u>third supplement</u> to its privilege log. At no time did Vonage ever refuse to produce such a further supplement of its log to Sprint; rather, Vonage only declined to comply with Sprint's arbitrary deadline for doing so.

Nevertheless, regardless of the timing involved, Vonage has now produced to Sprint a privilege log and three supplements thereto which, collectively, list all of the documents that Vonage has withheld on the basis of privilege. Because there are no additional privileged documents to disclose on yet another supplement to Vonage's privilege log, Sprint's motion should be denied.

## II.  CONCLUSION

For at least the foregoing reasons, Vonage respectfully requests that the Court enter an Order denying Sprint's Motion to Compel Vonage to Produce a Privilege Log.

Respectfully submitted,

 /s/ Patrick J. Kaine
Don R. Lolli                KS # 22538
Patrick J. Kaine            KS #15594
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111
816-931-2700
pkaine@DysartTaylor.com
dlolli@DysartTaylor.com

Patrick D. McPherson
Barry Golob
Donald R. McPhail
Patrick C. Muldoon
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com
pcmuldoon@duanemorris.com
*Attorneys for Defendants/Counterclaim Plaintiff Vonage America, Inc. and Vonage Holdings Corp.*

## CERTIFICATE OF SERVICE

I hereby certify on this 5th day of April, 2007 that a copy of the foregoing was filed electronically, with notice of case activity to be generated and sent electronically by the Clerk of the Court to:

B. Trent Webb
Adam P. Seitz
Erick A. Buresh
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
Fax: (816) 421-5547
**ATTORNEYS FOR PLAINTIFF/
COUNTERCLAIM DEFENDANT**

/s/ Patrick J. Kaine

Attorney for Defendants Vonage Holdings Corp. and Vonage America, Inc.