**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 05-2433-JWL |
| VONAGE HOLDINGS CORP., | ) | |
| VONAGE AMERICA, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN OPPOSITION TO VONAGE HOLDINGS CORP. AND VONAGE**
**AMERICA, INC.'S MOTION TO AMEND SCHEDULING ORDER**

Sprint Communications Company L.P. ("Sprint") respectfully submits this

memorandum opposing Vonage Holdings Corp. and Vonage America Inc.'s ("Vonage") motion

to amend scheduling order.

**I.      INTRODUCTION**

While Vonage's motion purportedly seeks to "extend discovery deadlines," it is,

in fact, an effort to press the reset button on the entire case schedule.  Vonage requests that the

Court extend the discovery deadline, expert report deadlines, dispositive motion deadlines, and

trial by **six months**.  Vonage cannot show good cause for any extension much less a six month

extension of trial.  Instead, Vonage merely rehashes old complaints already considered by the

Court in the context of Vonage's Motion to Compel Sprint to Identify Search Terms (Doc. No.

107).  Sprint's response to Vonage's redundant and meritless allegations were fully set forth in

its Opposition (Doc. No. 111) and Sur-Reply (Doc. No. 120) to Vonage's search term motion.

Nonetheless, Vonage continues to advance the same worn-out and factually incorrect arguments

in an attempt to deflect  attention away from its failure to timely address the issues of which it

now complains.   The salient fact is that Vonage has known about the parties' document production disputes for months.   Instead of addressing the alleged issues with the Court in a timely manner, Vonage inexplicably waited for the previously  extended discovery period to pass without filing any motions to compel for the complained of—and, as demonstrated below, factually baseless—misconduct.   Vonage did not act in a timely manner to resolve its discovery disputes  within the discovery period, much less within the prescribed thirty day period after such disputes arose.   Vonage's belated complaints cannot justify the requested extension.

Moreover, Vonage's motion essentially is predicated on the assertion that Vonage is not satisfied with the discovery it has taken and/or received.  Yet, Vonage's own actions belie its current request—Vonage did not act diligently to procure any additional discovery prior to the March 30 discovery deadline.  Vonage's lax approach to discovery and its lack of diligence show a complete lack of good cause for  Vonage's motion.

Finally, no need exists to extend discovery or any other deadline in this case.  The parties recently agreed and the Court approved a brief extension of the pretrial order and dispositive motion deadline to May 9, 2007, and May 15, 2007, respectively.  The purpose of this extension was to permit the parties to complete the final fact and expert depositions prior to the proposed pretrial order date.  Contrary to  Vonage's dire predictions, Sprint will complete all of its fact depositions by April 12, 2007.[1]   Similarly, if Vonage simply would proceed with depositions of Sprint's witnesses for which Sprint has provided dates, Vonage would complete its fact depositions by April 20, 2007. Sprint also has provided Vonage with dates for the depositions of its experts—the latest of which is May 1, 2007.  Vonage, on the other hand, refuses to engage in the scheduling process and has not provided any dates for its own expert

---

[1]  Sprint's ability to complete these depositions is, of course, subject to Vonage unilaterally cancelling scheduled depositions of its witnesses, which is discussed below in Section II.B.1.

depositions.  As demonstrated more fully below, if Vonage would stop dragging its heels, all noticed depositions would be complete by May 1, 2007.   There is simply no need to extend discovery yet again.

This case was filed in October 2005.  Trial is set for September 2007, nearly two years after this case was filed.  Discovery previously was extended from December 29, 2006, to March 30, 2007, with the parties mutual representation to the Court that no further extensions would be necessary.  *See* Doc. No. 106, at 3.  This case can and should proceed to trial as scheduled.  Vonage's desire to avoid answering for its willful infringement of Sprint's patents is not good cause for a delay of the just, speedy, and efficient resolution of this action.

## II.    ARGUMENT

### A.    Vonage's Motion Is Untimely and Improper

Pursuant to D. Kan. Rule 6.1(a), "[e]xtension will not be granted **unless the motion is made before the expiration of the specified time**, except upon a showing of excusable neglect."  Because Vonage filed its motion **after** the expiration of discovery, the Court should deny its request.  The Court also should deny Vonage's motion because Vonage utterly has failed to show excusable neglect justifying its late filing.  *See O'Toole v. Olathe District Schools*, 963 F. Supp. 1000, 1014-15 (D. Kan. 1997) (Lungstrum, J.) (denying motion to extend discovery because request was made <u>after</u> expiration of existing deadline).  Here, Vonage filed its Motion to Amend on April 4, 2007, after the existing discovery deadline was March 30, 2007.  Vonage cannot demonstrate excusable neglect in its failure to request an extension prior to the existing deadline.   Vonage's behavior is consistent with its cavalier attitude to the Court's scheduling order and local rules.  As discussed further below in section B, Vonage repeatedly

has disregarded the clear instructions provided in this Court's orders and local rules. Vonage's refusal to comply with the Court's rules is fatal to its motion.

