## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
                                    )
                    Plaintiff,      )
                                    )
        v.                          )
                                    )  Case No. 05-2433-JWL
VONAGE HOLDINGS CORP.,              )
VONAGE AMERICA, INC.,               )
                                    )
                    Defendants.     )
                                    )

**SPRINT'S MEMORANDUM IN OPPOSITION TO VONAGE'S MOTION TO COMPEL
TESTIMONY IN RESPONSE TO THEIR SECOND NOTICE OF DEPOSITION
PURSUANT TO FED. R. CIV. P. 30(B)(6)**

Plaintiff Sprint Communications Company L.P. ("Sprint") respectfully submits its

Memorandum in Opposition to Defendants Vonage Holdings Corp. and Vonage America, Inc's

("Vonage") Motion to Compel Testimony In Response to Their Second Notice of Deposition

Pursuant to Fed. R. Civ. P. 30(b)(6) (hereinafter "Motion to Compel" or "Motion").

## I.     INTRODUCTION

Vonage's motion, along with the other three motions it filed on or after the close

of discovery, is part of its larger campaign to manufacture a transparent need to delay trial in this

action. As part of this campaign, Vonage hastily filed the current motion asking the Court to

compel Sprint to provide another 30(b)(6) witness to discuss two topics—Topics 18 and 19 in

Vonage's Second 30(b)(6) Notice—that Vonage contends were inadequately answered by

Sprint's designee, Albert DuRee. Vonage also seeks sanctions for the costs and fees associated

with this Motion and the costs and fees to re-depose a Sprint witness on these topics. Vonage's

Motion is replete with unfounded allegations regarding Sprint's preparation of the witness and

misstatements regarding the actual scope of topics 18 and 19. Vonage's inaccuracies aside, the

2407607v1

Dockets.Justia.com

genuine issue presented by its motion is simple—<u>whether Mr. DuRee, as Sprint's 30(b)(6)</u>
<u>designee, was knowledgeable of the subject matter of Topics 18 and 19 and adequately answered</u>
<u>Vonage's questions regarding Topics 18 and 19 during his deposition</u>.  As detailed below, the
record demonstrates that Mr. DuRee adequately addressed the designated topics.  Clearly,
Vonage could have done a better job of questioning the witness about these topics, but Vonage's
failure to ask the proper questions cannot be attributed to Sprint's designation and/or preparation
of Mr. Duree.  Consequently, there is no ground for sanctions, and Vonage's Motion to Compel
and request for sanctions should be denied.

## II.      FACTS

On November 22, 2006, Vonage served its Second Notice of Deposition pursuant
to Rule 30(b)(6) (hereinafter the "Second Deposition Notice") on Sprint.  *See* Ex. A.  On March
13, 2007, Sprint identified Al DuRee as the 30(b)(6) designee to discuss Topics 18 and 19 of the
Second Deposition Notice.  *See* Ex. C.  At this same time, Sprint notified Vonage that its
30(b)(6) witnesses, including Al DuRee, "only will be provided on these topics subject to
Sprint's objections thereto, which will be forthcoming."  *See id.*  On March 20, 2007, Sprint
served its objections to the Second Deposition Notice.  *See* Ex. B.  Vonage conducted the
deposition of Mr. DuRee on March 21-22, 2007.  Vonage did not contest or dispute Sprint's
objections to Topics 18 and 19 at any time prior to, during, or subsequent to Mr. Duree's
deposition.  Indeed, until the filing of this Motion to Compel, Vonage had not made Sprint aware
that it opposed Sprint's objections to Topics 18 and 19 of the Second Deposition Notice.

Topic 18 of the Second Deposition Notice seeks information relating to the
"structure and/or operation of any invention designed, developed, conceived and/or reduced to
practice … by Joseph Michael Chistie [sic] and one or more of Manu Chand Bhal (a/k/a Bobby
Chand Bahl), Albert Daniel DuRee, Michael Joseph Gardner, Daniel Charles Sbisa, William

2407607v1

Lyle Wiley, Tracy Lee Nelson, James David Setter, Pamela Lynne Satterfield and/or Mark Sucharczuk." *See* Ex. A. Of the individuals listed in topic 18, Mr. Christie is the only inventor listed on each of the Asserted Patents. As such, this request is significantly overbroad, unduly burdensome, and encompasses considerable irrelevant material, all of which Sprint properly objected to. Pursuant to Sprint's objections, Sprint agreed to produce a witness to testify on this topic "only as it relates to the structure and/or operation of any invention designed, developed, conceived and/or reduced to practice by Joseph Michael Christie that is embodied in the patents-in-suit." *See* Ex. B. As discussed below, Mr. DuRee adequately testified on this topic as properly narrowed by Sprint in its objections.

