# EXHIBIT B

Dockets.Justia.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.,   )
                                        )

          Plaintiff,                 )
                                          )

      v.                        )
                                          )     Case No. 05-2433-JWL

VONAGE AMERICA, INC.,             )
VONAGE HOLDINGS CORP.         )
                                          )

          Defendants.

---

## SPRINT'S OBJECTIONS TO VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S SECOND NOTICE OF DEPOSITION OF SPRINT COMMUNICATIONS COMPANY L.P. PURSUANT TO RULE 30(b)(6)

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure Plaintiff Sprint Communications Company L.P., by and through its undersigned counsel, hereby responds and objects to Defendant Vonage America, Inc.'s and Vonage Holdings Corp.'s Second Notice of Deposition of Sprint Pursuant to Rule 30(b)(6).

**GENERAL OBJECTIONS**

Sprint repeats and incorporates by reference the General Objections set forth in its Response to Vonage's First Notice of Deposition Pursuant to Rule 30(b)(6). Sprint also provides the following General Objections:

8.    Sprint objects to Vonage's Topics to the extent they request information relating to "Nortel SUCCESSION" or "SPRINT SUCCESSION," as being overly broad, unduly burdensome, not relevant to the Asserted Patents, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence.

9.    Sprint objects to Vonage's Topics to the extent they request information relating to "SPRINT ION," as being overly broad, unduly burdensome, not relevant to the Asserted Patents, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Sprint objects to Vonage's Topics to the extent they request information relating to "IP-FONCARD ESD," as being overly broad, unduly burdensome, not relevant to the Asserted Patents, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence.

11.    Sprint objects to the definition of "Sprint product and/or service" as overly broad, unduly burdensome, and not relevant to the Asserted Patents, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence to the extent this definition includes "Nortel SUCCESSION," "SPRINT SUCCESSION," "SPRINT ION," and/or "IP-FONCARD ESD."

## SPECIFIC OBJECTIONS

**TOPIC NO. 1:**     The design, development, conception and/or reduction to practice (actual or constructive) of any invention disclosed and/or claimed in the Asserted Patents.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome. Sprint also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this topic.

**TOPIC NO. 2:**     The identity of the individual(s) most knowledgeable regarding the design, development, conception and/or reduction to practice (actual or constructive) of any invention disclosed and/or claimed in the Asserted Patents.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome. Sprint also objects to this Topic as vague and ambiguous with respect to the term "most knowledgeable."

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this topic.

**TOPIC NO. 3:**     Any reverse engineering and/or tear-down and/or analysis of any Vonage product and/or service by Sprint.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome. Sprint also objects to this Topic as vague and ambiguous with respect to the term "reverse engineering and/or tear-down." Sprint further objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.

3

Subject to and without waiver of the foregoing general and specific objections, Sprint has no non-privileged and/or non-work product information on which it could produce a witness to testify on this topic.

**TOPIC NO. 4:**     The identity of the individual(s) most knowledgeable regarding any reverse engineering and/or tear-down and/or analysis of any Vonage product and/or service by Sprint.

**RESPONSE:** Sprint objects to this topic as duplicative of Topic No. 3 and incorporates its response thereto as if fully set forth herein.

**TOPIC NO. 5:**     Identification and description of all documents describing, relating or referring to the design, development, conception and/or reduction to practice (actual or constructive) of any invention disclosed and/or claimed in the Asserted Patents.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome. Sprint also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this topic.

**TOPIC NO. 6:**     The structure and/or operation of any invention disclosed and/or claimed in the Asserted Patents.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome. Sprint also objects to this Topic as vague and ambiguous with respect to the term "structure and/or operation."

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this topic.

4

**TOPIC NO. 7:**     The identity of the individual(s) most knowledgeable regarding the structure and/or operation of any invention disclosed and/or claimed in the Asserted Patents.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome.  Sprint also objects to this Topic as vague and ambiguous with respect to the term "structure and/or operation."

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this topic.

**TOPIC NO. 8:**     The identity of the individual(s) involved the design, development, conception and/or reduction to practice (actual or constructive) of any invention disclosed and/or claimed in the Asserted Patents.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome.

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this topic.

**TOPIC NO. 9:**     Documents kept by Sprint in the ordinary course of business that relate or refer to the design, development, conception and/or reduction to practice (actual or constructive) of any invention disclosed and/or claimed in the Asserted Patents.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome.  Sprint also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.  Sprint further objects to this Topic as vague and ambiguous with respect to the term "ordinary course of business."

