IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
                                    )
                Plaintiff,           )
                                    )
        v.                           )
                                    )
VONAGE HOLDINGS CORP.,              )   Case No. 05-2433-JWL
VONAGE AMERICA, INC.,               )
                                    )
                Defendants.          )
                                    )
                                    )
                                    )
                                    )

### SPRINT COMMUNICATION CO. L.P.'S REPLY TO VONAGE AMERICA, INC. AND VONAGE HOLDING CORP.'S RESPONSE TO SPRINT'S MOTION TO COMPEL PRODUCTION OF A PRIVILEGE LOG

Plaintiff Sprint Communications Company L.P. ("Sprint") respectfully submits this reply to Vonage America, Inc. and Vonage Holdings Corp.'s Opposition to Sprint's Motion to Compel Production of Privilege Log.

Despite the clear rules of this Court, Vonage contends it was under no obligation to timely produce its privilege log. Indeed, Vonage argues any such deadline merely is "arbitrary" and that it was entitled to produce its privilege log whenever it felt the time was right. Vonage's cavalier attitude towards its discovery obligations is surprising, given that it claimed privilege and work-product immunity to nearly every single discovery request served by Sprint. Only after this motion was filed did Vonage decide it was time to produce a complete and "final" privilege log. Even then, Vonage did not produce its privilege log until **five days after the close of discovery**. Not only are Vonage's actions inconsistent with the Fed. R. Civ. P., but they are contrary to this Court's precedent. For these reasons, Vonage's claims of privilege and work-

- 1 -

2421069v3

product immunity have been waived and Vonage should be ordered to produce all allegedly privileged and work-product documents and/or responses.

### I. ARGUMENT

It is well established in this District that failure to produce a timely, adequate privilege log may result in a waiver of the privilege. *See*, *e.g.*, *G.D. v. Monarch Plastic Surgery, P.A.*, No. 06-2184-CM, 2007 WL 201150, at *11 (D. Kan. Jan. 22, 2007) (overruling plaintiff's objections to an interrogatory where plaintiff provided a blanket claim as to the applicability of the attorney-client privilege and work-product doctrine); *see also Haid v. Wal-Mart Stores, Inc.*, No. 99-4186, 2001 WL 964102, at *1-*2 (D. Kan. June 25, 2001) (affirming the decision of a magistrate judge holding the defendant had waived its privilege claims by failing to timely produce an adequate privilege log); *Starlight Int'l, Inc. v. Herlihy*, No. 97-2329, 1998 WL 329268, at *3 (D. Kan. June 16, 1998) (requiring defendants to produce all responsive documents withheld on the basis of attorney-client privilege where no timely privilege log was provided). Despite Vonage's contention that Sprint has established an "arbitrary deadline," these cases make clear that parties must produce a privilege log immediately upon claiming privilege or work-product immunity in response to a discovery request.

In *Monarch Plastic Surgery*, this Court held that delaying the production of a privilege log until after a motion to compel is filed is untimely and improper. As the court in *Monarch Plastic Surgery* stated, the party objecting to a discovery request "has the burden to establish the existence of the privilege/immunity **prior to the time that the court is asked to determine its sufficiency and applicability**." *Monarch Plastic Surgery*, 2007 WL 201150, at *11; *see also Starlight Int'l*, 1998 WL 329268, at *3 (emphasis added). Indeed, the court made clear that an objecting party's offer to provide a privilege log in response to a motion to compel

"comes too late to save their objection to privilege." *Id.* Similar to the plaintiff in *Monarch Plastic Surgery*, Vonage's production of a privilege log is too late to preserve any claim of privilege in those documents.

In *Haid*, the court affirmed a magistrate judge's decision that the defendants had waived privilege and work-product claims by failing to produce a timely privilege log. *Haid*, 2001 WL 964102, at *1-*2. Moreover, the court rejected the defendants' offer to produce a late privilege log. *Id.* The court stated that the defendants, having waived its claims of privilege and work-product immunity, "cannot now be allowed to resurrect their privileged status by simply complying with the rules." *Id.* Similar to the defendant in *Haid*, Vonage cannot now resurrect its claims of privilege and work-product through the untimely production of a privilege log, especially when its privilege log should have been produced well over one year ago.

