# EXHIBIT F

Dockets.Justia.com

| | |
|---|---|
| **From:** | McPhail, Donald R. [DRMcPhail@duanemorris.com] |
| **Sent:** | Friday, April 06, 2007 5:56 PM |
| **To:** | Strand, Peter E. (SHB) |
| **Cc:** | Russell, Walt (SHB); Brown, Joshua R. (SHB); Seitz, Adam P. (SHB); Golob, Barry; McPherson, Patrick D.; Lahey, Helesa K. |
| **Subject:** | RE: Sprint v Vonage |

Peter -

I shall refrain for the sort of finger-pointing you have decided to engage in, except to point out that your remarks seem quite unwarranted in view of Sprint's behavior during this litigation. For example, how long did we ask for the letters to Mr. Christie's estate (for over one year) and how many times did Sprint deny <u>in writing</u> that such letters even existed (twice), yet, somehow, magically, after we filed a motion to compel, Sprint finds and produces these letters. The same litany can be recited with respect to the agreements with Cisco, which Sprint has stilled failed to produce all copies and variations of and which Sprint consistently refused to identify by Bates ranges when asked in the past, as well as for other categories of documents.

As to the documents we have recently produced, the use of the word "still" in my email was simply an effort to remind you that a document may have existed at some point time, such as 2002, but may not have existed in 2006 or even today, and yet Mr. Rego may have been unaware of that fact at the time of his deposition. The fact that you requested documents in November does not mean that they actually existed <u>at that time</u>, even if they had existed at an earlier point in time. Nevertheless, in an effort to relieve your apparent anxiety, I will represent to you that NO RESPONSIVE DOCUMENTS have been destroyed, either before or after Mr. Rego's deposition, and ALL RESPONSIVE DOCUMENTS have been produced to Sprint, to the extent that they could be located (either in the location suggested by Mr. Rego at his deposition or in some alternative location).

Finally, I appreciate your willingness to postpone our response until next Wednesday. I hope that you will have completed your review of our recent production by that time and will then withdraw your motion.

Don



**Donald R. McPhail**
Partner

Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
P: 202.776.7894
F: 202.776.7801
C: 571.228.7936

● BIO
● E-MAIL
● WEB SITE
● VCARD

**From:** Strand, Peter E. (SHB) [mailto:PSTRAND@shb.com]
**Sent:** Friday, April 06, 2007 5:18 PM
**To:** McPhail, Donald R.
**Cc:** Russell, Walt (SHB); Brown, Joshua R. (SHB); Seitz, Adam P. (SHB); Golob, Barry; McPherson, Patrick D.; Lahey, Helesa K.
**Subject:** RE: Sprint v Vonage

Don,

Normally, I make it a practice not to respond to e-mails of the type you sent earlier this afternoon. In this case, I will make an exception.

First, let me address your accusation that we acted in bad faith in declining your eleventh hour request for an extension of time to file your response. Given Vonage's history with regard to this production, your allegation of bad faith on our part is truly breathtaking. As you will recall, Vonage was the party that waited until 24 hours before its brief was due to inquire about our willingness to withdraw the motion. Vonage was the party that failed to produce documents in the proper form. Vonage was the party asking us to look at more than 10,000 documents it claimed were responsive to pending requests in less than 24 hours. Vonage was the party that had may similar claims on several previous occasions when, in fact, the documents were not produced. Vonage was the party that, just a few hours ago, professed to be unable to produce the axles spreadsheets. (The same spreadsheets Vonage is now producing.) Vonage was the party who many months ago professed not to understand what I meant when I asked for the spreadsheets in machine readable format. Vonage was the party that just today asked me for advice on how to verify the integrity of the documents it agreed to produce almost four months ago. The fact that Vonage had not made arrangements to produce the documents in the correct format before now is not an indication of bad faith on our part. For the third time today I refer you to the *Williams* case, which makes clear that generating a "hash mark" does not modify the original document.

