# Exhibit

# "2"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> THEGLOBE.COM, INC. ) <br> VOICEGLO HOLDINGS, INC., ) <br> VONAGE HOLDINGS CORP., ) <br> VONAGE AMERICA, INC., ) <br> ) <br> Defendants. ) <br> _____) | Case No. 05-2433-JWL |

### PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO VONAGE AMERICA, INC.

Plaintiff Sprint Communications Company L.P. ("Sprint") hereby propounds its First Set of Requests for the Production of Documents and Things to Defendant Vonage America, Inc. pursuant to Rule 34 of the Federal Rules of Civil Procedure.

### INSTRUCTIONS

1.  The following shall apply to all requests:

    a.  The singular of each word shall be construed to include its plural, and vice versa;

    b.  "And" as well as "or" shall be construed both conjunctively as well as disjunctively;

    c.  "Each" shall be construed to include "every," and vice versa;

    d.  "Any" shall be construed to include "all," and vice versa; and

    e.  The present tense shall be construed to include the past tense, and vice versa.

2. If you believe that any of the following requests calls for an assertion of a claim of privilege, answer so much of the request as is not objected to, state that part of each request to which you raise objection and set forth the basis for your claim of privilege with respect to such information you refuse to give.

3. If, for reasons other than a claim of privilege, you refuse to answer any request, please state the grounds upon which the refusal is based with sufficient specificity to permit determination of the propriety of such refusal.

4. If you believe that any of the following requests calls for an assertion of the work-product or attorney-client privilege, Defendant is requested to prepare a "privilege log" listing the following information for each such document:

   a. the paragraph or subparagraph to which the document is responsive;

   b. the title or general subject matter of the document;

   c. the type of document (e.g., letter, memorandum, note, report, etc.);

   d. the date of the document;

   e. the name of the author of the document;

   f. the person(s) for whom the document was prepared, to whom it was sent, or who received copies; and

   g. the nature of and the basis for the claim of the privilege.

5. Each request shall be deemed continuing, so as to require supplemental or mandatory responses should you obtain additional responsive information subsequent to your initial responses.

6. If you do not agree with any definition of the terms provided herein you are instructed to provide a reasonable, alternative definition for that term, consistent with industry custom and usage.

7. Each of the definitions and instructions contained herein shall be fully applicable to each request notwithstanding that a definition or instruction above may, in whole or in part, be reiterated in a particular request and notwithstanding that a particular request may incorporate supplemental instructions or definitions. If, however, you provided any alternate definitions in accordance with Instruction No. 6, indicate whether, and how, any answer to any request would differ if you relied on your alternate definition in responding to that request instead of the definitions provided.

## DEFINITIONS

1. **"The Asserted Patents"** refers to United States Patent Nos. 6,304,572, 6,633,561, 6,463,052, 6,452,932, 6,473,429, 6,298,064 and 6,665,294.

2. **"You," "your,"** or **"Defendant"** shall mean, separately and collectively, Defendant Vonage America, Inc., its licensees, and any subsidiaries, affiliates, predecessors, successors, parents, divisions, persons or entities acting for or on its behalf, whether in existence now or at any time.

3. **"Plaintiff"** or **"Sprint"** refers to Plaintiff Sprint Communications Company L.P.

4. **"Regarding," "relate(s) to,"** or **"relating to"** mean to contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matters set forth.

5. **"Document"** is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes computer records in any format. By way of further explanation, "Document(s)" shall mean all non-identical copies of material of every kind and description which are recorded by hand-

3

writing, printing, typing, photographing, photostatting, graphic representation, mechanical, electronic, magnetic, or any other means of recording, any form of communication, information or representation, including letters, words or numbers or their equivalent, or data compilations of any sort whatsoever. The term "document(s)" is therefore defined to include, among other things, information stored on electronic media, videotapes, motion pictures, computer data, and any other electronic, mechanical or magnetic records or representations of any kind including without limitation all tapes, cassettes, magnetic, optical or other discs, magnetic cards, e-mail, and recordings. A draft or nonidentical copy is a separate document within the meaning of this term.

6. **"Person"** or **"persons"** mean any natural person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form of organization or legal entity, and all its officials, directors, officers, employees, representatives and agents.

7. **"Correspondence"** means, but shall not be limited to, any letter, telegram, telex, TWX, facsimile, e-mail, notice, message, memorandum or other written communication or transcription of notes of a communication.

8. **"Report"** means, but shall not be limited to, any study, analysis, appraisal, inspection, survey, test, poll, memorandum, or statistical or financial compilation of information, including without limitation periodic reports of financial condition and reports of examination.

9. **"Communication"** means any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, questions, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meeting and also

including, but not limited to, correspondence, financial records, corporate records, reports and documents as defined immediately above.

Dated: January 5, 2006

/s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT COMMUNICATIONS COMPANY L.P.