IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.,

Plaintiff,

v.

VONAGE HOLDINGS CORP. and
VONAGE AMERICA, INC.,

Defendants.

Case No. 05-2433-JWL

### REPLY IN SUPPORT OF VONAGE HOLDINGS CORP. AND VONAGE AMERICA, INC.'S MOTION TO COMPEL TESTIMONY IN RESPONSE TO THEIR SECOND NOTICE OF DEPOSITION PURSUANT TO FED.R. CIV. P. 30(b)(6)

In its opposition to Vonage' motion to compel adequate and responsive testimony from Sprint pursuant to Rule 30(b)(6), made necessary by Sprint's offering a witness who had admittedly reviewed no documents, undertook no preparation, and did not know even what the case was about, Sprint seeks to distract the Court from the issues by contending that its testimony was adequate, its objections carry the weight of a court order, and that the discovery Vonage seeks is more appropriately provided in written responses to interrogatories.

The fact that Sprint objected to the topics Vonage noticed is of no consequence, as Sprint made no effort to seek a protective order. The objections Sprint asserted have been overruled by this Court and others as inappropriate, and even subject to Sprint's objections, Sprint's proffered testimony was wholly inadequate. Moreover, Sprint dodged the very interrogatory it contends is preferable by stating that the response to such inquiries is *better provided in deposition*. Behind the smoke and mirrors, there is no excuse for Sprint's response, or lack of response, to Vonage's Rule 30(b)(6) deposition notice, and the Court should grant Vonage's Motion.

- 1 -

**I.    There is No Dispute as to the Scope of Sprint's Preparation.**

Sprint asks the Court not to presume the worst regarding its preparation of Mr. DuRee to speak on Sprint's behalf. Sprint asks the Court not to infer a lack of preparation from Mr. DuRee's statement that he had not been shown the topics on which he was to testify, or from his statement that he had reviewed no documents on his own. (Sprint Br. at 15). No obfuscation by Sprint regarding the subject matter of the deposition or the testimony it provided excuses such insufficiency.

Contrary to Sprint's contentions, Mr. DuRee testified he did not know and no attorney explained to him what the case was about:

> Q: Did anyone explain to you what the subject matter of the case was?
>
> A. No. The attorneys were taking care of that.

(Transcript of DuRee deposition, excerpts of which are attached as Exhibit "1," at 47:3-6). He was not aware that he was to testify on Sprint's behalf as to Topics 18 & 19:

> Q: Are you aware that you were designated by Sprint as the witness who was supposed to testify on those topics?
>
> A. I only know that I was told to come here and answer your questions.

(Id. at 128:20-129:2). He plainly testified he reviewed no documents whatsoever:

> Q. Did you review any of the patents in suit prior to this deposition? Did you review any of the patents in suit prior to this deposition?
>
> A. No. As I told you the other day, I looked at the number when I saw it in the paper and I saw Joe Christie's name on it and that's it. I haven't looked into it. That's it.
>
> Q. Did you review any other documents in preparation for this deposition?
>
> A. No.

(Ex. 1 at 124:12-21.) Sprint's counsel's legal argument, and testimony in its brief as to the sufficiency of Mr. DuRee's preparation cannot overcome, or hide, the plain facts of record.

**II.  Sprint's Objections to Topics 18 and 19 are Unfounded.**

    **A.  Sprint's Objections are Improperly Made, and, Therefore, Waived.**

Sprint cannot unilaterally prohibit deposition testimony or enforce its objections.  Sprint offers no authority for its presumption that it may unilaterally, through written objection, limit the scope of a 30(b)(6) deposition.  To so influence a deposition, the laws of this Court require Sprint seek a protective order.  See In re: Indep. Serv. Org. Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (Sprint Br. at 10).  Even after it became abundantly clear that Vonage took issue with Sprint's objections and, such objections notwithstanding, intended to seek such testimony that Sprint refused to provide, Sprint ignores this obligation so plainly imposed by Rule 30 and Tenth Circuit law.  Id.; see also, e.g., RTC v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995) (inappropriate to withhold response to deposition question on basis of relevance; instruction may only be given to preserve privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under Rule 30(d)(4)); Audiotext Comms. Network, Inc. v. US Telecom, Inc., No. 94-2395, 1995 WL 625962 (D. Kan. Oct. 5, 1995) (objections to a line of questions upon deposition are not grounds to withhold a response, unless the objection is one of privilege, or deponent moves for a protective order under Fed. R. Civ. P. 30(d)).

