# Exhibit "2"

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P. )
                                    )
                  Plaintiff,        )
                                    )
vs.                                 )
                                    )
VONAGE HOLDINGS CORP.,              )
VONAGE AMERICA, INC.                )   Case No. 05-2433-JWL
                                    )
                  Defendants.       )
                                    )
                                    )
                                    )
                                    )

## SPRINT COMMUNICATIONS COMPANY L.P.'S RESPONSES TO DEFENDANT VONAGE AMERICA INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Sprint Communications Company L.P. ("Sprint"), by and through its undersigned counsel, hereby responds and objects to Defendant Vonage America Inc.'s ("Vonage") First Set of Interrogatories ("the Request").

### GENERAL OBJECTIONS

Sprint hereby incorporates by reference each General Objection set forth in Sprint's answers to Vonage Holdings Corp.'s First Set of Interrogatories as if those general objections were set forth fully herein.

Sprint also makes the following additional general objections:

1. Sprint objects to Vonage's Interrogatories to the extent they request information relating to "Nortel SUCCESSION" or "SPRINT SUCCESSION," as being overly broad, unduly burdensome, not relevant to the Asserted Patents, not relevant to any claim or

2295308v1

Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Sprint also objects to this Interrogatory as vague and ambiguous with respect to the terms "involved in," "role," and "contribution." Sprint further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection. Sprint further objects to this Interrogatory to the extent that it seeks information that it is public record and is equally available to Vonage.

Subject to and without waiver of the foregoing general and specific objections, Sprint identifies Messrs. Michael Setter and Harley Ball. Pursuant to Fed. R. Civ. P. 33(d), Sprint refers Vonage to the prosecution histories for the Asserted Patents (Bates Nos. SPCC.29-185; SPCC.213-341; SPCC.369-542; SPCC.570-725; SPCC.751-869; and SPCC.1048-1148), from which the identity of additional individuals may be ascertained. Additionally, Sprint refers Vonage to the prosecution histories for the patents from which the Asserted Patents claim priority. *See* SPRe-022-01-00008 through SPRe-022-01-00938.

**INTERROGATORY NO. 4:** Identify all facts relating to the conception and reduction to practice of the invention(s) claimed in the Asserted Patents, including the manner in which such conception and/or reduction to practice resulted from or was suggested by Joseph Michael Christie.

**ANSWER:** Sprint objects to this Interrogatory as overly broad and unduly burdensome in that it seeks a narrative response on "all facts" that is not limited in time or scope. Sprint also objects to this Interrogatory as vague and ambiguous with respect to the terms "all facts relating to", "the manner in which," and "resulted from or was suggested by." Sprint further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client

5

privilege, work product doctrine, or any other applicable protection. Sprint further objects to this Interrogatory to the extent that it seeks information that it is public record and is equally available to Vonage. Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or control of Sprint and to the extent that it demands more than a reasonable investigation.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it is unable to respond to this Interrogatory given that it seeks an extensive narrative response that imposes significant burdens on Sprint. Given the breadth and scope of this Interrogatory, it is more properly dealt with through deposition testimony and, indeed, will be addressed during upcoming depositions pursuant to Vonage's Second 30(b)(6) notice.

**INTERROGATORY NO. 5:** Identify all facts relating to Sprint's pre-filing investigation of Vonage's product(s) and/or service(s), including all persons involved or consulted (and state role of each), all documents considered (and state where and how obtained) and all Vonage products and/or services examined and/or tested (and state where and how obtained and all persons involved or consulted).

**ANSWER:** Sprint objects to this Interrogatory as overly broad and unduly burdensome in that it seeks "all facts." Sprint also objects to this Interrogatory as vague and ambiguous with respect to the terms "all facts relating to", "pre-filing investigation," "involved or consulted," "role," "considered," and "examined and/or tested." Sprint further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.

6

Vonage's first infringement may be ascertained from the Deposition of John Rego, www.vonage.com/corporate/about_timeline.php, and VON_308723. By way of further response, Sprint hereby incorporates by reference the January 12, 2007 Expert Report of Raymond S. Sims and its accompanying exhibits, which *inter alia* sets forth facts and opinions relating to the date on which Vonage's infringement first began.

**INTERROGATORY NO. 13:** Identify the claims of each of the Asserted Patents that Sprint contends cover and/or read upon and/or would be infringed by the unauthorized making, using and/or selling of the JCS2000 system, any of components of the JCS2000 system and/or the operation of the JCS2000 system.

**ANSWER:** Sprint objects to this Interrogatory as overly broad and unduly burdensome. Sprint further objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Sprint also objects to this Interrogatory as vague and ambiguous with respect to the term "JCS2000 system." Sprint further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it is unable to determine from Vonage's Interrogatories and the definitions thereto what the "JCS2000 system" comprises. The "JCS2000 system" consists of a number of varied and potential implementations that could embody the claimed invention, the best mode of which is set forth in the specifications of the Asserted Patents. Thus, to the extent the "JCS2000 system" is coextensive with the specifications, then the "JCS2000 system" would embody the described invention and the Asserted Patents would be infringed.

13

2295308v1

STATE OF KANSAS    )
                   )
COUNTY OF JOHNSON)

Harley Ball, being first duly sworn on oath, deposes and states that he signs the foregoing responses on behalf of Sprint Communications Company L.P.; that he has read the foregoing document; that the matters set forth in the foregoing responses are not necessarily within the personal knowledge of the deponent and that the deponent is informed that there is not one individual representative of Sprint Communications Company L.P. who has personal knowledge of all such matters; that the facts stated in the foregoing responses have been assembled by authorized employees and counsel for Sprint Communications Company L.P.; and that the answers made herein are true, correct and complete to the best of the deponent's knowledge and belief.

_____
Harley Ball

SUBSCRIBED and sworn to before me this 14th day of February, 2007.

_____
Notary Public

My Commission Expires:

[Notary Seal: JOEL ALVARADO, NOTARY PUBLIC, STATE OF KANSAS, My Appt. Exp: 1/19/2011]

Dated: February 14, 2007

          Respectfully Submitted,

          /s/ Adam P. Seitz
          B. Trent Webb, KS Bar No. 15965
          Eric A. Buresh, KS Bar. No. 19895
          Adam P. Seitz, KS Bar No. 21059
          SHOOK HARDY & BACON L.L.P.
          2555 Grand Blvd.
          Kansas City, Missouri 64108-2613
          816-474-6550 Telephone
          816-421-5547 Facsimile

          ATTORNEYS FOR PLAINTIFF SPRINT
          COMMUNICATIONS COMPANY L.P.