IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., )<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff,　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>VONAGE HOLDINGS CORP.,　　　　　　　　)<br>VONAGE AMERICA, INC.,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendants.　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　) | Case No. 05-2433-JWL |

**SPRINT'S SUR-REPLY TO VONAGE'S REPLY
IN SUPPORT OF VONAGE'S MOTION SEEKING LEAVE TO AMEND**

Plaintiff Sprint Communications Company L.P. ("Sprint") respectfully submits this sur-reply in opposition to Defendants Vonage America, Inc. and Vonage Holdings Corp.'s Motion Seeking Leave to Amend Their Respective Answers, Affirmative Defenses and Counterclaims Pursuant to Fed. R. Civ. P. 15, to respond to numerous erroneous assertions that were made for the first time in Vonage's Reply memorandum filed April 19, 2007.

While Vonage's Reply makes clear it has no current information supporting its motion for leave to amend, it is replete with inaccurate statements regarding information contained within the 2001 and 2005 Alliance Agreements. It also contains inaccurate statements as to what other information **may be** discovered based on these agreements. The present Sur-reply is limited to correcting the record with respect to the inaccuracies and unsupported inferences advanced by Vonage for the first time in its Reply regarding these two Alliance Agreements.

- 1 -

2430932v1

Dockets.Justia.com

**I.    Vonage's Contention that the 2001 and 2005 Alliance Agreements Contain a Covenant Not To Sue Is Incorrect.**

In its reply, Vonage makes the unsupported statement that "[t]here is also substantive proof that the covenant not to sue contained in these materials is still valid and fully applicable to Vonage." Reply, at 8. Vonage bases this statement on the unsupported allegation that "[e]vidence shows that Sprint and Cisco renewed their alliance in 2001 and 2005." *Id.* at 9. To what evidence Vonage is referring is entirely unclear. Nonetheless, Vonage's statement is demonstrably false, as made clear by the evidence that Vonage already possess.

As Sprint set forth in its opposition, it is beyond dispute that the original covenant not to sue expired on December 17, 2002. *See* Sprint's Opp., at 13. The 1998 Alliance Agreement makes clear that this covenant not to sue only will be renewed if the parties renew the original 1998 Alliance Agreement. *See* Doc. No. 164, at Ex. 3, at ¶ 3.4 ("The immunity will be automatically renewed with each renewal **of the Alliance Agreement**.") (emphasis added). It is undisputed that the 1998 Alliance Agreement expired on its own terms. *Id.* The 2001 Alliance Agreement is an entirely new agreement that does not refer to or even mention—let alone extend—the 1998 Alliance Agreement. Without more, Vonage's assertion that the covenant and/or license was extended by the 2001 Agreement fails.

Despite Vonage's unsupported arguments to the contrary, a simple review of the 2001 and 2005 Alliance Agreements reveals that they are not renewals of the original 1998 Alliance Agreement. *See* Doc. No. 164, at Exs. 5 and 6. In fact, the 2001 and 2005 Alliance Agreements, by their own terms, disprove Vonage's arguments. Specifically, the 2001 Alliance Agreement states that it "supersedes" the "Memorandum of Understanding" between Sprint and Cisco, not the original 1998 Alliance Agreement. *See* Doc. No. 164, at Ex. 6, ¶ 2.1. The 2005 Alliance Agreement is equally clear in stating that it supersedes the 2001 Alliance Agreement.

2430932v1

*See* Doc. No. 164, at Ex. 5, ¶ 2.1.  Thus, the 2005 Agreement does not expressly or impliedly renew the original 1998 Alliance Agreement; on the contrary, the 2005 Agreement expressly supersedes and replaces the earlier agreement.. *Id.*  Moreover, neither the 2001 or the 2005 Alliance Agreements contain a covenant not to sue.  *See, generally,* Doc. No. 164, at Exs. 5 and 6.  Vonage's assumption regarding what evidence it may discover should be rejected.  Accordingly, Vonage's arguments to the contrary are false and must be rejected.

**II.     The 2001 and 2005 Alliance Agreements Do Not Grant A License To Any Patents.**

In its Reply, Vonage argues that a license to the Asserted Patents <u>may</u> yet exist based on the 2001 and 2005 Alliance Agreements.  Not only is this assumption an improper basis on which to amend its answer, but it is contrary to evidence currently in Vonage's possession.

The 2001 and 2005 Alliance agreements do not contain any license agreement.  *See* Doc. No. 164, at Exs. 5 and 6.  Indeed, Vonage acknowledges that these documents do not give rise to a factual basis for its amended answer.  Reply, at 10 ("[T]he 2001 and 2005 Alliance Agreements themselves contain no substantive license terms.").  Instead, Vonage argues that "it is fully reasonable to expect that . . . the parties would execute numerous ancillary agreements in connection therewith." *Id.*  This argument, however, is contrary to evidence currently in Vonage's possession.

During the deposition of Mr. Harley Ball, Sprint's 30(b)(6) designee on the Cisco agreements, Mr. Ball made clear that Sprint did not license any patented technology, let alone the Asserted Patents, to Cisco in the 2001 or 2005 Alliance Agreements.  *See* Ex. 1, Excerpt from Mr. Ball's deposition, at 148:1 – 149:8.  Given this unequivocal and undisputed testimony, Vonage's assumption that "other documents containing information pertinent" to Vonage's licensing defense is false.

- 3 -

**III.    Conclusion**

Vonage's reliance on evidence that **may be** discovered is wholly improper and, in any event, the facts do not support such an assumption. For these reasons, Vonage's arguments in its Reply must be rejected and its proposed amendments denied.

Respectfully submitted,

Dated: April 23, 2007

/s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT COMMUNICATIONS COMPANY L.P.

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, 2007, a true and accurate copy of the above and foregoing **SPRINT'S SUR-REPLY TO VONAGE'S REPLY IN SUPPORT OF VONAGE'S MOTION TO AMEND ITS ANSWER AND COUNTERCLAIMS** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

 /s/ Adam P. Seitz
Attorneys for Sprint Communications Company L.P.

2430932v1