# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff, <br><br> v. <br><br> VONAGE HOLDINGS CORP. and <br> VONAGE AMERICA, INC., <br><br> Defendants. | Case No. 05-2433-JWL |

**SURREPLY IN SUPPORT OF VONAGE HOLDINGS CORP. AND
VONAGE AMERICA, INC. IN OPPOSITION TO SPRINT COMMUNICATIONS CO.
L.P.'S MOTION TO COMPEL PRODUCTION OF A PRIVILEGE LOG**

Defendants Vonage Holdings Corp. and Vonage America, Inc. (collectively, "Vonage") submit this brief in surreply to Sprint's Motion to Compel Production of a Privilege Log to address certain misleading points of fact and law addressed by Sprint in its April 17, 2007 reply in support of its motion.

**I.   If Vonage's Privilege Log Is Insufficient or Untimely, Sprint's Is, as Well.**

To the extent Sprint takes issue with Vonage's privilege log on the basis of timeliness, Vonage notes that Sprint assured Vonage Sprint had fully produced all responsive documents to Vonage's discovery requests in October 2006, but provided no privilege log of its own. (See Oct. 27, 2006 Letter from Mr. Seitz to Mr. Golob, attached as Exhibit "A," noting "additional responsive documents [to Vonage's requests] likely do not exist."). In January 2007, Sprint again represented to Vonage that Sprint had completed its document production, but provided no privilege log. Not until February 2007, one month prior to the close of discovery, did Sprint

produce its own privilege log, despite what it now insists are the rules of this Court. See Sprint's Privilege Log and Cover letter dated February 27, 2007, attached as Exhibit "B."

Moreover, the entries on Vonage's privilege log are as detailed as those Sprint submits on its own log. Sprint cannot reasonably take issue with the sufficiency of Vonage's log entries when Sprint itself provides precisely the same level of description in its own log. For example, Sprint's last entry on the first page of its log reads: "12/5/99 email from Charles Wunsch to Harley Ball and other Sprint employees regarding JCS2000 contract termination issues: Attorney-Client Privilege/Attorney Work Product." (Ex. B at p. 1-2). It is difficult to imagine how Sprint even anticipated litigation with Vonage – which was not even incorporated until 2000 and which offered no service until 2002 – in March 1999 so as to legitimately be able to claim the work product privilege it asserts here. See, e.g., McCoo v. Denny's Inc., 192 F.R.D. 675 (D. Kan. 2000) (to qualify for work product privilege, document must be prepared in anticipation of litigation; threat of litigation must be "real" and "imminent" to satisfy requirements of privilege).

Setting aside the propriety of Sprint's assertion of the work product privilege, Sprint's description of the document as "regarding JCS2000 contract termination issues" is no more descriptive than the entries it complains of in Vonage's own log.

Vonage respectfully submits that Sprint's own log demonstrates the sufficiency of that which Vonage has submitted. If the Court concludes otherwise, Vonage respectfully requests that the Court hold Sprint to its own standards.

## II.   Sprint Has Not Met its Rule 37 Obligations.

Vonage produced its initial privilege log in 2006 and has supplemented it regularly. Vonage has never refused to produce such a log or indicated that any supplement would not be forthcoming. At the time of Sprint's last inquiry regarding its privilege log, Vonage was in the process of responding to multiple outstanding letters from Sprint in which Sprint made additional

requests for documents. In the interest of efficiency, and based on the parties' course of dealing to date, Vonage indicated that it would again supplement its log in a single submission once its responses to Sprint's continuing inquiries were substantially complete. See March 5, 2007 Ltr. from Mr. McPhail to Mr. Mudd, Exhibit A to Sprint's Motion, stating "We confirm that we... will provide a complete privilege log when Vonage's production of documents is substantially complete." Sprint's suggestion to the Court that this was any sort of "dispute," much less one which satisfied D. Kan. Rule 37.2 and was ripe for judicial intervention, is incorrect.

Given the parties' (and particularly Sprint's) course of dealing, the Court should deny Sprint's motion. Sprint cannot claim it has suffered any prejudice from Vonage's timely and multiple supplements of its privilege log, when Sprint, through its own course of conduct, found it perfectly acceptable to produce no privilege log until a month before the close of discovery (while Vonage had produced its own log, and supplemented it twice, during this time).

Those who live in glass houses should not throw stones. Should the Court grant Sprint's Motion to Compel Production of a Privilege log, Vonage respectfully requests the Order be a bilateral one, and compel Sprint to live up to its own stated, if not followed, standards.

### III.   Conclusion

For the foregoing reasons, Vonage respectfully requests that the Court deny Sprint's Motion to Compel Production of a Privilege Log. To the extent the Court is inclined to do otherwise, Vonage respectfully requests that the Court enter an order that is equally applicable to, and bears equal consequences for, Sprint.

