IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
                                     )
            Plaintiff,               )
                                     )
      v.                             )   Case No. 05-2433-JWL
                                     )
VONAGE HOLDINGS CORP.,               )
VONAGE AMERICA, INC.,                )
                                     )
            Defendants.              )
                                     )

**SPRINT'S OPPOSITION TO VONAGE'S MOTION SEEKING LEAVE TO FILE SURREPLY IN SUPPORT OF VONAGE'S OPPOSITION TO SPRINT'S MOTION TO COMPEL PRODUCTION OF A PRIVILEGE LOG**

Plaintiff Sprint Communications Company L.P. ("Sprint") respectfully submits its Memorandum in Opposition to Defendants Vonage Holdings Corp. and Vonage America, Inc's ("Vonage) Motion Seeking Leave To File Surreply in Support of Vonage's Opposition to Sprint's Motion to Compel Production of a Privilege Log (hereinafter "motion for leave to file surreply"). The motion for leave to file surreply should be denied for the following reasons:

**I.      Sprint's Reply Did Not Raise Any New Arguments.**

"Surreplies are typically not allowed." *Taylor v. Sebelius*, 350 F.Supp.2d 888, 900 (D. Kan. 2004) (citing *Metzger v. City of Leawood*, 144 F.Supp.2d 1225, 1266 (D. Kan. 2001)). "Surreplies are permitted in rare cases but not without leave of court." *Id*. (citing *Humphries v. Williams Natural Gas Co.*, No. 96-4196, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998)). A court will grant leave to file a surreply "for rare circumstances as 'where a movant improperly raises new arguments in a reply.'" *McShares, Inc. v. Barry*, 979 F.Supp. 1338, 1341 (D. Kan. 1997) (quoting *E.E.O.C. v. Int'l Paper Co.*, No. 91-2017, 1992 WL 370850, at *10 (D. Kan. Oct. 28, 1992)).

- 1 -

2442075v2

Despite Vonage's claim that Sprint's Reply raised new arguments, Sprint's Reply was directed towards two specific areas: (1) rebutting arguments raised by Vonage in its opposition; and (2) reinforcing the arguments set forth in its original motion.  Neither of these areas raised "new arguments."

First, Sprint's reply contained a rebuttal of arguments raised by Vonage in its opposition.  In its opposition, Vonage argued it had timely produced an "initial privilege log" and provided numerous "supplementations" thereto.  Sprint's reply brief properly rebutted this argument and established that Vonage's alleged "privilege logs," including the supplements, were insufficient.  This rebuttal argument does not, as a matter of law, constitute a "new argument" supporting the filing of a surreply.  *See Britvic Soft Drinks Ltd. v. ACSIS Technologies, Inc.*, 265 F.Supp.2d 1179, 1185 (D. Kan. 2003) ("Moreover, the fairness concerns addressed by courts refusing to hear new arguments in reply briefs are not implicated here, where defendant itself interposed the accord and satisfaction defense in its response brief.").

Second, Sprint's reply reiterated the arguments and legal authorities set forth in its original motion.  Specifically, Sprint reiterated that Vonage had failed to timely produce a privilege log and, based on that failure, had waived its assertion of privilege and/or work product.  A cursory review of Sprint's original motion conclusively establishes that these are not "new arguments."  Indeed, Sprint's reply cited the same five cases relied upon by Sprint in its initial memorandum for its proposition that Vonage has waived its assertion of privilege.  *See* Doc. No. 135, at 3-4.  As such, Sprint's arguments regarding Vonage's waiver of its assertion of privilege do not constitute "new arguments" and Vonage's motion must be denied.

