#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS CO., L.P.,

      Plaintiff,

v.                                        Case No.  05-2433-JWL-DJW

VONAGE HOLDINGS CORP., et al.,

      Defendants.

#### **MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion to Compel (doc. 134) Vonage to produce a privilege log. For the reasons stated below, Plaintiff's Motion will be denied.

#### **Discussion**

The Court finds it helpful to set forth the following chronology of events prior to discussing the issues presented:

| | |
|---|---|
| 8-9-06 | Vonage provides privilege log identifying one (1) document withheld on grounds of privilege. |
| 2-5-07 | Vonage provides first supplemental privilege log identifying nine (9) documents withheld on grounds of privilege. |
| 2-20-07 | Vonage provides second supplemental privilege log identifying two (2) documents withheld on grounds of privilege. |
| 3-22-07 | Plaintiff files Motion to Compel Privilege Log seeking a complete privilege log and, if produced after discovery closes, permission to conduct necessary follow-up discovery. |
| 3-30-07 | Discovery deadline. |
| 4-5-07 | Vonage provides third supplemental privilege log identifying thirty-five (35) documents withheld on grounds of privilege. |
| 4-5-07 | Vonage files its brief in response to Plaintiff's Motion to Compel Privilege Log stating it already has produced the privilege log requested. |
| 4-17-07 | Plaintiff files Reply brief requesting Vonage produce all documents listed in privilege log on grounds of waiver due to untimeliness and inadequate descriptions. |

As noted in the chronology, the relief requested in Plaintiff's Memorandum brief differs dramatically from the relief requested by Plaintiff in its Reply brief. In the original Memorandum, Plaintiff sought to compel Vonage to produce a complete privilege log and, if produced after discovery closed, permission to conduct necessary follow-up discovery. While Plaintiff's Motion was pending, however, Vonage produced the privilege log sought by Plaintiff. In its Reply brief, and based on the contents of the privilege log produced, Plaintiff modified its prayer for relief to include a request for production of all documents listed in the privilege logs on grounds of waiver. In support of the this argument, Plaintiff maintains Vonage waived any privilege based on untimely submission of a privilege log and failure to describe in the privilege log the nature of the documents in a manner that enables Plaintiff or the Court to assess the applicability of the privilege.[1]

For the reasons stated below, the Court finds Vonage did not waive the attorney-client privilege or work product protection based on untimely submission of a privilege log, but finds various entries in the privilege logs fail to describe the nature of the documents in a manner that enables Plaintiff or the Court to assess the applicability of the privilege or protection. In the absence of evidence indicating bad faith on the part of Vonage, however, the Court will decline to find waiver and will order Vonage to submit a consolidated amended privilege log as specifically described.

### A.     Timeliness of Privilege Log

Plaintiff asserts Vonage procedurally waived work product and attorney-client privilege protection for every document listed in the original privilege log as well as the first, second and third

---

[1]Due to the fact that Plaintiff's Reply brief introduced new arguments and a new prayer for relief, the Court will grant Vonage's Motion to File Surreply (doc. 182) and hereby puts the parties on notice that the Court has considered the arguments set forth in Vonage's Surreply brief.

supplemental privilege logs based on Vonage's failure to timely provide the privilege logs. It is true that Fed. R. Civ. P. 26(b)(5) requires the objecting party to expressly make a claim of privilege and to "describe the nature of the documents, communications, or things not produced . . . in a manner that, without revealing information itself privileged or protected, will enable [the] other part[y] to assess the applicability of the privilege or protection." It also is true that failure to follow the Federal Rules of Civil Procedure may result in waiver of the attorney-client privilege and/or work-product protection.[2] Although this result is not mandated by the federal rules, the Advisory Committee contemplated the sanction: "[t]o withhold materials without [providing notice as described in Rule 26(b)(5) ] is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege."[3]

