# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS CO., L.P.,

      Plaintiff,

v.                                                                                        Case No. 05-2433-JWL-DJW

VONAGE HOLDINGS CORP., et al.,

      Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Compel Production of Documents of Joseph Michael Christie[1] (doc. 146) and Plaintiff's request for sanctions.[2] In support of their Motion, Defendants refer to the March 21, 2007 deposition testimony of former Sprint employee Michael J. Gardner, during which he testified that he personally deposited at the Sprint archives in Kansas City more than one (1) box of documents of Mr. Christie's that he had collected following Mr. Christie's death.

In response to Defendants' Motion, Plaintiff maintains that it has looked for, and has been unable to locate, any Christie documents beyond what it has already produced. Plaintiff states that any Christie documents relating to the Asserted Patents would have been created in the 1993-1996 timeframe, which is the timeframe in which Mr. Christie was working at Sprint on the Asserted Patents. Plaintiff further states that these documents were subject to a six-year retention policy and many of these documents likely no longer exist, a fact that already has been communicated by

---

[1] Mr. Christie is the purported inventor of the patents at issue in this lawsuit. He died in 1996.

[2] In its Response brief, Plaintiff argues the Court should impose sanctions on Defendants for frivolously filing the present motion. Specifically, Plaintiff seeks sanctions under Rule 37(a)(4)(B).
.

Plaintiff to Defendants. With that said, Plaintiff states it did locate and produce a number of Christie documents that related to the Asserted Patents, including a hard copy of the original PowerPoint presentation that embodied Mr. Christie's conception of the inventions disclosed and claimed in the Asserted Patents.[3] As evidenced by the dates of these documents, many are over thirteen years old. Given that these documents were subject to a six-year retention policy, Plaintiff argues attempting to locate the Christie documents has been time-consuming and that many of them either no longer exist or cannot be located.

Fed. R. Civ. P. 34 imposes a duty on the responding party to produce documents that are in the "possession, custody or control of the party."[4] To that end, the Court cannot compel a party to produce documents that do not exist or that are not in that party's possession, custody, or control.[5] Notwithstanding the deposition excerpts submitted in support of the Motion, the Court finds that Defendants have not provided sufficient information to lead the Court to question the veracity of Plaintiff's statement that no additional responsive documents exist. The Court thus has no basis upon

---

[3] To date, Plaintiff has produced to Defendants the following Christie documents:

- 10/15/93 Powerpoint Presentation of Joe Christie
  (SPRp-01-029-00001 to 00017, 00022 to 00023, 00034 to 00049, 00054 to 00055)

- 6/25/93 Powerpoint Presentation of Joe Christie, Al Duree, Bill Wiley
  (SPRp-01-029-00018 to 00021, 00050 to 00053)

- 6/27/94 Broadband – Intelligent Network Prototype Project by Joe Christie
  (SPRp-01-029-00075 to 00104)

- 9/29/95, Version 3.0, CCM Phase I Architecture III Requirements,
  Joe Christie, Al Duree, Joe Gardner, Bill Wiley (SPRp-007-01-00466 to 00791)

[4] Fed. R. Civ. P. 34.

[5] *Sonnino v. University of Kansas Hosp. Authority*, 220 F.R.D. 633, 640 (citing *Am. Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 501 (D.Kan.2001)).

which to compel Plaintiff to produce any additional documents. The Court, will, however, require Plaintiff to serve supplemental written answers to these requests, identifying all documents that they have produced in response to them, and representing that no other responsive documents are in their possession, custody, or control.

On a final note, Plaintiff argues the Court should impose sanctions on Defendants for frivolously filing the present motion. Specifically, Plaintiff seeks sanctions under Rule 37(a)(4)(B). Fed. R. Civ. P. 37(a)(4)(B) provides, in part:

> If the motion [to compel discovery] is denied, the court . . . shall, after affording an opportunity to be heard, require the moving party . . . to pay to the party . . . who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Although the Court has declined to compel Plaintiff to produce documents that do not exist, the Court finds an award of expenses in this instance would be unjust given that, as a result of the Motion, Plaintiff has been ordered to serve supplemental written answers to Defendants' requests, identifying all documents that they have produced in response to them, and representing that no other responsive documents are in their possession, custody, or control. Consequently, the Court will not award Plaintiff its reasonable expenses incurred in opposing the motion.

Accordingly, it is hereby ordered that

(1)   Defendants' Motion to Compel Christie Documents (doc. 146) is **denied**;

(2)   Plaintiff's request for sanctions is **denied**; and

(3)   Plaintiff shall provide the supplemental written answers as specifically described above within five (5) days of the date of filing of this Order.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 9th day of May, 2007.

                                                  s/ David J. Waxse
                                                  David J. Waxse
                                                  United States Magistrate Judge

cc:    All counsel and *pro se* parties