## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS CO., L.P.,

      Plaintiff,

v.                                                                                          Case No.  05-2433-JWL-DJW

VONAGE HOLDINGS CORP., et al.,

      Defendants.

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Compel Financial Documents (doc. 137). During the briefing of this Motion, the parties narrowed the scope of this dispute to one issue:

> Production of Vonage's 2002 and 2003 semi-annual budgets, in Microsoft Excel format, that contain projections of Vonage's future revenues and expenses.

In support of its Motion, Plaintiff maintains that although Vonage's Chief Financial Officer John Rego testified under oath to the existence of the 2002 and 2003 semi-annual budgets, Vonage has failed to produce them. In response, Vonage maintains that the company, including Mr. Rego, has looked for, and has been unable to locate, any budget models from 2003 or 2002 beyond what it has already produced. To that end, Vonage states that it already has produced multiple records reflecting its budget summaries and models from 2002[1] and 2003.[2] Vonage further states that any

---

[1] Vonage identifies documents bearing the following bates stamps as budget summaries and models from 2002 that already have been produced: VON_210204-210298, VON_210300-210394, VON_280220-280239, VON_280245-280339, VON_280340-280488, VON_280489-280636, and VON_280637-280651.

[2] Vonage identifies documents bearing the following bates stamps as budget summaries and models from 2003 that already have been produced: VON_279046-279131, VON_279294-279326, VON_279327-279359, VON_79396-279562, VON_279563-279731, and VON_279732-279830.

2002-2003 budget document beyond what has been produced has likely been deleted, as Vonage has no practical need to retain such old projections of the financial future.

Fed. R. Civ. P. 34 imposes a duty on the responding party to produce documents that are in the "possession, custody or control of the party."[3] To that end, the Court cannot compel a party to produce documents that do not exist or that are not in that party's possession, custody, or control.[4] Notwithstanding the deposition excerpts submitted in support of the Motion, the Court finds that Plaintiff has not provided sufficient information to lead the Court to question the veracity of Vonage's statement that no additional responsive documents exist. The Court thus has no basis upon which to compel Vonage to produce any additional documents. The Court, will, however, require Vonage to serve supplemental written answers to these requests, identifying all documents that they have produced in response to them, and representing that no other responsive documents are in their possession, custody, or control.

The overruling of a motion to compel invites consideration of Fed. R. Civ. P. 37(a)(4)(B), which provides

> If the motion [to compel discovery] is denied, the court . . . shall, after affording an opportunity to be heard, require the moving party . . . to pay to the party . . . who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Although the Court has declined to compel Vonage to produce documents that do not exist, the Court finds an award of expenses in this instance would be unjust given that, as a result of the

---

[3] Fed. R. Civ. P. 34.

[4] *Sonnino v. University of Kansas Hosp. Authority*, 220 F.R.D. 633, 640 (citing *Am. Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 501 (D.Kan.2001)).

Motion, Vonage has been ordered to serve supplemental written answers to Plaintiff's requests, identifying all documents that they have produced in response to them, and representing that no other responsive documents are in their possession, custody, or control. Consequently, the Court will not award Vonage its reasonable expenses incurred in opposing the motion.

Accordingly, it is hereby ordered that

(1) Plaintiff's Motion to Compel Financial Documents (doc. 137) is **denied** and each party shall be responsible for its own costs and expenses incurred on the motions and subsequent briefing;

(2) Vonage's Motion to File Surreply (doc. 181) is **granted**[5]; and

(3) Vonage shall provide the supplemental written answers as specifically described above within five (5) days of the date of filing of this Order.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 9th day of May, 2007.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

cc:     All counsel and *pro se* parties

---

[5] Given the narrowing of this dispute after the original Motion was filed, the Court found the facts set forth in the Surreply were helpful to its determination.