IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 05-2433-JWL |
| v. | ) |
| | ) |
| VONAGE HOLDINGS CORP. and | ) |
| VONAGE AMERICA, INC., | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF VONAGE HOLDINGS CORP. AND VONAGE AMERICA, INC.'S MOTION SEEKING LEAVE TO FILE TWO SEPARATE SUMMARY JUDGMENT MOTIONS WITH ARGUMENTS AND AUTHORITIES NOT TO EXCEED SIXTY (60) PAGES IN TOTAL**

Defendants Vonage Holdings Corp. and Vonage America, Inc. (collectively "Vonage"), by their attorneys, submit this Memorandum in support of their Motion for Leave to File Separate Summary Judgment Motions, in which Vonage seeks relief from the Local Civil Rule limiting the parties to a single summary judgment motion with authorities and arguments of thirty (30) pages in length.

**I.    SUMMARY OF FACTS**

In this complex litigation, Sprint has asserted seven (7) different patents (the "Asserted Patents") and accuses Vonage of infringing sixty-one (61) separate claims. Specifically,

21.    Sprint asserts that Vonage has infringed and is infringing claims 1, 2, 5, 6, 14, 38, 39, 42, 43, and 51 of the '572 patent.

22.    Sprint asserts that Vonage has infringed and is infringing claims 1, 3, 22, 23, 24, 26, 29, 36 and 38 of the '561 patent.

23.    Sprint asserts that Vonage has infringed and is infringing claims 1, 2, 3, 4, 5, and 11 of the '052 patent.

Dockets.Justia.com

24.    Sprint asserts that Vonage has infringed and is infringing claims 1 and 18 of the '932 patent.

25.    Sprint asserts that Vonage has infringed and is infringing claims 1, 2, 3, 5, 6, 21, 23, 24, 25, 27, 28, and 43 of the '429 patent.

26.    Sprint asserts that Vonage has infringed and is infringing claims 1, 2, 5, 7, 29, 35, 38, 41, and 63 of the '064 patent.

27.    Sprint asserts that Vonage has infringed and is infringing claims 1, 4, 9, 10, 17, 18, 19, 22, 26, 27, 28, 35 and 36 of the '294 patent.

Pretrial Order, as submitted May 7, 2007, at ¶¶4(a) 21-27.

## II.    ARGUMENT

Given the material facts not in dispute, Vonage believes that many of Sprint's claims of infringement may be decided on summary judgment, on the alternative, but equally dispositive grounds that (1) Vonage's VoIP system does not infringe any claim of the Asserted Patents, and (2) the claims of the Asserted Patents are invalid.  Given the sheer volume of Sprint's claims, Vonage cannot reasonably make its arguments of its noninfringement and invalidity of the Asserted Patents in the single, thirty (30) page memorandum Vonage understands the Court, pursuant to Local Rules 7.1(e), 7.6 and 56.1, expects.

As this Court has articulated, "summary judgment is not a 'disfavored procedural shortcut'; rather, it is an important procedure 'designed to secure the just, speedy and inexpensive determination of every action.'" Dewalt v. Meredith Corp., No. 05-2544, 2007 U.S. Dist. LEXIS 33487 (D. Kan. May 4, 2007) (citing, *inter alia*, Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1)) (internal punctuation omitted).

In this instance, with the extraordinary number of claims Sprint asserts, summary judgment is particularly appropriate.  Based on the material facts not in dispute, Vonage believes that summary judgment in its favor is appropriate on many of Sprint's claims of infringement.  It

DM1\1119913.1

would be both inefficient, burdensome, and ultimately unjust for Sprint to be able to force a jury to hear literally days of testimony on claims that may be summarily decided.

Given the extraordinary number of Asserted Claims, it would be difficult for Vonage to make its case for summary judgments within the confines of a thirty page limit even if the claims were all insufficient for a single reason. Because of this, even taking into account that some of the sixty-one Asserted Claims are determinable on summary judgment for related but different reasons, application of the Court's single-motion, 30-page limitations would be prohibitive.

Vonage respectfully submits that given Sprint's allegations this is an exceptional case which is particularly suited for summary judgment but which, if subject to a mechanical application of procedural rules, would be denied that benefit.

