## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
                                    )
                    Plaintiff,      )
                                    )
        v.                          )   Case No. 05-2433-JWL
                                    )
VONAGE HOLDINGS CORP.,              )
VONAGE AMERICA, INC.,               )
                                    )
                    Defendants.     )
                                    )

### SPRINT'S MEMORANDUM IN OPPOSITION TO VONAGE'S MOTION SEEKING LEAVE TO FILE TWO SEPARATE SUMMARY JUDGMENT MOTIONS NOT TO EXCEED SIXTY (60) PAGES IN TOTAL

Plaintiff Sprint Communications Company L.P. ("Sprint") respectfully submits its Memorandum in Opposition to Defendants Vonage Holdings Corp. and Vonage America, Inc's Motion Seeking Leave To File Two Separate Summary Judgment Motions With Arguments and Authorities Not To Exceed Sixty (60) Pages In Total.

## I.    INTRODUCTION

**Three business days** before the deadline for filing summary judgment motions, Vonage seeks leave of Court to file two summary judgment motions **doubling** the Court's page-limit on such motions to 60 pages. This motion is just the latest in a series of attempts by Vonage to change the rules of the litigation and to alter the Court's Scheduling Order.[1]  Sprint has relied on this Court's Local Rules and the Scheduling Order in this case and has assumed the

---

[1]  *See, e.g.*, Doc. No. 156 (Vonage's motion to amend scheduling order by 6 months, which was denied); Doc. No. 148 (Vonage's motion seeking leave to amend answers, affirmative defenses and counterclaims, which was denied); Doc. No. 100 (Vonage's motion to extend discovery deadline).

- 1 -

Dockets.Justia.com

rules would be applied to both sides. Vonage should be made to abide by this Court's Local Rules and Scheduling Order, and its motion should be denied.

The sole basis for Vonage's proposed extension is that this litigation is "complex" and that two motions would give Vonage "the full benefit of the efficiencies ensured by the Federal Rules." Brf., at 1 and 4. Vonage, however, knew that Sprint was asserting 7 patents and a number of claims in those patents at the time it filed its Answer and Counterclaims in the fall of 2005. Vonage could have proposed an extension of the page limit during the parties' Rule 26(f) conference, or during the Scheduling Conference with the Court. It did not. Vonage could have raised this issue in connection with the parties' Joint Motion to Extend Certain Discovery Deadlines, filed December 22, 2006.[2] It did not. Vonage could have asked the Court at any time over the last **18 months** for additional summary judgment pages. It did not. Instead, Vonage waited until the last minute to ask for a significant alteration to the rules of this Court.

Sprint, on the other hand, has always assumed the Court would enforce its own Local Rules and its Scheduling Order. Sprint also relied on prior Court decisions strictly enforcing the page limitations for summary judgment. Sprint, thus, carefully designed its summary judgment strategy to comply with the Court's 30-page limit. If Vonage is permitted at this late stage to double the page limit for summary judgment, Sprint would be unfairly prejudiced and would not, as a practical matter, be able to modify its summary judgment strategy in two business days.[3] Vonage would obtain an unfair advantage over Sprint due solely to Sprint's reliance on the unambiguous rules governing this litigation. Sprint should not be punished for such reliance.

---

[2] Doc. No. 106.

[3] The Court repeatedly has stated the summary judgment deadline will not be moved.

Additionally, Vonage must establish "good cause" to amend the Court's Scheduling Order. In its initial Scheduling Order, the Court stated "[t]he arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court." (Doc. No. 48). Thus, Vonage must also establish "good cause" for making its request outside the deadline established by the Court's scheduling order. Fed. R. Civ. P. 16(b); Doc. No. 48 ("This scheduling order shall not be modified except by leave of court upon a showing of good cause."). A showing of "good cause" requires the party seeking an amendment to show that despite due diligence it could not have reasonably met the scheduling order deadlines. *Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan.1991). Because Vonage has not established "good cause" to alter the Court's Scheduling Order, its motion should be denied.

## II.    ARGUMENT

### A.    Vonage Has Unduly Delayed in Filing Its Motion and Has Not Demonstrated Due Diligence.

Vonage provides no excuse for its delay in bringing the current motion. Vonage does not address its delay because it cannot establish "good cause" for waiting **18 months** to file its motion.

On November 3, 2005, Vonage filed affirmative defenses and counterclaims of noninfringement and invalidity for <u>each</u> of the seven patents in this case.[4] Vonage was aware of the number of claims Sprint was asserting at least as early as March 20, 2006. *See* Ex. A, Sprint's Response to Vonage's 1st Interrogatories (identifying asserted claims). Vonage could have addressed this issue at any one of the numerous scheduling conferences the parties have conducted with the Court, or by way of a separate motion at any time prior to now. Instead, Vonage inexplicably waited until **three business days** before the deadline for filing summary

---

[4] Doc. No. 13.

