# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>THEGLOBE.COM, INC.,<br>VOICEGLO HOLDINGS, INC.,<br>VONAGE HOLDINGS CORP.,<br>VONAGE AMERICA, INC.<br><br>Defendants. | Case No. 05-2433-JWL |

## SPRINT COMMUNICATIONS COMPANY L.P.'S RESPONSES TO DEFENDANT VONAGE HOLDINGS CORP'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Sprint Communications Company L.P. ("Sprint"), by and through its undersigned counsel, hereby responds and objects to Defendant Vonage Holdings Corp.'s ("Vonage") First Set of Interrogatories ("the Request").

### GENERAL OBJECTIONS

The following General Objections shall be deemed incorporated into the objections and answers to each and every specific Interrogatory:

1. Sprint objects to Defendant's Interrogatories to the extent that: (a) Defendant seeks to require Sprint to provide any information beyond what is available to Sprint at present from a reasonable search of its own files and reasonable inquiry of its present employees; (b) Defendant seeks information which is within the attorney-client privilege or work-product

1918593v2

and/or any other applicable privileges or exemptions. Sprint further objects to this Interrogatory to the extent it calls for identification of information that is a matter of public record, and/or is equally available to the requesting party.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that any such document was identified in the prosecution history of the Asserted Patents.

**INTERROGATORY NO. 6:** For each and any claim of Asserted Patents that Plaintiff contends is infringed by Vonage, please provide an element by element analysis that describes in detail the manner in which Plaintiff contends each claim element of the claim infringed by Vonage and specify for each of the claims that Plaintiff contends is infringed by Vonage that is a method claim, the Vonage component(s) that practice each claim element of the method claim and indicate whether such infringement is believed to be literal infringement or infringement under the doctrine of equivalents, and include a detailed description of how plaintiff contends any accused activity meets each and every claim limitation, or otherwise contributes to or induces infringement of each such claim.

**ANSWER:** Sprint objects to this Interrogatory to the extent it requests detailed contentions even though there has been no discovery to date. Sprint also objects to this Interrogatory as premature in that it seeks detailed information that will be subject to expert testimony long before expert reports are to be provided to Defendant pursuant to FED. R. CIV. P. 26(a)(2) and the Court's Scheduling Order. Sprint further objects to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without waiver of the foregoing general and specific objections, Sprint responds, to the extent possible, as follows: Sprint contends that each of the asserted

7

1918593v2

claims is infringed literally and, if not, under the doctrine of equivalents. Sprint further contends that Defendant directly infringes each asserted claim and induces and/or contributes to the infringement by others of each asserted claim. Sprint's contentions are preliminarily set forth in Exhibit A, attached hereto. Sprint reserves the right to supplement these contentions and/or add additional asserted claims.

**INTERROGATORY NO. 7:** With respect to plaintiff's allegation that Vonage has willfully infringed the Asserted Patents, please state the full and complete basis for this allegation and, identify each person with knowledge of the basis and each document which reflects, refers or relates to that basis.

**ANSWER:** Sprint objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions.

Subject to and without waiver of the foregoing general and specific objections, Plaintiff states that Defendants had knowledge of the Asserted Patents at least as early as July 13, 2004. Subsequent notice of the Asserted Patents was transmitted on multiple occasions. Despite said notice, Defendants continued to infringe the Asserted Patents. The identity of a person with knowledge of Defendants' willful infringement is Jeffrey A. Citron. Other employees and/ or representatives of Defendants with knowledge of Defendants' willful infringement are likely known and must be identified by Defendants. Sprint further states that documents responsive to this Interrogatory likely are in the possession of, and must be produced by, Defendants.

**INTERROGATORY NO. 8:** Identify the amount of damages allegedly sustained by plaintiff due to Vonage's alleged infringement of the Asserted Patents, the theory of damages, and the method used to calculate the amount of damages including, with limitation, whether the

Dated: March 20, 2006

                                        Respectfully Submitted,

                                        /s/ Adam P. Seitz
                                        B. Trent Webb, KS Bar No. 15965
                                        Eric A. Buresh, KS Bar. No. 19895
                                        Adam P. Seitz, KS Bar No. 21059
                                        SHOOK HARDY & BACON L.L.P.
                                        2555 Grand Blvd.
                                        Kansas City, Missouri 64108-2613
                                        816-474-6550 Telephone
                                        816-421-5547 Facsimile

                                        ATTORNEYS FOR PLAINTIFF SPRINT
                                        COMMUNICATIONS COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March 2006, a copy of SPRINT COMMUNICATIONS COMPANY L.P.'S RESPONSES TO DEFENDANT VONAGE HOLDINGS CORP.'S FIRST SET OF INTERROGATORIES was sent via e-mail and U.S. Mail to the following:

James D. Oliver
Scott C. Nehrbass
Foulston Siefkin LLP
40 Corporate Woods Suite 1050
9401 Indian Creek Parkway
Overland Park, Kansas 66210

James W. Dabney
Henry C. Lebowitz
Malcolm J. Duncan
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attorneys for Defendants
theglobe.com, Inc. and Voiceglo Holdings, Inc.

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

/s/ Adam P. Seitz
Attorneys for Sprint Communications Company L.P.

15

1918593v2