IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS CO., L.P.,

          Plaintiff,

v.                                                          Case No. 05-2433-JWL-DJW

VONAGE HOLDINGS CORP., et al.,

          Defendants.

**O R D E R**

The final pretrial conference in this matter was held by telephone on May 9, 2007. Sprint appeared through counsel Trent Webb, Adam Seitz and Eric Buresh. Defendants Vonage Holdings Corporation and Vonage America, Inc. (hereafter "Vonage") appeared through counsel Barry Golob, Donald McPhail, Patrick McPherson and Don Lolli.

During the conference, counsel presented argument regarding Vonage's Motion to Amend Answer (doc. 148); Vonage's Motion to Compel 30(b)(6) Testimony (doc. 150); and Sprint's Motion to File Surreply (doc. 180). Based on the pleadings submitted in conjunction with this Motion, as well as the argument of counsel during the telephone conference, the Court denied Vonage's Motion to Amend Answer; granted Vonage's Motion to Compel 30(b)(6) Testimony; and found Sprint's Motion to File Surreply (doc. 180) moot. This Memorandum and Order is intended to memorialize the Court's oral rulings.

**Discussion**

**A.     Vonage's Motion to Amend Answer**

Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Subsequent amendments are allowed by leave of court

or written consent of the adverse party.  Rule 15(a) requires that leave to amend "be freely given when justice so requires." Whether leave should be granted is within the trial court's discretion.[1] The Court should deny leave to amend only when it finds undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.[2]

Vonage seeks an order allowing it to amend its answer to include an additional affirmative defense based on newly discovered evidence.  More specifically, Vonage asserts that Vonage only recently came into possession of a contract between Sprint and Cisco, the terms of which purportedly include licenses, covenants not to sue, and other terms that may bar Sprint's claims against Vonage.  Sprint opposes the Motion to Amend on grounds of (1) undue delay in filing the Motion; and (2) undue prejudice to Sprint if the amendment is allowed.[3]

---

[1]Fed. R. Civ. P. 15(a); *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[2]*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993).

[3]Sprint also opposes the motion on grounds of futility of the amendment.  Given the Court intends to deny Vonage's motion on grounds of undue delay and prejudice, the Court finds it unnecessary to address the futility arguments briefed by the parties.

### 1.   Undue Delay

The Court may deny Vonage leave to amend on the grounds of undue delay.[4]  "Untimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay."[5]

In this case, Sprint contends Vonage unduly delayed in seeking to amend its Complaint because the request was filed on the last day of discovery in this matter, which was over two months after the "newly discovered" documents were produced.  The Court agrees.

Vonage states in its briefing that at some point in 2006, it discovered references in Sprint's document production to an extensive set of agreements between Cisco and Sprint, including an apparently fully executed license, relating to Sprint's JCS2000 system and the work of Joseph Michael Christie, the purported sole inventor of the Asserted Patents. Vonage further states that, on or about January 25, 2007, Sprint produced the executed agreements between Sprint and Cisco that form the basis for the proposed affirmative defenses. Notwithstanding possession of these documents, Vonage did not timely move to add the proposed affirmative defenses, but instead waited until the day discovery closed – over two months after receiving the "new documents" – to file a motion to amend.  In an attempt to justify this delay, Vonage states it was busy pursuing follow-up discovery with regard to the newly discovered licenses.

---

[4]*Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002).

[5]*Panis v. Mission Hills Bank*, 60 F.3d 1486, 1495 (10th Cir. 1995); *see also Frank*, 3 F.3d at 1365 ("It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." (citations omitted)).

Upon consideration of the arguments presented, the Court finds that Vonage has failed to provide sufficient reason for waiting until the day discovery closed – over two months after receiving the licenses – to file its request to add the proposed affirmative defense. This finding, in conjunction with the finding below that permitting Vonage to assert the affirmative defense would result in undue prejudice to Sprint, forms the basis for this Court's decision to deny the Motion to Amend.

### 2.    Undue Prejudice

In addition to undue delay, courts also consider whether the opposing party will suffer prejudice if the moving party is allowed to file an amended pleading.[6]  "Prejudice under Rule 15 means undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the other party."[7]

Sprint contends it would be unduly prejudiced by allowing Vonage to amend after discovery has closed at this late stage in the litigation.  More specifically, Sprint argues that Vonage's proposed amendments contain new affirmative defenses that appear to have no relation to any existing claim or defense in this litigation. Sprint further argues that the affirmative defenses Vonage seeks to assert would require re-evaluation of disclosures and witness testimony, additional expert reports, re-deposition of witnesses, and re-submission of interrogatories and requests for production of documents.

