THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
)
                 Plaintiff,    )
)
v.    )
)
VONAGE HOLDINGS CORP.,          )   Case No. 05-2433-JWL
VONAGE AMERICA, INC.,           )
)
                 Defendants.  )
)
)
)
)

## SPRINT'S BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE THE OPINIONS OF VONAGE'S EXPERT JOEL M. HALPERN

Sprint Communications Company L.P. ("Sprint"), pursuant to Federal Rule of Evidence 702 and the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.* and its progeny, hereby provides the following Brief in Support of Its Motion To Exclude The Opinions Of Vonage's Expert Joel M. Halpern.

### I. INTRODUCTION

This case involves claims of infringement of seven telecommunications patents[1] owned by Sprint. More specifically, the patents disclose a pioneering technology that employs the use of packetized networks, like the Internet, to connect phone calls between traditional telephones on the Public Switched Telephone Network ("PSTN"). Joel M. Halpern is Vonage's designated non-infringement expert. *See* Ex. A, Expert Non-Infringement Report of Joel M. Haplern, dated February 28, 2007.

---

[1] U.S. Patent Numbers 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932 (collectively "the Sprint Patents").

- 1 -

2461981v2

Mr. Halpern admits that to understand the Asserted Patents and apply them to the Vonage system, an individual must be one of ordinary skill in the art. Mr. Halpern further admits that, to be one of ordinary skill in the art requires a "bachelors degree in electrical engineering, computer engineering or computer science, **and** at least three years experience in the telecommunications industry." Ex. A, at p. 5. Finally, Mr. Halpern admits that his credentials fail to satisfy even his own qualification requirements. Accordingly, he is not qualified to testify as an expert regarding non-infringement in this matter and his non-infringement reports and testimony should be excluded.

## II.   LEGAL ARGUMENT

### A.   Vonage's Expert Must Satisfy the Legal Standards Set Forth By *Daubert* and Its Progeny.

Rule 702 of the Federal Rules of Evidence provides that the trial court, acting as a gatekeeper, must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (*Daubert*'s gatekeeping function applies to all expert testimony); *United States v. Gabaldon*, 389 F.3d 1090, 1098 (10th Cir. 2004); *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). To insure reliability, the district court has an independent duty to determine the qualifications of a witness to testify. *TK-7 Corp. v. Barbouti*, 993 F.2d 722, 728 (10th Cir. 1993) (affirming exclusion of witness who was not qualified as an expert).

Significantly, it is **Vonage** that bears the burden of proving that Mr. Halpern's testimony satisfies Rule 702's standards. *Daubert*, 509 U.S. at 592 n.10; *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001). Vonage simply cannot meet this

burden because Mr. Halpern, by his own admission, is not one of **ordinary** skill in the patent technology, much less an expert.

> B. **Mr. Halpern's Opinions Should Be Excluded Because He is Not Qualified to Render Opinions from the Perspective of "One of Ordinary Skill In The Art."**

Mr. Halpern opines that Vonage does not infringe the asserted claims of the Sprint Patents, either literally or under the doctrine of equivalents ("DOE"). *See* Ex. A at 2. Mr. Halpern's opinions are premised on his purported perspective as one having ordinary skill in the art of telecommunications. *Id.* at 4 and 6.

A so-called "person of ordinary skill in the art" is a hypothetical person having ordinary skill in the field of technology relevant to the patents-in-suit. Patent cases involve unique and often narrow fields of technology that require specialized expert testimony to assist the trier of fact. *See AquaTex Indus. v. Techniche Solutions,* 479 F.3d 1320, 1329 (Fed. Cir. 2007). Indeed, unless the technology at issue is very simple, expert testimony from the perspective of one of ordinary skill in the art is necessary with respect to the issue of infringement, both literal and under the doctrine of equivalents ("DOE"). *Id*. (citing *Centricut, LLC v. Esab Group, Inc.*, 390 F.3d 1361, 1369-70 (Fed. Cir. 2004)); *Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1315 (Fed. Cir. 2002); *AquaTex Indus*, 479 F.3d at 1329 (discussing the requirement of ordinary skill in the art in assessing DOE infringement).

> 1. **Mr. Halpern Does Not Even Possess an *Ordinary* Level of Skill in the Field of Telecommunications.**

In defining a person of ordinary skill in the field of telecommunications, Mr. Halpern states:

> A person of ordinary skill in the art at the time of the effective filing dates of the Sprint Patents would have had a bachelors degree in electrical engineering, computer engineering or computer

- 3 -

> science, and at least three years experience in the telecommunications industry. The person would also have some familiarity with narrowband and broadband networks, telecommunications signaling requirements and the Public Switched Telephone Network ("PSTN").

Ex. A at 5 and 6.

Mr. Halpern is not alone in his assessment of the requisite qualifications. Mr. Frank Koperda, Vonage's expert on issues of patent validity, offered a strikingly similar assessment:

> A person of ordinary skill in the art at the time of filing the applications . . . would have had at least a Bachelors degree in electrical engineering and/or computer engineering and/or computer science, or the equivalent skills and knowledge, and/or at least three years experience at a company working with narrowband and broadband networks, telecommunications signaling requirements and the Plain Old Telephone System (POTS), providing equipment, services and/or systems.

