# EXHIBIT 13

DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

DONALD R. MCPHAIL
DIRECT DIAL: 202.776.7894
E-MAIL: drmcphail@duanemorris.com

www.duanemorris.com

January 16, 2007

**VIA EMAIL**

Adam P. Seitz
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108

Re:   *Sprint Communications Company L.P. v. Vonage Holdings Corp.
      and Vonage America, Inc.*, Case No. 05-2433-JWL
      Our Reference: Y2108-00079
      Your Reference: SPRI.116441

Dear Adam,

    We are writing in response to your letter of January 10, 2007, regarding alleged deficiencies in Vonage's response to Interrogatory No. 6. For at least the following reasons, we disagree with your allegation that this response was deficient in any way.

    Interrogatory No. 6 seeks the basis for Vonage's "contention that [Sprint's] claim is barred, in whole or in part, by the doctrines of laches, estoppel and unclean hands." In response, Vonage has stated, *inter alia*, that Sprint's Asserted Patent issued as early as 2001 and, because Sprint was aware of Vonage and its activities at that time, Sprint's decision to wait until 2005 to file suit for infringement amounts to inexcusable delay and prejudice to Vonage.

    Moreover, we note that discovery in this case is still on-going and, as such, Vonage continues to investigate facts that may support Vonage's affirmative defenses. The responses we have provided to date are based on the knowledge we have acquired so far, even though Sprint's production of documents and witnesses remains grossly deficient.

    Nevertheless, to expand on Vonage's response, with respect to the Affirmative Defense of "laches, estoppel and acquiescence" Vonage states that Sprint knew of Vonage's acitivities in 2001, at the same time as the Asserted Patents were issuing, yet decided to wait until 2005 to file suit. Sprint therefore unreasonably and inexcusably delayed in filing suit and, consequently, Sprint is barred from pursuing its claim by the doctrine of laches.

DuaneMorris

Adam P. Seitz
January 16, 2007
Page 2

      Finally, with respect to unclean hands, Vonage states that Sprint has impermissibly broadened the "physical or temporal scope" of the patent grant with anticompetitive effect. That is, Sprint is now asserting a claim scope that is neither supported by the specification of the Asserted Patents nor the language of the claims themselves. As such, Sprint has impermissibly broadened the scope of its patent grant and, by attempting to enforce these expanded claims against Vonage, Sprint is committing patent misuse and has unclean hands.

      Very truly yours,

      Donald R. McPhail

DRM/ego