# EXHIBIT D-2

Dockets.Justia.com

9. All sublicenses granted by Sprint to third parties relating to Cisco products purchased pursuant to this agreement.

10. All notices provided pursuant to §23 of the agreement.

11. All executed Affiliate Participation Agreements (Ex. F).

12. All executed Lease Assignment of Purchase Orders (Ex. G).

13. All drafts of, amendments to, and internal and external correspondence regarding, the Master Purchase Agreement.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome as it comprises over 80 separate Requests. Sprint further objects to this Request as vague and ambiguous with respect to the terms "performance" and "sufficient to identify." Sprint further objects to this Request to the extent it seeks information that is not remotely relevant to any claim or defense in this lawsuit. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent that it seeks documents that are already in Vonage's possession. Sprint further objects to this Request as it evidences a failure of Vonage to review documents already produced by Sprint,[1] including documents specifically identified by Bates ranges in the Request, which evidences that this Request is designed solely to harass, oppress and burden Sprint. Sprint also objects to this Request as duplicative and cumulative with respect to numerous other Requests propounded by Vonage. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint or that cannot be located following a reasonable search.

---

[1] For example, Vonage has requested "The Patent License Agreement" in B.4 after already specifically acknowledging that Sprint already has produced this same agreement in A (*i.e.*, the "Sprint/Cisco License Agreement" at SPRe-012-01-00849 to 872). Vonage also has requested "The Master Purchase Agreement" in C.3 after it specifically acknowledged that Sprint already purchased this same agreement in D (*i.e.*, the "Master Purchase Agreement" at SPRe-012-01-00897 to 1021). Such Requests evidence Vonage's intent to burden and harass Sprint.

8

2395349v1

Sprint further objects to this Request to the extent that Vonage has failed to make a showing that many of these numerous documents are even likely to exist.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that many of the documents requested have already been produced, such as the Patent License Agreement (SPRe-012-01-00849 to 872), the Master Purchase Agreement (SPRe-012-01-00897 to 1021), the Statement of Work Agreement and SOW Agreement number CM80491MDL (SPRe-012-01-00825 to 833), other Statements of Work between the parties (SPRp-004-01-01546 to 01548), Service Level Agreements (SPRp-004-01-01362 to 1400, SPRp-004-01-01506 to 01544), the Memorandum of Understanding (SPRp-012-01-00280 to 296), a complete copy of Exhibit A (SPRp-012-01-00250) and drafts thereof (SPRp-012-01-00273), the Master System Integrator and Service Provider Agreement (SPRe-012-01-00897 to 1021), terminations (SPRe-012-01-00787 to 00791), and extensive JCS2000 software documentation. Sprint further states that it has produced and/or will produce relevant, non-privileged, responsive documents in its possession, custody or control that can be located following a diligent and reasonable search.

**REQUEST NO. 106:** All documents reflecting any royalties or fees paid by third parties to Sprint or any affiliate for the sale, manufacture or use of any intellectual property rights under any claim of the Asserted Patents, or any other patent based on any purported invention of Joseph Michael Christie.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "third parties," "affiliate," "the sale, manufacture or use of any intellectual property rights," and "any other patent based on any purported invention." Sprint also objects to this Request to the extent it calls

for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent that it seeks documents not relevant to the Asserted Patents or any claim or defense in this matter. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint or that cannot be located following a reasonable search.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced a settlement agreement responsive to this Request at SPRe-012-01-00694 to 786. Sprint further states that it is unaware of any additional relevant, non-privileged, responsive documents in its possession, custody or control that can be located following a diligent and reasonable search.

**REQUEST NO. 107:** All agreements or draft agreements pursuant to which any royalties or fees were paid, or were to be paid, by third parties to Sprint or any affiliate for the sale, manufacture or use of any intellectual property rights under any claim of the Asserted Patents, or any other patent based on any purported invention of Joseph Michael Christie.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "third parties," "affiliate," "the sale, manufacture or use of any intellectual property rights," and "any other patent based on any purported invention." Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent that it seeks documents not relevant to the Asserted Patents or any claim or defense in this matter. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint or that cannot be located following a reasonable search.

Subject to and without waiver of the foregoing general and specific objections, Sprint hereby incorporates by reference its response to Request No. 106.

**REQUEST NO. 108:** All documents reflecting, referring or relating to, the porting of customers' telephone numbers to Sprint between January 1, 2002 and the present, including, but not limited to, documents reflecting from which carrier those numbers were ported, how many numbers were ported, and the monetary value of those subscribers' service with Sprint during that period.

**RESPONSE:** Sprint objects to this Request as extremely overbroad and unduly burdensome. Sprint further objects to this Request as seeking information that is not remotely relevant to the Asserted Patents or any claim or defense in this matter in that it Requests documents relating to the porting of customers' telephone numbers from third party carriers. Sprint further objects to this Request as being outside the scope of permissible discovery provided for under the Federal Rules of Civil Procedure as this Request is not reasonably calculated to lead to the discovery of permissible evidence. Sprint further objects to this Request to the extent that it seeks documents that are not in Sprint's possession, custody, or control, and/or that are equally accessible to Vonage.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it will produce non-privileged, responsive documents in its possession, custody or control that relate to the porting of customers' telephone numbers from Vonage to Sprint and that can be located following a diligent and reasonable search.

**REQUEST NO. 109:** All documents reflecting, referring or relating to, the porting of customers' telephone numbers from Sprint between January 1, 2002 and the present, including,

11

but not limited to, documents reflecting to which carrier those numbers were ported, how many numbers were ported, and the monetary value of those subscribers' lost service with Sprint.

**RESPONSE:** Sprint objects to this Request as extremely overbroad and unduly burdensome. Sprint further objects to this Request as seeking information that is not remotely relevant to the Asserted Patents or any claim or defense in this matter in that it Requests documents relating to the porting of customers' telephone numbers to third party carriers. Sprint further objects to this Request as being outside the scope of permissible discovery provided for under the Federal Rules of Civil Procedure as this Request is not reasonably calculated to lead to the discovery of permissible evidence. Sprint further objects to this Request to the extent that it seeks documents that are not in Sprint's possession, custody, or control, and/or that are equally accessible to Vonage.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has already produced documents that relate to the porting of customers' telephone numbers to Vonage from Sprint, including documents produced by Third Party Verification, Inc. ("3PV") pursuant to a subpoena served by Sprint in connection with this matter.

Dated: March 28, 2007                Respectfully submitted,

                                                         /s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108-2613
816-474-6550 Telephone
816-474-6550 Facsimile

ATTORNEYS FOR PLAINTIFF SPRINT
COMMUNICATIONS COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2007, a copy of SPRINT COMMUNICATIONS COMPANY L.P.'S RESPONSES TO DEFENDANT VONAGE HOLDINGS CORP'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS was sent via e-mail to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

/s/ Adam P. Seitz
Attorneys for Sprint Communications Company L.P.