# EXHIBIT E

Dockets.Justia.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SPRINT COMMUNICATIONS COMPANY L.P. )
                                    )
                    Plaintiff,       )
                                    )
vs.                                 )
                                    )
VONAGE        HOLDINGS        CORP.,)        Case No. 05-2433-JWL
VONAGE AMERICA, INC.                )
                                    )
                    Defendants.      )
                                    )

**SPRINT COMMUNICATIONS COMPANY L.P.'S RESPONSES TO DEFENDANT**
**VONAGE HOLDINGS CORP.'S SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff

Sprint Communications Company L.P. ("Sprint"), by and through its undersigned counsel,

hereby submits its Responses to Defendant Vonage Holdings Corp.'s ("Vonage") Second Set of

Interrogatories ("the Request").

**GENERAL OBJECTIONS**

Sprint hereby incorporates by reference each General Objection set forth in

Sprint's original answers to Vonage Holdings Corp.'s First Set of Interrogatories as if those

general objections were set forth fully herein.

2395334v1

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 14:**    Identify how many customers ported their telephone numbers to Sprint from other service providers, and from other service providers to Sprint, between January 1, 2002 and the present, the service provider to or from which the numbers were ported, the monetary amounts accrued or lost by Sprint due to each instance of such porting, and the method by which Sprint tracks such porting.

**RESPONSE:**    Sprint objects to this Interrogatory as overly broad and unduly burdensome. Sprint further objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.    Sprint further objects to this Interrogatory to the extent it seeks information that is outside the possession, custody, or control of Sprint and to the extent that it demands more than a reasonable investigation.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that, pursuant to Fed. R. Civ. P. 33(d), it will produce relevant, non-privileged, responsive documents in its possession, custody or control that relate to the porting of customers' telephone numbers from Vonage to Sprint.  Sprint further states that given the enormous breadth, burden, and lack of scope of this Interrogatory, it is unable to further respond.

**INTERROGATORY NO. 15:**    Identify all patents and patent applications subject to the "Sprint/Cisco License Agreement" ("the License") executed December 12, 1998 (SPRe-12-01-00849 to 872), including but not limited to all patents and patent applications agreed to be "Designated Sprint Applications," "Designated Sprint Component Patents," "Cisco-Related Component Patents," "Licensed Patents" as defined in the License (see §§1.6, 1.7), or "Cisco or Sprint Patents" as described in §3.4 of the License, and any and all patents and patent

2

applications discussed, negotiated, intended or considered as candidates for any such designation.

**RESPONSE:**  Sprint objects to this Interrogatory as overly broad and unduly burdensome. Sprint further objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Sprint also objects to this Interrogatory as vague and ambiguous with respect to the phrase "all patents and patent applications discussed, negotiated, intended or considered."   Sprint further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.  Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or control of Sprint and to the extent that it demands more than a reasonable investigation.

Subject to and without waiver of the foregoing general and specific objections, Sprint responds that it has produced non-privileged, responsive documents pursuant to Fed. R. Civ. P. 33(d) from which the answer to this Interrogatory can be ascertained, including SPRp-012-01-00250 for "Designated Sprint Applications."

**INTERROGATORY NO. 16:**   Identify any notices received or made by Sprint under the License, including, but not limited to:  notices to any third parties regarding the scope of the license; notices regarding any options offered to and/or exercised by Cisco under the License, including options exercised pursuant to §§2.2-2.4, 2.6,2.7, and 3.3 of the License; notices regarding any enforcement actions identified, considered or brought pursuant to §3.3 of the License; any notice regarding the invalidity or unenforceability of any Designated Sprint Component Patent pursuant to §5.2(c) of the License; any notice of termination made pursuant to

3

§6.2 of the License; any notice of disputes not resolved, pursuant to §7 of the License; or any other notice sent pursuant to §8.2 of the License.

**RESPONSE:**    Sprint objects to this Interrogatory as overly broad and unduly burdensome. Sprint further objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or control of Sprint and to the extent that it demands more than a reasonable investigation.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it is currently unaware of any notices received or made by Sprint under the License.

**INTERROGATORY NO. 17:**    Identify the term of the Immunity Period identified in §3.4 of the License by beginning and end date; if the Immunity Period is no longer in effect, identify the date of its termination, the reason it was terminated, and by what means its termination was effectuated.

