Sprint Communications Company LP v. Vonage Holdings Corp., et al
Case 2:05-cv-02433-JWL    Document 211-11    Filed 05/29/2007    Page 1 of 9
Doc. 211 Att. 10

# EXHIBIT H-2

Dockets.Justia.com

**REQUEST NO. 40:** All documents discussing any Sprint offers, or requests, to license patents covering or related to VoIP technology.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the phrase "covering or related to VoIP technology." Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Request to the extent that it is duplicative of numerous other requests. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 41:** All documents discussing Sprint's licensing policies for licensing its patents and for patents Sprint licenses from others.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the term "licensing policies." Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

9

Subject to and without waiver of the foregoing general and specific objections, Sprint states that after a reasonable search it has not been able to locate any non-privileged documents responsive to this Request.

**REQUEST NO. 42:** All documents discussing industry guidelines and practices in the telecommunication industry in general and VoIP technology in particular.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "industry guidelines and practices" and "the telecommunication industry in general." Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this Request to the extent it seeks publicly available information for which the cost of obtaining such documents would be equal for both parties.

**REQUEST NO. 43:** All documents mentioning or discussing Vonage, including, without limitation, Vonage's: (1) products and/or services; (2) business or strategic plans, outlook or forecasts; (3) competition; (4) financial impact on Sprint; and (5) actual or forecasted financial, sales or subscriber performance.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this Request to the

10

extent that it is duplicative of numerous other requests. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

**REQUEST NO. 44:**  All documents discussing the competitive effect on Sprint's business (e.g., local services, long distance and wireless) by VoIP products and services offered in the U.S., including, without limitation, those of Vonage.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome.  Sprint further objects to this Request as vague and ambiguous with respect to the term "competitive effect." Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint.  Sprint further objects to this Request to the extent that it is duplicative of numerous other requests, including at least Request Nos. 38, 45, 75, and 87.  Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced and/or will produce non-privileged, responsive documents in its possession, custody or control.

11

2295467v1

**REQUEST NO. 45:** All documents discussing or identifying known providers of VoIP products and/or services in the U.S., including, without limitation, any analysis or discussion of those products and/or services or the companies providing them.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope. Sprint further objects to this Request as vague and ambiguous with respect to the phrase "known providers of VoIP products and/or services." Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint further objects to this Request to the extent that it is duplicative of numerous other requests, including at least Request Nos. 38, 44, 75, and 87. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection.

**REQUEST NO. 46:** All documents included in Sprint's presentations to financial analysts, industry conferences (e.g., Supercomm 2002), and other third party organizations that reference or discuss VoIP technology or products and services.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope. Sprint further objects to this Request as vague and ambiguous with respect to the terms "financial analysts," and "other third party organizations." Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint also objects to this Request to the

12

2295467v1

extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection.

**REQUEST NO. 47:**  All documents discussing or referring to alternatives to the "Asserted Patents", including other VoIP products and services that are not claimed to infringe the "Asserted Patents". This request includes, without limitation, documents discussing the sales, marketing, and profitability of such products or services. This request also includes, without limitation, documents discussing any advantages of the technology covered by the "Asserted Patents" compared to other technologies (e.g., old mode).

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome.  Sprint further objects to this Request as compound.  Sprint objects to this Request as vague and ambiguous with respect to the terms and phrases "alternatives," "other VoIP products and services that are not claimed to infringe the 'Asserted Patents,'" and "other technologies (e.g., old mode)."  Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to any claim or defense in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint.  Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection.

Subject to and without waiver of the foregoing general and specific objections, Sprint responds to this compound Request as follows: With regard to "documents discussing any advantages of the technology covered by the "Asserted Patents" compared to other technologies (e.g., old mode)," Sprint has produced and/or will produce documents responsive to this Request. With regard to "alternatives to the "Asserted Patents", including other VoIP products and

13

services that are not claimed to infringe the "Asserted Patents"," Sprint, after a diligent search, has not located any non-privileged, responsive documents.

**REQUEST NO. 48:** All documents discussing the commercial demand, commercial success, or commercial failure of the invention(s) covered by the "Asserted Patents".

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "commercial demand," "commercial success," and "commercial failure." Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request to the extent that it seeks documents that are publicly available and equally accessible to Vonage. Sprint further objects to this Request to the extent that it seeks documents already in Vonage's possession.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that documents relating to the commercial demand, commercial success, or commercial failure of the invention(s) covered by the "Asserted Patents" have been produced by, and are in the possession of, Vonage.

**REQUEST NO. 49:** All documents referencing or discussing Sprint's involvement in any standards-setting efforts or activities that reference or relate to VoIP products and services and specifications for public network gateway interfaces and distributed call signaling.

**RESPONSE:** Sprint objects to this Request as overly broad and unduly burdensome. Sprint further objects to this Request as vague and ambiguous with respect to the terms "standards-setting efforts or activities," "reference or relate to VoIP," and "public network gateway

14

interfaces and distributed call signaling." Sprint further objects to this Request to the extent it seeks documents outside the possession, custody, or control of Sprint. Sprint also objects to this Request to the extent it calls for information protected by the attorney-client privilege, as attorney work product, or by another privilege or protection. Sprint further objects to this Request as irrelevant to the extent that it seeks information that is not relevant to the Asserted Patents, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

Dated: February 12, 2007

Respectfully submitted,

_/s/ Adam P. Seitz_____
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108-2613
816-474-6550 Telephone
816-474-6550 Facsimile

ATTORNEYS FOR PLAINTIFF SPRINT
COMMUNICATIONS COMPANY L.P.

15

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of February, 2007, a copy of SPRINT

COMMUNICATIONS COMPANY L.P.'S RESPONSES TO DEFENDANT VONAGE

HOLDINGS, CORP.'S SECOND SET OF REQUESTS FOR PRODUCTION OF

DOCUMENTS AND THINGS was sent via e-mail and U.S. Mail to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

 /s/ Adam P. Seitz _____
Attorneys for Sprint Communications Company L.P.

16