# EXHIBIT L

≈AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SPRINT COMMUNICATIONS COMPANY LP | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| VONAGE HOLDINGS CORP., and VONAGE AMERICA, INC. | Case Number:[1]  05-2433 JWL, District of Kansas |

TO: Cisco Systems, Inc.
170 West Tasman Drive
San Jose, CA 95137

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  170 West Tasman Drive San Jose, CA 95137 | DATE AND TIME 3/29/2007 9:00 am |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Addendum.

| PLACE  DYSART TAYLOR LAY COTTER & McMONIGLE, P.C. 4420 Madison Avenue, Kansas City, Missouri 64111 | DATE AND TIME 3/28/2007 1:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]*  ATTORNEY FOR DEFENDANTS | DATE  3/16/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Patrick J. Kaine (KS I.D. #15594), 4420 Madison Avenue, Kansas City, Missouri 64111; (816) 931-2700

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3-26-07 | The Pientice-Hall Corp. 200 S.W. 30th St Topeka KS 66611 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| The Pientice Hall Registered Agents Teresa Burns | In Person by Hand |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Jim Kidd | Special Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    3-26-07                          Jim Kidd
               DATE                             SIGNATURE OF SERVER

**D&B LEGAL SERVICES INC.**
ADDRESS OF SERVER **PO BOX 7471**
**OVERLAND PARK, KS 66207**

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**ADDENDUM**

**Definitions and Instructions**

1. The following terms will have the following definitions and meanings unless otherwise stated:

   a. The singular of each word shall be construed to include its plural, and vice versa;

   b. "And" as well as "or" shall be construed both conjunctively as well as disjunctively;

   c. "Each" shall be construed to include "every," and vice versa;

   d. "Any" shall be construed to include "all," and vice versa; and

   e. The present tense shall be construed to include the past tense and vice versa.

2. "You," "your," or "Cisco" means, separately and collectively, Cisco Systems, Inc., and any affiliate or subsidiary thereof, including, but not limited to, Cisco Technology, Inc., Linksys, and any of their licensees, subsidiaries, affiliates, predecessors, successors, parents, divisions, persons or entities acting for or on their behalf, whether in existence now or at any time.

3. "Vonage" means Vonage Holdings Corp., Vonage America, Inc., or both, and any of their licensees, subsidiaries, affiliates, predecessors, successors, parents, divisions, persons or entities acting for or on their behalf, whether in existence now or at any time.

4. "Sprint" refers to Plaintiff Sprint Communications Company L.P. and any of its licensees, subsidiaries, affiliates, predecessors, successors, parents, divisions, persons or entities acting for or on its behalf, whether in existence now or at any time.

5. "Regarding," "referring to," or "relating to" mean containing, recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting

upon, making reference to, having any connection with or having any tendency to prove or disprove the matters set forth.

6. "Document" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes computer records in any format. By way of further explanation, "Document(s)" means all non-identical copies of material of every kind and description which are recorded by hand writing, printing, typing, photographing, photostatting, graphic representation, mechanical, electronic, magnetic, or any other means of recording, any form of communication, information or representation, including letters, words or numbers or their equivalent, or data compilations of any sort whatsoever. The term "document(s)" is therefore defined to include, among other things, information stored on electronic media, videotapes, motion pictures, computer data, and any other electronic, mechanical or magnetic records or representations of any kind including without limitation all tapes, cassettes, magnetic, optical or other discs, magnetic cards, e-mail, and recordings. A draft or nonidentical copy is a separate document within the meaning of this term. Electronically stored information shall be produced in its native format.

7. "Person" or "persons" mean any natural person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form of organization or legal entity, and all its officials, directors, officers, employees, representatives and agents.

8. "Correspondence" means, but shall not be limited to, any letter, telegram, telex, TWX, facsimile, e-mail, notice, message, memorandum or other written communication or transcription of notes of a communication.

9. "Report" means, but shall not be limited to, any study, analysis, appraisal, inspection, survey, test, poll, memorandum, or statistical or financial compilation of information, including without limitation periodic reports of financial condition and reports of examination.

10. "Communication" means any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, questions, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meeting and also including, but not limited to, correspondence, financial records, corporate records, reports and documents as defined immediately above.

11. The term "thing" refers to any tangible object other than a document, and includes objects of every kind and nature such as, but not limited to, connectors, prototypes, models and specimens.

12. If you believe that any of the following requests calls for an assertion of a claim of privilege, answer so much of the request as is not objected to, state that part of each request to which you raise objection, and set forth the basis for your claim of privilege with respect to such information you refuse to give.

13. If, for reasons other than a claim of privilege, you refuse to answer any request, please state the grounds upon which the refusal is based with sufficient specificity to permit determination of the propriety of such refusal.

14. With respect to any document or thing which you are unwilling to produce for inspection and copying because the document or thing is asserted to be privileged or immune from discovery, state separately with respect to each said document or thing to which such privilege or immunity is claimed:

  a. the general nature of each such document and/or thing, i.e., whether it is a letter, memorandum, report, pamphlet, etc.;

  b. the general subject matter to which the document or thing relates;

  c. the date on which each such document and/or thing was prepared and/or reproduced or transcribed;

  d. the name and business address of the person who signed or prepared each such document and/or thing and the name and business address of each person who has edited, corrected, revised or amended same;

  e. the name and business address of each person to whom any such document or thing was given or sent, or otherwise known to the producing party as being an intended or actual recipient of a copy thereof;

  f. the name and address of the person having possession, custody or control of each document or tangible thing;

  g. a brief indication of the nature of the subject matter of each document or the nature of each tangible thing;

  h. all indicia which would serve to distinctly identify said document or thing from others of a similar class or group; and

  i. the grounds for the claimed privilege or immunity as to each such document or tangible thing.

