# EXHIBIT N-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.,

)
)                               Plaintiff,
)
)
v.                              )    Case No. 05-2433-JWL
)
VONAGE HOLDINGS CORP.,          )
VONAGE AMERICA, INC.,
)
)Defendants.

## PRETRIAL ORDER

Pursuant to Fed. R. Civ. P. 16, a pretrial conference was held in this case by telephone on May 9, 2007, before David J. Waxse, U.S. Magistrate Judge.

This pretrial order shall supersede all pleadings and control the subsequent course of this case. It shall not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice. See Fed. R. Civ. P. 16(e); D. Kan. Rule 16.2(c).

**1.**    ~~1.~~    **APPEARANCES.**

The plaintiff, Sprint Communications Company L.P. ("Sprint"), appeared at the pretrial conference through counsel, B. Trent Webb, Adam P. Seitz and Eric A. Buresh. The defendant, Vonage Holdings Corp. and Vonage America, Inc. (collectively, "Vonage"), appeared through counsel, Barry Golob, Donald R. McPhail, Patrick D. McPherson and Lauren DeBruicker.

**2.**    ~~2.~~    **NATURE OF THE CASE.**

This is a patent infringement case based upon U.S. Patent Nos. 6,304,572; 6,633,561; 6,463,052; 6,452,932; 6,473,429; 6,298,064; and 6,665,294 ("the Asserted Patents").

~~3.     PRELIMINARY MATTERS.~~

**3.**     **PRELIMINARY MATTERS.**

**a.**     a.     **Subject Matter Jurisdiction.** Subject matter jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1338(a), and is not disputed.

**b.**     b.     **Personal Jurisdiction.** The court's personal jurisdiction over the parties is not disputed.

**c.**     c.     **Venue.** The parties stipulate that venue properly rests with this court.

**d.**     d.     **Governing Law.** Subject to the court's determination of the law that applies to the case, the parties believe and agree that Sprint's claims of patent infringement are governed by United States Patent Laws 35 U.S.C. § 101 et seq. The parties agree and believe that Vonage's defenses, affirmative defenses and counterclaims of noninfringement, invalidity and unenforceability of the Asserted Patents are governed by United States Patent Laws 35 U.S.C. § 101 et seq.; Vonage's defenses and affirmative defenses of laches, estoppel, acquiescence, unclean hands, and misuse are governed by the precedents of the United States Court of Appeals for the Federal Circuit and federal common law, and its proposed amended contract defenses by the laws of the states of Kansas and New York.

~~4.     STIPULATIONS.~~

**4.**     **STIPULATIONS.**

**a.**     a.     The following facts are uncontroverted:

**1.**     ~~1.~~ Plaintiff Sprint Communications Company L.P. is a Limited Partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 6500 Sprint Parkway, Overland Park, Kansas 66251.

2. ~~2.~~ Defendant Vonage Holdings Corp. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2147 Route 27, Edison, New Jersey 08817.

3. ~~3.~~ Defendant Vonage America, Inc. is a wholly owned subsidiary of Vonage Holdings Corp. and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2147 Route 27, Edison, New Jersey 08817.

4. ~~4.~~ The Court has personal jurisdiction over the parties.

5. ~~5.~~ The Court has jurisdiction over the subject matter of this action.

6. ~~6.~~ Venue is proper in this Court.

7. ~~7.~~ On October 16, 2001, United States Patent No. 6,304,572 entitled "Method, System and Apparatus for Telecommunications Control" ("the '572 patent") was issued by the U.S. Patent and Trademark Office to Joseph Michael Christie.

8. ~~8.~~ On October 14, 2003, United States Patent No. 6,633,561 entitled "Method, System and Apparatus for Telecommunications Control" ("the '561 patent") was issued by the U.S. Patent and Trademark Office to Joseph Michael Christie.

9. ~~9.~~ On October 8, 2002, United States Patent No. 6,463,052 entitled "Method, System and Apparatus for Telecommunications Control" ("the '052 patent") was issued by the U.S. Patent and Trademark Office to Joseph Michael Christie.

10. ~~10.~~ On September 17, 2002, United States Patent No. 6,452,932 entitled "Method, System and Apparatus for Telecommunications Control" ("the '932 patent") was issued by the U.S. Patent and Trademark Office to Joseph Michael Christie.

