# EXHIBIT N-2

Sprint fails to sufficiently allege, and cannot establish, that any alleged infringement by Vonage has been willful. Vonage has thoroughly examined its system in light of the Asserted Patents and, on both legal and factual bases, both supported by expert advice and testimony, formed the good-faith belief that Sprint's Asserted Patents are invalid, or not infringed, or both. Vonage notes that Sprint, by close of discovery, had yet to even formulate its infringement contentions. If Sprint can articulate no basis for its belief that Vonage is infringing the Asserted Patents, Vonage cannot reasonably be expected to consider that its system infringes the Asserted Patents. Moreover, there is no factual basis upon which Sprint can reach the heavy evidentiary burden of proof to establish willful infringement, or the additional burden of establishing this case was "extraordinary" so as to warrant enhanced damages or other relief for willful infringement.

Sprint's claims of damages as a result of the infringement it alleges are barred by 35 U.S.C. §287 in that Sprint did not, and apparently made no effort to, ensure that components that Sprint alleges infringe the Asserted Patents were marked with the Asserted Patent number so as to notify the public as to such purported patent protection. Sprint gave Vonage no notice of the Asserted Patents; the first notice Sprint provided Vonage regarding the Asserted Patents and Sprint's contention that the Vonage system infringed any claims therein was the service of its Complaint in this suit.

Sprint's claim for injunctive relief from the infringement it alleges is barred because Sprint neither manufactures nor sells any service or product using the inventions disclosed in the Asserted Patents.

[Sprint objects to Vonage's attempts to insert the exact same facts on which its Motion for Leave to Amend Its Answer and Counterclaims was based in the context of other defenses, which violates the Court's express ruling to delete all such references from the Preliminary Pretrial Order.]

**6.    6.    THEORIES OF RECOVERY.**

**a.** ~~a.~~ **List of Plaintiff's Theories of Recovery.** Plaintiff asserts that it is entitled to recover upon the following theory:

~~1.~~ Sprint will prove by a preponderance of the evidence that Vonage has infringed one or more of the asserted claims of the '572 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sale, and/or using certain VoIP telephony systems. *See, e.g.*, 35 U.S.C. §§ 271, 281.

1. ~~2.~~ Vonage's infringement of the '572 patent has been and continues to be willful.

2. ~~3.~~ The asserted claims of the '572 patent are presumed valid and enforceable, and there exists no clear and convincing evidence that could overcome that presumption.

3. ~~4.~~ Under 35 U.S.C. § 284, Plaintiff's are entitled to an award of damages adequate to compensate for Vonage's infringement. These damages must be in an amount no less than a reasonable royalty. *See* 35 U.S.C. § 284.

4. ~~5.~~ Under 35 U.S.C. § 284, and as a result of Vonage's willful infringement, the Court should treble the amount of damages awarded to Plaintiff.

5. ~~6.~~ This is an exceptional case under 35 U.S.C. § 285 and, accordingly, Plaintiff should be awarded its reasonable attorney fees.

6. ~~7.~~ An injunction should be entered to prevent Vonage from continuing to infringe the '572 patent, pursuant to 35 U.S.C. § 283.

7. ~~8.~~ Sprint will prove by a preponderance of the evidence that Vonage has infringed one or more of the asserted claims of the '561 patent either literally or under the

doctrine of equivalents, by making, selling, or offering to sale, and/or using certain VoIP telephony systems. *See, e.g.*, 35 U.S.C. §§ 271, 281.

8. ~~9.~~ Vonage's infringement of the '561 patent has been and continues to be willful.

9. ~~10.~~ The asserted claims of the '561 patent are presumed valid and enforceable, and there exists no clear and convincing evidence that could overcome that presumption.

10. ~~11.~~ Under 35 U.S.C. § 284, Plaintiff's are entitled to an award of damages adequate to compensate for Vonage's infringement. These damages must be in an amount no less than a reasonable royalty. *See* 35 U.S.C. § 284.

