Sprint Communications Company LP v. Vonage Holdings Corp., et al
Case 2:05-cv-02433-JWL   Document 211-19   Filed 05/29/2007   Page 1 of 12
Doc. 211 Att. 18

# EXHIBIT N-3

Dockets.Justia.com

(b)     the delay operated to the prejudice or injury of the defendant. Such prejudice might be:

(i)     Evidentiary, arising by reason of a defendant's inability to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events, thereby undermining the court's ability to judge the facts, or

(ii)     Economic, arising where a defendant and possibly others will suffer the loss of monetary investments or incur damages which likely would have been prevented by earlier suit.

5.     <u>Prosecution Laches</u>.    To establish its defense of Prosecution Laches, Vonage must show, by a preponderance of the evidence:

(a)     there was an unreasonable and unexplained delay in prosecuting the patent claim, and

(b)     Vonage has suffered prejudice as a result.

6.     <u>Estoppel</u>:    To establish its defense of equitable estoppel, Vonage must prove, by a preponderance of the evidence that:

(a)     Sprint engaged in misleading conduct leading to an inference that Sprint does not intend to enforce the patent against Vonage;

(b)     Vonage reasonably relied on Sprint's conduct; and

(c)     As a result of the reliance, Vonage would be materially prejudiced if Sprint is allowed to proceed with an infringement suit.

~~Vonage further contends its defense of estoppel may also be established as follows. Sprint objects to Vonage seeking to prove its defense of estoppel by these additional means:~~

~~To establish its defense of legal estoppel, Vonage believes it must prove, by a preponderance of the evidence, that Sprint:~~

~~(a) Licensed, impliedly licensed or assigned a right;~~

~~(b) received consideration; and~~

~~(c) then sought to derogate from the right granted.~~

~~[Sprint objects to Vonage's attempts to insert the exact same facts on which its Motion for Leave to Amend Its Answer and Counterclaims was based in the context of other defenses, which violates the Court's express ruling to delete all such references from the Preliminary Pretrial Order.]~~

~~To establish its defense of contractual estoppel, Vonage believes it must prove by a preponderance of the evidence that Sprint executed a valid and enforceable covenant not to sue Vonage.~~

~~[Sprint objects to Vonage's attempts to insert the exact same facts on which its Motion for Leave to Amend Its Answer and Counterclaims was based in the context of other defenses, which violates the Court's express ruling to delete all such references from the Preliminary Pretrial Order.]~~

DM1\1135061.1

       7.    <u>Acquiescence:</u> To established its defense of Acquiescence, Vonage must establish:

       (a)    Sprint actively represented that it would not assert a right or claim;

       (b)    the delay between the active representation and assertion of the right or claim was not excusable; and

       (c)    the delay caused undue prejudice to Vonage.

       8.    <u>Unclean hands</u>. To establish its defense of Unclean Hands, Vonage must establish, by a preponderance of the evidence, that Sprint committed misconduct before the United States Patent and Trademark Office in obtaining any Asserted Patent.

       9.    <u>Misuse</u>. To establish its defense of patent misuse, Vonage must establish, by a preponderance of the evidence, that by imposing conditions that derive their force from the patent, the patentee has impermissibly broadened the scope of the patent grant with anticompetitive effect.

       10.    <u>35 U.S.C. §287</u>. To establish its defense to Sprint's request for relief under 35 U.S.C. 287, Vonage must prove that:

       (a)    Sprint or its licensees make, offer for sale, or sell or import within the U.S. products or services that embody the Asserted Patents, and

       (b)    said products or services are capable of being marked, or these products or services, or packages wherein one or more of them are contained, are capable of bearing a label bearing like notice; and

       (c)    Sprint did not mark, or ensure that its licensees marked, said products or services with the Asserted Patent number so as to notify the public as to such purported patent protection.

**8.**   ~~8.~~   **FACTUAL ISSUES.**

One or more of the parties believe that the following material issues will need to be resolved at trial by the trier of fact if summary judgment is not granted:

<u>1.</u>   ~~1.~~ Are the Asserted Patents invalid, in that the specification for each Asserted Patent fails to comply with the written description requirement of 35 U.S.C. §112?

