Sprint Communications Company LP v. Vonage Holdings Corp., et al
Case 2:05-cv-02433-JWL   Document 211-20   Filed 05/29/2007   Page 1 of 10
Doc. 211 Att. 19

# EXHIBIT N-4

Dockets.Justia.com

**c.** ~~e.~~   **Motions Regarding Expert Testimony.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed by 28 days before trial.

**d.** ~~d.~~   **Motions in Limine.** All motions in limine, other than those challenging the propriety of an expert witness, shall be filed no later than 14 days before trial. Briefs in opposition to such motions shall be filed no later than 5 business days before trial. Reply briefs in support of motions in limine shall not be allowed without leave of court.

**16.** ~~16.~~   **TRIAL.**

**a.** ~~a.~~   This case is set for trial on the court's docket beginning on **September 4, 2007, at 9:30 a.m.** Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.

**b.** ~~b.~~   Trial will be by jury.

**c.** ~~c.~~   Estimated trial time is ten (10) days. *[Vonage estimates, given the number of claims Sprint asserts, that fifteen (15) days will be required for trial.]*

**d.** ~~d.~~   Trial will be in Kansas City, Kansas, or such other place in the District of Kansas where the case may first be reached for trial.

**e.** ~~e.~~   Not all of the parties are willing to consent to the trial of this case being presided over by a U.S. Magistrate Judge, even on a backup basis if the assigned U.S. District Judge determines that his or her schedule will be unable to accommodate any trial date stated above.

**f.** ~~f.~~   Because of constraints on the judiciary's budget for the compensation of jurors, in any case in which the court is not notified of a settlement at least 1 full business day prior to the scheduled trial date, the costs of jury fees and expenses will be assessed to the parties, or any of them, as the court may order. *See* D. Kan. Rule 40.3.

**g.**
**17.** ~~17.~~   **SETTLEMENT.**

   **a.** ~~a.~~   **Status of Settlement Efforts.**

   **1.** ~~1.~~ Settlement reports were submitted to the Court on or about March 30, 2006. These reports set forth the parties good faith efforts to resolve this matter, including the date when the parties participated in mediation, and the identity of the mediator.

   **2.** ~~2.~~ The parties revisited the issue of settlement in April 2007, but were unable to come to any agreement as to the value of the case at that point.

   **3.** ~~3.~~ At this point, the parties believe that future settlement negotiations would not be worthwhile and that there are no current prospects for settlement.

   **4.** ~~4.~~ At this point, the parties feel that mediation and/or any other method of alternative dispute resolution would be futile.

   **b.** ~~b.~~   **Mediation and/or Other Method of Alternative Dispute Resolution.** Further mediation is not ordered.

**18.** ~~18.~~   **FURTHER PROCEEDINGS AND FILINGS.**

DM1\1135061.1

**<u>a.</u>**   ~~a.~~   **Status and/or Limine Conference.** Relatively close to the date of trial, the trial judge may schedule a status and/or limine conference.

**<u>b.</u>**   ~~b.~~   **Trial Briefs.** A party desiring to submit a trial brief shall comply with the requirements of D. Kan. Rule 7.6. The court does not require trial briefs but finds them helpful if the parties anticipate that unique or difficult issues will arise during trial.

**<u>c.</u>**   ~~c.~~   **Voir Dire.** Due to substantially differing views among judges of this court concerning the extent to which counsel will be allowed to participate in voir dire, counsel are encouraged to contact the trial judge's law clerk or courtroom deputy (in accordance with the preference of the particular trial judge) to determine what, if anything, actually needs to be submitted by way of proposed voir dire questions. Generally, proposed voir dire questions only need to be submitted to address particularly unusual areas of questioning, or questions that are likely to result in objections by the opposing party.

**<u>d.</u>**   ~~d.~~   **Jury Instructions.**

**<u>(1)</u>**   ~~(1)~~   Requests for proposed instructions in jury cases shall be submitted in compliance with Fed. R. Civ. P. 51 and D. Kan. Rule 51.1. Under D. Kan. Rule 51.1, the parties and the attorneys have the <u>joint</u> responsibility to attempt to submit <u>one</u> agreed set of preliminary and final instructions that specifically focuses on the parties' factual contentions, the controverted essential elements of any claims or defenses, damages, and any other instructions unique to this case. In the event of disagreement, each party shall submit its own proposed instructions with a brief explanation, including legal authority as to why its proposed instruction is appropriate, or why its opponent's proposed instruction is inappropriate, or both. Counsel are encouraged to contact the ~~trial judge's law clerk or courtroom deputy (in accordance with the preference of the particular trial judge) to determine that judge's so-called standard or stock~~

~~instructions, e.g., concerning the jury's deliberations, the evaluation of witnesses' credibility, etc.; it is not necessary to submit such proposed jury instructions to the court.~~

<u>trial judge's law clerk or courtroom deputy (in accordance with the preference of the particular trial judge) to determine that judge's so-called standard or stock instructions, e.g., concerning the jury's deliberations, the evaluation of witnesses' credibility, etc.; it is not necessary to submit such proposed jury instructions to the court.</u>

<u>(2)</u>   ~~(2)~~   Proposed instructions in jury cases shall be filed no later than 3 business days before trial. Objections to any proposed instructions shall be filed no later than 1 business day before trial.

