IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
)
Plaintiff, )
) Case No. 05-2433-JWL
v. )
THE GLOBE.COM, INC., ET AL )
Defendants. )
)

**VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S
MEMORANDUM IN OPPOSITION TO SPRINT COMMUNICATIONS CO.,
L.P.'S MOTION TO EXCLUDE THE OPINIONS OF VONAGE'S EXPERT JOEL
M. HALPERN**

Vonage America, Inc. and Vonage Holdings Corp. (collectively, "Vonage") submit this memorandum in opposition to Sprint Communications Co., L.P.'s ("Sprint's") Motion to Exclude the Opinions of Vonage's Expert Joel M. Halpern ("Motion").

## I.       INTRODUCTION

Sprint disingenuously seeks to exclude the opinions and proffered expert testimony of Mr. Halpern, Vonage's non-infringement expert, knowing full well that its basis for exclusion – that Mr. Halpern allegedly is not qualified because he is not "one of ordinary skill in the art" – has been soundly rejected by the U.S. Court of Appeals for the Federal Circuit. Indeed, Sprint's motion is devoid of any mention that Mr. Halpern's opinions are unsupported or unsupportable, and nowhere in its motion does Sprint challenge Mr. Halpern's opinions and/or conclusions.

Sprint has styled its pending Motion to exclude Mr. Halpern's testimony as a motion pursuant to Federal Rule of Evidence 702 ("FRE 702") and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Although Sprint contends that Mr.

Halpern does not satisfy the legal standards set forth by FRE 702 and Daubert and its progeny, the only point that Sprint challenges under the applicable analysis is whether Mr. Halpern is sufficiently credentialed to be an expert in this case. Sprint makes no challenge to the opinions Mr. Halpern has offered in this case, his reasoning or methodologies, or the "fit" of his testimony to the issues at hand – the other "legal standards" under FRE 702 and Daubert.

Regarding the solitary issue raised by Sprint, Vonage submits that Mr. Halpern is *well* qualified to provide expert testimony in this case. Contrary to Sprint's position, the law imposes *no requirement* in patent infringement actions that each expert witness be a person of ordinary skill in the relevant art of the patents at issue. As the Federal Circuit has plainly stated when presented with the argument Sprint makes here, the concept of "a person of ordinary skill in the art" is a theoretical construct used in construing patent claims and determining obviousness under 35 U.S.C. § 103. Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd., 122 F.3d 1040, 1042 (Fed. Cir. 1997). It is not descriptive of any particular individual, and simply has *no* applicability to the qualification of a witness as an expert under the Federal Rules of Evidence (the "Rules"). Id. The Rules require only that an expert witness possess "knowledge, skill, experience, training, or education" to provide testimony regarding scientific, technical, or other specialized information that will assist the trier of fact. FRE 702. As his Curriculum Vitae reflects, Mr. Halpern has greater than 27 years of experience with data networks – including high-level, cutting-edge projects involving wireless and cellular telephone data networks and their interface with the Internet – precisely the technology at issue here. Further, Mr. Halpern has previously testified as an expert witness in other patent

litigation involving the Vonage system *without any objection regarding his qualification as such*.

Sprint offers no justification for excluding Mr. Halpern's proffered expert testimony, and, under the standards of FRE 702 and <u>Daubert</u>, there is none. Accordingly, the Court should deny Sprint's Motion.

II.     **ARGUMENT**

    A.     **The Law Imposes *No Requirement* that an Expert Witness in a Patent Infringement Action Be a Person of Ordinary Skill in the Art.**

Sprint's contention that Mr. Halpern's testimony should be excluded because he is not "one of ordinary skill in the art" of the Asserted Patents is dead wrong. Sprint is not the first to contend that, in patent cases, FRE 702 and <u>Daubert</u> impose an additional, affirmative requirement that witnesses tendered as experts must themselves be a person of ordinary skill in the art. Courts, including the Federal Circuit, have roundly and consistently rejected the application of the person of ordinary skill in the art standard to expert witness qualification, calling arguments for such an application "meritless," "nonsense," and "fallacious."

