## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.,  )
                                         )
           Plaintiff,                  )
                                         )
          vs.                      )     Case No. 05-2433-JWL
                                         )
VONAGE HOLDING CORP. and        )
VONAGE AMERICA INC.,           )
                                         )
          Defendants.         )
_____)

## PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE OR DISREGARD PORTIONS OF VONAGE'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Sprint Communications Company L.P. ("Sprint"), Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Rule 56.1 of the Local Rules for the District of Kansas, and the inherent powers of this Court, hereby provides the following Brief in Support of Its Motion To Strike or Disregard Portions of Vonage's Brief in Support of its Motion for Summary Judgment.

### I.      Legal Standards

Local Rule 56.1 states that a party's "brief in support of a motion for summary judgment shall begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists." L.R. 56.1(a) (emphasis added). The Local Rules further require that "[t]he facts shall be numbered and shall refer with particularity to those portions of the record upon which movant relies." *Id.* The rule does not permit argument in the statement of fact section, nor does it allow the addition of any extraneous material. The rule requires that each fact placed in the section must refer to the particular portion of the record that provides support. *Id.* Indeed, "[t]he statement of material facts itself should consist of nothing but facts; it should not consist of vague and conclusory statements; it should not contain

Dockets.Justia.com

argument about the inferences plaintiff wants the court to draw from the facts; and it should not contain any other argument such as citation to legal authority." *Ferluga v. Eickhoff*, No. 05-2338, 2006 U.S. Dist. LEXIS 80037, at *5 (D. Kan. Oct. 31, 2006) (emphasis added)

If a defendant ignores these rules, the Court may disregard or strike "unsubstantiated conclusory allegations and statements of mere belief." *Id.* at *6-7 (*citing Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003) (regarding unsubstantiated conclusory allegations); *Sellers v. Butler*, No. 02-3055, 2006 U.S. Dist. LEXIS 72935, at *7 (D. Kan. Oct. 5, 2006) (disregarding those portions of the plaintiff's response that did not comply with L.R. 56.1(b) or Rule 56(e)); *Litton v. Maverick Paper Co.*, 388 F. Supp. 2d 1261, 1268 (D. Kan. 2005) (noting court may disregard those portions of summary judgment record that do not comply with Rule 56(e) and should only consider those portions that comply with D. Kan. Rule 56.1(b)).

## II.    Argument

Vonage's brief disregards and violates the Local Rules in three separate and distinct areas: (1) Section II, The Sprint Patents; (2) Section III, The Vonage System; and (3) Section IV, Statement of Undisputed Material Facts.  These sections include improper argument, unsupported alleged facts, legal conclusions and inappropriate commentary.  For the reasons set forth below, Sprint respectfully requests that the Court strike or disregard all such material when deciding Vonage's motion.  Specifically, Sprint requests that the Court strike and/or disregard Section II, Section III and each purported fact (except fact no. 4) in Section IV of Vonage's brief.

### A.    Vonage's Improper Commentary Should Be Stricken and Disregarded

Section II and III of Vonage's brief contain 13 pages of general descriptions of the Sprint Patents and the Vonage System.  *See* Brf., at 4-16.  These sections of Vonage's brief contain page after page of gratuitous and improper argument, attorney commentary, legal

conclusions, and conclusory statements regarding the patents and technology at issue.  To the extent these sections purport to be "facts," Vonage fails to provide uniquely numbered concise statements and fails to provide a specific reference to a particular portion of the record that supports <u>each</u> fact.  Instead, Vonage generally describes the Sprint Patents and its VoIP system, inserts gratuitous attorney argument, and provides only cursory citations to the record.

First, Vonage's "factual" description of the Sprint Patents are nothing more than attorney argument in the form of a rough paraphrase of the patent disclosures.  For example, in describing the '605 Family Patents, Vonage states:

> In operation, first point 170 will signal Telecommunications System 110 requesting a communications path.  This signaling is routed to CCP 120 over first link 191.  CCP 120 processes the signaling and selects at least one network characteristic (*e.g.*, network elements, connections, network codes[,] etc.) in response to the signaling.  The CCP 120 generates signaling reflecting its selection.  CCP 120 then transmits the signal to a network element before that network element has applied the signaling.  <u>Exh.</u> D 6:8-23.

