# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P. ) <br> ) <br> Plaintiff,  ) <br> ) <br> vs.  ) <br> )  <br> VONAGE HOLDINGS CORP.,) <br> VONAGE AMERICA, INC. ) <br> ) <br> Defendants.  ) <br> ) | Case No. 05-2433-JWL |

## SPRINT COMMUNICATIONS COMPANY L.P.'S RESPONSES TO DEFENDANT VONAGE HOLDINGS CORP.'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Sprint Communications Company L.P. ("Sprint"), by and through its undersigned counsel, hereby submits its Responses to Defendant Vonage Holdings Corp.'s ("Vonage") Second Set of Interrogatories ("the Request").

### GENERAL OBJECTIONS

Sprint hereby incorporates by reference each General Objection set forth in Sprint's original answers to Vonage Holdings Corp.'s First Set of Interrogatories as if those general objections were set forth fully herein.

2395334v1

§6.2 of the License; any notice of disputes not resolved, pursuant to §7 of the License; or any other notice sent pursuant to §8.2 of the License.

**RESPONSE:** Sprint objects to this Interrogatory as overly broad and unduly burdensome. Sprint further objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or control of Sprint and to the extent that it demands more than a reasonable investigation.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it is currently unaware of any notices received or made by Sprint under the License.

**INTERROGATORY NO. 17:** Identify the term of the Immunity Period identified in §3.4 of the License by beginning and end date; if the Immunity Period is no longer in effect, identify the date of its termination, the reason it was terminated, and by what means its termination was effectuated.

**RESPONSE:** Sprint objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or control of Sprint and to the extent that it demands more than a reasonable investigation.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that the Immunity Period began on December 17, 1998 and ended on December 17, 2002. By way of further response, pursuant to Fed. R. Civ. P. 33(d), Sprint refers Vonage to the

following documents from which the answer to this Interrogatory can be ascertained: SPRp-012-01-00242-243, SPRe-012-01-00787-791, and SPRe-012-01-00817.

**INTERROGATORY NO. 18:** Identify all Alliance Committee members and committees as per §4 of the "Sprint-Cisco Alliance Agreement" (the "Alliance Agreement"), executed December 17, 1998 (SPRe-012-01-00792 to 848).

**RESPONSE:** Sprint further objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or control of Sprint and to the extent that it demands more than a reasonable investigation. Sprint objects to this request as overly broad and unduly burdensome.

Subject to and without waiver of the foregoing general and specific objections, Sprint states, pursuant to Fed. R. Civ. P. 33(d), that it has produced non-privileged, responsive documents from which the answer to this Interrogatory can be ascertained, including: SPRe-012-01-00802 to 806. Sprint further states that it is currently unaware of any additional Alliance committees or committee members.

**INTERROGATORY NO. 19:** Identify the individual items, including but not limited to any products, services, developments, patents and patent applications, that constitute or at any time constituted or may constitute intellectual property covered by or subject to the Alliance Agreement, including any "Jointly Developed Intellectual Property" as identified in §7.2.3 of the Alliance Agreement, and "Custom Developed Intellectual Property" as identified in §9 of the Alliance Agreement. To the extent there is any "Jointly Developed Intellectual Property" as defined in the agreement, identify which of that property is owned by Sprint, and which is owned

5

**RESPONSE:** Sprint objects to this Interrogatory as overly broad and unduly burdensome. Sprint further objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Sprint also objects to this Interrogatory as vague and ambiguous with respect to the phrases "any information provided by Cisco", "regarding the components supplied by Cisco", "allow Sprint and/or Cisco to determine Cisco's right" and "any calculations made based on that information." Sprint further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection. Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or control of Sprint and to the extent that it demands more than a reasonable investigation.

Subject to and without waiver of the foregoing general and specific objections, Sprint states it currently is unaware of any "Jointly Developed Intellectual Property" and, therefore, has no information responsive to this Interrogatory.

**INTERROGATORY NO. 21:** Identify and state the detailed basis for any extensions, renewals, and/or terminations of, or defaults under, the License and the Alliance Agreements, and the means by which any such extensions, renewals, terminations or defaults became effective.

**RESPONSE:** Sprint objects to this Interrogatory as overly broad and unduly burdensome. Sprint further objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Sprint further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client

7

privilege, work product doctrine, or any other applicable protection. Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or control of Sprint and to the extent that it demands more than a reasonable investigation.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that the License was rescinded, effective April 20, 2000 (SPRe-012-01-00787 to 791). Sprint further states that the Alliance Agreement expired on December 17, 2001 (SPRe-012-01-00817).

**INTERROGATORY NO. 22:** Identify the product names and serial numbers, past and present, and the functionality of, all items identified in §§3.0-3.4 of the Statement of Work #JCS2000-K9497000 (the "SOW"), December 17, 1998 (SPRe-012-01-01022 to 1066) (including, but not limited to, those items listed as Existing Functionality, Accelerated Functionality, Custom Development and Sprint Developed Functionality of the Virtual Switch Controller and/or the Virtual Switch Controller program and/or the CP/SP system), and any other items which embody the functional deliverables described therein.

**RESPONSE:** Sprint objects to this Interrogatory as overly broad and unduly burdensome. Sprint further objects to this Interrogatory to the extent it seeks information irrelevant to the Asserted Patents or irrelevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Sprint also objects to this Interrogatory as vague and ambiguous with respect to the phrase "functionality of" and "any other items which embody the functional deliverables described therein." Sprint further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection. Sprint further objects to this Interrogatory to the extent that it seeks information that is outside the possession, custody, or