# EXHIBIT B

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P. <br><br> Plaintiff, <br><br> vs. <br><br> THEGLOBE.COM, INC., <br> VOICEGLO HOLDINGS, INC., <br> VONAGE HOLDINGS CORP., <br> VONAGE AMERICA, INC. <br><br> Defendants. | Case No. 05-2433-JWL |

## SPRINT COMMUNICATIONS COMPANY L.P.'S RESPONSES TO DEFENDANT VONAGE HOLDINGS CORP'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Sprint Communications Company L.P. ("Sprint"), by and through its undersigned counsel, hereby responds and objects to Defendant Vonage Holdings Corp.'s ("Vonage") First Set of Interrogatories ("the Request").

## GENERAL OBJECTIONS

The following General Objections shall be deemed incorporated into the objections and answers to each and every specific Interrogatory:

1. Sprint objects to Defendant's Interrogatories to the extent that: (a) Defendant seeks to require Sprint to provide any information beyond what is available to Sprint at present from a reasonable search of its own files and reasonable inquiry of its present employees; (b) Defendant seeks information which is within the attorney-client privilege or work-product

1918593v2

immunity; and/or (c) Defendant seeks to impose on Sprint any other obligation not imposed by Federal Rules of Civil Procedure or the Local Rules for the District of Kansas.

2. Sprint objects to the terms "Plaintiff" and "Sprint" and "you" as used in Vonage's Interrogatories to the extent that the terms purport to extend to any corporate entity other than Plaintiff Sprint Communications Company L.P. and to any person other than Plaintiff Sprint Communications Company L.P.'s present employees and agents.

3. Sprint objects to the terms "document" and "documents" as used in Defendant's Interrogatories to the extent that the terms seek to embrace information or documents that are not within the possession, custody or control of Sprint.

4. Sprint objects to the production of information protected by the attorney-client privilege and/or attorney work product immunity. To the extent that privileged or work-product information is called for by Defendant's Interrogatories and is embodied in documents, the documents will be identified in the "privilege log" and such list will be produced at a date to be agreed upon between counsel.

5. Sprint objects to Defendant's Interrogatories to the extent that they call upon Sprint to investigate, collect, or disclose information and/or documents and things that are neither relevant subject matter nor reasonably calculated to lead to the discovery of admissible evidence.

6. These General Objections apply to all of Sprint's responses. To the extent that specific General Objections are cited in a specific response, those specific citations are provided because they are believed to be particularly applicable to the specific Interrogatories and are not to be construed as a waiver of any other General Objection applicable to information falling within the scope of the Interrogatories.

1918593v2

7. The following responses reflect Sprint's present knowledge, information, and belief, and may be subject to change or modification based on Sprint's further discovery and/or investigation. Sprint will supplement its responses as required under the Federal Rules of Civil Procedure.

8. Sprint objects to the Interrogatories to the extent they seek trade secrets or other confidential or propriety research, development, commercial, or business information. Sprint will produce such information, if requested and not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered in this action.

9. Sprint objects to the Interrogatories to the extent they call for identification or production of information that is a matter of public record, and/or is equally available to the requesting party.

10. Sprint objects to the Interrogatories to the extent that they purport to create obligations that exceed the requirements of the Federal Rules of Civil Procedure or the Local Rules of the Court.

11. In responding, Sprint does not concede that any Interrogatory to which it responds is relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Sprint expressly reserves both the right to object to further discovery into the subject matter of these Interrogatories and the right to object to introduction into evidence of responses to these Interrogatories. Sprint also reserves the right to question the authenticity, relevance, materiality, privilege, and admissibility as evidence for any purpose of the information provided in the documents identified and/or produced in response to these Interrogatories, which may arise in any subsequent proceeding in, or the trial of, this or any other action.

1918593v2

12. Sprint objects to the Interrogatories to the extent they are premature. Because all the information and documents that are possibly within the scope of the Interrogatories may not yet have been located and identified, and discovery is ongoing, Sprint's response to the Interrogatories is based upon information available and reviewed to date. Sprint reserves the right to assert additional objections to the Interrogatories and to modify and supplement its responses, in whole or in part, without prejudice.

