**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THEGLOBE.COM, INC., ) | Case No. 05-2433-JWL |
| VOICEGLO HOLDINGS, INC., ) | |
| VONAGE HOLDINGS CORP., ) | JURY TRIAL DEMANDED |
| VONAGE AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**<u>PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S BRIEF IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER</u>**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and D. Kan. Rule 26.2, Sprint Communications Company L.P. ("Sprint") respectfully moves the Court for a Protective Order precluding the deposition noticed by Vonage Holdings Corp. and Vonage America, Inc. of Sprint pursuant to Fed. R. Civ. P. 30(b)(6) on Topic 18 of the Second Notice. *See* Ex. A (Vonage's Second 30(b)(6) Notice). In the alternative, Sprint requests guidance from the Court as to the proper scope of Topic 18 so that it is able to effectively prepare a witness to testify.

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

On March 21 and 22, 2007, Sprint produced Mr. Albert Duree to testify as to Topics 18 and 19 in Vonage's Second Notice, subject to Sprint's objections to those topics. *See* Ex. B (March 13, 2007 letter to Vonage indicating Mr. Duree was only being produced subject to Sprint's objections to topics 18 and 19) and Ex. C, at 9-10 (Sprint's Objections to topics 18 and 19). Specifically, Sprint produced Mr. Duree to discuss the structure and/or operation of the

1

2504496v1

inventions disclosed in the Asserted Patents. *Id.* Vonage, however, contended that Mr. Duree was not sufficiently prepared to testify on those topics and filed a motion to compel further testimony from a Sprint witness on the full scope of topics 18 and 19. *See* Doc. No. 151. Notably, Vonage did not contest Sprint's objections to topics 18 and 19. Nor did Vonage attempt to reach an agreement with Sprint as to the proper scope of topics 18 and 19.

On May 9, 2007, the Court heard argument regarding Vonage's motion to compel and ordered Sprint to produce another witness on topics 18 and 19. *See* Ex. D, Minute Entry for Proceedings Held on May 9, 2007; *see also*, Doc. No. 192, Order. During that conference, Sprint addressed with the Court the fact that it may not be able to adequately prepare and produce a witness given the broad scope and irrelevant nature of Vonage's topics. In response, the Court requested that the parties meet and confer to reach a mutually agreeable scope as to topics 18 and 19 and, if this was not possible, to address this issue with the Court. *Id*.

On May 10, 2007, Sprint began what would be a long and, ultimately, futile effort to work with Vonage on reaching an agreeable scope for topics 18.[1] During the parties first meet and confer, Sprint requested clarification on topic 18 because, as written, it requested information about patents not involved in the current lawsuit. In response to Sprint's request, Vonage indicated that topic 18 was "intended to cover" the "similarities/differences" between the Asserted Patents and "patents such as U.S. Patent No. 6,181,703; 6,115,380; 6,411,624; 6,172,977; 6,690,656; 6,421,344 and 6,577,626." Ex. H (E-mail from McPhail to Seitz, dated May 14, 2007). Because the purported scope of topic 18 represented a significant departure from the scope of the topic as Vonage originally had articulated it, Sprint was forced to revisit whether it even had such information in its possession for use in preparing a witness.

---

[1] The parties have reached an agreement on the proper scope of topic 19 and, in fact, Sprint had agreed to provide Vonage with a witness to testify on this topic on June 14, 2007. *See* Ex. F (E-mail from Seitz to McPhail, dated May 31, 2007).

2

2504496v1

Ultimately, Sprint informed Vonage that it could not provide a witness on this topic because Sprint does not have any information which would reflect any comparison regarding the "similarities/differences" of the listed patents and the asserted patents. *See* Ex. I (e-mail from Seitz to McPhail, dated May 31, 2007). Sprint also informed Vonage that the patents it had identified were wholly irrelevant as they were not related to any claim or defense in this matter. *Id.* In response, Vonage asserted that these defenses were relevant to an inequitable conduct defense, which has not been pled by Vonage and was not raised as a defense in the pretrial order. *See* Doc. No. 207, Pretrial Order.

Once again, Sprint attempted to reach common ground with Vonage as to the scope of topic 18. *See* Ex. J (e-mail from Seitz to McPhail, dated May 31). Vonage's response, however, claimed that Sprint was not complying with the Court's Order. *See* Ex. K (e-mail from McPhail to Seitz, dated May 31). Vonage also indicated it was no longer interested in attempting to reach a mutually agreeable understanding as to the scope of topic 18. *See id.* ("To the extent you wish to characterize my efforts to help you understand some of the subject matter of the testimony sought by topic 18 as somehow creating a "new topic" then you may disregard them."). Pursuant to the Court's Order, Sprint sought on a number of occasions to clarify its position with Vonage so as to hopefully reach a mutually agreeable scope to topic 18. *See* Ex. O (e-mail from Seitz to McPhail, dated May 31); Ex. L (e-mail from Seitz to McPhail dated June 6); and Ex. M (e-mail from Seitz to McPhail, dated June 7).

