# EXHIBIT K

**From:** McPhail, Donald R. [mailto:DRMcPhail@duanemorris.com]
**Sent:** Thursday, May 31, 2007 1:12 PM
**To:** Seitz, Adam P. (SHB)
**Cc:** Buresh, Eric A. (SHB); Golob, Barry
**Subject:** RE: 30(b)(6) notice - topic 18

Adam -

To the extent you wish to characterize my efforts to help you understand some of the subject matter of the testimony sought by topic 18 as somehow creating a "new topic" then you may disregard them. Sprint has been ordered to produce a witness to testify to the structure and operation of devices covered by the asserted patents and the structure and operation of devices covered by patents naming Christie and one or more other inventors, as set forth in Vonage's notice. Once we have obtained that testimony, we can determine "similarities/differences" for ourselves. Let me know if Sprint does not intend to comply with the Court's order so that we may seek appropriate relief.

As to whether Vonage has pled an inequitable conduct defense, be reminded that inequitable conduct is based on fraud and therefore must be pled with specificity, including sufficient facts to support the claim. Sprint's continued failure to produce a witness for deposition on topic 18 is only hampering Vonage's ability to seek to amend its pleadings in this regard.

We therefore expect Sprint to comply with the Court's outstanding order and produce a witness to testify as to the structure and operation of devices that are the subject of the asserted patents and the structure and operation of devices that are the subject of patents naming Christie and others as the inventors, including the '703 patent and the '380 patent which claim patentably indistinct inventions. Sprint's delay in this regard will not be tolerated, particularly as you are now asserting a new basis for not producing a witness. Sprint never asserted that it could not adequately prepare a witness on topic 19 in its Response to Vonage's Motion to Compel or at the telephonic hearing before the Court. Indeed, in Sprint's Response to Vonage's Motion to Compel, Sprint argued that Mr. Duree had adequately testified on this subject matter, at least insofar as it related to the inventions embodied in the patents-in-suit. To claim now that you cannot adequately prepare a witness on this topic, after arguing that you had already done so and having it rejected by the Court, is unacceptable. Let me know if Sprint intends to continue to refuse to comply with the Court's outstanding Order.

Don