# EXHIBIT 6

Dockets.Justia.com



www.shb.com

March 30, 2007

Adam P. Seitz

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.421.5547 Fax
aseitz@shb.com

Cisco Systems, Inc.
ATTN: Legal Department
170 West Tasman Drive
San Jose, CA 95137

Re: Subpoena in the matter of *Sprint Communications Company L.P. v. Vonage Holdings Corp., et al.*, Case No: 05-2433-JWL (D. Kan.)

Dear Sir or Madam:

Enclosed please find a subpoena directed to Cisco Systems, Inc. This subpoena is being served upon you in connection with the above-referenced litigation pending in the U.S. District Court for the District of Kansas. We represent the plaintiff in this matter.

The subpoena requests the production of specific documents identified in Exhibit A to the subpoena. We are willing to work with you to minimize the burden involved with subpoena compliance. Please contact me once you have had a chance to review the subpoena so that we can assist you in focusing your search and accommodating your schedule.

The subpoena also requires a deposition of Cisco pursuant to Fed. R. Civ. P. 30(b)(6) on the topics identified in Exhibit B. Pursuant to Rule 30(b)(6), Cisco shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, as to the subject matter of the documents and information requested in and/or produced in response to this subpoena. Cisco may set forth, for each person designated, the matters on which the person will testify. The deposition will be taken by oral examination, with written and/or audio and video record made thereof, before a Notary Public or office authorized by law to administer such oaths.

Thank you in advance for your cooperation.

Sincerely,

Adam P. Seitz

APS/td

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

≈AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SPRINT COMMUNICATIONS COMPANY LP | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| VONAGE HOLDINGS CORP., and VONAGE AMERICA, INC. | Case Number:[1] 05-2433 JWL, District of Kansas |

TO: Cisco Systems, Inc.
170 West Tasman Drive
San Jose, CA 95137

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 333 Bush Street - Suite 600<br>San Francisco, CA 94104     See attached Exhibit B. | 4/16/2007 9:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| 2555 Grand Blvd.<br>Kansas City, MO 64108 | 4/14/2007 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ A. Seitz       ATTORNEY FOR PLAINTIFFS | 3/30/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Adam Seitz, Shook, Hardy & Bacon, 2555 Grand Blvd., Kansas City, Missouri 64108; (816) 474-6550

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## EXHIBIT A

Sprint hereby requests the production of the following documents and things, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

### INSTRUCTIONS

1. The following shall apply to all requests:

   A. The singular of each word shall be construed to include its plural, and vice versa;

   B. "And" as well as "or" shall be construed both conjunctively as well as disjunctively;

   C. "Each" shall be construed to include "every," and vice versa;

   D. "Any" shall be construed to include "all," and vice versa; and

   E. The present tense shall be construed to include the past tense, and vice versa.

   F. Capital letters shall be construed to include lowercase letters, and vice versa.

2. If you believe that any of the following requests call for an assertion of a claim of privilege, answer so much of the request as is not objected to, state that part of each request to which you raise objection, and set forth the basis for your claim of privilege with respect to the information you refuse to give.

3. If, for reasons other than a claim of privilege, you refuse to answer any request, please state the grounds upon which the refusal is based with sufficient specificity to permit determination of the propriety of your refusal.

2398012v1

4. If you believe that any of the following requests call for an assertion of the work-product or attorney-client privilege, you are requested to prepare a "privilege log" listing the following information for each document withheld:

    A. the paragraph to which the document is responsive;

    B. the title and general subject matter of the document;

    C. the type of document (e.g., letter, memorandum, note, report, etc.);

    D. the date of the document;

    E. the identity of the author of the document;

    F. the identity of persons for whom the document was prepared, to whom it was sent, and who received copies; and

    G. the nature of and the basis for the claim of privilege.

5. If you do not agree with any definition of the terms provided herein you are instructed to provide a reasonable, alternative definition for that term, consistent with industry custom and usage.

6. Each of the definitions and instructions contained herein shall be fully applicable to each request notwithstanding that a definition or instruction above may, in whole or in part, be reiterated in a particular request and notwithstanding that a particular request may incorporate supplemental instructions or definitions. If, however, you provided any alternate definitions in accordance with Instruction No. 5, indicate whether, and how, any answer to any request would differ if you relied on your alternate definition in responding to that request instead of the definitions provided.

