# EXHIBIT 8

Dockets.Justia.com

| | |
|---|---|
| **From:** | DeBruicker, Lauren E. [LEDeBruicker@duanemorris.com] |
| **Sent:** | Monday, May 07, 2007 6:48 PM |
| **To:** | ksd_waxse_chambers@ksd.uscourts.gov |
| **Cc:** | Patrick Kaine; Seitz, Adam P. (SHB); Golob, Barry; McPherson, Patrick D.; McPhail, Donald R. |
| **Subject:** | RE: Sprint Communications Co. L.P. v. Vonage Holdings Corp. et al., 05-2433-JWL: Pretrial Order |
| **Attachments:** | Pretrial Order.WPD |

Dear Judge Waxse,

Attached please find the parties' Pretrial Order in WordPerfect format.  Please let us know if the Court has any issues opening, or with the formatting of, the attachment.

Respectfully,

**Lauren DeBruicker**
**ledebruicker@duanemorris.com**

---

**From:** DeBruicker, Lauren E.
**Sent:** Monday, May 07, 2007 6:19 PM
**To:** 'ksd_waxse_chambers@ksd.uscourts.gov.'
**Cc:** 'Patrick Kaine'; 'Seitz, Adam P. (SHB)'; Golob, Barry; McPherson, Patrick D.; McPhail, Donald R.
**Subject:** Sprint Communications Co. L.P. v. Vonage Holdings Corp. et al., 05-2433-JWL: Pretrial Order

Dear Magistrate Judge Waxse,

As counsel to defendants, and on behalf of the parties, attached please find the parties' pretrial order in the above-captioned matter.  The attachment is in .pdf format; we are currently in the process of converting the order from the format in which the parties prepared it into WordPerfect, as the Court has directed, and will forward it upon completion.

We look forward to speaking with the Court at Wednesday's pretrial conference.

Respectfully submitted,



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.,    )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )        Case No.  05-2433-JWL
                                       )
VONAGE HOLDINGS CORP.,                 )
VONAGE AMERICA, INC.,                  )
                                       )
                    Defendants.        )

## PRETRIAL ORDER

Pursuant to Fed. R. Civ. P. 16, a pretrial conference will be held in this case by telephone on

May 9, 2007, before David J. Waxse, U.S. Magistrate Judge.

This pretrial order shall supersede all pleadings and control the subsequent course of this

case.  It shall not be modified except by consent of the parties and the court's approval, or by order

of the court to prevent manifest injustice.  *See* Fed. R. Civ. P. 16(e); D. Kan. Rule 16.2(c).

**1.    APPEARANCES.**

The plaintiff, Sprint Communications Company L.P. ("Sprint"), appeared at the pretrial

conference through counsel, B. Trent Webb, Adam P. Seitz and Eric A. Buresh.  The defendant,

Vonage Holdings Corp. and Vonage America, Inc. (collectively, "Vonage"), appeared through

counsel, Patrick D. Kaine, Barry Golob, Donald R. McPhail and Patrick D. McPherson.

**2.    NATURE OF THE CASE.**

This is a patent infringement case based upon U.S. Patent Nos. 6,304,572; 6,633,561;

6,463,052; 6,452,932; 6,473,429; 6,298,064; and 6,665,294 ("the Asserted Patents").

3.     **PRELIMINARY MATTERS.**

a.     **Subject Matter Jurisdiction.**   Subject matter jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1338(a), and is not disputed.

b.     **Personal Jurisdiction.**   The court's personal jurisdiction over the parties is not disputed.

c.     **Venue.**   The parties stipulate that venue properly rests with this court.

d.     **Governing Law.**   Subject to the court's determination of the law that applies to the case, the parties believe and agree that Sprint's claims of patent infringement are governed by United States Patent Laws 35 U.S.C. § 101 et seq.   The parties agree and believe that Vonage's defenses, affirmative defenses and counterclaims of noninfringement, invalidity and unenforceability of the Asserted Patents are governed by United States Patent Laws 35 U.S.C. § 101 et seq.; Vonage's defenses and affirmative defenses of laches, estoppel, acquiescence, unclean hands, and misuse are governed by the precedents of the United States Court of Appeals for the Federal Circuit and federal common law, and its proposed amended contract defenses by the laws of the states of Kansas and New York.

4.     **STIPULATIONS.**

a.     **The following facts are uncontroverted:**

1.     Plaintiff Sprint Communications Company L.P. is a Limited Partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 6500 Sprint Parkway, Overland Park, Kansas 66251.

2

2.    Defendant Vonage Holdings Corp. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2147 Route 27, Edison, New Jersey 08817.

3.    Defendant Vonage America, Inc. is a wholly owned subsidiary of Vonage Holdings Corp. and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2147 Route 27, Edison, New Jersey 08817.

4.    The Court has personal jurisdiction over the parties.

5.    The Court has jurisdiction over the subject matter of this action.

6.    Venue is proper in this Court.

7.    On October 16, 2001, United States Patent No. 6,304,572 entitled "Method, System and Apparatus for Telecommunications Control" ("the '572 patent") was issued by the U.S. Patent and Trademark Office to Joseph Michael Christie.

8.    On October 14, 2003, United States Patent No. 6,633,561 entitled "Method, System and Apparatus for Telecommunications Control" ("the '561 patent") was issued by the U.S. Patent and Trademark Office to Joseph Michael Christie.

9.    On October 8, 2002, United States Patent No. 6,463,052 entitled "Method, System and Apparatus for Telecommunications Control" ("the '052 patent") was issued by the U.S. Patent and Trademark Office to Joseph Michael Christie.

10.    On September 17, 2002, United States Patent No. 6,452,932 entitled "Method, System and Apparatus for Telecommunications Control" ("the '932

3

patent") was issued by the U.S. Patent and Trademark Office to Joseph Michael Christie.

11.     On October 29, 2002, United States Patent No. 6,473,429 entitled "Broadband Telecommunications System" ("the '429 patent") was issued by the U.S. Patent and Trademark Office to Joseph Michael Christie.

12.     On October 2, 2001, United States Patent No. 6,298,064 entitled "Broadband Telecommunications System" ("the '064 patent") was issued by the U.S. Patent and Trademark Office to Joseph Michael Christie.

13.     On December 16, 2003, United States Patent No. 6,665,294 entitled "Broadband Telecommunications System" ("the '294 patent") was issued by the U.S. Patent and Trademark Office to Joseph Michael Christie.

