## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 05-2433-JWL |
| v. | ) |
| | ) |
| VONAGE HOLDINGS CORP. and | ) |
| VONAGE AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

### MEMORANDUM OF VONAGE HOLDINGS CORP. AND VONAGE AMERICA, INC. IN OPPOSITION TO THE MOTION OF SPRINT COMMUNICATIONS COMPANY L.P. FOR PROTECTIVE ORDER

Despite already being specifically ordered by this Court to produce a prepared Federal Rule of Civil Procedure ("Rule") 30(b)(6) witness (the "Rule 30(b)(6) Order"), and despite being admonished by this Court on more than one occasion for improperly prepared Rule 30(b)(6) witnesses and baseless and unsupported objections to such deposition notices, Sprint Communications Company L.P. ("Sprint"), in an attempt to get the proverbial "second bite at the apple," now seeks an untimely protective order to preclude Vonage Holdings Corp. and Vonage America, Inc.'s (collectively "Vonage") Rule 30(b)(6) deposition of Sprint *on the very same topic* for which this Court already granted Vonage's Motion to Compel.

For these reasons, Vonage respectfully requests that the Court deny Sprint's eleventh-hour Motion for Protective Order, order (yet again) Sprint to provide a witness who either has knowledge of Topic 18 of Vonage's Second Rule 30(b)(6) Notice to Sprint or who has been prepared by Sprint to provide such knowledge, and sanction Sprint for Vonage's costs and attorneys' fees associated with this belated and duplicative motion designed to further Sprint's

Dockets.Justia.com

pattern of delay tactics and outright refusal to engage in the discovery process, and any

reconvened deposition. Because Sprint makes its motion in total disregard this Court's Order

compelling the testimony Sprint now seeks to avoid, Vonage requests the Court sanction Sprint's

conduct by striking from Sprint's pleadings, and limiting Sprint's ability to present, claims,

defenses, or evidence concerning Topic 18.

## I.    FACTUAL BACKGROUND

On November 22, 2006, Vonage served its Second Notice of Deposition of Sprint

Pursuant to Rule 30(b)(6) on Sprint. ("Vonage's Second Rule 30(b)(6) Notice"; Ex. A to

Sprint's Motion), seeking testimony on, among other topics,

> 18.    The structure and/or operation of any invention designed, developed,
> conceived and/or reduced to practice (actual or constructive) by Joseph Michael
> Chistie and one or more of Manu Chand Bhal (a/k/a Bobby Chand Bahl), Albert
> Daniel Duree, Michael Joseph Gardner, Daniel Charles Sbisa, William Lyle
> Wiley, Tracy Lee Nelson, James David Setter, Pamela Lynne Satterfield and/or
> Mark Sucharczuk.

Topic 18 relates to the structure and operation of inventions by Joseph Michael Christie, the

named sole inventor on each of the patents-in-suit. In its claims of infringement, Sprint alleges

that Mr. Christie conceived, reduced to practice, and invented far-reaching and forward-looking

technology virtually singlehandedly, and all in a span of a few years prior to his death in 1996.

Necessary to Sprint's claims of infringement is a factual finding as to the scope of Mr. Christie's

actual inventions. Furthermore, Vonage takes issue with the validity of the Asserted Patents, and

the proper scope of the claims therein, in part based on reasonable skepticism of the largely

undocumented but allegedly extraordinary work of a single man. To learn the scope of Mr.

Christie's inventions, of which Sprint has little record, and to which Mr. Christie is obviously

unavailable testify, Vonage reasonably seeks testimony regarding the work of Mr. Christie, his

colleagues, and that which they performed together.

1

Nearly *four months* after receiving Vonage's Second Notice, Sprint designated Mr. Albert DuRee to testify as to Topic 18, among others. See Email correspondence from A. Seitz to B. Golob dated March 13, 2007, Ex. B to Sprint's Motion.

On March 20, 2007 – *the day before* the 30(b)(6) deposition – Sprint served its Objections to Vonage's Second Rule 30(b)(6) Notice. ("Sprint's Objections"; Ex. C to Sprint's Motion). Sprint never filed any motion for a protective order with respect to Vonage's Second Rule 30(b)(6) Notice prior to the Rule 30(b)(6) deposition. Sprint expressly stated it would provide a witness to testify on Topic 18 at least "as it relates to the structure and/or operation of any invention designed, developed conceived and/or reduced to practice by Joseph Michael Christie that is embodied by the patents-in-suit." Id.

On March 21 and 22, 2007, Vonage deposed Sprint through Mr. DuRee on Topics 18 and 19 from Vonage's Second Rule 30(b)(6) Notice. Despite Sprint's obligations under Rule 30(b)(6) to provide a person to testify as to matters known or reasonably available to the organization, Sprint failed to meet its obligations or provide the witness it had promised. Moreover, citing unsubstantiated objections as to relevancy, scope, burdensomeness, and overbreadth, Sprint refused to allow Mr. DuRee to answer certain questions within the scope of Topic 18,[1] even though Sprint had never filed a motion for a protective order with respect to this topic or requested guidance from the Court on its objections. Accordingly, on March 30, 2007,

---

[1] See Transcript of Albert DuRee ("DuRee Tr."), portions of which are attached hereto as Exhibit "1," at 131:5-8 ("MR. SEITZ: You're asking him to testify on your topic as it stands. He's not going to do that, because he's here to testify on the topics subject to our objections.).

