# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>VONAGE HOLDINGS CORP.,<br>VONAGE AMERICA, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 05-2433-JWL<br>)<br>)<br>)<br>)<br>) |

**SPRINT COMMUNICATIONS COMPANY L.P.'S THIRD SUPPLEMENTAL RESPONSES TO DEFENDANT VONAGE HOLDINGS CORP.'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Sprint Communications Company L.P. ("Sprint"), by and through its undersigned counsel, submits its Third Supplemental Responses to Defendant Vonage Holdings Corp.'s ("Vonage") First Set of Interrogatories.

**GENERAL OBJECTIONS**

Sprint hereby incorporates by reference each General Objection set forth in Sprint's original answers to Vonage Holdings Corp.'s First Set of Interrogatories as if those general objections were set forth fully herein.

2459551v1

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1:** Identify Sprint's organizational structure and any of its predecessor-in-interest, all parents, holding companies, or other entities which own or control Sprint, all divisions, subsidiaries, affiliates or other entities which Sprint owns or controls, by name, date of organization, present address, state of incorporation and the nature of the business conducted thereby.

**FIRST SUPPLEMENTAL RESPONSE:** Sprint objects to this Interrogatory as overly broad, unduly burdensome and irrelevant in that it seeks information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Sprint also objects to this Interrogatory to the extent it seeks information from entities other than Sprint Communications Company L.P., who are not a party to this lawsuit.

Subject to and without waiver of the foregoing general and specific objections, Sprint identifies the following as subsidiaries of Sprint Communications Company, L.P. as of January 1, 2007: Call-Net Enterprises, Inc., MASSFONCO, Sprint Communications Company of New Hampshire, Inc., Sprint Communications Company of Virginia, Inc., Sprint Communications, LLC, Sprint Directory Trademark Company, LLC, Sprint Licensing, Inc., USST of Texas, Inc. Sprint further identifies the following as parents of Sprint Communications Company, L.P. as of January 1, 2007: Sprint Nextel Corporation, UCOM, Inc., US Telecom, Inc., Utelcom, Inc., Sprint International Incorporated, and Sprint International Communications Corporation.

**INTERROGATORY NO. 3:** Identify each assignment, license (express or implied), offer to assign or offer to license the invention(s) disclosed in the Asserted Patents.

2

**FIRST SUPPLEMENTAL RESPONSE:** Sprint objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions. Sprint further states that documents responsive to this Interrogatory likely are in the possession of, and must be produced by, Defendants.

Subject to and without waiver of the foregoing general and specific objections, Sprint identifies the August 22, 2006 agreement between Sprint Communications Company L.P. and Theglobe.com, Inc. and tglo.com, Inc., at SPRe-012-01-00694 to SPRe-012-01-00786.

**INTERROGATORY NO. 4:** Identify each study, evaluation or opinion obtained by Sprint relating to the validity, enforceability, or infringement of the Asserted Patents.

**THIRD SUPPLEMENTAL RESPONSE:** Sprint objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions.

Subject to and without waiver of the foregoing general and specific objections, Sprint identifies the January 12, 2007 Expert Report of Dr. Stephen B. Wicker Regarding Infringement Of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932 and its accompanying exhibits, which *inter alia* set forth opinions that each asserted claim of the Asserted Patents is infringed by Vonage. Sprint further identifies the March 27, 2007 Rebuttal Expert Report of Dr. Stephen B. Wicker Regarding Infringement Of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932, which *inter alia* sets forth opinions that each asserted claim of the Asserted Patents is infringed by Vonage. Sprint further identifies the March 27, 2007 Rebuttal Expert Report of Dr. Stephen B. Wicker Regarding Validity of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429,

6,304,572, 6,633,561, 6,463,052, and 6,452,932 and its accompanying exhibits, which *inter alia* set forth opinions that each asserted claim of the Asserted Patents is valid. Sprint further identifies the April 27, 2007 Supplemental Expert Report of Dr. Stephen B. Wicker Regarding Infringement and Validity of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932, which *inter alia* sets forth opinions that each asserted claim of the Asserted Patents is infringed by Vonage and that each asserted claim of the Asserted Patents is valid. Sprint further identifies the May 2, 2007 Rebuttal Expert Report of Dr. Stephen B. Wicker Regarding April 27, 2007 Reports of Messrs. Halpern and Koperda, which *inter alia* sets forth opinions that each asserted claim of the Asserted Patents is infringed by Vonage and that each asserted claim of the Asserted Patents is valid. Sprint further states that there is no other non-privileged information responsive to this Interrogatory.

