## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 05-2433-JWL |
| v. | ) |
| THE GLOBE.COM, INC., ET AL | ) |
| Defendants. | ) |
| | ) |

### VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S MEMORANDUM IN OPPOSITION TO SPRINT COMMUNICATIONS CO., L.P.'S MOTION TO STRIKE OR DISREGARD PORTIONS OF VONAGE'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants (collectively, "Vonage") submit this memorandum in opposition to Sprint Communications Company L.P.'s ("Sprint") Motion to Strike or Disregard Portions of Vonage's Brief in Support of Motion for Summary Judgment (Sprint's "Motion").

## I.      INTRODUCTION

In a further attempt to delay its disclosure of facts in support of its claims of patent infringement, and to force a trial on allegations of infringement that in numerous instances are betrayed on the face of the Asserted Patents themselves, Sprint requests the Court strike from Vonage's brief in support of Vonage's Motion for Summary Judgment (Vonage's "Brief"), or disregard, facts that expose Sprint's claims as legally unsupportable and ripe for summary disposition.

Rather than finally engage in substantive, fact-based argument, and face the reality that certain of its claims of patent infringement can not withstand summary judgment, Sprint would have the Court simply pretend these inconvenient, material, and,

Vonage submits, dispositive facts do not exist.  Neither the procedural rules on which

Sprint bases its motion nor the law of this Court countenance such a result.

      As the basis for its request for what this Court has cautioned is extraordinary

relief, Sprint impermissibly puts form over substance, fails to demonstrate the prejudice

the Court has held is necessary to its motion, and fabricates an objection to Vonage's

discussion of the Asserted Patents that precedent exposes as unsubstantiated and

erroneous.  For these reasons, the Court should deny Sprint's Motion.

## II.     QUESTION PRESENTED

      Does Sprint state any basis to strike or disregard any portions of Vonage's Brief

in Support of its Motion for Summary Judgment?

## III.     ARGUMENT

      Sprint moves to strike, or asks the Court to disregard, Sections II, III and IV[1] of

Vonage's Brief in support of its Motion for summary judgment.  In so doing, Sprint

ignores the plain content of Vonage's brief, and mischaracterizes or ignores both

Vonage's submission and the law on which Sprint purports to rely.

      As noted in the cases on which Sprint asks the Court to rely, "striking an entire

pleading, or a portion thereof, is *a drastic remedy*, and because a motion to strike may

often be brought as a dilatory tactic, motions to strike under Rule 12(f) are generally

disfavored."  Sellers v. Butler, No. 02-3055, 2006 U.S. Dist. LEXIS 72935 *4 (D. Kan.

---

[1]     Sprint makes a single exception for Fact No. 4 in Vonage's Section IV, and exempts this fact from its motion.  (Sprint Br. at 2).  Sprint offers little indication as to why, in its opinion, Fact No. 4 is "passable" and all others are not.  Vonage submits this absence is evidence that Sprint's contentions in its Motion are without basis.

Oct. 5, 2006) (Sprint Br. at 2) (emphasis added).[2]  Such extraordinary measures are

typically reserved for limited instances, where a party has pled scandalous or irrelevant

matters – none of which Sprint identifies here.  (Id. at *4-5).

Instead, Sprint bases its motion on Vonage's alleged noncompliance with a local

rule, which this Court has stated is no basis for striking material from a pleading.  Sprint

thus asks the Court to use a disfavored tool for an inappropriate result.  Vonage submits

the Court should disallow Sprint's motion on these grounds alone.

A.    **Vonage's Brief Meets the Legal Standards.**

D. Kan. Rule 56.1(a) provides in relevant part as follows:

> The memorandum or brief in support of a motion for summary judgment
> shall begin with a section that contains a concise statement of material
> facts as to which the movant contends no genuine issue exists.  The facts
> shall be numbered and shall refer with particularity to those portions of the
> record upon which movant relies.

