# EXHIBIT 33

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiff, | ) ) ) Case No.  05-2433-JWL |
| v. | ) ) |
| VONAGE HOLDINGS CORP. and VONAGE AMERICA, INC. | ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' FOURTH SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendants Vonage Holdings Corp. and Vonage America, Inc. (collectively, "Defendants" or "Vonage") submit the following fourth supplemental objections and responses of Plaintiff Sprint Communications Company LP's ("Sprint") First Set of Interrogatories, in particular Interrogatories No. 5 and No. 6.

**GENERAL OBJECTIONS**

1.      Vonage incorporates by reference each of its general and specific objections to Interrogatories No. 5 and No. 6 set forth in its original answers to Sprint's First Set of Interrogatories, and its previous supplemental responses thereto, as if fully set forth herein.

2.      These Supplemental Responses supplement, and do not supplant, displace or replace Vonage's previous responses to any of Sprint's Interrogatories.  Vonage specifically incorporates into its responses to each numbered interrogatory below its previous responses to that numbered interrogatory as if fully set forth at length therein.

- 1 -

3.    To the extent that Sprint has issued identically numbered interrogatories to both Vonage Holdings Corp. and Vonage America, Inc., Vonage makes these answers jointly in this single document, without prejudice to answering severally should Vonage, in these supplemental responses or otherwise, deem it appropriate.

## SUPPLEMENTAL RESPONSES

**INTERROGATORY NO. 5:**

Describe, in detail, the full factual basis and explanation for Vonage Holding Corp.'s contention that Sprint's Asserted Patents are invalid, void and/or unenforceable under one or more sections of Title 35 of the U.S. Code.

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO  INTERROGATORY NO. 5:**

Subject to and without waiving any objections and previous responses, Vonage supplements its previous responses as follows:

Claims asserted by Sprint in the present action are invalid under 35 U.S.C. § 101 as directed to unpatentable subject matter.  For example, Claims 1, 4, 9, 10, 17 and 18 of the '294 Patent are directed to electro-magnetic signals, which is not one of the four statutory subject matters.

By way of further response, claims asserted by Sprint in the present action are invalid under 35 U.S.C. § 112, second paragraph as not directed to subject matter that the inventor regards as his invention.  For example, the documents and witnesses produced by Sprint show that Joseph Christie regarded his invention as being directed to an ATM system, and included and ATM voice multiplexer (also referred to as an "ATM interworking multiplexer") as a key and essential component of that system.  See U.S. Patent No. 5,991,301 Prosecution File History;

- 2 -

Michael J. Gardner Dep. Tr. dated March 21, 2007, at 51:4-22, 105:16 - 106:4; Michael J. Setter Dep. Tr. dated April 28, 2007, at 98:8 - 99:4; 167:18-21; 225:21 - 226:21.

By way of further response, as detailed in Vonage's supplemental responses to Interrogatory No. 6, the Asserted Patents are unenforceable under the doctrines of laches, estoppel, and unclean hands pursuant to 35 U.S.C. § 282. Vonage refers Sprint to its response to Interrogatory No. 6.

**INTERROGATORY NO. 6:**

Describe, in detail, the full factual basis and explanation for Vonage Holdings Corp.'s contention that Plaintiff's claim is barred, in whole or in part, by the doctrines of laches, estoppel and unclean hands.

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving any objections and previous responses, Vonage supplements its previous responses as follows.

Vonage fully incorporates the letter from its counsel to Sprint's counsel dated January 16, 2007 into this response.

By way of further response, the Asserted Patents are unenforceable under the doctrines of laches, estoppel, and unclean hands. For example, Sprint unreasonably delayed in bringing suit against Vonage, unreasonably delayed the prosecution of the Asserted Patents, has covenanted not to sue Vonage, has impliedly licensed Vonage to use the technologies purportedly covered by the Asserted Patents, has abused the patent system in obtaining the rights it seeks to assert here, unreasonably sought to expand the scope of its patent rights, and committed discovery abuses in this litigation.

Sprint was aware that, but for the covenant not to sue Sprint executed in favor of customers of Cisco Systems, Inc. ("Cisco"), any customer who purchased any component from

- 3 -

Cisco would be subject to a claim of infringement under Sprint's Asserted Patents immediately. Sprint was aware of these rights in 1998 and testified it was prepared and intended to assert them. With its close alliance with Cisco, Sprint knew or reasonably should have known of infringers as soon as they purchased the Cisco components, and knew or should have known of Vonage from the time of Cisco's collaboration with Vonage in building its system with Cisco components in 2001. See Cisco News Release "Cisco Introduces New SIP-enabled Voice over IP Solutions," dated March 11, 2002, Exhibit No. 14 to Harley Ball Dep. dated March 29, 2007. Sprint instead waited to pursue this patent action until the peak of Vonage's commercial activity and capital investment, to Vonage's extreme prejudice.

