# EXHIBIT 38

Dockets.Justia.com

Westlaw.

2003 WL 23175056 (Bd.Pat.App. & Interf.)

(Cite as: 2003 WL 23175056 (Bd.Pat.App. & Interf.))

```
                    *1 THIS OPINION WAS NOT WRITTEN FOR PUBLICATION
                        Board of Patent Appeals and Interferences

                           Patent and Trademark Office (P.T.O.)
                                  EX PARTE BART F. RICE
                                   Appeal No. 2002-1554
                                 Application 08/003,996 [FN1]
                                   Heard: February 13, 2003
```

FENWICK & WEST LLP

SILICON VALLEY CENTER

801 CALIFORNIA STREET

MOUNTAIN VIEW, CA 94041

Before BARRETT, FLEMING, and TORCZON

Administrative Patent Judges

BARRETT

Administrative Patent Judge

DECISION ON APPEAL

This is a decision on appeal under 35 U.S.C. § 134 from the final rejection of claims 2-51. Claim 1 has been canceled.

We reverse.

PREVIOUS APPEAL

A previous decision was entered in this case in **Ex parte Rice**, No. 95- 3029 (Bd. Pat. App. & Int. March 24, 1999) (Paper No. 20), affirming the rejection of claims 2-51 under 35 U.S.C. § 101. Independent claims 2, 16, 34 were subsequently amended to change "signals" to "electromagnetic signals" (Paper No. 22).

BACKGROUND

The disclosed invention is directed to an "electromagnetic signal" and an "electromagnetic signal" produced by a certain process (product-by-process).

Representative claims 2 and 16 are reproduced below with the added limitation to "electromagnetic" underlined.

 2. An assembly of simultaneously transmitted electromagnetic signals, said signals being related to each other in said assembly so as to communicate information to a receiver, said signals being structured so as to contain corresponding subsets of a set of binary spreading-code sequences, at least one subset of said set of binary spreading-code sequences containing more than one of said binary spreading-code sequences, each subset of said set of binary spreading-code sequences embodying a corresponding portion of said information.

 16. An assembly of simultaneously transmitted electromagnetic signals, said signals being related to each other in said assembly so as to communicate information from a transmitting node to a receiving node of a communication

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2003 WL 23175056 (Bd.Pat.App. & Interf.)

**(Cite as: 2003 WL 23175056 (Bd.Pat.App. & Interf.))**

network, said assembly of signals being produced by a process of:
    a) assigning blocks of bits embodying said information to corresponding subsets of a set of binary spreading-code sequences, at least one of said subsets of said set of binary spreading-code sequences containing more than one of said binary spreading-code sequences; and
    b) simultaneously transmitting selected subsets of said set of binary spreading-code sequences from said transmitting node to said receiving node.

  No prior art is relied on in the rejection.

  Claims 2-51 stand rejected under 35 U.S.C. § 101 as being directed to nonstatutory subject matter.

  We refer to the examiner's answer (Paper No. 32) (pages referred to as "EA__") for a statement of the examiner's position and to the appeal brief (Paper No. 13) for a statement of appellant's position.

                            OPINION
**\*2** The examiner concludes that the claimed "electromagnetic signals" are nonstatutory subject matter because such signals are "transitory and ephemeral." For example, the examiner states that "[s]ignals are neither a manufacture nor a composition of matter as appellant alleges but a transitory emanation of a previously patented apparatus and method" (EA3). The examiner further states (EA4):
  This attempt to patent signals in free space is akin to patenting an audio or television program or any other signal in free space after transmission but before reception. There is no reason why these transitory and ephemeral emanations should be included in the four statutory classes of invention.
The examiner still further states (EA4):
  Any signal in free space is transitory, ephemeral and not useful without transmission or reception. It is a short lived intermediate having no utility in and of itself without the process and apparatus of transmission or reception. The examiner respectfully suggests that they are the later [sic, latter] and hence not statutory.

  The examiner made exactly the same arguments in the previous appeal. However, contrary to the examiner's statement that "[T]he Board of Appeals has previously agreed with the Examiner in the affirmance dated 3/24/99" (EA4), while our previous decision affirmed the examiner's rejection under § 101, it should be clear from reading it that it did not rely on the analysis that signals are not within the four statutory categories of patentable subject matter because they are "transitory and ephemeral." The examiner has made no attempt to incorporate our reasoning into his statement of the rejection. Accordingly, this decision is limited to consideration of the examiner's reasons.

  Appellant refers to a paper by Stephen G. Kunin, Deputy Assistant Commission for Patent Policy & Projects, Computer Program Product Claims, presented at a "Partners in Patents V Conference" sometime between October 22, 1996, and May 18, 2000, (after the date of our previous decision), which indicates that the transitory nature of a signal does not make it nonstatutory subject matter, referring by example to U.S. Patent 3,156,523 to element 95 and citing In re Breslow, 616 F.2d 516, 205 USPQ 221 (CCPA 1980) (reversing the Board's conclusion that compounds were not patentable subject matter because they were "transitory and ephemeral in nature," i.e., not stable). The examiner does not address this reasoning. We agree that signals do not become unpatentable subject matter just because of their

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2003 WL 23175056 (Bd.Pat.App. & Interf.)

**(Cite as: 2003 WL 23175056 (Bd.Pat.App. & Interf.))**

"transitory and ephemeral nature." There is no reason why the time of existence should affect a subject matter's status under the four statutory categories of "process, machine, manufacture, or composition of matter," or the three exceptions for "laws of nature, natural phenomena, and abstract ideas." Furthermore, Mr. Kunin's reasoning has now been incorporated into the Manual of Patent Examining Procedure § 2106 (8th ed. Aug. 2001), page 2100-14: "[A] signal claim directed to a practical application of electromagnetic energy is statutory regardless of its transitory nature. See O'eilly, 56 U.S. at 114-19; In re Breslow, 616 F.2d 516, 519-21, 205 USPQ 221, 225-26 (CCPA 1980)."

  **\*3** The examiner's reasoning that the claimed electromagnetic signals are nonstatutory subject matter because signals are "transitory and ephemeral in nature" is not persuasive. We decline to expand the analysis beyond the scope of the reasons given by the examiner. The rejection of claims 2-51 is reversed.

                                    REVERSED
  BOARD OF PATENT APPEALS AND INTERFERENCES

LEE E. BARRETT

Administrative Patent Judge

MICHAEL R. FLEMING

Administrative Patent Judge

RICHARD TORCZON

Administrative Patent Judge

FN1. Application for patent filed January 15, 1993, entitled "Spread Spectrum Transceiver," which is a division of Application 07/766,372, filed September 27, 1991, now U.S. Patent 5,210,770, issued May 11, 1993.

  2003 WL 23175056 (Bd.Pat.App. & Interf.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.