# EXHIBIT W

Practitioner's Docket No. 1057c  *PATENT*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Joseph Michael Christie
Application No.: 09/082,040          Group No.: 2662
Filed: 05/20/1998                    Examiner: A. Patel
For: METHOD, SYSTEM AND APPARATUS FOR TELECOMMUNICATIONS CONTROL

**Assistant Commissioner for Patents**
**Washington, D. C. 20231**

### RESPONSE

Dear A. Patel,

In response to the Office Action dated January 17, 2001, please enter this amendment and consider the following remarks. A one-month extension of time is requested with fee authorization in the transmittal.

**In the Claims**

Please cancel claims 149-292 and add new claims 293-329 as follows.

1

**Remarks**

Claims 149-292 were pending and rejected. Claims 149-292 have been replaced with new claims 293-329. The new claims 293-329 are fully supported by the specification and do not contain new matter. Applicant requests allowance of claims 293-329.

**Claims 149-252 were rejected under 35 U.S.C. §103(a) over U.S. Patent 5,509,010 in view of U.S. Patent 5,473,679 (the La Porta references).**

For a user communication, the claimed processing system selects "a network code that identifies a network element to provide egress from a packet communication system," and the processing system transfers a control message to the packet communication system indicating the network code. (See claims 293 and 316; and see the Application, page 18, lines 14-23). In one claim set (293-315), the processing system processes signaling from a narrowband communication system to select the network code. In the other claim set (316-329), the processing system selects the network code to provide egress from the packet communication system to a narrowband communication system.

In the La Porta references, the processing system selects an ATM connection and transfers a control message to an ATM switch indicating the ATM connection. To the ATM switch, the ATM connection identifies an output VPI/VCI for routing ATM cells out of the ATM switch. The ATM connection does not identify "a network element to provide egress from a packet communication system".

**Conclusion.** Applicant submits that there are additional reasons for patentability, but such reasons are moot in light of the above remarks, and additional remarks are omitted in the interests of brevity.

Respectfully submitted,

_____
SIGNATURE OF PRACTITIONER

ATTORNEY CONTACT:        Michael J. Setter, Reg. No. 37,936

7



Phone: (303) 546-1300
Fax:   (303) 449-5426

CORRESPONDENCE ADDRESS: **Customer No. 021396**

Attn: Harley R. Ball
Sprint Law Department
8140 Ward Parkway
Mailstop: MOKCMP0506
Kansas City, Missouri 64114

RECEIVED
MAY 2 5 2001
Technology Cen... 30

Certificate of Mailing 37 CFR 1.8

I hereby certify that this Response, along with any paper(s) referred to as being attached or enclosed, is being deposited with the United States Postal Service on 5-17-___, 2001, as First Class Mail, postage prepaid, addressed to: Assistant Commissioner for Patents, Washington, D. C. 20231.

5-17-01
Date

Laura S. Mellblom

Practitioner's Docket No. 1057c            *PATENT*

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Joseph M. Christie
Application No.: 09/082,040           Group No.: 2738
Filed: 05/20/1998           Examiner: A. Patel
For: METHOD, SYSTEM AND APPARATUS FOR TELECOMMUNICATIONS CONTROL

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D. C. 20231

### RESPONSE

Dear Ajit Patel,

In response to the Office Action dated November 12, 1999, please enter this amendment and consider the following remarks. A two month extension of time is requested and authorized in the transmittal. An IDS is enclosed with the appropriate fee authorized in the transmittal.

04/17/2000 CV0111  00000001 09082040
02 FC:116      380.00 CH

### Remarks

Claims 1-148 are pending and stand rejected. All independent claims (1, 71, and 141) have been amended in response to the rejection. Applicants request allowance of claims 1-148.

Claims 1-148 stand rejected either under §102 over U.S. Patent 5,434,852 (La Porta '852) or under §103 over La Porta '852 in view of U.S. Patent 5,509,010 (La Porta '010). La Porta '852 teaches a call processing architecture that operates using a new broadband signaling protocol. (See La Porta '852, column 3, lines 5-10). La Porta '852 relies on La Porta '010 regarding the processing of signaling from narrowband systems. (See Office Action, page 3).

La Porta '010 is primarily directed to the new broadband signaling protocol that supports the architecture of La Porta '852, but La Porta '010 also discloses how to process narrowband signaling within the architecture of La Porta '852. (See column 8, line 56 to column 9, line 22, and FIG. 7). La Porta '010 clearly teaches that signaling from a narrowband system is processed within switch 702 by switch control processor complex 709. (See column 8, line 56 to column 9, line 22). In the background of the Application, Applicant discusses the problem with this approach of placing a narrowband signaling processor within a broadband switch. (See Application, page 3, line 17 to page 4, line 11).

Applicant has significantly amended independent claims 1, 71, and 141 in light of La Porta '852 and '010. The amended claims now require that the signaling information be formatted for a narrowband system (i.e. SS7, Q.931, etc.). The amended claims also require that either the processor is not a control processor within a switch, or that the processor is external to the switch. The amended claims now differ significantly from La Porta '852 and '010 and avoid the problem of processing narrowband signaling in a broadband switch -- La Porta '010 clearly teaches processing narrowband signaling within switch 702.

