# EXHIBIT BB

COPY OF PAPERS ORIGINALLY FILED

Practitioner's Docket No. 1057o
PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Joseph Michael Christie
Application No.: 10/002,850     Group No.: 2662
Filed: 11/14/2001     Examiner: Ajit Patel
For: METHOD, SYSTEM AND APPARATUS FOR TELECOMMUNICATIONS CONTROL

RECEIVED
AUG 0 7 2002
Technology Center 2600

Assistant Commissioner for Patents
Washington, D. C. 20231

### Response to Office Action

Dear Ajit Patel,

    In response to the Office Action dated February 27, 2002, please consider the following remarks. A two-month extension of time is requested and authorized in the transmittal.

1

**Remarks**

Claims 1-38 are pending and rejected. Applicant respectfully requests allowance of claims 1-38.

**Claims 1-38 stand rejected under 35 U.S.C. §112, first paragraph, for a lack of enablement.** Applicant notes that although the individual elements of the claims 1-38 are well within the skill of the art from an enablement perspective (based on the teaching of the application), the combination of these elements remains novel and non-obvious. Also note that although specific examples of the invention are discussed below, the claimed invention is not limited to the specific examples.

Claim 1 requires receiving a signaling message for the user communication from a narrowband communication system into a processing system. This functionality was readily available at the time of the invention as it existed in switches, signal transfer points, and service control points. In SS7 jargon, the functionality is called a signaling point. It appears clear to the Applicant that those skilled in the art could make and use a processing system with this limitation without undo experimentation.

Claim 1 requires processing the signaling message to select a network code that identifies a network element to provide egress from the packet communication system for the user communication. Based on teachings in the application, this code could be a point code for a network element, and the processing could entail processing an area code from the called number of the signaling message to select the point code of the egress network element. (See the Application, page 17, lines 25-33; page 19, lines 7-8; page 19, line 29 to page 20, line 23; and page 25, line 33 to page 27, line 31). Consider an illustrative example where a network has network elements in New York, Denver, and D.C. with respective area codes of 212, 303, and 202 and with respective point codes of 11111111, 00000000, and 10101010. As taught in the application, a table could be constructed as follows.

2

| AREA CODE OF CALLED NUMBER | POINT CODE |
|---|---|
| 212 | 11111111 |
| 303 | 00000000 |
| 202 | 10101010 |

If a called number from the signaling message has an area code of 212, then the processing system would select the point code 11111111 to identify the network element in New York. Clearly, such a table could be readily expanded to form a more comprehensive listing. Based on the teachings in the application, such a table was clearly within the skill of the art at the time of the invention. It appears clear to the Applicant that those skilled in the art could make and use a processing system with this limitation without undo experimentation.

Claim 1 requires generating a control message indicating the network code and transferring the control message from the processing system to the packet communication system. Applicants respectfully submit that generation and transfer of such a control messages was well within the skill of the art. It appears clear to the Applicant that those skilled in the art could make and use a processing system with this limitation without undo experimentation.

Applicants also point out the high level of skill in the art. Various references that have been placed on the record indicate a high level of skill in the area of receiving, processing, and transferring signaling and control messages. A review of only a few of these references, such as Asmuth, Oberlander, Martin, Doshi, La Porta, Hiller, and Robrock, strongly supports Applicant's assertion that those skilled in the art could have readily made and used the claimed invention based on the teachings in the application.

As to claim 24, similar reasoning applies and is not repeated in the interest of brevity. This rejection should be withdrawn.

3

**Claims 1-38 stand provisionally rejected under the doctrine of obviousness-type double patenting over U.S. patent applications 09/082,040 and 09/082,049.** Terminal disclaimers are enclosed to overcome these rejections.

**Claims 1-3, 5-18, 22-26, 28-32, and 36-38 stand rejected under 35 U.S.C. §102(e) over U.S. Patent 5,765,108 (Martin).** The claimed invention is directed to controlling a *packet* communication system as it interfaces with a *narrowband* communication system to handle a user communication. Independent claim 1 requires processing a signaling message from the *narrowband* communication system to select a network code that identifies a network element to provide egress for the user communication from the *packet* communication system. Independent claim 24 requires processing a signaling message to select a network code that identifies a network element to provide egress for the user communication from the *packet* communication system to the *narrowband* communication system.

