**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> VONAGE HOLDING CORP. and ) <br> VONAGE AMERICA INC., ) <br> ) <br> Defendants. ) <br> _____) | Case No. 05-2433-JWL |

**SPRINT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE OR DISREGARD PORTIONS OF VONAGE'S BRIEF IN SUPPORT OF VONAGE'S MOTION FOR SUMMARY JUDGMENT**

Sprint Communications Company L.P. ("Sprint") hereby provides the following Reply Brief in Support of Its Motion To Strike or Disregard Portions of Vonage's Brief in Support of its Motion for Summary Judgment.

**I.    INTRODUCTION**

This Court and virtually every court in the country have particularized and very similar rules governing the practice of summary judgment. Vonage pleads ignorance to all of them, and all but admits that it has not complied with Local Rule 56.1. *See* Vonage's Opp., at 6 ("As such, Vonage's brief complies with the *substantive* requirements and *the spirit of* Local Rule 56.1); i*d.* at 11 ("Though perhaps in a form other than that to which Sprint and the Court are accustomed, Vonage has met and exceeded its substantive obligations under the rules."). The overriding purpose of this Court's summary judgment rules is to create a clean record to which the opposing party can respond and on which the Court can effectively and efficiently rule. Yet, Vonage asks the Court to make a special exception to its rules. To do so would result in

1

prejudice to Sprint by limiting its ability to respond and to the Court by limiting its ability to effectively rule.

Vonage argues that the Court should excuse its noncompliance by relying on authority pertaining to non-movants, including even *pro se* plaintiffs, facing summary dismissal of their claims. The Court should not apply such a lenient standard to Vonage. Indeed, it is Vonage, as the movant, seeking dismissal of Sprint's claims. Further, Vonage is a sophisticated company with sophisticated counsel. There simply is no excuse or explanation for Vonage's decision to ignore the Court's summary judgment practices.

Vonage's non-compliance can only be viewed as a tactical decision that seeks to conflate fact with argument or fact with legal conclusions. By confounding the line between fact and argument in its two commentary sections and its statement of so-called "facts," Vonage has prejudiced Sprint's ability to respond and also burdened the Court with the impossible task of dividing the two. Further complicating the matter is Vonage's failure to cite to the record with particularity or even to separate distinct facts into concise, numbered paragraphs in its commentary sections. Because of Vonage's disregard for the Court's rules, the Court should strike or disregard Sections II and III and Vonage's Facts 1-3 and 5-19 of Vonage's Brief in Support of its Motion for Summary Judgment.

## II.    ARGUMENT

### A.    The Court Has Complete Authority to Strike Portions of Vonage's "Facts."

Vonage grossly exaggerates the legal standard applicable to assessing a failure to comply with the local rules. Vonage contends that striking a portion of its pleading would be a "drastic remedy." However, the case relied upon by Vonage involved a <u>non-movant, *pro se* plaintiff</u> who otherwise would have had an entire claim dismissed solely for failure to comply with Local Rule 56.1. *See Sellers v. Butler*, No. 02-3055-DJW, 2006 WL 2873470, at *2 (D.

Kan. Oct. 5, 2006). In *Sellers*, the Court was applying its well-established guideline that "*pro se* litigants should not succumb to summary judgment merely because they fail to comply with technical requirements in defending such a motion." *Id.*; *see also Mahaffie v. Potter*, 434 F. Supp. 2d 1041, 1044 (D. Kan. 2006); *Hass v. U.S. Air Force,* 848 F. Supp. 926, 929 (D. Kan. 1994). Vonage cannot suggest that the Court should apply the same standards to Vonage, a sophisticated movant-defendant availing itself of the Court's summary judgment procedures. Vonage is not an unsophisticated, *pro se* plaintiff seeking to keep its claims alive. Accordingly, the Court need not excuse Vonage's inexplicable noncompliance.

