## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SPRINT COMMUNICATIONS COMPANY L.P.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 05-2433-JWL** |
| | ) |
| **VONAGE HOLDINGS CORP.,** | ) |
| **VONAGE AMERICA, INC.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE ARGUMENTS RAISED BY VONAGE FOR THE FIRST TIME IN ITS SUMMARY JUDGMENT REPLY BRIEF OR, IN THE ALTERNATIVE, FOR LEAVE TO SURREPLY

Vonage's summary judgment reply brief (Doc. No. 237) improperly introduces at least three new arguments and supporting facts that Vonage raises for the first time in its reply. Responding to Vonage's new arguments would require Sprint to introduce substantial additional facts and argument, but the briefing is now closed. Additionally, little or no time remains before trial for the parties to engage in, and the Court to rule on, any such additional briefing. Nor should Sprint or the Court be forced to endure delays to entertain new issues that were readily available to Vonage at the time it filed its summary judgment motion. Vonage seeks one of two things: delay by forcing Sprint to respond to new arguments at this late date, or unfair advantage by foreclosing Sprint's opportunity to respond altogether.

Both unfair advantage and delay are the very reason this Court refuses to permit parties to raise new arguments for the first time in a reply brief. Indeed, this Court "has repeatedly disregarded issues raised for the first time in a defendant's reply brief." *See, e.g., Hernandez v. Data Systems Intern., Inc.*, 266 F.Supp.2d 1285, 1301 (D.Kan. 2003) (citing

1

*Anderson v. Farmland Indus., Inc.*, 70 F.Supp.2d 1218, 1228 (D.Kan. 1999); *see also Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1554 n.6 (10th Cir.1992) (court under no obligation to consider issue first raised in reply brief); *Tomita v. Univ. of Kansas Med. Center*, 2003 WL 1460367, at *13 n. 46 (D.Kan. Mar.20, 2003) (refusing to consider pretext argument because defendants raised it for the first time in their reply brief). This Court has explained that a key purpose of this policy is to prevent inherent unfairness to the non-moving party who is prohibited from responding. *See, e.g., Clark v. Thomas*, No. 05-2550-JWL, 2006 WL 707702, at *2 (Mar. 16, 2006) (if court were to address issues and arguments raised for the first time in a reply brief , the non-moving party would be deprived of the opportunity to respond, "which is patently unfair" to the non-moving party); *Employers Reins. Corp. v. Mid-Continent Cas. Co.*, No. 01-2058-KHV, 2002 WL 1067446, at *5 (D.Kan. Apr. 18, 2002) ("The Court generally will not consider issues raised for the first time in a reply brief because the opposing party has not had an opportunity to respond."); *Wagher v. Guy's Foods, Inc.*, 765 F.Supp. 667, 671 (D.Kan.1991) ("In pursuit of fairness and proper notice, this court's practice is to deny or exclude summarily all arguments and issues first raised in reply briefs."). Applying this policy, the Court should strike the following new arguments from Vonage's Reply brief.

### 1.    The Court Should Strike Vonage's Argument On The '561 Patent

At pages 33-36 of its Reply brief, Vonage introduces a new argument that its system does not infringe the '561 Patent because the Vonage system purportedly does not "receive a signaling message for the user communication from a narrowband communication system into the processing system." Vonage Reply Brief, at 33-36. In its motion for summary judgment, Vonage addressed an entirely different argument and contended that the '561 Patent was not infringed by the Vonage system because it purportedly does not "receive signaling

formatted for a narrowband system." Vonage Brf., at 41-42. Sprint responded by pointing out that the '561 Patent simply did not contain such a claim limitation. Sprint Opp. at 66-67.

Faced with Sprint's opposition, Vonage's reply does not dispute that its original summary judgment motion was predicated on a '561 Patent non-infringement argument for a claim limitation that does not exist in that patent. Instead, Vonage identifies, for the first time, a limitation that actually appears in Claim 1 of the '561 Patent that it contends is not met by the Vonage system. Vonage Reply Brief, at 33-36. Sprint can readily demonstrate that the Vonage system meets the newly identified and contested limitation. However, to do so, Sprint will need to introduce substantial new facts regarding the operation of the Vonage system along with additional declarations from its expert to explain the infringing operation. This would require substantial additional briefing that is, at best, premature in light of the Court's stated policy of refusing to consider arguments raised for the first time in a reply brief. Accordingly, Sprint requests that the Court strike Vonage's arguments at pages 33-36 of its Reply brief. In the alternative, Sprint requests the Court's leave to submit additional facts and briefing to rebut Vonage's new arguments.

