THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
                                     )
                    Plaintiff,       )
                                     )
        v.                           )
                                     )
VONAGE HOLDINGS CORP.,               )   Case No. 05-2433-JWL
VONAGE AMERICA, INC.,                )
                                     )
                    Defendants.      )
                                     )
                                     )
                                     )
                                     )

## SPRINT'S REPLY TO VONAGE'S OPPOSITION TO SPRINT'S MOTION FOR PROTECTIVE ORDER

Sprint Communications Company L.P. ("Sprint") hereby provides the following Reply in Support of Its Motion For Protective Order (Doc. No. 223) and in response to Vonage's corresponding Opposition (Doc. 229).

## I.     INTRODUCTION

Surprisingly, Vonage does not dispute that it is seeking a witness on the disclosures of 365 patents—all but 7 of which are not asserted in this litigation—from individuals who are not related to the Asserted Patents. Even more surprising is that Vonage suggests that Sprint will not be burdened in any way by preparing and producing a witness on 365 patents because some of the specifications are "similar." To the contrary, because the claims define the invention, and because each patent contains multiple claims, Sprint will be required to prepare and produce a witness on over 365 claim sets. The amount of time required to simply prepare a witness could potentially take months. This burden is further amplified by the fact that Topic 18 seeks wholly irrelevant information. Indeed, Vonage entirely fails to identify a single

- 1 -

2541779v2

Dockets.Justia.com

- 2 -

claim or defense to which topic 18 applies.  Vonage does not even attempt to explain how testimony regarding patents that **are not asserted in this litigation** are relevant to either Sprint's claims of infringement or Vonage's defenses.[1]  Because Vonage has failed to explain how any of these unasserted patents relate to any actual claim or defense in this matter, it has not established the relevancy of topic 18 and Sprint's motion must be granted.

In an attempt to direct attention away from the ever-changing and, ultimately, irrelevant scope of topic 18, Vonage mischaracterizes Sprint's motion as untimely.  However, neither the local rules—which Vonage selectively quotes—nor the Federal Rules set a deadline by which Sprint should have filed its motion.  Vonage also attempts to characterize Sprint's motion as improper because it believes the Court already has ruled that the scope of topic 18 is proper.  This argument, however, relies on the conveniently forgotten fact that the Court expressly ordered the parties to meet and confer regarding the proper scope of topic 18 during its May 9 hearing.  Not once in Vonage's opposition does it dispute, let alone mention, this fact. Vonage's silence is telling.  The Court's order to confer on the scope of topic 18 renders Vonage's arguments meritless.  Sprint complied with the Court's Order to confer as to a mutually agreeable scope for topic 18 and its attempts were met with nothing but threats and baseless accusations by Vonage.  As soon as it was clear that Vonage would not participate in the process, Sprint promptly moved for a protective order from the Court seeking guidance as to the scope of topic 18, which is the very procedure suggested by the Court in its May 9 hearing. Vonage's attempts to mischaracterize the law and the burden associated with complying should not be countenanced and Sprint's motion should be granted.

---

[1] The irrelevant nature of these unasserted patents is further established by the fact that not one of Vonage's three experts cited or relied upon these patents in their expert reports. Vonage also failed to identify any of these patents or individuals in connection with any of its defenses in the Joint Pretrial Order.  Vonage's actions belie its argument that these patents are "highly pertinent" to its noninfringement analysis.

- 2 -

## II.    LEGAL ARGUMENT

### A.    Sprint's Motion Was Not Untimely

Vonage argues that Sprint's motion was untimely pursuant to Local Rule 26.2 because "any such motion for a protective order must be filed 'within 11 days after service of the deposition notice, and at least 48 hours prior to the noticed time of the deposition.'" Opp'n at 7. Vonage, however, mischaracterizes Local Rule 26.2 in a failed effort to support its position. In fact, a review of the rule reveals that it is not applicable to the current situation.

