**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 05-2433-JWL |
| v. | ) |
| VONAGE HOLDINGS, CORP. AND | ) |
| VONAGE AMERICA, INC., | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN OPPOSITION TO**
**SPRINT COMMUNICATIONS CO. L.P.'S MOTION TO STRIKE ARGUMENTS**
**RAISED BY VONAGE FOR THE FIRST TIME IN ITS SUMMARY JUDGMENT**
**REPLY BRIEF OR, IN THE ALTERNATIVE, FOR LEAVE TO SURREPLY**

Defendants (collectively, "Vonage") submit this memorandum in opposition to Sprint Communications Company L.P.'s ("Sprint's") Motion to Strike or Disregard Arguments Sprint alleges were Raised by Vonage for the First Time in its Summary Judgment reply Brief Or, in the Alternative, for Leave to Surreply (Sprint's "Motion").

**I.     INTRODUCTION**

In a further attempt to delay its disclosure of facts in support of its claims of patent infringement, and to force a trial on allegations of infringement that in numerous instances are betrayed on the face of the Asserted Patents themselves, Sprint requests the Court strike from Vonage's Reply in support of Vonage's Motion for Summary Judgment (Vonage's "Reply") facts and arguments that expose Sprint's claims as legally unsupportable and ripe for summary disposition.

Here again, just as Sprint did in its motion to strike portions of Vonage's opening brief in support of its Motion for Summary Judgment (Doc. No. 215 *et seq.*), Sprint now seeks to avoid, or postpone, substantive, fact-based argument in Vonage's Reply, and the reality that certain of its claims of patent infringement can not withstand summary judgment. Instead Sprint continues

in its dilatory motion practice through which it would have the Court simply pretend these inconvenient, material, and dispositive facts do not exist. Neither the facts of the case nor the law of this Court countenance such a result.

In its opening brief, Vonage was not required to negate every contention Sprint could raise in opposition to summary judgment. Still, Vonage's Reply contains no new arguments and nothing more than fair rebuttal to Sprint's Opposition to Vonage's Motion for Summary Judgment, for which the rules of Court expressly provide. As such, there is no basis for striking any portion of Vonage's Reply, and Sprint has failed to establish it is entitled to any exemption to the Court's prohibition against surreplies. Vonage therefore respectfully requests that the Court deny Sprint's Motion, so that the parties and the Court might resolve the outstanding motions for summary judgment without further delay.

## II.    QUESTION PRESENTED

Does Sprint state any basis to strike or disregard any portions of Vonage's Reply in Support of its Motion for Summary Judgment?

Is Sprint entitled to further briefing in opposition to Vonage's Motion for Summary Judgment?

## III.    ARGUMENT

Vonage's Reply contained no new or inappropriate material. As such, Sprint offers no legal basis for its request for what this Court considers extraordinary relief. See, e.g., Pehr v. Rubbermaid, Inc., 87 F. Supp. 2d 1222, 1237 (D. Kan. 2000) (Leave to file a surreply is generally only granted in "rare circumstances") (citation omitted). Sheldon v. Charles Schwab & Co., No. 98-2277, 2000 U.S. Dist. LEXIS 22284 (D. Kan. Sept. 28, 2000) (Lungstrum, J.) (denying motion for leave to file a surreply for lack of good cause).

The Court should therefore deny Sprint's motion and decide Vonage's Motion for Summary Judgment on the papers as submitted.

### A. Vonage, in Its Motion for Summary Judgment, Was Not Required to Address Sprint's Every Possible Contention of Infringement, and Vonage's Reply Appropriately Disputes Sprint's Contentions in Opposition to Vonage's Motion for Summary Judgment.

In its Motion for Summary Judgment, Vonage in its motion bears only the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. "In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial *need not negate the other party's claim*; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim." Hernandez v. Data Sys. Int'l, Inc., 266 F. Supp. 2d 1285, 1295 (D. Kan. 2003) (Lungstrum, J.) (Sprint Br. at 1) (citations omitted, emphasis added). Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Id.

