# EXHIBIT A

Practitioner's Docket No. 10571            PATENT

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Joseph Michael Christie  
Application No.: 09/082,182            Group No.: A. Patel  
Filed: May 20, 1998            Examiner: 2738  
For: METHOD, SYSTEM AND APPARATUS FOR TELECOMMUNICATIONS CONTROL

**ASSISTANT COMMISSIONER FOR PATENTS**  
**WASHINGTON, D. C. 20231**

RECEIVED  
FEB 0 1 2001  
Technology Center 2600

### RESPONSE

Dear Ajit Patel,

In response to the Office Action dated August 29, 2000, please enter this amendment and consider the following remarks. An RCE is enclosed. A two-month extension of time is requested and authorized in the transmittal.

1

**Remarks**

Claims 1-63 are pending and stand rejected. Claims 1 and 21 have been amended in response to the rejection. Applicants request allowance of claims 1-63. Applicant does not want information relating to co-pending applications to be published on the issued patent.

**Claims 1-5, 8-10, 14-24, 27-31, 34-36, 40-51, 55-59, and 61-63 stand rejected under §102(e) over U.S. Patent 5,434,852 (La Porta '852).**

Claim 55 recites a method with a device and a processing system that is external to the device. The device receives a communications packet and *directs information from the packet to the processing system*. The processing system selects a logical address based on the information, and the device transmits the communications packet using the logical address. In La Porta '852, switch 510 processes ATM cells from CPE 501, but does not direct information from these cells to the servers. Instead, CPE 501 communicates directly with call server 502 using a new broadband signaling protocol.

Claims 27 and 47 recite a method with a device and a processing system that is external to the device. The device receives a communications packet and *directs information from the communications packet to the processing system*. The processing system selects a characteristic for a communications path based on the information. The device transmits communications from the packet to the communications path using the characteristic. The processing system transmits a signaling message indicating the characteristic *and formatted for a narrowband system*. In La Porta '852, switch 510 processes ATM cells from CPE 501, but does not direct information from the cells to the servers. Instead, CPE 501 communicates directly with call server 502 using a new broadband signaling protocol. (See La Porta '852, column 3, lines 5-10). La Porta '852 does not transmit narrowband signaling indicating a selected characteristic.

Claims 1 and 21 require "receiving signaling *formatted for a narrowband system* into a processing system that is external to any communication switches" and selecting a code or a logical address in the processing system based on the narrowband signaling. La Porta '852 teaches a call processing architecture that operates using a

4



<u>new</u> broadband signaling protocol. La Porta '852 does not teach the processing of signaling from narrowband systems.

**Claims 6, 7, 11-13, 25, 26, 32, 33, 37-39, 52-54, and 60 stand rejected under §103(a) over U.S. Patent 5,434,852 (La Porta '852) in view of U.S. Patent 5,509,010 (La Porta '010).**

These claims are all dependent on claims 1, 21, 27, 47, and 55, and are patentable for at least the reasons listed above.

Applicant also points out that La Porta '852 uses a new broadband signaling protocol and does not use narrowband signaling. La Porta '010 clearly teaches processing narrowband signaling in a communication switch 702. Thus when combined, the La Porta references would still process narrowband signaling in communication switch 702. In fact, the La Porta combination would place the entire server architecture into communication switch 702. <u>This is just the complexity that the inventions seeks to avoid.</u> When the Examiner combines the La Porta references, AND THEN AFTER THE COMBINATION IS MADE, removes the narrowband call processing from the communication switch 702, the Examiner is <u>clearly going against the teachings of La Porta</u> and using hindsight reasoning (supported by some vague motivation) to arrive at the invention.

5



Applicant submits that there are additional reasons for patentability, but such reasons are moot in light of the above remarks, and additional remarks are omitted in the interests of brevity.

Respectfully submitted,

**SIGNATURE OF PRACTITIONER**

ATTORNEY CONTACT:

Michael J. Setter, Reg. No. 37,936
Phone: (303) 379-1123
Fax:   (303) 379-1155

CORRESPONDENCE ADDRESS:

**Customer No. 021396**

Attn: Harley R. Ball
Sprint Law Department
8140 Ward Parkway
Mailstop: MOKCMP0506
Kansas City, Missouri 64114

6

