IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SPRINT COMMUNICATIONS COMPANY L.P.** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-2433-JWL |
| | ) |
| **VONAGE HOLDINGS CORP.,** | ) |
| **VONAGE AMERICA, INC.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**SPRINT'S REPLY IN SUPPORT OF MOTION TO STRIKE ARGUMENTS RAISED BY VONAGE FOR THE FIRST TIME IN ITS SUMMARY JUDGMENT REPLY BRIEF OR, IN THE ALTERNATIVE, FOR LEAVE TO SURREPLY**

Vonage offers no credible explanation for its decision to introduce three areas of new argument for the first time in its reply. The Court should strike Vonage's new arguments for several reasons. First, Vonage cannot dispute that its prosecution history estoppel argument with respect to the '301 Family Patents is new – the entire argument rests on new exhibits that Vonage did not even submit in its moving papers. Rather, Vonage suggests that Sprint should have guessed that Vonage would be relying on this legal theory. Vonage's position ignores the fundamental precept of summary judgment practice that requires the moving party to identify the issues on which summary judgment is sought and to identify an absence of proof as to those issues. Not surprisingly, Sprint has not and did not have an opportunity to respond to arguments that Vonage did not raise in its moving papers. Second, Vonage provides no excuse for its failure to make its "connectionless Internet" argument with respect to the '572 patent in its moving papers. Vonage merely points out that the argument applies to the same claim limitation Vonage contested in its opening brief. However, Sprint did not move to strike Vonage's entire

1

reply on the '572 patent, but instead Sprint disputed only the appropriateness of the introduction of a new basis for Vonage's argument.  To countenance Vonage's approach would encourage parties to "sneak attack" on reply, which is in direct contravention to Tenth Circuit and this Court's precedent.  Third, in truly ironic fashion, Vonage offers even more new argument to justify its first new argument with respect to the '561 patent.  In its moving papers, Vonage attempted to apply a limitation found in the '052 patent (and not present in the '561 patent) to the claims of the '561 patent.  Vonage does not dispute this fact.  Vonage, for the first time in its reply brief, identified and presented arguments with respect to a limitation actually present in the '561 patent.  But, this was new argument.  Vonage does not dispute this fact.  Instead, Vonage now contends that the '052 limitation ("receiving signaling **formatted for** a narrowband system") is the same as the '561 limitation ("receiving a signaling message . . . **from** a narrowband communication system").  This also is new argument supported by new evidence.  While Vonage seeks to disparage Sprint for requesting enforcement of the Court's rules, it is Vonage's repeated disregard for the rules that necessitates Sprint's motion practice.

By raising these three new arguments in its reply brief (and now in its opposition to the motion to strike) rather than its opening brief, Vonage is attempting to morph arguments until Sprint no longer has any meaningful opportunity to respond.  The precedent prohibiting new arguments in reply is designed to prevent precisely this type of prejudice.  To properly respond to Vonage's new arguments, Sprint would need (and is able, if appropriate) to submit substantial additional briefing, facts, and expert declarations to rebut Vonage's new contentions.  In light of the imminent trial setting and the Court's well-known policy of prohibiting new reply arguments, however, the Court should strike Vonage's new arguments.  Alternatively, Sprint requests the opportunity to surreply should the Court wish to entertain Vonage's new arguments.

### 1.   Vonage Raised Prosecution History Estoppel with Respect to the '301 Family Patents for the First Time in its Reply Brief.

Although in an evasive fashion, Vonage admits that it failed to make a prosecution history estoppel argument with respect to the '301 Family Patents in its original motion. Vonage Opp. (Doc. No. 249), at 6-7 (". . . a doctrine Vonage did not expressly raise by name in its original motion with respect to the '301 Patent Family . . ."). Vonage's response to Sprint's motion to strike acts as further confirmation of this fact. Vonage responds that, in its moving papers, it cited a Federal Circuit case that included a discussion of the doctrine of prosecution history estoppel. *Id.* at 5. Based on this citation, Sprint somehow was to guess that Vonage was asserting prosecution history estoppel to foreclose application of the doctrine of equivalents to the '301 Family Patents as a matter of law.[1] Sprint cannot be expected to search unreferenced portions of cases cited by Vonage to discern Vonage's legal theories. This absurd argument establishes that Vonage failed, in any way whatsoever, to assert prosecution history estoppel against the '301 Family Patents in its opening brief. Vonage also responds by citing to prosecution history estoppel arguments made elsewhere in its summary judgment brief with respect to *entirely different patents*, the '561 and '052 patents, which are not part of the '301 Patent Family.[2] *Id.* at 5. Based on Vonage's arguments that prosecution history estoppel applied to other patents, Sprint was, again, to guess that Vonage was arguing that this doctrine also

