IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 05-2433-JWL |
| v. | ) ) | |
| VONAGE HOLDINGS CORP. AND VONAGE AMERICA, INC., | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM IN SUPPORT OF VONAGE HOLDINGS CORP. AND VONAGE AMERICA, INC.'S AGREED MOTION FOR EXTENSION OF TIME TO FILE EXPERT MOTIONS**

Pursuant to the Court's scheduling order, expert-related motions were due August 7, 2007. The parties were unable to schedule the deposition for Plaintiff's proffered expert Gerald J. Mossinghoff prior to this deadline (see email correspondence between counsel, attached as Exhibit "D"). In light of this scheduling difficulty, the parties have agreed, subject to the Court's approval, that any motions regarding Mr. Mossinghoff's proffered testimony might be timely submitted within (3) three business days following the Court's scheduled date, with the deadline for oppositions adjusted accordingly. Id. Defendants therefore ask the Court to extend the deadline for filing expert motions relating to Mr. Mossinghoff until August 10, 2007 and rule that the deadline for Plaintiff's opposition to such motions be calculated in accordance with this later date.

## MEMORANDUM IN SUPPORT OF MOTION TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S PROFFERED EXPERT GERALD J. MOSSINGHOFF

Plaintiff Sprint Communications Company L.P. ("Sprint") intends to offer into evidence at trial the opinions and testimony of its proffered expert Gerald J. Mossinghoff. Because Mr. Mossinghoff's proffered opinions and testimony are matters that are not the proper subject of expert testimony, and ultimately unhelpful to the jury, Defendants (collectively "Vonage") submits this memorandum in support of its motion for an order precluding Sprint from offering Mr. Mossinghoff's opinions and testimony into evidence at trial.

**I.    BACKGROUND**

Mr. Mossinghoff submitted his written report in this matter on January 10, 2007 (his "Report," attached as Exhibit "A"), which Mr. Mossinghoff represented was "a statement of the opinions that [he] intend[s] to express" in this matter and "the bases therefor." Id. at 1.

In his Report, Mr. Mossinghoff offers (1) an overview of patent law and the procedures of the United States Patent and Trademark Office ("PTO") (Ex. A at 3-5), (2) a selective overview of the prosecution histories of the Asserted Patents (id. at 5-19) and of patents related to the Asserted Patents (id. at 19-29), and (3) a recitation of the legal standards for proving willful patent infringement (id. at 29-30). Mr. Mossinghoff's Report offered no opinion on the facts recited, and made no analysis beyond reciting certain legal standards.

On August 6, 2007, the day prior to his scheduled deposition, Mr. Mossinghoff prepared, and Sprint produced, a supplemental report ("Supplemental Report," attached as Exhibit "B"). Mr. Mossinghoff testified he prepared the report in a matter of hours the day prior to his deposition, based on documents available to Sprint since before the inception of the litigation (see Ex. B at Exhibit F thereto; see also Mr. Mossinghoff's August 7, 2007 deposition, excerpts of

2

which are attached as Exhibit "C," at 12:10-15; 17:5-6). In his Supplemental Report, Mr. Mossinghoff, based on letters shown to him by Sprint's counsel, and a bevy of assumptions that Sprint's counsel asked him to make (see Ex. B at ¶3-4), offers the single opinion that Vonage did not exercise due care with respect to patents he understands Sprint to have sent to Vonage prior to the start of litigation. Id. at ¶5.

At his August 7, 2007 deposition, Mr. Mossinghoff confirmed he presently expects to offer no further supplements to his report (Ex. C at 32:12-18) and no other opinions at trial. (Id. at 48:17-49:4).

## II.    ARGUMENT

Federal Rule of Evidence ("Rule") 702 provides that

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Fed. R. Evid. 702. As Mr. Mossinghoff's opinions and proposed testimony offer no specialized knowledge, nor any opinion that will assist, or not invade the province of, the trier of fact, Sprint should be precluded from offering Mr. Mossinghoff as an expert, and his opinions and testimony into evidence, at trial.

### A.    Mr. Mossinghoff's Reports and Testimony Must be Stricken as Failing to Meet the Standards of F.R.E. 702.

Indeed, Mr. Mossinghoff confirms in his Report that he was simply "requested to "summarize the patents in suit" and "the ancestors of the patents in suit." Ex. A at 8 and 19. The bulk of his opinion (p. 5-29) is a recitation of patent filings, office actions, amendments, and dates of issuance. Each paragraph is a rote, if selective, recitation of facts, events and statements found

in the file history of the Asserted Patents.

