Sprint Communications Company LP v. Vonage Holdings Corp., et al Doc. 270 Att. 3

# EXHIBIT B

Dockets.Justia.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SPRINT COMMUNICATIONS COMPANY L.P.,

Plaintiff,

v.

THEGLOBE.COM, INC.,
VOICEGLO HOLDINGS, INC.,
VONAGE HOLDINGS CORP., and
VONAGE AMERICA, INC.

Defendants.

Case No. 2:05-CV-02433-JWL-DJW

**SUPPLEMENTAL EXPERT REPORT OF**
**THE HONORABLE GERALD J. MOSSINGHOFF**

1. This report supplements the Expert Report which I signed on January 10, 2007, in this case.

2. In my January 10, 2007, report, I expressed my opinion that a person having knowledge of an adverse patent has an affirmative duty to exercise due care to avoid infringement of a presumptively valid and enforceable patent. I stated in paragraph 35:

> To meet this duty of care, an infringer with knowledge of another's patent protection is required to investigate the scope of the patent and form a good-faith belief that is was invalid or that it was not infringed.

3. I have reviewed five letters sent to the Chairman and CEO of Vonage that notified Vonage of the Sprint patents and their relevance to Vonage activities. A letter dated November 12, 2004 from Mr. B. Trent Webb of Shook Hardy & Bacon stated in part:

> I sent a letter to you on August 19, 2004 inquiring about your willingness to participate in a meeting to discuss our concerns about the potential impact of Sprint's voice Over Packet ('VoP') patent portfolio on the combinations of equipment and network architectures used by Vonage. I received no response to this letter. Previously, on July 13, 2004, you were sent a letter from McDermott Will & Emory also requesting a meeting on

> behalf of Sprint. Vonage also did not reply to this letter . . . . Therefore, please let this correspondence serve as our formal request for a detailed explanation as to why you believe the combinations of equipment and network architectures used by Vonage do not fall within the scope of the claims of Sprint's VoP patents.

Vonage did not respond to this November 12, 2004, letter or any of the other of the five letters. Copies of those five letters are attached to this report as Exhibit F.

4. Since I signed my January 10, 2007, report I am informed by counsel that a deposition of Vonage's 30(b)(6) witness was held, and based upon that deposition I have been requested by counsel to assume that proof at trial will establish that, in response to the five letters mentioned above, Vonage undertook no actions whatsoever in response to the letters. Specifically, I have been requested to assume that at trial it will be established that they did not analyze the patents or their claims; they did not compare the patent claims in light of their activities or products; they did not consider the prosecution histories of the patents; they did not consider the prior art cited in the patents; they did not search for and consider any other prior art; and they did not solicit an opinion of counsel or anyone else concerning the relevance of the patents to their activities.

5. In view of the foregoing, it is my opinion that Vonage did not exercise any care, much less due care, with respect to the Sprint patents that they were sent.

Respectfully submitted,

August 6, 2007
Date

Gerald J. Mossinghoff

McDermott
Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Milan
Munich New York Orange County Rome San Diego Silicon Valley Washington, D.C.

July 13, 2004

VIA CERTIFIED MAIL

Jeffrey A. Citron
Chairman and CEO
Vonage
2147 Route 27
Edison, New Jersey 08817

Dear Mr. Citron:

McDermott Will & Emery LLP represents Sprint Communications Company ("Sprint") in the licensing and enforcement of a significant portfolio of patents relevant to Voice Over Packet ("VoP") systems and related technology. Claims in these patents read on various configurations of voice over internet protocol systems and associated softswitch configurations. Because Vonage has created network architectures by using combinations of equipment from different suppliers, we believes that some of these patents may be of particular interest to Vonage.

Enclosed is a CD containing .pdf files of forty-three representative Sprint U.S. patents in this field. These patents to fundamental and pioneering VoP technology were filed with the U.S. Patent and Trademark Office as early as 1994. The complete portfolio includes issued and pending patents in approximately twenty countries, including additional pending applications in the United States. Sprint is willing to grant a non-exclusive license under these and other patents in its portfolio under mutually acceptable terms, and to meet and discuss an arrangement that would be appropriate for Vonage.

So that we may initiate these discussions, we would appreciate the opportunity to further introduce these patents to you at a meeting at your facilities on August 18, 2004. If that date is

U.S. practice conducted through McDermott Will & Emery LLP.
600 Thirteenth Street, N.W. Washington, D.C. 20005-3096 Telephone: 202.756.8000 Facsimile: 202.756.8087 www.mwe.com

SPCC.001157

Jeffrey A. Citson
July 13, 2004
Page 2

not convenient for you, please provide alternative dates. So that we may make arrangements, please confirm your availability by July 30, 2004.

