# EXHIBIT H


www.shb.com

August 6, 2007

**Jason R. Mudd**

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2071 DD
816.421.5547 Fax
jmudd@shb.com

**SENT VIA E-MAIL AND FED-EX**

Ms. Lauren DeBruicker
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196

Re: *Sprint Communications Company L.P. v. Vonage Holdings Corp., et al.*
Case No: 05-2433-JWL
SHB File No: SPRI.116441

Dear Ms. DeBruicker:

This letter follows up on my letter of August 3 and responds to your July 31 letter to Mr. Seitz regarding Sprint's privilege log. We have finished our evaluation of your contentions and respond as set forth below. In addition, accompanying this letter, Sprint is serving its Sixth Supplemental Privilege Log, as well a CD containing documents being produced by Sprint in connection with this litigation.

Though we disagree with many of your contentions in Part A regarding the sufficiency of Sprint's privilege log, we have, nonetheless, updated our privilege log out of a spirit of cooperation to provide even further detail in our entries. Where applicable, we have specified whether recipients of documents and e-mail correspondence were direct "To:" recipients or "cc:" recipients. We have also specified where e-mail correspondence incorporates forwarded communications and identified a basis for privilege for the forwarded communications.

We disagree with your contention that a precise date is necessary to determine whether privilege applies with respect to certain documents, so long as a relative date is ascertainable from the nature of the document. Nonetheless, we have provided dates for the documents identified, where possible, and identified others as "undated" where a precise date was not ascertainable.

We have provided additional description, where appropriate, for the entries that you contended did not have a sufficient description of the subject matter of the underlying document or the nature of the legal advice, even though we disagree with your contention that our previous description was insufficient. We feel that these descriptions are now more than adequate.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

2573919v1



Shook,
Hardy&
Bacon L.L.P.
www.shb.com

Ms. Lauren DeBruicker
August 6, 2007
Page 2

With respect to your statement that certain Cisco-related documents may have been disclosed to Cisco or other third parties (making them non-confidential), I would note that your statement in this regard is based on nothing more than speculation. Nonetheless, we have looked into this issue and have every reason to believe that these documents were maintained in confidence. As to the two "form letters," these letters were drafts provided by outside counsel in connection with the provision of legal advice and were not disclosed in that form to third parties. I would not that the actual correspondence that was disclosed to third parties, such as the Christie family, has already been produced by Sprint.

With respect to your arguments relating to work product in Part B, we have revised our privilege log accordingly.

We disagree with your contentions regarding Sprint's IP valuations in Part C of your letter. A valuation of intellectual property communicated in the course of an attorney-client relationship necessarily constitutes conversations relating to the provision of legal advice. Such valuations necessarily involve legal opinions as to patent scope, validity, and enforceability, and are not "merely incidental to business advice." We also disagree with your assertion that such valuations constitute underlying "facts" reflecting on the value of Sprint's patents. These valuations are premised on legal opinions and do not constitute "facts that may reflect on the true value of the patent rights Sprint is asserting." Further, your letter cites to no specific legal authority suggesting that such valuations are not protected by the attorney-client privilege, but rather cites only to authority relating to general business advice. Notwithstanding, and upon further review, Sprint has identified certain documents in this category that it will be producing and maintains its claim of privilege with respect to the remaining documents in this category.

With respect to Part D of your letter relating to Mr. Setter's notes, Sprint agrees with Vonage that Mr. Setter's notes that were redacted from Mr. Christie's presentation at SPRp-01-029-00001-00012 are not privileged. Accordingly, Sprint is producing unredacted versions of the previously redacted pages. Further, Sprint has corrected a typographical error in a few entries, which incorrectly identified redacted notes as Mr. Setter's instead of Mr. Ball's. We apologize for this oversight.

We feel that this response, our updated privilege log, which is being served on Vonage at the same time as this letter, and our accompanying document production have addressed all of the issues raised in your letter. If you feel that this is not the case, please let us know.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

2573919v1



www.shb.com

Ms. Lauren DeBruicker
August 6, 2007
Page 3

If you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

*Jason R. Mudd*

Jason R. Mudd

Attachment
Enclosure

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

2573919v1