# EXHIBIT M

Dockets.Justia.com

## DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

HELESA LAHEY
DIRECT DIAL: 202.776.7895
E-MAIL: hklahey@duanemorris.com

www.duanemorris.com

August 7, 2007

VIA EMAIL

Jason R. Mudd, Esquire
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613

> Re:  **Sprint Communications Company L.P. v. Vonage Holdings Corp. and
> Vonage America, Inc. (Case No. 05-2433-JWL)
> Our Ref: Y2108-00079; Your Ref: SPRI.116441**

Dear Jason:

We write regarding our recent exchanges regarding Sprint's privilege log and document production.

We have reviewed your letter dated today, August 7, 2007, responding to Vonage's July 13 requests which were reiterated by my August 24 letter. As it is certain Sprint is aware, notwithstanding its delinquent response to Vonage's requests for highly relevant documents, numerous pertinent deadlines in the above-captioned matter are rapidly approaching.

Based on your representation that Sprint will be promptly producing the requested remaining Market Profiles issued between 1998 and the present, we will withhold our Motion to Compel the requested documents for the moment. However, we demand that Sprint produce these documents **by the close of business today**, with the understanding that (i) counsel to Sprint has had precise information regarding the existence of these highly relevant documents since the April 17, 2007 deposition of James Patterson, Sprint's designee as to damages issues pursuant to Fed. R. Civ. P. 30(b)(6); (ii) the Court has ordered parties to file finalized exhibit lists by August 14, 2007, a mere seven (7) days from today; and (iii) tomorrow, August 8, 2007, Vonage will take the deposition of Sprint executive John Garcia.

Regarding your search for documents relating to Sprint's internal IP telephony website ("category 2") and documents from Sprint's IP telephony team and Probe Research ("category 3"), we ask that you promptly describe the search that you are contend Sprint conducted. Given the facts, we find it difficult to believe that a reasonably calculated search by Sprint would fail to reveal the requested documents. These facts include: (a) Sprint's failure to promptly produce

DuaneMorris

Jason R. Mudd, Esquire
August 7, 2007
Page 2


Market Profiles despite Vonage's repeated, detailed requests; (b) the recently-produced Market Profiles which Sprint withheld for months specifically reference them as key resources; (3) the nature of the Market Profile references conveys that such information is prominent and readily available to management as well as personnel with operational level knowledge of Sprint's involvement with packet telephony, including IP telephony.

We likewise write in response to your letter of yesterday regarding Sprint's privilege log. Among our continued disagreements are the IP valuations over which Sprint continues to assert a privilege. Even if the valuations contain, or are based on, certain legal analysis as you contend, which Vonage does not concede, any numerical valuation is not privileged information. We ask you provide these valuations by **noon tomorrow** – if appropriate, in redacted form – so that we may avoid unnecessary motion practice on this topic.


Very truly yours,

Helesa Lahey

HKL/LED