## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS CO., L.P.,

        Plaintiff,

v.                                                    Case No.  05-2433-JWL-DJW

VONAGE HOLDINGS CORP., et al.,

        Defendants.

## <u>ORDER NUNC PRO TUNC</u>

In March 2007, Vonage deposed Sprint though a corporate designee pursuant to Fed. R. Civ. P. 30(b)(6).  Alleging the designee was unprepared as to Topic 18, Vonage filed a Motion to Compel requesting the Court order Sprint to produce a competently prepared witness.  On May 14, 2007, the Court issued an Order finding the designee was unprepared to testify as to Topic 18 and granted Vonage's Motion to reconvene the deposition.

On June 13, 2007, Sprint filed a Motion for Protective Order (doc. 222) pursuant to Rule 26(c) seeking guidance from the Court as to the proper scope of relevancy for Topic 18 when the deposition reconvened.  Because Rule 26(c) does not provide for protection from overly broad or irrelevant discovery requests,[1] the Court finds it necessary to provide this guidance by amending section B within the Discussion portion of this Court's May 14, 2007 Order (doc. 192), which ruled on Vonage's Motion to Compel.  Thus, the Court hereby issues this Order Nunc Pro Tunc and the referenced section of the Court's May 14, 2007 Order is revised as follows:

       *      *      *      *      *      *      *      *      *      *      *      *

---

[1]Pursuant to Rule 26(c), a party may obtain a protective order only if it demonstrates that the basis for the protective order falls within one of the following enumerated categories: protection from "annoyance, embarrassment, oppression or undue burden or expense."

**B.    Vonage's Motion to Compel 30(b)(6) Testimony**

On November 22, 2006, Vonage served upon Sprint its Second Notice of Rule 30(b)(6)

Deposition seeking testimony regarding, among other topics, the following:

> 18.    The structure and/or operations of any invention designed, developed,
> conceived and/or reduced to practice (actual or constructive) by Joseph
> Michael Chistie [sic] and one or more of Manu Chand Bahl (a/k/a Bobby
> Chand Bahl), Albert Daniel Duree, Michael Joseph Gardner, Daniel Charles
> Sbisa, William Lyle Wiley, Tracy Lee Nelson, James David Setter, Pamela
> Lynne Satterfield and/or Mark Sucharczuk.

On March 13, 2007, Sprint designated Mr. Albert DuRee to testify as to Topic 18 in

Vonage's Second Notice. On March 20, 2007 – the day before the scheduled Rule 30(b)(6)

deposition of Mr. DuRee – Sprint served a pleading upon Vonage setting forth various objections

to the Second Notice of Rule 30(b)(6) Deposition.   Relevant to the issue now before the Court,

Sprint lodged the following objection to Topic 18:

> Sprint objects to this Topic as overly broad and unduly burdensome.  Sprint also
> objects to this Topic as irrelevant in that it seeks information that does not relate to
> any claim or defense in this matter.  Sprint also objects to this Topic to the extent that
> it seeks information that is protected by the attorney-client privilege, work product
> doctrine, or any other applicable protection.

> Subject to and without waiver of the foregoing general and specific objections, Sprint
> will produce a witness to testify on this topic only as it relates to the structure and/or
> operation of any invention designed, developed, conceived and/or reduced to practice
> by Joseph Michael Christie that is embodied in the patents-in-suit.

On March 21 and 22, 2007, Vonage deposed Sprint though Mr. DuRee. During the

deposition, Sprint directed Mr. DuRee not to answer Topic 18 questions inquiring into matters about

which Sprint had lodged objections prior to the deposition.  With regard to Topic 18 inquiries for

which Sprint had *not* lodged objections, Mr. DuRee stated under oath that (1) he had not prepared

for the deposition in any way at all; (2) he had not reviewed any of the patents involved in this

lawsuit; (3) he had no idea what the Asserted Patents cover; (4) he did not know whether the Asserted Patents cover the "JCS2000" prototype or "Darwin" prototype; and (5) he could not describe the operation of any invention disclosed and/or claimed in the Asserted Patents. As a result of Mr. DuRee's testimony, Vonage filed this Motion to Compel requesting the Court order Sprint to produce a competently prepared witness to testify on the entire scope of Topic 18 as originally written. In ruling on Vonage's Motion to Compel, the Court will consider Sprint's objections to the scope of Topic 18 before considering Vonage's request to determine whether the Rule 30(b)(6) witness previously designated by Sprint was competently prepared to testify.

