IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS CO., L.P.,

        Plaintiff,

v.                                     Case No.  05-2433-JWL-DJW

VONAGE HOLDINGS CORP., et al.,

        Defendants.

**O R D E R**

Pending before the Court is Sprint's Motion for Protective Order (doc. 222). More specifically, Sprint seeks an order precluding the deposition of a corporate spokesperson with regard to Topic 18 in Vonage's Second Rule 30(b)(6) Notice. In the alternative, Sprint requests guidance from the Court as to the proper scope of Topic 18 so that it will be able to effectively prepare a witness to testify. For the reasons set forth below, and considering the Order Nunc Pro Tunc (doc. 276) supplementing this Court's May 14, 2007 Order, the Court finds Sprint's Motion moot.

**Factual Background**

On November 22, 2006, Vonage served upon Sprint its Second Notice of Rule 30(b)(6) Deposition seeking testimony regarding, among other topics, the following:

> 18. The structure and/or operations of any invention designed, developed, conceived and/or reduced to practice (actual or constructive) by Joseph Michael Chistie [sic] and one or more of Manu Chand Bahl (a/k/a Bobby Chand Bahl), Albert Daniel Duree, Michael Joseph Gardner, Daniel Charles Sbisa, William Lyle Wiley, Tracy Lee Nelson, James David Setter, Pamela Lynne Satterfield and/or Mark Sucharczuk.

On March 13, 2007, Sprint designated Mr. Albert DuRee to testify as to Topic 18 in Vonage's Second Notice. On March 20, 2007 – the day before the scheduled Rule 30(b)(6) deposition of Mr. DuRee – Sprint served a pleading upon Vonage setting forth various objections

to the Second Notice of Rule 30(b)(6) Deposition. Relevant to the issue now before the Court, Sprint lodged the following objection to Topic 18:

> Sprint objects to this Topic as overly broad and unduly burdensome. Sprint also objects to this Topic as irrelevant in that it seeks information that does not relate to any claim or defense in this matter. Sprint also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection.
>
> Subject to and without waiver of the foregoing general and specific objections, Sprint will produce a witness to testify on this topic only as it relates to the structure and/or operation of any invention designed, developed, conceived and/or reduced to practice by Joseph Michael Christie that is embodied in the patents-in-suit.

On March 21 and 22, 2007, Vonage deposed Sprint though Mr. DuRee. During the deposition, Sprint directed Mr. DuRee not to answer Topic 18 questions inquiring into matters about which Sprint had lodged objections prior to the deposition. With regard to Topic 18 inquiries for which Sprint had *not* lodged objections, Mr. DuRee stated under oath that (1) he had not prepared for the deposition in any way at all; (2) he had not reviewed any of the patents involved in this lawsuit; (3) he had no idea what the Asserted Patents cover; (4) he did not know whether the Asserted Patents cover the "JCS2000" prototype or "Darwin" prototype; and (5) he could not describe the operation of any invention disclosed and/or claimed in the Asserted Patents. As a result of Mr. DuRee's testimony, Vonage filed a Motion to Compel requesting the Court order Sprint to produce a competently prepared witness to testify on Topic 18.

On May 9, 2007, the Court held a final pretrial conference during which the Court orally granted Vonage's Motion to Compel with regard to Topic 18. On May 14, 2007, the Court issued an Order memorializing its ruling.[1] Specifically, the Court found that Mr. DuRee's testimony

---

[1]Doc. 192.

regarding his general unfamiliarity with the topics designated, and the Asserted Patents as described within the topics designated, overwhelmingly demonstrated Sprint breached its obligation to produce, in good faith, a knowledgeable deponent who was competently prepared to fully and responsibly address the questions posed on the topics designated. Accordingly, the Court granted the Motion to Compel with regard to Topic 18 and ordered the parties to meet and confer regarding a mutually convenient time to reconvene the Rule 30(b)(6) deposition.

Although the parties attempted on several occasions to decide on a mutually convenient time to reconvene the deposition, the deposition was never rescheduled because the parties were unable to come to an agreement regarding the scope of Topic 18 when the deposition was reconvened. In other words, Sprint was willing to produce a witness to testify on Topic 18 only as it relates to the structure and/or operation of any invention designed, developed, conceived and/or reduced to practice by Joseph Michael Christie that is embodied in the patents-in-suit. Conversely, Vonage insisted Sprint is obligated to produce a witness to testify on Topic 18 as originally submitted, which includes the structure and/or operations of any invention designed, developed, conceived and/or reduced to practice by Joseph Michael Christie and one or more of Manu Chand Bahl, Albert Daniel Duree, Michael Joseph Gardner, Daniel Charles Sbisa, William Lyle Wiley, Tracy Lee Nelson, James David Setter, Pamela Lynne Satterfield and/or Mark Sucharczuk.

Given the dispute, Sprint filed this Motion for Protective Order seeking an order precluding the deposition of a corporate spokesperson with regard to Topic 18. In the alternative, Sprint seeks an order narrowing the scope of inquiry for the Rule 30(b)(6) deposition to Topic 18 only as it relates to the structure and/or operation of any invention designed, developed, conceived and/or reduced to practice by Joseph Michael Christie that is embodied in the patents-in-suit. In support of its request,

3

Sprint argues the subject matter contained in Topic 18, as originally submitted, is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this lawsuit.

In response, Vonage argues Sprint's Motion should be denied on grounds that (a) the issue is moot as the Court already decided the appropriate scope of Topic 18 in its May 14, 2007 Order granting Vonage's Motion to Compel; (b) the Motion for Protective Order is untimely; (c) the information sought in Topic 18 is neither overly broad nor unduly burdensome; and (d) the information sought is relevant to the claims and defenses in this lawsuit.

## Discussion

Vonage argues that, by granting its original Motion to Compel Rule 30(b)(6) Deposition with regard to Topic 18, the Court already decided that the appropriate scope of Topic 18 is as originally submitted: the structure and/or operations of any invention designed, developed, conceived and/or reduced to practice by Joseph Michael Christie and one or more of Manu Chand Bahl, Albert Daniel Duree, Michael Joseph Gardner, Daniel Charles Sbisa, William Lyle Wiley, Tracy Lee Nelson, James David Setter, Pamela Lynne Satterfield and/or Mark Sucharczuk. Sprint disagrees, arguing that although the issue was briefed by the parties in conjunction with the Motion to Compel, the appropriate scope of Topic 18 was not discussed in the Court's Order. Sprint further argues that in ordering the parties to meet and confer regarding a mutually convenient time to reconvene the deposition, the Court intended the parties to meet and confer regarding the appropriate scope of Topic 18.

The Court acknowledges that, although the issue was briefed by the parties in conjunction with the Motion to Compel, the appropriate scope of Topic 18 was not discussed in the Court's May 14, 2007 Order. The Court further acknowledges that a protective order Given these

4

circumstances, the Court today has issued an Order Nunc Pro Tunc, within which the Court considered the arguments presented by counsel and determined the appropriate scope of Topic 18. Because the disputed issue has now been resolved, the Court finds Sprint's Motion for Protective Order (doc. 222) moot.

    IT IS SO ORDERED.

    Dated in Kansas City, Kansas on this 15th day of August, 2007.

                                                       s/ David J. Waxse
                                                       David J. Waxse
                                                       United States Magistrate Judge

cc:    All counsel and *pro se* parties