## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.,  )
                                   )
     Plaintiff,                   )
                                   )       Case No.  05-2433-JWL
             v.                 )
                                   )
VONAGE HOLDINGS CORP. and        )
VONAGE AMERICA, INC.,           )
                                 )
     Defendants.               )
                                 )

### MEMORANDUM IN SUPPORT OF VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S MOTION *IN LIMINE* TO PRECLUDE SPRINT'S PRE-LITIGATION LETTERS FROM EVIDENCE

Plaintiff ("Sprint") alleges Defendants ("Vonage") infringes 61 claims of 7 issued patents (the "Asserted Patents"), asserting infringement against all Vonage Voice-over-Internet Protocol ("VoIP") telephony service dating back to early 2002.  However, prior to filing this suit in October 2005, Sprint failed to provide Vonage notice identifying any accused Vonage product or service, or suggesting that Vonage infringed any claim of any specific patent from Sprint's extensive patent portfolio.

Instead, Sprint sent five (5) letters to Vonage between July 2004 and July 2005 in which Sprint referred obliquely to forty-three "representative" patents from its "portfolio" and suggested a meeting to discuss the possibility of entering into a licensing agreement (collectively, the "Letters," attached hereto as Exhibits 1-5).  Sprint did not to identify any Sprint patent, or any specific products or services of Vonage alleged to be of concern or accuse Vonage of infringing any of Sprint's patents.  Sprint nonetheless seeks to offer these Letters as proof that Vonage was on actual notice of the Asserted Patents so as to be entitled to damages for Vonage's pre-litigation activities.

As Sprint's Letters are, on their face, and as a matter of law, insufficient to constitute actual notice of the Asserted Patents, Vonage moves to exclude the Letters, and any references thereto, from evidence at trial under Federal Rules of Evidence ("Rules") 401-403.

## I.    FACTS

On July 13, 2004, Sprint's counsel sent Vonage a letter indicating Sprint had a "significant portfolio of patents relevant to Voice Over Packet ('VoP') systems and related technologies" and that "some of these patents may be of particular interest to Vonage."  See Ex. 1.  Sprint represented it was enclosing with the July 13, 2004 letter a CD containing .PDF files of forty-three patents which Sprint described as "representative Sprint U.S. patents in this field." Id.  Sprint stated it was "willing to grant a non-exclusive license under these and other patents" and requested a meeting.  Id.  While Sprint, in the July 13, 2004 letter, stated that the "[c]laims in these patents read on various configurations of voice over internet protocol systems," Sprint did not make any assertion of patent infringement or even identify any specific claim of the 897 claims of the forty-three "representative" patents or any specific aspect of the various configurations of Vonage's VoIP telephony system alleged to be of concern.  Id.

On August 19, 2004, Sprint's counsel sent Vonage a follow-up letter stating "we remain concerned that these patents may be applicable to [Vonage] because of the breadth and depth of the portfolio" and again requested a meeting to "address the relevance of many patent claims to the combinations of equipment and other aspects of network architectures we believe may be used by Vonage."  See Ex. 2.  Again, Sprint did not make any assertion of patent infringement or even identify any claim of the forty-three "representative" patents or any specific accused product alleged to be of concern.  Id.

On November 12, 2004, Sprint sent another letter to Vonage regarding Sprint's "concerns about the potential impact of Sprint's [VoP] patent portfolio on the combinations of equipment and network architectures used by Vonage," requesting that Vonage provide "a detailed explanation as to why you believe the combinations of equipment and network architectures used by Vonage do not fall within the scope of the claims of Sprint's VoP patents." See Ex. 3. Such a task remained impossible since Sprint still failed to identify any claim of the 897 claims of the forty-three "representative" patents for consideration or any specific accused Vonage product or service alleged to be of concern. Id.

On May 9, 2005, Sprint's counsel again wrote to Vonage expressing Sprint's belief that "discussions regarding Sprint's VoP patent portfolio will be of mutual benefit to both Vonage and Sprint." See Ex. 4. On July 15, 2005, Sprint sent the fifth and final letter before initiating the lawsuit in October of 2005. See Ex. 5. In the July 15, 2005 letter, Sprint's counsel again referred to its portfolio of patents relating to "VoP" technology and that "Sprint remains open to discussing a license with Vonage." Id. In the 2005 letters, Sprint again failed to identify any specific claim or patent of the forty-three "representative" patents it asserted to be of interest, much less "infringed," or identify any specific aspect of the various configurations of Vonage's VoIP telephony system it alleged to be of concern.

Record evidence demonstrates that Sprint also sent nearly identical letters to Voiceglo, merely changing the addressee information and replacing "Vonage" with "Voiceglo," and to multiple other nonparties in the industry. See letters to Voiceglo on July 13 and August 19, 2004, attached collectively as Exhibit 6; see also July 13, 2004 letters to DeltaThree, Inc., Broadvox Corp., and Dialpad Communications, Inc., attached collectively as Exhibit 7 (same).

