THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.   )
                                      )
                    Plaintiff,        )
                                      )
vs.                                   )
                                      )   Case No. 05-2433-JWL
VONAGE HOLDINGS CORP.,                )
VONAGE AMERICA, INC.                  )
                                      )
                    Defendants.       )
                                      )

### SPRINT'S OBJECTIONS AND COUNTER-DESIGNATIONS TO VONAGE'S DESIGNATION OF DEPOSITION TESTIMONY

Pursuant to Fed. R. Civ. P. 26 and 32 and the Final Pretrial Order entered in this matter, Sprint Communications Company L.P. files these objections and counter-designations to Vonage's designation of deposition testimony. Sprint hereby incorporates the evidentiary objections set forth in its Motions in *Limine* as they apply to Vonage's deposition designations as if fully set forth herein.

### 1. Michael Gardner

Sprint objects to the testimony of Michael Gardner as Vonage cannot satisfy the requirements of Fed. R. Civ. P. 32(a). Mr. Gardner will be in attendance at trial and will be testifying on behalf of Sprint. It is improper for Vonage to introduce deposition testimony of an available witness. In the event this witness unexpectedly becomes unavailable for trial, Sprint will provide counter-designations at that time.

Sprint objects to the page and line designation 62:2 – 64:8. This testimony relates to claim construction testimony, which is the subject of a motion in limine by Sprint. For the same reasons stated therein, this portion of the transcript should not be read to the jury. Additionally, this question was properly objected to on the grounds that it calls for a legal

conclusion on claim construction, which is solely within the province of the Court. This testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 63:18 – 64:8. This testimony is irrelevant because the Court already has construed the claim term "identifier." Doc. No. 264, at 27-31. Any testimony relating to the construction of this term is, therefore, irrelevant and objectionable under Fed. R. Evid. 401-403.

### 2. Michael Setter (April 28, 2006)

Sprint objects to the testimony of Michael Setter as Vonage cannot satisfy the requirements of Fed. R. Civ. P. 32(a). Mr. Setter will be in attendance at trial and will be testifying on behalf of Sprint. It is improper for Vonage to introduce deposition testimony of an available witness. In the event this witness unexpectedly becomes unavailable for trial, Sprint will provide counter-designations at that time.

Sprint objects to the page and line designation 65:3-16. This testimony relates to the timing of events concerning the prosecution of the Asserted Patents in relation to Joe Christie's death, which is the subject of a motion in limine by Sprint. For the same reasons stated therein, this portion of the transcript should not be read to the jury. Additionally, Sprint objects to this testimony as irrelevant because it does not relate to any claim or defense and, therefore, is objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 68:1-13; 93:7-16; 120:25 – 121:10; 132:21 – 133:7; 144:7-17; 151:2-11. The testimony lacks proper foundation and should not be read to the jury. Additionally, this testimony relates to the timing of events concerning the prosecution of the Asserted Patents in relation to Joe Christie's death, which is the subject of a motion in limine by Sprint. For the same reasons stated therein, this portion of the transcript

2586076v1

should not be read to the jury. Additionally, Sprint objects to this testimony as irrelevant because it does not relate to any claim or defense and, therefore, is objectionable under Fed. R. Evid. 401-403.

### 3. Michael Setter (March 27, 2007)

Sprint objects to the testimony of Michael Setter as Vonage cannot satisfy the requirements of Fed. R. Civ. P. 32(a). Mr. Setter will be in attendance at trial and will be testifying on behalf of Sprint. It is improper for Vonage to introduce deposition testimony of an available witness. In the event this witness unexpectedly becomes unavailable for trial, Sprint will provide counter-designations at that time.

Sprint objects to the page and line designation 64:15-21; 160:13 – 162:17; 164:22 – 165:13. This testimony relates to the "prototype," which is the subject of a motion in limine by Sprint. For the same reasons stated therein, this portion of the transcript should not be read to the jury. This testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 195:20 – 196:4. This testimony relates to the "prototype," which is the subject of a motion in limine by Sprint. For the same reasons stated therein, this portion of the transcript should not be read to the jury. Additionally, this designation is testimony of Vonage's attorney, not the witness. Furthermore, the witness testified that he had not seen the document and, therefore was not familiar with its contents. Accordingly, this line of testimony is irrelevant and lacks foundation. For these reasons, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 222:15 – 224:12. The testimony relates to the timing of events concerning the prosecution of the Asserted Patents in relation to Joe Christie's death, which is the subject of a motion in limine by Sprint. For the same reasons

stated therein, this portion of the transcript should not be read to the jury. Additionally, Sprint objects to this testimony as irrelevant because it does not relate to any claim or defense. For these reasons, this testimony is objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 240:11-21. This testimony relates to the "prototype," which is the subject of a motion in limine by Sprint. For the same reasons stated therein, this portion of the transcript should not be read to the jury. Additionally, this question seeks a legal conclusion and opinion testimony from a lay witness, which is improper under Fed. R. Evid. 701. For these reasons, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 247:8-11. This testimony relates to Vonage's prosecution laches defense, which was rejected by the Court in its Order on Summary Judgment. *See* Doc. No. 264, at 76-81. Because this defense has been rejected, the testimony is irrelevant because it does not relate to any claim or defense in this matter. For these reasons, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

### 4. Albert Duree (March 21, 2007 and March 22, 2007)

Sprint objects to the page and line designation 8:21 – 9:6. This was not testimony given by the deponent. This portion of the deposition concerns communications between counsel regarding an objection. This is irrelevant to any testimony given by Mr. Duree and should not be read to the jury. Furthermore, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403. Additionally, the question was properly objected to and a proper instruction not to answer was given. Furthermore, the question necessarily implicated the attorney client privilege. Vonage did not attempt to follow up on this line of questioning during

the rest of the deposition or during the rest of discovery. Therefore, this portion should not be read to the jury.

