IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

_____
SPRINT COMMUNICATIONS COMPANY L.P.,  )
                                     )
        Plaintiff,                   )
                                     )         Case No.  05-2433-JWL
        v.                           )
                                     )
VONAGE HOLDINGS CORP. and            )
VONAGE AMERICA, INC.,                )
                                     )
        Defendants.                  )
_____)

**MEMORANDUM IN SUPPORT OF VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF INFRINGEMENT OF THE '052 PATENT AND '561 PATENT UNDER THE DOCTRINE OF EQUIVALENTS**

Defendants Vonage Holdings Corporation and Vonage America, Inc. (collectively, "Vonage") submit this memorandum in support of their motion *in limine* to preclude Plaintiff Sprint Communications Company L.P. ("Sprint") from referencing at trial, or offering into evidence any documents, arguments or testimony regarding infringement of the '052 Patent and the '561 Patent under the doctrine of equivalents by Vonage's accused Voice-over-Internet Protocol telephony systems, pursuant to Federal Rules of Evidence 401 and 402.  Due to narrowing amendments made by Sprint during prosecution of the asserted patents, the doctrine of equivalents is unavailable for those amended elements as Sprint is precluded from capturing the subject matter it surrendered during prosecution.  Accordingly, Sprint should be precluded from introducing any arguments or testimony concerning infringement under the doctrine of equivalents, at least with respect to the limitation "to select a network code that identifies a network element to provide egress for the user communication from the packet communication system" that is not literally met by any accused product.

**I.     INTRODUCTION**

Sprint brought this action against Vonage alleging that Vonage infringes certain claims of the '052 Patent and the '561 Patent. In its Memorandum and Order dated August 7, 2007, the Court granted summary judgment with respect to the following non-infringement issues related to the '052 Patent and the '561 Patent: (i) no literal infringement of Claim 24 of the '561 Patent; and (ii) no infringement, either literal or under the doctrine of equivalents, of the '052 Patent in the inbound call scenario using a SIP gateway.

Vonage moves to preclude Sprint from asserting and introducing evidence at trial that Vonage's accused VoIP systems infringe certain claims of the '052 Patent and '561 Patent under the doctrine of equivalents based on prosecution history estoppel.

**II.     ARGUMENT**

**A.     Prosecution History Estoppel Precludes Sprint From Relying On The Doctrine of Equivalents**

Prosecution history estoppel limits the doctrine of equivalents by denying equivalents to a claim limitation whose scope was narrowed during prosecution, such as in response to a rejection over the prior art. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (2002). In determining whether prosecution history estoppel applies, the Court must engage in a two-step inquiry.

First, the Court must determine whether the narrowing amendment was made for a reason related to patentability. *See id.* A narrowing amendment that was made to satisfy any requirement of the Patent Act gives rise to an estoppel. *See id.* at 737-741. The burden is on the patentee to show that the amendment was not made for a reason related to patentability. *See id.* at 740. When the patentee cannot meet this burden, the Court must presume that the amendment was made for a reason related to patentability and apply prosecution history estoppel. *See id.*

Second, the Court must determine whether the patentee surrendered the particularly alleged equivalent in question. Although prosecution history estoppel does not serve as a "complete bar" to equivalents for a given limitation, the patentee also bears the burden of proving that a narrowing amendment did not surrender a particular equivalent in question. *See id.* at 740.

### B. Sprint Narrowed the Claims of the Asserted Patents for a Reason Related to Patentability

Sprint asserts that Vonage's VoIP system infringes claims 1, 2, 3, 4, 5, and 11 of the '052 Patent and claims 1, 3, 22, 23, 24, 26, 29, 36, and 38 of the '561 Patent. Memo and Order dated 8/7/07 (doc. 264), p. 45. Claim 1 of the '052 Patent and Claims 1 and 24 of the '561 Patent are independent claims; the remainder are dependent claims. The independent claims provide, in relevant part, as follows:

> 1. A method of transferring a user communication to a packet communication system, the method comprising:
> receiving the user communication into a device;
> receiving signaling formatted for a narrowband system into a processing system;
> in the processing system, **processing the signaling to select a network code that identifies a network element to provide egress for the user communication from the packet communication system** ...

'052 Patent, Compl. Ex. C, Claim 1 (emphasis added).

> 1. A method of operating a processing system to control a packet communication system for a user communication, the method comprising:
> receiving a signaling message for the user communication from a narrowband communication system into the processing system;
> **processing the signaling message to select a network code that identifies a network element to provide egress from the packet communication system for the user communication** ...

