IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
)
          Plaintiff, )
)
v. )
) Case No.  05-2433-JWL
VONAGE HOLDINGS CORP. and ) JURY TRIAL DEMANDED
VONAGE AMERICA, INC., )
)
          Defendants. )

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE ARGUMENTS UNDER THE '932 PATENT THAT THE CLAIMED STEP OF "SELECTING A NARROWBAND SWITCH" CAN BE READ ON VONAGE'S SYSTEM SELECTING A DS0 CONNECTION**

Defendants Vonage Holdings Corp. and Vonage America, Inc. (collectively, "Vonage") have moved for an order precluding Plaintiff Sprint Communications Company L.P. ("Sprint") from offering into evidence any arguments that Vonage infringes U.S. Patent No. 6,452,932 (the "'932 Patent") on the basis that the claimed step of "selecting a narrowband switch" can be read on the Vonage VoIP telephony system that selects a DS0 connection.  Sprint should be precluded from making such arguments because (1) during the prosecution of the related '052 Patent, Sprint, in order to overcome a rejection from the U.S. Patent Office based on prior art, argued that selection of a connection is not the same as selection of a network element (i.e., for reasons of patentability), and (2) allowing Sprint to present such arguments would violate the well-settled law that precludes a patent owner from recapturing subject matter surrendered during prosecution.  Vonage respectfully submits this Memorandum in support of its Motion.

**I.    INTRODUCTION**

Sprint filed this action in 2005 alleging that Vonage infringes several of Sprint's patents, including claims 1 and 18 of the '932 Patent.  Claim 1 recites:

- 1 -

> 1. A method for handling a call having a first message and communications, the method comprising:
>
> receiving and processing the first message in a processing system external to narrowband switches **to select one of the narrowband switches**;
>
> generating a second message in the processing system based on the selected narrowband switch and transmitting the second message for the processing system; and
>
> receiving the second message and the communications in an asynchronous communication system and
>
> transferring the communications to the selected narrowband switch in response to the second message.

'932 Patent, attached as Exhibit "A" (emphasis added). Independent claim 18, an apparatus claim, recites, *iter alia*,

> 18. A communication system . . . the communication system comprising:
>
> a processing system external to narrowband switches **to select one of the narrowband switches**;

*Id.* (emphasis added).

In one embodiment, the '932 Patent's specification discloses the selection of a connection and the selection of a network element are different results obtained from processing a signaling message. In another embodiment, the '932 specification explains that in some circumstances, the selection of a network connection effectively selects a connection and vice versa. The specific situation where this is true is when a single connection inevitability connects to the elements.

Sprint has asserted that the limitation of processing the signaling message "**to select one of the narrowband switches**" can be read on Vonage's system which "**selects a DS0 connection**." For the reasons discussed below, Sprint should be precluded from asserting such a position at trial.

## II. ARGUMENT

### A. A DS0 Connection And A Narrowband Switch Are Not The Same.

The '932 specification defines an element and a connection, and makes it clear they are not the same:

> Typically, telecommunications systems are comprised of network elements and connections. **A network element is a telecommunications device such as a switch**, server, service control point, service data point, enhanced platform, intelligent peripheral, service node, adjunct processor, network element of a different network, enhanced system or other network related device, server, center or system.
>
> **A connection is the media between two network elements** that allows the transfer of information. A few examples of connections are: digital T1 lines, OC-3 optical fibers, packet connections, dedicated access lines, microwave transmission, and cellular radio. As those skilled in the art are aware, connections can be described in a range from general to specific. All of the media between two switches is a general description and might correspond to a virtual path in an ATM system or a trunk groups in a T1 system. **An individual circuit between two elements is more specific and might correspond to a virtual channel in an ATM system or a DS0 circuit in a T1 system**.

Ex. A, col. 4, l. 57 – col. 5, l. 8.

