## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P.,   ) <br>   ) <br> Plaintiff,   ) <br>   ) <br> v.   ) <br>   ) <br> VONAGE HOLDINGS CORP. and   ) <br> VONAGE AMERICA, INC.,   ) <br>   ) <br> Defendants.   ) <br>   ) | Case No.  05-2433-JWL |

### MEMORANDUM IN SUPPORT OF VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF INFRINGEMENT OF THE '301 FAMILY PATENTS UNDER THE DOCTRINE OF EQUIVALENTS

Defendants Vonage Holdings Corporation and Vonage America, Inc. (collectively, "Vonage") submit this memorandum in support of their motion *in limine* to preclude Plaintiff Sprint Communications Company L.P. ("Sprint") from referencing at trial, or offering into evidence any document or testimony regarding, infringement of the '301 Family Patents under the doctrine of equivalents by Vonage's accused Voice-over-Internet Protocol telephony system, pursuant to Federal Rules of Evidence 401 and 402.  Specifically, Sprint is barred from using the doctrine of equivalents to expand the scope of the '301 Family Patents to capture non-ATM technology.

## I.     INTRODUCTION

Sprint brought this action against Vonage alleging that Vonage infringes the '301 Family Patents both literally and under the doctrine of equivalents.  In its Memorandum and Order dated August 7, 2007, this Court (i) construed the terms "interworking device" and interworking unit" found in each of the asserted claims of the '301 Family Patents to mean  *ATM interworking*

- 1 -

Dockets.Justia.com

*multiplexer*; (ii) granted Vonage's motion for summary judgment that it did not literally infringe the '301 Family Patents because it is undisputed that Vonage's accused system does not use ATM technology; and (iii) denied Vonage's motion for summary judgment that it did not infringe the '301 Family Patents under the doctrine of equivalents on the basis that, when the facts are viewed in the light most favorable to Sprint, there was a genuine issue of material fact as to whether the gateways in Vonage's non-ATM system were the equivalent of an ATM interworking multiplexer. In reaching its decision, the Court did not consider whether Sprint was barred by prosecution history estoppel from using the doctrine of equivalents to expand the scope of the '301 Family Patents to capture non-ATM technology. In view of the Court's construction of the claims in the '301 Family Patents to be limited to ATM technology, Sprint must rely on the doctrine of equivalents to show that Vonage's VoIP system infringes.

Vonage moves to preclude Sprint from asserting and introducing evidence at trial that Vonage's accused VoIP system infringes the '301 Family Patents under the doctrine of equivalents based on Sprint's affirmative acts in obtaining the '301 Family Patents that limit the scope of the patents to ATM technology.

## II.    ARGUMENT

### A.    Prosecution History Estoppel Precludes Sprint from Relying on the Doctrine of Equivalents.

Prosecution history estoppel limits the doctrine of equivalents by denying equivalents to a claim limitation whose scope was narrowed during prosecution, such as in response to a rejection over the prior art. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (2002). In determining whether prosecution history estoppel applies, the Court must engage in a two-step inquiry.

First, the Court must determine whether the narrowing amendment was made for a reason related to patentability. *See id.* A narrowing amendment that was made to satisfy any requirement of the Patent Act gives rise to an estoppel. *See id.* at 737-41. The burden is on the patentee to show that the amendment was not made for a reason related to patentability. *See id.* at 740. When the patentee cannot meet this burden, the Court must presume that the amendment was made for a reason related to patentability and apply prosecution history estoppel. *See id.*

Second, the Court must determine whether the patentee surrendered the particularly alleged equivalent in question. Although prosecution history estoppel does not serve as a "complete bar" to equivalents for a given limitation, the patentee also bears the burden of proving that a narrowing amendment did not surrender a particular equivalent in question. *See id.* at 740.

The prosecution history as a whole, including the prosecution history of parent applications, must be examined in determining whether estoppel applies. *Jonsson v. Stanley Works*, 903 F.2d 812, 818 (Fed. Cir. 1993). Based on this principle, estoppel is created when an applicant files a continuation-in-part application with narrower claims in lieu of otherwise responding to rejections by the USPTO in an ('606 patent) application. *Mark I Marketing Corp. v. Donnelley & Sons Co.*, 66 F.3d 285, 292 (Fed. Cir. 1995).

Sprint is estopped from expanding the scope of the '301 Family Patents to capture non-ATM technology on the basis that (a) at the time of filing the application for the '301 Patent, Sprint narrowed its claims from a parent application to include only ATM technology and relied on narrowing limitations to ATM technology in arguing for patentability; and (b) during prosecution of the related '605 Family Patents, Sprint repeatedly argued that an ATM network was fundamentally different than a network using network codes to identify network elements.

