# EXHIBIT A

Dockets.Justia.com



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/238,605 | 05/05/94 | CHRISTIE J | SPT1057 |

EXAMINER: ~~BLUM, R~~

26M1/0707

HARLEY R. BALL
SPRINT LAW DEPARTMENT
8140 WARD PARKWAY
MAILSTOP: MOKCMP0506
KANSAS CITY, MO 64114

| ART UNIT | PAPER NUMBER |
|---|---|
| 2603 | ~~6~~ 7 |

DATE MAILED: 07/07/95

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined ☒ Responsive to communication filed on 5/15/95 ☒ This action is made final.

A shortened statutory period for response to this action is set to expire 3 month(s), —— days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☒ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ ______________.

**Part II SUMMARY OF ACTION**

1. ☒ Claims 64-120 are pending in the application.

   Of the above, claims ______ are withdrawn from consideration.

2. ☒ Claims 1-63 have been cancelled.
3. ☐ Claims ______ are allowed.
4. ☒ Claims 64-120 are rejected.
5. ☐ Claims ______ are objected to.
6. ☐ Claims ______ are subject to restriction or election requirement.
7. ☒ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.
8. ☐ Formal drawings are required in response to this Office action.
9. ☐ The corrected or substitute drawings have been received on ______. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).
10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on ______, has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).
11. ☒ The proposed drawing correction, filed 5/15/95, has been ☐ approved; ☒ disapproved (see explanation).
12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. ______; filed on ______.
13. ☐ Since this application apppears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. ☒ Other document BK was not found with the other references submitted on the IDS

EXAMINER'S ACTION

PTOL-326 (Rev. 2/93)

VON_865364

Serial Number: 08/238,605

Art Unit: 2603

**Part III DETAILED ACTION**

*Drawings*

1. The proposed drawing correction and/or the proposed substitute sheets of drawings, filed on 15 May 1995 have been disapproved because the proposed correction to figure 3 does not label elements 328, 340, 345 and 338, reference numeral 310 is still not shown and it is not clear what changes are intended as shown by the red-lining on the proposed correction.

2. Applicant is required to submit a proposed drawing correction in response to this Office Action. Any proposal by the applicant for amendment of the drawings to cure defects must consist of two parts:

a) A *separate* letter to the Draftsman in accordance with MPEP § 608.02(r); and

b) A print or pen-and-ink sketch showing changes in *red ink* in accordance with MPEP § 608.02(v).

IMPORTANT NOTE: The filing of new formal drawings to correct the noted defect may be deferred until the application is allowed by the examiner, but the print or pen-and-ink sketch with proposed corrections shown in red ink is required in response to this Office Action, and *may not be deferred*.

Serial Number: 08/238,605

Art Unit: 2603

*Specification*

3. The following is a quotation of the first paragraph of 35 U.S.C. § 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

The specification is objected to under 35 U.S.C. § 112, first paragraph, as the specification as originally filed does not support the invention as is now claimed.

The addition of the 'triggering' terminology to the specification and claims is deemed to be new matter and should be deleted in all instances.

***Claim Rejections - 35 USC § 112***

4. Claims 64-83 are rejected under 35 U.S.C. § 112, first paragraph, for the reasons set forth in the objection to the specification.

5. Claims 86-93 and 117-120 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

In claims 86 and 89, line 13 of both claims, it is not known what is meant by "a second signal ... *reflecting on*" the network element or connection.

In claim 117 lines 3-4 and 6 it is not known what is meant by "receiving a communication path"; i.e. how is it possible to receive a communication *path*?

Claims 87, 88, 90-93 and 118-120 are rendered indefinite by being dependent on one of the above rejected claims.

***Claim Rejections - 35 USC § 102***

6. The following is a quotation of the appropriate paragraphs of 35 U.S.C. § 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent.
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

7. Claims 64-66, 71-78, 84-90, 94-100, 105, 112-115 and 117 are rejected under 35 U.S.C. § 102(b) as being anticipated by Gopal et al. (Gopal). The claims to the instant invention read on Gopal wherein there is disclosed a telecommunications network architecture which is comprised of switches 11-17, corresponding to the instant network elements, and processor group 20 any one of which corresponds to the instant processor. The call setup

message corresponds to the instant first signal and the routing response from the processor corresponds to the instant second signal. See figure 1, column 1 lines 41-47, column 3 lines 25-46 and column 4 line 51-column 5 line 12.

