IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 05-2433-JWL |
| v. ) | |
| ) | |
| VONAGE HOLDINGS CORP., ) | |
| VONAGE AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**SPRINT COMMUNICATION COMPANY L.P,'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION[1] TO STRIKE VONAGE'S MOTIONS IN LIMINE**

Defendants Vonage Holding Corp. and Vonage America, Inc. (collectively "Vonage") filed three "motions in limine" that request disposition of certain of Sprint's claims as a matter of law. *See* Doc. Nos. 292, 294 and 296. These motions, along with their memorandum in support, Doc. Nos. 293, 295 and 297, should be stricken. Vonage's "motions in limine" are a thinly veiled effort by Vonage to file dispositive motions beyond the eleventh hour. In filing these motions, Vonage attempts to evade the Court's Rules and Orders regarding the filing of dispositive motions. Moreover, Vonage's "motions in limine" impermissibly reassert summary judgment arguments this Court already has considered and rejected. Motions in limine do not provide a forum for parties to seek redress of rejected summary judgment arguments or an opportunity for parties to avoid the Court's clear directives and rulings regarding the filing of dispositive motions. Vonage's "motions in limine" should be stricken.[2]

---

[1] Given the time-sensitive nature of the requested relief, Sprint respectfully requests that the present motion be considered on an expedited basis.

[2] Unlike the three motions in limine addressed by this Motion to Strike, Vonage also filed a fourth motion in limine, Vonage's Motion in Limine to Preclude Sprint's Pre-Litigation

1

2587577v1

### 1.     Vonage's Motions in Limine Serve to Circumvent the Court's Rules and Orders Regarding Dispositive Motions.

Vonage's "motions in limine" represent an impermissible attempt to avoid the Court's Rules and Order's controlling the filing of dispositive motions. Instead of addressing evidentiary issues, Vonage's motions are dispositive in nature. *See* Doc. Nos. 293, 295 and 297. Each attempts to dispose of certain of Sprint's claims as a matter of law. For instance, one of Vonage's motions urges that Sprint is legally barred under the doctrine of prosecution history estoppel to expand the scope of the '301 Family Patents to capture non-ATM technology. *See* Doc. No. 297. The granting of such a motion would dispose of Sprint's claims that Vonage infringes the '301 Family Patents under the doctrine of equivalents. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (2002) (explaining that the application of the doctrine of prosecution history estoppel is applied by the court as a matter of law). Likewise, another of Vonage's motions argues that statements in the prosecution history of the '932 patent should, as a matter of law, dispose of Sprint's claims that Vonage infringes the '932 patent. *See* Doc No. 295. Finally, Vonage's third motion seeks to "preclude Sprint from asserting that Vonage's accused VoIP systems infringe certain claims of the '052 Patent and '561 Patent under the doctrine of equivalents based on prosecution history estoppel." *See* Doc. No. 293 at 2. Because Vonage's "motions in limine" seek to completely dispose of certain of Sprint's claims, such motions are dispositive motions.

Given their dispositive nature, Vonage's motions represent an attempt by Vonage to file another round of dispositive motions months after the Court's deadline for filing such motions and well outside the Court's authorized page limit, which Vonage already has

---

Letters, and an omnibus motion in limine seeking various evidentiary rulings. *See* Doc. No. 283 and 298. Though Sprint will oppose the substance of these motions in limine, the present Motion to Strike does not implicate Vonage's motions that properly address discrete evidentiary issues.

exhausted. This Court previously rejected Vonage's numerous attempts to deviate from the Court's Rules and Orders defining the timing and length of dispositive motions. *See, e.g.,* Doc. No. 168 (denying a motion by Vonage seeking to delay the summary judgment deadline); Doc. No. 193 (denying Vonage's request to delay the summary judgment deadline and denying, in part, Vonage's request to file two summary judgment briefs not exceeding a total of 60 pages); Doc. No. 254 (docket entry for a hearing during which Vonage's request to submit additional claim construction briefing was denied). The Court should likewise strike Vonage's present attempt to circumvent the Court's summary judgment Rules and Orders under the guise of motions in limine.

