IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

_____
                                           )
SPRINT COMMUNICATIONS COMPANY L.P.,        )
                                           )
                         Plaintiff,        )
                                           ) Case No.  05-2433-JWL
            v.                             )
                                           )
VONAGE HOLDINGS CORP. and                  )
VONAGE AMERICA, INC.,                      )
                                           )
                         Defendants.       )
_____)

**VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S MEMORANDUM IN OPPOSITION TO SPRINT COMMUNICATIONS CO., L.P.'S MOTION TO EXCLUDE THE OPINIONS OF VONAGE'S EXPERT FRANK KOPERDA**

Vonage America, Inc. and Vonage Holdings Corp. (collectively, "Vonage") submit this Memorandum in Opposition to Sprint Communications Co., L.P.'s ("Sprint's") Motion to Exclude the Opinions of Vonage's Expert Frank Koperda (the "Motion").  As the basis for its Motion, Sprint argues that certain of Mr. Koperda's "opinions" regarding obviousness and enablement should be excluded by the Court in its role as gatekeeper under *Daubert* and its progeny.  As discussed below, these arguments are meritless, and so this Court should deny Sprint's Motion in its entirety.

**I.   OBVIOUSNESS**

With respect to Mr. Koperda's opinions regarding the obviousness of the asserted claims, Sprint's Motion is less than clear in setting forth exactly what "opinions" of Mr. Koperda that it seeks to exclude.  Significantly, Sprint expressly concedes the admissibility of Mr. Koperda's opinions regarding the obviousness of the asserted claims that are set forth in his Supplemental Report dated April 27, 2007.  See Sprint Br. in Supp't of Mot. at 2, n.2.  Sprint also expressly

concedes the admissibility of Mr. Koperda's opinions regarding obviousness that are set forth the detailed claim charts attached to his Invalidity Report dated February 28, 2007.  See id.

Sprint admits that its Motion is not directed to excluding "all of Mr. Koperda's opinions regarding obviousness", but only twelve specifically enumerated sentences scattered throughout his Invalidity Report dated February 28, 2007.  See id.  These twelve sentences, however, do not represent "opinions" that are separate and distinct from the remainder of his Report, including the detailed claim charts attached thereto.  Rather, Mr. Koperda's Invalidity Report dated February 28, 2007 includes a discussion of what each prior art reference discloses.  Following each such discussion, Mr. Koperda sets forth a brief summary of his opinions regarding the effect of the prior art reference on the validity of the asserted claims.  Each of the twelve sentences specifically identified by Sprint forms a part of such a concluding summary.

Significantly, each of these summaries specifically references the claim charts attached to his Report, the admissibility of which is not challenged by Sprint.  It is wholly improper for Sprint to divorce certain sentences in Mr. Koperda's Report from their textual context and thereby contend that they constitute additional "opinions".

To the extent Sprint believes that Mr. Koperda may offer opinions at trial that are outside the scope of his Reports, such a belief is both unwarranted and unfounded.  Vonage's counsel is well aware of the limits the Federal Rules of Evidence place on the scope of expert testimony that may be admitted at trial.  If Sprint believes at trial that Vonage is exceeding these limits, then the appropriate vehicle is a clearly stated objection.  But Sprint has no basis for prematurely suggesting to this Court that Vonage intends to circumvent the Federal Rules of Evidence and offer unsupported expert testimony at trial.

Vonage respectfully submits that the twelve isolated sentences from Mr. Koperda's Invalidity Report dated February 28, 2007, which are the only subject of Sprint's targeted grievances, do not constitute isolated and unsubstantiated "conclusory obviousness opinions" as alleged. Rather, when read in context, these statements form a part of a summary of Mr. Koperda's opinions, the detailed bases for which are set forth in his Invalidity Report dated February 28, 2007, including the claim charts attached thereto, and in his Supplemental Report dated April 27, 2007. As such, Vonage requests the Court deny Sprint's Motion.

## II. ENABLEMENT

With respect to Mr. Koperda's opinions regarding the lack of enablement of the asserted claims, Sprint's Motion is similarly baseless and should therefore be denied.

### A.   The Wands factors

Sprint's principal argument relies on Mr. Koperda's alleged failure to consider the so-called Wands factors for determining whether an undue amount of experimentation was required to make and use the claimed invention. What Sprint fails to appreciate, however, is that the Wands factors are not the only way of determining whether a disclosure is enabling. Indeed, the Federal Circuit has expressly stated that the Wands factors "are illustrative, not mandatory." Amgen, Inc. v. Chugai Pharm. Co., 927 F.2d 1200, 1213 (Fed. Cir. 1991); see also Enzo Biochem, Inc. v. Calgene, Inc., 188 F.3d 1362, 1371 (Fed. Cir. 1999) ("We have noted that all of the factors need not be reviewed when determining whether a disclosure is enabling."). Thus, whether or not Mr. Koperda considered certain factors in reaching his opinions is hardly a basis for excluding those opinions under Daubert.

