IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

_____
SPRINT COMMUNICATIONS COMPANY L.P.,  )
                                     )
    Plaintiff,                       )
                                     )   Case No.  05-2433-JWL
        v.                           )
                                     )
VONAGE HOLDINGS CORP. and            )
VONAGE AMERICA, INC.,                )
                                     )
    Defendants.                      )
_____)

**MOTION FOR CLARIFICATION OF ORDER OF AUGUST 7, 2007 AS TO VONAGE'S REMAINING DEFENSES UNDER 35 U.S.C. §112**

Defendants Vonage Holdings Corporation and Vonage America, Inc. (collectively, "Vonage") move pursuant to Federal Rule of Civil Procedure 60(a) for clarification of the Court's Summary Judgment Order of August 7, 2007 (Doc. 264), as it pertains to Sprint's Motion for Partial Summary Judgment. Specifically, Vonage requests clarification concerning the scope of the Court's ruling as to Vonage's asserted defenses under 35 U.S.C. §112. Vonage understands the pertinent portions of the Court's Order of August 7, 2007 to be limited in scope to the portion of 35 U.S.C. §112 ¶2 commonly referred to as "regards as". Vonage seeks clarification from the Court to ensure that the Court did not intend a grant of summary judgment any broader than this.

Sprint, in its Motion for Partial Summary Judgment, moved for summary judgment as to Vonage's defense of invalidity of the Asserted Patents pursuant to 35 U.S.C. §112 ¶2. See Doc. 199 at 15-16. Sprint's motion took aim at Vonage's contention that the Asserted Patents "'are invalid under 35 U.S.C. §112 for failing to point out and distinctively claim that part or portion

- 1 -

of the subject matter disclosed in the patents' specifications that the named inventor regarded as his 'invention' or improvement over the prior art.'" Id. at 15 (citing Vonage's Second Affirmative Defense).  Sprint contended in its motion that "[t]his defense is a claim that Sprint's Asserted Patents fail to meet the requirements set forth in paragraph 2 of 35 U.S.C. §112, which are commonly referred to as the 'definiteness' and 'regards as' requirements."  Id. at 15-16; see also id. at 2-3.

Thus, while 35 U.S.C. §112 provides a number of bases for finding a patent invalid, including failure to meet the "written description" and "enablement" requirements (35 U.S.C. §112 at ¶1), both of which Vonage also alleges, it is apparent on the face of its Motion that Sprint did not seek summary judgment on the "written description" and "enablement' requirements.

The Court's discussion of Sprint's Motion on this point focused exclusively on the "regards as" requirements of ¶2, including the defense that the patentee improperly broadened its claims by describing the product in terms of function.  Doc. 264 at 65-69.  In its Opinion, however, the Court addressed this portion of Sprint's motion under the heading "The Written Description, Enablement, and Definiteness Requirements of 35 U.S.C. §112" (see id. at 59 and 65).  While it does not appear, from its discussion and order, that the Court's ruling on Vonage's §112 defense was any broader than Sprint's Motion,  Vonage writes to request clarification on this point so as to avoid any confusion as the parties continue to prepare for trial on September 4, 2007.  See Zapata v. IBP, Inc., No. 93-2366, 1998 U.S. Dist. LEXIS 19540 (D. Kan. Nov. 24, 1998) (granting motion to modify summary judgment order because the modifications proposed by defendant were consistent with the court's summary judgment rulings and were necessary to clarify the summary judgment orders.).

Vonage therefore respectfully requests that the Court clarify its summary judgment ruling by advising the parties (1) that its decision of summary judgment on Vonage's affirmative defenses under §112 was coextensive with, and no broader than, Sprint's Motion for Partial Summary Judgment and the relief sought therein, and (2) that Vonage's defenses of invalidity on the bases of failure to meet the written description and enablement requirements of §112 ¶1 remain viable issues for resolution at trial.

Respectfully submitted,

BARBER EMERSON, L.C.

August 21, 2007

By:  s/ Terrence J. Campbell
Terrence J. Campbell - 18377
   tcampbell@barberemerson.com
Catherine C. Theisen - 22360
   ctheisen@barberemerson.com
1211 Massachusetts Street
P.O. Box 667
Lawrence, KS 66044
(785) 843-6600
(785) 843-8405 Facsimile

s/ Barry Golob
Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com

*Attorneys for Defendants Vonage America, Inc. and Vonage Holdings Corp.*

## CERTIFICATE OF SERVICE

I hereby certify on August 21, 2007, that a copy of Vonage Holdings Corp. and Vonage America, Inc.'s Motion for Clarification was filed electronically, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

>B. Trent Webb
>Adam P. Seitz
>Erick A. Buresh
>Shook, Hardy & Bacon LLP
>2555 Grand Boulevard
>Kansas City, MO 64108-2613
>bwebb@shb.com
>aseitz@shb.com
>eburesh@shb.com
>
>*Attorneys for Plaintiff*
>*Sprint Communications Company L.P.*
>
>              s/ Terrence J. Campbell