THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.  )
                                    )
          Plaintiff,                )
                                    )
vs.                                 )
                                    )   Case No. 05-2433-JWL
VONAGE HOLDINGS CORP.,              )
VONAGE AMERICA, INC.                )
                                    )
          Defendants.               )
                                    )

### SPRINT'S OBJECTIONS TO VONAGE'S COUNTER-DESIGNATIONS TO SPRINT'S DESIGNATION OF DEPOSITION TESTIMONY

Pursuant to Fed. R. Civ. P. 26 and 32 and the Final Pretrial Order entered in this matter, Sprint Communications Company L.P. files these objections to Vonage's counter-designations to Sprint's designation of deposition testimony. Sprint hereby incorporates the evidentiary objections set forth in its Motions in *Limine* as they apply to Vonage's counter-designations as if fully set forth herein. Additionally, Sprint objects to Vonage's provision of counter-designations under Rule 32(a) for any individual that is an employee of Vonage and/or under Vonage's control. It is improper for Vonage to introduce deposition testimony of an available witness.

Sprint also objects to Vonage's inclusion of objections by its attorneys in its counter-designations. Vonage did not address any of these objections in its specific objections to Sprint's deposition designations. *See* Doc. No. 290. As such, Vonage has waived the right to assert such objections at this time. Moreover, the inclusion of these objections is irrelevant and objectionable under Fed. R. Evid. 401-403 and these objections should not be read to the jury.

1. **Jeffrey Citron (March 22, 2007)**

Sprint objects to the page and line designation 73:1 – 73:10. The testimony lacks proper foundation and should not be read to the jury. Additionally, this testimony seeks a legal conclusion and opinion from a lay witness, which is improper under Fed. R. Evid. 703.

Sprint objects to the page and line designation of 87:25 – 88:2 and 88:11 – 88:14. This testimony relates to willfulness and advice of counsel, which is the subject of a motion in limine by Sprint. For the same reasons stated therein, this portion of the transcript should not be read to the jury. For this reason, the testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 105:13 – 107:3. This testimony relates to Cisco, which is the subject of a motion in limine by Sprint. For the same reasons stated therein, this portion of the transcript should not be read to the jury. Accordingly, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 138:20 – 139:16. The testimony lacks proper foundation and should not be read to the jury. Additionally, this testimony seeks a legal conclusion and opinion from a lay witness, which is improper under Fed. R. Evid. 703. For these reasons, the testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 153:3 – 154:17. The testimony lacks proper foundation and should not be read to the jury. This witness testified that he was not familiar with the answer to the testimony and would only be speculating. Thus, the testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

2. **Glenn Eisen (April 11, 2007)**

Sprint objects to the page and line designation 31:7-20. The testimony is irrelevant under Fed. R. Evid. 401 – 403 because Mr. Eisen's definition of "successful" has no relevance to the proceedings and would serve only to confuse the jury.

Sprint objects to the page and line designations 48:5-21 and 49:3-7. This testimony should be excluded under Fed. R. Civ. P. 37(c) because the JP Morgan study referenced in the testimony should have been produced to Sprint in response to numerous requests. (*e.g.,* Sprint's 4th RFP served Feb. 28, 2007, #76). Additionally, Mr. Eisen's recollection of this document - to the extent he had any - is hearsay.

Sprint objects to the page and line designation 49:3 – 49:7. The testimony is irrelevant under Fed. R. Evid. 401 – 403 because it does not relate to any claim or defense.

Sprint objects to the page and line designation 51:4 – 52:2, 89:19 – 89:21 and 136:13 – 136:21. The testimony lacks proper foundation and should not be read to the jury. The witness testified that he was not familiar with the answer and would only be speculating. Thus, the testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 94:12 – 95:1 and 108:14 – 109:19. This portion of the transcript is a conversation between the attorneys and constitutes improper testimony from Vonage's attorney, not the witness. Thus, the testimony is irrelevant and objectionable under Fed. R. Evid. 401 – 403.

Sprint objects to the page and line designation 102:8 – 103:20. The testimony is irrelevant under Fed. R. Evid. 401 – 403. Additionally, the testimony lacks proper foundation and should not be read to the jury. This witness testified that he was not familiar with the answer to the testimony and would only be speculating. Thus, the testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 114:16 – 114:20. This testimony is not from the witness and refers to communications between the Court reporter and the attorney. Accordingly, the testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 125:7 – 125:8 and 133:6 – 133:10. The testimony lacks proper foundation and should not be read to the jury. This witness testified that he was not familiar with the answer to the testimony and would only be speculating. Additionally, the testimony lacks foundation because the witness is not qualified to testify as to the mindset and beliefs of some unknown set of "consumers."

