**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SPRINT COMMUNICATIONS COMPANY L.P., )
Plaintiff, )
v. )
VONAGE HOLDINGS CORP., VONAGE AMERICA, INC., ) Case No. 05-2433-JWL
Defendants. )

**SPRINT'S OPPOSITION TO VONAGE'S MOTION TO COMPEL PRODUCTION OF A COMPLETE PRIVILEGE LOG AND THE DOCUMENTS DESCRIBED THEREIN**

Plaintiff Sprint Communications Company L.P. ("Sprint") respectfully submits the following response in opposition to Vonage's Motion to Compel Production of a Complete Privilege Log and the Documents Described Therein. For the reasons set forth below, Vonage's Motion should be denied.

## I. INTRODUCTION

Though Vonage states that "last minute amendments" to Sprint's privilege log necessitated its Motion to Compel, the vast majority of documents now sought by Vonage were first listed on Sprint's privilege log **nearly six months prior to the filing of Vonage's motion**. The remaining documents were listed on Sprint's privilege log **over four months prior to Vonage's motion.** The Pretrial Order precludes such motions at this late stage of the proceedings. *See* Doc. No. 207, at 30. Given the length of Vonage's delay, the express provisions of the Local Rules dictate that Vonage's objections to Sprint's privilege log "shall be waived." L.R. 37.1(b).





Dockets.Justia.com

In addition to being untimely, Vonage's challenges to Sprint's privilege log are baseless. Vonage's Motion advances a number of alleged deficiencies in certain privilege log entries based purely on speculation and guesswork. These alleged deficiencies range from complaints that various documents reflected on the privilege log are undated to allegations that Sprint has not established that certain documents are devoid of unprivileged facts. Vonage's arguments distort well-settled law, and even a cursory review of Sprint's privilege log reveals that Sprint has provided ample information to establish the privileged nature of each withheld document.

## II. LEGAL ARGUMENT

### A. Vonage's Motion to Compel is Improper and Untimely.

Vonage's Motion seeks to compel production of the documents listed on Sprint's privilege log under Entry Nos. 2, 3, 8, 23-26, and 40-59. *See* Doc. No. 275 at 14. The documents corresponding to Entry Nos. 2, 3, 8, 23-26, 40 and 41 were listed on Sprint's initial privilege log, **which Vonage has had in its possession since February 27, 2007**. *See* Ex. A, Sprint's Privilege Log. The documents corresponding to Entry Nos. 42-58 were first listed on Sprint's First Supplemental Privilege Log, **which Vonage has had in its possession since March 8, 2007**. *See* Ex. B, Sprint's First Supplemental Privilege Log. The final disputed entry, Entry No. 59, was first listed on Sprint's Second Supplemental Privilege Log, **which Vonage has had in its possession since April 5, 2007**. *See* Ex. C, Sprint's Second Supplemental Privilege Log. Thus, Vonage has had notice of the vast majority of the entries it now disputes for nearly **6 months**, yet Vonage did not move to compel until only a few weeks before trial.

The Rules and Orders of this Court expressly prohibit parties from raising such discovery disputes on the eve of trial. To prevent gamesmanship in the timing of motions to compel, Local Rule 37.1(b) states:

> **Time for Filing Motions**. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown. Otherwise the objection to the default, response, answer, or objection shall be waived.

L.R. 37.1 (emphasis added). Accordingly, Rule 37.1 requires that any motion to compel discovery be filed and served within 30 days of the occurrence which is the subject of the motion or be waived. *Id.* Applying this rule to the supplemental privilege log on which the last disputed entry first appeared, Vonage was required to file any motion to compel discovery by May 5, *i.e.*, within 30 days of service of Sprint's Second Supplemental Privilege Log.[1] Vonage, however, did not file the instant motion until August 14, 2007, **over four months** after receiving service of Sprint's Second Supplemental Privilege Log, and **nearly six months** after receiving Sprint's Initial Privilege Log. Given the length of Vonage's delay, Vonage's Motion should be denied as untimely and improper. Vonage does not even attempt to establish good cause for its delay in filing its motion to compel. Because Vonage has failed to establish good cause, Vonage's "objections shall be waived." L.R. 37.1.

