## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.,  )
                                     )
           Plaintiff,                )
                                     )
     v.                              )   Case No. 05-2433-JWL
                                     )
VONAGE HOLDINGS CORP.,               )
VONAGE AMERICA, INC.,                )
                                     )
           Defendants.               )
                                     )

### PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S OBJECTIONS TO VONAGE'S EXHIBIT LIST AND VONAGE'S WITNESS LIST

Pursuant to Fed. R. Civ. P. 26 and 32 and the Final Pretrial Order (Doc. 207) entered in this matter, Plaintiff files these objections to Vonage's designation of trial witnesses and exhibits. Plaintiff reserves the right to object to any additional exhibits and witnesses added by Vonage. Plaintiff also reserves the right to object to exhibits that Vonage has not yet produced to Sprint. Plaintiff expressly reserves all objections under Federal Rules of Evidence 402 and 403 pursuant to Fed. R. Civ. P. 26(a)(3).

Reserving its objections under Fed. R. Evid. (FRE) 402-403, as permitted by Fed. R. Civ. P. 26(a)(3), Plaintiff makes the following objections:

### GENERAL OBJECTIONS

Plaintiff generally objects to each and every exhibit listed by Vonage to the extent addressed by a Motion in Limine filed by Plaintiff. Plaintiff also objects to each and every exhibit listed by Vonage regarding the JCS-2000 system on the grounds that such exhibit(s) are not relevant and, therefore, inadmissible under FRE 402. Finally, Plaintiff objects to each

2581877v2

exhibit identified by Vonage that was not produced pursuant to discovery requests or that was identified for the first time in connection with Vonage's § 282 Notice.

## EXHIBITS

Sprint's objections to the exhibits identified by Vonage are set forth in Exhibit A. Sprint reserves the right to object to any exhibits identified by Vonage at a later date.

## TRIAL WITNESSES

Plaintiff objects to the Vonage's identification of Massoud Kamali on its witness list. Pursuant to an earlier agreement by the parties, Vonage was to notify Sprint by April 16, 2007, as to whether it would call Mr. Kamali at trial so that Sprint would have the opportunity to depose Mr. Kamali. Vonage did not provide Sprint with any notice that it intended to call Mr. Kamali at trial and, accordingly, Sprint withdrew its deposition subpoena to Mr. Kamali. Because Vonage did not identify Mr. Kamali pursuant to the parties' earlier agreement, Vonage should be precluded from calling him at trial.

Sprint reserves the right to object to specific portions of Vonage's witnesses testimony including, but not limited to, the reasons set forth in Sprint's Motions in Limine.

Dated: August 22, 2007

Respectfully Submitted,

 /s/ Adam P. Seitz_____

B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar. No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS FOR PLAINTIFF SPRINT
COMMUNICATIONS COMPANY L.P.

2581877v2

-3-

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2007, a copy of PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S OBJECTIONS TO VONAGE'S EXHIBIT LIST was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

 /s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.

2581877v2