THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
)
            Plaintiff, )
)
v. )
)
VONAGE HOLDINGS CORP., ) Case No. 05-2433-JWL
VONAGE AMERICA, INC., )
)
           Defendants. )
)
)
)
)

**<u>SPRINT'S OPPOSITION TO VONAGE'S MOTION *IN LIMINE* TO PRECLUDE
SPRINT'S PRE-LITIGATION LETTERS FROM EVIDENCE</u>**

       Plaintiff Sprint Communications Company L.P. ("Sprint") respectfully submits the following response in opposition to Vonage's Motion to Preclude Sprint's Pre-Litigation Letters From Evidence. For the reasons set forth below, Vonage's Motion should be denied.

## I.    INTRODUCTION

       Vonage's Motion seeks to exclude evidence at trial regarding five (5) letters Sprint sent Vonage prior to initiating the present action. Vonage argues these letters (the "Sprint Letters") are irrelevant because: (1) they fail to meet the "actual notice" standard defined by 35 U.S.C. § 287; and (2) they are legally insufficient to provide "actual notice" supporting a finding of willful patent infringement. In making these arguments, Vonage impermissible relies <u>solely</u> upon the "actual notice" standard defined by § 287 and completely ignores the different "actual notice" standard defined by the Federal Circuit for a willfulness analysis. Vonage applied the wrong standard and, under the correct standard, Vonage's motion should be denied.

- 1 -

253317v1

The legal standard for "actual notice" in the willfulness context is drastically different than the "actual notice" standard defined by § 287. While the standard for "actual notice" under § 287 requires an affirmative communication of a <u>specific charge of infringement</u>, "actual notice" in the willfulness context is far less stringent and requires <u>only knowledge of a patent and of the possibility of infringement</u>. Having incorrectly applied § 287's standard for "actual notice," Vonage incorrectly concludes that the Sprint Letters are inadmissible. However, application of the correct Federal Circuit standard for "actual notice" in the willfulness context establishes the letters are relevant and admissible. Additionally, because Sprint will not seek to prove that the Sprint Letters satisfy the notice requirements of § 287,[1] that question is moot. Thus, the Court need only apply the correct "actual notice" standard in the willfulness context to conclude that the Sprint Letters are relevant and admissible.

## II.     LEGAL ARGUMENT

### A.     <u>Vonage's Motion Fails to Recite the Proper Legal Standard for "Actual Notice" in the Willfulness Context.</u>

Vonage states, "As a matter of law, the five pre-litigation Letters are insufficient to establish notice to Vonage of the Asserted Patents, or Sprint's claims of infringement." Doc. No. 284 at 7. <u>Vonage's Motion, however, fails to **even recite** the legal standard for "actual notice" in the willfulness context</u>. Indeed, Vonage's Motion relies solely on the standard for "actual notice" under 35 U.S.C. § 287. Doc. No. 284 at 5-6. The standard for actual notice in the willfulness context is markedly different than the standard under § 287.

While § 287's standard for actual notice requires an affirmative communication of a <u>specific charge of infringement</u>, the Federal Circuit has explained that "actual notice" in the willfulness context requires <u>only knowledge of a patent and knowledge of the possibility of</u>

---

[1] *See* Doc. No. 287, at 13.

infringement. *See Stryker Corp. v. Intermedics Orthopedics*, 96 F.3d 1409, 1413 (Fed. Cir. 1996). Applying this standard, Federal Circuit precedent demonstrates that the quantum of "notice" required for willfulness is not great. Notice can include:

- Receiving a cease and desist letter or an offer to negotiate. *See Golight, Inc. v. Wal-Mart Stores, Inc.,* 355 F.3d 1327, 1339, 69 USPQ2d 1481 (Fed. Cir. 2004).

- Discovery of a relevant patent during routine product clearance searches. *See Studiengesellschaft Kohle m.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564, 1576 n.4 (Fed. Cir. 1988).

- Discovery of a relevant patent by the alleged infringer's patent attorney in the Official Gazette of the United States Patent Office. *See Stryker Corp. v. Intermedics Orthopedics*, 96 F.3d 1409, 1415 (Fed. Cir. 1996) (infringer's patent attorney "saw reference to the . . . patent in the Official Gazette of the United States Patent Office, as well as a drawing.").

