**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THEGLOBE.COM, INC., ) | Case No. 2:05-CV-02433-JWL-DJW |
| VOICEGLO HOLDINGS, INC., ) | |
| VONAGE HOLDINGS CORP., and ) | |
| VONAGE AMERICA, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**RESPONSE TO VONAGE'S MOTION FOR CLARIFICATION OF ORDER OF
AUGUST 7, 2007 AS TO VONAGE'S REMAINING DEFENSES UNDER 35 U.S.C. § 112**

Plaintiff Sprint Communications Company L.P. ("Sprint") respectfully submits the following response to Defendants Vonage Holding Corporation and Vonage America, Inc. (collectively, "Vonage")'s Motion for Clarification of Order of August 7, 2007 as to Vonage's Remaining Defenses Under 35 U.S.C. § 112:

The Court's August 7, 2007 Summary Judgment Memorandum and Order (the "Order") requires no clarification. Furthermore, Vonage's proposed "clarification" is an inappropriate narrowing of the Court's ruling. Vonage requests two forms of clarification. First, Vonage requests that the Court clarify that the Order does not pertain to Vonage's "written description" and "enablement" defenses under 35 U.S.C. § 112, ¶ 1. Doc. 312, at 2. This clarification is unnecessary. Sprint did not request summary judgment on § 112, ¶ 1. And, the Court's Order does not address those defenses.

2595343v1

Second, Vonage requests that the Court's Order "be limited in scope to the portion of 35 U.S.C. § 112, ¶ 2 commonly referred to as 'regards as.'" Doc. 312, at 1. This requested "clarification" is inaccurate and inappropriate. Sprint moved for summary judgment with respect to all of Vonage's defenses under 35 U.S.C. § 112, ¶ 2. Doc. No. 199, at 15-16. Section 112, ¶ 2 includes defenses which are commonly referred to as the "regards as" requirement and the "definiteness" requirement. *Id.* at 16. Vonage recognized that 35 U.S.C. § 112, ¶ 2 involved these two requirements. Doc No. 218, at 13-14. Yet, Vonage only opposed Sprint's motion as to the "regards as" portion of ¶ 2. In fact, Vonage's only substantive reference to the "definiteness" requirement was a tacit concession as to the appropriateness of summary judgment. *Id.* at 17 (mentioning Sprint's argument regarding definiteness and saying "even if true, Sprint is ignoring . . . regards as"). Despite the fact that Vonage's Opposition did not substantively oppose Sprint's motion as to "definiteness," the Court's Order thoroughly addressed the "definiteness" requirement. Order, at 66-68. Accordingly, the Order disposed of both the "regards as" defense and Vonage's "definiteness" defense under 35 U.S.C. § 112, ¶ 2. The Court should reject Vonage's attempt to limit the Order's application to only the "regards as" defense.

Respectfully Submitted,

 /s/ Adam P. Seitz

August 24, 2007

B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar. No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS FOR PLAINTIFF SPRINT
COMMUNICATIONS COMPANY L.P.

2595343v1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of August, 2007, a copy of RESPONSE TO VONAGE'S MOTION FOR CLARIFICATION OF ORDER OF AUGUST 7, 2007 AS TO VONAGE'S REMAINING DEFENSES UNDER 35 U.S.C. § 112 was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


 /s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.

2595343v1