## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  05-2433-JWL |
| v. | ) | |
| | ) | |
| VONAGE HOLDINGS CORP. and | ) | |
| VONAGE AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY BRIEF IN LIGHT OF INTERVENING CHANGE IN CONTROLLING LAW AND, SUBJECT THERETO, REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE SPRINT'S PRE-LITIGATION LETTERS

Defendants Vonage Holdings Corporation and Vonage America, Inc. (collectively, "Vonage"), seek leave to submit the following reply memorandum in support of their Motion *in Limine* to Preclude Sprint's Pre-Litigation Letters From Evidence.  In support of this motion for leave, Vonage suggests that there has been a fundamental change in the controlling law of this case, including law that is crucial to Vonage's Motion to Exclude Pre-Litigation Letters.  See In re Seagate Tech., LLC, Misc. No. 830, 2007 U.S. App. LEXIS 19768 at *22 (Fed. Cir. Aug. 20, 2007).  Vonage seeks an opportunity to address how the Seagate case changes and affects the Court's analysis of Vonage's motion in limine concerning Sprint's pre-litigation letters (Doc. 283-84).  In the event the Court elects to grant Vonage's motion for leave to file reply brief, said reply brief is set forth below.

Dockets.Justia.com

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE SPRINT'S PRE-LITIGATION LETTERS

Defendants Vonage Holdings Corporation and Vonage America, Inc. (collectively, "Vonage"), submit this reply memorandum in support of their Motion *In Limine* to preclude Plaintiff Sprint Communications Company L.P. ("Sprint") from referencing at trial, or offering into evidence, letters Sprint sent to Vonage and other providers of Voice-over-Internet Protocol telephony systems, prior to filing this suit, or any testimony or reference thereto, under Federal Rules of Evidence 401-403 (Doc. 283-84; Vonage's "Motion").  Vonage submits this reply memorandum based on the decision of the United States Circuit Court of Appeals for the Federal Circuit this week in In re Seagate Tech., LLC, Misc. No. 830, 2007 U.S. App. LEXIS 19768 at *22 (Fed. Cir. Aug. 20, 2007), which has clarified and changed the law upon which Vonage's Motion, and Sprint's proffer of the letters at issue, is based, and on which Sprint's opposition motion is based.[1]

Vonage originally moved to preclude from evidence all letters Sprint alleges to have sent to Vonage prior to initiating this suit (the "Letters"), on the basis that none of the letters are sufficient to trigger an affirmative duty of care to avoid infringement of Sprint's patents.  In its opposition to Vonage's motion, Sprint asserts that its "pre-litigation letters are sufficient to support a finding of willfulness."   Sprint Opp. Br. P.4.

This week, the Federal Circuit issued a decision overhauling the standard for proving willful infringement, and, in so doing overruled the caselaw that both Vonage and Sprint relied

---

[1]     Although Sprint's memorandum in opposition to Vonage's motion (Doc. 321) was filed on August 24, 2007, two days after the issuance of the Seagate opinion, Sprint was apparently unaware of the decision as it failed to provide notice to the Court when it filed its opposition, and its opposition is based solely on the pre-Seagate standard for willfulness.

on in their respective memorandums: "*we abandon the affirmative duty of care*." <u>Seagate</u>,

2007 U.S. App. LEXIS 19768 at \*22 (emphasis added). The Court further noted that

> [T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. ...***The state of mind of the accused infringer is not relevant to this objective inquiry***. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

<u>Id.</u> at \*22-23 (emphasis added). As such, the "due care" standard upon which Sprint purportedly

bases its proffer of these Letters into evidence is no longer. Instead, the Federal Circuit has

made willful infringement a much more difficult claim to prove, requiring clear and convincing

evidence of "objective recklessness" with respect to whether Vonage infringed any of Sprint's

patents. <u>Id.</u> Vonage's subjective state of mind – which Sprint will offer the Letters to prove – is

no longer of any consequence to this analysis. Thus, Sprint's argument that the Letters "are

sufficient to support a finding of willfulness" is directly contrary to the <u>Seagate</u> holding.

