## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.    )
)
    **Plaintiff,**    )
)
    **v.**    )    **Case No. 05-2433-JWL**
)
**VONAGE HOLDINGS CORP.,**    )
**VONAGE AMERICA, INC.,**    )
)
    **Defendants.**    )
)
)

## SPRINT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE OPINIONS OF VONAGE'S EXPERT JOEL M. HALPERN REGARDING THE DISCLOSURE-DEDICATION RULE AND THE ALL-LIMITATIONS RULE

Sprint's Motion seeks to prevent Vonage's non-infringement expert, Joel M. Halpern, from expressing any opinions regarding the application of two legal doctrines known as the disclosure-dedication rule and the all-limitations rule. Because Mr. Halpern's treatment of these doctrines is limited to conclusory statements on pure questions of law, Sprint requests that Mr. Halpern be precluded from testifying regarding the disclosure-dedication rule and the all-limitations rule. Such testimony will not be helpful to the fact finder and will serve only to encroach on the domain of the Court.[1]

---

[1] Vonage portrays Sprint's Motion as "Sprint's third attack on Mr. Halpern's reports and proffered opinions." Doc. No. 310 at 1. Though Vonage suggests otherwise, Sprint's motions each advance different arguments and each seek different relief. At the dispositive motion deadline, Sprint filed a *Daubert* motion challenging Mr. Halpern's expert qualifications. Doc. No. 197. The present motion seeks to preclude Mr. Halpern from offering testimony regarding the disclosure-dedication rule and the all-limitations rule. The third referenced motion is a motion *in limine* seeking to limit Mr. Halpern's testimony to opinions disclosed in his expert reports. Doc. No. 287. As such, the timing and scope of Sprint's motions were dictated by the Scheduling Order, and these motions address distinct grounds for limiting the testimony of Mr. Halpern.

Dockets.Justia.com

1.    **Vonage Has Failed to Demonstrate that Mr. Halpern's Opinions Regarding the Disclosure-Dedication Rule and the All-Limitations Rule Would be Helpful to the Trier of Fact.**

Vonage's Opposition all but ignores the critical question, i.e., whether Mr. Halpern's disclosure-dedication and all-limitation opinions "would be helpful to the trier of fact." *Hartzler v. Wiley*, 277 F. Supp. 2d 1114, 1116 (D. Kan. 2003). Instead, Vonage's Opposition focuses on irrelevant and tangential issues such as the admissibility of expert testimony regarding <u>claim construction</u> and the <u>doctrine of equivalents</u>. *See, e.g.,* Doc. No. 310 at 4-10. Sprint does not challenge the propriety of expert testimony on these subjects in the proper context.[2] Indeed, Sprint's expert has offered his own opinions regarding claim construction and the doctrine of equivalent's function-way-result test. *See* Doc No. 310 at 7.[3] However, there are significant differences between providing a technical comparison of the function, way, and result of two telecommunication systems and reaching a purely legal conclusion that the all-limitations or disclosure-dedication rules prohibit application of the doctrine of equivalents as a matter of law. The former (function-way-result) is a highly technical question that requires expert analysis. The latter (all-limitations and disclosure-dedication) is a purely legal question for the Court. Vonage did not dispute this critical point.

Vonage's Opposition also attempts to pass off Mr. Halpern's conclusory statements regarding the disclosure-dedication rule and all-limitations rule as a "factual analysis." *Id.* at 4. Review of Mr. Halpern's report demonstrates his hasty treatment of these

---

[2]     Sprint does contend that experts should not be permitted to offer claim construction opinion to the jury because claim construction is solely within the province of the Court.

[3]     Some overlap exists between the doctrines of the disclosure-dedication rule and the all-limitations rule and issues of claim construction and the doctrine of equivalents. For instance, application of the all-limitations rule is premised on a proper claim construction. *Lockheed Martin Corp. v. Space Systems/Loral, Inc*., 324 F.3d 1308, 1320- 21 (Fed. Cir. 2003). Further, the disclosure-dedication rule and the all-limitations rules serve to legally preclude application of the doctrine of equivalents. *Johnson & Johnston Associates, Inc. v. R.E. Service Co*., 285 F.3d 1046, 1054 (Fed. Cir. 2002) (en banc).

