**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VONAGE HOLDINGS CORP., )<br>VONAGE AMERICA, INC., )<br>)<br>Defendants. )<br>)<br>) | Case No. 05-2433-JWL |

## SPRINT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE OPINIONS OF VONAGE'S EXPERT FRANK R. KOPERDA REGARDING OBVIOUSNESS AND ENABLEMENT

Sprint's Motion seeks to prevent Vonage's invalidity expert, Frank R. Koperda, from expressing opinions that certain claims of Sprint's patents are invalid for being obvious in view of the prior art. In addition, Sprint moves to exclude Mr. Koperda's enablement opinion because he admittedly has not performed any analysis as to the critical factors underlying his enablement opinion, and because his enablement opinion is contrary to well-settled law. Given Mr. Koperda's conclusory and unreliable opinions, Vonage cannot meet its burden of establishing that Mr. Koperda's testimony satisfies Rule 702's standards.

### 1. Vonage Concedes that Mr. Koperda's Boilerplate Obviousness Statements are not "Opinions."

Instead of providing a proper factual foundation for his obviousness analysis, Mr. Koperda's Expert Invalidity Report includes only conclusory, cut-and-paste statements that, on their face, purport to broadly express Mr. Koperda's opinion that the claims of the Sprint Patents

1

are invalid as obvious.[1] *See* Doc. No. 263 at 5. Vonage concedes these boilerplate statements are not meant to provide "opinions." Doc. No 309 at 2. Rather, Vonage contends that the statements form "part of a concluding summary" and that Sprint has taken the twelve identified statements out of context. *Id*. Despite making these arguments, however, Vonage fails to identify any proper obviousness opinions to support the twelve contested boilerplate opinions. Mr. Koperda's claim charts and Supplemental Report include several specific obviousness opinions that Sprint has not challenged from a *Daubert* perspective. *See id*. These opinions are specific in nature and apply to relatively few of the asserted claims. *See, e.g.,* Ex. A, Claim Chart, at 2 (combining Turner with Bahl in the context of dependent claim 3); *id.* (combining Turner with Madonna in the context of dependent claim 23); *id* at 3 (combining Turner with Bahl in the context of dependent claim 26); Ex. B, Claim Chart, at 3 (combining Cidon with Bahl in the context of dependent claim 3); *id* at 3 (combining Cidon with Bahl in the context of dependent claim 26). These examples demonstrate that Mr. Koperda at least understood how to formulate a recognizable and specific obviousness opinion. They also demonstrate the uselessness of Mr. Koperda's boilerplate obviousness opinions. Because Mr. Koperda's broad, cut-and-paste statements are not supported by the limited number of actual obviousness opinions he has disclosed, Mr. Koperda's twelve boilerplate obviousness opinions, which Vonage admits are not "opinions," should be stricken. To the extent Mr. Koperda is allowed to testify as to obviousness, the Court should limit his testimony to specific opinions such as the examples discussed above.

---

[1] Vonage states that "Sprint's Motion is less than clear" in setting forth the opinions of Mr. Koperda that are objectionable. Doc. No 309 at 1. Despite Vonage's alleged confusion, Sprint's Motion clearly defines the boilerplate opinions that should be excluded. Doc. No. 263, Ex. A at 38-39, 40- 41, 44, 46, 50- 51, 56- 57, 58- 59, 62, 68, 71, 74, and 77 (repeating the same language twelve (12) separate times).

### 2. Vonage Has Failed to Identify Any Factual Analysis Performed By Mr. Koperda in Support of His Enablement Opinion.

The enablement requirement, under 35 U.S.C. § 112, ¶ 1, requires the Sprint patents to teach those skilled in the art how to make and use the claimed invention <u>without *undue* experimentation</u>.  *See Amgen, Inc. v. Chugai Pharm. Co., Ltd*., 927 F.2d 1200, 1213 (Fed. Cir. 1991).  The Federal Circuit has defined the factors, known as the *Wands* factors, that may be considered to determine the level of undue experimentation.  *See In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988).  Vonage's Opposition concedes that Mr. Koperda did not consider the Federal Circuit's accepted *Wands* factors in reaching his enablement opinion.  Doc. No. 309 at 4 ("there is no compelling reason for those factors to be the only appropriate test here").

Though Mr. Koperda did not consider the *Wands* factors, Vonage still urges that his undue experimentation analysis is reliable because the *Wands* factors "are illustrative, not mandatory."  *Id.* at 3  (quoting *Amgen, Inc. v. Chugai Pharm. Co.,* 927 F.2d 1200, 1213 (Fed. Cir. 1991)).  Vonage's focus on the "illustrative" nature of the *Wands* factors entirely misses the critical flaw in Mr. Koperda's opinion – there is not <u>*any* factual analysis underlying Mr. Koperda's undue experimentation conclusion</u>.

