THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P. )
)
        Plaintiff,  )
)
vs. )
) Case No. 05-2433-JWL
VONAGE HOLDINGS CORP., )
VONAGE AMERICA, INC. )
)
        Defendants.  )
)

## OPPOSITION TO VONAGE'S EMERGENCY MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT IN LIGHT OF DAYS-OLD INTERVENING CHANGE IN CONTROLLING LAW

Vonage America, Inc. and Vonage Holdings Corp. (collectively, "Vonage") have requested leave to file a new summary judgment motion related to Sprint's assertion of willful infringement in light of the Federal Circuit's recent decision in *In re Seagate Tech., LLC*, Misc. No. 830, 2007 U.S. App. LEXIS 19768 at *22 (Fed. Cir. Aug. 20, 2007). Vonage's motion is too late, too burdensome, and would result in a pointless exercise.

Vonage asks the Court to consider its latest summary judgment gambit at the Court's August 29, 2007 limine conference. Vonage's request would necessitate that the following take place over the next 46 hours: (a) The preparation and filing of a properly formatted motion for summary judgment, including the compilation of sufficient cites to the record; (b) the preparation and filing of Sprint's response to Vonage's motion, including responding to Vonage's statement of facts and providing Sprint's own responsive facts; and (c) the preparation and filing of Vonage's reply to Sprint's opposition. Given ongoing preparation for the limine conference and ongoing trial preparation, fully briefing a summary judgment motion would be extraordinarily burdensome. Sprint would be left to defend against a summary

1
2598548v1

judgment motion in less than one day, which is practicably impossible. Vonage cannot explain why such unreasonable burden is appropriate at this late date on an issue that ultimately is not amenable to summary judgment.

In *Seagate*, the Federal Circuit implemented a new standard to be applied in the assessment of willful infringement allegations. Prior to *Seagate*, to support a finding of willfulness, a patent owner had to demonstrate that the alleged infringer failed to comply with its "affirmative duty to exercise due care to determine whether or not he is infringing." *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389-90 (Fed. Cir. 1983). *Seagate* set aside the "due care" standard. In its place, the Federal Circuit held:

> [T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. . . . The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

*Seagate,* at *22-23.

*Seagate* will be an important consideration in the crafting of the Court's jury instructions regarding willful infringement. However, *Seagate* in no way limits Sprint's right to present facts to the jury demonstrating hat Vonage either knew or should have known of the risk that its actions constituted infringement. Vonage's knowledge is a highly fact-intensive question that only is amenable to resolution by the jury. In this case, Sprint sent Vonage's CEO five letters over the course of one year repeatedly alerting him to the possibility of infringement of 43 Sprint patents. These letters are highly pertinent to the trier of fact's determination of whether Vonage possessed the requisite actual or constructive knowledge within the parameters

2
2598548v1

of *Seagate*. Furthermore, the facts surrounding Vonage's knowledge are as much in dispute now as before *Seagate*.

The only material impact *Seagate* will have on this case is the ultimate standard by which the jury will evaluate Vonage's conduct. The facts that are necessary for the jury's consideration have been and remain in dispute. The Court should consider Vonage's *Seagate* arguments in the context of jury instructions. In the event Sprint's evidence at trial does not establish a prima facie showing sufficient to sustain a verdict of willfulness--which it will-- Vonage has reasonable recourse by way of a Rule 50 motion at the close of all evidence. Accordingly, Vonage's request should be denied.

Dated: August 27, 2007                                    Respectfully submitted,

 /s/ Eric A. Buresh_____
B. Trent Webb, KS Bar No. 15965
Adam P. Seitz, KS Bar No. 21059
Eric A. Buresh, KS Bar No. 19895
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Facsimile: (816) 421-5547

Counsel for Sprint Communications
Company, L.P.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 27th day of August, 2007, a true and accurate copy of the above and foregoing **OPPOSITION TO VONAGE'S EMERGENCY MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT IN LIGHT OF DAYS-OLD INTERVENING CHANGE IN CONTROLLING LAW w**as e-filed with the Court using the CM/ECF system which sent notification to all parties entitled to notice.


   /s/ Eric A. Buresh_____
Attorney for Sprint Communications Company, L.P.