IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
                                    )
                    Plaintiff,      )
                                    )
            v.                      )
                                    )
THEGLOBE.COM, INC.,                 )   Case No. 2:05-CV-02433-JWL-DJW
VOICEGLO HOLDINGS, INC.,            )
VONAGE HOLDINGS CORP., and          )
VONAGE AMERICA, INC.                )
                                    )
                    Defendants.     )
                                    )
                                    )

**OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY BRIEF IN LIGHT OF INTERVENING CHANGE IN CONTROLLING LAW AND, SUBJECT THERETO, REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE SPRINT'S PRE-LITIGATION LETTERS**

Defendants Vonage Holdings Corporation and Vonage America, Inc. (collectively, "Vonage") have requested leave to file a reply regarding their motion in limine to preclude Sprint's pre-litigation notice letters. In support of its motion, Vonage relies exclusively on the Federal Circuit's recent decision in *In re Seagate Tech., LLC*, Misc. No. 830, 2007 U.S. App. LEXIS 19768 at *22 (Fed. Cir. Aug. 20, 2007). Vonage's proffered reply is futile. Accordingly, the Court should disregard Vonage's argument and deny Vonage's request to file a reply brief.

By way of background, Vonage's original motion in limine (Docs. No. 283-84) asserted that Sprint's pre-litigation notice letters should be excluded because those letters purportedly did not provide adequate notice to give rise to a willful infringement analysis. Sprint demonstrated in its opposition that Vonage had failed to

1
2597826v1

apply the appropriate legal standard for actual notice and that Sprint's pre-litigation letters were relevant to establish that Vonage had notice of Sprint's asserted patents. *See* Doc. No. 321. *Seagate* did not impact this notice-based analysis.

Prior to *Seagate*, the willfulness inquiry had two components. First, the patent owner was required to demonstrate that "a potential infringer has actual notice of another's patent rights." *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389-90 (Fed. Cir. 1983). Second, the patent owner had to demonstrate that the alleged infringer failed to comply with its "affirmative duty to exercise due care to determine whether or not he is infringing." *Id. Seagate* overruled the "due care" standard, not the requirement of demonstrating notice of the patent rights in question. *Seagate*, 2007 U.S. App. LEXIS 19768 at *22 ("we abandon the affirmative duty of due care.").

Vonage's misapplication of *Seagate* is readily established by the exact language quoted by Vonage. Vonage quotes the following passage from *Seagate*:

> [T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. . . . The state of mind of the accused infringer is not relevant to this objective inquiry. ***If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.***

*Id*. at *22-23 (emphasis added).

Vonage has focused on the "threshold objective standard" but entirely ignored the importance of Vonage's actual knowledge of the objective risk of infringement. *See* Doc. 331, at 3. Vonage's entire Reply is premised on Vonage's contention that its "subjective state of mind – which Sprint will offer the Letters to prove

2
2597826v1

– is no longer of any consequence to this analysis." *Id.* *Seagate* did not, however, negate the importance of subjective notice or knowledge. In fact, subjective knowledge is the second prong of the *Seagate* analysis. The subjective knowledge of the infringer, as a component of the willfulness analysis, is alive and well after *Seagate*.

In this case, Sprint sent Vonage's CEO five letters over the course of one year repeatedly alerting him to the possibility of infringement of 43 Sprint patents. These letters clearly are relevant to prove that Vonage actually knew of the risk of infringement – the second prong under *Seagate*. Moreover, the letters are relevant to prove that any reasonable company that received five letters from a patent owner over the course of a year would know of an obvious risk of infringement. Furthermore, to ignore such letters is evidence of the reckless nature of Vonage's conduct. Without question, Sprint's pre-litigation notice letters are highly relevant to demonstrating that Vonage knew or should have known of the risk that its actions infringed Sprint's asserted patents. Accordingly, Vonage's reply is futile and meritless, and Vonage's motion for leave should be denied.

Respectfully Submitted,

/s/ Eric A. Buresh_____

B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar. No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS FOR PLAINTIFF SPRINT
COMMUNICATIONS COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, a true and accurate copy of the above and foregoing OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY BRIEF was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Terrence J. Campbell
Barber Emerson LC
1211 Massachusetts
P.O. Box 667
Lawrence, Kansas 66044

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


/s/ Eric A. Buresh_____ _____
Attorneys for Sprint Communications Company L.P.