IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) Case No. 05-2433-JWL | |
| v. ) | |
| ) | |
| VONAGE HOLDINGS CORP. AND ) | |
| VONAGE AMERICA, INC., ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF
VONAGE'S MOTION TO COMPEL PRODUCTION OF A COMPLETE PRIVILEGE
LOG AND THE DOCUMENTS DESCRIBED THEREIN**

Defendants Vonage Holdings Corp. and Vonage America, Inc. (collectively "Vonage"), by their attorneys, submit this reply brief in further support of, and in response to Plaintiff Sprint Communications Company, L.P.'s ("Sprint's") opposition to, Vonage's Motion to Compel Production of a Complete Privilege Log and the Documents Described Therein.

### A. Vonage's Motion Was Timely and Necessary Given Sprint's Pretrial Activity.

Sprint in its opposition takes issue with Vonage's Motion as untimely. Vonage, mindful of the Court's rules and directives, respectfully submits its motion is worthy of the Court's attention, even at this late hour, and made necessary by Sprint's flurry of activity and constant but deficient amendments to its privilege log, and ever-shifting claims of privilege, over the last weeks. (Sprint likewise overlooks that its own motion to compel a sufficient privilege log from Vonage was made months following Vonage's production of the same).

Indeed, since July 2007, Sprint has issued multiple revisions to its log and the particular entries at issue in Vonage's Motion, and Vonage has worked constantly, diligently, and, as Sprint's own actions bear out, meritoriously in compelling Sprint to rectify these newly issued and ever-evolving deficiencies. In response to Vonage's diligence, Sprint has in these weeks before trial at last withdrawn unsupported assertions of work product protection over documents created long before the asserted patents were issued, to say nothing of when this litigation was on the horizon. (See, e.g., Ex. D to Vonage's Motion, at Entry Nos. 53-55). In response to Vonage's Motion, on August 16, 2007 Sprint at last produced documents it has withheld since the inception of litigation, including those relating to the conception of the inventions at the heart of this case, and necessary to Vonage's defense to Sprint's claims. (See Sprint's cover letter of August 16, 2007, attached as Exhibit "1," producing, *inter alia*, notes of Mr. Setter regarding inventor Joseph Christie's technical disclosures regarding inventions at issue). Sprint's continued revisions to its log and the continuing discrepancies in its production have warranted this motion in accordance with the Court's standards and precedent. Cf. Colboch v. Morris Communications, No. 05-4143, 2006 U.S. Dist. LEXIS 55451, at * 5 (D. Kan. August 7, 2006) (thirty days for filing motion to compel under D. Kan. Rule 37.1 renewed by supplemental responses).

Vonage respectfully submits that Sprint's own actions over the past three weeks demonstrate the necessity, merit and propriety of Vonage's unquestionably eleventh hour motion. Vonage further submits that given the parties' continuing, mutual and extensive attention to these issues, Sprint's arguments regarding the "baselessness" of Vonage's contentions and the "burdens" in responding to these issues ring hollow.

**B.   Sprint Must Produce Its Search Results.**

By its letter of August 6, 2007, Sprint produced on one hand a letter describing the parameters and findings of a patent search conducted to determine patentability and infringement and on the other hand a transmittal letter accompanying results of a patent search conducted to determine issues of patent validity but not the results themselves.  See Ex. E to Vonage's Motion, at Entry Nos. 55 and 56.  Further, Sprint fails to identify these unproduced results in a privilege log entry.  See Ex. I to Vonage's Motion.  Sprint's production of the cover letter but not the results of this search, and its withholding of the invalidity search results while acknowledging the nonprivileged status of a search conducted for parallel purposes, is entirely incongruous, and has underscored both the validity and appropriateness of Vonage's requests for compliance with the Court's post-discovery order regarding the disclosures necessary to sustain a valid assertion of privilege (Doc. 184, May 8, 2007 Order on Sprint's Motion to Compel Privilege Log).

