IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
)
        Plaintiff, )
)
v. )   Case No. 05-2433-JWL
)
VONAGE HOLDINGS CORP., )
VONAGE AMERICA, INC.,, )
)
        Defendants. )
)

**SPRINT'S SUPPLEMENTAL BRIEF REGARDING § 2.7 OF THE SPRINT/CISCO LICENSE AGREEMENT**

During the *Limine* Conference on August 29, 2007, the Court raised several questions concerning § 2.7 of the Sprint/Cisco License Agreement as it was interpreted by Vonage in its Memorandum in Opposition to Sprint's Motion *In Limine* to Exclude Evidence Concerning Cisco. *See, e.g.,* Doc. No. 329, at 18-19 (Vonage's Opp'n). Specifically, the Court requested clarification from the parties as to whether that section was limited to "Component Patents," or whether the section would extend to "Architecture Patents." Sprint offers this Supplemental Brief in an effort to assist the Court in its analysis of this provision of the Agreement. As set forth below, the Agreement unquestionably is limited solely to Component Patents.

First, the heading of § 2.7 is "<u>Designation of Sprint Component Patents</u>." *See* Doc. No. 329, Ex. H, at 5. The title itself makes clear that the section only applies to the designation of additional Component Patents not offered to Cisco during the Exclusive License Period. To apply § 2.7 beyond that scope would be inconsistent with the stated intent of the section itself.

1

2610062v1

Second, Cisco manufactures products and is not in the business of providing telecommunications services. Section 2.7 makes clear that any potential license would only extend to "the use or sale of any Cisco **product**" that is determined to infringe. *Id.* (emphasis added). Cisco's products are, of course, components, and "Architecture Patents" would not be implicated by the use or sale of any single Cisco product.

Third, § 2.7 states that, should a Cisco product be determined to infringe, "Sprint shall offer to Cisco the right to acquire an exclusive license **as set forth above**." *Id.* (emphasis added). The provision governing the grant of exclusive licenses is set forth in § 2.1, which makes clear that the license only extends to "Component Patents." *Id.* at 2 ("when a Cisco Related **Component Patent** issues, Sprint will offer and Cisco will accept an exclusive . . . license **of such Designated Sprint Component Patent**.") (emphasis added). The parties would then execute the "Exclusive Patent License" set forth in Exhibit B to the Agreement. *See id.* (noting the license will be in the form attached at Exhibit B). The license set forth in Exhibit B specifically states that it only shall extend to "Components." *See id.* at Ex. B, §§ 1.1 (defining component), 1.2 (limiting field of use to "manufacture and sale of Components"), and 2 (license only granted to "Components"). Thus, the Exclusive License referenced in § 2.7 does not apply to "Architecture Patents." This is consistent with the entire Agreement which consistently and repeatedly emphasizes that only Component Patents are at issue.

For at least these three reasons, § 2.7 only applies to "Component Patents," and the Court should exclude any reference to the $1 million per patent clause in the Sprint/Cisco License Agreement because it is not relevant and highly prejudicial.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: August 29, 2007 | /s/ Adam P. Seitz |

B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 Telephone
(816) 421-5547 Facsimile

Attorneys for Plaintiff
SPRINT COMMUNICATIONS COMPANY L.P.

2610062v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August 2007, a copy of **SPRINT'S SUPPLEMENTAL BRIEF ON § 2.7 OF THE SPRINT/CISCO LICENSE AGREEMENT** was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Terrence J. Campbell
Barber Emerson LC
1211 Massachusetts
P.O. Box 667
Lawrence, Kansas 66044

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608
Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


　　/s/   Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.