IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

_____
                                    )
SPRINT COMMUNICATIONS COMPANY L.P., )
                                    )
            Plaintiff,              )
                                    ) Case No. 05-2433-JWL
       v.                           )
                                    )
VONAGE HOLDINGS CORP. and           )
VONAGE AMERICA, INC.,               )
                                    )
            Defendants.             )
_____)

**VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S SUPPLEMENTAL BRIEF REGARDING THE SPRINT/CISCO LICENSE AGREEMENT**

During the *Limine* Conference held on August 29, 2007 regarding Sprint's motion to exclude from evidence its license with Cisco (the "License Agreement," Ex. H[1]), Sprint represented to the Court that the License Agreement was not relevant to the patents in suit for the purpose of calculating a reasonable royalty because it was limited to Component Patents and thus not relevant to license issues relating to its Architecture Patents, which Sprint claims were specifically excluded from the License Agreement. Later the same day, Sprint filed a Supplemental Brief Regarding Sec. 2.7 of the License Agreement in support of its argument that "**unquestionably, the Agreement is limited to component patents**". (Sprint Supp.Brief, p. 1; emphasis supplied).

As discussed by Vonage's counsel at the limine hearing, and as discussed further below, Sprint is being selective with the facts, and ignoring the plain wording contained in the four corners of the document that the License Agreement specifically covers the patents in suit.

---

[1] All exhibits referenced herein are those attached to Vonage's Opposition to Sprint's Motion *In Limine*.

Although this Court has held that Vonage may not assert a license defense, and Vonage of course respects and will comply with the Court's ruling, the text of the License Agreement itself clearly creates a jury issue on the well-preserved issue of damages. As set forth in further detail below, the License Agreement contains a Covenant Not to Sue for five of the seven patents in suit. The fact that this covenant covers the patents in suit is a fact which should allow a reasonable jury to infer that the $1 million license fee set forth in the Agreement is relevant to the hypothetical royalty negotiation that is so crucial to the calculation of damages, if any, in this case. The License Agreement is evidence of a limitation on a quantified damages amount that may be owed to Sprint should the jury find its patents valid and infringed.

On its face, the License Agreement includes a mutual covenant not to sue set forth in Sec. 3.4 that expressly includes "***all*** **patents for inventions conceived of**" prior to the License Agreement's termination, that **"Cisco or Sprint, or any of their subsidiaries, now has or hereafter obtains, the ability or right to license or grant immunity from suit."** See Ex. H, §3.4. The term of the covenant not to sue was for a period of twelve months following the termination of a separate Alliance Agreement between Sprint and Cisco and eventually continued in force until at least December 17, 2002. See, e.g., Vonage's Br. in Opp'n to Sprint's Motion *In Limine* at 17, and Exs. I and J thereto. All of the Asserted Patents were for inventions purportedly conceived of by Joseph Christie prior to his death in 1996, and during the term of the covenant, five of the Asserted Patents issued.[2] Sprint's License Agreement's offer of a license for $1 million a patent by its express terms thus includes the patents-in-suit.

In contrast to this highly probative evidence of the negotiating positions of the parties concerning the value of a license on the patents in suit, Vonage believes that Sprint intends to

offer evidence concerning the value of licenses that do not have nearly as great a nexus (or even *any* nexus) to the parties positions in the hypothetical negotiations. Sprint's damages expert, Mr. Sims, as part of his analysis of a reasonable royalty in this case, used what he called the "Market Approach Overview" wherein he evaluated "comparable licensing transactions" of unrelated third-parties "to provide an indication of Fair Market Value for the assets in question." Report of Raymond S. Sims, Ex. C, at 12. Many of the licenses used by Mr. Sims in this analysis are not architecture patents, but patents covering software or other products. See, e.g., Ex. C at Tab 7, describing 11 "Guideline Agreements," only one of which even mentions VoIP. If nothing else, Vonage is entitled to question Mr. Sims as to the propriety of using these unrelated agreements offered as "comparables" when a license by the patent owner on related technology is available for consideration. In short, Vonage's position before this Court should be crystal clear**: the relevance of this Agreement to the hypothetical negotiation under <u>Georgia Pacific</u> cannot be understated or disputed**.[3]

     Sprint therefore has no factual basis for asserting that the Agreement is not relevant to the calculation of a reasonable royalty. Even if the License Agreement were directed exclusively to "Component" Patents as Sprint contends, the License Agreement remains highly probative as to damages because it is a Sprint contract, known at the time of the hypothetical negotiation, and, by its terms, dealing expressly with the patents of the JCS2000 project (<u>see</u> Ex. H at Recitals), in a fashion that is far more probative than the evidence expected to be offered by Sprint's expert.

---

[2] U.S. Patent Nos. 6,304,572 (issued Oct. 16, 2001), 6,463,052 (issued Oct. 8, 2002), 6,452,932 (issued Sept. 17, 2002), 6,473,429 (issued Oct. 29, 2002), and 6,298,064 (issued Oct. 2, 2001).

[3] To reiterate, Vonage is *not* attempting to seek a back door way to assert a license defense. Vonage simply seeks to avoid the exclusion of the most probative evidence of license value in this case. In fairness, the Court's ruling concerning Vonage's failure to preserve a license defense in this case should not be extended so far as to eliminate highly probative evidence relating to Vonage's damages defense.

Indeed, in Georgia-Pacific Corp. v. United States Plywood Corp., 318 F. Supp. 1116 (S.D.N.Y. 1970), the Court found that even licenses by some of the same parties "made under circumstances that are sharply and fundamentally different from the congeries of controlling facts presently before the Court" possessed "sufficient probative value to render them admissible." Id. at 1337. Vonage submits that under this bellwether opinion, the factual issue of whether the Sprint/Cisco License relates to architecture patents, as opposed to simply component patents, is a fact going to the weight of its evidence, not its admissibility.

For these reasons, Sprint's motion *in limine* should be denied.

Respectfully submitted,

BARBER EMERSON, L.C.

August 30, 2007                By:   s/ Terrence J. Campbell
                                     Terrence J. Campbell - 18377
                                     tcampbell@barberemerson.com
                                     Catherine C. Theisen - 22360
                                     ctheisen@barberemerson.com
                                     1211 Massachusetts Street
                                     P.O. Box 667
                                     Lawrence, KS 66044
                                     (785) 843-6600
                                     (785) 843-8405 Facsimile

                                     s/ Patrick D. McPherson
                                     Patrick D. McPherson
                                     Barry Golob
                                     Donald R. McPhail
                                     Duane Morris LLP
                                     1667 K Street N.W.
                                     Washington, DC 20006-1608
                                     202-776-7800
                                     pdmcpherson@duanemorris.com
                                     bgolob@duanemorris.com
                                     drmcphail@duanemorris.com

                                     *Attorneys for Defendants/Counterclaim Plaintiffs Vonage America, Inc. and Vonage Holdings Corp.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 30, 2007 a copy of Vonage Holdings Corp. and Vonage America, Inc.'s Supplemental Brief on the Sprint/Cisco License Agreement was filed electronically on this date, with a notice of case activity to be generated and sent electronically by the Clerk of Court to:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> Shook, Hardy & Bacon LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> bwebb@shb.com
> aseitz@shb.com
> eburesh@shb.com
>
> *Attorneys for Plaintiff*
> *Sprint Communications Company L.P.*

                                    s/ Terrence J. Campbell