# EXHIBIT F

Dockets.Justia.com

COPY OF PAPER
ORIGINALLY FILED

PATENT

Practitioner's Docket No. 1057o

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

RECEIVED

re application of: Joseph Michael Christie

Application No.: 10/002,850                    Group No.: 2662                    AUG 0 7 2002

Filed: 11/14/2001                              Examiner: Ajit Patel

For: METHOD, SYSTEM AND APPARATUS FOR TELECOMMUNICATIONS Technology Center 2600
CONTROL

**Assistant Commissioner for Patents**
**Washington, D. C. 20231**

<u>**Response to Office Action**</u>

Dear Ajit Patel,

In response to the Office Action dated February 27, 2002, please consider the
following remarks. A two-month extension of time is requested and authorized in the
transmittal.

1

## Remarks

Claims 1-38 are pending and rejected. Applicant respectfully requests allowance of claims 1-38.

**Claims 1-38 stand rejected under 35 U.S.C. §112, first paragraph, for a lack of enablement.** Applicant notes that although the individual elements of the claims 1-38 are well within the skill of the art from an enablement perspective (based on the teaching of the application), the combination of these elements remains novel and non-obvious. Also note that although specific examples of the invention are discussed below, the claimed invention is not limited to the specific examples.

Claim 1 requires receiving a signaling message for the user communication from a narrowband communication system into a processing system. This functionality was readily available at the time of the invention as it existed in switches, signal transfer points, and service control points. In SS7 jargon, the functionality is called a signaling point. It appears clear to the Applicant that those skilled in the art could make and use a processing system with this limitation without undo experimentation.

Claim 1 requires processing the signaling message to select a network code that identifies a network element to provide egress from the packet communication system for the user communication. Based on teachings in the application, this code could be a point code for a network element, and the processing could entail processing an area code from the called number of the signaling message to select the point code of the egress network element. (See the Application, page 17, lines 25-33; page 19, lines 7-8; page 19, line 29 to page 20, line 23; and page 25, line 33 to page 27, line 31). Consider an illustrative example where a network has network elements in New York, Denver, and D.C. with respective area codes of 212, 303, and 202 and with respective point codes of 11111111, 00000000, and 10101010. As taught in the application, a table could be constructed as follows.

2

Applicants submit that there are numerous additional reasons in support of patentability, but that such reasons are moot in light of the above remarks and are omitted in the interests of brevity. Applicants respectfully request allowance of claims 1-38.

**SIGNATURE OF PRACTITIONER**

Michael J. Setter, Reg. 37,936
Faegre & Benson LLP
Telephone: (303) 546-1300
Facsimile: (303) 449-5426

Correspondence address:          **CUSTOMER NO. 28004**

Harley R. Ball
Sprint Law Department
6391 Sprint Parkway
Mailstop: KSOPHT0101-Z2100
Overland Park, KS 66251-2100

5