# EXHIBIT A

Dockets.Justia.com

1184551_1.TXT

```
                                                              1


 1                  UNITED STATES DISTRICT COURT
 2                      DISTRICT OF KANSAS
 3
 4     - - - - - - - - - - - - - -x
 5     SPRINT COMMUNICATIONS       :
 6     COMPANY,                    :
 7               Plaintiff,        :
 8     v.                          :  No. 052433 JWL
 9     VONAGE HOLDING CORPORATION  :
10     and VONAGE AMERICA, INC.,   :
11               Defendants.       :
12     - - - - - - - - - - - - - -x
13
14
15
16
17
18              VIDEOTAPED DEPOSITION OF
19              STEPHEN B. WICKER, Ph.D.
20
21         TAKEN ON BEHALF OF THE DEFENDANTS
22
23                 SEPTEMBER 3, 2007
24
25


              Henderson Legal Services
                 (202) 220-4158
                                                              2
```

1184551_1.TXT

13    has two limitations involving the processing
14    system and an asynchronous communication system.
15        Q.   What are the components of a processing
16    system?
17             MR. BURESH:  Objection, vague and
18    ambiguous.
19        A.   Okay, the processing system called for
20    in this claim is a processing system that is
21    external to narrowband switches and configured
22    to receive and process the first message, to
23    select one of the narrowband switches, and to
24    generate and transmit a second message based on
25    the selected narrowband switch.

Henderson Legal Services
(202) 220-4158

9

1              So the components of a processing
2     system, as called for in this limitation, would
3     be components that perform or provide the
4     capability for performing these actions.
5         Q.   And these actions are to receive and
6     process the first message and to generate and
7     transmit a second message; is that correct?
8         A.   To -- it's configured to receive and
9     process the first message, yes, and to generate
10    and transmit a second message, that's correct.
11        Q.   Does the processing system perform any
12    other functions?
13             MR. BURESH:  Same objection,
14    vague and ambiguous.

Page 8

1184551_1.TXT

15      A.   The processing system called for in
16   this limitation has -- has to do or be
17   configured to do two things, generally speaking.
18   As we've discussed, receive and process the
19   first message, to select one of the narrowband
20   switches, and to generate and transmit a second
21   message, based on the selected narrowband
22   switch.  The processing system may do other
23   things as well.
24      Q.   (By Mr. McPhail)  What other things
25   would the processing or could the processing

Henderson Legal Services
(202) 220-4158

10

1    system do?
2       A.   The processing system could do a wide
3    variety of things.  As a processing system
4    within the boundaries of this limitation, it
5    only has to do two things.  And when I say two,
6    one of them is to receive and process, the other
7    to generate and transmit.  It's two instead of
8    four, depends on how we count.
9            But other things it could do, it could
10   be a wide variety of things.  There could be
11   operations and maintenance associated with the
12   processing system.  There could be -- there's
13   going to be power functionality; in other words
14   it's going to be basic power supply of some kind
15   that may be more complicated, depending on the
16   various systems used to do the things called for

Page 9

```
                                1184551_1.TXT
      8
              In Re:  Sprint v. Vonage Holding, et al.
      9
              Dear Mr. Buresh:
     10
              Please find enclosed your copy of the deposition
     11       of STEPHEN B. WICKER, Ph.D. taken on September
              3, 2007, in the above-referenced case.  Also
     12       enclosed is the original signature page and
              errata sheet.
     13
              Please have the witness read your copy of the
     14       transcript, indicate any changes and/or
              corrections desired on the errata sheet, and
     15       sign the signature page before a notary public.

     16       Please return the errata sheet and notarized
              signature page to Mr. Donald McPhail for filing.
     17
              Thank you for your attention to this matter.
     18
              Sincerely,
     19

     20
              Glenda Moeller, CCR #962, RMR, CRR
     21
              Enclosures
     22
              cc:  Mr. Donald McPhail
     23

     24

     25



                            Henderson Legal Services
                                (202) 220-4158
                                                                    54


      1       STATE OF        )
                              )
      2       COUNTY OF       )

      3
              I, STEPHEN B. WICKER, Ph.D., do hereby certify:
      4          That I have read the foregoing deposition;
                 That I have made such changes in form and/or
      5       substance to the within deposition as might be
              necessary to render the same true and correct;
      6          That having made such changes thereon, I
              hereby subscribe my name to the deposition.
      7          I declare under penalty of perjury that the
              foregoing is true and correct.
      8

      9
                            STEPHEN B. WICKER, Ph.D.
                                    Page 50
```

```
                            1184551_1.TXT
10

11        Executed this        day of              ,
     2007, at                                        .
12

13

14

15   Notary Public:

16   My Commission Expires:

17

18   Signature page to:  Mr. Eric Buresh

19   STEPHEN B. WICKER, Ph.D. - SEPTEMBER 3, 2007

20

21   SPRINT v. VONAGE

22

23

24

25
```

                    Henderson Legal Services
                        (202) 220-4158

                                                                55


```
1                       ERRATA SHEET

2    IN RE:  Sprint v. Vonage

3    DEPOSITION OF:  STEPHEN B. WICKER, Ph.D.

4    PG/LN NO.  CORRECTION      REASON FOR CHANGE

5        :_____:_____:_____

6        :_____:_____:_____

7        :_____:_____:_____

8        :_____:_____:_____

9        :_____:_____:_____

10       :_____:_____:_____

11       :_____:_____:_____
```