IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 05-2433-JWL |
| v. ) | |
| ) | |
| VONAGE HOLDINGS CORP., ) | |
| VONAGE AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**SPRINT COMMUNICATION COMPANY L.P.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE VONAGE'S PROSECUTION HISTORY ESTOPPEL DEFENSE AND ARGUMENTS RELATING TO SAME IN VONAGE'S TRIAL BRIEF**

Defendants Vonage Holdings Corp. and Vonage America, Inc. (collectively "Vonage") argue in their Trial Brief that Sprint should be barred from asserting infringement of various claims and claim limitations under the doctrine of equivalents based on prosecution history estoppel. *See* Doc. No. 354, section II. Vonage, however, failed to properly preserve a prosecution history estoppel defense in the Court's Pretrial Order, and also failed to disclose any bases for prosecution history estoppel during discovery. As a result, Vonage has waived this defense. The Court should strike this defense and the portions of Vonage's Trial Brief that attempt to raise it at this late hour. *See* Doc. No. 354, (sections II.P.1-2).[1] For all of the reasons stated below, Sprint respectfully requests that the Court strike Vonage's Prosecution History Estoppel Defense and sections II.P.1 and II.P.2 of Vonage's Trial Brief.

---

[1] Section II.P.3 re-asserts Vonage's "disclosure-dedication" argument with respect to the '932 patent. Sprint does not seek to strike this section because this argument was disclosed in Mr. Halpern's expert reports. Sprint notes, however, that the Court has already considered and rejected this "disclosure-dedication" argument in the Court's summary judgment order. *See* Doc. No. 264, at 41-45.

1

1. **Vonage did not Preserve the Defense of Prosecution History Estoppel in the Pretrial Order.**

Defenses not included in the Pretrial Order are deemed waived and are, thus, not properly before the Court. *Sprint Comms. Co. L.P. v. Vonage Holdings Corp.*, No. 05-2433-JWL, 2007 WL 2263955, at *43 (D. Kan. Aug. 7, 2007) (citing *Wilson v. Muckala,* 303 F.3d 1207, 1215 (10th Cir.2002) (claims, issues, defenses, or theories of damages not included in the pretrial order are waived)). Vonage failed to preserve the defense of prosecution history estoppel in the Pretrial Order. *See* Doc. No. 207, at 18-24 (listing Vonage's defenses). Though Vonage generally identified a defense of "estoppel," Vonage stated that this defense was based on alleged misleading conduct from which Vonage could infer that Sprint did not intend to enforce its patents against Vonage. *See id*. at 23. Vonage did not state that this defense was based on statements made by Sprint to the Patent Office for which Sprint should be estopped from asserting infringement under the doctrine of equivalents. *Id*. Further, the Court granted Sprint's motion for summary judgment on "estoppel" and struck Vonage's "estoppel" defense. *See* Doc. No. 264, at 74-75. Accordingly, Vonage's prosecution history estoppel arguments have not been preserved and should be stricken.

2. **Vonage Failed to Disclose its Prosecution History Estoppel Theories During Discovery.**

During discovery, Sprint sought Vonage's "full factual basis and explanation" for Vonage's contention that Sprint's infringement claims are barred by estoppel. *See* Ex. A, Sprint's First Set of Interrogatories to Vonage, No. 6. Vonage never identified any theory of prosecution history estoppel, and never identified any statements made by Sprint allegedly giving rise to a prosecution history estoppel defense. *See* Ex. B, Vonage's Fourth Supplemental Responses to Sprint's First Set of Interrogatories, No. 6; *see also* Ex. C, Letter from McPhail to Seitz, Jan. 16, 2007 (incorporated by reference in Vonage's response to Interrogatory No. 6).

Vonage also did not identify these theories in its most recent supplemental response to Interrogatory No. 6, served on June 11, 2007, which was *after* Sprint moved for summary judgment on Vonage's "estoppel" defense. *See id.* Throughout this litigation, Vonage's only estoppel theory related to Sprint's alleged delay in filing this lawsuit and Sprint's alleged misleading conduct inconsistent with an intent to enforce its patent rights against Vonage. *See id*; *see also* Doc. No. 207, at 23; Doc. No. 264, at 74-75.

Prosecution history estoppel is a defense to infringement under the doctrine of equivalents.[2] *See, e.g., Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 40 (1997) ("Prosecution history estoppel continues to be available as a defense to infringement . . . ."). If applicable, prosecution history estoppel can foreclose a range of equivalents and potentially preclude a finding of infringement. *AquaTex Indus., Inc. v. Techniche Solutions*, 479 F.3d 1320, 1325 (Fed. Cir. 2007) ("Reliance on the doctrine of equivalents may be foreclosed by prosecution history estoppel."). During discovery, Sprint sought Vonage's "full factual basis and explanation" for Vonage's contention that it has not infringed the asserted patents. *See* Ex. A, Sprint's First Set of Interrogatories, No. 7. In response, Vonage merely incorporated by reference Mr. Halpern's expert reports, which Vonage stated "set forth opinions that each asserted claim of each of the patents-in-suit is not infringed by Vonage, either literally <u>or under the doctrine of equivalents</u>." *See* Ex. D, Vonage's Second Supplemental Response to Sprint's First Set of Interrogatories, No. 7; Ex. E, Vonage's Third Supplemental Response to Sprint's First Set of Interrogatories, No. 7 (emphasis added). Vonage did not identify its theories of

---

[2] Though the patents' prosecution histories may be relevant to the issue of claim construction, the application of prosecution history estoppel as a defense to infringement under the doctrine of equivalents is a separate issue.

