IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
)
       Plaintiff, )
)
v. ) Case No. 05-2433-JWL
)
THEGLOBE.COM, INC., )
VOICEGLO HOLDINGS, INC., )
VONAGE HOLDINGS CORP., )
VONAGE AMERICA, INC., )
)
       Defendants. )
_____)

**PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S FIRST SET OF INTERROGATORIES TO DEFENDANT VONAGE HOLDINGS CORP.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Sprint Communications Company L.P. ("Sprint") hereby propounds its First Set of Interrogatories to Defendant Vonage Holdings Corp. and requests that they be answered separately, fully, and under oath within thirty (30) days of service pursuant to Rule 33(b)(3) of the Federal Rules of Civil Procedure.

**INSTRUCTIONS**

1.     The following shall apply to all requests:

    a.     The singular of each word shall be construed to include its plural, and vice versa;

    b.     "And" as well as "or" shall be construed both conjunctively as well as disjunctively;

    c.     "Each" shall be construed to include "every," and vice versa;

    d.     "Any" shall be construed to include "all," and vice versa; and

    e.     The present tense shall be construed to include the past tense and vice versa.

2. If you believe that any of the following requests calls for an assertion of a claim of privilege, answer so much of the request as is not objected to, state that part of each request to which you raise objection, and set forth the basis for your claim of privilege with respect to such information you refuse to give.

3. If, for reasons other than a claim of privilege, you refuse to answer any request, please state the grounds upon which the refusal is based with sufficient specificity to permit determination of the propriety of such refusal.

4. If you believe that any of the following requests calls for an assertion of the work-product or attorney-client privilege, Plaintiff is requested to prepare a "privilege log" listing the following information for each such document:

   a. the paragraph or subparagraph to which the document is responsive;

   b. the title or general subject matter of the document;

   c. the type of document (e.g., letter, memorandum, note, report, etc.);

   d. the date of the document;

   e. the name of the author of the document;

   f. the person(s) for whom the document was prepared, to whom it was sent, or who received copies; and

   g. the nature of and the basis for the claim of the privilege.

5. Each request shall be deemed continuing, so as to require supplemental or mandatory responses should you obtain additional responsive information subsequent to your initial responses.

6. If you do not agree with any definition of the terms provided herein you are instructed to provide a reasonable, alternative definition for that term, consistent with industry custom and usage.

7.  Each of the definitions and instructions contained herein shall be fully applicable to each request notwithstanding that a definition or instruction above may, in whole or in part, be reiterated in a particular request and notwithstanding that a particular request may incorporate supplemental instructions or definitions. If, however, you provided any alternate definitions in accordance with Instruction No. 6, indicate whether, and how, any answer to any request would differ if you relied on your alternate definition in responding to that request instead of the definitions provided.

## DEFINITIONS

1.  **"The Asserted Patents"** refers to United States Patent Nos. 6,304,572, 6,633,561, 6,463,052, 6,452,932, 6,473,429, 6,298,064 and 6,665,294.

2.  **"You," "your," or "Defendant"** shall mean, separately and collectively, Defendant Vonage Holdings Corp., its licensees, and any subsidiaries, affiliates, predecessors, successors, parents, divisions, persons or entities acting for or on its behalf, whether in existence now or at any time.

3.  **"Plaintiff" or "Sprint"** refers to Plaintiff Sprint Communications Company L.P.

4.  **"Regarding," "relate(s) to," or "relating to"** mean to contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matters set forth.

5.  **"Document"** is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes computer records in any format. By way of further explanation, "Document(s)" shall mean all non-identical copies of material of every kind and description which are recorded by hand-

writing, printing, typing, photographing, photostatting, graphic representation, mechanical, electronic, magnetic, or any other means of recording, any form of communication, information or representation, including letters, words or numbers or their equivalent, or data compilations of any sort whatsoever. The term "document(s)" is therefore defined to include, among other things, information stored on electronic media, videotapes, motion pictures, computer data, and any other electronic, mechanical or magnetic records or representations of any kind including without limitation all tapes, cassettes, magnetic, optical or other discs, magnetic cards, e-mail, and recordings. A draft or nonidentical copy is a separate document within the meaning of this term.

6. **"Person"** or **"persons"** mean any natural person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form of organization or legal entity, and all its officials, directors, officers, employees, representatives and agents.

7. **"Correspondence"** means, but shall not be limited to, any letter, telegram, telex, TWX, facsimile, e-mail, notice, message, memorandum or other written communication or transcription of notes of a communication.

8. **"Report"** means, but shall not be limited to, any study, analysis, appraisal, inspection, survey, test, poll, memorandum, or statistical or financial compilation of information, including without limitation periodic reports of financial condition and reports of examination.

