**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 05-2433-JWL ) |
| THE GLOBE.COM, INC., VOICEGLO HOLDINGS, INC., VONAGE HOLDINGS CORP., and VONAGE AMERICA, INC. | ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT VONAGE HOLDINGS CORP.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Vonage Holdings Corp. ("Vonage") submits the following Second Supplemental Objections and Responses to Plaintiff Sprint Communications Company LP's ("Sprint") First Set of Interrogatories.

**GENERAL OBJECTIONS**

Vonage hereby incorporates by reference each General Objection set forth in Vonage's original answers and first supplemental answers to Sprint's First Set of Interrogatories as if those general objections were set forth fully herein.

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 4:**

Describe, in detail, the full factual basis and explanation for Vonage Holdings Corp.'s contention that any acts of infringement have not been willful or intentional.

**VONAGE'S SECOND SUPPLEMENTAL RESPONSE:**

This Second Supplemental Response supplements and does not supplant, displace or replace Vonage's Response to Interrogatory No. 4 or Vonage's First Supplemental Response to Interrogatory No. 4. Moreover, Vonage's Response to Interrogatory No. 4 and First Supplemental Response to Interrogatory No. 4 are each incorporated by reference into this Second Supplemental Response.

Vonage specifically objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, immunity and/or exemption.

Subject to and without waiving any of Vonage's general and specific objections, Vonage states that "the necessary actions to investigate Sprint's allegations" of patent infringement were described by Vonage CEO Jeffrey Citron at his deposition on March 22, 2007 at pages 77-87 of the rough draft. Vonage certifies that no additional, non-privileged information or documents exist.

**INTERROGATORY NO. 5:**

Describe, in detail, the full factual basis and explanation for Vonage Holding Corp.'s contention that Sprint's Asserted Patents are invalid, void and/or unenforceable under one or more sections of Title 35 of the U.S. Code.

**VONAGE'S SUPPLEMENTAL RESPONSE:**

This Supplemental Response supplements and does not supplant, displace or replace Vonage's Response to Interrogatory No. 5. Moreover, Vonage's Response to Interrogatory No. 5 is incorporated by reference into this Supplemental Response.

Vonage specifically objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, immunity and/or exemption.

Subject to and without waiving any of Vonage's general and specific objections, Vonage incorporates by reference the February 28, 2007 Expert Invalidity Report of Frank R. Koperda and its accompanying exhibits and attachments, which *inter alia* set forth opinions that each asserted claim of the each of the patents-in-suit is not valid under one of more sections of Title 35 of the U.S. Code.


**INTERROGATORY NO. 7:**

Describe, in detail, the full factual basis and explanation for Vonage Holdings Corp.'s contention that Vonage Holdings Corp. has not infringed any of the Asserted Patents.

**VONAGE'S SECOND SUPPLEMENTAL RESPONSE:**

This Second Supplemental Response supplements and does not supplant, displace or replace Vonage's Response to Interrogatory No. 4 or Vonage's First Supplemental Response to Interrogatory No. 4. Moreover, Vonage's Response to Interrogatory No. 4 and First Supplemental Response to Interrogatory No. 4 are each incorporated by reference into this Second Supplemental Response.

Vonage specifically objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, immunity and/or exemption.

Subject to and without waiving any of Vonage's general and specific objections, Vonage incorporates by reference the February 28, 2007 Expert Non-infringement Report of Joel M. Halpern and its accompanying exhibits and attachments, which *inter alia* set forth opinions that each asserted claim of the each of the patents-in-suit is not infringed by Vonage, either literally or under the doctrine of equivalents.

    Respectfully submitted,

    _/s/ Donald R. McPhail__
    Donald R. McPhail
    Patrick D. McPherson
    Barry Golob
    Duane Morris LLP
    1667 K Street N.W.
    Washington, DC 20006-1608
    202-776-7800
    pdmcpherson@duanemorris.com
    bgolob@duanemorris.com
    drmcphail@duanemorris.com

        Don R. Lolli    KS Dist. #70236
        Patrick J. Kaine  KS #15594
        Dysart Taylor Lay Cotter & McMonigle P.C.
        4420 Madison Avenue
        Kansas City, Missour 64111
        816-931-2700
        pkaine@DysartTaylor.com
        dlolli@DysartTaylor.com

*Attorneys for Defendants/Counterclaim Plaintiff Vonage America, Inc. and Vonage Holdings Corp.*

Dated: April 10, 2007

Case 2:05-cv-02433-JWL    Document 372-5    Filed 09/11/2007    Page 6 of 7

## CERTIFICATE OF SERVICE

I hereby certify on this 10th day of April, 2007 that a copy of DEFENDANT VONAGE HOLDINGS CORP.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES was served by email and First Class Mail, with notice of case activity to be generated and sent electronically by the Clerk of the Court to:

B. Trent Webb
Adam P. Seitz
Erick A. Buresh
SHOOK, HARDY & ;BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
Fax: (816) 421-5547
**ATTORNEYS FOR PLAINTIFF**

    Respectfully submitted,

    _/s/ Donald R. McPhail__