IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiff, | ) ) Case No. 05-2433-JWL |
| v. | ) ) |
| VONAGE HOLDINGS CORP. and VONAGE AMERICA, INC., | ) ) ) |
| Defendants. | ) ) ) |

**VONAGE AMERICA, INC. AND VONAGE HOLDINGS CORP.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PROSECUTION HISTORY ESTOPPEL DEFENSE AND ARGUMENTS RELATING TO SAME IN VONAGE'S TRIAL BRIEF**

Sprint Communications Company L.P.'s ("Sprint") Motion to Strike Vonage's Prosecution History Estoppel Defense and Arguments Relating to Same in Vonage's Trial Brief ("Motion to Strike") should be denied because it is based on mischaracterizations of prosecution history estoppel and the record in this case. Prosecution history estoppel is not an affirmative "defense" as advocated by Sprint. It is a rule of patent law that limits the scope of an asserted claim both: (a) in the context of claim construction and (b) in the analysis of the infringement under the doctrine of equivalents.

There is no dispute that Sprint is bound by the prosecution history of its asserted patents as a limit on the scope of the claims and its reading of the claims on the accused Vonage architectures. Likewise, the Court must consider the effects of the Sprint's statements during the prosecution of the asserted patents in determining the proper scope of the claims. In other words, prosecution history estoppel is integrally intertwined with and arises out of the Court's analysis of the scope of the claims and Sprint's application of those claims to the accused devices under

1

the doctrine of equivalents -- issues that were identified by Vonage throughout the Pretrial Order and in its discovery responses. Accordingly, Sprint's Motion to Strike should be denied.

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

**I. Prosecution History Estoppel Is Integrally Intertwined with Determining the Scope of a Claim, Literally and under the Doctrine of Equivalents.**

Prosecution history estoppel is not a free-standing defense as advocated by Sprint. The rule of prosecution history estoppel is a question of law for the Court to consider in determining how broadly a claim can be construed. Prosecution history estoppel is applicable to two aspects of determining the scope of the claim -- claim construction and the doctrine of equivalence infringement analysis.

First, prosecution history estoppel is a rule of claim construction that arises out of representations made by the patentee during the prosecution history. "The prosecution history can often inform the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be. The purpose of consulting the prosecution history in construing a claim is to exclude any interpretation that was disclaimed during prosecution." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) (citations, punctuation omitted). The rule of prosecution history estoppel is part of claim construction, to which the Court must consider as it defines the scope of the claims, the first prong of the infringement analysis.

Second, after the claims have been construed by the Court, prosecution history estoppel limits the scope of equivalents that a patentee can argue are infringing the claim (as construed) under the doctrine of equivalents. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1365 (Fed. Cir. 2003). In this context, prosecution history estoppel is a <u>question of</u>

law that prevents a patentee from claiming an equivalent infringes, if that equivalent is within the claim scope that was surrendered during the prosecution history. *Cybor Corp. v. FAS Technology, Inc.*, 138 F.3d 14481460 (Fed. Cir. 1998) ("Prosecution history estoppel provides a legal limitation on the application of the doctrine of equivalents by excluding from the range of equivalents subject matter surrendered during prosecution of the application for the patent.")(emphasis supplied).

A patentee that makes a narrowing amendment during the prosecution of a patent to satisfy any requirement of the Patent Act, "'surrenders the entire territory between the original claim limitation and the amended claim limitation.'" *Id.*, *citing Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722 (2002). In other words, if the patentee amends a claim to make it narrower to avoid a rejection, the patentee cannot later claim an equivalent that otherwise falls within the scope between the original claim and the narrowed amended claim.

Thus, prosecution history estoppel acts to limit a patentee's arguments under the doctrine of equivalents as to the scope of potential equivalents.

II. **Vonage Has Not Waived Its Right to Argue the Application of the Rule of Prosecution History Estoppel.**

  A. **Prosecution History Estoppel is Not a Defense that Must Be Independently Raised in the Pretrial Order.**

According to Sprint, Vonage waived the "prosecution history estoppel defense" because it did not specifically identify this "defense" in the Pretrial Order. As set forth above, Sprint's argument rings hollow because prosecution history estoppel is not a defense, *i.e.*, affirmative defenses like waiver or estoppel that must be affirmatively pled and identified in a pretrial order to be preserved. *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 41 USPQ2d 1770, 1174

(N.D. Cal. 1996) ("prosecution history estoppel *is not an affirmative defense*) (emphasis added).[1]

As Chisum on Patents, the leading patent law treatise, succinctly articulates:

> The word estoppel is misleading in that it suggests that file wrapper (prosecution history) estoppel is a matter of special defense, which the defendant must plead and prove. Some decisions erroneously assume, without analysis, that prosecution is a species of estoppel and, therefore, an affirmative defense. In fact the estoppel is an indispensable tool in the construction and application of claims and hence the determination of infringement.

