IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) Case No. 05-2433-JWL |
| v. | ) <br> ) |
| VONAGE HOLDINGS CORP. and <br> VONAGE AMERICA, INC., | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## VONAGE'S SUPPLEMENTAL STATEMENT AND AMENDED PROPOSED JURY INSTRUCTION ON ENABLEMENT

Sprint's proposed jury instruction on enablement is contrary to this Court's Memorandum and Order dated September 9, 2007, and three recent decisions by the Federal Circuit including *Auto. Techs. Int'l, Inc. v. BMW of N. Am., Inc.*, 2007 U.S. App. LEXIS 21271 (Fed. Cir. Sept. 6, 2007); *Ormco Corp. v. Align Tech., Inc.*, 2007 U.S. App. LEXIS 20185 (Fed. Cir. Aug. 24, 2007); *Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371 (Fed. Cir. 2007).

First, in the September 9, 2007 Memorandum and Opinion, this Court found that

> the Federal Circuit has held that, evidence regarding the absence of a commercial embodiment of a patented article is admissible as relevant to the disputed issue of enablement. . . . Although enablement does not require the inventor to foresee every means of implementing an invention, the scope of the patent claims must be less than or equal to the scope of enablement. [Citation omitted]. Sprint contends that the claims of the patent should encompass VoIP technology, and therefore the patent specification must enable one skilled in the art to practice that invention without undue experimentation. Sprint's argument to the contrary is without merit.

*Id.* at 6-7. The Court's findings constitute the law of the case and should be reflected in the Court's enablement instruction to the jury. As the Court found, if the full scope of the claims is construed to encompass VoIP technology, the specification must enable one of ordinary skill in

DM2\1258830.2

the art to practice the encompassed VoIP technology without undue experimentation. *Id.* In other words, even if Sprint could show that enablement of the claimed invention as it relates to ATM technology, that is not sufficient.

Second, the Federal Circuit in the last several months issued three opinions that clarify the law of enablement, none of which is accounted for in Sprint's proposed instruction. In its most recent opinion, the Federal Circuit found (similar to this Court) that if the claims are construed to encompass alternate embodiments, each of the embodiments must be enabled. *Auto. Techs.*, 2007 U.S. App. LEXIS 21271 at *19-20 (finding that the full scope of the claims were not enabled when the specification only enabled one of two structures found to be encompassed by the claim); *Liebel-Flarsheim.*, 481 F.3d at 1378-79 (requiring that specification enable two alternate structures that fall within the scope of the claim, *i.e.*, "injectors with and without a pressure jacket."). The court in *Auto Techs* provided a detailed analysis of enablement based on the importance of the specification enabling alternate structures:

> The enablement requirement is set forth in 35 U.S.C. § 112, P 1 and provides in pertinent part that the specification shall de-scribe 'the manner and process of making and using [the invention], in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the [invention].' We have stated that the 'enablement requirement is satisfied when one skilled in the art, after reading the specification, could practice the claimed invention without undue experimentation.
>
> * * *
>
> The district court construed the relevant phrase "means responsive to the motion of said mass" to include both mechanical side impact sensors and electronic side impact sensors for performing the function of initiating an occupant protection apparatus. The parties do not dispute that construction; nor do they dispute that the specification enables mechanical side impact sensors. Under the district court's construction, however, that full scope must be enabled, and the district court was correct that the specification did not enable the full scope of the invention because it did not enable electronic side impact sensors.

*Auto. Techs.*, 2007 U.S. App. LEXIS 21271 at *16-*17 and 19-20 (citations omitted).

2

Also, in *Auto. Techs.*, the Federal Circuit also found that the specification, not the knowledge of one of ordinary skill in the art, must enable the invention:

> 'It is the specification, not the knowledge of one skilled in the art, that must supply the novel aspects of an invention in order to constitute adequate enablement.' Although the knowledge of one skilled in the art is indeed relevant, the novel aspect of an invention must be enabled in the patent. . . . As we stated in Genentech, the rule that a specification need not disclose what is well known in the art is 'merely a rule of supplementation, not a substitute for a basic enabling disclosure.' [citation omitted]. We further stated that the 'omission of minor details does not cause a specification to fail to meet the enablement requirement. However, when there is no disclosure of any specific starting material or of any of the conditions under which a process can be carried out, undue experimentation is required.'

*Id*. at *22-*23.

Finally, in *Ormco*, the Federal Circuit found that "[i]f an inventor attempts but fails to enable his invention in a commercial product that purports to be an embodiment of the patented invention, that is strong evidence that the patent specification lacks enablement." *Ormco*, 2007 U.S. App. LEXIS 20185 at *27.

In light of the foregoing, Vonage respectfully submits that Sprint's proposed jury instruction is contrary to the law and instead the Court should adopt Vonage's amended proposed jury instruction on the issue of enablement as follows:

**34. ENABLEMENT [Vonage]**

Vonage contends that the asserted claims are invalid for lack of enablement. Vonage bears the burden of proving lack of enablement by clear and convincing evidence.

<u>The written description of the invention claimed in a patent must contain enough detail to teach, or enable, persons skilled in the field of the invention to make and use the full scope of the claimed invention without undue experimentation. This is referred to as the enablement requirement. If the patent does not enable one of ordinary skill in the art to make or use the full scope of a patent claim, then the claim is invalid</u>.