### B.    Vonage Cannot Demonstrate "Good Cause"

It is undisputed that Vonage must demonstrate "good cause" to justify an extension of the Court's schedule. Fed. R. Civ. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause ...."); *see also* D. Kan. R. 26.1. The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. *Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan.1991). Vonage's failed attempts to justify an extension fall into four basic categories: (1) remaining depositions; (2) document production disputes; (3) pending motions and search term cooperation; and (4) Sprint's infringement contentions. None of these issues raised by Vonage justifies an extension.

### 1.    Remaining Depositions Do Not Justify Any Extension

Vonage's contention  that Sprint intends to take dozens of depositions beyond the discovery deadline is incorrect. In fact, after today Sprint will only have three outstanding notices for fact depositions and, if Vonage would have permitted Sprint to complete its depositions as scheduled, Sprint could have completed its fact depositions by April 12, 2007. However, since filing its motion to extend the scheduling order deadlines Vonage inexplicably has withdrawn two of these witnesses and refused to schedule the other. The status of these depositions is as follows:

- Mr. Mamakos (Vonage CTO) – noticed by Sprint on November 29, 2006 and scheduled by Vonage for April 10, 2007. Inexplicably withdrawn by Vonage on April 6. *See* Ex. A, 4/6/2007 e-mail from Golob to Buresh. Vonage has yet to provide a new date.
- Mr. Tribolet – noticed by Sprint on February 20 and scheduled by Vonage for April 11. Inexplicably withdrawn by Vonage on April 10. *See* Ex. B, 4/10/2007 e-mail from Golob to Buresh. Vonage has yet to provide a new date.
- Mr. Holder – noticed by Sprint on March 23 but, despite repeated requests, Vonage has refused to provide Sprint with a date for this witness. Sprint specifically has requested

April 11, 12 or anytime during the week of April 16 so as to accommodate Mr. Holder's schedule. *See* Ex. C, 4/6/2007 e-mail from Buresh to Golob. Vonage has ignored these requests.

If Vonage simply would provide new dates for previously scheduled witnesses, as well as provide a date for Mr. Holder, Sprint will complete its fact depositions in very short order. Vonage's unilateral withdrawal of previously scheduled dates and its refusal to schedule outstanding depositions is nothing more than an attempt to sabotage discovery in order to justify the requested extension. Such actions must not be countenanced. Sprint is making every effort to complete its depositions such that the current case schedule is not impacted and Vonage should be compelled to do the same.

Similarly, Sprint has given Vonage dates within April for every single fact witness Vonage has noticed. All Vonage needs to do is take or withdraw the depositions, but Vonage again seems unwilling to do so. The current status of Sprint's witnesses is as follows:

- <u>Mr. Kaplan</u> – scheduled for April 11, but Vonage backed out at the last minute on April 10 after Sprint's attorney had already traveled to Pittsburgh, Pennsylvania, for the deposition. *See* Ex. B, 4/10/2007 e-mail from Golob to Buresh.
- <u>Mr. Patterson</u> – Sprint offered April 17. Vonage has not responded. *See* Ex. C, 4/6/2007 e-mail from Buresh to Golob.
- <u>Mr. Howell</u> – Sprint offered April 19, Vonage has not responded. *See* Ex. C, 4/6/2007 e-mail from Buresh to Golob.
- <u>Mr. Shulte</u> – Sprint offered April 19, Vonage has not responded. *See* Ex. C, 4/6/2007 e-mail from Buresh to Golob.
- <u>Mr. Leeper</u> – Sprint offered April 19, Vonage has not responded. *See* Ex. C, 4/6/2007 e-mail from Buresh to Golob.
- <u>Mr. Spitzer</u> – Sprint offered April 20, Vonage has not responded. *See* Ex. C, 4/6/2007 e-mail from Buresh to Golob.
- <u>Mr. Moore</u> – Sprint offered April 20, Vonage has not responded. *See* Ex. C, 4/6/2007 e-mail from Buresh to Golob.