Topic 19 of the Second Deposition Notice seeks information relating to "the circumstances surrounding the design and/or development of any prototype of any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents," including, but not limited to, the JCS2000 prototype. *See* Ex. A. To the extent Vonage even asked questions about the prototype, Mr. DuRee adequately testified on this topic. Although Vonage complains in its Motion that Mr. DuRee was unable to testify as to "what the Asserted Patents cover," "whether the Asserted Patents cover the 'JCS2000' prototype or 'Darwin' prototype," or the "operation of any invention disclosed and/or claimed in the Asserted Patents," *see* Defs.' Br. at 4, these topics are not the subject matter of Topic 19, as evidenced by the plain language of the topic itself. As such, these "topics" were not appropriate matters for Mr. DuRee to discuss.

### III.    <u>ARGUMENT</u>

**A.    Vonage's Motion Should Be Denied Because Vonage Has Not Satisfied the Good-Faith Certification or Meet-and-Confer Requirements of Fed. R. Civ. P. 37 and Local Rule 37.2.**

As an initial procedural matter, Vonage's Motion to Compel should be denied because (1) Vonage filed its Motion without attempting to confer to resolve the issue extrajudicially, as required by Fed. R. Civ. P 37(a)(2)(A) and Local Rule 37.2; and (2) Vonage did not satisfy the good-faith certification requirement of Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 37.2.

Federal Rule of Civil Procedure 37 requires Vonage to make a good faith attempt to resolve the discovery dispute before filing a motion to compel discovery responses. Further, Rule 37 requires that the motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure." *See* Fed. R. Civ. P. 37(a)(2)(B).

In addition, Local Rule 37.2 states that "[e]very certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes *shall describe with particularity* the steps taken by all counsel to resolve the issues in dispute." *See* D. Kan. R. 37.2 (emphasis added). The rule also states that a "'reasonable effort to confer' … requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." *Id.*

Vonage did not include in its Motion to Compel a certification that complies with Local Rule 37.2. Vonage's Motion simply referred to its Memorandum in Support for a description of its good-faith attempt to resolve the discovery issue. In its Memorandum, Vonage did not describe with particularity its good-faith attempts at resolution. Instead, Vonage dropped a footnote in its brief that it believed the discussion between counsel during Mr. DuRee's

- 4 -

deposition satisfied the parties' obligations to meet and confer on these issues. *See* Defs.' Br. at 6 n.3. This brief footnote does not satisfy the certification requirement of Local Rule 37.2, which requires particularized facts that sufficiently describe and identify the steps taken by the parties to resolve the discovery dispute.

Furthermore, Vonage did not satisfy the conference requirements imposed by Federal Rule of Civil Procedure 37 and Local Rule 37.2, which "encourage resolving discovery disputes without judicial involvement." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999); *see also Lohmann & Rauscher, Inc. v. YKK, Inc.*, No. 05-2369, 2007 U.S. Dist. LEXIS 15820, at *5-*6 (D. Kan. Mar. 2, 2007) ("The purpose of the local rule is to encourage the parties to satisfactorily resolve their discovery disputes before resorting to judicial intervention."). Meet and confer requirements are not satisfied "by requesting or demanding compliance with the requests for discovery." *Cotracom*, 189 F.R.D. at 459. Rather, the parties "need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention." *Id.* Vonage did not do that here.

Although Vonage cites to a South Dakota case allowing discussion between counsel during a deposition to satisfy the meet and confer requirements of its local rule, the local rule in the District of Kansas is more stringent, requiring "the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." D. Kan. R.