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this Topic.

**TOPIC NO. 10:**     Documents kept by Sprint in the ordinary course of business that relate or refer to the structure and/or operation of any invention disclosed and/or claimed in the Asserted Patents including, but not limited to, documents bearing Bates numbers SPRe-002-01-03798 to SPRe-002-01-003896 and SPRp-007-01-01020 to SPRp-007-01-01133.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome.  Sprint also objects to this Topic as vague and ambiguous with respect to the term "ordinary course of business" and "structure and/or operation."

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this Topic.

**TOPIC NO. 11:**     The basis for Sprint's assertion that any Vonage product and/or service infringes any of the Asserted Patents.

**RESPONSE:** Sprint objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.  Sprint also objects to this Topic to the extent that it seeks detailed information that is more appropriately the subject of expert testimony under Fed.R.Civ.P. 26(a)(2).  Because this topic calls for legal contentions, which are more appropriately the subject of expert testimony, Sprint will not produce a deponent as to this Topic.

**TOPIC NO. 12:**     Documents cited during the prosecution of any application from which an Asserted Patent issued and/or claims priority.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome.  Sprint also objects to this Topic as vague and ambiguous with respect to the phrase "any application from which an Asserted Patent issued and/or claims priority."

6

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this Topic.

**TOPIC NO. 13:**     The structure and/or operation of any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome. Sprint also objects to this Topic as vague and ambiguous with respect to the term "relates to, utilizes and/or involves." Sprint further objects to this Topic to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit. Sprint also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any asserted patent and, therefore, is unable to provide a witness on this Topic.

**TOPIC NO. 14:**     The identity of the individual(s) most knowledgeable about the structure and/or operation of any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome. Sprint also objects to this Topic as vague and ambiguous with respect to the term "relates to, utilizes and/or involves." Sprint further objects to this Topic to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit. Sprint also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.

7

Subject to and without waiver of the foregoing general and specific objections, Sprint is not aware that any product or service sold or offered for sale by Sprint is within the scope of any claim of any asserted patent and, therefore, is unable to provide a witness on this Topic.

**TOPIC NO. 15:**    The structure and/or operation of any invention designed, developed, conceived and/or reduced to practice (actual or constructive) by Joseph Michael Christie.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome.  Sprint also objects to this Topic to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit.  Sprint further objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this topic only as it relates to inventions designed, developed, conceived and/or reduced to practice by Joseph Michael Christie that are embodied and/or claimed in the patents-in-suit.

**TOPIC NO. 16:**    The identity of the individual(s) most knowledgeable about the structure and/or operation of any invention designed, developed, conceived and/or reduced to practice (actual or constructive) by Joseph Michael Christie.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome.  Sprint also objects to this Topic to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit.  Sprint further objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this topic only as it relates to inventions designed, developed, conceived and/or reduced to practice by Joseph Michael Christie that are embodied in patents-in-suit.

**TOPIC NO. 17:**    The circumstances surrounding the design, development, conception and/or reduction to practice (actual or constructive) of any invention by Joseph Michael Christie.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome.  Sprint also objects to this Topic to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit.  Sprint further objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this topic only as it relates to inventions designed, developed, conceived and/or reduced to practice by Joseph Michael Christie that are embodied in patents-in-suit.

**TOPIC NO. 18:**    The structure and/or operation of any invention designed, developed, conceived and/or reduced to practice (actual or constructive) by Joseph Michael Christie and one or more of Manu Chand Bhal (a/k/a Bobby Chand Bahl), Albert Daniel Duree, Michael Joseph Gardner, Daniel Charles Sbisa, William Lyle Wiley, Tracy Lee Nelson, James David Setter, Pamela Lynne Satterfield and/or Mark Sucharczuk.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome.  Sprint also objects to this Topic as irrelevant in that it seeks information that does not relate to any claim or defense in this matter.  Sprint also objects to this Topic to the extent that it seeks information that

9

is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this topic only as it relates to the structure and/or operation of any invention designed, developed, conceived and/or reduced to practice by Joseph Michael Christie that is embodied in the patents-in-suit.

**TOPIC NO. 19:**    The circumstances surrounding the design and/or development of any prototype of any Sprint product and/or service that related to, utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents, including, but not limited to, the prototype of JCS2000 described in the document bearing Bates number SPRe-002-01-04691 and the prototype referenced by Michael Setter at his deposition on April 28, 2006.