Similarly, in *Starlight Int'l*, the court required the defendants to produce all responsive documents withheld on the basis of privilege where the defendants failed to provide an adequate privilege log and made no attempt to timely comply with Rule 26(b)(5). *Starlight Int'l*, 1998 WL 329268, at *3. In determining that the defendants had waived any claim to privilege, the court noted that "[t]he [defendants] have had ample opportunity to comply with Fed.R.Civ.P. 26(b)(5) and produce a privilege log. They should have done so in response to the requests or at least in response to the motion. Defendants do not need an order of the court to tell them to do what the rule already tells them to do. Rule 26(b)(5) instructs parties to provide explanatory information, i.e. a privilege log, **when a party 'withholds information.'**" *Id*. (emphasis added). *See also Peat, Marwick, Mitchell & Co. v. The Honorable Lee R. West*, 748 F.2d 540, 542 (10th Cir. 1984) (denying a writ of mandamus to overturn the district court's order compelling discovery and stating that the "applicability of the [attorney-client] privilege turns on

the adequacy and timeliness of the showing, as well as on the nature of the document."); *Rural Water System Ins. Benefit Trust v. Group Ins. Admin'rs, Inc.*, 160 F.R.D. 605, 608 (D. Kan. 1995) (rejecting plaintiff's excuses for failing to produce a timely and adequate privilege log and noting that "[i]t was the plaintiff's burden to prove their privileges **prior to the time that the court was asked to determine them**.") (emphasis added). Similar to the defendants in *Starlight Int'l*, Vonage did not produce a privilege log upon asserting its claims of privilege and work-product and, as such, has waived its claims thereto.

In its opposition, Vonage does not dispute these cases or their holdings. Indeed, Vonage implicitly acknowledges that the untimely production of a privilege log results in the claims of privilege and/or work-product, Vonage attempts to characterize its original and supplemental "privilege logs" as timely. As discussed below, Vonage's arguments are without merit.

Vonage first relies on its production of an "initial privilege log" on August 9, 2006. This "privilege log," however, was nothing more than a request pursuant to § 9 of the Stipulated Protective Order for the return of **one** unintentionally disclosed document. *See* Ex. A (Vonage's Aug. 9 letter). Other than this one unintentionally disclosed document, Vonage's "privilege log" did not address any other allegedly privileged documents it was withholding, despite the fact that by this time Vonage had objected to and, presumably, withheld information responsive to 6 interrogatories and 55 document requests on the basis of privilege and work-product immunity. *See* Ex. B (Vonage's Privilege Log). Nor does Vonage address why it had not produced a privilege log before this time as Vonage's own document responses make clear it was asserting privilege and work-product immunity at least as early as February 7, 2006. *See* Doc. No. 135, at Ex. C (Vonage's Responses to Sprint's First Set of Discovery, dated Feb. 7,

2421069v3

2006). It is beyond dispute that Vonage should have produced a full and complete privilege log well in advance of the August 9 "initial privilege log." *See Starlight Int'l*, 1998 WL 329268, at *3.

The "first supplement" referred to by Vonage was, once again, only provided after Sprint requested follow-up discovery on certain documents produced by Vonage. Vonage responded by requesting the return and/or destruction of those documents. *See* Ex. C (letter from Vonage to Sprint). At that time, Vonage provided a supplemental privilege log but, once again, it only addressed the specific documents requested by Sprint. *See* Ex. D (Vonage's First Supp. Privilege Log).[1] As with Vonage's original "privilege log," it did not address any other allegedly privileged documents, even though Vonage had produced well over 500,000 pages of documents and, at this time, had asserted privilege in response to 10 interrogatories and 65 document requests.

Similarly, Vonage's "second supplement" was provided along with a request for the return of two unintentionally disclosed documents. *See* Ex. E (letter from Vonage to Sprint). However, Vonage only provided this "second supplement" after Sprint had requested follow-up discovery on the unintentionally disclosed documents. *See* Ex. F (Vonage's Second Supp. Privilege Log). As with the original and "first supplement," it also failed to address any other documents for which Vonage was asserting privilege and withholding production.