Second, I regret that you have refused to provide the Bates Nos. of the documents you claim are responsive to our requests. Your refusal will only slow down the process of resolving our motion. I am having my staff review the documents you produced in the last few days, this review is in process. I have just received the Excel files you couriered today. We are beginning to review those spreadsheets as well. If and when we verify that all of the 5 categories of documents that are the subject of Sprint's motion have been fully produced, we will withdraw our motion. In the meantime, if you choose to do so, you can facilitate our review by providing Bates numbers. Regardless, we will not rush through this search to accommodate your schedule. We have a duty to the Court and our client to determine whether or not the documents produced satisfy our requests.

Finally, I note that you have not stated that you have produced all of the responsive documents. Instead, you represent that you have produced only those documents that "actually still exist and could be located." The word "still" is my main concern here. These documents were specifically identified as being in existence at the deposition of Mr. Rego as the corporate representative of Vonage almost 6 months ago. They were specifically requested at that time. If they no longer exist, then why?

Please take whatever action you think is appropriate to preserve your clients rights. Once we have reviewed the documents you produced, we will inform you if our position with regard to the motion has changed. In the interim, we will agree to provide you with additional time, through and including Wednesday, April 11, to file your response to our motion to compel. We can only hope that, in response, you will provide us with the Bates Nos. for the documents you claim are responsive. In any event, if we determine that a full production has not been made, we will move forward with our pending motion.

Peter

Peter E. Strand
Shook, Hardy & Bacon, LLP
Suite 800, 600 14th Street, N.W.

4/16/2007

Washington, D.C. 20005
202.639.5617

---

**From:** McPhail, Donald R. [mailto:DRMcPhail@duanemorris.com]
**Sent:** Friday, April 06, 2007 3:41 PM
**To:** Strand, Peter E. (SHB)
**Cc:** Russell, Walt (SHB); Brown, Joshua R. (SHB); Seitz, Adam P. (SHB); Golob, Barry; McPherson, Patrick D.; Lahey, Helesa K.
**Subject:** RE: Sprint v Vonage

Peter -

As indicated in my previous email, a CD with the Excel spreadsheets in xls. format is presently being couriered to your office and is scheduled to arrive before 4:30 today. Please confirm its receipt.

I find your refusal to agree to a brief extension somewhat confusing and apparently in bad faith, given that at the same time you are telling me we should modify the files with this "hash mark" before producing them to you to ensure their integrity is maintained - how, exactly, are we to achieve that "hash mark" modification if you are unwilling to extend the period for response?

Finally, as to the 12 boud volumes (category A), those are VON_696295 - VON_701738. All of the remaining documents, to the extent they actually still exist and could be located, have been now produced to you. Having so frequently provided Sprint with Bates numbers for responsive documents, and yet never receiving the same courtesy in return, I will leave it to you and your staff to review the remainder of Vonage's recent production and determine which documents fall within which categories.

Don



---

**From:** Strand, Peter E. (SHB) [mailto:PSTRAND@shb.com]
**Sent:** Friday, April 06, 2007 3:32 PM
**To:** McPhail, Donald R.

**Cc:** Russell, Walt (SHB); Brown, Joshua R. (SHB); Seitz, Adam P. (SHB); Golob, Barry; McPherson, Patrick D.; Lahey, Helesa K.
**Subject:** RE: Sprint v Vonage

Don,

Yesterday, you asked me if Sprint would withdraw its motion to compel. I responded asking you to "identify, by specific Bates No., the [allegedly produced]documents that are responsive to the issues raised in our motion." As you will recall, our motion dealt with 5 specific types of documents identified during Rego's deposition:

                        A. Bound Volumes of Reports Provided to Auditors;

                        B. Semi-Annual Budgets/Models for 2002 through 2006 (10 Excel files);

                        C. Deal Books for Each Round of Financing;

                        D. Offering Memorandum for Series B Financing (approx. 80 pages); and

                E. Materials Provided to "Prominent Angel" Investors.

In another e-mail yesterday, you suggested that cateogy A doucments had been produced. We are checking on that claim. We have now confirmed that the category B docuemnts have not been produced in the proper form. We have no idea when they will be produced. I have recived no indication from you if the C, D, and E documents have been produced and no Bates Nos. Under the circumstances, we cannot agree to the requested extension.