Notwithstanding their procedural infirmities, for the reasons stated in Vonage's Motion and below, Sprint's objections are without merit.

    **B.  Topics 18 & 19 Sought Testimony Directly Relevant to the Issues of the Case.**

Seeking to excuse its wholesale failure to prepare Mr. DuRee for his deposition, Sprint simply declares the topics as to which he was to testify as "irrelevant."  Such is not the case.

Sprint contends that, their plain language notwithstanding, Topics 18 and 19 "do not have anything to do with the Asserted Patents themselves." (Sprint Br. at 6).  Sprint's "interpretation" as to the "actual subject matter" of Topics 18 and 19 is incorrect, and shows the contortions

necessary to make its own analysis hold. (Indeed, Sprint expressly stated it would provide a witness to testify on Topic 18 "as it relates to the structure and/or operation of any invention designed, developed conceived and/or reduced to practice by Joseph Michael Christie *that is embodied by the patents-in-suit*." Sprint Br. at 3, citing Sprint's Objections to Second 30(b)(6) Notice). Sprint's insistence now that the topics noticed have nothing to do with the Asserted patents is simply incongruous.

This aside, Topic 18 in Vonage's Second Rule 30(b)(6) Notice relates to the structure and operation of inventions by Joseph Michael Christie, the named sole inventor on each of the patents-in-suit. In its claims of infringement, Sprint alleges that Mr. Christie conceived, reduced to practice, and invented far-reaching and forward-looking technology virtually singlehandedly, and all in a span of a few years prior to his death in 1996.

Vonage takes issue with the validity of the Asserted Patents in part based on reasonable skepticism of the largely undocumented but allegedly extraordinary work of a single man. To learn the scope of Mr. Christie's inventions, of which Sprint has little record, and to which Mr. Christie is obviously unavailable testify, Vonage reasonably seeks testimony regarding the work of Mr. Christie's colleagues performed with him.

Sprint misleadingly (and repeatedly) refers to these other persons as "third parties," suggesting their work is wholly outside the issues in this litigation. (Sprint Br. at 7, 8). In arguing the irrelevance of (and onerousness of producing) information on this subject, Sprint has chosen not to inform the Court that each of these persons were contemporaries of Mr. Christie, employees of Sprint, and each of them, during their tenure there, were named as co-inventors with Mr. Christie on at least one U.S. patent related to this technology.

Twisting the law of this Court, Sprint seeks to put the burden of proving its "relevance" objection on Vonage. Sprint suggests that "some threshold showing of relevancy must be made before parties are required to open the doors of discovery and to produce a variety of information which does not reasonably bear on the issues of the case." (Sprint Br. at 7-8, citing Mike v. Dymon, No. 95-2405, 1996 U.S. Dist. LEXIS 17329 (D. Kan. Nov. 15, 1996).

To the contrary, "the objecting party has the burden of showing its objections are applicable and valid." Mike v. Dymon, 1996 U.S. Dist. LEXIS 17329 *3.

"Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence." Id. (citation omitted). Where, as here, the discovery sought appears relevant, "the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Id. (citation omitted).

Vonage's Topics 18 & 19 – seeking information on the conception and reduction to practice of inventions by Mr. Christie and his team relates directly to the claims of infringement, and Vonage's defenses of invalidity and unenforceability. "A request for discovery ... should ordinarily be allowed unless it is clear that the information sought can have *no possible bearing* on the subject matter of the action." Id. (citation omitted, emphasis added). Sprint has taken pains to

hide the relevant facts regarding this issue.  This notwithstanding, Sprint has failed to carry its burden of showing the irrelevance of this information or its undue burden in providing it.