Respectfully submitted,

April 27, 2007                   /s/ Patrick J. Kaine

Don R. Lolli   KS Dist. #70236
Patrick J. Kaine  KS #15594
Dysart Taylor Lay Cotter & McMonigle P.C.

- 3 -

4420 Madison Avenue
Kansas City, Missouri 64111
816-931-2700
pkaine@DysartTaylor.com
dlolli@DysartTaylor.com

Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com

*Attorneys for Defendants/Counterclaim Plaintiffs Vonage America, Inc. and Vonage Holdings Corp.*

DM1\1103033.1

# EXHIBIT A

**Shook,
Hardy &
Bacon** L.L.P.
www.shb.com

October 27, 2006

Adam P. Seitz

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2256 DD
816.421.5547 Fax
aseitz@shb.com

Mr. Barry Golob
Mr. Donald McPhail
Duane Morris LLP
1667 K Street, NW, Suite 700
Washington, DC 20006-1608

Re: *Sprint Communications Company L.P. v. Vonage Holdings Corp. and Vonage America, Inc.*
    Case No: 05-2433-JWL
    SHB File No: SPRI.116441

Dear Barry and Donald:

This letter responds to Donald's October 20, 2006 letter regarding the perceived deficiencies in Sprint's document production. As you know, Sprint has produced over 700,000 pages of documents based on a good faith interpretation of your discovery requests. As I have informed you on a number of occasions, additional responsive documents likely do not exist. Nonetheless, as we have discussed during our phone calls over the last week, Sprint has agreed to conduct additional searches of its files. While many of the issues addressed in your letter have already been discussed and resolved, I provide this letter to confirm the substance of our conversations.

With regard to item (i), such documents do not exist. With regard to item (ii) Sprint will produce such documents. With regard to item (iii), to the extent the documents were not privileged, Sprint has already produced responsive documents. With regard to item (iv), Sprint will produce additional responsive documents to the extent that they exist. As to item (v), Sprint will produce documents responsive to this request to the extent they have not already been produced and/or do not exist. As to item (vi), Sprint is still determining whether the documents referenced in your request exist and, if so, Sprint will produce such documents. As to item (vii), it is my understanding that no further responsive documents exist. However, we will continue to search for such documents and, if they exist, we will produce them. As to item (viii), we are in the process of determining whether additional responsive documents exist and, if so, we will produce them. As to item (ix) it is my understanding that no responsive documents exist. However, we are continuing our search and if additional documents are located we will, of course, produce them. As to item (x), while Sprint has already produced the vast majority of these documents, we have identified a limited number of additional documents that we will produce. As to item (xi), Sprint is in the process of determining whether such documents still exists and, if so, will produce such documents to you. As to item (xii), if such documents exist and are not privileged, Sprint will produce these documents.

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

2151048v1



Mr. Barry Golob
October 27, 2006
Page 2

I expect to have this search completed and additional documents produced to you no later than November 3, 2006. As to your request that we supplement Sprint's response regarding its basis for alleging willful infringement, I have reviewed that response and do not find a need to supplement. Sprint has identified both the documents and witness upon which it will rely in establishing its allegation of willful infringement. If, however, my understanding of the scope of your request is incorrect, please let me know so that I may reevaluate our response. Additionally, while Sprint remains willing to provide a list of the terms in the asserted patents that Sprint contends may need to be construed by the Court, I would note that we have served an identical interrogatory on Vonage (see Interrogatory No. 9), which you have refused to answer. To this end, I would propose that we determine a date by which we will exchange a list of the terms that we respectively contend need to be construed by the Court. Please let me know if such an agreement is acceptable to you.

Finally, Sprint confirms that the only claims of the patents-in-suit which Sprint asserts are infringed by Vonage are those specifically identified in Sprint's infringement contentions.

If you have any additional questions or wish to discuss these issues, please do not hesitate to contact me.

Sincerely,

Adam P. Seitz

APS/td

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

2151048v1

# EXHIBIT B

**From:** Mudd, Jason R. (SHB) [mailto:JMUDD@shb.com]
**Sent:** Tuesday, February 27, 2007 6:49 PM
**To:** Golob, Barry; McPhail, Donald R.; McPherson, Patrick D.
**Cc:** Seitz, Adam P. (SHB); Buresh, Eric A. (SHB); Webb, B. Trent (SHB); Reckers, Robert H. (SHB)
**Subject:** Sprint's Privilege Log

Counsel,

Attached please find Sprint's Privilege Log.