2442075v2

**II.     Vonage's Surreply Improperly Seeks To Compel Production From Sprint.**

In an attempt to deflect attention from its untimely and deficient privilege log, Vonage suggests that Sprint should also be compelled to produce a privilege log. Vonage criticism of the adequacy and timing of Sprint's privilege log, however, is wholly outside the scope of the instant motion. If Vonage truly believed that Sprint's privilege log were insufficient, then it should have filed a motion to compel within 30 days of its complaint as required by this Court's rules. *See* D. Kan. Rule 37.1(b) (any motion to compel discovery shall be filed and served within thirty days of the service of the response or ability to file motion to compel regarding response is waived); s*ee also* Scheduling Order, Doc. No. 48, at 8 (same); *McCormick v. City of Lawrence, Kansas*, 2005 WL 1606595, *11 (D. Kan. 2005) (Lungstrum, J.).[1] Vonage's failure to do so establishes that its current argument regarding Sprint's privilege log is nothing more than a diversionary tactic designed to deflect attention away from its own discovery abuses. Vonage's request must be denied.

**III.    Vonage's Statements Regarding Sprint's Privilege Log Are Unfounded.**

Vonage's raises many new arguments in its surreply regarding the timeliness and sufficiency of Sprint's privilege log. As discussed above, Vonage's arguments are entirely improper and irrelevant to the instant motion. Nonetheless, Vonage's arguments are unfounded and must briefly be addressed.

In support of its claim of untimeliness, Vonage misrepresents the October 27, 2006 letter from Mr. Seitz to Mr. McPhail. The letter states that "Sprint has agreed to conduct additional searches of its files" and that Sprint would be producing documents in response to the

---

[1] Additionally, Vonage's "motion to compel" Sprint to produce a privilege log fails to comply with this Court's rules governing motion practice. *See* Local Rules 7.1, 7.6, 37.1 and 37.2. For this additional reason, Vonage's request for an order compelling Sprint to produce a privilege log should be denied.

- 3 -

2442075v2

various items identified by Vonage in its October 20, 2006 letter. *See* Vonage's Surreply, at Ex. A. Contrary to Vonage's assertion, this letter makes clear that Vonage was fully aware that Sprint would be searching for and producing additional documents. Vonage's argument that Sprint stated it had completed its production in October 2006 mischaracterizes Sprint's statements. Moreover, Sprint produced its privilege log well before the close of discovery giving Vonage ample time to assess Sprint's claims of privilege. Vonage, however, did not take issue with the timeliness of Sprint's privilege log until filing its current surreply.

Vonage also criticizes the sufficiency of Sprint's privilege log by singling out one entry that Vonage claims should not have been designated as both work product and attorney-client privilege. *See* Vonage Surreply, at 2. The entry for the "12/5/99 email" identifies an e-mail between two Sprint in-house attorneys regarding contract termination issues. Vonage's Surreply at Ex. B. Vonage's only argument as to this entry is that it does not constitute "work product." *Id.* at 1-2.

In support of this argument, Vonage contends the e-mail cannot constitute work product because the e-mail could not have been prepared in anticipation of *the instant litigation*, as Vonage was not yet in existence. *Id.* Vonage, however, cites no support for its assertion that work product only applies to documents created in anticipation of current litigation between the parties as opposed to another litigation matter. Certainly, a document prepared in relation to the termination of a contract may be in anticipation of litigation arising out of the contract termination. Moreover, Vonage does not contest that such a communication is protected by the attorney-client privilege. Thus, Vonage's claim that Sprint's log is insufficient is unfounded and should be rejected.

## IV.    Conclusion

For the reasons stated above, Sprint respectfully requests that the Court deny Vonage's motion for leave to file surreply and disregard Vonage's request for an order compelling production of Sprint's privilege log.

Respectfully submitted,

Dated: April 30, 2007

_/s/ Adam P. Seitz_____
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT COMMUNICATIONS COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2007, a true and accurate copy of the above and foregoing **SPRINT'S MEMORANDUM IN OPPOSITION TO VONAGE'S MOTION SEEKING LEAVE TO FILE SURREPLY IN SUPPORT OF VONAGE'S OPPOSITION TO SPRINT'S MOTION TO COMPEL PRODUCTION OF A PRIVILEGE LOG** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

  /s/  Adam P. Seitz
Attorneys for Sprint Communications Company L.P.