Acknowledging the harshness of a waiver sanction, however, courts have reserved such a penalty for only those cases where the offending party committed unjustified delay in responding to discovery. Minor procedural violations, good faith attempts at compliance and other such mitigating circumstances bear against finding waiver.[4]

Based upon the facts and circumstances presented to the Court in conjunction with this Motion, the Court finds there is no evidence of unjustified delay here. It is true that if a party desires to withhold documents from production on grounds of privilege in responding to discovery requests, Fed. R. Civ. P. 26(b)(5) requires the objecting party to expressly make a claim of privilege, which is usually done in the form of a privilege log. It is also true that inherent within this rule is

---

[2] 8 Charles Alan Wright, Federal Practice and Procedure § 2016.1, at 228-29 (2d ed.1994).

[3] Fed. R. Civ. P. 26(b)(5) advisory committee's note (1993).

[4] *See First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356, 1361-63 (D. Kan. 1995) (collecting cases), rev'd on other grounds, 101 F.3d 645 (10th Cir.1996).

a requirement that the claim of privilege should be made at the same time that the privilege objection is lodged and the documents are withheld. There has been no evidence presented here, however, regarding whether the privilege logs were served in conjunction with the corresponding privilege objections or, if served after the corresponding privilege objection (as Plaintiff very generally alleges), how long after the objection and withholding of documents it took to serve the corresponding log. Without this crucial information, it is impossible for the Court to make a finding of unjustified delay. For these reasons, the Court finds the sanction of waiver inappropriate; thus, Vonage is not deemed to have waived any protection for the documents listed in its privilege log based on the untimely submission of its log.

**B.     Sufficiency of Privilege Log**

Plaintiff next maintains the original and supplemental privilege logs fail to describe the nature of the documents in a manner that, without revealing information itself privileged or protected, enables Plaintiff to assess the applicability of the privilege or protection. For this failure to comply with applicable rules, Plaintiff again requests the Court deem any privilege or protection waived.

Rule 26(b)(5) provides as follows:

> When a party withholds information that is otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.[5]

---

[5] Fed. R. Civ. P. 26(b)(5).

Vonage, as the party asserting objections based on work product immunity and attorney-client privilege, bears the burden of establishing that either or both apply.[6] Vonage must make a "clear showing" that the asserted objection applies.[7] To carry that burden, Vonage must "describe in detail" the documents or information sought to be protected and provide "precise reasons" for the objection to discovery.[8] In addition, Vonage must provide sufficient information to enable the court to determine whether each element of the asserted objection is satisfied.[9] A "blanket claim" as to the applicability of the privilege/work product protection does not satisfy the burden of proof.[10] Vonage's failure to meet this burden when the trial court is asked to rule upon the existence of the privilege is not excused because the document is later shown to be one that would have been privileged if a timely showing had been made.[11]

Applying these standards, the Court finds various aspects of Vonage's four privilege logs are deficient on grounds that the descriptions fail to include the information necessary to determine whether the elements of either the attorney-client privilege or the work product protection have been met.

---

[6]*McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000) (citing *Boyer v. Bd. of County Comm'rs,* 162 F.R.D. 687, 688 (D. Kan. 1995)).

[7]*Ali v. Douglas Cable Comm., Ltd. Partnership,* 890 F. Supp. 993, 944 (D. Kan. 1995).

[8]*McCoo*, 192 F.R.D. at 680 (citing *Nat'l Union Fire Ins. Co. v. Midland Bancor, Inc.,* 159 F.R.D. 562, 567 (D. Kan. 1994)).

[9] *Id.* (citing Jones v. Boeing Co., 163 F.R.D. 15, 17 (D. Kan.1995)).

[10]*Id.* (citing *Kelling v. Bridgestone/Firestone, Inc.*, 157 F.R.D. 496, 497 (D. Kan. 1994)).

[11]*Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540, 542 (10th Cir. 1984).