So as to allow the parties and the Court the full benefit of the efficiencies provided by Federal Rule of Civil Procedure 56, to account for the extraordinary breadth of Sprint's allegations, and so that the parties and the Court may address the pertinent legal issues in as logical a manner as possible, Vonage respectfully requests that the Court grant Vonage leave to file two motions for summary judgment: one on the subject of its noninfringement of the Asserted Patents, one on the invalidity of the Asserted Patents. Vonage requests that, in support of these motions, the Court allow Vonage to submit Memoranda of law totaling sixty (60) pages in length, to be divided between the two motions, and a statement of material facts for each.[1] Vonage also proposes it submit a single set of Exhibits in support of these motions.

---

[1]    Vonage submits that this is equal to a single motion for summary judgment for each of the two defendants. This is consistent with the Court's practice in this case to date, whereby the Court allowed Vonage, in discovery, to serve a total of fifty (50) interrogatories, divided between each of Vonage Holdings Corp. and Vonage America, Inc.

Vonage respectfully submits that by allowing for room to address each patent, in a form that will allow the Court to address, and Sprint to respond to, Vonage's contentions of noninfringement and invalidity separately, presents the most logical and simple approach to this multi-faceted litigation.

Vonage has discussed this proposal with Sprint and suggested the parties agree to mutually apply to the Court with a joint request that the parties each be allowed to file separate motions on the issues of infringement and validity, with supporting memoranda totaling 60 pages in length. Sprint rejected this proposal and Vonage anticipates Sprint will oppose this request.

Vonage submits that neither the Federal nor local Rules allow Sprint to hogtie its opponents by asserting so many claims that they cannot be addressed on summary judgment, then advocate a mechanical application of a procedural rule to force a trial on claims that are ripe for summary disposition. "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes, 1963 Amendment to Fed. R. Civ. P. 56. Sprint cannot render certain of its claims impervious to summary judgment simply by throwing into its pleadings everything but the kitchen sink.

The Court's Rules Of Practice provide that "[t]hey shall, in special cases, be subject to such modification as the court may deem necessary or appropriate to meet emergencies or to avoid injustice or great hardship." D. Kan. Rule 1.1. Vonage respectfully submits that this case warrants such a modification.

Vonage respectfully suggests that it would be most equitable, and allow the parties and the Court the full benefit of the efficiencies ensured by the Federal Rules, for the Court to allow both Sprint and Vonage to each submit two motions for summary judgment – one on the subject

- 4 -

of Sprint's allegations of infringement, one on Vonage's affirmative defense of invalidity – with briefs of arguments and authorities not to exceed sixty pages for either party.   Vonage respectfully submits that it may also be appropriate to extend the deadline for dispositive motions, currently set for May 15, 2007, by one (1) week, in order to allow the parties to adjust their briefing and arguments accordingly.

Pursuant to the Court's scheduling order, dispositive motions are due May 15, 2007. Vonage thus respectfully requests expedited consideration of this motion, and oral argument by telephone, at the Court's earliest convenience.

Respectfully submitted,

May 10, 2007                           /s/ Patrick J. Kaine_____

Don R. Lolli    KS Dist. #70236
Patrick J. Kaine KS #15594
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111
816-931-2700
pkaine@DysartTaylor.com
dlolli@DysartTaylor.com


Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com

*Attorneys for Defendants/Counterclaim
Plaintiffs Vonage America, Inc. and Vonage
Holdings Corp.*

DM1\1119913.1

## CERTIFICATE OF SERVICE

I hereby certify on May 10, 2007, that a copy of Vonage Holdings Corp. and Vonage America, Inc.'s Motion for Leave to File Two Separate Summary Judgment Motions with Arguments and Authorities Not to Exceed Sixty (60) Pages in Total, and supporting papers, was filed electronically, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> Shook, Hardy & Bacon LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> bwebb@shb.com
> aseitz@shb.com
> eburesh@shb.com
>
> *Attorneys for Plaintiff*
> *Sprint Communications Company L.P.*
>
>   /s/ Barry Golob

DM1\1119913.1