2458510v2

judgment motions to seek relief from this Court's rules. Vonage has offered no explanation for its delay. Vonage's lack of diligence defeats the requisite good cause for modifying the Court's 30-page limit set forth in the Scheduling Order.

**B.      Vonage's Delay Would Cause Sprint Significant Unfair Prejudice**

Vonage's motion would punish Sprint for abiding by, and relying on, the Court's local rules. Sprint crafted its strategy for summary judgment under the strictures set forth in Local Rule 7.1, the precedent discussing this rule, and this Court's Scheduling Order, all of which confirm a 30-page limit on dispositive motions. In relying on this page limit, Sprint was forced to pick and choose between potential theories upon which it could move for summary judgment and only move on those theories that it believes it can be fairly set forth within the 30-page limit. This precise issue selection process is envisioned, if not purposefully required, by the Court's page limit rule. The rule forces parties to be strategic with their Rule 56 motions and not resort to the shotgun motion practice Vonage plans to advance. The rule serves a useful purpose that is critical to the Court managing its docket and workload. *Oleson v. Kmart Corp.*, 185 F.R.D. 631, 634 (D. Kan. 1999) (denying summary judgment motions for exceeding the page limits finding "neither of the laudable goals [of judicial economy and fairness to litigants] would be achieved if [the Court] invested any more of its scarce resources into sifting through the mass of pending dispositive motions.").

To grant Vonage's motion on the eve of the dispositive motion deadline would punish Sprint for relying on the Court's rules. Sprint could not over the course of two business days and a holiday weekend rework its summary judgment strategy. Vonage would be given a significant advantage by allowing it twice the pages of Sprint for summary judgment. Moreover, Sprint would then unfairly be required to respond to Vonage's 60-pages of summary judgment briefing within the 20 day period for responding to summary judgment, thereby doubling the

- 4 -

prejudice to Sprint.[5]  Under any analysis, if the Court grants this motion, Vonage would profit from its eleventh-hour assumption that it could, almost as a matter of course, obtain double the pages for summary judgment and Sprint would be punished for its reliance on the Court enforcing its rules.

### C.    Vonage's Claim of Complexity Is Exaggerated

Vonage's assertion that it must contend with an "extraordinary number of claims" is belied by the fact that the patents in suit are all related and include only two patent specifications.    Moreover, patent cases virtually always involve allegations of infringement of multiple claims.   The present case is not in any way "extraordinary" in its assertion of infringement of multiple patent claims.   Furthermore, this Court's docket is full of cases that involve multiple causes of action and claims for relief.   All of the litigants to those cases are expected to abide by the Court's summary judgment page limit rule.   There is no footnote to the Court's page limit rule that exempts patent cases or cases with multiple claims.

There is no reason to believe this Court cannot fairly and completely consider any motion filed in this case despite its alleged complexity.   Adding 30 pages of summary judgment briefing will increase -- not reduce -- the complexity and burden of this case.   The court already faces the difficult task of reviewing and ruling on competing summary judgment motions. Vonage should not be allowed to make the Court's job more difficult by doubling the size of its filing.   The 30-page rule has been in effect throughout this case and Vonage should have planned to comply with the rule, as Sprint has done, rather than assume it could obtain relief at the last minute.   For these reasons, Vonage's request must be denied.

---

[5]  Moreover, Vonage's request to extend the deadline for summary judgment motions by one week does not reduce this prejudice.  Sprint and the Court will still be forced to review and respond to a number of arguments based on Vonage's shotgun approach to summary judgment briefing.  *See, e.g., Oleson*, 185 F.R.D. at 634.

**D.    Vonage's Request Is Contrary To The Law Of This District**

Vonage's request is premised on its argument that granting its motion will allow Vonage "the full benefit of the efficiencies ensured by the Federal Rules." . Mtn., at 4. Vonage ignores, however, that "[t]he page limit is primarily intended to preclude burdening or delaying the work of the court and **is not for the convenience of the parties.**" *Weilert v. Health Midwest Development Group*, 95 F.Supp.2d 1190, 1192 (D.Kan.2000) (also noting that "[j]udicial economy and concise argument are purposes of the page limit."). Thus, Vonage's convenience is of no relevance to the determination of whether Vonage is entitled to double this Court's page limits for its summary judgment motion.