The Court is persuaded by Sprint's arguments, and finds that, given discovery has long been closed, Sprint's inability to conduct meaningful discovery on these new theories and defenses will

---

[6] *Frank v. U.S. West, Inc.*, 3 F.3d at 1365.

[7] *Welch v. Centex Home Equity Co., L.L.C.*, 323 F. Supp. 2d 1087, 1091 (D. Kan. 2004).

subject Sprint to significant prejudice. For these reasons, Vonage's Motion to Amend will be denied and Sprint's Motion to File Surreply is moot.

**B.     Vonage's Motion to Compel 30(b)(6) Testimony**

Vonage seeks an Order compelling Sprint to designate and make available for deposition a person or persons knowledgeable of the subject matter of Topics 18 and 19 in Vonage's Second Rule 30(b)(6) Notice. Sprint asserts it has already produced such a person and during the deposition, such person satisfactorily responded to the questions posed regarding the topics identified.

The appropriate starting place for a discussion regarding this dispute is Rule 30(b)(6):

> A party may in [its deposition] notice ... name as the deponent a public or private corporation ... and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. * * * The persons so designated shall testify as to matters known or reasonably available to the organization.

In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation.[8] "The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's 'position' on the topic."[9] The designee testifies on behalf of the corporation and thus holds it accountable.[10]

---

[8] *Sprint Communications Co., L.P. v. theglobe.com, Inc.,* 236 F.R.D. 524, 527 (D. Kan. 2006) (citations omitted).

[9] *Id.*

[10] *Id.* (citing *Starlight Int'l, Inc., v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan.1999) (holding a corporation has a duty under Rule 30(b)(6) to provide someone who is knowledgeable in order to provide "binding answers on behalf of the corporation") (quoting *Audiotext Communications Network, Inc. v. US Telecom, Inc*., 94-2395-GTV, 1995 WL 625962, at *13 (D.Kan. Oct.5, 1995)); *see also Media Services Group, Inc. v. Lesso, Inc*., 45 F.Supp.2d 1237, 1253 (D.Kan.1999).

With regard to choosing a deponent to speak on behalf of the corporation, companies "have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter."[11] Notably, and because Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to all matters reasonably available to it,[12] this Court has held that the Rule "implicitly requires persons to review all matters known or reasonably available to [the corporation] in preparation for the 30(b)(6) deposition."[13] In other words, personal knowledge of the designated subject matter by the selected deponent is of no consequence.[14]

Thus, the Rule makes clear that a party is not permitted to undermine the beneficial purposes of the Rule by producing a witness who has no knowledge concerning the areas of inquiry. Any other interpretation of the Rule would allow the responding corporation to "sandbag" the deposition process.

Although the Court readily acknowledges that the requirements listed above may be onerous, the burden upon such a responding entity is justified since a corporation can only act through its employees. These requirements negate any possibility that an inquiring party will be directed back and forth from one corporate representative to another, vainly searching for a deponent who is able to provide a response which would be binding upon that corporation.

---

[11] *Id.* (citing *Starlight*, 186 F.R.D. at 639).

[12] Rule 30(b)(6).

[13] *Id.* at 537-38 (citing *T & W Funding Co. XII, L.L.C. v. Pennant Rent-A-Car*, 210 F.R.D. 730, 735 (D.Kan.2002)).

[14] *Id.* at 538.

Thus, to allow the Rule to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Then, and as noted above, the responding party must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the interrogator and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by the interrogator as to the relevant subject matters. Once notified as to the reasonably particularized areas of inquiry, the corporation then "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation."[15]

The Court now turns to Topics 18 and 19 in Vonage's Second Rule 30(b)(6) Notice. Upon review of the Notice, the Court finds Vonage sufficiently states with reasonably particularity the subjects about which it wishes to inquire:

18. The structure and/or operation of any invention designed, developed, conceived and/or reduced ot practice (actual or construction) by Joseph Michael Chistie [sic] and one or more of Manu Chand Bhal (a/k/a Bobby Chand Bahl), Albert Daniel Duree, Michael Joseph Gardner, Daniel Charles Sbisa, William Lyle Wiley, Tracy Lee Nelson, James David Setter, Pamela Lynne Satterfield and/or Mark Sucharczuk.