Ex. B, at p. 9 (Excerpts from the Expert Report of Frank Koperda).[2]  By Vonage's own definitions, Mr. Halpern's qualifications **fall far below** those necessary to be one of *ordinary* skill in this art.

First, Mr. Halpern lacks the requisite educational background. Mr. Halpern does not have a "bachelors degree in electrical engineering, computer engineering or computer science," as required by his own standard. Ex. C, Deposition Transcript of Mr. Joel M. Halpern, at 16:7-8. Instead, he holds a bachelors degree in mathematics. *Id.* Moreover, though his CV states he has a minor in computer science—which also would not meet any experts' definition—

---

[2] While not in complete agreement with Vonage's experts, Sprint's expert, Dr. Stephen Wicker, agrees that at least a bachelors degree in electrical engineering with three or more years of industry experience in telephone switching systems is necessary to qualify as one of ordinary skill in the art of the Christie Patents. Ex. E, at p. 21 (Excerpts from the Expert Report of Dr. Stephen Wicker).

- 4 -

Mr. Halpern admitted that his CV is incorrect and that he did not complete the requisite coursework to attain even a minor in computer science. *Id*. at 17:2-10.

Second, Mr. Halpern does not have the requisite "three years experience in the telecommunications industry." In fact, Mr. Halpern has never worked for a telecommunications company. *See* Ex. D, CV of Joel M. Halpern, pp. 1-3. Though he claims to have had some general "exposure" to the field, telecommunications was not the principle focus of any of his previous positions. *See, e.g*., *id*; Ex. C at 18:3-5; 19:6-8; 21:15-22; and 43:15-21. Additionally, while Mr. Halpern has worked on wireless and cellular networks, this work involved data networking, not voice telephony or the Public Switched Telephone Network ("PSTN"). *See* Ex. D at 1; Ex. C at 44:8-19. Notably, in listing his "Professional Experience" on his CV, Mr. Halpern's only mention of "phone companies" is with respect to a company named Newbridge Networks, where he worked on a router device. *See* Ex. D at 2. When pressed at his deposition, Mr. Halpern admitted that this router was "originally aimed at" enterprise customers and "Internet service providers who were **not** telephone companies." Ex. C at 32:10-14 (emphasis added). As such, Mr. Halpern's meager experience with "phone companies" does not rise to the level necessary to meet the industry experience required by both Messrs. Halpern and Koperda.

Finally, Mr. Halpern does not have experience with narrowband signaling requirements or with the transmission of voice over the PSTN. *See, e.g*., Ex. C at 22:8-11; 30:12-19; 36:7-17; 37:1-3; and 43:15-21. Mr. Halpern's CV also provides no indication of any professional experience with such technology. *See* Ex. D at 1- 3. In fact, Mr. Halpern confirmed that he only generally was "aware" of the technology in his various former positions. *See, e.g*., Ex. C at 19:6-8; 21:15-22; and 37:1-10. Mere *awareness* of this highly-relevant technology does not establish Mr. Halpern is one of ordinary skill. *See Graham,* at 906 F.2d at 1408.

As dictated by the standard he articulated, Mr. Halpern is not one of ordinary skill in the art, much less an expert in the field. One having *below-average* skill in a field cannot be considered an expert in that field as they naturally lack the requisite "specialized knowledge" through "experience, training or education." Fed. R. Evid. 702; *see Tel-Lock, Inc. v. Thomson Consumer Elecs.,* No. 03 C 320, 2005 U.S. Dist. LEXIS 7224, at *25 (N.D. Ill. March 30, 2005); *see also Phillips v. AWH Corp.*, 415 F.3d 1303,1318 (Fed. Cir. 2005) (explaining the bias, unreliable nature of testimony when the expert is not one of skill in the relevant art.). As one court aptly put, "**[t]he court cannot imagine how an individual lacking even ordinary skill in the relevant art can offer reliable expert testimony regarding the same art**." *Tel-Lock, Inc.,* 2005 U.S. Dist. LEXIS 7224, at *25. Accordingly, Sprint's motion should be granted and Mr. Halpern should be excluded from providing any testimony in this case.

### III. CONCLUSION

Because Mr. Halpern lacks the skill, experience and knowledge in the field of telecommunications to be considered an expert in this field and for the other reasons set forth herein, the Court should exercise its expert gatekeeper control and exclude Mr. Halpern's testimony and reports.

Respectfully submitted,

Dated: May 15, 2007

_/s/_ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT COMMUNICATIONS COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2007, a true and accurate copy of the above and foregoing **SPRINT'S MOTION TO EXCLUDE THE OPINIONS OF VONAGE'S EXPERT JOEL M. HALPERN** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

  /s/ Adam P. Seitz
Attorneys for Sprint Communications Company L.P.

2461981v2