**RESPONSE:**    Sprint objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or control of Sprint and to the extent that it demands more than a reasonable investigation.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that the Immunity Period began on December 17, 1998 and ended on December 17, 2002.  By way of further response, pursuant to Fed. R. Civ. P. 33(d), Sprint refers Vonage to the

4

following documents from which the answer to this Interrogatory can be ascertained:  SPRp-012-01-00242-243, SPRe-012-01-00787-791, and SPRe-012-01-00817.

**INTERROGATORY NO. 18:**    Identify all Alliance Committee members and committees as per §4 of the "Sprint-Cisco Alliance Agreement" (the "Alliance Agreement"), executed December 17, 1998 (SPRe-012-01-00792 to 848).

**RESPONSE:**  Sprint further objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or control of Sprint and to the extent that it demands more than a reasonable investigation.  Sprint objects to this request as overly broad and unduly burdensome.

Subject to and without waiver of the foregoing general and specific objections, Sprint states, pursuant to Fed. R. Civ. P. 33(d), that it has produced non-privileged, responsive documents from which the answer to this Interrogatory can be ascertained, including:  SPRe-012-01-00802 to 806.  Sprint further states that it is currently unaware of any additional Alliance committees or committee members.

**INTERROGATORY NO. 19:**    Identify the individual items, including but not limited to any products, services, developments, patents and patent applications, that constitute or at any time constituted or may constitute intellectual property covered by or subject to the Alliance Agreement, including any "Jointly Developed Intellectual Property" as identified in §7.2.3 of the Alliance Agreement, and "Custom Developed Intellectual Property" as identified in §9 of the Alliance Agreement.  To the extent there is any "Jointly Developed Intellectual Property" as defined in the agreement, identify which of that property is owned by Sprint, and which is owned

5

by Cisco, pursuant to §7.2.3 of the Alliance Agreement.

**RESPONSE:**    Sprint objects to this Interrogatory as overly broad and unduly burdensome. Sprint further objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.    Sprint also objects to this Interrogatory as vague and ambiguous with respect to the phrase "may constitute."   Sprint further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.    Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or control of Sprint and to the extent that it demands more than a reasonable investigation.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that pursuant to Fed. R. Civ. P. 33(d), it has produced documents from which the answer to this Interrogatory can be ascertained with respect to "patent applications" that constituted "intellectual property covered by or subject to the Alliance Agreement":  SPRp-012-01-00250.  Sprint further states that it currently is unaware of any "Jointly Developed Intellectual Property" or "Custom Developed Intellectual Property."

**INTERROGATORY NO. 20:**    Identify any information provided by Cisco, or otherwise requested, used by or available to Sprint, regarding the components supplied by Cisco to Cisco's customers to perform services or to make network architectures as described in §7.2.3(a) of the Alliance Agreement, so as to allow Sprint and/or Cisco to determine Cisco's right to sublicense Jointly Developed Intellectual Property to Cisco's customers under the Alliance Agreement, and any calculations made based on that information.

6

**RESPONSE:**      Sprint objects to this Interrogatory as overly broad and unduly burdensome. Sprint further objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Sprint also objects to this Interrogatory as vague and ambiguous with respect to the phrases "any information provided by Cisco", "regarding the components supplied by Cisco", "allow Sprint and/or Cisco to determine Cisco's right" and "any calculations made based on that information."   Sprint further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.  Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or control of Sprint and to the extent that it demands more than a reasonable investigation.

Subject to and without waiver of the foregoing general and specific objections, Sprint states it currently is unaware of any "Jointly Developed Intellectual Property" and, therefore, has no information responsive to this Interrogatory.

**INTERROGATORY NO. 21:**      Identify and state the detailed basis for any extensions, renewals, and/or terminations of, or defaults under, the License and the Alliance Agreements, and the means by which any such extensions, renewals, terminations or defaults became effective.

**RESPONSE:**  Sprint objects to this Interrogatory as overly broad and unduly burdensome. Sprint further objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Sprint further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client

privilege, work product doctrine, or any other applicable protection. Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or control of Sprint and to the extent that it demands more than a reasonable investigation.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that the License was rescinded, effective April 20, 2000 (SPRe-012-01-00787 to 791). Sprint further states that the Alliance Agreement expired on December 17, 2001 (SPRe-012-01-00817).