15. To the extent, if at all, that you object to any of these Requests, whether in whole or in part, you shall respond to as much of the Request concerned as to which no objection is asserted.

16. Each request shall be deemed continuing, so as to require supplemental or mandatory responses should you obtain additional responsive information subsequent to your initial responses.

17. If you do not agree with any definition of the terms provided herein you are instructed to provide a reasonable, alternative definition for that term, consistent with industry custom and usage.

18.  Each of the definitions and instructions contained herein shall be fully applicable to each request notwithstanding that a definition or instruction above may, in whole or in part, be reiterated in a particular request and notwithstanding that a particular request may incorporate supplemental instructions or definitions. If, however, you provided any alternate definitions in accordance with Instruction above, indicate whether, and how, any answer to any request would differ if you relied on your alternate definition in responding to that request instead of the definitions provided.

**Requests for Production**

1. All licenses between Cisco and Sprint drafted, negotiated or executed between May 5, 1994 and the present, and documents relating thereto, including, but not limited to:

    a. all executed copies of:

      i. the "Sprint/Cisco License Agreement" (the "License") executed by Sprint and Cisco on or around December 12, 1998;

      ii. any assignment, licenses, or sublicenses issued pursuant thereto, or agreement executed in conjunction therewith, including but not limited to the "Sprint-Cisco Alliance Agreement" (the "Alliance Agreement"), executed by Sprint and Cisco on or around December 18, 1998, the "Master Purchase Agreement" (also known as "Service Provider and Value Added Reseller Agreement") executed by Sprint and Cisco on or around December 14, 1988, and the Statement of Work #JCS2000-K9497000 executed by Sprint and Cisco on or around December 17, 1998;

    b. all documents reflecting any patents or patent applications subject to any such license, including but not limited to all patents and patent applications agreed to be "Designated Sprint Applications," "Designated Sprint Component Patents," "Cisco-Related Component Patents," "Licensed Patents" as defined in §§1.6-1.7 of the License, or "Cisco or Sprint Patents" as described in §3.4 of the License, and any and all patents and patent applications discussed, negotiated, intended or considered as candidates for any such designation;

    c. any notices received or made by Sprint or Cisco under any such license, including, but not limited to: notices to any third parties regarding the scope of the license; notices regarding any options offered to and/or exercised by Cisco under the License, including options exercised pursuant to §§2.2-2.4, 2.6, 2.7, and 3.3 of the License; notices regarding any enforcement actions identified, considered or brought pursuant to §3.3 of the License; any notice regarding the invalidity or unenforceability of any Designated Sprint Component Patent pursuant to §5.2(c) of the License; any notice of termination made pursuant to §6.2 of the License; any notice of disputes not resolved, pursuant to §7 of the License; or any other notice sent pursuant to §8.2 of the License;

   d.  documents reflecting any extensions, renewals, and/or terminations of, or defaults under, such agreements, and the means by which any such extensions, renewals, terminations or defaults became effective; and

   e.  documents reflecting any royalties, fees or other compensation paid by Cisco to Sprint, or by Sprint to Cisco, or any sublicensee of either, pursuant to any such license, identified by payor, payee, month of payment, product or service sold, and license or patent pursuant to which such monies were paid or expected.

  2.  All documents referring or relating to Joseph Michael Christie, Sprint's JCS2000 project (a/k/a Joseph Christie System 2000 or Joe Christie System 2000), BONANZA, CCM (a/k/a Call Control Manager), BB/IN (a/k/a BBIN or Broadband Intelligent Network), BBOSD, SPRINT ION, SPRINT SUCCESSION, Intelligent Peripherals (a/k/a IPs), Enhanced Service Domain (a/k/a ESD) or IP-FONCARD ESD (a/k/a IP-ESD or IP FONCARD – Enhanced Domain), or any project in relation thereto.

  3.  For all products purchased from Cisco by Vonage:

   a.  all patents, patent applications, licenses, or other agreements between Cisco and any other party, including, but not limited to, Sprint, relating to or potentially infringed by the sale, manufacture or use of such products; and

   b.  documents reflecting all patent numbers marked on such products.

   c.  documents reflecting any terms or conditions of the sale of any such product by Cisco to any Cisco customer, or limitations on or restrictions of any use or such products by any Cisco customer, including, but not limited to, Vonage.

  4.  All documents constituting, referring or relating to, or generated in anticipation of, in the course of the negotiation of, or performance under any agreement or draft agreement between Sprint and Cisco, including any agreements constituting, referring or relating to:

   a.  any alliances, collaborations or joint ventures between, or joint development of products by, Cisco and Sprint, including but not limited to the strategic alliance between Cisco and Sprint executed on or around December 2001 and the strategic alliance between Cisco and Sprint executed on or around July 2005;

      b.      any statements of work or other documents executed in connection with any agreement identified in responsive to subparagraph (a),

      c.      any licenses for the manufacture, sale, license, sublicense or use of any product, service or intellectual property right;

including all drafts of, amendments to, and internal and external correspondence regarding, the same.

## **Statement of Deposition**

As indicated on the face of the attached subpoena, and pursuant to Federal Rule of Civil Procedure 30(b)(6), Cisco, as an organization not a party to this suit that is subpoenaed for the taking of a deposition, shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, as to the subject matter of the documents and information requested in and/or produced in response to this subpoena. Cisco may set forth, for each person designated, the matters on which the person will testify.

The deposition will be taken by oral examination, with written and/or audio and video record made thereof, before a Notary Public or officer authorized by law to administer such oaths.