11. ~~11.~~ On October 29, 2002, United States Patent No. 6,473,429 entitled "Broadband Telecommunications System" ("the '429 patent") was issued by the U.S. Patent and Trademark Office to Joseph Michael Christie.

12. ~~12.~~ On October 2, 2001, United States Patent No. 6,298,064 entitled "Broadband Telecommunications System" ("the '064 patent") was issued by the U.S. Patent and Trademark Office to Joseph Michael Christie.

13. ~~13.~~ On December 16, 2003, United States Patent No. 6,665,294 entitled "Broadband Telecommunications System" ("the '294 patent") was issued by the U.S. Patent and Trademark Office to Joseph Michael Christie.

14. ~~14.~~ Sprint is the owner by assignment of the '572 patent.

15. ~~15.~~ Sprint is the owner by assignment of the '561 patent.

16. ~~16.~~ Sprint is the owner by assignment of the '052 patent.

17. ~~17.~~ Sprint is the owner by assignment of the '932 patent.

18. ~~18.~~ Sprint is the owner by assignment of the '429 patent.

19. ~~19.~~ Sprint is the owner by assignment of the '064 patent.

20. ~~20.~~ Sprint is the owner by assignment of the '294 patent.

21. ~~21.~~ Sprint asserts that Vonage has infringed and is infringing claims 1, 2, 5, 6, 14, 38, 39, 42, 43, and 51 of the '572 patent.

22. Sprint asserts that Vonage has infringed and is infringing claims 1, 3, 22, 23, 24, 26, 29, 36 and 38 of the '561 patent.

23. Sprint asserts that Vonage has infringed and is infringing claims 1, 2, 3, 4, 5, and 11 of the '052 patent.

24. Sprint asserts that Vonage has infringed and is infringing claims 1 and 18 of the '932 patent.

25. Sprint asserts that Vonage has infringed and is infringing claims 1, 2, 3, 5, 6, 21, 23, 24, 25, 27, 28, and 43 of the '429 patent.

26. Sprint asserts that Vonage has infringed and is infringing claims 1, 2, 5, 7, 29, 35, 38, 41, and 63 of the '064 patent.

27. Sprint asserts that Vonage has infringed and is infringing claims 1, 4, 9, 10, 17, 18, 19, 22, 26, 27, 28, 35 and 36 of the '294 patent.

28. Vonage first offered for sale its VoIP service, Vonage DigitalVoice, in March, 2002.

29. The letter dated July 13, 2004 (SPCC.1157-58) was received by Vonage.

30. The letter dated August 19, 2004 (SPCC.1165-66) was received by Vonage.

31. The letter dated November 12, 2004 (SPCC.1159) was received by Vonage.

32. The letter dated May 9, 2005 (SPCC.1160) was received by Vonage.

DM1\1135061.1

33. ~~33.~~ The letter dated July 15, 2005 (SPCC.1169) was received by Vonage.

34. ~~34.~~ The '429 patent, the '064 patent, and the '294 patent all claim the priority date of U.S. Patent No. 5,991,301 filed September 8, 1995 ( collectively, the "'301 Family Patents"), and share a common specification.

36. The '561 patent, the '052 patent, the '572 patent and the '932 patent all claim the priority date of the U.S. Patent Application No. 08/238,605, filed May 5, 1994 (collectively, the "'605 Family Patents"), and share a common specification.

37. Joseph Michael Christie, sole named inventor of the Asserted Patents, died on or around February 22, 1996.

38. Sprint is not aware of any product or service made, sold, or offered for sale by Sprint that is within the scope of any claim of the Asserted Patents.

39. Vonage Holdings Corp. was incorporated in or around May 15, 2000; Vonage America, Inc. was incorporated on or around April 29, 2005.

40. U.S. Patent No. 5,544,163, entitled "Expandable telecommunications system," was filed on March 8, 1994 and issued to Robert P. Madonna as a U.S. Letters Patent on August 6, 1996.

42. U.S. Patent No. 4,991,172, entitled "Design of a high speed packet switching node," was filed on October 28, 1988 and issued to Israel Cidon et al. as a U.S. Letters Patent on February 5, 1991.