11. ~~12.~~ Under 35 U.S.C. § 284, and as a result of Vonage's willful infringement, the Court should treble the amount of damages awarded to Plaintiff.

12. ~~13.~~ This is an exceptional case under 35 U.S.C. § 285 and, accordingly, Plaintiff should be awarded its reasonable attorney fees.

13. ~~14.~~ An injunction should be entered to prevent Vonage from continuing to infringe the '561 patent, pursuant to 35 U.S.C. § 283.

14. ~~15.~~ Sprint will prove by a preponderance of the evidence that Vonage has infringed one or more of the asserted claims of the '052 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sale, and/or using certain VoIP telephony systems. *See, e.g.*, 35 U.S.C. §§ 271, ~~281.~~ 281. 16.

15. ~~16.~~ Vonage's infringement of the '052 patent has been and continues to be willful.

15

16. ~~17.~~ The asserted claims of the '052 patent are presumed valid and enforceable, and there exists no clear and convincing evidence that could overcome that presumption.

17. ~~18.~~ Under 35 U.S.C. § 284, Plaintiff's are entitled to an award of damages adequate to compensate for Vonage's infringement. These damages must be in an amount no less than a reasonable royalty. *See* 35 U.S.C. § 284.

18. ~~19.~~ Under 35 U.S.C. § 284, and as a result of Vonage's willful infringement, the Court should treble the amount of damages awarded to Plaintiff.

19. ~~20.~~ This is an exceptional case under 35 U.S.C. § 285 and, accordingly, Plaintiff should be awarded its reasonable attorney fees.

20. ~~21.~~ An injunction should be entered to prevent Vonage from continuing to infringe the '052 patent, pursuant to 35 U.S.C. § 283.

21. ~~22.~~ Sprint will prove by a preponderance of the evidence that Vonage has infringed one or more of the asserted claims of the '932 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sale, and/or using certain VoIP telephony systems. *See, e.g.*, 35 U.S.C. §§ 271, 281.

22. ~~23.~~ Vonage's infringement of the '932 patent has been and continues to be willful.

23. ~~24.~~ The asserted claims of the '932 patent are presumed valid and enforceable, and there exists no clear and convincing evidence that could overcome that presumption.

24. ~~25.~~ Under 35 U.S.C. § 284, Plaintiff's are entitled to an award of damages adequate to compensate for Vonage's infringement. These damages must be in an amount no less than a reasonable royalty. *See* 35 U.S.C. § 284.

25. ~~26.~~ Under 35 U.S.C. § 284, and as a result of Vonage's willful infringement, the Court should treble the amount of damages awarded to Plaintiff.

26. ~~27.~~ This is an exceptional case under 35 U.S.C. § 285 and, accordingly, Plaintiff should be awarded its reasonable attorney fees.

27. ~~28.~~ An injunction should be entered to prevent Vonage from continuing to infringe the '932 patent, pursuant to 35 U.S.C. § 283.

28. ~~29.~~ Sprint will prove by a preponderance of the evidence that Vonage has infringed one or more of the asserted claims of the '429 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sale, and/or using certain VoIP telephony systems. *See, e.g.*, 35 U.S.C. §§ 271, 281.

29. ~~30.~~ Vonage's infringement of the '429 patent has been and continues to be willful.

30. ~~31.~~ The asserted claims of the '429 patent are presumed valid and enforceable, and there exists no clear and convincing evidence that could overcome that presumption.

31. ~~32.~~ Under 35 U.S.C. § 284, Plaintiff's are entitled to an award of damages adequate to compensate for Vonage's infringement. These damages must be in an amount no less than a reasonable royalty. *See* 35 U.S.C. § 284.

32. ~~33.~~ Under 35 U.S.C. § 284, and as a result of Vonage's willful infringement, the Court should treble the amount of damages awarded to Plaintiff.

DM1\1135061.1

33. ~~34.~~ This is an exceptional case under 35 U.S.C. § 285 and, accordingly, Plaintiff should be awarded its reasonable attorney fees.