<u>2.</u>   ~~2.~~ Are the Asserted Patents invalid, in that the claims of the Asserted Patents are anticipated by prior art under 35 U.S.C. §102?

<u>3.</u>   ~~3.~~ Are the Asserted Patents unenforceable on the basis of laches, estoppel, unclean hands, misuse, or other alleged equitable defense, to the extent these defenses are questions of fact?

<u>4.</u>   ~~4.~~ Whether Vonage has been prejudiced by any act of Sprint?

6. Which, if any, versions and/or architectures of the Vonage VoIP telephony system literally infringe the asserted claims of the Asserted Patents?

7. Has Vonage literally infringed any asserted claim of the Asserted Patents by making, selling, offering to sale, and/or using its VoIP telephony system?

8. Has Vonage infringed any asserted claim of the Asserted Patents under the doctrine of equivalents by making, selling, offering to sale, and/or using its VoIP telephony system?

9. If Vonage has infringed any of the Asserted Patents, what amount of damages, if any, should Plaintiff be awarded for any infringement by Vonage of the Asserted Patents?

10. If Vonage has infringed the Asserted Patents, has it done so willfully?

11. Is this an exceptional case for purposes of 35 U.S.C. § 285?

DM1\1135061.1

12. As to Vonage's claim of obviousness under 35 U.S.C. § 103, is there proof of any secondary considerations of nonobviousness including, but not limited to, the following: ~~(1)~~(1) commercial success; ~~(2)~~(2) long felt but unresolved needs; ~~(3)~~(3) failure of others; ~~(4)~~(4) failed attempts to solve the problem; ~~(5)~~(5) copying by competitors; ~~(6)~~(6) licensing of the invention to the industry; ~~(7)~~(7) teaching away from the invention by those skilled in the art; ~~(8)~~(8) results of the invention are unexpected to those skilled in the art; and ~~(9)~~(9) disbelief and incredulity as to the invention by those skilled in the art.

## 9. ~~9.~~ LEGAL ISSUES.

One or more of the parties believe that the following are the significant legal or evidentiary issues that will need to be resolved by the court in this case, whether on summary judgment motion or at trial:

1. ~~1.~~ The determination of the level of ordinary skill in the art of the inventions disclosed in the Asserted Patents, at the time of those purported inventions.

2. ~~2.~~ The determination of the meaning and scope of the asserted claims of the Asserted Patents pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).

3. ~~3.~~ If Vonage is found to have infringed the Asserted Patents, and that infringement is found to have been willful, whether damages awarded to Plaintiff should be trebled or otherwise enhanced in the event of a finding of willful infringement?

4. ~~4.~~ If Vonage is found to have infringed the Asserted Patents, and that infringement is found to have been willful, and this case has been found to be exceptional under 35 U.S.C. §285, whether Plaintiff should be awarded its costs and reasonable attorney fees?

5. ~~5.~~ If Vonage is found not to have infringed the Asserted Patents, and this case has been found to be exceptional under 35 U.S.C. §285, whether Vonage should be awarded its costs and reasonable attorney fees?

6. ~~6.~~ The determination of the meaning and scope of the asserted claims and other portions of prior art to the Asserted Patents pursuant to *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).

7. ~~7.~~ Whether the claims of the Asserted Patents meet the enablement requirements of 35 U.S.C. §112?

8. ~~8.~~ Whether the claims of the Asserted Patents are indefinite in violation of 35 U.S.C. §112?

9. ~~9.~~ Whether any claim of the Asserted Patents is obvious to a person of ordinary skill in the art of the Asserted Patents under 35 U.S.C. §103?

10. ~~10.~~ Whether the Asserted Patents are unenforceable on the basis of laches?

11. ~~11.~~ Whether the Asserted Patents are unenforceable on the basis of estoppel?

12. ~~12.~~ Whether the Asserted Patents are unenforceable on the basis of unclean hands?