<u>(3)</u>   ~~(3)~~   In addition to filing the proposed jury instructions, the parties shall submit their proposed instructions (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to the e-mail address of the assigned trial judge listed in paragraph II(E)(2)(c) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases.*

<u>e.</u>   ~~e.~~   **Proposed Findings of Fact and Conclusions of Law.** If this case is tried to the court sitting without a jury, in order to better focus the presentation of evidence, the parties shall file preliminary sets of proposed findings of fact and conclusions of law no later than 5 business days before trial. In most cases, the trial judge will order the parties to file final sets of proposed findings after the trial transcript has been prepared.

<u>19.</u>   ~~19.~~   **OTHER.**

<u>a.</u>   ~~a.~~   **Conventionally Filed Documents.** The following documents shall be served by mail and by fax or hand-delivery on the same date they are filed with the court if they are filed conventionally (i.e., not filed electronically): final witness and exhibit disclosures and objections; deposition designations, counter-designations, and objections; motions in limine and

briefs in support of or in opposition to such motions; trial briefs; proposed voir dire questions and objections; proposed jury instructions and objections; and proposed findings of fact and conclusions of law. In addition, a party filing a trial brief conventionally shall deliver an extra copy to the trial judge's chambers at the time of filing.

    **b.** ~~b.~~ **Miscellaneous.**

    None.

20. **POSSIBLE ADJUSTMENT OF DEADLINES BY TRIAL JUDGE.**

~~1.~~ With regard to pleadings filed shortly before or during trial (e.g., motions in limine, trial briefs, proposed jury instructions, etc.), this pretrial order reflects the deadlines that the court applies as a norm in most cases. However, the parties should keep in mind that, as a practical matter, complete standardization of the court's pretrial orders is neither feasible nor desirable. Depending on the judge who will preside over trial, and what adjustments may be appropriate given the complexity of a particular case, different deadlines and settings may be ordered. Therefore, from the pretrial conference up to the date of trial, the parties must comply with any orders that might be entered by the trial judge, as well as that judge's trial guidelines and/or exhibit instructions as posted on the court's Internet website:

*(http://www.ksd.uscourts.gov/chambers).*

IT IS SO ORDERED.

Dated this 21st day of May, 2007, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
U. S. District Judge

~~John W. Lungstrum~~

39

DM1\1135061.1

~~U. S. District Judge~~

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| **Event** | **Deadline/Setting** |
| Extended deadline to complete any remaining discovery (if applicable) | May 1, 2007 |
| Mediation/settlement conference (if applicable) | N/A |
| Dispositive motions (e.g., summary judgment) | May 15, 2007 |
| Motions challenging admissibility of expert testimony | May 15 and/or 28 days before trial |
| Trial | September 4, 2007 at 9:30 a.m. |
| Status and/or limine conference (if presently set) | |
| Final witness & exhibit disclosures | 21 days before trial |
| Objections to final witness & exhibit disclosures | 14 days before trial |
| Exhibits marked | 5 business days before trial |
| Deposition testimony designated | 21 days before trial |
| Objections to deposition designations, along with any counter-designations | 14 days before trial |
| Objections to counter-designations of deposition testimony | 5 business days before trial |

41

DM1\1135061.1

| | |
|---|---|
| Submission of disputed deposition designations to trial judge | 3 business days before trial |
| Motions in limine | 14 days before trial |
| Briefs in opposition to motions in limine | 5 business before trial |
| Proposed jury instructions | 3 business days before trial |
| Objections to proposed jury instructions | 1 business day before trial |
| Preliminary sets of proposed findings of fact and conclusions of law in bench trials | 5 business days before trial |

Document comparison done by Workshare DeltaView on Tuesday, May 29, 2007 9:08:10 AM

| Input: | |
|---|---|
| Document 1 | interwovenSite://DM/DM1/1127202/1 |
| Document 2 | interwovenSite://DM/DM1/1135061/1 |
| Rendering set | DM - Double Underline Strikethrough |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 28 |
| Deletions | 226 |
| Moved from | 2 |
| Moved to | 2 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 258 |