As the Federal Circuit, authoritatively rejecting this argument in <u>Endress + Hauser</u>, explained:

> Defendants attack Dr. Silva on the grounds that he is not "a person of ordinary skill in the art," and that he at one point in the proceedings acknowledged that much. *Of course that objection is meritless*. The "person of ordinary skill in the art" is a theoretical construct used in determining obviousness under [35 U.S.C.] § 103, and is not descriptive of some particular individual. <u>Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.</u>, 807 F.2d 955, 963, 1 U.S.P.Q.2D (BNA) 1196, 1201 (Fed. Cir. 1986) ("The person of ordinary skill is a hypothetical person who is presumed to be aware of all the pertinent prior art"); <u>see also</u> <u>Kimberly Clarke v. Johnson & Johnson</u>, 745 F.2d 1437, 1453 (Fed. Cir. 1984). To

3

>suggest that the construct applies to particular individuals could mean that a person of <u>exceptional</u> skill in the art would be disqualified from testifying as an expert because not ordinary enough. To the extent that the gravamen of defendants' complaint is that Dr. Silva was unqualified to testify as an expert witness at all, the record reflects his substantial credentials as an electrical engineer, and the decision to permit him to testify was well within the discretion of the trial judge.

122 F.3d at 1042 (italicized emphasis added). Characterizing defendants' further arguments regarding the expert's qualifications as "nonsense," the court concluded that "Dr. Silva's credentials clearly entitled him to be heard regarding the technical aspects of the patented invention and the accused devices." <u>Id.</u> (noting, in response to defendants' argument that the witness was not qualified as an expert because he was not a lawyer, that it was "nonsense" to contend that only lawyers or patent lawyers can be expert witnesses in a patent suit).

In moving for judgment as a matter of law or a new trial in <u>eSpeed, Inc. v. BrokerTec USA, L.L.C.</u>, a patent infringement case involving an electronic trading platform for trading government securities, plaintiff argued that defendant had not established the invalidity of the asserted patent because defendant's expert was not a person of ordinary skill in the art. 404 F. Supp. 2d 575, 579-80 (D. Del. 2005). Specifically, plaintiff argued that defendant's expert was not qualified because he was familiar only with computer systems, and did not know the rules of securities trading. <u>Id.</u> at 579. In no uncertain terms, the court found the argument that the witness was unqualified to render an opinion to be "fallacious" because the witness "had an adequate understanding of trading, and, more to the point, an exceptional grasp of the requisite programming issues related to trading." <u>Id.</u> at 580. As such, the witness was qualified as an expert and was able to render a helpful opinion to the factfinder. <u>Id.</u> at 580-81 (citing

"the Federal Circuit's determination [in Endress + Hauser] that the person of ordinary skill in the art is a hypothetical person").

In Pfizer Inc. v. Mylan Labs., Inc., a patent infringement case involving pharmaceuticals for treating high blood pressure, plaintiff moved to exclude testimony by defendants' expert on the asserted basis that the expert, an undergraduate organic chemistry professor and synthetic organic chemist, was not a formulation scientist and thus not equipped by his formal education, research activities, or teaching experience to provide an opinion regarding how a formulation scientist of ordinary skill would evaluate formulation properties and stability of a new chemical salt. Civ. No. 02:02cv1628, 2006 U.S. Dist. LEXIS 83856, at *9-10 (W.D. Pa. Nov. 17, 2006). The court denied plaintiff's motion, stating that the "liberal standards under Rule 702" permitted "a broad range of knowledge, skills, and training [to] qualify an expert as such." Id. at *10. Even though the expert was not a formulation scientist, and had studied, trained, and taught in a different discrete area, the court nevertheless found that the expert had provided the necessary support to establish that he was qualified to testify as an expert in the case. Id.[1]

---

[1]  The Court finds and rules that Dr. Burgess, while perhaps not a formulation scientist, has provided the necessary support to establish that he is qualified to testify as an expert in this matter. He holds a Bachelor of Science degree, a Masters degree in Physical Organic Chemistry, and a Ph.D. in Organometallic Chemistry. Dr. Burgess is a Professor at Texas A&M University and among the courses he teaches is undergraduate organic chemistry. Dr. Burgess has authored over 175 peer-reviewed publications, is named as an inventor on four United States patents, and has been an invited speaker at numerous universities and research facilities. Given that 'a broad range of knowledge, skills, and training qualify an expert as such,' and the liberal standards under Rule 702, the Court finds and rules that Dr. Burgess meets the first requirement of Rule 702.

Id., 2006 U.S. Dist. LEXIS 83856, at *9-10 (citations omitted).