Brf., at 8. A review of the cited portion of the '605 Family Patents establishes that Vonage merely is loosely interpreting the '605 Patent Family disclosure to support its positions.  The Court should look to the patents in question instead of Vonage's rough interpretation of the disclosure.  In addition, Vonage's "description" of the Sprint Patents selectively omits numerous portions of the Asserted Patents that do not support Vonage's contentions in this case.   When considering the issues presented, the Court must look to the actual disclosure in the Asserted Patents and must disregard Vonage's loose interpretation thereof.  Accordingly, the Court should disregard Section II of Vonage's Brief.

With respect to Section III, Vonage's failure to refer to the record "with particularity"[1] is indisputably established in its purported factual description of the Vonage System. For example, at pages 15-16, Vonage provides a 1 ½ page description of its system with only a single general record citation at the end of the description. *See* Brf., at 15-16. Throughout Section III, Vonage merely provides a cursory citation to the record at the end of each paragraph without making any effort to link those citations to any single fact. Indeed, section III is replete with these lengthy discussions and general citations. Vonage's tactics make it impossible for Sprint and the Court to determine what, if any, portions of the record Vonage is relying upon. Further, Sprint cannot effectively dispute each purported fact when it is unclear what support Vonage is relying upon for each particular statement. The Local Rules require particularity to prevent this very situation as Vonage's general allegations are a tremendous waste of the Court's and Sprint's time and resources.

To compound this problem, Vonage's Statement of Undisputed Material Facts (Section IV) contain vague references to "The Vonage System" section to support other conclusory statements that it contends are undisputed material facts. *See, e.g.,* Fact Nos. 8, 14, 15, 17, 18, and 19. For example, Vonage's support for Fact 8 states: "See Vonage System Description, Sec IV [sic]." Brf. at 21. Entirely absent from Vonage's citation is any indication as to where this fact may be found among the 8 pages and 17 paragraphs of the "Vonage System Description." Because Vonage has failed to identify the part of the record on which it is relying, it is nearly impossible for Sprint to provide a proper response to this "fact."

Vonage's failure to adhere to the clear requirements of Local Rule 56.1 has significantly prejudiced Sprint's ability to respond. Indeed, Vonage's generalities force the Court and Sprint to hunt for support, and leaves Sprint with no way to adequately respond to or

---

[1] L.R. 56.1(a).

rebut each "fact."  Accordingly, Sprint requests that the Court strike or completely disregard Section III of Vonage's Brief.

### B.     Vonage's Improper or Unsupported "Facts" Should be Stricken

Section IV of Vonage's brief is entitled "Statement of Undisputed Material Facts."  Brf. at 17.  Section IV fails to adhere to the dictates of Local Rule 56.1 in at least two significant ways.  First, it labels as "facts" statements that are unquestionably legal argument and conclusions.  Second, the section repeatedly refers back to Vonage's previous section entitled "The Vonage System," which, in addition to the problems listed above, was drafted by Vonage's attorneys and is not proper summary judgment evidence under Local Rule 56.1(d).

A clear example of Vonage's failure to adhere to the dictates of Local Rule 56.1 is seen in Fact 3, which states: "The '301 Family Patents do not disclose or describe voice communications through the Internet or VoIP."  Brf. at 19.  The issue of what is disclosed by the '301 Family Patents is a question of claim construction, which is a legal conclusion, not a fact. *See Markman v. Westview Instruments, Inc*., 517 U.S. 370, 372 (1996) ("Claim construction is a matter of law.").  Moreover, the question of what the specifications of the Asserted Patents disclose is a question that must be "judged from the perspective of one of ordinary skill in the art as of the relevant filing date," which requires an analysis not set forth in Vonage's conclusory "facts." *Falko-Gunter Falkner v. Inglis*, 448 F.3d 1357, 1363 (Fed. Cir. 2006).  By way of further example, Fact 13 states: "A network code is defined in the specification as being the logical address of a network element."  Brf., at 23.  "Network code" and "network element" are terms used in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion. *See Markman*, 517 U.S. at 372; *see also Falko-Gunter Falkner*, 448 F.3d at 1363; *Emergis Technologies, Inc. v. Cable One, Inc.*, 2006 WL 2644969, *1 (D.Kan. Sept. 14, 2006) ("The construction of a patent, including terms of art within its claim, is a question of

law."). Indeed, each of Vonage's "facts" contain more of the same—legal argument as to what is disclosed in the Asserted Patents or unsupported legal conclusions as to the construction of claim terms. Brf. at 17-25. Such legal conclusions are not "facts" and are improper under both Fed. R. Civ. P. 56, Local Rule 56.1, and relevant caselaw. *See Ferluga*, 2006 U.S. Dist. LEXIS 80037, at *5; *Markman*, 517 U.S. at 372.[2] A specific listing of the objectionable legal conclusions called for by Vonage's purported "facts is detailed below. In light of these specific objections, each of the purported "undisputed material facts" listed below should be stricken and disregarded.