13. Pursuant to the definitions set forth in Vonage's Interrogatories, the term "Vonage" shall mean, separately and collectively, defendants Vonage Holdings Corp. and Vonage America, Inc.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:** Identify Sprint's organizational structure and any of its predecessor-in-interest, all parents, holding companies, or other entities which own or control Sprint, all divisions, subsidiaries, affiliates or other entities which Sprint owns or controls, by name, date of organization, present address, state of incorporation and the nature of the business conducted thereby.

**ANSWER:** Sprint objects to this Interrogatory as overly broad, unduly burdensome and irrelevant in that it seeks information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Sprint also objects to this Interrogatory to the extent it seeks information from entities other than Sprint Communications Company L.P., who are not a party to this lawsuit.

**INTERROGATORY NO. 2:** Identify all documents and communications relating to the alleged liability of Vonage for infringement of the invention(s) disclosed in the Asserted Patents.

**ANSWER:** Sprint objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions. Sprint further objects to this Interrogatory to the extent it calls for a legal conclusion. Furthermore, Sprint states that beyond publicly available and equally accessible information regarding Vonage's products and/or services, documents responsive to this Interrogatory likely are in the possession of, and must be produced by, Defendants. In addition, this request is premature as discovery is ongoing.

Subject to and without waiver of the foregoing objections, Sprint will respond following a reasonable opportunity to review, analyze, and obtain expert opinion concerning documents produced, and yet to be produced, by defendant Vonage.

**INTERROGATORY NO. 3:** Identify each assignment, license (express or implied), offer to assign or offer to license the invention(s) disclosed in the Asserted Patents.

**ANSWER:** Sprint objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions. Sprint further states that documents responsive to this Interrogatory likely are in the possession of, and must be produced by, Defendants.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that it has produced information responsive to this Interrogatory with its Initial Disclosures.

**INTERROGATORY NO. 4:** Identify each study, evaluation or opinion obtained by Sprint relating to the validity, enforceability, or infringement of the Asserted Patents.

**ANSWER:** Sprint objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that there is no non-privileged information responsive to this Interrogatory.

**INTERROGATORY NO. 5:** Identify any patents, publications, or other prior art including without limitation prior use, sales, or knowledge relating to the subject matter of the Asserted Patents that became known to Sprint (including its attorneys) prior to the issuances of the Asserted Patents.

**ANSWER:** Sprint objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine,

and/or any other applicable privileges or exemptions. Sprint further objects to this Interrogatory to the extent it calls for identification of information that is a matter of public record, and/or is equally available to the requesting party.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that any such document was identified in the prosecution history of the Asserted Patents.

**INTERROGATORY NO. 6:** For each and any claim of Asserted Patents that Plaintiff contends is infringed by Vonage, please provide an element by element analysis that describes in detail the manner in which Plaintiff contends each claim element of the claim infringed by Vonage and specify for each of the claims that Plaintiff contends is infringed by Vonage that is a method claim, the Vonage component(s) that practice each claim element of the method claim and indicate whether such infringement is believed to be literal infringement or infringement under the doctrine of equivalents, and include a detailed description of how plaintiff contends any accused activity meets each and every claim limitation, or otherwise contributes to or induces infringement of each such claim.

**ANSWER:** Sprint objects to this Interrogatory to the extent it requests detailed contentions even though there has been no discovery to date. Sprint also objects to this Interrogatory as premature in that it seeks detailed information that will be subject to expert testimony long before expert reports are to be provided to Defendant pursuant to FED. R. CIV. P. 26(a)(2) and the Court's Scheduling Order. Sprint further objects to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without waiver of the foregoing general and specific objections, Sprint responds, to the extent possible, as follows: Sprint contends that each of the asserted

1918593v2

claims is infringed literally and, if not, under the doctrine of equivalents. Sprint further contends that Defendant directly infringes each asserted claim and induces and/or contributes to the infringement by others of each asserted claim. Sprint's contentions are preliminarily set forth in Exhibit A, attached hereto. Sprint reserves the right to supplement these contentions and/or add additional asserted claims.

**INTERROGATORY NO. 7:** With respect to plaintiff's allegation that Vonage has willfully infringed the Asserted Patents, please state the full and complete basis for this allegation and, identify each person with knowledge of the basis and each document which reflects, refers or relates to that basis.