In response to Sprint's communications, Vonage now states that Topic 18 is not intended to cover the "similarities/differences" between certain patents and the Asserted Patents, but is instead intended to cover "the structure and operation of the purported invention(s) that were the bases for the asserted patents and for certain other patents naming Christie and others."

3

*See* Ex. N (e-mail from McPhail to Seitz, dated June 7). Once again, Sprint clarified its position. *See* Ex. M. Once again, Vonage refused to cooperate and demanded a witness on the full scope of topic 18 as originally drafted. *See* Ex. M (e-mail from McPhail to Seitz, dated June 12). Moreover, in what has become a standard strategy for Vonage, it threatened Sprint with sanctions for, apparently, attempting to meet and confer on the scope of the disputed topic. *Id.* ("Should you persist in this course of action, we will have no alternative but to seek appropriate sanctions from the Court.").

Sprint agreed to produce Mr. Duree for deposition on June 14 to address topic 19. Vonage originally accepted this date. *See* Ex. E (e-mail from McPhail to Seitz, dated June 11). However, on June 12, Vonage informed counsel for Sprint that it would not take Mr. Duree's deposition on the agreed upon date. *See* Ex. G. Vonage did not suggest an alternative date when it cancelled Mr. Duree's deposition. *See id.*

Sprint has attempted on numerous occasions to confer with Vonage as to a proper and agreeable scope to topic 18. Sprint's efforts have been met with repeated refusals to cooperate and baseless and unfounded accusations. Sprint is left with no other option but to seek protection from the Court and/or guidance as to the proper scope of topic 18.

Pursuant to Local Rule 37.2, counsel for the parities have had extensive discussions and correspondence about this issue and have not been able to resolve it, thus necessitating this motion.

## II. STATEMENT OF QUESTION PRESENTED

Whether Sprint should be required to produce a witness under the original or "modified" scope of topic 18 and, if so, what is the proper scope of topic 18.

## III. ARGUMENT

### A. Legal Standards

In a Rule 30(b)(6) deposition, a party may name as a deponent a public or private corporation so long as the party sets forth the matters on which the person will testify. Fed. R. Civ. P. 30(b)(6). The party requesting the deposition "must take care to designate, **with painstaking specificity**, the particular subject areas that are intended to be questioned, **and that are relevant** to the issues in dispute." Doc. No. 192, Order, at 7. This specificity is of required so that the defending party may "prepare [the witness] so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Id.*

The topics must also be relevant to the issues in the dispute, otherwise the responding party will be subject to significant burden and expense in preparing and producing a witness. Fed. R. Civ. P. 26(c). Indeed, "[d]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Audiotext Communications Network, Inc. v. US Telecom, Inc.*, 1995 WL 625962, *3 (D.Kan. Oct. 5, 1995). "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Land v. United Telephone Southeast, Inc.*, 1995 WL 128500, *3 (D. Kan. March 22, 1995). "When relevancy is not apparent, however, it is the burden of the party seeking discovery to show the relevancy of the discovery request." *Id.* To determine whether a topic is relevant, "the court must examine the issues raised in the case." *Audiotext Communications Network,* 1995 WL 625962 at *3.

**B.    Sprint Cannot Provide A Witness on the Full Scope of Topic 18 Because It Is Overly Broad and Seeks Irrelevant Information**

Topic 18 requests a witness on the following issues:

The structure and/or operations of **any invention** designed, developed, conceived and/or reduced to practice (actual or constructive) by [1] Joseph Michael Christie and one or more of [2] Manu Chand Bahl (a/k/a Bobby Chand Bahl), [3] Albert Daniel

5

>Duree, [4] Michael Joseph Gardner, [5] Daniel Charles Sbisa, [6] William Lyle Wiley, [7] Tracy Lee Nelson, [8] James David Setter, [9] Pamela Lynne Satterfield and/or [10] Mark Sucharczuk.

Ex. A, at 9. As is readily apparent from the face of the topic, it is overly broad and seeks irrelevant information. As such, Sprint properly interpreted the scope of the topic as the structure and/or operation of the inventions disclosed in the Asserted Patents (*see* Ex. C, at pp. 9-10), and produced Mr. Duree on this basis. For the reasons set forth below, Sprint's original interpretation of the scope of this topic was correct.

First, topic 18 is overly broad and unduly burdensome in that it requests a witness on "any invention" by any one of the ten (10) individuals, which Sprint's original objections made clear. *See* Ex. C, at 9. Indeed, the overly broad nature of the topic makes it difficult, if not impossible, for Sprint to identify and prepare a witness to testify. *See, e.g., Land*, 1995 WL 128500, *3 ("The overly broad nature of the request for ["any and all"] documents makes it unduly burdensome for Sprint to adequately respond."); *see also Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 2007 WL 1018811, *6 (D.Kan. Apr. 3, 2007) (noting that the request for "all correspondence of any kind sent either to or from plaintiff" was "overly broad on its face"). The overly broad nature of this topic and the burden associated with identifying and preparing a witness is further evidenced by the fact that there are 365 patents and patent applications between these ten individuals. *See* Ex. N (search results from U.S.P.T.O. for patents and/or patent applications listing these ten individuals). The burden and cost associated with preparing a witness on 365 patents and patent applications could not be more clear.