2

2398012v1

## DEFINITIONS

1. "Person" shall mean any individual or firm, association, organization, joint venture, trust, partnership, corporation, company, or other collective organization or entity.

2. "Vonage" shall mean, separately and collectively, Vonage Holdings Corp., Vonage America, Inc., and any subsidiaries, affiliates, predecessors, successors, parents, divisions, employees, agents, attorneys, persons, or entities acting for or on its behalf, whether in existence now or at any time.

3. "Sprint" shall mean Sprint Communications Company L.P., and any subsidiaries, affiliates, predecessors, successors, parents, divisions, employees, agents, attorneys, persons, or entities acting for or on its behalf, whether in existence now or at any time.

4. "You," "your" or Cisco" shall mean, collectively and individually, Ciscto Systems, Inc., and any affiliate or subsidiary thereof, including, but not limited to, Cisco Technology, inc., Linksys, and any of their licensees, subsidiaries, affiliates, predecessors, successors, parents, divisions, persons or entities acting for or on their behalf, whether in existence now or at any time.

5. "This Lawsuit" shall mean the litigation styled *Sprint Communications CompanyL.P. v. Vonage Holdings Corp. and Vonage America, Inc.*, Case No. 05-2433-JWL, pending in the United States District Court for the District of Kansas.

6. "The Sprint Patents" shall mean, individually and collectively, United States Patent No. 6,633,561 (Attachment 1); United States Patent No. 6,463,052 (Attachment 2); United States Patent No. 6,452,932 (Attachment 3); United States Patent No. 6,304,572 (Attachment 4); United States Patent No. 6,473,429 (Attachment 5); United States Patent No. 6,298,064 (Attachment 6); and United States Patent No. 6,665,294 (Attachment 7).

7. "Relating to" or "relate to" shall mean to contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with, or have any tendency to prove or disprove the matters set forth.

8. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes computer records in any format. By way of further explanation, "document" shall mean all non-identical copies of material of every kind and description which are recorded by hand-writing, printing, typing, photographing, Photostatting, graphic representation, mechanical, electronic, magnetic, or any other means of recording, any form of communication, information or representation, including letters, words or numbers or their equivalent, or data compilations of any sort whatsoever. The term "document" is therefore defined to include, among other things, information stored on electronic media, videotapes, motion pictures, computer data, and any other electronic, mechanical or magnetic records or representations of any kind including without limitation all tapes, cassettes, magnetic, optical or other discs, magnetic cards, e-mail, and recordings. A draft or non-identical copy is a separate document within the meaning of this term.

9. "Correspondence" means, but shall not be limited to, any letter, telegram, telex, TWX, facsimile, e-mail, notice, message, memorandum or other written communication or transcription of notes of a communication.

10. "Communication" means any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, questions, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meeting and also

including, but not limited to, correspondence, financial records, corporate records, reports and documents as defined above.

5

## DOCUMENTS AND THINGS REQUESTED

1. All documents, files, and things relating to any correspondence or communication between Cisco and Vonage that relate to or discuss This Lawsuit or any claim of infringement by Sprint against Vonage.

2. All documents, files, things, correspondence, or communications between Vonage and Cisco relating to any request(s) for indemnification arising from This Lawsuit or any claim of infringement by Sprint against Vonage.

3. All documents, files, things, correspondence, or communication relating to any request(s) for indemnification or defense from Vonage to Cisco relating to any claim(s) of patent infringement by Sprint.

4. All documents, files, things, correspondence, or communication relating to any request(s) for indemnification or defense from Cisco to Vonage relating to any claim(s) of patent infringement.

5. All contracts and agreements between Vonage and Cisco drafted, negotiated or executed between January 2000 and the present, and all documents relating thereto.

6. All licenses between Vonage and Cisco drafted, negotiated or executed between January 2000 and the present, and all documents relating thereto.

7. All documents, files, and things relating to any correspondence or communication between Cisco and Vonage, which relate to or discuss Sprint.

8. All documents, files, and things relating to any correspondence or communication between Cisco and Vonage, which relate to or discuss the Sprint Patents.

9. With respect to all products purchased from Cisco by Vonage, all documents reflecting any terms or conditions of the sale of any such product(s), or limitations on or restrictions of any use of such products by Vonage.