14.     Sprint is the owner by assignment of the '572 patent.

15.     Sprint is the owner by assignment of the '561 patent.

16.     Sprint is the owner by assignment of the '052 patent.

17.     Sprint is the owner by assignment of the '932 patent.

18.     Sprint is the owner by assignment of the '429 patent.

19.     Sprint is the owner by assignment of the '064 patent.

20.     Sprint is the owner by assignment of the '294 patent.

21.     Sprint asserts that Vonage has infringed and is infringing claims 1, 2, 5, 6, 14, 38, 39, 42, 43, and 51 of the '572 patent.

22.     Sprint asserts that Vonage has infringed and is infringing claims 1, 3, 22, 23, 24, 26, 29, 36 and 38 of the '561 patent.

23.     Sprint asserts that Vonage has infringed and is infringing claims 1, 2, 3, 4, 5, and 11 of the '052 patent.

24.     Sprint asserts that Vonage has infringed and is infringing claims 1 and 18 of the '932 patent.

25.     Sprint asserts that Vonage has infringed and is infringing claims 1, 2, 3, 5, 6, 21, 23, 24, 25, 27, 28, and 43 of the '429 patent.

26.     Sprint asserts that Vonage has infringed and is infringing claims 1, 2, 5, 7, 29, 35, 38, 41, and 63 of the '064 patent.

27.     Sprint asserts that Vonage has infringed and is infringing claims 1, 4, 9, 10, 17, 18, 19, 22, 26, 27, 28, 35 and 36 of the '294 patent.

28.     Vonage first offered for sale its VoIP service, Vonage Digital Voice, in March, 2002.

29.     The letter dated July 13, 2004 (SPCC.1157-58) was received by Vonage.

30.     The letter dated August 19, 2004 (SPCC.1165-66) was received by Vonage.

31.     The letter dated November 12, 2004 (SPCC.1159) was received by Vonage.

32.     The letter dated May 9, 2005 (SPCC.1160) was received by Vonage.

33.     The letter dated July 15, 2005 (SPCC.1169) was received by Vonage.

34.     The '429 patent, the '064 patent, and the '294 patent all claim the priority date of U.S. Patent No. 5,991,301 filed September 8, 1995 ( collectively, the "'301 Family Patents"), and share a common specification.

36.    The '561 patent, the '052 patent, the '572 patent and the '932 patent all claim the priority date of the U.S. Patent Application No. 08/238,605, filed May 5, 1994 (collectively, the "'605 Family Patents"), and share a common specification.

37.    Joseph Michael Christie, sole named inventor of the Asserted Patents, died on or around February 22, 1996.

38.    Sprint is not aware of any product or service made, sold, or offered for sale by Sprint that is within the scope of any claim of the Asserted Patents.

39.    Vonage Holdings Corp. was incorporated in or around May 15, 2000; Vonage America, Inc. was incorporated on or around April 29, 2005.

40.    U.S. Patent No. 5,544,163, entitled "Expandable telecommunications system," was filed on March 8, 1994 and issued to Robert P. Madonna as a U.S. Letters Patent on August 6, 1996.

42.    U.S. Patent No. 4,991,172, entitled "Design of a high speed packet switching node," was filed on October 28, 1988 and issued to Israel Cidon et al. as a U.S. Letters Patent on February 5, 1991.

45.    U.S. Patent No. 4,491,945, entitled "Fast packet switch," was filed on June 25, 1982 and issued to Jonathan S. Turner as a U.S. Letters Patent on January 1, 1985.

46.    U.S. Patent No. 5,434,852, entitled "Distributed processing architecture for control of broadband and narrowband communications networks," was filed on August 31, 1994, and issued to Thomas F. LaPorta as a U.S. Letters Patent on July

18, 1995, and was a continuation of application no. 08/082,656, which was filed on June 25, 1993.

47.     U.S. Patent No. 5,115,426, entitled "Broadband ISDN packet switching arrangements," was filed on March 30, 1990 and issued to Ronald A. Spanke as a U.S. Letters Patent on May 19, 1992.

49.     U.S. Patent No. 5,440,563, entitled "Service circuit allocation in large networks," was filed on October 12, 1993 and issued to Alessandro L. Isidoro as a U.S. Letters Patent on August 8, 1995.

50.     U.S. Patent No. 5,339,318, entitled "VPI and VCI assignment system in ATM system," was filed on October 22, 1992 and issued to Kenji Tanaka et al. as a U.S. Letters Patent on August 16, 1994.

**b.**     The following documents constitute business records within the scope of Fed. R. Evid. 803(6) and may be introduced in evidence during trial without further foundation, subject to objections based solely on grounds of relevancy:

1.     Subpoena results from Synchronoss Technologies Inc. ("STI").

2.     Subpoena results from Third Party Verification, Inc. ("3PV").

3.     Subpoena Results from Sprint's subpoena of Cisco Systems, Inc.

**c.**     Copies of exhibits may be used during trial in lieu of originals.

**d.**     The parties have stipulated to the admission of the following trial exhibits:

1.     None.  With the Court's permission, the parties will amend as appropriate.

e.      At trial, witnesses who are within the subpoena power of the court and who are officers, agents, or employees of the parties need not be formally subpoenaed to testify, provided that opposing counsel is given at least three (3) business days advance notice of the desired date of trial testimony.  For purposes of this entire pretrial order, the calculation of "business days" does not include Saturday, Sunday, or any legal holiday as defined by Fed. R. Civ. P. 6(a).

f.      By no later than 5:00 p.m. each day of trial, counsel shall confer and exchange a good faith list of the witnesses who are expected to testify the next day of trial.

## 5.      FACTUAL CONTENTIONS.

### a.      Plaintiff's Contentions.

Plaintiff contends that Vonage has infringed one or more of the asserted claims of the Asserted Patents by making, selling, offer to sale, and/or using its VoIP telephony system.  The system accused of infringing the Asserted Patents ("the Accused System") meets each limitation of one or more of the asserted claims of the Asserted Patents either literally or under the doctrine of equivalents, as those limitations are construed by Sprint.

The asserted claims of the Asserted Patents are presumed valid under 35 U.S.C. § 282.  That presumption can only be overcome if defendants provide clear and convincing evidence of their invalidity.  Each of the asserted claims of the Asserted Patents are presumed invalid independently of the validity of the other claims under 35 U.S.C. § 282.  Plaintiff contends that there is no evidence that any single prior art reference discloses, expressly or inherently, each and every limitation of any of the asserted claims, and that the asserted claims therefore are not anticipated or invalid under 35 U.S.C. § 102.  Plaintiff also contends that there is no evidence that the asserted clams are obvious in light of the prior art; that the prior art, alone or in combination, discloses each

limitation of any of the asserted claims; or that there is any motivation or suggestion to combine elements of the prior art in the manner claimed.