Vonage filed a Motion to Compel Sprint to produce a prepared witness to testify on Topic 18 of Vonage's Second Rule 30(b)(6) Notice.[2]

In addition to delineating Sprint's production of an ill-prepared witness on Topic 18 (and 19) to testify on even the portions of those topics that were undisputed, Vonage's Motion to Compel laid out the impropriety of Sprint's relevance, scope, overbreadth, burdensomeness, and ambiguity objections to these topics. See, e.g., Vonage's Mem. of Law in Support of Mot. to Compel ("Vonage's Mem.", Doc. No. 151) at 8-10 (explaining why Sprint's objections to Vonage's Second Rule 30(b)(6) Notice lack merit); Vonage's Reply Mem. in Further Support of Mot. to Compel ("Vonage's Reply", Doc. No. 175) at 3-9 (same) and at 1 ("The fact that Sprint objected to the topics Vonage noticed is of no consequence, as Sprint made no effort to seek a protective order. The objections Sprint asserted have been overruled by this Court and others as inappropriate"). Sprint opposed Vonage's Motion to Compel, claiming that, despite Mr. DuRee's admission under oath that he had not prepared for the deposition, and that Sprint made no effort to prepare him to testify on its behalf,[3] Mr. DuRee was sufficiently prepared and that "Topic 18 is significantly overbroad, unduly burdensome, and encompasses considerable irrelevant information." Sprint's Mem. in Opp. to Vonage's Mot. to Compel (Doc. No. 166) at 7-8. Despite its obligation to do so, Sprint offered little substantiation for its objections.

---

[2] Vonage's Motion to Compel also covered Topic 19, and the Court similarly granted that portion of Vonage's Motion to Compel. Sprint, however, does not seek a protective order as to Topic 19.

[3] The Court found that "Mr. DuRee's testimony regarding his general unfamiliarity with the topics designated and the Asserted Patents as described within the topics designated *overwhelmingly demonstrate Sprint breached its obligation to produce, in good faith, a knowledgeable deponent who is competently prepared to fully and responsibly address the questions posed on the topics designated.*" See Sprint Comms. Co., L.P. v. Vonage Holdings Corp., No. 05-2433-JWL-DJW, 2007 U.S. Dist. LEXIS 35561 at *13-14 (D. Kan. May 14, 2007) (D.I. 192) (Waxse, J.) (emphasis added).

On May 9, 2007, the Court held a final pretrial conference at which the Court heard argument concerning, and subsequently granted, Vonage's Motion to Compel (the "May 9 Order"). (Doc. No. 192). On May 14, 2007, the Court issued its Memorandum and Order memorializing its oral May 9 Order. Specifically, in granting Vonage's Motion to Compel, the Court stated:

> The Court now turns to Topics 18 and 19 in Vonage's Second Rule 30(b)(6) Notice. Upon review of the Notice, the Court finds *Vonage sufficiently states with reasonably* [sic] *particularity* the subjects about which it wishes to inquire: . . .[4] *Based on the topics submitted, and the applicable law,* ***there is no question that Sprint was obligated to produce, in good faith, a knowledgeable deponent who is competently prepared to fully and responsibly address the questions posed.***

Sprint Comms. Co., L.P. v. Vonage Holdings Corp., No. 05-2433-JWL-DJW, 2007 U.S. Dist. LEXIS 35561 at *13-14 (D. Kan. May 14, 2007) (D.I. 192) (Waxse, J.) (emphasis added) (the "Memorandum Order"). In addition, the Court ordered the parties to meet and confer regarding a mutually convenient time within the next ten (10) days to reconvene Vonage's Rule 30(b)(6) deposition of Sprint on Topics 18 and 19. See id. at *17.

Sprint filed no objections – in the form of a motion for review, motion for reconsideration, or otherwise – to the Court's May 9 Order or the Memorandum Order. Instead of complying with the May 9 Order, as Sprint recites in its Motion, Sprint turned the required meet and confer concerning the date of the reconvened deposition into a renewed debate concerning the scope of Topic 18, and, when its efforts to excuse itself from the ordered deposition failed, filed its Motion for Protective Order. Sprint's Motion is based solely on the

---

[4] The Court set forth therein the text of Topics 18 and 19.

4

arguments the Court already rejected in granting Vonage's Motion to Compel, and in flagrant disregard of the Court's ruling.

## II.    QUESTIONS PRESENTED

(1)    Whether Sprint must comply with the Court's May 9, 2007 Order and, in compliance therewith, designate and make available for deposition a person or persons knowledgeable of the subject matter of Topic 18 in Vonage's Second Rule 30(b)(6) Notice to testify on Sprint's behalf?

(2)    Whether Sprint's failure to comply with Rule 30(b)(6) and the Court's May 9, 2007 Order, and continued attempts to delay and obfuscate discovery, warrant sanctions under Rules 26(c) and 37(a)(4)?