**INTERROGATORY NO. 6:** For each and any claim of the Asserted Patents that Plaintiff contends is infringed by Vonage, please provide an element by element analysis that describes in detail the manner in which Plaintiff contends each claim element of the claim infringed by Vonage and specify for each of the claims that Plaintiff contends is infringed by Vonage that is a method claim, the Vonage component(s) that practice each claim element of the method claim and indicate whether such infringement is believed to be literal infringement or infringement under the doctrine of equivalents, and include a detailed description of how plaintiff contends any accused activity meets each and every claim limitation, or otherwise contributes to or induces infringement of each such claim.

**THIRD SUPPLEMENTAL RESPONSE:**   Sprint objects to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without waiver of the foregoing general and specific objections, Sprint responds, to the extent possible, as follows:  Sprint contends that each of the asserted claims is infringed literally and, if not, under the doctrine of equivalents.  Sprint further contends that Defendant directly infringes each asserted claim and induces and/or contributes to the infringement by others of each asserted claim.  Sprint incorporates herein by reference the January 12, 2007 Expert Report of Dr. Stephen B. Wicker Regarding Infringement Of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932 and its accompanying exhibits, which *inter alia* set forth bases by which Sprint contends that each asserted claim of the Asserted Patents is infringed by Vonage.  Sprint further incorporates by reference the March 27, 2007 Rebuttal Expert Report of Dr. Stephen B. Wicker Regarding Infringement Of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932, which *inter alia* sets forth opinions that each asserted claim of the Asserted Patents is infringed by Vonage.  Sprint further incorporates by reference the April 27, 2007 Supplemental Expert Report of Dr. Stephen B. Wicker Regarding Infringement and Validity of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932, which *inter alia* sets forth opinions that each asserted claim of the Asserted Patents is infringed by Vonage.  Sprint further incorporates by reference the May 2, 2007 Rebuttal Expert Report of Dr. Stephen B. Wicker Regarding April 27, 2007 Reports of Messrs. Halpern and Koperda, which *inter alia* sets forth opinions that each asserted claim of the Asserted Patents is infringed by Vonage.  The bases identified in the reports are not exhaustive, but exemplary.

**INTERROGATORY NO. 7:** With respect to plaintiff's allegation that Vonage has willfully infringed the Asserted Patents, please state the full and complete basis for this allegation and, identify each person with knowledge of the basis and each document which reflects, refers or relates to that basis.

**FIRST SUPPLEMENTAL RESPONSE:** Sprint objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions.

Subject to and without waiver of the foregoing general and specific objections, Sprint states that Vonage had knowledge of the Asserted Patents at least as early as July 13, 2004 (see SPCC.1157-1158, 1171-1172). Subsequent notice of the Asserted Patents was transmitted to Vonage on multiple occasions, including the following:

- August 19, 2004 letter from Mr. B. Trent Webb, on behalf of Sprint, to Mr. Jeffrey Citron, CEO of Vonage (see SPCC.1165-1167);

- November 12, 2004 letter from Mr. B. Trent Webb, on behalf of Sprint, to Mr. Jeffrey Citron, CEO of Vonage (see SPCC.1159, SPCC.1168);

- May 9, 2005 letter from Mr. John Gibson, on behalf of Sprint, to Mr. Jeffrey Citron, CEO of Vonage (see SPCC.1160);

- July 15, 2005 letter from Mr. B. Trent Webb, on behalf of Sprint, to Mr. Jeffrey Citron, CEO of Vonage (see SPCC.1169-1170); and

- The filing of the instant lawsuit.