In its Brief in support of its Motion for Summary Judgment, Vonage provided a

separate Statement of Undisputed Material Facts (Vonage's "Statement of Facts;" see

Vonage's Brief at 17-25), each with citations to the record.[3]  Vonage's Statement of Facts

_____

[2]        As noted in the very cases on which Sprint relies, for any fact not supported by
the record, the Court may simply choose not consider such fact in ruling on the motion.
Sellers, 2006 U.S. Dist. LEXIS 72935 *7; see also Philippine Am. Life Ins. v. Raytheon
Aircraft Co., No. 02-2068, 2003 U.S. Dist. LEXIS 25278 (D. Kan. Nov. 12, 2003)
(denying motion to strike; for any fact not supported by the record, court will simply not
consider such fact in ruling on the motion); see also Kay-Cee Enters., Inc. v. Amoco Oil
Co., 45 F. Supp. 2d 840 (D. Kan. 1999) (to the extent that plaintiff's statement of
undisputed facts occasionally fails to refer to the evidentiary record, the court may choose
not to consider those alleged facts if not admitted by the defendant.).  Furthermore, where
the Court has found a brief insufficient under Local Rule 56.1, the Court has allowed for
amended submissions.  See, e.g., Ferluga v. Eickhoff, No. 05-2338, 2006 U.S. Dist.
LEXIS 80037 (D. Kan. Oct. 31, 2006) (Sprint Br. at 2).

[3]        Vonage's Statement of Facts was in a separate section within its brief, not at its
beginning.  Should the Court prefer that Vonage reissue its brief with its statements of

contains just that:  plain statements of undisputed and uncontested fact.  For example,

Vonage's Fact 1 is an objective recitation of what is disclosed in the '294 Patent, with

direct quotes from the patent's specification:

> **FACT 1:       The only broadband system disclosed for user communication
> in the '301 Family Patents is Asynchronous Transfer Mode (ATM)
> technology.**
>
> The '294 Patent frames the invention as being specific to problems
> with ATM networks.  <u>Exh.</u> B 1:22-2:5.  More specifically, the Background
> describes the existing need in the art to provide virtual connection
> switching in ATM networks on a call-by-call basis using ATM
> multiplexers rather than the more complex ATM switches that were in
> development at the time of the invention '294 Patent. <u>Exh.</u> B 1:47-2:5.
> The Abstract of the '294 Patent definitively states that the "<u>invention is</u> a
> system for providing virtual connections <u>through an ATM interworking</u>
> <u>multiplexer</u> on a call-by-call basis."  ('294 Patent, Abstract) (emphasis
> added).
>
> The '294 Patent Summary describes an invention that relates to
> ATM <u>and</u> relies on, or is itself, an ATM Interworking Multiplexer.
>
> > **<u>The invention includes</u>** a method of operating a
> > telecommunications system to provide a call with a virtual
> > connection. . . . The method comprises . . . generating new
> > signaling to identify the particular connection and the
> > selected virtual connection, and then transmitting the new
> > signaling **<u>to the ATM interworking multiplexer</u>**. The
> > method also includes receiving the user information for the
> > call from the particular connection **<u>into the ATM</u>**
> > **<u>interworking multiplexer</u>**, converting the user information
> > into ATM cells that identify the selected virtual connection
> > in response to the new signaling, and transmitting the ATM
> > cells over the selected virtual connection.
> >
> > **<u>The invention also includes</u>** a telecommunications system
> > to provide a call with a virtual connection in response to
> > signaling for the call. . . . The system includes an **<u>ATM</u>**
> > **<u>interworking multiplexer</u>** to receive user information
> > from a connection, convert the user information into ATM

---

material fact at the beginning of the document, with each sentence numbered, Vonage
will do so promptly upon the Court's direction.

cells that identify the selected virtual connection, and transmit the ATM cells over the selected virtual connection. . . .

**The invention also includes an ATM interworking multiplexer** for providing calls with virtual connections in response to signaling for each of the calls. . . .

Exh. B 2:8-51 (emphasis added)

The "Detailed Description" of the '294 Patent describes the invention as relating only to ATM networks, and concludes that:

The **invention** allows switching over an **ATM** fabric on a call by call basis. This allows efficient high capacity virtual connections to be exploited. Advantageously, the invention does not require signaling capability in an **ATM** switch. The invention does not require call processing capability in an **ATM** switch. This enables networks to implement **ATM** switching without these sophisticated **ATM** switches that support high volumes of calls. It also avoids the cost of these switches.

Exh. B 22:65-23:4.(emphasis added) (See also, Exh. B 3:41-44; 5: 42-52; 11:21-24).

(Vonage Br. at 17-18). Eager to distance itself from the plain words of the Asserted Patents, Sprint would have the Court strike or disregard this and all but one of Vonage's other undisputed material facts as "gratuitous and improper argument, attorney commentary, legal conclusions and conclusory statements regarding the patents and technology at issue." (Sprint Br. at 2-3). A plain reading of Vonage's statement demonstrates that Sprint's characterization is improper, and exposes Sprint's argument as little more than hyperbole.