Further, Sprint's delay in bringing the present action in 2005, when it was aware of potential Cisco customers in 1998 or even earlier who potentially could be infringing its patents and patents to be issued on pending applications, allowed documents and other evidence in possession of Sprint regarding the conception and invention of the subject matters of the Asserted Patents to be lost or destroyed, all to the great harm and prejudice of Vonage.

The Asserted Patents are unenforceable on the grounds of prosecution laches. The sole inventor of the Asserted Patents died in 1996, and made his only patent filings on his purported inventions in 1995. Through continued terminal disclaimers and a seemingly endless stream of subsequent filings, Sprint inappropriately seeks to stretch a purported invention in 1995 to cover technology that has only come to the forefront years later. In so doing, Sprint has wrongfully manipulated the term of its patent protection so that the term of its monopoly will square with the period when the commercial application of and profit from its purported invention might be highest, and stretched the scope of Mr. Christie's original invention beyond any claims it could rightfully support.

Measured from the date which Sprint claimed priority to the date the Asserted Patents were issued, Sprint took an average of 8.5 years to prosecute the Asserted Patents, even though the sole inventor completed his inventive activity in February of 1996. The file histories of the Asserted Patents and those previous filings to which they claim priority demonstrate that Sprint

- 4 -

abused the continuation process to extend the time of its purported monopoly and to obtain more and broader claims than the inventor's two years of inventive activity justified.

For example, the claims Mr. Christie approved in an application dated September 8, 1995 were commensurate with the specification, with claim limitations requiring the "ATM interworking multiplexer," "virtual connections" and "ATM cells" described in the disclosure. In July of 1999, some three years after Mr. Christie passed away and well into the internet boom, Sprint withdrew these limitations from the claims in the '429 Patent, deliberately seeking to broaden its claims beyond what the specification documents as the limits of Mr. Christie's inventions.

By way of further response, pursuant to Fed. R. Civ. P. 33(d), Vonage further refers Sprint to the file histories of each of the Asserted Patents, and those patents and applications from which the Asserted Patents claim priority, including SPCC.000029-212 (the '429 Patent file history), SPCC.000213-368 (the '294 Patent file history), SPCC.000369-569 (the '052 Patent file history), SPCC.000570-750 (the '057 Patent file history), SPCC.000751-897 (the '561 Patent file history), SPCC.000898-1047 (the '064 Patent file history), SPCC.001048-1148 (the '932 Patent file history); the U.S. Patent No. 5,991,301 file history, U.S. Patent 5,825,780 file history, U.S. Patent 6,643,282 file history, U.S. Patent 6,366,586 Prosecution File History, U.S. Patent 6,104,718 Prosecution File History, U.S. Patent 6,452,928 file history; Sprint's contracts and correspondence with Cisco, including SPRe 012-01-00787 to 01066, SPRe021-01-001229 to 001275, SPRp-012-01-00237, SPRp-012-01-00255, SPRp-012-01-00280 to 00296, and SPRp-012-01-00873, CIS0055-176, CIS0177, CIS0200, CIS0218, CIS0239, CIS0254, CIS0264, CIS0295 and CIS0332; and Mark A. Lemley and Kimberly A. Moore, Ending Abuse of Patent Continuations, 84 Boston University Law Review 63 (2004).

As to objections,

June 11, 2007

  /s/ Donald R. McPhail             
Patrick D. McPherson
Barry Golob
Donald R. McPhail
Patrick C. Muldoon
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800

*Attorneys for Defendants/Counterclaim*
*Plaintiffs Vonage Holdings Corp. and*
*Vonage America, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.  05-2433-JWL |
| v. | ) |
| | ) |
| VONAGE HOLDINGS CORP. and | ) |
| VONAGE AMERICA, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## VERIFICATION

I, Alan I. Kalb, affirm, depose, and say that I am senior IP counsel for Vonage Holdings

Corp., that I have read the foregoing Defendants' Fourth Supplemental Objections and

Responses to Plaintiff's First Set of Interrogatories, and that the responses are true to the best of

my present knowledge and belief, although the truth of all of said responses may not be known to

me personally and said responses may be based in whole or in part upon the books and records of

Vonage Holdings Corp. and information acquired from others.  I, Alan I. Kalb, declare under

penalty of perjury under the laws of the United States of America that the foregoing is true and

correct.

Executed on June 12, 2007.                    _____
                                                              Alan I. Kalb

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiff, | ) ) ) Case No. 05-2433-JWL |
| v. | ) ) |
| VONAGE HOLDINGS CORP. and VONAGE AMERICA, INC. | ) ) ) |
| Defendants. | ) ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2007, a copy of Defendants' Fourth Supplemental

Objections and Responses to Plaintiff's First Set of Interrogatories in the above-captioned case

was served via electronic mail upon counsel of record below.

B. Trent Webb
Adam P. Seitz
Eric A. Buresh
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613

*Attorneys for Plaintiff*
*Sprint Communications Company LP*

Respectfully submitted,

_/s/ Donald R. McPhail_____

DM1\1143103.1