Together, La Porta '852 and '010 do <u>not</u> teach or suggest any processor, other than a control processor within a switch, that processes signaling information formatted for a narrowband system. Thus, claims 1-148 as amended are patentable over La Porta '852 and '010.

For the record, Applicant states that La Porta '852 may not be enabled by the improper reference to La Porta '010.

Applicant submits that there are additional reasons for patentability, but such reasons are moot in light of the above remarks, and additional remarks are omitted in the interests of brevity.

Respectfully submitted,

*[signature]*

SIGNATURE OF PRACTITIONER

ATTORNEY CONTACT:   Michael J. Setter, Reg. No. 37,936
Phone: (303) 449-9497
Fax:   (303) 449-0814

CORRESPONDENCE ADDRESS:   Attn: Harley R. Ball
Sprint Law Department
8140 Ward Parkway
Mailstop: MOKCMP0506
Kansas City, Missouri 64114

Customer No. 021396

### Certificate of mailing 37 CFR 1.8

I hereby certify that this Response, along with any paper(s) referred to as being attached or enclosed, is being deposited with the United States Postal Service on 4-10, 2000 as First Class Mail, postage prepaid, addressed to: Assistant Commissioner for Patents, Washington, D. C. 20231.

4-10-00                     *[signature]* Laura S. Mellblom
Date

5

Practitioner's Docket No. 1057c

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Joseph M. Christie
Application No.: 09/082,040
Filed: 05/20/1998
For: METHOD, SYSTEM AND APPARATUS FOR TELECOMMUNICATIONS CONTROL

Group No.: 2738
Examiner: A. Patel

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D. C. 20231

### PRELIMINARY AMENDMENT

Dear Ajit Patel,

In response to the Office Action dated June 26, 2000, please enter this preliminary amendment in a CPA for the above referenced application. A one month extension of time is requested and authorized in the transmittal.

For the above referenced patent application, we may have submitted an information disclosure statement including a separate paper that listed U.S. patent applications. Applicant respectfully requests that these U.S. patent applications be considered but that the application numbers of these U.S. patent applications not be published in any patent. The information disclosure statement that lists the U.S. patent applications may have included an Examiner's initial column. Applicant respectfully requests that the Examiner disregard the initial column for the U.S. patent applications to avoid publication of the application numbers on any patents.

10/30/2000 SDUONG  00000043 210765  09082040
02 FC:103    2232.00 CH

**Remarks**

Claims 1-148 were pending and rejected. Based on the recent Examiner Interview, claims 1-148 have been replaced with new claims 149-292. The new claims 149-292 are fully supported by the specification and do not contain new matter. Applicants request allowance of claims 149-292.

Claims 1-148 were rejected over U.S. Patent 5,434,852 (La Porta '852) and U.S. Patent 5,509,010 (La Porta '010). La Porta '852 teaches a call processing architecture that operates using a <u>new</u> broadband signaling protocol. (See La Porta '852, column 3, lines 5-10). La Porta '852 relies on La Porta '010 regarding the processing of signaling from narrowband systems. (See Office Action, page 3). La Porta '010 is primarily directed to the new broadband signaling protocol, but La Porta '010 also discloses how to process narrowband signaling within the architecture of La Porta '852. (See column 8, line 56 to column 9, line 22, and FIG. 7). La Porta '010 clearly teaches that signaling from a narrowband system is processed by a switch control processor complex 709 that is <u>within switch 702</u>. (See column 8, line 56 to column 9, line 22). In the background of the Application, Applicant discusses the problem with this approach of placing a narrowband signaling processor within a broadband switch. (See Application, page 3, line 17 to page 4, line 11).

The new claims 149-292 require that: 1) the signaling information that is processed to select the characteristic be formatted for a narrowband system (i.e. SS7, Q.931), 2) the call processor/processing system is external to any communication switches, and 3) the message incorporating the characteristic is formatted for a broadband system (i.e. ATM).

The new claims 149-292 differ significantly from La Porta '852 and '010 and avoid the problem of processing narrowband signaling in a broadband switch -- La Porta '010 clearly teaches processing narrowband signaling within switch 702. Together, La Porta '852 and '010 do <u>not</u> teach or suggest any processor, other than a control processor within a switch, that processes signaling information formatted for a narrowband system to generate a message formatted for a broadband system. Thus, claims 149-292 are patentable over La Porta '852 and '010.

16

Applicant notes that the term "and transmit" with respect to the message formatted for the broadband system was dropped from claim proposed at the Examiner Interview. Applicant submits that there are additional reasons for patentability, but such reasons are moot in light of the above remarks, and additional remarks are omitted in the interests of brevity.

Respectfully submitted,

*[signature]*

SIGNATURE OF PRACTITIONER

ATTORNEY CONTACT:    Michael J. Setter, Reg. No. 37,936
Phone: (303) 449-9497
Fax:    (303) 449-0814

CORRESPONDENCE ADDRESS:    Attn: Harley R. Ball
Sprint Law Department
8140 Ward Parkway
Mailstop: MOKCMP0506
Kansas City, Missouri 64114

Customer No. 021396