Martin teaches a signaling processor for a mobile telecommunication network. This mobile telecommunication network is a Time Division Multiplexed (TDM) or Frequency Division Multiplexed (FDM) network. (See Martin column 3, lines 18-23). Thus, Martin teaches control over a traditional *narrowband* communication system, but not control over a *packet* communication system. Although, the signaling network in Martin is packet-based, this signaling network does not handle *user communications* as is required for the claimed packet communication system. In addition, the signaling processor of Martin provides various call controls, but none of these controls includes the selection of a network code that identifies a network element to provide egress for the user communication from the *packet* communication system. (See Martin, column 8, line 25 to column 9, line 65). If the signaling processor of Martin changes call destinations, it does so by altering the called number. This new called number is <u>not</u> a network code that *identifies* a network element to provide egress from a *packet* communication system.

**Claims 4, 19-21, 27, and 33-35 stand rejected under 35 U.S.C. §103(a) over Martin in view of U.S. Patent 5,509,010 (La Porta).** These claims depend from claims 1 and 24 and are patentable for at least the reasons given above.

4

Applicants submit that there are numerous additional reasons in support of patentability, but that such reasons are moot in light of the above remarks and are omitted in the interests of brevity. Applicants respectfully request allowance of claims 1-38.

<em>[signature]</em><br>
<strong>SIGNATURE OF PRACTITIONER</strong>

Michael J. Setter, Reg. 37,936
Faegre & Benson LLP
Telephone: (303) 546-1300
Facsimile: (303) 449-5426

**Correspondence address:**    **CUSTOMER NO. 28004**

Harley R. Ball
Sprint Law Department
6391 Sprint Parkway
Mailstop: KSOPHT0101-Z2100
Overland Park, KS 66251-2100

Practitioner's Docket No. 1057o                                PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Joseph Michael Christie
Application No.: 10/002,850                    Group No.: 2664
Filed: 11/14/01                                 Examiner: Ajit Patel
For: Method, System and Apparatus for Telecommunications Control

Assistant Commissioner for Patents
Washington, D. C. 20231

**RECEIVED**
APR 0 7 2003
Technology Center 2600

### Response to Office Action

Introductory Comments

In response to the Office Action dated October 22, 2002, please enter this amendment and consider the following remarks. A two-month extension of time is requested and authorized in the transmittal. The revised amendment format is used.

1

Amendments to the Claims

1. (Currently amended) A method of operating a processing system to control a packet communication system for a user communication, the method comprising:

receiving a signaling message for the user communication from a narrowband communication system into the processing system;

processing the signaling message to select a network code that identifies a network element to provide egress from the packet communication system for the user communication;

generating a control message indicating the network code; ~~and~~

transferring the control message from the processing system to the packet communication system;

<u>receiving the user communication in the packet communcation system and using the network code to route the user communication through the packet communication system to the network element; and</u>

<u>transferring the user communication from the network element to provide egress from the packet communication system.</u>

2. (Original) The method of claim 1 wherein processing the signaling message comprises processing an Initial Address Message (IAM).

3. (Original) The method of claim 1 wherein processing the signaling message comprises processing a Signaling System #7 (SS7) message.

4. (Original) The method of claim 1 wherein processing the signaling message comprises processing a Q.931 message.

5. (Original) The method of claim 1 wherein processing the signaling message comprises processing in-band signaling.

6. (Original) The method of claim 1 wherein processing the signaling message to select the network code comprises processing caller number information in the signaling message.

7. (Original) The method of claim 1 wherein processing the signaling message to select the network code comprises processing called number information in the signaling message.

8. (Original) The method of claim 1 wherein processing the signaling message to select the network code comprises processing a point code in the signaling message.

9. (Original) The method of claim 1 wherein processing the signaling message to select the network code comprises processing a circuit identification code in the signaling message.

10. (Original) The method of claim 1 wherein processing the signaling message to select the network code comprises generating and transferring a query to a service control point and receiving and processing a response from the service control point.

11. (Original) The method of claim 1 further comprising processing geographic information to select the network code.

12. (Original) The method of claim 1 further comprising processing load balancing information to select the network code.

13. (Original) The method of claim 1 further comprising processing time of day information to select the network code.

14. (Original) The method of claim 1 further comprising processing a network alarm to select the network code.

15. (Original) The method of claim 1 wherein the network code comprises a logical address of the network element.

16. (Original) The method of claim 1 further comprising processing the signaling message to select a DS0 connection to provide the egress from the packet communication system.

17. (Original) The method of claim 1 further comprising processing the signaling message to select a wireless connection to provide the egress from the packet communication system.