Furthermore, the authority relied upon by Vonage in its attempt to excuse its noncompliance involves situations where the Court has extended leniency to prevent a harsh result – complete dismissal based solely on technical deficiencies in a summary judgment response. *See, e.g.*, *Glover v. Heart of America Mgt.*, 38 F. Supp.2d 881, 883 (D. Kan. 1999) (non-movant plaintiff); *Hergert v. Shaw*, No. 00-2281-GTV, 2001 WL 487915 (D. Kan. 2001) (non-movant plaintiff); *Sellers*, 2006 WL 2873470, at *2 (non-movant, *pro se* plaintiff); *Ferluga v. Eickhoff*, No. 05-2338 JWL, 2006 WL 3144218, at *2 (D. Kan. Oct. 31, 2006) (non-movant, *pro se* plaintiff). Here, Vonage is the *movant*. Vonage is seeking dismissal of Sprint's claims and, yet, has failed to provide Sprint with a fair opportunity to respond. Vonage, as the movant, should be held to at least substantial compliance with the Court's rules. Vonage's attempt to obfuscate fact with argument and to color the facts with ambiguity and imprecise citations to the record is indisputably not substantial compliance.

Finally, Vonage admits that the Court can properly strike portions of a summary judgment brief that fail to comply with the rules. *See* Vonage's Opp., at 3, n. 2 (conceding that "facts" not properly supported by a citation to the record may simply be disregarded); *see also*

3

*id*. at 6. Much of the authority relied upon by Vonage demonstrates that a failure to comply with Local Rule 56.1 is grounds to strike the portions of, and even deny, a summary judgment motion. *See PAS Comms., Inc. v. Sprint Corp.*, 139 F. Supp. 2d 1149, 1164, n.18 (D. Kan. 2001) ("Plaintiffs' . . . failure to comply with the Local Rule [is] unacceptable and . . . grounds for this court to deny plaintiffs' motion for summary judgment.") (citing *Boyd v. Unified Govt. of Kansas City, Kan.,* No. 98-2439-KHV, 1999 WL 1467229, at *2 (D. Kan. Nov. 10, 1999)); *Bryant v. O'Connor*, 671 F. Supp. 1279, 1282 (D. Kan. 1986) ("Failure to comply with [local rule regarding statement of material facts] justifies denying a motion for summary judgment.") (citing *Love v. Phillips*, No. 83-4103, slip op. at 1 (D. Kan. Mar. 26, 1985)); *Sellers*, 2006 WL 2873470, at *2 ("The Court will . . . disregard those portions of Plaintiff's response that do not comply with [local rule 56.1 or Federal Rule 56.]"). Despite Vonage's unsupported contention otherwise, the Court has ample authority to strike the contested portions of Vonage's brief.

    **B.**    **Vonage's "Facts" Do Not Meet the Court's Rules, and Both Sprint and the Court Have Been Prejudiced by Vonage's Non-compliance with the Rules.**

        **1.**    **Sections II and III of Vonage's Brief Have Prejudiced Sprint and the Court in their Lack of Particularity and Mixture of Fact with Attorney Argument.**

Vonage has no defense for its improper commentary in Sections II and III, which purport to provide general descriptions of the Sprint patents and the Vonage system. Both sections are laced with attorney argument and are rendered useless by Vonage's failure to cite to the record with particularity. Despite the fact that a significant portion of Vonage's summary judgment motion is dedicated to Sections II and III, Vonage's offers only a two paragraph explanation for this noncompliance—simply stating that its recitations are supported by some citations to admissible evidence of record. Vonage's Opp. (Doc. No. 230), at 5-6. Vonage completely ignores the absence of particularity and the blurring between fact and attorney

4

argument. Instead, Vonage merely cites to cases where the Court has excused a party's failure to state facts in separate numbered paragraphs with particularized support. As discussed above, many of these cases are inapposite and do not support Vonage's position. Here, the issue is not simply whether Vonage broke its factual recitations into separate paragraphs. The prejudicial problems with Vonage's approach is that attorney arguments are interlaced with purported facts and entire pages of purported facts are only supported by generalized citations to the record. Neither Sprint or the Court can sift through the record to resolve whether Vonage is relying on mere argument or whether there is some support somewhere in its broad citations. At a base level, Vonage's noncompliance is unfair.