## 2. The Court Should Strike Vonage's Prosecution History Argument On The '301 Family Patents

At pages 14-16 of its reply brief, Vonage introduces a new argument that Sprint is foreclosed from applying the doctrine of equivalents to the '301 Family Patents due to prosecution history estoppel. In its original motion for summary judgment, Vonage merely applied the function/way/result test under the doctrine of equivalents to argue that the '301 Patent Family claim limitations did not extend beyond ATM technology. Vonage Brf. at 29-31. Apparently unsatisfied with this approach after Sprint's opposition, Vonage attempts to inject a new prosecution history argument in its reply. The basis of Vonage's new argument are

statements that are taken out of context from the prosecution of the '605 Patent Family. *See* Vonage Reply, at 15. Moreover, Vonage's new arguments rely on exhibits and facts that Vonage did not even submit with its original summary judgment motion. *See id.* (relying on Exhibits U-W, which Vonage first submitted in its reply). Because Vonage's argument is indisputably new, the court should strike and refuse to consider Vonage's prosecution history argument.

When fully explained and taken in context, the statements upon which Vonage attempts to rely have no bearing on the scope of equivalents to which the '301 Patent Family claims are entitled. However, to respond to and establish the irrelevance of Vonage's new argument, Sprint will need to submit additional facts, additional expert declarations, and additional briefing. For this additional reason, the Court should strike Vonage's new argument. If, however, the Court accepts Vonage's new argument, Sprint alternatively requests the Court's leave to submit additional facts and briefing to rebut Vonage's prosecution history arguments.

### 3. The Court Should Strike A Portion Of Vonage's Argument On The '572 Patent

In its original summary judgment motion, Vonage asserted that its system did not infringe the '572 Patent because the system selected network elements instead of a "connection" as required by the asserted claims. Vonage Brf. at 42-43. Sprint opposed Vonage's argument and demonstrated that the Vonage system, in fact, selected a connection between network elements. Once again, unsatisfied with its original argument, Vonage introduced a new argument in its reply brief. In the first full paragraph of page 29 of its reply brief, Vonage now contends that the Internet (as used in the Vonage system) is a "connectionless network." *Id.* at 29. Based on this new factual assertion, Vonage now erroneously contends that its system cannot select a connection because there purportedly are none in the Internet. *See id.*

A review of Vonage's original '572 Patent noninfringement argument reveals that no discussion of the Internet is present. *Id.* at 42.43. Indeed, the word Internet does not even appear. Moreover, Vonage again submits a new exhibit as factual support for its new argument. *See id.* (citing new Exhibit Z). Beyond the facial absurdity of the contention that two devices that communicate across a network are not connected in any way, Sprint can demonstrate that the '572 Patent specification and claims contemplate the use of packet connections such as those used by the Internet. However, to do so, Sprint will need to submit additional facts by expert declaration and additional briefing to fully explain this issue. For the same reasons stated repeatedly above, the Court should not invite Vonage to engage in delay through additional briefing. Instead, the Court should apply its well-known policy of striking and refusing to consider arguments raised for the first time in reply. If the Court accepts Vonage's new argument, however, Sprint alternatively requests the Court's leave to submit additional facts and briefing to rebut Vonage's new argument.

### 4.    Conclusion

For the reasons set forth above, Sprint respectfully requests that the Court strike the new arguments identified above that Vonage introduced for the first time in its summary judgment reply. In the alternative, if the Court entertains Vonage's new arguments, Sprint requests the opportunity to surreply.

2542687v1

Respectfully submitted,

Dated: July 12, 2007

  _/s/ Adam P. Seitz_____

B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT COMMUNICATIONS COMPANY L.P.

2542687v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June 2007, a copy of SPRINT COMMUNICATIONS COMPANY L.P.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE ARGUMENTS RAISED BY VONAGE FOR THE FIRST TIME IN ITS SUMMARY JUDGMENT REPLY BRIEF OR, IN THE ALTERNATIVE, FOR LEAVE TO SURREPLY was manually filed under seal, and that copies of Sprint's Reply and exhibits were sent via e-mail to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


___/s/ Adam P. Seitz_____ _____
Attorneys for Sprint Communications Company L.P.

2542687v1