> Local Rule 26.2, in its entirety, states:
>
> The filing of a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) or 30(d) shall stay the discovery at which the motion is directed pending order of the court. The filing of a motion to quash or modify a deposition subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A), or a motion to order appearance or production only upon special conditions pursuant to Fed. R. Civ. P. 45(c)(3)(B), shall stay the deposition at which the motion is directed. **No properly noticed deposition shall be automatically stayed under this rule unless the motion directed at it shall have been filed and served upon counsel or parties by delivering a copy within 11 days after service of the deposition notice, and at least 48 hours prior to the noticed time of the deposition.** Pending resolution of any motion which stays a deposition under this rule, neither the objecting party, witness, nor any attorney shall be required to appear at the deposition to which the motion is directed until the motion has been ruled upon or otherwise resolved.

Local Rule 26.2. As the plain language of the rule makes clear, the 11 day deadline solely relates to whether the deposition will be automatically stayed by the filing of a motion for protective order. It does not relate to whether such a motion may be filed, and does not relate to any deadline by which such a motion must be filed. In fact, neither the Local Rules nor the Federal Rules contain any such deadline for filing motions for protective orders, which is fatal to Vonage's argument.

- 3 -

In any event, Sprint timely filed its motion. After the Court's Order was issued on May 14, Sprint immediately attempted to work with Vonage on a mutually agreeable scope for Topic 18. As the correspondence set forth in Sprint's original motion made clear, Sprint diligently and repeatedly attempted to work with Vonage to reach a mutually agreeable scope. Doc. No. 223, at 2-4. On June 12, despite Sprint's best efforts, Vonage made clear that it was no longer interested in working with Sprint. *See* Doc. No. 223, Ex. M. Sprint filed its motion one day later on June 13—hardly the belated filing suggested by Vonage.[2]

Nor is Sprint's motion "an untimely objection to Judge Waxse's May 9 Order." Opp'n at 8. As set forth in Sprint's original motion, Sprint is, in fact, complying with the Court's Order and will be producing a witness for Topic 19. Doc. No. 223, at 2, n.2. Nor is Sprint objecting to Judge Waxse's Order as it relates to topic 18. In fact, Sprint is complying with both the May 14 Order and the May 9 oral ruling to meet and confer regarding a mutually agreeable scope for topic 18. Vonage's argument that Sprint's unsuccessful attempts to meet and confer somehow constitutes an "untimely objection . . . in disguise" is nothing more than a red-herring and must be rejected.

## B.    Vonage Fails to Establish the Relevance of Topic 18

Tellingly, Vonage admits that it is seeking deposition testimony on 365 patents and patent applications from individuals who are not inventors of the Asserted Patents. Opp'n at 14-15. Vonage also tacitly admits that inventions by "Manu Chand Bahl (a/k/a Bobby Chand

---

[2] Vonage's arguments regarding the timing of the deposition and Sprint's objections to Topic 18 are without merit and incongruous with its own actions in this case. Despite serving its First 30(b)(6) Notice on September 8, 2006, Vonage did not provide a witness for a number of topics until June 12, 2007—**over 9 months later**. *See* Ex. A, Sprint's 1st 30(b)(6) Notice; Ex. B, Deposition Transcript of Louis Holder (cover page). Moreover, Vonage did not provide its objections until 3:07 p.m. on June 11, **a mere 18 hours before the deposition**. *See* Ex. C, E-mail from Ms. Lahey transmitting Vonage's Objections, dated June 11, 2007. As Vonage itself argued in a previous brief, "[t]hose who live in glass houses should not throw stones." Doc. No. 182, Ex. 1, at 3.

2541779v2

Bahl), Albert Daniel Duree, Michael Joseph Gardner, Daniel Charles Sbisa, William Lyle Wiley,

Tracy Lee Nelson, James David Setter, Pamela Lynn Satterfield and/or Mark Sucharczuk"[3] are

not related to any claim or defense in this matter. *Id.* at 12-17; *infra* at n.1. In fact, Vonage fails

to identify any single claim or defense from the Joint Pretrial Order to which testimony from

Topic 18 would apply. Instead of attempting to provide a compromise position, Vonage offers

conclusory statements and unsupported allegations in a failed attempt to establish the relevancy

of the 365 patents and applications.

      As an initial matter, Vonage has apparently abandoned its previous contention

that Topic 18 is directed to "comparing" the "similarities/differences between inventions in

asserted patents and inventions [identified by Vonage]."[4] Instead, Vonage now argues that topic

18 is relevant because it seeks information on the "structure and operation of inventions" by the

9 listed individuals, which amounts to 365 patents and patent applications. Opp'n at 13.