Sprint asks the Court find it inappropriate for Vonage, in its Reply, to use material and even words it alleges were not in its original summary judgment papers. As this Court has ruled, and as Sprint acknowledges when convenient, such is not the case. See, e.g., Sprint Communs. Co., L.P. v. Vonage Holdings Corp., No. 05-2433, 2007 U.S. Dist. LEXIS 34168 *4 n.1 (D. Kan. 2007) (Waxse, J.) ("Due to the fact that Plaintiff's Reply brief introduced new arguments and a new prayer for relief, the Court will grant Vonage's Motion to File Surreply (doc. 182) and hereby puts the parties on notice that the Court has considered the arguments set forth in Vonage's Surreply brief.")

Were the law as Sprint would have the Court believe, Vonage, in moving for summary judgment on Sprint's claims of infringement, would be required in its moving papers to raise, and subsequently refute, every possible basis for Sprint's contention of infringement, directly and under the doctrine of equivalents, and in its reply, accept as true and irrefutable every piece of evidence Sprint offers in opposition to the motion. Such is plainly not the case. Hernandez, 266 F. Supp. 2d at 1295; see also D. Kan. R. 56.1(c) ("In a reply brief, the moving party shall respond to the non-moving party's statement of undisputed material facts in the manner prescribed in subsection (b)(1).").[1]

### B. Vonage's Reply Contains No New Argument.

"The function of a reply brief is to respond to the factual contentions and legal arguments of the opposing party, not to launch a different motion on different grounds supported by different evidence." Vesom v. Atchison Hosp. Ass'n, No. 04-2218, 2005 U.S. Dist. LEXIS 8817 (D. Kan. March 22, 2005).

The material in Vonage's reply that is the subject of Sprint's apparent grievance is simply rebuttal to Sprint's contentions, and further support for the arguments advanced in its motion papers. As such, Sprint states no basis for striking, or disregarding, any portion of Vonage's Reply. See, e.g., Webb v. Deluxe Fin. Servs., No. 05-2137, 2007 U.S. Dist. LEXIS 41715 (D. Kan. June 7, 2007) ("Defendant did not improperly raise any new arguments in its reply brief,

---

[1] The cases on which Sprint relies largely are those where the Court struck arguments on which the moving party had the burden of proof and which those parties only raised in reply in support of a motion for summary Judgment. See Hernandez, 266 F. Supp. 2d at 1295 (Sprint Br. at 1) (striking statute of limitations defense first raised in reply) and 1301 (striking evidence, under burden-shifting provisions of Title VII, of nondiscriminatory reasons for termination first raised in reply); see also Anderson v. Farmland Industries, Inc., 70 F. Supp. 2d 1218 (D. Kan. 1999) (Sprint Br. at 2) (party claiming benefits of exception to prohibition of a statute bears burden of proving it meets the exception; disregarding proof of exception not raised until reply).

but instead properly responded to plaintiff's arguments and evidence."); see also Lynn v. GE, 2006 U.S. Dist. LEXIS 62 (D. Kan. 2006) (denying motion to strike or file surreply where arguments in reply were "almost entirely responsive" to declaration submitted with opposition).

    1.    Vonage's Arguments as to the '301 Patent Family Are Those Addressed in its Original Motion.

        a.    Vonage's Doctrine of Equivalents argument is not new.

"[T]he burden of demonstrating infringement is on the patentee. Here, to defeat [Vonage's] motion for summary judgment, [Sprint] was required to come forward with specific facts from which a reasonable factfinder could conclude that the [Vonage VoIP telephony system] met all of the [asserted] patents' limitations at least equivalently." Pehr v. Rubbermaid, Inc., 87 F. Supp. 2d 1222, 1237 (D. Kan. 2000) (Lungstrum, J.) (denying motion to strike reply or for leave to file surreply where patentee's evidence of equivalency was lacking).

In its moving papers, Vonage stated expressly its contention that Sprint could not meet its burden of establishing infringement under the doctrine of equivalents, citing expressly the Federal Circuit's leading case on equivalency, and the pages of that case dealing with not only the "function, way, result" test to which Sprint contends Vonage's argument was limited, but also the defense to an equivalency charge offered under the doctrine of prosecution history estoppel. See Vonage Br. at 29-30, citing AquaTex Indus., Inc. v. Techniche Solutions, 479 F.3d 1320, 1326 (Fed. Cir. 2007). See also id. at 34-35 (discussing prosecution history estoppel expressly in context of '561 and '052 Patents, citing Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 535 U.S. 722, 733-34, 740 (2002)). Sprint was on fair notice of Vonage's contention that Sprint could not prove infringement by equivalency, and failed to offer any genuine issue of material fact that would defeat summary judgment on this charge.