---

[1] And, in the case cited by Vonage, the Federal Circuit even held that prosecution history estoppel did not bar application of the doctrine of equivalents in that particular case, because the narrowing amendments and arguments in the prosecution history were made with respect to a different claim limitation than the limitation at issue. *See AquaTex Indus., Inc. v. Techniche Solutions*, 479 F.3d 1320, 1325-26 (Fed. Cir. 2007). Further, the pinpoint citation made by Vonage to page 1326 of the opinion cited to the Court's discussion of the "function, way, result" test for a finding of infringement under the doctrine of equivalents, and not to the opinion's discussion of the doctrine of prosecution history estoppel, found on the previous page. *See id.*

[2] In making this argument, Vonage has admitted that it did specifically raise arguments based on prosecution history estoppel with respect to other patents, but failed to make this argument with respect to the '301 Family Patents.

should apply to the '301 Family Patents. This position is no less absurd than relying on unreferenced portions of cited cases. Not surprisingly, Sprint did not respond to non-existent arguments. Indeed, Sprint relied on the foundational rule of law that it was Vonage's burden to identify the issues on which it sought summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion . . . ."). Vonage's meritless arguments unequivocally demonstrate that Vonage's '301 Family prosecution history argument is a new argument raised for the first time in reply. As a proximate result of this fact, the Court should strike the argument.

Notwithstanding the plain and simple outcome required by the fact of Vonage's new argument, Vonage has kicked up a cloud of confusion that must be addressed. First, Vonage states that it had argued in its opening brief that Sprint "could not meet its burden of establishing infringement under the doctrine of equivalents." Vonage Opp., at 5. In fact, Vonage did contend that Sprint could not prove infringement under the function/way/result test for doctrine of equivalents infringement. Vonage SJ Brf. (Doc. No. 206), at 29-31. Sprint responded to Vonage's function/way/result argument and demonstrated, at a minimum, triable issues. However, Vonage's function/way/result argument is very different from an argument that prosecution history estoppel, as a matter of law, bars application of the doctrine of equivalents altogether. The doctrine of prosecution history estoppel is a specific way for a court to foreclose, as a matter of law, a potential finding of infringement under the doctrine of equivalents. *See AquaTex*, 479 F.3d at 1325. Under the doctrine of prosecution history estoppel, "the surrender of subject matter during patent prosecution creates a presumption that the patentee is precluded from recapturing that subject matter through the doctrine of equivalents." *Id*. Nowhere in its

original summary judgment motion did Vonage argue that Sprint had surrendered claim scope during prosecution of the '301 Family Patents that it should be precluded from recapturing through the doctrine of equivalents. For the first time in its reply, Vonage argued that statements made by Sprint regarding the La Porta reference during prosecution of related patents (other than the '301 Family Patents) estopped it from relying on the doctrine of equivalents with respect to the '301 Family Patents. *See* Vonage SJ Reply (Doc. No. 237), at 15. Further confirming new argument status, Vonage relied on three new exhibits[3] not included in its original moving papers to support this argument. Vonage's prosecution history estoppel argument on the '301 Family Patents in its reply brief unmistakably is new.

Second, in another attempt to obfuscate, Vonage argues that its prosecution history estoppel argument constitutes rebuttal relating "generally" to its contention that the claims of the '301 Family Patents should be construed narrowly to only cover an ATM embodiment. *See* Vonage Opp., at 6. To be clear, Sprint has not moved to strike Vonage's arguments with respect to claim construction. Sprint responded to Vonage's claim construction arguments. Rather, Sprint moved to strike Vonage's new argument that Sprint should be foreclosed, as a matter of law, from asserting infringement under the doctrine of equivalents, regardless of the claim constructions ultimately adopted by the Court. The improper argument at issue relates to prosecution history estoppel, not Vonage's proposed claim construction. *See* Vonage SJ Reply, at 14 ("Sprint is barred by prosecution history estoppel from using the doctrine of equivalents to expand the scope of the '301 Family Patents."); Vonage Opp., at 6-7 ("While raised in its Reply [in] the context of Prosecution History Estoppel, a doctrine Vonage did not expressly raise by name in its original motion with respect to the '301 Patent Family . . . .").