In the remainder of his Report, Mr. Mossinghoff simply recites hornbook law. See, e.g., Ex. A at 29-30. Mr. Mossinghoff sets forth the standard for assessing enhanced damages for willful infringement, citing no more than basic legal authority. Id., citing, *inter alia*, 35 U.S.C. §284, and "HORNBOOK ON INTELLECTUAL PROPERTY."

Further, in his Report, Mr. Mossinghoff does not offer a single opinion, much less one which is helpful to the trier of fact. While Vonage does not dispute here that Mr. Mossinghoff, given his years of distinguished service, has extensive knowledge of patent laws and procedures, Mr. Mossinghoff, in the "opinions" Sprint seeks to proffer here, offers no specialized knowledge of the issues. Mr. Mossinghoff's rote recitation of excerpts from the prosecution histories of the Asserted Patents, and testimony as to what the law is, is nothing that could not be offered by a layperson, the Court, or found by the members of the jury themselves. (Compare Ex. C at 18:-6-9, explaining that as to the patent procedure that is the subject of his expertise, "there's not much that's not founded in Title 35 or in 37 CFR, the Code of Federal Regulations... ."). As such, Sprint fails to meet the standards set by the Federal Rules of Evidence required to introduce Mr. Mossinghoff's opinions to the jury or to offer his testimony at trial.

As multiple courts have found, Mr. Mossinghoff's proffered expertise is not helpful to the trier of fact, fails to provide the substance required of expert testimony, and should be excluded. See, e.g., Wis. Alumni Research Found. v. IBM, No. 04-C-867, 2005 U.S. Dist. LEXIS 36845 (D. Wis. Aug. 29, 2005) (striking Mr. Mossinghoff's proffered expert report on the patent application process and a patent applicant's duty of candor as neither useful or necessary). As Mr. Mossinghoff noted in his deposition, his opinions have been precluded on such grounds. See

4

Ex. C at 29:7-30:11 (discussing how Judges in the United States District Court for the District of Delaware have granted motions *in limine* precluding Mr. Mossinghoff's testimony on patent office procedures, and precluding references to reports filed too late); see also Corning Inc. v. SRU Biosystems, 2005 U.S. Dist. LEXIS 22699 (D. Del. 2005) (noting exclusion of Mr. Mossinghoff's testimony by order dated November 5, 2004).

Perhaps equally to the point, the facts Mr. Mossinghoff recites in his Report, and the legal standards he cites for claiming enhanced damages, *are not issues that are subject to reasonable dispute*. Simply put, there can be no reasonable dispute as to the procedural history of the Asserted Patents as disclosed on the face of their respective prosecution histories. Nor is the applicable law on patent procedure, or the standard for proving willfulness, open to factual contention, or debate by the parties' respective experts, or resolution by the jury. Compare Fed. R. Evid. 401 (relevant makes a fact of consequence to the case more or less probable); 402 (irrelevant evidence is inadmissible) and 403 (providing for exclusion of evidence that wastes time).

Expert testimony may not be used merely to repeat or summarize what the jury independently has the ability to understand. In all, there is simply no basis for extending what is expected to already be a protracted proceeding, and asking the trier of fact to consider more than it already needs to, by offering Mr. Mossinghoff to testify and moving his purported "opinions" into evidence.

### B. Expert Opinions on Whether Alleged Infringement is Willful are Inappropriate and Must Be Excluded.

The question of whether infringement, if proven, was willful is a question for the trier of

fact. To establish that infringement was willful, a trier of fact is to make a factual determination based on the totality of a number of circumstances. See, e.g., Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 383 F.3d 1337, 1343 (Fed. Cir. 2004).

Mr. Mossinghoff offers in his Supplemental Report that based on five letters he reviewed, and a number of assumptions presented to him by counsel to Sprint, "it is my opinion that Vonage did not exercise any care, much less due care, with respect to the Sprint patents they were sent" – the litmus test on whether alleged infringement is willful. (Ex. B at ¶5). See, e.g., Stryker Corp. v. Intermedics Orthopedics, 96 F.3d 1409, 1414 (Fed. Cir. 1996).