Sincerely,

Raphael V. Lupo

RVL/arn
Enclosure

WDC99 917715-1.045456.0034

SPCC.001158

Shook, Hardy & Bacon L.L.P.
www.shb.com

B. Trent Webb

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2320 DD
816.421.5547 Fax
bwebb@shb.com

August 19, 2004

**BY FEDERAL EXPRESS**

Jeffrey Citron
Chairman and Chief Executive Officer
Vonage Holdings Corp.
2147 Route 27
Edison, New Jersey 08817

Re: Sprint Communications Company - VoP Patent Issues

Dear Mr. Citron:

You were advised by letter dated July 13, 2004 of a portfolio of Sprint patents relating to Voice Over Packet ("VoP") systems and associated technology. You were provided a CD with that letter containing .pdf files of forty-three representative Sprint patents. You were asked to confirm by July 30, 2004 your availability for a meeting to discuss a possible licensing arrangement under these patents and additional pending patent applications relating to this technology. Sprint has not received a response to its letter. Accordingly, we find it necessary to again bring Sprint's patents to your attention and emphasize the seriousness of this matter.

We remain concerned that these patents may be applicable to Vonage Holdings Corp. ("Vonage") because of the breadth and depth of the portfolio. We believe it is necessary for us to enter into discussions to address the relevance of many patent claims to the combinations of equipment and other aspects of network architectures we believe may be used by Vonage. The purpose of Sprint's July 13 letter and this correspondence is to initiate a discourse through which our concerns might be addressed. If Vonage believes these patents are not applicable, Vonage will have the opportunity to explain the basis for its belief by providing us information regarding Vonage's network architectures. To facilitate discussions, Sprint would be willing to enter into a confidentiality agreement to protect the proprietary information of both Vonage and Sprint. Sprint's concerns will remain unresolved unless and until you agree to enter into these discussions.

We are hopeful that you will agree to meet to discuss the relevance of Sprint's VoP patent portfolio to your current and future business operations and to explore the possibility of entering into a licensing agreement under this portfolio. Please let us know if Vonage is interested in such discussions. We would like to begin these discussions as soon as possible. We would appreciate the courtesy of a reply on or before September 1, 2004.

Geneva
Houston
Kansas City
London
Miami
New Orleans
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

BTW

Shook, Hardy & Bacon L.L.P.
www.shb.com

B. Trent Webb

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2320 DD
816.421.5547 Fax
bwebb@shb.com

November 12, 2004

**SENT VIA FEDERAL EXPRESS**

Mr. Jeffrey Citron
Chairman and Chief Executive Officer
Vonage Holdings Corp.
2147 Route 27
Edison, New Jersey 08817

Re: Sprint Communications Company - VoP Patent Issues
Our File No. SPRI.116441

Dear Mr. Citron:

I sent a letter to you on August 19, 2004 inquiring about your willingness to participate in a meeting to discuss our concerns about the potential impact of Sprint's Voice Over Packet ("VoP") patent portfolio on the combinations of equipment and network architectures used by Vonage. I received no response to this letter. Previously, on July 13, 2004, you were sent a letter from McDermott Will & Emory also requesting a meeting on behalf of Sprint. Vonage also did not reply to this letter. My client, Sprint, was hopeful that Sprint and Vonage could engage in meaningful discussions about these issues but your lack of response to repeated inquiries on Sprint's behalf has made this impossible.

Therefore, please let this correspondence serve as our formal request for a detailed explanation as to why you believe the combinations of equipment and network architectures used by Vonage do not fall within the scope of the claims of Sprint's VoP patents.

Please provide this information to me no later than the close of business on November 19, 2004.

Please let me know if you have any questions.

Sincerely,

B. Trent Webb

BTW:td

Geneva
Houston
Kansas City
London
Miami
New Orleans
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

1501177v1



May 9, 2005

John E. Gibson

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2444 DD
816.421.5547 Fax
jgibson@shb.com

Mr. Jeffrey Citron
Chairman and Chief Executive Officer
Vonage Holdings Corp.
2147 Route 27
Edison, New Jersey 08817

Re: Sprint Communications Company – VoP Patent Issues
Our File No. SPRI.116441

Dear Mr. Citron:

Mr. Trent Webb of Shook, Hardy & Bacon sent letters to you on November 12, 2004 and on August 19, 2004 inquiring about your willingness to meet to discuss our concerns about the potential impact of Sprint's voice over packet ("VoP") patent portfolio on the combinations of equipment and network architectures used by Vonage. Prior to that, you were sent a letter dated July 13, 2004 from McDermott, Will & Emery, making a similar request. To date, we have received no response from you or anyone else on behalf of Vonage. We remain convinced that discussions regarding Sprint's VoP patent portfolio will be of mutual benefit to both Vonage and Sprint. Accordingly, please contact us at your earliest convenience regarding this matter. Do not hesitate to contact us should you have any questions.