**1.     Sprint's Objections to the Scope of Topic 18**

Although willing to produce a witness to testify on Topic 18 as it relates to Christie inventions, Sprint refused to designate a witness to testify about inventions by Christie in conjunction with Bahl, Duree, Gardner, Sbisa, Wiley, Nelson, Setter, Satterfield and/or Sucharczuk on grounds that the information sought makes the topic overly broad, unduly burdensome, and irrelevant to the claims and defenses in this lawsuit. Vonage challenges Sprint's refusal to designate, arguing first that the objections are procedurally defective and, even if they were properly asserted, the objections are without merit and should be overruled.

**a.     Procedural Propriety of Sprint's Objections to the Scope of Topic 18**

Vonage maintains Sprint's objections are procedurally defective because lodging objections to a Rule 30(b)(6) deposition notice is improper. Vonage argues that the only way to limit the scope

of a Rule 30(b)(6) deposition is to seek a protective order. In support of this proposition, Vonage cites to two cases: *RTC v. Dabney*[2] and *In re: Indep. Serv. Org. Antitrust Litig.*[3]

Although protective orders were at issue, the Court finds that the cases cited by Vonage do not stand for the proposition that a request for protective order pursuant to Rule 26(c) provides the sole remedy for challenging a Rule 30(b)(6) deposition notice. Notably, a party may obtain a protective order only if it demonstrates that the basis for the protective order falls within one of the categories enumerated in Rule 26(c).[4] In other words, the protective order must be necessary to protect the party from "annoyance, embarrassment, oppression or undue burden or expense."[5] Significantly, Rule 26(c) does not provide for any type of order to protect a party from having to provide discovery on topics merely because those topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence.[6] In fact, if a party objects to providing discovery on the basis that the request is overly broad, irrelevant or not calculated to lead to the discovery of admissible evidence, this Court has held that the validity of such an objection should be considered in the context of a motion to compel.[7]

Here, Sprint formally objected to a portion of Topic 18 within the Rule 30(b)(6) Notice of Deposition and communicated to Vonage that it did not intend to designate a witness to testify about

---

[2] 73 F.3d 262, 266 (10th Cir. 1995).

[3] 168 F.R.D. 651, 654 (D. Kan. 1996)

[4] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[5] Fed. R. Civ. P. 26(c).

[6] *Aikens*, 217 F.R.D. at 534.

[7] *Id.*

inventions by Christie in conjunction with Bahl, Duree, Gardner, Sbisa, Wiley, Nelson, Setter, Satterfield and/or Sucharczuk. Based on Sprint's failure to designate a witness under Rule 30(b)(6) to testify about other inventors, Vonage filed a Motion to Compel pursuant to Fed. R. Civ. P. 37(a)(2)(B), which provides, in pertinent part, that if "a corporation or other entity fails to make a designation under Rule 30(b)(6) . . . , the discovering party may move for an order compelling an answer or designation."[8]

Upon consideration of the formal objection lodged, the refusal to designate, and the subsequent motion to compel designation, the Court finds that, from a procedural standpoint, the dispute at issue has been properly presented to the Court for determination.

### b.    Sprint's Relevancy Objection to the Scope of Topic 18

The appropriate starting place for Sprint's objection to the scope of Topic 18 is Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[9] Relevancy is broadly construed, and a request should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[10] A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[11]

---

[8]Fed. R. Civ. P. 37(a)(2)(B).

[9]Fed. R. Civ. P. 26(b)(1).

[10]*Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004) (citation omitted).

[11]*Id.* (citation omitted).

When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[12]  Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.[13]

Based on this discussion, the first step in determining relevancy is to review the claims and defenses set forth in the lawsuit. To that end, this case involves U.S. Patent Nos. 6,304,572; 6,633,561; 6,463,052; 6,452,932; 6,473,429; 6,298,064; and 6,665,294 ("Asserted Patents").[14] Each of the Asserted Patents was issued by the U.S. Patent and Trademark Office to one inventor – Joseph Michael Christie.[15]  Sprint is the owner of each of the Asserted Patents by assignment.[16]  In this lawsuit, Sprint claims Vonage willfully infringed upon the Asserted Patents.[17]  In response, Vonage asserts the following Defenses and Affirmative Defenses:

1.     Vonage's VoIP System does not infringe the Asserted Patents.

---

[12]*Id.* (citations omitted).