Record evidence also demonstrates that Sprint could identify specific patents when it so intended and desired, but did not with Vonage.  In response to an inquiry for greater specificity as to which of its forty three "representative" patents Sprint considered applied to Voiceglo's technology, Sprint by letter dated October 13, 2004 responded by at least identifying seven patents by number.  <u>See</u> Exhibit 8.  When Vonage's counsel, by letter dated September 30, 2005, requested Sprint "identify any of the forty three patents that you would consider as being particularly relevant to [Vonage's] business," <u>see</u> Exhibit 9, Sprint provided no response. Instead, Sprint filed this suit, finally stating which patents it considered applicable to any of Vonage's systems, and revealing it considered Vonage to infringe them.

## II.     ARGUMENT

### A.     As a Matter of Law, the Five Pre-Litigation Letters Are Inadequate to Constitute Actual Notice of the Patents

As a prerequisite to collecting damages for patent infringement prior to the filing date of the Complaint, the Patent Marking Statute requires a patent holder to give the alleged infringing party legally sufficient, actual notice of the patent.  As the patentee, Sprint had the burden of pleading and proving compliance with the statutory requirements of 35 U.S.C. §287(a). <u>Maxwell v. J. Baker, Inc.</u>, 86 F.3d 1098, 1111-12 (Fed. Cir. 1996); <u>see also</u> <u>Dunlap v. Schofield</u>, 152 U.S. 244, 248 (1894) ("The duty of alleging, and the burden of proving, either [actual notice or constructive notice] is upon the [patentee].").  In its claim for willful infringement, Sprint must prove, by clear and convincing evidence, that Vonage failed to exercise due care to determine whether or not it was infringing the Asserted Patents after Vonage received actual notice of the patent.  <u>See, e.g.</u>, <u>Hoechst Celanese Corp. v. BP Chems. Ltd.</u>, 78 F.3d 1575, 1583 (Fed. Cir. 1996); <u>Amsted Indus. v. Buckeye Steel Castings Co.</u>, 24 F.3d 178, 181 (Fed. Cir. 1994) (potential infringer's duty of care triggered by actual notice of patents).

There is no dispute as to the content of the Letters, and the only fact at issue in the case to which the Letters are relevant is to whether and when Vonage had actual notice of the Asserted Patents.  As the Letters, on their face, do not constitute actual notice of the Asserted Patents, and as there is no other purpose for offering these letters into evidence at trial, the Court should preclude Sprint from offering these letters, or any references thereto, into evidence at trial. Amsted, 24 F.3d at 185-187 (reversing jury verdict on the question of actual notice); see also Gart v. Logitech, Inc., 254 F.3d 1334, 1339 (Fed. Cir. 2001) (issue of notice can properly be decided as a matter of law "when no reasonable jury could find that the patentee either has or has not provided actual notice to the 'particular defendants by informing them of his patent and of their infringement of it.'") (citations omitted.)

To constitute "actual notice," the Federal Circuit has held that a communication must establish notice "of 'the infringement,' not merely notice of the patent's existence or ownership. Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device."  Amsted, 24 F.3d at 187; see also Uniboard Aktiebolag v. Acer America Corp., 118 F. Supp. 2d 19, at 26 (D.D.C. 2000) (letter providing notice of the patent's existence, a statement that author considers defendants to have infringed the patent, a reference to infringement litigation in Germany involving the patent, without specifying accused product, failed to constitute notice).  It is also not sufficient to give notice that a party is infringing a patent by stating that one party's patents "may be relevant" to the other party's product.  See id. at 20 (stating use of phrase "may be relevant" is a "vague advisory" insufficient to constitute actual notice).  Cf. Gart, 254 F.3d at 1346 (finding letter constituted actual notice where letter referenced "specific claims of the patent, a specific product, and the suggestion that a license under the patent may be needed").  Moreover, to effectuate actual notice, a party must

do more than write a letter asking to meet to discuss certain patents.  See, e.g., Eastman Kodak Company v. AGFA Gevaert N.V., 02-CV-6564T, 2004 U.S. Dist. LEXIS 12945 (W.D.N.Y. July 2, 2004) (correspondence must charge infringement by a product of a specific patent, and to provide sufficient notice, cannot merely confirm that "the parties were meeting to discuss [one party's] technology in light of [the other party's] intellectual property.").

Here, none of the five Letters, alone or in combination, come close to meeting the stringent specificity requirements for establishing Vonage had actual notice of the Asserted Patents.  In none of the Letters did Sprint identify a specific accused product,[1] specific patents (much less specific patent claims), or suggest in any manner that Vonage may be infringing a particular patent.  See Exs. 1-3 (referencing 43 unnamed "representative Sprint patents"; see also Exs. 4-5 (referring to nothing more specific than Sprint's "patent portfolio").  On their face, and at most, Sprint's Letters are nothing more than informational letters extending an invitation to discuss a business relationship – hardly the notice of infringement required by governing precedent.  See, e.g., Gart, 254 F.3d at 1346; Amsted Indus., 24 F.3d at 187.