Sprint objects to the page and line designation 13:3-21. This testimony is irrelevant, speculative, and lacks foundation and, therefore, is objectionable under Fed. R. Evid. 401-403. The knowledge of Messrs. Christie, Gardner and Wiley as compared to Mr. Duree is irrelevant.

Sprint objects to the page and line designation 78:2-12. This testimony relates to claim construction testimony, which is the subject of a motion in limine by Sprint. For the same reasons stated therein, this portion of the transcript should not be read to the jury. This testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 101:19 – 102:4, 102:16-20, 103:3-15, and 109:3-21. This testimony relates to inventorship and double patenting, which is the subject of a motion in limine by Sprint. For the same reasons stated therein, this portion of the transcript should not be read to the jury. Furthermore, this testimony relates to non-asserted Christie patents, which are irrelevant (*see* Doc. No. 276), and is the subject of a motion in limine by Sprint. For the same reasons stated therein, this portion of the transcript should not be read to the jury. This testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 119:14 – 120:2. This testimony relates to inventorship and double patenting, which is the subject of a motion in limine by Sprint. This testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint counter-designates the following:

33:19 – 33:22
34:6 – 34:17
36:17 – 36:20
37:14 – 38:6

5

40:17 – 41:5
42:10 – 43:6
46:4 – 46:10
47:17 – 47:19
53:11 – 54:9
60:16 – 61:2
70:8 – 71:1
71:18 – 71:20
78:18 – 79:7
91:14 – 92:18
93:10 – 93:13
107:19 – 107:20
112:14 – 112:16

### 5. **William I. Wiley**

Sprint objects to the page and line designation 18:7-18. This testimony is irrelevant and does not relate to any claim or defense and, therefore, is objectionable under Fed. R. Evid. 401-403. The personal relationship between Messrs. Wiley and Christie is irrelevant and should not be read to the jury.

Sprint counter-designates the following:

15:1 – 15:3
15:7 – 15:10
15:22 – 16:2
17:5 – 17:12
24:18 – 25:6
25:12 – 26:4
39:2 – 39:9
39:20 – 39:21
40:3 – 41:1
57:5 – 57:7
57:10 – 57:20

### 6. **Raymond Spitzer**

Sprint objects to the page and line designation 79:14-17. This testimony relates to claim construction testimony, which is the subject of a motion in limine by Sprint. For the same reasons stated therein, this portion of the transcript should not be read to the jury. Additionally, this question was properly objected to on the grounds that it calls for a legal conclusion on claim

6

construction, which is solely within the province of the Court. This testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designations 80:2 – 81:1. This testimony constitutes improper opinion testimony by a lay witness under Fed. R. Evid. 701 and should not be read to the jury. This testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designations 92:7 – 94:3. This witness testified that he was not familiar with the document in question. Therefore, this line of questioning is irrelevant and lacks foundation. Additionally, this questioning was properly objected to on the grounds that it lacks foundation. For these reasons, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403. If this portion of the testimony is not stricken, Sprint counter-designates 89:5-9 and 89:21 – 90:1.

Sprint counter-designates the following:

6:22 – 7:8
7:13 – 7:15
12:1 – 12:3
12:21 – 13:7
15:21 – 16:15
16:21 – 17:9
21:7 – 21:10
21:22 – 22:2
22:8 – 22:11
23:18 – 23:19
26:14 – 26:18
27:19 – 28:1
28:17 – 28:19
58:20 – 59:22
60:21 – 61:11
62:7 – 62:17
63:14 – 63:19
68:18 – 68:21
69:6 – 69:8
73:8 – 73:12
73:16 – 73:21
74:6 – 74:8

7

>74:14 – 74:16
>75:14 – 75:16
>89:4 – 89:7
>89:9
>89:21 – 90:1
>102:22 – 103:3

**7. Tracy Nelson**

Sprint objects to the page and line designation 12:11-18. This was not testimony given by the deponent. This portion of the deposition concerns communications between the reporter and counsel. This is irrelevant to any testimony given by Mr. Nelson and should not be read to the jury. Furthermore, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 67:5-21. This witness testified that he was not familiar with the answer to the question and would only be speculating. Additionally, this line of questioning was properly objected to on the grounds that it calls for speculation. Therefore, this line of questioning is irrelevant and lacks foundation and should not be read to the jury. Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 70:19-22. This witness testified that he was not familiar with the answer to the question and would only be speculating. Therefore, this line of questioning is irrelevant and lacks foundation and should not be read to the jury. Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 114:21 – 115:2. This testimony relates to claim construction testimony, which is the subject of a motion in limine by Sprint. For the same reasons stated therein, this portion of the transcript should not be read to the jury. Additionally, this question was properly objected to on the grounds that it calls for a legal

conclusion on claim construction, which is solely within the province of the Court. This testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint counter-designates the following:

8:22 – 9:2
9:11 – 9:16
13:14 – 13:19
71:1 – 71:11
96:19 – 97:12
107:21 – 108:5
108:18 – 108:19
109:4 – 109:9

Dated: August 17, 2007.                    Respectfully submitted,

 /s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Adam P. Seitz, KS Bar No. 21059
Eric A. Buresh, KS Bar No. 19895
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Facsimile: (816) 421-5547

Counsel for Sprint Communications
Company, L.P.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of August, 2007, a true and accurate copy of the above and foregoing **SPRINT'S OBJECTIONS AND COUNTER DESIGNATIONS TO VONAGE'S DESIGNATIONS OF DEPOSITION TESTIMONY** was e-filed with the Court using the CM/ECF system which sent notification to all parties entitled to notice.


  /s/ Adam P. Seitz
Attorney for Sprint Communications Company, L.P.