'561 Patent, Compl. Ex. B, Claim 1 (emphasis added).

> 24. A method of operating a processing system to control a packet communication system for a user communication, the method comprising:

- 3 -

> **selecting a network code that identifies a network element to provide egress for the user communication from the packet communication system** ...

*Id.* at Claim 24 (emphasis added).

During prosecution of the '052 Patent, Sprint amended the highlighted portion of claim 1 (the "selecting a network code" limitation) in response to a rejection by the Patent Office based on prior art and argued for patentability based on the amendment. Sprint failed to rescind the disclaimer resulting from the prosecution of the '052 Patent during the subsequent filing and prosecution of the '561 Patent, a continuation of a sister application to the '052 Patent. As a matter of law, Sprint is now estopped from expanding the scope of the "selecting a network code" limitations (highlighted above) in the asserted claims in the '052 Patent and '561 Patent using the doctrine of equivalents. *Festo*, 535 U.S. at 733-34, 736.

During prosecution of the '052 Patent, Sprint amended the "selecting a network code" limitation in response to a final rejection by the Patent Office based on prior art. Sprint amended the scope of its claims and argued for patentability based on the amendment.

Specifically, claim 1 which was rejected based on prior art read, in relevant part, as follows:

> 1.  A method for controlling communications, the method comprising:
> . . . .
> receiving signaling formatted for a narrowband system into a processing system that is external to any communication switches;
> **selecting a code in the processing system based on the signaling** . . .

*See* excerpt from file history, attached as Ex. A (emphasis added to highlight the "selecting a network code" limitation).

In response to the final rejection of all claims by the Patent Office based on the prior art, Sprint canceled rejected claims 1-63 and replaced the canceled claims with claims 64-87. New claim 64 in the amended claims reads, in relevant part, as follows:

- 4 -

> 64.     A method of transferring a user communication to a packet communication system, the method comprising:
> receiving the user communication into a device;
> receiving signaling formatted for a narrowband system into a processing system;
> **in the processing system, processing the signaling to select a network code that identifies a network element to provide egress for the user communication from the packet communication system** ...

*See* Ex. B, p. 2 (emphasis added to highlight the "selecting a network code" limitation).

As shown in the highlighted portions of canceled claim 1 and newly added claim 64, Sprint narrowed the scope of the patent with respect to the "selecting a network element" limitation. In the Remarks accompanying this amendment, Sprint affirmatively asserted that the amendment to the claims was intended to distinguish the prior art cited by the Examiner:

> Claims 1-63 are pending and stand rejected. Claims 1-63 have been replaced by new claims 64-87.
> . . . .
> **In new claim 64, a processing system receives and processes narrowband signaling to select a network code that identifies a network element to provide egress from a packet communication system for a user communication.** (See the Application, page 18, lines 14-23) In La Porta, the processing system selects an ATM connection and transfers a control message to an ATM switch indicating the ATM connection. To the ATM switch, the ATM connection identifies an output VPI/VCI for routing ATM cells out of the ATM switch. **The ATM switch does not identify "a network element to provide egress from a packet communications system."**

Ex. B, p. 6 (emphasis added). In response to Sprint's amendment to the claims and the remarks, the examiner allowed the claims.

Claim 64 issued as claim 1 in the '052 Patent after the narrowing amendment and Sprint's argument for patentability over the prior art based on the narrowing amendment. Thus there is a presumption that Sprint surrendered all subject matter between the step "selecting a code in the processing system based on the signaling" in canceled claim 1 and the step "in the processing system, processing the signaling to select a network code that identifies a network

element to provide egress for the user communication from the packet communication system" in claim 64.  *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.* 344 F.3d 1359, 1365 (Fed. Cir. 2003)(en banc) ("*Festo II*").

      **C.**    **Sprint's Narrowing Amendments Surrendered All Equivalents To The "Selecting a Network Code" Limitation In The '052 Patent**

Once a Court has determined that prosecution history estoppel applies and the range of equivalents available to the claims must be limited, the Court needs to determine whether the particular alleged equivalent in question was surrendered.  As set forth in detail below, Sprint's narrowing amendments surrendered all equivalents to the "selecting a network code" limitation in the '052 patent.

The original scope of Claim 1 in the '052 Patent was based on the limitation "selecting a code in the processing system based on the signaling" including the selection of a code representing a network element or a connection.  The specification of the '052 patent (which is identical to the specification of the '561 Patent) describes that the processor (CCP) could select any, all or none of the network elements and connections:

> **The CCP might select all of the network elements, a portion of the network elements, or none of the network elements** leaving the switches to select the remainder.  The CCP might select all of the connections, a portion of the connections, or none of the connections, again leaving the elements to select the remainder.  The CCP may select combinations of the above options, but the CCP will always select at least one network characteristic.