Based on the plain language of the specification, a narrowband switch is an element, and a DS0 connection is a connection, and they are different. Thus, a narrowband switch and a DS0 connection are literally not the same thing.

The '932 specification discloses that the processor may select a network element, a connection or any combination thereof:

> The CCP might select all of the network elements, a portion of the network elements, or none of the network elements leaving the switches to select the remainder. The CCP might select all of the connections, a portion of the connections, or none of the connections, again leaving the elements to select the remainder. The CCP may select combinations of the above options, but the CCP will always select at least one network characteristic. (7:20-29)
>
> In one embodiment, CCP 120 selects the network elements and the connections that comprise the communications path. . . . In another embodiment, CCP 120 may select only the network elements <u>and not the connections</u>.

Ex. A at col. 6, lines 23-25 and 62-63 (emphasis added).

The specification also discloses that in some specific situations, the selection of a network element "**effectively**" selects a connection:

> There are situations in which the selection of a network element and the selection of a connection **signify** the same thing. ...This is because the connection inevitably connects to the element. The selection of a connection may **effectively** select a network element, and the selection of a network element may **effectively** select a connection (or a group of specific connections) to that network element.

*Id*. at Col. 7 l. 10-19).

The use of the terms "**signify**" and "**effectively**" is conclusive evidence that selecting a network element is not the same thing as selecting a connection, but rather is an express disclosure that the selection of a network code may lead to the same result as the selection of a connection, i.e., the same communication path. The specific circumstance where this is true is where a single connection inevitably connects to the network element.

Thus, selecting a network element is clearly not the same thing, literally, as selecting a connection.

> **B.    Prosecution History Estoppel Precludes Sprint from Asserting that the Selection of a Narrowband Switch is the Same as the Selection Of DS0 Connection.**

Prosecution history estoppel limits the doctrine of equivalents by denying equivalents to a claim limitation whose scope was narrowed during prosecution, either through amendment or argument in response to a rejection over the prior art. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (2002).

Arguments made during prosecution of a related application are relevant to the scope of the common term in the related application. *Microsoft Corp. v. Multi-Tech Sys., Inc*. 357 F. 3d 1340, 1349 (Fed. Cir. 2004), *Wang Labs, Inc. v. America Online, Inc*., 197 F.3d 1377 (Fed. Cir.

1999); *Watts v. XL Sys., Inc.*, 232 F.3d 877 (Fed. Cir. 2000); *Ballard Medical Prods. v. Allegiance Healthcare Corp.*, 268 F.3d 1352 (Fed. Cir. 2001).

Once a Court has determined that prosecution history estoppel applies, the Court must determine whether the patentee surrendered the particularly alleged equivalent in question. *See Festo*, 535 U.S. at 740.

During the prosecution of the '052 Patent (which shares an identical written description and drawings with the '932 Patent), Sprint amended patent Claim 1 to add the limitation "processing the signaling to select a network code that identifies a network element to provide egress for the user communication." In arguing for allowance of this claim over the cited prior art patent to La Porta, Sprint argued that:

> "[i]n LaPorta, the "processing system" selects an ATM **connection** and transfers a control message to an ATM switch indicating the ATM connection. . . . The ATM **connection does not identify "a network element** to provide egress from a packet communication system."

Prosecution History of U.S. Patent No. 6,463,052, Office Action Response dated Sept. 6, 2001, attached as Exhibit "B," at p. 6 (emphasis added).

Thus, Sprint's argument is the selection of an ATM connection (which connection does go through the network element that provides egress) is not the same as the selection of the network code of the network element that does provide egress. In response to Sprint's argument, the claim was allowed.

Once a Court has determined that prosecution history estoppel applies and the range of equivalents available to the claims must be limited, the Court needs to determine whether the particular equivalent in question was surrendered. Here, Sprint expressly disclaimed that the selection of a connection was the same thing as the selection of a network element in order to overcome the prior art in the '052 Patent. Thus, Sprint is precluded from coming to this Court

- 5 -

and asserting the selection of a narrowband switch is the same thing as selecting a DS0 connection.  *See Festo*, 535 U.S. at 733-34.