**B.**     **Sprint Is Barred By Prosecution History Estoppel From Expanding The Scope Of The '301 Family Patents To Include Non-ATM Technology Due To Amendment And Prosecution Of The Parent '301 Patent.**

The '301 Patent issued from application no. 08/525,897 which was filed on September 8, 1995, as a continuation-in-part application of the '605 Application. At the time of filing the application for the '301 Patent, all claims in the parent '605 Application were under final rejection issued by the U.S. Patent Office on July 7, 1995. (*See* Ex. "A," p. 1) In response to the final rejection of the '605 Application, Sprint elected to (1) file a series of continuation and continuation-in-part applications, including the application for the '301 Patent, and (2) abandon the '605 Application.

In filing the application for the '301 Patent, Sprint filed claims that were narrower than the rejected claims in the '605 Application by including elements that are unique to ATM communications systems, e.g., "ATM interworking multiplexer" narrowing "network elements" and "virtual connections" narrowing "connections". (*See* Ex. "B," pp. 38-51 and Ex. "C," pp. 3-19) During prosecution of the application for the '301 Patent, Sprint relied on these narrowed limitations in arguing for patentability over prior art:

> In the invention, the ATM multiplexer uses the <u>virtual connection identified in the signaling</u> in order to interwork a call with the proper virtual connection. For example, the signaling processor may select and identify the particular VPI/VCI that the ATM multiplexer should use on a given call. As a result, the ATM multiplexer would place this VPI/VCI in the headers of the ATM cells for that call.
>
> * * *
>
> In Hiller, the ATM multiplexer does <u>not</u> use signaling that <u>identifies a selected</u> <u>virtual connection</u>.
>
> * * *
>
> Claims 1-15 and 17-66, all require the limitation that the ATM multiplexer use signaling that identifies the virtual connection to interwork a call into the selected virtual network.

*See* Ex. "D," p. 8 (emphasis in original).

Sprint cannot rely on the doctrine of equivalents as a matter of law to expand the scope of the '301 Family Patents to cover non-ATM technology. Sprint abandoned the claims that were finally rejected in the '605 Application in favor of the narrowed claims all directed to ATM technology in the continuation-in-part application for the '301 Patent. Thus there is a presumption that Sprint surrendered all subject between a "network element" using a "connection" and an "ATM interworking multiplexer" using "virtual connections". *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.* 344 F.3d 1359, 1365 (Fed. Cir. 2003) (en banc) ("*Festo II*").

The prosecution history as a whole, including the prosecution history of parent applications, must be examined as a whole in determining whether estoppel applies. *Jonsson*, 903 F.2d at 818. Thus, based on the prosecution of the application for the '301 Patent which is the parent or grand parent of each of the '301 Family Patents, Sprint is barred as a matter of law from expanding the scope of the '301 Family Patents to cover non-ATM technology.

**C.    Sprint Is Barred From Recapturing Claim Scope That Was Surrendered In The '301 Patent In The Continuation Patents Of The '301 Family Patents**

As a result of an estoppel created in a parent application, a patentee may not recapture claim scope in a continuation application that was surrendered by the patentee in prosecuting a parent application unless the patentee clearly rescinds the disclaimer made during the prosecution of the parent. *Hakim v. Cannon Avent Group, PLC*, 479 F.3d 1313, 1317-18 (Fed. Cir. 2007). Rescission of a prosecution history disclaimer in a later filed application requires that Sprint inform the examiner that the previous disclaimer was being rescinded and to identify the prior art and the arguments made to overcome the art . *Id.* at 1318.

Here, as discussed above, Sprint surrendered claim scope by submitting narrowed claims in the continuation-in-part application for the Parent '301 Patent and relied on the narrowed

claim limitations in arguing for patentability.  Each of the asserted patents in the '301 Family

Patents is a continuation of the '301 Patent (or a continuation of a continuation).  In order to

rescind the surrender of claim scope, Sprint should have in each of '429, '064 and '429 patents

informed the examiner that the previous disclaimer of the '301 Patent was being rescinded and

should have identified the prior art cited in the '310 Patent and identified the arguments made to

overcome the art.  Because Sprint did not do so, Sprint failed to rescind the surrender of claim

scope made during prosecution of the parent '301 Patent.  Thus Sprint is now barred from

attempting to recapture the surrendered scope under the doctrine of equivalents in the '301

Family Patents.