8. Claims 64-67, 71-79, 82, 84-100, 104, 105, 110, 112-115 and 117 are rejected under 35 U.S.C. § 102(a) as being clearly anticipated by Epley. See figures 1-3, column 2 line 40-column 5 line 18 and column 6 line 56-column 7 line 20.

9. Claims 64-67, 69-79, 82, 84-90, 93-100, 104, 105, 110, 112-117 and 119 are rejected under 35 U.S.C. § 102(b) as being clearly anticipated by Rago. See figures 1, 2, 4 and 5 and column 1 line 1- column 18 line 56.

### *Claim Rejections - 35 USC § 103*

10. The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same

person or subject to an obligation of assignment to the same person.

11. Claims 80, 81, 91-93, 101-104, 106-109 and 118-120 are rejected under 35 U.S.C. § 103 as being unpatentable over Gopal in view of admitted prior art. Gopal, as applied above, encompasses the instant claims with the exception of various network element types and types of networks. Pages 9-10, 15-19, 27-28 and 36 of the present specification indicate that the claimed network element types and network types were known in the art at the time of invention. It would have been obvious to an artisan at the time of invention to modify the network of Gopal to include the various element and network types, as was known in the art, the motivation being to provide compatibility with various types of equipment for providing service to customers.

12. Claims 68, 80, 81, 83, 101-103, 106-109, 111 and 118-120 are rejected under 35 U.S.C. § 103 as being unpatentable over Epley in view of admitted prior art. Epley, as applied above, encompasses the instant claims with the exception of various network element types and types of networks. Pages 9-10, 15-19, 27-28 and 36 of the present specification indicate that the claimed network element types and network types were known in the art at the time of invention, further the use of elements such as ATM (broadband) switches would obviously involve the use a broadband signal format (ATM cells) as an artisan would

recognize. It would have been obvious to an artisan at the time of invention to modify the network of Epley to include the various element and network types, as was known in the art, the motivation being to provide compatibility with various types of equipment for providing service to customers.

13. Claims 68, 80, 81, 83, 91, 92, 101-103, 106-109, 111, 118 and 120 are rejected under 35 U.S.C. § 103 as being unpatentable over Rago in view of admitted prior art. Rago, as applied above, encompasses the instant claims with the exception of various network element types and types of networks. Pages 9-10, 15-19, 27-28 and 36 of the present specification indicate that the claimed network element types and network types were known in the art at the time of invention, further the use of elements such as ATM (broadband) switches would obviously involve the use a broadband signal format (ATM cells) as an artisan would recognize. It would have been obvious to an artisan at the time of invention to modify the network of Rago to include the various element and network types, as was known in the art, the motivation being to provide compatibility with various types of equipment for providing service to customers.

***Response to Amendment***

14. The amendment filed 15 May 1995 is objected to under 35 U.S.C. § 132 because it introduces new matter into the

specification. 35 U.S.C. § 132 states that no amendment shall introduce new matter into the disclosure of the invention. The added material which is not supported by the original disclosure is as follows: page 14 line 13 "triggering and".

Applicant is required to cancel the new matter in the response to this Office action.

15. Applicant's arguments filed 15 May 1995 have been fully considered but they are not deemed to be persuasive. In response to applicant's arguments:

1. the addition of a 'triggering' limitation has been deemed to be new matter, and therefore cannot be relied upon, and
2. the current claim language indicates that the processor receives the signal before the switch "applies" the signal, this limitation has been read as before the switch continues in setting up the call path in order to complete the call.

*Conclusion*

16. Applicant's amendment necessitated the new grounds of rejection. Accordingly, **THIS ACTION IS MADE FINAL**. See M.P.E.P. § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION. IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION

Serial Number: 08/238,605

Art Unit: 2603

IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

17. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Russ Blum whose telephone number is (703) 305-4737. The examiner can normally be reached Monday-Thursday from 6:30am to 4:30pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Doug Olms, can be reached at (703)305-4703. The fax phone number for this Group is (703)305-9508.

Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 305-4750.

Douglas W. Olms
DOUGLAS W. OLMS
SUPERVISORY PATENT EXAMINER
ART UNIT 263

Russ Blum
June 29, 1995