By way of context, the Scheduling Order dictates that all dispositive motions were to be filed by May 15, 2007. Doc. No. 154. Vonage repeatedly attempted to move this deadline, but it failed. *See* Doc. No. 156 and 188. Vonage also sought to be excluded from the provisions of Local Rule 7.1, which limit dispositive motions to 30 pages. Doc. No. 188. The Court extended the page limit for summary judgment briefs to 40 pages at Vonage's behest. Doc. No. 193. After the completion of summary judgment briefing, Vonage again attempted to delay the current proceedings so it could submit additional briefing on claim construction issues. *See* Doc. No. 254 (docket entry for hearing to address Vonage's request to postpone trial and to submit additional claim construction briefing). During a hearing conducted on July 20, 2007, the Court denied Vonage's request for additional time and briefing. *Id.*

Undeterred by the Court's clear guidance as to the timing and the length of summary judgment briefing, Vonage now attempts to submit dispositive motions well after the Court's deadline and well outside the approved page-limit. Courts routinely reject attempts, like Vonage's, to submit untimely dispositive motions as motions in limine. *See, e.g., Jones v. Graco*

3

2587577v1

*Inc*., No. 05-CV-2027, 2006 WL 2990431, at *1 (C.D. Ill. Oct. 19, 2006) ("Defendant's Motions in Limine 'appear to be a back-door effort to file a case dispositive motion in this case.' Accordingly, because the deadline for filing case dispositive motions has long passed, Defendant's Motions in Limine (# 11) are DENIED."); *Thomas v. Beech Aircraft Corp*., No. 78-4338, 1989 WL 110848, *1 (D. Kan. Sept. 25, 1989)("The court would first note that this issue is improperly brought under a motion in limine, instead of being brought as a dispositive motion. The deadline for filing dispositive motions has passed, and defendant has not sought leave of court to file the motion out of time. . . . **Defendant has waived the argument by not filing a timely motion**") (emphasis added).  As one court aptly put, the "Court cautions the parties that motions in limine are meant to deal with discrete evidentiary issues related to trial, and **are not another excuse to file dispositive motions disguised as motions in limine**." *Nomo Agroindustrial SA DECV v. Enza Zaden North America, Inc*., No. CV 05-351, 2007 WL 1077023, at *1 (D. Ariz. April 9, 2007) (emphasis added).  Vonage cannot rely on motions in limine to submit additional dispositive briefing.

    To allow the filing of dispositive motions disguised as motions in limine would render the Court's Rules and Orders regarding dispositive motions meaningless.  Such a ruling would encourage parties to delay filing summary judgment motions until the motion in limine deadline.  As is the case here, the late filing of dispositive motions unfairly prejudices the non-moving party's ability effectively to respond.  Indeed, responding to Vonage's motions in limine would require Sprint to introduce significant additional facts, argument, and expert declarations.  Given the technical context of Vonage's prosecution history arguments, Sprint necessarily must rely on its technical expert to analyze the prior art statements in the context of the technical disclosures to which the prosecution histories pertain.  With <u>only a week to respond</u> to Vonage's

4

motions in limine and only two weeks before trial, the imposition of substantial expert analysis and summary judgment briefing at this juncture is completely unrealistic. Neither Sprint nor the Court should be forced to endure the burden of entertaining issues that were readily available to, and, in fact, already raised by Vonage at the time it filed its summary judgment motion. Vonage has consistently ignored the Court's Rules and Orders governing dispositive motions, and now attempts to steal a second-bite at the summary judgment apple. The Court should strike Vonage's "motions in limine."

### 2. This Court Already Has Rejected or Stricken the Arguments Presented in Vonage's Motions.

Vonage's "motions in limine" also should be stricken because they impermissibly reassert arguments this Court already has considered and rejected. Motions in limine do not provide a forum for parties to advance or seek redress of summary judgment arguments. *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, No. 01 C 6934, 2004 WL 2260626, at *10 (N.D. Ill. Oct. 1, 2004) (Defendant's "motion [in limine] is an inappropriate attempt to limit the scope of trial issues in a manner more appropriately raised in a motion for summary judgment.").

Vonage's motion regarding the '932 patent advances arguments attempting to apply the legal doctrine of disclosure-dedication and the doctrine of prosecution history estoppel. *See* Doc. No. 295. Vonage's arguments are each premised on the assumption that the action of "selecting a network element" may be distinguished from the action of "selecting a connection." *Id*. at 4. This Court, however, has already rejected this very argument in Vonage's summary judgment motion. Doc. 264 at 41-44. The Court also expressly rejected Vonage's disclosure-dedication arguments. *Id*. at 43-44. Because Vonage's arguments have already been rejected by the Court, Vonage should not be afforded the opportunity to now repackage, revisit and reargue these issues in its motion in limine.