Moreover, the Wands factors have been generally recognized as being most appropriately applied to biological processes. See, e.g., Elan Pharmaceuticals, Inc. v. Mayo Foundation for Medical Education and Research, 346 F.3d 1051, 1054 (Fed. Cir. 2003) ("The factual premises

of the enablement analysis for biological processes were addressed in In re Wands . . . ."). No such biological processes are involved in this case, however, and so there is no compelling reason for those factors to be the only appropriate test here.

Mr. Koperda's Invalidity Report clearly sets forth his understanding of what is required for a specification to "enable" an invention, and Sprint has not challenged this understanding. Rather, Sprint's Motion focuses exclusively on whether the so-called Wands factors were analyzed. As clearly stated by the Federal Circuit, however, this is not the appropriate standard and so Sprint's Motion could be denied on this basis alone.

Mr. Koperda's Invalidity Report dated February 28, 2007 and his Supplemental Report dated April 27, 2007 provide the detailed bases for Mr. Koperda's opinions that the asserted claims are not enabled. If Sprint wishes to challenge those opinions, or the bases therefor, then the appropriate time is cross-examination. Sprint should not, however, be permitted to preclude Mr. Koperda's testimony on this issue by relying on an erroneous legal standard.

### B.    VoIP

Sprint has also argued that Mr. Koperda's opinions that the asserted claims are not enabled should be excluded because his methodology was allegedly flawed. In particular, Sprint takes issue with Mr. Koperda's opinions that the asserted claims are not enabled to the extent they cover a connectionless packet system such as VoIP.

Contrary to Sprint's argument, it has been well-settled for many years that a patent specification must enable the full scope of the claimed invention. See LizardTech, Inc. v. Earth Resource Mapping, Inc., 424 F.3d 1336, 1346 (Fed. Cir. 2005) ("[A] patentee cannot always satisfy the requirements of section 112, in supporting expansive claim language, merely by describing one embodiment of the thing claimed."); see also In re Wright, 999 F.2d 1557 (Fed.

Cir. 1993); In re Fisher, 427 F.2d 833 (C.C.P.A. 1970). To illustrate this point, the Federal Circuit has provided the analogy of:

> [A]n inventor [who] created a particular fuel-efficient automobile engine and described [it sufficiently so] a person of ordinary skill would be able to build the engine. [The specification] would not necessarily support a broad claim to every possible type of fuel-efficient engine, no matter how different in structure or operation from the inventor's engine.

Lizardtech, 424 F.3d at 1346.

In his Invalidity Report dated February 28, 2007 and his Supplemental Report dated April 27, 2007, Mr. Koperda has provided his opinions, and the detailed bases therefor, that the asserted patents do not enable one skilled in the art to make or use a VoIP system, such as the Vonage system, or any similar connectionless packet system. Based on these opinions, if this Court construes the asserted claims to cover such systems, then this Court could reasonably conclude that the asserted claims are not valid because the specifications do not support such a broad scope. Ultimately, enablement is a question of law for this Court to decide. See Enzo, 188 F.3d at 1376.

Sprint may seek to prevent such a result by arguing that the disclosed ATM embodiment is sufficient to enable the full scope of the claim. But the time for that is trial, not now. And it does not mean there is something inherently flawed or improper about Mr. Koperda's opinions, or the methodology by which he arrived at them.

Indeed, Sprint's Motion in this respect seems to be nothing more than a belated request for summary judgment on Vonage's affirmative defense under 35 U.S.C. § 112, first paragraph. Mr. Koperda's Supplemental Report was dated April 27, 2007, and Sprint could have timely sought summary judgment on this issue if it believed that the disclosed embodiment is sufficient

to enable the full scope of the asserted claims. Sprint chose not to do so, however, and should not now be permitted to seek such a result through the back door.

### III. CONCLUSION

For all the foregoing reasons, Vonage respectfully requests that the Court deny Sprint's Motion to exclude the expert testimony of Mr. Koperda regarding obviousness and enablement.

                    Respectfully submitted,

August 21, 2007

BARBER EMERSON, L.C.
By:  s/ Terrence J. Campbell
Terrence J. Campbell - 18377
tcampbell@barberemerson.com
Catherine C. Theisen - 22360
ctheisen@barberemerson.com
1211 Massachusetts Street
P.O. Box 667
Lawrence, KS 66044
(785) 843-6600
(785) 843-8405 Facsimile

s/ Donald R. McPhail
Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com

*Attorneys for Defendants/Counterclaim Plaintiffs Vonage America, Inc. and Vonage Holdings Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2007 a copy of Vonage Holdings Corp. and Vonage America, Inc.'s Memorandum in Opposition to Sprint Communications Co., L.P.'s ("Sprint's") Motion to Exclude the Opinions of Vonage's Expert Frank Koperda was filed electronically on this date, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> Shook, Hardy & Bacon LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> bwebb@shb.com
> aseitz@shb.com
> eburesh@shb.com
>
> *Attorneys for Plaintiff*
> *Sprint Communications Company L.P.*

s/ Terrence J. Campbell