Sprint counter-designates the following testimony for completeness:

88:20-89:17; 89:19-21; 90:3-17; 102:8-103:20; and 103:21-104:3.

### 3. Chakrapani Gorrepati (April 5, 2007)

Sprint objects to the page and line designation 18:8 – 18:17, 28:22 – 29:7, 36:18 – 36:21, 37:7 – 37:9, 44:5 – 44:11, 70:15 – 70:22, and 87:16 – 87:22. The testimony lacks proper foundation and should not be read to the jury. This witness testified that he was not familiar with the answer to the testimony and would only be speculating. Accordingly, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

### 4. Louis Mamakos (April 24, 2007)

Sprint objects to the page and line designation 42:20 – 43:4 and 62:16 – 63:1. The testimony lacks proper foundation and should not be read to the jury. This witness testified that he was not familiar with the answer to the testimony and would only be speculating. Accordingly, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 79:8 and 124:12. This designation does not represent testimony of the witness. Thus, the testimony is irrelevant and objectional under Fed. R. Evid. 401 – 403.

Sprint objects to the page and line designation 119:15 – 120:3 and 129:18. The testimony is irrelevant and objectionable under Fed. R. Evid. 401-403. Additionally, this testimony is unnecessarily cumulative of a questions that is readdressed at 120:5-8.

Sprint objects to the page and line designation 187:11 – 188:2 and 189:5 – 189:11. The testimony lacks proper foundation and should not be read to the jury. This witness testified that he was not familiar with the answer to the testimony and would only be speculating. This testimony relates to willfulness and advice of counsel, which is the subject of a motion in limine by Sprint. For the same reasons stated therein, this portion of the transcript should not be read to the jury. Accordingly, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 212:9 – 213:10. This testimony seeks a legal conclusion and opinion testimony from a lay witness regarding the construction of claim terms in the Asserted Patents, which is improper under Fed. R. Evid. 703 and the Federal Circuit's decision in *Phillips*. Additionally, this testimony relates to claim construction testimony, which is the subject of a motion in limine by Sprint. For these reasons, this testimony is irrelevant,and objectionable under Fed. R. Evid. 401-403.

### 5. Jose Martinez (April 5, 2007)

Sprint objects to the page and line designation 26:19 – 26:20, 27:6 – 27:7, 53:5 – 53:6, 69:2 – 69:3, 69:7 – 69:8, 74:4 – 74:5, 74:10 – 74:11, 74:17 – 74:18, 78:21 – 78:22, 79:12 – 79:13, 80:6 – 80:7, 98:9 – 98:15, 99:1 – 99:2, 99:11 – 99:12, 99:19 – 99:20, 106:13 – 106:14, 107:16 – 107:17, 121:11 – 121:12, 121:17 – 121:18, 131:11 – 131:12, 131:19 – 131:20, 132:6 – 132:7, 132:12 – 132:13, 132:19 – 132:20, 140:22 – 141:1, 141:5 – 141:6, 141:11 – 141:12, 141:18 – 141:19, 142:22 – 143:1, 146:14 – 146:15, 147:8 – 147:9, 147:19 – 147:20, 148:7 –

148:8, 148:16 – 148:17, 148:22 – 149:1, 149:7 – 149:8, 149:14 – 149:15, 150:6 – 150:7, 151:11 – 151:12, 151:19 – 151:20, 152:16 – 152:17, 155:5 – 155:6, 155:13 – 155:14, 156:5 – 156:6, 159:13 – 159:14, 159:21 – 159:22, 160:5 – 160:6, 160:13 – 160:14, 168:1 – 168:2, 168:7 – 168:8, 168:18 – 168:19, 169:3 – 169:4, 180:5 – 180:6, 180:19 – 180:20, 183:10 – 183:11, 184:9 – 184:10, 185:3 – 185:4, 197:5 – 197:6 and 197:13 – 197:14. This testimony relates to numerous repeated objections by Vonage's attorney as to "the form of the question." Despite the objections, the witness answered each question and Vonage did not subsequently address the objections. Thus, the testimony is irrelevant under Fed. R. Evid. 401 – 403. Additionally, reading voluminous baseless objections to the jury is confusing and prejudicial under Fed. R. Evid. 403. This testimony should not be read to the jury.