---

[1] Any motion to compel on Sprint's Initial Privilege Log should have been served by March 29, 2007. Any motion to compel on Sprint's First Supplemental Privilege Log should have been served by April 9, 2007.

In addition to the waiver provisions of Rule 37.1, this Court has also informed the parties that it will no longer entertain motions directed to discovery disputes. The Pretrial Order states:

> Unopposed discovery may continue after the deadline for completion of discovery **so long as it does not delay the briefing of or ruling on dispositive motions, or other pretrial preparations**. Under these circumstances, the parties may conduct discovery beyond the deadline for completion of discovery if all parties are in agreement to do so, but **the court will not be available to resolve any disputes that arise during the course of this extended discovery**.

Doc. No. 207 at 30 (emphasis added). Though Vonage was afforded the opportunity to raise issues with Sprint's privilege log in the Pretrial Order and at the pretrial conference on May 9, 2007, Vonage declined to do so and, instead, agreed that discovery was substantially complete. *Id.* By failing to raise privilege log objections before or during the pretrial conference, Vonage has waived any objection to the entries on Sprint's privilege log. Moreover, the express language of the Pretrial Order precludes consideration of Vonage's motion to compel. The reasoning behind this preclusion is demonstrated by Vonage's current motion. In addition to briefing motions in limine, preparing and objecting to deposition designations, preparing and objecting to witness and exhibit lists, and finalizing preparations for presenting its case at trial—which begins in less than 2 weeks—Sprint is now forced to devote resources to responding to a baseless motion that should have been filed over 4 months ago. The Pretrial Order's strictures on discovery disputes are meant to prevent this very situation and, for this reason alone, Vonage's motion should be denied.

Vonage also cannot rely on Sprint's recent supplementations of its privilege logs to justify the present Motion to Compel because: (1) each of the documents now sought by Vonage has been listed on Sprint's privilege log since at least April, 2007; and (2) Sprint's

supplementations were made in the spirit of cooperation to resolve recent questions by Vonage to certain privilege log entries. Months after the close of discovery, Vonage's counsel sent Sprint a letter making general allegations about the insufficiency of Sprint's privilege log and requesting that Sprint provide a revised privilege log. *See* Doc. No. 275, Ex. A (letter dated June 26, 2007 from Vonage's counsel to Sprint's counsel).[2] In response to this letter and subsequent communications from Vonage's counsel, Sprint provided its Fourth, Fifth and Sixth Supplemental Privileged Logs on July 20, 2007, July 27, 2007 and August 6, 2007, respectively, even though this discovery was impeding on Sprint's pretrial preparations. *See* Doc. No. 275, Ex. D, E and I. As is evident from the correspondence between the parties, Sprint's supplementations of its privileged logs were addressed solely to providing Vonage additional information regarding the withheld documents. *See id*. Nevertheless, to the extent Vonage asserts that the entries on Sprint's most-recent Sixth Privilege Log are flawed today, it is axiomatic that such alleged flaws have existed since at least April 5, 2007. Sprint's recent efforts to cooperate with Vonage in attempting to resolve these issues cannot excuse Vonage's failure to properly raise its objections to Sprint's privilege log within a reasonable amount of time.

**B. Vonage Has Failed to Identify Any Deficiencies in Sprint's Privilege Log.**

Vonage's substantive challenges to the entries on Sprint's privilege log find no support either legally or factually and should be rejected.

**1. Sprint's Documents Containing Intellectual Property Valuations are Privileged.**

Vonage argues, without a scintilla of proof, that certain communications reflected on Sprint's privilege log were made predominately for the purpose of business negotiations.