- Mention by a third party of the existence of a patent covering a similar product. *See Great Northern Corp. v. Davis Core & Pad Co.*, 782 F.2d 159, 166-67 (Fed. Cir. 1986) (finding that the defendant's conversation with a third party was sufficient for defendant to acquire actual notice of the existence of the patent).

In short, the Federal Circuit has made clear that the "actual notice" needed to support a finding of willful infringement does not require any specific charge of infringement, as Vonage contends. *See* Doc. No. 284 at 5-6.

Notably, Vonage has not and cannot cite any authority for its attempted conflation of the notice standard under § 287 and the notice standard for willfulness. In fact, numerous courts have addressed and rejected Vonage's position. *Advanced Med. Optics, Inc. v. Alcon Inc.*, No. 03-1095, 2005 U.S. Dist. LEXIS 33378, * 23 (D. Del. Dec. 16 2005) ("While the manual listing is <u>not sufficient to meet the marking requirements</u> of 35 U.S.C. § 287, it is <u>sufficient to show notice in support of willfulness</u>."); *Maxwell v. Angel-Etts of Cal., Inc.*, NO. CV 99-10516, 2001 U.S. Dist. LEXIS 25418, *27 (C.D. Cal. July 9, 2001) (Defendant "appears to <u>confuse actual notice of infringement under 35 U.S.C. Section 287</u> with the awareness of another's patent rights, which may <u>trigger willful infringement</u>"); *Loral Fairchild Corp. v. Victor Co. of Japan,*

- 3 -

*LTD*, 906 F. Supp. 813, 817 (E.D. N.Y. 1995) (Rader, J.) ("Even prior knowledge of the patent sufficient to sustain a willfulness finding did not suffice to supplant plaintiff's affirmative obligation" under 35 U.S.C. § 287.).

### B. Sprint's Pre-Litigation Letters Are Sufficient to Support a Finding of Willfulness.

Vonage argues that the Sprint Letters do not "come close to meeting the stringent specificity requirements for establishing Vonage had actual notice of the asserted Patents." Doc. No. 284 at 6 (emphasis added). Applying the proper standard, however, the Sprint Letters are more than adequate to support a finding of willfulness.

Vonage admits that the Sprint Letters notified Vonage of Sprint's patents, offered to engage in licensing discussions, and indicated the likelihood Vonage infringed Sprint's claims. *See, e.g.*, Doc. No. 284 at 2-3. By notifying Vonage of its patents and of the possibility of infringement, Vonage was given sufficient notice of Sprint's patent rights. *See Ralston Purina Co. v. Far-Mar-Co., Inc.*, 772 F.2d 1570, 1577 (Fed. Cir. 1985) ("The offering of a license is actual notice" under willfulness inquiry). Indeed, actual notice for willfulness purposes may be found when the patentee was completely unaware of the alleged infringer's knowledge of the patent. *See Stryker Corp.*, 96 F.3d at 1415 (finding that the accused infringer acquired actual notice of plaintiff's patent when the infringer's patent attorney "saw reference to the . . . patent in the Official Gazette of the United States Patent Office"); *Dart Indus., Inc.*, 862 F.2d at 1576 (finding that the accused infringer acquired actual notice of plaintiff's patent by virtue of a routine product clearance search).

### C. The Sprint Letters are Relevant and Admissible.

Vonage's relevancy objections under Federal Rules of Evidence 401-403 are expressly predicated on the legal insufficiency of the Sprint Letters. *See* Doc. No. 284 at 7.

- 4 -

253317v1

Because Vonage has not and cannot demonstrate that the pre-litigation Sprint Letters are legally insufficient to support a finding of willfulness, Vonage's relevancy arguments must fail.

### III.   CONCLUSION

Vonage's Motion fails to apply the proper legal standard for "actual notice" in the context of willfulness.  As such, Vonage has failed to show that the Sprint Letters are legally insufficient or irrelevant.  Accordingly, Sprint respectfully requests that the Court deny Vonage's Motion to Preclude Sprint's Pre-Litigation Letters From Evidence.

Respectfully submitted,

Dated: August 24, 2007

_/s/ Adam P. Seitz _____
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT COMMUNICATIONS COMPANY L.P.

253317v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August, 2007, a true and accurate copy of the above and foregoing **SPRINT'S OPPOSITION TO VONAGE'S MOTION TO PRECLUDE SPRINT'S PRE-LITIGATION LETTERS FROM EVIDENCE** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.

 _/s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.

253317v1