The <u>Seagate</u> Court further noted that willfulness, when asserted in an original pleading, is

"necessarily grounded exclusively in the accused infringer's pre-filing conduct," <u>id.</u> at \*30, and

that when willfulness is alleged as to post-filing conduct, "a patentee can move for a preliminary

injunction, which generally provides an adequate remedy for combating post-filing willful

infringement." <u>Id.</u> "A patentee who does not attempt to stop an accused infringer's activities in

this manner should not be allowed to accrue enhanced damages based solely on the infringer's

post-filing conduct." <u>Id.</u> Where, as here, the allegations of willfulness were made in the original

pleading (<u>see</u> Compl., Doc. 1, at ¶¶20, 25, 30, 35, 40, 45 and 50), and no request for preliminary injunctive relief has been pursued,[2] relief for willful infringement is limited to pre-filing activity.

The Court further articulated that a "substantial question" about infringement, demonstrated as early as in the context of a motion for preliminary injunction, "is likely sufficient not only to avoid a preliminary injunction, but also a charge of willfulness based on post-filing conduct." <u>Id</u>. at *31.  Vonage thus submits that this Court's finding of literal non-infringement of the '301 Family Patents on summary judgment, and finding genuine issues of material fact with regard to infringement of the '605 Family Patents, bars Sprint's allegations of willfulness as a matter of law under the controlling authority of <u>Seagate</u> because Sprint has not identified any evidence in support of its assertion of willful infringement other than the Letters.[3]

The ruling in <u>Seagate</u> has rendered "affirmative due care" – the standard for which Sprint seeks to offer the Letters into evidence – no longer applicable to the allegations at issue here. Their introduction thus would serve no purpose other than to unduly prejudice the jury, extend trial and burden the jury with superfluous material.  As such, Vonage respectfully requests the Court preclude the Letters from evidence at trial on these additional and even more compelling grounds.

---

[2]    Sprint, in its Complaint, prayed for preliminary as well as permanent injunctive relief (<u>see</u> <u>id</u>. at Prayer for Relief, ¶D), but took none of the procedural steps and made none of the evidentiary proffers necessary to pursue such a request.

[3]    Separately, Vonage has requested leave to file a motion for summary judgment as to willfulness based (Doc. 327) based on the change in controlling law annunciated in <u>Seagate</u> (Doc. 327, Vonage's Emergency Motion for Leave to File Motion for Summary Judgment in Light of Days-Old Intervening Change in Controlling Law).

Respectfully submitted,

BARBER EMERSON, L.C.

August 26, 2007                By:    s/ Terrence J. Campbell
                                      Terrence J. Campbell - 18377
                                      tcampbell@barberemerson.com
                                      Catherine C. Theisen - 22360
                                      ctheisen@barberemerson.com
                                      1211 Massachusetts Street
                                      P.O. Box 667
                                      Lawrence, KS 66044
                                      (785) 843-6600
                                      (785) 843-8405 Facsimile

                                      s/ Donald R. McPhail
                                      Patrick D. McPherson
                                      Barry Golob
                                      Donald R. McPhail
                                      Duane Morris LLP
                                      1667 K Street N.W.
                                      Washington, DC 20006-1608
                                      202-776-7800
                                      pdmcpherson@duanemorris.com
                                      bgolob@duanemorris.com
                                      drmcphail@duanemorris.com

                                      *Attorneys for Defendants/Counterclaim
                                      Plaintiffs Vonage Holdings Corp. and Vonage
                                      America, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify on August 26, 2007, that a copy of Defendants' Motion for Leave to File Reply Brief in Light of Intervening Change in Controlling Law and, Subject Thereto, Reply Brief in Support of Defendants' Motion *In Limine* to Preclude Sprint's Pre-Litigation Letter and supporting papers was filed electronically, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> Shook, Hardy & Bacon LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> bwebb@shb.com
> aseitz@shb.com
> eburesh@shb.com
>
> *Attorneys for Plaintiff*
> *Sprint Communications Company L.P.*

> s/ Terrence J. Campbell
> *Attorney for Defendants*

6

DM1\1179755.1