.

legal doctrines is devoid of "factual analysis." *See id*. at 3 and 4 (providing excepts from Mr. Halpern's reports with italicized text to indicate Mr. Halpern's conclusory statements regarding the disclosure-dedication rule and the all-limitations rule).

By focusing on tangential issues such as technical (as opposed to legal) doctrine of equivalents analysis and claim construction, Vonage attempts to reframe the issue to avoid the unhelpful nature of Mr. Halpern's opinions regarding the disclosure-dedication rule and the all-limitations rule. Vonage's attempt at misdirection must fail, and Mr. Halpern's opinions on these purely legal issues should be excluded.

        **2.**      **The Court Already Has Rejected the Legal Conclusions Advanced By Mr. Halpern.**

After Sprint filed its Motion to Exclude, the Court issued an Order addressing the parties' motions for summary judgment. *See* Doc. No. 264. In this Order, the Court rejected each of Mr. Halpern's positions regarding the disclosure-dedication rule and the all-limitations rule. In denying Vonage's Motion for Summary Judgment, the Court performed a full analysis regarding the application of the disclosure-dedication rule and concluded, as a matter of law, that it did not apply. Doc. No. 264 at 43-44. Directly disagreeing with Mr. Halpern's conclusion that the questioned subject matter was disclosed, unclaimed and dedicated to the public, the Court stated, "Far from disclosing that this subject matter is unclaimed, it discloses that this matter is, to the contrary, claimed." *Id*. at 44. Given the Court's disclosure-dedication ruling, any conflicting testimony by Mr. Halpern would serve only to invade the Court's province by allowing Mr. Halpern to testify on a legal issue that has already been decided to the contrary by the Court. *Simmons Foods, Inc. v. Capital City Bank, Inc*., 58 Fed. Appx. 450, 453 (10th Cir. 2003). Such testimony would not be helpful to, and would likely confuse, the jury.

Similarly, the Court rejected Vonage's all-limitations rule arguments, describing such arguments as "cursory" and "without merit." Doc. No. 264 at 54.  Notably, Vonage's "cursory" summary judgment briefing regarding the all-limitations rule is strikingly similar to Mr. Halpern's treatment of the same subject matter.  *Compare* Vonage's Brief in Support of its Motion for Summary Judgment, Doc. No. 200, pp. 41 and 43 *with* Excerpts from Mr. Halpern's Report, Doc. No. 310, Ex. A at 54, 58, 59 and 62.  As the Court already has found that the all-limitation rule arguments advanced by Vonage and Mr. Halpern are "without merit," Mr. Halpern should be precluded from offering his rejected legal opinions at trial.

### 3.    Conclusion

Vonage's Opposition addresses irrelevant and tangential issues such as the admissibility of expert testimony addressing claim construction and the technical analysis under the doctrine of equivalents.  These arguments do not support the admissibility of Mr. Halpern's opinions regarding the disclosure-dedication rule or all-limitations rule, which are purely legal questions.  Moreover, the Court already has rejected Mr. Halpern's legal positions in denying Vonage's Motion for Summary Judgment.  Therefore, Sprint respectfully requests that the Court grant Sprint's Motion to Exclude the Opinions of Vonage's Expert Joel M. Halpern Regarding the Disclosure-Dedication Rule and the All-Limitations Rule.

Respectfully Submitted,

Dated: August 27, 2007                   \_/s/ Adam P. Seitz_____
                                         B. Trent Webb, KS Bar No. 15965
                                         Eric A. Buresh, KS Bar No. 19895
                                         Adam P. Seitz, KS Bar No. 21059
                                         SHOOK, HARDY & BACON L.L.P.
                                         2555 Grand Boulevard
                                         Kansas City, Missouri 64108-2613
                                         (816) 474-6550 Telephone
                                         (816) 421-5547 Facsimile

                                         Attorneys for Plaintiff
                                         SPRINT COMMUNICATIONS COMPANY L.P.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of August 2007, a copy of **SPRINT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE OPINIONS OF VONAGE'S EXPERT JOEL M. HALPERN REGARDING THE DISCLOSURE-DEDICATION RULE AND THE ALL-LIMITATIONS RULE** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Terrence J. Campbell
Barber Emerson LC
1211 Massachusetts
P.O. Box 667
Lawrence, Kansas 66044

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


    /s/   Adam P. Seitz
Attorneys for Sprint Communications Company L.P.