Mr. Koperda expressly admitted that <u>he "performed no independent analysis"</u> to consider the level of experimentation that would be required to implement the claimed invention.  Doc. No 263, Ex. D at 190.  Reiterating this failure, Mr. Koperda further testified, "<u>I did not try to worry about implementing</u>" the system described in the Sprint patents.  *Id*., Ex. D at p. 60.  It is Vonage's burden to show the reliability of Mr. Koperda's conclusion that undue experimentation would be required to implement Sprint's claimed invention.  *Daubert*, 509 U.S. at 592 n.10; *Ralston v. Smith & Nephew Richards, Inc*., 275 F.3d 965, 970 (10th Cir. 2001).  Vonage simply cannot meet this burden because Mr. Koperda admitted that he did not undertake

3

the requisite analysis. Having "performed no independent analysis," Mr. Koperda's speculation as to the ultimate issue of whether undue experimentation would be required to implement the claimed inventions is absolutely useless to the jury. Furthermore, because he didn't conduct an "independent analysis," Mr. Koperda's approach is indisputably unreliable. Accordingly, Vonage has not met its burden of showing that Mr. Koperda's testimony and report embody the intellectual rigor required by *Daubert*.

### 3. Vonage Has Not Met its Burden of Proving that Mr. Koperda's Methodology is Reliable.

In addition to a fatally deficient factual analysis, the methodology underlying Mr. Koperda's enablement opinion is contrary to law and therefore is not helpful to the jury. Attempting to avoid the impact of Mr. Koperda's reliance on markedly incorrect statements of law, Vonage states, "Sprint could have timely sought summary judgment on this issue" and should "not now be permitted to seek such a result through the back door." Doc. No. 309 at 5 and 6. Contrary to Vonage's assertions, the reliability of an expert's methodology are properly raised in *Daubert* motions, and numerous courts have rejected attempts, such as Vonage's, to advance unreliable expert testimony premised on incorrect law. *See, e.g., Allison v. McGhan Medical Corp.,* 184 F.3d 1300, 1320 (11th Cir. 1999); *id.* at 1321 (finding expert testimony excludable under *Daubert*'s "fit" prong where analysis did not abide by applicable substantive law). Indeed, the Federal Circuit "encourages exercise of the trial court's gatekeeper authority when parties proffer, through purported experts, not only unproven science, *see Daubert* [citation omitted], but markedly <u>incorrect law</u>." *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996). In short, the passing of the summary judgment deadline provides Vonage no sanctuary from the strictures of Rule 702 and *Daubert*.

Notably, Vonage's Opposition does not even attempt to distinguish the controlling Federal Circuit authority cited by Sprint. This authority expressly rejects Mr. Koperda's approach to enablement, i.e., a finding of non-enablement predicated on lack of disclosure as to a particular means of practicing the claimed invention. *See Invitrogen Corp. v. Clontech Lab., Inc.*, 429 F.3d 1052, 1071 (Fed. Cir. 2005) ("[T]he enablement requirement is met if the description enables **any** mode of making and using the invention.").

Instead of addressing this controlling authority, Vonage attempts to rely on cases discussing the general notion that a patent's specification must enable the "full scope" of the claimed invention. Doc. No. 309 at 4. The "full scope" rule provides Vonage no support because it applies to overly broad claims that purport to cover "every possible type" of a claimed device, "no matter how different in structure or operation." *See LizardTech, Inc. v. Earth Resource Mapping, Inc.*, 424 F.3d 1336, 1346 (Fed. Cir. 2005). Vonage cannot allege that the asserted Sprint claims purport to cover "every possible type" of telecommunication system. Thus, Vonage's reliance on the "full scope" rule is in error. Importantly, Vonage's misconstruction of the "full scope" rule is <u>directly refuted</u> by numerous Federal Circuit opinions. *See Invitrogen Corp.*, 429 F.3d at 1070-71; *Engel Indus., Inc. v. Lockformer Co.*, 946 F.2d 1528, 1533 (Fed. Cir. 1991); *In re Vaeck*, 947 F.2d 488, 496 (Fed. Cir. 1991) ("It is well settled that patent applicants are not required to disclose every species encompassed by their claims, even in an unpredictable art."); *Spectra-Physics, Inc. v. Coherent, Inc.*, 827 F.2d 1524, 1533 n.5 (Fed. Cir. 1987) ("If an invention pertains to an art where the results are predictable, e.g. mechanical as opposed to chemical arts, a broad claim can be enabled by disclosure of a single embodiment."). Vonage cannot distinguish this critical authority and cannot meet its burden of proving the reliability of Mr. Koperda's methodology.

**4.     Conclusion**

Vonage's Opposition fails to establish that Mr. Koperda's conclusory and unreliable opinions meet the standard set by Rule 702. Therefore, Sprint respectfully requests that the Court grant Sprint's Motion to Exclude the Opinions of Vonage's Expert Frank R. Koperda Regarding Obviousness and Enablement.

Respectfully submitted,

Dated: August 27, 2007

_/s/ Adam P. Seitz_____
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT COMMUNICATIONS COMPANY L.P.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of August 2007, a copy of **SPRINT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE OPINIONS OF VONAGE'S EXPERT FRANK R. KOPERDA REGARDING OBVIOUSNESS AND ENABLEMENT** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Terrence J. Campbell
Barber Emerson LC
1211 Massachusetts
P.O. Box 667
Lawrence, Kansas 66044

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


  /s/ Adam P. Seitz
Attorneys for Sprint Communications Company L.P.