      C.     **Sprint's Valuation of Its Intellectual Property Rights is Relevant, Not Privileged, and Must Be Produced.**

In its claim for a reasonable royalty, Sprint has put directly at issue its subjective valuation of the patents relating to the JCS2000 project at the time of the "hypothetical negotiation" that the Court is to presume took place between the parties around the time of the first alleged infringement (either October 2001 or March 2002, per Vonage and Sprint's respective experts).  See, e.g., Flying J Inc. v. TA Operating Corp., No. 1:06-CV-30, 2007 U.S. Dist. LEXIS 55574 (D. Utah July 30, 2007) (granting motion to compel production of documents plaintiff sought to withhold on basis of privilege; "Plaintiffs' complaint specifically raises claims of interference with contractual and economic relations, thus making contracts and economic relations direct issues in this litigation"); Fox v. Gates Corp., 179 F.R.D. 303, 305 (D. Colo. 1998) (under Tenth Circuit law, compelling disclosure of communications that may otherwise be

privileged when related to plaintiff's claim for emotional damages); Thompson v. Ediger, No. 05-1033, 2005 U.S. Dist. LEXIS 23926 (D. Kan. Oct. 18, 2005) (compelling production of lawyer's billing histories as relevant to damages and not subject to attorney-client privilege).

Sprint in its opposition obliquely concedes that its valuations of the portfolio of patents including the asserted patents "may reflect underlying business issues." (Sprint Br. at 6). Sprint would nonetheless have the Court conclude that its valuations were made for the predominant purpose of providing legal advice, based on nothing more than legal argument, circular reasoning, resting on out-of-context citations to inapplicable authority that is contrary to established precedent.

Sprint contends that valuations of patents made in the "real-world [sic]" (Br. at 6), that is, outside the context of litigation, necessarily are predominated by legal advice because, unlike a in reasonable royalty analysis, patents in "real world" must be valued in light of potential challenges to validity and infringement. Id. Sprint's argument cuts directly against the guidelines laid out in the Georgia-Pacific analysis expressly adopted by its expert, Raymond Sims, which consider such "real world" licenses as direct, weighty, fact-based evidence of a reasonable royalty appropriate to compensate a patentee who proves its case for infringement. See Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970); see also Expert Report of Raymond Sims at 8-9 (citing Georgia Pacific as authoritative); see also Donald S. Chisum, 7 Chisum on Patents § 20.03[2][b] (2007) ("prior licenses that failed to set an actual established royalty could nevertheless be considered in setting a reasonable royalty."); see also Sprints' Motion *In Limine* (seeking to preclude evidence of license reached in settlement of litigation as not reflecting a true market value of patents at issue).

Finally, only Sprint has access to the facts that would substantiate its assertions that its IP valuations were made for predominantly legal purposes, and Sprint blatantly fails to provide any of those facts – necessary to sustain its assertion of privilege – for the Court's consideration here. Instead, Sprint provides only theoretical, and erroneous, argument.  Ali v. Douglas Cable Comms., Ltd. Partnership, 890 F. Supp. 993, 994 (D. Kan. 1995); see also Doc. 184 at 10-11 (Sprint's burden to *show* that "communications within the documents relate to seeking or giving legal advice (as opposed to  non-legal advice)").

As such, Sprint has failed to meet its substantial burden of establishing the privileged status of its documents, particularly its patent search results and its valuations of patents covering the inventions at issue here, and these documents should be produced forthwith.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | |
|  | BARBER EMERSON, L.C. |
| August 27, 2007 | By:  s/ Terrence J. Campbell |

Terrence J. Campbell - 18377
  tcampbell@barberemerson.com
Catherine C. Theisen - 22360
  ctheisen@barberemerson.com
1211 Massachusetts Street
P.O. Box 667
Lawrence, KS 66044
(785) 843-6600
(785) 843-8405 Facsimile

s/ Lauren E. DeBruicker
Patrick D. McPherson
Barry Golob
Donald R. McPhail
Lauren E. DeBruicker
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com
ledebruicker@duanemorris.com

Attorneys for Defendants/Counterclaim Plaintiffs Vonage America, Inc. and Vonage Holdings Corp.

**CERTIFICATE OF SERVICE**

I hereby certify on August 27, 2007, that a copy of the Reply in Support of Vonage Holdings Corp. and Vonage America, Inc.'s Motion to Compel Production of a Complete Privilege Log and the Documents Described Therein, and supporting papers, was filed electronically, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> Shook, Hardy & Bacon LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> bwebb@shb.com
> aseitz@shb.com
> eburesh@shb.com
>
> *Attorneys for Plaintiff*
> *Sprint Communications Company L.P.*

                                                _s/ Terrence Campbell__