3

prosecution history estoppel in its responses or in its expert reports.[3]  *See id*; *see also* Doc. No. 200, Ex. K (with Expert Reports of Joel Halpern attached as Exhibits A and B).  Nor has Vonage supplemented its discovery responses to identify any such defense to the doctrine of equivalents.

### 3. Vonage Has No Substantial Justification For Its Failure To Identify Its Prosecution History Estoppel Theories During Discovery.

"A party that without substantial justification fails . . . to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." *Sprint v. Vonage*, No. 05-2433, 2007 WL 2263955, at *39 (D. Kan. Aug. 7, 2007) (citing Fed. R. Civ. P. 37(c)(1)).  "The determination of whether a Rule 26 violation is justified or harmless is entrusted to the broad discretion of the district court." *Id.*  (citing *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (internal quotations omitted)).  "In determining whether a violation is justified or harmless, the court is to consider the following factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing the evidence would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

Vonage can offer no "substantial justification" for its failure to previously disclose the prosecution history estoppel theories it now attempts to raise during trial.  Sprint will be unfairly prejudiced if Vonage is allowed to raise these defenses at this extremely late stage of the case.  Responding to Vonage's prosecution history estoppel arguments would require Sprint to introduce additional facts, argument, and expert declarations.  Given the technical context of Vonage's prosecution history arguments, Sprint necessarily may be forced to rely on its technical

---

[3] Vonage did, however, disclose its "disclosure-dedication" argument with respect to the '932 patent in Mr. Halpern's reports. As discussed above, the Court has already rejected this argument.  Because this contention was disclosed during discovery and has been ruled upon, Sprint has not moved to strike this particular argument from Vonage's brief.

4

expert to analyze the prior art statements in the context of the technical disclosures to which the prosecution histories pertain. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1369 (Fed. Cir. 2003) ("in determining whether an alleged equivalent would have been unforeseeable, a district court may hear expert testimony and consider other extrinsic evidence relating to the relevant factual inquiries."). With trial already well under way, the imposition of additional expert analysis and briefing at this juncture is completely unrealistic. Neither Sprint nor the Court should be forced to endure the burden of entertaining issues that could have been raised by Vonage during discovery, or at the very least, identified in the Pretrial Order.

Further, Sprint has relied on Vonage's disclosure of its theories and contentions in selecting specific claims that Sprint will pursue at trial. If Vonage is allowed to raise these theories now, Sprint will be irreversibly prejudiced because it cannot at this late hour go back and reselect the claims it will pursue. Because Vonage failed to timely identify its prosecution history estoppel theories, Vonage should not be permitted to raise these defenses at this late stage to Sprint's extreme detriment. Accordingly, Sprint respectfully requests that the Court strike Vonage's prosecution history estoppel defense and sections II.P.1-2 of its Trial Brief directed to this defense.

**4.     Conclusion**

For the reasons set forth above, Sprint respectfully requests that the Court strike Vonage's prosecution history estoppel arguments with respect to the '301 Family patents and the '561 patent (sections II.P.1-2) from Vonage's Trial Brief.

                                                Respectfully submitted,

Dated: September 11, 2007          /s/Adam P. Seitz_____
                                            B. Trent Webb, KS Bar No. 15965
                                            Eric A. Buresh, KS Bar No. 19895
                                            Adam P. Seitz, KS Bar No. 21059
                                            SHOOK, HARDY & BACON L.L.P.
                                            2555 Grand Boulevard
                                            Kansas City, Missouri 64108-2613
                                            (816) 474-6550 Telephone
                                            (816) 421-5547 Facsimile

                                            Attorneys for Plaintiff
                                            SPRINT COMMUNICATIONS COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September 2007, a copy of SPRINT COMMUNICATIONS COMPANY L.P.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE VONAGE'S PROSECUTION HISTORY ESTOPPEL DEFENSE AND ARGUMENTS RELATING TO SAME IN VONAGE'S TRIAL BRIEF was e-filed with the Court, which sent notice to the following:

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Terrence J. Campbell
Catherine Theisen
Barber Emerson, L.C.
1211 Massachusetts Street
P.O. Box 667
Lawrence, KS 66044

Patrick D. McPherson
Patrick C. Muldoon
Donald R. McPhail
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

L. Norwood Jameson
1180 West Peachtree Street
Atlanta, GA 30309

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


  __/s/Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.