9. **"Communication"** means any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, questions, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meeting and also

including, but not limited to, correspondence, financial records, corporate records, reports and documents as defined immediately above.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify each product and/or service that is utilized for providing telephony services, which Vonage Holdings Corp. distributes, sells, uses, markets or offers for sale, wherein any portion of a telephone call is transmitted over both a packet-based network and a circuit-switched network or device (such as the Public Switched Telephone Network or a standard POTS telephone), and describe, in detail, the operation of each such product or service.

RESPONSE:


INTERROGATORY NO. 2: For each product and/or service identified in response to Interrogatory No. 1, identify and describe each component, whether hardware or software, utilized in the provision of such product and/or service and identify the manufacturer, owner, model, and location of all such components.

RESPONSE:


INTERROGATORY NO. 3: Describe, in detail, the date and circumstances under which Vonage Holdings Corp. first learned of the Asserted Patents, including when and how Vonage Holdings Corp. first acquired or requested a copy of the Asserted Patents.

RESPONSE:


INTERROGATORY NO. 4: Describe, in detail, the full factual basis and explanation for Vonage Holdings Corp.'s contention that any alleged acts of infringement have not been willful or intentional.

RESPONSE:

INTERROGATORY NO. 5: Describe, in detail, the full factual basis and explanation for Vonage Holdings Corp.'s contention that Sprint's Asserted Patents are invalid, void and/or unenforceable under one or more sections of Title 35 of the U.S. Code.

RESPONSE:

INTERROGATORY NO. 6: Describe, in detail, the full factual basis and explanation for Vonage Holdings Corp.'s contention that Plaintiff's claim is barred, in whole or in part, by the doctrines of laches, estoppel and unclean hands.

RESPONSE:

INTERROGATORY NO. 7: Describe, in detail, the full factual basis and explanation for Vonage Holdings Corp.'s contention that Vonage Holdings Corp. has not infringed any of the Asserted Patents.

RESPONSE:

INTERROGATORY NO. 8: For each of the products and/or services identified in response to Interrogatory No. 1, identify the number of units sold, the number of subscribers or customers, dollar revenues from sales, gross profits, net profits, actual profits, and projected profits from the sale or distribution of the accused products.

RESPONSE:

Dated: January 5, 2006

/s/ Adam P. Seitz
B. Trent Webb, KS Bar No. 15965
Eric A. Buresh, KS Bar No. 19895
Adam P. Seitz, KS Bar No. 21059
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
816-474-6550 Telephone
816-421-5547 Facsimile

ATTORNEYS FOR PLAINTIFF SPRINT
COMMUNICATIONS COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing PLAINTIFF SPRINT COMMUNICATIONS COMPANY L.P.'S FIRST SET OF INTERROGATORIES TO DEFENDANT VONAGE HOLDINGS CORP. was sent via e-mail and First Class mail, postage prepaid, this 5th day of January, 2006, to:

James D. Oliver
Scott C. Nehrbass
Foulston Siefkin LLP
40 Corporate Woods Suite 1050
9401 Indian Creek Parkway
Overland Park, Kansas 66210

James W. Dabney
Henry C. Lebowitz
Malcolm J. Duncan
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attorneys for Defendants
theglobe.com, Inc. and Voiceglo Holdings, Inc.

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


  /s/ Adam P. Seitz_____
Attorneys for Sprint Communications Company L.P.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
)
        Plaintiff, )
)
v. )   Case No. 05-2433-JWL
)
THEGLOBE.COM, INC., )
VOICEGLO HOLDINGS, INC., )
VONAGE HOLDINGS CORP., )
VONAGE AMERICA, INC., )
)
        Defendants. )
)

## NOTICE OF SERVICE

I hereby certify that on the 5th day of January, 2006, counsel for Plaintiff Sprint Communications Company L.P. served true and accurate copies of the following on Defendants as listed below.

Plaintiff served on Defendant theglobe.com, Inc.:

    1.    Plaintiff Sprint Communications Company L.P.'s First Set of Interrogatories to Defendant theglobe.com, Inc. **43A**

    2.    Plaintiff Sprint Communications Company L.P.'s First Set of Requests for the Production of Documents and Things to theglobe.com, Inc. **43B**

Plaintiff served on Defendant Voiceglo Holdings, Inc.:

    1.    Plaintiff Sprint Communications Company L.P.'s First Set of Interrogatories to Defendant Voiceglo Holdings, Inc. **43C**

    2.    Plaintiff Sprint Communications Company L.P.'s First Set of Requests for the Production of Documents and Things to Voiceglo Holdings, Inc. **43D**

Plaintiff served on Defendant Vonage Holdings Corp.:

    1.    Plaintiff Sprint Communications Company L.P.'s First Set of Interrogatories to Defendant Vonage Holdings Corp. **43E**