(5B-18A Chisum on Patents § 18.05).

Since prosecution history estoppel is a question of law that is applicable in the context of claim construction and the doctrine of equivalents analysis, it must be considered as part of those analyses. And it is beyond dispute that the Pretrial Order is replete with references made by Sprint and Vonage regarding the need to construe the claims and the application of the doctrine of equivalents analysis. (*See, e.g.*, Doc. No. 207, at p. 9 ("Sprint cannot meet its burden of proving that the Vonage system meets each and every limitation of any claim of the Asserted Patents, *either literally or under the doctrine of equivalents, as those limitations are construed by Sprint or otherwise*") (emphasis added); p. 17 (Sprint must prove "that each limitation of any of the asserted claims of the Asserted Patents – *as those limitations will be construed by the Co*urt – are met either literally *or under the doctrine of equivalents*") (emphasis added)).

Accordingly, the Pretrial Order, which discusses claim construction and the doctrine of equivalents, clearly demonstrates Vonage's intent to rely on the Court's required application of

---

[1] *See also PB Farradyne, Inc. v. Peterson*, No. C 05-03447 SI, 2006 U.S. Dist. LEXIS 3408 (N.D. Cal. Jan. 17, 2006) (striking prosecution history estoppel from pleading because prosecution history estoppel is not an affirmative defense, without prejudice to accused infringer plaintiff arguing prosecution history estoppel during claim construction.); *Carborundum Co. v. Combustion Engineering, Inc.*, 505 F. Supp. 1011, 1018 (D. Del. 1981) ("The doctrine of file wrapper estoppel is more than a mere defense; it is a basic tenet of claim construction.").

4

the rule of prosecution history estoppel in the same way that the Court should apply when it determines the scope of the claims as a matter of law.[2]

**B.  Vonage Provided Discovery Related to Prosecution History Estoppel in the Context of both its Claim Construction Positions and Arguments Related to Non-Infringement under the Doctrine of Equivalents.**

Sprint's second argument for striking Vonage's prosecution history arguments is that Vonage did not identify these arguments in response to an interrogatory seeking discovery on the estoppel affirmative defense, *i.e.*, Interrogatory No. 6. (Doc. No. 373, at 2). Contrary to Sprint's representations, Sprint's Interrogatory No. 6 to Vonage requests that Vonage:

> [d]escribe, in detail, the full factual basis and explanation for Vonage America, Inc.'s contention that Plaintiff's claim is barred, in whole or in part, by the doctrines of laches, estoppel and unclean hands.

(*See* Exhibit A, at Interrogatory No. 6). This interrogatory is clearly directed at discovering the basis for Vonage's Third Affirmative Defense related to the doctrines of estoppel. (*See* Doc. No. 14 at p. 6).

As this Court already has found in its summary judgment Memorandum and Opinion, Vonage's estoppel affirmative defense had nothing to do with the acts of the patentee during the patent prosecution. Instead, estoppel is an entirely separate and unrelated legal theory that "may be imposed in a patent case when a patentee induces another party to believe that it will not sue that party for infringement." (Doc. No. 264, at p. 74 *citing A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992) (en banc)). For Sprint to claim now that Vonage waived any application of the rule of prosecution history estoppel because it did not disclose this

---

[2] Surely, it cannot be Sprint's position that the Court should strike all of Vonage's claim construction arguments because the bases of each are not identified separately in the Pretrial Order. Sprint did not allege in the Pretrial Order the particular bases for its contentions of infringement, literally or under the doctrine of equivalents, nor was it required to. On these same grounds, Vonage was not required to detail the bases for its contentions of non-infringement.

rule in response to a discovery request that focuses on the affirmative defense of estoppel is disingenuous at best.