<u>The patent law requires that the disclosure or written description portion of a patent be sufficiently detailed to enable those skilled in the art to practice the full scope of the claimed</u>

invention as of the date of the invention. It is the specification, not the knowledge of one skilled in the art, that must supply the novel aspects of an invention in order to constitute adequate enablement. If the claim scope is construed to encompass two alternative structures, then the specification must teach how to make and use both alternatives. The purpose of this requirement is to ensure that the public, in exchange for the patent rights given to the inventor, obtains from the inventor a full disclosure of how to carry out the full scope of the claimed invention. Enablement cannot be proved by one making and using the invention years after the patent application is filed.

In considering whether or not the written description of a patent meets the enablement requirement, you must keep in mind that patents are written for persons of skill in the field of the invention. Thus, a patent need not expressly state information that one of ordinary skill in the art would be likely to already know or could obtain.

The fact that some experimentation may be required for a skilled person to practice the claimed invention does not mean that a patent's written description does not meet the enablement requirement. A written description is enabling so long as undue experimentation is not needed to make or use the invention. A permissible amount of experimentation is that amount that is appropriate for the complexity of the field of the invention and the level of expertise and knowledge of persons skilled in that field.  However, when there is no disclosure of any specific starting material or of any of the conditions under which a process can be carried out, undue experimentation is required.  And if an inventor fails to enable his invention in a commercial product that purports to be an embodiment of the patented invention that is strong evidence of lack of enablement.

If you find that Vonage has proved by clear and convincing evidence that the written description of the Asserted Patents do not enable a skilled person to make and use the full scope of an asserted claim without undue experimentation, then you must find that claim to be invalid.  You must make this determination on a claim-by-claim basis for every asserted claim.

In this case, Sprint contends that the asserted claims should encompass VoIP technology. Therefore the patent specifications of the asserted claims must enable one skilled in the art to practice that invention in the context of VoIP technology, without undue experimentation.

**AUTHORITIES**
*Auto. Techs. Int'l, Inc. v. BMW of N. Am., Inc.*, 2007 U.S. App. LEXIS 21271 (Fed. Cir. Sept. 6, 2007); *Ormco Corp. v. Align Tech., Inc.*, 2007 U.S. App. LEXIS 20185 (Fed. Cir. Aug. 24, 2007); *Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371 (Fed. Cir. 2007); *CFMT, Inc. v. YieldUp In''l Corp.*, 349 F.3d 1333, 1338 (Fed. Cir. 2003); *National Recovery Technologies, Inc. v. Magnetic Separation Systems, Inc.*, 166 F.3d 1190, 1196 (Fed. Cir. 1999); *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1374 (Fed. Cir. 1999); *Johns Hopkins Univ. v. Cellpro, Inc.*, 152 F.3d 1342, 1360 (Fed. Cir. 1998); *Phillips Petroleum Co. v. United States Steel Corp.*, 673 F.Supp. 1278, 1291 (D. Del. 1987), aff'd 865 F.2d 1247 (Fed. Cir. 1989); *Engel Industries, Inc. v. Lockformer Co.*, 946 F.2d 1528, 1532-33 (Fed. Cir. 1991); *SRI Int'l v. Matsushita Electric Corp. of Am.*, 775 F.2d 1107 (Fed. Cir. 1985).
well as an accurate statement of the law.

In light of the foregoing, Vonage respectfully moves the Court to adopt its amended proposed jury instruction as set forth above.

        Respectfully submitted,

        BARBER EMERSON, L.C.

September 19, 2007      By:  s/ Terrence J. Campbell
        Terrence J. Campbell - 18377
        tcampbell@barberemerson.com
        Catherine C. Theisen - 22360
        ctheisen@barberemerson.com
        1211 Massachusetts Street
        P.O. Box 667
        Lawrence, KS 66044
        (785) 843-6600
        (785) 843-8405 Facsimile

        s/ Barry Golob
        Patrick D. McPherson
        Barry Golob
        Donald R. McPhail
        Duane Morris LLP
        1667 K Street N.W.
        Washington, DC 20006-1608
        202-776-7800
        pdmcpherson@duanemorris.com
        bgolob@duanemorris.com
        drmcphail@duanemorris.com

        L. Norwood Jameson
        1180 West Peachtree Street
        Atlanta, GA 30309
        404-253-6900

        *Attorneys for Defendants/Counterclaim Plaintiffs Vonage America, Inc. and Vonage Holdings Corp.*

## CERTIFICATE OF SERVICE

I hereby certify on September 19, 2007, that a copy of VONAGE'S SUPPLEMENTAL STATEMENT AND AMENDED PROPOSED JURY INSTRUCTION ON ENABLEMENT was filed and served via the Court's electronic filing system:

> B. Trent Webb
> Adam P. Seitz
> Erick A. Buresh
> Shook, Hardy & Bacon LLP
> 2555 Grand Boulevard
> Kansas City, MO 64108-2613
> bwebb@shb.com
> aseitz@shb.com
> eburesh@shb.com
>
> *Attorneys for Plaintiff*
> *Sprint Communications Company L.P.*

>                  /s/ Terrence J. Campbell
>                  Attorney for Defendants