Vonage's dilatory gamesmanship also has extended to the scheduling of expert depositions. Sprint has provided Vonage dates for conducting depositions of Sprint's expert witnesses. Specifically, Sprint has offered Mr. Sims on April 25, 2007 and Dr. Wicker on May

1, 2007.  *See* Ex. C, 4/6/2007 e-mail from Buresh to Golob.  However, Vonage refuses to schedule a date for these expert depositions and then hopes to use the need to complete expert discovery to support its motion for extension.  *See* Ex. D, 4/10/2007 e-mail from Golob to Strand (indicating a desire not to schedule until the Court addresses the motion for extension).  As for Vonage's experts, Sprint has repeatedly requested dates for those depositions, but Vonage refuses to respond to Sprint's requests.  *Id.*; *see also* Ex. C.  As with its own witnesses, Vonage is seeking to justify an extension by halting activity that would enable these depositions to be completed in a timeframe that permits the schedule to remain intact.

Vonage has acted as though it alone controls discovery and as though it alone can extend the discovery deadline and trial.  It is this cavalier attitude and disregard for the rules that defeat any good cause for the requested extension

### 2.    Document Production Complaints Do Not Justify Any Extension

Although difficult to decipher due to the rampant generalities and vagueness relied upon by Vonage, its chief production complaint appears to address a perceived failure by Sprint to produce certain license agreements between Sprint and Cisco Systems, Inc. ("Cisco").  *See* Memorandum in Support, at 4-8.  Yet, by its own admission, Vonage recognizes that <u>Sprint already has produced what Vonage requested</u>.  *See id.* at 4.  Those documents completely refute Vonage's supposed implied license theory and Vonage knows this to be true based on deposition testimony and the plain language of the documents.  Vonage relies on pure speculation regarding some unspecified additional information or documents that it contends may be in existence to contradict the previously produced documents in order to resurrect its baseless theory.  Vonage simply speculates that there is something else and uses this rank speculation as a basis for its allegations of misconduct against Sprint. This speculation and improper presumptions do not

justify a discovery extension, a postponement of the scheduled trial, or any other type of extension.

Moreover, the fact that Vonage is even raising these issues in the context of a Motion to Amend the Scheduling Order highlights its own lack of due diligence. Based on its own exhibits, it is clear that Vonage has been well-aware for months of a discovery dispute regarding Cisco and other license agreements.[2] *See* Vonage's Memorandum in Support, Ex. E, 2/15/2007 Letter from Golob to Seitz. Indeed, Vonage has been requesting vague and generalized information regarding Cisco since last fall, which Sprint made every effort to find and produce them, despite the lack of clarify or relevance in Vonage's requests. However, even assuming all of Vonage's allegations regarding Sprint are true (which they clearly are not), it was incumbent upon Vonage to address the situation in a manner that would permit Vonage to meet the discovery deadline. More specifically, the Court's local rules require that, to the extent Vonage took issue with Sprint's production, Vonage was under an obligation to file a motion to compel within 30 days or else waive any objections. *See* D. Kan. Rule 37.1(b) (any motion to compel discovery shall be filed and served within thirty days of the service of the response or ability to file motion to compel regarding response is waived). *See also* Scheduling Order, Doc. No. 48, at 8 (same). Indeed, this Court has denied motions to compel based solely on the failure to comply with the 30-day deadline. *See McCormick v. City of Lawrence, Kansas*, 2005 WL 1606595, *11 (D. Kan. 2005) (Lungstrum, J.). Vonage's failure to timely address its concerns is fatal to its motion.

The Cisco discovery dispute has been by Vonage known for months. At any time, Vonage could have raised the issue with the Court to resolve the dispute by the March 30

---

[2] Sprint's agreements with Cisco are completely irrelevant to the Asserted Patents and the claims and defenses in this litigation and Sprint objected to their production on this and other grounds.

discovery cut-off, but Vonage chose not to do so.   Vonage's present argument already has been

rejected by this Court in *Claytor v. Computer Associates International, Inc.*, 211 F.R.D. 665, 667

(D. Kan. 2003) (Lungstrum, J.).   In *Claytor*, the plaintiff argued for an extension because "his

diligent efforts to engage in and complete discovery were consistently thwarted by defendant's

tactics."  *Id.*  Assuming these allegations were true, the Court held that "[a]t a minimum, plaintiff

should have sought assistance from the court . . . if he believed that defendant was obstructing

the discovery process or believed that, for whatever reason, he was not going to be able to

complete discovery consistent with the discovery deadline."   *Id.*   "In short, counsel simply

waited too long before seeking assistance."  *Id.*  Like the plaintiff in *Claytor*, Vonage has waited

too long and waived its ability to file a motion to compel or otherwise object to Sprint's Cisco

production.   Vonage's delay in addressing their long-known complaint highlights its lack of

diligence and its continuing complaints cannot constitute good cause for extending the deadlines

in this case.