37.2; *see also Lohmann*, 2007 U.S. Dist. LEXIS 15820, at *7 (finding that a single e-mail and a single e-mail response hardly meets the stringent requirements of the local rule, and not excusing the plaintiff from conferring just because the plaintiff was nearing the end of the 30 days within which to file its motion). The discussion between counsel at Mr. DuRee's deposition does not rise to the level of a "reasonable effort to confer" as described in Local Rule 37.2 and the *Cotracom* opinion. Accordingly, because Vonage did not comply with the certification or conference requirements of Fed. R. Civ. P. 37 and Local Rule 37.2, the Motion to Compel should be denied.

  **B.**  **Vonage's Motion Should Be Denied Because Sprint's Witness Adequately Discussed The Designated Topics.**

   Even if the Court finds that Vonage did comply with the certification and conference requirements of the Federal Rules and Local Rule 37.2, Vonage's Motion to Compel must be denied because Mr. DuRee was knowledgeable of the actual subject matter of Topics 18 and 19. Moreover, Mr. Duree adequately answered Vonage's questions regarding the designated topics. He talked about the structure and/or operation of the inventions designed, developed, conceived and/or reduced to practice by Joseph Michael Christie. He also talked about the circumstances surrounding the design and/or development of the JCS2000 prototype. Notwithstanding Vonage's assertions to the contrary, Topics 18 and 19, by their express language, do not have anything to do with the Asserted Patents themselves. Thus, Mr. DuRee was not designated to talk about the Asserted Patents.[1] Rather, Mr. DuRee was designated to

---

[1] Indeed, Vonage had the opportunity to question a Sprint witness about the Asserted Patents when it deposed Michael Setter, the attorney who drafted and prosecuted the Asserted Patents, on two separate occasions—April 28, 2006 and March 27, 2007. Vonage has not objected to the adequacy of Mr. Setter's deposition testimony regarding the Asserted Patents. Evidently, Vonage was hoping for another bite of the apple when it deposed Mr. DuRee, an engineer and not an attorney, and was disappointed when Mr. DuRee could not address legal questions concerning the Asserted Patents. Vonage then filed this Motion in a strategic attempt to get at a third witness who might testify as to the Asserted

talk about the technology <u>underlying</u> the Asserted Patents, which he did.  The fact that Mr.

DuRee, an engineer, did not have knowledge of the Asserted Patents themselves (or whether the

technology he described was "covered by" the Asserted Patents) does not detract from the

adequacy of his answers regarding the designated topics.  *See Starlight Int'l, Inc. v. Herlihy*, 186

F.R.D. 626, 639 (D. Kan. 1999) (indicating that "if the deponent does not know the answer to

questions outside the scope of the matters described in the notice, then that is the examining

party's problem," and citing with favor a Florida court's principles with regard to 30(b)(6)

depositions).

### 1.    Sprint's Witness Adequately Testified As To Topic 18.

As drafted, Topic 18 is significantly overbroad, unduly burdensome, and

encompasses considerable irrelevant information.  Joseph Michael Christie is the only inventor

named on the Asserted Patents.  *See* Ex. F (cover sheets of asserted patents).  Nonetheless,

Vonage attempts to inquire into inventions "designed, developed, conceived and/or reduced to

practice … by Joseph Michael Chistie [sic] and one or more of Manu Chand Bhal (a/k/a Bobby

Chand Bahl), Albert Daniel DuRee, Michael Joseph Gardner, Daniel Charles Sbisa, William

Lyle Wiley, Tracy Lee Nelson, James David Setter, Pamela Lynne Satterfield and/or Mark

Sucharczuk."  Vonage's topic, without any showing of relevance to the Asserted Patents, is

tantamount to a fishing expedition.  There simply is no claim or defense in this matter that bears

any relation to inventions by individuals other than Mr. Christie.  Moreover, many of these

individuals are not employed at Sprint and it is difficult, if not impossible, to determine how

Sprint would be able to designate a 30(b)(6) witness to discuss a third party's inventions.  As

such, some threshold showing of relevance must be made before parties are required to open

---

Patents and as part of its overall scheme to delay trial in this matter.  Vonage's attempt
should not be countenanced.