**RESPONSE:** Sprint objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Sprint also objects to this Topic as vague and ambiguous with respect to the phrase "circumstances surrounding" and the term "prototype."

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this Topic.

**TOPIC NO. 20:**    The design, development, conception and/or reduction to practice (actual or constructive) of any Sprint product and/or service.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome in that it relates to "any Sprint product and/or service." Sprint also objects to this Topic as vague and ambiguous with respect to the phrase "any Sprint product and/or service." Sprint further objects to this Topic to the extent that it seeks information that is protected by the attorney-client

10

privilege, work product doctrine, and/or any other applicable privilege. Sprint also objects to this Topic as irrelevant in that it seeks information that is not related to any claim or defense in this matter.

Given the overwhelming, burdensome and irrelevant scope of this Topic, Sprint is unable to identify and produce a witness to testify on this Topic.

**TOPIC NO. 21:**    The identity of the individual(s) most knowledgeable regarding the design, development, conception and/or reduction to practice (actual or constructive) of any Sprint product and/or service.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome in that it relates to "any Sprint product and/or service." Sprint also objects to this Topic as vague and ambiguous with respect to the term "any Sprint product and/or service." Sprint further objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Sprint also objects to this Topic as irrelevant in that it seeks information that is not related to any claim or defense in this matter.

Given the overwhelming, burdensome and irrelevant scope of this Topic, Sprint is unable to identify and produce a witness to testify on this Topic.

**TOPIC NO. 22:**    Any investigation of analysis of any Vonage product and/or service prior to Sprint's filing of a suit against Vonage for the alleged infringement of the Asserted Patents.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome. Sprint also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.

11

Subject to and without waiver of the foregoing general and specific objections, Sprint has no non-privileged and/or non-work product information on which to produce a witness on this Topic.

**TOPIC NO. 23:**    The identity of the individual(s) most knowledgeable regarding any investigation or analysis of any Vonage product and/or service prior to Sprint's filing of the suit against Vonage for the alleged infringement of the Asserted Patents.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome.  Sprint also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint has no non-privileged and/or non-work product information on which to produce a witness on this Topic.

**TOPIC NO. 24:**    The preparation and prosecution of the Asserted Patents, including any related patents or patent applications, whether foreign or domestic, any patents or patent applications from which an Asserted Patent claims priority benefit, and/or any patents or patent applications which claim priority benefit of the filing date of an application from which an Asserted Patent issued or claims priority benefit from, including any post-grant proceedings such as opposition, re-examination, reissue or revocation.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome.  Sprint also objects to this Topic as vague and ambiguous with respect to the term "any related patents or patent applications."  Sprint further objects to this Topic as irrelevant in that it seeks information that is not related to any claim or defense in this matter.

12

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this Topic as it relates to the patents-in-suit.

**TOPIC NO. 25:**     The preparation and prosecution, including any post-grant proceedings such as opposition, re-examination, reissue or revocation, of any patent or patent application, whether foreign or domestic, which discloses and/or claims any invention that related to, utilizes and/or involves VoIP technology.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome.  Sprint also objects to this Topic as vague and ambiguous with respect to the phrase "post-grant proceedings" and "VoIP technology."  Sprint further objects to this Topic as irrelevant in that it seeks information that is not related to any claim and/or defense in this matter.  Sprint also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this Topic only as it relates to the patents-in-suit.

**TOPIC NO. 26:**     Any investigation or analysis of prior art by Sprint, including, but not limited to, the prior art search referenced by Michael Setter at his deposition on April 28, 2006.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome in that it asks for an analysis of "prior art" without limitation or scope.  Sprint also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.  Sprint objects to this Topic as irrelevant in that it seeks information that is not related to any claim or defense in this matter.

Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this Topic only as it relates to the patents-in-suit.

13

**TOPIC NO. 27:**    Documents that relate to, refer to and/or describe the structure and/or operation of any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents, including, but not limited to, the following:   documents bearing Bates numbers SPRe-002-01-03798 to SPRe-002-01-003896; documents bearing Bates numbers SPRp-007-01-01020 to SPRp-007-01-01133; technical documents and papers prepared and/or authored by Kemm Consulting Inc. and/or Massoud Kamali and/or Mahsen Emami, including "A High End Multiprocessor/Multiboard System for CCM" dated April 17, 1995 (Ex. A), "Network Architecture Alternatives for CCM" dated April 20, 1995 (Ex. B) and "BBIN-KEMM-IPDN-10D" dated September 19, 1995 (Ex. C); the document entitled "CCM Detailed Design Revision 0.1" dated April 27, 1995 (Ex. D); and the document entitled "JCS2000 Design Document for the 0.2 Development Phase" dated March 31, 1997 (Ex. E).