Finally, Vonage cites to its "third supplement," which was not produced until **5 days after the close of discovery** and, even then, only in response to Sprint's motion to compel. *See* Ex. G (Vonage's Third Supp. Privilege Log). In its opposition, Vonage contends that this privilege log and the previous supplements now exhaust its duties under the Fed. R. Civ. P.

---

[1] Interestingly, Vonage's "first supplement" contains entries that do not contain Bates numbers conclusively establishing that Vonage had affirmatively been withholding documents and did not identify them until prompted by Sprint.

- 5 -

2421069v3

Ignoring the untimely nature of these productions,[2] this privilege log and the previous supplements only identify 47 allegedly privileged items. To suggest that this list is "exhaustive" is surprising given that Vonage has produced over 700,000 pages of documents and asserted privilege in response to **89 separate discovery requests**.[3]

Moreover, Vonage's original and supplemental "privilege log" entries wholly fail to comply with Fed. R. Civ. P. 26(b)(5) in that they do not "describe the nature of the documents, communications, or things . . . in a manner that . . . will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). For example, Vonage's "initial privilege log" describes the identified document as "email" with the subject "Sprint v. Vonage." *See* Ex. B. Obviously, a number of non-privileged communications could fall within the broad subject of "Sprint v. Vonage." Based on Vonage's description, however, both Sprint and the Court are completely unable to assess the applicability of this assertion of work-product immunity. By way of another example, Vonage's "first supplemental" privilege log describes a document as "Email" with the subject "FW: Questions re: call proc." *See* Ex. D (first entry). Again, Sprint and the Court are unable to determine why Vonage claims this document comprises "Attorney Work Product" and "Attorney-Client Privilege." Vonage's generic and nonspecific description of documents exhibits a complete and total disregard for its obligations under Fed. R. Civ. P. 26(b)(5). Given the inadequacies of its original and supplemental

---

[2] Despite Vonage's contentions to the contrary, this "third supplement" is the first time Vonage allegedly addresses its assertions of privilege for its entire document production and each assertion of privilege and work-product in its discovery responses.

[3] Given the large number of discovery responses to which Vonage has asserted privilege and work-product, Sprint only attached a representative excerpt from each response as an exhibit in its original motion. *See* Doc. No. 135, at Ex. C. If the Court would like Sprint to submit each discovery response to which Vonage asserted privilege and work-product, which includes 17 interrogatories and 72 requests for production, Sprint is prepared to do so.

"privilege logs," Vonage's production of a privilege log pursuant to Rule 26(b)(5) remains outstanding.

## II.    CONCLUSION

As Vonage's original and supplemental privilege logs were untimely and wholly inadequate, Vonage has waived its claims of privilege and work-product immunity. Vonage's cavalier attitude towards its discovery obligations should not be countenanced. Under the decisions of this Court and the Tenth Circuit, Vonage has waived its claims to privilege and work-product immunity based on its repeated failures to timely produce a substantive privilege log. Accordingly, the Court should order Vonage to produce all documents withheld on the basis of privilege and/or work-product immunity. Additionally, the Court should also compel Vonage to provide full, complete, and specific interrogatory answers to each interrogatory where Vonage has claimed privilege and/or work-product immunity.

Respectfully submitted,

Dated: April 17, 2007          /s/  Adam P. Seitz
        B. Trent Webb, KS Bar No. 15965
        Eric A. Buresh, KS Bar No. 19895
        Adam P. Seitz, KS Bar No. 21059
        SHOOK, HARDY & BACON L.L.P.
        2555 Grand Boulevard
        Kansas City, Missouri 64108-2613
        (816) 474-6550 Telephone
        (816) 421-5547 Facsimile

        Attorneys for Plaintiff
        SPRINT COMMUNICATIONS COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2007, a true and accurate copy of the above and foregoing **SPRINT COMMUNICATION CO. L.P.'S REPLY TO VONAGE AMERICA, INC. AND VONAGE HOLDING CORP.'S RESPONSE TO SPRINT'S MOTION TO COMPEL PRODUCTION OF A PRIVILEGE LOG** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

  /s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.

2421069v3