As regards the issue regarding Bates numbering that you raise in your e-mail, please refer to *Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 655 (D. Kan. 2005) (Waxse, M.J.) (discussing the use of "hash marks" to accomplish this task). I have attached a copy of the case for your convenicne. Please advise when these doucments will be produced in the proper form.

Peter

Peter E. Strand
Shook, Hardy & Bacon, LLP
Suite 800, 600 14th Street, N.W.
Washington, D.C. 20005
202.639.5617

_____

**From:** McPhail, Donald R. [mailto:DRMcPhail@duanemorris.com]
**Sent:** Friday, April 06, 2007 1:26 PM
**To:** Strand, Peter E. (SHB)
**Cc:** Russell, Walt (SHB); Brown, Joshua R. (SHB); Seitz, Adam P. (SHB); Golob, Barry; McPherson, Patrick D.; Lahey, Helesa K.
**Subject:** RE: Sprint v Vonage
**Importance:** High

Peter -

Apparently, our vendor converted the .xls spreadsheets to .tiff format (as they have done to

every document we have produced) -- they are unable to bates stamp native files such as excel files. We are working on a solution to this problem, so that you can receive the electronic files you want (but which have been properly marked to show they are the ones actually produced - as I am sure you understand, it is fairly easy to manipulate the information in an excel file if you have the raw, native file). Note that the .tiff files you received include the complete spreadsheets Sprint has requested, without any of the omissions or errors (e.g. #REF) that you mentioned previously, so you now at least have the information you requested (albeit not in the desired form). Alternatively, we can produce the spreadsheets as bates stamped hard copies, but, unfortunately our vendor has been unable to produce a bates stamped excel file/spreadsheel in electronic form.

The other .tiff files produced include all the remaining financial documents from your list that could be located by us after searching.

Please let me know if you will agree to a 5 day extension of time (until next Friday) for us to respond to your motion - I hope in that period that we will be able to produce these particular excel files in the electronic .xls format you request or will have exhausted all available options (if you know of a way to produce electronic bates stamped excel files which cannot be subsequently changed, please let me know).

I look forward to your reply,

Don



Donald R. McPhail
Partner

Duane Morris LLP
1667 K Street, N.W.
Washington. DC 20006-1608
P: 202.776.7894
F: 202.776.7801
C: 571.228.7936

• BIO
• E-MAIL
• WEB SITE
• VCARD

---

**From:** Strand, Peter E. (SHB) [mailto:PSTRAND@shb.com]
**Sent:** Friday, April 06, 2007 12:02 PM
**To:** McPhail, Donald R.
**Cc:** Russell, Walt (SHB); Brown, Joshua R. (SHB); Seitz, Adam P. (SHB)
**Subject:** RE: Sprint v Vonage

Don,

This will confirm that we received the disk late yesterday afternoon (Thursday, April 5). This will also confirm that we have reviewed the disk in detail. Every single document is a ".TIF" file, not an ".xls" file. Thus, you have not supplied what we requested or what we moved to compel. As I have said on numerous prior occasions, we want, and are entitled to, a file which can be opened using Excel software. Until we get such files (with the ".xls" suffix) as

well as all other documents we have requested, and waited more than a year to receive, we will not be able to withdraw the pending motion.

We've made our position crystal clear on several occasions. For ease of reference, the portion of the brief in support of our motion to compel which deals with the issue is set out below:

### Vonage should produce Semi-Annual Budgets/Models as they are regularly kept and distributed by Vonage, i.e. in Excel format.

Finally, Sprint asks that Vonage's semi-annual budgets (category 4 or B) be produced in the form in which they are utilized by Vonage and its investors, Microsoft Excel Spreadsheets. Federal Rule of Civil Procedure 34 requires that "electronically stored information" be produced "in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable." Fed. R. Civ. P. 34(b)(ii). Vonage's Chief Financial Officer testified that the budgets are kept and used in this format, rarely –if ever– printed, and regularly distributed in this format. Rego Dep. 67:16-68:9, 80:4-13. Copying these documents to CD-ROM is a regular practice for Vonage, Rego Dep. 80:4-13, which would take little effort.