    **C.**    **Sprint's Suggestion that the Topics Noticed are Inappropriate is Unsupported by the Very Law on Which it Relies, and Sprint's Previous Responses to Discovery.**

        **1.**    **Testimony Pursuant to Rule 30(b)(6) Regarding or Relating to the Scope of a Patent is Appropriate.**

Sprint suggests questioning on the scope of a patent, or the inventions covered thereby, is "inappropriate for a fact witness."  Sprint Br. at 9, citing cases.  Sprint complains that because Mr. DuRee is not an attorney, but just a fact witness, he cannot be expected to testify as to these issues.

Sprint's representations notwithstanding, Mr. DuRee has apparently consulted extensively for Sprint's counsel, such that Sprint insists his work is subject to the work product and attorney-client privileges.  (Ex. 2 at 8:18-11:21).  Setting aside Sprint's contentions with respect to Mr. DuRee's legal experience, Sprint's contention is undercut by its own positions in discovery and by the law of this circuit.

Firstly, Sprint expressly provided a witness to testify on Topic 18 "as it relates to the structure and/or operation of any invention designed, developed conceived and/or reduced to practice by Joseph Michael Christie *that is embodied by the patents-in-suit*."  Sprint Br. at 3, citing Ex. B (emphasis added).  For Sprint to claim that testimony regarding the scope of the patents-in-suit – even so as to identify the inventions – is out-of-bounds is difficult to understand.

Secondly, if Mr. DuRee, as a non-attorney, is not qualified to testify on this subjects, Sprint may (and must) designate someone else more qualified to testify on its behalf as to this information.  "It is Sprint's decision who to designate as its representative in the deposition." Sprint Communs. Co., L.P. v. Theglobe.com, Inc., 236 F.R.D. 524, 529 (D. Kan. 2006).  If it is

Sprint's contention that its hired experts are the persons most appropriate to testify on its behalf on these points, then Sprint may designate its experts to provide its testimony on the subjects noticed. See, e.g., Cummings v. GMC, 2002 U.S. Dist. LEXIS 27627 (W.D. Okla. June 18, 2002) (appropriate for corporation to designate testifying expert as Rule 30(b)(6) fact witness).

Third, as this Court and others in the Tenth Circuit have held, "[t]hat a discovery request 'calls for a legal conclusion' is not valid objection." Sonnino v. Univ. of Kan. Hosp. Auth., 220 F.R.D. 633, 648 (D. Kan. 2004), citing Beach v. City of Olathe, No. 99-2210- GTV, 2000 U.S. Dist. LEXIS 11759, at *12 (D. Kan. Aug. 6, 2000) (overruling objection that discovery request called for legal conclusion). See also Holland v. GMAC Mortg., No. 03-2666, 2005 U.S. Dist. LEXIS 10737, *9-10 (D. Kan. May 27, 2005) (Waxse, U.S.M.J.) (discovery request is not objectionable as calling for a legal conclusion where it "extends to legal issues that are clearly related to the particular facts of this case"), aff'd, 2006 U.S. Dist. LEXIS 3458 (D. Kan. Jan. 30, 2006). See also, e.g., G.D. v. Monarch Plastic Surgery, P.A., No. 06-2184, 2007 U.S. Dist. LEXIS 5509 (D. Kan. Jan. 22, 2007) (overruling objection to discovery request seeking "material facts supporting [plaintiff's] claim that each defendant breached their fiduciary duty to the plaintiff", where answering plaintiff objected to the request on the ground that it "'seeks an explanation from lay witnesses as to a legal conclusion'").