Thanks,

Jason R. Mudd
Shook, Hardy & Bacon, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108-2613
main. (816) 474-6550 x11008
direct. (816) 559-2071
fax. (816) 421-5547
jmudd@shb.com

<<Sprint's Privilege Log.pdf>>

Mail Gate made the following annotations on Tue Feb 27 2007 17:49:21

4/23/2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
)
           Plaintiff,      )
)
v.                                 ) Case No. 05-2433-JWL
)
VONAGE HOLDINGS CORP.,       )
VONAGE AMERICA, INC.,         )
)
           Defendants.    )
)

## PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S PRIVILEGE LOG

| Bates Nos. | Date/Description of Document | Privilege Asserted |
|---|---|---|
| SPRe-002-01-00115-116 | Action plan for contract termination containing attorney comments. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-002-01-06844 | 2/3/2000 E-mail from Thomas Moore to Sprint in-house counsel Harley Ball and Charles Wunsch regarding non-compete agreement. | Attorney-Client Privilege |
| SPRe-002-01-06865 | 12/16/1999 E-mail from Joe Gardner to Sprint in-house counsel Harley Ball and Charles Wunsch and other Sprint employees regarding vendor team status meeting. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-002-01-06866-76 | Powerpoint presentation attachment to 12/16/1999 e-mail from Joe Gardner to Sprint in-house counsel Harley Ball and Charles Wunsch and other Sprint employees regarding vendor team status meeting. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-002-01-06877 | 12/10/1999 E-mail from Thomas Moore to Sprint in-house counsel Harley Ball and Charles Wunsch and other Sprint employees regarding contract termination. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-002-01-06884 | 12/7/1999 E-mail from Thomas Moore to Sprint in-house counsel Harley Ball and Charles Wunsch and other Sprint employees regarding JCS2000 shutdown contract issues. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-002-01-06925-26 | 12/6/1999 E-mail from Dean Howell to Sprint in-house counsel Charles Wunsch and Harley Ball and other Sprint employees regarding JCS2000 shutdown contract issues. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-002-01-06927 | 12/5/1999 E-mail from Charles Wunsch to Harley Ball and other Sprint employees regarding JCS2000 contract termination | Attorney-Client Privilege / Attorney Work Product |

2335286v2

| | | |
|---|---|---|
| | issues. | |
| SPRe-002-01-06928-30 | Chart attached to 12/5/1999 E-mail from Charles Wunsch to Harley Ball and other Sprint employees regarding JCS2000 contract termination issues. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-002-01-06931 | 12/5/1999 E-mail from Sprint in-house counsel Charles Wunsch to Sprint in-house counsel Harley Ball and other Sprint employees regarding JCS2000 contract termination issues. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-002-01-06939-40 | 12/3/1999 E-mail from Sprint in-house counsel Charles Wunsch to Michael Cordes (Sprint engineer) and other Sprint employees regarding JCS2000 contract termination issues. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-002-01-06941 | 12/3/1999 E-mail from Sprint in-house counsel Charles Wunsch to Thomas Moore (Sprint engineer) and other Sprint employees regarding JCS2000 contract termination issues. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-002-01-06945 | 12/2/1999 E-mail from Dean Howell (Sprint engineer) to Michael Cordes (Sprint engineer) forwarding 12/2/1999 e-mail from Sprint in-house counsel Charles Wunsch to Dean Howell regarding JCS2000 contract termination issues, which contains 12/2/1999 e-mail from Dean Howell to Charles Wunsch regarding software legal issues. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-002-01-06950-51 | 11/30/1999 E-mail from Thomas Moore (Sprint engineer) to Michael Cordes (Sprint engineer) forwarding 11/30/1999 e-mail from Sprint in-house counsel Charles Wunsch to Thomas Moore regarding JCS2000 IP issues. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-002-01-06954 | 11/29/1999 E-mail from Thomas Moore to Michael Cordes forwarding 11/29/1999 E-mail from Sprint in-house counsel Charles Wunsch to Thomas Moore regarding JCS2000 non-compete agreements. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-002-01-06961 | 11/18/1999 E-mail from Thomas Moore to Sprint in-house counsel Charles Wunsch regarding JCS2000 contract termination issues. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-002-01-07275 | 8/2/1999 E-mail from Sprint in-house counsel Charles Wunsch to Michael Cordes and Connie Main (Sprint employees) regarding JCS2000 contract termination. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-002-01-07276-78 | 8/2/1999 Spreadsheet received by Sprint in-house counsel Charlie Wunsch from Tricia Vaughn (Sprint employee) regarding JCS2000 contract termination issues. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-002-01-09210-13 | Powerpoint presentation created by Connie Main (Sprint employee) sent to Sprint in-house counsel Charles Wunsch and other Sprint engineers regarding JCS2000 termination legal issues. | Attorney-Client Privilege / Attorney Work Product |