### 1.     Attorney-Client Privilege

Again, Rule 26(b)(5) requires Vonage to describe documents not produced in manner that, without revealing information itself privileged or protected, will enable Plaintiff to assess the applicability of the privilege or protection. In other words, Vonage must provide sufficient information to enable Plaintiff to determine whether each element of the asserted objection is satisfied.[12] Thus, with respect to Vonage's claims of protection based on the attorney-client privilege, the description of the documents within the privilege log must establish each of the following elements: (1) where legal advice is sought (2) from a professional legal advisor in his capacity as such, (3) the communications made in the course of that relationship (4) made in confidence (5) by the client (6) are permanently protected (7) from disclosures by the client, the legal advisor, or any other witness (8) unless the privilege is waived.[13]

In reviewing the privilege log entries, Vonage's primary argument in support of attorney-client privilege protection appears to be that any document reflecting a communication to or from an attorney automatically protects that document from disclosure by the attorney-client privilege. The Court rejects this argument. "Not every communication between an attorney and client is privileged, only confidential communications which involve the requesting or giving of legal advice."[14] "The focal point of the protection afforded by the attorney-client privilege lies with

---

[12]*Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D.Kan.1995).

[13]*Cypress Media, Inc. v. City of Overland Park,* 268 Kan. 407, 418, 997 P.2d 681, 689 (2000) (quoting *State v. Maxwell*, 10 Kan.App.2d 62, 63, 691 P.2d 1316, 1319 (1984)); see, also, K.S.A. 60-426 (1994).

[14]*Burton v. R.J. Reynolds Tobacco Co.*, 175 F.R.D. 321, 327 (D.Kan.1997) (citing *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *United States v. Olano*, 62 F.3d 1180 (9th Cir.1995)).

6

'communications' between attorneys and their clients."[15] And, although the privilege protects disclosure of substantive communication between attorney and client, "it does not protect disclosure of the underlying facts by those who communicated with the attorney."[16]

> [T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, "What did you say or write to the attorney?" but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.[17]

Accordingly, if relevant facts are incorporated into an otherwise attorney-client protected document, the document still will be subject to disclosure after redaction of the privileged material.[18] A party cannot shield documents and/or facts from disclosure by combining them or interlacing them with privileged material; nonprivileged underlying factual information must be disclosed and the log must be specific enough for the Court and the opposing party to determine into which category the information falls.

Here, the Court finds it unclear from many of the descriptions set forth in Vonage's privilege logs whether the documents, or parts of documents, claimed as protected from disclosure by the attorney-client privilege are so protected.

---

[15] *IMC Chemicals, Inc. v. Niro, Inc.*, No: 98-2348-JTM, 2000 WL 1466495, at *8-9 (D. Kan. July 19, 2000) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 395-96, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)).

[16] *Id.*

[17] *Id.*

[18] *Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 499-500 (D. Kan. 1997).

7

## 2.     Work Product Protection

To establish work product protection, a party must show that "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party." As with the attorney-client privilege, many of the documents within Vonage's privilege log fail to include sufficient information to establish each of the work product protection elements.

The work product doctrine only applies to those documents and tangible things prepared in anticipation of litigation, and in order for the discovery limitation to apply, there must be a substantial probability that litigation will ensue at the time the documents were drafted.[19] "Certainly by implication the . . . rule precludes any idea of extending the work product doctrine to reports or statements, even if written, obtained by the client or his investigators which are not prepared under the supervision of an attorney in preparation for trial."[20]

The issue of whether documents were prepared in anticipation was extensively analyzed by Magistrate Judge Rushfelt in *Marten v. Yellow Freight System, Inc*.[21]  The court stated:

> The work product standard has two components. The first is what may be called the "causation" requirement. This is the basic requirement of the Rule that the document in question be produced because of the anticipation of litigation, i.e., to prepare for litigation or for trial. The second component is what may be termed a "reasonableness" limit on a party's anticipation of litigation. Because litigation can, in a sense, be foreseen from the time of occurrence of almost any incident, courts have interpreted the Rule to require a higher level of anticipation in order to give a reasonable scope to the immunity.