This Court takes its page limit rule seriously. In *Forsythe v. Board of Educ. of Unified School Dist. No. 389, Hays, Kan.*, the Court noted "the filing of piecemeal dispositive motions . . . is nothing more than a thinly veiled attempt to circumvent this court's page limitation." 956 F.Supp. 927, 928-929 (D. Kan. 1997). The Court went on to explain that "its page limitations are reasonable and those limitations serve valuable purposes." *Id.* These page limits "require[e] counsel to decoct their arguments to their most concise form [and] judicial resources are conserved." *Id.* The *Forsythe* Court made clear that "[t]he court will allow longer briefs only in the plainest of exceptional circumstances, extremely complex motions or factually difficult cases, and only after counsel have demonstrated a serious attempt at complying with the page limitation." *Id.* at 928-929, n.3. In the present case, Vonage has made no such showing that this case represents one of those rare and exceptional circumstances requiring an extension of the page limits. Vonage has made no showing that it has made an attempt, serious or otherwise, to comply with the page limitation rule. Sprint, on the other hand, will comply with the rule, which is strong evidence that compliance is very possible.

- 6 -

In *Phelps v. Hamilton*, the Court made clear that its page limitation on summary judgment memoranda was not to be taken lightly.  1994 WL 377071 (D.Kan. June 30, 1994).  In *Phelps*, the Court recognized that it page limitation for dispositive motions "would be a **hollow rule** if it could be circumvented by the filing of separate summary judgment memoranda."  *Id.* at *2 (emphasis added).  The court further explained that "its page limitation rule [is] more than a mere guideline or target" and that it is a "generous limitation that exceeds many used in other district courts."[6]  *Id.*    This same analysis applies with full force to Vonage's request.  Were it allowed to double the page limit three business days before the deadline, it would render the Court's page limitation hollow and meaningless.    A rule is not a rule if it can be unilaterally obviated at the eleventh hour.

Requests for additional pages have been rejected in numerous other cases.  *See, e.g., Oleson*, 185 F.R.D. at 634 (noting that the court does not "countenance the defendants' attempt to circumvent this court's page limitations"); *Lewis v. Glickman*, 2000 WL 1863407, *3 (D. Kan. Nov. 1, 2000) (noting that allowing seriatim filing of summary judgment briefs "would also permit any number of permutations of the page-limitation rule, all of which would be sure to be exploited by creative counsel more frequently than desired by the court or warranted by the circumstances."); *Rhoten v. Dickson*, 2006 WL 2414057, *2 (D. Kan. July 25, 2006) ("[T]he voluminous briefings and exhibits filed in response to it serve to illustrate how the court can be burdened even in simple cases by redundant and verbose pleadings and why the court must enforce rules regarding page limits and seriatim briefing.").

---

[6] For example, the Eastern District of Michigan imposes a 20-page limit, inclusive of facts, that "will be strictly enforced by the Court [and] [a]ttempts to circumvent the LR in any way may be considered an abusive practice which may result in the motion or response being stricken as well as sanctions being imposed under LR 11.1."  *See* http://www.mied.uscourts.gov/ localrules/civil/LR7 1.htm.  The Middle District of Florida also imposes a strict 25-page limit, which is inclusive of statement of facts.  http://www.flmd.uscourts.gov/Forms/USDC-MDFL-LocalRules5-2006.pdf, at L.R. 3.01(a).

- 7 -

### III.    CONCLUSION

Patent litigants have a rich history of overburdening Courts by needlessly increasing the complexity of their cases.   It is the job of trial counsel, however, to simplify the issues of a case, not to exacerbate them.  The page limit rule forces counsel to think through their summary judgment strategy, carefully select issues for dispositive ruling, and succinctly set those issues forth within the page limits.   That Vonage has not gone through this exercise is unfortunate.  However, the Court and Sprint should not be made to pay for Vonage's lack of summary judgment planning.   If Vonage legitimately needed more pages, it should have requested relief long ago so that any rule change could have been made sufficiently in advance of the deadline to allow Sprint to modify its approach.   By waiting until the eleventh hour to move, Vonage has no one but itself to blame for its need to condense its briefing to meet the required page limit.

Respectfully submitted,

Dated: May 11, 2007

  /s/ Adam P. Seitz_____
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT   COMMUNICATIONS   COMPANY
L.P.

- 8 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of May, 2007, a true and accurate copy of the above and foregoing **SPRINT'S MEMORANDUM IN OPPOSITION TO VONAGE'S MOTION SEEKING LEAVE TO FILE TWO SEPARATE SUMMARY JUDGMENT MOTIONS WITH ARGUMENTS AND AUTHORITIES NOT TO EXCEED SIXTY (60) PAGES IN TOTAL** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

  _/s/   Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.

2458510v2