19. The circumstances surrounding the design and/or development of any prototype of any Sprint produce and/or service that relates to utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents, including, but not limited to, the prototype of JCS2000 described in the document bearing Bates number SPRe-002-01-04691 and the prototype referenced by Michael Setter at his deposition on April 28, 2006.

Based on the topics submitted, and the applicable law, there is no question that Sprint was obligated to produce, in good faith, a knowledgeable deponent who is competently prepared to fully

---

[15]*Id.*

and responsibly address the questions posed. To that end, Sprint designated Mr. Albert DuRee to testify as to Topics 18 and 19 in Vonage's Second Notice. On March 21 and 22, 2007, Vonage deposed Sprint through Mr. DuRee on Topics 18 and 19 from Vonage's Second 30(b)(6) Notice.

Vonage asserts that despite Sprint's plain obligations under Rule 30(b)(6) to provide a person to testify as to matters known or reasonably available to the organization, Sprint failed to meet its obligations or provide the witness it had promised. Vonage assert that Mr. DuRee stated under oath that he had not prepared for the deposition in any way at all, and that Sprint made no effort to determine whether he was even capable of answering any questions on its behalf:

> Q. You do know that you've been put here as a witness to testify on behalf of Sprint regarding certain subjects; is that correct?
>
> A. Yeah.
>
> Q. Did you think you should review documents regarding those subjects?
>
> A. No.
>
> Q. Why not?
>
> A You were going to ask me the questions, is my understanding.
>
> Q. You've just testified --
>
> A. I don't know what documents you're talking about.
>
> Q. But you didn't think you needed to review anything in preparation for this deposition, even on behalf of Sprint?
>
> A. No.
>
> Q. And that's true even though you retired from Sprint in 1999?
>
> A. Yeah, that's correct.
>
> \*          \*          \*          \*

> Q. Were you given a copy of your notice of deposition before this deposition?
>
> A. No.
>
> Q. Were you given a copy of the notice of 30(b)(6) deposition that was served on Sprint by Vonage in this matter?
>
> A. No.
>
> Q. You were never shown the topics that were attached to that notice of deposition?
>
> A. No.
>
> Q. Are you aware that you were designated by Sprint as the witness who was supposed to testify on those topics?
>
> A. I only know that I was told to come here and answer your questions.

Vonage asserts that consistent with the asserted lack of knowledge and preparation, Mr. DuRee testified under oath that: (i) he had not reviewed any of the patents involved in this lawsuit; (ii) he had no idea what the Asserted Patents cover; (iii) he did not know whether the Asserted Patents cover the "JCS2000" prototype or "Darwin" prototype; and (iv) he could not describe the operation of any invention disclosed and/or claimed in the Asserted Patents.

Sprint disagrees with Vonage's assertion regarding Mr. DuRee's lack of knowledge and maintains that the deposition excerpts referenced above are taken out of context and Mr. DuRee adequately responded to substantive questions regarding Topics 18 and 19. In support of its argument, Sprint refers to various excerpts from Mr. DuRee's deposition and then notes that the reason Vonage failed to discover relevant information is due to Vonage's failure to adequately pose questions directed at such answers.

The Court is not persuaded by Sprint's argument. Although the deposition testimony cited by Sprint indicates that Mr. DuRee may have responded competently to selected questions posed by

Vonage, the Court finds that Mr. DuRee's testimony regarding his general unfamiliarity with the topics designated and the Asserted Patents as described within the topics designated overwhelmingly demonstrate Sprint breached its obligation to produce, in good faith, a knowledgeable deponent who is competently prepared to fully and responsibly address the questions posed on the topics designated. Accordingly, Vonage's Motion to Compel 30(b)(6) Testimony (doc. 150) is granted.

Based on the discussion above, it is hereby ordered that

- Vonage's Motion to Amend Answer (doc. 148) is denied;

- Sprint's Motion to File Surreply (doc. 180) is moot;

- Vonage's Motion to Compel 30(b)(6) Testimony (doc. 150) is granted and the parties shall meet and confer regarding a mutually convenient time within the next ten (10) days to reconvene this deposition.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 14th day of May, 2007.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

cc:    All counsel and *pro se* parties