**INTERROGATORY NO. 22:**    Identify the product names and serial numbers, past and present, and the functionality of, all items identified in §§3.0-3.4 of the Statement of Work #JCS2000-K9497000 (the "SOW"), December 17, 1998 (SPRe-012-01-01022 to 1066) (including, but not limited to, those items listed as Existing Functionality, Accelerated Functionality, Custom Development and Sprint Developed Functionality of the Virtual Switch Controller and/or the Virtual Switch Controller program and/or the CP/SP system), and any other items which embody the functional deliverables described therein.

**RESPONSE:**    Sprint objects to this Interrogatory as overly broad and unduly burdensome. Sprint further objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Sprint also objects to this Interrogatory as vague and ambiguous with respect to the phrase "functionality of" and "any other items which embody the functional deliverables described therein." Sprint further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection. Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or

control of Sprint and to the extent that it demands more than a reasonable investigation.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it is currently unaware of any product names and/or serial numbers of items identified in §§3.0-3.4 of the Statement of Work.  Given the unreasonable, burdensome, and irrelevant scope of this Interrogatory, Sprint is unable to further respond to this Interrogatory.

**INTERROGATORY NO. 23:**    Identify any third parties to which Sprint granted or offered, or from which Sprint received requests for, sublicenses relating to Cisco products Sprint purchased pursuant to the "Master Purchase Agreement" (also known as "Service Provider and Value Added Reseller Agreement") (the "Purchase Agreement"), December 14, 1988 (SPRe-012-01-00897 to 1021).

**RESPONSE:**    Sprint objects to this Interrogatory as overly broad and unduly burdensome. Sprint further objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Sprint further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.  Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or control of Sprint and to the extent that it demands more than a reasonable investigation.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it is currently unaware of any third parties to which Sprint granted or offered, or from which Sprint received requests for, sublicenses relating to Cisco products Sprint purchased pursuant to the Master Purchase Agreement.

**INTERROGATORY NO. 24:**    Identify, by payor and amounts paid per month, all funds

paid to Sprint as license fees, royalties, or other compensation for use, sale or resale of Sprint's intellectual and other property relating to the Asserted Patents, JCS2000, or any other purported inventions by Joseph Michael Christie, any projections for such amounts to be paid, and any patents pursuant to which such monies were paid or expected, including, but not limited to, all "IP/Licenses Royalty Revenue" identified in SPRe-006-01-04736, and all monies paid by "other VoIP service companies which provide revenue to Sprint in exchange for the use of Sprint's networks" identified in the Expert Report of Raymond S. Sims Submitted on January 12, 2007.

**RESPONSE:**    Sprint objects to this Interrogatory as overly broad and unduly burdensome. Sprint further objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Sprint further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.  Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or control of Sprint and to the extent that it demands more than a reasonable investigation.  Sprint further objects to this Interrogatory as irrelevant in that Mr. Sims relied on the existence of "other VoIP service companies which provide revenue to Sprint in exchange for the use of Sprint's networks" and did not rely on the amounts of monies received by Sprint.  Moreover, such information clearly is irrelevant as Sprint is not seeking lost profits from Vonage.

Subject to and without waiver of the foregoing general and specific objections, Sprint identifies the "Settlement Agreement" at SPRe-012-01-00694 to 786.  Sprint further states that because Sprint is not seeking lost profits from Vonage, and because Mr. Sims did not rely on the amounts of monies received by Sprint, it has no additional relevant information responsive to

10

this Interrogatory.

**INTERROGATORY NO. 25:**    For each of the above interrogatories, identify the person believed by Sprint to be the most knowledgeable with respect to the subject matter thereof, and each person consulted or participating in any way in answering the interrogatory.

**RESPONSE:**    Sprint objects to this Interrogatory as overly broad, unduly burdensome and irrelevant in that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Sprint also objects to the terms "the person believed by Sprint to be the most knowledgeable" as vague and ambiguous.  Sprint further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.

    Subject to and without waiver of the foregoing general and specific objections, Sprint states that Harley Ball participated in preparing these responses.

Dated:   March 29, 2007

Respectfully Submitted,


  /s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar. No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS   FOR   PLAINTIFF   SPRINT
COMMUNICATIONS COMPANY L.P.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of March, 2007, a copy of SPRINT COMMUNICATIONS COMPANY L.P.'S RESPONSES TO DEFENDANT VONAGE HOLDINGS CORP.'S SECOND SET OF INTERROGATORIES was sent via e-mail to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


  /s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.