45. U.S. Patent No. 4,491,945, entitled "Fast packet switch," was filed on June 25, 1982 and issued to Jonathan S. Turner as a U.S. Letters Patent on January 1, 1985.

46. U.S. Patent No. 5,434,852, entitled "Distributed processing architecture for control of broadband and narrowband communications networks," was filed on August 31, 1994, and issued to Thomas F. LaPorta as a U.S. Letters Patent on July 18, 1995, and was a continuation of application no. 08/082,656, which was filed on June 25, 1993.

47. U.S. Patent No. 5,115,426, entitled "Broadband ISDN packet switching arrangements," was filed on March 30, 1990 and issued to Ronald A. Spanke as a U.S. Letters Patent on May 19, 1992.

49. U.S. Patent No. 5,440,563, entitled "Service circuit allocation in large networks," was filed on October 12, 1993 and issued to Alessandro L. Isidoro as a U.S. Letters Patent on August 8, 1995.

50. U.S. Patent No. 5,339,318, entitled "VPI and VCI assignment system in ATM system," was filed on October 22, 1992 and issued to Kenji Tanaka et al. as a U.S. Letters Patent on August 16, 1994.

b. ~~b.~~ The following documents constitute business records within the scope of Fed. R. Evid. 803(6) and may be introduced in evidence during trial without further foundation, subject to objections based solely on grounds of relevancy:

1. ~~1.~~ Subpoena results from Synchronoss Technologies Inc. ("STI").

DM1\1135061.1

   <u>2.</u> ~~2.~~ Subpoena results from Third Party Verification, Inc. ("3PV").

   <u>3.</u> ~~3.~~ Subpoena Results from subpoenas of Cisco Systems, Inc.

 <u>c.</u> ~~c.~~ Copies of exhibits may be used during trial in lieu of originals.

 <u>d.</u> ~~d.~~ The parties have stipulated to the admission of the following trial exhibits:

   <u>1.</u> ~~1.~~ None. With the Court's permission, the parties will amend as appropriate.

 <u>e.</u> ~~e.~~ At trial, witnesses who are within the subpoena power of the court and who are officers, agents, or employees of the parties need not be formally subpoenaed to testify, provided that opposing counsel is given at least three (3) business days advance notice of the desired date of trial testimony. For purposes of this entire pretrial order, the calculation of "business days" does not include Saturday, Sunday, or any legal holiday as defined by Fed. R. Civ. P. 6(a).

 <u>f.</u> ~~f.~~ By no later than 5:00 p.m. each day of trial, counsel shall confer and exchange a good faith list of the witnesses who are expected to testify the next day of trial.

<u>5.</u> ~~5.~~ **FACTUAL CONTENTIONS.**

 <u>a.</u> ~~a.~~ **Plaintiff's Contentions.**

  Plaintiff contends that Vonage has infringed one or more of the asserted claims of the Asserted Patents by making, selling, offer to sale, and/or using its VoIP telephony system. The system accused of infringing the Asserted Patents ("the Accused System") meets each limitation of one or more of the asserted claims of the Asserted Patents either literally or under the doctrine of equivalents, as those limitations are construed by Sprint.

  The asserted claims of the Asserted Patents are presumed valid under 35 U.S.C. § 282. That presumption can only be overcome if defendants provide clear and convincing

evidence of their invalidity. Each of the asserted claims of the Asserted Patents are presumed valid independently of the validity of the other claims under 35 U.S.C. § 282. Plaintiff contends that there is no evidence that any single prior art reference discloses, expressly or inherently, each and every limitation of any of the asserted claims, and that the asserted claims therefore are not anticipated or invalid under 35 U.S.C. § 102. Plaintiff also contends that there is no evidence that the asserted clams are obvious in light of the prior art; that the prior art, alone or in combination, discloses each limitation of any of the asserted claims; or that there is any motivation or suggestion to combine elements of the prior art in the manner claimed.

Vonage first learned of the Asserted Patents on or around July 13, 2004. Since that knowledge, Vonage has grown to become one of the largest subscriber-based VoIP service providers in North America with $258,000,000 in VoIP service revenues in 2005 and approximately 2.1 million customers as of September, 2006. Plaintiff is not seeking to recover all of Vonage's revenue or profits generated from its system, but Plaintiff is entitled to an award of damages in the amount of a reasonably royalty based on Vonage's sales of that service.

Plaintiff ~~contents~~contends that Vonage's infringement has been and continues to be willful, that this is an "exceptional case" under 35 U.S.C. § 285, and that the Court should treble any damage award and award Plaintiff its reasonable attorney fees as a result of Vonage's willful infringement. Plaintiff also seeks an injunction preventing Vonage from continuing to make, sell, offer to sale, and/or use the infringing system.

<u>b.</u>   ~~b.~~   **Defendant's Contentions.**

Vonage's VoIP System does not infringe any of the Asserted Patents. Sprint cannot meet its burden of proving that the Vonage system meets each and every limitation of any claim of the Asserted Patents, either literally or under the doctrine of equivalents, as those limitations are

construed by Sprint or otherwise. Further, as the differences between the elements of the asserted claims and any allegedly corresponding elements of the Vonage system are substantial, Sprint cannot establish that the Vonage system infringes the patents under the doctrine of equivalents.

The Asserted Patents are invalid. The Asserted Patents are invalid under 35 U.S.C. § 112 for lack of adequate written description, for purporting to claim subject matter that is neither described in nor equivalent to any "invention" that is described in the specifications of the Asserted Patents, for failing to particularly point out and distinctly claim the subject matter which the applicant regarded as his invention, and for failing to enable a person skilled in the art to make and use the invention claimed.

The Asserted Patents are also invalid under 35 U.S.C. §102 as they are anticipated by prior art.

The Asserted Patents are further invalid as the inventions disclosed therein were obvious under 35 U.S.C. §103 as the subject matter Sprint allegedly patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains.

The Asserted Patents are unenforceable.

The Asserted Patents are unenforceable as a result of Sprint's unclean hands or misuse of the Asserted Patents. Specifically, Sprint has attempted to broaden the physical and/or temporal scope of the Patents by making the unfounded claim that any and all internet based phone services, such as those offered by Vonage America are products and services that fall within the purview of the Patents. In doing so, Sprint seeks to eliminate competition from competitors such as Vonage America which offer alternative, non-infringing technology to end-user consumers.

~~Sprint also covenanted not to sue certain purchasers and users of components purportedly covered by the Asserted Patents for at least a certain period of time. By virtue of failing to mark these components, or provide any notice of its purported patent rights to those who buy and use the allegedly covered technology, Sprint has granted an actual or implied license, and/or has deliberately baited unsuspecting members of the public into purchasing, using, and building communications systems dependent upon this technology, such as to render the Asserted Patents unenforceable on the grounds of unclean hands, estoppel, and laches.~~

The Asserted Patents are unenforceable on the grounds of prosecution laches. The sole inventor of the Asserted Patents died in 1996, and made his only patent filings on his purported inventions in 1995. Through continued terminal disclaimers, and a seemingly endless stream of subsequent filings, Sprint inappropriately seeks to stretch a purported invention in 1995 to cover technology that has only come to the fore years later. In so doing, Sprint has wrongfully manipulated the term and scope of its patent protection so that term of its monopoly will square with the period when the commercial application of and profit from its purported invention might be highest, and stretched the scope of Mr. Christie's original invention beyond any claims it could rightfully support.

~~Sprint is estopped from asserting its claims of infringement because Vonage is the beneficiary of a covenant not to sue between Sprint and Cisco, a supplier of components to the Vonage system. This covenant applied to all Sprint patents for inventions conceived of prior to 1998, including the Asserted Patents. The covenant, by its terms, and by Sprint's admission, runs concurrently with, and ends one year following, the termination of an alliance agreement between Sprint and Cisco, and ran through at least December 2002. Whether by the terms of the covenant itself, or the license or implied license that arose as a result of Sprint's conduct, or for other legal and equitable reasons, Sprint is estopped from suing Vonage, as purchaser and user of any technology that purportedly falls within the scope of the Asserted Patents, as to any allegedly infringing activity associated with the components purchased during the period of immunity provided by the covenant.~~