34. ~~35.~~ An injunction should be entered to prevent Vonage from continuing to infringe the '429 patent, pursuant to 35 U.S.C. § 283.

35. ~~36.~~ Sprint will prove by a preponderance of the evidence that Vonage has infringed one or more of the asserted claims of the '064 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sale, and/or using certain VoIP telephony systems. *See,* e.g., 35 U.S.C. §§ 271, 281.

36. ~~37.~~ Vonage's infringement of the '064 patent has been and continues to be willful.

37. ~~38.~~ The asserted claims of the '064 patent are presumed valid and enforceable, and there exists no clear and convincing evidence that could overcome that presumption.

38. ~~39.~~ Under 35 U.S.C. § 284, Plaintiff's are entitled to an award of damages adequate to compensate for Vonage's infringement. These damages must be in an amount no less than a reasonable royalty. *See* 35 U.S.C. § 284.

39. ~~40.~~ Under 35 U.S.C. § 284, and as a result of Vonage's willful infringement, the Court should treble the amount of damages awarded to Plaintiff.

40. ~~41.~~ This is an exceptional case under 35 U.S.C. § 285 and, accordingly, Plaintiff should be awarded its reasonable attorney fees.

41. ~~42.~~ An injunction should be entered to prevent Vonage from continuing to infringe the '064 patent, pursuant to 35 U.S.C. § 283.

<u>42.</u>   ~~43.~~   Sprint will prove by a preponderance of the evidence that Vonage has infringed one or more of the asserted claims of the '294 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sale, and/or using certain VoIP telephony systems. *See, e.g.*, 35 U.S.C. §§ 271, ~~281.~~<u>281.44. Vonage's infringement of the '294</u>

~~44.   Vonage's infringement of the '294~~ patent has been and continues to be willful.

45.   The asserted claims of the '294 patent are presumed valid and enforceable, and there exists no clear and convincing evidence that could overcome that presumption.

46.   Under 35 U.S.C. § 284, Plaintiff's are entitled to an award of damages adequate to compensate for Vonage's infringement. These damages must be in an amount no less than a reasonable royalty. *See* 35 U.S.C. § 284.

47.   Under 35 U.S.C. § 284, and as a result of Vonage's willful infringement, the Court should treble the amount of damages awarded to Plaintiff.

48.   This is an exceptional case under 35 U.S.C. § 285 and, accordingly, Plaintiff should be awarded its reasonable attorney fees.

49.   An injunction should be entered to prevent Vonage from continuing to infringe the '294 patent, pursuant to 35 U.S.C. § 283.

**<u>b.</u>**   **~~b.~~**   **Essential Elements of Plaintiff's Theory of Recovery.** Subject to the court's determination of the law that applies to this case, the parties believe that, in order to prevail on this theory of recovery, Plaintiff has the burden of proving the following essential elements:

To establish patent infringement, Plaintiff must prove by a preponderance of the evidence that each limitation of any of the asserted claims of the Asserted Patents—as those limitations will be construed by the Court—are met either literally or under the doctrine of

equivalents by the accused system. To establish willful patent infringement, Plaintiff must prove by clear and convincing evidence that Vonage willfully infringed the Asserted Patents through its acts, omissions, culpable behavior, disregard for the patent rights of Plaintiff, and/or lack of due care in avoiding infringement of the known patent rights of Plaintiff. Plaintiff also must establish the amount of damages to which it is entitled, in an amount to be determined at trial. Finally, Plaintiff must establish that this case is exceptional, that Plaintiff is entitled to enhanced, trebled damages, and that Plaintiff is entitled to an award of its reasonable attorney fees.

7. ~~7.~~ **DEFENSES.**

    **a.** ~~a.~~ **List of Defendant's Defenses and Affirmative Defenses**. Vonage asserts the following defenses and affirmative defenses:

1. Vonage's VoIP System does not infringe the Asserted Patents.

2. Vonage's VoIP System does not meet every limitation of any claim of any of the Asserted Patents, either literally or under the doctrine of equivalents.

3. Vonage has not willfully infringed any Asserted Patent.

4. The Asserted Patents are invalid pursuant to 35 U.S.C. § 102 for anticipation.

5. The Asserted Patents are invalid pursuant to 35 U.S.C. § 103 for obviousness.

6. The Asserted Patents are invalid pursuant to 35 U.S.C. § 112 for failure to comply with the written description, enablement, and definiteness requirements.

7. The Asserted Patents are unenforceable by virtue of the doctrine of laches, including prosecution laches.

8. The Asserted Patents are unenforceable by virtue of the doctrine of estoppel and acquiescence.

DM1\1135061.1

9.  The Asserted Patents are unenforceable by virtue of the doctrine of unclean hands.

10. The Asserted Patents are unenforceable by virtue of "the doctrine that a patentee may not broaden his claims by describing the product in terms of function."

11. The Asserted Patents are unenforceable by virtue of their misuse by Sprint.

~~12. Sprint is estopped from suing or seeking damages from Vonage for the period protected by a covenant between Sprint and Cisco not to sue their respective customers for use of any claim of any of the Asserted Patents.~~
~~[Sprint objects to Vonage's attempts to insert the exact same facts on which its Motion for Leave to Amend Its Answer and Counterclaims was based in the context of other defenses, which violates the Court's express ruling to delete all such references from the Preliminary Pretrial Order.]~~

**b.** ~~b.~~ **Essential Elements of Defendant's Affirmative Defenses.** Subject to the court's determination of the law that applies to this case, and except as noted below, the parties believe that, in order to prevail on the following affirmative defenses, Vonage has the burden of proving the following essential elements:

1.  <u>Invalidity under 35 U.S.C. § 102</u>. To prove that any claim to an Asserted Patent is invalid under 35 U.S.C. §102, Vonage must establish by clear and convincing evidence that each element of that claim is disclosed in a single prior art reference.

2.  <u>Invalidity under 35 U.S.C. §103</u>. To prove that any claim to an Asserted Patent is invalid for obviousness under 35 U.S.C. §103, Vonage must show by clear and convincing evidence that "the subject matter as a whole would have been obvious at the time the

21

DM1\1135061.1

invention was made to a person having ordinary skill in the art." 35 U.S.C. § 103(a). This requires the determination of the following matters:

    (a)    the scope and content of the prior art at the time the invention was made;

    (b)    the differences between the prior art and the claims at issue; and

    (c)    the level of ordinary skill in the pertinent art at the time the invention was made;

against which background the Court determines the obviousness of the subject matter is determined, in light of such secondary considerations as

    (i)    commercial success;

    (ii)    long felt but unsolved needs;

    (iii)    failure of others;

    (iv)    failed attempts to solve the problem;

    (v)    industry acclaim or licenses showing industry respect;

    (vi)    copying;

    (vii)    unexpected results to those of skill in the art;

    (viii)    prior art or persons of ordinary skill in the art teaching away from the invention;

    (ix)    disbelief and incredulity as to the invention by those skilled in the art.

3. <u>Invalidity under 35 U.S.C. §112</u>. To prove that any claim to an Asserted Patent is invalid for failure to meet the written description, enablement and definiteness requirements of 35 U.S.C. §112, Vonage must show by clear and convincing evidence that:

(a) the written description fails to describe the invention, and the manner and process of making and using it, "in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same"; or

(b) the written description fails to allow a person of ordinary skill in the art to recognize that the inventor invented what is claimed or fails to convey with reasonable clarity to those skilled in the art that the inventor was in possession of the invention at the time of the application;

(c) the claim fails to "particularly point[] out and distinctly claim[] the subject matter which the applicant regards as his invention" or a person experienced in the field of the invention would not understand the scope of the claim when read in light of the specification; or

(d) the applicant broadened its claims by describing the product in terms of function.

4. <u>Laches</u>. To prove its defense of laches, Vonage must establish, by a preponderance of the evidence,

(a) the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant, and