13. ~~13.~~ Whether Sprint is estopped from asserting its claims of infringement by equitable, legal or contractual estoppel, or by acquiescence or other conduct?

14. ~~[Sprint objects to Vonage's attempts to insert the exact same facts on which its Motion for Leave to Amend Its Answer and Counterclaims was based in the context of other defenses, which violates the Court's express ruling to delete all such references from the Preliminary Pretrial Order.]~~

10. ~~10.~~ **DAMAGES.**

   a. ~~a.~~ **Plaintiff's Damages.**

   1. ~~1.~~ Plaintiff contends it is entitled to damages in an amount no less than a reasonable royalty. *See* 35 U.S.C. §§ 284, 286.

29

DM1\1135061.1

2. Plaintiff contends that its royalty should be measured from the date that Vonage began infringing the Asserted Patents, which is at least as early as March, 2002.

3. Plaintiff contends its damages should be based on a 7% royalty rate applied to Vonage's revenue from its VoIP telephony services.

   a. Plaintiff's expert report, dated January 12, 2007, set forth that Vonage had generated approximately $722,457,370 of revenue from its VoIP telephony service.

   b. Based on the 7% royalty rate, Plaintiff is entitled to damages in the amount of $50,572,016, the calculation of which is based on Plaintiff's January 12, 2007 expert report.

   c. Plaintiff estimates that, at the time of trial, its damages should not exceed $125,000,000. Plaintiff notes that this number is only an estimate based on currently available data and, should Vonage provide updated information, Plaintiff will revise and supplement this number as required under the Federal Rules.

4. Because of Vonage's willful infringement of the asserted patents, the Court should treble the amount of damages awarded by the jury under 35 U.S.C. § 284.

5. Plaintiff contends it is entitled to $3,947,758 of prejudgment interest as of January 12, 2007.

   a. Plaintiff estimates that, at the time of trial, the prejudgment interest should not exceed $8,000,000.

6. Plaintiff also seeks its costs in this action in an amount to be determined after trial.

DM1\1135061.1

<u>7.</u>   7.   Finally, Vonage's willful infringement renders this an exceptional case under 35 U.S.C. § 285 and, accordingly, Plaintiff contends it should be awarded its reasonable attorney fees in an amount to be determined after trial.

<u>b.</u>   b.   **Defendant's Damages.**

Should Vonage prevail on its defenses and counterclaims, and the Court find this an exceptional case under 35 U.S.C. § 285, Vonage should be awarded its reasonable attorney fees in an amount to be determined after trial.

<u>11.</u>   11.   **NON-MONETARY RELIEF REQUESTED, IF ANY.**

Plaintiff seeks an injunction preventing Vonage from making, selling, offering to sale, and/or using any service found by the jury to infringe any asserted claim of the Asserted patents, pursuant to 35 U.S.C. § 283.

Vonage seeks an order denying all relief requested by Sprint, declaring it does not infringe any of the Asserted Patents, and declaring the Asserted Patents, or any of them, invalid and unenforceable.

<u>12.</u>   12.   **AMENDMENTS TO PLEADINGS.**

[None].

<u>13.</u>   13.   **DISCOVERY.**

Under the scheduling order and any amendments, fact discovery closed on March 30, 2007. By the Court's Order of April 16, 2007 (D.I. No<u>doc</u>. 168), all outstanding discovery was to have been completed by May 1, 2007. Discovery is now substantially complete, subject only to supplementation under the Federal Rules and unopposed discovery as discussed below.

Unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions, or other pretrial preparations. Under these circumstances, the parties may conduct discovery beyond the deadline

for completion of discovery if all parties are in agreement to do so, but the court will not be available to resolve any disputes that arise during the course of this extended discovery.

**14.** ~~14.~~   **WITNESSES AND EXHIBITS.**

   **a.**   ~~a.~~   **Final Witness and Exhibit Disclosures Under Rule 26(a)(3).** The parties' final witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be filed no later than 21 days before trial. With regard to each witness disclosed under Fed. R. Civ. P. 26(a)(3)(A), the disclosures also shall set forth the subject matter of the expected testimony and a brief synopsis of the substance of the facts to which the witness is expected to testify. Witnesses expected to testify as experts shall be so designated. Witnesses and exhibits disclosed by one party may be called or offered by any other party. Witnesses and exhibits not so disclosed and exchanged as required by the court's order shall not be permitted to testify or be received in evidence, respectively, except by agreement of counsel or upon order of the court. The parties should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

   **b.**   ~~b.~~   **Objections.** The parties shall file any objections under Fed. R. Civ. P. 26(a)(3) no later than 14 days before trial. The court shall deem waived any objection not timely asserted, unless excused by the court for good cause shown.

   **c.**

**d.** ~~e.~~     **Marking and Exchange of Exhibits.** All exhibits shall be marked no later than 5 business days before trial. The parties shall exchange copies of exhibits at or before the time they are marked. The parties shall also prepare lists of their expected exhibits, in the form attached to this pretrial order, for use by the courtroom deputy clerk and the court reporter. In marking their exhibits, the parties shall use preassigned ranges of numbered exhibits. Exhibit Nos. 1-400 shall be reserved for plaintiff(s); Exhibit Nos. 401-800 shall be reserved for defendant(s); Exhibits 801 and higher shall be reserved for any third party. Each exhibit that the parties expect to offer shall be marked with an exhibit sticker, placed in a three-ring notebook, and tabbed with a numbered tab that corresponds to the exhibit number. The parties shall prepare exhibit books in accordance with the requirements of the judge who will preside over trial. The parties shall contact the judge's courtroom deputy clerk to determine that judge's specific requirements.

**e.** ~~d.~~     **Designations of Deposition Testimony.**

**(1)** ~~(1)~~     **Written Depositions.** Consistent with Fed. R. Civ. P. 26(a)(3)(B), any deposition testimony sought to be offered by a party other than to impeach a testifying witness shall be designated by page and line in a pleading filed no later than 21 days before trial. Any counter-designation in accordance with Fed. R. Civ. P. 32(a)(4), and any objections to the designations made by the offering party, shall be filed no later than 14 days before trial. Any objections to counter-designations shall be filed no later than 5 business days before trial. Before filing any objections, the parties shall have conferred in good faith to resolve the dispute among themselves. No later than 3 business days before trial, to facilitate the court's ruling on any objections to designations or counter-designations, the party seeking to offer the deposition testimony shall provide the trial judge a copy of each deposition transcript at issue. Each such transcript shall be marked with different colored highlighting. Red highlighting shall be used to

33

DM1\1135061.1

identify the testimony that plaintiff(s) has designated, blue highlighting shall be used for defendant(s), yellow highlighting shall be used for any third party, and green highlighting shall be used to identify the objections to any designated testimony. After receiving and reviewing these highlighted transcripts, the court will issue its rulings regarding any objections. The parties shall then file the portions of the depositions to be used at trial in accordance with D. Kan. Rule 32.1.

(2)   ~~(2)~~   **Videotaped Depositions.** The paragraph immediately above applies to videotaped depositions as well as written deposition transcripts. After the court issues its rulings on the objections to testimony to be presented by videotape or DVD, the court will set a deadline for the parties to submit the videotape or DVD edited to reflect the designations and the court's rulings on objections.

**15.**   ~~15.~~   **MOTIONS.**

    **a.**   ~~a.~~   **Pending Motions.**

    None.

    **b.**   ~~b.~~   **Additional Pretrial Motions.**

After the pretrial conference, the parties intend to file the following motions:

Both Plaintiff and Defendants anticipate filing various pre-trial motions, including motions in limine. With the Court's permission, the parties will amend this list as appropriate.

The dispositive motion deadline, as established in the scheduling order and any amendments, is **May 15, 2007**.

Consistent with the scheduling order filed earlier in this case, the arguments and authorities section of briefs or memoranda submitted in connection with all further motions or other pretrial matters shall not exceed 30 pages, absent an order of the court.

DM1\1135061.1