Sprint's argument that Mr. Halpern is not qualified to be an expert witness is the same argument that was rejected in each of the above-cited cases. These cases clearly establish that the concept of the "person of ordinary skill in the art" simply has no applicability to expert witness qualification. Although Sprint must know this argument is a nonstarter, it still attempts to drum up support for it with citation to distinguishable cases. As explained below, neither of these cases actually supports Sprint's position.

### B. The Only Case Sprint Reasonably Relies upon to Support Its Rejected and Erroneous Position Involves a Patent Attorney Who Was Disqualified.

Sprint cites a total of *two* cases in ostensible support of its argument that expert witnesses in patent infringement cases must be one of ordinary skill in the art relevant to the asserted patent: Phillips v. AWH Corp., 415 F.3d 1303, 1318-19 (Fed. Cir. 2005), and Tel-Lock, Inc. v. Thomson Consumer Electronics, No. 03 C 320, 2005 U.S. Dist. LEXIS 7224, at *25 (N.D. Ill. Mar. 30, 2005). (See Sprint Br. at 6.) Phillips has nothing to do with this issue and, in fact, undermines Sprint's argument, and Tel-Lock is distinguishable insofar as that case involved the tender of a patent attorney as an expert witness.

In Phillips, the Federal Circuit was principally concerned with the relative weight to be given different categories of evidence courts typically consult in construing patent claims (e.g., intrinsic evidence, such as the language of the claims, the specification, and the prosecution history, and extrinsic evidence, such as expert testimony, treatises, and dictionaries). In the portion of the opinion cited by Sprint, the court noted that expert testimony can be generally less faithful to the intended meaning of claim language than intrinsic evidence like the prosecution history because expert testimony is generated at the time and for the purpose of litigation and thus can suffer from bias. Phillips, 415 F.3d

6

at 1318.  The court then stated: "[t]he effect of that bias can be exacerbated if the expert is not one of skill in the relevant art or if the expert's opinion is offered in a form that is not subject to cross-examination." Id. (emphasis added; citation omitted).  This statement clearly contemplates not only that an expert witness offering testimony may not necessarily be one of ordinary skill in the relevant art, but that a court may, in appropriate circumstances, consider such testimony in construing claim terms.

Accordingly, the only case Sprint reasonably relies on regarding this point is Tel-Lock.  As Sprint points out, courts have excluded testimony by purported expert witnesses in patent infringement cases based on a witness's qualifications, but these cases, like Tel-Lock, typically involve the disqualification of *patent attorneys or agents* as experts.  In Tel-Lock, a case involving a patent directed to a phone jack locking device, defendants relied on a *patent attorney* with an undergraduate degree in chemical engineering to provide an expert opinion that the accused products did not infringe the asserted patent and that the asserted patent was invalid.  Tel-Lock, 2005 U.S. Dist. LEXIS 7224, at *20-21.  At his deposition, the witness explained that he was skilled in the art of patent prosecution and procedures, but was not a person of ordinary skill in the art of telephone circuitry design or electrical circuitry.  Id. at *21 (explaining that the witness also had not opined on the level of one of ordinary skill in the art relevant to the asserted patent).

In its decision, the Tel-Lock court noted the uncontroversial point that "[g]enerally, testimony from a patent attorney, not skilled in the art, as to how to construe the language of the patent will not be helpful and may be excluded." Id. at *22 (citing Endress + Hauser).  The court found that the witness in that case had provided no

7

assistance in his report or deposition testimony in construing the claims, had offered no guidance in understanding the terms of the claims or claim elements, and did not attempt to give such terms any special meaning.  Id. at *23.  In view of the fact that the witness had no credentials in the relevant, or even a related, technical field, and that the witness's opinion was not helpful to the court, the court determined that the witness was not qualified as an expert.  Id. at *24-25.  The court so decided *not* because the witness was not one of ordinary skill in the art (an inapplicable standard), as Sprint would have this Court believe,[2] but because the witness had no special knowledge, skill, experience, training, or education in *any* relevant technical field such that his testimony would be helpful to the court (the applicable standard under FRE 702).  Other courts have made similar determinations.[3]

Sprint asks the Court find Mr. Halpern unqualified as an expert for failing to meet a requirement the Federal Circuit and other courts have flatly stated does not exist.  Based on this uncontroverted federal precedent, the Court should decline the invitation.

---

[2] Indeed, citing Endress + Hauser, the Tel-Lock court expressly noted that "'a person of ordinary skill in the art' is a hypothetical person having ordinary skill in the field and knowledge of all prior art.  It is not descriptive of some particular individual."  Id. at *22.  The Court further noted that the proffered witness, unlike Mr. Halpern, "ha[d] not been shown to have the qualifications to testify as an expert in the field of telephone curcuitry design or electrical circuitry."  Id.

[3] Courts have stricken the testimony of even the most exceptional of patent lawyers on this basis, including that of Sprint's proffered expert, Gerald H. Mossinghoff, former Commissioner of the U.S. Patent & Trademark Office.  See Wis. Alumni Research Found. v. IBM, No. 04-C-867, 2005 U.S. Dist. LEXIS 36845 (D. Wis. Aug. 29, 2005) (granting plaintiff's motion to strike Mr. Mossinghoff's expert report as unhelpful to the court; "[i]t is not necessary to have an expert educate a judge about the duty of candor or about the handling of patent applications by the patent office.")

## C.     Mr. Halpern Is Well Qualified to Offer Expert Testimony in this Case.

Sprint's specious argument notwithstanding, Mr. Halpern more than meets the requirements to testify as an expert witness under the established standards of FRE 702 and Daubert.

### 1.     Mr. Halpern has knowledge, skill, experience, training and education pertinent to the technology at issue and the principles it is based on.

Mr. Halpern clearly has knowledge, skill, experience, training *and* education related and relevant to issues in dispute in this case such that his testimony will be helpful both to the trier of fact in resolving factual issues and to the court in construing the asserted claims as a matter of law.  Mr. Halpern's Curriculum Vitae surely demonstrates that he has relevant technical knowledge, wholly unlike the witness excluded in Tel-Lock, a patent attorney who admittedly lacked any skill in the art relevant to the patent at issue "or any other particular technical discipline beyond his skills in the art of patent prosecution and procedures." Tel-Lock, 2005 U.S. Dist. LEXIS 7224, at *25-26.

As his Curriculum Vitae, written opinions, and deposition testimony demonstrate, Mr. Halpern has extensive professional experience with Session Initiation Protocol ("SIP"), the signaling protocol used in the Vonage system for establishing a Voice over Internet Protocol ("VoIP") call.  (See Sprint Br. at Ex. D.)  Sprint contends here that the Asserted Patents cover, and are infringed by, any telephony system that interfaces a standard network with the Internet.  Mr. Halpern has served as Chief Technology Officer of a company that designs and builds devices at the interface between the Internet and such other networks.  (See id.)

Mr. Halpern is not only experienced but a leader in Asynchronous Transfer Mode (ATM) technology that is the sole subject of at least three of the seven asserted patents. See, e.g., Specifications of U.S. Patent Nos. 6,473,429, 6,298,064 & 6,665,294, Exhibits E-G to Sprint's Compl., at Abstract ("The invention is a system for providing virtual connections through an ATM interworking multiplexer on a call-by-call basis.").

Mr. Halpern served as chair of the Technical Advisory Group of the ATM Forum for over a year, and chair of the group's committee in charge of making ATM easier to understand and to use. (See Sprint Br., Ex. D at 1.) Mr. Halpern is thus particularly and perhaps uniquely qualified to assist the Court and the trier of fact in understanding the technical terms they must grasp to decide this matter.

The coherent, detailed summary of the background technology, fluidly conversant discussion of the specifications of the asserted patents, and logical analysis of the asserted claims in view of the operability of the Vonage System in Mr. Halpern's expert report bear out the qualifications his Curriculum Vitae reflects.

To disqualify Mr. Halpern as an expert witness because he holds an undergraduate engineering degree in mathematics rather than electrical or computer engineering or computer science, or because his greater than 27 years of experience with data networks does not include a "principal focus" (Sprint Br. at 5) on voice telephony or employment with a "phone company" (id.) would be ludicrous. Such a conclusion would require an egregious misapplication of an inapposite standard that is not supported by the case law and has been roundly rejected by the Courts. Vonage maintains that Mr. Halpern's proffered testimony unquestionably meets the applicable standard for expert qualification under FRE 702 and Daubert.

       2.      <u>Mr. Halpern has previously testified as an expert witness in other litigation involving the Vonage system without objection to his qualifications.</u>

If Mr. Halpern's credentials and the work product he has already produced in this case left any doubt as to whether he is qualified to provide expert testimony regarding the alleged infringement by the Vonage System of telecommunications patents, Mr. Halpern has previously and recently provided expert testimony in another patent infringement action in which Vonage is a defendant – including testimony subject to cross-examination at trial – *without any objection to his qualifications as an expert*.

As indicated in the expert report submitted on February 28, 2007, Mr. Halpern provided expert testimony, in deposition and at trial, in <u>Verizon Services Corp. v. Vonage Holdings Corp.</u>, No. 1:06cv682 CMH/BRP (E.D.Va.) ("Verizon Matter"). (<u>See</u> Sprint Br., Ex. A at 3.) At issue in the Verizon case were, as the Verizon court described it, patents Verizon alleged "relat[e] to communications that use a public packet-switched network, such as the Internet; and the claims at issue relate particularly to communications that involve both a packet-switched network and the traditional telephone network ('public switched telephone network' or PSTN)," <u>see</u> Excerpts from Br. of Plaintiffs-Appellees at 4-5, Verizon Service Corp. v. Vonage Holdings Corp., No. 2007-1240 (Fed. Cir. April 3, 2007), attached as Exhibit "A," just as Sprint asserts patents it contends are infringed by any call going between Vonage's VoIP telephony system and the PSTN. At issue was the same Vonage VoIP service at issue here, accused of infringing patents when Vonage subscribers place a call to, or receive a call from, a non-VoIP user using the PSTN. Experts for both parties, including Mr. Halpern for Vonage, offered opinions and testimony on the operation, components, and interworkings

of the Vonage system and its interface with public switched telephone networks during inbound and outbound calls.  See, e.g., id. at 8-9.

Notably, the publicly available docket for proceedings in the Verizon matter, attached as Exhibit "B," confirms that Mr. Halpern's testimony was never challenged by a motion to exclude under FRE 702 or Daubert.[4]  As reflected in the trial transcript, Verizon made no objections regarding Mr. Halpern's qualification as an expert at trial. (See Excerpts of Verizon Matter Trial Tr., attached as Exhibit "C," at 1019: 16-17 ("MR. RIOPELLE: Your Honor, we're not challenging his qualifications. We'll stipulate.").)

Vonage respectfully submits that Mr. Halpern's previous testimony demonstrates (1) Mr. Halpern's intimate familiarity with the Vonage Internet telephony system and (2) the affirmation by a telephone industry giant and a federal court that Mr. Halpern, by virtue of this familiarity and otherwise, satisfies the requirements for qualifications as an expert set by FRE 702, and Daubert and its progeny.

### III.   CONCLUSION

Vonage respectfully requests that the Court deny Sprint's Motion to exclude expert testimony of Joel M. Halpern.

Respectfully submitted,

Dated:  June 11, 2007                    /s/ Don R. Lolli                    

                                      Don R. Lolli   KS Dist. #70236
                                      Patrick J. Kaine  KS #15594

---

[4] Although plaintiff in that case moved to exclude Vonage's expert's testimony in a motion filed on Jan. 17, 2007 (Docket Entry 245), the basis for exclusion in that motion was that Vonage's experts had not offered an opinion on infringement based on plaintiff's claim construction or the claim construction ultimately adopted by the Court. As such, plaintiff argued, any expert opinions offered at trial would be entirely new and plaintiff would be severely prejudiced as a result.

Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111
816-931-2700
pkaine@DysartTaylor.com
dlolli@DysartTaylor.com


   Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com

*Attorneys for Defendants/Counterclaim Plaintiffs Vonage America, Inc. and Vonage Holdings Corp.*

Case 2:05-cv-02433-JWL   Document 214   Filed 06/11/2007   Page 14 of 15

## CERTIFICATE OF SERVICE

I hereby certify on June 11, 2007, that a copy of Vonage Holdings Corp. and Vonage America, Inc.'s Memorandum in Opposition to Sprint Communications Co., L.P.'s Motion to Exclude the Opinions of Vonage's Expert Joel M. Halpern, and supporting papers, was filed electronically on this date, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

>B. Trent Webb
>Adam P. Seitz
>Erick A. Buresh
>Shook, Hardy & Bacon LLP
>2555 Grand Boulevard
>Kansas City, MO 64108-2613
>bwebb@shb.com
>aseitz@shb.com
>eburesh@shb.com
>
>*Attorneys for Plaintiff*
>*Sprint Communications Company L.P.*

    /s/ Donald R. McPhail

DM1\1139595.1

1