      In addition, Vonage fails to adhere to the requirements of Local Rule 56.1 by attempting to support its purported "facts" with reference to the independently objectionable "Vonage System Description" of Section III. *See* Vonage Fact Nos. 8, 14, 15, 17, 18, and 19. As the local rules make clear, any facts that a party contends are undisputed "shall be numbered and shall refer <u>with particularity</u> to those portions of the record upon which movant relies." L.R. 56.1(d). As discussed above, Section III, "Vonage System Description," does neither. Vonage cannot support a fact by citation to a generalized attorney discussion that in itself does not properly cite to record support. The "Vonage System Description" consists of 8 pages and provides a mixture of attorney arguments and legal conclusions. It should not be incumbent on Sprint or the Court to sort through an 8 page section to determine which pages and citations Vonage is relying upon for its evidentiary support. Such an approach violates L.R. 56.1 and unfairly prejudices Sprint. For this additional reason, Fact Nos. 8, 14, 15, 17, 18 and 19 are improper and must be stricken.

---

[2] The proper procedure for construing claim terms is set forth in Sprint's Opposition to Vonage's Motion for Summary Judgment, which is considerably more involved than Vonage's conclusory "facts" as to the alleged construction of claim terms.

In summary, the following facts should be stricken for the reasons discussed above and specifically listed below:

- **Fact 1 Objections:** "User communication" is a claim term in numerous asserted claims and Vonage's use of the term in this purported fact calls for a legal conclusion. *See Markman*, 517 U.S. at 372. Moreover, the question of what is disclosed by the '301 Family Patents' specification must be assessed from the perspective of one of ordinary skill in the art, which requires an analysis not contemplated by Vonage's proposed "fact." *See Falko-Gunter Falkner*, 448 F.3d at 1363. Accordingly, Vonage's legal argument does not present a fact at all.

- **Fact 2 Objections:** "Identifier," "connection," and "asynchronous communication" are claim terms in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion. *See Markman*, 517 U.S. at 372. Moreover, the question of what is disclosed by the '301 Family Patents' specification must be assessed from the perspective of one of ordinary skill in the art, which requires an analysis not contemplated by Vonage's proposed "fact." *See Falko-Gunter Falkner*, 448 F.3d at 1363. Accordingly, Vonage's legal argument does not present a fact at all.

- **Fact 3 Objections:** The question of what is disclosed by the '301 Family Patents' specification must be assessed from the perspective of one of ordinary skill in the art, which requires an analysis not contemplated by Vonage's proposed "fact." *See Falko-Gunter Falkner*, 448 F.3d at 1363. Accordingly, Vonage's legal argument does not present a fact at all. Moreover, Vonage's citation to "'301 Patent Family Specifications" is improper and fails to meet the requirements that evidentiary support be set forth with particularity, as required in FRCP 56 and Local Rule 56.1.

- **Fact 5 Objections:** "Network element" and "narrowband switch" are terms used in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion. *See Markman*, 517 U.S. at 372. Furthermore, whether a particular term is defined within a specification calls for a legal conclusion. *See id.*; *see also Falko-Gunter Falkner*, 448 F.3d at 1363. Accordingly, Vonage's legal argument does not present a fact at all.

- **Fact 6 Objections:** "DS0" and "connection" are terms used in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion. *See Markman*, 517 U.S. at 372. Furthermore, whether a particular term is defined within a specification calls for a legal conclusion. *See id.*; *see also Falko-Gunter Falkner*, 448 F.3d at 1363. Accordingly, Vonage's legal argument does not present a fact at all.

- **Fact 7 Objections:** "Selection," "network element" and "connection" are terms used in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion. *See Markman*, 517 U.S. at 372. Furthermore, the phrase "makes a distinction" in Vonage's proposed fact is vague, ambiguous, unclear, and indefinite.

- **Fact 8 Objections:** "Select" and "connection" are terms used in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion. *See Markman*, 517 U.S. at 372. Moreover, as detailed above, Vonage's reliance on the "Vonage System Description" fails to meet the requirements that evidentiary support be set forth with particularity, as required in FRCP 56 and Local Rule 56.1.

- **Fact 9 Objections:** "Connection" and "network element" are terms used in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion. S*ee Markman*, 517 U.S. at 372.

•     **Fact 10 Objections:**  "Egress," "user communication" and "packet communication system" are terms used in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion.  *See id.*  In addition, in its purported support for this purported fact, Vonage launches into a discussion of "network codes," which is yet another term used in numerous asserted claims and, therefore, calls for a legal conclusion. *See id.*  Additionally, Vonage is attempting to construe the claim term "network code" in the context of a fact that is unrelated to the claimed "network code," which results in a virtually incomprehensible amalgamation of disjointed citations.

•     **Fact 11 Objections:**  "Network element," "egress" and "packet communication system" are terms used in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion.  *See Markman*, 517 U.S. at 372.

•     **Fact 12 Objections:**  "Network element," "egress" and "packet communication system" are terms used in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion.  *See id.*

•     **Fact 13 Objections:**  "Network code" and "network element" are terms used in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion.  *See id.*  Furthermore, whether a particular term is defined within a specification calls for a legal conclusion.  *See id.*; *see also Falko-Gunter Falkner*, 448 F.3d at 1363.  Accordingly, Vonage's legal argument does not present a fact at all.

•     **Fact 14 Objections:**  "Egress" and "packet communication system" are terms used in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion.  *See Markman*, 517 U.S. at 372.  Moreover, as detailed above, Vonage's

reliance on the "Vonage System Description" fails to meet the requirements that evidentiary support be set forth with particularity, as required in FRCP 56 and Local Rule 56.1.

- **Fact 15 Objections:** "Processing system" is a term used in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion. *See Markman*, 517 U.S. at 372. Moreover, as detailed above, Vonage's reliance on the "Vonage System Description" fails to meet the requirements that evidentiary support be set forth with particularity, as required in FRCP 56 and Local Rule 56.1.

- **Fact 16 Objections:** "Packet communication system" and "processing system" are terms used in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion. *See Markman*, 517 U.S. at 372.

- **Fact 17 Objections:** "Signaling message" is a term used in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion. *See id.* Moreover, as detailed above, Vonage's reliance on the "Vonage System Description" fails to meet the requirements that evidentiary support be set forth with particularity, as required in FRCP 56 and Local Rule 56.1.

- **Fact 18 Objections:** "Signaling message" is a term used in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion. *See Markman*, 517 U.S. at 372. Moreover, as detailed below, Vonage's reliance on the "Vonage System Description" fails to meet the requirements that evidentiary support be set forth with particularity, as required in FRCP 56 and Local Rule 56.1.

- **Fact 19 Objections:** "Processing system" and "signaling formatted for a narrowband" are terms used in numerous asserted claims and Vonage's use of the terms in this purported fact calls for a legal conclusion. *See Markman*, 517 U.S. at 372. Moreover, as

detailed below, Vonage's reliance on the "Vonage System Description" fails to meet the

requirements that evidentiary support be set forth with particularity, as required in FRCP 56 and

Local Rule 56.1.

### Conclusion

For all the foregoing reasons, Sprint respectfully requests that the Court strike and

disregard the above-identified portions of Vonage's Brief in Support of Vonage Holding Corp.

and Vonage America, Inc.'s Motion for Summary Judgment prior to considering the same.


Dated:  June 11, 2007.                              Respectfully submitted,

   /s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Adam P. Seitz, KS Bar No. 21059
Eric A. Buresh, KS Bar No. 19895
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Facsimile: (816) 421-5547

Counsel for Sprint Communications
Company, L.P.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 11th day of June, 2007, a true and accurate copy of the above and foregoing **BRIEF IN SUPPORT OF SPRINT'S MOTION TO STRIKE OR DISREGARD PORTIONS OF VONAGE'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was e-filed with the Court using the CM/ECF system which sent notification to all parties entitled to notice.


/s/ Adam P. Seitz_____
Attorney for Sprint Communications Company, L.P.