**ANSWER:** Sprint objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions.

Subject to and without waiver of the foregoing general and specific objections, Plaintiff states that Defendants had knowledge of the Asserted Patents at least as early as July 13, 2004. Subsequent notice of the Asserted Patents was transmitted on multiple occasions. Despite said notice, Defendants continued to infringe the Asserted Patents. The identity of a person with knowledge of Defendants' willful infringement is Jeffrey A. Citron. Other employees and/ or representatives of Defendants with knowledge of Defendants' willful infringement are likely known and must be identified by Defendants. Sprint further states that documents responsive to this Interrogatory likely are in the possession of, and must be produced by, Defendants.

**INTERROGATORY NO. 8:** Identify the amount of damages allegedly sustained by plaintiff due to Vonage's alleged infringement of the Asserted Patents, the theory of damages, and the method used to calculate the amount of damages including, with limitation, whether the

calculation is based on lost profits, reasonably royalty, or some other measure of patent damages; and identify each fact that supports that allegation, including but limited to each fact that supports or relates to the "Panduit" factors for a lost profits calculation and each fact that supports or relates to the "Georgia-Pacific" factors for a reasonable royalty calculation, each document that refers to or relates to that fact, and each person which knowledge of that fact (listed in order from most knowledgeable to lease knowledgeable).

**ANSWER:** Sprint objects to this Interrogatory to the extent it seeks detailed information in advance of any meaningful discovery into Defendants' sales of its infringing products and/or services. Sprint also objects to this Interrogatory as premature to the extent it seeks contentions and information properly the subject of expert opinion and testimony, which will be provided to Defendants pursuant to FED. R. CIV. P. 26(a)(2) in the manner and time set forth in the Court's Scheduling Order.

**INTERROGATORY NO. 9:** State the meaning of each word, term and phrase of each claim of the Asserted Patents that plaintiff contends has a special or uncommon meaning and state each fact which supports or relates to such construction, including without limitation to identify each reference or portion of the claims, specification, or prosecution history that supports, describes or explains such construction, identify each item of other evidence that supports or relates to such construction, and identify each person with knowledge of such facts.

**ANSWER:** Sprint objects to this Interrogatory as overly broad and unduly burdensome in that it seeks information on claim terms that will not require construction. Sprint also objects to this Interrogatory as premature to the extent it seeks contentions and information properly the subject of expert opinion and testimony, which will be provided to Defendants pursuant to FED. R. CIV. P. 26(a)(2) in the manner and time set forth in the Court's Scheduling Order. Sprint objects to

this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions. Sprint further objects to the Interrogatory in that it calls for a legal conclusion because only the Court may determine the "meaning" of a claim term.

**INTERROGATORY NO. 10:** Identify each person you expect to call as an expert or fact witness in this litigation and for each witness identified, state the subject matter on which the witness is expected to testify (either by oral testimony or written declaration), state the substance of the facts and/or opinions to which the witness is expected to testify, identify all documents referring or relating to the substance of the witness' testimony, and summarize the grounds for such testimony.

**ANSWER:** Sprint objects to this Interrogatory as premature to the extent it seeks information subject to pending discovery.

Subject to the foregoing general and specific objections and in addition to those individuals identified in Sprint's Initial Disclosures, both fact and expert witnesses will be disclosed at the time and in the manner set forth in the Court's January 18, 2006 Scheduling Order.

**INTERROGATORY NO. 11:** Identify when and how Sprint first became aware of Vonage's alleged infringement of the Asserted Patents, and when Sprint first informed Vonage of our alleged infringement of the Asserted Patents.

**ANSWER:** Sprint objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions. Sprint also objects to this Request on the

1918593v2

basis that it is unreasonably cumulative or duplicative and the information requested is already within the possession of, and/or must be produced by, Defendants.

Subject to and without waiver of the foregoing general and specific objections Sprint states that it became aware of Vonage's infringement of the Asserted Patents on or about May 2004. Sprint first informed Vonage of its infringement of the Asserted Patents at least as early as July 13, 2004. Subsequent notice of Vonage's infringement of the Asserted Patents was transmitted on multiple occasions.

**INTERROGATORY NO. 12:** Identify any products utilizing and/or derived from the inventions described in the Asserted Patents sold and/or offered for sale, or licensed and/or offered for license by Sprint.

**ANSWER:** Sprint objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions. Sprint further objects to the phrase "products utilizing and/or derived from the inventions" as vague and ambiguous.

Subject to and without waiving its general and specific objections, Sprint states that it has not sold and/or offer for sale, or licensed and/or offered for license any product utilizing and/or derived from the inventions described in the Asserted Patents.

**INTERROGATORY NO. 13:** Of those products identified in Interrogatory 12, describe the type and nature of the markings used to indicate that the products utilize and/or are derived from the inventions disclosed in the Asserted Patents.

1918593v2

**ANSWER:** Sprint hereby incorporates its specific objections to Interrogatory 12 as if fully set forth herein. Sprint further objects to the phrase "type and nature of the markings" as vague and ambiguous.

Subject to and without waiving its general and specific objections, Sprint states that no such products were identified in response to Interrogatory 12 and, as such, it cannot respond to this Interrogatory.

**INTERROGATORY NO. 14:** For each of Interrogatories 1-13, identify the person believed by Sprint to be the most knowledgeable with respect to the subject matter thereof and each person consulted or participating in any way in answering the interrogatory.

**ANSWER:** Sprint objects to this Interrogatory to the extent it seeks information that was provided to Defendants as part of Sprint's Initial Disclosures on the grounds that it is unreasonably cumulative or duplicative, and seeks information Defendant already has. Sprint further objects to this Interrogatory as overly broad, unduly burdensome and irrelevant in that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Sprint also objects to the phrase "the person believed by Sprint to be the most knowledgeable" as vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Sprint states that Mr. Harley Ball participated in preparing these responses.

STATE OF KANSAS   )
                 )
COUNTY OF JOHNSON)

Harley Ball, being first duly sworn on oath, deposes and states that he signs the foregoing responses on behalf of Sprint Communications Company L.P.; that he has read the foregoing document; that the matters set forth in the foregoing responses are not necessarily within the personal knowledge of the deponent and that the deponent is informed that there is not one individual representative of Sprint Communications Company L.P. who has personal knowledge of all such matters; that the facts stated in the foregoing responses have been assembled by authorized employees and counsel for Sprint Communications Company L.P.; and that the answers made herein are true, correct and complete to the best of the deponent's knowledge and belief.

_____
Harley Ball

SUBSCRIBED and sworn to before me this 17th day of March, 2006.

_____
Notary Public

My Commission Expires:

12/09/06

NOTARY PUBLIC
STATE OF KANSAS
JOEl ALVARADO
My Appt. Exp. 12/09/06

13

1918593v2

Dated: March 20, 2006

                    Respectfully Submitted,

                    /s/ Adam P. Seitz_____
                    B. Trent Webb, KS Bar No. 15965
                    Eric A. Buresh, KS Bar. No. 19895
                    Adam P. Seitz, KS Bar No. 21059
                    SHOOK HARDY & BACON L.L.P.
                    2555 Grand Blvd.
                    Kansas City, Missouri 64108-2613
                    816-474-6550 Telephone
                    816-421-5547 Facsimile

                    ATTORNEYS FOR PLAINTIFF SPRINT
                    COMMUNICATIONS COMPANY L.P.

1918593v2

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March 2006, a copy of SPRINT COMMUNICATIONS COMPANY L.P.'S RESPONSES TO DEFENDANT VONAGE HOLDINGS CORP.'S FIRST SET OF INTERROGATORIES was sent via e-mail and U.S. Mail to the following:

James D. Oliver
Scott C. Nehrbass
Foulston Siefkin LLP
40 Corporate Woods Suite 1050
9401 Indian Creek Parkway
Overland Park, Kansas 66210

James W. Dabney
Henry C. Lebowitz
Malcolm J. Duncan
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attorneys for Defendants
theglobe.com, Inc. and Voiceglo Holdings, Inc.

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


/s/ Adam P. Seitz
Attorneys for Sprint Communications Company L.P.

15

1918593v2