Topic 18 also seeks a significant amount of irrelevant information, which is apparent from the face of the topic. Because the relevancy of these 365 unasserted patents and applications and ten individuals who bear no relation to the Asserted Patents is not readily apparent, Vonage "has the burden of showing the relevancy of the discovery request." *Moss*,

6

2007 WL 1018811 at *2. As the facts above demonstrate, Vonage has wholly failed to meet its burden in this regard. Regardless, the irrelevance of this topic cannot be disputed.

This case revolves around Sprint's assertion that Vonage has infringed seven (7) patents. *See* Doc. No. 207, Pretrial Order, at pp. 1 and 8. The **only inventor** on those seven patents is Joseph Michael Christie. *Id.*, at pp. 3-4, ¶¶ 7-13. Inventions by Manu Chand Bahl (a/k/a Bobby Chand Bahl), Albert Daniel Duree, Michael Joseph Gardner, Daniel Charles Sbisa, William Lyle Wiley, Tracy Lee Nelson, James David Setter, Pamela Lynne Satterfield and/or Mark Sucharczuk have no absolutely no relation to Sprint's allegations of infringement. *See id.*, at 1, 8-9, 12-18 (reciting Sprint's contentions and elements of Sprint's claims, none of which relate to these individuals). Nor do inventions by these individuals bear any relation to Sprint's Asserted Patents. *See id.* Moreover, inventions by these individuals have no bearing on any defense asserted by Vonage. *See id.*, at 18-24 (reciting Vonage's contentions and elements of Vonage's defenses, none of which relate to these individuals). Nor does Vonage list any of these individuals or their inventions in its expert reports. If it were even possible to identify, prepare, and produce a witness on these numerous irrelevant topics, the cost associated with such an endeavor would be significant. Accordingly, Sprint is unable to produce a witness on the full scope of topic 18 as Vonage now demands. Moreover, because Sprint already has produced a witness under the proper scope of topic 18 (the structure and/or operation of the inventions disclosed in the Asserted Patents), Sprint should not be required to reproduce a witness to provide the same testimony.

To the extent Vonage attempts to modify Topic 18 in the manner originally suggested—which Vonage later withdrew—the topic still seeks irrelevant information. Specifically, Vonage stated that the subject topic 18 "was intended to cover" was the

7

"similarities/differences between inventions in asserted patents and inventions" in the following patents: 6,181,703; 6,115,380; 6,411,624; 6,172,977; 6,690,656; and 6,577,626. *See* Ex. H. This topic, however, still seeks irrelevant information and, in any event, Sprint is unable to produce a witness on this "modified" topic. First, the identified patents are not related to any claim or defense in this matter. *See* Doc. No. 207, Pretrial Order (failing to list these patents in relation to any claim or defense). Indeed, these patents are not relied upon, or even cited by, Vonage's experts. Second, because Sprint does not have any information which would reflect a comparison regarding the "similarities/differences" between the Asserted Patents and the identified patents, it has no information with which to prepare and produce any witness to testify as a 30(b)(6) designee. As such, Sprint is equally unable to produce a witness on Vonage's "modified" topic 18 as it is unable to produce a witness on the full scope of topic 18.

When properly construed, this topic should only relate to the structure and operation of the inventions disclosed in the Asserted Patents. Indeed, this is the very scope on which Sprint previously produced a witness[2] and which Vonage contends was insufficient. While Sprint is prepared to fully comply with the Court's Order and produce another witness on topic 18, it cannot do so under the full scope of topic 18, which includes 365 unasserted patents and applications and ten individuals who are not related to any claim or defense in this lawsuit. Nor should Sprint be required to produce another witness on the properly construed scope of topic 18 because it previously provided a witness on this very topic and it would be a waste of both parties' time and resources.

---

[2] *See* Ex. C., at 10 (Sprint's objections to topic 18 making clear that a witness would be provided to discuss the "structure and/or operation of any invention . . . by Joseph Michael Christie that is embodied in the patents-in-suit.").

## IV. CONCLUSION

For the foregoing reasons, Sprint respectfully requests that the Court enter a Protective Order prohibiting a deposition on topic 18 of Vonage's Second Notice. In the alternative, Sprint respectfully requests guidance from the Court as to the proper scope of topic 18 so that Sprint may make a "conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the interrogator and to prepare those persons in order that they can answer fully, completely, [and] unevasively." Doc. No. 192, Order, at 7.

Respectfully Submitted,

Dated: June 13, 2007                         SHOOK, HARDY & BACON L.L.P.


/s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Adam P. Seitz, KS Bar No. 21059
Eric A. Buresh, KS Bar No. 19895
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS FOR PLAINTIFF

2504496v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2006, a copy of the above and foregoing was e-filed with the Court using the CM/ECF system which sent notification to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


/s/ Adam P. Seitz_____
Attorney for Sprint Communications Company L.P.

2504496v1