Vonage first learned of the Asserted Patents on or around July 13, 2004. Since that knowledge, Vonage has grown to become one of the largest subscriber-based VoIP service providers in North America with $258,000,000 in VoIP service revenues in 2005 and approximately 2.1 million customers as of September, 2006. Plaintiff is not seeking to recover all of Vonage's revenue or profits generated from its system, but Plaintiff is entitled to an award of damages in the amount of a reasonably royalty based on Vonage's sales of that service.

Plaintiff contents that Vonage's infringement has been and continues to be willful, that this is an "exceptional case" under 35 U.S.C. § 285, and that the Court should treble any damage award and award Plaintiff its reasonable attorney fees as a result of Vonage's willful infringement. Plaintiff also seeks an injunction preventing Vonage from continuing to make, sell, offer to sale, and/or use the infringing system.

### b.    Defendant's Contentions.

Vonage's VoIP System does not infringe any of the Asserted Patents. Sprint cannot meet its burden of proving that the Vonage system meets each and every limitation of any claim of the Asserted Patents, either literally or under the doctrine of equivalents, as those limitations are construed by Sprint or otherwise. Further, as the differences between the elements of the asserted claims and any allegedly corresponding elements of the Vonage system are substantial, Sprint cannot establish that the Vonage system infringes the patents under the doctrine of equivalents.

The Asserted Patents are invalid.  The Asserted Patents are invalid under 35 U.S.C. § 112 for lack of adequate written description, for purporting to claim subject matter that is neither described in nor equivalent to any "invention" that is described in the specifications of the Asserted Patents, for failing to particularly point out and distinctly claim the subject matter which the applicant regarded as his invention, and for failing to enable a person skilled in the art to make and use the invention claimed.

The Asserted Patents are also invalid under 35 U.S.C. § 102 as they are anticipated by prior art.

The Asserted Patents are further invalid as the inventions disclosed therein were obvious under 35 U.S.C. § 103 as the subject matter Sprint allegedly patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains.

The Asserted Patents are unenforceable.

The Asserted Patents are unenforceable as a result of Sprint's unclean hands or misuse of the Asserted Patents.  Specifically, Sprint has attempted to broaden the physical and/or temporal scope of the Patents by making the unfounded claim that any and all internet based phone services, such as those offered by Vonage America are products and services that fall within the purview of the Patents.  In doing so, Sprint seeks to eliminate competition from competitors such as Vonage America which offer alternative, non-infringing technology to end-user consumers. As detailed in Vonage's Motion to Amend its Answer and Counterclaims, now pending before the Court, Sprint also covenanted not to sue certain purchasers and users of components purportedly covered by the Asserted Patents for at least a certain period of time.  By virtue of

10

failing to mark these components, or provide any notice of its purported patent rights to those who buy and use the allegedly covered technology, Sprint has granted an actual or implied license, and/or has deliberately baited unsuspecting members of the public into purchasing, using, and building communications systems dependent upon this technology, such as to render the Asserted Patents unenforceable on the grounds of unclean hands, estoppel, and laches.

The Asserted Patents are unenforceable on the grounds of prosecution laches. The sole inventor of the Asserted Patents died in 1996, and made his only patent filings on his purported inventions in 1995. Through continued terminal disclaimers, and a seemingly endless stream of subsequent filings, Sprint inappropriately seeks to stretch a purported invention in 1995 to cover technology that has only come to the fore years later. In so doing, Sprint has wrongfully manipulated the term and scope of its patent protection so that term of its monopoly will square with the period when the commercial application of and profit from its purported invention might be highest, and stretched the scope of Mr. Christie's original invention beyond any claims it could rightfully support.

As detailed in Vonage's Motion to Amend its Answer and Counterclaims, now pending before the Court, Sprint's claims of infringement also fail because Vonage is the beneficiary of a covenant not to sue between Sprint and Cisco, a supplier of components to the Vonage system. This covenant applied to all Sprint patents for inventions conceived of prior to 1998, including the Asserted Patents. The covenant, by its terms, and by Sprint's admission, runs concurrently with, and ends one year following, the termination of an alliance agreement between Sprint and Cisco, and ran through at least December 2002. Sprint has thus covenanted not to sue Vonage, as purchaser and user of any technology that purportedly falls within the scope of the Asserted

11

Patents, as to any allegedly infringing activity associated with the components purchased during the period of immunity provided by the covenant.

Sprint fails to sufficiently allege, and cannot establish, that any alleged infringement by Vonage has been willful. Vonage has thoroughly examined its system in light of the Asserted Patents and, on both legal and factual bases, both supported by expert advice and testimony, formed the good-faith belief that Sprint's Asserted Patents are invalid, or not infringed, or both. Vonage notes that Sprint, by close of discovery, had yet to even formulate its infringement contentions. If Sprint can articulate no basis for its belief that Vonage is infringing the Asserted Patents, Vonage cannot reasonably be expected to consider that its system infringes the Asserted Patents. Moreover, there is no factual basis upon which Sprint can reach the heavy evidentiary burden of proof to establish willful infringement, or the additional burden of establishing this case was "extraordinary" so as to warrant enhanced damages or other relief for willful infringement.

Sprint's claims of damages as a result of the infringement it alleges are barred by 35 U.S.C. §287 in that Sprint did not, and apparently made no effort to, ensure that components that Sprint alleges infringe the Asserted Patents were marked with the Asserted Patent number so as to notify the public as to such purported patent protection. Sprint gave Vonage no notice of the Asserted Patents; the first notice Sprint provided Vonage regarding the Asserted Patents and Sprint's contention that the Vonage system infringed any claims therein was the service of its Complaint in this suit.

Sprint's claim for injunctive relief from the infringement it alleges is barred because Sprint neither manufactures nor sells any service or product using the inventions disclosed in the Asserted Patents.

**6.      THEORIES OF RECOVERY.**

   **a.      List of Plaintiff's Theories of Recovery.** Plaintiff asserts that it is entitled to recover upon the following theory:

   1.      Sprint will prove by a preponderance of the evidence that Vonage has infringed one or more of the asserted claims of the '572 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sale, and/or using certain VoIP telephony systems. *See,* e.g., 35 U.S.C. §§ 271, 281.

   2.      Vonage's infringement of the '572 patent has been and continues to be willful.

   3.      The asserted claims of the '572 patent are presumed valid and enforceable, and there exists no clear and convincing evidence that could overcome that presumption.

   4.      Under 35 U.S.C. § 284, Plaintiff's are entitled to an award of damages adequate to compensate for Vonage's infringement.  These damages must be in an amount no less than a reasonable royalty.  *See* 35 U.S.C. § 284.

   5.      Under 35 U.S.C. § 284, and as a result of Vonage's willful infringement, the Court should treble the amount of damages awarded to Plaintiff.

   6.      This is an exceptional case under 35 U.S.C. § 285 and, accordingly, Plaintiff should be awarded its reasonable attorney fees.


   7.      An injunction should be entered to prevent Vonage from continuing to infringe the '572 patent, pursuant to 35 U.S.C. § 283.

8.      Sprint will prove by a preponderance of the evidence that Vonage has infringed one or more of the asserted claims of the '561 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sale, and/or using certain VoIP telephony systems. *See,* e.g., 35 U.S.C. §§ 271, 281.

9.      Vonage's infringement of the '561 patent has been and continues to be willful.

10.     The asserted claims of the '561 patent are presumed valid and enforceable, and there exists no clear and convincing evidence that could overcome that presumption.

11.     Under 35 U.S.C. § 284, Plaintiff's are entitled to an award of damages adequate to compensate for Vonage's infringement.  These damages must be in an amount no less than a reasonable royalty.  *See* 35 U.S.C. § 284.

12.     Under 35 U.S.C. § 284, and as a result of Vonage's willful infringement, the Court should treble the amount of damages awarded to Plaintiff.

13.     This is an exceptional case under 35 U.S.C. § 285 and, accordingly, Plaintiff should be awarded its reasonable attorney fees.

14.     An injunction should be entered to prevent Vonage from continuing to infringe the '561 patent, pursuant to 35 U.S.C. § 283.

15.     Sprint will prove by a preponderance of the evidence that Vonage has infringed one or more of the asserted claims of the '052 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sale, and/or using certain VoIP telephony systems. *See,* e.g., 35 U.S.C. §§ 271, 281.

16.     Vonage's infringement of the '052 patent has been and continues to be willful.

14

17.     The asserted claims of the '052 patent are presumed valid and enforceable, and there exists no clear and convincing evidence that could overcome that presumption.

18.     Under 35 U.S.C. § 284, Plaintiff's are entitled to an award of damages adequate to compensate for Vonage's infringement.  These damages must be in an amount no less than a reasonable royalty.  *See* 35 U.S.C. § 284.

19.     Under 35 U.S.C. § 284, and as a result of Vonage's willful infringement, the Court should treble the amount of damages awarded to Plaintiff.

20.     This is an exceptional case under 35 U.S.C. § 285 and, accordingly, Plaintiff should be awarded its reasonable attorney fees.

21.     An injunction should be entered to prevent Vonage from continuing to infringe the '052 patent, pursuant to 35 U.S.C. § 283.

22.     Sprint will prove by a preponderance of the evidence that Vonage has infringed one or more of the asserted claims of the '932 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sale, and/or using certain VoIP telephony systems. *See,* e.g., 35 U.S.C. §§ 271, 281.

23.     Vonage's infringement of the '932 patent has been and continues to be willful.

24.     The asserted claims of the '932 patent are presumed valid and enforceable, and there exists no clear and convincing evidence that could overcome that presumption.

25.     Under 35 U.S.C. § 284, Plaintiff's are entitled to an award of damages adequate to compensate for Vonage's infringement.  These damages must be in an amount no less than a reasonable royalty.  *See* 35 U.S.C. § 284.

26.    Under 35 U.S.C. § 284, and as a result of Vonage's willful infringement, the Court should treble the amount of damages awarded to Plaintiff.

27.    This is an exceptional case under 35 U.S.C. § 285 and, accordingly, Plaintiff should be awarded its reasonable attorney fees.

28.    An injunction should be entered to prevent Vonage from continuing to infringe the '932 patent, pursuant to 35 U.S.C. § 283.

29.    Sprint will prove by a preponderance of the evidence that Vonage has infringed one or more of the asserted claims of the '429 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sale, and/or using certain VoIP telephony systems. *See,* e.g., 35 U.S.C. §§ 271, 281.

30.    Vonage's infringement of the '429 patent has been and continues to be willful.

31.    The asserted claims of the '429 patent are presumed valid and enforceable, and there exists no clear and convincing evidence that could overcome that presumption.

32.    Under 35 U.S.C. § 284, Plaintiff's are entitled to an award of damages adequate to compensate for Vonage's infringement.  These damages must be in an amount no less than a reasonable royalty.  *See* 35 U.S.C. § 284.

33.    Under 35 U.S.C. § 284, and as a result of Vonage's willful infringement, the Court should treble the amount of damages awarded to Plaintiff.

34.    This is an exceptional case under 35 U.S.C. § 285 and, accordingly, Plaintiff should be awarded its reasonable attorney fees.

35.    An injunction should be entered to prevent Vonage from continuing to infringe the '429 patent, pursuant to 35 U.S.C. § 283.

16

36.     Sprint will prove by a preponderance of the evidence that Vonage has infringed one or more of the asserted claims of the '064 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sale, and/or using certain VoIP telephony systems. *See,* e.g., 35 U.S.C. §§ 271, 281.

37.     Vonage's infringement of the '064 patent has been and continues to be willful.

38.     The asserted claims of the '064 patent are presumed valid and enforceable, and there exists no clear and convincing evidence that could overcome that presumption.

39.     Under 35 U.S.C. § 284, Plaintiff's are entitled to an award of damages adequate to compensate for Vonage's infringement.  These damages must be in an amount no less than a reasonable royalty.  *See* 35 U.S.C. § 284.

40.     Under 35 U.S.C. § 284, and as a result of Vonage's willful infringement, the Court should treble the amount of damages awarded to Plaintiff.

41.     This is an exceptional case under 35 U.S.C. § 285 and, accordingly, Plaintiff should be awarded its reasonable attorney fees.

42.     An injunction should be entered to prevent Vonage from continuing to infringe the '064 patent, pursuant to 35 U.S.C. § 283.

43.     Sprint will prove by a preponderance of the evidence that Vonage has infringed one or more of the asserted claims of the '294 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sale, and/or using certain VoIP telephony systems. *See,* e.g., 35 U.S.C. §§ 271, 281.

44.     Vonage's infringement of the '294 patent has been and continues to be willful.

45.     The asserted claims of the '294 patent are presumed valid and enforceable, and there exists no clear and convincing evidence that could overcome that presumption.

46.     Under 35 U.S.C. § 284, Plaintiff's are entitled to an award of damages adequate to compensate for Vonage's infringement.  These damages must be in an amount no less than a reasonable royalty.  *See* 35 U.S.C. § 284.

47.     Under 35 U.S.C. § 284, and as a result of Vonage's willful infringement, the Court should treble the amount of damages awarded to Plaintiff.

48.     This is an exceptional case under 35 U.S.C. § 285 and, accordingly, Plaintiff should be awarded its reasonable attorney fees.

49.     An injunction should be entered to prevent Vonage from continuing to infringe the '294 patent, pursuant to 35 U.S.C. § 283.

**b.     Essential Elements of Plaintiff's Theory of Recovery.**  Subject to the court's determination of the law that applies to this case, Plaintiff believes that, in order to prevail on this theory of recovery, Plaintiff has the burden of proving the following essential elements:

To establish patent infringement, Plaintiff must prove by a preponderance of the evidence that each limitation of any of the asserted claims of the Asserted Patents—as those limitations will be construed by the Court—are met either literally or under the doctrine of equivalents by the accused system.  Plaintiff must prove by clear and convincing evidence that Vonage willfully infringed the Asserted Patents through its acts, omissions, culpable behavior, disregard for the patent rights of Plaintiff, and/or lack of due care in avoiding infringement of the known patent rights of Plaintiff.  Plaintiff also must establish the amount of damages to which it is entitled, in an amount to be determined at trial.  Finally, Plaintiff must establish that this case is

18

exceptional, that Plaintiff is entitled to enhanced, trebled damages, and that Plaintiff is entitled to an award of its reasonable attorney fees.

**7.     DEFENSES.**

        **a.     List of Defendant's Defenses and Affirmative Defenses.**  Vonage asserts the following defenses and affirmative defenses:

                1.     Vonage's VoIP System does not infringe the Asserted Patents.

                2.     Vonage's VoIP System does not meet every limitation of any claim of any of the Asserted Patents, either literally or under the doctrine of equivalents.

                3.     Vonage has not willfully infringed any Asserted Patent.

                4.     The Asserted Patents are invalid pursuant to 35 U.S.C. § 102 for anticipation.

                5.     The Asserted Patents are invalid pursuant to 35 U.S.C. § 103 for obviousness.

                6.     The Asserted Patents are invalid pursuant to 35 U.S.C. § 112 for failure to comply with the written description, enablement, and definiteness requirements.

                7.     The Asserted Patents are unenforceable by virtue of the doctrine of laches, including prosecution laches.

                8.     The Asserted Patents are unenforceable by virtue of the doctrine of estoppel and acquiescence.

                9.     The Asserted Patents are unenforceable by virtue of the doctrine of unclean hands.

19

10.     The Asserted Patents are unenforceable by virtue of "the doctrine that a patentee may not broaden his claims by describing the product in terms of function."

11.     The Asserted Patents are unenforceable by virtue of their misuse by Sprint.

12.     As detailed in Vonage's Motion to Amend its Answer and Counterclaims, now pending before the Court, Vonage is the beneficiary of a license, express or implied, between Sprint and Cisco, and is thus has not infringed and cannot infringe the Asserted Patents.

13.     As detailed in Vonage's Motion to Amend its Answer and Counterclaims, now pending before the Court, Vonage is protected by a covenant between Sprint and Cisco not to sue their respective customers for use of any claim of any of the Asserted Patents.

[Sprint objects to Vonage's inclusion among its defenses those defenses that are described in Vonage's Motion to Amend its Answer and Counterclaims, now pending with the Court, unless and until this motion is granted by the Court.]

**b.     Essential Elements of Defendant's Affirmative Defenses.**  Subject to the court's determination of the law that applies to this case, Vonage believes that, in order to prevail on this affirmative defenses, Vonage has the burden of proving the following essential elements:

1.     <u>Invalidity under 35 U.S.C. § 102</u>.  To prove that any claim to an Asserted Patent is invalid under 35 U.S.C. §102, Vonage must establish by clear and convincing evidence that each element of that claim is disclosed in a single prior art reference.

2.     <u>Invalidity under 35 U.S.C. §103</u>.  To prove that any claim to an Asserted Patent is invalid for obviousness under 35 U.S.C. §103, Vonage must show by clear and

convincing evidence that "the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C. § 103(a).  This requires the determination of:

> (a)    the scope and content of the prior art;
>
> (b)    the differences between the prior art and the claims at issue; and
>
> (c)    the level of ordinary skill in the pertinent art;

against which background the Court determines the obviousness of the subject matter is determined, in light of such secondary considerations as

> (i)    commercial success;
>
> (ii)   long felt but unsolved needs;
>
> (iii)  failure of others, etc.

3.    <u>Invalidity under 35 U.S.C. §112.</u>  To prove that any claim to an Asserted Patent is invalid for failure to meet the written description, enablement and definiteness requirements of 35 U.S.C. §112, Vonage must show by clear and convincing evidence that the claim fails to describe the claimed invention in "full, clear, concise, and exact terms."  Vonage must establish, by clear and convincing evidence, that Sprint either:

(a)     failed to describe the manner and process of making and using the invention so as to enable a person of skill in the art to make and use the full scope of the invention without undue experimentation; or

(b)     failed to describe the invention sufficiently to convey to a person of skill in the art that the patentee had possession of the claimed invention at the time of the application, i.e., that the patentee invented what is claimed; or

(c)     broadened its claims by describing the product in terms of function.

Vonage can also prove the Asserted Patents are invalid under §112 by establishing:

(a)     that the specification of an Asserted Patent failed to teach one of ordinary skill in the art to make or carry out the claimed invention without undue experimentation; or

(b)     that the specification of the Asserted Patent is not sufficiently definite so as to clearly distinguish what is claimed from what went before in the art, and clearly circumscribe what is foreclosed from future enterprise.

4.     <u>Laches</u>.  To prove its defense of laches, Vonage must establish, by a preponderance of the evidence,

22

(a)    the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant, and

(b)    the delay operated to the prejudice or injury of the defendant. Such prejudice might be:

(i)    Evidentiary, arising by reason of a defendant's inability to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events, thereby undermining the court's ability to judge the facts.

(ii)    Economic, arising where a defendant and possibly others will suffer the loss of monetary investments or incur damages which likely would have been prevented by earlier suit.

5.    <u>Prosecution Laches</u>. To establish its defense of Prosecution Laches, Vonage must show, by a preponderance of the evidence:

(a)    there was an unreasonable and unexplained delay in prosecuting the patent claim, and

(b)    Vonage has suffered prejudice as a result.

6.    <u>Estoppel</u>:  To establish its defense of estoppel, Vonage must prove, by a preponderance of the evidence:

(a)     misleading conduct leading to inference that the patentee does not intend to enforce the patent against the alleged infringer;

(b)     reliance by the alleged infringer and the patentee's conduct; and

(c)     material prejudice if patentee is allowed to proceed with an infringement suit.

7.     <u>Unclean hands</u>.  To establish its defense of Unclean Hands, Vonage must establish, by a preponderance of the evidence, that Sprint committed misconduct before the United States Patent and Trademark Office in obtaining any Asserted Patent.

8.     <u>Misuse</u>.  To establish its defense of patent misuse, Vonage must establish, by a preponderance of the evidence, that by imposing conditions that derive their force from the patent, the patentee has impermissibly broadened the scope of the patent grant with anticompetitive effect.

9.     <u>35 U.S.C. §287</u>.  To establish its defense to Sprint's request for relief under 35 U.S.C. 287, Vonage must prove that Sprint did not mark, or ensure that others marked, components that Sprint alleges infringe the Asserted Patents with the Asserted Patent number so as to notify the public as to such purported patent protection.

10.     <u>License and Covenant Not to Sue.</u>  To establish its defense of license of covenant not to sue, as detailed in Vonage's Motion to Amend its Answer and Counterclaims, now pending before the Court, Vonage must prove that Sprint licensed to, or covenanted not to

sue, Vonage, or an intermediary from which Vonage purchases components of its allegedly infringing system, and that such license or covenant was in force for all or part of the alleged period of infringement.

11.    <u>Implied License</u>.  To establish its defense of an implied license to use the inventions allegedly disclosed in the Asserted Patents, as detailed in Vonage's Motion to Amend its Answer and Counterclaims, now pending before the Court, Vonage must establish, by a preponderance of the evidence,

(a)    that the equipment at issue has no non-infringing uses, and

(b)    that the patentee's conduct clearly supports the finding of an implied license.

## 8.    FACTUAL ISSUES.

One or more of the parties believe that the following material issues will need to be resolved at trial by the trier of fact if summary judgment is not granted:

1.    Are the Asserted Patents invalid, in that the specification for each Asserted Patent fails to comply with the written description requirement of 35 U.S.C. §112?

2.    Are the Asserted Patents invalid, in that the claims of the Asserted Patents are anticipated by prior art under 35 U.S.C. §102?

3.    Are the Asserted Patents unenforceable on the basis of laches, estoppel, unclean hands, misuse, or other alleged equitable defense, to the extent these defenses are questions of fact?

4.    Whether Vonage has been prejudiced by any act of Sprint?

25

5.      As to the defenses detailed in Vonage's Motion to Amend its Answer and Counterclaims, now pending before the Court, the intent of Sprint and any other party to a contract relating to the Asserted Patents.

6.      Which, if any, versions and/or architectures of the Vonage VoIP telephony system literally infringe the asserted claims of the Asserted Patents?

7.      Has Vonage literally infringed any asserted claim of the Asserted Patents by making, selling, offering to sale, and/or using its VoIP telephony system?

8.      Has Vonage infringed any asserted claim of the Asserted Patents under the doctrine of equivalents by making, selling, offering to sale, and/or using its VoIP telephony system?

9.      If Vonage has infringed any of the Asserted Patents, what amount of damages, if any, should Plaintiff be awarded for any infringement by Vonage of the Asserted Patents?

10.     If Vonage has infringed the Asserted Patents, has it done so willfully?

11.     Is this an exceptional case for purposes of 35 U.S.C. § 285?

**9.      LEGAL ISSUES.**

One or more of the parties believe that the following are the significant legal or evidentiary issues that will need to be resolved by the court in this case, whether on summary judgment motion or at trial:

1.      The determination of the level of ordinary skill in the art of the inventions disclosed in the Asserted Patents, at the time of those purported inventions.

2.      The determination of the meaning and scope of the asserted claims of the Asserted Patents pursuant to *Markman v. Westview Instruments, Inc.,* 517 U.S. 370 (1996).

3.    If Vonage is found to have infringed the Asserted Patents, and that infringement is found to have been willful, whether damages awarded to Plaintiff should be trebled or otherwise enhanced in the event of a finding of willful infringement?

4.    If Vonage is found to have infringed the Asserted Patents, and that infringement is found to have been willful, and this case has been found to be exceptional under 35 U.S.C. §285, whether Plaintiff should be awarded its costs and reasonable attorney fees?

5.    If Vonage is found not to have infringed the Asserted Patents, and this case has been found to be exceptional under 35 U.S.C. §285, whether Vonage should be awarded its costs and reasonable attorney fees?

6.    The determination of the meaning and scope of the asserted claims and other portions of prior art to the Asserted Patents pursuant to *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).

7.    Whether the claims of the Asserted Patents meet the enablement requirements of 35 U.S.C. §112?

8.    Whether the claims of the Asserted Patents are indefinite in violation of 35 U.S.C. §112?

9.    Whether any claim of the Asserted Patents is obvious to a person of ordinary skill in the art of the Asserted Patents under 35 U.S.C. §103?    [Sprint notes that any obviousness determination is based on underlying facts.]

10.    Whether the Asserted Patents are unenforceable on the basis of laches?

11.    Whether the Asserted Patents are unenforceable on the basis of estoppel?

12.     Whether the Asserted Patents are unenforceable on the basis of unclean hands?

13.     Whether, as detailed in Vonage's Motion to Amend its Answer and Counterclaims, now pending before the Court, Sprint's claims of infringement are barred by contract?

14.     Whether, as detailed in Vonage's Motion to Amend its Answer and Counterclaims, now pending before the Court, Vonage has an implied license to the Asserted Patents, or to use any invention that falls within the scope of any claim to the Asserted Patents?

## 10.     DAMAGES.

### a.     Plaintiff's Damages.

Plaintiff contends that Vonage began infringing the Asserted Patents at least as early as March, 2002. As a result of Vonage's past and continuing infringement of the Asserted Patents, Plaintiff is entitled to damages in an amount not less than a reasonable royalty. See 35 U.S.C. §§ 284, 286. Plaintiff's expert report, dated January 12, 2007, set forth that Vonage had generated approximately $722,457,370 of revenue from its VoIP telephony service, and that Plaintiff is entitled to damages in the amount of $50,572,016 based on a 7% royalty rate applied to those sales. Additionally, Plaintiff is entitled to $3,947,758 of prejudgment interest as of January 12, 2007. Prior to the trial in this matter, and pursuant to the Federal Rules, Plaintiff will supplement these numbers. Because Vonage continues to sell its infringing service, this damage amount is increasing and will continue to increase through trial and until an injunction is entered. Plaintiff also seeks its costs and prejudgment interest on all damages. In addition, and because of Vonage's willful infringement of the asserted patents, the Court should treble the amount of damages awarded by the jury under 35

U.S.C. § 284. Finally, Vonage's willful infringement renders this an exceptional case under 35 U.S.C. § 285 and, accordingly, Plaintiff should be awarded its reasonable attorney fees in an amount to be determined after trial.

>    **b.**    **Defendant's Damages.**

>    Should Vonage prevail on its defenses and counterclaims, and the Court find this an exceptional case under 35 U.S.C. § 285, Vonage should be awarded its reasonable attorney fees in an amount to be determined after trial.

## 11.    NON-MONETARY RELIEF REQUESTED, IF ANY.

>    Plaintiff seeks an injunction preventing Vonage from making, selling, offering to sale, and/or using any service found by the jury to infringe any asserted claim of the Asserted patents, pursuant to 35 U.S.C. § 283. Sprint is entitled to this injunction because Sprint and Vonage are direct and indirect competitors and that the patented inventions substantially cover the entire Vonage VoIP telephony system. Vonage's continued infringing conduct causes Sprint irreparable injury and monetary remedies alone are inadequate to compensate Sprint for the injuries caused by Vonage's conduct including, but not limited to, lost customers. Additionally, Sprint states that, considering the balance of hardships between Sprint and Vonage, an equitable remedy of injunctive relief is warranted. Further, Sprint states that the public interest would be served by enjoining Vonage, a recidivist infringer of others' patent rights.

>    Vonage seeks an order denying all relief requested by Sprint, declaring it does not infringe any of the Asserted Patents, and declaring the Asserted Patents, or any of them, invalid and unenforceable.

## 12.   AMENDMENTS TO PLEADINGS.

Currently pending is Vonage's Motion to Amend its Answer, Affirmative Defenses and Counterclaims, D.I. No. 148-49, to add the affirmative defenses raised by and based on licenses, contracts and covenants not to sue between Sprint and Cisco Systems, Inc. disclosed by Sprint late in, and after the close of, discovery.

## 13.   DISCOVERY.

Under the scheduling order and any amendments, fact discovery closed on March 30, 2007. By the Court's Order of April 16, 2007 (D.I. No. 168), all outstanding discovery was to have been completed by May 1, 2007. But for a few remaining depositions that the parties have agreed to finish after the deadline for discovery, and certain outstanding subpoenas for documents and testimony from third parties Cisco Systems, Inc. and Tellabs, Inc., discovery is now substantially complete, subject to supplementation under the Federal Rules.

Several other outstanding discovery motions remain pending, as identified in Section 15(a) to this Order.

Unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions, or other pretrial preparations. Under these circumstances, the parties may conduct discovery beyond the deadline for completion of discovery if all parties are in agreement to do so, but the court will not be available to resolve any disputes that arise during the course of this extended discovery.

## 14.   WITNESSES AND EXHIBITS.

a.   **Final Witness and Exhibit Disclosures Under Rule 26(a)(3).**   The parties' final witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be filed no later than 21

days before trial.  With regard to each witness disclosed under Fed. R. Civ. P. 26(a)(3)(A), the disclosures also shall set forth the subject matter of the expected testimony and a brief synopsis of the substance of the facts to which the witness is expected to testify. Witnesses expected to testify as experts shall be so designated. Witnesses and exhibits disclosed by one party may be called or offered by any other party.  Witnesses and exhibits not so disclosed and exchanged as required by the court's order shall not be permitted to testify or be received in evidence, respectively, except by agreement of counsel or upon order of the court.  The parties should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

      **b.**      **Objections.**  The parties shall file any objections under Fed. R. Civ. P. 26(a)(3) no later than 14 days before trial.  The court shall deem waived any objection not timely asserted, unless excused by the court for good cause shown.

      **c.**      **Marking and Exchange of Exhibits.**  All exhibits shall be marked no later than 5 business days before trial.  The parties shall exchange copies of exhibits at or before the time they are marked.  The parties shall also prepare lists of their expected exhibits, in the form attached to this pretrial order, for use by the courtroom deputy clerk and the court reporter.  In marking their exhibits, the parties shall use preassigned ranges of numbered exhibits.  Exhibit Nos. 1-400 shall be reserved for plaintiff(s); Exhibit Nos. 401-800 shall be reserved for defendant(s); Exhibits 801 and higher shall be reserved for any third party.  Each exhibit that the parties <u>expect</u> to offer shall be marked with an exhibit sticker, placed in a three-ring notebook, and tabbed with a numbered tab that corresponds to the exhibit number.  The parties shall prepare exhibit books in accordance with the

requirements of the judge who will preside over trial. The parties shall contact the judge's courtroom deputy clerk to determine that judge's specific requirements.

      **d.**    **Designations of Deposition Testimony.**

      (1)    <u>Written Depositions</u>. Consistent with Fed. R. Civ. P. 26(a)(3)(B), any deposition testimony sought to be offered by a party other than to impeach a testifying witness shall be designated by page and line in a pleading filed no later than 21 days before trial. Any counter-designation in accordance with Fed. R. Civ. P. 32(a)(4), and any objections to the designations made by the offering party, shall be filed no later than 14 days before trial. Any objections to counter-designations shall be filed no later than 5 business days before trial. <u>Before</u> filing <u>any</u> objections, the parties shall have conferred in good faith to resolve the dispute among themselves. No later than 3 business days before trial, to facilitate the court's ruling on any objections to designations or counter-designations, the party seeking to offer the deposition testimony shall provide the trial judge a copy of each deposition transcript at issue. Each such transcript shall be marked with different colored highlighting. Red highlighting shall be used to identify the testimony that plaintiff(s) has designated, blue highlighting shall be used for defendant(s), yellow highlighting shall be used for any third party, and green highlighting shall be used to identify the objections to any designated testimony. After receiving and reviewing these highlighted transcripts, the court will issue its rulings regarding any objections. The parties shall then file the portions of the depositions to be used at trial in accordance with D. Kan. Rule 32.1.

      (2)    <u>Videotaped Depositions</u>. The paragraph immediately above applies to videotaped depositions as well as written deposition transcripts. After the court issues its rulings on the objections to testimony to be presented by videotape or DVD, the court will set a deadline for

the parties to submit the videotape or DVD edited to reflect the designations and the court's rulings on objections.

**15.     MOTIONS.**

    **a.     Pending Motions.**

        1.     Plaintiff's Motion to Compel Privilege Log (doc. no. 134).

        3.     Plaintiff's Motion to Compel Financial Documents (doc. no. 137).

        4.     Defendants' Motion to Compel Christie Documents (doc. no. 146).

        5.     Defendants' Motion to Amend Its Answer and Counterclaims (doc. no. 148).

        6.     Defendants' Motion to Compel 30(b)(6) Testimony (doc. no. 150).

    **b.     Additional Pretrial Motions.**

After the pretrial conference, the parties intend to file the following motions:

Both Plaintiff and Defendants anticipate filing various pre-trial motions, including motions in limine.  With the Court's permission, the parties will amend this list as appropriate.

The dispositive motion deadline, as established in the scheduling order and any amendments, is **May 15, 2007**.

Consistent with the scheduling order filed earlier in this case, the arguments and authorities section of briefs or memoranda submitted in connection with all further motions or other pretrial matters shall not exceed 30 pages, absent an order of the court.

    **c.     Motions Regarding Expert Testimony.**  All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed by 28 days before trial [but, if such a motion as a practical matter will be case-dispositive, or

if an evidentiary hearing on the motion is reasonably anticipated, then this deadline shall be set in accordance with the dispositive motion deadline stated above].

  **d.**  **Motions in Limine.** All motions in limine, other than those challenging the propriety of an expert witness, shall be filed no later than 14 days before trial. Briefs in opposition to such motions shall be filed no later than 5 business days before trial. Reply briefs in support of motions in limine shall not be allowed without leave of court.

**16.**  **TRIAL.**

  **a.**  This case is set for trial on the court's docket beginning on **September 4, 2007, at 9:30 a.m.** Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. [*Alternative language*: This case probably will not be set for trial until after all timely filed dispositive motions have been decided by the court.]

  **b.**  Trial will be by jury.

  **c.**  Estimated trial time is ten (10) days. [Vonage estimates, given the number of claims Sprint asserts, that fifteen (15) days will be required for trial.]

  **d.**  Trial will be in Kansas City, Kansas, or such other place in the District of Kansas where the case may first be reached for trial.

  **e.**  Not all of the parties are willing to consent to the trial of this case being presided over by a U.S. Magistrate Judge, even on a backup basis if the assigned U.S. District Judge determines that his or her schedule will be unable to accommodate any trial date stated above.

  **f.**  Because of constraints on the judiciary's budget for the compensation of jurors, in any case in which the court is not notified of a settlement at least 1 full business day prior to the

scheduled trial date, the costs of jury fees and expenses will be assessed to the parties, or any of them, as the court may order. *See* D. Kan. Rule 40.3.

**17.    SETTLEMENT.**

    **a.    Status of Settlement Efforts.**

    1.    Settlement reports were submitted to the Court on or about March 30, 2006. These reports set forth the parties good faith efforts to resolve this matter, including the date when the parties participated in mediation, and the identity of the mediator.

    2.    The parties revisited the issue of settlement in April 2007, but were unable to come to any agreement as to the value of the case at that point.

    3.    At this point, the parties believe that future settlement negotiations would not be worthwhile and that there are no current prospects for settlement.

    4.    At this point, the parties feel that mediation and/or any other method of alternative dispute resolution would be futile.

    **b.    Mediation and/or Other Method of Alternative Dispute Resolution.** Mediation [and/or any other method of alternative dispute resolution] [is] [is not] ordered as follows: _____ _____.

**18.    FURTHER PROCEEDINGS AND FILINGS.**

    **a.    Status and/or Limine Conference.** Relatively close to the date of trial, the trial judge [probably] [may] [will] schedule [has scheduled] a status and/or limine conference [for _____ ___, 200_, at _____].

**b.     Trial Briefs.**  A party desiring to submit a trial brief shall comply with the requirements of D. Kan. Rule 7.6.  The court does not require trial briefs but finds them helpful if the parties anticipate that unique or difficult issues will arise during trial.

**c.     Voir Dire.**  Due to substantially differing views among judges of this court concerning the extent to which counsel will be allowed to participate in voir dire, counsel are encouraged to contact the trial judge's law clerk or courtroom deputy (in accordance with the preference of the particular trial judge) to determine what, if anything, actually needs to be submitted by way of proposed voir dire questions.  Generally, proposed voir dire questions only need to be submitted to address particularly unusual areas of questioning, or questions that are likely to result in objections by the opposing party.

**d.     Jury Instructions.**

**(1)**     Requests for proposed instructions in jury cases shall be submitted in compliance with Fed. R. Civ. P. 51 and D. Kan. Rule 51.1.  Under D. Kan. Rule 51.1, the parties and the attorneys have the <u>joint</u> responsibility to attempt to submit <u>one</u> agreed set of preliminary and final instructions that specifically focuses on the parties' factual contentions, the controverted essential elements of any claims or defenses, damages, and any other instructions unique to this case.  In the event of disagreement, each party shall submit its own proposed instructions with a brief explanation, including legal authority as to why its proposed instruction is appropriate, or why its opponent's proposed instruction is inappropriate, or both.  Counsel are encouraged to contact the trial judge's law clerk or courtroom deputy (in accordance with the preference of the particular trial judge) to determine that judge's so-called standard or stock instructions, e.g., concerning the jury's

36

deliberations, the evaluation of witnesses' credibility, etc.; it is not necessary to submit such proposed jury instructions to the court.

(2)     Proposed instructions in jury cases shall be filed no later than 3 business days before trial. Objections to any proposed instructions shall be filed no later than 1 business day before trial.

(3)     In addition to filing the proposed jury instructions, the parties shall submit their proposed instructions (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to the e-mail address of the assigned trial judge listed in paragraph II(E)(2)(c) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases.*

e.     **Proposed Findings of Fact and Conclusions of Law.**  If this case is tried to the court sitting without a jury, in order to better focus the presentation of evidence, the parties shall file preliminary sets of proposed findings of fact and conclusions of law no later than 5 business days before trial. In most cases, the trial judge will order the parties to file final sets of proposed findings after the trial transcript has been prepared.

**19.     OTHER.**

a.     **Conventionally Filed Documents.**  The following documents shall be served by mail and by fax or hand-delivery on the same date they are filed with the court if they are filed conventionally (i.e., not filed electronically): final witness and exhibit disclosures and objections; deposition designations, counter-designations, and objections; motions in limine and briefs in support of or in opposition to such motions; trial briefs; proposed voir dire questions and objections; proposed jury instructions and objections; and proposed findings of fact and conclusions of law. In

addition, a party filing a trial brief conventionally shall deliver an extra copy to the trial judge's chambers at the time of filing.

     **b.     Miscellaneous.**

     None.

**20.     POSSIBLE ADJUSTMENT OF DEADLINES BY TRIAL JUDGE.**

     With regard to pleadings filed shortly before or during trial (e.g., motions in limine, trial briefs, proposed jury instructions, etc.), this pretrial order reflects the deadlines that the court applies as a norm in most cases.  However, the parties should keep in mind that, as a practical matter, complete standardization of the court's pretrial orders is neither feasible nor desirable.  Depending on the judge who will preside over trial, and what adjustments may be appropriate given the complexity of a particular case, different deadlines and settings may be ordered.  Therefore, from the pretrial conference up to the date of trial, the parties must comply with any orders that might be entered by the trial judge, as well as that judge's trial guidelines and/or exhibit instructions as posted on the court's Internet website:

<em>(http://www.ksd.uscourts.gov/chambers).</em>

     IT IS SO ORDERED.

     Dated this _____ day of _____, 2007, at _____, Kansas.


                                          _____

                                          [Name]
                                        U. S. District Judge (or)
                                        U. S. Magistrate Judge