## III.    ARGUMENT

It is axiomatic that Sprint, as the "party seeking a protective order[,] has the burden of demonstrating good cause for it." ICE Corp. v. Hamilton Sundstrand Corp., No. 05-4135-JAR, 2007 U.S. Dist. LEXIS 42965 at *7 (D. Kan. June 11, 2007) (citation omitted). To establish good cause, Sprint as the moving party "must offer 'a particular and specific demonstration of fact.'" Id. (citation omitted). Sprint cannot meet this burden. Not only is its motion untimely, but it belies the express mandate of the Court's May 9 Order and runs contrary to the rules of discovery.

### A.    Sprint's Objections and Motion for Protective Order Should Be Stricken As Untimely.

Consistent with Sprint's delay throughout discovery in this matter, Sprint's objections to Topics 18 and 19 were sent at the eleventh hour without instead filing a proper motion for protective order in advance of the deposition. This untimely Motion for Protective Order is now

5

yet another belated and improper attempt by Sprint to challenge the Court's May 9 Order and stall its discovery obligations.

### 1.    Sprint's Objections to Topic 18 of the Second 30(b)(6) Notice, Which Were Sent the Day Before the Deposition, Were Not Timely.

Sprint's treatment of Topics 18 and 19 of Vonage's Second Rule 30(b)(6) Notice has been characterized by delay since the initial service of the Second Notice on Sprint on November 22, 2006.  See Sprint's Ex. A.[5]  Sprint waited nearly *four* months before designating Mr. Albert DuRee to testify as to Topics 18 and 19.  See Sprint's Ex. B.  Sprint then waited another week – until the *day before* the 30(b)(6) deposition – to lodge objections to Vonage's Second Rule 30(b)(6) Notice (instead of filing a timely motion for protective order well in advance of the deposition).  See Sprint's Ex. C.  Accordingly, on the basis of this pattern of delay alone, the Court should strike Sprint's Motion for Protective Order.

### 2.    Sprint's Motion for Protective Order is Not Timely.

Sprint failed to file its Motion for Protective Order during the timeframe proscribed by the law and, therefore, the motion should be stricken as untimely.

"[W]hen a deposition notice is served on a party to the lawsuit – as is the case here – the proper method for seeking relief is through a motion for protective order" filed prior to the deposition. Carolina Indus. Prods. v. Learjet Inc., No: 00-2366, 2001 U.S. Dist. LEXIS 16089 (D. Kan. Aug. 10, 2001) (denying in part motion for protective order from Rule 30(b)(6) deposition over objections on grounds of relevance, overbreadth, burden and privilege). See also RTC v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995) (explaining that it is inappropriate to

---

[5] Indeed, based on Sprint's refusal to let its 30(b)(6) testify concerning such matters as "outside the scope" at Theglobe.com's 30(b)(6) deposition of Sprint more than a year ago in April 2006, Vonage set forth Topics 18 and 19 in great detail in its Second Rule 30(b)(6) Notice.

withhold response to deposition question on basis of relevance; instruction may only be given to preserve privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under Rule 30(d)(4)); In re: Indep. Serv. Org. Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (cited by Sprint in its opposition to Vonage's Motion to Compel, at 10); Audiotext Comms. Network, Inc. v. US Telecom, Inc., No. 94-2395, 1995 WL 625962 (D. Kan. Oct. 5, 1995) (objections to a line of questions upon deposition are not grounds to withhold a response, unless the objection is one of privilege, or deponent moves for a protective order under Fed. R. Civ. P. 30(d)). The Local Rules are clear that any such motion for a protective order must be filed "*within 11 days after service of the deposition notice, and at least 48 hours prior to the noticed time of the deposition.*" Local R. Civ. P. 26.2.

Sprint ignored these obligations so plainly imposed by Rule 30, the Local Rules, and Tenth Circuit law, even after it became abundantly clear that Vonage took issue with Sprint's objections and, such objections notwithstanding, intended to seek such testimony that Sprint refused to provide. See, e.g., Ex. 1 at 129:3-8 (Mr. McPhail: "I think we're done with Mr. DuRee then for today. ...I think we can close [the deposition] personally, but I think we're going to need another 30(b)(6) witness."). See also RTC, 73 F.3d at 266; In re: Indep. Serv. Org. Antitrust Litig., 168 F.R.D. at 654; Audiotext, 1995 WL 625962. Instead, long after the Second Rule 30(b)(6) Notice was served, long after Vonage's initial Rule 30(b)(6) deposition of Sprint took place, and after the Court entered the May 9 Order expressly compelling Sprint to reconvene the deposition on Topic 18, Sprint now seeks to belatedly file the motion it should have filed and, pursuant to the Local Rules, must have filed, long ago. Under the law of this Court, the Court should deny Sprint's untimely motion on this basis alone. See Heartland Surgical Specialty Hosp., LLC v. HCA Midwest Div., No. 05-2164-MLB-DWB, 2007 U.S. Dist.

LEXIS 26552 at *13 (D. Kan. Apr. 9, 2007) (rejecting belated objections to discovery requests and noting that "Heartland never subsequently filed a motion for protective order because it thought topics 1 through 17 were too broad.").

### 3.    Sprint's Motion is an Untimely Objection to Judge Waxse's May 9, 2007 Order in Disguise.

Even were Sprint not required to have sought a protective order at the time of the deposition, Sprint's Motion for Protective Order is improper for yet another reason: it is in essence an untimely objection to Judge Waxse's May 9 Order in disguise. As set forth below in Section II.B, the Court already considered, and rejected, the very objections Sprint now lodges as its Motion for Protective Order. Accordingly, Sprint's Motion for Protective Order is, in effect, an objection to Judge Waxse's May 9 Order. In keeping with its pattern of failing to timely comply with the Rules, however, Sprint's objection to this non-dispositive order is late and should be stricken.

Rule 72 and Local Rule 72.1.4 clearly required Sprint to file any objections to Judge Waxse's May 9 Order, in the form of a motion to review or for reconsideration, *within ten (10) days* after being served with a copy of the Order. See Fed. R. Civ. P. 72(a); Local R. Civ. P. 72.1.4(a). See also Local R. Civ. P. 7.3 (requiring that motions for reconsideration of non-dispositive orders be filed within ten (10) days of filing of the order). Simply put, Sprint's failure to do so precludes it from supporting its untimely Motion for a Protective Order and the motion should, therefore, be stricken. See Fed. R. Civ. P. 72(a) ("a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.").

8

**B.      Judge Waxse Already Rejected Sprint's Arguments.**

Beyond the obvious procedural timing defects that justify striking Sprint's motion in its

entirely, Sprint's Motion for Protective Order should be squarely denied for a simple reason:  this

Court has already reviewed – *and rejected* – Sprint's scope, relevance, overbreadth, and

burdensomeness objections to Topic 18 that form the basis of Sprint's Motion.

The objections to Topic 18 that Sprint raises in its Motion for a Protective Order were

well-briefed before the Court on Vonage's Motion to Compel.  See, e.g., Vonage's Mem. of Law

in Support of Mot. to Compel ("Vonage's Mem.") at 8-10 (explaining why Sprint's objections as

to the relevance, and alleged overbreadth, burdensomeness, and scope of Topic 18 lack merit);

Vonage's Reply Mem. in Further Support of Mot. to Compel ("Vonage's Reply") at 1 ("The fact

that Sprint objected to the topics Vonage noticed is of no consequence, as Sprint made no effort

to seek a protective order.  The objections Sprint asserted have been overruled by this Court and

others as inappropriate") and at 3-9 (explaining why Sprint's objections lack merit).

After carefully reviewing all of these submissions, the Court *granted* Vonage's Motion to

Compel as to Topic 18, overruling each of Sprint's objections thereto.  As the Court explained in

granting Vonage's Motion,

> [u]pon review of the Notice, the Court finds *Vonage sufficiently
> states with reasonably* [sic] *particularity the subjects about which
> it wishes to inquire: . . . Based on the topics submitted, and the
> applicable law, **there is no question that Sprint was obligated to
> produce, in good faith, a knowledgeable deponent who is
> competently prepared to fully and responsibly address the
> questions posed.***

Sprint, 2007 U.S. Dist. LEXIS 35561 at *13-14 (emphasis added).

In its Motion, Sprint feigns confusion regarding the scope of Topic 18, suggests that

Vonage has not met its burden under Rule 30 in describing this topic with particularity, and

insists it cannot possibly comply with its obligations under Rule 30 until Topic 18 has been

"properly construed." To the contrary, the Court has expressly examined Topic 18, recited its terms *verbatim* in its Order, and found that it met the requirements of Rule 30. Sprint's resubmission of its objections of overbreadth, burdensomeness and relevance, and its suggestion that the scope of Topic 18 requires "construction," are without basis and contrary to the law of this case.

The Court found that, in asserting its objections the first time, Sprint "overwhelmingly... breached its obligation to produce, in good faith, a knowledgeable deponent who is competently prepared to fully and responsibly address the questions posed on the topics designated." Id. at *17. In flagrant disregard of this ruling, Sprint now seeks the proverbial "second bite at the apple." Sprint's unjustified insistence on re-litigating this issue, rather than producing a witness to provide long-overdue testimony, is a waste of judicial resources, costly to the parties, representative of Sprint's delay tactics throughout this litigation, and should not be countenanced.[6]

---

[6]    By way of example, even months after the close of fact discovery, Sprint still refuses to disclose the bases of its contentions of infringement. See Sprint's May 17, 2007 Third Supplemental Responses to Vonage Holdings Corp.'s First Set of Interrogatories, attached as Exhibit "2," in its Response to Interrogatory No. 6 (seeking Sprint's contentions of infringement and the bases therefor). Sprint incorporated by reference expert reports as its only substantive response, and stated: "The bases identified in the reports are *not exhaustive, but exemplary.*" See Ex. 2 at 5 (emphasis added). While Rule 26 allows (and indeed requires) Sprint to supplement its responses as additional information which was previously unknown and unknowable becomes available, Sprint may not limit or qualify its responses by providing a "sampling" of its contentions rather than an exhaustive list. See, e.g., Williams v. Sprint/United Mgmt. Co., 235 F.R.D. 494, 500 (D. Kan. 2006); Pulsecard, Inc. v. Discover Card Servs., No: 94-2304, 1996 U.S. Dist. LEXIS 10014 (D. Kan. July 11, 1996). Furthermore, Rule 26(a)(2)(B) requires that an expert's report contain "a complete statement of all opinions to be expressed and the basis and reason therefor." Fed. R. Civ. P. 26(a)(2)(B). Sprint's representation that the bases of its contentions identified in Dr. Wicker's initial report, not to mention each supplemental and rebuttal report since, as "not exhaustive, but exemplary," is thus improper on an entirely separate level.

(Continued...)

C.    **In Any Event, the Discovery Sought under Topic 18 is Proper.**

Sprint's Motion for Protective Order is procedurally improper and inappropriately seeks to have this Court essentially reverse its own well-reasoned prior Order. This procedural defect notwithstanding, to the extent the Court decides to consider this motion on its merits (which, given the law of this jurisdiction, *and the law of this case*, Vonage submits it should not), Sprint's motion also fails on the merits because Sprint cannot meet its burden of demonstrating that the discovery sought under Topic 18 is irrelevant or unduly burdensome.

1.    **Sprint Cannot Meet its Burden of Demonstrating that the Discovery Sought Under Topic 18 is Irrelevant.**

Sprint objects to Topic 18 on the grounds of relevance. Although a "'court may grant a protective order prohibiting the taking of a deposition when it believes that the information sought is *wholly* irrelevant to the issues or prospective relief,' *motions to thwart a deposition are ordinarily denied*." Land v. United Tel. Southeast, Inc., No. 95-MC-220-KHV, 1995 U.S. Dist. LEXIS 3746 at *16 (D. Kan. Mar. 22, 1995) (emphasis added) (citation omitted) (rejecting third-party Sprint's burdensomeness argument and denying Sprint's motion for a protective order).

a.    **Relevancy is Broadly Construed.**

It is axiomatic that relevancy is "broadly construed" and a discovery request "should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." Bailey v. SBC Disability Income Plan, No. 05-4093, 2006 U.S. Dist. LEXIS 92439 (D. Kan. Dec. 19, 2006). See also Audiotext Comms. Network, Inc. v. US Telecom, Inc., No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 15416 (D. Kan. Oct. 5, 1995) (same);

_____

(Continued…)

This, and Sprint's Motion, are but two of the latest examples of Sprint's intention to withhold relevant information from Vonage until trial.

Steil v. Humana Kansas City, Inc., 197 F.R.D. 442 (D. Kan. 2000) (collecting cases in which the United States Supreme Court has repeatedly "declared that the deposition discovery rules are to be accorded a broad and liberal treatment") (citations omitted).  Indeed, a discovery request "should ordinarily be *allowed unless it is clear* that the information sought can have *no possible bearing* on the subject matter of the action." Audiotext, 1995 U.S. Dist. LEXIS at *9 (emphasis added) (citation omitted).

As Sprint has been admonished before, "[t]he party opposing discovery cannot simply make conclusory allegations that the request is irrelevant, but must specifically show how each discovery request is irrelevant. ...Sprint [has] the burden to support [its] objections by providing explanation or factual support." Land, 1995 U.S. Dist. LEXIS 3746 at *9.

### b.    Vonage's Topic 18 Seeks Information Directly Related to its Defenses to Sprint's Charges of Infringement.

Sprint has provided no basis upon which to contend Vonage's deposition topics do not meet these ample standards.  Vonage's request for deposition testimony regarding the inventions in the Asserted Patents and others by persons with direct involvement in the development of the technology strike at the heart of Sprint's claims for infringement, and Sprint neither has nor can substantiate the basis for an objection to these requests on the grounds of relevancy, much less clear the extraordinary threshold set by the Rules to sustain such an objection.[7]  Contrary to

---

[7] When the requested discovery appears relevant, the burden is on the party resisting discovery (i.e., Sprint) to demonstrate the lack of relevancy. See Audiotext, 1995 U.S. Dist. LEXIS at *8. Sprint, however, posits that the relevancy of Topic 18 is not readily apparent and, therefore, the burden is on the requesting party (i.e., Vonage) to demonstrate relevance. See id.; Land, 1995 U.S. Dist. LEXIS 3746 at *8. Although Vonage vehemently disagrees that the relevancy of Topic 18 is not apparent, Vonage describes the relevancy of Topic 18 in detail in this Section to demonstrate that, under either standard of proof, Sprint's Motion for Protective Order must fail.

Sprint's baseless assertions, the testimony Vonage seeks in Topic 18 is highly relevant to Vonage's defenses and counterclaims.

As noted above, Topic 18 relates to the structure and operation of inventions by Joseph Michael Christie, the named sole inventor on each of the patents-in-suit. In its claims of infringement, Sprint alleges that Mr. Christie conceived, reduced to practice, and invented far-reaching and forward-looking technology virtually singlehandedly, and all in a span of a few years prior to his death in 1996. The scope of Mr. Christie's inventions is a highly pertinent factor in determining whether the Vonage system falls within the scope of any claim of the Asserted Patents. See, e.g., LizardTech, Inc. v. Earth Res. Mapping, Inc., 424 F.3d 1336, 1346 (Fed. Cir. 2005) (claim scope depends on "what a person of skill in the art would understand the inventor to possess"). To learn the scope of Mr. Christie's inventions – of which Sprint has little record, and to which Mr. Christie is obviously unavailable testify, Vonage reasonably seeks testimony regarding the work of Mr. Christie, his colleagues, and that which they performed together.

Furthermore, Sprint included Patents directed to these inventions on the CD it enclosed with its alleged "notice" letters to Vonage, which Sprint contends put Vonage on notice of its present allegations of patent infringement. See Sprint's Motion for Partial Summary Judgment, Doc. No. 199, citing Exhibits 2-6 thereto. Consequently, Sprint can hardly be surprised that Vonage would seek discovery on this subject.

Moreover, patents directed to the inventions covered by Topic 18 are members of the same families as the Asserted Patents, in that they claim benefit of the filing date of the parent application(s) of the Asserted Patents. For at least these reasons, in addition to the bases of

13

relevancy discussed in Vonage's papers in support of its Motion to Compel testimony under Topic 18, this Court should reject Sprint's assertion that Topic 18 is not relevant.

Sprint's suggestion that it has no documents "comparing" the inventions or disclosures or patents discussed in Topic 18 is misplaced and a red herring. What is disclosed in a patent is a question of fact (see, e.g., In re Reiffin, 199 Fed. Appx. 965, 967 (Fed. Cir. 2006)), requiring only reading the disclosure, not comparing it to others. Furthermore, even if Topic 18 was a question of law, as Sprint would have the Court erroneously find, Vonage is entitled to seek the factual bases of such legal claims. See, e.g., Ecrix Corp. v. Exabyte Corp., 95 F. Supp. 2d 1155 (D. Colo. 2000) (denying motion for protective order; Rule 30(b)(6) notice seeking testimony on, *inter alia*, reduction of invention to practice, perfection of or improvement to subject matter of patent, meaning and construction of patent claims, and bases for infringement contentions was proper).

### 2.    Sprint Cannot Meet Its Burden of Demonstrating that Topic 18 is Unduly Burdensome.

"Once a party has requested discovery, the burden is on the party objecting to show that responding to the discovery is unduly burdensome." Land, 1995 U.S. Dist. LEXIS 3746 at *14 (citation omitted). Having failed, as set forth above, to demonstrate that Topic 18 is "wholly irrelevant" to the dispute between the parties, Sprint cannot demonstrate that the requested discovery would be unduly burdensome.

Sprint had ample opportunity to raise it in a motion for protective order before the Rule 30(b)(6) deposition began, in response to Vonage's Motion to Compel, at the pretrial conference, or in objection to the Court's May 9 Order. Now, for the first time, in its Motion for Protective Order, Sprint attaches searches of U.S. Patent Office filings purportedly indicating the number of patents and patent applications between the individuals identified in Topic 18. The Court should

reject Sprint's last-ditched and belated efforts to duck this relevant discovery. See, e.g.,

Heartland Surgical Specialty Hosp., LLC v. HCA Midwest Div., No. 05-2164-MLB-DWB, 2007

U.S. Dist. LEXIS 26552 (D. Kan. Apr. 9, 2007) (rejecting as untimely overbreadth and

burdensomeness objections to Rule 30(b)(6) notice of deposition not raised at status conference

and raised for the first time in support of a motion for protective order).

    Sprint baldy asserts that the "burden and cost associated with preparing a witness on 365

patents and patent applications could not be more clear." Mem. in Support of Mot. for Prot.

Order at 6. Sprint, however, has "the burden of showing facts justifying [its] objection by

demonstrating that the *time or expense* involved in responding to requested discovery is *unduly*

burdensome." Bailey, 2006 U.S. Dist. LEXIS 92439 (emphasis added). Sprint has produced no

affidavits – or even estimates – of what such deposition preparation would require, nor has Sprint

made any attempt whatsoever to show that the requested discovery would be *unduly*

burdensome, rather than just time-consuming. Such complaining is insufficient to prohibit the

discovery which Vonage seeks, and the Court has ordered. Cf. Moss v. Blue Cross & Blue

Shield of Kansas, Inc., No. 06-4105, 2007 U.S. Dist. LEXIS 25301 (D. Kan. Apr. 2, 2007)

(finding discovery request requiring review of 1,800 files was not overly broad or unduly

burdensome on its face); Heartland, 2007 U.S. Dist. LEXIS 26552 at *16 (overruling objections

to 30(b)(6) notice. "It is true that Defendants sought a large amount of information, but there can

be no claim that Heartland could not identify the 'outer limits of the areas of inquiry.'" (citation

omitted); United States v. Magnesium Corp. of Am., No. 2:01-CV-40DB, 2006 U.S. Dist.

LEXIS 87734 (D. Utah Nov. 27, 2006) (overruling objections to 30(b)(6) notice, even where

objecting party stated that preparing a witness on topic noticed required unduly burdensome

preparation and that "it is likely difficult or impossible for anyone to conduct such a large investigation in a comprehensive way in less than a year.").

Furthermore, Sprint fails to mention that many of these purported "365 patents" are, in fact, related and, as do the Asserted Patents, share a common specification. For example, thirty-eight (38) of these patents are derived from a single parent application, SN 08/238,605. In its bald allegations of the burdens that would accompany providing the Court-ordered testimony in response to Topic 18, Sprint's insistence that that it must review "365 patents and patent applications" is a misleading inflation of the actual number of documents that would be involved. Moreover, substantially all, if not all, of these patents were prepared and prosecuted by Sprint's counsel Harley Ball or Michael J. Setter, Esquires, or both of them. Reason therefore suggests that Sprint need only speak to these two readily available counsel to prepare a witness to testify on its behalf as to Topic 18.

"Sprint has the burden to show not only 'undue burden or expense,' but also to show that the burden or expense is *unreasonable in light of the benefits* to be secured from the discovery." Cromwell v. Sprint Comms. Co. L.P., No. 99-2125, 2000 U.S. Dist. LEXIS 7879 at *14 (D. Kan, May 26, 2000) (emphasis added) (overruling Sprint's objections to Rule 30(b)(6) deposition notice; awarding sanctions pursuant to Rule 37). See also Land, 1995 U.S. Dist. LEXIS 3746 at *15 ("Discovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery.") (quotation omitted). Therefore, even when the discovery "would cause great labor and expense or even considerable hardship and the possibility of injury to its business, Sprint must still establish that the hardship would be undue and disproportionate to the benefits [Vonage] would gain" from the discovery. Cromwell, 2000 U.S. Dist. LEXIS 7879 at *14.

16

Sprint "cannot escape compliance with discovery requests by mere assertions that a discovery request is overbroad and burdensome." Land, 1995 U.S. Dist. LEXIS 3746 at *15. In its Motion, all Sprint offers are platitudes.

Sprint has failed, even now on its third try, to provide "sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce the requested documents" to support its objections. Bailey, 2006 U.S. Dist. LEXIS 92439. As such, Sprint's objections provide no relief from its duty to respond to Vonage's request for testimony in full, and its Motion for Protective Order must be denied.

### D.    Vonage is Entitled to Sanctions Based on Sprint's Continued Attempts to Delay, Avoid and Obfuscate Discovery.

Vonage is entitled to monetary and/or preclusionary sanctions based on Sprint's continued attempts to delay and obfuscate relevant discovery in this case for two reasons: (1) Sprint's Motion for Protective Order is untimely and meritless, as set forth above, and (2) Sprint blatantly failed to comply with the Court's Order compelling it to produce a Rule 30(b)(6) witness prepared to testify on Topic 18 of the Second Notice.

Pursuant to the Rules, upon denial of Sprint's Motion for Protective Order, the Court may enter an order awarding Vonage its reasonable expenses, including attorneys' fees, in opposing the motion. See Fed. R. Civ. P. 26(c), 37(a)(4).[8] Additionally, where, as here, Sprint has also failed to obey the Court's express May 9 Order, the Court may also enter an order, inter alia:

---

[8]    The United States Court of Appeals for the Tenth Circuit requires district courts to consider three factors in setting the amount of a monetary sanction: "(1) the reasonable expenses incurred as a result of the sanctionable misconduct, including reasonable attorneys' fees; (2) the minimum amount necessary to deter future misconduct; and (3) the ability of the sanctioned part or attorney to pay the sanction." Starlight Int'l, Inc. v. Herlihy, 190 F.R.D. 587 (D. Kan. 1999) ("Starlight II") (citing White v. GMC, 908 F.2d 675, 684-85 (10th Cir. 1990)). Upon an Order by the Court denying Sprint's Motion for Protective Order, Vonage will submit affidavits to assist the Court in assessing the appropriate monetary sanction.

17

- Refusing to allow Sprint to support or oppose designated claims or defenses, or prohibiting Sprint from introducing designated matters in evidence (such as those related to Topic 18);

- Striking out pleadings or parts thereof (such as those related to Topic 18), or dismissing the action; and

- Requiring Sprint to pay Vonage's reasonable expenses, including attorneys' fees, in opposing Sprint's untimely and meritless motion.

See Fed. R. Civ. P. 37(b).

As this Court has reasoned in awarding sanctions, "[s]anctions under Rule 37 are intended to *ensure that a party does not benefit from its failure to comply, and to deter those who might be tempted to such conduct* in the absence of such a deterrent. *The court should diligently apply sanctions* under Rule 37 both to penalize those who have engaged in sanctionable misconduct and to deter those who might be tempted to such conduct in the absence of such a deterrent." Farr v. Midwest Woodworking, Inc., No. 99-2526-JAR, 2002 U.S. Dist. LEXIS 25148 (D. Kan. Dec. 18, 2002) (awarding attorneys' fees and costs for failure to comply with order granting motion to compel) (emphasis added) (internal quotations omitted), mot. to modify denied, No. 99-2526-JAR, 2003 U.S. Dist. LEXIS 1139 (D. Kan. Jan. 16, 2003). See also Federal Deposit Ins. Corp. v. Renda, 126 F.R.D. 70 (D. Kan. 1989) (recognizing that default judgment or dismissal is a harsh sanction, but entering default judgment against defendant who failed to comply with motion to compel and engaged in dilatory discovery tactics that prejudiced plaintiff), aff'd, 973 F.2d 1525 (10th Cir. 1992).[9] Sprint "now pleads that [Vonage's] motion to

---

[9] In Heartland, the Court denied the request of the party seeking discovery to impose sanctions on the party seeking to block its 30(b)(6) deposition. See Heartland, 2007 U.S. Dist. LEXIS 26552 at *29. In denying the request for sanctions, however, the Court reasoned that, the Court's prior order only related to the timing and sequence of the 30(b)(6) depositions and did not expressly order Heartland to produce a witness with knowledge on the topics at issue. See id. Because Heartland did not fail to obey an *express* order of the Court, sanctions were therefore

(Continued…)

compel was unnecessary and inappropriate.  The point plaintiff fails to appreciated [sic], however, is that the *time for objection* to [Vonage's] requests is *long past*.  Plaintiff is no longer trifling with defendants, but rather is *attempting to trifle with the court by choosing to ignore [its] order*."  Nichols v. Electronic Crystals Corp., No. 87-2381-O, 1988 U.S. Dist. LEXIS 10964 (D. Kan. Sept. 19, 1988) (imposing sanction of attorneys' fees on plaintiff for failing to comply with court's order compelling discovery) (emphasis added).[10]

Accordingly, Vonage respectfully requests an Order (1) imposing monetary sanctions upon Sprint, including, but not limited to, Vonage's costs and attorneys' fees associated with reconvening Sprint's Rule 30(b)(6) deposition regarding Topics 18 and 19, and the costs and attorneys' fees associated with this Motion, for Sprint's failure to provide an adequately prepared Rule 30(b)(6) representative in defiance of the Court's Order; (2) prohibiting Sprint from supporting or opposing claims or defenses, or introducing evidence, concerning Topic 18; and (3) striking out those parts of Sprint's pleadings concerning Topic 18.

---

(Continued...)

not appropriate.  See id.  Here, however, the Court unmistakably ordered Sprint to produce a prepared 30(b)(6) witness to testify on Topic 18 of the Second 30(b)(6) Notice.  Instead, Sprint encouraged further delays and brought the instant belated motion that contravenes the express mandate of the Court's May 9 Order.

[10] Indeed, even if Sprint were now to comply with the May 9 Order, such belated compliance would still not excuse its recalcitrance to date.  See Beilue v. International Bhd. of Teamsters, Local No. 492, 13 Fed. Appx. 810, 813 (10th Cir. 2001) ("the ultimate production of the requested documents 'is not determinative.'") (quoting Ohio v. Arthur Andersen & Co., 570 F.2d 1370, 1374 (10th Cir. 1978) (affirming imposition of preclusionary and monetary sanctions and explaining that the "Rule permits a sanction when a party 'fails to obey an order,'" a failure which is not absolved upon production; the "ultimate, and reluctant, production of documents more than a year after a legitimate request, does not absolve Anderson of the charge that it willfully failed to obey a valid court order" on the basis of a "contrived excuse") (quoting Fed. R. Civ. P. 37(b)(2)), cert. denied, 439 U.S. 833 (1978)).

## IV.    CONCLUSION

For the foregoing reasons, Vonage respectfully requests that the Court either strike Sprint's Motion for Protective Order as untimely; or, alternatively, deny Sprint's Motion for Protective Order and compel Sprint to produce a knowledgeable witness to testify on its behalf on Topic 18 pursuant to Rule 30(b)(6). In addition, Vonage respectfully requests that the Court award Vonage its fees and expenses associated with this Motion and/or any reconvened deposition, limit Sprint's ability to present claims, defenses, or evidence concerning Topic 18, and such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

June 28, 2007

/s/ Don R. Lolli
Don R. Lolli   KS Dist. #70236
Patrick J. Kaine  KS #15594
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111
816-931-2700
pkaine@DysartTaylor.com
dlolli@DysartTaylor.com

Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com

*Attorneys for Defendants/Counterclaim Plaintiffs Vonage America, Inc. and Vonage Holdings Corp.*

## CERTIFICATE OF SERVICE

I hereby certify on June 28, 2007, that a copy of Memorandum of Vonage Holdings Corp. and Vonage America, Inc. in Opposition to the Motion of Sprint Communications Company L.P. for Protective Order, and the exhibits thereto, was filed electronically, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> Shook, Hardy & Bacon LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> bwebb@shb.com
> aseitz@shb.com
> eburesh@shb.com
>
> *Attorneys for Plaintiff*
> *Sprint Communications Company L.P.*

                                        _/s/ Donald R. McPhail__