Despite said notice, Defendants continued to infringe the Asserted Patents. The identity of persons with knowledge of Defendants' willful infringement includes, but is not limited to, Jeffrey A. Citron, Louis Mamakos, Lou Holder, Allen Kalb, and Sharon O'Leary. Other employees and/ or representatives of Defendants with knowledge of Defendants' willful infringement are likely known and must be identified by Defendants. Sprint further states that documents responsive to this Interrogatory likely are in the possession of, and must be produced

by, Defendants. Sprint further states that Vonage did not rely on any opinion of counsel in response to receiving notice of its infringement of the Asserted Patents and has not established that it proceeded with due care upon notice of Sprint's patent rights.

**INTERROGATORY NO. 8:** Identify the amount of damages allegedly sustained by plaintiff due to Vonage's alleged infringement of the Asserted Patents, the theory of damages, and the method used to calculate the amount of damages including, with limitation, whether the calculation is based on lost profits, reasonably royalty, or some other measure of patent damages; and identify each fact that supports that allegation, including but limited to each fact that supports or relates to the "Panduit" factors for a lost profits calculation and each fact that supports or relates to the "Georgia-Pacific" factors for a reasonable royalty calculation, each document that refers to or relates to that fact, and each person which knowledge of that fact (listed in order from most knowledgeable to lease knowledgeable).

**THIRD SUPPLEMENTAL RESPONSE:** Sprint objects to this Interrogatory to the extent it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions.

Subject to and without waiving the foregoing general and specific objections, Sprint incorporates herein by reference the January 12, 2007 Expert Report of Raymond S. Sims and its accompanying exhibits, the March 27, 2007 Rebuttal Expert Report of Raymond S. Sims, and the April 19, 2007 Supplement to the Expert Report of Raymond S. Sims, which *inter alia* set forth a preliminary computation of the amount of damages sustained by Sprint due to Vonage's infringement of the Asserted Patents, the theory of damages, and the method used to calculate the amount of damages, as well as factual support for these damages computations.

The bases identified in these reports are not exhaustive, but exemplary; and, the damages computations are preliminary in nature as Vonage's infringement is continuing.

**INTERROGATORY NO. 9:** State the meaning of each word, term and phrase of each claim of the Asserted Patents that plaintiff contends has a special or uncommon meaning and state each fact which supports or relates to such construction, including without limitation to identify each reference or portion of the claims, specification, or prosecution history that supports, describes or explains such construction, identify each item of other evidence that supports or relates to such construction, and identify each person with knowledge of such facts.

**THIRD SUPPLEMENTAL RESPONSE:**   Sprint objects to this Interrogatory as overly broad and unduly burdensome in that it seeks information on claim terms that will not require construction.  Sprint objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions.  Sprint further objects to the Interrogatory in that it calls for a legal conclusion because only the Court may determine the "meaning" of a claim term.

Subject to and without waiving the foregoing general and specific objections, Sprint incorporates herein by reference the January 12, 2007 Expert Report of Dr. Stephen B. Wicker Regarding Infringement Of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932 and its accompanying exhibits, the March 27, 2007 Rebuttal Expert Report of Dr. Stephen B. Wicker Regarding Infringement Of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932, the March 27, 2007 Rebuttal Expert Report of Dr. Stephen B. Wicker Regarding Validity of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932

and its accompanying exhibits, the April 27, 2007 Supplemental Expert Report of Dr. Stephen B. Wicker Regarding Infringement and Validity of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932, and the May 2, 2007 Rebuttal Expert Report of Dr. Stephen B. Wicker Regarding April 27, 2007 Reports of Messrs. Halpern and Koperda, which all *inter alia* set forth constructions of various words, terms, and phrases from various claims of the Asserted Patents, as well as support for those constructions. The bases identified in these reports are not exhaustive, but exemplary.

**INTERROGATORY NO. 10:** Identify each person you expect to call as an expert or fact witness in this litigation and for each witness identified, state the subject matter on which the witness is expected to testify (either by oral testimony or written declaration), state the substance of the facts and/or opinions to which the witness is expected to testify, identify all documents referring or relating to the substance of the witness' testimony, and summarize the grounds for such testimony.

**THIRD SUPPLEMENTAL RESPONSE:** Subject to the foregoing general and specific objections and in addition to those individuals identified in Sprint's Initial Disclosures, Sprint's Preliminary Witness List, and any supplements thereto, Sprint identifies Dr. Stephen B. Wicker, Mr. Raymond S. Sims, and the Honorable Gerald J. Mossinghoff as expert witnesses it may call in this litigation. The opinions to which Dr. Stephen B. Wicker is expected to testify are contained in the January 12, 2007 Expert Report of Dr. Stephen B. Wicker Regarding Infringement Of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932 and its accompanying exhibits, the March 27, 2007 Rebuttal Expert Report of Dr. Stephen B. Wicker Regarding Infringement Of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932, the March 27, 2007

9

Rebuttal Expert Report of Dr. Stephen B. Wicker Regarding Validity of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932 and its accompanying exhibits, the April 27, 2007 Supplemental Expert Report of Dr. Stephen B. Wicker Regarding Infringement and Validity of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932, the May 2, 2007 Rebuttal Expert Report of Dr. Stephen B. Wicker Regarding April 27, 2007 Reports of Messrs. Halpern and Koperda.  The opinions to which Mr. Raymond S. Sims is expected to testify are contained in the January 12, 2007 Expert Report of Raymond S. Sims and its accompanying exhibits, the March 27, 2007 Rebuttal Expert Report of Raymond S. Sims, and the April 19, 2007 Supplement to the Expert Report of Raymond S. Sims.  The opinions to which the Honorable Gerald J. Mossinghoff is expected to testify are contained in the January 12, 2007 Expert Report the Honorable Gerald J. Mossinghoff.  The bases identified for the opinions expressed in these reports are not exhaustive, but exemplary.  Sprint identifies the documents relied upon by each of its experts in their respective expert reports as documents referring or relating to the substance of the witness' testimony.

**INTERROGATORY NO. 11:**  Identify when and how Sprint first became aware of Vonage's alleged infringement of the Asserted Patents, and when Sprint first informed Vonage of our alleged infringement of the Asserted Patents.

**FIRST SUPPLEMENTAL RESPONSE:**  Sprint objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions. Sprint also objects to this Request on the basis that it is unreasonably cumulative or duplicative and the

information requested is already within the possession of, and/or must be produced by, Defendants.

Subject to and without waiver of the foregoing general and specific objections Sprint states that it became aware of Vonage's infringement of the Asserted Patents on or about May 2004. Sprint first informed Vonage of its infringement of the Asserted Patents at least as early as July 13, 2004 via a letter and CD sent by Mr. Raphael Lupo, on behalf of Sprint, to Mr. Jeffrey Citron, CEO of Vonage (see SPCC.1157-1158, SPCC.1171-1172). Subsequent notice of Vonage's infringement of the Asserted Patents was transmitted on multiple occasions, including the following:

- August 19, 2004 letter from Mr. B. Trent Webb, on behalf of Sprint, to Mr. Jeffrey Citron, CEO of Vonage (see SPCC.1165-1167);

- November 12, 2004 letter from Mr. B. Trent Webb, on behalf of Sprint, to Mr. Jeffrey Citron, CEO of Vonage (see SPCC.1159, SPCC.1168);

- May 9, 2005 letter from Mr. John Gibson, on behalf of Sprint, to Mr. Jeffrey Citron, CEO of Vonage (see SPCC.1160);

- July 15, 2005 letter from Mr. B. Trent Webb, on behalf of Sprint, to Mr. Jeffrey Citron, CEO of Vonage (see SPCC.1169-1170); and

- The filing of the instant lawsuit.

Dated: May 17, 2007

          Respectfully Submitted,

          _/s/ Adam P. Seitz_____
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar. No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS FOR PLAINTIFF SPRINT
COMMUNICATIONS COMPANY L.P.

2459551v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May 2007, a copy of SPRINT COMMUNICATIONS COMPANY L.P.'S THIRD SUPPLEMENTAL RESPONSES TO DEFENDANT VONAGE HOLDINGS CORP.'S FIRST SET OF INTERROGATORIES was sent via e-mail to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


 /s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.