In addition to its Statement of Facts, Section II of Vonage's brief, entitled "The Sprint Patents," which Sprint also seeks to strike, contains factual recitations of the disclosures in the Asserted Patents and the prosecution histories for each of them.

(Vonage Br. at 4-9). Each recitation is supported by a citation to admissible evidence of record – sworn statements by Sprint to the United States Patent & Trademark Office, and party admissions under F.R.E. 801(d); sworn expert testimony and reports from Sprint's witnesses.

Section III of Vonage's brief, entitled "The Vonage System," contains factual description of the basic operation of the Vonage Voice over Internet Protocol ("VoIP") telephony system, (Vonage Br. at 9-16), the composition and function of which, as confirmed following the close of discovery, is not in controversy. Each recitation is supported by a citation to admissible evidence of record – the deposition testimony of Vonage representatives Peter Miron and Michael Dwarkha. (Vonage will refer to the factual points in Sections II and III of its brief, and its Statement of Facts, collectively as its "statements of fact").

As such, Vonage's brief complies with the substantive requirements and the spirit of Local Rule 56.1.

**B.     The Court Has Expressly Rejected Each of Sprint's Grounds for Complaint.**

In asking the Court to strike or disregard these facts, Sprint argues that Vonage did not state these facts in the first pages of its brief, that its citations in support of these facts were made at the end of a paragraph rather than at the end of a sentence, and that Vonage has made selective citations and extrapolated more from those citations that Sprint would prefer. Sprint does not contend that Vonage has failed to offer any citations to the record in support of the facts on which it bases its motion – the only basis for disregarding any fact in a summary judgment motion. See n. 2, *supra*. The Court has similarly rejected Sprint's other grounds for complaint.

The fact that Vonage did not number each sentence in its Statement of Facts is not grounds for striking or disregarding such facts:

> Defendants' memorandum in support of the motion for summary judgment includes a section entitled 'Statement of Facts' which concisely states the facts which defendants claim are undisputed. Defendants cite to the record with particularity. Defendants did fail to number each sentence in the statement. This omission, however, does not prejudice the plaintiff or hamper this Court. The purpose of Local Rule 15(c) is to enable opposing counsel to determine the facts relied upon by a movant for summary judgment. ...Here, defendants' statement of facts is sufficiently clear to enable counsel and this Court to determine defendants' factual contentions without sifting through the pleadings. Defendants' failure to number each sentence does not frustrate the purpose of Local Rule 15(c) and does not require denial of the motion for summary judgment."

Bryant v. O'Connor, 671 F. Supp. 1279, 1282 (D. Kan. 1986).

The fact that Vonage included facts elsewhere in its brief, supported by citations to the record (and some of which Vonage incorporated into its Statement of Facts; see, e.g., Fact 14 (referring to the "Vonage System Description, Sec. IV [sic]")), is likewise an insufficient basis for Sprint's motion, and these facts, under the law of this Court, are neither to be stricken nor disregarded. No matter where they appear in the brief, well-supported facts are to be considered on summary judgment, and motions to disregard them must be denied. See, e.g., Glover v. Heart of Am. Mgmt. Co., 38 F. Supp. 2d 881, 883 (D. Kan. 1999) (rejecting motion to disregard plaintiff's factual allegations for failure to comply with D. Kan. Rule 56.1, where Plaintiff made only one factual allegation in her statement of facts, but made numerous factual allegations elsewhere in her brief with cites to the record):

> Plaintiff has not failed to support her factual allegations; she simply has failed to place these factual allegations in her statement of facts. The Court finds that plaintiff's failure has not prejudiced defendants or prevented the Court from ascertaining plaintiff's relevant factual

allegations.  The Court therefore accepts plaintiff's properly-supported allegations, despite her failure to comply with D. Kan. Rule 56.1.

Id.; cf. Sellers, 2006 U.S. Dist. LEXIS 72935, *10-11 (Sprint Br. at 2) (facts that contain citations to the record are not deficient on their face).

"The court may exercise its discretion in applying local rules."  Hergert v. Shaw, No. 00-2281, 2001 U.S. Dist. LEXIS 5809 (D. Kan. Apr. 27, 2001) (citing Amro v. Boeing Co., No. 97-3049, 1998 U.S. App. LEXIS 15164,  at *1 n.1 (10th Cir. July 8, 1998) and Hernandez v. George, 793 F.2d 264, 269 (10th Cir. 1996)).  Under this Court's precedent, Sprint's motion is inappropriate, and each fact offered in Vonage's Brief in Support of its Motion for Summary Judgment must stand.  See, e.g., id. (denying motion to strike material from summary judgment brief; although Plaintiff failed to set forth facts in numbered paragraphs pursuant to D. Kan. R. 56.1(b)(2), Plaintiff included relevant references to the record within the argument section of his brief); see also PAS Communs., Inc. v. Sprint Corp., 139 F. Supp. 2d 1149, 1164, n. 18 (D. Kan. 2001) (refusing to strike motion for summary judgment that contained no statement of facts, where facts were more adequately fleshed out in defendant's response to that motion, plaintiffs' reply and in other filings).

To the extent that Sprint contends that Vonage's citations were selective, or incomplete, such is the stuff of litigation, not the basis for striking or disregarding Vonage's submission or any fact therein.  Sprint's recourse is to provide the Court with additional facts, in the form of admissible evidence, in its opposition to Vonage's motion for summary judgment, as expressly provided by D. Kan. Rule 56.1(b).

**C.     As Sprint Has Demonstrated No Prejudice From Vonage's Purported Failings, Sprint's Motion Must Be Denied.**

A review of Sprint's submission in opposition to Vonage's motion for summary judgment (Doc. # 217) confirms that Sprint was able to, and did, respond to each fact in Vonage's Brief in Support of its Motion for Summary Judgment – both those in Vonage's statements of fact and the other facts recited in its submission.  While Sprint's responses to the facts in Vonage's Brief are insufficient to defeat summary judgment, as Vonage will detail in its reply papers in support of its motion next week, Sprint offered a full and unfettered response to each fact for the Court's consideration.[4]  Under this Court's precedent, as Sprint has failed to demonstrate any prejudice as a result of what it contends are the faults on the part of Vonage, Sprint's motion fails.[5]  As Sprint has not been prejudiced by any of the purported shortcomings of Vonage's Brief, the Court should deny Sprint's Motion.  See, e.g., Hergert, 2001 U.S. Dist. LEXIS 5809 (denying motion to strike summary judgment brief where defendants had not been prejudiced by Plaintiff's

---

[4]     In response to a number of Vonage's statements of fact, Sprint stated that it either "could not" respond, or, in the alternative, should not have to, because no discussion of the specification of the Asserted Patents may be had "outside the context of specific asserted claims," and "the entire question of what is disclosed by the '301 Family Patents specification call for a legal conclusion that can only be assessed from the perspective of one or ordinary skill in the art."  (Sprint's Mem. in Opp'n to Vonage's Mot. for Summary Jgt., Doc. No. 217, at, e.g., 1).  For reasons discussed *infra*, Vonage submits that such an argument is frivolous, disengenous and contrary to controlling legal authority.  This notwithstanding, Sprint makes it plain that its failure to respond to the statement of fact is based on a legal objection (erroneous as it is), *not* because Vonage's statement was somehow insufficient or not in compliance with local or federal rules.

[5]     Reason further suggests that if Sprint considered Vonage's Brief to have been improper or unacceptable, Sprint would have filed its Motion well prior to when its papers in opposition to Vonage's Motion were due.  Instead, Sprint filed its Motion to strike concurrently with its opposition papers.

noncompliance.).  See also Sellers at *8 (refusing to strike brief when complaining party

has suffered no prejudice); Glover, 38 F. Supp. 2d at 882; Bryant, 671 F. Supp. at 1282.

> As this Court has plainly articulated,

> In light of defendant's failure to adequately establish the prejudicial
> effects resulting from plaintiff's purported noncompliance with [Fed. R.
> Civ. P. 56 and D. Kan. Rule 56.1], coupled with its coinciding failure to
> cite any authority to support its contention that the argumentative nature of
> a statement of facts and/or a party's declaration warrants the drastic
> measure of striking such documents from the record, the court denies
> defendant's motion.

Kay-Cee Enters., Inc., 45 F. Supp. 2d at 842 (Lungstrum, J.).  As Sprint, in its Motion,

has failed in the same respects, the Court should deny Sprint's Motion as well.

### D.    The Cases on Which Sprint Relies are Inapposite.

The other cases upon which Sprint relies are distinguishable.  Each case upon

which Sprint relies are cases where the defendant has moved for summary judgment, and

the plaintiff, with the burden of proof, and the extra obligations under both Rule 56(e)

and Local Rule 56.1(b), has failed to provide a statement of facts supported by the record

and admissible evidence.  See, e.g., Ferluga, 2006 U.S. Dist. LEXIS 80037 (Sprint Br. at

2); Sellers, 2006 U.S. Dist. LEXIS 72935 (Sprint Br. at 2); Litton v. Maverick Paper Co.,

388 F. Supp. 2d 1261, 1268 n.1 (D. Kan. 2005) (Sprint Br. at 2).

In contrast, Vonage has moved for summary judgment on Sprint's claims of

infringement.  As the moving party seeking summary judgment on claims as to which it

does not bear the burden of proof, Vonage's obligations in its own motion are limited:

> The moving party bears the initial burden of demonstrating an absence of
> a genuine issue of material fact and entitlement to judgment as a matter of
> law.  In attempting to meet that standard, a movant that does not bear the
> ultimate burden of persuasion at trial need not negate the other party's
> claim; rather, the movant need simply point out to the court a lack of
> evidence for the other party on an essential element of that party's claim.

> Once the movant has met this initial burden, the burden shifts to the
> nonmoving party to "set forth specific facts showing that there is a
> genuine issue for trial." ...The nonmoving party may not simply rest upon
> its pleadings to satisfy its burden.  Rather, the nonmoving party must "set
> forth specific facts that would be admissible in evidence in the event of
> trial from which a rational trier of fact could find for the nonmovant." "To
> accomplish this, the facts must be identified by reference to affidavits,
> deposition transcripts, or specific exhibits incorporated therein."

PAS Communs. v. Sprint, 139 F. Supp. 2d at 1166 (citing, *inter alia*, Celotex Corp. v.

Catrett, 477 U.S. 317, 325 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986) and Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998)) (other

citations omitted).  Cf. Philippine, 2003 U.S. Dist. LEXIS 25278 *4 (denying motion to

strike; unlike nonmoving party, "a party may refer to allegations contained in the

pleadings to support a motion for summary judgment.")

Though perhaps in a form other than that to which Sprint and the Court are

accustomed, Vonage has met and exceeded its substantive obligations under the rules.  In

its brief, in its Statement of Facts and elsewhere, Vonage directed Sprint and the Court to

portions of the record demonstrating a lack of evidence of essential elements of Sprint's

claims.  That Sprint seeks to point to other or additional facts in its response is no basis for

finding Vonage's statements of fact to be inadequate.  Sprint offers no authority supporting

its contention that Vonage's brief in support of its Motion for Summary Judgment does not

satisfy the minimal standards of a moving party without the burden of proof, and the cases

upon which Sprint relies are wholly distinguishable on these grounds.

> **E.    Statements of Fact that Contain Terms of the Patent are Appropriate.**

Sprint would have the Court admonish Vonage for discussing the Asserted

Patents, and offering quotes from their specification as fact, and asks the Court to strike

or disregard as improper every statement of fact that refers to the patents themselves. (Indeed, the only fact Sprint spares from its motion is Vonage's Fact No. 4: "Vonage's VoIP System does not use ATM Technology" – the only fact that makes no reference to an Asserted Patent). Sprint cites absolutely no authority in support of its contention, and perhaps for good reason – as the law is flatly to the contrary.

A patent's disclosure is a question of fact, and claim terms are appropriately construed on summary judgment in light of those facts.

While the scope of the claims of the Asserted Patents is ultimately and unquestionably a matter of law for the Court to decide, the claims "must be read in view of the specification, of which they are a part." Phillips v. AWH Corp., 415 F.3d 1303, 1315 (Fed. Cir. 2005) (*en banc*), citing Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed. Cir. 1995) (*en banc*). In making its objections, Sprint gets it backwards: Sprint insists that no discussion of the specification may be had "outside the context of specific asserted claims." See, e.g., Sprint's Mem. in Opp'n to Vonage's Mot. for Summary Jgt., Doc. No. 217, at 1). To the contrary, under the basic tenets of claim construction as most recently articulated in Phillips, the *claims* of the patent cannot be considered outside the context of the factual disclosures of the *specification*.

Setting aside the propriety of Sprint's objections, not one of Vonage's statements of fact requires claim construction. Nor do any of Vonage's statements of fact even refer to the claims of the Asserted Patents. To the contrary, Vonage's statements of fact are instead narrowly tailored to the disclosure of the specification of the Asserted Patents. See, e.g., Vonage's Br. in Supt. of Mot. for Summ. Jgt., at Fact 3 ("The '301 Family Patents do not disclose or describe voice communications through the Internet or VoIP.

*See '301 Patent Family Specifications... .*") (emphasis added).  As made clear in the very

case upon which Sprint relies, what is disclosed in a patent's specification is clearly an

issue of fact that the Court may (and must) assess.  See, e.g., Falkner v. Inglis, 448 F.3d

1357, 1363 (Fed. Cir. 2006) (Sprint Br. at 5) ("Written description is a question of fact,

judged from the perspective of one of ordinary skill in the art as of the relevant filing

date."); see also Gentry Gallery, Inc. v. Berkline Corp., 134 F.3d 1473, 1479 (Fed. Cir.

1998).[6]

It is well recognized that the construction of the claims may resolve some or all of

the issues of infringement.  Thus, "[w]here the parties do not dispute any relevant facts

regarding the accused product . . . but disagree over possible claim interpretations, the

question of literal infringement collapses into claim construction and is amenable to

summary judgment."  General Mills, Inc. v. Hunt-Wesson, Inc., 103 F.3d 978, 983 (Fed.

Cir. 1997).  In this case, the relevant elements of the Vonage VoIP system are not in

dispute.  Therefore, a comparison of that structure to the claims of the patent raises no

genuine issue of fact.

Sprint would have the Court find that because what is disclosed in the

specification of a patent "can only be assessed from the perspective of one of ordinary

skill in the art," Sprint somehow need not and Vonage must not discuss the disclosures of

---

[6]    See also Space Systems/Loral, Inc. v. Lockheed Martin Corp., 405 F.3d 985, 990
(Fed. Cir. 2005) (reversing summary judgment based on undisputed facts as to what
specification described); All Dental Prodx LLC v. Advantage Dental Prods., 309 F.3d
774, 779 (Fed. Cir. 2002) ("there are no genuine issues of material fact that the
specification describes the claimed invention within the meaning of the statute");
Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc., 141 F.3d 1084, 1095 (Fed. Cir. 1998)
("The importance of a property mentioned in the specification is a fact to be found and
weighed.").

the patents as facts upon which the Court may rely in deciding summary judgment on Sprint's claims of infringement.[7]  Sprint offers no authority to support such a contention. Were the law as Sprint suggests, summary judgment would never be appropriate in patent cases.  As the Court is well aware, such is not the case.  See, e.g., Pehr v. Rubbermaid, Inc., 87 F. Supp. 2d 1222, 1226-1227 (D. Kan. 2000) (Lungstrum, J.) (granting defendant's pre-*Markman* motion for summary judgment of noninfringement, literally and under doctrine of equivalents).[8]  See also Continental Can Co. v. Monsanto Co., 948 F.2d 1264, 1265 (Fed. Cir. 1991) ("Summary judgment is as available in patent cases as in other areas of litigation.").  Sprint's arguments as to the impropriety of Vonage's statements of fact are simply without merit, and a construct by which Sprint seeks to side-step material facts which are harmful to its position.

Given the absence of legal support for Sprint's Motion, Vonage submits Sprint's objections to Vonage's summary judgment motion is part of an orchestrated and thinly-veiled attempt by Sprint to force Vonage and the Court to trial regardless of the merits of its claims, blind as to the bases for Sprint's contentions, and hogtied in their preparation to defend against Sprint's allegations.  Indeed, the Court has *already rejected* Sprint's

---

[7]     As noted in Phillips, in construing claims of a patent, a court may under certain circumstances consider extrinsic evidence, such as a dictionary.  Following Sprint's reasoning, a party would be prohibiting from offering as fact on summary judgment a statement such as: "The American Heritage dictionary defines 'select,' in part, as '[t]o take as a choice from among several; pick out.'  *The American Heritage® Dictionary of the English Language, Fourth Edition.*".  The result is ludicrous.

[8]     "'[I]t is well recognized that the construction of the claims may resolve some or all of the issues of infringement.'  Thus, 'where the parties do not dispute any relevant facts regarding the accused product. . . but disagree over possible claim interpretations, the question of literal infringement collapses into claim construction and is amenable to summary judgment."  Id., citing Vivid Technologies, Inc. v. American Science &

14

attempts to avoid inconvenient facts by objecting to discovery as improper for seeking

legal conclusions.  See Sprint Comms. Co., L.P. v. Vonage Holdings Corp., No. 05-2433-

JWL-DJW, 2007 U.S. Dist. LEXIS 35561 at *13-17 (D. Kan. May 14, 2007) (D.I. 192)

(Waxse, J.).  In granting Vonage's motion to compel Sprint's testimony pursuant to Fed.

R. Civ. P. 30(b)(6) (Doc. No. 150), the Court overruled Sprint's objections that testimony

regarding patents call for a legal conclusion; see Sprint's Mem. in Opp. to Vonage's Mot.

to Compel (Doc. No. 166) at 10-11 (arguing that questions regarding the "operation of

any invention disclosed and/or claimed in the Asserted Patents" is "inappropriate for a

fact witness, as it calls for the witness to take a legal position and make legal

conclusions.") and Ex. B thereto.  See also Exxon Research & Eng'g Co. v. United

States, 44 Fed. Cl. 597, 603 (Ct. Cl. 1999) ("*Markman* did not eliminate the obligation of

a party claiming patent infringement to produce binding testimony on claim construction

issues.")[9]  Whatever Sprint's motives, Sprint's reluctance to engage in the issues does not

make any portion of Vonage's motion inappropriate.

---

Engineering, Inc., 200 F.3d 795, 803 (Fed. Cir. 1999) and General Mills, Inc. v. Hunt-Wesson, Inc., 103 F.3d 978, 983 (Fed. Cir. 1997).

[9]     By way of further example, even months after the close of fact discovery, Sprint still refuses to disclose the bases of its contentions of infringement.  In its Third Supplemental Response to Vonage Holdings Corp.'s Interrogatory No. 6, in which Vonage has sought, since the outset of discovery, Sprint's contentions of infringement and the factual bases therefor, Sprint incorporated by reference expert reports as its only substantive response, and further qualified its response:  "The bases identified in the reports are *not exhaustive, but exemplary*."  See Ex. "A" at 5 (emphasis added).  Aside from its procedural improprieties (see, e.g., Williams v. Sprint/United Mgmt. Co., 235 F.R.D. 494, 500 (D. Kan. 2006); Pulsecard, Inc. v. Discover Card Servs., No: 94-2304, 1996 U.S. Dist. LEXIS 10014 (D. Kan. July 11, 1996) (party responding to interrogatory may not limit or qualify its responses by providing a "sampling" of its contentions rather than an exhaustive list)); see also Fed. R. Civ. P. 26(a)(2)(B) (expert's report must contain "a complete statement of all opinions to be expressed and the basis and reason

IV.    **CONCLUSION**

For these reasons, Vonage respectfully requests that the Court deny Sprint's

Motion to strike or disregard any portion of Vonage's brief in support of its motion for

summary judgment.  Should the Court prefer Vonage resubmit its Brief in Support of its

Motion for Summary Judgment in a revised format, Vonage is prepared to do so in short

order.

Respectfully submitted,

Dated:  June 28, 2007                    /s/ Don R. Lolli

Don R. Lolli    KS Dist. #70236
Patrick J. Kaine  KS #15594
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111
816-931-2700
pkaine@DysartTaylor.com
dlolli@DysartTaylor.com


Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com

---

therefor.")); Sprint's response to Interrogatory No. 6 confirms that even now, after the
close of discovery, Sprint is deliberately hiding the ball.

*Attorneys for Defendants/Counterclaim Plaintiffs Vonage America, Inc. and Vonage Holdings Corp.*

## CERTIFICATE OF SERVICE

I hereby certify on June 28, 2007**,** that a copy of Vonage Holdings Corp. and Vonage America, Inc.'s Memorandum in Opposition to Sprint Communications Company L.P.'s Motion to Strike or Disregard Portions of Vonage's Brief in Support of Motion for Summary Judgment, and supporting papers, was filed electronically on this date, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> Shook, Hardy & Bacon LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> bwebb@shb.com
> aseitz@shb.com
> eburesh@shb.com
>
> *Attorneys for Plaintiff*
> *Sprint Communications Company L.P.*
>
>                 _/s/ Donald R. McPhail

DM1\1150896.5

1