18. (Original) The method of claim 1 wherein the network element comprises a switch.

19. (Original) The method of claim 1 wherein the network element comprises a multiplexer.

20. (Original) The method of claim 1 wherein the network element comprises a server.

21. (Original) The method of claim 1 wherein the network element comprises a service platform.

22. (Original) The method of claim 1 wherein the user communication comprises voice.

23. (Original) The method of claim 1 wherein the processing system is external to any communication switches.

4

24. (Currently amended) A method of operating a processing system to control a packet communication system for a user communication, the method comprising:

selecting a network code that identifies a network element to provide egress for the user communication from the packet communication system to a narrowband communication system;

generating a control message indicating the network code and transferring the control message from the processing system to the packet communication system; ~~and~~

generating a signaling message for the user communication and transferring the signaling message from the processing system to the narrowband communication system;

<u>receiving the user communication in the packet communcation system and using the network code to route the user communication through the packet communication system to the network element; and</u>

<u>transferring the user communication from the network element to the narrowband communication system to provide egress from the packet communication system</u>.

25. (Original) The method of claim 24 wherein generating and transferring the signaling message comprises generating and transferring an Initial Address Message (IAM).

26. (Original) The method of claim 24 wherein generating and transferring the signaling message comprises generating and transferring a Signaling System #7 (SS7) message.

27. (Original) The method of claim 24 wherein generating and transferring the signaling message comprises generating and transferring a Q.931 message.

28. (Original) The method of claim 24 wherein generating and transferring the signaling message comprises generating and transferring in-band signaling.

29. (Original) The method of claim 24 wherein the network code comprises a logical address of the network element.

30. (Original) The method of claim 24 further comprising selecting a DS0 connection to provide the egress from the packet communication system and identifying the DS0 in the signaling message.

31. (Original) The method of claim 24 further comprising selecting a wireless connection to provide the egress from the packet communication system and identifying the wireless message in the signaling message.

32. (Original) The method of claim 24 wherein the network element comprises a switch.

33. (Original) The method of claim 24 wherein the network element comprises a multiplexer.

34. (Original) The method of claim 24 wherein the network element comprises a server.

35. (Original) The method of claim 24 wherein the network element comprises a service platform.

36. (Original) The method of claim 24 wherein the user communication comprises voice.

37. (Original) The method of claim 24 wherein the user communication comprises data.

38. (Original) The method of claim 24 wherein the processing system is external to any communication switches.

Remarks

Claims 1-38 are pending and rejected. Claims 1 and 24 are amended by this amendment. Applicants respectfully request allowance of claims 1-38.

**Claims 1-38 stand rejected under 35 U.S.C. §103(a) over U.S. Patent 6,175,574 (Lewis) in view of U.S. Patent 5,509,010 (La Porta).** Independent claims 1 and 24 have been amended to clearly distinguish Lewis and La Porta.

Lewis clearly makes the distinction between communication networks and signaling networks. (See Lewis, column 1, lines 21-53). Lewis teaches a conventional technique for routing user communications. (See Lewis, column 6, line 65 to column 7, line 64). Lewis teaches a new technique for selecting a destination point code to route *an SS7 signaling message*. (See Lewis, column 8, lines 27-39). In contrast, the independent claims require the selection of a network code to route *a user communication*.

An SS7 signaling message is not a user communication, and the signaling network that routes the signaling message is separate from the communication network that routes the user communication. There is <u>no</u> suggestion in Lewis for the *communication network* to use the destination point code to route the *user communication*.

In La Porta, there is no suggestion for the ATM communication network to use an SS7 point code to route a user communication. Even if the Lewis signaling system were combined with the La Porta ATM communication network, the signaling system would use the destination point code to route the signaling message, *but the ATM communication network would not use the destination point code to route the user communication*. There is no teaching in either Lewis or La Porta to use the destination point code to route the user communication.

7

Applicants submit that there are numerous additional reasons in support of patentability, but that such reasons are moot in light of the above remarks and are omitted in the interests of brevity. Applicants respectfully request allowance of claims 1-38.

SIGNATURE OF PRACTITIONER

Michael J. Setter, Reg. No. 37,936
Duft Setter Ollila & Bornsen LLC
Telephone: (303) 938-9999 ext. 13
Facsimile: (303) 938-9995

**Correspondence address:**   **CUSTOMER NO. 28004**

Attn: Harley R. Ball
6391 Sprint Parkway
Mailstop: KSOPHT0101-Z2100
Overland Park, KS 66251-2100

8