Yet, Vonage argues that Sprint was not prejudiced because "Sprint was able to, and did, respond." This argument is twice flawed. First, Sprint was, in fact, *not* able to respond to Vonage's assertions in Sections II and III. *See* Sprint's Opp. (Doc. No. 217), at 32-33. Sprint could not sort the fact from attorney fiction and could not identify the support on which Vonage was relying. Rather than being able to respond directly to Vonage's characterizations of the Asserted Sprint Patents and the Vonage system, Sprint was forced to introduce some sixty-three (63) additional facts describing the Vonage system, which burdened Sprint and has now made additional work for the Court. Second, this Court already has expressly rejected Vonage's argument in *PAS Comms., Inc. v. Sprint Corp.*, 139 F. Supp. 2d 1149 (D. Kan. 2001) (Lungstrum, J.) (citing *Boyd v. Unified Govt. of Kansas City, Kan.,* No. 98-2439-KHV, 1999 WL 1467229, at *2 (D. Kan. Nov. 10, 1999)). In rejected the very argument advanced by Vonage, this Court stated:

> [I]n response to defendant's complaint about plaintiffs' noncompliance, plaintiffs state only that '[defendant] had no trouble' preparing a response to plaintiffs' motion. Plaintiffs' response to defendant's complaint and its faulre to comply with the

5

> Local Rule are <u>unacceptable</u> and, as defendant highlights, <u>grounds for this court to deny plaintiffs' motion for summary judgment.</u>

*Id.* at 1164, n.18. Simply because Sprint was able to prepare a response relying largely on its own new facts does not excuse Vonage's disregard of the Court's rules.

The Local Rule requiring parties to set forth facts as concise statements with particularized citations is founded not only upon fairness to the opposing party, but also upon judicial economy. In many instances where a party has failed to comply, the Court has noted that the party's failure has made the Court's job much more difficult, if not impossible. *See, e.g.*, *PAS Comms.*, 139 F. Supp. 2d. at 1164, n.18 ("The court's task in setting forth the uncontroverted facts in this case is made much more difficult . . . ."); *Quint v. Cox*, 348 F. Supp. 2d 1243, 1244-45 (D. Kan. 2004) ("The court's recitation of the facts is complicated by plaintiff's failure to follow the Federal Rules of Civil Procedure and this court's local rules in responding to defendant's motion for summary judgment."); *Bryant v. O'Connor*, 671 F. Supp. 1279, 1282 (D. Kan. 1986) (noting that the purpose of the local rule is "to enable counsel and this Court to determine [the movants'] factual contentions without sifting through the pleadings.").

Here, neither the Court nor Sprint should be forced to guess as to which portions of the record Vonage is relying upon. And neither should the Court or Sprint be forced to guess which particular statements are facts and which are arguments. *See, e.g.*, Ferluga *v. Eickhoff*, No. 05-2338 JWL, 2006 WL 3144218, at *2 (D. Kan. Oct. 31, 2006) (stating that the Court was unwilling "and indeed virtually unable, as a practical matter, to overlook these procedural deficiencies" where party had offered no clarity between what is fact and what is argument). Vonage's violations are egregious and prejudicial. For example, on pages 15-16 of Vonage's Section III, Vonage makes some <u>fifteen</u> separate statements with respect to the operation of Vonage's system and broadly cites to <u>five pages</u> of deposition testimony as supporting this page-

and-a-half long characterization of Vonage's system. It is impossible to adduce which portions of the record Vonage has relied upon in supporting this laundry list of assertions.

Moreover, Vonage's commentary sections make it virtually impossible to discern which of Vonage's characterizations are factual and which are based on attorney argument. In Section II, Vonage describes specific examples contained in the specification of the patents in an attempt to unduly limit and narrowly characterize the patents by confounding factual recitations with attorney argument. By describing specific examples disclosed in the patents, Vonage hopes to characterize the patents' claims in an unduly limiting manner. The lack of particularity with which Vonage described its system and the asserted patents was no doubt calculated to further its two ends of: "(1) attempt[ing] to inappropriately limit the asserted claims to specific examples disclosed in the specification; [and] (2) manipulate the description of the accused system to concoct non-infringement arguments" by presenting these sections as "fact." Doc. No. 217, at 31. Vonage's disregard for the Court's local rules has prejudiced both Sprint and judicial economy. The Court should reject Vonage's non-compliant Sections II and III.

### 2. Vonage Cannot Defend its Attempts to Cite to its Commentary Sections in Support of its "Facts."

In Vonage's self-proclaimed "statement of facts,"[1] Vonage improperly cites broadly to its "Vonage System Description" in Section III. As noted in Sprint's opening brief, Vonage improperly attempted to support many of its numbered "facts" with general citations to its Section III description of the Vonage system.[2] *See* Vonage Facts 8, 14, 15, and 17-19. In defense of this practice, Vonage suggests that the Court is to search for the movant's proposed

---

[1] In footnote 3 of Vonage's opposition, Vonage concedes that Sections II and III of its summary judgment brief were *not* its "statement of facts," which was contained in a separate section of Vonage's brief. On this basis, the Court should, at a minimum, strike Sections II and III, which Vonage tacitly admits do not comply with the rule.

[2] Which, coincidentally, is directly contrary to Vonage's assertion in footnote 3 as discussed above in note 1.

facts "[n]o matter where they appear in the brief." Vonage's Opp., at 7. Once again, Vonage relies on a case where the Court excused a nonmovant's noncompliance to avoid granting summary judgment based solely on the noncompliance. *See Glover*, 38 F. Supp. 2d at 883. As discussed above, such a case does not apply to Vonage. And, unlike in *Glover*, where the Court found no prejudice, Vonage's tactics have prejudiced both Sprint's and the Court's ability to determine what portion of the record Vonage has relied upon in support of these facts. Accordingly, the Court should strike or refuse to consider Facts 8, 14, 15, and 17-19.

### 3. Vonage's "Statement of Facts" Section Directly Sets Forth Vonage's Claim Constructions, Which Unquestionably are Legal Conclusions.

Vonage entirely ignores Sprint's detailed, fact-by-fact objections to Vonage's self-designated "statement of facts." Instead, Vonage beats up a straw-man. Vonage argues that it is appropriate to address claim scope because claim construction is a matter of law that can be decided on summary judgment and because the written description requirement of § 112 is a question of fact. Vonage's Opp., at Sec. III.E. Neither of these arguments address the real problem—that Vonage's statement of "facts" are not facts at all, but proposed claim constructions, which indisputably are legal conclusions. Vonage certainly is entitled to argue claim construction in its arguments, but they are not facts. Indeed, Vonage admits that "the scope of the claims of the Asserted Patents is ultimately and unquestionably a matter of law for the Court to decide." Vonage's Opp., at 12. Proposed "facts" that set forth conclusions as to claim or patent scope are not fact at all, but legal conclusions.

Vonage boldly and incorrectly asserts that "not one of Vonage's statements of fact requires claim construction." Vonage's Opp., at 12. Yet, to support this argument Vonage directs the Court to only a single fact—Fact 3—which makes a broad sweeping assertion that "[t]he '301 Family Patents do not disclose or describe voice communications through the

8

Internet or VoIP." *Id*. This is not a fact at all, but rather pure attorney argument by Vonage that the claims of the '301 patents should be construed narrowly to exclude voice communications through the Internet or VoIP. Similarly, almost all[3] of Vonage's "facts" require claim construction, and many are nothing more than direct claim constructions themselves.

For example, Vonage's Fact 9 offers a direct legal conclusion that the claim term "connection is defined in the specification to be the media between two network elements that allows the transfer of information in the specification." Vonage's Fact 2(c) argues that the claim term "identifier" should be construed "only as a virtual path identifier (VPI) and virtual channel identifier (VCI) combination," which is a claim construction conclusion. Likewise, Facts 5 and 6 argue the constructions for "network element," "narrowband switch," "DS0," and "connection." Similarly, Fact 7 argues the constructions of "network element," and "connection." Fact 13, like Fact 9, also offers a direct legal conclusion by stating a construction of "network code" as a "fact." Fact 16 argues constructions for "packet communication system" and "processing system," and then Vonage states as "fact" that particular components of Vonage's system are or are not included within these particular constructions. Facts 17 and 18 are based upon Vonage's construction of "signaling message," and Fact 19 contains outright attorney argument based on Vonage's constructions of "processing system" and "signaling formatted for a narrowband" network.

---

[3] Vonage takes issue with Sprint's failure to object to Fact 4 and suggests that Sprint's failure to explain this somehow shows that Sprint's contentions are without basis. Vonage's Opp., at 2, n.1. Sprint did not object to this fact, because it does not set forth a legal conclusion as to claim scope, it doesn't contain attorney argument, and it did not rely upon the objectionable Section III "Vonage System Decription." Rather, Fact 4 recites a factual assertion regarding the particular type of packet technology used by Vonage. *Id*. ("Fact 4: Vonage's VoIP system does not use ATM technology."). The instant motion would have been unnecessary had Vonage conformed to such an approach with respect to its other proposed "facts."

To support its argument that what is "disclosed" by a patent is a question of fact, Vonage argues that the issue of "written description" is a question of fact. Vonage's Opp., at 13. But, Vonage has not moved for summary judgment on the issue of written description under § 112 nor any issue of validity whatsoever. The factual question of whether the claimed invention has been adequately described in the specification is not before the Court. More importantly, Vonage's argument is entirely irrelevant to the real issue – Vonage's "facts" improperly set forth attorney argument and legal conclusions as to claim scope. Sprint does not take issue with Vonage making arguments in the body of its brief regarding claim constructions. However, Sprint strongly objects to Vonage's attempt to introduce its proposed claim constructions under the guise of undisputed material "facts." Accordingly, the Court should strike or disregard Facts 1-3 and 5-19 on this basis.

### III.   CONCLUSION

For all the foregoing reasons, Sprint respectfully requests that the Court strike or disregard the above-identified portions of Vonage's Brief in Support of Vonage's Motion for Summary Judgment.

Dated: July 12, 2007.                     Respectfully submitted,

                                           /s/ Adam P. Seitz
                                          B. Trent Webb, KS Bar No. 15965
                                          Adam P. Seitz, KS Bar No. 21059
                                          Eric A. Buresh, KS Bar No. 19895
                                          SHOOK, HARDY & BACON L.L.P.
                                          2555 Grand Blvd.
                                          Kansas City, Missouri 64108
                                          Phone: (816) 474-6550
                                          Facsimile: (816) 421-5547

                                          Counsel for Sprint Communications
                                          Company, L.P.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 12th day of July, 2007, a true and accurate copy of the above and foregoing **SPRINT'S REPLY BRIEF IN SUPPORT OF SPRINT'S MOTION TO STRIKE OR DISREGARD PORTIONS OF VONAGE'S BRIEF IN SUPPORT OF VONAGE'S MOTION FOR SUMMARY JUDGMENT** was e-filed with the Court using the CM/ECF system which sent notification to all parties entitled to notice.


  /s/ Adam P. Seitz_____
Attorney for Sprint Communications Company, L.P.

2540118v2