According to Vonage, testimony on unasserted patents from individuals that have no relation to

any claim or defense in this matter is relevant "[t]o learn the scope of Mr. Christie's inventions."[5]

Opp'n at 13. This argument, however, is contrary to Federal Circuit precedent. As set forth in

both parties summary judgment briefs, the scope of the Asserted Patents is determined by

reviewing the Asserted Patents themselves, not other extraneous and extrinsic evidence. *See*

*Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) ("Quite apart from the written

---

[3] Doc. No. 223, Ex. A, at 9.

[4] Vonage states that Sprint's argument on "comparing" the "similarities/differences" of the inventions is "misplaced and a red herring." Opp'n at 14. Despite Vonage's suggestion to the contrary, it was Vonage who advanced this position throughout the meet and confer process. (*See* Doc. No. 223, Ex. H.) This change in positions is yet another example of the moving target presented by Vonage that necessitated the filing of the current motion.

[5] Vonage's citation to *LizardTech* is unavailing because that case did not address the fundamental question presented here—should a party be required to prepare and produce a witness to testify concerning unasserted patents from unrelated individuals that have no bearing on any claim or defense.

2541779v2

description and the prosecution history, the claims themselves provide substantial guidance as to the meaning of particular claim terms."); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996) ("[W]e look to the words of the claims themselves, both asserted and nonasserted, to define the scope of the patented invention."); Doc. No. 217, p. 33-38 (§ V.A.). Moreover, Vonage had no difficulty in its summary judgment motion or its expert reports in determining the alleged scope of the Asserted Patents without any reference to inventions by these unrelated individuals. Vonage's own actions and pleadings in this case belie its relevancy argument.

Vonage's final two relevancy arguments hardly bear mentioning and both fail for the same reason. First, Vonage halfheartedly argues that testimony from these unrelated individuals is relevant because "Sprint included Patents directed to these inventions on the CD it enclosed with its alleged "notice" letters." Opp'n at 13. Second, Vonage argues that some inventions covered by topic 18 "are members of the same families as the Asserted Patents" and, therefore, must somehow be relevant. *Id.* Other than conclusory attorney argument, Vonage once again fails to identify any claim, defense or issue in this litigation to which this testimony would apply, which is the fundamental question in any relevance analysis. Vonage does not provide such identification because it cannot—Topic 18 simply does not relate to any claim or defense. Vonage's failure to identify any issue from the Pretrial Order to which this information would apply conclusively establishes that there is "'no possibility' that the information sought may be relevant to the claim or defense of any party." *Bailey v. SBC Disability Income Plan*, No. 05-4093, 2006 U.S. Dist. LEXIS 92439 (D. Kan. Dec. 19, 2006). Because Topic 18 seeks

information that has "no possible bearing on the subject matter of the action,"[6] Sprint's motion

must be granted.

### C.    Sprint Properly Established That Topic 18 is Unduly Burdensome

Recognizing that it significantly overreached with Topic 18 by seeking testimony

on 365 patents and patent applications, Vonage mischaracterizes both the law and the facts in an

attempt to minimize the burden associated with compliance.  First, Vonage suggests that because

some of the 365 patents and patent applications share a common specification, Sprint has inflated

the actual number of documents that would be involved.  Opp'n at 16.  This argument is, not

surprisingly, a red herring.  As Vonage is well aware, it is the claims that define an invention.

Indeed, "[i]t is a bedrock principle of patent law that the claims of a patent define the invention

to which the patentee is entitled the right to exclude."  *Innova/Pure Water, Inc. v. Safari Water*

*Filtration Systems, Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004); *see also Aro Mfg., Co. v.*

*Convertible Top Replacement Co.*, 365 U.S. 336, 339 (1961) ("The claims made in the patent are

the sole measure of the grant."); *Smith v. Snow*, 294 U.S. 1, 11 (1935) ("**The claims** of the

patent, **not its specifications**, measure the invention.") (emphasis added).  Thus, regardless of

whether any of the 365 patents and applications share a specification, Sprint will need to prepare

and produce a witness on each and every claim of the 365 patents and applications.  As such,

Sprint has not "inflated" the amount of work that would be involved with complying with Topic

18.  If anything, Sprint has vastly underestimated the amount of work because each patent

contains multiple claims, each of which define a separate and distinct invention.

Vonage's complaint that Sprint did not produce an affidavit, or even an estimate,

of the preparation involved with preparing and producing a witness is without merit.  The burden

---

[6] *Audiotext Comms. Network, Inc. v. US Telecom, Inc.*, No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 15416 (D.Kan. Oct. 5, 1995).

2541779v2

associated with producing a witness for topic 18 is readily apparent to everyone except Vonage.

Assuming, *arguendo*, that the burden associated with preparing and producing a witness on 365

patents and applications was not readily apparent, conservative estimates establish the topic is

overwhelmingly burdensome.  Given the number of patents and claims involved, preparing and

producing a witness would be significantly more involved than simply "speak[ing] to . . . readily

available counsel" as Vonage suggests.  Opp'n at 16.  Indeed, Sprint would need to make sure its

witness had studied and understood each of the 365 patents and applications to fully and

responsibly address any question posed by Vonage, lest it file another motion to compel.

Assuming it would take Sprint's witness a half day to review and understand each claim set—a

very conservative estimate—it would take nearly 183 days to go through all 365 patents and

applications.  Moreover, the deposition itself would conceivably last for weeks.  The undue

hardship placed on Sprint in complying with such a topic is beyond dispute.  Additionally,

because topic 18 does not relate to any claim or defense in this matter, Vonage would gain no

benefit from the proposed discovery.  Because Vonage fails to identify any benefit associated

with the discovery, the balancing of the hardship to the benefit overwhelmingly favors Sprint.

## III.    VONAGE'S REQUEST FOR SANCTIONS IS WITHOUT MERIT

Vonage's request for sanctions is premised solely on the allegation that Sprint is

refusing to comply with a court order.  As explained *supra*, Sprint is not refusing to comply and

is, in fact, complying with the Court's ruling to meet and confer regarding the scope of topic 18.

Instead, Vonage refuses to cooperate and now seeks to gain from its own lack of cooperation.

As noted above, Vonage has placed Sprint in the impossible situation of trying to prepare a

witness to testify on 365 patents and applications, only seven of which are asserted in the current

litigation.  The remainder of the patents and applications are not related to any claim or defense

in this matter.  In light of Vonage's refusal to cooperate in reaching a mutually agreeable scope

2541779v2

for Topic 18, Sprint was fully justified in seeking protection from Vonage's discovery. As such, sanctions pursuant to Fed. R. Civ. P. 37(a)(4) are not justified. *See ICE Corp. v. Hamilton Sundstrand Corp.*, 2007 WL 1732369, \*4 (D.Kan. June 11, 2007) (refusing to award sanctions "unless the court finds that the making of the motion was **substantially justified** or that other circumstances make an award of expenses unjust").

Because Vonage cannot demonstrate that Sprint's motion was not "substantially justified," Vonage's request for sanctions is without merit. Indeed, as the present impasse is borne of Vonage's own refusal to cooperate, Vonage could resolve the situation by reaching a mutually agreeable scope for Topic 18. Vonage, however, refuses to cooperate in such a process, hoping instead to manipulate the Court's rules to its benefit and gain procedural advantages that the rules do not contemplate.

## IV.    CONCLUSION

Vonage has failed to identify any claim or defense to which topic 18 applies. Vonage did not identify any such claim or defense because Topic 18 does not relate to <u>any</u> issue in this litigation. Given the irrelevance of the testimony sought by Vonage and the overwhelming burden associated with preparing and producing a witness to testify, the Court should prohibit a deposition on topic 18 of Vonage's Second Notice.

2541779v2

Respectfully submitted,

Dated: July 12, 2007

  /s/  Adam P. Seitz             

B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT    COMMUNICATIONS    COMPANY
L.P.

- 10 -

2541779v2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of July, 2007, a true and accurate copy of the above and

foregoing **SPRINT'S REPLY TO VONAGE'S OPPOSITION TO SPRINT'S MOTION**

**FOR PROTECTIVE ORDER** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


  /s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.

2541779v2