5

As did the defendant in Pehr, Vonage

> clearly set forth plaintiff's evidentiary burden on summary judgment in its opening brief. Thus, plaintiff was on notice that, to avoid summary judgment on his infringement claims, he was required to come forward with sufficient evidence from which a reasonable factfinder could infer that defendant's products infringe the patents-in-suit either literally or equivalently. Accordingly, because defendant did not raise a new argument or theory in support of its motion for summary judgment, plaintiff is not entitled to file a sur-reply.

Pehr, 87 F. Supp. 2d at 1237. Sprint's failure to address the issue of prosecution history estoppel in its opposition papers was at its own risk and cannot be remedied by extending the summary judgment briefing process until so close to trial as to nullify its purpose.

      b.    <u>Vonage's citations to the file histories are offered as fair rebuttal to Sprint's contentions in its opposition papers.</u>

Vonage in its original motion argued generally that Sprint's '301 Patent Family did not disclose, or apply to, technology beyond ATM.

Sprint opposed Vonage's motion arguing there was no such limitation on the '301 family patents, citing, among other references, Phillips v. AWH Corp., 415 F.3d 1303, 1312 (Fed. Cir. 2005) (see, e.g., Sprint's Mem. in Opp'n to Vonage's Mot. for Sum. Jgt. at 34 and *passim*) and the intrinsic record of the '301 Patent Family (see, e.g., id. at 48 ("Moreover, the intrinsic record (i.e., the claims and specification of the '064 Patent)[2] are entirely consistent with the ordinary use of the term 'asynchronous communication.'")).

While raised in its Reply the context of Prosecution History Estoppel (see Vonage Reply at 14-16), a doctrine Vonage did not expressly raise by name in its original motion with respect

---

[2]     As Sprint omits from its discussion, the intrinsic record consists of a patent's claims, specification, and file history. "The prosecution history, which we have designated as *part of the 'intrinsic evidence,'* consists of the complete record of the proceedings before the PTO and includes the prior art cited during the examination of the patent." Phillips, 415 F.3d at 1317 (emphasis added).

6

to the '301 Patent Family (but did only pages later), Vonage's discussion of the prosecution history of the '301 Family Patent speaks equally to Vonage's discussion in its original motion that the claims of the '301 Family Patents are limited to ATM and by definition cannot cover Vonage's Voice over Internet Protocol System. See, e.g., Nystrom v. Trex Co., 424 F.3d 1136, 1143-46 (Fed. Cir. 2005) (Vonage Mot. at 28; Vonage Reply at 8) ("An examination of the term 'board' in the context of the written description *and prosecution history* of the '831 patent leads to the conclusion that the term 'board' must be limited to wood cut from a log.). As the Federal Circuit articulated in Nystrom:

> [A]s explained in Phillips, Nystrom is not entitled to a claim construction divorced from the context of the written description and prosecution history. The written description and prosecution history consistently use the term 'board' to refer to wood decking materials cut from a log. ...Broadening of the ordinary meaning of a term in the absence of support in the intrinsic record indicating that such a broad meaning was intended violates the principles articulated in Phillips.

Id. at 1144-46.

    c. <u>Sprint offers no basis to strike new evidence of statements by Sprint in the prosecution histories of the Asserted Patents.</u>

While arguing that Vonage's new argument was in the specific context of Sprint's claim of infringement under the Doctrine of Equivalents, Sprint nonetheless asks the Court to strike *all* references to the '301 Patent Family prosecution history. Even if the Court finds it inappropriate to consider Vonage's contention that Sprint's claim of equivalency is barred by prosecution history estoppel (see, e.g., Festo, 535 U.S. at 733-34), Sprint offers no legal basis for disregarding this plain evidence in further support of Vonage's arguments in its moving papers (that the '301 Patent Family's intrinsic record reveals the invention as limited to ATM, and that the claims must be, as well) and rebutting Sprint's unsubstantiated arguments to the contrary.

The prosecution history cites Vonage submitted in its reply merely respond to matters placed in issue by Sprint in its opposition brief and does not spring upon Sprint new reasons for the entry of summary judgment. Moreover, the "new" citations are Sprint's own sworn statements to the United States Patent & Trademark Office during Sprint's prosecution of the asserted patent families. See, e.g., Glickman v. Home Ins. Co., No. 93-1421, 1994 U.S. Dist. LEXIS 9090, 1994 WL 324554 (D. Kan. June 29, 1994) (court should consider new evidence in reply where there was no suggestion the evidence is "new" to the plaintiff and which is directly responsive to evidence in opposition brief). Vonage was well within its rights to contest Sprint's proffered facts regarding the disclosures of the Asserted Patents. D. Kan. R. 56.1(c).

As the prosecution histories of the '301 Family Patents are at most no more than additional factual support for legal argument set forth in defendants' initial summary judgment brief, they are appropriate, may not be stricken, and provide no basis for a surreply over the Court's rules. See, e.g., Employers Reinsurance Corp. v. Mid-Continent Cas. Co., No. Civ.A. 01-2058, 2002 U.S. Dist. LEXIS 9636 (D. Kan. Apr. 18, 2002) (Sprint Br. at 2) (denying motion to strike where argument in reply was more specific, rather than "entirely new"); see also Lynn, 2006 U.S. Dist. LEXIS 62 at *4 (denying motion to strike or file surreply where arguments in reply were "almost entirely responsive" to declaration submitted with opposition).

    2.    Vonage's Argument Regarding the Operation of the Internet With Respect to the '572 Patent Is Not "New."

Sprint contends that Vonage raised a new argument with respect to its motion for summary judgment of noninfringement of the '572 Patent by arguing, in its Reply, that the Internet is a connectionless network. Indeed, taking Sprint at its word, it was inappropriate for Vonage to even use the word "Internet" in its reply when that word did not appear in the portion of Vonage's legal argument devoted specifically to the '572 Patent. (Sprint Br. at 5).

8

Setting aside that Sprint ignores entirely Vonage's discussion of its Voice over *Internet* telephony system throughout its Memorandum in Support of its Motion for Summary Judgment (see, e.g., Doc. 206 at 9-12, 21), and its express incorporation of Vonage's Statement of Undisputed Fact 10 in its argument specific to the '572 Patent (see id. at 43),[3] which alone are enough to defeat Sprint's motion on this point, Vonage's discussion of the Internet as a "connectionless network" in its Reply is in support of its original argument and in direct rebuttal to Sprint's argument in its opposition thereto.

In its Motion, Vonage argued that summary judgment of non-infringement was appropriate because, *inter alia*, the Vonage "processing system" did not select a "second connection" as required by the claims of the '572 patent. *See*, *e.g.*, Von. Br. at 42. By way of explanation, Vonage noted in its Motion that its "processing system" selects, at most, only the IP address and audio port of the TA and the IP address and audio port of the Media Gateway, but that neither of these is a "connection" within the meaning of the '572 Patent. Id. at 43.

Vonage's argument in its Reply that the Internet – over which the Vonage system operates – in fact *has no* connections is simply another way of explaining the same argument, *viz.*, that the Vonage system does not select the "second connection" required by the claims.[4] Such is well within the appropriate scope of a reply. Employers Reinsurance Corp., 2002 U.S.

---

[3] Vonage's Fact 10 reads, in part:

> If a network code did not include a port as well as an IP address, i.e. was limited to just an IP address, then it would be impossible to transfer user communications as a part of a telephone call using an Internet-based system. (See Wicker Dep. Tr. May 4, 2007 at p. 272, line 3 to p. F275 line 90, Exh. I.)

Vonage Br. at 21.

[4] Vonage's citation to the deposition of a Sprint employee was only intended to show that it is an undisputed fact that the Internet does not have "connections".

9

Dist. LEXIS 9636 at *15 (Sprint Br. at 2) (denying motion to strike where argument in reply was more specific, rather than "entirely new").

Further, Vonage's discussion of the Internet as a connectionless network was in specific rebuttal to Sprint's argument in its opposition that "the selection of two network elements (the TA and Media Gateway) is... the same as the selection of a connection between those two elements." (Sprint Opp'n at 68; see also id. at 69). Prior to its opposition, Sprint had never asserted that the selection of two network elements was the "same as" the selection of a connection. Vonage is entitled to reply to this argument without Sprint demanding a surreply on the grounds that such a reply is a "new" argument. A moving party, Vonage is not required to predict and then address all possible arguments that the opposing party may raise. In fact, such would have been impossible in this case given the vast number of asserted claims at issue (61 between the seven Asserted Patents) and the page limit imposed by local rule.

Of particular note, Sprint contends that to rebut to Vonage's "new" argument of how information travels through the Internet Sprint must secure a new expert declaration and submit facts not already in the record of Vonage's Motion or Sprint's Opposition thereto. (Sprint Br. at 5). Vonage respectfully submits that Sprint's admission underscores the fallacy of Sprint's argument in its opposition to Vonage's motion for summary judgment that Vonage's system infringes its patents under the Doctrine of Equivalents. That is, although now conceding it yet has no explanation of how the Internet is structured or operates, Sprint still somehow asks the Court find that bits of a human voice travel through Vonage's Voice over Internet Protocol telephony system in the same "function," in the same "way," with the same "result" as information traveling through an ATM network. Vonage submits that Sprint's request to file a

surreply underscores the wholesale inadequacy of Sprint's Equivalents analysis, and that summary judgment in Vonage's favor is appropriate without further delay.

        3.      <u>Vonage's Contentions of Noninfringement of the '561 Patent Are Not "New."</u>

Sprint contends that Vonage raised a new argument with respect to its motion for summary judgment of noninfringement of the '561 Patent by arguing, in its reply brief, that the Vonage "processing system" does not "receive a signaling message . . . from a narrowband communication system" as required by claims 1, 3, 22 and 23. Sprint's contention that this somehow represents a "new" argument, however, is undermined by the very statements made by Sprint to the U.S. Patent & Trademark Office during prosecution of the asserted patents.

In its Motion, Vonage argued that summary judgment of non-infringement of the '052 patent was appropriate because the Vonage "processing system" received signaling only from the SIP Gateway, and not from the PSTN. <u>See</u> Von. Br. at 40. Significantly, Sprint did not dispute this in its opposition.

Vonage further argued that summary judgment of non-infringement of the '561 patent was appropriate for at least the same reasons as for the '052 patent. <u>See</u> Von. Br. at 41. That is, because it is undisputed that only the SIP Gateway sends signaling to the Vonage "processing system" on an inbound call, and not the PSTN, the use of the Vonage system for handling such calls could not infringe claims 1, 3, 22 and 23 of the '561 Patent.

In its opposition, Sprint disputed Vonage's motion on the grounds that the relevant claims of the '561 Patent state "signaling message . . . from a narrowband communication system" whereas the '052 Patent claims state "signaling message . . . formatted for a narrowband system". Without providing any explanation or argument as to why this difference had any

effect on the scope of the asserted claims, Sprint simply contended that the mere existence of this difference was enough to deny Vonage's motion.

Sprint's efforts to oppose Vonage's motion, however, are belied by the very statements made by Sprint to the U.S. Patent & Trademark Office to obtain allowance of the asserted patents. For example, during prosecution of the '052 patent, Sprint represented:

> Claims 1 and 21 require "receiving *signaling formatted for a narrowband system* into a processing system that is external to any communication switches" . . . . La Porta '852 does not teach the processing of *signaling from narrowband systems*.

(See Prosecution History of the '052 patent, Office Action Response dated Jan. 31, 2001, pp. 4-5) (attached as Exhibit "A") (emphasis added).

Sprint therefore expressly represented to the Patent Office that the phrase "formatted for a narrowband system" meant exactly the same thing as the phrase "from narrowband systems". For Sprint now to come to this Court and argue that these two phrases are entirely unrelated is both disingenuous and misleading.

Moreover, contrary to Sprint's assertions, Vonage's argument with respect to the '561 patent remains the same as it was in Vonage's original motion – on inbound calls, Vonage's processing system receives a signaling message from the SIP Gateway and this does not satisfy the claim language. Whether this is because the signaling message is not "formatted for" the PSTN or "from" the PSTN, the simple fact remains that no message is conveyed from the PSTN to the Vonage processing system.

Indeed, Sprint's behavior is especially egregious in view of the statements in its expert reports, which Sprint has adopted as its sworn testimony, that the Vonage "processing system" *never* communicates with the PSTN. Given that its own expert has stated that Vonage's system does not meet all the limitations of the "receiving a signaling message" step, regardless of

whether that message is "from" or "formatted for" the PSTN, Sprint's efforts to avoid summary judgment on this issue are meritless.

### C. Even if Vonage's Arguments Were "New," A Surreply Would be Futile.

Even if "new," which Vonage vigorously disputes, Vonage's arguments in its Reply are based on uncontrovertable facts of the disclosures in the Asserted Patents and their relevant file histories. For these reasons, Vonage submits that any further submission on Sprint's part, or attempts to distance itself from its sworn statements to the United States Patent & Trademark Office, will be of no avail. See, e.g., Pehr, 87 F. Supp. 2d at 1237 (denying motion to strike reply or for leave to surreply where, even considering proposed surreply, resolution of defendant's motion with respect to infringement by equivalence would not change).

### D. Sprint's Motion is Plainly Dilatory.

Sprint represents it can "readily demonstrate" that Vonage's "new" arguments are insufficient to warrant summary judgment (Sprint Br. at 3). Despite this representation, and the established practice that a party seeking leave to submit a document *attaches* its proposed filing to its request, Sprint leaves Vonage, and the Court, with no indication of what Sprint intends to file, much less when.

Vonage submits Sprint's objections to Vonage's reply brief, and its request for leave to file an unidentified surreply at some indefinite point in the future, are yet further constructs by which Sprint seeks to side-step material facts which are harmful to its position, and to force Vonage and the Court to trial regardless of the merits of its claims. Vonage submits there is no other explanation for Sprint's otherwise incongruous attempts to obfuscate and extend the summary judgment process, and dismissal of a claim construction briefing as "premature" (see correspondence to the Court dated July 13, 2007), and its simultaneous insistence that Vonage's

March 2007 motion to amend its affirmative defenses was prejudicially late (see Defendants' Appeal of Court's Orders of May 14 & 16, 2007, now pending, and Sprint's opposition thereto) and that this matter must go to trial as soon as possible.  Whatever Sprint's motives, Sprint's reluctance to engage in the issues does not make any portion of Vonage's Reply inappropriate.

### IV.     CONCLUSION

For these reasons, Vonage respectfully requests that the Court deny Sprint's Motion.  In the alternative, Vonage respectfully requests the Court direct Sprint to submit a limited surreply within one (1) week of its Order, and award such other and further relief as the Court deems equitable, just and appropriate.

Respectfully submitted,

Dated:  July 16, 2007              /s/ Don R. Lolli

Don R. Lolli    KS Dist. #70236
Patrick J. Kaine  KS #15594
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111
816-931-2700
pkaine@DysartTaylor.com
dlolli@DysartTaylor.com


Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com

*Attorneys for Defendants/Counterclaim Plaintiffs Vonage America, Inc. and Vonage Holdings Corp.*

# CERTIFICATE OF SERVICE

I hereby certify on July 16, 2007, that a copy of Vonage Holdings Corp. and Vonage America, Inc.'s Memorandum in Opposition to Sprint Communications Company L.P.'s Motion to Strike or Disregard Arguments Sprint alleges were Raised by Vonage for the First Time in its Summary Judgment Reply Brief Or, in the Alternative, for Leave to Surreply, was filed electronically on this date, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> Shook, Hardy & Bacon LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> bwebb@shb.com
> aseitz@shb.com
> eburesh@shb.com
>
> *Attorneys for Plaintiff*
> *Sprint Communications Company L.P.*
>
>    /s/ Donald R. McPhail

DM1\1159861.1

1