---

[3] Vonage attached excerpts of prosecution histories of three patents related to the '301 Family Patents, including one '605 family patent and two patents not at issue in this case. *See* Vonage Reply, at 15 (citing to Exhs. U, V and W).

Third, Vonage argues that even if the Court declines to consider Vonage's new prosecution history estoppel argument, the Court should at least consider Vonage's new prosecution history citations as "additional factual support" for other legal argument in Vonage's opening brief. Vonage Opp., at 7-8. This proposition still prejudices Sprint by depriving it of any opportunity to rebut the applicability of Vonage's purported "factual support." Tenth Circuit precedent requires that the Court disregard and not rely on new materials offered for the first time in a summary judgment reply, even if in support of a legal argument already made. *See Doeble v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) (*citing Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998)); *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) ("'Material,' for purposes of this framework, includes both new evidence and new legal arguments."). Even if this purported "additional factual support" were considered in support of pre-existing arguments, Sprint would require the same additional briefing, expert declaration, and arguments to rebut the "additional factual support." Further, it is not clear to which particular arguments Vonage contends that these citations should be applied. Vonage did not use these citations to rebut specific facts or arguments set forth by Sprint, but rather used them to support new argument. Vonage's proposal does not provide a solution to the problem created by its new argument. Accordingly, the Court should strike Vonage's new prosecution history estoppel argument.

In summary, after untangling Vonage's web of confusion, Vonage's prosecution history estoppel argument related to the '301 Patent Family is a new argument that Vonage raised in its reply. To respond to this new argument, Sprint would need to set forth additional facts, additional expert declarations, and additional briefing. Because the timing for such briefing is unrealistic and because the Court should enforce its standard practice of rejecting new

reply arguments, the Court should strike Vonage's new argument. If the Court is inclined to consider this new argument, however, Sprint requests that the Court permit it to surreply to rebut Vonage's new argument.

### 2. Vonage's "Connectionless Internet" Argument with Respect to the '572 Patent is New Argument.

As a fundamental starting point, Sprint has not moved to strike Vonage's entire argument with respect to the '572 patent from its reply brief, but rather only Vonage's new "connectionless Internet" argument. In its opening brief, Vonage did argue that the "select [a] second connection" element of the patent was not present in the Vonage system by arguing that Vonage's system selects network elements (the Media Gateway and TA), not connections. Vonage SJ Brf., at 42-43. And, Sprint squarely rebutted this argument in its opposition. Sprint SJ Opp., at 68-70 ("…[T]he Vonage processing system necessarily selects the 'connection' between the calling party's TA and the selected Media Gateway. . . . [T]he selection of a network element and the selection of a connection signify the same thing."). But, in one paragraph of its reply, Vonage steps outside the bounds of its original non-infringement argument to broadly assert that the entire Internet is "connectionless." Vonage Reply Brf., at 29 (first full paragraph). To contend that the Internet has no connections whatsoever is very different than arguing that Vonage's system selects network elements, not connections.

Vonage tacitly admits that its "connectionless Internet" argument is new. Vonage Opp., at 9 ("Vonage's argument . . . is simply another way of explaining the same argument, *viz.*, that the Vonage system does not select the "second connection" required by the claims."). Vonage essentially characterizes its new argument as new support for its broader argument that its system does not meet the limitation of selecting a "second connection." *Id*. As such, Vonage contends that the new argument is fair game. However, Vonage's contention results in a

7

procedurally untenable situation. Under Vonage's view, a party seeking summary judgment could raise an argument and identify only one basis, while reserving all other bases and evidence[4] for a "sneak attack" on reply. As with Vonage's other procedural gambits, the law does not support Vonage's strategies. *See Green v. New Mexico*, 420 F.3d 1189, 1196-97 (10th Cir.2005) ("Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply."); *Pippin v. Burlington Res. Oil & Gas Co.,* 440 F.3d 1186, 1192 (10th Cir. 2006) (district court may not rely on new materials or new arguments in a summary-judgment movant's reply brief unless it permits the nonmovant to respond); *Wagher v. Guy's Foods, Inc.*, 765 F.Supp. 667, 671 (D.Kan. 1991) ("In pursuit of fairness and proper notice, this court's practice is to deny or exclude summarily all arguments and issues first raised in reply briefs."); *Clark v. Thomas*, No. 05-2550-JWL, 2006 WL 707702, at *2 (D. Kan. Mar. 16, 2006) (if court were to address issues and arguments raised for the first time in a reply brief , the non-moving party would be deprived of the opportunity to respond, "which is patently unfair" to the non-moving party). Once again, to respond, Sprint must present additional facts, expert declarations, and briefing to respond to Vonage's new argument and new evidence. But, because of Vonage's sneak attack, Sprint has not had an opportunity to respond, in contravention of this Court's precedent.

To excuse its use of new argument, Vonage incorrectly states that its new argument was necessary because Sprint allegedly had not previously asserted that the selection of two network elements (the Media Gateway and TA) was the same as the selection of a connection between the two. Sprint's position was not new. Vonage has been aware of this contention since at least January 12, 2007, when it was disclosed in Dr. Wicker's initial expert

---

[4] In support of Vonage's new "connectionless Internet" argument, Vonage relies on yet another new exhibit that was not included with its initial moving papers. *See* Vonage Reply Brf., at 29 (Exh. Z).

report.  *See* Exh. A, excerpt of 1/12/07 Expert Report of Dr. Wicker, at 39 (explaining that, in the Vonage system, the PGW softswitch selects "a second connection" by way of selecting the IP addresses of the Media Gateway and TA).  Thus, Vonage cannot contend that it was replying to a "new" argument from Sprint.  Sprint played by the rules Vonage ignores – it identified its theories in its expert reports and briefed only those theories to the Court in response to Vonage's argument.  Vonage did not have to "predict" that Sprint would make this argument because Sprint set it forth in its initial expert report on infringement months before Vonage filed its summary judgment brief.  If Vonage had counter-arguments, it should have raised them in its moving papers.  By failing to do so, Vonage effectively waived the new reply arguments.

Finally, Vonage again resorts to obfuscation.  Vonage suggests that Sprint's stated need for additional briefing, facts, and expert declarations to respond to Vonage's new arguments somehow underscores a "fallacy" in Sprint's opposition to Vonage's argument that Vonage's Voice over Internet Protocol system does not infringe under the Doctrine of Equivalents.  Vonage Opp., at 10.  To the extent any response to this argument is merited, Sprint only points out that it did not state that it "has no explanation of how the Internet is structured or operates."  Instead, Sprint merely stated that it would require a surreply to respond to Vonage's new "connectionless Internet" argument.  Not surprisingly, Sprint did not address the "connectionless Internet" argument in its opposition, because Vonage had not made it in its opening brief.  The need for a new rebuttal record on Vonage's new argument does not demonstrate or even suggest any weakness in the record Sprint did develop to rebut the arguments Vonage did raise in its moving papers.  Vonage's obfuscation has no bearing on the present motion.  Because Vonage cannot explain its failure to raise its "connectionless Internet"

9

argument in its moving papers, this argument should be stricken from Vonage's reply, or in the alternative, Sprint should be allowed to surreply.

### 3. Vonage's New Argument with Respect to the '561 Patent is Different From Vonage's Original Argument.

Despite its attempts to argue to the contrary, Vonage cannot escape the fact that its argument with respect to the '561 patent changed markedly from its opening brief to its reply brief. Vonage's original '561 non-infringement argument asserted that its system does not receive signaling "formatted for a narrowband system." This is a separate and distinct argument from its "corrected" argument in its reply brief that its system does not receive signaling "from a narrowband system." In particular, the limitation that signaling be received "from a narrowband system" sets forth no requirement as to the format of such signaling. That is, based on the plain meaning, signaling received "from a narrowband system" need not be "formatted for a narrowband system." Because the '052 patent contained a limitation ("formatted for a narrowband system") not present in the '561 patent, Sprint responded in its opposition that Vonage had not satisfied its initial burden under Rule 56 to identify a basis for summary judgment with respect to the '561 patent and, as a result, summary judgment was inappropriate. Sprint SJ Opp. (Doc. No. 217), at 66-67. In its opposition, Sprint even proactively stated that it would be improper for Vonage to identify a disputed limitation of the '561 patent for the first time in its reply brief. *Id*. at 67. But, Vonage did just that. The law, however, prohibits Vonage from waiting until its reply to satisfy its summary judgment burden. *First Specialty Ins. Corp. v. NAIS, Inc.*, 459 F.Supp.2d 1094, 1099 (D. Kan. 2006) (Lungstrum, J.) (citing *Green v. New Mexico,* 420 F.3d 1189, 1196-97 (10th Cir. 2005)) ("The court will not, however, allow [the movant] to satisfy its summary judgment burden by relying on arguments it did not raise for the first time until its reply brief where [the non-movant] has not had an opportunity to respond to

10

those arguments."); *Freeman v. Gerber Prods. Co.*, 450 F.Supp.2d 1248, 1259 -1260 (D. Kan. 2006) (Lungstrum, J.) ("Having failed to address each of the relevant Graham factors in its opening brief, the court will not allow [the movant] to satisfy its summary judgment burden by relying on an argument it did not raise for the first time until its reply brief where [the non-movants] did not have an opportunity to respond to that argument.").

Vonage attempts to defend its new argument in two ways. First, Vonage mischaracterizes its non-infringement position on the '052 patent by suggesting that it was based on the fact that "the Vonage 'processing system' received signaling only from the SIP Gateway, and not from the PSTN." Vonage Opp., at 11. Vonage did not argue this as its purported basis for non-infringement of the '052 patent. Rather, in its opening brief, Vonage argued that it did not infringe the '052 patent's "formatted for a narrowband system" limitation because the Vonage "processing system" received a SIP Invite, which is formatted for a broadband system, not a narrowband system. Vonage SJ Brf., at 40 (citing FACT 16 and FACT 19). Vonage did not argue that the '052 patent was not infringed because signaling was received from the SIP Gateway and not from the PSTN. This argument appeared for the first time in Vonage's reply brief as a basis for non-infringement for the '561 patent. Vonage Reply Brf., at 34 ("In particular, the Vonage proxies (the alleged 'processing system') receive signaling messages for in-bound calls only from the SIP gateway, and not from switches on the PSTN ('a narrowband communication system')").

Second, Vonage shamelessly introduces even more new argument and evidence in its opposition to this motion in an attempt to show that its '052 non-infringement argument should somehow translate to and support its new '561 argument in its reply. Vonage, for the first time, in its opposition, contends that "formatted for a narrowband system" means the same thing

11

as "from a narrowband system." Vonage Opp., at 12. Recognizing that its original '052 argument was in fact different from and not applicable to its new '561 argument, Vonage attaches a prosecution history excerpt to its motion to strike opposition and erroneously argues that Sprint previously represented that the two limitations mean the same thing. Vonage Opp., at 12. This new argument, like Vonage's new argument in its reply brief, should be stricken. As is becoming typical practice, Vonage takes statements out of context and grossly misapplies them. But, the important point is that Vonage should have made all these arguments, if at all, in its opening brief so Sprint could respond to them with appropriate summary judgment practice. By waiting until an opposition to a motion to strike, Vonage simply missed the boat – the Court should strike Vonage's new arguments.

**4.    Sprint's Preparation of a Proposed Surreply Would Have Been Premature Given the Court's Trial Setting.**

In a last-ditch attack on Sprint's attorneys rather than the merits of Sprint's motion to strike, Vonage criticizes Sprint's failure to attach a proposed surreply. Vonage proclaims, without any case citation, that an "established practice" exists requiring a party to attach a proposed surreply to any request for the same. Vonage ignores that the primary relief sought by Sprint was to simply strike Vonage's new arguments and materials in support. A surreply was offered as an alternative form of relief in the event that the Court was inclined to consider Vonage's new arguments and materials in support. However, in the present context, elimination of the new arguments is the only fair result. Vonage likely believes that to allow additional briefing on Vonage's new arguments would result in a delay of trial – the same delay in trial that Vonage has repeatedly attempted to orchestrate. If the Court does require a surreply, such additional briefing should not be permitted to interfere with the existing trial date. If this were allowed to happen, Vonage would be rewarded for its own failure to raise arguments in the

12

manner proscribed by the Court's rules. And, it would prejudice Sprint, which has patiently awaited its day in court. Given the time constraints, the Court should exercise its general practice and strike the new arguments, but any additional briefing should not be permitted to interfere with trial.

### 5. Conclusion

For the reasons set forth above, Sprint respectfully requests that the Court strike the new arguments identified above that Vonage introduced for the first time in its summary judgment reply. In the alternative, if the Court entertains Vonage's new arguments, Sprint respectfully requests the opportunity to surreply within the existing trial schedule.

Dated: <u>July 18, 2007</u>         /s/ Eric A. Buresh
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT COMMUNICATIONS COMPANY L.P.

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July 2007, a copy of SPRINT'S REPLY IN SUPPORT OF MOTION TO STRIKE ARGUMENTS RAISED BY VONAGE FOR THE FIRST TIME IN ITS SUMMARY JUDGMENT REPLY BRIEF OR, IN THE ALTERNATIVE, FOR LEAVE TO SURREPLY was e-filed with ECF Notice going to the following via the court's system::

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


  /s/ Eric A. Buresh
Attorneys for Sprint Communications Company L.P.