Testimony of an expert that constitutes mere personal belief as to the weight of the evidence invades the province of the fact-finder. See, e.g., Specht v. Jensen, 853 F.2d 805, 806-09 (10th Cir. 1988) (precluding testimony by proffered expert who, after being given a hypothetical of the facts that are in evidence in this case, would be asked if he believed that a consensual search took place in the plaintiffs' home and business); see also McGowan v. Cooper Indus., Inc., 863 F.2d 1266, 1273 (6th Cir. 1987) (expert permitted to testify as to the customary duty of factory representatives in the air compressor industry, but should not have been permitted to opine on breach of such duty because the jury was equally qualified to make that determination). "It is the function of the trial judge to determine the law of the case... . It is impermissible to delegate that function to a jury through the submission of testimony on controlling legal principles." Specht, 853 F.2d at 808 (citation omitted).

Proffered "expert" testimony, such as that Mr. Mossinghoff provides in his Supplemental Report and expects to offer at trial, on whether certain evidence is sufficient to find willful infringement, is inappropriate under the Rules. "[A]ny testimony by [a proffered expert] as to the

6

sufficiency of the evidence of infringement or willful infringement is either irrelevant or clearly invades the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence." Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc., 219 F.R.D. 135, 142 (N.D. Iowa 2003) (internal punctuation, citation omitted).  As the Court in Pioneer Hi-Bred recognized, while Rule 704(a) expressly permits an expert's opinion to embrace an ultimate issue to be decided by the trier of fact, the testimony of an expert regarding the sufficiency of the evidence of willful infringement is nevertheless inadmissible:

> This is so, because willful infringement is not an issue on which the court finds that expert testimony will assist the trier of fact to understand the evidence or determine the issue.  See FED. R. EVID. 702 (prerequisites to admission of expert testimony). Rather, "willful infringement" is a matter for jury determination, in light of facts well within their understanding and appropriate instructions from the court.

Id. at 143 (granting motion *in limine* to exclude expert testimony concerning the sufficiency of evidence of infringement or willful infringement).

### III. CONCLUSION

Based on his reports and testimony, it is plain that Mr. Mossinghoff has not, and will not at trial, offer an opinion on any fact or issue in dispute that is helpful to the jury, or that will not improperly invade the respective provinces of the jury and the Court.  With seven Asserted Patents and 61 claims at stake, in a case with highly technical subject matter, Mr. Mossinghoff's recitations of law and fact, and improper advice as to how the jury should weigh any proffered evidence as to Sprint's charges of willful infringement, are unhelpful, redundant, or inappropriate, and must be precluded from evidence at trial.

For these reasons, Vonage respectfully moves this Court to extend the deadline for filing expert-related motions concerning Gerald J. Mossinghoff, and corresponding oppositions, by

three days, or until August 10, 2007. Subject to this motion, Vonage further requests that the Court enter an Order precluding Sprint from offering the opinions and testimony of Gerald J. Mossinghoff at trial, and for such other and further relief as the Court deems just, equitable and appropriate.

Respectfully submitted,

BARBER EMERSON, L.C.

August 10, 2007

By: /s/ Catherine C. Theisen
Terrence J. Campbell - 18377
  tcampbell@barberemerson.com
Catherine C. Theisen - 22360
  ctheisen@barberemerson.com
1211 Massachusetts Street
P.O. Box 667
Lawrence, KS 66044
(785) 843-6600
(785) 843-8405 Facsimile


Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com

*Attorneys for Defendants Vonage America, Inc. and Vonage Holdings Corp.*

## CERTIFICATE OF SERVICE

I hereby certify on August 10, 2007, that a copy of Vonage Holdings Corp. and Vonage America, Inc.'s Motion to Preclude the Testimony of Plaintiff's Proffered Expert, Gerald J. Mossinghoff, and supporting papers, was filed electronically, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

>B. Trent Webb
>Adam P. Seitz
>Erick A. Buresh
>Shook, Hardy & Bacon LLP
>2555 Grand Boulevard
>Kansas City, MO 64108-2613
>bwebb@shb.com
>aseitz@shb.com
>eburesh@shb.com
>
>*Attorneys for Plaintiff*
>*Sprint Communications Company L.P.*

      /s/ Lauren DeBruicker