Very truly yours,

John E. Gibson

JEG:bkl

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

BTW

Shook, Hardy & Bacon L.L.P.
www.shb.com

B. Trent Webb

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2320 DD
816.421.5547 Fax
bwebb@shb.com

November 12, 2004

**SENT VIA FEDERAL EXPRESS**

Mr. Jeffrey Citron
Chairman and Chief Executive Officer
Vonage Holdings Corp.
2147 Route 27
Edison, New Jersey 08817

Re: Sprint Communications Company - VoP Patent Issues
Our File No. SPRI.116441

Dear Mr. Citron:

I sent a letter to you on August 19, 2004 inquiring about your willingness to participate in a meeting to discuss our concerns about the potential impact of Sprint's Voice Over Packet ("VoP") patent portfolio on the combinations of equipment and network architectures used by Vonage. I received no response to this letter. Previously, on July 13, 2004, you were sent a letter from McDermott Will & Emory also requesting a meeting on behalf of Sprint. Vonage also did not reply to this letter. My client, Sprint, was hopeful that Sprint and Vonage could engage in meaningful discussions about these issues but your lack of response to repeated inquiries on Sprint's behalf has made this impossible.

Therefore, please let this correspondence serve as our formal request for a detailed explanation as to why you believe the combinations of equipment and network architectures used by Vonage do not fall within the scope of the claims of Sprint's VoP patents.

Please provide this information to me no later than the close of business on November 19, 2004.

Please let me know if you have any questions.

Sincerely,

B. Trent Webb

BTW:td

Geneva
Houston
Kansas City
London
Miami
New Orleans
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

1501177v1

SPCC.001159

www.shb.com

**John E. Gibson**

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2444 DD
816.421.5547 Fax
jgibson@shb.com

May 9, 2005

Mr. Jeffrey Citron
Chairman and Chief Executive Officer
Vonage Holdings Corp.
2147 Route 27
Edison, New Jersey 08817

Re: Sprint Communications Company – VoP Patent Issues
Our File No. SPRI.116441

Dear Mr. Citron:

Mr. Trent Webb of Shook, Hardy & Bacon sent letters to you on November 12, 2004 and on August 19, 2004 inquiring about your willingness to meet to discuss our concerns about the potential impact of Sprint's voice over packet ("VoP") patent portfolio on the combinations of equipment and network architectures used by Vonage. Prior to that, you were sent a letter dated July 13, 2004 from McDermott, Will & Emery, making a similar request. To date, we have received no response from you or anyone else on behalf of Vonage. We remain convinced that discussions regarding Sprint's VoP patent portfolio will be of mutual benefit to both Vonage and Sprint. Accordingly, please contact us at your earliest convenience regarding this matter. Do not hesitate to contact us should you have any questions.

Very truly yours,

John E. Gibson

JEG:bkl



B. Trent Webb

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2320 DD
816.421.5547 Fax
bwebb@shb.com

July 15, 2005

**SENT VIA FEDERAL EXPRESS**

Mr. Jeffrey Citron
Chairman and Chief Executive Officer
Vonage Holdings Corp.
2147 Route 27
Edison, New Jersey 08817

Re: Sprint Communications Company - VoP Patent Issues
Our File No. SPRL116441

Dear Mr. Citron:

As you know, my firm represents Sprint Communications Company in connection with its intellectual property matters. Over the past year, I have sent you several letters bringing to your attention a portfolio of patents owned by Sprint relating to voice-over-packet ("VOP") technology. I have requested that you evaluate this portfolio carefully and then contact me so that we can set up a meeting to discuss a mutually beneficial licensing arrangement between Sprint Communications Company and Vonage. Despite my numerous letters to you, I have received no response to our offer to negotiate a license under this portfolio.

Sprint remains open to discussing a license with Vonage under its VOP portfolio. This is a serious issue. I would ask that you give it your immediate attention and call me at your earliest convenience so that we can set up a meeting to discuss this further.

Sincerely,

B. Trent Webb

BTW:sjb

Geneva
Houston
Kansas City
London
Miami
New Orleans
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

1708054v1