[13]*Id.* (citation omitted).

[14]May 21, 2007 Pretrial Order at Section 2 (doc. 207).

[15]*Id.* at Section 4(a), ¶¶ 7-13.

[16]*Id.* at Section 4(a), ¶¶ 14-20.

[17]*Id.* at Section 6(b).

2.    Vonage's VoIP System does not meet every limitation of any claim of any of the Asserted Patents, either literally or under the doctrine of equivalents.

3.    Vonage has not willfully infringed any Asserted Patent.

4.    The Asserted Patents are invalid pursuant to 35 U.S.C. § 102 for anticipation.

5.    The Asserted Patents are invalid pursuant to 35 U.S.C. § 103 for obviousness.

6.    The Asserted Patents are invalid pursuant to 35 U.S.C. § 112 for failure to comply with the written description, enablement, and definiteness requirements.

7.    The Asserted Patents are unenforceable by virtue of the doctrine of laches, including prosecution laches.

8.    The Asserted Patents are unenforceable by virtue of the doctrine of estoppel and acquiescence.

9.    The Asserted Patents are unenforceable by virtue of the doctrine of unclean hands.

10.    The Asserted Patents are unenforceable by virtue of "the doctrine that a patentee may not broaden his claims by describing the product in terms of function."

11.    The Asserted Patents are unenforceable by virtue of their misuse by Sprint.[18]

Upon review of the claims and defenses as set forth above, the Court finds the relevancy of Topic 18 within Vonage's Second Rule 30(b)(6) Deposition Notice is not readily apparent. This is because (a) the claims and defenses in this lawsuit all specifically relate to the Asserted Patents; and (b) Christie is the sole inventor for such patents. Simply put, inquiries seeking information about inventions by inventors who did not contribute to the patents at issue in this lawsuit are overly broad on their face. Given this finding, it is Vonage, as the party seeking the discovery, who has the burden to show the relevancy of the request.[19]

---

[18]*Id.* at Section 7(a).

[19]*Owens v. Sprint/United Management Co.*, 221 F.R.D. at 652 (citation omitted).

In support of relevancy, Vonage argues Topic 18, as originally written, relates directly to Sprint's claims of infringement and Vonage's defenses of invalidity and unenforceability. More specifically, Vonage states it is highly skeptical of the largely undocumented but allegedly extraordinary work of one man – Christie – and, as part of its defense, wants to challenge the validity of the Asserted Patents based on this skepticism. Because Christie is unavailable to testify (he has since died), Vonage states that testimony about inventions not at issue in this lawsuit – but worked on by Christie with various colleagues at Sprint – is relevant to the Asserted Patents.

The Court is not persuaded by Vonage's argument. Again, this case revolves around Sprint's assertion that Vonage has infringed seven (7) patents. The sole inventor on those seven patents is Joseph Michael Christie. Vonage has failed to demonstrate that other inventions worked on by Christie with various colleagues at Sprint bear any relation to Sprint's Asserted Patents, Sprint's allegations of infringement, or defenses asserted by Vonage. Accordingly, Sprint's relevancy objection to the scope of Topic 18 will be sustained.

### c. Sprint's Undue Burden Objection to the Scope of Topic 18

Because Sprint's relevancy objection to the scope of Topic 18 will be sustained, the Court finds it unnecessary to rule on Sprint's objection to the scope of Topic 18 based on undue burden.

### 2. A Competently Prepared Rule 30(b)(6) Deponent

Because the Court has sustained Sprint's relevancy objection to the scope of Topic 18, the Court will address the issue of a competently prepared Rule 30(b)(6) deponent in the context of the following narrowed scope of Topic 18:

> 18. The structure and/or operations of any invention designed, developed, conceived and/or reduced to practice (actual or constructive) by Joseph Michael Christie that is embodied in the patents-in-suit.

Vonage seeks an Order compelling Sprint to designate and make available for deposition a person or persons knowledgeable of the subject matter of Topics 18 and 19 in Vonage's Second Rule 30(b)(6) Notice. Sprint asserts it has already produced such a person and during the deposition, such person satisfactorily responded to the questions posed regarding the topics identified.

The appropriate starting place for a discussion regarding this dispute is Rule 30(b)(6):

> A party may in [its deposition] notice ... name as the deponent a public or private corporation ... and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. * * * The persons so designated shall testify as to matters known or reasonably available to the organization.

In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation.[20] "The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's 'position' on the topic."[21] The designee testifies on behalf of the corporation and thus holds it accountable.[22]

With regard to choosing a deponent to speak on behalf of the corporation, companies "have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the

---

[20]*Sprint Communications Co., L.P. v. theglobe.com, Inc.,* 236 F.R.D. 524, 527 (D. Kan. 2006) (citations omitted).

[21]*Id.*

[22]*Id.* (citing *Starlight Int'l, Inc., v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan.1999) (holding a corporation has a duty under Rule 30(b)(6) to provide someone who is knowledgeable in order to provide "binding answers on behalf of the corporation") (quoting *Audiotext Communications Network, Inc. v. US Telecom, Inc.*, 94-2395-GTV, 1995 WL 625962, at *13 (D.Kan. Oct.5, 1995)); *see also Media Services Group, Inc. v. Lesso, Inc.*, 45 F.Supp.2d 1237, 1253 (D.Kan.1999).

designated subject matter."[23]  Notably, and because Rule 30(b)(6) explicitly requires a company to

have persons testify on its behalf as to all matters reasonably available to it,[24] this Court has held that

the Rule "implicitly requires persons to review all matters known or reasonably available to [the

corporation] in preparation for the 30(b)(6) deposition."[25]  In other words, personal knowledge of

the designated subject matter by the selected deponent is of no consequence.[26]

Thus, the Rule makes clear that a party is not permitted to undermine the beneficial purposes

of the Rule by producing a witness who has no knowledge concerning the areas of inquiry.  Any

other interpretation of the Rule would allow the responding corporation to "sandbag" the deposition

process.

Although the Court readily acknowledges that the requirements listed above may be onerous,

the burden upon such a responding entity is justified since a corporation can only act through its

employees. These requirements negate any possibility that an inquiring party will be directed back

and forth from one corporate representative to another, vainly searching for a deponent who is able

to provide a response which would be binding upon that corporation.

Thus, to allow the Rule to effectively function, the requesting party must take care to

designate, with painstaking specificity, the particular subject areas that are intended to be questioned,

and that are relevant to the issues in dispute. Then, and as noted above, the responding party must

---

[23]*Id.* (citing *Starlight*, 186 F.R.D. at 639).

[24]Rule 30(b)(6).

[25]*Id.* at 537-38 (citing *T & W Funding Co. XII, L.L.C. v. Pennant Rent-A-Car*, 210 F.R.D. 730, 735 (D.Kan.2002)).

[26]*Id.* at 538.

make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the interrogator and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by the interrogator as to the relevant subject matters. Once notified as to the reasonably particularized areas of inquiry, the corporation then "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation."[27]

The Court now turns to Topics 18 and 19 in Vonage's Second Rule 30(b)(6) Notice. Upon review of the Notice, the Court finds Vonage sufficiently states with reasonably particularity the subjects about which it wishes to inquire:

18.    The structure and/or operation of any invention designed, developed, conceived and/or reduced to practice (actual or construction) by Joseph Michael Chistie [sic] embodied in the patents-in-suit.

19.    The circumstances surrounding the design and/or development of any prototype of any Sprint produce and/or service that relates to utilizes and/or involves any invention disclosed and/or claimed in the Asserted Patents, including, but not limited to, the prototype of JCS2000 described in the document bearing Bates number SPRe-002-01-04691 and the prototype referenced by Michael Setter at his deposition on April 28, 2006.

Based on the topics submitted, and the applicable law, there is no question that Sprint was obligated to produce, in good faith, a knowledgeable deponent who is competently prepared to fully and responsibly address the questions posed. To that end, Sprint designated Mr. Albert DuRee to testify as to Topics 18 and 19 in Vonage's Second Notice. On March 21 and 22, 2007, Vonage deposed Sprint through Mr. DuRee on Topics 18 and 19 from Vonage's Second 30(b)(6) Notice.

---

[27]*Id.*

Vonage asserts that despite Sprint's plain obligations under Rule 30(b)(6) to provide a person to testify as to matters known or reasonably available to the organization, Sprint failed to meet its obligations or provide the witness it had promised.  Vonage assert that Mr. DuRee stated under oath that he had not prepared for the deposition in any way at all, and that Sprint made no effort to determine whether he was even capable of answering any questions on its behalf:

> Q.    You do know that you've been put here as a witness to testify on behalf of Sprint regarding certain subjects; is that correct?
>
> A.    Yeah.
>
> Q.    Did you think you should review documents regarding those subjects?
>
> A.    No.
>
> Q.    Why not?
>
> A    You were going to ask me the questions, is my understanding.
>
> Q.    You've just testified --
>
> A.    I don't know what documents you're talking about.
>
> Q.    But you didn't think you needed to review anything in preparation for this deposition, even on behalf of Sprint?
>
> A.    No.
>
> Q.    And that's true even though you retired from Sprint in 1999?
>
> A.    Yeah, that's correct.
>
> *          *          *          *
>
> Q.    Were you given a copy of your notice of deposition before this deposition?
>
> A.    No.

Q.     Were you given a copy of the notice of 30(b)(6) deposition that was served on Sprint by Vonage in this matter?

A.     No.

Q.     You were never shown the topics that were attached to that notice of deposition?

A.     No.

Q.     Are you aware that you were designated by Sprint as the witness who was supposed to testify on those topics?

A.     I only know that I was told to come here and answer your questions.

Vonage asserts that consistent with the asserted lack of knowledge and preparation, Mr. DuRee testified under oath that: (i) he had not reviewed any of the patents involved in this lawsuit; (ii) he had no idea what the Asserted Patents cover; (iii) he did not know whether the Asserted Patents cover the "JCS2000" prototype or "Darwin" prototype; and (iv) he could not describe the operation of any invention disclosed and/or claimed in the Asserted Patents.

Sprint disagrees with Vonage's assertion regarding Mr. DuRee's lack of knowledge and maintains that the deposition excerpts referenced above are taken out of context and Mr. DuRee adequately responded to substantive questions regarding Topics 18 and 19.  In support of its argument, Sprint refers to various excerpts from Mr. DuRee's deposition and then notes that the reason Vonage failed to discover relevant information is due to Vonage's failure to adequately pose questions directed at such answers.

The Court is not persuaded by Sprint's argument.  Although the deposition testimony cited by Sprint indicates that Mr. DuRee may have responded competently to selected questions posed by Vonage, the Court finds that Mr. DuRee's testimony regarding his general unfamiliarity with the topics designated and the Asserted Patents as described within the topics designated overwhelmingly

13

demonstrate Sprint breached its obligation to produce, in good faith, a knowledgeable deponent who is competently prepared to fully and responsibly address the questions posed on the topics designated.  Accordingly, Vonage's Motion to Compel 30(b)(6) Testimony (doc. 150) is granted.

**C.    Sanctions**

Vonage seeks to recover costs and attorney fees incurred in bringing this Motion to Compel. The Court is granting in part and denying in part the Motion to Compel. Under the circumstances, the Court does not find the imposition of sanctions under Fed. R. Civ. P. 37(a)(4)(C) to be warranted. Thus, Vonage's  request for sanctions will be denied, and each party shall bear his own costs and expenses incurred in connection with the Motion to Compel.

Based on the discussion above, it is hereby ordered that

- Vonage's Motion to Amend Answer (doc. 148) is denied;

- Sprint's Motion to File Surreply (doc. 180) is moot;

- Vonage's Motion to Compel 30(b)(6) Testimony (doc. 150) is granted in part and denied in part as follows:

    - Sprint shall be required to designate and prepare a witness under Rule 30(b)(6) to testify to Topic 19 as written and to the following narrowed scope of Topic 18:

        18.  The structure and/or operations of any invention designed, developed, conceived and/or reduced to practice (actual or constructive) by Joseph Michael Christie that is embodied in the patents-in-suit.

    - The parties shall meet and confer regarding a mutually convenient time within the next seven (7) days to reconvene this deposition.

14

•    Vonage's request for imposition of sanctions is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 15th day of August, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:    All counsel and *pro se* parties

15