The fact that Sprint sent identical form letters to both Vonage and Voiceglo further demonstrates that the Letters were no more than informational (and even then, only marginally so), not letters providing actual notice of a specific charge of infringement by a specific accused product so as to entitle Sprint to damages for all subsequent activity.  The July 13, 2004 and August 19, 2004 letters which were sent to, at least, Vonage and Voiceglo, were general, informational letters to the industry and legally insufficient to prove notice on the part of Vonage of the Asserted Patents and Sprint's contentions of infringement.  See Ex. 6; compare Exs. 1 and

---

[1]  The Vonage VoIP telephony system uses a number of different architectures and components for processing calls; Sprint, in the Letters, identifies none of them, even by generic description.

2; <u>Amsted</u>, 24 F.3d at 186-187 (vacating jury's damage award where form letter to industry, including the defendant, advised of plaintiff's ownership of patent and warning companies not to infringe was not actual notice); <u>see</u> <u>also</u> <u>AT&T Corp. v. Microsoft Corp.</u>, 290 F.Supp.2d 409, 416-17 (S.D.N.Y. 2003) (finding information statement at industry conference by patentee advising attendees, including accused infringer, that patentee had an essential patent on a particular standard and that a non-exclusive licensee was necessary to avoid infringement was insufficient to establish notice).

**B.      Evidence as to the Letters Will Unduly Burden and Confuse the Jury.**

Sprint is already asking the jury to compare at least eight variants of the Vonage System (including in-bound and out-bound calls, both with and without an RTP relay) with at least two competing constructions of sixty one claims in the seven Asserted Patents.  Introduction of evidence as to the five pre-litigation Letters, legally insufficient to establish the point they are offered to prove, stands only to further burden the jury, prejudice Vonage and waste the Court's time.  The introduction of evidence as to the Letters will only add needless time to what is already expected to be a lengthy trial and extraneous material to an already extensive record, and risk confusing the jury into believing that Sprint may have satisfied the actual notice requirements, when as a matter of law, the Letters do not and can not constitute actual notice.

**III.      CONCLUSION**

As a matter of law, the five pre-litigation Letters are insufficient to establish notice to Vonage of the Asserted Patents, or Sprint's claims of infringement.  The Letters are therefore not relevant to any claim at issue in this proceeding, and their introduction into evidence, or any references made to them at trial, will stand only to confuse the jury, obscure the already complex issues to be tried, confuse the issues, and cause undue delay and a waste of the Court's time.  As

- 7 -

such, Vonage respectfully requests the Court preclude Sprint from offering into evidence these

materials, and any references thereto, pursuant to Rules 401, 402 and 403.

Respectfully submitted,

August 17, 2007

BARBER EMERSON, L.C.
By:  s/ Terrence J. Campbell
Terrence J. Campbell - 18377
    tcampbell@barberemerson.com
Catherine C. Theisen - 22360
    ctheisen@barberemerson.com
1211 Massachusetts Street
P.O. Box 667
Lawrence, KS 66044
(785) 843-6600
(785) 843-8405 Facsimile

Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com

*Attorneys for Defendants Vonage America, Inc.
and Vonage Holdings Corp.*

## <u>EXHIBIT INDEX</u>

Exhibit 1 – July 13, 2004 letter from counsel to Sprint to Vonage

Exhibit 2 – August 19, 2004 letter from counsel to Sprint to Vonage

Exhibit 3 – November 12, 2004 letter from counsel to Sprint to Vonage

Exhibit 4 – May 9, 2005 letter from counsel to Sprint to Vonage

Exhibit 5 – July 15, 2005 letter from counsel to Sprint to Vonage

Exhibit 6 – July 13 and August 19, 2004 letters from counsel to Sprint to Voiceglo

Exhibit 7 – July 13, 2004 letters from counsel to Sprint addressed to DeltaThree, Inc., Broadvox

Corp., and Dialpad Communications, Inc.

Exhibit 8 – October 13, 2004 letter from counsel to Sprint to counsel to Voiceglo

Exhibit 9 – September 30, 2005 letter from counsel to Vonage to counsel to Sprint

## CERTIFICATE OF SERVICE

I hereby certify on August 17, 2007, that a copy of Vonage Holdings Corp. and Vonage America, Inc.'s Motion *In Limine* to Preclude Reference to Five Pre-Litigation Letters, and supporting papers, was filed electronically, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> Shook, Hardy & Bacon LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> bwebb@shb.com
> aseitz@shb.com
> eburesh@shb.com
>
> *Attorneys for Plaintiff*
> *Sprint Communications Company L.P.*

                                         _/s/ Lauren DeBruicker__