Compl. Ex. C, at 7:20-29 (emphasis supplied).

As amended, the new scope of Claim 1 in the '052 Patent is narrowed to selecting the network code of the network element that provides egress from the packet communication system.

- 6 -

In this case, Sprint clearly surrendered the step it now accuses Vonage of infringing, i.e., the selection of a network code for any network element other than one which provides egress from the packet communication system.

As discussed above, Sprint overcame or avoided a prior art rejection by adding the additional requirement that the network code identified a network element, and that the network element provided egress from the packet communication system. Thus, Sprint had originally contemplated broader claims (selecting a code which could represent any network element or connection), but narrowed the claims' scope to secure issuance of the patent.

Sprint now accuses Vonage of infringement based on the selection of the network code of the RTP Relay as being an equivalent to the recited limitation. Order and Memo dated 8/7/07 (doc. 264), p. 54. However, the RTP Relay is not a network element that provides egress form the packet communication system. Id. At 53. In other words, selecting the network code of the RTP Relay is the very step that Sprint surrendered with its narrowing amendments. Sprint cannot now recapture the previously surrendered subject matter by applying the doctrine of equivalents. *See Festo*, 535 U.S. at 733-34. Accordingly, Sprint should be precluded from introducing any testimony or arguments relating to the doctrine of equivalents as to the "selecting a network code limitation."

### D. Sprint's Narrowing Amendments Surrendered All Equivalents To the "Selecting a Network Code" Limitation Recited In The '561 Patent

A patentee may not recapture claim scope in a continuation application that was surrendered by the patentee in prosecuting a parent application unless the patentee clearly rescinds the disclaimer made during the prosecution of the parent. *Hakim v. Cannon Avent Group, PLC*, 479 F.3d 1313, 1317-18 (Fed. Cir. 2007)  Rescission of a prosecution history disclaimer in a later filed application requires that Sprint inform the examiner that the previous

disclaimer was being rescinded and to identify the prior art and the arguments made to overcome the art . *Id. at 1318.* Here, as discussed above, Sprint surrendered claim scope during prosecution of the '052 Patent. During prosecution of the '561 Patent, Sprint did not inform the examiner that any previous disclaimer was rescinded and that the prior art that was avoided by the amendment and argument may need to be revisited.

Thus, based on the prosecution of the application for the '052 Patent, which is a sister application of the parent of the '561 Patent, Sprint is barred as a matter of law from recapturing surrendered claim scope of the "selecting a network element" limitation in the '561 Patent under the doctrine of equivalents to cover the selection of the network code of an RTP relay.

### III.  CONCLUSION

For the reasons set forth in detail above, the Court should preclude Sprint from referencing at trial, or offering into evidence any document or testimony regarding infringement of the '605 Family Patents under the doctrine of equivalents by Vonage's accused Voice-over-Internet Protocol telephony systems, because such evidence cannot, as a matter of law, be relevant to any fact in dispute. Fed. R. Evid. 401 and 402.

Respectfully submitted,

BARBER EMERSON, L.C.

August 17, 2007               By:  s/ Terrence J. Campbell
                              Terrence J. Campbell - 18377
                              tcampbell@barberemerson.com
                              Catherine C. Theisen - 22360
                              ctheisen@barberemerson.com
                              1211 Massachusetts Street
                              P.O. Box 667
                              Lawrence, KS 66044
                              (785) 843-6600
                              (785) 843-8405 Facsimile

Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com

*Attorneys for Defendants/Counterclaim Plaintiffs Vonage America, Inc. and Vonage Holdings Corp*

## CERTIFICATE OF SERVICE

I hereby certify on August 17, 2007, that a copy of Vonage Holdings Corp. and Vonage America, Inc.'s Motion *In Limine* to Preclude Evidence Of Infringement Of The '052 Patent And The '561 Patent Under The Doctrine Of Equivalents, and supporting papers, was filed electronically, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

>B. Trent Webb
>Adam P. Seitz
>Erick A. Buresh
>Shook, Hardy & Bacon LLP
>2555 Grand Boulevard
>Kansas City, MO 64108-2613
>bwebb@shb.com
>aseitz@shb.com
>eburesh@shb.com
>
>*Attorneys for Plaintiff*
>*Sprint Communications Company L.P.*

         _s/ Lauren DeBruicker__