      **C.**    **Sprint Is Estopped From Asserting That "Selecting A Narrowband Switch" is An Equivalent to Selecting A Connection**

Subject matter that is disclosed but not claimed is dedicated to the public.  *Johnson and Johnston Assoc. Inc. v. R.E. Service Co.*, Inc., 285 F.3d 1046, 1054 (Fed. Cir. 2002) (*en banc*).  This "disclosure-dedication" rule limits the application of the doctrine of equivalents to prohibit the encompassing of disclosed but unclaimed subject matter.  *PSC Computer Products Inc. v. Foxconn International Inc.*, 355 F.3d 1353, 1356 (Fed. Cir. 2004); *Toro Co. v. White Consolidated Indus. Inc.*,  383 F.3d 1326, 1330 (Fed. Cir. 2004).

As stated in *Maxwell v. J. Baker, Inc.,* 86 F.3d 1098, 1106-08 (Fed. Cir. 1996), when a patent drafter discloses but declines to claim subject matter, as in this case, this action dedicates that unclaimed subject matter to the public. Application of the doctrine of equivalents to recapture subject matter deliberately left unclaimed would "conflict with the primacy of the claims in defining the scope of the patentee's exclusive right."  *Sage Prods. Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1424 (Fed. Cir. 1997) (*citing Warner-Jenkinson v. Hilton-Davis Chem. Co.*, 520 U.S. 17, 29 (1997).

The '932 specification discloses that the selection of a connection and the selection of a network element are different results obtained from processing a signaling message. Accordingly, Sprint filed claims directed to selecting a network element, as in Claims 1 and 18 of the '932 patent, and also filed claims directed to selecting a connection, as in Claim 16 of the related '561 Patent:

    16.    The method of Claim 1 further comprising processing the signaling message **to select a DS0 connection** to provide egress from the packet communication system**.**

*See* U.S. Patent No. 6,633,561 Patent, attached as Exhibit "C."

The fact that Sprint claimed "processing to select a DS0 connection" in the related '052 patent (identical specification as the '932 patent) is conclusive evidence that one of skill in the art would understand that the '932 Patent clearly describes, *but does not claim*, the selection of a DS0 connection.

Thus, because the '932 specification clearly describes to one of skill in the art that the processor can select a DS0connection, but Sprint chose not to claim that feature in the '932 patent, Sprint is estopped from asserting that "selecting a narrowband switch" is equivalent to the selection of a DS0 connection.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BARBER EMERSON, L.C. |
| August 17, 2007 | By: s/ Terrence J. Campbell |
|  | Terrence J. Campbell - 18377 |
|  |   tcampbell@barberemerson.com |
|  | Catherine C. Theisen - 22360 |
|  |   ctheisen@barberemerson.com |
|  | 1211 Massachusetts Street |
|  | P.O. Box 667 |
|  | Lawrence, KS 66044 |
|  | (785) 843-6600 |
|  | (785) 843-8405 Facsimile |

Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com

*Attorneys for Defendants Vonage America, Inc. and Vonage Holdings Corp.*

## CERTIFICATE OF SERVICE

I hereby certify on August 17, 2007, that a copy of Memorandum of Law In Support of Defendants' Motion *in Limine* to Preclude Arguments Under the '932 Patent that the Claimed Step of "Selecting A Narrowband Switch" Can Be Read on Vonage's System Selecting A DS0 Connection, and supporting papers was filed electronically, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> Shook, Hardy & Bacon LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> bwebb@shb.com
> aseitz@shb.com
> eburesh@shb.com
>
> *Attorneys for Plaintiff*
> *Sprint Communications Company L.P.*

                                                    _s/ Terrence J. Campbell__