       **D.**       **Sprint Is Barred By The Prosecution Of The '605 Family Patents From Expanding The Scope Of The '301 Family Patents To Cover Non-ATM Technology.**

Arguments made during prosecution of a related application are relevant to the scope of

the common term in the related application.  *Microsoft Corp. v. Multi-Tech Sys., Inc.* 357 F. 3d

1340, 1349 (Fed. Cir. 2004), *Wang Labs, Inc. v. America Online, Inc.*, 197 F.3d 1377 (Fed. Cir.

1999); *Watts v. XL Sys., Inc.*, 232 F.3d 877 (Fed. Cir. 2000); *Ballard Medical Prods. v.*

*Allegiance Healthcare Corp.*, 268 F.3d 1352 (Fed. Cir. 2001).

During prosecution of the '605 Family Patents, which are related to the '301 Family

Patents, Sprint repeatedly argued that a system using ATM *connections* was fundamentally

different than a system that uses network codes to identify *network element*s:

> In La Porta, the processing system **selects an ATM connection** and
> transfers a control message to an ATM switch **indicating the ATM connection**. **To the ATM switch**, **the ATM connection identifies an output VPI/VCI for routing ATM cells out of the ATM switch. The ATM connection does not identify "a network element** to provide egress from a packet communication system".

*See* Prosecution History of '052 Patent, Office Action Response dated Sept. 6, 2001, (Ex. "E," p.

6) (emphasis added); Prosecution History of U.S. Patent No. 6,366,586, Office Action Response

dated May 30, 2001 (Ex. "F," p. 8); Prosecution History of U.S. Patent No. 6,643,282, Office

Action Response dated May 17, 2001 (Ex. "G," p. 7).

Sprint is now estopped from arguing that a network element ( i.e., ATM interworking

multiplexer) that uses an ATM connection is equivalent to a network device (i.e., SIP Gateway)

that uses a network code.  Sprint cannot now rely on arguments in urging infringement under the

doctrine of equivalents that are directly contrary to what it argued to the Patent Office in order to

obtain allowance of the patents in suit.  *See, e.g.*, *Zenith Lab., Inc. v. Bristol-Myers Squibb Co.*,

19 F.3d 1418, 1424 (Fed. Cir. 1994) (prosecution history estoppel precludes a patentee from

obtaining in an infringement suit protection for subject matter which it relinquished during

prosecution in order to obtain allowance of the claims); *Elkay Mfg. Co. v. Ebco Mfg. Co.*, 192

F.3d 973, 980 (Fed. Cir. 1999) ("When multiple patents derive from the same initial application,

the prosecution history regarding a claim limitation in any patent that has issued applies with

equal force to subsequently issued patents that contain the same claim limitation.").  Thus Sprint

is barred by the arguments it made during prosecution of the '605 Family Patents from

expanding the scope of the '301 Family Patents under the doctrine of equivalents to cover

Vonage's VoIP system.

Respectfully submitted,

BARBER EMERSON, L.C.

August 17, 2007                    By:  /s/ Catherine C. Theisen
                                   Terrence J. Campbell - 18377
                                   tcampbell@barberemerson.com
                                   Catherine C. Theisen - 22360
                                   ctheisen@barberemerson.com
                                   1211 Massachusetts Street
                                   P.O. Box 667
                                   Lawrence, KS 66044
                                   (785) 843-6600
                                   (785) 843-8405 Facsimile

                                   Patrick D. McPherson
                                   Barry Golob
                                   Donald R. McPhail
                                   Duane Morris LLP
                                   1667 K Street N.W.
                                   Washington, DC 20006-1608
                                   202-776-7800
                                   pdmcpherson@duanemorris.com
                                   bgolob@duanemorris.com
                                   drmcphail@duanemorris.com

                                   *Attorneys for Defendants/Counterclaim
                                   Plaintiffs Vonage America, Inc. and Vonage
                                   Holdings Corp*

**CERTIFICATE OF SERVICE**

I hereby certify on August 17, 2007, that a copy of Vonage Holdings Corp. and Vonage

America, Inc.'s Motion *In Limine* to Preclude Evidence Of Infringement Of The '301 Family

Patents Under The Doctrine Of Equivalents, and supporting papers, was filed electronically, with

a notice of case activity to be generated and sent electronically by the Clerk of Court to:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> Shook, Hardy & Bacon LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> bwebb@shb.com
> aseitz@shb.com
> eburesh@shb.com
>
> *Attorneys for Plaintiff*
> *Sprint Communications Company L.P.*

> _/s/ Lauren DeBruicker__

DM2\1233380.1