5

2587577v1

Likewise, the issues raised in Vonage's motion concerning the '301 Family Patents also have been considered and rejected by this Court. In its motion, Vonage argues that Sprint is foreclosed from applying the doctrine of equivalents to the '301 Family Patents due to prosecution history estoppel. Doc. No. 297. More specifically, Vonage argues that Sprint is estopped from expanding the scope of the '301 Family Patents to capture non-ATM technology because of arguments and claim amendments made during prosecution of the related '605 Family Patents. *Id.* Vonage previously raised these prosecution history arguments in its summary judgment reply brief. *See* Doc. No. 237 at 14-16. Because Vonage failed to raise such arguments in its opening summary judgment brief, the Court properly struck Vonage's prosecution history estoppel arguments for being untimely. Doc. No. 264 at 37- 38. Vonage cannot avoid the impact of this ruling by simply labeling its stricken summary judgment arguments as a motion in limine. The Court properly struck Vonage's prosecution history estoppel arguments from the summary judgment briefing, and the Court similarly should strike Vonage's motion in limine.

Finally, Vonage's motion regarding the '052 patent and '561 patent advance arguments that Sprint should be precluded from capturing subject matter surrendered during prosecution. *See* Doc. No. 293. Specifically, Vonage seeks to dispose of Sprint's claims of infringement under the doctrine of equivalents with respect to the claim limitation "to select a network code that identifies a network element to provide egress for the user communication from the packet communication system." *Id*. at 1. The Court already has rejected Vonage's same prosecution history arguments directed to the same limitation of the '052 patent and the '561 patent. *See* Doc. No. 264 at 47-51 (pages 47-49 provide analysis of the limitations at issue).

2587577v1

In addition, the Court has also rejected Vonage's doctrine of equivalents arguments addressed to a call scenario known as a NAT'd call, which utilizes an RTP relay. *See* Doc. No. 293 at 7-8. Vonage alleges that Sprint's infringement contentions require that the RTP relay be "a network element to provide egress." *See id.* at 7 ("Sprint now accuses Vonage of infringement based on the selection of the network code of the RTP Relay as being an equivalent to the recited limitation."). This Court, however, already has correctly recognized that Sprint's contentions do not rely on the selection of the network code of the RTP Relay. Doc. No 264 at 51-54 (addressing both literal and DOE issues in NAT'd context). The Court already rejected Vonage's non-infringement arguments pertaining to the claims of the '561 and '052 patents in the NAT'd case. *Id.* Nevertheless, Vonage's motion raises the issue again. *See* Doc. No. 293 at 7. The Court should strike Vonage's motion in limine for impermissibly advancing arguments already considered and rejected in the Court's Summary Judgment Order. To the extent, Vonage contends that it is raising some new variety of argument on the same issues, it should have raised all its meritorious arguments in the proper summary judgment context. As this Court has previously recognized, Vonage "has waived the arguments by not filing a timely motion." *Thomas*, 1989 WL 110848, *1.

### 3. Conclusion

For the reasons set forth above, Sprint respectfully requests that the Court strike Vonage's dispositive "motions in limine" (Doc. Nos. 292, 294 and 296). Motions in limine do not provide a backdoor for filing dispositive motions on the eve of trial. The Court's Rules and Orders specifically govern the timing and page limits for dispositive motions, and Vonage cannot avoid these rules by simply repackaging its rejected summary judgment arguments into motions in limine. Accordingly, the Court should strike Vonage's dispositive "motions in limine."

2587577v1

                                          Respectfully submitted,

Dated: August 20, 2007                      /s/Adam P. Seitz
                                          B. Trent Webb, KS Bar No. 15965
                                          Eric A. Buresh, KS Bar No. 19895
                                          Adam P. Seitz, KS Bar No. 21059
                                          SHOOK, HARDY & BACON L.L.P.
                                          2555 Grand Boulevard
                                          Kansas City, Missouri 64108-2613
                                          (816) 474-6550 Telephone
                                          (816) 421-5547 Facsimile

                                          Attorneys for Plaintiff
                                          SPRINT COMMUNICATIONS COMPANY L.P.

2587577v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2007, a copy of SPRINT COMMUNICATIONS COMPANY L.P.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE VONAGE'S MOTIONS IN LIMINE was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


   /s/Adam P. Seitz
Attorneys for Sprint Communications Company L.P.

2587577v1