Sprint objects to the page and line designation 27:4 – 27:10This testimony seeks a legal conclusion and opinion testimony from a lay witness regarding the construction of claim terms in the Asserted Patents, which is improper under Fed. R. Evid. 703 and the Federal Circuit's decision in *Phillips*. Additionally, this testimony relates to claim construction by a lay witness, which is the subject of a motion in limine filed by Sprint. For these reasons, the testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 68:22 – 69:9, 74:2 – 74:19, 79:10-80:2, and 167:21 – 169:19. The testimony lacks proper foundation and should not be read to the jury. This witness testified that he was not familiar with the answer to the testimony and would only be speculating. Accordingly, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

2592686v1

### 6. Edward Mulligan (April 11, 2007)

Sprint objects to the page and line designation 64:20 – 64:22 and 86:19 – 87:2. The testimony lacks proper foundation and should not be read to the jury. This witness testified that he was not familiar with the answer to the testimony and would only be speculating. Accordingly, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 67:13. There is no testimony represented on this line. This portion of the designation lacks foundation. As such, this designation is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 71:20 – 74:11. The testimony lacks proper foundation and should not be read to the jury. This witness testified that he was not familiar with the answer to the testimony and that Sprint would need to consult someone else to answer the question. Thus, any answer by Mr. Mulligan would only be speculating.

Sprint objects to the page and line designation 80:12 – 80:14, 80:19 – 80:20, 181:19 – 181:20, 184:17, 185:7, 188:14, 188:21, 189:10, 190:5, 190:22 and 191:16. This testimony relates to numerous repeated objections by Vonage's attorney. Despite the objections, the witness answered each question and Vonage did not subsequently address the objections. Thus, the testimony is irrelevant under Fed. R. Evid. 401 – 403. Additionally, reading voluminous baseless objections to the jury is confusing and prejudicial under Fed. R. Evid. 403. This testimony should not be read to the jury.

Sprint objects to the page and line designation 102:17-105:14 and 191:20 – 192:8. This testimony lacks proper foundation and should not be read to the jury. The witness testified that he was not familiar with Vonage's efaxing program.

Sprint objects to the page and line designation 122:11-122:16 and 196:1. This testimony is nonresponsive as it does not relate to anything designated by the parties.

Sprint objects to the page and line designation 139:1 – 140:16 and 194:16 – 195:15. This testimony lacks proper foundation and should not be read to the jury.

### 7.     Daniel Smires (April 5, 2007)

Sprint objects to the page and line designation 34:14 – 34:17. The testimony lacks proper foundation and should not be read to the jury. Thus, the testimony is irrelevant and objectionable under Fed. R. Evid. 401 – 403.

### 8.     Michael Tribolet (May 22, 2007)

Sprint objects to the page and line designation 13:13 – 14:15. This testimony relates to Cisco, which is the subject of a motion in limine by Sprint. For the same reasons stated therein, this portion of the transcript should not be read to the jury. Additionally, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 32:16 – 33:14 and 38:18 – 39:1. This designation is testimony of Vonage's attorney, not the witness. Accordingly, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 77:21, 78:6, 78:20, 79:8, 104:8, 106:15, 107:6, 109:10 – 109:15. This testimony relates to numerous repeated objections by Vonage's attorney. Despite the objections, the witness answered each question and Vonage did not subsequently address the objections. Thus, the testimony is irrelevant under Fed. R. Evid. 401 – 403. Additionally, reading voluminous baseless objections to the jury is confusing and prejudicial under Fed. R. Evid. 403. This testimony should not be read to the jury.

Sprint objects to the page and line designation 79:14 – 80:11, 105:10 – 105:19 and 125:9 – 125:10. This designation is testimony of Vonage's attorney, not the witness. Accordingly, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation 13:6 – 15:14; 95:13 – 95:15 and 181:2 – 181:5. The testimony lacks proper foundation and should not be read to the jury. For this reason, the testimony is irrelevant and objectionable under Fed. R. Evid. 401 – 403.

Sprint objects to the page and line designation 27:15-18, 95:13-15, and 185:18-22. This testimony is nonresponsive as it does not relate to anything designated by the parties.

Sprint objects to the page and line designation 103:15 – 104:13. This testimony lacks proper foundation and should not be read to the jury. The witness testified that he was not familiar with the subject of the question.

Sprint counter-designates the following testimony for completeness:

151:16-17; 152:7-153:5; 154:3-5; 154:14-163:15; 185:4-6.

### 9. David Wu (March 20, 2007)

Sprint objects to the page and line designation 54:11-15; 168:16 – 169:18 and 170:25 – 171:18. This testimony is irrelevant and not related to any claim or defense in this matter. For this reason, the testimony is irrelevant and objectionable under Fed. R. Evid. 401 – 403.

### 10. Glenn Eisen (Verizon v. Vonage, October 27, 2006)

Sprint objects to the page and line designation 26:11-28:18; 41:9 – 42:1 and 44:15 – 45:1. This testimony is nonresponsive.

Sprint objects to the page and line designations 32:16 – 34:12. This testimony lacks foundation because there is no antecedent basis for "those customers."

Sprint objects to the page and line designations 92:12-22, 97:3-16, and 112:10 – 113:5. This testimony lacks foundation because it references exhibits not included in designated testimony.

Sprint objects to the page and line designations 172:1-176:3. This testimony is cumulative of testimony from Mr. Mulligan. Additionally, Mr. Eisen testified that he does not know much about the porting process and, therefore, this testimony lacks foundation and calls for speculation.

Sprint objects to the page and line designations 181:8-15 and 181:22-184:1. This testimony lacks foundation and calls for speculation. The witness testified he did not have knowledge regarding the requested factors prior to 2002.

Sprint objects to the page and line designations 195:11 – 198:13. This testimony is irrelevant because the witness is being questioned regarding specific 30(b)(6) topics from the Verizon case and Mr. Eisen was not called as a 30(b)(6) witness on those topics in this case.

**11.    Edward Mulligan (Verizon v. Vonage)**

Sprint objects to the page and line designation of 34:19 – 36:12. This testimony is cumulative.

Sprint objects to the page and line designations 45:11-15, 50:7-19, 78:8-17 and 79:6-20. This testimony is nonresponsive as it does not relate to anything designated by the parties.

Sprint objects to the page and line designation of 48:15-19, 49:19-20, 53:3 – 56:14, 63:5 – 64:1, and 103:7 – 104:7. This testimony lacks foundation and is nonresponsive. The designated testimony does not include any question or context for the designated response.

Sprint objects to the page and line designation of 55:1 – 56:14, 63:3, 114:8 – 114:12, 115:1 – 115:2, and 121:15 – 122:7. The testimony is irrelevant under Fed. R. Evid. 401 – 403.

Sprint objects to the page and line designation of 65:6 – 65:13, 78:8 – 78:17, 79:6 – 79:20 and 166:2 – 166:21. The testimony lacks proper foundation and should not be read to the jury. For this reason, the testimony is irrelevant and objectionable under Fed. R. Evid. 401 – 403.

Sprint objects to the page and line designation of 65:6-13 and 161:6 – 162:14. This testimony is irrelevant to the issues between Sprint and Vonage.

Sprint objects to the page and line designation of 103:7. This line of testimony is confusing and incomplete. Thus, the testimony is irrelevant under Fed. R. Evid. 401 – 403.

Sprint objects to the page and line designation of 103:9 – 103:17. The testimony is irrelevant and objectionable under Fed. R. Evid. 401-403. Additionally, this testimony is unnecessarily cumulative of a questions that is readdressed at 104:3 – 104:5.

Sprint objects to the page and line designation of 111:3 – 111:4. This designation is testimony of Vonage's attorney, not the witness. Thus, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation of 114:8-12 and 122:15 – 123:7. This testimony is nonresponsive and lacks foundation because it appears to include partial answers and partial questions.

**12.**     **David Wu (Verizon v. Vonage)**

Sprint objects to the page and line designation of 18:15 – 18:20. This testimony lacks foundation. The witness testified he was unqualified and unable to testify on this topic. Thus, this testimony is irrelevant and objectionable under Fed. R. Evid. 401-403.

Sprint objects to the page and line designation of 25:4 – 26:2. The testimony is irrelevant and objectionable under Fed. R. Evid. 401-403. Additionally, this testimony is unnecessarily cumulative of a questions that is addressed previously.

**13.**     **John Jarosz (Verizon v. Vonage Trial Testimony)**

Sprint objects to the page and line designation of 1395:16 – 1395:22, 1410:23 – 1411:4 and 1412:20 – 1412:22. The testimony is irrelevant under Fed. R. Evid. 401 – 403.

Dated: August 21, 2007.                              Respectfully submitted,

  /s/ Adam P. Seitz_____
B. Trent Webb, KS Bar No. 15965
Adam P. Seitz, KS Bar No. 21059
Eric A. Buresh, KS Bar No. 19895
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Facsimile: (816) 421-5547

Counsel for Sprint Communications
Company, L.P.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of August, 2007, a true and accurate copy of the above and foregoing **SPRINT'S OBJECTIONS TO VONAGE'S COUNTER DESIGNATIONS TO SPRINT'S DESIGNATIONS OF DEPOSITION TESTIMONY** was e-filed with the Court using the CM/ECF system which sent notification to all parties entitled to notice.


  /s/ Adam P. Seitz
Attorney for Sprint Communications Company, L.P.

2592686v1