[2] Notably, even though the letter does not constitute a motion to compel, it also was untimely under Local Rule 37.1 because it was not sent within 30 days of the production of Sprint's privilege logs.

Doc. No. 275 at 6-7. The only basis Vonage identifies for this argument is that the entries in question mention business dealings between Sprint and Cisco Systems. *Id.* Though the documents in question may reflect underlying business issues, each of these documents were communicated for the predominate purpose of seeking or giving legal advice.

Sprint's privilege log establishes that the withheld documents were indeed communicated for the purpose of obtaining legal advice by indicating that the documents reflect valuations of intellectual property. *See* Doc. No. 275 at 6-7. A valuation of intellectual property communicated in the course of an attorney-client relationship necessarily constitutes the provisioning of legal advice. This is because valuing intellectual property, an intangible legal asset, is speculative and requires consideration of purely legal concepts. *See Smith & Nephew, Inc. v. Synthes (U.S.A.)*, 466 F.Supp.2d 978, 984 (W.D. Tenn. 2006) (noting that intangible losses arising from alleged patents infringement "can never be ascertained accurately"). Intellectual property cannot be valued by simply applying accounting principles, *e.g.*, in the manner that physical goods are valued. Rather, one seeking to ascertain the value of intellectual property must consider legal concepts such as patent scope, validity, and enforceability. To illustrate, in a litigation context, non-lawyer damages experts expressly provide their damages opinions under the legal assumptions that the patents are valid, enforceable and infringed. *See St. Clair Intellectual Prop. Consultants, Inc. v. Canon Inc.*, No. 03-241, 2004 U.S. Dist. LEXIS 19475, *10 (D. Del. September 28, 2004) ("Patents are presumed valid, enforceable, and infringed in the context of an expert's formulation of an opinion on damages in a patent trial."). In the real-world, however, such assumptions cannot be made. Indeed, the analysis must focus on the scope of the claims, the validity of the claims, evaluations of potentially infringing products, and, ultimately, on enforceability before a reasonable value may be proscribed to an

item of intangible intellectual property. Because this analysis involves a number of legal determinations, attorney-client communications expressing intellectual property valuations necessarily involve the communication of legal opinions and advise. To this end, Sprint's privilege log confirms that the intellectual property valuations expressed in the withheld documents rely upon and incorporate legal opinions and, thus, these attorney-client communications are privileged.

Vonage also argues that the intellectual property valuations are "facts that may reflect on the true value of the patent rights Sprint is asserting." Doc. No. 275 at 9. Vonage cites to no specific legal authority suggesting that such valuations are not protected by the attorney-client privilege. *See id*. at 8-9. Nevertheless, intellectual property valuations may not be considered "facts" because they reflect the legal opinions regarding the intangible characteristics described above. Such legal opinions cannot constitute "facts."

**2. Sprint's Privilege Log Provides Sufficient Details to Establish the Privileged Nature of the Withheld Documents.**

Vonage also complains that various entries in Sprint's privilege log fail to "indicate the manner in which, or purpose for which, certain communications were made to counsel." Doc. No. 275 at 10. Similarly, Vonage argues that Sprint has failed to identify authors or recipients from certain documents and has failed to provide the precise dates of the attorney-client communications. *Id*. at 10-11. Vonage's arguments are premised on the notion that, for a document to be withheld on the basis of attorney-client privilege, it must be dated, list all the documents recipients and indicate the manner of communication. *Id.* Contrary to Vonage's arguments, the mere fact that a document does not contain this information does not foreclose a party's ability to assert privilege thereon.

First, Sprint is not withholding or seeking to conceal information regarding the dates of communications, the document's recipients or the matter of communications. For certain documents, this information is simply not available. Nevertheless, Sprint's privilege log provides more than enough information from which to ascertain the basis of Sprint's privilege claims for each withheld document. *See, generally,* Doc. No. 275, Ex. I. In particular, the entries of Sprint's privilege log indicate the subject matter of the underlying legal advice sought and the various attorneys and Sprint employees that received the communications. *Id*. Where applicable, Sprint has specified whether recipients of documents and e-mail correspondence were direct "To:" recipients or "cc:" recipients. In addition, Sprint has provided relative dates for communications where the precise date is unavailable. Given the specificity of its privilege log entries, Sprint has provided more than sufficient information to establish the privileged nature of each withheld document.

Though Vonage's arguments primarily consist of general allegations of inadequacy, Vonage specifically identifies Entry Nos. 3, 8 and 41 as failing to identify a document's author or the purpose that the document was generated. Doc. No. 275 at 11. Contrary to Vonage's allegations, these entries contain sufficient information to establish Sprint's claims of privilege. For instance, Entry Nos. 2 and 3 indicate the Sprint personnel and lawyers that received the communications and the dates of the communications. Doc. No. 275, Ex I at 1. The entries also indicate the specific topic of the legal advice sought, i.e., "legal advice regarding intellectual property." *Id.* Likewise, Entry No. 41 provides a relative date for the communication, the Sprint in-house lawyer that received the communication and the underlying subject matter of the legal advice sought. *Id*. at 7. This is precisely the information necessary to establish the communications are indeed privileged.

**3. The Withheld Drafts are Privileged.**

Vonage also alleges that the communications referenced in Entry Nos. 23, 25, 26 and 40 are not privileged because there is no indication that the documents "were not eventually transmitted to, or the information therein otherwise shared with, counsel to Mr. Christie's Estate, or that the 'outside counsel' did not also represent the estate of Mr. Christie." Doc. No. 275 at 12. Vonage relies on mere speculation to support its argument by relying on some unknown and unidentified third party communication. Indeed, Vonage's arguments seek to require Sprint prove a negative by establishing that the privileged communications were never disclosed outside of the attorney-client relationship. *Id*. Vonage has not and cannot cite any authority for the imposition of this unrealistic burden. Nevertheless, Sprint performed a reasonable investigation regarding the disclosure of these documents and concluded that they were not transmitted to any representatives of Mr. Christie's estate or other third parties. Moreover, if Vonage truly questioned the privilege nature of these documents, it could have conducted discovery in February 2007 when it received these documents to test the sufficiency of Sprint's entries. Vonage chose not to do so. Accordingly, Sprint is entitled to withhold the documents associated with Entry Nos. 23, 25, 26 and 40 as privileged.[3]

## III. CONCLUSION

Sprint's privilege log provides ample information to establish the privileged nature of each withheld document. Vonage's eleventh-hour challenge to Sprint's log is improper under the Court's Rules and unsound under the law. Accordingly, Sprint respectfully requests

[3] Vonage's Motion addresses certain privilege log entries directed to communications between Mr. Christie and Mr. Setter and Mr. Ball. Doc. No. 275 at 12. Because Vonage and Sprint now agree that such communications of a technical nature are not privileged, Sprint has now produced each document directed to such communications. Ex. F, 8/16/2007 Letter from counsel for Sprint to counsel for Vonage (forwarding documents). Accordingly, there is no dispute between the parties regarding communications between Mr. Christie and Mr. Setter and Mr. Ball.

that the Court deny Vonage's Motion to Compel Production of a Complete Privilege Log and the Documents Described Therein.

Respectfully submitted,

Dated: August 22, 2007

__/s/ _Adam P. Seitz________________

B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT COMMUNICATIONS COMPANY L.P.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of August, 2007, a true and accurate copy of the above and foregoing **SPRINT'S OPPOSITION TO VONAGE'S MOTION TO COMPEL PRODUCTION OF A COMPLETE PRIVILEGE LOG AND THE DOCUMENTS DESCRIBED THEREIN** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

_/s/ _Adam P. Seitz______________________________
Attorneys for Sprint Communications Company L.P.