2.   Plaintiff Sprint Communications Company L.P.'s First Set of Requests for the Production of Documents and Things to Vonage Holdings Corp. *43F*

Plaintiff served on Defendant Vonage America, Inc.:

1.   Plaintiff Sprint Communications Company L.P.'s First Set of Interrogatories to Defendant Vonage America, Inc. *43G*

2.   Plaintiff Sprint Communications Company L.P.'s First Set of Requests for the Production of Documents and Things to Vonage America, Inc. *43H*

Plaintiffs certify that the above were served via e-mail and First Class Mail to the following:

James D. Oliver
Scott C. Nehrbass
Foulston Siefkin LLP
40 Corporate Woods Suite 1050
9401 Indian Creek Parkway
Overland Park, Kansas 66210

James W. Dabney
Henry C. Lebowitz
Malcolm J. Duncan
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004

Attorneys for Defendants
theglobe.com, Inc. and Voiceglo Holdings, Inc.

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and

2

Vonage America, Inc.

                          Respectfully Submitted,

Dated: January 6, 2006       /s/ Adam P. Seitz
      B. Trent Webb, KS Bar No. 15965
      Eric A. Buresh, KS Bar No. 19895
      Adam P. Seitz, KS Bar No. 21059
      SHOOK, HARDY & BACON LLP
      2555 Grand Blvd.
      Kansas City, Missouri 64108-2613
      816-474-6550 Telephone
      816-421-5547 Facsimile

      ATTORNEYS FOR PLAINTIFF SPRINT
      COMMUNICATIONS COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th Day of January, 2006, a copy of the above and foregoing was e-filed with the Court using the CM/ECF system which sent notification to the following:

James D. Oliver
Scott C. Nehrbass
Foulston Siefkin LLP
40 Corporate Woods Suite 1050
9401 Indian Creek Parkway
Overland Park, Kansas 66210

James W. Dabney
Henry C. Lebowitz
Malcolm J. Duncan
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attorneys for Defendants
theglobe.com, Inc. and Voiceglo Holdings, Inc.

Don R. Lolli
Patrick J. Kaine
Dysart Taylor Lay Cotter & McMonigle P.C.
4420 Madison Avenue
Kansas City, Missouri 64111

Patrick D. McPherson
Patrick C. Muldoon
Barry Golob
Duane Morris LLP
1667 K. Street N.W.
Washington, DC 20006-1608

Attorneys for Defendants
Vonage Holdings Corp. and
Vonage America, Inc.


  /s/ Adam P. Seitz
Attorneys for Sprint Communications Company L.P.

**Glidewell, Jeff O. (SHB)**

From: KSD_CMECF@ksd.uscourts.gov
Sent: Friday, January 06, 2006 10:51 AM
To: KSD_CMECF_Security@ksd.uscourts.gov
Subject: SPRINT-43

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**District of Kansas**

Notice of Electronic Filing

The following transaction was received from Seitz, Adam entered on 1/6/2006 at 10:50 AM CST and filed on 1/6/2006
**Case Name:** Sprint Communications Company LP v. theglobe.com, Inc et al
**Case Number:** 2:05-cv-2433
**Filer:** Sprint Communications Company LP
**Document Number:** 43

**Docket Text:**
NOTICE OF SERVICE by Sprint Communications Company LP of Interrogatories and Document Requests on All Defendants (Seitz, Adam)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1028492125 [Date=1/6/2006] [FileNumber=821121-0]
[03d694f492a45354fca1c45f4dde674024be88c8aebd4d1afa36657d15a70d630fcd3
53550ebd5dc86849d2ad56dfcd2bb0023b638d352fca7f77b5f3dd9245d]]

**2:05-cv-2433 Notice will be electronically mailed to:**

Eric A. Buresh      eburesh@shb.com,

James W. Dabney     dabnejam@ffhsj.com, nydocketclrk@ffhsj.com; bednaje@ffhsj.com

Malcolm J. Duncan   duncama@ffhsj.com

Barry Golob         bgolob@duanemorris.com

Patrick J. Kaine    pkaine@dysarttaylor.com, jdobson@dysarttaylor.com

Henry C. Lebowitz   lebowhe@ffhsj.com, nydocketclrk@ffhsj.com; bednaje@ffhsj.com

Don R. Lolli        dlolli@dysarttaylor.com

1/6/2006

Patrick D. McPherson    pdmcpherson@duanemorris.com

Patrick C. Muldoon !    pcmuldoon@duanemorris.com

Scott C. Nehrbass    snehrbass@foulston.com,

James D. Oliver    joliver@foulston.com,

Adam P. Seitz    aseitz@shb.com, tdennis@shb.com; jglidewell@shb.com

Basil Trent Webb    bwebb@shb.com,

**2:05-cv-2433 Notice will be delivered by other means to:**

1/6/2006