Moreover, Vonage plainly disclosed in discovery its intent to rely on the rule of prosecution history estoppel to limit the scope of the asserted claims. Since Joel Halpern submitted his first Expert Report in February 2007, Sprint has been on notice that Vonage believed the rule of prosecution history estoppel was applicable to claim construction issues and the doctrine of equivalence analysis. (*See, e.g.*, Expert Report of Joel M. Halpern dated February 28, 2007, attached as Exhibit K to Vonage's Mot. For Summ. Jgt. (Doc. 206), at p. 5 (discussing doctrine of prosecution history estoppel); p. 51 (discussing Sprint's amendments to claims of '605 Patent Family for reasons related to patentability, so as to preclude claims of infringement under the '932 Patent); and p. 57 (discussing Sprint's amendments during prosecution of '052 Patent and parent '605 Patent)). Vonage expressly incorporated Mr. Halpern's expert reports into its interrogatory responses (*see* Doc. No. 373, at 3), and Sprint had an opportunity to depose Mr. Halpern on these subjects.[3]

Accordingly, Sprint has had more than ample notice of Vonage's arguments related to prosecution history estoppel and Sprint's arguments that it was somehow unaware of Vonage's intent to rely on prosecution history estoppel is contrary to the record and, Vonage submits, without merit.

---

[3] Furthermore, Sprint's infringement expert, Dr. Wicker, has represented in his own expert reports and to the jury at trial that he reviewed the file histories of each of the Asserted Patents thoroughly and factored them in to his infringement analyses, i.e., he has taken into account the patentee's positions during the prosecution histories. (*See* Trial Tr. at 489:13-490:10).

### C. Any Prejudice to Sprint Arising out of the Late Claim Construction Is a Product of Sprint's own Making.

Sprint concludes its Motion to Strike by arguing that it could be prejudiced by the open arguments related to claim construction, including the application of the rule of prosecution history estoppel. Only weeks ago, however, Sprint advocated for the scenario in which it now finds itself, Sprint rigorously opposed Vonage's request that the Court schedule a claim construction proceeding, and accompanying briefing schedule, prior to trial, and Sprint strongly urged the Court that no such proceeding was necessary:

> We can handle every one of these claim issues in the context of jury instructions. . . . Our view is, and always has been, that claim construction is not necessary separate and apart from jury instructions.

(*See* Transcript of July 20, 2007 Hearing, attached as Ex. B, at 10:8-9; 11:2-4). The Court agreed with Sprint and scheduled claim construction during or following the parties' presentation of their evidence (*Id.* at 13:2-12). The Court also expressly stated it "would be willing to entertain anything you want to put in a trial brief to be able to support what your rationale is for a particular requested jury instruction," including claim construction and its implications to Sprint's claims of infringement.[4] (*Id.* at 16:19-22).

When it suited Sprint's interests, Sprint urged that "as long as the trial court construes the claims to the extent necessary to determine whether the accused device infringes, the court may approach its claim construction task in any way that it deems best." *Id.* at p. 7. Sprint cannot now expect the Court to alter its position when the path the Court has taken, at Sprint's urging, becomes inconvenient.

---

[4] This statement by the Court further supports the conclusion that Vonage did not waive its prosecution history estoppel arguments that relate to claim construction, as well as the doctrine of equivalents. (*See, supra,* § II.A.).

## CONCLUSION

Sprint's Motion is only its latest attempt to free itself from the representations it made to the United States Patent & Trademark Office in order to obtain the Asserted Patents. Sprint's Motion to Strike is contrary to the principles of claim construction and the doctrine of equivalents, the rulings of this Court, and the public notice function of patents upon which the public, and Vonage, is entitled to rely, and must be denied accordingly.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | BARBER EMERSON, L.C. |
| September 14, 2007 | By: | s/ Terrence J. Campbell |

Terrence J. Campbell - 18377
tcampbell@barberemerson.com
Catherine C. Theisen - 22360
ctheisen@barberemerson.com
1211 Massachusetts Street
P.O. Box 667
Lawrence, KS 66044
(785) 843-6600
(785) 843-8405 Facsimile

s/ Bary Golob
Patrick D. McPherson
Barry Golob
Donald R. McPhail
Duane Morris LLP
1667 K Street N.W.
Washington, DC 20006-1608
202-776-7800
pdmcpherson@duanemorris.com
bgolob@duanemorris.com
drmcphail@duanemorris.com

L. Norwood Jameson
1180 West Peachtree Street
Atlanta, GA 30309
404-253-6900

*Attorneys for Defendants/Counterclaim Plaintiffs Vonage America, Inc. and Vonage Holdings Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify on September 14, 2007, that a copy of Vonage America, Inc. And Vonage Holdings Corp.'s Opposition To Plaintiff's Motion To Strike Prosecution History Estoppel Defense And Arguments Relating To Same In Vonage's Trial Brief was filed and served via the Court's electronic filing system:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> Shook, Hardy & Bacon LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> bwebb@shb.com
> aseitz@shb.com
> eburesh@shb.com
>
> *Attorneys for Plaintiff*
> *Sprint Communications Company L.P.*

                   /s/ Terrence J. Campbell
                   Attorney for Defendants