> **3.   Motions to Compel/Search Term Cooperation Do Not Justify Any Extension**

Vonage contends that because it has two pending motions to compel, an extension

of discovery, trial and the other intervening deadlines is appropriate.   This argument is wholly

without merit.  First, Vonage's argument is highly presumptive given that Sprint has not yet had

the opportunity to oppose Vonage's motions to compel.  Sprint's oppositions will demonstrate

that Vonage is not entitled to re-depose Mr. Duree on the two topics for which Sprint designated

him.  Sprint also will demonstrate that the documents at issue in Vonage's motion to compel

documents already have been produced, to the extent they even exist.  In any event, an un-ripe

motion to compel cannot justify a dramatic alteration of the case schedule.

Even assuming that Sprint is required to produce one additional designee for two topics or a handful of documents (that already have been produced), Vonage's motion would not justify any extension.   Any additional obligations that could flow from Vonage's motions, if any, can promptly be discharged.  Either way, by waiting until the last day of discovery to file its motions to compel, Vonage demonstrated a continuing disregard for the Court's schedule and a continuing disregard for its own obligations to complete discovery within the deadlines set by the Court.  Additionally, by filing these motions on the last day of discovery, Vonage acknowledged the need to file such motions prior to the deadline, which further illustrates the untimeliness of the present motion.

Vonage's argument regarding the Court-ordered cooperation to define a search term strategy is equally presumptive.   Vonage simply assumes, despite literally scores of searches already performed by Sprint, that substantial additional documentation will result from a cooperative process.[3]  This is the prototypical "fishing expedition."  Vonage does not know what it is looking for and has no idea of what it might find.  It only hopes it will find something, anything, to justify more discovery and another delay of the trial in this matter.  Sprint already has initiated the process of proceeding with the Court's instruction to cooperatively define a search term strategy.  *See* Ex. E, 4/4/2007 e-mail from Seitz to McPhail.  To the extent this process results in additional searches, which is unlikely, Sprint will conduct such searches in a timely manner and immediately produce additional documents, if any.  However, Vonage's assumptions that Sprint's prior searches were inadequate and that numerous "critical" documents will be produced as a result of additional searching are incorrect.  Vonage's reliance on pure

---

[3]    It should be noted that Sprint offered to cooperate with Vonage in arriving at mutually agreeable search terms as early as December 22, 2006.  *See* Doc. No. 111, at Ex. C. Vonage refused and filed it motion to compel the production of Sprint's work product instead.

speculation and baseless assumptions to request an extension of the trial setting misses the central focus of the "good cause" requirement.

As discussed above, the "good cause" inquiry focuses on whether Vonage has been diligent in meeting the discovery deadlines in this case. Vonage contends that it was diligent because it argued with Sprint about document production. However, with an already extended discovery deadline of March 30 rapidly approaching, Vonage took no action to resolve the disputes of which it has complained for months. Instead, Vonage appears presumptively to assume that the Court will grant an extension simply because Vonage is not satisfied with its discovery to date. Vonage should not be rewarded for its own delay.

Since as early as September 2006, Vonage has been raising the exact same complaints it is raising today, none of which are meritorious and all of which previously have been addressed by Sprint. *See* Vonage's Memorandum in Support, Ex. C, September 20, 2006 letter from Golob to Seitz. Yet, Vonage did not lift a finger to address their concerns or take any substantive discovery before the Court's original deadline for the close of discovery on December 29, 2006. Instead, as it does now, Vonage insisted on extending discovery. In the parties Joint Motion to Extend Certain Discovery Deadlines, the parties represented that the March 30 discovery close "represent[ed] the parties' realistic assessment of the additional time needed to complete discovery and, **because the parties have agreed on these extensions, further modifications to the schedule will not be necessary**." Doc. No. 106, at 3 (emphasis added). Knowing that discovery closed on March 30, 2007, Vonage did not act to complete its discovery in that timeframe. Instead, Vonage simply assumed that because its discovery was not complete, the Court would extend the discovery deadline yet again. Vonage's disregard of the Court's existing schedule and complete lack of diligence in completing discovery within that

10

2415834v2

schedule—as it previously represented to the Court it would do—establishes Vonage's lack of diligence. Vonage has only itself to blame for its predicament.

Vonage also complains that an extension of discovery is warranted due to Sprint's production of documents in recent months, claiming Sprint's continuing production is evidence or wrongdoing. These arguments are baseless and hypocritical. Vonage itself has been producing substantial responsive documents very late in, and even after, discovery. For example, Vonage's recent productions are as follows:

- Feb. 1 – 52,000 pages
- Feb. 13 – 81,600 pages
- Feb. 20 – 2,400 pages
- Feb. 26 – 640 pages
- Mar. 7 – 7,800 pages
- Mar. 14 – 1,000 pages
- Mar. 23 – 50 pages
- Apr. 3 – 12,000 pages – **after the close of discovery**
- Apr. 5 - 10,700 pages – **after the close of discovery**

*See* Ex. F, Letters evidencing Vonage's document production. During that timeframe, Sprint produced roughly one-tenth the number of documents produced by Vonage.

Despite that much of Vonage's late production is highly pertinent to Sprint's claims and has been requested for over one year, Sprint remains ready to proceed within the Court's schedule. Vonage should be ready to do the same.

### 4.    Sprint's Infringement Contentions Do Not Justify An Extension

Vonage's final complaint regarding Sprint's infringement contentions can quickly be dispatched by the Court. Vonage argues that "Sprint's only factual response to the basis of its allegations of infringement is to refer Vonage to the January 12, 2007 report of Sprint's expert, Dr. Wicker." Memorandum in Support, at 9. Yet, as the Court is well aware, Vonage's non-infringement and invalidity contentions similarly rely on the incorporation of Vonage's expert

11

reports.  *See* Doc. No. 154 (denying Sprint's motion to compel as moot based upon Vonage's representation to the Court that its interrogatory responses will incorporate, and be limited to, its expert reports).

Vonage also complains that Sprint's expert left open the ability to supplement his report based on the discovery of new facts.  Dr. Wicker's report is complete based upon the facts Vonage has provided Sprint to date.  When Vonage finally provides a date for the deposition of Vonage's Chief Technology Officer, Mr. Mamakos, and Sprint completes its technical discovery, Dr. Wicker will provide a supplement to his expert opinions on infringement to incorporate the new information, to the extent such information merits supplementation.  Sprint has already identified May 1 as the date of Dr. Wicker's deposition, although Vonage has refused to acknowledge that date.  Sprint and Dr. Wicker selected May 1 to provide adequate time for Dr. Wicker to finalize a supplemental report and provide it to Vonage prior to his May 1 deposition.  However, Vonage's delay in producing Mr. Mamakos is jeopardizing that timeline. This emphasizes the need for the Court to compel Vonage to work with Sprint to complete the remaining few tasks in this case.

Vonage should have assumed that the Court's trial schedule is final  and worked to meet that schedule, which easily still can be done if Vonage simply would cooperate.  Instead, Vonage intentionally sought to sabotage the process in order to justify an extension.  Such conduct is inconsistent with Vonage's burden to establish "good cause" for the requested extension and inconsistent with the Court's Local Rules.

## III.    CONCLUSION

Vonage's motion is predicated upon the fact that it is not satisfied with the discovery it has taken to date.  Vonage expects the Court to bail it out.  Vonage has not,

2415834v2

however, acted diligently to insure its own interests and Sprint should not be prejudiced by an extension that lacks any foundation in "good cause."  The parties have had more than ample opportunity to obtain discovery.  Indeed, discovery has been pending for more than one year, and has been extended once already.  If extended again, trial will be postponed.  Sprint is entitled to have its claims heard by a jury without further delay and Vonage's motion should be denied.

Dated: April 12, 2007                    Respectfully submitted,


                                          /s/ Adam P. Seitz
                                         B. Trent Webb, KS Bar No. 15965
                                         Eric A. Buresh, KS Bar No. 19895
                                         Adam P. Seitz, KS Bar No. 21059
                                         SHOOK, HARDY & BACON L.L.P.
                                         2555 Grand Blvd.
                                         Kansas City, MO 64108-2613
                                         816-474-6550 Telephone
                                         816-474-6550 Facsimile

                                         ATTORNEYS FOR PLAINTIFF SPRINT
                                         COMMUNICATIONS COMPANY L.P.

2415834v2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of April, 2007, a copy of MEMORANDUM IN OPPOSITION TO VONAGE HOLDINGS CORP AND VONAGE AMERICA, INC.'S MOTION TO AMEND SCHEDULING ORDER was electronically filed with the Court using the ECF system, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


____/s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.

2415834v2