- 7 -

wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case. *See Mike v. Dymon, Inc.*, No: 95-2405, 1996 U.S. Dist. LEXIS 17329, at *13-*14 (D. Kan. Nov. 15, 1996) ("When relevancy is not apparent, … it is the burden of the party seeking discovery to show the relevancy of the discovery request."). As the party seeking this discovery, it is Vonage's burden to make this threshold showing of relevance. Vonage's failure to event attempt to make such a showing is telling.

On its face, Vonage's request for information about inventions by individuals other than Joseph Michael Christie is irrelevant and is not likely to lead to the discovery of admissible evidence, especially because many of those individuals are third parties. As such, Sprint timely objected on this ground. Because Vonage refused to meet and confer, it has never explained to Sprint how or why this information is relevant to the claims at issue in this case, or why it did not serve a subpoena on the third parties to discuss their respective inventions directly with them. Therefore, Sprint's objections to this information should stand, and the Court should not compel discovery into these irrelevant matters. *See id.* ("When the party seeking discovery fails to show relevance and the court cannot otherwise 'determine how the information sought is relevant,' the court will not compel the requested discovery.").

When this topic is narrowed to Joseph Michael Christie's inventions disclosed and claimed in the Asserted Patents, as it must be, Mr. DuRee adequately testified on this topic. *See, e.g,* Ex. D (DuRee Dep., Vol. I) at 33:19-39:7; 48:4-61:7; 75:13-81:13; Ex. E (DuRee Dep., Vol. II) at 91:10-93:13; 95:9-97:12; 102:2-103:15 (discussing the structure and operation of inventions designed, developed, conceived and/or reduced to practice by Joseph Michael Christie). Vonage cannot dispute the record. Clearly, Vonage could have done a better job of questioning the witness about this topic, but Vonage's failure to ask the proper questions cannot

- 8 -

be attributed to Sprint's designation and/or preparation of Mr. Duree.  For example, Vonage did

not question the witness about any of the documents Sprint has produced that relate to the

structure and operation of the prototype (consisting of hundreds of pages).  Nor did Vonage ask

the witness to identify a single document that describe such structure and operation.  This was

Vonage's failure, not Sprint's.  Vonage should not be afforded an opportunity to correct its

failures through another 30(b)(6) deposition on this topic.  Vonage's Motion to Compel should

be denied.

**2.**    **Sprint's Witness Adequately Testified As To Topic 19.**

Topic 19 of the Second Deposition Notice seeks information relating to the design

and/or development of the JCS2000 prototype.[2]  *See* Ex. A.  To the extent Vonage bothered to

ask questions about the JCS2000 prototype, Mr. DuRee adequately testified on this topic.  *See,*

*e.g,* Ex. D (DuRee Dep., Vol. I) at 70:2-74:7; Ex. E (DuRee Dep., Vol. II) at 91:10-93:13;

103:16-108:21; 111:9-113:13 (discussing the circumstances surrounding the design and/or

development of the JCS2000 prototype).

Vonage, however, chose not to pursue many questions regarding the subject

matter of this topic.  Rather than focusing on the design and development, Vonage directed its

questioning to whether the JCS2000 prototype is "covered by" the Asserted Patents.  *See e.g.,*

Ex. E (DuRee Dep., Vol. II) at 119:14-18; 122:18-22; 125:13-127:18.  Vonage complains in its

Motion that Mr. DuRee was unable to testify as to "what the Asserted Patents cover," "whether

---

[2] At Mr. DuRee's deposition and in its Motion to Compel, Vonage has attempted to broaden this
topic to whether the prototype "utilizes and/or involves any invention disclosed and/or
claimed in the Asserted Patents" because such language appears in Topic 19.  However,
that limiting phrase is not the subject matter of Topic 19.  Rather, that phrase served to
limit the topic and inform Sprint as to the specific prototype(s) about which Vonage was
seeking information (as opposed to "any prototype of any Sprint product and/or service").
It also allowed Sprint to designate and prepare its 30(b)(6) witness on the appropriate
prototype.  Reason and common sense dictate that Sprint's interpretation of Topic 19 is
the appropriate one.  The Court should reject Vonage's bold attempt to compel another
30(b)(6) deposition so that it may question a witness about this expanded topic.

the Asserted Patents cover the 'JCS2000' prototype or 'Darwin' prototype," or the "operation of

any invention disclosed and/or claimed in the Asserted Patents."  Defs.' Br. at 4.  However, such

questioning is inappropriate for a fact witness, as it calls for the witness to take a legal position

and make legal conclusions.  *See Goss Int'l Ams., Inc. v. MAN Roland, Inc.*, No. 03-cv-513-SM,

2006 U.S. Dist. LEXIS 28160, at *5-*6 (D.N.H. April 28, 2006) (ruling that counsel was correct

in objecting to questions about claim construction because legal contentions are not a proper

subject for factual discovery); *SmithKline Beecham Corp. v. Apotex Corp.*, No. 99-CV-4304 *et

al.*, 2004 U.S. Dist. LEXIS 8990, at *9-*10 (E.D. Pa. March 23, 2004) (ruling that certain

categories of proposed deposition pertained to legal positions that should be ascertained by

means of interrogatories rather than deposition); *In re Indep. Serv. Orgs. Antitrust Litig.*, 168

F.R.D. 651, 654 (D. Kan. 1996) (granting protective order against Rule 30(b)(6) deposition

inquiry into legal conclusions, on grounds that producing responses to such questions is

overbroad, inefficient, and unreasonable); *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134

F.R.D. 275, 285-88 (N.D. Cal. 1991) (ordering both parties to use contention interrogatories

rather than Rule 30(b)(6) deposition to ascertain other side's legal positions).

          In *SmithKline Beecham Corp. v. Apotex Corp.*, No. 99-CV-4304 *et al.*, 2004 U.S.

Dist. LEXIS 8990 (E.D. Pa. March 23, 2004), the defendant's 30(b)(6) deposition notice called

for testimony regarding, among other things, the "analytical methods suitable for detecting and

identifying crystalline forms of paroxetine hydrochloride."  *Id.* at *4.  The plaintiff prepared a

witness to testify about this subject, but the witness refused to answer certain questions about

whether or not the plaintiff would stand by statements in its patents.  *Id.*  The Court ruled that the

defendant was asking the witness to take a legal position with respect to certain statements in the

plaintiff's patents.  *Id.* at *10.  Noting that it would be "very difficult for a non-attorney witness

- 10 -

to answer such questions at a deposition," the Court held that a 30(b)(6) deposition was an inappropriate method for seeking such information, and that contention interrogatories were a more appropriate form of discovery for such issues.  *Id.*  Likewise, in this case, Mr. DuRee is not an attorney, he does not understand legal jargon, and he cannot make a legal conclusion as to the scope of the inventions claimed in the Asserted Patents or whether the prototype is "covered by" the Asserted Patents.  It simply is beyond question that Mr. Duree, a fact witness, cannot be required to offer binding answers to such questions in the course of a 30(b)(6) deposition.

In sum, Mr. DuRee adequately answered Vonage's questions regarding the design and development of the prototype, which was the subject of Topic 19.  He cannot be required to answer questions that ask him to take a legal position and to make a legal conclusion.  As with Topic 18, Vonage chose to only ask a limited number of questions relating to the design, development and operation of the prototype.  Vonage's failure to ask additional questions in this regard cannot be attributed to Sprint.  Accordingly, Vonage's Motion to Compel testimony on this topic should be denied.

**C.    Monetary Sanctions Are Not Warranted In This Case.**

Vonage's Motion does not cite to a rule or statutory provision authorizing the imposition of monetary sanctions but  relies exclusively on the case of *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626 (D. Kan. 1999).  Because Vonage quotes a portion of *Starlight* that addresses sanctions under Rule 37(d) regarding a party's failure to appear at a properly-noticed deposition, Sprint assumes Vonage's request for sanctions falls under this provision of the rule.  Vonage is not entitled to sanctions under Rule 37(d) for several reasons.

First, Vonage is not entitled to sanctions under Rule 37(d) because that provision is inapplicable if the deponent appears at the deposition.  *See B&H Manuf., Inc. v. Foster-Forbes*

- 11 -

*Glass Co.*, No. F 91-262, 1992 U.S. Dist. LEXIS 14694, at *3-*4 (N.D. Ind. Apr. 21, 1992)

("Rule 37(d) is inapplicable if the deponent appears, even if he refuses to be sworn or to give

testimony.") (citing J.W. Moore, 4A *Moore's Federal Practice*, § 37.05).

        Second, even if Rule 37(d) is applicable, monetary sanctions are not warranted

because Sprint was "substantially justified" in objecting and opposing Vonage's inquiries into

areas that were irrelevant to the Asserted Patents, irrelevant to any claim or defense in this

matter, and/or that required Sprint's 30(b)(6) witness to make legal contentions and conclusions.

*See* Fed. R. Civ. P. 37(d) (providing authority for a court to award monetary sanctions for a

failure to appear at a properly-noticed deposition, "unless the court finds that the failure was

substantially justified or that other circumstances make an award of expenses unjust"); *see also*

*B&H Manuf., Inc. v. Foster-Forbes Glass Co.*, No. F 91-262, 1992 U.S. Dist. LEXIS 14694, at

*4-*5 (N.D. Ind. Apr. 21, 1992)  In *Foster-Forbes*, the witnesses appeared for their 30(b)(6)

depositions, testified to eight of the ten items in the deposition notice, but subsequently refused,

or were unable, to answer certain questions regarding two categories that Foster-Forbes

contended were not directed to facts but rather sought legal contentions that were better suited

for interrogatories than a 30(b)(6) deposition.  The Court denied the plaintiff's motion for

attorney fees, finding that Foster-Forbes was "substantially justified in carrying the matter to

court" because their position that such discovery be done by interrogatory answers and not

through a 30(b)(6) deposition had been adopted by other courts (though was rejected by this

particular court).[3]

---

[3] In *Foster-Forbes*, the Court ruled that Rule 37(d) was inapplicable because the witnesses had
appeared at the deposition.  It then analyzed the motion for attorney fees under Fed. R.
Civ. P. 37(a)(4)(A).  Rule 37(a)(4)(A) states, in pertinent part, that if a motion to compel
is granted, the court shall "require the party or deponent whose conduct necessitated the
motion … to pay to the moving party the reasonable expenses incurred in making the
motion, including attorney's fees, unless the court finds that the motion was filed without
the movant's first making a good faith effort to obtain the disclosure or discovery without

2407607v1

Likewise, in the present case, Sprint was "substantially justified" in objecting and opposing Vonage's attempt to inquire into areas that Sprint believed were irrelevant to the current cause of action, were not encompassed by the designated topics, or that called for the witness to make legal conclusions and take legal positions.  Regardless of whether the Court agrees with Sprint's objections and legal position on these issues, the Court cannot deny that Sprint's position on these issues was legitimate and substantially justified.  *See Mackey v. IBP, Inc.*, 167 F.R.D. 186, 207 (D. Kan. 1996) (denying request for sanctions because the parties took "legitimate positions" on the motion to compel).

Third, a finding of inadequate preparation by a 30(b)(6) witness does not necessitate a finding of failure to appear and an award of sanctions.  Whether to impose sanctions under Rule 37(d) is within the court's discretion and done on a case-by-case basis.  *Starlight*, 186 F.R.D. at 646 ("In considering the imposition of sanctions, the court must consider on a case-by-case basis whether a party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate."); *id.* at 639 (noting that Fed. R. Civ. P. 37(d) provided the court with discretion to "make such orders in regard to the failure [to appear] as are just").

In *Starlight*, the Court found that sanctions were appropriate and just given the numerous instances of sanctionable conduct demonstrated by the defendants.  In addition to the defendant's complete failure to prepare for the 30(b)(6) deposition, the Court also considered

---

court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Even if Vonage's request for sanctions falls under this provision, sanctions are not warranted because, as discussed *supra*, (1) Vonage failed to make a good faith effort to obtain the discovery without judicial intervention, (2) Sprint's objections to the requested discovery were substantially justified, and (3) it would be unjust to award sanctions where Sprint's designee adequately answered Vonages's questions about the subject matter of the designated topics.

defendants' failure to comply with specific discovery orders of the court, defendant's false testimony at his deposition, defendant's improper verification of interrogatories, defendants' improper/false supplementation of discovery requests, and counsel's improper direction of the witness not to answer questions upon deposition. *Id.* at 646-650. Other Kansas courts have indicated that a witness's lack of preparedness is only a "small part of the equation" in the imposition of sanctions. *See T&W Funding Co. v. Pennant Rent-A-Car Midwest, Inc.*, 210 F.R.D. 730, 735 (D. Kan. 2002) (indicating that Magistrate O'Hara's Order states that he was "not persuaded" that the witness's lack of preparation or inability to testify as to certain issues would necessarily rise to the level of sanctionable conduct; rather, the award of sanctions was based on the witness's lack of authority to speak on behalf of three plaintiffs). Here, Vonage's sole basis for sanctions is Sprint's alleged failure to prepare Mr. DuRee for his deposition, and Vonage has not shown that such lack of preparation, without more, rises to the level of sanctionable conduct.

Moreover, defendants' failure to prepare the 30(b)(6) witness in *Starlight* was much more egregious than here. In *Starlight*, the Court noted that the defendants "provided a representative who apparently knew little about the subject matter" of the deposition notice. To the contrary, Mr. Duree in this case was knowledgeable about the subject matter and adequately answered Vonage's questions about the designated topics. *See* Section III.B, *supra*. Therefore, Vonage has not shown that Mr. DuRee's alleged lack of preparation for the 30(b)(6) deposition was tantamount to a failure to appear.

Vonage's entire basis for its request for monetary sanctions is Sprint's alleged failure to prepare Mr. DuRee for his deposition, as apparently evidenced by his failure to review

- 14 -

documents on his own in preparation for his deposition,[4] his meetings with Sprint attorneys for less than five hours overall, and by his answers that he was not given a copy of his notice of deposition or the 30(b)(6) notice of deposition and never shown the topics that were attached to the notice of deposition.[5]  However, Mr. DuRee's preparation for his deposition is not the issue where, as here, he adequately addressed Vonage's questions directed to the subject matter of the designated topics.  Preparation becomes an issue when the 30(b)(6) witness's testimony is deficient in some way.  Here, Mr. DuRee's testimony was sufficient in all relevant respects.  Accordingly, the Court should deny Vonage's request for monetary sanctions.

## IV.   CONCLUSION

For the reasons stated above, Sprint respectfully requests that the Court deny Vonage's Motion to Compel and request for sanctions, and that the Court provide Sprint such other relief as may be appropriate and necessary under the circumstances, including, but not limited to, fees and expenses under Fed. R. Civ. P. 37(a)(4)(B).

Respectfully submitted,

---

[4] Notably, Mr. DuRee did not testify that he did not review any documents in preparation for his deposition.  He only testified that he did not review any documents on his own.  *See* Ex. D (DuRee Dep., Vol. I) at 20:5-21:5.  Had Vonage asked the proper questions in this regard, it would have discerned this fact.

[5] Notably, Mr. DuRee did not testify that he was unaware of the topics for his deposition, just that he was not *shown* those topics or the deposition notice.  In fact, Mr. DuRee testified that he knew and understood that he was testifying on behalf of Sprint regarding certain subjects.  *See* Ex. D (DuRee Dep., Vol. I) at 21:11-14.  Considering that 30(b)(6) topics are drafted by attorneys and often constitute legal jargon, the failure to show Mr. Duree the actual topic is not indicative of any wrongdoing by Sprint.

Dated: April 13, 2007                      _/s/ Adam P. Seitz_____
                                           B. Trent Webb, KS Bar No. 15965
                                           Eric A. Buresh, KS Bar No. 19895
                                           Adam P. Seitz, KS Bar No. 21059
                                           SHOOK, HARDY & BACON L.L.P.
                                           2555 Grand Boulevard
                                           Kansas City, Missouri 64108-2613
                                           (816) 474-6550 Telephone
                                           (816) 421-5547 Facsimile

                                           Attorneys for Plaintiff
                                           SPRINT COMMUNICATIONS COMPANY
                                           L.P.

2407607v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2007, a true and accurate copy of the above and foregoing **SPRINT'S MEMORANDUM IN OPPOSITION TO VONAGE'S MOTION TO COMPEL TESTIMONY IN RESPONSE TO THEIR SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

  _/s/   Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.