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome.  Sprint also objects to this Topic as vague and ambiguous with respect to the term "any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents."  Sprint further objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.  Sprint also objects to this Topic to the extent it seeks testimony from Sprint on documents that were not authored or created by Sprint.  Providing testimony on such documents constitutes improper opinion testimony.  As such, Sprint cannot produce a fact witness to testify on this Topic.

**TOPIC NO. 28:**    Documents that relate to, refer to and/or describe the structure and/or operation of any Sprint product and/or service that relates to, utilizes and/or involves VoIP

technology, including, but not limited to, the following:  documents bearing Bates numbers SPRe-002-01-03798 to SPRe-002-01-003896; documents bearing Bates numbers SPRp-007-01-01020 to SPRp-007-01-01133; technical documents and papers prepared and/or authored by Kemm Consulting Inc. and/or Massoud Kamali and/or Mahsen Emami, including "A High End Mutliprocessor/Multiboard System for CMM" dated April 17, 1995, "Network Architecture Alternatives for CCM" dated April 20, 1995 and "BBIN-KEMM-IPDN-10D" dated September 19, 1995; the document entitled "CCM Detailed Design Revision 0.1" dated April 27, 1995; and the document entitled "JCS2000 Design Documents for the 0.2 Development Phase" dated March 31, 1997.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome.  Sprint also objects to this Topic as vague and ambiguous with respect to the term "any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents."  Sprint further objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Sprint also objects to this Topic to the extent it seeks testimony from Sprint on documents that were not authored or created by Sprint.  Providing testimony on such documents constitutes improper opinion testimony.  As such, Sprint cannot produce a fact witness to testify on this Topic.

**TOPIC NO. 29:**      Documents that related to, refer to and/or describe the structure and/or operation of any Sprint products and/or service that relates to, utilizes and/or involves any invention by Joseph Michael Christie, including but not limited to, the following:  documents bearing Bates numbers SPRe-002-01-03798 to SPRe-002-01-003896; documents bearing Bates numbers SPRp-007-01-01020 to SPRp-007-01-01133; technical documents and papers prepared

15

and/or authored by Kemm Consulting Inc. and/or Massoud Kamali and/or Mahsen Emami, including "A High End Multiprocessor/Multiboard System for CCM" dated April 17, 1995, "Network Architecture Alternatives for CCM" dated April 20, 1995, "BBIN-KEMM-IPDN-10D" dated September 19, 1995; the document entitled "CCM Detailed Design Revision 0.1" dated April 27, 1995; and the document entitled "JCS2000 Design Document for the 0.2 Development Phase" dated March 31, 1997.

**RESPONSE:** Sprint objects to this Topic as overly broad and unduly burdensome. Sprint also objects to this Topic as vague and ambiguous with respect to the term "any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents." Sprint further objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Sprint also objects to this Topic to the extent it seeks testimony from Sprint on documents that were not authored or created by Sprint. Providing testimony on such documents constitutes improper opinion testimony. As such, Sprint cannot produce a fact witness to testify on this Topic.

Dated: March 20, 2007                          Respectfully Submitted,


                                               _/s/ Adam P. Seitz_____

                                               B. Trent Webb, KS Bar No. 15965
                                               Eric A. Buresh, KS Bar. No. 19895
                                               Adam P. Seitz, KS Bar No. 21059
                                               SHOOK HARDY & BACON L.L.P.
                                               2555 Grand Blvd.
                                               Kansas City, Missouri 64108-2613
                                               816-474-6550 Telephone
                                               816-421-5547 Facsimile

                                               ATTORNEYS FOR PLAINTIFF SPRINT
                                               COMMUNICATIONS COMPANY L.P.

2380271v1

17

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2007, a true and accurate copy of the above and foregoing SPRINT'S OBJECTIONS TO VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S SECOND NOTICE OF DEPOSITION OF SPRINT COMMUNICATIONS COMPANY L.P. PURSUANT TO RULE 30(B)(6) was sent via e-mail to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


 /s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.

18

2380271v1