In contrast, the nonnative, imaged copies of these documents produced thus far are not reasonably usable by Sprint. *See* Letter from Strand to Golob (Feb. 9, 2007), Exhibit P. First, these documents were printed from their native spreadsheet program and then scanned into PDF files approximately 600 pages long. *Id.* at 2. Therefore, the spreadsheets must be painstakingly reassembled. *Id.* This process is made more difficult, because some of the documents have pages that are scanned in both "portrait" and "landscape" format. *Id.* at 3. In addition, these imaged copies are riddled with "#REF!" (which indicates an invalid cell reference) where values should appear. *Id.* at 2. These broken references suggest interrelationships between or among the spreadsheets which cannot be discerned from the imaged copies. Therefore, the Court should order Vonage to produce these budgets in the form of digital files which can be opened and viewed as spreadsheets in Microsoft Excel. *See Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 643-47 (D. Kan. 2005) (Waxse, M.J.) (discussing the inadequacy of nonnative, imaged copies of Excel spreadsheets).

I encourage you to read Judge Waxse's opinion in *Williams* if you continue to be unclear about this issue.

Best regards,

Peter

Peter E. Strand
Shook, Hardy & Bacon, LLP
Suite 800, 600 14th Street, N.W.
Washington, D.C. 20005
202.639.5617

---

**From:** McPhail, Donald R. [mailto:DRMcPhail@duanemorris.com]
**Sent:** Friday, April 06, 2007 10:50 AM

**To:** Strand, Peter E. (SHB); Seitz, Adam P. (SHB)
**Cc:** Russell, Walt (SHB); Brown, Joshua R. (SHB)
**Subject:** RE: Sprint v Vonage

Peter-

Apparently another disk was sent last night after COB, but was received by someone. Can you confirm receipt of such a CD? I have confirmed that it definitely contained the Excel spreadsheets you want.

Thanks,
Don



DuaneMorris

**Donald R. McPhail**
Partner

Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
P: 202.776.7894
F: 202.776.7801
C: 571.228.7936

● BIO
● E-MAIL
● WEB SITE
● VCARD

---

**From:** Strand, Peter E. (SHB) [mailto:PSTRAND@shb.com]
**Sent:** Friday, April 06, 2007 10:09 AM
**To:** McPhail, Donald R.; Seitz, Adam P. (SHB)
**Cc:** Russell, Walt (SHB); Brown, Joshua R. (SHB)
**Subject:** RE: Sprint v Vonage

Don,

Thanks. My understanding is that all of the files on the disks are TIFF files which convert to PDF files when we print them. There are no machine executable ".xls" files on either disk so far as we call tell. Let me know what you find out.

Peter

---

**From:** McPhail, Donald R. [mailto:DRMcPhail@duanemorris.com]
**Sent:** Friday, April 06, 2007 10:04 AM
**To:** Strand, Peter E. (SHB); Seitz, Adam P. (SHB)
**Cc:** Russell, Walt (SHB); Brown, Joshua R. (SHB)
**Subject:** Re: Sprint v Vonage

Peter -

I am looking into it. You should have received the desired Excel files as .xls files - I saw them on the list of documents we were producing. I will get back to you as soon as possible.

Don


----- Original Message -----
From: Strand, Peter E. (SHB) <PSTRAND@shb.com>
To: McPhail, Donald R.; Seitz, Adam P. (SHB) <ASEITZ@shb.com>
Cc: Russell, Walt (SHB) <WRUSSELL@shb.com>; Brown, Joshua R. (SHB) <JRBROWN@shb.com>
Sent: Fri Apr 06 08:20:32 2007
Subject: RE: Sprint v Vonage

Don,

We are looking at the documents.  As an initial matter, where are the 10 Excel files with the semi-annual budgets/models for 2002 through 2006?  They will have an ".xls" suffix.  They do not appear to be on either of the disks.  Please let me know if I am missing something.

Peter

—————————————————————————

From: McPhail, Donald R. [mailto:DRMcPhail@duanemorris.com]
Sent: Thursday, April 05, 2007 5:17 PM
To: Strand, Peter E. (SHB); Seitz, Adam P. (SHB)
Cc: Russell, Walt (SHB); Brown, Joshua R. (SHB)
Subject: RE: Sprint v Vonage


Peter-

Please also look at VON_696295 to VON_701738, as these are the 12 bound volumes of reports provided to auditors.  In addition, the VON_PRI series does include the remaining documents you requested that we could locate, including, e.g., the .xls formatted spreadsheets you requested for the semi-annual budget models from 02-06.  I will endeavor to provide you with additional Bates numbers from the VON_PRI production as soon as possible.

Don


<http://www.duanemorris.com/>
     Donald R. McPhail
Partner
     Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
P: 202.776.7894
F: 202.776.7801
C: 571.228.7936
          BIO <http://duanemorris.com/attorneys/attorney7328.html>
E-MAIL <mailto:drmcphail@duanemorris.com>
WEB SITE <http://www.duanemorris.com/>
VCARD <http://www.duanemorris.com/attorneys/vcard/atty7328.vcf>

—————————————————————

From: Strand, Peter E. (SHB) [mailto:PSTRAND@shb.com]
Sent: Thursday, April 05, 2007 3:54 PM
To: McPhail, Donald R.; Seitz, Adam P. (SHB)
Cc: Russell, Walt (SHB); Brown, Joshua R. (SHB)
Subject: RE: Sprint v Vonage


Don,

   We have been playing cat and mouse regarding the financial documents for many months.
On several occasions, Vonage claimed it had produced requested documents when it had not. I
looked briefly at the VON_PRI documents you sent the other day. None were responsive to
our outstanding requests related to financial documents or the motion to compel. Are you
telling me that the "VON" documents are the long sought financial documents? If you want us
to withdraw the motion, pleases identify, by specific Bates No., the documents that are
responsive to the issues raised in our motion, and I will promptly consider your request. Until
then, we will respectfully decline to withdraw the motion.

   Peter

_____

From: McPhail, Donald R. [mailto:DRMcPhail@duanemorris.com]
Sent: Thursday, April 05, 2007 3:44 PM
To: Strand, Peter E. (SHB); Seitz, Adam P. (SHB)
Subject: Sprint v Vonage
Importance: High


Peter -

   Will Sprint withdraw its Motion to Compel Production of Financial Documents in view of
the recent production of the Vonage documents which were couriered to you earlier this week?
Please let me know by close of business today.

   Don


   Confidentiality Notice: This electronic mail transmission is privileged and confidential
and is intended only for the review of the party to whom it is addressed. If you have received
this transmission in error, please immediately return it to the sender. Unintended transmission
shall not constitute waiver of the attorney-client or any other privilege.

   Mail Gate made the following annotations on Thu Apr 05 2007 14:54:08

   CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is
intended for the person or entity to which it is addressed and may contain confidential and/or
privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If
you are not the intended recipient, please contact the sender by reply e-mail and destroy all
copies of the original message. Thank you.


Confidentiality Notice: This electronic mail transmission is privileged and confidential and is
intended only for the review of the party to whom it is addressed. If you have received this
transmission in error, please immediately return it to the sender. Unintended transmission shall
not constitute waiver of the attorney-client or any other privilege.

Mail Gate made the following annotations on Fri Apr 06 2007 07:21:03


4/16/2007

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

Mail Gate made the following annotations on Fri Apr 06 2007 09:09:24

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

Mail Gate made the following annotations on Fri Apr 06 2007 11:02:33

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Mail Gate made the following annotations on Fri Apr 06 2007 14:32:42

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Mail Gate made the following annotations on Fri Apr 06 2007 16:18:36

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

4/16/2007

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.