While determining whether a defendant is liable for patent infringement is a mixed question of facts and law, the accused infringer is entitled to, and the patentee cannot prohibit, discovery into the basis of the patentee's legal contentions. These courts have rejected and overruled the very objections Sprint attempts to assert here. In Ecrix Corp. v. Exabyte Corp., 95 F. Supp. 2d 1155 (D. Colo. 2000), the patentee objected to the accused infringer's notice of deposition pursuant to Rule 30(b)(6), contending that the following topics on which the accused

sought deposition testimony "call for legal conclusions and claim construction which is a matter of law":

> b. Prior art to any subject matter claimed in the patent.
>
> c. Reduction to practice of any subject matter claimed in the patent.
>
> d. Perfection and/or improvement of any subject matter claimed in the patent.
>
> e. Preparation and prosecution of the application that issues as the patent.
>
> *f. The meaning of terms used in any claim of the patent.*
>
> *g. Construction of any claim of the patent.*
>
> *h. Infringement of any claim of the patent.*
>
> i. Failures to develop the subject matter of any claim of the patent.
>
> j. "Long-felt need" for the subject matter of any claim of the patent.

Ecrix, 95 F. Supp. 2d at 1156-57. The court rejected this contention, and overruled the objection. "The information sought by Ecrix relates to *facts which Exabyte has in its possession which led it to make its threats of patent infringement* and to file a counterclaim for patent infringement. Such information is relevant and discoverable... ." Id. at 1158-59 (all emphasis added).

Importantly, even the cases on which Sprint relies confirm that, contrary to Sprint's objections, legal contentions and claim construction are proper subjects of discovery. See, e.g., Smithkline Beecham Corp. v. Apotex Corp., No. 99-CV-4304, 2004 U.S. Dist. LEXIS 8990 (E.D. Pa. March 23, 2004) (Sprint Br. at 10), citing, *inter alia*, Exxon Research & Eng'g Co. v. United States, 44 Fed. Cl. 597, 603 (Ct. Cl. 1999) ("*Markman* did not eliminate the obligation of a party claiming patent infringement to produce binding testimony on claim construction issues."). Indeed, Sprint made no objection to Vonage's questions involving what Sprint calls

"legal conclusions" when the topic was a patent *other* than those at issue.[1]  It is apparently only the questions that strike at the heart of the case to which Sprint conveniently objects.

Vonage seeks information in Sprint's possession on which Sprint based and bases its assertions that Vonage has infringed its patents.  The information is relevant to Sprint's claims and Vonage's defenses.  Under the law of this Circuit, Sprint's objection on the basis of "calling for legal conclusions" – even if properly made – is inappropriate.  We therefore ask that Sprint withdraw these objections and provide testimony in response to these topics.

### 2. Sprint's Objections are Particularly Inappropriate Given its Other Discovery Responses.

In its discussion of <u>Smithkline Beecham Corp. v. Apotex Corp.</u>, No. 99-CV-4304, 2004 U.S. Dist. LEXIS 8990 (E.D. Pa. March 23, 2004), Sprint suggests that the testimony Vonage seeks is more properly obtained through contention interrogatories.

Yet when Vonage sought responses to such interrogatories, Sprint objected stating that such discovery was more appropriately sought in deposition.

By way of example, in Vonage America's Interrogatory No. 4, Vonage sought facts relating to the conception and reduction to practice of the inventions claimed in the Asserted Patents.  In response, Sprint refused to identify facts at the heart of its claims of infringement, and Vonage's defenses of invalidity and unenforceability, on the basis that the Interrogatory

---

[1]  See, e.g., Ex. 1 at 110:19-111:7 ("Q.  Do you know if patents or patent applications were filed for those inventions?  A.  I think they were in part of the patents that were filed that had to do with the multiplexer.  Q.  Would it be in any other patents or patent applications?  A.  I don't know. I would have to review all that stuff to be able to tell you definitively.  Q.  And you haven't had a chance to review that?  A.  I haven't looked at that stuff in ages."); and 119:14-120:2 ("Q:  Do you know if the JCS2000 architecture as described here is covered by any patent?  A.  Not -- no, I don't know for sure.  Q.  Do you think it is?  A.  I would assume, yeah.  Q.  I see it includes an AVM.  A.  Yeah.  Q.  So it would include you as an inventor, then; is that right?  A.  Yeah.  If the AVM is in there, I would probably be listed.").

seeks a "narrative response" which Sprint stated "is *more properly dealt with through deposition testimony*." See Sprint's Responses to Vonage America's Interrogatories, attached as Exhibit "2," at Response No. 4. (emphasis added). Rather than a genuine dispute over the most efficient form of discovery, Sprint's objection to Vonage's Rule 30(b)(6) Notice reflects an apparently determined effort by Sprint to avoid providing Vonage the factual bases for its contentions as long as possible and at all costs. The rules of discovery do not countenance such a game of keep-away.

"[N]othing in the Federal Rules of Civil Procedure gives a party the right to not respond or inadequately respond to a Rule 30(b)(6) deposition notice or subpoena request and elect to supply the answers in a written response to an interrogatory. An attempt to so limit a Rule 30(b)(6) deposition is not warranted." Smithkline, 2004 U.S. Dist. LEXIS 8990 at *6-7 (citing and distinguishing Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121 (M.D.N.C. 1989) (where responding party objected to an interrogatory on the grounds that responding to it would be unduly burdensome, then when plaintiff then noticed the defendant's deposition pursuant to Rule 30(b)(6) in an attempt to discover the information, defendant's witness was not prepared to answer the plaintiff's questions). In Smithkline, the 30(b)(6) deponent offered to provide responses to contention interrogatories in lieu of deposition testimony. The court's decision to forgive Rule 30(b)(6) testimony in McCormick-Morgan, Inc. v. Teledyne Indus., Inc., 134 F.R.D. 275, 287-88 (N.D. Cal.) (Sprint Br. at 10) was conditioned and dependent on the plaintiff responding "in full, forthcoming detail" to contention interrogatories.

Whether a party may avoid a Rule 30(b)(6) deposition by offering to respond to another form of discovery is a "case by case factual determination." Smithkline, 2004 U.S. Dist. LEXIS *13-14 (overruling objection to Rule 30(b)(6) topic that plaintiff alleged was "premature" and

"required expert testimony": "If SmithKline has concluded that its patents are infringed when paroxetine hydrochloride converts to a different form inside the body, it must have some basis for that belief, and Alphapharm is entitled to discover that information. *See AMP Inc. v. Melox Inc.*, 227 U.S.P.Q. 172, 172 (N.D. Ill. 1985) (stating that 'the court doubts that no non-expert representative could testify [about the basis for plaintiff's infringement claims], since plaintiff's agents and representatives made the decision to file this lawsuit').")  Where the party avoiding a 30(b)(6) deposition refuses to participate in other forms of discovery, its objections will not hold.

**III.   Even Subject to Sprint's "Objections," Sprint's Testimony was Insufficient.**

Sprint's self-interested assessment of the sufficiency of Mr. DuRee's testimony, even subject to Sprint's ineffective and inappropriate objections, is betrayed by the record.  Vonage sought, and Sprint designated Mr. DuRee to provide, Sprint's testimony on

> 18.   The structure and/or operation of any invention designed, developed, conceived and/or reduced to practice (actual or constructive) by Joseph Michael Chistie and one or more of Manu Chand Bhal (a/k/a Bobby Chand Bahl), Albert Daniel Duree, Michael Joseph Gardner, Daniel Charles Sbisa, William Lyle Wiley, Tracy Lee Nelson, James David Setter, Pamela Lynne Satterfield and/or Mark Sucharczuk.

In a written objection it now suggests carries the weight of law, Sprint stated it would produce a witness to testify on this topic "as it relates to the structure and/or operation of any invention designed, developed conceived and/or reduced to practice by Joseph Michael Christie that is embodied by the patents-in-suit."  Sprint Br. at 3, citing Ex. B.

Mr. DuRee could not provide the testimony promised, even with respect to the JCS2000 system, which Sprint itself has identified as the best mode of the asserted patents[2]:

---

[2] See, e.g., Sprint's Response to Vonage America's Interrogatory No. 13, attached as Exhibit "2": "The 'JCS2000 system' consists of a number of varied and potential implementations that
(Continued…)

> Q. So why was the ATM fabric added to the JCS2000 system?
>
> A. The architects -- architectural process evolves over time.
>
> Q. And why did it evolve to include the controllable ATM fabric?
>
> A. *I would have to go back and review* to give you a real specific answer as to what all the reasons were. It's been a long time.
>
> Q. Do you know whose idea it was to include the controllable ATM fabric?
>
> A. Not specifically. You know, I don't know.
>
> Q. Do you know if the JCS2000 architecture as described here is covered by any patent?
>
> A. Not -- no, I don't know for sure.
>
> Q. Do you think it is?
>
> A. I would assume, yeah.

(Ex. 1 at 119:2-18) (emphasis added). Mr. DuRee made no such attempt to "go back and review" so he could provide responsive testimony, and Sprint, in offering Mr. DuRee in such an unprepared state, breached its responsibility under Rule 30(b)(6) to ensure that he did.

Sprint suggests that because it has designated Michael Setter to testify as to the Asserted Patents, Sprint has satisfied its obligations on this topic. (Sprint Br. at 6, n.1). In a pattern exposing Sprint's approach to depositions under Rule 30(b)(6), Mr. Setter was equally unprepared on this topic. See, e.g., Ex. 3 at 67:20-70:4 (prosecution history issues could be "figured out" if someone would "review the file" – but he had not).³

---

(Continued…)

could embody the claimed invention, the best mode of which is set forth in the specifications of the Asserted Patents."

³ Mr. Setter could not recall important points regarding the structure and operation of the invention in its alleged various forms; such as which features were optional, which were required, and precisely what function they served. See, e.g., 109:2-21; 111:4-113:20, 171:11-17; 176:9-13 ("My understanding the call processor was a key element in some embodiments of the inventions. Q: But not all embodiments? A: Perhaps not. I'd have to review the documents."); 214:20-215:4. He had apparently not reviewed the Asserted Patents so as to be able to testify, as

(Continued…)

In Topic 19, Vonage sought, and Sprint was to provide, testimony as to

> 19. The circumstances surrounding the design and/or development of any prototype of any Sprint product and/or service that relates to, utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents, including, but not limited to, the prototype of JCS2000 described in the document bearing Bates number SPRe-002-01-04691 and the prototype referenced by Michael Setter at his deposition on April 28, 2006.

Sprint contends that Mr. DuRee need not address the Asserted Patents (which, for reasons discussed below, is not the case), and that he adequately testified as to this topic. To the contrary, even excluding the Asserted Patents from this topic, Mr. DuRee's testimony was inadequate. For example, Mr. DuRee was unable to testify as to basic points of the inventions' operation:

> Q: And was the CAF necessary to be able to use multiple AVMs?
>
> A. I don't recall that we had to have it, it was just better if we did have it.
>
> Q. And how was it better?
>
> A. It gives you one -- it gives you a second stage of switching. Simple.
>
> Q. Does it improve performance?
>
> A. Well, yeah, I guess – I'm not --
>
> Q. Is it able to handle more traffic?
>
> A. I would have to answer yes to that.
>
> Q. Is it able to process signals faster?
>
> A. I can't tell you whether that would be the case or not. I would have to go back and look at, you know, what the specs in them are.
>
> Q. But you believe you could go back and look at some documents and have the answer to that question?

---

(Continued…)

offered, to the inventions disclosed in the Asserted Patents.  See 212:2-11; 217:10-21; 232:5-13. Excerpts from Mr. Setter's transcript, which will be the subject of separate correspondence and motion practice, are attached as Exhibit "3."

      A.   Given enough time, probably yes.

(Ex. 1 at 121:5-122:1). Sprint's suggestion that its testimony, subject to its objections, was sufficient is betrayed by the record.

## IV.    Vonage and Sprint Have Met the Meet and Confer Requirements of Rule 37.

As was recorded at the deposition itself, counsel to Vonage and Sprint conferred specifically and extensively regarding the topics as to which Mr. DuRee was designated to testify and the sufficiency of his testimony under Rule 36.

After a discussion that took pages of the record, which Vonage attached and referred to in its motion, it was clear that Sprint was not going to concede its objections to the legitimate scope of Topics 18 and 19, whether that followed hours of in-person discussion or letter-writing. Counsel discussed their respective positions on the scope of the topics, the bases of their disagreements with the other, and had, in Sprint's counsel's own words, and these discussions notwithstanding, reached the impasse at which it was appropriate to approach the Court:

> MR. SEITZ: You're asking him to testify on your topic as it stands. He's not going to do that, because he's here to testify on the topics subject to our objections.
>
>           \*          \*          \*          \*
>
> MR. McPHAIL: Is he capable to talk about whether or not the prototype utilizes, involves any invention disclosed or claimed in the asserted patents?
>
> MR. SEITZ: To the extent you're asking for a legal conclusion, no, he's not going to testify to that. To the extent you're asking --
>
> MR. McPHAIL: The purpose of this is to find out if the prototype is covered by the asserted patents, and he doesn't have that answer. He just told me that.
>
> MR. SEITZ: I think that's an inappropriate scope. We can sit here and argue for however long you want to, I've got the rest of the day. You can send me a letter, you can file a motion or we can address this some other time. He's here to talk about those topics subject to our objections.

(Ex. 1 at 131:5-8; 132:10-13).  As this colloquy attests, and Sprint's evasive arguments in its papers in opposition to this motion confirm, the parties are, and have been, at an impasse.

## V.     Conclusion

In response to a properly issued Notice of Deposition issued pursuant to Rule 30(b)(6), Sprint offered a witness who was completely unprepared, and admitted as much.  Sprint's improper objections do not cure the deficiencies of its witness, who was unable to answer the most basic questions concerning the topics on which he was designated to testify.  Sprint's assertion that the topics at issue are irrelevant is untenable in view of the plain meaning of the requests: the structure and operation of inventions by Joseph Michael Christie, the sole named inventor on each of the patents-in-suit.  Vonage therefore respectfully requests that the Court grant its motion and compel Sprint to produce a knowledgeable witness to testify on its behalf pursuant to Rule 30(b)(6), award Vonage its fees and expenses associated with this motion and any reconvened deposition, and such other and further relief as the Court may deem just and appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
| April 19, 2007 | /s/ Patrick J. Kaine |

Don R. Lolli    KS Dist. #70236
Patrick J. Kaine  KS #15594
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111
816-931-2700
pkaine@DysartTaylor.com
dlolli@DysartTaylor.com


Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.

        Washington, DC 20006-1608
        202-776-7800
        pdmcpherson@duanemorris.com
        bgolob@duanemorris.com
        drmcphail@duanemorris.com

        *Attorneys for Defendants/Counterclaim Plaintiffs Vonage America, Inc. and Vonage Holdings Corp.*

- 16 -

## CERTIFICATE OF SERVICE

I hereby certify on April 19, 2007, that a copy of Vonage Holdings Corp. and Vonage America, Inc.'s Reply in Support of their Motion to Compel Testimony in Response to Their Second Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6), and supporting papers, was filed electronically, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> Shook, Hardy & Bacon LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> bwebb@shb.com
> aseitz@shb.com
> eburesh@shb.com
>
> *Attorneys for Plaintiff*
> *Sprint Communications Company L.P.*

                                                      /s/ Donald R. McPhail

DM1\1100385.1