2335286v2

| | | |
|---|---|---|
| SPRp-002-01-01404-01409 | 11/4/1999 E-mail from Sprint in-house counsel Charles Wunsch to Sprint VP Marty Kaplan and Sprint in-house counsel Harley Ball and Thomas Gerke regarding JCS2000 termination legal issues. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-004-01-05964-66 | 2/17/2000 E-mail from Sprint engineer Tracy Nelson to Sprint in-house counsel Harley Ball regarding JCS2000 termination legal issues. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00001-2 | 10/29/1998 Memo from Sprint in-house counsel Harley Ball to Sprint employees regarding duty of disclosure. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00021-38 | 6/5/1998 Memo from Sprint in-house counsel Harley Ball to Sprint employees regarding duty of disclosure. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00045-59 | Draft form letter prepared by Sprint's outside counsel Lawrence Aaronson at McDonnell Boehnen Hulbert & Berghoff and sent to Sprint at direction of Sprint in-house counsel Harley Ball. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00064-65 | Patent claim chart prepared by Sprint in-house counsel. | Attorney Work Product |
| SPRp-012-01-00101-104 | 11/15/1996 Letter from outside counsel Lawrence Aaronson at McDonnell Boehnen Hulbert & Berghoff to Sprint in-house counsel Harley Ball regarding draft form letter. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00105 | Draft declaration with handwritten attorney comments. | Attorney Work Product |
| SPRp-012-01-00106-110 | 11/15/1996 Letter from outside counsel Lawrence Aaronson at McDonnell Boehnen Hulbert & Berghoff to Sprint in-house counsel Harley Ball regarding draft form letter. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00111-114 | 11/12/1996 Letter from outside counsel Lawrence Aaronson at McDonnell Boehnen Hulbert & Berghoff to Sprint in-house counsel Harley Ball regarding legal memorandum. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00115-119 | 11/12/1996 Letter from outside counsel Lawrence Aaronson at McDonnell Boehnen Hulbert & Berghoff to Sprint in-house counsel Harley Ball regarding legal memorandum. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00137-139 | 8/9/1996 Letter from Gary Kaplan at Howard Rice Nemerovski Canady Falk & Rabkin to Jay B. Beatty at Sprint regarding Joseph Christie probate proceeding. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00140-141 | 7/26/1996 Letter from Gary Kaplan of Howard Rice Nemerovski Canady Falk & Rabkin to Jay B. Beatty at Sprint regarding Joseph Christie. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00142-155 | 7/26/1996 Legal memorandum from Gary Kaplan, Patricia Thayer, and Jose Esteves of Howard Rice Nemerovski Canady Falk & Rabkin to Jay B. Beatty at Sprint regarding Joseph Christie estate. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00156-157 | 7/3/1996 Letter from Gary Kaplan of Howard Rice Nemerovski Canady Falk & Rabkin to Jay B. Beatty at Sprint regarding Joseph | Attorney-Client Privilege / Attorney Work Product |

2335286v2

| | Christie estate. | |
|---|---|---|
| SPRp-012-01-00158-160 | 7/3/1996 Letter from Gary Kaplan of Howard Rice Nemerovski Canady Falk & Rabkin to Jay B. Beatty at Sprint regarding Joseph Christie estate. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00161-168 | 6/29/1996 Letter from Gary Kaplan of Howard Rice Nemerovski Canady Falk & Rabkin to Jay B. Beatty at Sprint regarding attorney retention. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00169-171 | 6/28/1996 Fax from Jay Beatty (Sprint in-house IP counsel) to Gary Kaplan (outside counsel to Sprint) regarding Joseph Christie. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00172-174 | 6/27/1996 Facsimile letter from Gary Kaplan to Jay Beatty regarding Joseph Christie. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00175-178 | 6/25/1996 Letter from Jay Beatty to Gary Kaplan regarding Joseph Christie. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00179-196 | 6/20/1996 Fax from Gary Kaplan to Jay Beatty regarding Joseph Christie. | Attorney-Client Privilege / Attorney Work Product |
| SPRp-012-01-00218 | 5/1/1996 Inter-office Memo from Bonnie Chambers (Sprint) to Harley Ball (Sprint in-house counsel) and Michael Setter (Sprint in-house counsel) regarding Joseph Christie. | Attorney-Client Privilege / Attorney Work Product |
| SPRe-012-01-00873-896 | Sprint/Cisco License Agreement document, dated 12/18/1998, containing handwritten notes of Attorney in Sprint's Legal Department. | Attorney-Client Privilege / Attorney Work Product |

Dated: February 27, 2007

Respectfully Submitted,

/s/ Adam P. Seitz

B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar. No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS FOR PLAINTIFF SPRINT
COMMUNICATIONS COMPANY L.P.

2335286v2

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2007, a copy of PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S PRIVILEGE LOG was sent via e-mail to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


/s/ Adam P. Seitz
Attorneys for Sprint Communications Company L.P.

2335286v2