---

[19]*Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 427, 997 P.2d 681 (2000); *Alseike v. Miller*, 196 Kan. 547, 558, 412 P.2d 1007 (1966).

[20]*Alseike v. Miller*, 196 Kan. at 558, 412 P.2d 1007.

[21]No. 96-2013-GTV, 1998 WL 13244 (D. Kan. Jan. 6, 1998).

> The court looks to the primary motivating purpose behind the creation of the document to determine whether it constitutes work product. Materials assembled in the ordinary course of business or for other non-litigation purposes are not protected by the work product doctrine. The inchoate possibility, or even the likely chance of litigation, does not give rise to work product. To justify work product protection, the threat of litigation must be "real and imminent." To determine the applicability of the work product doctrine, the court generally needs more than mere assertions by the party resisting discovery that documents or other tangible items were created in anticipation of litigation.[22]

In this case, Vonage's blanket claim that documents were prepared in anticipation of litigation is insufficient to establish work product protection. Vonage has failed to establish the documents in question were created, collected or considered under a real and imminent threat of actually litigating Plaintiff's claim.

**C.   Waiver**

Based on the discussion above, the Court finds Vonage's privilege logs fail to describe the nature of the documents in a manner that enables the Court to assess the applicability of either the attorney-client privilege or work product protection. For this failure to comply with applicable rules, Plaintiff requests the Court deem any privilege or protection waived.

With regard to Plaintiff's request, it is well-settled that the party seeking to invoke work product immunity or attorney-client privilege has the burden to establish all elements of the immunity/privilege and that this burden "can be met only by an evidentiary showing based on competent evidence."[23] That burden "cannot be 'discharged by mere conclusory or ipse dixit assertions.'"[24] Here, Vonage fails to include in its privilege log the information and evidentiary

---

[22]*Id.*, at *10 (citations and quotations omitted).

[23]*Disidore v. Mail Contractors of America, Inc.,* 196 F.R.D. 410, 413 (D. Kan. 2000).

[24]*Id.*

9

support necessary to establish the claimed privileges as required by the Federal Rules of Civil Procedure. For this failure, the Court could find waiver and grant Plaintiff's Motion to Compel as it applies to the claimed privileged/protected documents. In the absence of evidence indicating bad faith on the part of Vonage in preparing the amended privilege log, however, the Court will decline to find waiver. Instead, the Court will deny Plaintiff's Motion to Compel and order Vonage to submit a consolidated amended privilege log incorporating all documents withheld from production on grounds of privilege.

**D.     Conclusion**

In light of the above, it is ordered that Plaintiff's Motion to Compel (doc. 134) is **denied** without prejudice to refiling as set forth below.

It is further ordered that Vonage's Motion to File Surreply (doc. 182) is **granted**.

It is further ordered that Vonage shall prepare and submit to Plaintiff by **May 15, 2007** a consolidated amended privilege log describing all documents withheld from production on grounds of privilege. Vonage shall file a certificate of service verifying that the amended privilege log was served and that all documents withheld from production on grounds of privilege are described therein. The amended privilege log shall contain a detailed description of all documents withheld and the specific and precise reasons for its claim of protection from disclosure. The amended log shall include, at a minimum, the following information for each document withheld:

1. A description of the document (e.g., correspondence, memorandum, attachment), including the number of pages and the date prepared;

2. Identity of the person(s) who prepared the document, identity of the person(s) for whom the document was prepared and to whom the document and copies of the document were directed;

3. Purpose of preparing the document, including

   a. A showing that the documents were prepared in the course of adversarial litigation or in anticipation of a threat of "real and imminent" litigation;

   b. A showing that communications within the documents relate to seeking or giving legal advice (as opposed to business or non-legal advice); and

   c. A showing that the documents do not contain or incorporate non-privileged underlying facts.

4. Basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and

5. Any other information necessary to establish the elements of each asserted privilege.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 8th day of May, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties